Gregory G. Skordas (#3865)
Gabriela Mena (#17087)
Michelle Phelps (#17096)
SKORDAS & CASTON, LLC
124 South 400 East, Suite 220
Salt Lake City, UT 84111
Telephone:  (801) 531-7444
Facsimile:  (801) 665-0128
Attorneys for Defendant
gskordas@schhlaw.com
gmena@schhlaw.com
mphelps@schhlaw.com

## IN THE UNITED STATES DISTRICT COURT
## DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| RUSSELL G. GREER,<br><br>Plaintiff,<br><br>v.<br><br>JOSHUA MOON, an individual, and KIWI FARMS, a website.<br><br>Defendant. | **12(b)(6) MOTION TO DISMISS ALL CLAIMS**<br><br>Case No. 2:20-CV-00647<br><br>Judge Tena Campbell |

Defendants, Joshua Moon and Kiwi Farms, by and through their counsel of record, Gregory G. Skordas, hereby move this Court to dismiss all the claims against them pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. Defendants base this motion on the following:

### RELEVANT FACTS

1. Joshua Moon is the owner of Kiwi Farms.

2. Kiwi Farms is a website composed of various forums where people across the world can create an account and post their opinions on various topics.

3. Some of Kiwi Farms' account holders have entered into discussions about Plaintiff.

4. Kiwi Farms has never instructed any account holder to personally contact Plaintiff, in fact Kiwi Farms has expressly discouraged any account holder from doing so.

5. Kiwi Farms did not induce or instruct any of the account holders to display any portion of Plaintiff's published books or music.

6. Plaintiff has known about his image and conduct being discussed on Kiwi Farms since late 2016 or early 2017.

## **ARGUMENT**

To grant a 12(b)(6) motion the defendant must show that the Plaintiff has "fail[ed] to state a claim upon which relief can be granted." Fed. R. Civ. Pro. 12(b)(6). When determining whether to grant the motion "the Court presumes all of plaintiff's factual allegations are true and construes them in the light most favorable to the plaintiff." *Beauchaine v. Winder*, 2009 U.S. Dist. LEXIS 86981, 8 (D. Utah 2009)(quoting *Hall v. Bellmon*, 935 F.2d 1106, 1109)(quotation marks omitted). When the Plaintiff is a pro se litigant "the Court must construe the pleadings liberally and hold them to a less stringent standard." *Id*. However, this less stringent standard "does not relieve [Plaintiff] of the burden of alleging sufficient facts on which a recognized legal claim could be based." *Id* (quoting *Hall v. Bellmon*, 1109). These facts "must be enough to raise a right to relief above the speculative level." *Id* at 9 (quoting *Robbins v. Oklahoma*, 519 F.3d 1242, 1247 (10th Cir. 2008)). "The court's function on a Rule 12(b)(6) motion is . . . to assess whether the plaintiff's complaint alone is legally sufficient to state a claim for which relief may be granted." *Hatfield v. Cottages on 78th Cmty. Ass'n*, 2021 U.S. Dist. LEXIS 39345, *9 (quotation marks omitted).

## I.   PLAINTIFF'S DEFAMATION AND FALSE LIGHT CLAIMS ARE BARRED BY THE STATUTE OF LIMITATIONS

   A. <u>Defamation and False Light claims have a one-year statute of limitations</u>

Under Utah Code, the statutes of limitations for defamation claims is one-year. UTAH CODE ANN. §78B-2-302(4). "The statute of limitations . . . begins to run on the date the statement is published and the publication is known or reasonably discoverable." *Diamond Ranch Acad., Inc. v. Filer*, 2016 U.S. Dist. LEXIS 19210, *22 (D. Utah). Statements posted on the Internet are considered an aggregate publication. *Id*. "In Utah, as a matter of law, a statement in an aggregate publication is known or reasonably discoverable when it is initially published and widely disseminated to the public." *Id* at *23. In an aggregate publication, the court applies the "single publication rule." *Id*. "Under the single publication rule, for any statement made through a mass publication . . . a plaintiff has a single cause of action." *Id*

In his complaint, Plaintiff admits he knew of the alleged defamatory language on Kiwi Farms, as early as late 2016. By the summer of 2017, Plaintiff had been told by others of the alleged defamatory language on Kiwi Farms. Plaintiff's complaint was received by the court on September 16, 2020 and filed on September 24, 2020. Therefore, any alleged defamatory statements or alleged false light statements made before September 24, 2019 are barred from the court's consideration.

Plaintiff tries to skirt the statute of limitations by asserting he is only bringing in alleged defamatory and false light statements that were brought in 2020. But the only statement he specifically lists under his Defamation claim is a statement found on goodreads by a Richard Springer. Plaintiff includes the review as an exhibit but fails to include the date of the review. This review was published on goodreads on March 3, 2019, more than six (6) months before the September 24, 2019 deadline. https://www.goodreads.com/book/show/36536339-why-i-sued-

taylor-swift. Not only is this statement barred under the statute of limitations, but this statement also has nothing to do with Defendants or their online forums.

Because Plaintiff's defamation and false light claims are barred by the statute of limitations, Plaintiff has failed to state a claim upon which relief can be granted and his claims should be dismissed.

## II.    DEFENDANTS QUALIFY FOR IMMUNITY UNDER THE COMMUNICATIONS DECENCY ACT

"In order to qualify for immunity under the CDA, a defendant must show that 1) it is an interactive computer service; 2) its actions as a publisher or speaker form the basis for liability; and 3) another information content provider provided the information that forms the basis for liability." *Seaver v. Estate of Cazes*, 2019 U.S. Dist. LEXIS 85056 (D. Utah)(quotation marks omitted). An interactive computer service is defined as "any information service . . . that . . . enables computer access by multiple users to a computer server." 47 U.S.C. §230(f)(2).

Kiwi Farms is an interactive computer service in that it allows access of multiple users to post and interact on a computer server. Plaintiff asserts that Defendants have published defamatory and false light statements about Plaintiff on his website yet fails to provide any specific defamatory and false light statements that Defendants themselves published. All of the alleged defamatory and false light statements that Plaintiff specifically mentions in his complaint were clearly provided by another information content provider, or user of Kiwi Farms.

Because Kiwi Farms qualifies for immunity under the CDA, the court cannot grant Plaintiff any relief under his defamation or false light claims. Therefore, Plaintiff's claims should be dismissed.

### III.   DEFENDANTS DID NOT INTENTIONALLY INDUCE OR ENCOURAGE DIRECT INFRINGEMENT OF PLAINTIFF'S WORK

To be "liable for contributory copyright infringement . . . the defendant" must have "cause[d] or materially contribute[d] to another's infringing activities and kn[ew] of the infringement." *Martin v. SGT, Inc.*, 2020 U.S. Dist. LEXIS 71047, *27 (D. Utah). In other words, "one infringes contributorily by intentionally inducing or encouraging direct infringement." *Id*.

In *Martin*, the court found that the "contributory infringement claim fail[ed] because the [Plaintiff did] not allege [Defendant] intended to induce or encourage . . . infringement at the time of the transaction." *Id* at *28.

In our case, Plaintiff has not alleged Defendants intended to induce or encourage infringement at the time of the transaction. Plaintiff has not alleged any facts that support an inference that Defendants induced or encouraged any users of Kiwi Farms to infringe on Plaintiff's copyright material before the material was posted online.

Because Plaintiff has failed to show Defendants intended to induce or encourage copyright infringement at the time Plaintiff's book and songs were published on Kiwi Farms, Plaintiff has failed to state a prima facie case for contributory copyright infringement. Therefore, Plaintiff has failed to state a claim upon which relief can be granted and his contributory copyright infringement claim should be dismissed.

### IV.   UTAH CODE §76-9-201 DOES NOT AUTHORIZE A CIVIL CAUSE OF ACTION

In his complaint, Plaintiff asserts that Utah Code §76-9-201 "allows" for a civil cause of action. This a clear misstatement of Utah law. In fact, "[t]here is no express language in the statute authorizing civil claims" the statute merely "creates an implied right to sue." *Nunes v.*

*Rushton*, 299 F.Supp.3d 1216, 1237 (D. Utah 2018). The courts have declared that "[t]he statutory language . . . in [§76-9-201] . . . fails to meet the high bar for creating an implied cause of action. . . . The plain language of the statute confirms only that a criminal prosecution does not prevent the victim from bringing an existing civil claim." *Id* at 1237-1238. In fact "Utah Code §76-9-201 does not authorize a private cause of action . . . a claim for electronic communication harassment under this statute fails as a matter of law." *Id* at 1238.

Therefore, Plaintiff's claim for electronic communications harassment fails as a matter of law and this claim should be dismissed.

## V.    DEFENDANTS DID NOT PUBLICIZE A MATTER THAT CREATED A FALSE IMPRESSION OF PLAINTIFF

"A prima facie case for false light requires a plaintiff to demonstrate that the defendant (1) publicized a matter concerning the plaintiff that placed the plaintiff before the public in a false light, (2) the false light . . . would be highly offensive to a reasonable person, and (3) the defendant knew or recklessly disregarded the falsity of the publicized matter." *Porter v. Staples the Office Superstore, LLC*, 2021 U.S. Dist. LEXIS 33497, *16-17. "[T]he 'publicity' requirement . . . means that the matter is made public, by communicating it to the public at large." *Id* at *17.

Plaintiff seems to allege that the statements on Kiwi Farms stating Plaintiff did not want to receive a mental health evaluation and that he had victims cast Plaintiff in a false light.

A. False Light Based on Refusal to Receive Mental Health Evaluation

Plaintiff alleges that Defendant posted on Kiwi Farms that Plaintiff was refusing to enter a plea deal because Plaintiff did not want to receive a mental health evaluation. Kiwi Farms, while it is a public website, has a limited readership. Furthermore, anything that is posted on Kiwi Farms must be searched for through myriads of links. As Plaintiff himself admits, he has

been unable to find the alleged false light statements on the site. Once a statement is posted on Kiwi Farms it can quickly become buried under comments and responses. Posting any sort of statement on Kiwi Farms should not be considered communicating it to the public at large. Therefore, Plaintiff's claim fails under the first prong of a false light claim.

Plaintiff does not show how the knowledge that someone not wanting a mental health evaluation would be highly offensive to a reasonable person. There are many non-offensive reasons why someone would not want a mental health evaluation. Someone may not want to take the time to be evaluated or they may not have the money to pay for such an evaluation. Indeed, it is hard to think of a way this statement would be highly offensive to a reasonable person. Because not wanting a mental health evaluation is not highly offensive, Plaintiff's claim fails the second prong of a false light claim.

Plaintiff also contends that because users of Kiwi Farms did not see the email the prosecutor sent Plaintiff's defense attorney, they did not know if there were other provisions in the plea deal that may have caused Plaintiff not to take it. Therefore, Plaintiff's claim that Defendants knew or recklessly disregarded the truth fails. As Plaintiff himself states, the Defendants had not seen the email and therefore did not know. Defendants did know that the prosecutor was now asking for a mental health evaluation as part of the plea deal. Therefore, they were not acting with reckless disregard of the truth. Therefore, Plaintiff's claim fails the third prong of a false light claim.

Because Plaintiff fails all three prongs of a prima facie case for false light, Plaintiff fails to state a claim upon which relief can be granted. Therefore, the court should grant Defendants' motion to dismiss on the false light claim.

A. <u>False Light Based on Using the Term Victims</u>

As shown above, posting statements on Kiwi Farms should not be construed as publicizing to the public at large. Furthermore, Plaintiff does not allege that Defendants themselves have publicized that Plaintiff has "victims." Plaintiff merely states the word is mentioned on Kiwi Farms in connection with his court case. Therefore, Plaintiff fails the first prong of a prima facie false light claim with the "victims" statement.

Plaintiff again does not show how the word "victims" is highly offensive to the reasonable person. Plaintiff admits he has one victim from his court case and admits he has made unsolicited contact with celebrities, including suing Taylor Swift. Plaintiff never states clearly how using the term "victims" has offended him. Therefore, Plaintiff again fails the second prong for a prima facie false light claim.

Plaintiff admits in his complaint that users of Kiwi Farms find his way of flirting and conversing with women victimizes them. Plaintiff seems to believe that because some men are even worse than him in how they treat women, users of Kiwi Farms should give him a pass. Plaintiff believes that by putting the word "victims" on his page he is portrayed as having many victims. But victims means only, more than one victim. Plaintiff himself asserts in his complaint that Defendants and other users of Kiwi Farms believe he has more than one victim. Defendants did not know or recklessly disregard the fact that Plaintiff may not have more than one victim. Users of Kiwi Farms posted their opinion that Plaintiff had more than one victim. Therefore, Plaintiff again fails the third prong of a prima face case for false light.

Because Plaintiff fails all three prongs for a prima facie case of false light regarding the term victims, Plaintiff fails to state a claim upon which relief can be granted. Therefore, the court should grant Defendants motion to dismiss Plaintiff's false light claim.

## VI.    DEFENDANTS HAVE NOT PUBLISHED FALSE STATEMENTS OF FACT ABOUT PLAINTIFF

For a claim of Defamation, the "plaintiff must show that the defendant published statements" about the plaintiff that "were false, defamatory, and not subject to any privilege, that the statements were published with the requisite degree of fault, and that their publication resulted in damage." *Hattfield*, 2021 U.S. Dist. LEXIS 39345, *24. To be defamatory, the statement must be more than a mere opinion. *Id* at 24.

In our case, Kiwi Farms is a forum were multiple users get together and discuss their opinions on various matters. The statements regarding Plaintiff on Kiwi Farms are mere opinions of Plaintiff's conduct and the course of his legal matters. Therefore, the statements do not fall within the definition of defamatory speech. The only statements Defendants have made regarding Plaintiff are Defendants' opinions. It was Defendants' opinion that Plaintiff refused the plea deal because of the mental health evaluation and it was Defendants' opinion Plaintiff has had more than one victim.

## VII.    PLAINTIFF HAS NOT ALLEGED SUFFICIENT FACTS TO SHOW DEFENDANTS INTENDED ANY DEFAMATORY IMPLICATIONS

To have a prima facie case for Defamation by Implication the plaintiff must "allege facts sufficient to show that Defendants intended the implications." *Hogan v. Winder*, 2012 U.S. Dist. LEXIS 137399, *27. Plaintiff must also show "the statements are susceptible to a defamatory interpretation." *Id*.

In his complaint, Plaintiff asserts no facts that show Defendants intended any defamatory implications nor does Plaintiff explain why the statements are susceptible to a defamatory interpretation.

Therefore, Plaintiff fails to assert a prima facie claim for Defamation by Implication and

the court should grant Defendants' motion to dismiss this claim.

## **CONCLUSION**

Because Plaintiffs' defamation and false light claims are barred by the statute of limitations, Defendants qualify for immunity under the CDA, there is no civil action for electronic communications harassment, and Plaintiff fails to state a prima facie case for his claims, the court should grant Defendants' motion and Plaintiff's claims should be dismissed with prejudice.

DATED this the 9th day of April 2021.

SKORDAS & CASTON, LLC

 _/s/  Gregory G. Skordas_
Gregory G. Skordas

## CERTIFICATE OF SERVICE

I hereby certify that on April 9, 2021, I electronically filed a true and correct copy of the

foregoing with the Clerk of the Court using CM/ECF system. I also served a true and correct

copy of the foregoing to the following via USPS mail and email:

> Russell Greer
> 7901 South 3200 West
> P.O. Box 152
> West Jordan, UT 84088
> russellgreer30business@gmail.com

 /s/  Michelle Phelps
Michelle Phelps
*Attorney for Defendants*
