Gregory G. Skordas (#3865)
Gabriela Mena (#17087)
Michelle Phelps (#17096)
SKORDAS & CASTON, LLC
124 South 400 East, Suite 220
Salt Lake City, UT 84111
Telephone:  (801) 531-7444
Facsimile:  (801) 665-0128
Attorneys for Defendant
gskordas@schhlaw.com
gmena@schhlaw.com
mphelps@schhlaw.com

## IN THE UNITED STATES DISTRICT COURT
## DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| RUSSELL G. GREER,<br><br>        Plaintiff,<br><br>v.<br><br>JOSHUA MOON, an individual, and KIWI FARMS, a website.<br><br>        Defendant. | **RESPONSE AND OPPOSITION TO PLAINTIFF'S MOTION FOR PRELIMINARY INJUNCTION**<br><br>Case No. 2:20-CV-00647<br><br>Judge Tena Campbell |

Defendants, Joshua Moon and Kiwi Farms, by and through their counsel of record,

Gregory G. Skordas hereby file this opposition to Plaintiff's motion for a Preliminary Injunction.

Defendants base this opposition on the following:

There are "four well-established factors" the moving party must show before the court

can grant a preliminary injunction. "(1) a substantial likelihood of prevailing on the merits; (2)

irreparable harm unless injunction is issued; (3) that the threatened injury outweighs the harm

that the preliminary injunction may cause the opposing party; and (4) that the injunction, if

issued, will not adversely affect the public interest." *Equitable Nat'l Life Ins. Co. v. AXA*

*Equitable Life Ins. Co.*, 434 F. Supp. 3d 1227, 1238 (quotation marks omitted). If the moving party is "seeking a 'disfavored' injunction" they "face a higher burden" to prove each of the four factors. A disfavored injunction is "(1) one that mandates action, (2) changes the status quo, or (3) grants all the relief the moving party could expect from a trial win." *Id* at 1239.

Plaintiff is requesting that Defendants be enjoined from operating the entire Kiwi Farms website during the case or they be forced to remove "every webpage" regarding Plaintiff from Defendants' website. Because this injunction mandates action, Plaintiff faces a higher burden to demonstrate the four factors of a preliminary injunction. Furthermore, this preliminary injunction would quite possibly change the status quo by forcing Defendant, Joshua Moon to shut down his entire website.

## I.   THERE IS NOT A SUBSTANTIAL LIKELIHOOD PLAINTIFF WILL PREVAIL ON THE MERITS

As Defendants have shown in their 12(b)(6) Motion to Dismiss all Claims, there is not a substantial likelihood Plaintiff will prevail on the merits. In their motion, Defendants have demonstrated how each of Plaintiffs claims should be thoroughly dismissed. Defendants lay out briefly each main point as to why Plaintiff's claims should be dismissed, detailing why Plaintiff is not likely to prevail.

1) Plaintiff's defamation and false light claims are barred by the statute of limitations.

Defamation and false light claims have a one-year statute of limitations. In his complaint Plaintiff fails to specify any alleged defamatory or false light statements that happened within one year of bringing the complaint, besides one use of the word "victims" and the opinion that Plaintiff did not want to seek a mental health evaluation. As shown in Defendant's Motion to Dismiss, these do not fall under defamatory or false light statements. Therefore, Plaintiff cannot prevail on these two claims.

2) Defendants qualify for immunity under the Communications Decency Act

Under the Communications Decency Act, Defendants are immune from being liable for the actions of the users of their website. Therefore, Plaintiff cannot prevail on his claims.

3) Utah Code §76-9-201 does not authorize a civil cause of action for electronic communication harassment.

The Courts have declared there is no civil cause of action for electronic communication harassment, therefore Plaintiff cannot prevail on this claim.

4) Plaintiff failed to state a prima facie case for contributory copyright infringement, false light, defamation, and defamation by implication.

Plaintiff failed to state a prima facie case for four of his five claims, and they should be dismissed. Therefore, Plaintiff cannot prevail on these four claims.

Because Plaintiff's claims are barred by the statute of limitations, Defendants qualify for immunity, there is no civil cause of action for electronic communication harassment, and Plaintiff failed to state a prima facie case for his claims, Plaintiff is not likely to prevail on the merits of his case. Therefore, Plaintiff cannot demonstrate the first factor to be granted a preliminary injunction and his motion should be denied.

## II.     THERE WILL NOT BE IRREPARABLE HARM TO THE PLAINITFF IF THE INJUNCTION IS NOT ISSUED

The majority of discussions and threads on Kiwi Farms have nothing to do with Plaintiff. The forums that do concern Plaintiff have been operating for over four years. Any possible harm that could befall Plaintiff from discussions on Kiwi Farms has already occurred. Plaintiff speculates that the alleged copyright infringement on Kiwi Farms has hurt his marketing and profits on his works. The facts in his complaint seem to indicate that Kiwi Farms has generated more interest in his book and music than there would have been beforehand. Plaintiff has also not demonstrated how shutting down Kiwi Farms will stop those who have already allegedly

- 3 -

harassed him.

Therefore, Plaintiff has not met his burden and there will not be irreparable harm to Plaintiff if the injunction is not issued.

### III. THE HARM TO DEFENDANTS OUTWEIGHS THE POSSIBLE INJURY TO PLAINTIFF IF THE INJUNCTION IS GRANTED

If Defendants are forced to shut down their entire website, they could be hurt by losing multiple users of their website. Defendant Joshua Moon has worked hard to make Kiwi Farms what it is today and many of the users of Kiwi Farms use the forums as a safe place to express their opinions about various issues. If Defendants are forced to remove the pages regarding Plaintiff, many users of Kiwi Farms may decide that the website is no longer a safe place for open and frank discussion. This may cause Kiwi Farms to lose account holders.

Furthermore, Mr. Moon does make money through Kiwi Farms, mainly through merchandise. Defendants also have the potential of securing long-term sponsors. If Defendants are forced to shut down Kiwi Farms or any part of it, it would harm Defendants economically. Even if Defendants had to shut down for only the duration of the current matter, the likelihood they would lose potential sponsors is high. Mr. Moon also uses donations to keep Kiwi Farms running. If Defendants are forced to close down the website or parts of the website, Defendants may lose the support of their donators and if Plaintiff loses, as is likely, Defendants may not be able to regain that support.

Because Plaintiff has not demonstrated how he would be injured if the injunction is not granted and Defendants will be harmed, this harm outweighs any possible injury to Plaintiff.

### IV. THE INJUNCTION WILL ADVERSELY AFFECT THE PUBLIC INTEREST

There is a long history of public interest in free and open discourse. The myriads of topics found on Kiwi Farms and the number of registered users show that the public is interested

in the material found on the website. The vast interest in Plaintiff's criminal and civil cases found on Kiwi Farms has attracted global interest. Plaintiff claims that Kiwi Farms has been linked to three suicides but cites only one article about the suicide of one woman who had previously been mentioned on Kiwi Farms. Plaintiff offers no other evidence for his assertion that Kiwi Farms can be linked to three suicides.

If Defendants are forced to shut down the website or remove the pages regarding Plaintiff the public interest will be adversely affected.

## CONCLUSION

Because Plaintiff has failed to demonstrate the four factors to be granted a preliminary injunction, especially when using the heightened burden, Plaintiff's motion should be denied.

DATED this the 9th day of April 2021.

SKORDAS & CASTON, LLC

 */s/  Gregory G. Skordas*
Gregory G. Skordas

## CERTIFICATE OF SERVICE

I hereby certify that on April 9, 2021, I electronically filed a true and correct copy of the

foregoing with the Clerk of the Court using CM/ECF system, which sent notification of such

filing to the following via email:

Russell Greer
7901 South 3200 West
P.O. Box 152
West Jordan, UT 84088
russellgreer30business@gmail.com


 */s/  Michelle Phelps*
Michelle Phelps
*Attorney for Defendants*