Russell Greer
PO BOX 46602
LAS VEGAS, NV 89114
801-895-3501
russellgreer30business@gmail.com
Pro Se Litigant

FILED
2021 MAY 5 AM 8:25
CLERK
U.S. DISTRICT COURT

---

## IN THE UNITED STATES DISTRICT COURT DISTRICT FOR

## THE DISTRICT OF UTAH, CENTRAL DIVISION

---

| | |
|---|---|
| **RUSSELL G. GREER,**<br><br>Plaintiff<br><br>v.<br><br>**JOSHUA MOON,** publisher of the website Kiwi Farms, **and KIWI FARMS**, a website<br><br>Defendants | **PLAINTIFF'S OPPOSITION TO DEFENDANTS' MOTION TO DISMISS**<br><br>**ORAL ARGUMENT REQUESTED**<br><br><br>Case No.: 2:20-cv-00647<br><br><br>Judge Tena Campbell<br>Magistrate Judge Jared C. Bennett |

1

**INTRODUCTION**

Plaintiff files this OPPOSITION IN RESPONSE to Defendants' Motion to Dismiss within the statutory 28 day reply timeframe, afforded Plaintiff per *DuCivR* 7-1(3)(A). Plaintiff's Complaint showed clear causes of action for all of the claims that he listed and the Defendants' arguments have not derailed Greer's allegations. However, for the sake of addressing Defendants' contentions, Plaintiff will show that he can survive a motion to dismiss.

**ARGUMENT**

**1.  DEFENDANTS' MOTION TO DISMISS SHOULD BE DENIED.**

Defendants seek dismissal of Plaintiff's Complaint under *FRCP Rule 12(b)(6).* Defendants believe that Plaintiff has failed to state a claim. However, they are wrong because Plaintiff painstakingly described in his Complaint the horrors he has been subjected to by Kiwi Farms, and how Moon, publisher of said website, has been aware of the harassment and infringement and has even participated in it.  In reviewing a motion to dismiss, all factual allegations must be accepted as true, and the Complaint must be construed in Plaintiff's favor to determine whether, under any reasonable reading, Plaintiff may be entitled to relief. *Ruiz v. McDonnell*, 299 F.3d 1173, 1182 (10th Cir. 2002). A Motion filed under *Rule 12 (b)(6)* must be denied if the Complaint contains sufficient factual matter to state a claim that is plausible on its face. *Vient v. Ancestry,* (District of Utah 2020).

 II. **DEFAMATION AND FALSE LIGHT CLAIMS NOT BARRED BY STATUTE OF LIMITATIONS**

 Defendants suggest that Plaintiff was attempting to "skirt" the statute of limitations by bringing forth his complaint in 2020. Maybe Plaintiff could have made his argument clearer. He realizes that he cannot bring statements from 2017 as part of his cause of action. He was only showing the Court an example of the depravity of Moon's users and how they have not stayed confined in their website and have hunted down Greer on various sites to ruin him. That is why

he was showing that Richard Springer had created a Goodreads account the same month that Greer released his book — to obviously help trash it. (Doc 3. Exhibit A4). As stated in Doc. 25, Plaintiff can use the *Federal Rules of Evidence* doctrine of presumption to establish that people harassing him and giving him bad reviews are from Kiwi Farms because Greer's book is on that site and Greer wasn't able to market the book elsewhere, so only those following Greer would have known about the book. The presumption is also established because that website has a documented history of doing this exact same campaign of hate to other poor souls. Greer could have presented the Court with much more slanderous and derogatory material, like how in 2016, reviews called for Greer to be put in a concentration camp because he's disabled, but he didn't include those because he realizes the statute of limitations has passed, so he was just giving an example of their past depravity.[1]

With that established, Greer was clearly bringing his false light and defamation claims for statements made by Defendants in the summer of 2020, which is what prompted Greer to finally sue Defendants because the harassment and defamation was never going to end. As stated on Page 23, in Document 3, Greer lays out his false light claims and gives a brief rundown of the criminal case that happened in the summer of 2020 and the statements that were subsequently written. Then for his defamation claims, starting on page 27 of Doc. 3, Greer incorporates his false light claims to be included with defamation. He states in paragraph 174: "Plaintiff uses the allegations from his false light claims to also claim defamation." (Doc 3. Page 28). So clearly, Plaintiff is citing events and statements from 2020 to be considered for false light and defamation, and therefore, his claims are not barred by the statute of limitations.

### III.  CDA DECLARATION

---

[1] Greer does kick himself for not suing Defendants years earlier. Greer naively hoped that Defendants would mature and realize the errors in his  ways and delete his hate site. Greer also had trouble finding an attorney because of money, whether it was based on plaintiff not having funds or defendant not having assets worth going after.

Greer is well aware that the CDA shields Defendant Moon, as publisher of his website, from the activities of his users, aside from copyright infringement. However, that is why Greer was asking for the Court in his prayer for relief and in his Complaint to declare either the Communications Decency Act unconstitutional for vagueness for not distinguishing hate sites or for the Court to find that legislative intent never intended for sites like Kiwi Farms to be protected by the CDA and make a declaration that way.

Defendant realizes he has this protection, as he has stated as recently as December 2020 that he would shutter his website if the CDA was overturned. News site Daily Dot reported, "The notorious internet forum Kiwi Farms says it intends to shut down if a repeal takes place of Section 230, the law that gives immunity to online publishers from content posted by users." *Kiwi Farms Says It Will Shut Down if Section 230 is Repealed.* The Daily Dot. (2020). ([https://www.google.com/amp/s/www.dailydot.com/debug/kiwi-farms-section-230-repeal/%3famp](https://www.google.com/amp/s/www.dailydot.com/debug/kiwi-farms-section-230-repeal/%3famp)). Later, the article states: "Owner and administrator Joshua Conner Moon, known on the platform as Null, warned that President Donald Trump's efforts to repeal the law could result in Kiwi Farms going offline." Moon then goes onto say that he fears President Biden could get the law changed. *Id.* The article author then points out: "If Section 230 were actually to be repealed, Moon could very well be held accountable for his users' actions." *Id.*

This statement is important for two reasons: 1. Defendant won't be harmed by an injunction, as proposed in Docs. 7 & 8, if he is already preemptively planning on closing his website due to any possible congressional law change. 2. It shows that he is aware of what goes on on his site. If he truly believed his site had nothing bad going on, he wouldn't feel the need to shutter it with the change of a law. With that stated, Greer again asks this Court to declare Section 230 unconstitutional or a declaration that Moon's site isn't protected, as he asked in his Complaint and prayer for relief.

## IV.  AUTHORIZED USERS' CONDUCT

The U.S. Supreme Court has established in the case of *NAACP v. Claiborne* that one can be liable for the conduct of others that they oversee if said person "authorized, directed or ratified tortious activity." *NAACP v. Claiborne*, 458 U.S. 886 (1982). The federal district court in *Gersh* applied this rule and held Nazi site owner Andrew Anglin liable for the actions of his site users. The court found that Anglin interacted with his users and oversaw a forum. And although Anglin urged his users not to break laws, the court then concluded: "it is not unreasonable to conclude that Anglin knew what his users were doing." *Gersh v. Anglin,* 353 F. 3d. 958 (MT District Court 2018). The Court of that case then writes: "Anglin's posts and his reader's messages are part of the same ongoing activity with the same ultimate aim." *Id.*

Comparatively, even though Defendant Moon has urged his users to not contact Greer, Moon knows what his users are doing. As shown in the Reply in Doc 25, Defendant told his users to not feel bad when Julie killed herself because it's all just entertainment and it's the victim's fault for having underlying disorders. When Greer wrote Moon in 2018 for Moon to remove Greer from Kiwi Farms, Moon published his email and said, "there's so much wrong with this." On 04/28/2019, when Greer sent Moon the DMCA letter, Moon replied that he knows who Greer is and replied, "try me," when Greer told Moon that Moon doesn't know what Fair Use is, based on Moon's misunderstanding of copyright law.[2]EXHIBIT A. As shown in the Complaint, Doc 3, Moon published this request onto his site, as if this was a giant game for amusement and to belittle Plaintiff. And as shown in the Complaint, in Exhibit A1, Page 26. Moon has engaged in the discussions on his forum about Greer. And lastly, Moon has openly explained why he runs his site: to mock others. This all establishes that Defendant has authorized the conduct of his users because he has given them a platform that was designed to degrade "mush-mouthed autistic people" and others. Based on this, based on precedent with *Gersh* and

---

[2] Per *17 USC 507(b)* Plaintiff has a 3 year statute of limitations to bring a contributory infringement claim. The email would fall within that time period.

based on a hopeful declaration by this Court, liability should be found on Moon for the conduct of his users.

## V.   DEFENDANTS ENCOURAGED AND INDUCED INFRINGEMENT

### A.  Defendant Waived Safe harbor protection

While Plaintiff will address the inducement aspect of the defense that Defendants raised in their Motion, Plaintiff kindly directs the Court to Exhibit A, which contains the DMCA emails. If the Court notices in the email exchange, Defendant Moon says that he will waive "whatever safe harbor protections I have," because he was going to use the Fair Use defense. In their Opposition Motion, Defendant doesn't argue Fair Use and so he waived his affirmative defense. *Bentley v. Cleveland Cty. Bd. of Cty. Comm'rs,* 41 F.3d 600, 604 (10th Cir. 1994) ("Failure to plead an affirmative defense results in a waiver of that defense."). So it almost seems time costly to debate whether Defendant induced or not since he admitted he would be waiving his protection from third party liability and he admits to knowing about the copyrights and knowing who Plaintiff is, thus establishing actual knowledge. *UMG Recordings v. Veoh Networks Inc,* 93 U.S.P.Q. 2d 1010 (C.D. Cal. September 11, 2009) (service providers will not lose safe harbor status if they act expediently to remove infringing material upon notice).

### B.  Inducement not required

Although Defendants argue that inducement is required, other circuits such as the 9th Circuit have held that inducement is not absolutely required to find liability for contributory copyright infringement. *Perfect 10 v. Amazon,* 508 F. 3d 1146 (9th Cir. 2007) (holding in Footnote 11 "that the Supreme Court in *Grokster* did not suggest that a court must find inducement in order to impose contributory liability.") In following this holding, the 9th Circuit held, "Neither *Napster* nor *Netcom* expressly required a finding of intent..because both decisions ruled that a service provider's knowing failure to prevent infringing actions could be the basis for imposing contributory liability. Under such circumstances, intent may

6

be imputed." *Id.* These cases should be followed because they are analogous to the instant action because they involve service providers, which is what one of the Defendants is. *Live Face On Web* v. *Integrity Solutions Group, Inc,* 421 F.Supp.3d 1051 (D. Colorado 2019) (case within the 10th Circuit that refused to follow the above cited precedent because the defendant was not a service provider. Here, the defendant is and thus the case law should be followed).

In following 9th Circuit case law, Defendants are respectively a publisher of a website and a service provider. Defendant was made aware through DMCA letters that he had infringing material on his website and instead of removing it, he posted the DMCA letters in a mocking way onto his site and then challenged Plaintiff with the words: "try me." Further, before DMCA letters were ever sent, Plaintiff saw Defendant Moon interact on the thread section about Greer and thus Moon would have seen the infringing materials. Moon even tells Greer that he knows who he is. Following the holding in *Napster:* "Napster, Inc. supplies the proprietary software, search engine, servers, and means of establishing a connection between users' computers. Without the support services defendant provides, Napster users could not find and download the music they want with the ease of which defendant boasts." *A&M Records v. Napster* (9th Cir. 2001). Kiwi Farms is "essentially an Internet swap meet", where individuals gather to mock people they deem to be weird and is a service provider like Napster. *Id.* Without the service provider, the infringing users wouldn't be able to upload Greer's copyrighted materials and then allow for those materials to be downloaded.

### C.   Defendants Induced Infringement

If the Court chooses to go by 10th Circuit precedent, then inducement can still be found with this case. The case that Defendants cited actually DOES find that the Plaintiff in that case, Martin, a glassware artist, did fully state a claim for contributory infringement, writing: "The court concludes Martin has plausibly alleged facts sufficient to support her claim for contributory

infringement." *Martin* at 142. The Counsel for Defendants in this case haphazardly cited the facts and argument of the defendant in that case and overlooked the holding. It was the claim for vicarious infringement that the Court in *Martin* dismissed. Plaintiff isn't claiming vicarious infringement, which is a completely separate issue from contributory infringement.

In *Martin,* the Court looked to a 10th Circuit case, *Diversey. Diversey* found contributory copyright infringement on behalf of the plaintiff. Applying that precedent, the Court in *Martin* found that the defendant in that case had knowledge that Martin's works would be reproduced, which is then followed with a footnote: "One who furnishes a copyrighted work to another, who in turn wrongfully copies from that work, may be liable as a contributory infringer . . . .")." *Id at 149.* In applying District Court precedent with *Martin,* Defendant Moon and Kiwi Farms have created and furnished his website to allow copyright infringement. His site is a "swap meet", per *Napster.*

On Moon's site FAQs, he says that non-famous works will remain on his site under Fair Use. EXHIBIT B. One could easily turn to Moon's FAQs and feel that they are allowed to upload to his site because Greer or any other "Lolcow" isn't famous. Again, Moon is authorizing this conduct. As stated in Doc 3, copyright law protects all copyrighted material. A guess as to why Moon doesn't allow famous works is because if Moon said "try me" in response to a DMCA notice from a large record label, he would be pulverized in a courtroom. Further, Defendants encourage infringement by showcasing the "frivolous legal threats" they receive (Plaintiff's DMCA letters) and thus such a showcasing would inspire infringement as shown because the users would feel that they can get away with infringing.

A contributory copyright defendant who "invoked [infringing use] by advertisement" is liable for infringement "on principles recognized in every part of the law." *Kalem Co.* v. *Harper Brothers,* 222 U. S., at 62-63 (1911). "The rule on inducement of infringement as developed in the early cases is no different today. Active steps … taken to encourage direct infringement, such

as advertising an infringing use or instructing how to engage in an infringing use, show an affirmative intent that the product be used to infringe, and a showing that infringement was encouraged." *Metro-Goldwyn-Mayer Studios Inc. V.Grokster, Ltd.* 380 F. 3d 1154 (2005). Courts have held that Frequently Asked Questions (FAQs) can be looked to to establish website policies and give instructions to users. *Cotter v. Lyft, Inc.* 60 F. Supp.3d 1067 (2015). So even applying the inducement rule and the case Defendants cited (which doesn't even help their Motion to Dismiss), liability can be imposed on Defendants for contributory infringement. Therefore, the copyright claim should be found in favor of Plaintiff and not be dismissed.

## VI.   STATEMENTS INDEED PUT GREER IN A FALSE LIGHT AND WERE DEFAMATION

Defendants remark that the statements written on Kiwi Farms are just opinions. Plaintiff realizes that people can state opinions about somebody in an unsavory manner. However, simply stamping  a statement as an opinion does not automatically protect a person. An opinion becomes protected when: (1) it is about a matter of public concern (2) expressed in a way that makes it hard to prove whether it's true or false (3) can't be reasonably interpreted to be a factual statement about somebody. *Milkovich v. Lorain Journal Co.*, 497 U.S. 1 (1990). The last prong is what opens up Defendants to liability because the users presented the statement that Greer has a date in court with "one of his victims" as a statement of fact. The users then uploaded all of the transcripts of the criminal court hearings and took screenshots of the Zoom hearings.

The fact is: Greer doesn't have ANY victims.[3] In the eyes of the law, however, that person who claimed to be harmed is considered a victim and that is what Plaintiff was trying to argue in Doc 3 by saying there's only one victim. The Orem case has been the only instance where Greer

---

[3] The events surrounding the criminal case was a misunderstanding and Plaintiff even wrote a letter to Judge Parkin of the Orem Justice Court, informing that judge that his intent was innocent. Even Greer's defense attorney for that case thought Greer's actions were on the very edge of harassment and his attorney felt they could have found Greer not guilty at trial, but Greer opted to plead guilty in 09/2020 to move on with his life because he realized he made a mistake and he didn't want his future to be consumed with litigation over a minor offense.

was charged because a victim had pressed charges. By saying that Plaintiff has "a date in court with **one** of his **victims**", it lends the false idea that Plaintiff is akin to Ted Bundy or another serial predator and has a trail of victims or a series of convictions, which he doesn't.

Greer was explaining his flirty comments with women in Doc 3 to show that his actions are innocent. Greer was showing that his actions are apparently normal because others do it, unless Defendants are unreasonably saying that making a flirtatious comment makes one a predator?  Many people reach out to celebs for autographs, etc. Surely, Defendants aren't reasonably suggesting that every autograph seeker, etc is victimizing a celebrity. Greer has been respectful in his reaching out. To say that he is victimizing these women is to put him in the same league as actual stalkers who trespass onto celebrities' properties and that is defamatory.[4]

Plaintiff has lost a few friends that have seen that statement on the Kiwi Farms website. Kiwi Farms has a large readership and it's unknown how far that statement has been spread. "The statements purported to be of facts, not of opinions. The difficulty is that the words amounted to false representations of fact." *Dixson vs. Newsweek, Inc.,* 562 F.2d 626 (10 Cir. 1977). The same is with the statement that Greer didn't want a mental health evaluation. That put him in a false light because Greer clearly showed in Doc 3 that at the same time the users were writing that, Greer was in the process of discovering mental health costs and the procedure process. "The same is true of the statement that plaintiff was fired because he could not handle the job. A publisher [person] may not escape liability for defamation when it takes words out of context and uses them for a false representation of fact." *Id.*

Greer showed in Doc 3 that Defendant Moon was engaging in the commentary as Null and was asking for the "cliff notes" because he was going onto a random YouTube show to talk

---

[4] Greer's reaching out to celebrities has been more of trying to gain a connection in the entertainment industry to help him open doors to opportunity, rather than actual romantic pursuit. Moon's users have commented on various forums, even on opinion pieces Greer has published in newspapers (such as the Reno Gazette) that Greer is a "celebrity stalker". So these people are spreading falsities, not opinions. But for the sake of not confusing Defendants with alleged rule skirting, Plaintiff only offers this as a footnote.

about Greer, so thus he was helping spread the false light. As for the comments written by others, that is why it is expedient that this Court issue the requested declaration. As Danielle Keats Citron, a law professor, has pointed out: the CDA "gives immunity to people who do not earn it and are not worthy of it." *Legal Shield for Social Media is Targeted by Lawmakers.* The New York Times. (2020). It is requested that the declaration will be issued and that Defendants be liable for the false light and defamation. The statements can surely be found to be implied to be defamatory, if they are not found to be outright defamation.

## VII.    PLAINTIFF USES HIS HARASSMENT ALLEGATIONS TO SUPPORT A PRELIMINARY INJUNCTION

After having read Defendants' cited case of *Nunes*, Plaintiff concedes that he has no private right of action to bring a claim of electronic harassment. However, Greer can use the examples of harassment in Doc 3, Doc 8  and Doc 25 to bolster his argument for a preliminary injunction. Plaintiff is confident he can prevail on all of the other claims.

### Request for Oral Argument

Plaintiff recognizes that much is at stake with this injunction and so he requests an oral argument for this motion.

### Conclusion

Plaintiff has clearly and coherently rebuffed all of Defendants' arguments for a motion to dismiss. If Defendants' Motion  is granted, the Court would essentially be endorsing the conduct of Defendants and a dismissal would only embolden Kiwi Farms and its users. A dismissal would be spiting the people who have killed themselves because of Kiwi Farms. Even if the Court chooses to not make a declaration on the CDA and find Moon not liable for the defamation, enough evidence for willful infringement and overall harassment has been shown to warrant an injunction to remove the pages about Greer, if not a full-on injunction. Plaintiff again asks the Court for the requested relief.

DATED:  May 4th, 2021

Respectfully submitted,

By:

/s/ Russell Greer
Russell Greer
Pro Se

**CERTIFICATE OF SERVICE**

I hereby certify that on May 4th, 2021, I electronically filed a true and correct copy of the foregoing with the Clerk of the Court and sent such filing to the following via email:

Michelle Phelps
mphelps@schhlaw.com

Greg Skordas
gskordas@schhlaw.com

/s/ Russell Greer
Russell Greer
Pro Se

