IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF UTAH

| | |
|---|---|
| RUSSELL G. GREER,<br><br>               Plaintiff,<br><br>v.<br><br>JOSHUA MOON, an individual,<br>and KIWI FARMS, a website,<br><br>               Defendants. | **ORDER AND MEMORANDUM DECISION**<br><br>Case No. 2:20-cv-00647-TC-JCB<br><br>District Judge Tena Campbell |

Pro se plaintiff Russell Greer brings this lawsuit against Defendants Joshua Moon and Kiwi Farms,[1] seeking monetary damages and injunctive relief.  In his complaint, Mr. Greer raises five causes of action against the Defendants: contributory copyright infringement, electronic communications harassment, false light, defamation, and defamation by implication.  (Compl., ECF No. 3.)  The Defendants now move to dismiss all five claims under Federal Rule of Civil Procedure 12(b)(6).  (Mot. to Dismiss, ECF No. 20.)  For the following reasons, the court GRANTS the motion to dismiss and DENIES all other motions.

## FACTUAL ALLEGATIONS[2]

Defendant Joshua Moon operates Kiwi Farms, an online forum where users "exploit and showcase those . . . deemed to be eccentric and weird."  (Compl. ¶¶ 13–14, ECF No. 3.)  Some

---

[1] Kiwi Farms is a website.  Kiwi Farms, https://kiwifarms.net (last visited Sept. 21, 2021).  Perplexingly, the Defendants do not raise the issue that Kiwi Farms, as a website, is not a legal entity capable of being sued.  Cf. Schiavone v. Fortune, 477 U.S. 21 (1986) (holding that Fortune magazine is a trademark, not a legal entity that could be sued); Teamsters Loc. Union No. 727 Health & Welfare Fund v. L & R Grp. of Cos., 844 F.3d 649, 651 (7th Cir. 2016) ("You can't sue a 'rubric' any more than you could sue the Chicago River or the Magnificent Mile as a proxy for the City of Chicago."); Gerardy v. Seventh Dist. Ct., No. 2:17-CV-945 RJS, 2019 WL 1979665, at *2 (D. Utah May 3, 2019) (holding that a plaintiff cannot sue a state court).

[2] All factual allegations come from Mr. Greer's complaint.  The court accepts them as true for the purposes of this order.  See Albers v. Bd. of Cnty. Comm'rs of Jefferson Cnty, 771 F.3d 697, 700 (10th Cir. 2014).

users go beyond discussing people online and purportedly "stalk and harass" their subjects.  (Id.
¶ 14.)  Plaintiff Russell Greer became the target of Kiwi Farms users' acrimony after he filed a
lawsuit against a famous pop star in late 2016.  (Id. ¶ 16.)  Some users began harassing him, even
going so far as to call his employer.  (Id. ¶¶ 17–24.)  In response to the harassment, Mr. Greer
self-published a book about the lawsuit, hoping to tell his side of the story.  (Id. ¶¶ 25–27.)  The
harassment only intensified.  (Id. ¶¶ 28–36.)  After his book received numerous negative online
reviews, Mr. Greer recorded a song and placed it for sale online.  (Id. ¶¶ 48–60.)  His book and
his song ended up being posted on Kiwi Farms without his consent, causing Mr. Greer to become
the target of even more derision.  (Id. ¶¶ 47, 53.)

In April 2019, Mr. Greer sent Kiwi Farms a takedown notice under the Digital
Millennium Copyright Act (DMCA), requesting that the site take down any posts that infringed
on his copyrights.  (Id. ¶¶ 65–66.)  Mr. Moon refused, claiming protection under "fair use," and
he mocked Mr. Greer's DMCA notice.  (Id. ¶¶ 67–71.)  Since then, Kiwi Farms users have
uploaded more of Mr. Greer's songs without his consent.  (Id. ¶ 74.)

In early 2020, Mr. Greer was a defendant in an unrelated criminal case.  (Id. ¶ 146.)  This
case came to the attention of Kiwi Farms users and soon became a new discussion topic.  (Id.
¶ 157.)  Kiwi Farms' news page even advertised one of the court hearings: "July 2020: Russell
[Greer] has a date… in court, with one of his victims."  (Id. ¶ 163.)  Mr. Moon has also allegedly
appeared on YouTube to discuss Mr. Greer's case.  (Id. ¶¶ 160–161, 164.)  As part of the
proceedings, Mr. Greer was required to undergo a mental health evaluation, but the prosecution
ended up dropping that requirement.  (Id. ¶¶ 150–152.)  Kiwi Farms users claimed that Mr. Greer
had refused the evaluation.  (Id. ¶ 159.)  Finally, in September 2020, Mr. Greer filed the present
action against Mr. Moon and Kiwi Farms, seeking monetary and injunctive relief for alleged

copyright violations, harassment, and various speech torts.  In April 2021, the Defendants jointly

moved to dismiss the complaint under Federal Rule of Civil Procedure 12(b)(6).

## LEGAL STANDARD

To survive a Rule 12(b)(6) motion to dismiss, a plaintiff's complaint "must plead facts

sufficient to state a claim to relief that is plausible on its face."  Slater v. A.G. Edwards & Sons,

Inc., 719 F.3d 1190, 1196 (10th Cir. 2013) (internal quotation marks omitted) (quoting Ashcroft

v. Iqbal, 556 U.S. 662, 678 (2009)).  A claim is facially plausible when the complaint contains

"factual content that allows the court to draw the reasonable inference that the defendant is liable

for the misconduct alleged."  Burnett v. Mortg. Elec. Registration Sys., Inc., 706 F.3d 1231, 1235

(10th Cir. 2013) (quoting Iqbal, 556 U.S. at 678).  The court must accept all well-pleaded

allegations in the complaint as true and construe them in the light most favorable to the plaintiff.

Albers, 771 F.3d at 700.  The court's function is "not to weigh potential evidence that the parties

might present at trial, but to assess whether the plaintiff's complaint alone is legally sufficient to

state a claim for which relief may be granted."  Sutton v. Utah Sch. for the Deaf & Blind,

173 F.3d 1226, 1236 (10th Cir. 1999) (quoting Miller v. Glanz, 948 F.2d 1562, 1565 (10th Cir.

1991)).

A pro se plaintiff's complaint should be construed liberally, and it should be held to a less

stringent standard than formal pleadings drafted by lawyers.  Estelle v. Gamble, 429 U.S. 97, 106

(1976); Haines v. Kerner, 404 U.S. 519, 520–21 (1972).  This rule requires the court to look

beyond a failure to cite proper legal authority, confusion of legal theories, and poor syntax or

sentence construction.  See Hall v. Bellmon, 935 F.2d 1106, 1110 & n.3 (10th Cir. 1991).  Liberal

construction does not, however, require the court to assume the role of advocate for the pro se

plaintiff—Mr. Greer is expected to construct his own arguments and theories.  See id.

## ANALYSIS

In his complaint, Mr. Greer raises five causes of action against the Defendants: contributory copyright infringement, electronic communications harassment, false light, defamation, and defamation by implication.  The court will consider each in turn.

### I.    Contributory Copyright Infringement

Mr. Greer's first cause of action is for contributory copyright infringement. "Contributory copyright infringement is derivative of direct copyright infringement."  Savant Homes, Inc. v. Collins, 809 F.3d 1133, 1146 (10th Cir. 2016).  As the Supreme Court explained, "One infringes contributorily by intentionally inducing or encouraging direct infringement." Metro-Goldwyn-Mayer Studios Inc. v. Grokster, Ltd., 545 U.S. 913, 930 (2005).  To establish contributory infringement, a plaintiff must allege: (1) direct copyright infringement by a third party; (2) the defendant knew of the direct infringement; and (3) the defendant intentionally caused, induced, or materially contributed to the direct infringement.  See Diversey v. Schmidly, 738 F.3d 1196, 1204 (10th Cir. 2013); Boatman v. U.S. Racquetball Ass'n, 33 F. Supp. 3d 1264, 1273 (D. Colo. 2014).  A plaintiff can establish contributory liability by "showing a defendant 'authorized the infringing use.'"  Diversey, 738 F.3d at 1204 (quoting Softel, Inc. v. Dragon Med. & Sci. Commc'ns., Inc., 118 F.3d 955, 971 (2d Cir. 1997)).

Mr. Greer alleges the Defendants are liable for contributory infringement because (1) Kiwi Farms users have posted Mr. Greer's copyrighted book and songs on the website, (2) the Defendants knew of the infringement because Mr. Greer sent them a DMCA takedown notice and Mr. Moon acknowledged it, and (3) the Defendants have "knowingly and willfully permitted" Mr. Greer's copyrighted works to remain on the site.  (Compl. ¶¶ 40–42, 52–55, 63–69, 111, ECF No. 3.)  In response, the Defendants argue that Mr. Greer's contributory

4

infringement claim fails because his complaint does not allege that the Defendants "induced or encouraged any users of Kiwi Farms to infringe on Plaintiff's copyright material before the material was posted online." (Mot. to Dismiss at 5, ECF No. 20.)

Mr. Greer has sufficiently alleged prongs (1) and (2) of contributory copyright infringement. What is missing is the Defendants' intentionally causing, inducing, or materially contributing to the infringement. It is not enough for contributory liability for a defendant to have merely "permitted" the infringing material to remain on the website, without having "induc[ed] or encourag[ed]" the initial infringement. See Grokster, 545 U.S. at 930. The Tenth Circuit has not held otherwise.[3] Accordingly, Mr. Greer's first cause of action is DISMISSED with prejudice.

## II.      Electronic Communications Harassment

Mr. Greer's second cause of action is for electronic communications harassment. It fails as a matter of law because as the Defendants point out, and as Mr. Greer concedes, Utah Code Ann. § 76-9-201 does not authorize a private cause of action. Nunes v. Rushton, 299 F. Supp. 3d 1216, 1238 (D. Utah 2018). Mr. Greer's second cause of action is therefore DISMISSED with prejudice.

## III.      Kiwi Farms and Section 230 of the Communications Decency Act

Mr. Greer's third, fourth, and fifth causes of action are for false light, defamation, and defamation by implication. The Defendants raise as a defense the Communications Decency Act (CDA), 47 U.S.C. § 230, which states that "[n]o provider or user of an interactive computer

---

[3] Because the Tenth Circuit has not expressed its view on the issue, the court declines to adopt the Ninth Circuit's contributory infringement test from Perfect 10, Inc. v. Amazon.com, Inc., 508 F.3d 1146, 1172 (9th Cir. 2007).

service shall be treated as the publisher or speaker of any information provided by another information content provider." § 230(c)(1).

In order to qualify for immunity under the CDA, a defendant must show that (1) it is a provider or user or an "interactive computer service," (2) its actions as a "publisher or speaker" form the basis for liability, and (3) "another information content provider" provided the information that forms the basis for liability. Silver v. Quora, Inc., 666 F. App'x 727, 729 (10th Cir. 2016). The purpose of this immunity is to "facilitate the use and development of the Internet by providing certain services an immunity from civil liability arising from content provided by others." F.T.C. v. Accusearch Inc., 570 F.3d 1187, 1195 (10th Cir. 2009).

First, Kiwi Farms qualifies as an interactive computer service. An interactive computer service is "any information service, system, or access software provider that provides or enables computer access by multiple users to a computer server, including specifically a service or system that provides access to the Internet." 47 U.S.C. § 230(f)(2). Kiwi Farms squarely fits within this definition because it enables computer access by multiple users to computer servers via its website. Mr. Moon operates Kiwi Farms, but he also posts on the website, making him both a provider and a user of the interactive computer service.

Second, Mr. Greer seeks to hold the Defendants liable for the posts of Kiwi Farms users. In other words, Mr. Greer seeks to treat Kiwi Farms and Mr. Moon as the "publisher or speaker" of third-party information—"a result § 230 specifically proscribes." Ben Ezra, Weinstein, & Co. v. Am. Online Inc., 206 F.3d 980, 986 (10th Cir. 2000).

Third, the content that provides the basis for liability here—the statements about Mr. Greer's mental health treatment and his alleged "victims"—was not created by Kiwi Farms. Rather, a third party provided the information, and Mr. Greer accessed it through Kiwi Farms'

website.  "A service provider must 'specifically encourage[] development of what is offensive about the content' to be 'responsible' for the development of offensive content."  Silver, 666 F. App'x at 729–30 (quoting Accusearch, 570 F.3d at 1199).  Mr. Greer has not alleged that Kiwi Farms played any part in creating the content that he accessed.  However, the third prong is unmet for Mr. Moon's own statements on Kiwi Farms' website, where he is both the "information content provider" and the provider–user.

As the Tenth Circuit has remarked, "The prototypical service qualifying for [Section 230] immunity is an online messaging board (or bulletin board) on which Internet subscribers post comments and respond to comments posted by others."  Accusearch, 570 F.3d at 1195.  Kiwi Farms fits the bill.  Mr. Greer's claims for false light, defamation, and defamation by implication seek to hold Kiwi Farms, and Mr. Moon as its operator, liable for information originating with a third party.  Those claims are barred by the CDA.  Accordingly, Mr. Greer's third, fourth, and fifth causes of action against Kiwi Farms are DISMISSED with prejudice.

**IV.     False Light, Defamation, and Defamation by Implication Against Mr. Moon**

Because Mr. Moon is not immune from liability for his own statements, the court turns to assess the merits of Mr. Greer's third, fourth, and fifth causes of action against Mr. Moon.[4]

A. False Light

"A prima facie case for false light requires a plaintiff to demonstrate that (1) the defendant publicized a matter concerning the plaintiff that placed the plaintiff before the public in a false light, (2) the false light in which the plaintiff was placed would be highly offensive to a reasonable person, and (3) the defendant knew or recklessly disregarded the falsity of the

---

[4] Mr. Moon raises as a defense the statute of limitations, which is one year for false light and defamation claims. Utah Code Ann. § 78B-2-302(4); Jensen v. Sawyers, 2005 UT 81, ¶ 34, 130 P.3d 325, 333.  In response, Mr. Greer argues that his causes of action are only based on statements made in 2020, which is within the limitations period. (Opp'n to Mot. to Dismiss at 3, ECF No. 26.)  The court agrees with Mr. Greer.

publicized matter and the false light in which the plaintiff was placed." Jacob v. Bezzant, 2009 UT 37, ¶ 21, 212 P.3d 535, 544.

Mr. Greer alleges two sets of facts that give rise to his false light claim against Mr. Moon. First, he alleges that Mr. Moon said that he was refusing to enter a plea deal because he did not want to receive a mental health evaluation. (Compl. ¶¶ 159–162, ECF No. 3.)  This statement apparently came from Mr. Moon's appearance on a "random YouTube show." (Id. ¶ 160.) Second, Mr. Greer claims that Kiwi Farms' news page said that he had "a date… in court, with one of his victims." (Id. ¶¶ 163–171.)  Mr. Moon's purported connection to the second statement is that he "has given publicity to this case." (Id. ¶ 166.)  In Mr. Greer's view, the statement "puts [him] in a false light that he has many victims." (Id. ¶ 168.)

As stated above, Mr. Moon cannot be held vicariously liable for any statements but his own.  For example, Mr. Greer does not allege that Mr. Moon wrote the "victims" statement from Kiwi Farms' news page, but merely that Mr. Moon "has surely seen the statement." (Compl. ¶ 164, ECF No. 3.)  As a result, Section 230 would shield Mr. Moon from liability for this third-party statement.  Mr. Greer makes little mention of any statements that Mr. Moon has personally made.  One such remark is from August 20, 2020.  Mr. Moon left the following comment on a Kiwi Farms thread: "I'll be on Nick's show in a few hours. I feel very under prepared [sic] for it, so if anyone wants to cheat and send me some cliff notes [sic] about this case or anything in the last year that'd be ebin [sic] thank you[.]" (Compl. Ex. A1, ECF No. 3-2.)  Nothing about this statement places Mr. Greer in a false light.  Nor has Mr. Greer alleged anything specific that Mr. Moon may have said on the YouTube show that would put him in a false light.  Merely discussing his ongoing criminal case would not rise to this level.  While the court must generally accept as true well-pleaded factual allegations in the complaint, the court may properly disregard

8

legal conclusions such as "Moon is now personally liable for spreading false information about Greer by going onto a show" (Compl. ¶ 161) and irrelevant allegations such as "Mr. Moon . . . has said in the past that Greer stalks women" (Id. ¶ 166).[5]

All in all, Mr. Greer has not stated a claim for false light on these facts. For the first set of facts, it is not enough for Mr. Greer to have been personally offended by the alleged false light—a reasonable person must find it highly offensive. As the Defendants point out, there could be "many non-offensive reasons why someone would not want a mental health evaluation." (Mot. to Dismiss at 7, ECF No. 20.) Mr. Greer has not met this burden. For the second set of facts, Mr. Greer has not alleged that Mr. Moon personally made the "victims" statement, just that his affiliation with Kiwi Farms should be enough for liability. This type of speech is at the core of what Section 230 protects. For those reasons, the court DISMISSES Mr. Greer's third cause of action against Mr. Moon with prejudice.

### B. Defamation

"To state a claim for defamation, [a plaintiff] must show that [the defendant] published the statements concerning him, that the statements were false, defamatory, and not subject to any privilege, that the statements were published with the requisite degree of fault, and that their publication resulted in damage." West v. Thomson Newspapers, 872 P.2d 999, 1007–08 (Utah 1994) (footnotes omitted).

In his defamation claim against Mr. Moon, Mr. Greer realleges the facts from his false light claim. (Compl. ¶ 174, ECF No. 3.) He also claims that Mr. Moon has gone on YouTube shows to make false statements about him. For the same reasons that Mr. Moon's statement from August 20, 2020, did not put Mr. Greer in a false light, it was not defamatory. And again, Mr.

---

[5] It is doubtful whether this statement was made within the one-year limitations period for a false light claim.

Greer has not specifically alleged that Mr. Moon said anything defamatory on YouTube.  His

conclusory allegations about Mr. Moon's presence on YouTube shows cannot support a claim for

defamation.  There are simply not enough facts for the court to "draw the reasonable inference

that the defendant is liable for the misconduct alleged."  Burnett, 706 F.3d at 1235.  For this

reason, the court DISMISSES Mr. Greer's fourth cause of action against Mr. Moon with

prejudice.

      C.  Defamation by Implication

Under Utah law, defamation and defamation by implication are "more or less different

sides of the same coin."  Hogan v. Winder, 762 F.3d 1096, 1105 (10th Cir. 2014).  Essentially, "it

is the implication arising from the statement and the context in which it was made, not the

statement itself" that is defamatory.  West, 872 P.2d at 1011.  To prevail here, Mr. Greer must

thus show that the "gist of [Mr. Moon's] statement, rather than its literal meaning[,] is 'false,

defamatory, and not subject to any privilege.'"  Hogan, 762 F.3d at 1105 (quoting West, 872 P.2d

at 1007).

In his defamation by implication claim against Mr. Moon, Mr. Greer realleges the facts

from his defamation claim, which reiterate those from his false light claim.  (Compl. ¶ 186, ECF

No. 3.)  And like for the defamation claim, there are not enough facts here for the court to "draw

the reasonable inference that the defendant is liable for the misconduct alleged."  Burnett, 706

F.3d at 1235.  Mr. Greer has not alleged that Mr. Moon personally made any statements that

implied something defamatory.  Alleging that Mr. Moon went on a YouTube show to say false

things about him is legally insufficient.  For this reason, the court DISMISSES Mr. Greer's fifth

cause of action against Mr. Moon with prejudice.

/ / /

10

### V.       Leave to Amend

After the Defendants filed their motion to dismiss, Mr. Greer filed a motion for leave to

file a supplemental brief (ECF No. 31).  Before the court ruled on this motion, Mr. Greer filed a

second motion for leave to file a supplemental memorandum brief (ECF No. 35.)  Generally, "the

standard used by courts in deciding to grant or deny leave to supplement is the same standard

used in deciding whether to grant or deny leave to amend."  Fowler v. Hodge, 94 F. App'x 710,

714 (10th Cir. 2004).  Leave to amend should be given "freely" and "when justice so requires."

Fed. R. Civ. P. 15(a)(2).  The court has "wide discretion to recognize a motion for leave to amend

in the interest of a just, fair or early resolution of litigation." Bylin v. Billings, 568 F.3d 1224,

1229 (10th Cir. 2009) (quoting Calderon v. Kan. Dep't of Soc. & Rehab. Servs., 181 F.3d 1180,

1187 (10th Cir. 1999)).  "Refusing leave to amend is generally only justified upon a showing of

undue delay, undue prejudice to the opposing party, bad faith or dilatory motive, failure to cure

deficiencies by amendments previously allowed, or futility of amendment."  Id. (quoting Frank v.

U.S. W., Inc., 3 F.3d 1357, 1365 (10th Cir. 1993)).  A proposed amendment is futile if it "would

be subject to dismissal for any reason, including that the amendment would not survive a motion

for summary judgment or a motion to dismiss."  Midcities Metro. Dist. No. 1 v. U.S. Bank Nat'l

Ass'n, 44 F. Supp. 3d 1062, 1068 (D. Colo. 2014) (citing Watson ex rel. Watson v. Beckel, 242

F.3d 1237, 1239 (10th Cir. 2001).

Here, Mr. Greer's first proposed "supplemental brief in support of [his] motion for

preliminary injunction and [his] complaint" is entirely futile.  In his own words, Mr. Greer is

"not trying to supplement his complaint, but rather file a memorandum brief."  (Pl.'s Reply in

Supp. at 4, ECF No. 34.)  The "memorandum brief" contains no new facts in support of his

causes of action, nor does it seek to supplement the legal arguments in his complaint.  Instead, it

contains irrelevant facts, like allegations of a suicide allegedly connected to Kiwi Farms.

Additionally, the "memorandum brief" is replete with bad-faith accusations lodged against the

Defendants' attorney, Mr. Skordas.  This brief is wholly improper.  It does nothing to shore up

Mr. Greer's case, nor does it give the court pause about granting the Defendants' motion to

dismiss.

Similarly, his second memorandum brief only introduces an anonymous email Mr. Greer

received from someone claiming to have inside information about his lawsuit.  Not only was the

email not sent by Mr. Moon or Kiwi Farms, but it also has no bearing on any of his causes of

action against the Defendants.  For those reasons, the court DENIES Mr. Greer's motion for

leave to file a supplemental brief (ECF No. 31) and DENIES his motion for leave to file a second

supplemental memorandum brief (ECF No. 35).

## VI.    Motion for Preliminary Injunction

Before the Defendants filed their motion to dismiss, Mr. Greer filed a motion for a

preliminary injunction (ECF No. 7).  Because Mr. Greer has failed to state any claims upon

which relief can be granted, there is no need to address his request for a preliminary injunction.

Mr. Greer's motion for a preliminary injunction (ECF No. 7) is therefore DENIED as moot.

## CONCLUSION

The court sympathizes with Mr. Greer's plight.  Based on his complaint, it sounds like

people on Kiwi Farms have said vile things about him and made his life miserable.  However,

Section 230 protects defendants like Kiwi Farms and Mr. Moon from the conduct of their users,

and Mr. Greer has not sufficiently connected Mr. Moon's own words and actions with any valid

causes of action.  For the foregoing reasons, the court DENIES Mr. Greer's motion for leave to

file a supplemental brief (ECF No. 31), DENIES Mr. Greer's motion for leave to file a second

supplemental memorandum brief (ECF No. 35), and GRANTS the Defendants' motion to

dismiss (ECF No. 20).  Mr. Greer's motion for a preliminary injunction (ECF No. 7) is DENIED

as moot.

DATED this 21st day of September, 2021.

BY THE COURT:

*Tena Campbell*

TENA CAMPBELL
U.S. District Judge