FILED
2021 SEP 29 AM 10:02
CLERK
U.S. DISTRICT COURT

Russell Greer
PO BOX 46602
LAS VEGAS, NV 89114
801-895-3501
russellgreer30business@gmail.com
Pro Se Litigant

---

## IN THE UNITED STATES DISTRICT COURT DISTRICT FOR

## THE DISTRICT OF UTAH, CENTRAL DIVISION

---

| | |
|---|---|
| **RUSSELL G. GREER,** <br><br> Plaintiff <br><br> v. <br><br> **JOSHUA MOON,** publisher of the website Kiwi Farms, **and KIWI FARMS**, a website <br><br> Defendants | **PLAINTIFF'S MOTION TO ALTER & AMEND THE ORDER AND JUDGEMENT AND TO REOPEN THE CASE** <br><br><br> Case No.: 2:20-cv-00647 <br><br><br> Judge Tena Campbell <br> Magistrate Judge Jared C. Bennett |

1

Pursuant to Federal Rules of Civil Procedure 59(e), Plaintiff files a timely motion to amend order and judgement and to reopen the case. In support of this Motion, Plaintiff relies on the facts and information below. The Court's decision was respectfully based on clear error of fact. For this reason, Plaintiff respectfully requests that this motion be granted and that (1) the Court's Order and Judgement of September 21st, 2021 be vacated, (2) the case be reopened, and (3) the accompanying Motion for Leave to File Amended Complaint be granted.

### INTRODUCTION

*Rule 59(e)* was adopted to clarify that "the district court possesses the power to rectify its own mistakes in the period immediately following the entry of judgment." *White v. New Hampshire Dep't of Employment Sec.*, 455 U.S. 445, 450 (1982) (internal quotations omitted). A Rule 59(e) motion may be granted to correct a manifest error of law or fact, or to consider newly-discovered evidence. See *Hagerman*, 890 F.2d at 414. In order to show clear error or manifest injustice, "the movant must base its motion on arguments that were previously raised, but were overlooked by the Court.'" United States v. Jasin, 292 F. Supp. 2d 670, 676 (E.D. Pa. 2003) (quoting Smith v. City of Chester, 155 F.R.D. 95, 97 (E.D. Pa. 1994)).

### Points Of Fact And Law  Overlooked And Misapprehended By The Court

The Court overlooked and misapprehended the following material facts and the law supporting the facts: (1) Plaintiff did indeed cite inducement in his Complaint. (2) The case was not futile to allow Plaintiff the chance to amend his Complaint.

### (1)  The Court Overlooked That Plaintiff Did Indeed Cite Inducement In His Complaint

### A.  The Court Overlooked And Misapplied The Facts

From the get-go, Plaintiff stated contributory copyright infringement was his strongest argument because the CDA did not protect Defendant in that regard. Greer ensured before filing that all three factors were met. His complaint was proofread by lawyers. However, the Court wrote in the Judgement of 09-21-21 that "Greer has sufficiently alleged prongs (1) and (2) of

contributory copyright infringement. What is missing is the Defendants' intentionally causing, inducing, or materially contributing to the infringement. It is not enough for contributory liability for a defendant to have merely "permitted" the infringing material to remain on the website, without having "induc[ed] or encourag[ed]" the initial infringement."

Plaintiff kindly points out that the Court overlooked that Plaintiff stated the facts that Defendant induced infringement, as incorporated with Paragraphs 1-113 (quoting Plaintiff's Complaint, paragraph 109).

## I.        FAQs Page Inducement Facts

The Court overlooked the fact that Plaintiff did indeed properly plead inducement by explaining in Paragraph 111 that Moon is "*materially contributing* to the infringement by running and managing a website that ***allows*** users to steal and dump everything about Greer. Moon has even defended such action on his website's FAQs page." The FAQs page regarding copyrights was explained in ¶ 64 of Greer's Complaint, when Greer quoted the FAQs page: "We do not host well-known copyrighted content. What copyrighted content *we do host* is usually ***covered under Fair Use***." This would count as inducement, because it encourages infringement on non-famous works, under the misguided claim of fair use, and so Moon's users would feel and know that they can infringe on works because of fair use. Defendants never argued fair use in their motions. Greer, however, explained how Moon's views on Fair Use were wrong, in his Complaint. In Greer's fair use arguments, Greer showed Moon was allowing and fostering (inducing) infringement for purposes of criticism. (Paragraphs 79-90).

Greer elaborated on the FAQs in his opposition to Defendant's Motion to Dismiss (Doc 26). On pages 6 through 8, in Doc 26, Plaintiff expounds upon his arguments in his Complaint and showed in Doc 26 that  in his Complaint, the Defendants did indeed induce. Greer put forth two legal theories on pages 6-7: (1) the 9th Circuit not requiring inducement and then (2) he showed that he did claim inducement in his Complaint, per the 10th. Circuit.  It appears the Court

3

made a note on page 5 of her Opinion and Judgement, regarding the 10th Circuit not having ruled on inducement not being required, but once again, the Court did not address the FAQs that Greer expounds upon on Defendants' inducement and encouragement in Doc 26, when he shows that Moon did indeed induce, writing: "On Moon's site FAQs, he says that non-famous works will remain on his site under Fair Use. EXHIBIT B. One could easily turn to Moon's FAQs and feel that they are allowed to upload to his site because Greer or any other "Lolcow" isn't famous." (Doc 26, page 8, paragraph 3). That is clear inducement and encouragement.

## II.    DMCA Inducement Infringement Facts

The other examples and facts of Defendants' inducement that the Court briefly mentioned, but seemed to overlook the full context of, was explained on ¶ 67 when Defendant posted the DMCA notice on his section entitled, "Take that off the God Damn Internet." Greer explained how that section is meant to mock those who send sincere legal requests to have their works removed. Greer elaborated on this in Doc 26, by writing: "Further, Defendants encourage infringement by showcasing the "frivolous legal threats" they receive (Plaintiff's DMCA letters) and thus such a showcasing would inspire infringement as shown because the users would feel that they can get away with infringing."

Per Greer's Complaint, Moon's posting the DMCA on the section INDEED INDUCED infringement because users shortly afterwards messaged Plaintiff, laughing at him and mocking his music and saying they had spread the song elsewhere. ¶ 67.

## Iii.    Constructive Design Inducement Facts

Lastly, as explained in the facts of the Complaint, the very nature of Moon's site is meant to document and collect the actions and works of those Defendants deem to be weird. This is why Kiwi Farms has obtained the recognition of being "the web's biggest community of stalkers", as dubbed by The New Yorker. ¶ 14. This recognition isn't based off his users, per se. It's based off of Joshua Moon himself and his actions of allowing all forms of harassment until somebody

4

takes their own lives and then be quietly shuts down the thread on that person as a form of damage control. Anybody who ends up on the site, gets bullied until they take their lives. ¶ 14. It becomes open season upon the unfortunate people who get put on that site. In the same FAQs, as elaborated on in the opposition motion (Doc 26), Moon rarely ever removes anything about a person and so it would induce infringement because the infringers know they can get away with infringing. This is completely in line with case law that both the Court and Plaintiff cited, but that the Court respectfully misapplied. The sheer nature of Mr. Moon's stated website's purpose and his FAQs pertaining to copyrights, would induce anybody with ill-intentions to infringe. Kiwi Farms  "attracts users of a mind to infringe." Id.at 2774. *Metro–Goldwyn–Mayer Studios, Inc. v. Grokster, Ltd (2005).*

Respectfully, the Court overlooked these facts that were in his Complaint. Greer's complaint stated fully a claim for contributory copyright infringement.

## B.  The Court Overlooked And Misapplied The Law

### I.        Law Regarding Inducement Wording

The Court overlooked controlling and guiding law where Courts look to whether a defendant took "active steps" or "affirmative steps" to "induce," "promote," "foster" "encourage," "stimulate," "bring about," or "cause" copyright infringement. *Metro-Goldwyn-Mayer Studios Inc. V.Grokster*, Ltd. (04-480) 545 U.S. 913 (2005). Even though the Court quotes Grokster, there seems to be an error of law with applying the full guidance of *Grokster*. Based on that, finding inducement doesn't require the word "inducement" to be written in a pleading. Rather, inducement is gathered by the acts and intentions of Defendant, which Greer clearly explained Moon's acts and intent, in paragraphs 1-113 that incorporated his copyright infringement claim.

To plead each and every fact and point of a cause of action is referred to as code pleading — however, code pleading is not a requirement in a case. *Runnion v. Girl Scouts of*

5

*Greater Chi.* 786 F. 3d 510 (7th Cir. 2015) (calling the district court's reliance on code pleading "problematic"). Instead, the Complaint need contain only factual allegations that give the defendant fair notice of the claim for relief and show the claim has "substantive plausibility". *Johnson v. City of Shelby,* —— U.S. ——, 135 S.Ct. 346, 190 L.Ed.2d 309 (2014). Plaintiff stated plenty of facts in his Complaint: simply, concisely and directly that entitled him to contributory copyright infringement relief, without needing to specifically use the word "inducement".

The keywords for inducement in Greer's Complaint are "materially contributes", "allows" and "enabled". If Greer would have put the word "inducement" instead of "allows", the meaning and the facts would have been the same. The lack of the word "inducement" shouldn't have disqualified the copyright claim.

## II.    Law Regarding Advertising Inducement

The Court also misapplied the full application of *Grokster*, by overlooking that the law would find that the FAQs would indeed count as inducement, when Greer cited *Grokster* on pages 8-9 of Doc 26 (after stating the facts pertaining to the FAQs) and wrote: "'Active steps … taken to encourage direct infringement, such as advertising an infringing use or instructing how to engage in an infringing use, show an affirmative intent that the product be used to infringe, and a showing that infringement was encouraged.' *Metro-Goldwyn-Mayer Studios Inc. V.Grokster, Ltd.* 380 F. 3d 1154 (2005). Courts have held that Frequently Asked Questions (FAQs) can be looked to to establish website policies and give instructions to users."   (Page 9, paragraph 1).

The Court overlooked that other cases within the 10th Circuit have cited FAQs as counting as guidance in cases: *Rowe v. Albertson's Inc,* (D. Utah 2005) (writing, "Rowe might also find helpful the "FAQs" link on the website (www.utd.uscourts.gov), which contains answers to frequently asked questions.") (an opinion written by Judge Campbell); *In re Hennerman,* (Bankruptcy Court, D. Colorado 2006) (writing, "Had a considered review of the Website been

6

made and the contents of the Website been admitted into the record, the Court almost certainly would have had even more confidence that Mr. Gooch's activities violate…. The Website apparently contains a large number of pages which are held out as offering answers to common questions, i.e., the various "FAQ" pages, on a variety of topics."); *Holmes v. Colorado Coalition for the Homeless Long Term Disability Plan,* (10ᵗʰ Circuit 2014) ("…citing the Department of Labor's FAQ section for the position…").

Respectfully, the legal holding of advertising inducement in *Grokster* and the 10ᵗʰ Circuit guidance of looking to FAQs to establish guidance was overlooked and an error of law was made because it was never addressed in the Court's judgement as to whether FAQs counted as inducement. Plaintiff's cited cases, particularly *Grokster*, indeed showed that the FAQs would have qualified as inducement.

### III.    Law Regarding Looking To Other Jurisdictions For Guidance

The Court also made an error in not applying long-held law that Courts are to look to other jurisdictions for guidance in handling cases that have not been addressed in the 10th Circuit. Plaintiff alluded to this in Doc 26,  page 7, when Plaintiff wrote: "These cases should be followed because they are analogous to the instant action because they involve service providers, which is what one of the Defendants is. *Live Face On Web v. Integrity Solutions Group,* Inc, 421 F.Supp.3d 1051 (D. Colorado 2019) (case within the 10ᵗʰ Circuit that refused to follow the above cited precedent because the defendant was not a service provider. Here, the defendant is and thus the case law should be followed)." (Doc 26, page 7).

Even though the Court rejected the argument that inducement was not needed, on page 5 of the Order and Judgement, because the 10ᵗʰ Circuit hasn't ruled on it, the Court didn't apply *Napster's* holding for inducement and material contribution, as cited in Doc 26, Page 8, end of paragraph 2, when Plaintiff wrote: "In applying District Court precedent with Martin, Defendant Moon and Kiwi Farms have created and furnished his website to allow copyright infringement.

7

His [Defendant's] site is a "swap meet", per *Napster*." Plaintiff cited the swap meet argument in *Napster* because it related to Defendant's citation of *Martin* in their Motion to Dismiss, when the *Martin* court held that a contributory infringer is one who "furnishes" for intents of infringement. (Doc 26, page 8, paragraph 2). As stated in Doc 26, *Napster* held that one who supplies (furnishes) internet services for purposes of infringement, can be held liable for materially contributing to infringements. This was followed by Greer writing in Doc 26: "Without the service provider, the infringing users wouldn't be able to upload Greer's copyrighted materials and then allow for those materials to be downloaded." That's why Greer asked for *Napster* to be followed because this case and *Napster* are analogous. Greer was asking for *Napster* to be applied in both of his legal theories presented in Doc 26 in arguments relating to inducement and no need for inducement. All of the laws and cases that Defendants and this Court relied on were not analogous to ISPs as Defendants.

The Court respectfully overlooked that cases within the 10th Circuit have cited *Napster* and followed it. *Warner Records v. Charter Communications, (*D. Colorado 2020) (where the availability of infringing material `acts as a "draw" for customers.'"  The biggest case boost to Plaintiff's claim that this Court overlooked was found in the previously cited *Warner Records* case: "The Tenth Circuit has limited precedent on the issue of vicarious and contributory copyright liability. Judge Hegarty therefore ***appropriately relied on persuasive precedents from a variety of courts of appeal and other federal courts. He also correctly noted that the Tenth Circuit cases that address similar issues cite particular Ninth Circuit cases favorably.*** *Warner Records v. Charter Communications, (*D. Colorado 2020). Based on that, there is no reason this Court cannot look to other district courts within the 10th Circuit in how they favorably cite 9th Circuit copyright cases, especially when the facts are very similar in *Warner Records.* In the Court's Order and Judgement of 09-21-21, the Court actually does rely on and quote other 10th Circuit district court cases.

Respectfully, the Court made an error of law by not looking to other district courts within this circuit in how they cite 9th Circuit precedent, based on the "limited 10th circuit precedent". *Id.* If the law had been applied fully, the third prong of the copyright infringement claim would have been found in Plaintiff's favor.

**(2)  The Court Made A Manifest Error Of Law By Not Allowing Plaintiff To Amend**

The Court is correct to note that Greer was not trying to supplement his complaint, but rather file a memorandum brief. However, he did not mean for that to waive any future chances at amending his Complaint. The Court has misunderstood Greer's position, which falls in with a Rule 59(e) motion.  "Claims that the district court misunderstood a party's position should be raised by a Rule 59(e) motion." *CSU, L.L.C. v. Xerox Corp.*, 202 F.R.D. 275 (D.Kan. 2001). ). Plaintiff would ask that the accompanying proposed motion for leave to file amended complaint be granted

His intent with filing the first and second supplemental briefs was to introduce new evidence, not to alter the complaint or waive any chance at amending, nor to cause bad faith. As stated in part 1 of this motion, he believed he stated all three elements of contributory copyright infringement, so he never knew he would have to amend or alter his complaint to cure deficiencies. The accompanying proposed amended complaint should be granted because it is not being filed in bad faith, it is not futile and there will be no undue delay. Plaintiff first wants to clarify that his past briefs and his proposed amendment are not in bad faith.

**Briefs Not Filed In Bad Faith**

Plaintiff is sincerely sorry the Court perceived his supplemental memorandum briefs to be that of bad faith. Plaintiff was only showing the Court, as stated in the supplemental briefs, that people are suffering as a result of Kiwi Farms. It seems pretty relevant if people are literally killing themselves because of Defendant's site for this Court to know. It's not an alleged fact. It's been proven by news outlets and researchers.

As for bringing attention to the facts about Defendants' attorney: it seems pretty relevant for this Court to know that Mr. Skordas has taken on any case involving Plaintiff, so that the Court knows the deeper relationship going on behind the scenes. If anything, it shows that Joshua Moon closely follows Greer and isn't the unaware site owner he has been portrayed to be. When opposing counsel entered on behalf of Defendants, Plaintiff truthfully had a panic attack that affected his mental and physical health. He truly wrestled for 6 months on whether he should inform the Court of the past litigation history between Mr. Skordas and himself.

In fact, the *Federal Rules of Evidence, Rule 401*, allows the memorandum briefs put forth, as it makes the "fact more probable…than it would be without the evidence." As for the news reports*,* they qualified as self-authenticating evidence, per *Federal Rules of Evidence 902(6).*

If it was not proper to file those briefs to provide new information, what would be the proper avenue? Should the court not be aware of self-authenticating evidence that another person killed themselves because of Kiwi Farms? Especially since it was tied directly to Kiwi Farms, and since the victim and his family even blamed Kiwi Farms; and as a result of the suicide, the hosting server of Kiwi Farms, DreamHost, made Mr. Moon find a new domain, because it didn't want to be associated to a site like that. Respectfully, how is that not relevant for this Court to know that this website is not benefiting the public, as Defendants argued? The second brief was to show the continuing harassment stemming from Moon's site. That brief was relevant because it has been the same pattern of hate stemming from the users of that site and to show the Court the harassment is not stopping and probably will never stop, now that the Defendants are emboldened by a dismissal; knowing that they can't be stopped. Every person close to Greer knows how much Kiwi Farms has ruined his life and he is respectfully confused why the Court would see that in bad faith. He again apologizes if it was perceived to be in bad faith.

With it shown that his briefs were not in bad faith, the proposed amended complaint would not be in bad faith because the proposed Complaint would rectify the third prong of his copyright infringement claim.

## No Futility

In terms of any proposed amended complaint being futile, courts have held that when the basis for denial is futility, "we apply the legal sufficiency standard of *Rule 12(b)(6)* to determine whether the proposed amended complaint fails to state a claim." See, e.g., *General Electric Capital Corp. v. Lease Resolution Corp.,* 128 F.3d 1074, 1085 (7th Cir.1997).  The accompanying proposed amended complaint cures the deficiency of the third prong that was allegedly missing in Greer's Complaint  or was too vague for the Court to draw from.

## No Undue Delay

Defendants suffer no prejudice in allowing Plaintiff to amend his complaint because no deadlines were ever given for Plaintiff to amend his Complaint. He also had no reason to believe he had to or should amend, as this motion argues the court respectfully overlooked the facts showing Plaintiff satisfies the third prong. *Frank v. US West,* 3 F. 3d 1357 3d 1357 (10th Cir. 1993).

## Conclusion

The Court admits plaintiff's life has been made hard and difficult, due to Defendants' site's purpose of attracting the trolls, so it would only make sense for the court to allow Greer to amend his complaint to attempt to cure/clarify the third prong that Plaintiff strongly believes and has shown is in his Complaint, if the Court emphasizes with him. This case implicates a matter of great public importance. A failure to reverse would result in "manifest injustice." Rademacher v. Colorado Association of Soil Conservation Districts Medical Benefit Plan, 11 F.3d 1567, 1572 (10th Cir.1993) . The public importance is that the public and Plaintiff has suffered due to Defendants. Normally protected by the CDA, Defendants opened themselves up to liability by

contributory infringing on Greer's copyrights. By not allowing Greer the chance to amend and cure the third prong by showing the inducement in his original Complaint, Defendants will continue to hound him and infringe on his works for the rest of his life. At times, Plaintiff feels he is stuck in a hole and that his life is ruined. The dismissal of Greer's complaint took an emotional toll on Greer, but he has gathered the strength to respectfully show the Court that an error of law and fact was made in dismissing the complaint. Plaintiff kindly asks for this motion to be granted and for the case to be reopened and for the proposed amended complaint to be granted.

Respectfully

DATED:  September 26th, 2021

Respectfully submitted

By:

Russell Greer
Pro Se Litigant
/rgreer

12

## <u>CERTIFICATE OF SERVICE</u>

An electronic copy of the Motion to Alter the Judgement has been sent to the following

attorneys, Greg Skordas, via the court electronic filing system.