## THE UNITED STATES DISTRICT COURT

## DISTRICT OF UTAH

| | |
|---|---|
| **RUSSELL G. GREER,** | **MEMORANDUM DECISION AND ORDER** |
| **Plaintiff,** | |
| **v.** | **Case No. 2:24-cv-00421-DBB-JCB** |
| **JOSHUA MOON, publisher of the website Kiwi Farms; and KIWI FARMS, a website,** | **District Judge David Barlow** |
| **Defendants.** | **Magistrate Judge Jared C. Bennett** |

This case is referred to Magistrate Judge Jared C. Bennett under 28 U.S.C. § 636(b)(1)(B).[1] Before the court are two motions filed by pro se Plaintiff Russell G. Greer ("Mr. Greer"): (1) a motion to reconsider the court's order transferring this case to the Northern District of Florida under Fed. R. Civ. P. 60(b)(1)[2] and, in the alternative, (2) a motion to vacate the court's order transferring this case under Fed. R. Civ. P. 59(e).[3] For the reasons explained below, the court grants both motions.

---

[1] ECF No. 130. This case originated in this court as Case No. 2:20-cv-00647-DBB-JCB and was transferred to the Northern District of Florida. That district returned it to this court and it was reopened with this case number.

[2] ECF No. 107.

[3] ECF No. 111.

**BACKGROUND**

Defendant Joshua Moon ("Mr. Moon") operates Kiwi Farms, an online forum where users "exploit and showcase those . . . deemed to be eccentric and weird."[4] Some Kiwi Farm users go beyond discussing people online and purportedly "stalk and harass" their subjects.[5] Mr. Greer became the target of users' acrimony after he filed a lawsuit against pop star Taylor Swift.[6] In response to harassment by Kiwi Farms users, Mr. Greer self-published a book about the lawsuit, hoping to tell his side of the story.[7] After his book received numerous negative online reviews, Mr. Greer recorded a song and placed it for sale online.[8] Mr. Greer's book and song were posted on Kiwi Farms without his consent, causing Mr. Greer to become the target of even more derision.[9] Mr. Greer sent Kiwi Farms a takedown notice under the Digital Millennium Copyright Act ("DMCA") requesting that the site take down any posts that infringed on his copyrights.[10] Mr. Moon refused, claiming protection under "fair use," and mocking Mr. Greer's DMCA notice.[11] Since then, Kiwi Farms users have uploaded more of Mr. Greer's songs without his consent.[12] As a result, Mr. Greer filed the present action, seeking monetary and injunctive relief for alleged copyright violations, harassment, and various torts. Defendants moved to

---

[4] ECF No. 3 at ¶¶ 13–14.

[5] *Id.* at ¶ 14.

[6] *Id.* at ¶ 16.

[7] *Id.* at ¶¶ 25–27.

[8] *Id.* at ¶¶ 48–60.

[9] *Id.* at ¶¶ 37–60.

[10] *Id.* at ¶¶ 65–66.

[11] *Id.* at ¶¶ 67–71.

[12] *Id.* at ¶ 74.

dismiss the complaint.[13] In granting Defendants' motion to dismiss, this court concluded that Mr.
Greer failed to state a claim upon which relief can be granted, denied as moot his request for a
preliminary injunction,[14] and closed the case.[15] Mr. Greer moved to alter judgment and reopen
the case pursuant to Fed. R. Civ. P. 59(e).[16] The court denied Mr. Greer's motions,[17] and Mr.
Greer appealed to the United States Court of Appeals for the Tenth Circuit.[18] On appeal, the
Tenth Circuit held that Mr. Greer stated a plausible claim of contributory copyright
infringement[19] and remanded to this court.[20] Shortly after remand, Defendants filed a motion to
transfer venue to the Northern District of Florida pursuant to 28 U.S.C. § 1404(a).[21] Mr. Greer
did not respond to the motion to transfer.

On March 20, 2024, the court granted Defendants' motion to transfer[22] and, the following
day, the Northern District of Florida electronically received this case.[23] The court granted the
motion to transfer for two principal reasons. First, despite Defendants' inability to demonstrate
that the transfer would enhance the convenience of the parties and witnesses in this matter, the

---

[13] ECF No. 20.

[14] ECF No. 37.

[15] ECF No. 38.

[16] ECF No. 40.

[17] ECF No. 44.

[18] ECF No. 45.

[19] *Greer v. Moon*, 83 F.4th 1283, 1296 (10th Cir. 2023).

[20] ECF No. 53-1.

[21] ECF No. 64.

[22] ECF No. 97.

[23] ECF No. 98.

Northern District of Florida was a proper forum in which this action could have been originally brought.[24] Second, the court afforded little weight to Mr. Greer's choice of the District of Utah because he is not a resident of Utah, and Utah lacks any significant connection with the operative facts of this case.[25] Relatedly, Mr. Greer failed to oppose the motion to transfer.[26]

After the court granted Defendants' motion, Mr. Greer immediately filed his motion to reconsider and, on March 26, 2024, filed his motion to vacate.[27] However, the court denied both motions as moot because the court lacked jurisdiction following the transfer.[28] The Northern District of Florida then transferred the case back to this district, stating that the court had not considered the substance of Mr. Greer's objections to the transfer order, and, therefore, the transfer of this case was premature.[29] The court considers Mr. Greer's objections now that the jurisdiction of this court is reinstated. Because both of Mr. Greer's motions seek essentially the same relief—for the court to reconsider its decision to transfer this case—the court refers to the motions collectively as motions to reconsider.

ANALYSIS

## I.    The Court Grants Mr. Greer's Motions to Reconsider Because its Prior Decision Transferring the Case Was Clearly Erroneous.

The court reconsiders its prior order to transfer this case to the Northern District of Florida and finds that this decision was clearly erroneous because Defendants failed to establish

---

[24] ECF No. 97 at 5–7.

[25] *Id.* at 7–8.

[26] *Id.* at 8.

[27] ECF No. 107, ECF No. 111.

[28] ECF No. 116.

[29] ECF No. 128.

that the District of Utah was an inconvenient forum and that the Northern District of Florida would be more convenient. Mr. Greer frames his motions under Fed. R. Civ. P. 59 and 60, however, these rules apply only to a "final judgment," which an order transferring a case is not.[30] Thus, the court instead reconsiders its prior order based in part on the law of the case doctrine.

"[T]he law of the case 'doctrine posits that when a court decides upon a rule of law, that decision should continue to govern the same issues in subsequent stages in the same case.'"[31] This doctrine is designed to promote decisional finality and prevent re-litigation of previously decided issues.[32] When law of the case doctrine applies, three narrow circumstances may warrant departure from a court's prior ruling: (1) new and different evidence; (2) intervening controlling authority; or (3) a clearly erroneous prior decision which would work manifest injustice.[33] Mr. Greer has not presented any new and different evidence or controlling authority that would justify reconsideration of the transfer order. However, Mr. Greer appears to contend that manifest injustice will result if the court were not to reconsider its prior order. Based on the order by the Northern District of Florida to transfer this case back to the District of Utah, as well as Mr. Greer's objections to the transfer, the court determines its prior ruling transferring this case was clearly erroneous and that manifest injustice would result if the court were not to reconsider. In so doing, the court addresses each of the arguments raised in Mr. Greer's motions to reconsider.

---

[30] Final judgments are distinct from interlocutory orders at the district court level. *See* Fed. R. Civ. P. 54(a) ("Judgment" as used in these rules includes a decree and any order from which an appeal lies.").

[31] *United States v. Monsisvais*, 946 F.2d 114, 115 (10th Cir. 1991) (quoting *Arizona v. California*, 460 U.S. 605, 618 (1983)).

[32] *Wilson v. Meeks*, 98 F.3d 1247, 1250 (10th Cir. 1996).

[33] *Id.*

First, Mr. Greer argues that this case should not have been transferred because Defendants waived any venue defense by failing to raise it earlier in the case.[34] Indeed, Fed. R. Civ. P. 12 expressly provides that a party waives a venue defense by either failing to make it in the party's first pre-answer motion.[35] "Defects in venue are . . . waived if they are untimely asserted."[36] Waiver, however, only applies to the defense of improper venue, that is when transfer is sought pursuant to 28 U.S.C. § 1406. A transfer under 28 U.S.C. § 1404 is not a waivable defense; rather, it is an argument as to the convenience of litigation. Thus, "[a]n action may be transferred under [section] 1404(a) *at any time during the pendency of the case*, even after judgment has been entered."[37] While Defendants made some arguments that tend to sound in section 1406 rather than 1404, their motion seeks transfer under the latter,[38] and it was on that basis that the court granted it.[39] Therefore, this argument does not provide reason for the court to reconsider its order transferring the case.

---

[34] ECF No. 107 at 5.

[35] Fed. R. Civ. P. 12(h)(1); *see also* Fed. R. Civ. P. 12(b) ("A motion asserting [improper venue] must be made before pleading if a responsive pleading is allowed."); 28 U.S.C. § 1406(b) ("Nothing in this chapter shall impair the jurisdiction of a district court of any matter involving a party who does not interpose timely and sufficient objections to the venue."); 5C Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 1391 (3d ed. June 2024 Update).

[36] *Williams v. Life Sav. & Loan*, 802 F.2d 1200, 1202 (10th Cir. 1986).

[37] *Chrysler Credit Corp. v. Country Chrysler, Inc.*, 928 F.2d 1509, 1516 (10th Cir. 1991) (emphasis added); *see also* Federal Practice and Procedure § 3844 ("A party who has waived the objection to the propriety of venue by failing to assert that defense at the proper time is not for that reason precluded from moving for a change of venue."); *id.* ("Section 1404(a) sets no limit on the time when a motion to transfer may be made. Such a motion is not an objection to venue under Civil Rule 12(b)(3), and thus need not be made in accordance with the provisions of Civil Rules 12(g) and 12(h).").

[38] ECF No. 64.

[39] ECF No. 97.

Second, Mr. Greer argues that the court erred in evaluating whether transfer was appropriate.[40] Mr. Greer does not suggest that venue is improper in the Northern District of Florida,[41]—only that the transfer was improvidently granted. Accordingly, the court revisits the legal standards governing a motion to transfer and concludes that its prior ruling was clearly erroneous because Defendants failed to meet their burden under § 1404(a).

Under 28 U.S.C. § 1404(a), "[f]or the convenience of parties or witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought."[42] Section 1404(a) is "a codification of the doctrine of *forum non conveniens* for the subset of cases in which the transferee forum is within the federal court system."[43] Section 1404(a) allows "transfer to a more convenient forum, even though venue is proper in the transferor court." "The party moving to transfer a case pursuant to § 1404(a) bears the burden of establishing that the existing forum is inconvenient."[44] To satisfy section 1404(a), "the moving party must *clearly establish* that: (1) the transferee court is a proper forum in which the action could have been brought originally; and (2) the transfer will enhance the convenience of the parties and witnesses, and is in the interest of justice."[45] To meet the first requirement, "the transferee court must have subject matter jurisdiction and personal jurisdiction over the

---

[40] ECF No. 111 at 8–11.

[41] Mr. Moon is domiciled in the Northern District of Florida, and he is the sole member of the entity owning Kiwi Farms. *See* Decl. of Joshua Moon, ECF No. 64-1 at ¶¶ 2–3.

[42] 28 U.S.C. § 1404(a).

[43] *Atl. Marine Const. Co. v. U.S. Dist. Ct. for W. Dist. of Tex.*, 571 U.S. 49, 60 (2013).

[44] *Chrysler Credit Corp.*, 928 F.2d at 1515.

[45] *RES-NV, LLC v. Rosenberg*, No. 2:13-CV-00115-DAK, 2013 WL 3548697, at *2 (D. Utah July 11, 2013) (emphasis added).

parties, and venue must be proper."[46] Regarding the second requirement, section 1404(a) "is

intended to place discretion in the district court to adjudicate motions for transfer according to an

individualized, case-by-case consideration of convenience and fairness."[47] In considering

whether a movant has met its burden, the court should consider:

> [T]he plaintiff's choice of forum; the accessibility of witnesses and
> other sources of proof, including the availability of compulsory
> process to insure attendance of witnesses; the cost of making the
> necessary proof; questions as to the enforceability of a judgment if
> one is obtained; relative advantages and obstacles to a fair trial;
> difficulties that may arise from congested dockets; the possibility of
> the existence of questions arising in the area of conflict of laws; the
> advantage of having a local court determine questions of local law;
> and, all other considerations of a practical nature that make a trial
> easy, expeditious and economical.[48]

Mr. Greer argues that, contrary to the court's assessment, his choice of forum is entitled

to great weight.[49] Although it is true that "the plaintiff's choice of forum should rarely be

disturbed,"[50] Mr. Greer's choice of forum received less deference in the court's prior order

because he no longer resides in Utah and the facts giving rise to the lawsuit have no significant

connection to Utah.[51] Consequently, this argument does not provide reason for the court to

reconsider its order transferring the case.

---

[46] *Safari Club Int'l v. Jewell*, No. Civ. 15-930-JCH-LF, 2016 WL 3574169, at *4 (D.N.M. Feb. 11, 2016) (citing *Hoffman v. Blaski*, 363 U.S. 335, 344 (1960); *Chrysler Credit Corp.*, 928 F.2d at 1515).

[47] *Chrysler Credit Corp.*, 928 F.2d at 1516 (quoting *Stewart Org. v. Ricoh Corp.*, 487 U.S. 22, 29 (1988)).

[48] *Id.*

[49] ECF No. 111 at 8.

[50] *Employers Mut. Cas. Co. v. Bartile Roofs, Inc.*, 618 F.3d 1153, 1167 (10th Cir. 2010).

[51] ECF No. 97 at 7–8.

However, Mr. Greer correctly argues that Defendants did not meet their burden of showing that the District of Utah was an inconvenient forum and that the Northern District of Florida would be more convenient. The Tenth Circuit has held that the accessibility of witnesses and sources of proof is the most important factor in evaluating a motion to transfer.[52] "To demonstrate inconvenience, the movant must (1) identify the witnesses and their locations; (2) 'indicate the quality or materiality of the[ir] testimony'; and (3) 'show[] that any such witnesses were unwilling to come to trial . . [,] that deposition testimony would be unsatisfactory[,] or that the use of compulsory process would be necessary.'"[53] Mr. Greer is correct that Defendants failed to make any such showing in their motion and it is on these grounds that the court vacates its prior decision.

Defendants merely argued that "[t]he convenience of witnesses does not favor resolving this case in Utah because there appear to be no fact witnesses who reside in Utah and because no events for which testimony will be required took place in Utah."[54] The court nonetheless found that this factor favored Defendants because Mr. Greer had failed to respond to their motion and because Mr. Greer's choice of forum was accorded little weight.[55] However, this decision was made in error. No Tenth Circuit authority suggests that this factor should be flipped when the plaintiff's choice of forum is accorded little weight or when the non-movant does not respond. Instead, the caselaw is clear that the movant "bears the burden of establishing that the existing

[52] *Employers Mut. Cas. Co.*, 618 F.3d at 1169.

[53] *Id.* (quoting *Scheidt v. Klein*, 956 F.2d 963, 966 (10th Cir. 1992) (alterations in original)).

[54] ECF No. 64 at 4–5.

[55] ECF No. 97 at 7.

forum is inconvenient" and that the transferee forum would be more convenient.[56] The court's determination to completely relieve Defendants of the burden of showing that transfer would be convenient for the parties and witnesses was clearly erroneous and, therefore, the court vacates its prior decision transferring the case to the Northern District of Florida.[57]

### CONCLUSION AND ORDER

Based on the forgoing analysis, the court orders the following:

1. Mr. Greer's motion to reconsider the court's order transferring this case to the Northern District of Florida under Fed. R. Civ. P. 60(b)[58] is GRANTED.

2. Mr. Greer's motion to vacate the court's order transferring this case under Fed. R. Civ. P. 59(e)[59] is GRANTED.

IT IS SO ORDERED.

DATED this 15th day of July 2024.

BY THE COURT:

_____

JARED C. BENNETT
United States Magistrate Judge

---

[56] *Chrysler Credit Corp.*, 928 F.2d at 1515; *see also Employers Mut. Cas. Co.*, 618 F.3d at 1169; Federal Practice and Procedure § 3849 ("A defendant moving for transfer must show both that the original forum is inconvenient for it and that the plaintiff would not be substantially inconvenienced by a transfer."); *id.* § 3851 ("If the moving party merely has made a general allegation that necessary witnesses are located in the transferee forum, without identifying them and providing sufficient information to permit the district court to determine what and how important their testimony will be, the motion to transfer should be denied.").

[57] The court previously considered the remaining factors to be at least neutral with respect to transfer, and neither party seeks to disturb that finding. Accordingly, the court does the same.

[58] ECF No. 107.

[59] ECF No. 111.