**Matthew D. Hardin (pro hac vice)**
**HARDIN LAW OFFICE**
1725 I Street NW, Suite 300
Washington, DC 20006
Telephone: (202) 802-1948
Email: MatthewDHardin@gmail.com
*Attorney for Defendants*

THE UNITED STATES DISTRICT COURT
DISTRICT OF UTAH

| RUSSELL GREER, | **DEFENDANTS' OBJECTION PURSUANT TO FED R. CIV. P. 72** |
|---|---|
| Plaintiff, | |
| v. | Case No. 2:24-cv-00421-DBB |
| JOSHUA MOON, *et al*. | District Judge David Barlow<br>Magistrate Judge Jared C. Bennett |
| Defendant. | |

NOW COME the Defendants, by and through undersigned counsel, and submit this OBJECTION to the order entered by the Honorable Magistrate Judge Jared C. Bennett at ECF No. 136. Defendants object as follows:

1. Fed. R. Civ. P.72 (a) provides that a "A party may serve and file objections to the order [of a magistrate judge] within 14 days after being served with a copy."

2. The Order entered at ECF No. 136 granted an untimely motion to extend timelines for Mr. Greer to respond to motions filed in January, through August 5, 2024. This amounts to a seven-month extension, far more than even Mr. Greer asked for. ECF No. 119 (seeking an extension through June 15). The order states that it was based upon "good cause appearing." ECF No. 136 at 1.

3. "Good cause" is not the appropriate standard for motions Mr. Greer filed after the relevant deadline had expired. Fed. R. Civ. P. 6 (a), *contra*. Fed. R. Civ. P. 6 (b). The appropriate standard is "excusable neglect." *Id*.

4. If the appropriate standard had been applied, the motion could not have been granted, because Mr. Greer's ignorance of the law and *pro se* status does not constitute excusable neglect as a matter of law. See, e.g. *Goldwyn v. Donahoe*, No. 12-4099-JTM, 2013 U.S. Dist. LEXIS 100355, at *5 (D. Kan. July 18, 2013) (collecting cases, including most notably appellate precedent relating to extension of deadlines), *Patterson v. Lansing*, Case No. 99-3250-JTM, 2001 U.S. Dist. LEXIS 12204, at *2 (D. Kan. Aug. 10, 2001) (collecting cases and citing *Pioneer Inv. Servs. v. Brunswick Assocs. Ltd. Partnership*, 507 U.S. 380, 113 S. Ct. 1489, 123 L. Ed. 2d 74 (1993) for the same proposition), *Stout v. Seitz*, Civil Action No. 17-cv-01904-CMA-STV, 2018 U.S. Dist. LEXIS 137980, at *2 (D. Colo. Aug. 15, 2018) (same, noting stringency of "excusable neglect standard).

WHEREFORE, Mr. Moon OBJECTS to the order granting Mr. Greer a seven-month extension of all relevant deadlines, notes that the order was entered without considering the appropriate "excusable neglect" standard applicable to such motions, and requests that this Court vacate the order entered at ECF No. 136.

DATED July 21, 2024

**HARDIN LAW OFFICE**

 /s/ Matthew D. Hardin
**Matthew D. Hardin**
Attorney for Defendants

**Certificate of Service**

I hereby certify that a true and correct copy of the foregoing motion was filed via CM/ECF this 21st day of July, 2024, and that I also deposited a true and correct copy of the same into the U.S. Mail, with First Class Postage prepaid, addressed to the apartment in Las Vegas that Mr. Greer has most recently indicated is his correct address, as listed in ECF No. 132-1 at 3:

> Russell Greer
> 1100 Dumont Blvd.
> Apt. 139
> Las Vegas, NV 89169

I also emailed a copy of the foregoing to Mr. Greer at an address he has used in correspondence to me, to wit: russmark@gmail.com.

Dated: July 21, 2024

/s/ Matthew D. Hardin
Matthew D. Hardin, D.C. Bar No. 1032711
Hardin Law Office
1725 I Street NW, Suite 300
Washington, DC 20006
Phone: (202) 802-1948
Email: MatthewDHardin@protonmail.com
