**Matthew D. Hardin (pro hac vice)**
**HARDIN LAW OFFICE**
1725 I Street NW, Suite 300
Washington, DC 20006
Telephone: (202) 802-1948
Email: MatthewDHardin@gmail.com
*Attorney for Defendants*

THE UNITED STATES DISTRICT COURT
DISTRICT OF UTAH

| RUSSELL GREER, | **DEFENDANTS' OBJECTION PURSUANT TO FED R. CIV. P. 72** |
|---|---|
| Plaintiff, | |
| v. | Case No. 2:24-cv-00421-DBB |
| JOSHUA MOON, *et al.* | District Judge David Barlow<br>Magistrate Judge Jared C. Bennett |
| Defendant. | |

NOW COME the Defendants, by and through undersigned counsel, and submit this OBJECTION to the order entered by the Honorable Magistrate Judge Jared C. Bennett at ECF No. 138. Defendants object as follows:

1. Fed. R. Civ. P.72 (a) provides that a "A party may serve and file objections to the order [of a magistrate judge] within 14 days after being served with a copy."

2. The Order entered at ECF No. 138 is a very slightly amended version of the order Defendants originally objected to at ECF No. 137. It grants an untimely motion to extend timelines for Mr. Greer to respond to motions filed in January, ECF Nos. 62, 63,65, and 68, through August 5, 2024. This amounts to a seven-month extension, far more than even Mr. Greer asked for. ECF No. 119 (seeking an extension through June 15). The order initially stated that it was based upon "good cause appearing." ECF No. 136 at 1, and has now been amended to reflect a finding of excusable neglect on the part of Mr. Greer. ECF No. 138 at 1.

3. Mr. Greer has abandoned this case. He has filed zero substantive pleadings on his own behalf since it was remanded from the 10th Circuit, and has instead filed only serial motions for continuances, stays, and extensions of time.  ECF No. 71 (seeking 30 day extension), ECF No. 77 (seeking 90-day stay), ECF No. 119 (seeking extension through June 15 – approximately six months). He has failed to prosecute and even failed to make proper initial disclosures. ECF No. 127-1.

4. Notwithstanding that even the Plaintiff, in his repeated delaying maneuvers, only sought an extension of time through June 15, this Court has given him an extension through August to respond to motions filed in January. ECF Nos. 136 and 138.

5. Mr. Greer's abandonment of his own case (despite his vast experience in *pro se* litigation, as demonstrated at ECF No. 80) or professed ignorance of the law is not excusable neglect. See, e.g. *Goldwyn v. Donahoe*, No. 12-4099-JTM, 2013 U.S. Dist. LEXIS 100355, at *5 (D. Kan. July 18, 2013) (collecting cases, including most notably appellate precedent relating to extension of deadlines), *Patterson v. Lansing*, Case No. 99-3250-JTM, 2001 U.S. Dist. LEXIS 12204, at *2 (D. Kan. Aug. 10, 2001) (collecting cases and citing *Pioneer Inv. Servs. v. Brunswick Assocs. Ltd. Partnership*, 507 U.S. 380, 113 S. Ct. 1489, 123 L. Ed. 2d 74 (1993) for the same proposition), *Stout v. Seitz*, Civil Action No. 17-cv-01904-CMA-STV, 2018 U.S. Dist. LEXIS 137980, at *2 (D. Colo. Aug. 15, 2018) (same, noting stringency of "excusable neglect standard). To undersigned counsel's knowledge, no Court has *ever* found "excusable" neglect justifying an extraordinary extension of approximately seven months for a *pro se* Plaintiff to

respond to motions, and even far lesser extensions of time have been consistently denied absent some showing of neglect based on factors other than ignorance of the law.

6. Moreover, in granting an extension of time even greater than that sought by Mr. Greer himself, the Court has effectively granted Mr. Greer relief sought by neither party, and has become an advocate for Mr. Greer. This is not the proper role of the District Court. *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991) ("we do not believe it is the proper function of the district court to assume the role of advocate for the pro se litigant.").

WHEREFORE, Mr. Moon OBJECTS to the order at ECF No. 138 granting Mr. Greer a seven-month extension of all relevant deadlines, notes that the order was entered in the absence of any "excusable neglect" on the part of Mr. Greer and without positing even the basis for a finding of excusable neglect, and requests that this Court vacate the order entered at ECF No. 138.

DATED July 23, 2024

**HARDIN LAW OFFICE**

 */s/ Matthew D. Hardin*
**Matthew D. Hardin**
Attorney for Defendants

**Certificate of Service**

I hereby certify that a true and correct copy of the foregoing motion was filed via CM/ECF this 23rd day of July, 2024, and that I also deposited a true and correct copy of the same into the U.S. Mail, with First Class Postage prepaid, addressed to the apartment in Las Vegas that Mr. Greer has most recently indicated is his correct address, as listed in ECF No. 132-1 at 3:

> Russell Greer
> 1100 Dumont Blvd.
> Apt. 139
> Las Vegas, NV 89169

I also emailed a copy of the foregoing to Mr. Greer at an address he has used in correspondence to me, to wit: russmark@gmail.com.

Dated: July 23, 2024

/s/ Matthew D. Hardin
Matthew D. Hardin, D.C. Bar No. 1032711
Hardin Law Office
1725 I Street NW, Suite 300
Washington, DC 20006
Phone: (202) 802-1948
Email: MatthewDHardin@protonmail.com