THE UNITED STATES DISTRICT COURT
DISTRICT OF UTAH

| | |
|---|---|
| RUSSELL G. GREER,<br><br>    Plaintiff,<br><br>v.<br><br>JOSHUA MOON, publisher of the website Kiwi Farms; and KIWI FARMS, a website,<br><br>    Defendants. | **MEMORANDUM DECISION AND ORDER OVERRULING [139] DEFENDANTS' OBJECTION TO MAGISTRATE'S ORDER**<br><br>Case No. 2:24-cv-421-DBB-JCB<br><br>District Judge David Barlow |

Before the court is Defendants Joshua Moon and Kiwi Farms' (collectively "Defendants") objection to Magistrate Judge Jared Bennett's order granting Plaintiff Russell Greer an extension to respond to a number of motions filed by Defendants.[1] For the following reasons, the court overrules the objection.

## BACKGROUND

Mr. Greer alleges that Defendants infringed the copyright on his book *Why I Sued Taylor Swift and How I Became Known as Frivolous, Litigious and Crazy*, and his songs *I Don't Get You, Taylor Swift* and others.[2] Mr. Moon operates Kiwi Farms, a website "built to exploit and showcase those [Mr.] Moon and his users have deemed to be eccentric and weird[.]"[3] Mr. Greer's copyrighted material was allegedly posted to Kiwi Farms without his permission.[4]

---

[1] Defs.' Obj. Pursuant to Fed. R. Civ. P. 72 ("Defs.' Obj."), ECF No. 139.
[2] Compl. ¶¶ 1, 109–14 ECF No. 3.
[3] *Id.* ¶ 13.
[4] *Id.* ¶¶ 37–42, 48–53.

1

The procedural history of this case is particularly important to understanding Defendants' objection. Mr. Greer filed his Complaint on September 24, 2020.[5] Defendants filed a motion to dismiss,[6] which the court initially granted.[7] However, Mr. Greer appealed the dismissal to the Tenth Circuit, and the Tenth Circuit reversed and remanded.[8] The district court judge recused after remand, and the case was then reassigned.[9] In mid-January 2024, Defendants filed their answer,[10] along with a host of other motions: a motion for joinder of necessary parties,[11] a motion for a more definite statement,[12] a motion to strike allegations in the Complaint,[13] a motion to transfer venue,[14] and a motion to intervene or substitute parties.[15] Mr. Greer sought an extension to respond to these motions,[16] which the magistrate judge granted in part.[17] Thereafter, Mr. Greer filed a motion to stay the case,[18] which the magistrate judge denied.[19] The magistrate judge then granted Defendants' motion to transfer venue,[20] and the case was transferred to the Northern District of Florida the same day.[21]

However, Mr. Greer immediately filed a motion to reconsider and a motion to vacate the magistrate's order granting transfer.[22] The magistrate denied both motions as moot, as the court

---

[5] *See id.*
[6] 12(b)(6) Mot. to Dismiss All Claims, ECF No. 20.
[7] Order and Memorandum Decision, ECF No. 37.
[8] *See Greer v. Moon*, 83 F.4th 1283, 1296 (10th Cir. 2023).
[9] Order of Recusal, ECF No. 54.
[10] Answer, ECF No. 66.
[11] Mot. for Joinder, ECF No. 62.
[12] Mot. for More Definite Statement, ECF No. 63.
[13] Mot. to Strike, ECF No. 65.
[14] Mot. to Transfer, ECF No. 64.
[15] Lolcow, LLC's Mot. to Intervene, ECF No. 68.
[16] Pl.'s Mot. to Extend Time to Respond to Defs., ECF No. 71.
[17] Order Granting in Part and Denying in Part Pl.'s Mot. for Extension of Time to File Responses, ECF No. 73.
[18] Pl.'s Expedited Mot. to Stay Proceedings for 90 Days, ECF No. 77.
[19] Mem. Dec. and Order ("Order Denying Mot. to Stay"), ECF No. 96.
[20] Mem. Dec. and Order ("Order Granting Mot. to Transfer Venue"), ECF No. 97.
[21] ECF No. 98.
[22] Mot. to Reconsider, ECF No. 107; Mot. to Vacate, ECF No. 111.

lacked jurisdiction following the transfer.[23] On March 25, before the Northern District of Florida, Defendants filed a motion for a scheduling conference, and in the alternative dismissal for failure to prosecute.[24] On May 10, Mr. Greer sought an extension until June 15 to respond to the remaining pending motions.[25] On June 11, the Northern District of Florida then transferred the case back to this district, given that the magistrate had not considered the substance of Mr. Greer's timely-filed objections.[26] On July 15, the magistrate then granted Mr. Greer's motion to reconsider and motion to vacate the transfer.[27]

The magistrate then granted Mr. Greer's motion for an extension, giving him 20 days to respond to Defendants' pending motions.[28] Defendants objected to this order,[29] and the magistrate amended his order to explicitly apply the correct legal standard.[30] Defendants again objected.[31]

## STANDARD

Under Federal Rule of Civil Procedure 72 and 28 U.S.C. § 636, if a party files objections to a magistrate judge's order on a non-dispositive matter within 14 days, the district judge must review the magistrate's decision and "modify or set aside any part of the order that is clearly erroneous or is contrary to law."[32] The "clearly erroneous" standard applies to facts, and requires that the court accept the magistrate's factfinding unless the court has the definite and firm

---

[23] Mem. Dec. and Order ("Order Denying Mots. to Reconsider and Vacate"), ECF No. 116.
[24] Mot. for a Scheduling Conference or for Dismissal Under Rule 41, ECF No. 101.
[25] Pl.'s Second Request to Extend Deadlines and Respond to Mots., ECF No. 119.
[26] ECF No. 128.
[27] Mem. Dec. and Order ("Order Granting Mots. to Reconsider and Vacate"), ECF No. 133.
[28] ECF No. 136.
[29] ECF No. 137.
[30] Amended Order ("Magistrate's Order"), ECF No. 138.
[31] Defs.' Obj.
[32] Fed. R. Civ. P. 72(a); *accord* 28 U.S.C. 636(b)(1).

conviction that a mistake has been made.[33] The "contrary to law" standard applies to issues of law; an order is contrary to law when it "'fails to apply or misapplies relevant statutes, caselaw, or rules of procedure.'"[34]

## DISCUSSION

Federal Rule of Civil Procedure 6(b)(1) provides:

> When an act may or must be done within a specified time, the court may, for good cause, extend the time: (A) with or without motion or notice if the court acts, or if a request is made, before the original time or its extension expires; or (B) on motion made after the time has expired if the party failed to act because of excusable neglect.[35]

Here, by the time Mr. Greer filed his motion for an extension before the Northern District of Florida, the deadline to respond to Defendants' pending motions had expired. Accordingly, Rule 6(b)(1)(B) governs.

Defendants make four general arguments, although nowhere do Defendants cite or engage with the proper Rule 72 standard. First, Defendants argue that Mr. Greer has abandoned his case.[36] That argument goes to the merits of their motions and does not speak to why granting an extension was clearly erroneous or contrary to law. Accordingly, it is without merit.

Second, Defendants suggest that the court granted "an untimely motion," which amounted to a seven-month extension.[37] For starters, nothing in Rule 6(b) suggests that a motion to extend may be barred because it is "untimely." Instead, the standard differs only depending on whether the motion is filed before or after the original deadline expired. Next, as a practical

---

[33] *Bisig v. Time Warner Cable, Inc.*, 940 F.3d 205, 219 (6th Cir. 2019) (quoting *United States v. U.S. Gypsum Co.*, 333 U.S. 364, 395 (1948)).
[34] *Id.* (quoting *United States v. Winsper*, No. 3:08-cv-631, 2013 WL 5673617, at *1 (W.D. Ky. Oct. 17, 2013)).
[35] Fed. R. Civ. P. 6(b)(1).
[36] Defs.' Obj. ¶ 3.
[37] *Id.* ¶ 2.

4

matter, Defendants are correct that some of the motions will have been pending for around seven months by the time Mr. Greer submits a response. However, the motions had not yet been ruled upon. Instead, as the procedural history described above illustrates, the seven-month delay Defendants take issue with is largely due to complexities related to venue. Indeed, Mr. Greer initially filed his motion for an extension in March—several weeks after the deadlines at issue had passed. The Northern District of Florida chose not to rule on that motion, but instead chose to transfer the case back to this district. Defendants do not show how the mere fact of a lengthy delay between the filing of their motions and Mr. Greer's time to respond renders the magistrate's decision clearly erroneous or contrary to law.

Third, Defendants suggest that the magistrate judge acted as an advocate on Mr. Greer's behalf by granting him an extension until August 5, when Mr. Greer initially only sought until June 15.[38] Not so. The case was transferred back to this district on June 11. The court then was tasked with reviewing Mr. Greer's objections with regard to venue transfer, which were not resolved until July 15. Under these circumstances, when the deadline initially sought by a motion for an extension has already passed by the time the court has an opportunity to rule on it, it is not unreasonable for the court to grant an additional extension. Again, Defendants have not shown how the magistrate's actions in this regard were clearly erroneous or contrary to law.

Fourth, Defendants suggest that the magistrate's finding of excusable neglect is not supported by the record.[39] Typically, "[a] finding of excusable neglect depends on four factors: "[1] the danger of prejudice to the non-moving party, [2] the length of the delay and its potential

---

[38] *Id.* ¶¶ 4, 6.
[39] *Id.* ¶ 5.

impact on judicial proceedings, [3] the reason for the delay, including whether it was within the reasonable control of the movant, and [4] whether the movant acted in good faith.'"[40] "The most important factor is the third; an inadequate explanation for the delay may, by itself, be sufficient to reject a finding of excusable neglect."[41] Defendants do not cite or discuss these factors, but instead merely assert "that the order was entered in the absence of any 'excusable neglect' on the part of Mr. Greer and without positing even the basis for any finding of excusable neglect."[42]

The court finds that these factors tilt toward Mr. Greer. There is little danger that Defendants will be prejudiced by granting Mr. Greer an extension to merely respond to their motions. Next, while as a practical matter the length of delay has been relatively significant, much of that delay is not of Mr. Greer's doing. The actual extension granted—20 days—is not significant, nor is it likely to have a large impact on proceedings. Third, liberally construed, Mr. Greer's explanations for why he sought an extension in the first place relate to him obtaining counsel to aid him in this case.[43] Likewise, as explained above, the need for an extension was in part caused by the various venue transfers. It was not clearly erroneous to consider those bases in granting this extension. And finally, nothing in the record suggests that Mr. Greer acted in bad faith in seeking an extension.

In sum, Defendants have not shown that the magistrate acted clearly erroneously or contrary to law in granting Mr. Greer an extension until August 5 to respond to the pending motions.

---

[40] *Perez v. El Tequila, LLC*, 847 F.3d 1247, 1253 (10th Cir. 2017) (alterations in original) (quoting *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380, 395 (1993)).
[41] *Id.* (citing *United States v. Torres*, 372 F.3d 1159, 1163 (10th Cir. 2004)).
[42] Defs.' Obj. 3.
[43] *See* Pl.'s Second Request to Extend Deadlines and Respond to Motions; *see also* Pl.'s Mot. to Extend Time to Respond to Defs.; Pl.'s Expedited Mot. to Stay Proceedings for 90 Days.

## ORDER

For the forgoing reasons, Defendants' objection to the magistrate's decision is OVERRULED.[44]

Signed July 31, 2024.

BY THE COURT

_____
David Barlow
United States District Judge

---

[44] ECF No. 139.