Russell Greer
1155 South Twain Ave
Suite 108420
Las Vegas, Nevada 89169
801-895-3501
russmark@gmail.com
Pro Se Litigant

FILED
2024 AUG 5 PM 2:13
CLERK
U.S. DISTRICT COURT

# IN THE UNITED STATES DISTRICT COURT DISTRICT FOR

# THE DISTRICT OF UTAH

| | |
|---|---|
| **RUSSELL G. GREER,**<br><br>Plaintiff<br><br>v.<br><br>**JOSHUA MOON,** publisher of the website Kiwi Farms, **and KIWI FARMS**, a website<br><br>Defendants | **PLAINTIFF'S RESPONSE TO DEFENDANTS' MOTION FOR JOINDER**<br><br>Case No.: 2:24-cv-00421-DBB-JCB<br><br>Judge<br>Magistrate Judge: |

1

Plaintiff Russell Greer comes now and responds to Defendants' motion for joinder.

## INTRODUCTION

Plaintiff Opposes the motion to compel (motion for joinder) to name Google as a party for many reasons:

1. Multiple infringements besides Google Drive.
2. The copyright act allows to find infringement against third parties regarding links without having to name the owner of the site that was used to link (Google). *17 USC 512(3)(d)*. https://www.law.cornell.edu/uscode/text/17/512

    1. **Multiple Infringements Besides Google Drive**

First, there were multiple bases for a finding of an underlying third-party direct infringement, and Defendants only seem to be objecting to the last relating to the book:

> **A. Infringements on Other Websites:** Some of the direct infringement occurred through Kiwi Farms users posting infringing material to other websites, such as Google Drive.

*However,* the link was not some "mere link to a file-sharing website" like Dropbox.com, box.com, icloude.com, etc. That's a considerable mischaracterization. Rather, it was a pinpoint URL that directly linked to an infringing wholesale copy of Mr. Greer's book. It was a link to a *specific file*: https://drive.google.com/drive/folders/0B2VdH79IRT1RN1pvdnJ1cTk2cUU — not merely to drive.google.com. It was a direct link on Kiwi Farms to a file, not merely to a "file-sharing website." Defendants collapsing of this critical distinction is akin to ignoring the difference between going to facebook.com and going to a specific photo.

That's infringement under the Copyright Act. Direct links that permit downloads of infringing files distribute infringing copies. *§106(3)*. They display infringed works. *§106(5)*. Congress clearly thought so or it wouldn't have needed to insulate website operators for

2

"infringement of copyright by reason of the provider referring or linking users to an online location containing infringing material[.]" *§512(d)*.

  **B. Song on KiwiFarms:** Another infringement was the posting of an infringing MP3 file directly to Kiwi Farms.

  **C. The Book on KiwiFarms:** There is also the direct infringement of the book. Notably, this book was directly posted to Kiwi Farms as well, as the record demonstrates. So, the book was posted on Kiwi Farms as an attachment, not just posted as a link.

  It's this ***additional type of direct infringement,*** the direct link, that Defendants raise as their reason to compel Google to be named as defendants.

  In fact, Appellate document 010110955308 (Response to Petition for Rehearing En Banc), filed 11-17-2023, already addressed the Google contentions that Defendants are strangely hanging their defense on and the 10th Circuit didn't find such arguments convincing. Even the Supreme Court of the United States refused to take up Defendants' appeal.

  Because of the other infringements on kiwi farms, that Defendants were aware of, there is no basis to name Google as a defendant. Requiring Google to be named as a defendant would be as silly as requiring plaintiff to name Apple as a defendant because the third party infringers happened to be using Apple products. It's asinine.

  2. **Copyright Act Allows Liability Against Infringers Without Naming Link Owners**

  Another reason to oppose a joinder and compelling of Google as a defendant is because there is no legal basis for it. As mentioned above, Congress foresaw this potential problem by enacting *17 USC 512(d)*, which reads: "A service provider shall not be liable ... for infringement of copyright by reason of the provider referring or linking users to an online location containing infringing material or in- fringing activity, by using information location tools, including a directory, index, reference, pointer, or hypertext link ..." (§ 512(d)). In other words, an eligible

3

service provider won't be liable to claims for providing a search engine that led to infringing matter or for running a service that allows third parties the ability to upload infringing material.

Further, the following are the conditions for eligibility under *512(d):*

1. The service provider lacks knowledge of infringement or awareness of "red flags" – facts and circumstances from which infringement is apparent – or expeditiously removes or disables access to infringing matter if it obtains such knowledge or awareness;

2. The OSP does not receive a direct financial benefit from the infringement along with the right and ability to control the infringing activity;

3. When the OSP receives a DMCA-compliant notice of a reference or link to infringing matter or activity, it expeditiously removes the reference or link or disables access to the reference or link.

Pondering the above federal law for safe harbor, Google can't be named as a defendant because they aren't taunting Greer through email about his copyrights, like Moon has, nor have they uploaded take down notices to forum sites. Greer never wrote Google a take down notice because 1: the Google Drive link wasn't the only infringing material and 2: Mr. Moon was fully capable of removing the link from his website, but chose instead to berate Plaintiff through email and then posted the email exchange and take down letter to kiwi farms. And if Greer had written Google, the employees at Google would have complied with disabling the link, but the other remaining infringements would remain on kiwi farms that Moon had direct control over.

Further, Mr. Moon told Greer through email that he *waived* safe harbor and he welcomed a lawsuit.

For these reasons, plaintiff opposes a joinder and opposes naming Google as a defendant,

## Conclusion

Put plainly, Defendants' " links-can't-infringe theory" would render *§512(d)* superfluous. That's plainly mistaken. Direct linking to infringing materials is a direct infringement. Further,

4

there were other acts of infringement aside from the Google link and therefore there is no basis to name Google as a party.

Respectfully submitted,

By:

Russell Greer

Pro Se Litigant

/rgreer

**08-05-24**

## **Certificate of Service**

Plaintiff affirms that service was made to Defendants via email on 8-5-24  and that said attorney for defendants is Matthew Hardin.