FILED
2024 AUG 5 PM 3:39
CLERK
U.S. DISTRICT COURT

Russell Greer
1155 South Twain Ave
Suite 108420
Las Vegas, Nevada 89169
801-895-3501
russmark@gmail.com
Pro Se Litigant

IN THE UNITED STATES DISTRICT COURT DISTRICT FOR

THE DISTRICT OF UTAH

| | |
|---|---|
| **RUSSELL G. GREER,**<br><br>Plaintiff<br><br>v.<br><br>**JOSHUA MOON,** publisher of the website Kiwi Farms, **and KIWI FARMS**, a website<br><br>Defendants | **PLAINTIFF'S RESPONSE TO DEFENDANTS' MOTION FOR MORE DEFINITE STATEMENT**<br><br>Case No.: 2:24-cv-00421-DBB-JCB<br><br>Judge<br>Magistrate Judge: |

1

Plaintiff Russell Greer comes now and responds to Defendants' motion for more definite statement.

## INTRODUCTION

Plaintiff responds to the motion for a more definite statement for the following reasons:

1. The 10th circuit thought the complaint was coherent enough that Greer didn't need to amend the complaint and so there would be no basis for a more definitive statement.
2. Copyright law allows plaintiff to pursue lawsuit against contributory infringer.

### 1. **The 10tb Circuit Clearly Thought the Complaint was Cohrent**

Defendants complain that paragraphs 52, 67 and 74 are cited as "examples only" of what Defendants propose are an unclear complaint, yet this motion seems to forget that an unanimous 10th Circuit ruled in Plaintiff's favor, finding that Plaintiff indeed stated a valid, plausible claim of copyright infringement. The 10th circuit even touched on the subject of ambiguity/need of amendment, by writing in footnote 13: "*Because we find Mr. Greer's complaint plausibly alleged contributory infringement, we do not reach the district court's denial of Mr. Greer's motion for leave to amend.*" *Greer v. Moon,* 83 F. 4th 1283 (10th Cir. 2023). In their own words, the 10th Circuit ruled that the Complaint was clear in what was stated and who did what.

For Defendants' contention about four separate judges reading the Complaint and having separate conclusions, the defendants seem to forget that appeals courts overrule district courts. Yes, the district court in 2021 gave a very brief, rushed ruling, claiming there was no copyright infringement. Plaintiff appealed, with the help of lawyers, and the 3 person panel of judges of the 10th Circuit found there was a claim stated, as shown in footnote 13, and overruled the district court. There doesn't need to be any clarification to any party on this docket on how the judicial process works. In fact, the fourth judge, (Tina Campbell of this district) recused herself, with it being within the realm of possibility that she knew she had made a mistake in her ruling. But

2

plaintiff isn't going to mind rear of guess people's minds. He can only point to what is clear: the 10th circuit ruled he stated a claim.

So footnote 13 alone shows why no definite statement is needed, as the 10th circuit thought a valid claim was stated.

## 2. **Copyright law allows claims against contributory infringers**

Defendants claim that no direct infringing parties are named and wonders aloud as to why none of the direct infringers are involved. This contention needs to be replied to in parts:

- A. The Complaint clearly names bad actors who upload the infringing content.
- B. Moon has stated he will never give up his users' info and so contributory infringement is the natural route to go.

### A. The Complaint clearly states who uploads what

To rebut Defendants' motion, the Complaint clearly gives facts on direct infringers:

1. Paragraph 54 reads: "The user who posted the song, "Moseph.Jartelli", wrote, "Enjoy this repetitive turd."
2. Paragraph 55 reads: "Greer's frequent harasser, "Russtard", remarked, "Holy Shit! It is. Upload it here so no one else accidentally gives Russell money." EXHIBIT R."

Further, even if the Complaint didn't list every single crude user name of an infringer, the attached exhibits showed their names.

For example, in Exhibit F of the Complaint, Badboy2000 (using an image of plaintiff's face as a profile picture) posts the PDF version of Greer's book onto the site.

Exhibit L is Greer's book and is a "mega upload" by @scrambles+@VoreDoggy.

Exhibit O shows the infringement occurring off kiwi farms and onto the Good Reads review site with a link to BandCamp. As a note to the Court: bandcamp removed the link, yet it is telling how Moon won't remove any infringing material.

3

Exhibit T of the Complaint has Joshua Moon, owner of the site, posting directly onto his site as "Null" (using a picture of a dog as his profile picture) the take down request.

So there is no need for a definite statement because the Complaint meets the pleading standards to show infringement.

### B.  The Complaint Shows Moon Will Never Surrender Users' Info

To answer the other part: why are no direct infringers named as defendants?

The answer is because Joshua Moon himself has stated on his website that he will never give up the names of his users. This can be found in the Complaint in exhibit N. The same exhibit also has Moon label himself as "an insane person".

So it seemed pointless to chase after a bunch of John Does who Moon has vowed to protect. Because of Moon's strange avowal to protect people he has never met, who are clearly violating copyright law (and most likely criminal law too), contributory copyright infringement was the Avenue to go down because Moon was aware of the infringement.

### Conclusion

The 10th Circuit stated Greer had a valid claim for copyright infringement and even said that he didn't need to amend his complaint, so therefore there is no need to give a more definite statement.

Respectfully submitted,

By:

Russell Greer

Pro Se Litigant

/rgreer

**08-05-24**

4

## Certificate of Service

Plaintiff affirms that service was made to Defendants via email on 8-5-24 and that said attorney for defendants is Matthew Hardin.