FILED
2024 AUG 6 AM 9:46
CLERK
U.S. DISTRICT COURT

Russell Greer
1155 South Twain Ave
Suite 108420
Las Vegas, Nevada 89169
801-895-3501
russmark@gmail.com
Pro Se Litigant

# IN THE UNITED STATES DISTRICT COURT DISTRICT FOR

# THE DISTRICT OF UTAH

| | |
|---|---|
| **RUSSELL G. GREER,**<br><br>       Plaintiff<br><br>v.<br><br>**JOSHUA MOON,** publisher of the website Kiwi Farms, **and KIWI FARMS**, a website<br><br>       Defendants | **PLAINTIFF'S RESPONSE TO DEFENDANTS' MOTION TO STRIKE**<br><br>Case No.: 2:24-cv-00421-DBB-JCB<br><br>Judge<br>Magistrate  Judge: |

1

Plaintiff Russell Greer comes now and responds to Defendants' motion to strike.

## **INTRODUCTION**

Plaintiff responds to the motion to strike and will touch on the following:

1. The infringement is intertwined with harassment.

2. Plaintiff never said he wouldn't pursue book damages.

3. Statements made to show the true nature of Kiwi Farms.

### 1. **Copyright Infringement is blended with harassment**

Defendants claim of "scandalous allegations", yet as has been seen: this isn't a clear-cut, regular, run of the mill case. Defendants are not your average forum or forum manager. As this Court has said in its own order, as recently as this month, Kiwi Farms is built upon the exploitation of strangers. They ruin lives for fun. Defendants are what's wrong with the current American regulations of the internet, as Compared to Europe, which has a comprehensive patchwork of laws to protect victims going through the very thing Plaintiff has dealt with.

Section 230 is a bit ironic in that Plaintiff can't sue defendants for being aware of third party defamation of his copyrights, but he can sue defendants for third party infringement of his copyrights.

As the 10th Circuit reiterated in their ruling of this case, Defendants have openly conspired to deprive Plaintiff of money (see Complaint Exhibits R and O). Defendants have engaged in one star sprees to where Plaintiff can't even market his works or even get people to market his works for him (Complaint Exhibit P of freelance book marketer refusing to market book because of bad reviews by kiwi farms).

The 10th Circuit even acknowledged this pattern of harassment-infringement: "Since that time, Mr. Greer alleges Kiwi Farms "has continued harassing [him]" and has "continued to exploit [his] copyrighted material," including *1291 two additional songs and a screenplay. RI.23." *Greer v. Moon,* 83 F. 4th 1283 (10th Cir. 2023).

2

The actions of kiwi farms is like a person going up to a stranger and busting their knee caps with a hammer and then laughing at that stranger because he can't walk. That's what they have done to his copyrights by trying to convince people to NOT buy/stream Greer's works and then taunting him through email that he's a failed artist — due to their actions. This has happened as recently as July 2024 with Moon's users STILL taunting Greer over ruined careers at their hands. Exhibit A (user "Troll Under the Bridge" harassing Greer via email). So it's really hard for Plaintiff to not make statements about harassment when the kiwi farms users are clearly harassing Greer by infringing on his copyrights in a willful way.

Plaintiff and his former lawyers didn't appeal the non-copyright claims because of length of paper limit in the appeals brief — not because they "abandoned the claims"

Plaintiff may seek to "resurrect" the non-copyright claims, but Plaintiff opposes defendants' contentions that using the word "harassment" is "scandalous" because plaintiff doesn't know how else to put it. Defendants are harassing Plaintiff via your standard intentional torts (which plaintiff realizes such claims were dismissed) and by copyright infringement (depriving Greer of money and posting links on other sites [like review sites] to prevent a copyright author from profiting off of his copyrights), which the 10th Circuit ruled in Greer's favor.

So plaintiff opposes such statements being struck because they're relevant to the infringement.

## 2. **Greer Never Said He Wouldn't Pursue Book Damage Claims**

As for Defendants' assertion that Greer was abandoning his book damage claims, they cite "ECF No. 53, page 12" as evidence of such statements, however ECF 53 is the appellate decision. Page 12. Nowhere on page 12 says Greer was abandoning his book claims. There is a footnote, though, which reads: "While alleging contributory infringement of later songs, Mr. Greer only sought damages for the book and the song *I Don't Get You, Taylor Swift,* as "those works have suffered the most damage." *Id.* As evidenced by the footnote, Greer fully intends to

3

seek damages for his book and song and is preparing a motion for leave to amend to seek damages for other copyrights on and being infringed by Kiwi Farms.

### 3. **Statements Made to Show What Kind of Site Kiwi Farms Is**

Circling back to point 1, the "scandalous allegations" are statements of fact to show that Kiwi Farms ruins lives for fun; to help the Court see that this isn't a case of innocent people commenting about things they find interesting. This is a site that targets complete strangers. As shown, Greer doesn't know Mr. Moon. He has never met him. So it's odd that Mr. Moon has such disregard towards a copyright holder.

### Conclusion

Nothing scandalous or false was said. Everything said was the truth to help establish that this isn't a regular forum. Striking such statements would be minimizing the harm that is kiwi farms.

Respectfully submitted,

By:
Russell Greer
Pro Se Litigant
/rgreer

**08-05-24**

## Certificate of Service

Plaintiff affirms that service was made to Defendants via email on 8-5-24 and that said attorney for defendants is Matthew Hardin.