**Matthew D. Hardin (pro hac vice)**
**HARDIN LAW OFFICE**
1725 I Street NW, Suite 300
Washington, DC 20006
Telephone: (202) 802-1948
Email: MatthewDHardin@gmail.com
*Attorney for Defendants*

THE UNITED STATES DISTRICT COURT
DISTRICT OF UTAH

| | |
|---|---|
| RUSSELL GREER,<br><br>    Plaintiff,<br><br>v.<br><br>JOSHUA MOON, *et al*.<br><br>    Defendant. | **REPLY MEMORANDUM OF LAW IN FURTHER SUPPORT OF MOTION FOR JOINDER**<br>**(ECF No. 62)**<br><br>Case No. 2:24-cv-00421-DBB<br><br>District Judge David Barlow<br>Magistrate Judge Jared C. Bennett |

NOW COME the Defendants, by and through undersigned counsel, and submit this Reply Memorandum of Law in Further Support of their Motion for Joinder. ECF No. 62.

**I.    Introduction**

Russell Greer admits that if he had asked Google to remove an allegedly infringing link to his book, or sent Google a Digital Millenium Copyright Act (DMCA) Notice, Google would have complied. ECF No. 142 at 4 ("the employees at Google would have complied with disabling the link."). Nevertheless, rather than request Google remove an infringing link on its own website, Mr. Greer sued Joshua Moon. The Complaint does not allege that Mr. Moon has any control over the relevant Google Drive account, and neither does Mr. Greer's opposition to the Motion for Joinder. ECF No. 142. The only relevant conduct is that Mr. Moon's website allegedly contains a "link" to a file that is hosted on Google. *Id*. at 2, cf. ECF No. 3 at 9, ¶ 42. Yet Mr. Greer's Complaint seeks

relief as against Mr. Moon for acts wholly within the control of Google, all without naming Google as a Defendant. ECF No. 3 at 30, ¶ 191 (seeking permanent injunction against Mr. Moon preventing him "from continuing to reproduce, distribute, display, disseminate, transmit, make available for download or otherwise use the copyrighted book.").

Mr. Greer has himself posted more links to the relevant document hosted on Google in his own pleadings in this Court than he alleges were posted on Mr. Moon's website. ECF No. 3 at 9, ¶ 42, cf. ECF No. 142 at 2 (all linking to the allegedly infringing Google Drive). This and the general tenor of Mr. Greer's filings makes plain that this suit is not truly about any copyright infringement, but is instead a very poorly disguised effort by Mr. Greer to seek retribution against those he alleges have harassed him. ECF No. 142 at 4 (alleging Mr. Moon "taunted Greer through email" and "chose to berate Plaintiff"). All non-copyright claims in this matter were dismissed by this Court and abandoned by Mr. Greer's expert counsel on appeal, ECF No. 53 (mandate limited to contributory copyright infringement claims), but Mr. Greer remains obligated to name all necessary parties in this copyright action notwithstanding his improper motivations and palpable anger at Mr. Moon.

## II.    Standard of Review

Fed. R. Civ. P. 19 (a) governs Mr. Moon's motion at ECF No. 62. Its language is mandatory in nature, including the heading: "*Required Party.*" (emphasis in original). Under the rule, a necessary party *must* be joined if:

> (A) in that person's absence, the court cannot accord complete relief among existing parties; or
> (B) that person claims an interest relating to the subject of the action and is so situated that disposing of the action in the person's absence may:

>> (i) as a practical matter impair or impede the person's ability to protect the interest; or
> (ii) leave an existing party subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations because of the interest.

Rule 19 applies in all civil litigation, but it must be viewed "in light of the original purpose for the Rule and its use almost exclusively in patent and copyright infringement cases." *Caprio v. Wilson*, 513 F.2d 837, 839 (9th Cir. 1975). Where the validity of any claim to a copyright is in dispute, all parties having a claim must be brought before the court. *Baldwin v. Interscope Records, Inc.*, No. 19-cv-8923 (JGK), 2021 U.S. Dist. LEXIS 41733, at *11-12 (S.D.N.Y. Mar. 4, 2021) (holding that it is no defense to joinder to claim that a party only seeks to "exploit" a copyright). A lawsuit involving derivative rights and licensing rights will often require joinder of all parties with any derivative right or license. *Doty v. St. Mary Par. Land Co.*, 598 F.2d 885, 887 (5th Cir. 1979) (holding that mineral licensees and royalty owners were necessary parties in a suit regarding the validity of land interests). Google Drive is a software solution that inherently requires the issuance of licenses on the part of multiple individuals or entities. *Willmore v. Savvas Learning Co. LLC*, No. 22-2352-TC-ADM, 2024 U.S. Dist. LEXIS 142818, at *87 (D. Kan. Aug. 12, 2024) (a Google Drive license can be revoked), *Taylor Holland LLC v. MVMT Watches, Inc.*, 2016 U.S. Dist. LEXIS 187379, *14 (there is likely "an implied license" for the end user when a Google Drive link is shared).

It is well-settled that where a plaintiff seeks relief in the form of an injunction, all parties who will be subject to the injunction are necessary parties and must be brought before the Court. *Ram v. Lal*, 906 F. Supp. 2d 59, 78 (E.D.N.Y. 2012) (because "the injunction seeks to bind parties who have not been named in this action," motion for joinder was granted), accord *Donald J. Trump for President, Inc. v. Boockvar*, 493 F.

Supp. 3d 331, 374 (W.D. Pa. 2020) (plaintiff seeking injunction, court cannot accord complete relief if all parties susceptible to such injunction are not brought before the court).

### III.    Argument

Mr. Greer argues that "the book" is not the only copyright infringement at issue in this case, and therefore that Google is not a necessary party. ECF 142 at 2 (citing "multiple infringements"). *Contra*. ECF No. 53 at 12, n. 7 (Court of Appeals' opinion noting that Mr. Greer's only damages arose from "the book and the song *I Don't Get You, Taylor Swift*"). He also argues that the Copyright Act allows suits against "Infringers Without Naming Link Owners." ECF No. 142 at 3. Mr. Greer's arguments are both foreclosed entirely by the history of this case (including his own Complaint and the ruling of the Tenth Circuit) and by controlling law.

### A) The "Multiple Infringements" Theory

First, contrary to Mr. Greer's assertions, there are not "multiple infringements" in this case. Mr. Greer's Complaint alleges and seeks damages arising from only two relevant infringements: one for a book entitled[1] "Why I Sued Taylor Swift" and "I Don't Get You, Taylor Swift." ECF No. 3 at 20, ¶ 114. Mr. Greer's claimed damages, ECF No. 3 at 29, ¶ 189, match precisely the statutory damages which are allowable for two counts of willful infringement, 17 U.S.C. § 504(c)(2), which further illustrates that there are only two alleged infringements at issue in this case. If this were not enough evidence of what is at issue in this lawsuit, the Court of Appeals expressly held that Mr. Greer only sought damages for specific alleged infringements. ECF No. 53 at 12, n. 7. Mr. Greer

---

[1] Mr. Greer's Complaint does not include the full title of the book, which is *Why I Sued Taylor Swift: and How I Became Falsely Known as Frivolous, Litigious and Crazy*.

confessed in his Complaint that he only brought up "other infringed copyrights [to] support the infringing claims," presumably because Mr. Greer wants to introduce evidence that is inadmissible under Fed. R. Evid. 403 or 404.[2] The only claims at issue in this litigation are the claims remanded by the Tenth Circuit, and those claims are limited.

Even if Mr. Greer were correct that there were "multiple infringements" at issue in this case, however, that would have no bearing on whether joinder should be granted for the claims related to the document on Google Drive. Mr. Greer seeks $150,000 from Mr. Moon arising specifically from an alleged infringement hosted by Third Party Google. ECF No. 3 at 20, ¶ 114. To the extent that there is an implied license granted to Mr. Moon or anyone else as a result of the Google Drive link and what it contains, *Taylor Holland LLC v. MVMT Watches, Inc.*, 2016 U.S. Dist. LEXIS 187379, *14, that implied license necessarily implicates Google. Whomever uploaded the document to Google Drive has either a written agreement with Google (as part of Google's Terms of Service[3]) or gave an implied license to Google. By virtue of that upload to Google, and

---

[2] While Mr. Moon understands that at the pleadings stage, this Court accepts all factual allegations of a Plaintiff as true, Mr. Moon nevertheless notes that the Plaintiff appears to have gone out of his way to make prejudicial allegations of "other wrongs" or "other acts" in his Complaint. These allegations will be inadmissible for any evidentiary purpose pursuant to Fed. R. Evid. 403 or 404, and Mr. Moon respectfully submits that to the extent the Court repeats Mr. Greer's salacious and legally irrelevant allegations in its orders, extrajudicial prejudice is done to Mr. Moon. There is no redress for defamatory or libelous statements made by Mr. Greer in his pleadings due to the litigation privilege, and it is regrettable that Mr. Greer's irrelevant and non-copyright related remarks have been republished in judicial orders.

[3] At least one version of Google Drive's Terms of Service is available online, although it is not apparent that it applies to all Google Drive users. https://www.google.com/drive/terms-of-service/. In those Terms of Service, the "owner" of a copyright is the individual who controls its content and use. In this case, there are no allegations as to who is the "owner" of the relevant Google Drive account.

the fact that the document was never password protected or otherwise limited in terms of its visibility, another implied license arose for the end viewer. Regardless of the ultimate validity of any of these written or implied licenses, Google is a necessary party to this action because it was a critical intermediary and licensor/licensee involved in the core actions in Plaintiffs' complaint, and not a mere joint tortfeasor.

Mr. Greer may also seek damages from Mr. Moon for other ostensible acts unrelated to Google. Indeed, he appears to allege that "the song" might be posted on Kiwi Farms rather than on Google. ECF No. 142 at 3.[4] Nevertheless, as to claims relating to the Google Drive and its contents (allegedly, Mr. Greer's book), Google is a necessary party. Those claims must be dismissed outright or by use of this Court's power under Fed. R. Civ. P. 19 (b) to limit the scope of relief, or this Court must order Mr. Greer to join Google.

**B) The Copyright Act Theory**

Mr. Greer's second argument, which is that the Copyright Act allows "Liability Against Infringers Without Naming Link Owners" is equally unavailing. First, Mr. Greer cites to 17 U.S.C. § 512 (d), which is an express *limitation* of liability. That section of the law actually immunizes a "provider referring or linking users to an online location containing infringing material or infringing activity, by using … hypertext link." By Mr. Greer's own argument, Mr. Moon is immune from liability because he is a "provider" within the meaning of 17 U.S.C. § 512 (k)(1).[5] *Accord*, *e.g.*, ECF No. 3 at 3, ¶ 13

---

[4] Curiously, this allegation in Mr. Greer's opposition does not cite to the Complaint, and counsel has been unable to identify any corresponding allegation in the Complaint.
[5] "As used in subsection (a), the term "service provider" means an entity offering the transmission, routing, or providing of connections for digital online communications, between or among points specified by a user, of material of the user's choosing, without modification to the content of the material as sent or received…"

(alleging Mr. Moon is the publisher of "Kiwi Farms," a "website/forum" with "users"), ¶ 42 (alleging that "somebody" put a copy of Greer's book on Google Drive), ¶ 60 (alleging "users" of the website "spread Greer's song across different sites"), ¶ 86 (alleging "users" seek to deprive Greer of profit arising from his copyrights). Accepting Mr. Greer's argument at face value, he has brilliantly illustrated that this case should be dismissed pursuant to Fed. R. Civ. P. 12 (c). In short: Mr. Greer has not illustrated that Google should not be joined to this lawsuit, but he has admitted that he attempts to hold Mr. Moon liable for the acts of "users" on a website, and has helpfully pointed the Court to a federal statute that prohibits a monetary judgment on that basis.

Moreover, the same provision which Mr. Greer cites, which prohibits imposition of a monetary judgment against a service provider, expressly allows other forms of relief. This includes the DMCA "takedown" process set forth in 17 USC § 512 (c) (3). The "takedown" notice under the DMCA must be directed to the infringing website using statutory procedures, and cannot be sent to a third party such as Mr. Moon. Mr. Moon, after all, has nothing to "take down." Even accepting Mr. Greer's Complaint at face value, the actual infringement of "the book" is on Google Drive. ECF No. 3 at 20, ¶ 114. Mr. Greer even admits that if he bothered to send Google a takedown request in compliance with the statutory formalities, their employees would willingly comply. ECF No. 142 at 4.

It is difficult to imagine a party that could possibly be more indispensable to Mr. Greer's claims than Google, which is the party that hosts the alleged infringement, intermediates between "the owner" of the content at issue and any end viewer of the content, has the sole power to stop hosting the alleged infringement, and according to

Mr. Greer would willingly do so if only it was asked.  This Court must order Mr. Greer to join Google, or dismiss all claims relating to the Google Drive over which Mr. Moon has no control and regarding which Mr. Greer apparently refuses to send a DMCA takedown notice.

### C) The Court cannot provide the relief Mr. Greer seeks.

Mr. Greer has admitted, albeit in an opposition to a Motion for Joinder and not in a more ordinary posture, that this Court is powerless to redress his actual grievances. While Defendants are sorry to hear of Mr. Greer's hardships, Plaintiff's non-copyright complaints were long ago dismissed and ultimately abandoned on appeal. As to Mr. Greer's copyright claims, he admits that if he bothered to follow the statutory procedure, Google would immediately comply. ECF No. 142 at 4. Yet this case lives on.

This Court only has the power to hear "[c]ases" and "[c]ontroversies." U.S. Const. art. III, § 2. The Constitution requires "a genuine, live dispute between adverse parties." *Carney v. Adams*, 592 U.S. 53, 58, 141 S. Ct. 493, 208 L. Ed. 2d 305 (2020). "The doctrines of standing and mootness aim to ensure federal courts stay within Article III's bounds throughout the litigation." *Rio Grande* Found. *v. Oliver*, 57 F.4th 1147, 1159-60 (10th Cir. 2023). To establish Article III standing, a plaintiff must demonstrate "a concrete and particularized injury that is fairly traceable to the challenged conduct[] and is likely to be redressed by a favorable judicial decision." *Carney*, 592 U.S. at 58 (quoting *Hollingsworth v. Perry*, 570 U.S. 693, 704, 133 S. Ct. 2652, 186 L. Ed. 2d 768 (2013)). And a case becomes moot "[w]hen it becomes impossible for a court to grant effective relief." *Rio Grande*, 57 F.4th at 1165 (quoting *Kan. Jud. Rev. v. Stout*, 562 F.3d 1240, 1246 (10th Cir. 2009)).

Whatever is left of this case is not a "genuine, live dispute" but is instead a bill of grievances Mr. Greer has directed at Defedants as a Third Party by refusing to sue either the website that actually hosts his infringing material (Google) or the "users" who he alleges actually posted various copyrighted material. By repeatedly posting a link to Google Drive himself, but also failing to take any measures to ask Google – an entity the Plaintiff knows will comply – to take down the allegedly infringing material, Mr. Greer has imposed burdensome and expensive litigation on parties helpless to actually provide the statutory relief being sought.

Mr. Greer's injury appears traceable to either himself or third parties, but not to Mr. Moon. This Court cannot grant Mr. Greer effective relief, because he has sued only Mr. Moon,[6] who is not even alleged to have done anything other than own a website that itself contains a "link" to Google Drive. Yet Mr. Greer seeks a broad and permanent injunction which can only affect third parties and even seems designed or calculated to impact such third parties (because Mr. Greer has levelled no allegations of actual infringement against Mr. Moon, and even allegations relating to "contributory" infringement appear to rely on the actions and inactions of unspecified "users" or "somebody).

This Court must join Google as a necessary Defendant, or dismiss all claims involving Google because the Court cannot grant the relief Mr. Greer seeks in their absence.

---

[6] Mr. Greer also sued "Kiwi Farms, a website." This Court has repeatedly held that the suit against "Kiwi Farms, a website" cannot proceed. See, e.g., ECF No. 37 at 1, n. 1, ECF No. 97 at 6.

## IV. Conclusion

Mr. Greer must either join Google, or drop all claims arising out of a document posted on Google Drive by some unknown individual. This Court cannot accord the injunctive relief that Mr. Greer seeks because Google is not a party to this action and because Mr. Moon is not even alleged to have any power or control over what third parties post on Google Drive. Moreover, to the extent that Mr. Greer himself has repeatedly "linked" to the relevant Google Drive himself, including in his opposition to the Motion for Joinder, ECF No. 142 at 2, Mr. Greer has made his own allegedly infringed copyrighted materials increasingly available and accessible to the public and has engaged in behavior he has not even alleged that Mr. Moon engaged in (the Complaint never alleges that Mr. Moon personally published any Google Drive link). Because Rule 19 is founded in principles of "equity and good conscience," Fed. R. Civ. P. 19 (b), and because the rule is motivated by "pragmatic considerations," *Provident Tradesmens Bank & Tr. Co. v. Patterson*, 390 U.S. 102, 107, 88 S. Ct. 733, 736 (1968), this Court should consider the gross inequity of Mr. Greer's suit against Mr. Moon for conduct of third parties, and Mr. Greer's own actions in publishing and republishing the same allegedly offensive Google Drive link *seriatim*, in granting relief.

DATED September 4, 2024

**HARDIN LAW OFFICE**

 /s/ Matthew D. Hardin
**Matthew D. Hardin**
Attorney for Defendants

**Certificate of Service**

I hereby certify that a true and correct copy of the foregoing motion was filed via CM/ECF this 4th day of September, 2024, and that I also deposited a true and correct copy of the same into the U.S. Mail, with First Class Postage prepaid, addressed to the apartment in Las Vegas that Mr. Greer has most recently indicated is his correct address, as listed in ECF No. 132-1 at 3:

>Russell Greer
>1100 Dumont Blvd.
>Apt. 139
>Las Vegas, NV 89169

I also emailed a copy of the foregoing to Mr. Greer at an address he has used in correspondence to me, to wit: russmark@gmail.com.

Dated: September 4, 2024

/s/ Matthew D. Hardin
Matthew D. Hardin, D.C. Bar No. 1032711
Hardin Law Office
1725 I Street NW, Suite 300
Washington, DC 20006
Phone: (202) 802-1948
Email: MatthewDHardin@protonmail.com