Matthew D. Hardin (pro hac vice)
**HARDIN LAW OFFICE**
1725 I Street NW, Suite 300
Washington, DC 20006
Telephone: (202) 802-1948
Email: MatthewDHardin@gmail.com
*Attorney for Defendants*

THE UNITED STATES DISTRICT COURT
DISTRICT OF UTAH

| | |
|---|---|
| RUSSELL GREER,<br><br>Plaintiff,<br><br>v.<br><br>JOSHUA MOON, *et al*.<br><br>Defendant. | **REPLY MEMORANDUM OF LAW IN FURTHER SUPPORT OF MOTION FOR A MORE DEFINITE STATEMENT**<br>**(ECF No. 63)**<br><br>Case No. 2:24-cv-00421-DBB<br><br>District Judge David Barlow<br>Magistrate Judge Jared C. Bennett |

NOW COME the Defendants, by and through undersigned counsel, and submit this Reply Memorandum of Law in Further Support of their Motion for a More Definite Statement. ECF No. 63.

**I.    Introduction**

As Defendants set forth in their Motion for a More Definite Statement, "the Complaint in this matter is replete with paragraphs alleging unclear actions by unspecified actors." ECF No. 63 at 2. In response, Mr. Greer has only stated that one footnote in the appellate court's opinion somehow stands for the proposition that no additional clarity is necessary. ECF No. 143 at 2. Mr. Greer states that he doesn't want to bother figuring out who actually infringed his copyrights, whether through the civil discovery process or otherwise, because Mr. Moon would "protect" various "John Does."

Mr. Greer's response put carts before horses. Although the Tenth Circuit indeed held

that Mr. Greer had plausibly stated a claim for contributory copyright infringement, it did not hold that the claim was "coherent," [*sic*] *id*., and ruled based upon a very liberal *pro se* standard. Mr. Greer vastly overstates the Tenth Circuit's mandate, which never held that the Complaint contained sufficient allegations to enable this matter to be defended. Mr. Greer presumes out of hand that Mr. Moon is both in league with various John Does who he alleges are the direct infringers, and that Mr. Moon will protect those John Does. No consideration at all has been given to the possibility that Mr. Moon is not in league with other individuals and also does not know their identities, such that Mr. Moon is placed in an impossible position of defending himself as a "monkey in the middle" between a *pro se* Plaintiff who admits Mr. Moon has not infringed his copyrights directly or through his own actions[1] and the third party infringers over whom Mr. Moon has no control and whom Mr. Moon cannot identify or implead in order to bring an adequate defense.

## II.      Standard of Review

. Federal Rule of Civil Procedure 12(e) provides, in pertinent part, that "[a] party may move for a more definite statement of a pleading to which a responsive pleading is allowed but which is so vague or ambiguous that the party cannot reasonably prepare a response." Rule 12(e) should be considered in the context of Fed. R. Civ .P. 8, which establishes the general guidelines for pleadings. 5A Wright & Miller, Federal Practice and Procedure, § 1377 at 618 (1990). "The twin purposes of a complaint are to give the opposing parties fair notice of the basis for the claims against them so that they may

---

[1] See generally ECF No. 3 (lacking allegations as to Mr. Moon specifically) and ECF No. 143 at 3 et seq. (alleging various anonymous individuals, but not Mr. Moon, uploaded material that was protected by a copyright).

respond and to allow the court to conclude that the allegations, if proven, show that the plaintiff is entitled to relief." *Ramos-Hernandez v. United States*, No. 11-CV-01073-BNB, 2011 U.S. Dist. LEXIS 130650, 2011 WL 5459436, at *5 (D. Colo. Nov. 10, 2011) (citing *Monument Builders of Greater Kansas City, Inc. v. Am. Cemetery Ass'n. of Kansas*, 891 F.2d 1473, 1480 (10th Cir. 1989)). "A motion for a more definite statement should not be granted merely because the pleading lacks detail; rather, "the standard to be applied is whether the claims alleged are sufficiently specific to enable a responsive pleading in the form of a denial or admission." *May v. Rottinghaus Co.*, 394 F. Supp. 3d 1334, 1338 (D. Kan. 2019), citing and quoting *Creamer v. Ellis Cty. Sherriff Dept.*, No. 08-4126-JAR, 2009 U.S. Dist. LEXIS 15724, 2009 WL 484491, at * 1 (D. Kan. Feb. 26, 2009) and *Householder v. The Cedars, Inc.*, No. 08-2463-KHV-GLR, 2008 U.S. Dist. LEXIS 94352, 2008 WL 4974785, at *1 (D. Kan. Nov. 19, 2008)

### III.   Argument

Mr. Greer's Complaint is "so vague or ambiguous" that Mr. Moon cannot reasonably prepare a response. This is so despite the Tenth Circuit's remand order because Mr. Greer repeatedly claims that "somebody" took an action, and context makes plain that Mr. Greer is not alleging that the "somebody" in question was Mr. Moon. Related to this same point is the fact that Mr. Greer assumed a priori that Mr. Moon is in league with the primary infringers, but has taken zero effort to identify those primary infringers such that Mr. Moon can ascertain who they are or disprove the assertion that there is any link between their actions and his own.

### A) The Tenth Circuit's mandate does not stand for the proposition that Mr. Greer's Complaint provides necessary details.

Mr. Greer's brief opens with the assertion that this Court must deny the Motion for a More Definite Statement because the Tenth Circuit held that he had plausibly alleged contributory copyright infringement. ECF No. 143 at 2. This misstates the Mandate Rule in this Circuit. As the Tenth Circuit has explained "the scope of the mandate on remand in the Tenth Circuit is carved out by exclusion: unless the district court's discretion is specifically cabined, it may exercise discretion on what may be heard." *United States v. West*, 646 F.3d 745, 749 (10th Cir. 2011). On remand, a Court has the power to reach issues it was not forced to confront due to an earlier narrowing of the grounds for judgment prior to appeal. *Lexington Ins. Co. v. Precision Drilling Co.*, L.P., 951 F.3d 1185, 1193 (10th Cir. 2020).

The appellate court did not rule that Mr. Greer's Complaint was crystal clear, or that it gave Mr. Moon adequate notice of what exactly he was defending himself against. Quite the contrary. The Tenth Circuit "construe[d] Mr. Greer's pro se complaint liberally and h[e]ld him 'to a less stringent standard than formal pleadings drafted by lawyers.'" ECF No. 53 at 14. The Tenth Circuit quoted portions of the Complaint that referred to "[o]ther users on Kiwi Farms," *id*. at 16, and did not comment on whether the identity of those alleged wrongdoers was adequately alleged. The Tenth Circuit even held at one point that "Kiwi Farms was an audience," *id*. at 22, perhaps illustrating that even the Tenth Circuit wasn't quite clear as to who was infringing and who was merely witnessing an infringement.

All of the above questions matter if Mr. Moon is to establish an adequate

defense. A party is liable for contributory infringement only when he "intentionally induc[es] or encourag[es] direct infringement" by a third party. *Metro-Goldwyn-Mayer Studios, Inc. v. Grokster, Ltd.*, 545 U.S. 913, 930, 125 S. Ct. 2764, 162 L. Ed. 2d 781 (2005), cited in *Viesti Assocs. v. Pearson Educ., Inc.*, 2013 U.S. Dist. LEXIS 113323, *18 (D. Colo. 2013). It is thus an element of Mr. Greer's claim, and Mr. Greer must both allege and prove, not only that Mr. Moon "intentionally induced or encouraged direct infringement" but also that a third party actually engaged in direct infringement.

Neither this Court in its initial opinion nor the Tenth Circuit on appeal needed to reach the issue of whether Mr. Greer had plausibly identified the third parties who allegedly committed a direct infringement or put Mr. Moon on adequate notice of what actions such third parties took, such that he could mount a defense. Because these issues were never reached, and because the Tenth Circuit's remand was general in nature, this Court retains the power to require Mr. Greer to provide a more definite statement of his claims.

**B) The Complaint is vague and ambiguous.**

Mr. Greer's claims are vague and ambiguous. Often, Mr. Greer does not make clear who did what, and sentences are structured in a way that no intelligent admission or denial can be constructed. The Motion for a More Definite Statement was filed simultaneously with an Answer which attempted, insofar as possible, to address Mr. Greer's factual allegations. ECF No. 66. Yet the Answer repeatedly confesses an inability to understand an allegation, such that it does not admit or deny allegations made by Mr. Greer due to the ambiguity.

The original Motion for a More Definite Statement cited to ¶¶ 52, 67, and 74 as

emblematic of Mr. Greer's broader failures to properly place Mr. Moon on notice of what Mr. Greer's allegations are. But those examples were not exclusive, and the Answer itself illustrates the volume of claims Mr. Moon was unable to admit or deny due to ambiguity. While Mr. Greer has attempted to clarify certain of his allegations in his opposition to the Motion for a More Definite Statement, this is no substitute for a clear complaint. Deficiencies in the Complaint remain, and are detailed further below:

The phrase "somebody" appears three times in the Complaint: ¶ 42 ("Somebody created a copy of Greer's book and put it in a Google Drive file that is accessible on Kiwi Farms"), ¶ 117 ("somebody posts and publishes private information about a person onto a public internet site or forum with the intent to abuse"), ¶ 155 ("because Moon's users once again harassed somebody connected to Greer"). The identity of "somebody" is crucial to assessing and responding to Mr. Greer's claims. As to ¶ 155, there are two vital identities missing: the identity of the "users" and the identity of "somebody connected to Greer." Unsurprisingly, Mr. Moon cannot admit or deny allegations that do not even identify a particular actor.

Mr. Greer frequently complains that "users" did certain acts, and the acts of those "users" are relevant for establishing third party liability or a defense on Mr. Moon's part. For example, ¶ 18 of the Complaint alleges that "The users on Kiwi Farms began to put Greer on other troll sites." This leads to a natural query not only as to who the "users" are, but as to whether Mr. Greer alleges other "troll sites" have caused him the harm that is the gravamen of his Complaint. ¶ 35 states that "users on Kiwi Farms have weaponized that site against Greer, warning people who are complete strangers to those users, to stay far away from Greer and to Google him" and that "One of Moon's

users posed as a reporter…" But Mr. Greer has not explained who the users are, or how Mr. Greer knows that they have issued warnings (or what those warnings contained). Nor did Mr. Greer explain who the "complete strangers" are, or how it can be that he is certain the warned individuals are "complete strangers" to some other unknown and unidentified "users."

The list of nonspecific and ambiguous allegations goes on. ¶ 34 refers to ""misunderstandings involving [Taylor] Swift", but Mr. Greer does not explain what those "misunderstandings" are or how they involve Taylor Swift, including whether Ms. Swift is a joint tortfeasor, ostensibly subject to third party liability, or whether the "misunderstanding" is a matter of public concern such that Mr. Moon's Fair Use claim is implicated or such that Mr. Greer is a public figure deserving of commentary as a result of such "misunderstandings." ¶ 40 alleges that "Greer was informed that his book had been illegally put onto Kiwi Farms." But that paragraph begins with a passive voice ("Greer was informed"), has a legal conclusion in the middle ("illegally put onto") and never once alleges who actually took an act (presumably, putting the book onto Kiwi Farms).

The Court should grant the Motion for a More Definite Statement because Mr. Greer's allegations are so vague and ambiguous that much of the complaint cannot be admitted or denied.

**C) The lack of specificity as to third party identities handicaps Mr. Moon in preparing a defense.**

The identity of a party, regardless of what actions that party took, matters. This is why schoolchildren study history and learn that Christopher Columbus discovered

America, *Kussmaul v. Peters Constr. Co.*, 563 F. Supp. 91, 93 n.4 (D.R.I. 1983), or that Colonel Paul Tibbets dropped the atomic bomb on Hiroshima. *State v. Novel*, 1986 Ohio App. LEXIS 8642, *14 (5th Dist. Ct. App. 1983). But it also matters in the more trivial disputes that courts must resolve. "In assessing reliability, 'identity matters.'" *Borizov v. Truitt*, 2024 U.S. Dist. LEXIS 56222, *35 (N.D. Ill. 2024). So too, in certain cases, does the identity of a creditor matter. *Milgram v. Chase Bank USA, N.A.*, 72 F.4th 1212, 1214 (11th Cir. 2023). The Tenth Circuit recently confronted a similar case in which identity mattered in a case involving a plaintiff who preferred to be anonymous and a defendant who claimed in his own defense that he intended to show that "she is a vexatious litigator and that her conduct in her other cases justified the public's right to know her identity." *Xingfei Luo v. Wang*, 71 F.4th 1289, 1302 (10th Cir. 2023). Ultimately, the Tenth Circuit unmasked the identity of the vexatious litigant, and allowed the defense to make its case.

In this case, Mr. Moon is being deprived of the vital information he needs to prepare a defense. Mr. Greer alleges that various individuals directly infringed his copyrights, but those individuals were not named in the Complaint and were not disclosed in discovery. ECF No. 127-1. Mr. Greer claims that "somebody" posted his book, but without knowing who that "somebody" is, it will never be proven whether that upload to Google Drive was lawful or unlawful, including whether it was made pursuant to a claim or right or a license. Mr. Greer gives tantalizing clues that there may be third party liability for other websites, but not enough explanation for Mr. Moon to intelligently Answer the Complaint or raise any affirmative defenses or cross claims in more than a cursory manner. Lastly, Mr. Greer explains that he has a history of "misunderstandings" involving Taylor Swift,

giving rise to natural questions as to what the "misunderstandings" are and whether they would bolster a claim of fair use and commentary regarding Mr. Greer's musical and written compositions regarding Ms. Swift, But Mr. Greer does not explain.

The Court must order Mr. Greer to make his allegations plain, so that Mr. Greer can admit or deny them and so that any appropriate counterclaim or third party claim may be brought.

### IV.     Conclusion

The Court should grant the Motion for a More Definite Statement because Mr. Greer's Complaint is prejudicially vague and ambiguous, and because doing so is not incongruent with the Tenth Circuit's mandate on remand.

       DATED September 4, 2024

                              **HARDIN LAW OFFICE**

                              */s/ Matthew D. Hardin*
                              **Matthew D. Hardin**
                              Attorney for Defendants

**Certificate of Service**

I hereby certify that a true and correct copy of the foregoing was filed via CM/ECF this 4th day of September, 2024, and that I also deposited a true and correct copy of the same into the U.S. Mail, with First Class Postage prepaid, addressed to the apartment in Las Vegas that Mr. Greer has most recently indicated is his correct address, as listed in ECF No. 132-1 at 3:

> Russell Greer
> 1100 Dumont Blvd.
> Apt. 139
> Las Vegas, NV 89169

I also emailed a copy of the foregoing to Mr. Greer at an address he has used in correspondence to me, to wit: russmark@gmail.com.

Dated: September 4, 2024

/s/ Matthew D. Hardin
Matthew D. Hardin, D.C. Bar No. 1032711
Hardin Law Office
1725 I Street NW, Suite 300
Washington, DC 20006
Phone: (202) 802-1948
Email: MatthewDHardin@protonmail.com