**Matthew D. Hardin (pro hac vice)**
**HARDIN LAW OFFICE**
1725 I Street NW, Suite 300
Washington, DC 20006
Telephone: (202) 802-1948
Email: MatthewDHardin@gmail.com
*Attorney for Defendants*

---

THE UNITED STATES DISTRICT COURT
DISTRICT OF UTAH

| | |
|---|---|
| RUSSELL GREER, | **REPLY MEMORANDUM OF LAW IN FURTHER SUPPORT OF MOTION TO STRIKE** (ECF No. 65) |
| Plaintiff, | |
| v. | Case No. 2:24-cv-00421-DBB |
| JOSHUA MOON, *et al*. | District Judge David Barlow |
| Defendant. | Magistrate Judge Jared C. Bennett |

NOW COME the Defendants, by and through undersigned counsel, and submit this Reply Memorandum of Law in Further Support of their Motion to Strike. ECF No. 65.

**I.     Introduction**

As Defendants explained in the Motion to Strike, ECF No. 65 at 2, "All allegations in the Complaint which do not relate to purported copyright infringement are… inherently immaterial at this stage of the proceedings and prejudicial, and those allegations should be stricken." Mr. Greer's response makes plain that Mr. Greer is continuing to justify the inclusion of his non-copyright allegations only on the grounds that he believes those allegations are true and because he believes that the non-copyright claims were not abandoned. ECF No. 144 at 2 *et seq*. Mr. Greer is incorrect as to the truth of his allegations, but the truth of irrelevant allegations is also irrelevant. Even truthful allegations must be stricken if they are immaterial and prejudicial. Moreover, this Court

has made plain that Mr. Greer abandoned his non-copyright claims, and those claims cannot be resurrected at this juncture.

## II.     Standard of Review

Fed. R. Civ. P. 12(f) provides that the "[C]ourt may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." *Accord. Gillespie v. Mut. of Enumclaw Ins. Co*., 2023 U.S. Dist. LEXIS 54468, *2 (D. Utah. 2023). "'A matter is 'immaterial' to a pleading, as basis for striking the matter, if it has no essential or important relationship to the claim for relief or the defenses being pleaded.'" *R.M. v. Scottsdale Ins. Co*., No. 2:20-CV-00064-DB, 2020 U.S. Dist. LEXIS 94631, 2020 WL 2801514, at *2 (D. Utah May 29, 2020) (quoting *Rees v. PNC Bank, N.A*., 308 F.R.D. 266 (N.D. Cal. 2015).

"Under the doctrine of res judicata, or 'claim preclusion,' a final judgment on the merits of an action precludes the parties or their privies from relitigating issues that were *or could have been raised* in that action." *Robinson v. Volkswagenwerk Ag*, 56 F.3d 1268, 1995 WL 325221, at * 5 (10th Cir. 1995) (*emphasis added*); accord Allen v. McCurry, 449 U.S. 90, 94, 66 L. Ed. 2d 308, 101 S. Ct. 411 (1980). When an appellant fails to raise an issue in the appellate courts, and the appellate decision does not even mention a ruling of the district court, that issue is abandoned. *Conyers v. Safelite Glass Corp*., 825 F. Supp. 974, 976 n. 2 (D. Kan 1993). Accord. *Fitzgerald v. Corr. Corp. of Am*., 403 F.3d 1134, 1146 (10th Cir. 2005) ("As a result, this issue--even if raised below--should be treated as abandoned on appeal.").

## III.    Argument

As Defendants have litigated in numerous filings, Mr. Greer's Complaint is not a

model of clarity. Indeed, this Court initially dismissed that Complaint. Following an Appeal to the Tenth Circuit, the appellate court held *only* that "Mr. Greer has stated plausible claims of contributory copyright infringement against Mr. Moon and Kiwi Farms." ECF No. 53 at 23. Because of this holding, any allegation Mr. Greer has raised that is not associated with a "contributory copyright infringement" is inherently and necessarily an immaterial allegation. And even as to allegations regarding contributory copyright infringement, the only material allegations are those for which Mr. Greer has sought damages. ECF No. 53 at 12, n. 7. Mr. Greer cannot evade the requirements of Fed. R. Evid. 403 and 404 by attempting to plead facts relating to abandoned claims or facts relating to alleged infringements other than those that are actually at issue in this case.

### A) Mr. Greer's allegations regarding anything other than his book and the Song "I Don't Get You, Taylor Swift" are immaterial and prejudicial.

Mr. Greer's Complaint spanned five separate counts. Count I (Contributory Copyright Infringement) is the only claim that survived appellate review. Count II (Electronic Communications Harassment), Count III (False Light), Count IV (Defamation), and Count V (Defamation by Implication), were all dismissed. ECF No. 38. Mr. Greer did not pursue those claims on appeal. ECF No. 53. Mr. Greer admits he did not pursue them on appeal, ECF No. 144 at 3, although he blames page limitations rather than strategy for this decision.[1] Only the contributory copyright claims remain. ECF No. 53.

---

[1] Mr. Greer's skilled appellate counsel did not mention any concerns or seek leave to file an overlength brief on appeal. Regardless, as described *infra.*, any failure to raise an issue on appeal constitutes abandonment.

"Allegations will not be stricken as immaterial… unless they have no possible bearing on the controversy." *Estate of Gonzales v. AAA Life Ins. Co.*, No. CIV 11-0486 JB/WDS, 2012 WL 1684599, at *5 (D.N.M. May 8, 2012) (quoting *Sai Broken Arrow C, LLC v. Guardian Emergency Vehicles, Inc.*, No. CIV 09-0455 CVE/FHM, 2010 U.S. Dist. LEXIS 1593, 2010 WL 132414, at *5 (N.D. Okla. Jan. 8, 2010)). Professors Wright and Miller have opined that "'Immaterial' matter is that which has no essential or important relationship to the claim for relief or the defenses being pleaded, or a statement of unnecessary particulars in connection with and descriptive of that which is material." 5C Wright & Miller, supra, § 1382 (footnotes omitted). When it is clear that the allegations made "could have no possible bearing on the subject matter of the litigation" the motion to strike should be granted. *Storfer v. Dwelle*, No. 3:12-CV-00496-EJL, 2013 U.S. Dist. LEXIS 109376, 2013 WL 3990762 at *5 (D. Idaho, 2013). When allegations will cause prejudice, it is particularly important that they be stricken. *Sierra Club v. Tri-State Generation and Transmission Assoc., Inc.*, 173 F.R.D. 275, 285 (D. Colo. 1997).

Mr. Greer alternatively claims in his opposition that his allegations relating to harassment are true and are not scandalous, and also that the "Copyright Infringement is blended with harassment." ECF No. 144. But Mr. Greer's "harassment" and other non-copyright claims are entirely immaterial to his copyright claims, even assuming arguendo that they were true. For that reason alone, all allegations relating to anything other than contributory copyright infringement must be stricken.

The elements of a claim for contributory copyright infringement are: (1) direct infringement by third party; (2) knowledge by the defendant that third parties were directly infringing; and (3) substantial participation by the defendant in infringing

activities. *Newborn v. Yahoo!*, 391 F.Supp.2d 181, 186 (D.D.C. 2005); see also *Newborn v. Yahoo! Inc*., 437 F.Supp.2d 1 (D.D.C. 2006). Thus, the only items in Mr. Greer's complaint that are relevant are any allegations that (1) a third party directly violated the copyrights for which Mr. Greer seeks damages; (2) that Mr. Moon knew the third parties were directly infringing the relevant copyrights; and (3) that Mr. Moon "substantially participated" in the infringement.

Mr. Greer's Complaint includes numerous scandalous and immaterial allegations that have nothing to do with any of these three elements, or which relate to copyrights that Mr. Greer does not claim damages for. Indeed, Mr. Greer admits in his opposition that he seeks to sling mud at Mr. Moon to "show what kind of site Kiwi Farms is." ECF No. 144 at 4. This appears calculated to induce sympathy for Mr. Greer or antipathy against Mr. Moon, rather than to plausibly allege relevant conduct for purposes of a copyright suit. For example, and without limitation, Mr. Greer alleges:

- Mr. Moon and/or his website "stalks" and/or "harasses," ostensibly driving three individuals to suicide. ECF No. 3 at 4, ¶ 14.
- Individuals other than Mr. Moon have called Plaintiff a variety of derogatory names on websites other than Kiwi Farms. *Id*. at ¶ 21.
- Mr. Greer's hair was photoshopped by unknown people for unknown reasons. *Id*. at ¶ 22.
- Other copyrights, for which no relief is sought, have also allegedly been "misused." *Id*. at ¶ 74.
- "Normal, productive people" do not do what "Moon's site does." *Id*. at ¶ 76.

- "[T]he actions and words on that site constitute incitement, hate speech and fighting words, which has made Plaintiff want to physically track down Mr Moon." *Id*. at ¶ 77.

Mr. Greer's allegations seem calculated not only to introduce improper sympathies or biases, but to lead to the introduction of irrelevant and otherwise inadmissible or prejudicial evidence. Fed R. Evid. 403 requires this Court to exclude evidence that is irrelevant or is more prejudicial than probative, including evidence that is calculated to cause "Prejudice, Confusion, [or] Waste of Time." Fed. R. Evid. 404 (a) (1) prohibits using character traits to show that on a particular occasion the person acted in accordance with the character or trait," and Fed. R. Evid. 404 (b) generally prohibits Mr. Greer from introducing evidence of "Crimes, Wrongs, or Acts" other than those which are at issue in his cause of action. Yet by his Complaint, Mr. Greer appears to seek to introduce into this case allegations relating not only to other copyrights, and evidence which he believes will show "what kind of site Kiwi Farms is" in an effort to paint his enemies as bad characters acting consistently with bad character traits, but also evidence of prejudicial "other acts" such as alleged stalking, harassment, name-calling, and hate speech.

This Court should grant the Motion to Strike because this case should be adjudicated on the basis of Mr. Greer's surviving legal claims, and not on the basis of abandoned claims or prejudicial allegations relating to such abandoned claims.

**B) This Court cannot allow Mr. Greer to litigate abandoned claims.**

Mr. Greer briefly nods at the idea that his non-copyright claims may not have truly been abandoned or may be resuscitated. ECF No. 144 at 3. This is incorrect.

Once judgment has been entered by the district court, any issue not raised in an opening appellate brief is deemed waived or abandoned. *Fitzgerald v. Corr. Corp. of Am.*, 403 F.3d 1134, 1146 (10th Cir. 2005). Mr. Greer's abandonment of non-copyright claims is both a part of the law of the case and is *res judicata*. *Robinson v. Volkswagenwerk Ag*, 56 F.3d 1268, 1995 WL 325221, at * 5 (10th Cir. 1995) (holding that res judicata applies not only to issues actually decided by the appellate court, but also to any claims which could have been raised but were not). "The mandate rule is a corollary to the law of the case [doctrine] requiring trial court conformity with the appellate court's terms of remand." *United States v. West*, 646 F.3d 745, 748 (10th Cir. 2011); *Zinna v. Congrove*, 755 F.3d 1177, 1182 (10th Cir. 2014) (holding that the mandate rule "provides that a district court must comply strictly with the mandate rendered by the reviewing court"). Accord. *Huffman v. Saul Holdings Ltd. P'ship*, 262 F.3d 1128, 1132 (10th Cir. 2001)).

It would be inconsistent with the record in this case and with the mandate rule to allow Mr. Greer to expand this case beyond the two counts of contributory copyright infringement which the Tenth Circuit held survived. It is similarly inconsistent to allow Mr. Greer's allegations relating to dismissed counts to survive, in what can only be described as an attempt to smuggle in allegations which are irrelevant to the copyright claims and which are intended to prejudice Mr. Moon. This Court should therefore grant the Motion to Strike.

### IV.     Conclusion

The Court should grant the Motion to Strike and allow this case to proceed based only upon the allegations related to Mr. Greer's book and his song "I Don't Get You,

Taylor Swift."

DATED September 4, 2024

**HARDIN LAW OFFICE**

/s/ Matthew D. Hardin
**Matthew D. Hardin**
Attorney for Defendants

**Certificate of Service**

I hereby certify that a true and correct copy of the foregoing was filed via CM/ECF this 4th day of September, 2024, and that I also deposited a true and correct copy of the same into the U.S. Mail, with First Class Postage prepaid, addressed to the apartment in Las Vegas that Mr. Greer has most recently indicated is his correct address, as listed in ECF No. 132-1 at 3:

Russell Greer
1100 Dumont Blvd.
Apt. 139
Las Vegas, NV 89169

I also emailed a copy of the foregoing to Mr. Greer at an address he has used in correspondence to me, to wit: russmark@gmail.com.

Dated: September 4, 2024

/s/ Matthew D. Hardin
Matthew D. Hardin, D.C. Bar No. 1032711
Hardin Law Office
1725 I Street NW, Suite 300
Washington, DC 20006
Phone: (202) 802-1948
Email: MatthewDHardin@protonmail.com