# THE UNITED STATES DISTRICT COURT

# DISTRICT OF UTAH

| | |
|---|---|
| **RUSSELL G. GREER,**<br><br>Plaintiff,<br><br>v.<br><br>**JOSHUA MOON, publisher of the website Kiwi Farms; and KIWI FARMS, a website,**<br><br>Defendants. | **MEMORANDUM DECISION AND ORDER**<br><br>Case No. 2:24-cv-00421-DBB-JCB<br><br>District Judge David Barlow<br><br>Magistrate Judge Jared C. Bennett |

This case is referred to Magistrate Judge Jared C. Bennett under 28 U.S.C. § 636(b)(1)(B).[1] Before the court are four motions: (1) Defendants Joshua Moon and Kiwi Farms's ("Defendants") motion for joinder of Google as Defendant under Rule 19(a)(1);[2] (2) Defendants' motion for a more definite statement;[3] (3) Defendants' motion to strike selections of pro se Plaintiff Russell G. Greer's ("Mr. Greer") complaint;[4] and (4) Lolcow, LLC, dba Kiwi Farms's ("Lolcow, LLC") motion to intervene/substitute/correct complaint.[5] The court has carefully reviewed the parties' written memoranda. Under DUCivR 7-1(g), the court concludes that oral argument is not necessary and, therefore, decides the motions on the written

---

[1] ECF No. 130. This case originated in this court as Case No. 2:20-cv-00647-DBB-JCB and was transferred to the Northern District of Florida. That district returned it to this court and it was reopened with this case number.

[2] ECF No. 62.

[3] ECF No. 63.

[4] ECF No. 65.

[5] ECF No. 68.

memoranda. For the reasons set forth below, the court denies Defendants' motion for joinder,[6] motion for a more definite statement,[7] and motion to strike[8] and grants Lolcow, LLC's motion to substitute for Defendant Kiwi Farms.[9]

## BACKGROUND

Mr. Greer alleges that Defendants infringed the copyright on his book *Why I Sued Taylor Swift and How I Became Known as Frivolous, Litigious and Crazy*, and his song *I Don't Get You, Taylor Swift*.[10] Mr. Moon operates Kiwi Farms, a website "built to exploit and showcase those [Mr.] Moon and his users have deemed to be eccentric and weird[.]"[11] Mr. Greer's copyrighted material was allegedly posted to Kiwi Farms without his permission.[12] Mr. Greer sent Mr. Moon a takedown notice under the Digital Millennium Copyright Act ("DMCA") requesting that Kiwi Farms take down any posts that infringed on his copyrights.[13] Mr. Moon refused, claiming protection under "fair use," and mocking Mr. Greer's DMCA notice in a thread on Kiwi Farms.[14] As a result, Mr. Greer filed the present action, seeking monetary and injunctive relief for alleged copyright violations, harassment, and various torts. Defendants moved to dismiss the

---

[6] ECF No. 62.

[7] ECF No. 63.

[8] ECF No. 65.

[9] ECF No. 68.

[10] ECF No. 3, ¶¶ 1, 109–14. While alleging contributory infringement of later songs, Mr. Greer only seeks damages for the book and the song *I Don't Get You, Taylor Swift*, as "those works have suffered the most damage." *Id.* at ¶ 114.

[11] *Id.* ¶ 13.

[12] *Id.* ¶ 37–42, 48–53.

[13] *Id.* at ¶¶ 65–66.

[14] *Id.* at ¶¶ 67–71.

complaint.[15] In granting Defendants' motion to dismiss, this court concluded that Mr. Greer failed to state a claim upon which relief can be granted, denied as moot his request for a preliminary injunction,[16] and closed the case.[17] Mr. Greer moved to alter the judgment and reopen the case pursuant to Rule 59(e).[18] The court denied Mr. Greer's motions,[19] and Mr. Greer appealed to the United States Court of Appeals for the Tenth Circuit.[20] On appeal, the Tenth Circuit held that Mr. Greer stated plausible claims of contributory copyright infringement[21] and remanded to this court.[22] Shortly after remand, Defendants filed the instant motions.

## ANALYSIS

Based upon the following analysis, the court (I) denies Defendants' motion for joinder; (II) denies Defendants' motion for a more definite statement; (III) denies Defendants' motion to strike; and (IV) grants Lolcow, LLC's motion to substitute for Defendant Kiwi Farms. Each issue is addressed in order below.

### I. The Court Denies Defendants' Motion for Joinder.

The court denies Defendants' motion for joinder of Google as Defendant under Rule 19. Fed. R. Civ. P. 19(a)(1) states that:

> [a] person who is subject to service of process and whose joinder will not deprive the court of subject-matter jurisdiction must be

---

[15] ECF No. 20.
[16] ECF No. 37.
[17] ECF No. 38.
[18] ECF No. 40.
[19] ECF No. 44.
[20] ECF No. 45.
[21] *Greer v. Moon*, 83 F.4th 1283, 1296 (10th Cir. 2023).
[22] ECF No. 53-1.

> joined as a party if: (A) in that person's absence, the court cannot accord complete relief among existing parties; or (B) that person claims an interest relating to the subject of the action. . . .

The court takes both issues in turn.

### A. Complete Relief is Available to the Existing Parties in Google's Absence.

The court denies Defendants' motion for joinder under Rule 19(a)(1)(A) because complete relief is available to the existing parties despite Google's absence. Defendants characterize Google as the direct infringer of Mr. Greer's copyright in this case because the copy of Mr. Greer's book accessible on Kiwi Farms is a Google Drive link, and, additionally, Mr. Greer alleges individuals are using Google Alerts to prevent anyone from purchasing his song or book.[23] Therefore, Defendants argue that, in Google's absence, the "court cannot accord complete relief among existing parties" because this lawsuit should have been directed at Google, implicates Google, or could expose Google to inconsistent judgments or legal obligations.[24]

However, the Tenth Circuit's discussion of Mr. Moon's alleged conduct disposes of this argument. The Tenth Circuit identifies three elements to a claim of contributory infringement: "(1) direct infringement ('another's infringing activities'); (2) knowledge of direct infringement (the defendant 'knows of the infringement'); and (3) contribution to direct infringement ('the defendant causes or materially contributes')."[25] Thus, "contributory liability attaches when the defendant causes or materially contributes to another's infringing activities and knows of the

---

[23] ECF No. 62 at 6.

[24] *Id.* at 5-6.

[25] *Greer*, 83 F.4th at 1287.

infringement."[26] The Tenth Circuit concluded that Mr. Moon's reposting of Mr. Greer's takedown notices under the DMCA, combined with Mr. Moon's refusal to remove the infringing material from Kiwi Farms, amounted to encouragement of Kiwi Farms users' direct copyright infringement.[27] Without this "encouragement," merely reposting Mr. Greer's intellectual property would not amount to contributory infringement.

In contrast to the "encouragement" discussed in the Tenth Circuit's decision in this case, nothing in Mr. Greer's complaint demonstrates that Google induced or encouraged Kiwi Farms users to infringe on Mr. Greer's copyrighted material. Mr. Greer has not asked Google to remove the Google Drive link, so Google is presumably unaware of the infringement and therefore "merely permits" the infringing material to remain on Google Drive. Contributory liability requires more than copyrighted material appearing on a website.[28] Therefore, Google's inclusion in this action is unnecessary because, based on the facts in Mr. Greer's complaint, if Google were added as a party, Mr. Greer could not state a plausible claim of contributory infringement against Google. Therefore, Google is not a required party under Rule 19(a)(1)(A).[29]

---

[26] *Diversey v. Schmidly*, 738 F.3d 1196, 1204 (10th Cir. 2013).

[27] *Greer*, 83 F.4th at 1295.

[28] *Id.*

[29] Defendants also argue that Mr. Greer's choice not to send Google a DMCA takedown notice undercuts his ability to achieve complete relief in this matter, but, to the extent that Mr. Greer never asks Google to remove the link, this is to his own detriment, and, in the meantime, Defendants could fully comply with the injunctive relief Mr. Greer seeks without Google's consent. Therefore, Mr. Greer's failure to notify Google is of no moment to the Rule 19 inquiry here.

    B.  <u>Google Does Not Have a Claimed Interest in this Action.</u>

The court denies Defendants' motion for joinder because Google does not have a claimed interest in this action under Rule 19(a)(1)(B). Defendants appear to argue that Rule 19(a)(1)(B) requires joinder if the absent party has some potential interest relating to the subject of the action. This is incorrect. Instead, a necessary party under Rule 19(a)(1)(B) must *claim* an interest relating to the subject of the action. Thus, the absent party, (i.e. Google), must be the one claiming the interest. Here, Defendants neither assert that Google claims an interest relating to this action nor that Google itself made such a claim. Therefore, Google is not a required party under Rule 19(a)(1)(B).[30]

## II. The Court Denies Defendants' Motion for a More Definite Statement.

The court denies Defendants' motion for a more definite statement for two reasons. First, this motion is untimely. A Rule 12(e) motion "must be made *before* filing a responsive pleading,"[31] however, on remand, Defendants filed an answer contemporaneously with the motion for a more definite statement.[32] Therefore, Defendants waived their ability to raise arguments under Rule 12(e). Defendants state in their answer that its filing "is not intended to

---

[30] Even if Rule 19(a)(1)(B) applied, Defendants argue that disposing of this action in Google's absence may leave *Google* at substantial risk of incurring inconsistent judgments or legal obligations. ECF No. 62 at 6. However, Rule 19(a)(1)(B)(ii) asks whether Google's absence from this matter would expose an *existing party* to this risk. Defendants have not demonstrated that they would be at risk of incurring inconsistent judgments if Google was not joined. And, contrary to Defendants' argument that Defendants would be required to defend both their actions and those of an alleged direct infringer, but will be forced to do so without evidence that might be available only if Google was a part of this litigation, ECF No. 62 at 7, "a party is not necessary even if the defendant would have to defend the absent party's actions at trial." *Giaguara S.p.A. v. Amiglio*, 257 F. Supp. 2d 529, 541 (E.D.N.Y. Apr. 22, 2003).

[31] Fed. R. Civ. P. 12(e) (emphasis added).

[32] ECF No. 66.

waive any such motion[] . . . [r]ather, Defendants hope that their attempt to [a]nswer the [c]omplaint will serve as an illustration of why the [c]omplaint cries out for a more definite statement."[33] This argument is unavailing. Defendants cannot file a responsive pleading "in the interest of efficiency"[34] and then assert that filing a responsive pleading is impossible without a more definite statement. Indeed, the answer responds to all the allegations in the complaint. Defendants voluntarily waived their ability to file a Rule 12(e) motion and cannot reassert it now.[35]

    Second, even if Defendants had not waived their ability to move for a more definite statement, their motion still fails because there is nothing so vague or ambiguous about Mr. Greer's complaint that precludes Defendants from filing a response, and the Tenth Circuit has narrowed the issues on remand. Rule 12(e) provides that "[a] party may move for a more definite statement of a pleading to which a responsive pleading is allowed but which is so vague or ambiguous that the party cannot reasonably prepare a response." Rule 8(a)(2) requires notice pleading in the form of a short and plain statement of the claim showing that the pleader is entitled to relief. Accordingly, motions for a more definite statement are generally disfavored.[36] "Rule 12(e) is designed to correct pleadings that are unintelligible not merely to correct a

---

[33] *Id.* at 1 n.1.

[34] *Id.*

[35] "[W]aiver is accomplished by intent . . . . We typically find waiver in cases . . . where a party attempts to reassert an argument that it previously raised and abandoned below." *United States v. Zubia-Torres*, 550 F.3d 1202, 1205 (10th Cir. 2008).

[36] *Rubber Holding Co., LLC v. Christensen*, No. 2:17-CV-00678-DN, 2021 WL 1171781, at *3 (D. Utah Mar. 28, 2021); *see also Swig Holdings, LLC v. Sodalicious, Inc.*, No. 2:15-CV-00307-DAK, 2015 WL 5999896, at *1 (D. Utah Oct. 14, 2015).

claimed lack of detail."[37] "[T]he standard to be applied [in evaluating a Rule 12(e) motion] is whether the claims alleged are sufficiently specific to enable a responsive pleading in the form of a denial or admission."[38]

The Tenth Circuit's prior decision is again illustrative on this point too. The Tenth Circuit noted that if it could "reasonably read the pleadings to state a valid claim on which [Mr. Greer] could prevail" the court would do so "despite [Mr. Greer's] failure to cite proper legal authority, his confusion of various legal theories . . . or his unfamiliarity with pleading requirements."[39] Construing Mr. Greer's pro se complaint liberally and drawing all reasonable inferences in Mr. Greer's favor, the Tenth Circuit found Mr. Moon's alleged conduct to fit within the court's understanding of a material contribution cause of action.[40] Defendants clearly understood the causes of action in the complaint well enough to move to dismiss them, and the Tenth Circuit was able to understand the complaint's allegations well enough to say that one of its causes of action should have survived Defendants' motion to dismiss before the district court. Given Defendants' and the Tenth Circuit's understanding of Mr. Greer's complaint, the factual deficiencies Defendants assert in the complaint fail to rise to the level of requiring a more definite statement.[41]

---

[37] *Swig Holdings*, 2015 WL 5999896, at *1.

[38] *Rubber Holding Co.*, 2021 WL 1171781, at *3.

[39] *Greer*, 83 F.4th at 1292 (citing *Hall* v. *Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991)).

[40] *Id.* at 1295.

[41] Additionally, Defendants' assertion that "Mr. Greer's complaint is replete with paragraphs alleging unclear actions by unspecified actors," ECF No. 63 at 2, and, therefore, Mr. Greer should be required to explain who these users are is not well-taken. Mr. Greer is not required to identify those who have directly infringed on his copyright to state plausible claims of

### III. The Court Denies Defendants' Motion to Strike.

The court denies Defendants' motion to strike for two reasons. First, for the same reasons discussed above, this motion is untimely. A Rule 12(f) motion must be filed "before responding to the pleading."[42] Therefore, Defendants' Rule 12(f) arguments have been waived.

Second, even if Defendants had not waived the ability to file a motion to strike Mr. Greer's complaint, the material in Mr. Greer's complaint is not the kind of matter subject to striking under Rule 12(f). Under Rule 12(f), a court "may strike from a pleading . . . any redundant, immaterial, impertinent, or scandalous matter." Motions to strike are generally "viewed with disfavor . . . and are infrequently granted."[43] Defendants request that the court strike material in the complaint unrelated to purported copyright infringement[44] and material intended to "smear" Defendants.[45] The court denies this request because the contested paragraphs in Mr. Greer's complaint[46] are not immaterial, impertinent, or scandalous.

Matters may be stricken under Rule 12(f) as immaterial "if they have no possible bearing on the controversy."[47] "Stated another way, immaterial matter is that which has no essential or important relationship to the claim for relief or the defenses being pleaded, or a statement of

---

contributory copyright infringement against Defendants. Accordingly, the information Defendants seek is irrelevant to Mr. Greer's claims.

[42] Fed. R. Civ. P. 12(f)(2).

[43] *United States v. Patriot Ordnance Factory USA Mach. Gun*, 378 F. Supp. 3d 1099, 1101 (D. Utah May 1, 2019) (citation omitted).

[44] ECF No. 65 at 2.

[45] *Id.* at 6.

[46] ECF No. 3, ¶¶ 14, 15, 18, 19, 20, 21, 22, 24, 28, 29, 30, 31, 32, 33, 34, 35, 36, 45, 46, 47, 67, 72, 74, 76, 77, 78.

[47] *Jenkins v. City of Las Vegas*, 333 F.R.D. 544, 547-48 (D.N.M. Oct. 23, 2019).

unnecessary particulars in connection with and description of that which is material."[48] "If evidentiary facts are pleaded, and they aid in giving a full understanding of the complaint as a whole, they need not be stricken."[49] However, an allegation is considered prejudicial when it "confuses the issues or is so lengthy and complex that it places an undue burden on the responding party."[50] "Any doubt as to the utility of the material to be stricken should be resolved against the motion to strike."[51] Similarly, "[i]mpertinent matter consists of statements that do not pertain, and are not necessary, to the issues in question."[52] "In fact, immaterial and impertinent matters often overlap considerably."[53]

Lastly, scandalous matter that will be stricken under Rule 12(f) "is that which improperly casts a derogatory light on . . . a party to the action. It is not enough that the matter offends the sensibilities of the objecting party if the challenged allegations describe acts or events that are relevant to the action."[54] "If the unflattering or negative information does not rise to the level of degrading any party's moral character, it is not scandalous under Rule 12(f)."[55]

---

[48] *Id.*

[49] *Nwakpuda v. Falley's, Inc.*, 14 F. Supp. 2d. 1213, 1215-16 (D. Kan. July 10, 1998).

[50] *MEMdata, LLC v. Intermountain Healthcare, Inc.*, No. 2:08-CV-190-TS-PMW, 2009 WL 10689800, at *1 (D. Utah Apr. 8, 2009) (quotations and citations omitted).

[51] *Nwakpuda*, 14 F. Supp. 2d at 1215.

[52] *Jenkins*, 333 F.R.D. at 548 (quotations and citation omitted).

[53] *Id.*

[54] *Sundance Servs., Inc. v. Roach*, No. 10-110-JP-CEG, 2011 WL 13285462, at *2 (D.N.M. June 2, 2011) (quoting 5C Charles Alan Wright & Arthur R. Miller, Fed. Prac. & Proc. Civ. § 1382 (3d ed.)).

[55] *Equity Funding, LLC v. McNeill*, No. CIV-21-00042-JWD, 2024 WL 2275236, at *4 (E.D. Okla. May 20, 2024).

The court concludes that the contested paragraphs are neither scandalous nor immaterial. As to scandalousness, these allegations do not rise to the level of degrading Defendants' moral character—if a website and its LLC owner can even be said to have a "character" at all—because most are statements about actions taken by unidentified Kiwi Farms users, not actions taken directly by Defendants. Further, the allegations that implicate Mr. Moon, although unflattering, are not scandalous. Instead, and as to materiality, the paragraphs that Defendants challenge are either directly relevant to Mr. Greer's contributory infringement claims[56] or are pertinent to understanding the type of user activity that occurs on the Kiwi Farms website and thus provide a fuller understanding of the complaint. Defendants' claim of prejudice is unpersuasive and conclusory. Therefore, the court denies Defendants' motion to strike.

## IV. The Court Grants Lolcow, LLC's Motion to Substitute.

The court grants Lolcow, LLC's motion to intervene/substitute/correct complaint, construing the motion as a motion to substitute Lolcow, LLC as Defendant in place of the misnomer Kiwi Farms. Kiwi Farms, as a website, is not a legal entity capable of being sued.[57] Lolcow, LLC represents it does business as Kiwi Farms and is the intended Defendant in this

---

[56] *See, e.g.*, ¶¶ 46, 47, 67, 72, 74, 78.

[57] Cf. *Schiavone v. Fortune*, 477 U.S. 21 (1986) (holding that Fortune magazine is a trademark, not a legal entity that could be sued); *Teamsters Loc. Union No. 727 Health & Welfare Fund v. L & R Grp. of Cos.*, 844 F.3d 649, 651 (7th Cir. 2016) ("You can't sue a 'rubric' any more than you could sue the Chicago River or the Magnificent Mile as a proxy for the City of Chicago."); *Gerardy v. Seventh Dist. Ct.*, No. 2:17-CV-945 RJS, 2019 WL 1979665, at *2 (D. Utah May 3, 2019) (holding that a plaintiff cannot sue a state court).

matter.[58] Mr. Greer did not oppose Lolcow, LLC's motion.[59] Accordingly, the court corrects this misnomer and substitutes Lolcow, LLC as Defendant in this matter.[60]

---

[58] ECF No. 68 at 1.

[59] *See* DUCivR 7-1(f). "Except as provided in DUCivR 56-1(f), failure to respond timely to a motion may result in the court granting the motion without further notice."

[60] Lolcow, LLC states that this court may correct the misnomer under Rule 21, 24, or 25. However, none of these rules cover the situation in this case. Therefore, the court applies its inherent power and Rule 83 to grant this relief in a way not inconsistent with the Federal Rules. *See, e.g.*, *Campos v. Las Cruces Nursing Ctr.*, 828 F. Supp. 2d 1256, 1272-73 (D.N.M. Sept. 30, 2011) ("Instead of requiring the Plaintiffs to file another amended [c]omplaint, the [c]ourt, under its inherent authority pursuant to Fed. R. Civ. P. 83 and because the Defendants have acknowledged that the proper naming of the Defendant should be THI of New Mexico at Las Cruces, LLC d/b/a Las Cruces Nursing Center, will substitute the name THI of New Mexico at Las Cruces, LLC d/b/a Las Cruces Nursing Center as the employer-Defendant in this matter."); *see also Van Bronkhorst v. Safeco*, 529 F.2d 943, 951 (9th Cir. 1976) ("The hands of the District Court were not fettered by the lack of an explicit rule specifically covering the present situation because, pursuant to the court's inherent power and Fed.R.Civ.P. 83, 'when there is no Federal Rule, and no local rule, the court may fashion one not inconsistent with the Federal Rules.'").

## CONCLUSION AND ORDER

Based upon the foregoing analysis, the court HEREBY ORDERS:

1. Defendants' motion for joinder[61] is DENIED.

2. Defendants' motion for a more definite statement[62] is DENIED.

3. Defendants' motion to strike[63] is DENIED.

4. Lolcow, LLC's motion to substitute[64] is GRANTED.

IT IS SO ORDERED.

DATED this 19th day of September 2024.

BY THE COURT:

JARED C. BENNETT
United States Magistrate Judge

---

[61] ECF No. 62.
[62] ECF No. 63.
[63] ECF No. 65.
[64] ECF No. 68.