**Matthew D. Hardin (pro hac vice)**
**HARDIN LAW OFFICE**
1725 I Street NW, Suite 300
Washington, DC 20006
Telephone: (202) 802-1948
Email: MatthewDHardin@gmail.com
*Attorney for Defendants*

---

THE UNITED STATES DISTRICT COURT
DISTRICT OF UTAH

| | |
|---|---|
| RUSSELL GREER,<br><br>       Plaintiff,<br><br>v.<br><br><br>JOSHUA MOON, *et al.*<br><br>       Defendant. | **DEFENDANTS' RESPONSE TO MINUTE ORDER DATED SEPTEMBER 19, 2024**<br><br>Case No. 2:24-cv-00421-DBB<br><br>District Judge David Barlow<br>Magistrate Judge Jared C. Bennett |

NOW COME the Defendants, by and through undersigned counsel, and file this response to the Court's Minute Order dated September 19, 2024.

1. This Court entered an order on December 30, 2020 and January 4, 2024, requiring, among other things, that "Plaintiff(s) must propose a schedule to Defendant(s) in the form of a draft Attorney Planning Meeting Report within 14 days after the first answer to the complaint is filed." ECF Nos. 12 at 1 and 60 at 1.

2. Defendants first noted Mr. Greer's noncompliance with this Court's scheduling order by way of a motion filed February 22, 2024. ECF No. 92. Defendants thereafter raised the issue again on March 21, 2024, requesting a scheduling conference. ECF No. 101.

3. On September 19, 2024, the Court entered a Minute Order requiring "the parties to comply [with the Order to Propose Schedule at ECF No. 60] within 14 days

after the date of this order." Undersigned counsel has made numerous efforts to comply with this Court's order. Despite counsel's efforts, Mr. Greer has never provided a draft report, and undersigned counsel and Mr. Greer have therefore not even been able to begin the process this court required in paragraph 1 of its scheduling order. ECF No. 60, ¶ 1 ("Plaintiff(s) must propose a schedule to Defendant(s) in the form of a draft Attorney Planning Meeting Report within 14 days after the first answer to the complaint is filed.").

    a. Evidence of Mr. Moon's earlier attempts to comply, and Mr. Greer's response, is filed at ECF Nos. 75-1 (undersigned counsel requesting a draft report from Mr. Greer) and 75-2 (Mr. Greer's response), 92 (Motion to Compel Mr. Greer's Compliance).

    b. Since the Minute Order dated September 19, 2024, and despite it being Plaintiff's obligation to prosecute his own case, undersigned counsel again reached out to Mr. Greer to request a schedule. On September 23, 2024, undersigned counsel wrote to Mr. Greer that "Per the below [Minute Order], and as requested in my email to you dated January 17, 2024, I again write to ask for your proposed schedule. Alternatively, if you would like to mediate this dispute with the Copyright Claims Board (https://www.ccb.gov/access-a-claim/) instead of continuing through the Court process, I am authorized to engage with that process." Exhibit A.

    c. Mr. Greer's first response, on September 23, 2024 was "Ok, I will have to look at a sample schedule to draft it out. Give me a few." Exhibit B.

    d. Five days later, on September 28, 2024, Mr. Greer wrote "Since most of the motions you filed have been decided, what exactly are we trying to schedule? That's where I'm confused." Exhibit C. Mr. Greer later sent another email in response to his own, earlier email, stating "I realize in my complaint I didn't request a jury, but would you be open to this going to a trial, either by bench or by jury? If so, I guess the schedule can be based around that." Exhibit C-1.

    e. On September 28, 2024, undersigned counsel wrote back to Mr. Greer, as follows:

> "The draft attorney planning report listing the items that need to be scheduled was referred to in the original scheduling order from when your case first started, and is available online here: https://www.utd.uscourts.gov/sites/utd/files/attymtg.pdf.
>
> You should send me a draft version of the report with your position on all issues contained in the report and all dates you want inserted into the report, and I will counter with Defendants' position on these issues and Defendants' position on dates. If we cannot agree, the Court has a procedure where it will resolve the areas of disagreement. As yet, because I have not seen your draft report, I have no idea if we agree or disagree.

Exhibit D.

    f. Undersigned counsel received no response to his September 28 email to Mr. Greer, and therefore wrote again on October 1, 2024, stating "I write to

      again inquire as to your proposed schedule for this case. I note that 14 days will elapse from the Minute Order dated September 19 on October 3, but that we cannot respond to whatever you propose if you do not send it to us well in advance of October 3." Exhibit E.

   g. On October 2, 2024, Mr. Greer sent an email to undersigned counsel stating that "My father is in the ICU. Please give me a few." Exhibit F. Mere hours later, Mr. Greer sent an (extortionate and already rejected) "settlement" demand, but not a draft schedule. Exhibit G. Within minutes, undersigned counsel again replied to make plain that there will be no settlement on Mr. Greer's proposed grounds, and requested a draft schedule. Addfitionally, Defendants even offered their consent to a motion by Mr. Greer for an extension of time to propose a schedule. Exhibit H. Yet as of this filing, Mr. Greer has not responded.

4. Mr. Greer's apparent position from his Rule 26 disclosures is that he has no documents or tangible evidence to produce which are relevant to any contributory copyright claim against Mr. Moon or Lolcow, LLC. ECF No. 127-1 ("There are not any documents in Plaintiff's possession that would need to be provided to Defendants' counsel"). If this is indeed Mr. Greer's position, Mr. Moon is inclined to forego written discovery and to only insist that any items not produced or disclosed should be inadmissible at any eventual trial. If at any point Mr. Greer intends to introduce written evidence or tangible proof, however, Mr. Moon believes that written discovery will be necessary and likely voluminous in light of Mr. Greer's extensive litigation history. Regardless of the position Mr.

> Greer takes as to written discovery, Mr. Moon believes that depositions will be necessary and that such depositions may need to exceed the ordinary timeframes in light of that nature of Mr. Greer's claims and Mr. Greer's inability to focus on any discrete issues or relevant claims and his tendency to require exploration of tangential issues that an ordinary witness or claimant would not. Moreover, because of Mr. Greer's extensive history of litigation in state and federal courts nationwide, including varying claims to damages and as to his own capacity to earn and any impediments to his earning capacity, a deposition of Mr. Greer himself would likely be lengthy.

5. Defendants cannot prosecute this case for Mr. Greer. Because Mr. Greer has not established his own position on any discovery or scheduling requirements, even after Defendants have helpfully provided Mr. Greer with a blank copy of the planning report from this Court's own website, the Defendants also cannot react to any position Mr. Greer might take. Defendants' position is that this case should be dismissed for want of prosecution. In the event that this Court is not willing to dismiss due to Mr. Greer's continuing noncompliance with the basic scheduling requirements over the past four years that this case has been pending, this Court should hold a scheduling conference. Regretfully, Defendants cannot comply with ¶ 3 of the Scheduling Order in seeking such a conference, ECF No. 60 at 2, because of Mr. Greer's failure to establish his position on any relevant issues in this case.

6. It is Defendants' goal to conclude this litigation as expediently as possible, but based on the Plaintiff's behavior to date, it is difficult to imagine how discovery

will progress in a successful or expeditious manner when Plaintiff must continuously be asked to litigate, and Plaintiff's own disclosures at ECF 127-1 appear to indicate that the Plaintiff either refuses to comply with the discovery process or believes that there is no relevant information that could possibly come out of the discovery process. In this posture, Defendants can only indicate that they will of course continue to make efforts to comply with any order the Court might impose, but that they cannot guarantee similar compliance from the Plaintiff.

DATED October 3, 2024

                                          **HARDIN LAW OFFICE**

                                          */s/ Matthew D. Hardin*
                                          **Matthew D. Hardin**
                                          Attorney for Defendants

**Certificate of Service**

I hereby certify that a true and correct copy of the foregoing motion was filed via CM/ECF this 3rd day of October, 2024, and that I also deposited a true and correct copy of the same into the U.S. Mail, with First Class Postage prepaid, addressed to the apartment in Las Vegas that Mr. Greer has most recently indicated is his correct address, as listed in ECF No. 132-1 at 3:

>Russell Greer
>1100 Dumont Blvd.
>Apt. 139
>Las Vegas, NV 89169

I also emailed a copy of the foregoing to Mr. Greer at an address he has used in correspondence to me, to wit: russmark@gmail.com.

Dated: October 3, 2024

>/s/ Matthew D. Hardin
>Matthew D. Hardin, D.C. Bar No. 1032711
>Hardin Law Office
>1725 I Street NW, Suite 300
>Washington, DC 20006
>Phone: (202) 802-1948
>Email: MatthewDHardin@gmail.com