FILED
2024 OCT 4 AM 10:00
CLERK
U.S. DISTRICT COURT

Russell Greer
1100 Dumont Blvd
Apt 139
Las Vegas, NV 89169
801-895-3501
russmark@gmail.com
Pro Se Litigant

# IN THE UNITED STATES DISTRICT COURT

# DISTRICT OF UTAH

| | |
|---|---|
| **RUSSELL GREER,**<br><br>     Plaintiff<br><br>v.<br><br>**JOSHUA MOON ET AL**,<br><br>     Defendants | **PLAINTIFF'S REQUEST FOR JUDICIAL NOTICE**<br><br>Case No.: 3:24-cv-00065<br>2:24CV421 |

1

In accordance with FRCP 201, Plaintiff Russell Greer requests the Court take judicial notice of the 2nd Circuit case, *Hachette Book Group, Inc. v. Internet Archive*, No. 23-1260 (2d Cir. 2024).

In *Hachette,* the 2nd Circuit affirmed the finding that the Internet Archive did not have a valid claim for fair use — which Moon and his LLC are hanging their hats on. The 2nd Circuit case mirrors this present case because Kiwi Farms essentially archives everything about their targets (whom the Kiwi Farm users dub "Lolcows"), with pages and pages of information from everything concerning a target's family to, as seen in this case, a target's copyrights — all whom Moon provides to his users for free.

Although this Court is not bound by the 2nd Circuit, the case of *Hachette* is helpful to show how another circuit very recently has handled claims of fair use coming from a site that archives and stores copyrights of authors for its users to read.

## JUDICIAL NOTICE STANDARDS

Under Utah and 10th Circuit case law, a district court "may take notice of proceedings in other courts, both within and without the federal judicial system, if those proceedings have a direct relation to matters at issue." *St. Louis Baptist Temple, Inc. v. Fed. Deposit Ins. Corp.*, 605 F.2d 1169, 1172 (10th Cir. 1979).

### How the *Hachette* Case is Persuasive

The *Hachette* case is important and persuasive for the most important reason that truly resonates with this present case: wholesale copying of works into massive databases is not automatically fair use, even when a defendant offers the works for free — like Mr. Moon is doing with his Kiwi Farms site.

The 2nd Circuit addressed each prong of the Internet Archive's fair use defense, which Plaintiff will recite here.

1. **The purpose and character of the use.**

The Internet Archive argued that its Free Digital Library is transformative because the library makes "lending more convenient and efficient" and "delivers the work to one already entitled to view it—the one person borrowing the book at a time."

The Second Circuit found the Internet Archive's Free Digital Library did not add something new to the original works and the Free Digital Database substitutes for the original copyrighted works. Instead, the Second Circuit found that the Internet Archive's digitized Free Library merely creates derivative works and offers no efficiencies beyond those that the copyright owners already offer through their own e-book offerings.

Compare this to the Kiwi Farms site. Moon is allowing users to download the copyrights of "Lolcows". Moon is allowing this clearly out of hatred and spite, given how he puts legal notices "in the dumpster". Moon makes money from his website of exploiting his victims, through donations and sponsorships, so there is a commercial incentive to allow copyright infringement of his targets.

The Internet Archive on the other hand was allowing infringing downloads, yes, but it also appears that IA would remove copyrights when requested (such as the removal of Grateful Dead music). See: *Wrath of Deadheads Stalls a Web Crackdown.* The New York Times. (2005). (https://en.m.wikipedia.org/wiki/Internet_Archive). Moon postures that he only removes "famous" works, yet as the 10th Circuit in this case pointed out, the Copyright Act doesn't distinguish between "famous" and "non-famous". *Greer v. Moon,* 83 F. 4th 1283 (10th Cir. 2023) (not actually in the published opinion , but was discussed in oral arguments). Truthfully, Greer's works would be famous if he wasn't being sabotaged by Joshua Moon.

2. **The nature of the copyrighted work**

3

The IA next tried to argue that some of the copyrights were non-fiction, so there was no infringement.

The Second Circuit rejected the argument, noting that even the nonfiction books in Internet Archive's database contained original expression "close to the core of intended copyright protection."

Likewise, while Greer's song and book about Swift were based on true experiences, they contained original expression and therefore, Moon has no leg to stand on with that defense either.

3. **The amount and substantiality of the use**

The Second Circuit then found the Internet Archive copied the entirety of each copyright work. While complete copying does not automatically weigh against fair use, the Court found it highly significant that Internet Archive copies the works in their entirety *and makes them available in their entirety to the public.*

Comparing to Kiwi Farms, Moon makes all copyrights, in their entirety, available to anyone who creates a free account on his website. Greer created a free account on Kiwi Farms and was able to download his copyrights in their full. So Moon has no leg to stand on with that either.

4. **The effect of the use on the market**

Finally, the Second Circuit noted that Internet Archive's Free Digital Library not only serves as a substitute for the copyrighted works, but also is *intended* to do so. Because Internet Archive "appropriates" the copyrighted works without paying the customary licensing fee, the copyright holders suffered market harm. Moreover, unrestricted and widespread conduct of the type in which Internet Archive engages would have an adverse impact on the potential market for the copyrighted works.

Additionally, the Second Circuit inquired into whether the public benefits from the Free Digital Library outweigh the harm to the Plaintiffs' market. The Court concluded that both the

Plaintiffs *and* the public would benefit from a finding that Internet Archive does *not* make fair use of Plaintiffs' works. The Second Circuit found that any copyright infringer may claim to benefit the public by increasing access to the copyrighted work and thus a finding of fair use would impede the purposes of the Copyright Act by depriving authors of fair compensation and thus discouraging them from producing new expressive works. Thus, the fourth factor weighed in favor of Plaintiffs and against the IA. Not Just Your Neighborhood Library: Second Circuit Rejects Argument that Internet Archive's E-book Database Is Fair Use. Msk.com (2024). (https://www.msk.com/newsroom-alerts-hachette-ia-case).

Turning to the present case, Kiwi Farms intends to rob Plaintiff of money, with Moon's users openly conspiring to deprive Greer of money, a fact the 10th Circuit addressed. *Greer v. Moon,* 83 F. 4th 1283 (10th Cir. 2023) (Uploading Greer's copyrighted materials with the explicit goal of avoiding anyone "accidentally giv[ing] [Mr. Greer] money." RI.20. Further infringement followed—encouraged, and materially contributed to, by Mr. Moon.). Moons users have branched off the KF Site and posted links to various other sites, like Goodreads, telling people to save "your quid" and directing them to Kiwi Farm.

The Kiwi Farms users have shouted and screamed and commented on all areas of the internet, bringing up decade old things in Plaintiff's life, to discourage people from giving Greer money or from building up a fan base. There are YouTube videos about Greer from very vicious individuals, who are Kiwi Farm adherents, and who pick apart every mistake Greer has ever made. With Moon defending this case so vehemently, it has inspired some of his users to ***pretend to be Plaintiff*** and try getting money from Greer's copyrights under the guise of fair use. Plaintiff now has to waste even more time tracking these newly sprouted up infringers down.

The market for Plaintiff is dead now because Joshua Connor Moon has created a toxic online platform that targets strangers and that's not fair. It's not fair that Plaintiff can't "opt out" of being on Kiwi Farms and just move on with his life. There is no fair use.

**Conclusion**

Although the Second Circuit has no binding effect on the District of Utah, the Court should take notice and see that a famous archive site was found to have no valid claim to fair use, even though it may provide copyrights for free to the public.

The *Hachette* case should help this Court find that Joshua Moon and Lolcow LLC have no valid claim to fair use. There just is no possible way, especially since Kiwi Farms was built upon exploiting strangers, whereas the Internet Archive wasn't built for that purpose and was found liable for copyright infringement.

Respectfully

DATED: September 10th, 2024

Russell Greer

Pro Se

## **CERTIFICATE OF SERVICE:**

Pursuant to FRCP 5(b), I certify that on October 4th, 2024, I served a true and correct copy of the attached document by E-filing through the Court to Mathew Hardin.