# THE UNITED STATES DISTRICT COURT

# DISTRICT OF UTAH

| | |
|---|---|
| **RUSSELL G. GREER,** <br><br> Plaintiff, <br><br> v. <br><br> **JOSHUA MOON, publisher of the website Kiwi Farms; and LOLCOW LLC,** <br><br> Defendants. | **ORDER TO SHOW CAUSE** <br><br> Case No. 2:24-cv-00421-DBB-JCB <br><br> District Judge David Barlow <br><br> Magistrate Judge Jared C. Bennett |

This case was referred to Magistrate Judge Jared C. Bennett under 28 U.S.C. § 636(b)(1)(B).[1] For the reasons explained below, the court orders pro se Plaintiff Russell G. Greer ("Mr. Greer") to show cause why this case should not be dismissed for lack of prosecution. Specifically, despite several court orders instructing him to do so, Mr. Greer has failed to propose a litigation schedule according to the requirements of the Order to Propose Schedule.

## BACKGROUND

The procedural history of this case is important in understanding Defendants' repeated grievances about a lack of scheduling order in this four-year-old matter.[2] Mr. Greer filed his complaint on September 24, 2020.[3] On December 30, 2020, the court entered its first Order to

---

[1] ECF No. 130. This case originated in this court as Case No. 2:20-cv-00647-DBB-JCB and was transferred to the Northern District of Florida. That district returned it to this court and it was reopened with this case number.

[2] ECF No. 74; ECF No. 92; ECF No. 101; ECF No. 154.

[3] ECF No. 3.

Propose Schedule, which set forth certain requirements for scheduling in this case.[4] Defendants soon moved to dismiss the complaint.[5] The court granted Defendants' motion to dismiss, denied as moot Mr. Greer's request for a preliminary injunction,[6] and closed the case.[7] Mr. Greer moved to alter the judgment and reopen the case pursuant to Rule 59(e).[8] The court denied Mr. Greer's motions,[9] and Mr. Greer appealed to the United States Court of Appeals for the Tenth Circuit.[10] On appeal, the Tenth Circuit held that Mr. Greer stated plausible claims of contributory copyright infringement[11] and remanded to this court.[12]

Shortly after remand, Defendants moved for a scheduling order or initial scheduling conference.[13] In response, the court issued a new Order to Propose Schedule.[14] The court's Order to Propose Schedule required: (1) Mr. Greer to propose a schedule to Defendants in the form of a draft Attorney Planning Meeting Report ("APMR") within 14 days after Defendants filed their answer; (2) the parties to conduct their planning conference under Fed. R. Civ. P. 26(f) within 14 days after Mr. Greer provided Defendants with a draft APMR; and (3) the parties to file a motion

---

[4] ECF No. 12.
[5] ECF No. 20.
[6] ECF No. 37.
[7] ECF No. 38.
[8] ECF No. 40.
[9] ECF No. 44.
[10] ECF No. 45.
[11] *Greer v. Moon*, 83 F.4th 1283, 1296 (10th Cir. 2023).
[12] ECF No. 53-1.
[13] ECF No. 55.
[14] ECF No. 60.

regarding scheduling within 35 days after Defendants filed their answer.[15] Given that Defendants' answer was filed on January 17, 2024, the deadline for the parties' motion concerning scheduling was February 21, 2024. On February 1, 2024, Defendants filed a Notice Regarding Scheduling, explaining that they had yet to receive a draft APMR from Mr. Greer.[16] Mr. Greer filed a response to this Notice indicating that he would send Defendants a draft APMR by February 8, 2024.[17] However, instead of proposing a schedule to Defendants, Mr. Greer filed a motion to stay this case,[18] which the court denied.[19] The court granted Defendants' motion to transfer venue[20] and this case was transferred to the Northern District of Florida.[21] The case was later transferred back to this court.[22] After resolving pending motions filed by Defendants prior to the transfer,[23] the court once again ordered the parties to comply with the Order to Propose Schedule by October 3, 2024.[24]

As of the date of this order to show cause, this deadline has expired, and the parties have not complied with the requirements of the Order to Propose Schedule. Mr. Greer has not moved for an extension of the deadline to do so. Additionally, Defendants have provided the court with

---

[15] ECF No. 6.
[16] ECF No. 74; ECF No. 75.
[17] ECF No. 76.
[18] ECF No. 77.
[19] ECF No. 96.
[20] ECF No. 97.
[21] ECF No. 98.
[22] ECF No. 128.
[23] ECF No. 152.
[24] ECF No. 153.

recent email exchanges demonstrating Defendants' unsuccessful attempts to secure a draft APMR from Mr. Greer.[25]

### ORDER

Mr. Greer has the burden to prosecute this case. Based on the procedural history of this case, the court concludes Mr. Greer has failed to fulfill his basic duty of proposing a schedule. Therefore, the court HEREBY ORDERS Mr. Greer to show cause why this case should not be dismissed for lack of prosecution.[26] Mr. Greer must file a response to this order to show cause on or before October 21, 2024, to inform the court of the status of this case and his intentions to proceed. Failure to do so will result in dismissal of this case.[27]

IT IS SO ORDERED.

DATED this 7th day of October 2024.

BY THE COURT:

_____
JARED C. BENNETT
United States Magistrate Judge

---

[25] ECF No. 154.

[26] DUCivR 41-2 ("At any time, the court may issue an order to show cause requiring a party seeking affirmative relief to explain why the case should not be dismissed for lack of prosecution.").

[27] *Id*. ("If the party does not show good cause, a district judge or a magistrate judge presiding by consent may enter an order of dismissal. The dismissal may be with or without prejudice, as the court deems proper.").