**Matthew D. Hardin (pro hac vice)**
**HARDIN LAW OFFICE**
1725 I Street NW, Suite 300
Washington, DC 20006
Telephone: (202) 802-1948
Email: MatthewDHardin@gmail.com
*Attorney for Defendants*

THE UNITED STATES DISTRICT COURT
DISTRICT OF UTAH

| | |
|---|---|
| RUSSELL GREER, <br><br> Plaintiff, <br><br> v. <br><br><br> JOSHUA MOON, *et al.* <br><br> Defendant. | **DEFENDANTS'** *CORRECTED* **RESPONSE TO MR. GREER'S FILING AT ECF NO. 161** <br><br> Case No. 2:24-cv-00421-DBB <br><br> District Judge David Barlow <br> Magistrate Judge Jared C. Bennett |

NOW COME the Defendants, by and through undersigned counsel, and file this response to the Plaintiff's Response to the Order to Show Cause at ECF No. 161.

I.  **Introduction**

Mr. Greer was ordered to show cause why this case should not be dismissed for failure to prosecute.[1] In response, Mr. Greer has failed to show good cause,[2] and has failed yet again to comply with this Court's order to propose a schedule to undersigned counsel and to follow the basic conferral requirements to set this case on track to an orderly and expeditious adjudication.[3] Mr. Greer has defended his decision to use

---

[1] ECF No. 160.
[2] ECF No. 161 (stating generally that Plaintiff has had an awful year, that it would be "distressing" for a case to be dismissed after an appellate court ruled that a claim had been stated under Fed. R. Civ. P. 12, that Defendants are bad people, and that the American public is not "smart enough" to decipher sources).
[3] ECF No. 163 (Mr. Greer claims he has brought himself into compliance with this Court's orders, but he has instead filed documents falsely purporting to represent the position of the Defendants on numerous material issues without their consent).

profanity in conferrals with counsel and to engage in *ad hominem* attacks against both defense counsel and his clients.[4] Worse, Mr. Greer has filed documents purporting to represent the joint position of the parties without even consulting with the Defendants, much less obtaining the Defendants' consent for such filings.[5] This has only increased the already voluminous prejudice to the Defendants arising from Mr. Greer's litigation tactics, as Defendants have had to file on an emergency basis a Notice making clear that documents fraudulently filed with this Court and purporting to represent the position of the Defendants are not in any respect accurate.[6]

## II. Standard of Review

As this Court recently held in dismissing another pro se Plaintiff's Complaint for failure to prosecute:

> Fed. R. Civ. P. 41(b) provides that "[i]f the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it." Additionally, Rule 41(b) "has long been interpreted to permit courts to dismiss actions sua sponte for a plaintiff's failure to prosecute or comply with the rules of civil procedure or court's orders." A court's authority "to dismiss sua sponte for lack of prosecution has generally been considered an 'inherent power,' governed not by rule or statute but by the control necessarily vested in courts to manage their own affairs so as to achieve the orderly and expeditious disposition of cases." Further, "[a] district court undoubtedly has discretion to sanction a party for failing to prosecute . . . a case, or for failing to comply with local or federal procedural rules. Such sanctions may include dismissing the party's case with prejudice…"

---

[4] ECF No. 159 (Mr. Greer claims undersigned counsel is "juvenile" for explaining Defendants' efforts to comply with this Court's order on the deadline to comply with this Court's order, claims that referring to undersigned counsel as "buddy boy" and Mr. Greer's use of the word "f[***]ing" on two occasions in one email to opposing counsel was mere "colorful language").

[5] ECF No. 162-1 (purporting to represent the joint position of the parties), *contra*. ECF No. 163 (noting that Defendants had never even seen, much less agreed to, Mr. Greer's proposed report.

[6] ECF No. 163 was filed within minutes of undersigned counsel's receipt of the Notice of Electronic filing for ECF No. 162-1, because undersigned counsel reasonably feared that this Court would accept Mr. Greer's fraudulent and false representations that he had the consent of undersigned counsel to make that filing.

*Biers v. Dentons United States LLP*, No. 2:22-cv-00298-HCN-JCB, 2024 U.S. Dist. LEXIS 138721, at *10-11 (D. Utah May 30, 2024), citing *Olsen v. Mapes*, 333 F.3d 1199, 1204 n.3 (10th Cir. 2003), *Link v. Wabash R.R. Co.*, 370 U.S. 626, 630-31, 82 S. Ct. 1386, 8 L. Ed. 2d 734 (1962), and *Reed v. Bennett*, 312 F.3d 1190, 1195 (10th Cir. 2002).

### III. Argument

Mr. Greer has not shown good cause not to dismiss this suit due to his own actions and inactions, including his continuing demonstration of his own inability to control his own behavior or to comply with the rules of the Court. Read liberally, Mr. Greer argues that his suit should not be dismissed for the following reasons:

1. Mr. Greer has had a rough year.[7]
2. Mr. Greer has stated a claim.[8]
3. Mr. Greer is entitled to punish Mr. Moon for various perceived wrongdoings unrelated to any copyrights.[9]
4. Notwithstanding his repeated noncompliance, Mr. Greer "is very confident he can abide by the proposed deadlines."[10]

None of the above reasons are "good cause" to continue this case or to continue to

---

[7] ECF No. 161 at 2 ("the last few months of Greer's life have been completely unbelievable: dealing with quasi-homelessness and the record breaking Las Vegas heat, family members dying or near death, job loss… 2024 has been an awful year.").

[8] ECF No. 161 at 2 ("The second reason this case should not be dismissed is because a 3-0 Tenth Circuit ruled in Plaintiff's favor. The Supreme Court even rejected Defendants' arguments [*sic*]. And so it would be distressing if this case was dismissed for lack of prosecution.").

[9] ECF No. 161 at 3 ("Mr. Moon has suffered no legal repercussions because he is a very smart individual who has used our country's outdated laws to his advantage, namely Section 230.").

[10] ECF No. 161 at 2 ("With the corresponding Motion for Leave to File APMR, Plaintiff is very confident he can abide by the proposed deadlines.").

subject Defendants to Mr. Greer's acrimonious and dilatory behavior.

To the extent that Mr. Greer has had a rough year, Defendants have waited almost the entirety of that year even to proceed with this litigation.[11] Defendants first asked this Court for a scheduling order on December 26, 2023.[12] Defendants have complained of Mr. Greer's failure to comply with the schedule since at least February 22, 2023,[13] and first noted Mr. Greer's noncompliance on February 1, 2024.[14] Mr. Greer has moved for continuance after continuance in instances where Plaintiff has opposed continuances.[15] Yet when Defendants offered their consent to an extension of time due to Mr. Greer's father being in the ICU,[16] Mr. Greer failed to request an extension[17] and responded by berating undersigned counsel.[18] Despite Mr. Greer's circumstances, he found time to write emails demanding extortionate settlements with non-copyright remedies.[19] Mr. Greer thereafter noted (for the second time in this litigation) that he does not believe undersigned counsel is a lawyer and does not want to hear from undersigned counsel for

---

[11] Defendants offer both Mr. Greer and the Court their assurance that this litigation has not made 2024 a banner year for them, either. To the extent that Mr. Greer's rough year in 2024 has any bearing on this case at all, Defendants point out that they have been expending thousands of dollars on this litigation and hundreds of hours of time by at least three attorneys and numerous others since Mr. Greer began this litigation in 2020. The prejudice to the Defendants from four years of Mr. Greer's antics has been anything but small or transitory.
[12] ECF No. 55.
[13] ECF No. 92.
[14] ECF No. 74.
[15] ECF No. 141 at 6 (noting that "the length of delay has been relatively significant," but upholding the order granting Mr. Greer a seven month extension of time to respond to defense motions). *Cf. id.* at 4 (noting that Defendants have pointed out for months that Mr. Greer abandoned his case).
[16] ECF No. 154-9.
[17] ECF No. 160 at 3 ("Mr. Greer has not moved for an extension of the deadline…").
[18] ECF No. 155-1 (referring to counsel as "buddy boy" and using profanity).
[19] ECF No. 154-8. Additionally, on information and belief, Mr. Greer was very active posting on Reddit during this same timeframe. The sole activity which Mr. Greer did not have time for was furthering this litigation.

any purpose other than service of a motion, making further conferrals impossible.[20] Lastly, after making clear that he does not want to hear from undersigned counsel,[21] Mr. Greer filed a fraudulent Attorney Planning Meeting Report in which Mr. Greer purported to set forth the Defendants positions on various issues.[22] Mr. Greer's behavior throughout this litigation has ensured that the Defendants continue to suffer from the process of this litigation, regardless of whether they are ultimately found liable or not in any eventual trial. In Mr. Greer's recent Response, the majority of his arguments are dedicated to again confessing that his true purpose in this case is not to vindicate any copyright, but to punish Defendants for perceived slights against him.

To the extent that Mr. Greer argues this case should not be dismissed because he has stated a claim, the ruling of the Tenth Circuit in this case is irrelevant to any determination this Court must make at this juncture. It is routine that cases will proceed under Rule 12 because all of Plaintiff's claims are treated as true, only to later founder under Rule 56 or at trial because a Plaintiff's claims are later tested in the crucible of the adversarial process.[23] Had Mr. Greer bothered to comply with the rules, and proposed a

---

[20] ECF No. 156-1, ECF No. 125.
[21] ECF No. 156-1 ("Remember when I asked you a few months ago if you were actually a lawyer, this is what i was referring to… Please cease further contact with me. I only consent to motions, etc.").
[22] ECF No. 162-1 (Mr. Greer falsely purports that Defendants consented to the magistrate's jurisdiction for all matters, that Defendants consented to numerous discovery parameters and schedules, that Defendants consented to the filing of the Attorney Planning meeting report, and that Defendants consented to a jury trial in January of 2025 notwithstanding that no discovery has been taken in this matter and that neither the Complaint nor the Answer demanded a jury trial).
[23] *McHenry v. City of Ottawa*, No. 16-2736-DDC-JPO, 2017 U.S. Dist. LEXIS 157369, at *11 (D. Kan. Sep. 26, 2017) ("The standard governing a motion to dismiss differs from the one applied at summary judgment… When opposing parties tell two different stories, one of which is blatantly contradicted by the record… a court should not adopt that version of the facts for purposes of ruling on a motion for summary judgment.") (internal citations omitted).

schedule in February, this case may have been ripe for summary judgment by now and Defendants might have won on the merits. Instead, Mr. Greer has dug in and engaged in dilatory behavior at every opportunity to prevent a fair adjudication of this case under the ordinary rules of civil procedure. It is no excuse that Mr. Greer might have been able to prove his claim if he had followed the rules; what matters is that he had the opportunity to follow those rules and advance this case and instead chose to abandon it.

To the extent that Mr. Greer argues Mr. Moon is a bad person, Mr. Moon's character is irrelevant to any legal determination this Court will be called upon to make as to whether any copyrights were contributorily infringed. Mr. Greer's continued character assassinations, however, demonstrate that this is not a case about purported copyright infringement. Instead, it is a case in which Mr. Greer admits he seeks vengeance for other perceived wrongs for which there is no legal recompense.[24]

To the extent that Mr. Greer argues he has brought himself into compliance with the Court's order, he is flatly incorrect and any assertions to that effect are not only false but fraudulent. Mr. Greer has made precisely zero efforts to propose a schedule to undersigned counsel as required by the Court.[25] Mr. Greer remains fully out of compliance with the Court's order in exactly the same way and for exactly the same reasons he has been out of compliance since February. Rather than sending a draft report to undersigned counsel as this Court has required, Mr. Greer filed a report with the Court itself.[26] In that

---

[24] ECF No. 161 at 3 (claiming, as Mr. Greer has throughout this litigation, that his true goal is to right perceived wrongs arising from his disability), ECF No. 158 at 5 (making clear that Mr. Greer seeks to "opt out" of negative commentary regarding him and his works), ECF No. 154-8 (Mr. Greer's second demand that Defendants stop talking about him and even install software to prevent others from mentioning his name in the future).
[25] ECF No. 60.
[26] ECF No. 162-1.

report, which Defendants had never seen until they received the ECF Notice of Filing,[27] Mr. Greer falsely and fraudulently asserted that he had agreed with the Defendants on a number of substantive issues. Since Mr. Greer has made clear that he does not consent to any conferences with undersigned counsel and directed undersigned counsel not to contact him,[28] Mr. Greer apparently decided that the only way he could get what he wants from this Court is to entirely bypass undersigned counsel and file fraudulent representations with the Court as to the Defendants' position in this litigation.[29] These filings do not show respect for the Court or the litigation process Mr. Greer has commenced by himself, nor does it indicate that Mr. Greer will conduct himself appropriately in any future proceedings in this matter, nor does it offer the defense any comfort that the prejudice they have endured for four years of litigation will ease in the future or that this case will be adjudicated in an ordinary and civilized manner if it goes forward.

## IV. Conclusion

This Court should hold that Mr. Greer has failed to show any valid cause why this case should not be dismissed, and is in fact in continued violation of multiple orders of this Court regarding the proposal of a schedule. Moreover, by fraudulently filing documents purporting to represent the position of the Defendants, the Plaintiff has in fact further prejudiced them and given this Court even more cause to dismiss this case rather

---

[27] ECF No. 163.
[28] ECF 156-1.
[29] Mr. Greer's subsequent "explanation" for his behavior at ECF No. 164 is neither credible for an excuse for his earlier fraudulent filing. In the emails both parties have filed with the Court, it is clear that Mr. Greer was told to send a draft to undersigned counsel and not to file a draft with the court as if it was a final report endorsed by the Defendants. ECF Nos. 164 at 7, 154-1, 154-5, 154-6, 154-9, 75. This was also clear in this Court's own order. ECF No. 60.

than set it for further proceedings. This Court cannot have any confidence in Mr. Greer's compliance with its orders of the orderly progress of this litigation if it continues under the totality of the circumstances in this four year old case.

DATED October 10, 2024

**HARDIN LAW OFFICE**

/s/ Matthew D. Hardin
**Matthew D. Hardin**
Attorney for Defendants

**Certificate of Service**

I hereby certify that a true and correct copy of the foregoing was filed via CM/ECF this 10th day of October, 2024, and that I also deposited a true and correct copy of the same into the U.S. Mail, with First Class Postage prepaid, addressed to the apartment in Las Vegas that Mr. Greer has most recently indicated is his correct address, as listed in ECF No. 132-1 at 3:

Russell Greer
1100 Dumont Blvd.
Apt. 139
Las Vegas, NV 89169

I also emailed a copy of the foregoing to Mr. Greer at an address he has used in correspondence to me, to wit: russmark@gmail.com.

Dated: October 10, 2024

/s/ Matthew D. Hardin
Matthew D. Hardin, D.C. Bar No. 1032711
Hardin Law Office
1725 I Street NW, Suite 300
Washington, DC 20006
Phone: (202) 802-1948
Email: MatthewDHardin@gmail.com