**Matthew D. Hardin (pro hac vice)**
**HARDIN LAW OFFICE**
1725 I Street NW, Suite 300
Washington, DC 20006
Telephone: (202) 802-1948
Email: MatthewDHardin@gmail.com
*Attorney for Defendants*

THE UNITED STATES DISTRICT COURT
DISTRICT OF UTAH

| | |
|---|---|
| RUSSELL GREER,<br><br>        Plaintiff,<br>v.<br><br><br>JOSHUA MOON, *et al*.<br><br>        Defendant. | **MOTION FOR A SCHEDULING CONFERENCE**<br><br>Case No. 2:24-cv-00421-DBB<br><br>District Judge David Barlow<br>Magistrate Judge Jared C. Bennett |

NOW COME the Defendants, by and through undersigned counsel, pursuant to this Court's order at ECF No. 60 at 3, ¶ 3 (b), and this Court's later order at ECF No. 167, and move for a scheduling conference. In support of this motion, Defendants submit as follows:

1. The draft attorney planning report Defendants transmitted to Mr. Greer on October 25, 2024, is attached hereto as Exhibit A, and will separately be emailed to the magistrate judge in word format.

2. A true and correct copy of an email received from Mr. Greer on November 1, 2024 is attached hereto as Exhibit B. In that email, Mr. Greer indicates "I didn't agree with anything you offered." Therefore, Defendants assume that each and every provision of the draft report is contested for purposes of this motion and within the meaning of this Court's order at ECF No. 60 at 3, ¶ 3 (b), which requires

undersigned counsel to indicate "which provisions are contested and which are not."

3. Mr. Greer has not explained to undersigned counsel why he believes, without limitation and *inter alia*, that:

   a. Discovery shall be limited only to Defendants, with Defendants having no ability to inquire at all into the actions of Plaintiff. ECF No. 168 at 3.

   b. There should be only one deposition in this case, which should be limited to two hours, in contravention of Fed. R. Civ. P. 30 (d). ECF No. 168 at 3.

   c. There should be only one interrogatory per party, in contravention of Fed. R. Civ. P. 33 (a). ECF No. 168 at 3.

   d. Discovery should be propounded not later than November 15, 2024 and complete by December 10, 2024. ECF No. 168 at 4.

   e. A jury trial should be permitted notwithstanding that no demand for a jury trial was timely filed pursuant to Fed. R. Civ. P. 38. ECF No. 168 at 5.

   f. This case is so simple that Mr. Greer asserts each party should be entitled to only one interrogatory and only one deposition of not greater than two hours, but simultaneously so complex that it will take two days to try. ECF No. 168 at 5.

   g. This case will be ripe for dispositive motions on December 10, 2024, notwithstanding that no discovery has been taken in the four years since it was filed and notwithstanding that Mr. Greer proposes expert reports be due in February or March of 2025. ECF No. 168 at 4.

    h. Mr. Greer's so-called "initial disclosures," filed at ECF No. 127-1, in which Mr. Greer asserts he has witnesses, but will not disclose such witnesses, and that "[t]here are not any documents in Plaintiff's possession that would need to be provided to Defendant's counsel…" constitutes a satisfaction of Mr. Greer's obligations under Fed. R. Civ. P. 26. ECF No. 168 at 2.

4. Undersigned counsel for Defendants respectfully submits either that Mr. Greer ought to be estopped from introducing evidence or conducting discovery because he should be taken at his word that he has no evidence to introduce, or alternatively due to his noncompliance with Fed. R. Civ. P. 26. ECF No. 127-1 (stating that Mr. Greer refuses to disclose his witnesses, and has no documents to produce at all). To the extent that discovery is to be taken, however, Defendants respectfully submit that Mr. Greer's lengthy litigation history in this and many other state and federal courts from Utah to Tennessee to Nevada, as well as the plethora of scattershot allegations he has raised in this case, militates in favor of lengthening the time for a deposition in this case and granting leave for Defendants to serve more than the ordinary number of interrogatories in this matter. Additionally, because Mr. Greer's "initial disclosures" were, to put it charitably, less than fulsome, ECF No. 127-1, Defendants believe that there is good cause for extensive requests for production of documents in this matter which would be unnecessary if Mr. Greer had cooperated with the ordinary Rule 26 disclosure process.

WHEREFORE, Defendants respectfully move for a scheduling conference.

DATED November 1, 2024

                                    **HARDIN LAW OFFICE**

                                    */s/ Matthew D. Hardin*
                                    **Matthew D. Hardin**
                                    Attorney for Defendants