

**Matthew D. Hardin (pro hac vice)**
**HARDIN LAW OFFICE**
1725 I Street NW, Suite 300
Washington, DC 20006
Telephone: (202) 802-1948
Email: MatthewDHardin@gmail.com
*Attorney for Defendants*

THE UNITED STATES DISTRICT COURT
DISTRICT OF UTAH

| RUSSELL GREER, | ATTORNEY PLANNING MEETIN REPORT |
|---|---|
| JOSHUA MOON, *et al*. | District Judge David Barlow<br>Magistrate Judge Jared C. Bennet |

Under Fed. R. Civ. P 26(f), the Local Rules of Practice, and the Order to Propose Schedule, if applicable, the parties must confer and develop a proposed discovery plan addressing the areas that follow. The parties must email a copy of the proposed scheduling order in an editable format to the assigned magistrate judge's chambers. If a magistrate judge is not associated with the case, please email the copy to the district judge's chambers.

1. **PRELIMINARY MATTERS**

   | a. | Claims and Defenses: *(describe the nature and basis of claims and affirmative defenses)*<br><br>Plaintiff raises claims related to contributory copyright infringement. ECF No. 53 at 12, n. 7.<br><br>Defendants deny all liability and raise twenty-five affirmative defense The denial of liability and affirmative defenses are listed at, inter alia, ECF No. 66 at 46 et seq. |
   |---|---|

| | | | |
|---|---|---|---|
| | | | |
| b. | | Fed. R. Civ. P. 26(f)(1) Conference: *(date the conference was held)* | *The Rule 26 conference has not yet been held.* |
| c. | | Participants: *(include the name of the party and attorney, if applicable)*<br><br>Draft reports have been exchanged pursuant to this Court's order, and a conference was not held physically or telephonically. | |
| | | *later than the date provided)* | *disclosures May 2, 202_. Defendants' disclosures are due pursuant to this Court's order at ECF No. 60 at 4, 6, within 14 days of the Rule 26 conference* |
| | | parties agree to receive all items required to be served under Fed. R. Civ. P. 5(a) by the court's electronic-filing system or email transmission.<br><br>Electronic service constitutes notice and service as required by those rules. The right to service by USPS mail is waived. | |

DRAFT

2. **PROTECTIVE ORDER**

| a. | The parties anticipate the case will involve the disclosure of information, documents, or other materials that will be... | Yes ☐ | No ☒ |
|---|---|---|---|
| b. | If the case will involve the disclosure of information, documents, or other materials that will be designated as CONFIDENTIAL, then good cause exists for the court to enter the court's Standard Protective Order (SPO) under DUCivR 26-2: *(describe the need for a protective order)* <br><br> Defendants do not seek a protective order and would object to entry of a protective order. | | |
| c. | If a protective order is needed and the parties **are not** using the court's SPO, then the court's SPO, in effect under DUCivR 26-2, will govern until a different protective order—proposed by the parties via motion under DUCivR 7-1(a)(4)(D)—is adopted by the court. <br><br> The parties' proposed protective order should identify a process to resolve all claims of waiver of attorney-client privilege or work-product protection, whether or not the information, documents, or other materials will be designated as CONFIDENTIAL or ATTORNEYS' EYES ONLY, and this process must be included in the proposed protective order under Fed. R. Evid. 502(d): *(describe the process)* <br><br> Defendants do not seek a protective order and would object to entry of a protective order. | | |

| | | |
|---|---|---|
| d. | | If the parties do not anticipate the case will involve the disclosure of information, documents, or the materials that will be designated as CONFIDENTIAL, the parties still should identify, in the space below, a process to resolve all claims of waiver of attorney-client privilege or work-product protection, whether or not the information, documents, or other materials will be designated as CONFIDENTIAL or ATTORNEY EYES ONLY, and this process must also be included in the proposed Scheduling Order: *(describe the process)*<br><br>Defendants do not seek a protective order and would object to entry of protective order. |

3. **DISCOVERY PLAN**

| | | | | |
|---|---|---|---|---|
| | | following discovery plan.<br>• If the parties disagree, clearly indicate the disagreement in the space below: | | |
| b. | | Discovery Subjects: *(describe the subject areas in which discovery will be needed)*<br><br>Defendants anticipate that discovery will be needed regarding any factual allegations raised by Plaintiff in the complaint as well as the nature of Mr. Greer's copyrights at issue, to include any proof of registration, ownership, transfer, assignment, and/or license (implicit or explicit) of such copyrights. Defendants additionally anticipate that | | |

| | | |
|---|---|---|
| | | discovery will be needed on Mr. Greer's criminal history and his history of civil litigation in state and federal courts, including but not limited to the number and nature of claims for damages or injunctive relief which Mr. Greer has made, and any written filings Mr. Greer has made with any court indicating that he suffers from damages arising from any party other than Defendants in this action. Additionally, Defendants anticipate that discovery will need to be taken regarding Mr. Greer's expenditures (both lawful and unlawful), as well as Mr. Greer's capacity to earn, including but not limited to any earning capacity arising from alleged copyrighted works. Additionally, discovery will need to be taken as to the value of the alleged copyrights at issue in this case and the quantum and cause of any alleged damages. For purposes of establishing Defendants "fair use" defense, and to establish that Mr. Greer is a public figure for purposes relevant to this litigation, Defendants anticipate seeking discovery into Mr. Greer's broader activities both artistically and in terms of his activism. Additionally, Defendants anticipate that discovery will be needed into Mr. Greer's past statements regarding topics relevant to this lawsuit, including statements made on social media. Discovery is also anticipated as to Mr. Greer's efforts to preserve or delete past statements relevant to this case. |
| c. | | Discovery Phases:<br>• Will discovery be conducted in phases? If so, please explain.<br><br>No.<br><br><br>• Will discovery be limited to or focused on particular issues? If please explain and identify whether discovery will be accelerated on any issue and the due dates.<br><br>No. |

| | | | |
|---|---|---|---|
| a. | | Electronically Stored Information: (describe how the parties will handle discovery of electronically stored information)<br><br>It is not anticipated that any special procedures will be required. Requests for Production will be governed by Rule 34. | |

4. **FACT DISCOVERY**

| | | | |
|---|---|---|---|
| | | Maximum number of depositions by Plaintiff: | 1 absent leave of court |
| | | | |
| | | Maximum number of hours for each deposition:<br>(*unless extended by agreement of parties*) | 8 |
| | | | |
| | | Maximum requests for admissions by any party to any party: | 250 absent leave of court |
| | | | |
| | | | |
| b. | | Other Fact Discovery Deadlines— | |
| | | Deadline to serve written discovery: | *06/01/2025* |
| | | | |
| | | | |

5.  **AMENDING OF PLEADINGS AND JOINING OF PARTIES**[1]

    | | | |
    |---|---|---|
    | Plaintiffs: | | *Not Applica* |
    | | | |
    | Defendants: | | *Not Applica* |

6.  **EXPERT DISCOVERY**

    | | | |
    |---|---|---|
    | 2. | es not bearing the burden of proof: | 03/01/2025 |
    | 2. | es not bearing the burden of proof: | 06/01/2025 |

7.  **OTHER DEADLINES AND TRIAL-RELATED INFORMATION**

    | | | | |
    |---|---|---|---|
    | b. | Trial: | Bench ☒ | Jury ☐ |

_____  Date: \_\_\_/\_\_\_/\_\_\_
Signature and typed name of Plaintiff's Attorney (*or Party's Name if self-represented*)[2]

/s/ Matthew D. Hardin                                       10   25   2024
_____  Date: \_\_\_/\_\_\_/\_\_\_
Signature and typed name of Defendant's Attorney (*or Party's Name if self-represented*)

---

[1] Counsel must still comply with the requirements of Fed. R. Civ. P. 15(a).
[2] Instructions for attaching the Attorney Planning Meeting Report to a Stipulated Motion for Scheduling Order or Motion for a Scheduling Conference can be found on the court's Civil Scheduling webpage.