FILED
2024 NOV 26 AM 8:45
CLERK
U.S. DISTRICT COURT

Russell Greer
1100 Dumont Blvd
Apt 139
Las Vegas, NV 89169
801-895-3501
russmark@gmail.com
Pro Se Litigant

IN THE UNITED STATES DISTRICT COURT

DISTRICT OF UTAH

| | |
|---|---|
| **RUSSELL GREER**<br><br>    Plaintiff<br><br>v.<br><br>**JOSHUA MOON ET AL**,<br><br>    Defendants | **PLAINTIFF'S REQUEST FOR JUDICIAL NOTICE RE STATEMENTS MADE BY OPPOSING COUNSEL AT THE 11-18-24 HEARING**<br><br>Case No.:   2:24-cv-00421-DBB-JCB |

1

In accordance with FRCP 201, Plaintiff Russell Greer requests the Court take judicial notice of the following facts: parts of a motion opposing a summary eviction in Las Vegas, Nevada from July 2024. **EXHIBIT A.**

This exhibit is relevant because on November 18th, at the Parties' Scheduling Conference, Defendant's counsel misled this Court by saying Plaintiff has cases that "span across the country" and opposing counsel focused in on an "auto/housing" case as an example of Plaintiff's supposed frivolous pattern of cases.

Here's the catch, though: *the case wasn't even a lawsuit. It was opposing an unfair and unlawful eviction.*

## JUDICIAL NOTICE STANDARDS

Under Utah and 10th Circuit case law, a district court "may take notice of proceedings in other courts, both within and without the federal judicial system, if those proceedings have a direct relation to matters at issue." *St. Louis Baptist Temple, Inc. v. Fed. Deposit Ins. Corp.,* 605 F.2d 1169, 1172 (10th Cir. 1979). Courts may also take notice of facts.

## RELEVANCY

This exhibit is relevant because Defendants know they can't survive a motion for summary judgement and so they're doing their darndest to discredit this very real case that the 10th Circuit ruled had merit. They are deploying a few tactics now: one is trying to argue laches with the amount of time this case sat at the 10th Circuit (even though that had nothing to do with Plaintiff and Joshua Moon rejected a federal mediator's offer of settling the case) and the other is trying to turn the tables and claim that Moon is a victim of Greer's "pattern of lawsuits".

Defendants deployed the latter tactic at the November 18th hearing and Greer felt that was extremely dishonest and almost warrants sanctions, per DUCivR 1-2.

Clearly, as seen in the exhibit, the case Mr. Hardin was referring to wasn't even a lawsuit. It was opposing an eviction to avoid having to be homeless in Las Vegas' record breaking 120

2

degree weather. The motion was denied, without any briefing or explanation from the eviction judge, and Greer was homeless all through the summer, sleeping in a rental car because not even the weeklies will rent to people with evictions.

Regardless, the eviction case or any other case has zero relevance as to why Mr. Moon feels it's ok to infringe the copyrights of people he dislikes (aka so called "lolcows").

Plaintiff wanted to file this notice to nip this in the bud so that opposing counsel can stop using dishonest and irrelevant, ad hominem attacks.


Respectfully

DATED: November 26th, 2024

Russell Greer

/rgreer/

Pro Se

## **CERTIFICATE OF SERVICE:**

Pursuant to FRCP 5(b), I certify that on November 26th, 2024, I served a true and correct copy of the attached document by ECF to all attorneys on record.

## **EXHIBIT A**

6



**Notification of Service for Case: 24E018422, Westland LLC, DBA Townhome Villas LLC, Landlord(s)vs.Russell Greer, AKA Russell Godfrey Greer, Tenant(s) for filing ODMS - Order Denying Motion to Stay and or Vacate, Envelope Number: 14053205**

## Notification of Service



Case Number: 24E018422
Case Style: Westland LLC, DBA Townhome Villas LLC, Landlord(s)vs.Russell Greer, AKA Russell Godfrey Greer, Tenant(s)
Envelope Number: 14053205

8

5:23

CVSETA - Summary Eviction Te...   Done

JUSTICE COURT, TOWNSHIP OF LAS VEGAS
CLARK COUNTY, NEVADA

Landlord's Name: Westland Townhome Villas LLC DBA Townhome Vil
Landlord,

Case No.: _____

vs.

Russell Godfrey Greer

Dept. No: _____

Tenant's Name: _____
Address: 1100 Dumont Blvd Apt 139
City, State, Zip: Las Vegas, NV 89169
Phone: 801-895-3501
E-Mail: russmark@gmail.com
Tenant.

**TENANT'S AFFIDAVIT IN OPPOSITION TO SUMMARY EVICTION REGARDING NONPAYMENT OF RENT**

Tenant, appearing in proper person, contests this matter under NRS 40.253 as follows:

1. State the complete address of the rental unit as shown on the notice you received, including city, state, and zip code:
   1100 Dumont Blvd, Apt 139 Las Vegas, NV 89169

2. What year were you born?  1991

3. Do you live on a fixed monthly income from Social Security, veteran's benefits, disability benefits, or other similar program or benefit?
   ☒ No.  If no, are you currently employed? ☐ No / ☒ Yes
   ☐ Yes.  If yes, what is the source of your fixed income? _____

4. Has your landlord increased your rent in the past year? ☒ No / ☐ Yes

5. Is your landlord claiming you currently owe more than two months in back rent?
   ☐ No / ☒ Yes

6. Did something unexpected or unforeseen happen recently that caused you to fall behind on your rent payments (for example, a large, one-time expense that surprised you, like a car repair; a sudden illness, injury, or medical event; or an unanticipated, temporary loss of income due to a job change or loss of hours)?
   ☐ No.
   ☒ Yes.  If yes, what happened?
   The apartment didn't fix their gate and so a repo came and took my car that I used for work. It took me 2 weeks to get a new car (it's a rental), but my apartment refuses to return to our rental agreement,

7. How many people live in your household? Total number of adults (over 18) __1__ and total number of children (under 18) __0__

8. What is the total combined monthly income of all adults in your household?
   $ 2,000.00  ("Income" includes money from employment, overtime, and tips; pension and retirement; child and spousal support; government programs like Social Security and unemployment; and all other sources of income.)

© 2022 Civil Law Self-Help Center
Clark County, Nevada

Page 1 of 3   TENANT'S AFFIDAVIT/ANSWER IN OPPOSITION TO NONPAYMENT SUMMARY EVICTION
(Rev. 10/21/2022)

For forms and information, visit www.CivilLawSelfHelpCenter.org

9. Do you request to mediate this issue (for residential tenants only)?
   ☐ No.
   ☒ Yes.  If yes, answer the following questions:
   a. I prefer (check one box) ☒ an in-person mediation, ☐ a telephonic mediation,
      ☐ a video-conference mediation.
   b. The following tenants will participate in the mediation (check all that apply):

  

5:23

**CVSETA - Summary Eviction Te...**   Done

ADDENDUM to General Defenses

1  CONTINUATION TO TENANT'S AFFIDAVIT/ANSWER
   IN OPPOSITION TO SUMMARY EVICTION

2  For the past year, tenant has had to do jobs with his car for income. In October, his car
   alternator went out and left him with little income. It caused him to fall behind on a bunch
3  of bills/rent. That is why his balance is high. In January, his car was fixed. The apartment
   had been willing to work with him, but his car loan company wasn't sympathetic and put
4  out a repo for his car. He was parking in Lot C, that had a locked gate, so that the repo
   couldn't get his car. He was also at the same time trying to refinance his car.
5

6  Agreed upon weekly payment

7  On May 8th, the apartment agreed to a $500 a week payment plan to pay down tenant's
   balance. EXHIBIT A.
8

9  So tenant made a $1,000 payment towards his rent in May 8th. Tenant was planning on
   doing this weekly.
10

11 Apartment breached the weekly promise

12 The apartment, however, broke their promise with tenant by not fixing their gate in Lot C
   to ensure it worked and so a relentless repo got into the parking area and repoed his car
13 and took away income from him that caused a disruption in his weekly $500 promised
   payments to the apartment.
14

15 Aware of the gate defect

16 Tenant did not need to write a notice to landlord under NRS 118A.350 since the complex
   had appeared to be fixing the gate.
17
   The apartment complex was aware of the defective gate and had maintenance people
18 out there supposedly "fixing" the gate. But the gate was never fixed.

19
   In fact, a week before the repo, the complex had sent out an apartment-wide text about
20 "Gate Wise" on May 14th. It was supposed to be a new gate system. Yet a month after
   that text, the gates are still not fixed and there is no Gate Wise system proving that the
21 complex has negligently maintained the gates. EXHIBIT B.

22
   Landlord's negligence to fix gate the gate was the proximate cause to Tenant's non-
23 performance

24 Nevada courts have addressed the duty of a landowner to protect against third-party
   activity. Doud v. Las Vegas Hilton Corp., 109 Nev. 1096, 864 P.2d 796 (1993); Early v.
25 N.L.V. Casino Corp., 100 Nev. 200, 678 P.2d 683 (1984). In Doud, the Nevada Supreme
   Court stated that a landowner owes a duty to use reasonable care to keep the premises
26 in a reasonably safe condition for use.

27

28

© 2015 Civil Law Self-Help Center
Clark County, Nevada

Page **1** of **3**

TENANT'S AFFIDAVIT/ANSWER IN OPPOSITION TO SUMMARY EVICTION
(Rev. 3.1, 06-08-2015)

For forms and information, visit www.CivilLawSelfHelpCenter.org

---

ADDENDUM to General Defenses

1  CONTINUATION TO TENANT'S AFFIDAVIT/ANSWER
   IN OPPOSITION TO SUMMARY EVICTION
2

3  In the case of Scialabba, the Nevada Supreme Court found that foreseeability and duty
   attached to apartment complexes with unlocked entryways because the complex
4  exercised control over the premises and the alleged failure to lock the doors to the
   vacant apartments created a foreseeable risk. Scialabba v. Brandise, 921 P.2d 928 (NV
5  1996).

6
   Most importantly, Scialabba held: "While one can argue that the specific type of…
7  activity involved here…may not have been foreseeable, the fact that unsecured vacant
   apartments allow easy access to unwelcome third parties with nefarious intentions is
8