**Matthew D. Hardin (*pro hac vice*)**
**HARDIN LAW OFFICE**
101 Rainbow Drive #11506
Livingston, TX 77399
Email: MatthewDHardin@gmail.com
*Attorney for Defendants*

THE UNITED STATES DISTRICT COURT
DISTRICT OF UTAH

| | |
|---|---|
| RUSSELL GREER,<br><br>         Plaintiff,<br><br>v.<br><br>JOSHUA MOON, *et al.*<br><br>         Defendant. | **MOTION TO EXCLUDE UNDISCLOSED EVIDENCE AND WITNESSES UNDER FED. R. CIV. P. 26 (c)**<br><br>Case No. 2:24-cv-00421-DBB<br><br>District Judge David Barlow<br>Magistrate Judge Jared C. Bennett |

NOW COME the Defendants, by and through undersigned counsel and pursuant to Fed. R. Civ. P. 26 (c), and move that this Court enter an order denying Mr. Greer the opportunity to call any witness or introduce any evidence, including in support of a motion, to the extent the witness or evidence has not been disclosed to Defendants.

### I.     Introduction

Mr. Greer has twice refused to disclose any witnesses to the Defense. ECF No. 127-1 ("There are witnesses who have witnessed the intentional copyright infringement by Kiwi Farms…" but not listing such witnesses), *cf*. Exhibit A (same). He has stated that he has no documents that are relevant to this case and its sole cause of action for contributory copyright infringement on at least three occasions. ECF No. 127-1 ("not any documents in Plaintiff's possession"), Exhibit A (same), Exhibit B ("I clearly said in the documents, there is nothing relevant at this time," and adding that the documents in Mr.

Greer's possession have "nothing to do with copyright infringement.").

Because Mr. Greer has failed to disclose any witnesses or evidence, he should be excluded from presenting any testimony or documentary evidence in this case.

## II.     Rule

Pursuant to Fed. R. Civ. P. 26 (c), "If a party fails to provide information or identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial." This form of relief is mandatory unless the Court makes a specific finding that the failure to disclose "was substantially justified or is harmless." *Vesom v. Atchison Hosp. Ass'n*, 279 Fed. Appx. 624, 631 (10th Cir. 2008) (explaining that exclusion of evidence "is 'automatic and mandatory' unless the violation was either justified or harmless").

A district court has discretion to decide whether a Rule 26 violation is justified or harmless and, when doing so, should consider the following factors: "'(1) the prejudice or surprise to the party against whom the testimony is offered; (2) the ability of the party to cure the prejudice; (3) the extent to which introducing such testimony would disrupt the trial; and (4) the moving party's bad faith or willfulness.'" *Jacobsen v. Deseret Book Co.*, 287 F.3d 936, 953 (10th Cir. 2002); *Woodworker's Supply, Inc. v. Principal Mut. Life Ins. Co.*, 170 F.3d 985, 993 (10th Cir. 1999)

## III.    Facts

Mr. Greer provided what he called "initial disclosures" for the first time while this case was pending in Florida. ECF No. 127-1. These disclosures were facially deficient as pointed out by Defendants at ECF No. 127, but at that time there was no order

requiring initial disclosures to be made and therefore no relief was available to Defendants. After the hearing in this matter on November 18, 2024, when this Court finally imposed an order requiring initial disclosures to be made, Defendants sent a "prompt written communication" to Mr. Greer pursuant to DUCivR 37-1 (a)(2). Exhibit C. That communication invited Mr. Greer to amend or supplement his disclosures prior to November 2, 2024, or alternatively to meet and confer with undersigned counsel via zoom on one of three specified dates. *Id*. Undersigned counsel has repeatedly invited Mr. Greer to meet and confer, including but not limited to via follow up emails on November 19 (Exhibit D), November 21 (Exhibit E), November 26 (Exhibits F and G), November 29 (Exhibit H), and December 3 (Exhibit I and J).  Mr. Greer eventually provided "new" initial disclosures on December 3, 2024, but those initial disclosures appear to be a verbatim match for his original initial disclosures, and continue Mr. Greer's pattern of refusing to disclose any witnesses or any evidence.

     As recently as the morning of December 4, Mr. Greer would not confirm his availability or unavailability to meet and confer with undersigned counsel on any of the suggested dates to facilitate any "cure" of his failure to disclose. Exhibit B. Instead, Mr. Greer continues to alternate between ignoring undersigned counsel's requests to comply with the mandatory conferral requirement and accusing undersigned counsel's client of harassment. *Id*. Regardless, Mr. Greer also has not meaningfully accepted any of undersigned counsel's invitations to amend or supplement his written disclosures, choosing instead to merely repeat his original position that he will disclose no witnesses and no evidence. Therefore Mr. Greer has disclosed precisely zero witnesses and zero documents to the defense. His strategy appears to be one of trial by ambush.

## IV. Argument

This Court must impose the "automatic and mandatory" exclusion of evidence that the Tenth Circuit and Fed. R. Civ. P. 37 require. *Vesom v. Atchison Hosp. Ass'n*, 279 Fed. Appx. 624, 631 (10th Cir. 2008) (explaining that exclusion of evidence that is presented in violation of Rule 37(c) "is 'automatic and mandatory' unless the violation was either justified or harmless")

Mr. Greer's failure to make disclosures pursuant to Fed. R. Civ. P. 26 and this Court's order at ECF No. 177 is not justified. Mr. Greer is on notice of his obligations and has instead chosen to flout them.

Undersigned counsel has repeatedly written to Mr. Greer to invite him to supplement his disclosures. This began on November 18, 2024 after this Court's order imposing a schedule for such disclosures and entering a protective order, and has continued for over two weeks. Undersigned counsel has pointed out that the Court has entered the standard protective order in this case, which even Mr. Greer did not ask the Court to impose at the November 18, 2024 hearing or in his various draft attorney planning reports. Mr. Greer continually responds that he will not provide the requested information, despite this Court's protective order and despite the requirements of Fed. R. Civ. P. 26. There is no sign that Mr. Greer has any expectation that he will provide disclosures in the future, and Mr. Greer has not asked this Court for any relief from the requirement to provide such disclosures.

Mr. Greer's failure to provide disclosures is also not harmless. The failure to disclose any information at all to the defense has a deep and pernicious effect on the ability of the defense not only to conduct its own discovery, but also to conduct

dispositive motions practice. If a trial ever comes in this four-year-old case, Mr. Greer's strategy appears to be trial by ambush. This Court's obligation is to prevent such a strategy from succeeding. *Celtig v. Patey*, No. 2:17-cv-01086-JNP-EJF, 2019 U.S. Dist. LEXIS 164558, at *27 (D. Utah Aug. 19, 2019) (preventing "trial by ambush" by excluding two undisclosed witnesses and any evidence they would have offered).

As Defendants have pointed out to Mr. Greer, Defendants cannot hope to send targeted or tailored discovery requests in the absence of initial disclosures. Defendants have no idea who might be in possession of what information, or what sort of testimony might be elicited in a deposition. Defendants have no idea what sort of documents or tangible material might support or undermine Mr. Greer's claims. In the absence of disclosures, Defendants must therefore send their discovery requests by shooting into the darkness and hoping they land on meaningful evidence. And then, presumably, Defendants must wait in eager anticipation to see Mr. Greer's dispositive motion before having any idea of what evidence Mr. Greer might adduce in support of such motion or what he might say to oppose a defense dispositive motion. This is exactly what Fed. R. Civ. P. 26 and Fed. R. civ. P. 37 were designed to prevent.

### V.     Conclusion

This Court must make clear that it will exclude any undisclosed witness or evidence from being presented at trial or in support of any motion.

DATED December 4, 2024

**HARDIN LAW OFFICE**

 /s/ Matthew D. Hardin
**Matthew D. Hardin**
Attorney for Defendants