


**EXHIBIT B**

**From:** **Russell Greer** RussMark@gmail.com
**Subject:** Re: Rule 26 initial disclosures
**Date:** December 4, 2024 at 5:57 AM
**To:** Matthew Hardin matthewdhardin@gmail.com

Sir,

As demonstrated, your client publishes everything. Even with a protective order, I have no guarantee he won't publish it on his site, as he clearly doesnt care about the law. You have even published our email conversations on there, which has prompted his deranged, Neo Nazi users to harass me. So

I clearly said in the documents, there is nothing relevant at this time.  I have images of the emails of his users harassing me and the countless Instagram accounts harassing me that post links to kiwi farms, but as you have pointed out to the judge, that has nothing to do with copyright infringement.

Thanks

Sent from my iPhone

On Dec 3, 2024, at 4:42 PM, Matthew Hardin <matthewdhardin@gmail.com> wrote:

Good evening,

I note that I did not hear from you regarding the meet and confer dates. Obviously, a meet and confer did not take place today at noon because I did not hear from you. Tomorrow at noon is still available, as is Thursday. Please confirm whether you intend to engage with the mandatory conferral process.

Best,

**Matthew D. Hardin**
**Hardin Law Office**
Direct Dial: 202-802-1948
NYC Office: 212-680-4938
Email: MatthewDHardin@protonmail.com

On Dec 3, 2024, at 8:19 AM, Matthew Hardin <matthewdhardin@gmail.com> wrote:

Good morning,

This is a prompt written communication pursuant to DUCivR 37-1. It appears that your "updated" initial disclosures sent (late) on December 3, 2024 are deficient for the exact same reasons as your earlier initial disclosures. You have not remedied any of the issues I identified in my emails dated November 18, 2024 or November 19, 2024. Nor have you replied regarding your availability for a meet and confer.

Your new "initial disclosures" are deficient for the same reasons I explained before,  including but not limited to:

1) You have failed to provide "the name and, if known, the address and telephone number of each individual likely to have discoverable information—along with the subjects of that information—that the disclosing party may use to support its claims or defenses..." Instead, you have merely stated that "there are witnesses," but that you will not disclose their names or contact information. This is impermissible pursuant to DUCivR 26-2 (b), which states that "it is improper to object to a discovery request or fail to produce Fed. R. Civ. P. 26(a)(1) initial disclosures on the basis that the court has not entered a protective order." Regardless, the Court has entered the Standard Protective Order, so any objection you have to disclosure in the discovery process is incomprehensible. You must provide this information as specifically enumerated in Rule 26. As I have previously explained, we decline to enter into any "stipulation" with you, but we will abide by any order of the Court, including the protective order that has already been entered, for as long as such order is in effect and unless it is vacated or modified.

2) You have failed to provide "a copy—or a description by category and location—of all documents, electronically stored information, and tangible things that the disclosing party has in its possession, custody, or control and may use to support its claims or defenses." Instead, for the second time, you have merely stated that "There are not any documents in Plaintiff's possession that would need to be provided to Defendants' counsel, aside" from various documents which you acknowledge exist but which you have also not provided. You must provide this information as specifically enumerated in Rule 26.

3) You have failed to provide "materials bearing on the nature and extent of injuries suffered." I therefore cannot ascertain the basis for your computation of damages. You must provide this information as specifically enumerated in Rule 26.

You have failed to comply with Rule 26 and any of the requirements it imposes, except perhaps for the bare computation of damages, which itself is unaccompanied by the necessary supporting materials. **I therefore request, for the second time, to meet and confer pursuant to DUCivR 37-1 (a)(2)(B).** Such a meet and confer could take place via Zoom on 12/3/2024 at Noon, or alternatively on 12/4/2024 at Noon, or alternatively on 12/5/2024 at Noon. **If we are unable to resolve our differences, I will file a motion pursuant to DUCivR 37-1 (b) to compel you to supplement your initial disclosures, or for appropriate sanctions as a result of failure to make proper initial disclosures in full compliance with Rule 26.** As I have noted in previous correspondence to you, we are prejudiced with each passing day that we do not receive valid initial disclosures, because we cannot move forward with our full panoply of discovery in the absence of the required initial information from you. Moreover, you appear to have wasted the last two weeks since I first notified you of these deficiencies and have simply re-produced the same document you gave us earlier, such that we are not inclined to continue to wait to receive further "revisions" that are not revisions at all but simply restatements of your earlier position.

Best,
**Matthew D. Hardin**
Hardin Law Office
Direct Dial: 202-802-1948
NYC Office: 212-680-4938
Email: MatthewDHardin@protonmail.com

On Dec 3, 2024, at 7:36 AM, Russell Greer <russmark@gmail.com> wrote:

Hi,

Please find attached the Rule 26 document

<Initial disclosures .pdf>