**From:** Matthew Hardin matthewdhardin@gmail.com
**Subject:** Prompt Written Communication / DUCivR 37-1
**Date:** November 18, 2024 at 6:59 PM
**To:** Russell Greer russmark@gmail.com
**Bcc:** Joshua Moon jcmoon@pm.me



Good afternoon,

I write pursuant to DUCivR 37-1. As you know, when your case was pending in the Northern District of Florida, you emailed me purported initial disclosures on 5/15/24. These initial disclosures are inadequate for reasons including but not limited to:

1) You have failed to provide "the name and, if known, the address and telephone number of each individual likely to have discoverable information—along with the subjects of that information—that the disclosing party may use to support its claims or defenses..." Instead, you have merely stated that "there are witnesses," but that you will not disclose their names or contact information. This is impermissible pursuant to DUCivR 26-2 (b), which states that "it is improper to object to a discovery request or fail to produce Fed. R. Civ. P. 26(a)(1) initial disclosures on the basis that the court has not entered a protective order." Regardless, the Court today entered the Standard Protective Order, so any objection you might have once had is now moot. You must provide this information as specifically enumerated in Rule 26.

2) You have failed to provide "a copy—or a description by category and location—of all documents, electronically stored information, and tangible things that the disclosing party has in its possession, custody, or control and may use to support its claims or defenses." Instead, you have merely stated that "There are not any documents in Plaintiff's possession that would need to be provided to Defendants' counsel, aside" from various documents which you acknowledge exist but which you have also not provided. You must provide this information as specifically enumerated in Rule 26.

3) You have failed to provide "materials bearing on the nature and extent of injuries suffered." I therefore cannot ascertain the basis for your computation of damages. You must provide this information as specifically enumerated in Rule 26.

You have failed to comply with Rule 26 and any of the requirements it imposes, except perhaps for the bare computation of damages, which itself is unaccompanied by the necessary supporting materials. **I therefore invite you to either revise or supplement your Initial Disclosures prior to 12/02/2024, as permitted by the Court's order this afternoon**. If you revise or supplement your initial disclosures prior to 12/02/2024, I will not file a motion to compel with respect to the initial disclosures which were originally served on 5/15/2024.

If you do not revise or supplement your initial disclosures prior to 12/2/2024, I request a meet and confer pursuant to DUCivR 37-1 (a)(2)(B). Such a meet and confer could take place via Zoom on 12/3/2024 at Noon, or alternatively on 12/4/2024 at Noon, or alternatively on 12/5/2024 at Noon. **If we are unable to resolve our differences, I will file a motion pursuant to DUCivR 37-1 (b) to compel you to supplement your initial disclosures, or for appropriate sanctions as a result of failure to make proper initial disclosures in full compliance with Rule 26**.

Best,

**Matthew D. Hardin**
**Hardin Law Office**
NYC Office: 212-680-4938
DC Office: 202-802-1948
Cell Phone: 434-202-4224
Email: MatthewDHardin@protonmail.com