**Matthew D. Hardin (*pro hac vice*)**
**HARDIN LAW OFFICE**
101 Rainbow Drive #11506
Livingston, TX 77399
Email: MatthewDHardin@gmail.com
*Attorney for Defendants*

THE UNITED STATES DISTRICT COURT
DISTRICT OF UTAH

| RUSSELL GREER, | **REPLY MEMORANDUM OF LAW IN FURTHER SUPPORT OF MOTION TO EXCLUDE UNDISCLOSED EVIDENCE AND WITNESSES UNDER FED. R. CIV. P. 37 (c)** |
|---|---|
| Plaintiff, | |
| v. | Case No. 2:24-cv-00421-DBB |
| JOSHUA MOON, *et al*. | District Judge David Barlow<br>Magistrate Judge Jared C. Bennett |
| Defendant. | |

NOW COME the Defendants, by and through undersigned counsel and pursuant to DUCivR 7-1 (4)(D)(iii), and file this Reply Memorandum of Law in further support of their Motion to Exclude Undisclosed Evidence and Witnesses Under Fed. R. Civ. P. 37 (c).[1] ECF No. 185.

### I.    Introduction

As Mr. Greer tells it, he should be allowed keep the identity of crucial witnesses in this case secret because one of the Defendants, Lolcow, LLC, is engaged in unspecified

---

[1] Defendants initial motion erroneously cited Fed. R. Civ. P. 26 (c) in the caption. Rule 26 is the source of Mr. Greer's obligation to make disclosures, but Rule 37 is the source of this Court's obligation to exclude undisclosed evidence. Defendants regret this typographical error, but submit that the authority cited at ECF No. 185 at 2 remains accurate and binding upon this Court under Fed. R. Civ. P. 37 (c).

malfeasance.[2] Mr. Greer has not addressed Defendants' repeated efforts to meet and confer with him pursuant to DUCivR 37-1, which have continued as recently as this morning. Exhibit A. Nor does he address his failure to provide documents, including but not limited to his failure to provide documents reflecting his computation of damages. Instead, Mr. Greer focuses only on witnesses, which he assures the Court he has, but that he will not disclose. ECF No. 186 at 2. The Plaintiff even goes so far as to specify that he does not want Joshua Moon, one of the named defendants, to see the disclosures that are mandatory under the law. *Id*. (complaining that Mr. Moon might be able to see initial disclosures).

Mr. Greer did not ask for a protective order in this case, ECF Nos. 162-2, 168, 169-1, but the Court entered one anyway. ECF 177 at 2.[3] Mr. Greer has never asked that it be modified or amended in any way. Instead, Mr. Greer seeks to either litigate this

---

[2] For this purportedly "well-documented fact," Mr. Greer cites only to an article in *Mother Jones*. That article is itself inadmissible because it was not disclosed to Defendants. Fed R. Civ. P. 26 (a)(1)(A)(ii), and is therefore subject to mandatory exclusion pursuant to Fed. R. Civ. P. 37 (c). Moreover, even if the *Mother Jones* article were properly disclosed, it would be inadmissible on other grounds. *Miles v. Ramsey*, 31 F. Supp. 2d 869, 876 (D. Colo. 1998) ("Courts have uniformly found that newspaper articles are inadmissible hearsay when the article was not written or acknowledged by the defendant, yet is produced as proof of facts stated in that article."). Lastly, to the extent that this Court might be inclined to review publicly accessible records indicating the general character of a party to this case, Defendants submit based on information contained in Mr. Greer's own Complaint that Mr. Greer has been convicted of misdemeanor harassment against a female victim in the state courts of Utah and has been encouraged to seek mental health treatment. ECF No. 3 at ¶146 *et seq*. It is thus ironic that Mr. Greer purports to fear the harassment of the Defendant, who does not share Mr. Greer's criminal record or dangerous proclivities.

[3] This Court's Standard Protective Order was entered over Defendants' objection. ECF No. 180 at 6:12-6:19. Defendants' position was and remains that there is no confidential information that is expected to come to light in this case, and that there was no basis for the Court to make a finding that "the case will involve the disclosure of information, documents, or other materials that will be designated as confidential." ECF No. 177 at 2.

case by ambush or to extract a promise from defense counsel that the Defendants will neither view nor publish the information that is disclosed in this case, and will hamstring defense counsel into some sort of "attorneys eyes only" review.

II.     Rule

This Court's local rules are clear that the lack of a protective order is never grounds to fail to provide initial disclosures. DUCivR 26-2 (b) ("it is improper to object to a discovery request or fail to produce Fed. R. Civ. P. 26(a)(1) initial disclosures on the basis that the court has not entered a protective order."). This Court expressly informed Mr. Greer that it would not entertain specious objections on that basis at the hearing on November 18, 2024. ECF No. 180 at 6:1-6:3 (Judge Bennett: "people say, Oh, I can't engage in discovery because we don't have a protective order. That's not going to work here…). Mr. Greer voiced no opposition to entry of the Standard Protective Order, and even endorsed it. ECF No. 180 at 6:9-6:10 (Mr. Greer: "I feel the standard protective order is fine"). That order was later entered. ECF No 177 at 2. Mr. Greer has never moved to modify or amend the order. Nor has he provided any information designated as required by that order. SPO at 2-3 (specifying material that has been marked as "confidential" or "attorneys eyes only" and 7 (specifying a method for an opposing party to challenge an improper designation of confidentiality).

Even if this Court had not imposed a protective order and wished to consider Mr. Greer's improper attempt to modify the protective order under the guise of objecting to making initial disclosures, it is at best unclear that the mere identity of witnesses is confidential and subject to being sealed or otherwise inaccessible in an ordinary civil case alleging copyright infringement. *In re Sealed Case*, 449 U.S. App. D.C. 193, 196,

971 F.3d 324, 327 (2020) (noting that confidentiality may be warranted when a case involves "intimate issues such as sexual activities, reproductive rights, bodily autonomy, medical concerns, or the identity of abused minors," but not generally in commercial disputes), *cf. Tuft v. Indem. Ins. Co. of N. Am.*, Civil Action No. 19-cv-01827-REB-KLM, 2021 U.S. Dist. LEXIS 259596, at *4 (D. Colo. Sep. 2, 2021), citing and quoting *Ollier v. Sweetwater Union High School Dist.*, 768 F.3d 843, 863 (9th Cir. 2014) ("An adverse party should not have to guess which undisclosed witnesses may be called to testify."). The U.S. Supreme Court has noted that there are significant First Amendment concerns with protective orders which prohibit the disclosure of otherwise-public information. *Seattle Times Co. v. Rhinehart*, 467 U.S. 20, 25 n.6, 104 S. Ct. 2199, 2203 (1984), citing and quoting with approval *In re Halkin*, 598 F.2d 176, 191 (1979) ("the harm posed by dissemination must be substantial and serious; the restraining order must be narrowly drawn and precise; and there must be no alternative means of protecting the public interest which intrudes less directly on expression.").

### III.     Argument

This Court must impose the "automatic and mandatory" exclusion of evidence that Mr. Greer refuses to disclose. *Vesom v. Atchison Hosp. Ass'n*, 279 Fed. Appx. 624, 631 (10th Cir. 2008) (explaining that exclusion of evidence that is presented in violation of Rule 37(c) "is 'automatic and mandatory' unless the violation was either justified or harmless"). That includes *both* witness testimony and any written documentation.

Mr. Greer has not offered – and cannot offer – any indication that his failure to make proper disclosures in this case was either harmless or justified. Indeed, the words "harmless" and "justified" do not even appear in his opposition at ECF No. 186. And Mr.

Greer appears to indicate that the information he refuses to disclose is highly relevant and probative, such that the defense will be prejudiced by his failure to disclose. *Id*. at 2 ("Greer opposes the motion to exclude the witnesses because they can testify to damages that he has suffered through the copyright infringement."). The defense cannot be expected to rebut testimony as to Mr. Greer's damages while Mr. Greer simultaneously hides the identity of his witnesses, the substance of their testimony, and documentary evidence reflecting the calculation of damages. Similarly, Mr. Greer has failed to in any way discuss his failure to provide documents, including but not limited to documents which would show any copyright was infringed or documents supporting his calculation of damages. Mr. Greer's failure to address that issue renders it waived. *Cohen Braffits Ests. Dev., Ltd. Liab. Co. v. Shae Fin. Grp., Ltd. Liab. Co.*, No. 4:23-cv-00031-RJS-PK, 2023 U.S. Dist. LEXIS 220739, at *23 (D. Utah Dec. 11, 2023) ("Plaintiffs did not respond to this argument in their Opposition… Plaintiffs thus likely waived any non-obvious argument…").

### IV.    Conclusion

This Court must make clear that it will exclude any undisclosed witness or evidence from being presented at trial or in support of any motion.

DATED December 5, 2024

**HARDIN LAW OFFICE**

 */s/ Matthew D. Hardin*
**Matthew D. Hardin**
Attorney for Defendants