THE UNITED STATES DISTRICT COURT

DISTRICT OF UTAH

| | |
|---|---|
| **RUSSELL G. GREER,**<br><br>Plaintiff,<br><br>v.<br><br>**JOSHUA MOON, publisher of the website Kiwi Farms; and LOLCOW LLC,**<br><br>Defendants. | **MEMORANDUM DECISION AND ORDER**<br><br>Case No. 2:24-cv-00421-DBB-JCB<br><br>District Judge David Barlow<br><br>Magistrate Judge Jared C. Bennett |

This case was referred to Magistrate Judge Jared C. Bennett under 28 U.S.C. § 636(b)(1)(B).[1] Before the court is Defendants Joshua Moon and Lolcow LLC's ("Defendants") motion to exclude undisclosed evidence and witnesses under Fed. R. Civ. P. 26(c).[2] The court has carefully reviewed the parties' written memoranda. Under DUCivR 7-1(g), the court concludes that oral argument is not necessary and, therefore, decides the motion on the written memoranda. For the reasons explained below, the court denies Defendants' motion.

**ANALYSIS**

The court denies Defendants' motion to exclude pro se Plaintiff Russell G. Greer's ("Mr. Greer") evidence and witnesses yet to be disclosed under Rule 26(a)(1). At the outset, the court notes that although Defendants' argument is framed as motion to exclude under Rule 26(c),

---

[1] ECF No. 130. This case originated in this court as Case No. 2:20-cv-00647-DBB-JCB and was transferred to the Northern District of Florida. That district returned it to this court and it was reopened with this case number.

[2] ECF No. 185.

Defendants cite language from Rule 37(c) in support of their motion,[3] which is the correct mechanism for seeking a court order denying Mr. Greer the opportunity to call any witness or introduce any evidence, including in support of a motion, to the extent the witness or evidence has not been disclosed to Defendants.

> Rule 37(c)(1) states:
>
>> If a party fails to provide information or identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless.
>
> In deciding whether a Rule 26(a) violation is justified or harmless, courts consider:
>
>> (1) the prejudice or surprise to the party against whom the testimony is offered; (2) the ability of the party to cure the prejudice; (3) the extent to which introducing such testimony would disrupt the trial; and (4) the moving party's bad faith or willfulness.[4]

Although Mr. Greer has indeed twice failed to provide Defendants with any witnesses or evidence in Rule 26(a)(1) initial disclosures, Defendants' Rule 37(c) motion is premature because Mr. Greer has not sought to use these witnesses or other undisclosed information in a motion, hearing, or trial. For this reason, Defendants have also not demonstrated that the *Woodworker's* factors currently weigh in favor of the exclusion of this evidence.

Specifically, as to factor one, Defendants assert that, in the absence of Mr. Greer's initial disclosures, Defendants are unable to target their discovery requests and advance toward

---

[3] *Id.* at 2. Defendants correctly cite to Rule 37(c) in their Reply. ECF No. 187.
[4] *Woodworker's Supply, Inc. v. Principal Mut. Life Ins. Co.*, 170 F.3d 985, 993 (10th Cir. 1999).

dispositive motion practice.[5] Though Mr. Greer's failure to disclose potential witnesses or evidence to Defendants has impermissibly caused delay in court-ordered discovery, this is not the kind of prejudice to Defendants that warrants exclusion under Rule 37(c), such as the introduction of new witnesses after the close of discovery, after expert reports and depositions are completed, and after dispositive motions have been filed.[6]

Moreover, as to factor two, any harm to Defendants is readily curable by a lesser remedy than exclusion, which the court outlines as follows. The court HEREBY ORDERS Mr. Greer to produce all information required by Rule 26(a)(1) to Defendants—including all witnesses—on or before December 16, 2024. If Mr. Greer fails to comply with the court's order compelling production of the Rule 26(a) information, he may be subject to potential case-ending sanctions under Rule 37(b)(2).[7]

As to the third *Woodworker's* factor, there is little danger of disrupting trial because one is not currently scheduled.

Addressing the final *Woodworker's* factor, the court finds that Mr. Greer's recalcitrant behavior is willful. Mr. Greer lacks excuse for nondisclosure of this information because, as the commentary to Rule 26 states, initial disclosures are court-ordered interrogatories,[8] and,

---

[5] ECF No. 185 at 4-5.

[6] *See, e.g.*, *Applied Predictive Tech., Inc. v. Marketdial Inc.*, No. 2:19-cv-00496-JNP-CMR, 2024 WL 309629, at *3 (D. Utah Jan. 26, 2024).

[7] Fed. R. Civ. P. 37(b)(2) ("If a party . . . fails to obey an order to provide or permit discovery . . . the court where the action is pending may issue further just orders.").

[8] *See* Fed. R. Civ. P. 26(a) advisory committee's note to 1993 amendment ("As the functional equivalent of court-ordered interrogatories, [paragraph (1)] requires early disclosure, without need for any request, of four types of information that have been customarily secured early in litigation through formal discovery."). Indeed, at the parties' recent scheduling conference, the

furthermore, the court has entered the court's Standard Protective Order ("SPO") in this case to expedite the exchange of discovery material and preserve the confidentiality of information.[9] Therefore, the court expressly told the parties they may not withhold information because the SPO would govern any information disclosed in discovery requiring protection.[10] Consequently, the reasons Mr. Greer provides for not disclosing witnesses to Defendants are without merit.[11]

But instead of excluding evidence or witnesses from a motion, hearing, or trial that has yet to materialize, the court may order payment of the reasonable expenses, including attorney's fees, caused by the Rule 26(a) violation.[12] Because Mr. Greer's failures to provide initial disclosures under Rule 26(a)(1) and to supplement them under Rule 26(e) are not substantially justified, the court HEREBY ORDERS Mr. Greer to submit briefing on or before December 23, 2024, showing cause why the court should not require him to pay Defendants' costs and attorney's fees for having to bring the motion to essentially compel Mr. Greer's compliance with Rule 26(a)(1).

---

court strongly urged the parties to review the court's civil discovery resources, which include information regarding Rule 26 disclosures. ECF No. 174; ECF No. 180 at 24; *Civil Discovery Resources*, Magistrate Judge Jared C. Bennett, United States Court for the District of Utah, https://www.utd.uscourts.gov/magistrate-judge-jared-c-bennett (last visited Dec. 9, 2024).

[9] ECF No. 177 at 2; ECF No. 180 at 6.

[10] ECF No. 180 at 6. Although Defendants objected and continue to object to the SPO, they ironically are obtaining a benefit from it in the instant motion because it removes Mr. Greer's excuse not to comply with disclosure requirements. ECF No. 185 at 4.

[11] ECF No. 186 at 2.

[12] Fed. R. Civ. P. 37(c)(1)(A).

## CONCLUSION AND ORDER

Therefore, it is HEREBY ORDERED:

1. Defendants' motion to exclude undisclosed evidence and witnesses[13] is DENIED.

2. Mr. Greer shall produce all information required by Rule 26(a)(1) to Defendants on or before December 16, 2024.

3. Mr. Greer shall submit briefing on or before December 23, 2024 on the issue of whether the court should award fees under Rule 37(c)(1)(A) based on Mr. Greer's failure under Rule 26(a)(1) and Rule 26(e).

IT IS SO ORDERED.

DATED this 9th day of December 2024.

BY THE COURT:

JARED C. BENNETT
United States Magistrate Judge

---

[13] ECF No. 185.