**Matthew D. Hardin (*pro hac vice*)**
**HARDIN LAW OFFICE**
101 Rainbow Drive #11506
Livingston, TX 77399
Email: MatthewDHardin@gmail.com
*Attorney for Defendants*

THE UNITED STATES DISTRICT COURT
DISTRICT OF UTAH

| RUSSELL GREER, <br><br> Plaintiff, <br> v. <br><br> JOSHUA MOON, *et al*. <br><br> Defendant. | **MOTION FOR EXTENSION OF TIME TO RESPOND TO MOTION AT ECF NO. 190** <br><br> Case No. 2:24-cv-00421-DBB <br><br> District Judge David Barlow <br> Magistrate Judge Jared C. Bennett |
|---|---|

NOW COME the Defendants, by and through undersigned counsel, and move for an extension of time to respond to the motion filed by Mr. Greer at ECF No. 190. In support of this Motion, Defendants state as follows:

1. Mr. Greer filed a Motion styled as a "Motion for Entry of an Order Compelling Joshua Moon & Lolcow LLLC to Appear for a Judgment Debtor Examination and Produce Documents." ECF No. 190. The Motion was filed on December 11, 2024, and the Defendants' response[1] would ordinarily be due on December 25, 2024 pursuant to DUCivR 7-1 (a)(4)(D). Due to the holiday, the deadline would automatically be extended to December 26, 2024 by operation of Fed. R. Civ. P. 6 (a)(6)(A) (specifying that Christmas is a legal holiday).

---

[1] Defendants anticipate that separate responses will ultimately be filed by Mr. Moon and by Lolcow, LLC, because Lolcow, LLC was not a party to this case at the Tenth Circuit and is therefore not subject to taxation of appellate costs.

2. A sister Court in this District has recognized that the Christmas season is a time to "promote goodwill and feelings of selflessness…" *Citizens Concerned for Separation of Church & State v. Denver*, 508 F. Supp. 823, 826 (D. Colo. 1981). While Christmas is a legal holiday for the Court, it is more than that to many Americans, including undersigned counsel, who see it as a time to worship and express "a patently Christian message: Glory to God for the birth of Jesus Christ." *Cnty. of Allegheny v. ACLU*, 492 U.S. 573, 601, 109 S. Ct. 3086, 3105 (1989).

3. Undersigned counsel respectfully submits that responding to Mr. Greer's latest motion the day after Christmas would impede his ability to celebrate not only the Christmas holiday itself, but the days leading up to it, during which it is traditional to "provide merriment… decorate the home… [and share] Christmas cheer." *Berwick Indus. v. United States*, 30 Ct. Int'l Trade 337, 345 (U.S. 2006).

4. Mr. Greer's motion appears to be premature for reasons explained below. To the extent Mr. Greer's Motion is premature, an extension of time cannot possibly prejudice Mr. Greer or his substantive rights.

    a. To the extent that Mr. Greer's Motion can be construed as a discovery motion (because Mr. Greer seeks leave to conduct various types of

discovery),[2] Mr. Greer did not comply with DUCivR 7-1, including but not limited to complying with the obligation to confer with undersigned counsel in an attempt to obviate or resolve any dispute. Indeed, Mr. Greer has not sent undersigned counsel any discovery requests, and undersigned counsel is therefore unaware of any discovery dispute.

b. To the extent Mr. Greer seeks to enforce what he believes is a money judgment in this case, he has not complied with Fed. R. Civ. P. 69, which provides the exclusive means to enforce a monetary judgment. And even if Mr. Greer had complied with that rule, "An execution ordinarily may issue only upon a final judgment." *Redding & Co. v. Russwine Constr. Corp.*, 135 U.S. App. D.C. 153, 417 F.2d 721, 727 (1969). But there has been no final judgment in this case, in large part due to Mr. Greer's own repeated noncompliance with Court ordered deadlines.

c. Mr. Greer's motion is curiously timed because it appears Mr. Greer both wrote and filed his motion only after this Court's order at ECF No. 189 was issued, in which the Court ordered Mr. Greer to show cause why he should not reimburse the Defendants for time spent on what the Court

---

[2] Mr. Greer's Motion at ECF No. 190 cites no precedent and no rule of court that authorizes or mandates the relief sought. For this reason, undersigned counsel suspects that a response may take more time than usual, as counsel struggles to comprehend the arguments which he is called upon to oppose. Mr. Greer has not yet responded to an email from undersigned counsel inquiring as to the basis for Mr. Greer's motion and his failure to submit a memoranda that is capable of response. Exhibit A. Undersigned counsel is also puzzled because Mr. Greer has provided very different payment instructions in his serial demands for payment, with at least one demand for payment made to a lawyer who has twice expressly disclaimed that he is working on Mr. Greer's behalf.

characterized as "recalcitrant" and "willful" refusal on the part of Mr. Greer to provide any initial disclosures. *Id.* at 3. To the extent that this Court orders a monetary recovery by the Defendants due to Mr. Greer's repeated discovery violations, it would almost certainly exceed the $225.25 Mr. Greer claims he is owed. Assuming *arguendo* that this Court ultimately determines Mr. Greer is owed any amount, this Court has expressly offset judgments in favor of one party when there is a corresponding judgment in favor of another, such that Mr. Greer may ultimately be entitled to nothing at all. SEC v. Mgmt. Sols., Inc., Civil Action No. 2:11-cv-01165, 2018 U.S. Dist. LEXIS 245883, at *4-5 (D. Utah Feb. 2, 2018).

5. Because Mr. Greer's Motion is premature for the reasons set forth above, and because the Christmas season is upon us, undersigned counsel respectfully moves that this Court extend the deadline to file a response to Mr. Greer's Motion at ECF No. 190 so that it corresponds with the deadline to file motions under Fed. R. Civ. P. 54 (d) at the conclusion of this case and after a final judgment has been entered. Alternatively, undersigned counsel requests an extension of time of 21 days, so that the response would be due January 15, 2025.

DATED December 11, 2024

**HARDIN LAW OFFICE**

*/s/ Matthew D. Hardin*
**Matthew D. Hardin**
Attorney for Defendants