**Matthew D. Hardin (*pro hac vice*)**
**HARDIN LAW OFFICE**
101 Rainbow Drive #11506
Livingston, TX 77399
Email: MatthewDHardin@gmail.com
*Attorney for Defendants*

THE UNITED STATES DISTRICT COURT
DISTRICT OF UTAH

| | |
|---|---|
| RUSSELL GREER,<br><br>    Plaintiff,<br><br>v.<br><br>JOSHUA MOON, *et al.*<br><br>    Defendant. | ***RENEWED* MOTION TO EXCLUDE UNDISCLOSED EVIDENCE AND WITNESSES UNDER FED. R. CIV. P. 37 (c), AND MOTION TO IMPOSE "CASE-ENDING SANCTIONS" PER ECF NO. 189.**<br><br>Case No. 2:24-cv-00421-DBB<br><br>District Judge David Barlow<br>Magistrate Judge Jared C. Bennett |

NOW COME the Defendants, by and through undersigned counsel and pursuant to Fed. R. Civ. P. 37 (c), as well as this Court's order at ECF No. 189, and renew their Motion that this Court enter an order denying Mr. Greer the opportunity to call any witness or introduce any evidence, at any stage in this case, to the extent the witness or evidence has not been disclosed to Defendants. Defendants also seek the "case-ending sanctions" that the Court contemplated in the order at ECF No. 189, and an award of their attorney's fees and costs for the reasons set forth herein. Defendants additionally request leave to submit an accounting of such fees and costs once briefing on the issue of entitlement has been resolved.

I.   **Introduction**

Mr. Greer has refused on at least three separate occasions to properly disclose

any witnesses to the Defense. ECF No. 127-1 ("There are witnesses who have witnessed the intentional copyright infringement by Kiwi Farms…" but not listing such witnesses), *cf*. 185-1 (same), 194-1 (listing two witnesses – Mr. Greer's father and brother – but not their address or what the subject of their anticipated testimony or knowledge might be).[1] Mr. Greer has not disclosed his own anticipated testimony or the extent of his own claimed knowledge. Mr. Greer previously told the U.S. District Court for the Northern District of Florida that there was a vital, Utah-based witness named Scott Taylor who was necessary for trial, ECF No. 123 at 15, but Mr. Taylor appears nowhere in Mr. Greer's initial disclosures.

Because of Mr. Greer's serial refusals to provide compliant Rule 26 (a) disclosures, the defense cannot locate the supposedly vital witness Steve Taylor at all, despite that Mr. Taylor's testimony was among the reasons Mr. Greer sought for this case to be retransferred from Florida back to Utah. ECF No. 123 at 15. Undersigned counsel has reserved a room to conduct Mr. Taylor's deposition in Salt Lake City on March 6-7, but cannot serve Mr. Taylor a subpoena and has no idea what topics Mr. Taylor might testify to. Similarly, because Mr. Greer refused to disclose the address and the subject of testimony by Nathan and Scott Greer (Mr. Greer's brother and father, respectively), undersigned counsel had to conduct his own investigation to ascertain

---

[1] Plaintiff appears to be playing games with the timing of his disclosures and the nature of his disclosures in order to impede justice in this case. The "disclosure" of two witnesses (Scott and Nathan Greer) by name only, without any accompanying information, was made after this Court's deadline imposed at ECF No. 189. Mr. Greer believes his tardiness does not prejudice the Defendants, ECF No. 195, but he has corrected none of the substantive problems with his "disclosure" and appears to have intentionally "run out the clock" so that Defendants cannot conduct effective discovery.

their addresses.[2]

Mr. Nathan Greer spoke to undersigned counsel yesterday and was very gracious to accept service of a deposition subpoena via email, but indicated in his telephone call that he only knew about this case on the "periphery" and likely has no subject matter knowledge. Mr. Scott Greer has not returned undersigned counsel's telephone calls at all, and therefore undersigned counsel has no idea what Mr. Scott Greer might or might not testify to. Absent a proper disclosure from the Plaintiff, it appears there is no way to know what Scott Greer's testimony might be other than for defense counsel to go through the expense of traveling to Wyoming to depose him in person.[3] Undersigned counsel was eventually able to obtain Scott Greer's physical address for purposes of serving a subpoena, but counsel did not obtain that address from the Plaintiff. Instead, it was obtained through undersigned counsel's own investigation and conversation with Nathan Greer.

Plaintiff Russell Greer has also stated that he has no documents that are relevant to this case and its sole cause of action for contributory copyright infringement on at least three occasions. ECF No. 127-1 ("not any documents in Plaintiff's possession"), Exhibit 185-1 (same), ECF No 185-2 ("I clearly said in the documents, there is nothing

---

[2] Undersigned counsel's investigation has revealed that Nathan Greer lives in Texas and Scott Greer lives in Wyoming. This undercuts Plaintiff's earlier arguments that he had Utah-based witnesses and that Utah would be the most convenient location for trial in this matter. A grand total of zero Utah-based witnesses have been disclosed by Mr. Greer, and Defendants also expect to call no Utah-based witnesses.

[3] Plaintiff has previously indicated to this Court at, *e.g.*, ECF No. 123, that his father is elderly and suffers from Parkinson's disease. Undersigned counsel does not wish to depose an elderly and ill witness during the Wyoming winter unless there is no alternative, but the Plaintiff appears to be leaving Defendants no choice but to do so.

relevant at this time," and adding that the documents in Mr. Greer's possession have "nothing to do with copyright infringement."). Plaintiff has never, at any point, supplemented his disclosures to provide a listing of any documents or copies of any documents.

Because Mr. Greer has failed to properly disclose any witnesses or evidence, even after this Court's order at ECF No. 189, and even after multiple attempts to confer with Mr. Greer as to his failures, the Defendants are severely prejudiced in their efforts to conduct discovery and have spent thousands of dollars to fruitlessly confer with the recalcitrant Plaintiff and to conduct their own investigation so that the discovery process can begin. Plaintiff should be excluded from presenting any testimony or documentary evidence in this case, and this Court should impose the "case-ending sanctions" it previously warned Mr. Greer would follow.

## II.     Rule

Pursuant to Fed. R. Civ. P. 37 (c), "If a party fails to provide information or identify a witness as required by Rule 37 (a) or (e), the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial." This form of relief is mandatory unless the Court makes a specific finding that the failure to disclose "was substantially justified or is harmless." *Vesom v. Atchison Hosp. Ass'n*, 279 Fed. Appx. 624, 631 (10th Cir. 2008) (explaining that exclusion of evidence "is 'automatic and mandatory' unless the violation was either justified or harmless").

A district court has discretion to decide whether a Rule 26 violation is justified or harmless and, when doing so, should consider the following factors: "'(1) the prejudice or surprise to the party against whom the testimony is offered; (2) the ability of the party to

cure the prejudice; (3) the extent to which introducing such testimony would disrupt the trial; and (4) the moving party's bad faith or willfulness.'" *Jacobsen v. Deseret Book Co.*, 287 F.3d 936, 953 (10th Cir. 2002); *Woodworker's Supply, Inc. v. Principal Mut. Life Ins. Co.*, 170 F.3d 985, 993 (10th Cir. 1999).

This Court has the power to sanction Mr. Greer or provide other relief pursuant to this Court's own order at ECF No. 189 at 3, fn. 7, citing Fed. R. Civ. P. 37 (b)(2).

### III.    Facts

Mr. Greer provided what he called "initial disclosures" for the first time while this case was pending in Florida. ECF No. 127-1. These disclosures were facially deficient as pointed out by Defendants at ECF No. 127, but at that time there was no order requiring initial disclosures to be made and therefore no relief was available to Defendants. After the hearing in this matter on November 18, 2024, when this Court finally imposed an order requiring initial disclosures to be made, Defendants sent a "prompt written communication" to Mr. Greer pursuant to DUCivR 37-1 (a)(2). ECF No. 185-3. That communication invited Mr. Greer to amend or supplement his disclosures prior to November 2, 2024, or alternatively to meet and confer with undersigned counsel via zoom on one of three specified dates. *Id*. Undersigned counsel thereafter repeatedly invited Mr. Greer to meet and confer, including but not limited to via follow up emails on November 19 (ECF No. 185-4), November 21 (ECF No. 185-5), November 26 (ECF No. 185-6 and 185-7), November 29 (ECF No. 185-8), and December 3 (ECF No. 185-9 and 185-10).  Mr. Greer eventually provided "new" initial disclosures on December 3, 2024, but those initial disclosures were a verbatim match for his original initial disclosures, and continued Mr. Greer's pattern of refusing to disclose any witnesses or any evidence.

This Court ordered Mr. Greer to correct the deficiencies of his Rule 26 disclosures not later than December 16, 2024, and expressly noted that the failure to comply would subject Mr. Greer to the imposition of "case-ending sanctions." ECF No. 189 at 3. The Court also ordered Mr. Greer to show cause why he should not be required to pay Defendants' attorney's fees which were necessary to obtain an order compelling the Plaintiff to comply with Rule 26. *Id*. at 4.

The Plaintiff has not cured his willful and recalcitrant refusal to comply with Rule 26 in the time since this Court ordered him to do so at ECF No. 189. Instead, Mr. Greer waited until the deadline had elapsed, and only after Defendants had notified the Court that the deadline had elapsed at ECF No. 193, to send undersigned counsel an email which contained only the names of two family members and their phone numbers. ECF No. 194-1. Mr. Greer did not provide addresses for such witnesses, and did not provide the anticipated subject of their testimony. The Plaintiff's December 17, 2024 list of witnesses conflicts with Mr. Greer's earlier specific representations to this Court that a Steve Taylor of Utah would testify at trial in this matter. ECF No. 123 at 15. Mr. Greer has repeatedly refused to confer with undersigned counsel about the deficiencies of his belated "disclosures" as evidenced by the numerous items of email correspondence which are attached to this motion.

**IV.     Argument**

This Court must impose the "automatic and mandatory" exclusion of evidence that the Tenth Circuit and Fed. R. Civ. P. 37 require. *Vesom v. Atchison Hosp. Ass'n*, 279 Fed. Appx. 624, 631 (10th Cir. 2008) (explaining that exclusion of evidence that is presented in violation of Rule 37(c) "is 'automatic and mandatory' unless the violation

was either justified or harmless"). The factors the Court previously held did not justify exclusion of evidence, ECF No. 189, now tip in the opposite direction.

Specifically, as to the first *Woodworker*'s factor, this Court previously held that there was prejudice to Defendants due to Mr. Greer's behavior. ECF No. 189 at 3 (Mr. Greer "has impermissibly caused delay in court-ordered discovery…"). At that time, the Court held that the prejudice was not the "kind of prejudice" that warranted exclusion as a remedy. *Id*. But Mr. Greer's continued behavior since this Court's order at ECF No. 189 has amplified Defendants' prejudice, and makes clear that exclusion is the only remedy that will suffice due to the Plaintiff's refusal to accept the ordinary rules of court and to comply with them. As described above, Defendants have had to spend thousands of dollars conducting their own investigation into the location of Nathan and Scott Greer, and will now have to subpoena such witnesses in the absence of even the most basic idea of what their testimony might be or how it is relevant to this copyright case. Defendants have reserved a room in which to depose Steve Taylor, a trial witness the Plaintiff previously identified as vital to his case, ECF No. 123 at 15, but Mr. Taylor has not been disclosed at all, in any form. Defense counsel has been forced to block off his calendar for three days to travel to Salt Lake City and conduct a deposition for a witness that appears to be a figment of Mr. Greer's imagination. Discovery is not merely "delayed" by the Plaintiff's behavior; discovery is actively hampered and even prevented in large measure, as costs continue to escalate.

Addressing the second *Woodworker*'s factor, this Court previously found that Mr. Greer could "cure" the prejudice by complying with this Court's order at ECF No. 189. But Mr. Greer has not "cured" any prejudice because he has not complied with this

Court's order. Instead, he has played continued games of delay, refusing to provide any disclosures at all until after the Defendants notified the Court that the deadline had elapsed, and even then providing perfunctory and wholly inadequate disclosures. What's more, Mr. Greer has failed repeatedly to meet and confer with the Defendants as required by DUCivR 37-1, such that Defendants costs continue to escalate.

As to the third *Woodworker*'s factor, the Court previously found that because there is no trial scheduled in this matter, Mr. Greer's failure to disclose evidence could not possibly disrupt a trial. ECF No. 189 at 3. While this Court is correct to say that no trial is scheduled in this matter, Mr. Greer's behavior is such that no trial can ever be scheduled in this matter. This case cannot even become ripe for dispositive motions until discovery is complete, much less ripe for trial. And discovery cannot be complete when Mr. Greer refuses to let it even begin, by providing basic initial disclosures to the defense.

As to the fourth Woodworker's factor, this Court previously found that Mr. Greer's behavior was willful and recalcitrant. ECF No. 189 at 3-4. This Court was correct, and Defendants respectfully submit that Mr. Greer's willful and recalcitrant behavior has only continued and amplified in the days since this Court made that finding. Evidence of Mr. Greer's willfulness is also attached hereto in the form of exhibits, which demonstrate that undersigned counsel has repeatedly written to Mr. Greer to invite him to supplement his disclosures and to meet and confer to address the instant motion. Mr. Greer has refused even to comply with DUCivR 37-1's meet and confer requirement, much less to redress Defendants grievances. This indicates that Mr. Greer is not a victim of circumstances, but has intentionally chosen to flout the rules.

## V.     Conclusion

This Court must make clear that it will exclude any undisclosed witness or evidence from being presented at trial or in support of any motion. It should also impose the "case-ending sanctions" of which it warned Mr. Greer at ECF No. 189 at 3.

DATED December 19, 2024

**HARDIN LAW OFFICE**

 */s/ Matthew D. Hardin*  
**Matthew D. Hardin**  
Attorney for Defendants