**From:** Matthew Hardin matthewdhardin@gmail.com
**Subject:** Re: Witnesses
**Date:** December 17, 2024 at 8:05 AM
**To:** Russell Greer RussMark@gmail.com



Good morning,

This is yet another prompt written communication pursuant to DUCivR 37-1. For purposes of this email I will assume, **without waiving any of our rights to bring a motion for sanctions**, that your email below constitutes an attempt to provide "updated" initial disclosures as required by the Court on December 9, 2024, and that you are not simply continuing a pattern of playing games to waste Defendants' resources and thwart the purposes of Fed. R. Civ. P. 26.

It appears that your "updated" initial disclosures sent (late) on December 17, 2024 are deficient for most of the same reasons as your earlier initial disclosures. You have not remedied any of the issues I identified in my emails dated November 18, 2024 or November 19, 2024, except that you have provided the bare identity (without accompanying information) for two individuals. Nor have you indicated you wish to engage in a meet and confer.

Your new "initial disclosures" are deficient for substantially the same reasons I explained before, including but not limited to:

1) You have failed to provide "the name and, if known, **the address and telephone number of each individual likely to have discoverable information—along with the subjects of that information**—that the disclosing party may use to support its claims or defenses…" Instead, you have merely stated that Nathan and Scott Greer are witnesses, without providing any address at which they can be served with appropriate legal process and without providing the subject of their expected testimony or knowledge. This is impermissible pursuant to Fed. R. Civ. P. 26 (a)(1)(A)(i).

2) You have continued in your earlier failure to provide "a copy—or a description by category and location—of all documents, electronically stored information, and tangible things that the disclosing party has in its possession, custody, or control and may use to support its claims or defenses." Instead, for the third time time, you have failed to provide any documents or a list of such documents. You must provide this information as specifically enumerated in Rule 26.

3) You have continued in your earlier failure to provide "materials bearing on the nature and extent of injuries suffered." I therefore cannot ascertain the basis for your computation of damages. You must provide this information as specifically enumerated in Rule 26.

You have failed to comply with Rule 26 and any of the requirements it imposes, except perhaps for the bare computation of damages in your first attempt at making initial disclosures and the bare identification of two witnesses by name only in an email filed only after Defendants' informed the Court that you remained out of compliance with your disclosure obligations, which email is itself unaccompanied by the necessary supporting materials and provides no information at all on the topics of each witnesses's knowledge. **I therefore request, without waiving any of our rights, to meet and confer pursuant to DUCivR 37-1 (a)(2)(B)**. Such a meet and confer could take place via Zoom on 12/17/2024 at Noon, or alternatively on 12/18/2024 at Noon, or alternatively on 12/19/2024 at Noon. **If we are unable to resolve our differences, I will file a motion pursuant to DUCivR 37-1 (b) to compel you to supplement your initial disclosures, or for appropriate sanctions as a result of failure to make proper initial disclosures in full compliance with Rule 26, including but not limited to my attorney's fees (which continue to escalate) and an order seeking to exclude undisclosed testimony and evidence**. As I have noted in previous correspondence to you, we are prejudiced with each passing day that we do not receive valid initial disclosures, because we cannot move forward with our full panoply of discovery in the absence of the required initial information from you. Moreover, you appear to have continued in your pattern of wasting time since I first notified you of these deficiencies (and even more time since the Court notified you of the deficiencies), and you have either have not bothered to read the relevant rule (Fed. R. Civ. P. 26 (a) (1)) or have persistently refused to follow it after numerous efforts to bring you into compliance. If there was ever any confusion on what proper Initial Disclosures look like and what sort of information they contain, you could simply have referred to the Initial Disclosures which Defendants provided on December 2, 2024.

Merry Christmas,

**Matthew D. Hardin**
**Hardin Law Office**
Direct Dial: 202-802-1948
NYC Office: 212-680-4938
Email: MatthewDHardin@protonmail.com

> On Dec 17, 2024, at 5:23 AM, Russell Greer <RussMark@gmail.com> wrote:
>
> I apologize for being 2 hours late with disclosing the witnesses. L
>
> I am making this very clear: the reason for the initial non-disclosure is because your client and his users stalk me. If you may recall, a person a month ago was pretending to be you and sent me unsolicited porn emails.
>
> However. Complying with the court's order, the witnesses are:
>
> 1. Nathan Greer. +1 (801) 310-2142
>
> 2. Scott Greer . (801) 301-1290