**Matthew D. Hardin (*pro hac vice*)**
**HARDIN LAW OFFICE**
101 Rainbow Drive #11506
Livingston, TX 77399
Email: MatthewDHardin@gmail.com
*Attorney for Defendants*

THE UNITED STATES DISTRICT COURT
DISTRICT OF UTAH

| RUSSELL GREER, <br><br> Plaintiff, <br> v. <br><br> JOSHUA MOON, *et al*. <br><br> Defendant. | **DECLARATION OF MATTHEW HARDIN** <br><br> Case No. 2:24-cv-00421-DBB <br><br> District Judge David Barlow <br> Magistrate Judge Jared C. Bennett |
|---|---|

I, Matthew Hardin, declare as follows:

1. I am over the age of 18 and competent to testify to the matters set forth herein.

2. I represent the Defendants in this matter.

3. The purpose of this Declaration is to explain my inability to comply with DUCivR 37-1 in this case. This inability is not due to my own actions or those of my client, but solely due to the behavior of Mr. Greer.

4. I have repeatedly written to the Plaintiff, Russell Greer, and proposed dates for a Rule 37-1 conference via zoom. The Plaintiff frequently responds to my emails, but he never accepts or rejects any of my proposed dates or times for the conference. Instead, he proceeds as if no conference has been proposed, or as if the conference is not mandatory. I

have attached numerous emails with the Plaintiff to my filings in this case, but there are more. Mr. Greer appears to respond to what he wishes to respond to, and to ignore the portions of emails that he prefers to ignore, including the attempts to schedule Rule 37-1 conferences.

5. Because Mr. Greer never responds to my proposed dates and times for a conference, I end up keeping my schedule clear for conferences that never happen. I cannot equitably bill the Defendants in this case for time I have cleared to hold a conference with Mr. Greer, when Mr. Greer has not responded either affirmatively or negatively and no meaningful attorney work has occurred. But I also cannot leave the office, schedule other matters, or devote myself efficiently to my remaining cases because I do not wish to become unavailable if Mr. Greer decides, for the first time, to participate in the Rule 37-1 process.

6. I kept my calendar clear for Mr. Greer in this case on the following dates, and no conference was held: December 3, 2024 (noon to 1:00 p.m.), December 4, 2024 (noon to 1:00 p.m.), December 5, 2024 (noon to 1:00 p.m.), December 17, 2024 (noon to 1:00 p.m.), December 18, 2024 (noon to 1:00 p.m.). As of this filing, I also have kept December 19, 2024 beginning at noon available, although it is presently mere minutes until any conference would take place and I have not heard from Mr. Greer.

7. As a solo practitioner, I cannot afford to continue to devote non-billable time to schedule meetings with Mr. Greer that never take place. Mr. Greer has demonstrated through his repeated pattern of behavior that he will not

      engage with the mandatory Rule 37-1 conferral process. I therefore ask that this Court excuse me from further fruitless attempts to "meet and confer" with Mr. Greer, or order Mr. Greer to compensate me for time spent in attempts to meet and confer with him in good faith.

8.     I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on December 19, 2024

                                 */s/ Matthew D. Hardin*
                                 **Matthew D. Hardin**
                                 Attorney for Defendants