

**From:** Matthew Hardin matthewdhardin@gmail.com
**Subject:** Subpoena in Greer v. Moon et al.
**Date:** December 18, 2024 at 6:00 PM
**To:** kngreer@gmail.com
**Cc:** Russell Greer russmark@gmail.com
**Bcc:** Joshua Moon jcmoon@pm.me

Dear Mr. (Nathan) Greer:

Thank you for your telephone call and cooperation in scheduling this deposition. As we discussed, please see attached a Subpoena and Notice of Deposition. As indicated in the accompanying letter, a check has been mailed to your attention in the amount of 43.83.

Merry Christmas,

**Matthew D. Hardin**
**Hardin Law Office**
Direct Dial: 202-802-1948
NYC Office: 212-680-4938
Email: MatthewDHardin@protonmail.com



NathanGreerSubpoenaPackage.pdf
538 KB

# MATTHEW D. HARDIN

101 Rainbow Drive · Box # 11506 · Livingston, TX 77399
Phone: (202) 802-1948 · Facsimile: (212) 433-8368
Email: MatthewDHardin@protonmail.com

December 18, 2024

Nathan Greer
REDACTED
Round Rock, TX 78665

      Re: *Greer v. Moon et al.* (D. Utah Case No. 2:24-cv-00421)
          NOTICE OF DEPOSITION & SUBPOENA

Dear Mr. Greer:

    Please find enclosed a Notice of Deposition and Subpoena. You are required to appear for a deposition in the above-referenced case at 9:00 a.m. on January 30, 2024. As indicated in the Notice of Deposition and in the Subpoena, the deposition will be held at

        Round Rock Multipurpose Complex
        2001 N. Kenney Fort Blvd
        Round Rock, TX 78665

    This location appears to be approximately 3 miles from your home in Round Rock (6 miles round trip). I have therefore arranged for a check to be mailed to your attention (under separate cover) in the amount of $43.93, which is the appearance fee for one day of testimony at $40, plus $3.93 in allowable mileage costs.

    Please feel free to call or email with any questions or concerns.

                               Regards,

                               Matthew D. Hardin

AO 88A (Rev. 12/20) Subpoena to Testify at a Deposition in a Civil Action

# UNITED STATES DISTRICT COURT
for the
District of Utah

| | | |
|---|---|---|
| Russell Greer | ) | |
| *Plaintiff* | ) | |
| v. | ) | Civil Action No. 2:24-cv-00421-DBB-JCB |
| Joshua Moon, et al. | ) | |
| *Defendant* | ) | |

**SUBPOENA TO TESTIFY AT A DEPOSITION IN A CIVIL ACTION**

To: Nathan Greer

*(Name of person to whom this subpoena is directed)*

☑ **Testimony:** YOU ARE COMMANDED to appear at the time, date, and place set forth below to testify at a deposition to be taken in this civil action. If you are an organization, you must promptly confer in good faith with the party serving this subpoena about the following matters, or those set forth in an attachment, and you must designate one or more officers, directors, or managing agents, or designate other persons who consent to testify on your behalf about these matters:

| Place: Round Rock Multipurpose Complex<br>2001 N. Kenney Fort Blvd<br>Round Rock, TX 78665 | Date and Time:<br>January 30, 2025 at 9 a.m. |
|---|---|

The deposition will be recorded by this method: Both audiovisually and stenographically.

☐ *Production:* You, or your representatives, must also bring with you to the deposition the following documents, electronically stored information, or objects, and must permit inspection, copying, testing, or sampling of the material:

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: 12/18/2025

CLERK OF COURT

OR

_____           /s/ Matthew D. Hardin
*Signature of Clerk or Deputy Clerk*                *Attorney's signature*

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)* Joshua Moon and Lolcow, LLC , who issues or requests this subpoena, are:

Matthew D. Hardin, 101 Rainbow Drive # 11506, Livingston TX 77399 / MatthewDHardin@gmail.com / 202-802-1948

**Notice to the person who issues or requests this subpoena**

If this subpoena commands the production of documents, electronically stored information, or tangible things before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88A (Rev. 12/20) Subpoena to Testify at a Deposition in a Civil Action (Page 2)

Civil Action No. 2:24-cv-00421-DBB-JCB

## PROOF OF SERVICE

*(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* Nathan Greer on *(date)* 12/18/2024.

☑ I served the subpoena by delivering a copy to the named individual as follows: via email pursuant to the request of Nathan Greer and his consent.

on *(date)* _____ ; or

☐ I returned the subpoena unexecuted because: _____.

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ 43.83.

My fees are $ _____ for travel and $ _____ for services, for a total of $ 0.00.

I declare under penalty of perjury that this information is true.

Date: 12/18/2024

/s/ Matthew D. Hardin
*Server's signature*

Matthew D. Hardin, Attorney for Defendants
*Printed name and title*

Hardin Law Office
101 Rainbow Drive # 11506
Livingston TX 77399
*Server's address*

Additional information regarding attempted service, etc.:
Pursuant to a telephone conversation on Dec. 18, 2024, Nathan Greer indicated he would accept this subpoena via email.

AO 88A (Rev. 12/20) Subpoena to Testify at a Deposition in a Civil Action (Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

 **(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
   **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
   **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
      **(i)** is a party or a party's officer; or
      **(ii)** is commanded to attend a trial and would not incur substantial expense.

 **(2)** *For Other Discovery.* A subpoena may command:
   **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
   **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

 **(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

 **(2)** *Command to Produce Materials or Permit Inspection.*
   **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
   **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
      **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
      **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

 **(3)** *Quashing or Modifying a Subpoena.*

   **(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:

      **(i)** fails to allow a reasonable time to comply;
      **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
      **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
      **(iv)** subjects a person to undue burden.
   **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:

      **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or
      **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
   **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
      **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
      **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

 **(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
   **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
   **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
   **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
   **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

**(2)** *Claiming Privilege or Protection.*
  **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
      **(i)** expressly make the claim; and
      **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
  **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

**Matthew D. Hardin (pro hac vice)**
**HARDIN LAW OFFICE**
101 Rainbow Drive # 11506
Livingston, TX 77399
Telephone: (202) 802-1948
Email: MatthewDHardin@gmail.com
*Attorney for Defendants*

THE UNITED STATES DISTRICT COURT
DISTRICT OF UTAH

| | |
|---|---|
| RUSSELL GREER,<br><br>     Plaintiff,<br>v.<br><br><br>JOSHUA MOON, *et al*.<br><br>     Defendants. | NOTICE OF DEPOSITION<br><br>Case No. 2:24-cv-00421-DBB<br><br>District Judge David Barlow<br>Magistrate Judge Jared C. Bennett |

**To: Russell Greer (Plaintiff)**

**From: Joshua Moon and Lolcow LLC (Defendants)**

Pursuant to Fed. R. Civ. P. 30, NOTICE IS HEREBY GIVEN that Defendants will take the deposition of:

> Nathan Greer
> REDACTED
> Round Rock TX 78665

beginning at 9:00 a.m., on January 30, 2025, at

> Round Rock Multipurpose Complex
> 2001 N. Kenney Fort Blvd
> Round Rock, TX 78665

All testimony will be recorded via both audiovisual and stenographic means.

DATED December 18, 2024

                                                 **HARDIN LAW OFFICE**

                                                 */s/ Matthew D. Hardin*
                                                 **Matthew D. Hardin**
                                                 Attorney for Defendants

cc: Nathan Greer