Russell Greer
1100 Dumont Blvd
Apt 139
Las Vegas, NV 89169
801-895-3501
russmark@gmail.com
Pro Se Litigant

# IN THE UNITED STATES DISTRICT COURT

# DISTRICT OF UTAH

| | |
|---|---|
| **RUSSELL GREER**  Plaintiff  v.  **JOSHUA MOON ET AL**,  Defendants | **PLAINTIFF'S RESPONSE TO THE COURT'S 12-09-24 SHOW CAUSE ORDER**  Case No.:   2:24-cv-00421-DBB-JCB |

1

Plaintiff Russell Greer comes now and responds to the Court's 12-09-24 Show Cause Order.

## INTRODUCTION

On 12-9-24, the Court denied the Defendants' motion to exclude witnesses, but Ordered Plaintiff to file a Response to Show Cause why case-ending sanctions shouldn't be imposed.

Plaintiff responds that the issue of not disclosing witnesses is moot because on 12-20-24, Defendants and Plaintiff entered a stipulated agreement that no witnesses would be called. Therefore, the issue of not disclosing is moot.

Secondly, Plaintiff was justified in not disclosing the witnesses.

Lastly, Plaintiff has gave a description of the evidence in his possession and has forwarded some evidence to Defendants.

### 1. The Issue of Not Disclosing Witnesses is Moot

On 12-20-24, the parties entered a stipulated agreement that dismissed the witnesses and so therefore the issue of non-disclosure is moot.

It has long been settled that a federal court has no authority "to give opinions upon moot questions or abstract propositions, or to declare principles or rules of law which cannot affect the matter in issue in the case before it." *Mills* v. *Green,* 159 U. S. 651, 653 (1895). See also *Smith v. Plati*, 258 F.3d 1167, 1179 (10th Cir.2001) ("An issue becomes moot when it becomes impossible for the court to grant any effectual relief on that issue.").

Since both parties agreed no witnesses would testify in this case, the witness disclosure issue is moot. To be clear, just because witnesses won't testify, doesn't mean the rest of the case is moot. See *Essence, Inc. v. City of Fed. Heights*, 285 F.3d 1272, 1277 n. 4 (10th Cir.2002) (holding that although plaintiff's claims for damages were not moot, their claims for injunctive relief were moot).

Therefore, the witness issue is moot.

### 2. Plaintiff was justified in not disclosing witnesses

Supposing the mootness argument is not persuasive, plaintiff argues that his non-disclosure was justified.

*FRCP 37(5)(A)(ii)* says that the Court must not order awards or sanctions if: (ii) "the opposing party's non-disclosure response or objection was substantially justified." The 10th Circuit has held that, "The determination of whether a *Rule 26(a)* violation is justified or harmless is entrusted to the broad discretion of the district court." *Woodworker's Supply, Inc. v. Principal Mut. Life Ins. Co.,* 170 F.3d 985, 993 (10th Cir.1999). The Court should consider the following factors: "(1) the prejudice or surprise to the party against whom the testimony is offered; (2) the ability of the party to cure the prejudice; (3) the extent to which introducing such testimony would disrupt the trial; and (4) the moving party's bad faith or willfulness." *Id*.

Plaintiff was justified in not disclosing witnesses the first time around because he was not wanting to drag reluctant witnesses into this case. When plaintiff has approached the witnesses prior, arguments arose about them not wanting to be dragged into this case. And so it's been a balance of complying with the Court, wanting total assurance from Hardin that nothing would be published (which he ended up publishing in ECF 194, thus proving plaintiff correct) and trying to maintain a relationship with the witnesses.

Plaintiff had only initially mentioned witnesses in his initial disclosure because they had witnessed Kiwi Farmers stalking plaintiff and it got to the point in 2022 where the witnesses called the police to do a welfare check on plaintiff because they thought plaintiff was going to take his own life. Defendants have previously said that all mentions of stalking and harassment should be stricken, but Plaintiff argues using such terms are relevant to establish that Moon's users are "of the mind to infringe" and that Moon's site attracts objectively crazy individuals, thus playing into the contributory infringement argument. *MGM v. Grokster*, 545 U.S. 913 (2005). However, because many of Moon's users are objectively unhinged (like creating

3

accounts on Kiwi Farms with pictures of Greer and using the username "Russtard," which no person of a sound mind would do), those close to Greer have been scared to be involved in this case and so Greer was justified in not disclosing witnesses until he got the witnesses firm approval. But Greer in part asked for the stipulation with Defendants on 12-20-24 because the prospective witnesses didn't want to be involved in the case.

### 3. Plaintiff has indeed provided Defendants with Evidence

Parties stipulated that witnesses would be stricken, but did not agree to evidence being stricken. Since October, Greer has forwarded to Defendants numerous examples of Kiwi Farms users harassing him via email to establish that Moon's users are "of the mind to infringe" and that Moon's site attracts those crazy individuals, thus playing into the contributory infringement argument. *MGM v. Grokster,* 545 U.S. 913 (2005). These emails satisfy Rule 26(a)(ii), as they are electronically stored on Greer's email. Further, Greer provided a description of the evidence in his initial disclosure: "There are not any documents in Plaintiff's possession that would need to be provided to Defendants' counsel, aside from just the many harassing messages and examples of copyright infringement done by the nefarious individuals on Kiwi Farms." This qualifies as a description under FRCP 26(a)(ii). Plaintiff has provided defendants with examples of the harassing messages.

Greer can't forward and send Defendants every single message he has received and every single evidence of infringement because that would be an undue time issue for plaintiff. This is a valid defense under FRCP 26(3)(2)(B).

Further, Greer has asked Defendants for a 12-29-24 date to answer their request for production of documents. Defendants agreed with that extension on 12-21-24.

### Conclusion

Therefore, Plaintiff has shown cause why the Court should not issue sanctions because the witness matter is moot, plaintiff was justified in non-disclosure and it would be an undue burden

to forward every single item. Plaintiff is also responding to Defendants' production document request by 12-29-24.

Respectfully

DATED: December 22nd, 2024

Russell Greer

/rgreer/

Pro Se

## **CERTIFICATE OF SERVICE:**

Pursuant to FRCP 5(b), I certify that on December 23rd, 2024, I served a true and correct copy of the attached document by ECF to all attorneys on record