FILED
2024 DEC 20 AM 8:54
CLERK
U.S. DISTRICT COURT

Russell Greer
1100 Dumont Blvd
Apt 139
Las Vegas, NV 89169
801-895-3501
russmark@gmail.com
Pro Se Litigant

## IN THE UNITED STATES DISTRICT COURT

## DISTRICT OF UTAH

| | |
|---|---|
| **RUSSELL GREER**<br><br>        Plaintiff<br><br>v.<br><br>**JOSHUA MOON ET AL**,<br><br>        Defendants | **PLAINTIFF'S MEMORANDUM IN RESPONSE IN OPPOSITION TO DEFENDANTS' RENEWED MOTION TO EXCLUDE WITNESSES AND FOR CASE ENDING SANCTIONS**<br><br>Case No.:   2:24-cv-00421-DBB-JCB |

1

Plaintiff Russell Greer comes now and responds to Defendants' renewed motion to exclude witnesses and for case ending sanctions.

## INTRODUCTION

Matthew Hardin, lawyer for defendants, has plagued this case with nuisance filings and the below facts will show this.

On the other hand, Plaintiff is not a lawyer. He has never claimed to be one. He has been doing his best to meet the demands of defendants and researching how to reply to defendants, while also balancing a life that he has been slowly rebuilding after losing everything in the past 6 months. Plaintiff has been actively pursuing this case

## FACTS

1.  On December 17th, Plaintiff at 2:23 AM disclosed the names and phone numbers of the witnesses, two hours late. **EXHIBIT A.**

2.  Plaintiff filed a response to Defendants' ECF 193, letting the Court know that he did provide the names and phone numbers.

3.  Defendants' lawyer did not like this disclosure and published ANOTHER notice, ECF 194, and in doing so, VIOLATED the protective order and did not redact witness names. **EXHIBIT B.**

4.  Plaintiff replied to Mr. Hardin and said "you didn't even allow me to reply before you filed that notice [ECF 194]. **EXHIBIT C.**

5.   Plaintiff explained that he is "doing his best to understand this. You are very pushy and ***jump to conclusions*** if I don't reply." *Id.*

6.  Plaintiff went on to explain in the same email that, "Rule 26(a) only says I have to give you names, and if known, the addresses. I do not know Nathan's address. The question of relevancy comes to Scott's address. They are going to ask me the same

thing. But you just did the thing I was hesitant about: publishing the witness contact info in your exhibit." **EXHIBIT D.**

7. Plaintiff was also heading to work when he wrote that.

8. He works 6 AM to 3 PM PST.

9. On December 18th, while Greer was at work, Mr. Hardin sent a flurry of emails to Greer.

10. On his ten minute break, Greer skimmed through the emails and saw Hardin was now threatening Greer with sanctions for writing in ECF 195 things that were truthful, but not articulated the best. Mr. Hardin wanted a meet and confer over those statements.

11. Greer replied he was at work. **EXHIBIT E.**

12. When Greer got off work, he saw that himself and one of his witnesses had been subpoenaed for a deposition.

13. While Greer was writing the errata to correct the statement that Plaintiff was being threatened with sanctions with, Hardin emailed him, as well as two kiwi farms users.

14. Further, one of Greer's witnesses was mad at Greer for the subpoena. Hardin never told Greer about any subpoenas.

15. Needless to say, Greer was trying to juggle many different aspects of this case.

16. On the the 19th, just after Greer filed the notices (ECF 198 and 199), Hardin then subpoenaed another witness.

17. This truthfully upset Greer since he was never given notice that they would be subpoenaed. He only assumed he would be subpoenaed for a deposition.

18. Essentially, Defendants' counsel was swarming Greer with messages and filings and it was beginning to aggravate Greer because Mr. Hardin was being very vexatious and not even giving Greer a week to respond to anything.

19. On top of that, Greer still had to reply to the Court's show cause by the 23rd for the first motion to exclude.

20. Defendants were not being respectful to Plaintiff to even process or research anything.

21. These facts don't show that Plaintiff has been non-compliant, rather, the facts show that Mr. Hardin is engaging in very predatory behavior and using his advantage as a lawyer against a pro se litigant.

22. In other words, Mr. Hardin has the luxury to demand phone calls and meetings, due to him being a self-employed attorney. Plaintiff does not. He's bound to a schedule of an employer and can only talk outside hours.

23. Further, Hardin and Greer live in different time zones.

24. Further, it's dishonest for Defendants to swarm plaintiff with several filings and not even allow plaintiff a week to respond to everything.

## STANDARD FOR SANCTIONS/AWARDS

FRCP 37(5)(A)(ii) says that the Court must not order awards or sanctions if: (ii) "*the opposing party's non-disclosure response or objection was substantially justified.*"

The 10th Circuit has held that, "The determination of whether a Rule 26(a) violation is justified or harmless is entrusted to the broad discretion of the district court." *Woodworker's Supply, Inc. v. Principal Mut. Life Ins. Co.,* 170 F.3d 985, 993 (10th Cir.1999). The Court should consider the following factors: "(1) the prejudice or surprise to the party against whom the testimony is offered; (2) the ability of the party to cure the prejudice; (3) the extent to which introducing such testimony would disrupt the trial; and (4) the moving party's bad faith or willfulness." *Id.*

Further, in dealing with pro se litigants, the 10th Circuit has instructed District Courts to consider "lesser sanctions," instead of full-blown dismissals when evaluating *Rule 37* sanctions. *Mobley* v. McCormick, 40 F.3d 337 (10th Circuit 1994).

**4 Reasons to Deny Motion to Award Case Ending Sanctions**

Following the *Woodwork* analysis, there are 4 reasons to deny case ending sanctions: (1) plaintiff fully complied with disclosing witnesses and he was substantially justified in not disclosing addresses (2) plaintiff does not have the same flexibility as Defendants' lawyer does in having split-second meetings, (3) defendants have swarmed plaintiff with excessive filings and (4) the 10th Circuit ruled plaintiff has a case.

1. **Plaintiff fully complied with Rule 26 (a) and was substantially justified in any non-disclosure**

    A. **Provided Defendants with the names and phone numbers.**

    As stated, Plaintiff fully complied and was two hours late in disclosing the names and phone numbers of the witnesses. His lateness was because he had been trying to research a motion for reconsideration of the Court's 12-9-24 order and suggest a motion to seal to provide whatever evidence and witnesses defendants wanted information that was under protective order because he was fearful of disclosure. It was a reasonable fear (which came to fruition by defendants' lawyer publishing the witnesses on 12-17-24). Plaintiff decided to just trust Hardin and that trust has now been violated by the publication of the names. The publication even caused a kiwi farm troll to harass plaintiff with the information, *see ECF 198.*

    But Plaintiff did disclose the information, and even if it was two hours late, defendants suffered no harm whatsoever by that two hour late disclosure.

    B. **Plaintiff was substantially justified in not disclosing the addresses**

*FRCP 26(a)* says a party must provide to other parties, "names, ***and if known***, the addresses and telephone numbers of each individual likely to have discoverable information...unless the use would be solely for impeachment."

Plaintiff was justified in not disclosing witness Nathan's address because he simply does not know it. This complies with FRCP 26(a). All he knows is Nathan lives in Texas. He has never been to his home and he has never needed the address. He told Mr. Hardin this. **EXHIBT D.**

Plaintiff was justified in not disclosing witness Scott's address because of relevancy and not wanting to drag reluctant witnesses into this case. When plaintiff has approached the witnesses prior, arguments arose about them not wanting to be dragged into this case. And so it's been a balance of complying with the Court, wanting total assurance from Hardin that nothing would be published (which he ended up publishing in ECF 194, thus proving plaintiff correct) and trying to maintain a relationship with the witnesses. Hardin never disclosed why he needed the addresses or why a phone number wasn't good enough. Simply saying because the FRCP says so doesn't seem to suffice, especially since a phone number *was* provided. As stated, now that the information has been published by defendants, all trust is gone. The protective order has been violated.

### C.  Mr. Hardin Used Scott's Phone Number to Set Up a Deposition, Thus Proving an Address was Not Needed

On December 19th, Mr. Hardin set up a deposition with witness Scott, reaching Scott by phone. This proves that Hardin's qualms over a lack of address is frivolous since the phone number was enough to reach Scott. **EXHIBIT E.**

### D.  Plaintiff has indeed provided Defendants with Evidence

Defendants further complain that they have not been given any evidence. This is quite false. Since October, Greer has forwarded to Hardin numerous examples of Kiwi Farms users

harassing him via email to establish that Moon's users are "of the mind to infringe" and that Moon's site attracts those crazy individuals, thus playing into the contributory infringement argument. *MGM v. Grokster,* 545 U.S. 913 (2005). **EXHIBIT F.** These emails satisfy Rule 26(a)(ii), as they are electronically stored on Greer's email. Further, Greer provided a description of the evidence in his initial disclosure: "*There are not any documents in Plaintiff's possession that would need to be provided to Defendants' counsel, aside from just the many harassing messages and examples of copyright infringement done by the nefarious individuals on Kiwi Farms.*" This qualifies as a description under FRCP 26(a)(ii). Plaintiff has provided defendants with examples of the harassing messages.

### 2. Plaintiff Doesn't Have the Same Flexibility as Mr. Hardin

Mr. Hardin next complains that Plaintiff won't drop everything for a meet and confer. Plaintiff told Mr. Hardin twice (in the facts section exhibits) that he was at work. Plaintiff is not self-employed like Hardin and can't simply drop everything for a phone call. Hardin only asked Plaintiff twice to meet and confer. Both times, Greer was at work. From what Greer understood from Hardin's excessive emails, in the span of two days, Hardin was upset over wording in Plaintiff's ECF 195 and wanted to meet and confer or else he would file sanctions. Greer said he would fix the wording, which he did in ECF 199. **EXHIBIT G.**

Mr. Hardin is using his position as a lawyer as an advantage against a pro se litigant who doesn't have the same flexibility and Hardin is trying to use that as evidence of non-compliance, which no reasonable Court should allow that as evidence of non-compliance.

Further, after Hardin violated the protective order (as explained in ECF 198), it has made Plaintiff less than thrilled to want to talk to Hardin, as Hardin has demonstrated that he doesn't care about privacy or trust, given that he has not redacted any of the witnesses' names and have published them continuously in his exhibits, which the kiwi farms users can see.

### 3. Defendants Have Swarmed Plaintiff with Filings

Clearly, based on the facts and the  evidence, Greer was responding to Hardin and was trying to address different filings. But in two days, Mr. Hardin has sent Greer ten different messages, regarding different things, whether it be by him directly or indirectly through the ECF system or CCing Plaintiff in emails to Greer's witnesses. And so it has been hard to truly sit down and reply to all of them. Yes, plaintiff sent some quick, heated emails on 12-19, but that was in response to Hardin's subpoenaing Greer's family from behind his back. That would truly upset anyone.

Plaintiff was trying to address one meet and confer regarding wording Hardin didn't like. He told Hardin he was at work.

So in essence, if Plaintiff didn't respond to a meet and confer, it's because Hardin has bizarrely bombarded Plaintiff with excessively harassing filings and emails, causing messages to get buried.

### 4.  The 10th Circuit Ruled Plaintiff Stated a Complaint

Defendants have not wanted to admit their defeat at the tenth circuit and so Defendants are deploying this frivolous tactic of nitpicking initial disclosures and apparent non-compliance. They know they can't defeat Greer's case and so they are trying to get him on a technicality. That is wrong. Ending the case would be robbing plaintiff of Justice.

### Same Reasons Apply to Not Barring Witnesses or Evidence

The same reasons articulated above, should also apply to not barring witnesses or evidence:

1. Plaintiff did disclose the witness information. Any non-disclosure was justified and harmless.

2. Defendants in fact did use the provided witness information to reach Greer's witnesses.

3. Plaintiff has provided Defendants with evidence and provided a description of his evidence, per FRCP 26(a)(ii).

4. Plaintiff doesn't have the same flexibility as Defendants and Defendants have bombarded Plaintiff with different messages that may have caused other messages to have been buried.

**Lesser Sanctions Should Be Imposed, if the Court Decides to Impose Sanctions**

With the facts and evidence provided, there is no justification for this Court to impose sanctions, as Greer has complied with the FRCP and with the Court's order. If a sanction must be imposed, though, Greer reminds this Court that it is bound to follow 10th Circuit precedent: "We recognize pro se litigants place great burdens on the judicial system. Nevertheless, all litigants have a right to have their cases decided under the applicable law which, in this case, is embodied in *Jones* and *Ehrenhaus*. The crux of the holdings in those cases is trial courts should not dismiss cases without first considering all significant aspects of the decision to dismiss." *Mobley* v. McCormick, 40 F.3d 337 (10th Circuit 1994).

The following aspects should be considered: Plaintiff truly has tried to comply. Given the nature of what Kiwi Farms is and their counsel Mr. Hardin helping run a fundraiser for kiwi farms and implying that he's their "defender" (see ECF 199), and that Greer had a fear Defendants' lawyer would somehow disclose the witness information (which he did, per ECF 198), Greer was trying to balance protecting his family (the witnesses) and complying with the Court. What appears as non-compliance is actually apprehension and lived traumas of dealing with the craziness that Kiwi Farms attracts and not being able to trust anyone associated with the kiwi farms website, even if that person is their lawyer. And Greer did indeed comply. Two hours late, but in no way did it harm Defendants, as Defendants were able to reach the witnesses.

Therefore, Greer asks this Court to not exclude witnesses or evidence, nor impose sanctions of any kind.

Respectfully

DATED: December 20th, 2024

Russell Greer

/rgreer/

Pro Se



**<u>CERTIFICATE OF SERVICE:</u>**

Pursuant to FRCP 5(b), I certify that on December 20th, 2024, I served a true and correct copy of the attached document by ECF to all attorneys on record

## CERTIFICATE OF COMPLIANCE:

Per DUCivR 7-1(b)2(C ), Plaintiff affirms this response is less than 2,500 words.

**EXHIBIT A**

**Providing the witnesses, two hours late**



**EXHIBIT B**

**Evidence of Matthew D. Hardin violating the protective order by publishing the names and phone numbers.**



5:34

Case 2:24-cv-00421-DBB-JCB   Document 194-1   Filed 12/17/

1 of 1

From: **Russell Greer** RussMark@gmail.com
Subject: Witnesses
Date: December 17, 2024 at 5:23 AM
To: Matthew Hardin matthewdhardin@gmail.com

I apologize for being 2 hours late with disclosing the witnesses. L

I am making this very clear: the reason for the initial non-disclosure is because your client and his us
was pretending to be you and sent me unsolicited porn emails.

However. Complying with the court's order, the witnesses are:

1. Nathan Greer. +1 (801) 310-2142

2. Scott Greer . (801) 301-1290



ecf.utd.uscourts.gov

**EXHIBIT C**

**Plaintiff telling Mr. Hardin he is doing his best to reply to him**



4:41

‹ Sent                              ⌃  ⌄

↩  **RG**  **Russell Greer**            Tuesday
          To: Matthew  Bcc: Russell ›      📎

## Re: Witnesses

Mr. Hardin.

Stop with your frivolous notices, sir. You
didn't even allow me to reply before you filed
that notice.

Further, you just violated the protective
order by publishing the names of the
witnesses I told you and the court I didn't
want published.

I am a pro se litigant doing my best trying to
understand this. I am not being willful with
anything. You are very pushy and jump to
conclusions if I don't reply.

I was trying to provide everything to you the
best that I can.

This isn't my full time job. So just simmer
down, sir! I'm trying to get everything to
you.

**EXHIBIT D**

**Plaintiff told Mr. Hardin he did not know Nathan's address, per FRCP 26(a)**



4:42

‹ Sent          Witnesses          ∧  ∨

I was trying to provide everything to you the best that I can.

This isn't my full time job. So just simmer down, sir! I'm trying to get everything to you.

Rule 26(a) only says i have to give you the names and *if known,* the addresses.

I do not know Nathan's address.

The question of relevancy comes to Scott's address.

They're going to ask me the same thing and so I was trying to provide everything.

But you just did the thing I was hesitant about: publishing the witness contact info in your exhibits.

You sir are out of line

5:34

**EXHIBIT E**

**Matthew Hardin was able to reach the witnesses just fine without the address. His protesting this fact is frivolous .**



**2:55**

**4 Messages**

**Siri Found a Contact**
Matthew D. Hardin
matthewdhardin@gmail.com
**Add**

**MH**   **Matthew D. Hardin**                Yesterday
To: ~~████████████~~ & 1 more >

# Subpoena / Notice of Deposition

📄 **pdf**
ScottGreer...ackage.pdf
531 KB

Good morning, Mr. (Scott) Greer.

Thank you for your call this morning. As we discussed, please see attached a subpoena to appear for a deposition via Zoom or similar technology on February 10, 2025. You will receive a check in payment of the $40 appearance fee in the mail.

Merry Christmas,

Matthew D. Hardin
**Hardin Law Office**

**EXHIBIT F**

**Plaintiff has provided Defendants with a description of the evidence in his initial disclosure and has provided countless emails — provided as recently as 12-18-24**



1

Plaintiff Russell Greer comes now and submits his Rule 26 disclosures.

**1. List of Individuals/Witnesses**

There are witnesses who have witnessed the intentional copyright infringement by Kiwi Farms and the detrimental toll it has taken on Plaintiff. Due to the nature of Kiwi Farms' stalking and doxxing reputation, plaintiff does not feel comfortable listing addresses and phone numbers of witnesses PUBLICLY. Plaintiff would provide witnesses upon a stipulation with defendants' counsel that the witnesses would be provided under seal and names not published onto the kiwi farms website. The witness shouldn't be intimidated by the bad actors on kiwi farms.

**2. List of Documents, ESI or Tangible Things**

There are not any documents in Plaintiff's possession that would need to be provided to Defendants' counsel, aside from just the many harassing messages and examples of copyright infringement done by the nefarious individuals on Kiwi Farms.

**3. Computation of Damages**

The damages are computed at $150,000 per willful infringement. Four copyrights have been willfully infringed and so that would be $600,000 in willful damages. This number could change during discovery.

Respectfully

DATED: December 3, 2024

Russell Greer

/rgreer/

Pro Se

2

**CERTIFICATE OF SERVICE:**

Pursuant to FRCP 5(b), I certify that on December 3rd, 2024, I served a true and correct



3:05

‹ Sent                                   ⌃   ⌄

**RG**   **Russell Greer**            Wednesday
        To: Matthew & 1 more... ›

## Fwd:

This is also what I'm talking about.

Moon's weird users contact me and they are actively monitoring the case.

And so Whatever. I'm just tired of dealing with your client and if you were a true neutral third party, you would be working with me to settle this, instead of investing money in subpoenas and depositions.

Sent from my iPhone

Begin forwarded message:

**From:** Russell Greer Fan Club
<russellgreerofficial@gmail.com>
**Date:** December 18, 2024 at 5:09:57 PM
PST
**To:** Russell Greer <russmark@gmail.com>



**EXHIBIT G**

**This was the only "meet and confer" plaintiff saw in the past two days, which
plaintiff was talking to the counsel about**



assertions. Specifically, please identify what you mean by stating that I am "actively involved" with the Kiwi Farms site or am acting in any capacity other than as an attorney. Additionally, please identify any citation or source you relied upon to say that I have described myself as a "defender of the farms."

**Failure to identify the evidentiary basis for these assertions will likely result in a Motion for Sanctions pursuant to Rule 11 (c). Additionally, I still have not heard from you regarding whether you intend to meet and confer with me <u>at noon</u>. It is presently <u>11 a.m.</u>, so please let me know as soon as possible.**

Merry Christmas,

**Matthew D. Hardin**
**Hardin Law Office**
Direct Dial: 202-802-1948
NYC Office: 212-680-4938
Email: MatthewDHardin@protonmail.com

On Dec 17, 2024, at 10:30 AM,
<utd_enotice@utd.uscourts.gov>
<utd_enotice@utd.uscourts.gov> wrote:



2:46

‹ Sent

**Russell Greer**          Tuesday
To: Matthew & 1 more… ›

## Re: Activity in Case 2:24-cv-00421-DBB-JCB Greer v. Moon et al Reply Brief

Sir,

I am at work.

I am going off of information sent to me back in February that I even forwarded to you. The link no longer works, https://lolcowfund.hardin.law/

But when it did, it said you were a defender of the farms.

4:20

‹ Inbox      Hardin's Kiwifarms fu…

**From:** Russell Greer <russmark@gmail.com>

