**EXHIBIT A**

**From:** Russell Greer RussMark@gmail.com
**Subject:** Re: Request for Production (Case 2:24-cv-00421-DBB-JCB)
**Date:** December 29, 2024 at 3:17 PM
**To:** Matthew Hardin matthewdhardin@gmail.com

Sir,

This is an example of you misinterpreting something I write. Agreeing to a meet and confer is because (1) I was under the previous assumption that if we write through email and agree to things, that nullifies a meet and concert and (2) so that you don't file another motion sanction claiming I'm not complying, when I have clearly been.

I've also provided you with some evidence. Those emails I have forwarded to you from the kiwi farmers are more relevant than anything I have done in my past.

Again, I'm a pro se person, who has been reading the FRCP actually to understand this.

You're from Virginia, so in that state, they allow people to study under a lawyer and "fast track" your legal education. I didn't have that luxury.

I didn't pursue my bachelors and law school until last year because I was unable to find good work with a paralegal degree. Your clients robbed me of that by exaggerating things, which you mentioned earlier.

So ok. Jan 6th. And a 60 day extension.

As for the complaint, the only reason I would need to extend an amendment date is I need to research if two legal claims against organizations are viable or not.

Sent from my iPhone

> On Dec 29, 2024, at 11:53 AM, Matthew Hardin <matthewdhardin@gmail.com> wrote:
>
> We cannot even begin the discovery process in earnest due to your repeated failures under Rule 26 and also Rule 34. Discovery theoretically opened in this case on 11/18, but so far absolutely nothing has been produced by you notwithstanding that it is December 29, and we have expended thousands of dollars in attorney time trying to get you to comply with basic requirements. While your sudden desire to meet and confer in compliance with the rules is welcome, it is also very new, such that we are suspicious your true effort in pushing off a meet and confer is to cause still further delay rather than to productively resolve our differences.
>
> I'll make this offer: I'll agree to a January 6 meet and confer (you still have not specified a time), if you consent to a stipulated extension of Defendants' discovery period of 60 days, which will alleviate some portion of the prejudice you have caused. This is without prejudice to our rights to seek costs or any other rights we have.
>
> Best,
>
> **Matthew D. Hardin**
> **Hardin Law Office**
> Direct Dial: 202-802-1948
> NYC Office: 212-680-4938
> Email: MatthewDHardin@protonmail.com
>
>> On Dec 29, 2024, at 2:47 PM, Russell Greer <russmark@gmail.com> wrote:
>>
>> Sr.
>>
>> You're not understanding that you keep sending me so much stuff that I'm not even able to file my own things. I need to request production of documents, file interrogatories and amend my complaint.
>>
>> The deadline to amend my complaint is 12-31-24, but haven't been able to because if I focus on something else, you barrage me with more emails.
>>
>> And so I need to maybe pushback my amendment of the complaint too.
>>
>> So I guess there's a few things to talk about.
>>
>> A meet and confer of Monday the 6th? Does that work?
>>
>> Sent from my iPhone
>>
>>> On Dec 29, 2024, at 11:26 AM, Matthew Hardin <matthewdhardin@gmail.com> wrote:
>>>
>>> You do not understand the difference between the "close of discovery" and the deadline to bring motions relating to individual discovery requests under DUCivR 37-1. I have explained this and even pointed you to specific rules that must be followed, which you decline to read or selectively misquote (as in the context of Rule 26). The judge has also explained this to you, and referred you to his webpage and the video series on how discovery works.

If you wish to propose a time for a meet and confer, you should read DUCivR 37-1 (a)(2)(B) and comply with it, as I have done on multiple occasions. I waive none of Defendants' rights to assert that your proposed dates/times, when you provide them, are unreasonable or prejudicial, including but not limited to because you have repeatedly delayed the overall progress of discovery under Rule 26 and pursuant to the Request for Production of Documents generally, such that this failure means we are unable to engage in further discovery at all and the clock will effectively "run out" for us to seek additional discovery, including 24 remaining Requests for Production and an equal number of interrogatories, without quick judicial relief relating to this specific request.

Best,

**Matthew D. Hardin**
**Hardin Law Office**
Direct Dial: 202-802-1948
NYC Office: 212-680-4938
Email: MatthewDHardin@protonmail.com

> On Dec 29, 2024, at 2:20 PM, Russell Greer <russmark@gmail.com> wrote:
>
> Can the meet and confer be after the new years?
>
> Again, deadline is June 2025 for discovery.
>
>> On Dec 29, 2024, at 10:48 AM, Matthew Hardin <matthewdhardin@gmail.com> wrote:
>>
>> Yes, I'd love the two documents you are referring to re: Joshua Connor or Joshua Moon. That does not waive Defendants' entitlement to anything else, but I was not aware of those documents and would like a copy.
>>
>> Please note that I am required to meet and confer with you. Either refuse that so that I can file your refusal with the Court, or tell me which of my three proposed dates/times work. This is mandatory per DUCivR 37-1.
>>
>> **Matthew D. Hardin**
>> **Hardin Law Office**
>> Direct Dial: 202-802-1948
>> NYC Office: 212-680-4938
>> Email: MatthewDHardin@protonmail.com
>>
>>> On Dec 29, 2024, at 1:45 PM, Russell Greer <russmark@gmail.com> wrote:
>>>
>>> Matthew.
>>>
>>> I'm not going to keep playing these games with you regarding deficiencies or what not, when I have in good faith done everything you have wanted. You are wasting judicial resources.
>>>
>>> 1. You are apparently under the impression that I have every single document I have ever written in my possession. I do not. I frequently delete documents to clear up space. For instance, i do not have any of the Taylor Swift lawsuit documents. I deleted them.
>>>
>>> 2. The only relevant case would be trying to seek restraining orders against Joshua moon and his users, which those orders clearly state kiwi farms. I can try to provide those to you.
>>>
>>> 3. Regarding duplicate damages, that's a lie. I have never once sued anybody for copyright infringement. So I have never once argued copyright infringement or damages to the market in any other case.
>>>
>>> 4. You mean the school incident that was DISMISSED? That was a senior prank where I had anxiety issues and was being dumb? Where I moved on with my life? And then moon and his users undug everything.
>>>
>>> You seem like you have Me figured out. So I'm confused why you are needing all of that.
>>>
>>> Again, I'm happy to provide the copy of the restraining order I filed against Joshua Connor in 2018 in Utah (funny how you didn't mention that).
>>>
>>> I'm also getting ready to meet with the police to bring charges against Joshua Connor moon for him coordinating stalking against me. I can provide you the police report too if you want.
>>>
>>> So those are like the only two documents relevant to this case.
>>>
>>> I will tell you the same thing over a meet and confer.
>>>
>>>
>>> Sent from my iPhone
>>>
>>>> On Dec 29, 2024, at 10:18 AM, Matthew Hardin <matthewdhardin@gmail.com> wrote:
>>>>
>>>> Thank you for your response, but I follow up to provide a prompt written communication pursuant to Rule 37-1 and to give you an opportunity to cure your noncompliance with our discovery request. **I invite you to meet and confer with me at noon on December**

**opportunity to cure your noncompliance with our discovery request. I invite you to meet and confer with me at noon on December 30, or alternatively at 3 pm on December 30, in order to accommodate your work schedule (that way, you can participate in the video conference either during your lunch hour or immediately when you get off work). The third option would be to meet and confer at 9 am on December 31.**

Your discovery response is deficient for reasons including but not limited to the following:

1) Your complete history of civil and criminal litigation is relevant for many reasons. First, your complaint refers to both your history of criminal conviction(s) in Utah and to your lawsuit against Taylor Swift, thus putting the facts pertaining to such litigation in dispute. Second, on information and belief, you have repeatedly claimed the same sort of damages no matter who you are suing or under what cause of action, such that we are entitled to examine your past cases to ensure that any claim for damages in this case does not duplicate or overlap with damages claimed in another case. Third, your history of litigation is the subject of the book you claim was infringed, and is central to any claim of fair use or to your status as a public figure. Fourth, your history of litigation, including the many unsuccessful causes of action you have filed in numerous courts and the sanctions that were awarded to other attorneys (Greg Skordas) are relevant to show your lack of good faith and are the basis for our claims for fees under Fed. R. Civ. P. 54, to sanctions under Fed. R. Civ. P. 11, and to an injunction designating you a vexatious litigant.

2) There is no undue burden because you are the only person who has access to the documents in their entirety. We aren't even aware of which courts you filed all of your litigation in, and can only obtain certain information from public sources. You have repeatedly asked for litigation or filings to be sealed, such that we have no idea what we cannot see on public dockets. And because you yourself filed all of the material with courts and burdened judges with reading your filings, there cannot possibly be any impermissible burden from reproducing those same documents to us. Our search of public sources is both incomplete and very costly compared to the requirement that you produce the records which your behavior in courts generated on your own and at no cost or minimal cost.

3) The assumption that all documents are public may or may not be true. For example, your juvenile history relating to the "kill list" you prepared at your school in Wyoming is part of what makes you a public figure. It's part of why folks like to comment on your later litigation history with Taylor Swift and your behavior stalking various women, including celebrities and even a woman named Erica in Utah. But those records are not necessarily available to the public. Similarly, your many (denied) applications for protective orders in the State courts of Nevada against individuals who warn about your sexually predatory behavior have recently been revealed at least in part, but many applications for protective or restraining orders in certain states are sealed and not publicly available. Moreover, to the extent any of your victims, like Erica in Utah, may have been forced to file restraining orders against you, your behavior is also part of what makes you a public figure and what makes your book worthy of comment. Lastly, every court system has a records retention schedule, which may mean that older records are no longer available in various court files, and are only available through a Request for Production directed to you.

**I look forward to you curing your noncompliance with the discovery request, or alternatively to meeting and conferring with you on one of the three dates/times above. Please let me know which date/time you prefer.**

Best,
**Matthew D. Hardin**
**Hardin Law Office**
Direct Dial: 202-802-1948
NYC Office: 212-680-4938
Email: MatthewDHardin@protonmail.com

> On Dec 29, 2024, at 12:25 PM, Russell Greer <russmark@gmail.com> wrote:
>
> Good morning,
>
> As stated, this isn't my full time job and so if I missed your document in November and r any time since it was because of not seeing it or seeing it and forgetting to respond because it got buried with your other messages.
>
> However, i have responded.
>
> Thank you.
>
> Sent from my iPhone
>
>> On Dec 29, 2024, at 8:09 AM, Russell Greer <russmark@gmail.com> wrote:
>>
>> Hello,
>>
>> I have received this. I will file a response by 11:59 PST.
>>
>> Sent from my iPhone
>>
>>> On Dec 28, 2024, at 5:49 PM, Matthew D. Hardin <matthewdhardin@gmail.com> wrote:
>>>
>>> This is the request for production you asked me to resend.
>>>
>>> Matthew D. Hardin

Hardin Law Office
Direct Dial: 202-802-1948
Email: MatthewDHardin@protonmail.com

---------- Forwarded message ---------
From: **Matthew Hardin** <matthewdhardin@gmail.com>
Date: Wed, Nov 20, 2024 at 12:13 PM
Subject: Request for Production (Case 2:24-cv-00421-DBB-JCB)
To: Russell Greer <russmark@gmail.com>

Good morning, Mr. Greer.

Please see attached Joshua Moon's *First Request for Production*. As indicated in the attachment, we will look forward to your response within 30 days (on or before December 20, 2024).

Best,

**Matthew D. Hardin**
**Hardin Law Office**
NYC Office: 212-680-4938
DC Office: 202-802-1948
Cell Phone: 434-202-4224
Email: MatthewDHardin@protonmail.com

<greerPRD1.pdf>
<Response to production of documents .pdf>

**Matthew D. Hardin**
**Hardin Law Office**
Direct Dial: 202-802-1948
NYC Office: 212-680-4938
Email: MatthewDHardin@protonmail.com

***The information contained in this message may be privileged. It is intended by the sender to be confidential. If you suspect you may not be the intended recipient, please notify the sender and delete all copies.***

Case 2:24-cv-00421-DBB-JCB   Document 205-1   Filed 12/29/24   PageID.563   Page 6 of 6