THE UNITED STATES DISTRICT COURT

DISTRICT OF UTAH

| | |
|---|---|
| **RUSSELL G. GREER,**<br><br>**Plaintiff,**<br><br>v.<br><br>**JOSHUA MOON, publisher of the website Kiwi Farms; and LOLCOW LLC,**<br><br>**Defendants.** | **AMENDED SCHEDULING ORDER**<br><br>Case No. 2:24-cv-00421-DBB-JCB<br><br>**District Judge David Barlow**<br><br>**Magistrate Judge Jared C. Bennett** |

Before the court is a Stipulated Motion for Amended Scheduling Order.[1] For the reasons set forth in the motion, good cause appearing, and based upon the parties' stipulation, the court GRANTS the Motion. The following deadlines may not be modified without a court order consistent with Fed. R. Civ. P. 16(b)(4) and DUCivR 83-6.

**\*\*DEADLINES ARE 11:59 P.M. ON THE DATE INDICATED UNLESS EXPRESSLY STATED OTHERWISE\*\***

1. **PRELIMINARY MATTERS**

| | | | | |
|---|---|---|---|---|
| a. | | Fed. R. Civ. P. 26(f)(1) Conference: | | 11/18/2024 |
| b. | | Participants: Russell G. Greer (Pro se Plaintiff) and Matthew D. Hardin (counsel for Defendants). | | |
| c. | | Fed. R. Civ. P 26(a)(1) Initial Disclosures: | | 12/02/2024 |
| d. | | Under Fed. R. Civ. P. 5(b)(2)(E), the parties agree to receive all items required to be served under Fed. R. Civ. P. 5(a) by the court's electronic-filing system or email transmission.<br><br>Electronic service constitutes notice and service as required by those rules. The right to service by USPS mail is waived. | Yes ☑ | No ☐ |

---

[1] ECF No. 205.

2. **PROTECTIVE ORDER**

| | | | | |
|---|---|---|---|---|
| a. | | The parties anticipate the case will involve the disclosure of information, documents, or other materials that will be designated as confidential. | Yes ☑ | No ☐ |
| b. | | If the case will involve the disclosure of information, documents, or other materials that will be designated as CONFIDENTIAL, then good cause exists for the court to enter the court's Standard Protective Order (SPO) under DUCivR 26-2: **The court's SPO applies in this case.** | | |
| c. | | If a protective order is needed and the parties **are not** using the court's SPO, then the court's SPO, in effect under DUCivR 26-2, will govern until a different protective order—proposed by the parties via motion under DUCivR 7-1(a)(4)(D)—is adopted by the court. The parties' proposed protective order should identify a process to resolve all claims of waiver of attorney-client privilege or work-product protection, whether or not the information, documents, or other materials will be designated as CONFIDENTIAL or ATTORNEYS' EYES ONLY, and this process must be included in the proposed protective order under Fed. R. Evid. 502(d): | | |
| d. | | If the parties do not anticipate the case will involve the disclosure of information, documents, or the materials that will be designated as CONFIDENTIAL, the parties still should identify, in the space below, a process to resolve all claims of waiver of attorney-client privilege or work-product protection, whether or not the information, documents, or other materials will be designated as CONFIDENTIAL or ATTORNEYS' EYES ONLY, and this process must also be included in the proposed Scheduling Order: | | |

3. **DISCOVERY PLAN**

| | | | | |
|---|---|---|---|---|
| a. | | Discovery Plan: The parties agree to the following discovery plan.<br>• If the parties disagree, clearly indicate the disagreement in the space below: | Yes ☑ | No ☐ |
| b. | | Discovery Subjects: Plaintiff's claims of contributory copyright infringement. | | |
| c. | | Discovery Phases:<br>• Will discovery be conducted in phases? No.<br>• Will discovery be limited to or focused on particular issues? No. | | |
| d. | | Electronically Stored Information: It is not anticipated that any special procedures will be required. | | |

**4. FACT DISCOVERY**

| | | | |
|---|---|---|---|
| a. | Fact Discovery Limitations— | | |
| | 1. | Maximum number of depositions by Plaintiff: | *10* |
| | 2. | Maximum number of depositions by Defendant: | *10* |
| | 3. | Maximum number of hours for each deposition: (*unless extended by agreement of parties*) | *7* <br> *10 – Plaintiff's deposition* |
| | 4. | Maximum interrogatories by any party to any party: | *25* |
| | 5. | Maximum requests for admissions by any party to any party: | *25* |
| | 6. | Maximum requests for production by any party to any party: | *25* |
| | | | |
| b. | Other Fact Discovery Deadlines— | | |
| | 1. | Deadline to serve written discovery: | *07/16/2025* |
| | 2. | Deadline for fact discovery to close: | *08/30/2025* |
| | 3. | Scheduling conference regarding further deadlines in this matter: | *08/08/2025 at 10:00 a.m. via Zoom* |

**5. AMENDING OF PLEADINGS AND JOINING OF PARTIES[2]**

| | | | | |
|---|---|---|---|---|
| a. | Deadline to file a motion to amend pleadings— | | | |
| | 1. | Plaintiff: | | *12/31/2024* |
| | 2. | Defendant: | | *12/31/2024* |
| | | | | |
| b. | Deadline to file a motion to join additional parties— | | | |
| | 1. | Plaintiff: | | *12/31/2024* |
| | 2. | Defendant: | | *12/31/2024* |

**SO ORDERED** this 30th day of December 2024.

BY THE COURT:

_____
JARED C. BENNETT
United States Magistrate Judge

---

[2] Counsel must still comply with the requirements of Fed. R. Civ. P. 15(a).