**Matthew D. Hardin (pro hac vice)**
**HARDIN LAW OFFICE**
101 Rainbow Drive # 11506
Livingston, TX 77399
Telephone: (202) 802-1948
Email: MatthewDHardin@gmail.com
*Attorney for Defendants*

THE UNITED STATES DISTRICT COURT
DISTRICT OF UTAH

| | |
|---|---|
| RUSSELL GREER,<br><br>    Plaintiff,<br>v.<br><br>JOSHUA MOON, *et al*.<br><br>    Defendants. | **DEFENDANTS' RESPONSE TO ECF NO. 202**<br><br>**Case No. 2:24-cv-00421-DBB**<br><br>District Judge David Barlow<br>Magistrate Judge Jared C. Bennett |

NOW COME the Defendants, by and through undersigned counsel, and file this Response in order to clarify the record with respect to certain of the assertions made by the Plaintiff in his filing at ECF No. 202. Defendants do not understand the Show Cause Order at ECF No. 189 to require a Response by Defendants, and Defendants assume that the Court will take whatever action it deems appropriate in its discretion with respect to the show cause. Nevertheless, to clarify the record, Defendants state as follows:

1. Mr. Greer's Response indicates that the issue of Mr. Greer's non-disclosure of witnesses is moot. ECF No. 202 at 2. This is incorrect.

    a. Mr. Greer belatedly disclosed two witnesses, but did not disclose the subject of their knowledge or their addresses. ECF No. 196. Defendants were forced to incur the expense of locating these witnesses and issuing subpoenas, only for the Plaintiff to later confess that this was all a wild

       goose chase, because neither of Plaintiff's belatedly disclosed witnesses had any relevant information. ECF No. 201.

    b. This Court also has the inherent ability to sanction Mr. Greer because the Plaintiff sought to retransfer this case to Utah under false pretenses. Specifically, Mr. Greer previously represented that he had witnesses "eager to testify" in Utah. ECF No. 123 at 15, including both the Plaintiff's father and an individual named Steve Taylor. *Id.* But that's not all: Mr. Greer also stated that he had "more witnesses that would be called and summoned for a trial." *Id*. Following Mr. Greer's representations that he "HAS REAL" witnesses in Utah, *id*., the Florida court transferred this case back to Utah. ECF No. 128. But only seven months later in this four-year-old case, following retransfer to Utah and the expenditure of thousands of dollars in defense costs, Mr. Greer now agrees that his father has no relevant evidence at all and Steve Taylor has not been disclosed at all. ECF No. 201. The un-named additional witnesses who were previously so certain to be called and summoned for a trial, ECF No. 123 at 15, have never been disclosed and will certainly not be called. ECF No. 201. Mr. Greer has wasted the resources of Defendants and of the Court, and has made false representations as to the identity of his witnesses in order to manipulate the judicial process.

2. Mr. Greer's Response indicates that his failure to provide initial disclosures was justified. ECF No. 202 at 3. This Court already rejected that notion at ECF No. 189. Mr. Greer now admits that he "asked" for the subsequent stipulation that

the only two witnesses disclosed by Mr. Greer had no relevant information. ECF No. 202 at 4, referring to ECF No. 202 at 1, ¶ 1. And Mr. Greer confirmed to undersigned counsel in an email dated December 22, 2024 that he intends to call no witnesses at all. Exhibit A. ("I reaffirm that I don't have any witnesses that I will call."). To the extent Mr. Greer's failure to disclose witnesses can be construed as "justified" any sense, the proper course of action would have been for Mr. Greer to disclose in a forthright manner that he had no witnesses and that Steve Taylor and Scott Greer had no relevant information, rather than to force Defendants to press the issue of inadequate Rule 26 disclosures repeatedly.

3. Mr. Greer's Response indicates that Plaintiff has substantially complied with his Rule 26 obligations. ECF No. 202 at 4. Mr. Greer's position on this issue appears to be evolving with each passing day. On December 4, 2024, Mr. Greer stated that he had no documents to disclose. Exhibit B ("I clearly said in the documents, there is nothing relevant at this time. I have images of the emails of his users harassing me and the countless Instagram accounts harassing me that post links to kiwi farms, but as you have pointed out to the judge, that has nothing to do with copyright infringement."). But Mr. Greer now claims to this Court that he has made disclosures. ECF No. 202 at 4. On December 20, 2024, Mr. Greer stated that he only disclosed witnesses who "might" have had information, but failed to state what information his witnesses "might" have. Exhibit C. By December 29, Mr. Greer changed tack to insist that he had provided "a description of the evidence," but failed to enumerate what

that evidence was, other than to indicate that it is "a lot." Exhibit D. As illustrated in that December 29 correspondence, Defendants remain very unclear as to what Mr. Greer's position is with respect to whether he has no evidence or whether he has disclosed evidence.

WHEREFORE, Defendants respectfully submit that Mr. Greer's assertions in his Response to the Court's Show Cause order mischaracterize the record in this case and Mr. Greer's evolving representations as to what witnesses and evidence he has disclosed.

    DATED December 30, 2024

                          **HARDIN LAW OFFICE**

                          */s/ Matthew D. Hardin*
                          **Matthew D. Hardin**
                          Attorney for Defendants