**Matthew D. Hardin (pro hac vice)**
**HARDIN LAW OFFICE**
101 Rainbow Drive # 11506
Livingston, TX 77399
Telephone: (202) 802-1948
Email: MatthewDHardin@gmail.com
*Attorney for Defendants*

THE UNITED STATES DISTRICT COURT
DISTRICT OF UTAH

| RUSSELL GREER,<br><br>    Plaintiff,<br>v.<br><br>JOSHUA MOON, *et al*.<br><br>    Defendants. | **DEFENDANTS' RESPONSE TO ECF NO. 204**<br><br>**Case No. 2:24-cv-00421-DBB**<br><br>District Judge David Barlow<br>Magistrate Judge Jared C. Bennett |
|---|---|

NOW COME the Defendants, by and through undersigned counsel, and file this Response in order to clarify the record with respect to certain of the assertions made by the Plaintiff in his filing at ECF No. 204. Because Mr. Greer's filing at ECF No. 204 is a "Response" to two Notices filed by Defendants, rather than to a Motion, Defendants do not file a Reply brief. Nevertheless, to clarify the record, Defendants state as follows:

1. Mr. Greer asserts that he "never told witnesses to not show up to the deposition, rather he [t]old them to hire an attorney." ECF No. 204 at 2. This is incorrect. In fact, Mr. Greer additionally told his father he wanted an attorney "to get out of this deposition." ECF No 197-4. Mr. Greer additionally told his father not to agree to anything "this crazy man says," referring to undersigned counsel. *Id*. Plaintiff additionally told Nathan Greer, his brother, that undersigned counsel is "a very unethical person, who has been harassing me all week through emails." ECF No. 197-5.

2. Even in the context of a criminal complaint rather than a civil suit, there is "no talismanic requirement that a [party] must say 'Don't testify' or words tantamount thereto…" *Owens v. Davey*, No. 2:17-cv-01586-JAK (GJS), 2019 U.S. Dist. LEXIS 148697, at *28 (C.D. Cal. May 23, 2019), quoting *People v. Thomas*, 83 Cal. App. 3d 511, 514, 148 Cal. Rptr. 52 (1978). It is plain from Mr. Greer's behavior that he actively sought to discourage *his own disclosed witnesses* from cooperating with the civil discovery process, calling undersigned counsel "a crazy man" and warning his witnesses that defense counsel is "an unethical person," such that the witnesses should not agree to anything undersigned counsel says on examination in a deposition.

3. Mr. Greer additionally asserts that undersigned counsel has violated the Standard Protective Order in this case. Undersigned counsel has asked Mr. Greer on at least two occasions what provision of the Standard Protective Order Mr. Greer feels was violated. Exhibits A and B. Mr. Greer has declined to respond, and instead generically continues to assert that the order was violated by mere disclosure of names that Mr. Greer himself failed in any way to designate as confidential or attorneys-eyes-only. Exhibit C, *cf.* ECF 194-1.

WHEREFORE, Defendants clarify the record as set forth above.

DATED January 2, 2024

**HARDIN LAW OFFICE**

 */s/ Matthew D. Hardin*
**Matthew D. Hardin**
Attorney for Defendants