**Matthew D. Hardin (*pro hac vice*)**
**HARDIN LAW OFFICE**
101 Rainbow Drive # 11506
Livingston, TX 77399
Telephone: (202) 802-1948
Email: MatthewDHardin@gmail.com
*Attorney for Defendants*

THE UNITED STATES DISTRICT COURT
DISTRICT OF UTAH

| | |
|---|---|
| RUSSELL GREER,<br><br>Plaintiff,<br><br>v.<br><br>JOSHUA MOON, *et al*.<br><br>Defendants. | **DEFENDANTS' REPLY IN FURTHER SUPPORT OF MOTION TO EXCLUDE UNDISCLOSED EVIDENCE AND WITNESSES**<br><br>**Case No. 2:24-cv-00421-DBB**<br><br>District Judge David Barlow<br>Magistrate Judge Jared C. Bennett |

NOW COME the Defendants, by and through undersigned counsel, and file this Reply in further Support of their Renewed Motion to Exclude Undisclosed Evidence and Witnesses. ECF No. 196. In Reply, Defendants state as follows:

1. Plaintiff indicates that he "fully complied" with Rule 26 and its initial disclosure requirements. This is untrue. Mr. Greer never provided an address or the anticipated subject of the knowledge of the two witnesses he disclosed (his father and his brother). Plaintiff focuses on the lack of an address, but his briefing appears not to even engage with the requirement to disclose the anticipated subjects of the witnesses' knowledge. As indicated in numerous previous filings, Defendants were forced to issue subpoenas to two witnesses and to bear the costs of such subpoenas because Mr. Greer on multiple occasions failed to indicate what knowledge those witnesses had, and then ultimately abandoned those witnesses entirely and stipulated that they had no

material knowledge at all. ECF No. 201. And worse than than, as detailed at ECF Nos. 197 and 208, Mr. Greer took pains to contact his witnesses – his only two witnesses – to discourage them from cooperating with the discovery process and revealing what information they knew to Defendants.

2. Mr. Greer states that it is harmless that he failed to provide an address for his two disclosed witnesses because Defendants were nevertheless able to issue subpoenas to those two witnesses and schedule depositions. But Mr. Greer ignores the efforts Defendants had to go through to conduct their own investigation to obtain the addresses, and also ignores that subpoenas were only issued via email based upon the consent of the deponents. Ordinarily, personal service upon non-parties to this case would have been required, and Plaintiff took efforts to make personal service difficult or impossible. Even still, Defendants were required to tender payment for the witnesses' appearance fees via a check mailed to a physical address that Mr. Greer intentionally hid from Defendants and which Defendants uncovered only through their own investigation.

3. In his Response, Plaintiff "asks this Court to not exclude witnesses or evidence." ECF No. 203 at 9. But Plaintiff also admits he has disclosed no witnesses other than Nathan and Scott Greer, and that those two individuals have no relevant information whatsoever. ECF No. 201. It is not at all clear how Mr. Greer intends to present his case without any witness testimony whatsoever, and it is equally unclear what possible justification Mr. Greer could

have for failing to disclose witnesses (even John Doe witnesses) other than his father and brother four years into this case.

WHEREFORE, Defendants respectfully submit that this Court should exclude non-disclosed evidence and witnesses, and summarily dismiss this case because there is no possible means for the Plaintiff to present any evidence upon which the Court could enter a judgment in his favor.

DATED January 2, 2025

                                       **HARDIN LAW OFFICE**

                                       */s/ Matthew D. Hardin*
                                       **Matthew D. Hardin**
                                       Attorney for Defendants