**Matthew D. Hardin (*pro hac vice*)**
**HARDIN LAW OFFICE**
101 Rainbow Drive # 11506
Livingston, TX 77399
Telephone: (202) 802-1948
Email: MatthewDHardin@gmail.com
*Attorney for Defendants*

THE UNITED STATES DISTRICT COURT
DISTRICT OF UTAH

| | |
|---|---|
| RUSSELL GREER, | **Motion for an Extension of Time** |
| Plaintiff, | |
| v. | Case No. 2:24-cv-00421-DBB |
| JOSHUA MOON, *et al*. | District Judge David Barlow |
| Defendant. | Magistrate Judge Jared C. Bennett |

NOW COME the Defendants, by and through undersigned counsel, and submit this Second Motion for an Extension of Time to respond to the Plaintiff's Motion at ECF No. 190. Additionally, for the first time, Defendants move for an Extension of Time to respond to the Motion for Leave to Amend filed at ECF No. 209. In support of this motion, Defendants state as follows:

1. Mr. Greer filed a "Motion for Entry of an Order Compelling Joshua Moon and Lolcow LLC to Appear for a Judgment Debtor Examination and Produce Documents" on December 11, 2024. The Court granted Defendants through January 15, 2025 to respond to that motion. ECF No. 192.

2. Mr. Greer filed a Motion for Leave to Amend his Complaint on January 2, 2024. ECF No. 209. A response is presently due by the Defendants on or before January 16, 2024. DUCivR 7-1.

3. Defendants seek a second extension of the deadline to respond to Mr. Greer's Motion at ECF No. 192, and a first extension of the deadline to respond to the Motion at ECF No. 209, because there is good case to believe that a more thorough investigation of certain of Mr. Greer's representations in those filings is in order before responding to them, as more specifically detailed below.

4. First, with respect to Mr. Greer's claims in ECF No. 192 that he is entitled to some sort of discovery, Defendants seek an extension of time to respond on the following grounds:

   a. Mr. Greer has not complied with the meet and confer requirements of DUCivR 37-1, although he now claims that he intends to comply with the meet and confer requirements on January 6, 2025 (Plaintiff still has not provided a time for this conferral, but has at long last agreed on a date).

   b. Additionally, Mr. Greer's behavior to date and the Court's requirement that Plaintiff show cause why he should not pay Defendants their costs relating to various of Plaintiff's antics militates in favor of an extension so that the Court can determine whether any award to Mr. Greer is offset by funds owed to Defendants.

   c. Lastly, it recently came to undersigned counsel's attention that Mr. Greer has been untruthful with this Court regarding the address at which he resides. A check mailed to Mr. Greer in payment of witness fees accompanying his subpoena, Exhibit A, was returned to

    undersigned counsel. Exhibit B. After initially refusing to provide Defendants with an accurate address, Plaintiff later provided an address in Wyoming at which he purportedly receives payments. Exhibit C. Defendants now intend to investigate whether Mr. Greer in fact resides at that Wyoming address,[1] and whether any payments directed according to Mr. Greer's previous instructions (including Mr. Greer's previous request that Defendants should pay an attorney who expressly disclaimed representing Mr. Greer, as well as payments sent to Mr. Greer's purported Las Vegas address) were ever sent and, if so, whether such payments would have been received

5. With respect to Mr. Greer's Motion for Leave to Amend, Defendants have not yet decided whether they consent to or oppose the amendment, and intend to investigate the content of the amendment before making such a decision. Specifically, Defendants propose to investigate the following:

    a. To the extent Plaintiff claims in the proposed Amended Complaint that he resides in Nevada, ECF No. 209-1 at 3, ¶ 13, but also alleges that this Court has personal jurisdiction over a Floridian, a Florida LLC that does no business in Utah, and two anonymous individuals, ECF No. 209-1 at 3, ¶ 12 and ¶ 14, Defendants intend to investigate Mr. Greer's proposed Amended Complaint and to compare it to recent evidence suggesting that the Plaintiff is actually a resident of Wyoming suing a

---

[1] To the extent that Mr. Greer now appears to reside with his father in Wyoming, Mr. Greer's failure to previously disclose his father's address to Defendants takes on an especially curious hue.

    resident of Florida and a Florida LLC in a jurisdiction which has nothing to do with his underlying claims and which lacks personal jurisdiction over the Defendants. Defendants may need to conduct jurisdictional discovery even at this late juncture of the case, due to Mr. Greer's evolving narrative of his own residence and Plaintiff's repeatedly-expressed preference to conduct this entire case over email rather than in a court of competent jurisdiction.

b. To the extent that Plaintiff confesses in his proposed Amended Complaint that he uses litigation as a "publicity stunt" rather than to seek true redress for legal grievances, ECF No. 209-1 at 4, ¶ 19, Defendants intend to investigate whether they should consent to the amendment insofar as it will allow Defendants to file a counterclaim for malicious prosecution, and/or a claim seeking an injunction declaring Mr. Greer a vexatious litigant.

c. To the extent that Mr. Greer attached exhibits and names individuals, including but not limited to John Does, in his proposed Amended Complaint, Defendants intend to compare the exhibits to Mr. Greer's (lack of) initial disclosures and to determine whether there is prejudice from allowing Mr. Greer to amend his Complaint four years into this litigation, apparently without disclosing evidence or anticipated testimony to the Defendants.

WHEREFORE, Defendants respectfully request that this Court extend the deadline to respond to Mr. Greer's pending motions at ECF Nos. 190 and 209 through

and including February 28, 2025.

       DATED January 2, 2025

                            **HARDIN LAW OFFICE**

                            */s/ Matthew D. Hardin*
                            **Matthew D. Hardin**
                            Attorney for Defendants