FILED
2025 JAN 3 AM 8:40
CLERK
U.S. DISTRICT COURT

Russell Greer
1100 Dumont Blvd
Apt 139
Las Vegas, NV 89169
801-895-3501
russmark@gmail.com
Pro Se Litigant

## IN THE UNITED STATES DISTRICT COURT

## DISTRICT OF UTAH

| | |
|---|---|
| **RUSSELL GREER**<br><br>Plaintiff<br><br>v.<br><br>**JOSHUA MOON ET AL**,<br><br>Defendants | **PLAINTIFF'S OPPOSITION RESPONSE TO ECF 211**<br><br>Case No.:   2:24-cv-00421-DBB-JCB |

1

Plaintiff Russell Greer comes now and opposes Defendants' motion to extend time. Greer argues Defendants have been needless aggressive to Plaintiff and that no good cause exists to grant Defendants an extension of time.

### RESPONDING TO ECF 211's POINTS

Greer wishes to respond to each point in ECF 211:

**Point A:** Greer has done everything to make these very pushy and aggressive and respectfully annoying Defendants happy and it never seems to be enough.

Mr. Greer has bowed and kneeled and tried to appease Mr. Hardin in every way possible. As shown in **Exhibit A**, Greer's very own words is that he assumed by emailing Hardin, that satisfied a meet and confer. Also when Hardin has wanted to meet, Greer has been at work. That has also been shown in past ECFs. Plaintiff isn't playing games. He simply can't drop everything for Hardin when he is at work.

Further, other courts have held that written correspondence satisfies a meet and confer. *Nicola Six Ltd v. Heard,* No. B288209 (Cal. Ct. App. Dec 12, 2018) (The court rejected Heard's argument that plaintiff did not meet and confer, finding that plaintiff counsel's conversations and correspondence satisfied the meet and confer requirement).

Further, Mr. Hardin has been abusing the meet and confer Rule. Rule 37 is required before parties file motions to compel disclosure or discovery. Not for a casual phone chat. *Eivaz v. Edwards,* case no. 12-C-910 (E.D. Wis. 9-19-14) (the Rule is meant before motions to compel are filed).

Greer has only filed one motion to compel and that motion to compel was not related to discovery, but rather, Defendants still owe Plaintiff appeal fees and before further litigation gets going, Greer simply wanted that money paid. It seems funny that Defendants demand attorney fees when they are not owed any, yet they won't pay up after the Court Clerk issues an order.

As seen, Hardin wanted a meet and confer over wording in a document and he was threatening to sanction Greer for said wording. So not only has Hardin wanted meet and confers at drop of the pen moments, but the meet and confers have been regarding very frivolous things, like not liking wording in certain documents. **EXHIBIT B.** Abusing the meet and confer process and rule has been found to be grounds for sanctions and Plaintiff reserves the right to seek sanctions for Defendants abusing the meet and confer rule.

Greer agreed to 1-6-25 for a meet and confer because Greer has been trying to remain compliant.

**Point B:** it seems rich that Defendants are accusing Plaintiff of antics, when they are: (1) abusing the meet and confer rule, (2) publishing private information of Greer and once proposed witnesses, when this Court entered a standard protective order and (3) now Defendants are nit-picking an honest disclosure, which will be addressed in Point C.

**Point C:** On December 30th, Mr. Hardin asked: "is there an address at which mail for you can be received? If my clients elect to pay you $225.35, to what address would you like a check received?" **EXHIBIT C.**

Mr. Hardin's question never asked plaintiff if he is a resident of Wyoming. It never asked if he lived there. He simply asked if there's an address a check can be sent to.

*The private address* that Defendants have once again published "is an address at which mail" can be received for Plaintiff.

Plaintiff lives in Las Vegas. Because Plaintiff does not yet have a steady Vegas address to receive mail, plaintiff answered Defendants' question of an address to receive mail. Because Defendants have demonstrated over and over and over again that they will not redact private information of plaintiff, plaintiff was justified in not giving Defendants his current Las Vegas address. And that's not the question they asked. They asked for a good address to receive mail. Not where he lives at.

**Point D:** regarding personal jurisdiction. This has already been litigated previously, which is what caused the case to be retransferred from Florida. Moon and his website (which Lolcow LLC has been doing business as) has been purposefully directing their activities at Utah. The infringement occurred when plaintiff was living in Utah. Again, this was all previously litigated. Defendants don't get to continue to relitigate resolved issues.

**Point E:** Defendants are twisting words of Plaintiff. In the amended complaint, Greer was saying the original lawsuit in 2016 against Taylor Swift was a publicity stunt. Plaintiff then explained in the amended complaint that the little, itty bitty publicity stunt spiraled out of control and attracted kiwi farms and otter harms and so "*Greer decided that he was going to write a book about the event to explain his side of things and to hopefully clear up the defamation surrounding him. His goal was to get a publisher to pick up the book.*" (Plaintiff's Proposed First Amended Complaint, Paragraph 27).

The judge at the 12-2016 Salt Lake City small claims hearing, the event portrayed in the infringed book at the center of this case, never declared Plaintiff a vexatious litigant. And since the 10th Circuit ruled plaintiff stated a claim in this current case, Defendants have no standing to declare Plaintiff vexatious. They don't get to continue to file nuisance notices simply because Joshua Moon for the first time in his life is starting to figure out that running a website that harms people has legal consequences.

**Point F:** Defendants claim they are caught off guard by the two John Does, but that's simply a lie: at the 11-18-24 hearing, this Court agreed to let Plaintiff amend his complaint to add the two John Does. If Plaintiff needs to amend his initial disclosure, he can, but it seems humorous that Defendants want to be able to introduce irrelevant cases, but they stomp their feet in frustration when Plaintiff seeks to add parties that this Court previously said Plaintiff could do. That's what the 12-31-24 deadline was for. **EXHIBIT D.**

**NO GOOD CAUSE EXISTS TO EXTEND DEADLINES**

With all of Defendants' points addressed, no good cause exists to extend deadlines until February.

The governing rule allows an extension of time "for good cause." *Fed.R.Civ.P. 6(b)(1)*. This rule should be liberally construed to advance the goal of trying each case on the merits. See *Hanson v. City of Okla. City*, No. 94-6089, 1994 WL 551336, at *2 (10th Cir. Oct. 11, 1994) (recognizing that "courts often review Rule 6(b)(1) motions `liberally'" (citation omitted).

Defendants have not explained why they need nearly *two months* to reply to a motion to amend and a motion for a debtor's hearing.

None of the points Defendants listed would show good cause because Defendants are the ones abusing this discovery process and get upset of plaintiff makes one small wrong move or doesn't reply how they want. Plaintiff offered a coherent reply to each of their points. Further, Defendants opposed Greer seeking an extension to amend his complaint and so he never filed an extension, so it seems ironic that they want the Rules and leeway bent in their favor.

Defendants have been the ones bemoaning how long this case has been ongoing, only proving their request ironic.

## CONTINUOUS ABUSIVE MESSAGES FROM THE KIWI FARMERS

So this court is aware, because Mr. Hardin is publishing the private contact information of Greer into his public court exhibits, kiwi farmers are now stalking Greer through other private emails. As stated, the kiwi farms website is monitoring Greer.

For instance, the email on record for this court is a gmail account. Greer accidentally replied to Mr. Hardin on an iCloud account. Mr. Hardin CC's Moon onto his emails and it is presumed that Mr. Moon then published Greer's private iCloud email onto kiwi farms. That was a private email address.

On 12-2-24, a person pretending to be Mr. Hardin (as he doesn't want to believe that was actually Mr. Hardin) sent Mr. Greer a very abusive message. **EXHIBIT E,** On the subject line, it read: "Listen up you fucking gimp-faced russtarded fuck stick." The email then went into a crazy rant, proving how unstable these kiwi farms people are.

It also appears the users are now using a russellgreer email domain. One address is You Dumb_Twat@russellgreer.com

Another is: the_sex_predator_greer@russellgreer.com

On December 23rd, Plaintiff had received a "threat" from a kiwi farmer. **EXHIBIT F.**

Mr. Hardin continues to bring up other court cases, etc, well, this Court should know that Greer is meeting with the police to bring charges against Joshua Moon and his users who keep tormenting Greer. What Joshua Moon is doing, by managing a network site that is providing stalking access to plaintiff, is a felony. This has gone on too long and for Defendants to continue gaslight this Court and Plaintiff, while trying to hide how horrible this site is, is unbelievable. Plaintiff will provide the Court with the police case number after he meets with the detectives.

## Conclusion

Plaintiff kindly says that no good cause exists for an extension of time because each and every point Defendants list as a reason to extend is not a good cause reason. They do not need two months to reply to a motion to amend.

Respectfully

DATED: 1-3-25.

Russell Greer

/rgreer/

Pro Se

**CERTIFICATE OF SERVICE:**

Pursuant to FRCP 5(b), I certify that on 1-3-25, I served a true and correct copy of the attached document by email to all attorneys on record