# THE UNITED STATES DISTRICT COURT

# DISTRICT OF UTAH

| | |
|---|---|
| **RUSSELL G. GREER,**<br><br>Plaintiff,<br><br>v.<br><br>**JOSHUA MOON, publisher of the website Kiwi Farms; and LOLCOW LLC,**<br><br>Defendants. | **ORDER**<br><br>Case No. 2:24-cv-00421-DBB-JCB<br><br>District Judge David Barlow<br><br>Magistrate Judge Jared C. Bennett |

This case was referred to Magistrate Judge Jared C. Bennett under 28 U.S.C. § 636(b)(1)(B).[1] Before the court is pro se Plaintiff Russell G. Greer's ("Mr. Greer") response to the court's order to show cause[2] why the court should not require Mr. Greer to pay Defendants Joshua Moon and Lolcow LLC's ("Defendants") reasonable expenses incurred in preparing and filing the motion to exclude Mr. Greer's undisclosed evidence and witnesses.[3] Based upon the court's review of Mr. Greer's response to the court's order to show cause, and for the reasons explained below, the court orders Mr. Greer to pay Defendants' reasonable expenses, including attorney's fees, related to Mr. Greer's failure to disclose or supplement as required by Rule 26(a) or Rule 26(e).

---

[1] ECF No. 130. This case originated in this court as Case No. 2:20-cv-00647-DBB-JCB and was transferred to the Northern District of Florida. That district returned it to this court and it was reopened with this case number.

[2] ECF No. 189.

[3] ECF No. 202.

After Mr. Greer twice refused to disclose any witnesses or evidence in Rule 26(a)(1) initial disclosures, Defendants filed a motion to exclude Mr. Greer's undisclosed evidence and witnesses under Rule 37(c).[4] The court denied the motion as premature because Mr. Greer had not sought to use any witnesses or other undisclosed information in a motion, hearing, or trial, and Defendants had also not demonstrated that the factors outlined in *Woodworker's Supply, Inc. v. Principal Mut. Life Ins. Co.*,[5] weighed in favor of the exclusion of this evidence.[6] However, the court did find that Mr. Greer's failure to provide initial disclosures lacked substantial justification.[7] Therefore, the court ordered Mr. Greer to show cause why the court should not require him to pay Defendants' costs and attorney's fees related to Mr. Greer's Rule 26(a) violation under Rule 37(c)(1)(A).[8]

In his response to the court's order to show cause,[9] Mr. Greer asserts that the court should not order the payment of fees under Rule 37(c)(1)(A) because: (1) the parties have now agreed that Mr. Greer will call no witnesses in this case, so the issue of Mr. Greer's nondisclosure is

---

[4] ECF No. 185. The court noted that although Defendants' argument was framed as a motion to exclude under Rule 26(c), Rule 37(c) is the correct mechanism for seeking a court order denying Mr. Greer the opportunity to call any witness or introduce any evidence, including in support of a motion, to the extent the witness or evidence has not been disclosed to Defendants. ECF No. 189 at 1-2.

[5] 170 F.3d 985, 993 (10th Cir. 1999).

[6] ECF No. 189 at 2-4.

[7] *Id.* at 4.

[8] *Id.* Instead of excluding evidence or witnesses from a motion, hearing, or trial that has yet to materialize, the court may order payment of the reasonable expenses, including attorney's fees, caused by a Rule 26(a) violation.

[9] ECF No. 202.

moot[10]; (2) Mr. Greer's original nondisclosure of witnesses was justified because the witnesses did not want to participate in this case[11]; (3) before the filing of Defendants' motion, Mr. Greer had complied with Rule 26(1)(a)(ii) by providing Defendants with examples of emails Mr. Greer had received from Kiwi Farms users and stating that "[t]here are not any documents in [Mr. Greer's] possession that would need to be provided . . . aside from just the many harassing messages and examples of copyright infringement done by the nefarious individuals on Kiwi Farms"[12]; and, lastly, (4) providing Defendants with "every single message he has received and every single evidence of infringement" would constitute an undue burden under Rule 26(b)(2)(B).[13] None of Mr. Greer's explanations for his failure to timely provide initial disclosures are well-taken. Based upon the analysis set forth below, the court finds that Mr. Greer's failure under Rule 26(a) and Rule 26(e) is not moot, substantially justified, or harmless, and, therefore, the court orders Mr. Greer to pay Defendants' reasonable expenses, including attorney's fees, caused by this failure.[14]

First, the fact that the parties have now stipulated that Mr. Greer's belatedly disclosed witnesses have no information relevant to Mr. Greer's claims or Defendants' defenses[15] does not make Mr. Greer's Rule 26(a) violation "moot." "An issue becomes moot when it becomes impossible for the court to grant any effectual relief whatsoever on that issue to a prevailing

---

[10] *Id.* at 2.

[11] *Id.* at 3-4.

[12] *Id.* at 4.

[13] *Id.*

[14] Fed. R. Civ. P. 37(c)(1)(A).

[15] ECF No. 201.

party."[16] The issue of Mr. Greer's failure to timely disclose his witnesses and the subject of their testimony is not moot because his *previous* failure to disclose resulted in needless expenses to Defendants that are possible for the court to shift to Mr. Greer to make Defendants whole. Mr. Greer repeatedly stated that he planned to call witnesses.[17] That Mr. Greer eventually decided not to call any witnesses does not excuse his failure to disclose those that he represented he would call at the time his Rule 26(a) disclosures were due. Mr. Greer's failure to timely disclose either his witnesses or the fact that he would not call any witnesses caused Defendants real expenses that were needless. Accordingly, this issue relating to Mr. Greer's past recalcitrance to disclose and the needless litigation it caused is not moot, and the court will award Defendants reasonable expenses caused by Mr. Greer's failure.

Second, Mr. Greer's failure to provide Defendants with any witnesses is not "justified" for two reasons. First, if Mr. Greer knew his potential witnesses did not want to participate in this case or knew he did not plan to call any witnesses at all, disclosing this information to Defendants would have satisfied Mr. Greer's obligation under Rule 26(a). Instead, Mr. Greer "hid the ball" as to his potential witnesses for at least seven months[18] by representing to opposing counsel and multiple judges that he was going to call witnesses.[19] Second, as the court specifically told Mr. Greer and clearly noted in its previous order,[20] the court's Standard

---

[16] *Smith v. Plati*, 258 F.3d 1167, 1179 (10th Cir. 2001).

[17] *See, e.g.*, ECF No. 123 at 5; ECF No. 186 at 2.

[18] ECF No. 127 at 4 (filed May 28, 2024 in the Northern District of Florida) ("Mr. Greer's Rule 26 disclosures similarly reveal no witnesses who are anticipated to testify on any relevant topic.").

[19] ECF No. 123 at 15.

[20] ECF No. 189 at 4.

Protective Order ("SPO") governs any information disclosed in discovery requiring protection therefore, Mr. Greer's reason for withholding this information was unfounded.[21]

Finally, Mr. Greer's nondisclosure is not "harmless." Without any witnesses or evidence from Mr. Greer, Defendants have been unable to conduct discovery in a case that is now over four years old and has yet to progress on the merits and required Defendants to file a motion to exclude, which the court interpreted to compel compliance with Rule 26(a). Because Mr. Greer has not demonstrated that his nondisclosure is moot, substantially justified, or harmless, the court orders Mr. Greer to pay Defendants' reasonable expenses, including attorney's fees, caused by this nondisclosure.[22]

On or before **January 28, 2025**, Defendants shall submit to Mr. Greer an affidavit and cost memorandum detailing the amount of reasonable expenses, including attorney's fees, that Defendants incurred as a result of Mr. Greer's failure to disclose or supplement. The parties shall then have 14 days thereafter to attempt to stipulate to the amount of the award. If the parties can agree upon the amount, Mr. Greer shall pay the stipulated expenses award to Defendants within 14 days thereafter. If the parties are unable to agree on the amount, Defendants shall promptly file their affidavit and cost memorandum with the court. Mr. Greer will be provided with 7 days

---

[21] Mr. Greer asserts that Defendants have now violated the SPO by publishing the names and phone numbers of Mr. Greer's witnesses in Defendants' pleadings. *See, e.g.*, ECF No. 198. However, in his untimely disclosure of this information, Mr. Greer did not indicate this information should be designated Confidential or Attorneys' Eyes Only under the SPO. ECF No. 194-1.

[22] As to Mr. Greer's position that he has fully complied with his obligations under Rule 26 and that further production would be unduly burdensome, the court makes no conclusion at this time as the parties represent they are conferring pursuant to DUCivR 37-1(a) regarding any further discovery dispute. ECF No. 205.

thereafter to file any response. Upon receipt of any such submissions, the court will determine the amount of the expenses award.

       IT IS SO ORDERED.

       DATED this 14th day of January 2025.

BY THE COURT:

_____
JARED C. BENNETT
United States Magistrate Judge
