**Matthew D. Hardin (pro hac vice)**
**HARDIN LAW OFFICE**
101 Rainbow Drive # 11506
Livingston, TX 77399
Telephone: (202) 802-1948
Email: MatthewDHardin@gmail.com
*Attorney for Defendants*

THE UNITED STATES DISTRICT COURT
DISTRICT OF UTAH

| | |
|---|---|
| RUSSELL GREER,<br><br>     Plaintiff,<br>v.<br><br><br>JOSHUA MOON, *et al*.<br><br>     Defendants. | **SHORT FORM DISCOVERY MOTION**<br><br><br>Case No. 2:24-cv-00421-DBB<br><br><br>District Judge David Barlow<br>Magistrate Judge Jared C. Bennett |

NOW COME the Defendants, by and through undersigned counsel, and move for an order compelling Mr. Greer to comply with the Defendants' First Request for Production, which is attached hereto as Exhibit A. In support of this Motion, Defendants state as follows:

1. DUCivR 37-1 (b)(2)(B) ordinarily prohibits the filing of certain exhibits to this Motion. Defendants request leave to file the exhibits for two reasons: First, they show that this Motion is timely, because Defendants gave every opportunity to Mr. Greer to comply with the request before filing the instant Motion. Second, in Mr. Greer's emails he has admitted the existence of documents he has failed to produce and has offered to produce those documents, while simultaneously also claiming he has conducted a thorough search and has not located these records.

2. Defendants sent Mr. Greer the attached First Request for Production on November 20, 2024. Exhibit B, attached hereto, is a true and correct copy of the transmittal email.

3. Defendants followed up with Mr. Greer via email on December 12, 2024, specifically requesting that Mr. Greer identify any concerns he had as to alleged ambiguity or burden arising from the request. Exhibit C. Mr. Greer expressed no concerns.

4. On December 20, 2024, 15 minutes before the deadline to respond to the Defendants' request for production of documents, Mr. Greer requested an extension through December 29, 2024. Exhibit D. Defendants consented. *Id*.

5. On December 28, 2024, Mr. Greer professed that he had lost the Request for Production, and requested Defendants re-send it. Exhibit E. Defendants did so. Exhibit F.

6. At 12:25 p.m. on December 29, 2024, Mr. Greer objected to Defendants' Request for Production of Documents in full. Exhibit G. That same day, Defendants responded with a "prompt written communication," in which Defendants detailed the deficiencies in Mr. Greer's response and proposed three dates/times for a meet and confer.

7. On January 6, 2025, the parties held a telephonic meet and confer regarding, inter alia, Mr. Greer's deficient discovery response. Mr. Greer later supplemented his response to the Request for Production of Documents on January 13, 2025. Exhibit H. However, Plaintiff's response remains deficient.

8. Specifically, in an email dated December 29, 2024, Mr. Greer admitted that he possessed, and offered to produce to Defendants "the copy of the restraining

order I filed against Joshua Connor in 2018 in Utah." Exhibit I. Mr. Greer even admitted in writing that the document was "relevant to this case." *Id*. But Mr. Greer has never produced that document. That document is indisputably responsive to Defendants' First Request for Production.

WHEREFORE, Defendants move for an order compelling Mr. Greer to comply with their Request for Production.

DATED January 15, 2025

**HARDIN LAW OFFICE**

 */s/ Matthew D. Hardin*
**Matthew D. Hardin**
Attorney for Defendants