EXHIBIT A

**Matthew D. Hardin (pro hac vice)**
**HARDIN LAW OFFICE**
1725 I Street NW, Suite 300
Washington, DC 20006
Telephone: (202) 802-1948
Email: MatthewDHardin@gmail.com
*Attorney for Defendants*

THE UNITED STATES DISTRICT COURT
DISTRICT OF UTAH

| RUSSELL GREER, | JOSHUA MOON'S *FIRST REQUEST FOR PRODUCTION OF DOCUMENTS* |
|---|---|
| Plaintiff, | |
| v. | Case No. 2:24-cv-00421-DBB |
| JOSHUA MOON, *et al*. | District Judge David Barlow |
| Defendant. | Magistrate Judge Jared C. Bennett |

TO:     Russell Greer, Plaintiff

FROM:   Joshua Moon, Defendant

Pursuant to Fed R. Civ. P. 34, Defendant Joshua Moon, through his undersigned counsel, requests that the following documents and/or tangible things be produced by Plaintiff for inspection and copying by undersigned counsel at the Hardin Law Office, 1725 I Street NW, Suite 300, Washington, DC 20006. Alternatively, compliance with this Request may be accomplished by mailing a copy of the documents and/or tangible things to the address indicated within thirty (30) days. Documents are requested in either paper format or in electronic format, in their entirety.

When responding to these requests, please be mindful of and comply with the below instructions and definitions.

## INSTRUCTIONS

You are instructed to produce the originals of the following documents in the manner described above within thirty days after service of this request in accord with Fed. R. Civ. P. 34. Additionally, to the extent practicable and consistent with Fed. R. Civ. P. 34, we request that you comply with the following instructions:

A. Please identify the source of each of the documents you produce and label them to correspond to the categories in this request.

B. If there are documents not currently in your possession, but which you can obtain from any of your agents or anyone acting on your behalf, to include individuals to whom you have previously provided such documents or copies of such documents, any such additional documents are included in this request.

C. If your response to any requests herein is that the documents are not in your possession or custody, we request that you describe in detail the unsuccessful efforts you made to locate the records.

D. If your response to any requests herein is that the documents are not in your control, We request that you identify who has control and the location of the records, and provide any documents you have that contain all or part of the information contained in the requested document or category.

E. If any requested document was, but no longer is in your possession or subject to your control, or has been misplaced, destroyed or discarded, or otherwise disposed of, we request that you please so state, and for each such document provide:

    (1) Its date;

    (2) The identity of the person(s) who prepared the document;

(3) The identity of all persons who participated in preparing the document, to whom the document was sent or who have otherwise seen the document;

(4) The length of the document;

(5) The subject matter of the document;

(6) If misplaced, the last time and place it was seen and a description of efforts made to locate the document;

(7) If disposed of, the date of and reason for disposal, the manner of disposition (e.g., destroyed, transferred to a third party), the reason for disposal, the identity the person(s) who authorized disposal and the identity of the person who disposed of the document.

F. If you are declining to produce any document in whole or in part because of a claim of privilege, please:

(a) identify the subject matter, the type (e.g., letter, memorandum), the date, and the author of the privileged communication or information, all persons that prepared or sent it, and all recipients or addressees;

(b) identify each person to whom the contents of each such communication or item of information have heretofore been disclosed, orally or in writing;

(c) state what privilege is claimed; and

(d) state the basis upon which the privilege is claimed.

G. When a document exists as a computer database or spreadsheet file, Plaintiff requests

that the file be copied to a disk, provided via electronic link, or provided as an attachment to an email in one of the following formats in descending order of preference: PDF, Microsoft word, native format.

H. When a document exists in a computer disk as a word processing file, Plaintiff requests that the file be copied and provided via electronic link, or provided as an attachment to an email in one of the following formats in descending order of preference: PDF, Microsoft word, native format.

I. Defendant's Requests for Production of Documents are to be considered continuing, and supplemental documents must be submitted by Defendant upon discovering or becoming aware of additional responsive documents.

J. If any paragraph of this request is believed to be ambiguous or unduly burdensome, please contact the undersigned and an effort will be made to remedy the problem.

K. If any request calls for the production of any document which are already filed on the docket in the U.S. District Court for the District of Utah in the pending case *Russell Greer v. Joshua Moon et al.*, Case No. 2:24-cv-421, you need not re-produce such document pursuant to this request, and may instead refer undersigned counsel to the appropriate docket entry where such document is located in the Court's file.

## **DEFINITIONS**

A.   The pronoun "you" refers to Russell Greer, and his agents, representatives, and unless privileged, attorneys.

B.   The term "documents" is intended to be construed in the broadest possible sense and includes, but is not limited to, any written, printed, typed, recorded, filmed, punched, transcribed, taped or other graphic matter of any kind or nature held or produced or reproduced,

whether sent or received, including the original, draft, copies and non-identical copies bearing notation or marks not found on the original, and includes, but is not limited to, all the correspondence, records, drawings, calculations, memoranda, reports, financial statements, telegrams, cables, telex messages, tabulations, studies, analysis, evaluations, projections, work appointment books, diaries, lists, comparisons, questionnaires, surveys, charts, graphs, books, pamphlets, booklets, articles, magazines, newspapers, microfilms, microfiche, photographs, tapes or other recording, punched cards, magnetic tapes, discs, data sales, drums, print-outs, computer generated reports and print-outs, other data compilations from which information can be obtained, any other documents or tangible things as defined Fed. R. Civ. P. 34, which is in your custody, possession and/or control or to which you otherwise have access. Attachments to documents are to be considered part of the document to which they are attached.

   C. A document "relating", "related", "related to", "regarding", to any given subject matter, means the documents that constitute, pertain to or in any way directly or indirectly bear upon or deal with that subject matter, including, without limitation, documents concerning the preparation of documents.

   D. If the document request calls for a document which Plaintiff claims to be privileged, in lieu of production, state:

     (1) the reason for withholding;

     (2) the author of the document;

     (3) each individual or other person to whom the document indicates the original or copy has been sent;

     (4) the date of the document; and

     (5) the general subject of the document.

E. The term "person" shall include a natural person, partnership, corporation, joint venture, association, or other group however organized.

F. The term "court" shall include state, local, and federal courts both in the United States and in any other country. It shall also include any forum of dispute resolution, including but not limited to arbitration forums, mediation forums.

E. The term "pleading" shall include any filing made by any person or party, including but not limited to attorneys acting on behalf of such person or party, in a court (as defined above). This includes but is not limited to, any motion or memoranda, any judgment or order, any correspondence which was exchanged with or otherwise shared with a court employee (whether such employee was acting as a clerk, as a judge, or otherwise), and any written material filed *ex parte*.

## JOSHUA MOON'S
## *FIRST REQUEST FOR PRODUCTION*

**REQUEST NO. 1:** Please produce any and all pleadings, filings, or other documents which have been made a part of the record or otherwise appear on the docket in any state, local, or federal court, or in any other forum of dispute resolution or relating to or in any way concerning a case or proceeding in which you are a party, regardless of whether such case is criminal or civil in nature and regardless of the current status or outcome of such case.

Respectfully submitted,

*/s/ Matthew D. Hardin*
Matthew D. Hardin (pro hac vice)
HARDIN LAW OFFICE
1725 I Street NW, Suite 300
Washington, DC 20006
Telephone: (202) 802-1948
Email: MatthewDHardin@gmail.com
*Attorney for Defendants*

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on this 20th day of November, 2024, the foregoing Defendant Joshua Moon's Request for Production of Documents to Plaintiff was served upon the following Plaintiff via email, pursuant to his agreement at the scheduling Conference held November 18, 2024:

        Russell Greer
        via email to: russmark@gmail.com
        ***Defendant, pro se***

        */s/ Matthew D. Hardin*
        Matthew D. Hardin