THE UNITED STATES DISTRICT COURT

DISTRICT OF UTAH

| | |
|---|---|
| **RUSSELL G. GREER,**<br><br>Plaintiff,<br><br>v.<br><br>**JOSHUA MOON, publisher of the website Kiwi Farms; and LOLCOW LLC,**<br><br>Defendants. | **MEMORANDUM DECISION AND ORDER**<br><br>Case No. 2:24-cv-00421-DBB-JCB<br><br>District Judge David Barlow<br><br>Magistrate Judge Jared C. Bennett |

This case was referred to Magistrate Judge Jared C. Bennett under 28 U.S.C. § 636(b)(1)(B).[1] Before the court is Defendants Joshua Moon and Lolcow LLC's ("Defendants") renewed motion to exclude undisclosed evidence and witnesses under Fed. R. Civ. P. 37(c).[2] The court has carefully reviewed the parties' written memoranda. Under DUCivR 7-1(g), the court concludes that oral argument is not necessary and, therefore, decides the motion on the written memoranda. For the reasons explained below, the court denies Defendants' motion.

**ANALYSIS**

The court denies Defendants' renewed motion to exclude pro se Plaintiff Russell Greer's ("Mr. Greer") undisclosed evidence and witnesses for the same reasons it denied Defendants' original 37(c) motion. First, Defendants' motion is still premature because Mr. Greer has not

---

[1] ECF No. 130. This case originated in this court as Case No. 2:20-cv-00647-DBB-JCB and was transferred to the Northern District of Florida. That district returned it to this court and it was reopened with this case number.

[2] ECF No. 196.

sought to use witnesses or other undisclosed information in a motion, hearing, or trial, and, consequently, Defendants have not demonstrated that the factors outlined in *Woodworker's Supply, Inc. v. Principal Mut. Life Ins. Co.*,[3] currently favor excluding this evidence. Contrary to Defendants' argument that exclusion of evidence is "automatic and mandatory"[4] when a party's disclosures are inadequate under Rule 26(a) or Rule 26(e), the court has the option under Rule 37(c)(1) to impose an alternative sanction, such as imposition of attorney's fees,[5] which the court has already done.[6]

Second, the court declines to impose "case-ending sanctions" under Rule 37(b)(2) because Mr. Greer has attempted to comply with the court's order compelling the production of Rule 26(a) information by disclosing the names of two witnesses,[7] and amending his initial disclosures,[8] albeit on a delayed basis.

I. **Defendants' Motion to Exclude is Premature.**

Defendants' renewed motion to exclude remains premature because Mr. Greer has not sought to use any witnesses or other undisclosed information in a motion, hearing, or trial. Rule 37(c)(1) states:

> If a party fails to provide information or identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing,

---

[3] 170 F.3d 985 (10th Cir. 1999).

[4] ECF No. 196 at 4.

[5] Fed. R. Civ. P. 37(c)(1)(A).

[6] ECF No. 218.

[7] *See, e.g.*, ECF No. 196-2 at 2.

[8] ECF No. 215.

>or at a trial, unless the failure was substantially justified or is harmless.

Mr. Greer has yet to use any of the untimely or undisclosed information in any motion, hearing, or trial. Therefore, the exclusion of undisclosed evidence is an ill-timed remedy. This alone defeats Defendants' renewed motion.

Moreover, Defendants have still not demonstrated that the *Woodworker's*[9] factors weigh in favor of the exclusion of this evidence. *Woodworker's* demands that this court consider the following when deciding whether a Rule 26(a) violation is justified or harmless:

>(1) the prejudice or surprise to the party against whom the testimony is offered; (2) the ability of the party to cure the prejudice; (3) the extent to which introducing such testimony would disrupt the trial; and (4) the moving party's bad faith or willfulness.[10]

The court assesses each factor in order below.

As to the first *Woodworker's* factor, although Mr. Greer's failure to properly disclose witnesses or evidence to Defendants is not harmless and has resulted in needless litigation and expenses, Defendants have not suffered the prejudice or surprise that Rule 37(c) exclusion contemplates, such as the introduction of new witnesses after the close of discovery, after expert reports and depositions are completed, and after dispositive motions have been filed.[11] Instead, the court is able to rectify Defendants' needless expenditures for needless litigation by ordering Mr. Greer to pay those expenses. If Mr. Greer later attempts to introduce information or

---

[9] 170 F.3d at 993.

[10] *Id.*

[11] *See, e.g.*, *Applied Predictive Tech., Inc. v. Marketdial Inc.*, No. 2:19-cv-00496-JNP-CMR, 2024 WL 309629, at *3 (D. Utah Jan. 26, 2024).

witnesses he failed to produce in initial disclosures, the court may address Rule 37(c) exclusion at that time. Presently, incurring expenses does not hinder Defendants from presenting their defense and, as discussed below, is curable by methods other than exclusion.

Regarding factor two, this harm to Defendants is readily curable through reimbursement of fees associated with Mr. Greer's noncompliance, which the court has already ordered.[12] Additionally, the court ordered Mr. Greer to produce all information required by Rule 26(a)(1), and Mr. Greer appears to be attempting to comply with this order by disclosing the names of two witnesses (later withdrawn),[13] and amending his initial disclosures.[14] Therefore, this factor weighs against exclusion.

Concerning the third factor, trial is not scheduled and, therefore, cannot be disrupted. Thus, this factor also weighs against exclusion.

Regarding the final *Woodworker's* factor, the court has already ruled that Mr. Greer's Rule 26 failure was willful.[15] Even so, in its previous consideration of this factor, the court concluded that exclusion of Mr. Greer's nondisclosed witnesses and evidence was premature. However, because Defendants have suffered monetary harm because of Mr. Greer's recalcitrance, and Mr. Greer has not demonstrated his nondisclosure was substantially justified, the court ordered the payment of reasonable expenses, including attorney's fees, caused by Mr. Greer's failure. Therefore, Defendants' request for fees stemming from Mr. Greer's Rule 26

---

[12] ECF No. 218.

[13] *See, e.g.*, ECF No. 196-2 at 2.

[14] ECF No. 215.

[15] ECF No. 189 at 3.

violation has already been resolved. In considering the *Woodworker's* factors once more, the court concludes—as it did before—that compensation instead of exclusion is the most appropriate sanction under Rule 37(c) at this stage.

## II.     The Court Declines to Impose "Case-Ending" Sanctions.

The court also declines to impose the "case-ending" sanctions Defendants request for Mr. Greer's failure under Rule 26. The court warned Mr. Greer that if he failed to comply with the court's order compelling production of the Rule 26(a) information, he *may* be subject to potential case-ending sanctions under Rule 37(b)(2).[16] Dismissing this case when costs and fees would rectify prejudice to Defendants would violate the clear preference to adjudicate cases on their merits.[17] That is especially true where, as here, Mr. Greer is proceeding pro se. Albeit imperfect, Mr. Greer has attempted to comply with the court's order to provide initial disclosures to Defendants, which renders Rule 37(b)(2) sanctions unnecessary at this juncture.

---

[16] Fed. R. Civ. P. 37(b)(2) ("If a party . . . fails to obey an order to provide or permit discovery . . . . the court where the action is pending may issue further just orders.").

[17] *See, e.g.*, *Ehrenhaus v. Reynolds*, 965 F.2d 916, 920-21 (10th Cir. 1992) ("[W]e recognize that dismissal represents an extreme sanction appropriate only in cases of willful misconduct. In many cases, a lesser sanction will deter the errant party from further misconduct . . . Only when the aggravating factors outweigh the judicial system's strong predisposition to resolve cases on their merits is dismissal the appropriate sanction.").

## CONCLUSION AND ORDER

Therefore, it is HEREBY ORDERED that Defendants' renewed motion to exclude undisclosed evidence and witnesses[18] is DENIED.

IT IS SO ORDERED.

DATED this 17th day of January 2025.

BY THE COURT:

JARED C. BENNETT
United States Magistrate Judge

---

[18] ECF No. 196.