FILED
2025 JAN 21 AM 8:30
CLERK
U.S. DISTRICT COURT

Russell Greer
1100 Dumont Blvd
Apt 139
Las Vegas, NV 89169
801-895-3501
russmark@gmail.com
Pro Se Litigant

## IN THE UNITED STATES DISTRICT COURT

## DISTRICT OF UTAH

| | |
|---|---|
| **RUSSELL GREER**<br><br>      Plaintiff<br><br>v.<br><br>**JOSHUA MOON ET AL**,<br><br>      Defendants | **PLAINTIFF'S RULE 72(a) OBJECTIONS TO THE MAGISTRATE JUDGE'S 01-14-25 ORDER & REQUEST TO SET ASIDE THE ORDER**<br><br>      Case No.:   2:24-cv-00421-DBB-JCB |

Plaintiff Russell Greer comes now and files this Objection to Magistrate Judge Bennet's 01-14-25 Order, under FRCP 72.

## INTRODUCTION

On 01-14-25, the Magistrate Judge issued a very troubling Order, sanctioning Greer for violating FRCP 26 and Ordered that Greer must pay attorney fees under FRCP 37.

Not only is this surprising, but this is unjust. Plaintiff is a pro se litigant. This is his first time going through a discovery phase.

## SETTING ASIDE ERRONEOUS ORDERS

Per Fed. R. Civ. P. 72(a), a district court judge must modify or set aside any portion of a Magistrate Judge's order found to be clearly erroneous or contrary to law. *Chakales v. Comm'r of Internal Revenue,* 79 F.3d 726, 728 (8th Cir. 1996).

### The 1-14-25 Order was Clearly Erroneous

With that explained, Greer objects to the magistrate judge's 1-14-25 order because it was clearly erroneous for the following reason (1) the Order is clearly wrong because Greer has clearly been complying with the Rules, (2) the Order misunderstands Plaintiff's Response, (3) the Order briefly mentioned *Woodworker*, but didn't give a deep analysis, per *Wooodworker's* subsequent case, *HCG Platinum*, into how exactly Greer wasn't justified and thus went against 10th Circuit precedent, (4) the Order was wrong because the magistrate judge has not fully considered the "special circumstances" *who* defendants are and ignored why Greer would be substantially justified in not immediately disclosing witnesses, (5) being forced to pay monetary sanctions for "mistake of form," within 14 days, would essentially have case-ending effects and the Court evidently has not considered lesser sanctions

1. **The Order Should be Set Aside Because the Facts Show that Greer Has Fully Complied**

   A.  **Deadlines were 2 Months Ago – Not 7 Months**

Firstly, the magistrate judge is simply wrong that defendants have "been unable to conduct discovery for 7 months," when discovery deadlines weren't even set until 11-18-24. Respectfully, that isn't 7 months, that's barely 2 months. The magistrate judge's very own deadline. **EXHIBIT F.** In that very own scheduling order, discovery doesn't even end until June 2025. If the magistrate judge is referring to deadlines set in January 2024, Plaintiff thought those deadlines were replaced with the 11-18-24 scheduling order, resetting everything. From January to November, parties were busy stipulating to defendants' excessive motions (motion to strike, etc) and a new deadline for initial disclosure wasn't even set until 12-2-24.

### B. Greer Had Potential Witnesses

If the magistrate judge would have asked, Greer would have been happy to provide the following because Greer did not realize this would become such a problem resulting in a sanction. Greer didn't include the following in his show cause response because he sincerely didn't realize the Court wouldn't believe him. Specifically, Greer knew witnesses could testify to:

- July 18th, 2022 text between witness Nathan and plaintiff: Nathan: good grief, man! These people [kiwi farms] are crazy. **Exhibit B.**

- March 6, 2022 text with Nathan: Plaintiff: "do you not understand how frightening it is to have strangers deliberately targeting you!" Nathan: "I believe you! **Exhibit C.**

- 9-20-21 text to Scott: "I just feel like my life is ruined." **Exhibit D.**

- Plaintiff was also going to have Scott testify to a phone call Scott made in January 2022 to the Las Vegas police department that resulted in a welfare check due to kiwi farms.

- There was even an event in 2017, when once proposed witness Nathan sent a frantic group text to Greer's family saying he thought the kiwi farms users were trying to hack him.

- As recently as September 2023, when Greer was thinking about this case, Nathan said he would testify to damages and the effect it's taken on Greer.

### C. Greer, in fact, met the 12-2-24 deadline (a day late)

Secondly, Greer indeed met those deadlines to issue disclosure on 12-3-24. He was confused on what the initial disclosure truly required and was going off of templates. But he was in fact trying to comply. He was also trying to word the the initial disclosure in a way that gave the Court and opposing counsel notice of witnesses, but wanted to make sure their safety would be protected, which is why Greer worded the document by saying: "**There are witnesses who have witnessed the intentional copyright infringement by Kiwi Farms and the detrimental toll it has taken on Plaintiff. "**

Plaintiff never said the witnesses were excited. But they had indeed witnessed the kiwi farms events and so Greer would call them as witnesses. Plaintiff misunderstood the FRCP 26 disclosure rule and thought writing vaguely was OK. It was just honest confusion if invoking the right to file under seal falls under the Rule.

### D. Greer Met the 12-16-24 disclosure two hours late.

When the Magistrate ordered a second disclosure on 12-9-24, Greer did indeed comply and gave the witnesses to defendants, two hours late because he had been researching how to file a motion to submit the witness information under seal. Defendants have not shown how they were harmed by late receipt of information. "Nevertheless, we believe that the record suggests that the Plaintiffs' late disclosure was more likely the result of negligence, confusion, and lack of information than underhanded gamesmanship" *Howe v. City of Akron*, 801 F.3d 718 (6th Cir. 2015).

### E. Greer thought His Disclosure Fell within the Rule

Third, Greer misunderstood the FRCP 26 disclosure rule. As stated in his 12-22-24 Response, Greer said, "only initially mentioned witnesses in his initial disclosure because they had witnessed Kiwi Farmers stalking plaintiff."

Again, Greer never once said the witnesses were eager to testify. He simply said, "there are witnesses who have witnessed." They did indeed witness, as shown on page 3 ("***Good grief, man! These people are crazy!***"). Greer had no idea Defendants' counsel would immediately subpoena the disclosed witnesses. At the least, Greer could have rephrased his initial disclosure to say witnesses ***might*** testify. Regardless, plaintiff isn't a lawyer and so his initial disclosure should be "held to less stringent standards than formal pleadings drafted by lawyers." *Haines v. Kerner*, 404 U.S. 519 (1972).

### F.  Matthew Hardin Could Not Promise Public Disclosure

The most important factor, that Greer has been trying to tell this Court is that Matthew Hardin said on 12-5-24 that, "I make absolutely no promises as to what we will do with any discoverable information." **EXHIBIT E.** So how does the Court feel that reassures Plaintiff? Greer gave this information to the Court in the opposition motion on 12-5-24 (ECF 186).

### Greer is Being Punished for Complying

With it established that Greer complied, Greer is sincerely confused why the court is punishing him. Greer is being punished for his "lack of knowledge with disclosures." *Esposito v. Home Dept. U.S.* 590 F.3d 72 (1st Cir. 2009) ("coupled with the exception for violations that are 'harmless' is needed to avoid unduly harsh penalties in a variety of situations, e.g.… ***the lack of knowledge of a pro se litigant of the requirement to make disclosures.***").

Greer would ask the district judge to set aside the 1-14-25 order based on that Greer has indeed been complying. The entry of a monetary sanction "against a pro se litigant . . . for essentially a mistake of form, strikes us as an unjust and excessive sanction." *Cripps v. Life Ins. Co. of North America*, 980 F.2d 1261 (9th Cir. 1992).

2.  **The Order Should be Set Aside Because the Magistrate Judge Has Misunderstood Plaintiff's Show Cause Response**

In the Magistrate Judge's 1-14-25 Order, the judge wrote that, "if Mr. Greer knew his potential witnesses did not want to participate in this case or knew he did not plan to call any witnesses at all, disclosing this information to Defendants would have satisfied Mr. Greer's obligation under Rule 26(a)." The judge has misunderstood that. That will be addressed in **subsection A**

Then on page 4 in the Order, the Magistrate Judge accused Plaintiff that he "hid the ball." This will be addressed in **Point B.**

A.  **Mr. Hardin's impulsive Deposition Caused Witnesses to Retract Statements**

Plaintiff has submitted evidence of witnesses who have have witnessed the toll it has taken on Plaintiff. What changes things is that at no time did Mr. Hardin inform plaintiff he would be doing depositions on the witnesses. That in turn caused the witnesses to get angry with him and claim to have no knowledge of anything, even though Greer clearly has text messages to the contrary. And so Greer didn't want his witnesses to perjure themselves and just asked to have the witnesses be excluded since it was just turning into a giant hassle. Greer also asked to have the witnesses excluded because they all live in different states and so trying to be in the same room would be difficult for a deposition. Greer did in fact want to call witnesses, but Greer was not put on notice by this Court or the defendants that they would depose witnesses (the 11-18-24 conference only said plaintiff would be deposed, not his witnesses). Again, he needed a little more time to get them 100 percent on board before any depositions. Hardin should have given Greer a month notice that he intended.

B.  **The Court Has Misunderstood Plaintiffs's Response**

Further, the Court seems to misunderstand the initial disclosure and his Response. As stated, he never said he had eager  witnesses, but simply that he had people who had witnessed kiwi

farms causing damages, e.g. Nathan said in 2023 he would testify. Because it was an *initial disclosure* — as the name suggests— plaintiff thought he only had to invoke potential witnesses as an initial matter.

Again, plaintiff never said what level of excitement they had, but rather that he had people who "have witnessed" and he simply wrote that as a preliminary matter so that he wouldn't lose his right to call them later if he chose to. It was a mistake of form. He apologizes and he thinks the magistrate has misinterpreted withdrawing witnesses as "hiding the ball". It was never told to Greer that potential witnesses would be subpoenaed or deposed.

3. **The Order Should be Set Aside Because the Magistrate Judge Did Not Conduct a Thorough Woodworker Analysis**

Although the Order briefly mentioned *Woodworker,* the magistrate violated 10th Circuit precedent by not doing a deep analysis to show why not having the evidence wasn't a violation, but not having the witnesses was a violation.

Although a district court need not mechanically recite the terms "substantial justification" or "harmlessness," the district court's ultimate reasoning *should* reveal consideration of the *Woodworker's* criteria. *See Jacobsen,* 287 F.3d at 953. The district court ultimately "overlooked the lion's share of the *Woodworker's* inquiry." *HCG Platinum, LLC v. Preferred Prod. Placement Corp.*, 873 F.3d 1191 (10th Cir. 2017).

Under *Woodworker*, the Court was supposed to consider: (1) the prejudice or surprise to the party against whom witnesses are offered, (2) the ability of the party to cure the prejudice; (3) the extent of trial disruption and (4) the moving party's bad faith or willfulness. *Woodworker's Supply*, *Inc. v. Principal Life Ins. Co.*, 170 F.3d 985, 993 (10th Cir. 1999). The magistrate did not strongly consider the following.

A. **Prejudice or surprise**

The Court wrongly said that defendants couldn't do discovery for 7 months, but this just isn't true, when discovery was officially set in November. Less than 2 months have passed since the discovery deadlines were set.

Further, Defendants contributed to their own delay by saying they made no promises as to what they did with the information. The magistrate never made the defendants show cause for violating the protective order.

### B.   Prejudice Cured

Even if the defendants were prejudiced, plaintiff cured it by providing the phone numbers and names of the witnesses two hours late. He sincerely, honest to goodness, does not know Nathan's address. He was protecting Scott by not disclosing the address (because he has Parkinson's and Joshua moon owns a stalking website) and he believed the address was optional. Mr. Hardin ended up publishing that address too and once again, the magistrate has not reprimanded defendants' *LICENSED* attorney over that disclosure, yet for some reason, the pro se plaintiff has caught the magistrate's ire.

### C.   Trial Disruption

The trial is not disrupted. Discovery deadlines have been pushed to August because plaintiff was being kind and generous to defendants.

### D.  Bad faith

The magistrate has not considered the special circumstances outlined in section four of this objection motion — the special circumstances being: (1) that defendants are a stalking website that considers everything fair game and (2) attorney Hardin has demonstrated disregard for privacy by publishing unredacted information of witnesses.

Based on the above, the magistrate did not do a proper analysis, as he never touched on the special circumstances and he respectfully messed up on the number of months by writing "7 months," when the docket clearly shows "2 months".

4. **The Order Should be Set Aside Because the Magistrate Judge Has Not Considered this Case's Special Circumstances & that Plaintiff was Substantially Justified**

The magistrate has not taken into account "the special circumstances that often arise in pro se situations." *McCormick v. City of Lawrence, Kansas* 218 F.R.D. 687 (D. Kan. 2003).

This is case is unique and has a special circumstance in 2 different ways:

**A. Kiwi Farms' Distinct Recognition**

Defendants run a website often dubbed as "the web's biggest community of stalkers" that want you "to kill yourself." **EXHIBIT A.** Attorney Matthew Hardin regularly CC's his client on his emails and so Mr. Moon sees all replies from plaintiff and Moon in turn publishes private information onto his website, which then inspires his users to stalk Greer. *See ECF 213.* So it's very unfair for this court to not even consider that anything plaintiff says to attorney Hardin will most likely end up on kiwi farms because Moon is being fed the emails from his attorney, who in turn posts it on kiwi farms.

The reason this is so important is it's very well documented that Kiwi Farms users will target not just their main targets, but also those connected to their targets. For instance, when Andrew Grimm of DJF was representing Greer at the 10th Circuit, Grimm had told Greer that Kiwi Farms users were stalking him — for simply being Greer's legal representative.

So it's not out of the question for Greer to fear that if the Kiwi Farms people are targeting his appellate counsel, then what's stopping them from targeting Greer's potential witnesses? Greer just respectfully doesn't understand how the Court doesn't see any problems with the founder of a stalking website having that kind of information without a solid, firm agreement that nothing would be published.

**B. Defendants' Attorney's Prior String of Notices**

Mr. Hardin's prior history of publishing notices regarding everything ranging from dates he didn't like on documents to emails Greer had sent him is why Plaintiff had a very hard time

handing over this information after the 12-9-24 Order and so it's very surprising the magistrate judge isn't understanding this or even noticing this. Greer thought Mr. Hardin would find a reason to nitpick the information and publish the witnesses.

The Court can't say this is speculation because Mr. Hardin did in fact publish the names and addresses of witnesses on 3 different occasions in his ECFs after Greer disclosed the witness information. His disclosure caused a kiwi farms user to email plaintiff, with the witness names, and call Plaintiff a "big dummy".  See ECF 205.

These two factors created special circumstances to warrant substantial justification in not disclosing the witnesses and the magistrate judge never once considered either of those special circumstances. "A person's actions must be objectively reasonable in order to avoid sanctions…". *Adamson v. Bowen,* 855 F.2d 668, 673 (10th Cir.1988). The order should be set aside based on this.

### 5.   The Order Should Be Set Aside Because the Magistrate Judge Did Not Consider Lesser Sanctions that were Non-Monetary

 The Order should be set aside because the 10th Circuit has held that "district courts should consider the appropriateness of lesser sanctions, where their discovery rulings have the effect of dismissal." *HCG Platinum, LLC v. Preferred Prod. Placement Corp.*, 873 F.3d 1191 (10th Cir. 2017). The magistrate failed to openly consider and "carefully explore and consider the efficacy of less drastic alternatives." *Id.* No where in the Order does the magistrate say why monetary sanctions have to be imposed and paid — in 14 days, no less. — rather than non-money sanctions found under FRCP 37(b)(2)(A)(i)-(iv).

By imposing a sanction of allowing opposing counsel to propose a number that could be above pro se litigant's ability to pay, who also is in this case in IFP status, and expect payment in 14 days, that has the effect of dismissing this case.

Plaintiff personally believes the magistrate should have imposed a sanction that went above the 12-20-24 joint stipulation and imposed the sanction of no witnesses at all. This sanction is found under FRCP 37(b)(2(A)(ii).

Alternatively, knowing plaintiff is pro se and in IFP status, the Court should have issued a set monetary sanction in the low hundreds ($100 to $500). This would be appropriate, as the prejudice the defendants suffered was minimal (if any at all), as opposed to defendants freely being able to suggest costs that they could easily balloon and exaggerate. This sanction could fall under FRCP 37( C )(1)( C )("May impose other appropriate sanctions.").

Based on this, the Order should be set aside.

## CONCLUSION

The 1-14-25 Order should be set aside because (1) the facts clearly show Greer was complying, (2) the magistrate misunderstood the Plaintiff, (3) a proper Woodworker analysis was not conducted, (4) special circumstances were not considered to show Plaintiff was justified and (5) lesser non-money sanctions were not considered.

Respectfully

DATED: 1-21-25.

Russell Greer

/rgreer/

Pro Se

## **CERTIFICATE OF SERVICE:**

Pursuant to FRCP 5(b), I certify that on 1-21-25, I served a true and correct copy of the attached document by email to all attorneys on record.

## <u>CERTIFICATE OF COMPLIANCE</u>

Pursuant to Local Rule DuCivR 7-1(4)(D)(i), I, Russell Greer, pro se, certify the arguments contained in this motion are less than 3,100 words, exactly **2959 words.**

**EXHIBIT A**

**Kiwi Farms: the web's biggest community of stalkers — from plaintiff's complaint**

7:20



 **Intelligencer**    SUBSCRIBE

**SELECT ALL**  |  JULY 19, 2016

# Kiwi Farms, the Web's Biggest Community of Stalkers

*By Margaret Pless*



We live in the age of the virtual pillory. Across communities like YouGotPosted, the revenge-porn hub/blackmailing scheme, or

2:40

 

# MotherJones

DONATE

![illustration]

Marvin Candle

**TECH**

# The Website That Wants You to Kill Yourself—and Won't Die

*How the trolls on Kiwi Farms hounded people to commit suicide and created the online culture we have today.*

**ALI BRELAND**

**MARCH+APRIL 2023**

*If you or someone you care about may be at risk*

🔒 motherjones.com

# **EXHIBIT B**

**7-18-22 Text Message**



**EXHIBIT C**

**3-6-22 Text Message**



# **EXHIBIT D**

**9-2021 Text Message**



## **EXHIBIT E**

**Matthew Hardin CC'ing Joshua Moon on his Emails**





## **EXHIBIT F**

**Discovery deadlines were in fact set 2 months ago, not 7 months. Initial disclosure was ordered 14 days from 11-18-24, per Plaintiff's scheduling conference notes**

8:23

13    Activity in Case 2:24-...

The following transaction was entered on 11/18/2024 at 3:46 PM MST and filed on 11/18/2024

**Case Name:**        Greer v. Moon et al
**Case Number:**    2:24-cv-00421-DBB-JCB
**Filer:**
**Document Number:** 175

**Docket Text:**
SCHEDULING ORDER: Amended Pleadings due by 12/31/2025., Joinder of Parties due by 12/31/2025, Fact Discovery due by 6/30/2025. Scheduling Conference set for 6/2/2025 at 10:00 AM in US District Court-SLCU *virtual Court Via Zoom Conference* before Magistrate Judge Jared C. Bennett. Signed by Magistrate Judge Jared C. Bennett on 11/18/2024. (kpf)

**2:24-cv-00421-DBB-JCB Notice has been electronically mailed to:**



8:26

‹ Notes

November 18, 2024 at 12:37 PM

## May 16th — written fact discovery

June 30th — close of discover

25 admissions

10 deposition

25 request for production

12/31/24 amended complaint

June 2nd 10 AM status conference

Go to web page of magistrate judge to see how rules on discovery

Initial disclosures due in 14 days

Save disputes end of discovery

Local rule 37-1: disputes/discovery

## **EXHIBIT G**

**Defendants' attorney refusing to promise to not disclose information**



**Matthew Hardin**                                    12/5/24
To: Russell Greer >

Thanks as always for your emails. I appreciate the quick confirmation of receipt.

In answer to your comment below, I refer you to my November 19 email in which I stated "I make absolutely no promises as to what we will do with any discoverable information other than that we will comply with the orders of the Court and the rules of the Court." That remains Defendants' position.

Best,

Matthew D. Hardin
**Hardin Law Office**