Matthew D. Hardin (*pro hac vice*)
**HARDIN LAW OFFICE**
101 Rainbow Drive #11506
Livingston, TX 77399
Email: MatthewDHardin@gmail.com
*Attorney for Defendants*

THE UNITED STATES DISTRICT COURT
DISTRICT OF UTAH

| | |
|---|---|
| RUSSELL GREER,<br><br>Plaintiff,<br>v.<br><br>JOSHUA MOON, *et al*.<br><br>Defendant. | **MOTION FOR AN ADVERSE INFERENCE RELATING TO STEVE TAYLOR**<br><br>Case No. 2:24-cv-00421-DBB<br><br>District Judge David Barlow<br>Magistrate Judge Jared C. Bennett |

NOW COME the Defendants, by and through undersigned counsel, and move that this Court find that there is an adverse inference which arises from the Plaintiff's repeated failures to identify the knowledge or expected testimony of Steve Taylor.

I.   **Introduction**

Mr. Greer identified Steve Taylor as one of his "eager" witnesses while this case was pending in the U.S. District Court for the Northern District of Florida. ECF No. 123 at 15. But Mr. Greer has never disclosed the subjects or topics of Mr. Taylor's knowledge. ECF No. 201 at 1, ¶ 2 ("No other witness [than Nathan and Scott Greer] has been disclosed by Plaintiff…").

Mr. Greer has been given numerous opportunities to make proper initial disclosures of all individuals who have knowledge relevant to this case. See, e.g., ECF Nos. 185-1 (disclosing no witnesses at all), 189 (giving Greer a belated extension of time

through December 16, 2024 to make initial disclosures), 193 (noting that Plaintiff had not provided disclosures by the Court's extended deadline), 194-1 (making the belated disclosure of only Nathan and Scott Greer's knowledge). At every juncture, Mr. Greer has failed to disclose the topics upon which Steve Taylor has relevant knowledge, as required by Fed. R. Civ. P. 26 (a)(1)(A)(i).

On January 30, 2024, undersigned counsel served, but did not file,[1] a Motion for Sanctions upon Mr. Greer, in which undersigned counsel set forth the basis for believing that Mr. Greer had made materially false statements to the Court regarding, *inter alia*, Mr. Steve Taylor. In response, Mr. Greer emailed undersigned counsel with yet another remarkable claim:

> "As for Steve Taylor, he was a former college advisor/friend who I had a falling out with and I decided not to list him. Him and I had very long talks about kiwi farms. I have that right to not have him listed."

Exhibit A.

Mr. Greer thus appears to confess that he did not properly disclose the subject area of Steve Taylor's knowledge, and that he failed to do so expressly because they had a "falling out" after they had "very long talks about [K]iwi [F]arms." Mr. Greer thus appears to have intentionally chosen not to disclose Mr. Taylor's knowledge relating to this case because Mr. Greer made an express decision that such testimony was not likely to be helpful to his case, or would have benefitted the Defendants.

---

[1] Defendants anticipate that they will be filing their Motion for Sanctions at the appropriate juncture unless Mr. Greer withdraws the relevant pleadings. This Motion waives no rights under Rule 11.

**II.     Rule**

Among the remedies which are permitted when a party has committed discovery misconduct or intentionally spoiled evidence or his opponent's opportunity to call upon that evidence is an adverse inference. Fed. R. Civ. P. 37 (Advisory Committee Note to Subdivision (e)(2) (2015 Amendment) ("Adverse-inference instructions were developed on the premise that a party's intentional loss or destruction of evidence to prevent its use in litigation gives rise to a reasonable inference that the evidence was unfavorable to the party responsible for loss or destruction of the evidence."). *Cf.* Fed. R. Evid. 804 (b)(6) (noting that a party cannot procure the absence of a witness and simultaneously profits from that witness's unavailability). Upon making a finding that evidence was spoiled in bad faith, the Court has the power to, inter alia, "presume that the lost information was unfavorable to the party." *EEOC v. JetStream Ground Servs.*, 878 F.3d 960, 965 (10th Cir. 2017), citing Fed. R. Civ. P. 37 (e)(2).

**III.    Facts**

When it suited Mr. Greer, Steve Taylor was a vital witness in this case. Indeed, Mr. Greer stated that this entire case needed to be returned to Utah from the Northern District of Florida so that Steve Taylor and Scott Greer, among other "eager" witnesses, could testify. ECF No 123 at 15. In more recent filings with this Court, Mr. Greer now denies saying his witnesses were "eager" or "excited" to testify at all. ECF No. 221 at 4, *contra*. ECF No. 123 at 15. But in correspondence with the defense, Mr. Greer confesses that his true motivation for failing to disclose the subject matter of Steeve Taylor's knowledge is that Mr. Greer and Mr. Taylor had a "falling out." Ex. A. This "falling out" apparently occurred long after Mssrs. Greer and Taylor engaged in "long talks" about the subject

matter of this case. These talks are inarguably discoverable under Fed. R. Civ. P. 26(a) and are likely also relevant at trial insofar as they reveal Mr. Greer's alleged damages or the bad-faith motivations that underlie Mr. Greer's pursuit of this litigation.

### IV. Argument

A finding of bad faith spoliation is a necessary prerequisite before the Court can enter an order granting an adverse inference. "The adverse inference must be predicated on the bad faith of the party" which is committing discovery misconduct. *Aramburu v. Boeing Co.*, 112 F.3d 1398, 1407 (10th Cir. 1997).

Here, all signs point to Mr. Greer's bad faith in failing to disclose the subject(s) of Steve Taylor's knowledge. Mr. Taylor's name first came up only when Mr. Greer was belatedly fighting a transfer of this case to the Northern District of Florida. ECF No. 123 at 15. As soon as Mr. Greer obtained the result he wanted --- retransfer of this case to Utah – Mr. Taylor's exit from this case was just as swift as his appearance. Additionally, Mr. Greer now confesses that the reason he did not properly disclose Mr. Taylor as a witness when this case was returned to Utah was not because Mr. Greer had in any way reconsidered the value of Mr. Taylor's testimony or its relevance to this case, or because Mr. Taylor had met with some unfortunate end and was no longer available as a witness. Instead, Mr. Greer confesses that he had a "falling out" with Mr. Taylor, such that he no longer expected Mr. Taylor to testify in his favor. Mr. Greer somehow insists that he has "the right not to have [Mr. Taylor] listed" under Rule 26, even though Mr. Taylor indisputably has discoverable knowledge for the reasons set forth by Mr. Greer himself in an email to undersigned counsel and in filings with the predecessor Court handling this case. Exhibit A, *see also* ECF No. 123 at 15.

If ever there were a case in which an adverse inference were warranted due to the nondisclosure of witnesses, Defendants respectfully submit that it would be this case, where the Plaintiff himself appears himself to have made an adverse inference as to the expected testimony of his own witness after that witness and the Plaintiff had a "falling out."

## V.     Conclusion

This Court should find that Mr. Greer did not properly disclose the subject of Mr. Taylor's knowledge, that Mr. Greer cannot now make a belated disclosure of Mr. Taylor's knowledge due to the stipulation entered at ECF No. 201 at 1, ¶ 3, and that the subject of Mr. Taylor's knowledge is likely adverse to Mr. Greer in light of the confessions made by Mr. Greer in the attached Exhibit A. This Court should therefore hold that if Mr. Taylor was properly disclosed as a witness and called at trial, his testimony would be adverse to the Plaintiff. Alternatively, this Court should enter an order requiring Mr. Greer to show cause why he should not be sanctioned for his continued failure to make proper initial disclosures relating to Mr. Steve Taylor even after this Court granted what was effectively a motion to compel such disclosures at ECF No. 189, or why Mr. Greer should not be sanctioned for making materially false statements to the Florida court in an effort to obtain retransfer of this case to Utah under false pretenses. ECF NO. 123 at 15.

DATED January 30, 2025

**HARDIN LAW OFFICE**

 /s/ Matthew D. Hardin
**Matthew D. Hardin**
Attorney for Defendants