**Matthew D. Hardin (*pro hac vice*)**
**HARDIN LAW OFFICE**
101 Rainbow Drive #11506
Livingston, TX 77399
Email: MatthewDHardin@gmail.com
*Attorney for Defendants*

THE UNITED STATES DISTRICT COURT
DISTRICT OF UTAH

| RUSSELL GREER,<br><br>       Plaintiff,<br>v.<br><br>JOSHUA MOON, *et al*.<br><br>       Defendant. | **NOTICE WITHDRAWING MOTION FOR AN ADVERSE INFERENCE RELATING TO STEVE TAYLOR**<br><br>Case No. 2:24-cv-00421-DBB<br><br>District Judge David Barlow<br>Magistrate Judge Jared C. Bennett |
|---|---|

NOW COME the Defendants, by and through undersigned counsel, and give notice that they withdraw without prejudice their Motion at ECF No. 224 seeking an adverse inference relating to Steve Taylor. Defendants' withdrawal of their motion is based on the following:

1. Defendants' Motion appears to have been overtaken in large part by Mr. Greer's shifting narratives in this case. While Defendants initially complained, based on Mr. Greer's own correspondence, that Mr. Greer had failed to disclose Steve Taylor's testimony because that "testimony was not likely to be helpful to [Plaintiff's] case, or would have benefitted the Defendants," ECF No. 224 at 2, Mr. Greer now states that Steve Taylor is deceased. ECF No. 225 at 3 (Steve Taylor is dead.").

2. An adverse inference arising from a witness's unavailability is ordinarily available only if that witness's absence or unavailability was procured by the

nonmoving party. *Trentadue v. United States Cent. Intelligence Agency*, No. 2:08-cv-0788, 2014 U.S. Dist. LEXIS 119967, at *3 (D. Utah Aug. 26, 2014) ("In circumstances in which a witness is unavailable to testify at trial due to the alleged misconduct of one of the parties, an evidentiary hearing is appropriate to determine whether the party alleging misconduct can show, by a preponderance of the evidence, that the opposing party's wrongdoing made the witness unavailable.").

3. Defendants originally asserted, based on Mr. Greer's own statements, that Mr. Greer had endeavored not to disclose Mr. Taylor's testimony and to make Mr. Taylor unavailable during discovery and at trial, because Mr. Greer had a "falling out" with Steve Taylor and had determined that it was his "right" not to include Mr. Taylor's expected knowledge or testimony under Fed. R. Civ. P. 26. ECF No. 224-1. However, absent a showing of "murder… physical assault [or] applying pressure on a potential witness not to testify," an adverse inference is ordinarily not warranted. *Trentadue*, No. 2:08-cv-0788, 2014 U.S. Dist. LEXIS 119967, at *4. Despite Mr. Greer's well-established pattern of mendacity regarding Mr. Taylor and other critical representations Mr. Greer has made to the Court, Defendants cannot establish Mr. Greer is responsible for the circumstances that rendered Mr. Taylor unavailable in this case. Fed. R. Evid. 804 (a)(4) (witness unavailable due to death).

4. Mr. Greer's explanation as to Mr. Taylor's death and the various representations made to this Court regarding Mr. Taylor are internally contradictory and appear to be further evidence of Mr. Greer's gamesmanship in this matter, as well as Mr. Greer's failure to comply with the initial disclosure requirements of Fed. R. Civ. P. 26 or the certification requirements of Fed. R. Civ. P. 11 (b). Specifically, Mr. Taylor appears to

have died in January 2024, ECF No. 225 at 12, but Mr. Greer still listed him as a "real" and "eager" witness in May of 2024 in an effort to have this case returned to Utah from the Northern District of Florida. ECF No. 123 at 15. And Mr. Greer's first explanation as to why Mr. Taylor's testimony was not disclosed came approximately seven months later in January 2025 (a year after Mr. Taylor's death), at which point Mr. Greer did not state that Mr. Taylor was deceased, but only that Mssrs. Greer and Taylor had a "falling out" and that it was Mr. Greer's "right" not to list an unhelpful witness. ECF No. 224-1 at 1. Notably, in the months following January 2024 – the month in which Mr. Taylor died according to the obituary Mr. Greer attached to his most recent filing at ECF No. 225 at 12 – Mr. Greer was entirely absent from this case. See, e.g., ECF Nos. 77-98.

5. Mr. Greer's lack of candor as to Mr. Taylor for over a year has led to the waste of resources by two U.S. District Courts and by Defendants, and is sanctionable under Fed. R. Civ. P. 11 and this Court's previous order at ECF No. 189. However, Defendants no longer believe that the appropriate remedy is an adverse inference and Mr. Greer's continually evolving narratives render the factual premise of Defendants' motion infirm.

6. For the reasons set forth above, Defendants withdraw their motion at ECF No. 224 without prejudice to their right to file an appropriate motion for sanctions under Fed. R. Civ. P. 11 or otherwise.

DATED February 10, 2025

**HARDIN LAW OFFICE**

 /s/ Matthew D. Hardin
**Matthew D. Hardin**
Attorney for Defendants