# THE UNITED STATES DISTRICT COURT

# DISTRICT OF UTAH

| | |
|---|---|
| **RUSSELL G. GREER,**<br><br>Plaintiff,<br><br>v.<br><br>**JOSHUA MOON, publisher of the website Kiwi Farms; and LOLCOW LLC,**<br><br>Defendants. | **MEMORANDUM DECISION AND ORDER**<br><br>Case No. 2:24-cv-00421-DBB-JCB<br><br>District Judge David Barlow<br><br>Magistrate Judge Jared C. Bennett |

This case was referred to Magistrate Judge Jared C. Bennett under 28 U.S.C. § 636(b)(1)(B).[1] Before the court is Defendants Joshua Moon ("Mr. Moon") and Lolcow LLC's (collectively, "Defendants") short form discovery motion to compel pro se Plaintiff Russell G. Greer ("Mr. Greer") to comply with Defendants' First Request for Production.[2] Specifically, Defendants assert that Mr. Greer has failed to produce "[a] copy of the restraining order filed against Joshua Connor [Moon] in 2018 in Utah."[3] Mr. Greer failed to respond to the motion to compel.[4] Based upon Mr. Greer's non-response, and for reasons explained below, the court grants Defendants' motion to compel.

---

[1] ECF No. 130. This case originated in this court as Case No. 2:20-cv-00647-DBB-JCB and was transferred to the Northern District of Florida. That district returned it to this court and it was reopened with this case number.

[2] ECF No. 219.

[3] *Id.* at 2-3.

[4] Under DUCivR 7-1(f), failure to respond timely to a motion may result in the court granting the motion without further notice.

Mr. Greer must produce a copy of the requested restraining order to Defendants because Mr. Greer has indicated that this document is relevant to his claims and that he is willing to provide a copy to Defendants.[5] Fed. R. Civ. P. 26(b)(1) provides:

> Unless otherwise limited by court order, the scope of discovery is as follows: Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit.

The court concludes that a copy of this restraining order is relevant and proportional to the needs of this case. As to relevance, Mr. Greer has indicated to Defendants that a copy of the restraining order against Mr. Moon is relevant to his claims and responsive to Defendants' request for production.[6] Concerning proportionality, Mr. Greer states he would be "happy to provide [Defendants] with a copy of the restraining order," apparently conceding that he has access to this single document and that producing it is not inconvenient, expensive, or overly burdensome to Mr. Greer. Considering these factors, as well as Mr. Greer's failure to respond to the motion to compel, the court GRANTS Defendants' motion.[7] Accordingly, Mr. Greer shall produce a copy of the restraining order filed against Mr. Moon in 2018 in Utah on or before February 24, 2025.

---

[5] ECF No. 219-9 at 1.
[6] *Id.*
[7] ECF No. 219.

Under Rule 37(a)(5)(A), if a motion to compel discovery is granted, the court must, after giving an opportunity to be heard, require the party whose conduct necessitated the motion to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees. However, the court must not order this payment if:

> (i) the movant filed the motion before attempting in good faith to obtain the disclosure or discovery without court action; (ii) the opposing party's nondisclosure, response, or objection was substantially justified; or (iii) other circumstances make an award of expenses unjust.[8]

Accordingly, the court HEREBY ORDERS Mr. Greer to submit briefing on or before February 24, 2025, showing cause why the court should not require him to pay Defendants' reasonable expenses incurred in bringing the instant motion to compel. Mr. Greer's memoranda shall not exceed five (5) pages excluding caption and certificate of service.

### CONCLUSION AND ORDER

Therefore, it is HEREBY ORDERED that:

1. Defendants' short form discovery motion to compel Mr. Greer to comply with Defendants' First Request for Production[9] is GRANTED.

2. Mr. Greer shall produce a copy of the restraining order filed against Mr. Moon in 2018 in Utah to Defendants on or before February 24, 2025.

3. Mr. Greer shall submit briefing on the issue of Rule 37(a)(5)(A) fees on or before February 24, 2025.

---

[8] Fed. R. Civ. P. 37(a)(5)(A)(i)-(iii).

[9] ECF No. 219.

IT IS SO ORDERED.

DATED this 10th day of February 2025.

BY THE COURT:

JARED C. BENNETT
United States Magistrate Judge