**Matthew D. Hardin (*pro hac vice*)**
**HARDIN LAW OFFICE**
101 Rainbow Drive #11506
Livingston, TX 77399
Email: MatthewDHardin@gmail.com
*Attorney for Defendants*

THE UNITED STATES DISTRICT COURT
DISTRICT OF UTAH

| | |
|---|---|
| RUSSELL GREER, | **MOTION FOR FEES AND COSTS PURSUANT TO ECF NO. 218** |
| Plaintiff, | |
| v. | Case No. 2:24-cv-00421-DBB |
| JOSHUA MOON, *et al.* | District Judge David Barlow Magistrate Judge Jared C. Bennett |
| Defendant. | |

NOW COME the Defendants, by and through undersigned counsel, and pursuant this Court's order at ECF No. 218, move for an award of their fees and costs incurred in seeking to force Mr. Greer to make his initial disclosures in this case. In support of this Motion, Defendants state as follows:

1.     On January 17, 2025, I transmitted via email to the Plaintiff, ECF No. 228-1, a Declaration detailing the costs and fees incurred by Mr. Moon in this matter. ECF No. 228-2. That declaration included numerous exhibits (identified as A through E).

2.     Later that same day, Mr. Greer sent me an email in which he stated "I am currently drafting objections to the court order from 1-14-25. Per FRCP 72... I will respond to your other emails when the objections are filed." ECF No. 228-3. Despite Mr. Greer's pledge that he would respond further after his objections were filed, I never heard from him again with respect to Defendants' fees and costs. I therefore wrote to

Mr. Greer again on February 10, 2025. ECF No. 228-4. As of this filing, Mr. Greer has not responded to my February 10, 2025 email either. It thus appears that Mr. Greer is not willing to stipulate as to the amount owed, or even to negotiate that amount in good faith.

3.    Since I signed the Declaration transmitted to Mr. Greer, I have noticed the following errors:

a.    There is a typographical error in ¶ 5 of the Declaration. The second sentence of that paragraph should have stated "I regularly bill so-called "Laffey" or "Fitzpatrick" rates in my other federal litigation, which [indicates] that I have taken this case at a considerable discount from the rates to which I would ordinarily be entitled."

b.    $89.83 was sent to Mr. Greer by check[1] in payment of an appearance fee and mileage on December 17, 2024, and were incorporated in Mr. Moon's January 2025 invoice, which reflects $345.83 in total costs for Mr. Greer's deposition. However, because Mr. Greer gave me an address at which the postal service could not deliver mail addressed to Mr. Greer, ECF No. 211-2, that check was returned to the bank and the funds were returned to my account. I should have deducted $89.83 from Mr. Moon's invoice in January to account for that refunded amount, but I only realized that error on January 18, 2025.

---

[1] I use Bank of America's "Payments and Invoicing" system to make payments for my law firm. Unlike a conventional, handwritten check, funds are immediately removed from a deposit account when a check is drawn using the "Payments and Invoicing" system. Funds must thereafter be recovered into the account if the check is not negotiated.

4.      Since I signed the Declaration transmitted to Mr. Greer, that Declaration has become outdated and in need of correction as follows:

    a.   Mr. Scott Greer returned the check with which I paid his appearance fee ($40), and marked that check "void." I received the check back from Mr. Scott Greer in the mail on January 31, 2025. I was able to recover those funds into my account on February 6, 2025.

5.      Defendants are willing to offset the amounts claimed by Mr. Greer at ECF No. 190 ($225.25) from any award of fees arising from this Motion, and respectfully submit that such an offset would moot Mr. Greer's motion at ECF No. 190.

6.      I spent 1.3 hours drafting the instant motion, the value of which is $390 at a rate of $300 per hour. I assert that such time is compensable as "fees-on-fees" generally are. *Kabura v. McNeer*, No. 2:17-cv-881, 2020 U.S. Dist. LEXIS 148459, at *1 n.1 (D. Utah Aug. 17, 2020) ("If Petitioner establishes that he is eligible for a fee award, he is also entitled to recover 'fees on fees,' being the time he reasonably expended on litigating this fee request."). If the U.S. District Judge requires a response to Mr. Greer's objections, ECF No. 221, pursuant to DUCivR 72-2 (b), Defendants' costs will very likely escalate and such additional costs will also be compensable. *Ad Astra Recovery Servs. v. Heath*, No. 18-1145-JWB, 2020 U.S. Dist. LEXIS 220910, at *22 (D. Kan. Nov. 25, 2020) ("When the court sustains an objection to an order awarding fees, it is also appropriate for the court to award fees for responding to the objection.").

7.      I assert that costs not directly spent filing a motion to compel, such as costs spent sending Notices of Deposition and Subpoenas to three deponents and costs spent reserving facilities in which to depose those individuals, are compensable under

this Court's order at ECF No. 218 because such costs were only necessary because Mr.

Greer had entirely refused to make initial disclosures. Defendants were forced to attempt

to depose witnesses based on Mr. Greer's publicly filed pleadings alone, because Mr.

Greer had declined (and still has declined) to identify the subject matter of any potential

witnesses' knowledge.

8.    The total fees and costs to which Defendants are entitled at the present

time, in light of the attached Declaration and the corrections and supplements listed

above, is $ 5,369.93. If the Court elects to offset the amount claimed by Mr. Greer at

ECF No. 190, the offset net judgment in favor of Defendants would be $5,144.68.

WHEREFORE, Defendants respectfully seek an award of their fees and costs as

set forth herein.

DATED February 11, 2025

**HARDIN LAW OFFICE**

*/s/ Matthew D. Hardin*
**Matthew D. Hardin**
Attorney for Defendants