**Matthew D. Hardin (*pro hac vice*)**
**HARDIN LAW OFFICE**
101 Rainbow Drive # 11506
Livingston, TX 77399
Telephone: (202) 802-1948
Email: MatthewDHardin@gmail.com
*Attorney for Defendants*

THE UNITED STATES DISTRICT COURT
DISTRICT OF UTAH

| | |
|---|---|
| RUSSELL GREER, | **Declaration of Matthew Hardin** |
| Plaintiff, | |
| v. | Case No. 2:24-cv-00421-DBB |
| JOSHUA MOON, *et al*. | District Judge David Barlow<br>Magistrate Judge Jared C. Bennett |
| Defendant. | |

I, Matthew Hardin, declare as follows:

1. I am an adult and competent to testify to the matters set forth herein based upon my own personal knowledge.

2. I am an attorney representing Joshua Moon and Lolcow, LLC in this matter. I have approximately ten years of experience as an attorney (first admitted to practice in Virginia on October 16, 2024), with the vast majority of that experience being in federal cases.

3. I have represented Joshua Moon in various matters since 2020. Although I do not specialize in copyright cases, I have developed a specialty in handling cases brought by vexatious litigants who target Mr. Moon. On Mr. Moon's behalf, I obtained a pre-filing injunction against vexatious litigant Melinda Scott. *Scott v. Wise Cnty. Dep't of Soc. Servs.*, No. 2:20CV00014, 2023 U.S. Dist. LEXIS 140414, at *1 (W.D. Va. Aug. 11, 2023), see also Exhibit E. I also represent Mr. Moon is

another copyright case in West Virginia involving vexatious litigant David Stebbins. *Stebbins v. Moon*, Case No. 2:24-cv-140 (S.D.W.Va.). See also *Stebbins v. Imperialsalt*, No. 8:24-cv-01486-JVS-KESx, 2024 U.S. Dist. LEXIS 158590, at *12 (C.D. Cal. July 12, 2024) (discussing David Stebbins' status as a vexatious litigant in both Arkansas and California).

4. I have consistently endeavored in this case to economize by billing as few hours as possible while providing zealous and competent representation. I believe that all time I have invested in this case, including but not limited to time reflected on the attached invoices, was necessary to effectively represent my client.

5. My hourly rate for Mr. Moon in this case is $300 per hour. I regularly bill so-called "Laffey" or "Fitzpatrick" rates in my other federal litigation, which that I have taken this case at a considerable discount from the rates to which I would ordinarily be entitled. *Alavi v. Bennett*, Civil Action No. 15-2146 (RBW), 2024 U.S. Dist. LEXIS 223516, at *36 (D.D.C. Dec. 10, 2024) (explaining the Laffey and Fitzpatrick matrices used by lawyers practicing complex federal litigation). My current rate on the Fitzpatrick Matrix is $669 per hour (reflecting ten years of experience as an attorney in 2024).

6. Indeed, this Court has recently determined that $400 per hour is reasonable for an attorney in a copyright case. *Garvey v. Buzznick, LLC*, No. 2:22-cv-00400-DBB, 2023 U.S. Dist. LEXIS 137408, at *4 (D. Utah Aug. 4, 2023).

7. I am submitting this declaration pursuant to this Court's order at ECF No. 218.

8. Attached hereto as Exhibit A is the invoice I sent my clients for work performed in the month of December, 2024.

9. Attached hereto as Exhibit B is the invoice I sent my clients for work performed in the month of November, 2024.

10. On each invoice, I have highlighted in yellow the items which I believe are directly related to the instant dispute related to Mr. Greer's initial disclosures. For the month of November, those items total $390. For the month of December, those items total $4,359.76. Of note, not all of that amount is attorney time: In December, I was forced to subpoena Russell Greer in Nevada, Scott Greer in Wyoming, and Nathan Greer in Texas, and to pay fees both for their attendance and for suitable rented spaces in which to hold depositions. I did not bill for time spent investigating identity and whereabouts of the mysterious Steve Taylor, who Mr. Greer previously represented was a vital witness in this case, because my efforts were largely unsuccessful.

11. My clients have paid both of the attached invoices in full.

12. The time for which I billed my clients does not reflect all time spent on this case. Specifically, it is my longstanding policy not to charge clients for mere conferences which I have with them to update them on the status of their case. Accordingly, such conferences with my clients are not reflected on the invoice. Additionally, I did not feel it was equitable to bill my clients for various attempts to meet and confer with Mr. Greer, when Mr. Greer neither accepted nor rejected such invitations to meet and confer. As I previously indicated at ECF No. 196-5, I attempted to meet and confer with Mr. Greer on six separate occasions. *Id*. at 2, ¶ 6. I request that the

court order Mr. Greer to compensate me for 0.25 hours per "missed" meet and confer, for a total of $450.

13. When I was drafting the instant Declaration, it came to my attention that there is an error in the December 3, 2024 invoice which is attached hereto as Exhibit B. Specifically, that invoice erroneously reflects that a "third discovery remediation demand" was sent on November 18, 2024. That "third" demand was actually transmitted on November 21, 2024, and is attached hereto as Exhibit C. There are a few typographical errors in the invoice attached as Exhibit A, but they do not appear to be material.

14. I spent 1.2 hours drafting the instant Declaration and compiling the associated records. The value of that time is $360.

15. It appears that Mr. Greer intends to file objections to the Court's order at ECF No. 218. Exhibit D. To the extent that the Defendants must spend additional attorney time to pursue a judgment, to include the filing of any motions or responses after this Declaration is finalized, that additional time will be compensable. *Blackburn v. United States*, No. 2:18-cv-00116-DBB-EJF, 2020 U.S. Dist. LEXIS 71033, at *12 (D. Utah Apr. 21, 2020) ("the Court recognizes the need to compensate the prevailing attorney for the time spent in recovering the award."), *cf. Kraja v. Bellagio, LLC*, No. 2:15-cv-01983-APG-NJK, 2016 U.S. Dist. LEXIS 128835, at *1-2 (D. Nev. Sep. 21, 2016) ("The Court has discretion to award attorneys' fees incurred in responding to an objection to a magistrate judge's order granting a motion to exclude, as those fees were 'caused by the failure' to properly disclose.").

16. I request that the Court grant me leave to supplement this declaration to reflect time spent responding to Mr. Greer's meritless objections to the order of the magistrate judge and otherwise to reflect all time spent defending the award or collecting the amount owed.

17. I declare the foregoing to be true and correct to the best of my knowledge and belief under pains and penalties of perjury.

Dated: January 17, 2025
Cleveland, TX

                                                                  /s/ Matthew D. Hardin
                                                                  **Matthew D. Hardin**
                                                                  Attorney for Defendants

EXHIBIT A

Matthew D. Hardin

# Hardin Law Office

101 Rainbow Drive, PMB 11506 · Livingston, TX 77399

Phone: (202) 802-1948 · Email: HardinLawPLLC@icloud.com

INVOICE

Joshua Moon

*Via Email only to*: jcmoon@pm.me

Invoice date: 01/04/2025

Balance due: 01/14/2025

Project: *Greer v. Moon et al.* (D. Utah)

| Description | Hours | Rate | Cost |
|---|---|---|---|
| Finalize & Transmit initial disclosures (12/2/24) | 2.3 | $300.00 | $690.00 |
| Review Greer's initial disclosures, transmit deficiency letter re: same (12/3/2024) | 0.7 | $300.00 | $210.00 |
| Correspondence to Greer re: initial disclosures, attempt to meet and confer (12/4/2024) | 0.2 | $300.00 | $60.00 |
| Correspondence to Greer re: initial disclosures, attempt to meet and confer (12/5/2024) | 0.2 | $300.00 | $60.00 |
| Draft & file motion to exclude | 2.3 | $300.00 | $360.00 |
| Transmit supplemental disclosures to Greer (12/5/2024) | 0.2 | $300.00 | $60.00 |
| Correspondence to Greer re: deficiency of initial disclosures (12/5/2024) | 0.2 | $300.00 | $60.00 |
| Correspondence to Greer re: disclosure of "that woman" (12/5/2024) | 0.2 | $300.00 | $60.00 |
| Draft & file reply in further support of motion to exclude (12/5/2024) | 0.4 | $300.00 | $120.00 |
| Review Greer Motion for debtor's exam Motion & Correspond with Greer re: same (12/11/2024) | 0.7 | $300.00 | $210.00 |
| Correspondence with Greer re: topics of meet & confer (12/11/2024) | 0.2 | $300.00 | $60.00 |

1

| Description | Hours | Rate | Cost |
|---|---|---|---|
| Followup correspondence with Greer re: meet and confer (12/12/2024) | 0.2 | $300.00 | $60.00 |
| Followup correspondence with Greer re: failure to answer questions re: meet and confer (12/12/2024) | 0.2 | $300.00 | $60.00 |
| Draft & tyransmit to Greer deficiency letter re: second set of "initial disclosures" (12/17/2024) | 0.6 | $300.00 | $180.00 |
| Greer subpoena arrangements (make reservation, send Notice of Deposition & Subpoena) (12/17/2024) | 1.2 | $300.00 | $360.00 |
| Greer subpoena costs (cost of reserved room, cost to pay Greer witness fee) | | | $345.83 |
| Draft & File ECF No. 193 (notice re: discovery) | 0.3 | $300.00 | $90.00 |
| Nathan Greer subpoena arrangements (call witness, reserve room, send notice of deposition & subpoena) (12/18/2024) | 1.7 | $300.00 | $510.00 |
| Nathan Greer Subpoena costs (cost of reserved room, cost to pay witness fees) | | | $193.93 |
| Motion to exclude (second) (12/19/2024) | 2.1 | $300.00 | $630.00 |
| Scott Greer Subpoena arrangements (call witness, speak to Evanston WY City Hall re: reservation of room, send notice of deposition & subpoena) (12/19/2024) | 1.4 | $300.00 | $420.00 |
| Scott Greer witness fee (room reservation not needed because deposition to be held via zoom) | | | $40.00 |
| Draft & file Notice re: Greer's correspondence with witnesses (12/19/2024) | 0.3 | $300.00 | $90.00 |
| Correspondence with Greer (12/20/2024) | 0.2 | $300.00 | $60.00 |

2

# The Law Office of
# Matthew D. Hardin, PLLC
101 Rainbow Drive, PMB 11506 · Livingston, TX 77399
Phone: (202) 802-1948 · Email: MatthewDHardin@protonmail.com



## INVOICE

Joshua Moon
Via Email only to: jcmoon@pm.me

Project: *Greer v. Moon et al.* (D. Utah)

Invoice date:  12/03/2024
Balance due:  12/13/2024

| Description | Hours | Rate | Cost |
| --- | --- | --- | --- |
| Prepare for & attend scheduling conference (11/18/24) | 1.1 | $ 300.00 | $ 330.00 |
| Draft & transmit discovery remediation demand (11/18/24) | 0.7 | $ 300.00 | $ 210.00 |
| Draft & transmit second discovery remediation demand (11/19/24) | 0.3 | $ 300.00 | $ 90.00 |
| Draft & transmit first request for production of documents (11/20/24) | 0.6 | $ 300.00 | $ 180.00 |
| Draft & transmit third discovery remediation demand (11/18/24) | 0.3 | $ 300.00 | $ 90.00 |
| | | Subtotal | $ 900.00 |
| | | Discount | $ 0.00 |
| Transcript fee & Audio Recording Fee for 11/18/2024 Scheduling Conference | | Costs | $ 202.00 |
| | | Total | $ 1,102.00 |

Thank you for your business! If you have any questions, please don't hesitate to reach out by phone or email.

Sincerely yours,

*[signature]*

Matthew D. Hardin

1

**EXHIBIT C**

**From:** Matthew Hardin matthewdhardin@gmail.com
**Subject:** Re: Prompt Written Communication / DUCivR 37-1
**Date:** November 21, 2024 at 8:06 AM
**To:** Russell Greer russmark@gmail.com
**Bcc:** Joshua Moon jcmoon@pm.me

Good morning,

Since I have not heard from you with assurances that you intend to amend or supplement your initial disclosures by December 2, 2024, or picking one of my suggested available dates (12/3, 12/4, or 12/5) for a conference on your failure to comply with Rule 26, I write to emphasize the prejudice to my client and the consequences for the overall litigation and its schedule if we are not able to resolve this issue expeditiously.

Ordinarily, I would tailor my interrogatories and requests for production of documents to be less burdensome and more narrowly targeted based upon information received from you in the initial disclosures. Because your initial disclosures fail to provide any information which allows our discovery to be properly tailored to seek only information related to specific claims you have made, we are forced to engage in much more broad discovery practices. This is burdensome for us and also for you, because it potentially means you will need to search for and produce information that we would not ordinarily request if we had the proper information from initial disclosures and were able to efficiently conduct discovery according to to the ordinary procedure. And we will also need to craft broad discovery requests and review your responses to such requests, even if it ultimately turns out that such efforts could have been avoided by way of proper initial disclosures.

Moreover, to the extent that we are forced to delay discovery or to conduct much more broad based discovery as a result of your failure to comply with Rule 26, we will likely need to file a motion with the Court to expand the discovery schedule or to seek leave to conduct additional targeted discovery to remedy your failures to disclose the information required under Rule 26. This will also lead to additional burdens on you and I, and will further burden the court and delay the case.

I again request that you confirm your intention to amend/supplement your initial disclosures or that you confirm your intention to engage in a conference on 12/3 at noon, 12/4 at noon, or 12/5 at noon.

Best,

**Matthew D. Hardin**
**Hardin Law Office**
NYC Office: 212-680-4938
DC Office: 202-802-1948
Cell Phone: 434-202-4224
Email: MatthewDHardin@protonmail.com

> On Nov 19, 2024, at 7:59 AM, Matthew Hardin <matthewdhardin@gmail.com> wrote:
>
> Good morning,
>
> To be clear, I reiterate the requirements of DUCivR 26-2 (b): "it is improper to object to a discovery request or fail to produce Fed. R. Civ. P. 26(a)(1) initial disclosures on the basis that the court has not entered a protective order." You are basically repeating via email this morning what you said in May, which is that you will not produce information unless it is kept secret. The rules expressly forbid what you are doing.
>
> Regardless, the Court yesterday entered the Standard Protective Order. We will comply with the Standard Protective Order except to the extent it is modified or vacated by the District Court or any other court of competent jurisdiction.
>
> You also have not addressed at all your failure to provide documents or tangible information, or materials supporting your calculation of damages. You seem to be focused only on the issue of witnesses, but that is only one of at least three ways you are in violation of Rule 26.
>
> I make absolutely no promises as to what we will do with any discoverable information other than that we will comply with the orders of the Court and the rules of the Court. As required by DUCivR 37-1, I again ask that you take one of the following actions:
>
> 1. Supplement/amend your "Initial Disclosures" prior to January 2, 2024.
> 2. Inform me when you are available to meet and confer regarding your failure to comply with Rule 26 (I provided three options - 12/3/2024 at Noon, or alternatively on 12/4/2024 at Noon, or alternatively on 12/5/2024 at Noon).
>
> Best,
>
> **Matthew D. Hardin**
> **Hardin Law Office**
> NYC Office: 212-680-4938
> DC Office: 202-802-1948
> Cell Phone: 434-202-4224
> Email: MatthewDHardin@protonmail.com
>
>> On Nov 19, 2024, at 6:46 AM, Russell Greer <russmark@gmail.com> wrote:
>>
>> Good morning,

Good morning,

Now that I can reply to you better, I wanted to say that the earlier initial disclosures didn't include identifying information because as they mentioned, I didn't want to publicly list them in the document because your client's site has a reputation for stalking people associated with me. If I list that information, Mr moon will once again publish it on his site. The disclosures clearly say this.

Further, your mischaracterization of me as being hostile is omitting a few things. Written words can make communication seem hostile. Inflection can be hard to infer. Also, I considered you not wanting to even consider removing me from the site, after you asked my counsel to talk in December, to be hostile and so that's why. You keep going on about length of time, when you and your very unkind client have refused to remove anything, thus dragging this out.

If you can promise me that Moon won't publish names on his site, I might disclose names, etc, but right now, I can't without that assurance.

Sent from my iPhone

On Nov 18, 2024, at 3:59 PM, Matthew Hardin <matthewdhardin@gmail.com> wrote:

Good afternoon,

I write pursuant to DUCivR 37-1. As you know, when your case was pending in the Northern District of Florida, you emailed me purported initial disclosures on 5/15/24. These initial disclosures are inadequate for reasons including but not limited to:

1) You have failed to provide "the name and, if known, the address and telephone number of each individual likely to have discoverable information—along with the subjects of that information—that the disclosing party may use to support its claims or defenses..." Instead, you have merely stated that "there are witnesses," but that you will not disclose their names or contact information. This is impermissible pursuant to DUCivR 26-2 (b), which states that "it is improper to object to a discovery request or fail to produce Fed. R. Civ. P. 26(a)(1) initial disclosures on the basis that the court has not entered a protective order." Regardless, the Court today entered the Standard Protective Order, so any objection you might have once had is now moot. You must provide this information as specifically enumerated in Rule 26.

2) You have failed to provide "a copy—or a description by category and location—of all documents, electronically stored information, and tangible things that the disclosing party has in its possession, custody, or control and may use to support its claims or defenses." Instead, you have merely stated that "There are not any documents in Plaintiff's possession that would need to be provided to Defendants' counsel, aside" from various documents which you acknowledge exist but which you have also not provided. You must provide this information as specifically enumerated in Rule 26.

3) You have failed to provide "materials bearing on the nature and extent of injuries suffered." I therefore cannot ascertain the basis for your computation of damages. You must provide this information as specifically enumerated in Rule 26.

You have failed to comply with Rule 26 and any of the requirements it imposes, except perhaps for the bare computation of damages, which itself is unaccompanied by the necessary supporting materials. **I therefore invite you to either revise or supplement your Initial Disclosures prior to 12/02/2024, as permitted by the Court's order this afternoon**. If you revise or supplement your initial disclosures prior to 12/02/2024, I will not file a motion to compel with respect to the initial disclosures which were originally served on 5/15/2024.

If you do not revise or supplement your initial disclosures prior to 12/2/2024, I request a meet and confer pursuant to DUCivR 37-1 (a)(2)(B). Such a meet and confer could take place via Zoom on 12/3/2024 at Noon, or alternatively on 12/4/2024 at Noon, or alternatively on 12/5/2024 at Noon. **If we are unable to resolve our differences, I will file a motion pursuant to DUCivR 37-1 (b) to compel you to supplement your initial disclosures, or for appropriate sanctions as a result of failure to make proper initial disclosures in full compliance with Rule 26**.

Best,

**Matthew D. Hardin**
**Hardin Law Office**
NYC Office: 212-680-4938
DC Office: 202-802-1948
Cell Phone: 434-202-4224
Email: MatthewDHardin@protonmail.com

**EXHIBIT D**

**From:** Russell Greer RussMark@gmail.com
**Subject:** Re: Following up on my emails of 1/15 and 1/16
**Date:** January 17, 2025 at 1:06 PM
**To:** Matthew Hardin matthewdhardin@gmail.com

Hi,

I am currently drafting objections to the court order from 1-14-25. Per FRCP 72, I have 14 days to file the objections. I will respond to your other emails when the objections are filed.

Thank you.

Sent from my iPhone

> On Jan 17, 2025, at 8:30 AM, Matthew Hardin <matthewdhardin@gmail.com> wrote:
>
> Good morning, Mr. Greer.
>
> I didn't hear from you with respect to my emails of Wednesday (1/15) or Thursday (1/16), so I wanted to check in again. Did you receive those?
>
> Thanks,
>
> **Matthew D. Hardin**
> **Hardin Law Office**
> Direct Dial: 202-802-1948
> NYC Office: 212-680-4938
> Email: MatthewDHardin@protonmail.com
>
> ***The information contained in this message may be privileged. It is intended by the sender to be confidential. If you suspect you may not be the intended recipient, please notify the sender and delete all copies.***



EXHIBIT E

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
BIG STONE GAP DIVISION

CLERKS OFFICE U.S. DIST. COURT
AT LYNCHBURG, VA
FILED
9/19/2023
LAURA A. AUSTIN, CLERK
BY: s/ ARLENE LITTLE
    DEPUTY CLERK

| | |
|---|---|
| **MELINDA SCOTT,** ) | |
| ) | |
| Plaintiff, ) | Case No. 2:20CV00014 |
| ) | |
| v. ) | **INJUNCTION** |
| ) | |
| **WISE COUNTY DEPARTMENT OF** ) | JUDGE JAMES P. JONES |
| **SOCIAL SERVICES, ET AL.,** ) | |
| ) | |
| ) | |
| Defendants. ) | |

For the reasons set forth in the Opinion and Order entered August 11, 2023, ECF No. 141, there having been no response from the parties, it is hereby ORDERED and ADJUDGED that MELINDA SCOTT, and all those acting in concert with her, must not file any claim, suit, case, motion, or action against JOSHUA MOON in or with any court, arising out of or from the operation or use of Kiwi Farms by any person or entity, without pre-filing approval by a judge thereof by a showing of good cause.

It is so **ORDERED**.

ENTER: September 19, 2023

/s/ JAMES P. JONES
Senior United States District Judge