THE UNITED STATES DISTRICT COURT
DISTRICT OF UTAH

| | |
|---|---|
| RUSSELL G. GREER,<br><br>Plaintiff,<br><br>v.<br><br>JOSHUA MOON, publisher of the website Kiwi Farms; and LOLCOW LLC,<br><br>Defendants. | **MEMORANDUM DECISION AND ORDER**<br><br>• **GRANTING IN PART AND OVERRULING IN PART [221] PLAINTIFF'S OBJECTION TO MAGISTRATE JUDGE'S ORDER**<br><br>• **ADOPTING IN PART [218] ORDER**<br><br>Case No. 2:24-cv-00421-DBB-JCB<br><br>District Judge David Barlow<br><br>Magistrate Judge Jared C. Bennett |

Before the court is Magistrate Judge Jared C. Bennett's Order requiring Plaintiff Russell G. Greer ("Mr. Greer") to pay Defendants' reasonable expenses, including attorney's fees, caused by Mr. Greer's nondisclosure of witnesses and evidence.[1] Mr. Greer filed a timely objection.[2] For the reasons below, the court grants in part and overrules in part Mr. Greer's objection, adopts the Order in part, and orders Mr. Greer to pay Defendants an award of $1,000 as a result of his nondisclosure.

## BACKGROUND

On December 4, 2024, Defendants filed a motion to exclude undisclosed evidence and witnesses under Federal Rule of Civil Procedure 37(c).[3] In support of their motion, Defendants

---

[1] Order to Pay Expenses, ECF No. 218, filed January 14, 2025.
[2] Pl.'s Obj. to R. & R. ("Obj."), ECF No. 221, filed January 21, 2025.
[3] Mot. to Exclude, ECF No. 185. Defendants' Motion originally cited to Federal Rule of Civil Procedure 26(c) but stated in their Reply that Rule 37 is the appropriate rule. Reply 1 n.1, ECF No. 187, filed on December 5, 2024.

1

pointed to deficient initial disclosures and multiple email threads where Defendants attempted to have Mr. Greer amend or supplement his disclosures or meet and confer.[4] These emails specified the alleged Rule 26 deficiencies Defendants sought for Mr. Greer to correct, specifically requesting Mr. Greer provide (i) the name, address, and telephone number of each individual likely to have discoverable information, along with the subjects of that information; (ii) a copy of all documents in Mr. Greer's possession that he may use to support his claims or defenses; and (iii) materials bearing on the nature and extent of injuries suffered.[5]

On December 3, 2024, Mr. Greer provided "new" initial disclosures, which still did not contain the requested information.[6] As to witnesses, Mr. Greer stated that "[t]here are witnesses who have witnessed the intentional copyright infringement by Kiwi Farms and the detrimental toll it has taken on Plaintiff" but refused to publicly disclose their names, addresses, or phone numbers absent a stipulation that the witnesses' names would not be published onto the Kiwi Farms website.[7] As to evidence, Mr. Greer stated that "[t]here are not any documents in Plaintiff's possession that would need to be provided to Defendants' counsel, aside from just the many harassing messages and examples of copyright infringement done by the nefarious individuals on Kiwi Farms."[8]

Based on these disclosures—or lack thereof—Defendants requested that the court exclude any undisclosed witness or evidence from being presented at trial or in support of a motion.[9] On December 9, 2024, the magistrate judge ruled on Defendants' Motion to Exclude, finding:

---

[4] Mot. to Exclude 2–3.
[5] Email dated Nov. 18, 2024, ECF No. 185-3.
[6] *See* Initial Disclosures, ECF No. 185-1.
[7] Initial Disclosures.
[8] *Id.*
[9] Mot. to Exclude 5.

> Although Mr. Greer has indeed twice failed to provide Defendants with any witnesses or evidence in Rule 26(a)(1) initial disclosures, Defendants' Rule 37(c) motion is premature because Mr. Greer has not sought to use these witnesses or other undisclosed information in a motion, hearing, or trial. For this reason, Defendants have also not demonstrated that the *Woodworker's* factors currently weigh in favor of the exclusion of this evidence.[10]

However, the magistrate judge found that Mr. Greer's failures to provide the disclosures or supplement them were not substantially justified and ordered Mr. Greer to submit briefing by December 23, 2024, showing cause why the court should not require him to pay Defendants' costs and attorney's fees for having to bring the motion to essentially compel Mr. Greer's compliance with Rule 26(a)(1).[11] On December 23, 2024, Mr. Greer responded to the court's order, arguing that (i) the issue of not disclosing witnesses was moot because Mr. Greer stipulated that he would not call witnesses; (ii) Mr. Greer was justified in not disclosing the witnesses; and (iii) Plaintiff gave a description of the evidence in his possession and forwarded some evidence to Defendants.[12] On December 30, 2024, Defendants filed a response.[13] Defendants' response included several email exhibits of conversations between Defendants' counsel and Mr. Greer regarding Mr. Greer's discovery obligations. For example, in apparent contrast to Mr. Greer's initial disclosures, on December 29, 2024, Mr. Greer emailed Defendants' counsel stating that if Defendants want him to disclose a list of relevant documents in his possession, "I can provide a list. But there's a lot."[14]

On January 14, 2025, the magistrate judge issued an Order requiring Mr. Greer to pay Defendants' reasonable expenses, including attorney's fees, related to Mr. Greer's failure to

---

[10] Mem. Dec. & Order ("Order re Mot. to Exclude") 2, ECF No. 189.
[11] Order re Mot. to Exclude 4; *see also* Fed. R. Civ. P. 37(c)(1)(A) (authorizing the court to order payment of reasonable expenses, including attorney's fees, caused by the failure to disclose under Rule 26(a)).
[12] Pl.'s Resp. to Court's Show Cause Order, ECF No. 202, filed December 23, 2024.
[13] ECF No. 207, filed December 30, 2024.
[14] Email dated December 29, 2024, ECF No. 207-4.

disclose or supplement as required by Rule 26(a) or Rule 26(c).[15] On January 21, 2025, Mr. Greer objected and requested that the magistrate judge's Order be set aside.[16]

## LEGAL STANDARD

The court conducts a de novo review of any part of a report and recommendation for which a plaintiff offers a timely and proper objection. To trigger this de novo review, an objection must adequately specify the factual and legal issues in dispute.[17] "[G]eneral objection[s] [are] insufficient" to preserve the issue for appellate review.[18] This court "reviews unobjected-to portions of a report and recommendation for clear error."[19]

## DISCUSSION

Mr. Greer objects to the magistrate judge's Order for the following reasons: (1) the Order is clearly wrong because he has been complying with the rules; (2) the Order misunderstands his response; (3) the Order did not give a deep analysis into the *Woodworker* factors into how Mr. Greer was not justified; (4) the magistrate judge did not fully consider the "special circumstances" of who Defendants are; and (5) being forced to pay monetary sanctions for "mistake of form" within 14 days would essentially have case-ending effects and the Court did not consider lesser sanctions.[20] The court considers each in turn.

I. **Greer's Compliance with the Rules**

First, Mr. Greer states that "the magistrate judge is simply wrong that defendants have 'been unable to conduct discovery for 7 months,' when discovery deadlines weren't even set

---

[15] Order to Pay Expenses, ECF No. 218, filed January 14, 2025.
[16] Obj., ECF No. 221.
[17] *See United States v. 2121 E. 30th St.*, 73 F.3d 1057, 1060 (10th Cir. 1996).
[18] *Moore v. Astrue*, 491 F. App'x 921, 923 (10th Cir. 2012) (unpublished) (citing *2121 E. 30th St.*, 73 F.3d at 1060).
[19] *Johnson v. Progressive Leasing*, No. 2:22-cv-00052, 2023 WL 4044514, at *2 (D. Utah June 16, 2023) (citing *Johnson v. Zema Sys. Corp.*, 170 F.3d 734, 739 (7th Cir. 1999); *see* Fed. R. Civ. P. 72(b) adv. comm. note to 1983 amend. ("[T]he court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.").
[20] Obj. 2.

until 11-18-24" and discovery does not end until June 2025.[21] This misunderstands the magistrate judge's Order. The magistrate judge stated that Mr. Greer "hid the ball" as to his potential witnesses for at least seven months by representing to opposing counsel and multiple judges that he was going to call witnesses.[22] The reference to seven months was regarding a filing dated May 28, 2024 in the Northern District of Florida, which stated "Mr. Greer's Rule 26 disclosures similarly reveal no witnesses who are anticipated to testify on any relevant topic."[23] Further, it is true that without proper disclosure of Mr. Greer's referenced witnesses and evidence, Defendants have been unable to adequately conduct discovery since the case began approximately four years ago. Mr. Greer was obligated to provide adequate initial disclosures—and to supplement those disclosures when appropriate—and failed to do so despite many attempts to obtain the information by Defendants.

Second, Mr. Greer argues that he in fact had potential witnesses who could testify regarding several text messages about Mr. Greer's alleged harm and damages.[24] Assuming this is true, it has no effect on the real issue: if Mr. Greer had potential witnesses, he was required to disclose them under Rule 26(a).

Third, Mr. Greer argues that he met his deadlines to issue disclosures on December 3, 2024—albeit a day late.[25] The disclosure stated that "[t]here are witnesses who have witnessed the intentional copyright infringement by Kiwi Farms and the detrimental toll it has taken on Plaintiff."[26] But Mr. Greer refused to actually disclose these witnesses, their phone numbers,

---

[21] Obj. 3.
[22] Order to Pay Expenses 4.
[23] *Id.* at 4 n.18.
[24] Obj. 3–4.
[25] Obj. 4. Mr. Greer acknowledges that these disclosures were a day late, and the court does not penalize him for the one-day delay.
[26] Initial Disclosures.

addresses, or any other specifics unless Defendants entered into a stipulation.[27] Mr. Greer was required to disclose these witnesses and failed to do so, rendering the Initial Disclosures inadequate. He could not require Defendants to enter into a stipulation in order to comply with Rule 26.

Fourth, Mr. Greer argues that he complied with the magistrate judge's December 9, 2024 Order by providing a second disclosure on December 16, 2024.[28] But this later disclosure has no bearing on Mr. Greer's failure to comply with Rule 26 during and prior to the December 2, 2024 deadline.

Fifth, Mr. Greer argues that he thought his disclosure fell within Rule 26 and that he "misunderstood" the rule.[29] But the text of the rule is clear: parties must provide (i) "the name and, if known, the address and telephone number of each individual likely to have discoverable information—along with the subjects of that information—that the disclosing party may use to support its claims or defenses . . . " and (ii) all documents in the party's possession that he may use to support his claims or defenses.[30] Defendants also sent Mr. Greer emails quoting this rule. Mr. Greer failed to disclose a single witness name or document in his December 3, 2024 disclosures, thus violating Rule 26.

Sixth, Mr. Greer argues that Defendants' counsel would not promise to not publicly disclose any information contained in his initial disclosures.[31] Specifically, Defendants' counsel stated, "I make absolutely no promises as to what we will do with any discoverable information other than that we will comply with the orders of the Court and the rules of the Court."[32] As

---

[27] *Id.*
[28] Obj. 4. Mr. Greer acknowledges that this disclosure was provided two hours late, and the court does not penalize him for the delay.
[29] Obj. 4–5.
[30] Fed. R. Civ. P. 26(a)(1).
[31] Obj. 5.
[32] Email dated November 19, 2024, ECF No. 185-4.

6

stated above, nothing more than compliance with the rules and court orders is required for Mr. Greer to comply with his Rule 26 obligations.

## II. The Magistrate Judge's Alleged Misunderstanding of Mr. Greer's Show Cause Response

Next, Mr. Greer argues that the magistrate judge misunderstood Mr. Greer's response by writing that Mr. Greer's failure to provide Defendants with any witnesses was not "justified," in part because:

> if Mr. Greer knew his potential witnesses did not want to participate in this case or knew he did not plan to call any witnesses at all, disclosing this information to Defendants would have satisfied Mr. Greer's obligation under Rule 26(a). Instead, Mr. Greer 'hid the ball' as to his potential witnesses for at least seven months by representing to opposing counsel and multiple judges that he was going to call witnesses.[33]

Mr. Greer states that he planned to have witnesses but "was not put on notice by this Court or defendants that they would depose witnesses."[34] He also stated that he thought he only had to invoke potential witnesses as an initial matter.[35] Additionally, Mr. Greer states that withdrawing witnesses was not "hiding the ball."[36]

Mr. Greer's arguments miss the point. Mr. Greer was obligated to provide the names of his potential witnesses but refused to do so. By stating he had witnesses who may testify but not disclosing them—which would have allowed Defendants to proceed with discovery—he "hid the ball." Of course, if Mr. Greer stated from the beginning (or at least in his December 3, 2024 initial disclosures) that he had no witnesses willing to testify, that separately would have satisfied his discovery obligations. In other words, withdrawing witnesses was not the issue; the issue was not disclosing the specific witnesses (or lack thereof) when Mr. Greer thought he might have

---

[33] Order to Pay Expenses 4.
[34] Obj. 6.
[35] *Id.* at 7.
[36] *Id.*

7

them testify. Finally, it is of no consequence that Mr. Greer incorrectly believed that Defendants would not depose his witnesses; it is their right to do so.

### III. *Woodworker* Analysis

Mr. Greer argues that the magistrate judge failed to conduct a deep analysis to show why not having the evidence was not a violation, but not having the witnesses was a violation. Before analyzing Mr. Greer's specific arguments regarding the *Woodworker* factors, the court notes that the magistrate judge's Order did find that not disclosing evidence violated Rule 26(a).[37] The court simply focused most of its Order on the failure to disclose witnesses because that was the focus of Mr. Greer's response to the court's Order to Show Cause. Additionally, the magistrate judge conducted a *Woodworker* analysis in his December 9, 2024 order, which ordered Mr. Greer to submit briefing regarding whether the court should award fees.[38] There was no need for the magistrate judge to repeat the same analysis again in his Order awarding expenses. Instead, the magistrate judge focused his Order on Mr. Greer's arguments in his show cause response.

Under *Woodworker*, in deciding whether a Rule 26(a) violation is justified or harmless, courts consider: (1) the prejudice or surprise to the party against whom the testimony is offered; (2) the ability of the party to cure the prejudice; (3) the extent to which introducing such testimony would disrupt the trial; and (4) the moving party's bad faith or willfulness.[39]

Beginning with the first factor, Mr. Greer argues that the court wrongly said that Defendants could not conduct discovery for seven months and that Defendants contributed to their own delay by stating that they made no promises as to what they did with the information.[40]

---

[37] For example, the magistrate judge found that Mr. Greer's nondisclosure was not "harmless" because "[w]ithout any witnesses **or evidence** from Mr. Greer, Defendants have been unable to conduct discovery in a case that is now over four years old . . . ." Order to Pay Expenses 5 (emphasis added).
[38] Order re Mot. to Exclude 2–4.
[39] *Woodworker's Supply, Inc. v. Principal Mut. Life Ins. Co.*, 170 F.3d 985, 993 (10th Cir. 1999).
[40] Obj. 8.

8

The court has already addressed why these are not persuasive arguments above. Mr. Greer also argues that the magistrate judge never made Defendants show cause for violating the Standard Protective Order ("SPO") by publishing the names and phone numbers of Mr. Greer's witnesses in Defendants' pleadings.[41] However, Mr. Greer never indicated that this information should be designated Confidential or Attorneys' Eyes Only under the SPO.[42]

As to the second factor, Mr. Greer argues that even if Defendants were prejudiced by his late disclosures, he cured it by providing the phone numbers and names of the witnesses "two hours late."[43] But this is factually inaccurate, as Defendants had been attempting to obtain the disclosures from Mr. Greer for months, which necessitated their bringing a motion to exclude the undisclosed evidence. Disclosure of the witnesses after the filing of Defendants' motion does not cure the time and expense expended by Defendants leading up to that point.

As to the third factor, the court agrees that the delay has not caused disruption to trial because one is not currently scheduled.

Finally, regarding the fourth factor, Mr. Greer argues that the magistrate judge did not consider that Mr. Greer did not act in bad faith based on special circumstances that (i) Defendants are a stalking website that considers everything fair game; and (ii) Defendants' attorney demonstrated disregard for privacy by publishing unredacted information of witnesses.[44] But the identity of a party does not affect Mr. Greer's Rule 26(a) obligations. And as discussed above, Mr. Greer did not indicate that the information should be designated Confidential or Attorneys' Eyes Only under the SPO. In addition, the magistrate judge did not issue an opinion on whether Mr. Greer acted in bad faith; he concluded that Mr. Greer's failure to disclose

---

[41] Obj. 8.
[42] *See* Email dated Dec. 17, 2024, ECF No. 194-1.
[43] Obj. 8.
[44] Obj. 8.

potential witnesses or evidence was willful.[45] And the court agrees. Therefore, the magistrate judge correctly found that Mr. Greer's failure to comply with Rule 26 was not substantially justified or harmless.

### IV.     Special Circumstances

Next, Mr. Greer argues that the magistrate judge's order should be set aside because he did not consider "special circumstances," including that Defendants run a website often dubbed as "the web's biggest community of stalkers" and that Defendants' attorney previously published notices from the case.[46] The court has already addressed both of these arguments. Defendants' identity and the fact that their attorney may have published certain information that was not listed as confidential does not render Mr. Greer's nondisclosure justified or harmless.

### V.     Lesser Sanctions

Lastly, Mr. Greer argues that the magistrate judge's order should be set aside because the court did not consider lesser sanctions.[47] According to Mr. Greer, "[b]y imposing a sanction of allowing opposing counsel to propose a number that could be above pro se litigant's ability to pay, who also is in this case in IFP status, and expect payment in 14 days, that has the effect of dismissing this case."[48] Mr. Greer also cautions against Defendants being able to "suggest costs that they could easily balloon and exaggerate."[49]

First, the magistrate judge ordered Defendants to submit to Mr. Greer an affidavit and cost memorandum detailing the amount of reasonable expenses Defendants incurred as a result of Mr. Greer's failure to disclose or supplement.[50] The parties would then have 14 days to

---

[45] Order re Mot. to Exclude 3–4.
[46] Obj. 9–10.
[47] Obj. 10–11.
[48] Obj. 10.
[49] Obj. 11.
[50] Order to Pay Expenses 5.

stipulate to the amount of an award. If the parties cannot agree on the amount, Defendants were ordered to file their affidavit and cost memorandum with the court, so that the court would ultimately determine the amount of the expenses award.[51] Under this framework, any concern of Defendants inflating their expenses is not ripe for consideration.

Second, ordering monetary sanctions was a "lesser sanction" in comparison to excluding Mr. Greer's witnesses and evidence. If anything, exclusion of those items would be more likely to have the effect of dismissing the case compared to a monetary fine. Additionally, when the magistrate judge ordered Mr. Greer to show cause as to why the court should not require him to pay Defendants' costs and attorney's fees,[52] Mr. Greer did not argue that he would be unable to pay or that other sanctions would be more appropriate.[53] Accordingly, the magistrate judge's decision to order fees was reasonable.

Nevertheless, it is true that Defendants have achieved a partial remedy following their motion to exclude, in that Mr. Greer will not present any witnesses. That, in combination with Mr. Greer's IFP status and the fact that this is this pro se litigant's first sanction, leads the court to conclude de novo that a lower fee is appropriate. Accordingly, the court orders Mr. Greer to pay Defendants a fee award of $1,000.[54]

Accordingly, the court ADOPTS the Order in part with a set fee award of $1,000.

---

[51] Order to Pay Expenses 5–6.
[52] Order re Mot. to Exclude 4.
[53] Pl.'s Resp. to Court's Show Cause Order, ECF No. 202, filed December 23, 2024.
[54] This award, although higher than Mr. Greer's request of up to $500, is presumably far lower than the costs and fees incurred as a result of Mr. Greer's Rule 26 violations.

**ORDER**

The court ADOPTS IN PART Magistrate Judge Bennett's Order.[55] The court GRANTS IN PART and DENIES IN PART Mr. Greer's Objection.[56] Mr. Greer is ORDERED to pay Defendants an award of $1,000 on or before **March 13, 2025**.

Signed February 12, 2025.

BY THE COURT

_____
David Barlow
United States District Judge

---

[55] ECF No. 218.
[56] ECF No. 221.