**Matthew D. Hardin (pro hac vice)**
**HARDIN LAW OFFICE**
101 Rainbow Drive # 11506
Livingston, TX 77399
Telephone: (202) 802-1948
Email: MatthewDHardin@gmail.com
*Attorney for Defendants*

THE UNITED STATES DISTRICT COURT
DISTRICT OF UTAH

| | |
|---|---|
| RUSSELL GREER,<br><br>    Plaintiff,<br><br>v.<br><br><br>JOSHUA MOON, *et al*.<br><br>    Defendants. | **DEFENDANTS' NOTICE PRESERVING OBJECTIONS**<br><br>**Case No. 2:24-cv-00421-DBB**<br><br>District Judge David Barlow<br>Magistrate Judge Jared C. Bennett |

NOW COME the Defendants, by and through undersigned counsel, and preserve their objections to the order entered at ECF No. 230. Defendants do not believe it is in the interest of judicial economy to file a motion for reconsideration at the present time, which is an extraordinary remedy that requires a showing of "extraordinary circumstances." *King v. IC Grp., Inc.*, No. 2:21-cv-00768-RJS-CMR, 2024 U.S. Dist. LEXIS 137665, at *5 (D. Utah Aug. 2, 2024), citing *Van Skiver v. United States*, 952 F.2d 1241, 1244-45 (10th Cir. 1991). Such a motion is unnecessary in order to preserve issues on the record. *United States v. Madrid*, 633 F.3d 1222, 1228 (10th Cir. 2011) (Kelly, J., concurring) ("In the civil context, there is absolutely no authority that creates an obligation to raise a motion to reconsider in order to preserve an argument for appeal.") (cleaned up).

Nevertheless, Defendants wish to give notice that they object to the order entered at ECF No. 230 and assert that it reflects procedural and factual infirmities. Specifically:

1)    DUCivR 72-2 (b)(1) provides that "Unless the district judge orders otherwise, a response need not be filed and a hearing will not be held on an objection" to a magistrate's order. And DUCivR 72-2 (b)(2) provides that "The district judge may overrule the objection by written order at any time but may not sustain it without giving the opposing party an opportunity to file a response." In this case, however, Mr. Greer objected to the magistrate's order at ECF No. 221, but the Court never called for the views of the Defendants or imposed a schedule for briefing. Yet the Court sustained in part Mr. Greer's objections at ECF No. 230, contrary to DUCivR 72-2 (b)(2).

2)    The Court's order reflects that this is Mr. Greer's "first sanction" as a *pro se* and *in forma pauperis* litigant. ECF 230 at 11. But that is not true, as reflected by Mr. Greer's own filings when this case began four years ago, in which the Plaintiff admitted that he had previously been sanctioned and had evaded his obligation to pay such sanctions until law enforcement became involved. As Mr. Greer himself wrote in complaining about prior counsel Greg Skordas, who previously obtained monetary sanctions against Mr. Greer in Utah state court, "Skordas was awarded attorney fees and waited a year to even collect by sending an officer to Greer's house with court documents." ECF No. 31-1 at 4. Mr. Greer may not have yet faced sanction *in this case*, but he is no stranger to monetary sanctions generally.

WHEREFORE, Defendants preserve their objections as set forth herein with respect to the order entered at ECF No. 230. Defendants do not seek reconsideration, but merely preserve their objections for appellate review in case Mr. Greer makes good on his pledge at ECF No. 229 to appeal this Court's order.

DATED February 12, 2025

**HARDIN LAW OFFICE**

 */s/ Matthew D. Hardin*

**Matthew D. Hardin**
Attorney for Defendants