**Matthew D. Hardin (*pro hac vice*)**
**HARDIN LAW OFFICE**
101 Rainbow Drive # 11506
Livingston, TX 77399
Telephone: (202) 802-1948
Email: MatthewDHardin@gmail.com
*Attorney for Defendants*

THE UNITED STATES DISTRICT COURT
DISTRICT OF UTAH

| | |
|---|---|
| RUSSELL GREER,<br><br>　　　Plaintiff,<br><br>v.<br><br><br>JOSHUA MOON, *et al*.<br><br>　　　Defendants. | **SHORT FORM DISCOVERY MOTION**<br><br><br>Case No. 2:24-cv-00421-DBB<br><br><br>District Judge David Barlow<br>Magistrate Judge Jared C. Bennett |

NOW COME the Defendants and move for an order compelling Plaintiff to comply with the discovery request which is attached as Exhibit A. In support of this Motion, Defendants state as follows:

1.　　On January 16, 2025, Defendants sent Plaintiff the Request for Production of Documents which is attached hereto as Exhibit A. This request was inspired Plaintiff's repeated confessions that he had either lost relevant documents or had intentionally deleted documents to clear space in his electronic folders.

2.　　On January 17, 2025, Plaintiff confirmed that he had received the email sent the previous day, and stated that he would respond in the future. Exhibit B.

3.　　But Plaintiff never did respond. Plaintiff went radio silent.

4.　　On February 18, 2025, Defendants sent Plaintiff a request to meet and confer pursuant to DUCivR 37-1. Exhibit C. Plaintiff at first accepted that request to meet and confer at noon on February 19, 2025. Exhibit D.

5.      But on the morning of February 19, 2025, Plaintiff sent undersigned counsel two emails, one of which bore the header "FOR ATTORNEYS EYES ONLY: DO NOT PUBLISH" and the other of which replied to that same email with that same header. These emails did not transmit discovery material, but instead express Plaintiff's demands and conditions relating to his participation in a meet and conferral, his generalized complaints about this litigation (and about undersigned counsel), and Plaintiff's belief that a "person affiliated with moon" [*sic*] had managed to obtain documents that Plaintiff still has not produced in discovery. Plaintiff's emails appear facially to be entirely outside the scope of this Court's Standard Protective Order, and to have been designated as "Attorneys Eyes Only" in order to frustrate Defendants' ability to file an effective and timely motion to compel and to provide unreviewable demands relating to his participation in a conference.

6.      Under the circumstances, Defendants respectfully submit that Plaintiff has returned to his well-worn pattern of refusing to meaningfully meet and confer with Defendants relating to discovery disputes. See, e.g., ECF No. 196-5 (declaration attesting to attempts to meet and confer with Plaintiff) and ECF No. 228-2 at 3-4 (declaration attesting to costs such failed meet and conferrals have imposed on Defendants and their counsel). As Defendants have explained, Plaintiff requires undersigned counsel to repeatedly clear his schedule for a meet and confer, but then refuses to participate in such conferral. Plaintiff has now coupled this pattern with the blatantly improper designation of his own correspondence as "Attorneys Eyes Only" so that Defendants cannot file proof of Plaintiff's antics with the Court without first filing a motion to de-designate Plaintiff's  emails pursuant to the Standard Protective Order, and without still further delay. And Plaintiff has expressly admitted, in an "attorneys eyes only" email, that

third parties have been able to obtain information which Plaintiff himself has consistently

failed or refused to provide.

WHEREFORE, Defendants move that this Court compel Plaintiff to respond to the

attached Request for Production of Documents, or enter other appropriate relief.

DATED February 19, 2025

**HARDIN LAW OFFICE**

*/s/ Matthew D. Hardin*
**Matthew D. Hardin**
Attorney for Defendants