**EXHIBIT B**

**From:** Russell Greer RussMark@gmail.com
**Subject:** Re: Activity in Case 2:24-cv-00421-DBB-JCB Greer v. Moon et al Memorandum Decision
**Date:** February 15, 2025 at 8:34 PM
**To:** Joshua Moon jcmoon@pm.me, Matthew D. Hardin MatthewDHardin@protonmail.com

Hello,

So if the $225.25 is deducted, you want $774.75?

And ok I will withdraw the motion

Sent from my iPhone

> On Feb 12, 2025, at 11:24 AM, Matthew Hardin <matthewdhardin@gmail.com> wrote:
>
> Good afternoon,
>
> In light of the below order, we request that you withdraw your motion at ECF No. 190 as moot. You may deduct $225.25 from your payment to us, as an offset. Should you fail to withdraw your motion at ECF No. 190, we will of course argue that it is moot in our response on February 28. But additionally, you will be liable for sanctions if we are forced to respond to a moot motion that you have failed to appropriately withdraw. "Plaintiff may be susceptible to sanctions for failing to withdraw the motion once it became moot." *Dorado v. Murillo*, 2024 Cal. Super. LEXIS 12966, *3 (Fe. 9, 2024).
>
> Notwithstanding your vow to "appeal the hell out of this" on February 11, 2025, we also wish to advise you that an interlocutory appeal of a civil sanction is impermissible. "Sanctions, even if issued as civil contempt orders, generally are not deemed final appealable orders under 28 U.S.C. § 1291." *Law v. NCAA*, 134 F.3d 1438, 1440 (10th Cir. 1998). *See also G.J.B. & Assocs., Inc. v. Singleton*, 913 F.2d 824, 827-29 (10th Cir. 1990) (counsel of record may not file interlocutory appeal for imposition of sanctions); *D&H Marketers, Inc. v. Freedom Oil & Gas, Inc.*, 744 F.2d 1443, 1445-46 (10th Cir. 1984) (parties may not file interlocutory appeal from imposition of sanctions); *see also Consumers Gas & Oil, Inc., v. Farmland Indus., Inc.*, 84 F.3d 367, 370 (10th Cir. 1996) (party to a pending proceeding may appeal civil contempt order only as part of appeal from final judgment). Should you attempt an interlocutory appeal which the appellate court has no jurisdiction to hear, you can expect that we will seek compensation under Fed. R. App. P. 38.
>
> Best,
>
> **Matthew D. Hardin**
> Hardin Law Office
> Direct Dial: 202-802-1948
> NYC Office: 212-680-4938
> Email: MatthewDHardin@protonmail.com
>
>> On Feb 12, 2025, at 1:04 PM, utd_enotice@utd.uscourts.gov wrote:
>>
>> **This is an automatic e-mail message generated by the CM/ECF system. If you need assistance, call the Help Desk at (801)524-6100.**
>> ***NOTE TO PUBLIC ACCESS USERS*** There is no charge for viewing opinions.
>>
>> US District Court Electronic Case Filing System
>>
>> District of Utah
>>
>> ### Notice of Electronic Filing
>>
>> The following transaction was entered on 2/12/2025 at 11:04 AM MST and filed on 2/12/2025
>>
>> **Case Name:**       Greer v. Moon et al
>> **Case Number:**    2:24-cv-00421-DBB-JCB
>> **Filer:**
>> **Document Number:** 230
>>
>> **Docket Text:**
>> **MEMORANDUM DECISION and Order: The court ADOPTS IN PART Magistrate Judge Bennett's Order [218]. The court GRANTS IN PART and DENIES IN PART Mr. Greers Objection [221]. Mr. Greer is ORDERED to pay Defendants an award of $1,000 on or before March 13, 2025. Signed by Judge**

**David Barlow on 02/12/2025. (kpf)**

**2:24-cv-00421-DBB-JCB Notice has been electronically mailed to:**

Stewart B. Harman    stewart.harman@bachhomes.com, aanderson@pckutah.com

Matthew D. Hardin    matthewdhardin@gmail.com, matthewdhardin@ecf.courtdrive.com, matthewdhardin@protonmail.com

Russell G. Greer    russmark@gmail.com

**2:24-cv-00421-DBB-JCB Notice has been delivered by other means to:**

The following document(s) are associated with this transaction:

**Document description:** Main Document
**Original filename:** n/a
**Electronic document Stamp:**
[STAMP dcecfStamp_ID=1060034973 [Date=2/12/2025] [FileNumber=6050790-0
] [2a7d4bc59f906bce91ec690b8557cbf821a9f643bc5c12884075b23562b8956e024
048941b873d010d500b8e4194a83ebb07f4f8ff98617f97a8e161fc3e3c0f]]