**Matthew D. Hardin (pro hac vice)**
**HARDIN LAW OFFICE**
101 Rainbow Drive # 11506
Livingston, TX 77399
Telephone: (202) 802-1948
Email: MatthewDHardin@gmail.com
*Attorney for Defendants*

THE UNITED STATES DISTRICT COURT
DISTRICT OF UTAH

| RUSSELL GREER,<br><br>    Plaintiff,<br>v.<br><br>JOSHUA MOON, *et al*.<br><br>    Defendants. | **DEFENDANTS' MOTION FOR SANCTIONS**<br><br>**Case No. 2:24-cv-00421-DBB**<br><br>District Judge David Barlow<br>Magistrate Judge Jared C. Bennett |
|---|---|

NOW COME the Defendants, by and through undersigned counsel, pursuant to Fed. R. Civ. P. 11 (c)(2), and moves for sanctions against Plaintiff Russell Greer arising from materially false statements filed by Mr. Greer with the Court. In support of this Motion, Defendants state as follows:

1.  Fed. R. Civ. P. 11 (b) states, in relevant part, as follows:

    By presenting to the court a pleading, written motion, or other paper—whether by signing, filing, submitting, or later advocating it—an attorney or unrepresented party certifies that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances:

    (1) it is not being presented for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation;

    (2) the claims, defenses, and other legal contentions are warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law;

    (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery…

  2. The Plaintiff has made at least two materially false statements to this Court, and has made such statements without making an "inquiry reasonable under the circumstances" to support his demonstrably false statements. Fed. R. Civ. P. 11 (b). It is no excuse that Mr. Greer is proceeding *pro se*: a "*pro se* litigant who chooses to rely upon his own understanding of legal principles and procedures… must be prepared to accept the consequences of his mistakes and errors." *Rosenberg v. Grady*, 843 P.2d 25, 26 (Colo. App. 1992).

  3. On December 19, 2024, Plaintiff filed a "Notice of Supplemental Authority of Lawyer Matthew Hardin Violating the Court's Protective Order." ECF No. 198. In that "Notice," Mr. Greer accused undersigned counsel of violating this Court's protective order. But on January 27, 2025, Mr. Greer admitted that he had not bothered to read the protective order, and requested the Court provide him with a copy. ECF No. 222. This demonstrates that Mr. Greer had no good faith basis for his accusations that undersigned counsel had violated the protective order, and that Plaintiff's vociferous accusations against counsel were made for an improper purpose contrary to Fed. R. Civ. P. 11 (b). Mr. Greer repeatedly used his false and apparently un-researched accusations to attempt to deprive Defendants of their counsel of choice, accusing defense counsel at ECF No. 216 of "unprofessionalism and dishonesty" and requesting that undersigned counsel's *pro hac vice* status be reconsidered.

  4. On or about May 20, 2024, Mr. Greer represented to the U.S. District Court for the Northern District of Florida that he had witnesses "eager to testify" in Utah, and

requested that this case be retransferred to this District so that such witnesses could testify. ECF No. 123 at 15. Specifically, Mr. Greer noted that his father and an individual named Steve Taylor were the witnesses who were both "real" and "eager" to testify. *Id.* But that's not all: Mr. Greer also stated that he had "more witnesses that would be called and summoned for a trial." *Id*. Following Mr. Greer's representations that he "HAS REAL" witnesses in Utah, *id*., the Florida court transferred this case back to Utah. ECF No. 128. But Mr. Greer now agrees that his father has no relevant knowledge, and Utah resident Steve Taylor has not been disclosed at all. ECF No. 201.[1] The un-named additional witnesses who were previously so certain to be "called and summoned" for a trial, ECF No. 123 at 15, have never even been disclosed. ECF No. 201. Mr. Greer has wasted the resources of Defendants and of the Court, and has made false representations as to the identity of his witnesses in order to manipulate the judicial process. Notably, Mr. Greer now denies saying his witnesses were "eager" or "excited" to testify at all. ECF No. 221 at 4, *contra*. ECF No. 123 at 15.

5. Defendants respectfully submit that there is no good faith basis upon which Mr. Greer could have asserted that undersigned counsel violated this Court's protective order, when Mr. Greer admitted approximately a month later that he had not read the order he accused Defendants of violating. ECF No. 198, *contra*. ECF No. 222. Defendants additionally submit that Mr. Greer appears to have filed false statements with the Court while this case was pending in Florida as to the expected testimony of

---

[1] Mr. Greer later attempted to explain what purportedly relevant evidence Nathan and Scott Greer possessed. ECF No. 221 at 3-4. What knowledge Steve Taylor and the additional unnamed witnesses were expected to convey remains very much a mystery, and Defendants respectfully submit that Mr. Greer's proffers to the Florida court and this Court on that issue are mutually irreconcilable.

Steve Taylor and additional un-named witnesses, and that Mr. Greer did so in what was eventually a successful attempt to convince a Florida judge to transfer this case back to Utah on the basis of false representations by the Plaintiff.

6. Mr. Greer's false statements violate Rule 11 and severely prejudice Defendants. Defendants' choice of counsel is being threatened as Mr. Greer continually accuses undersigned counsel of unethical behavior or of flouting this Court's orders. Additionally, this case is pending in Utah rather than in Mr. Moon's home state of Florida in part because Mr. Greer lied to a Florida judge about the expected testimony of Utah-based witnesses including but not limited to Steve Taylor. The necessity of these supposedly vital Utah witnesses appears to have evaporated as soon as Mr. Greer successfully obtained a retransfer of this case to a forum which is inconvenient and costly to the defense, and Mr. Greer has failed to establish any good faith basis for his failures to disclose testimony by Steve Taylor or any other Utah-based witness.

WHEREFORE, the Defendants move that this Court issue an order imposing appropriate sanctions against Mr. Greer.

DATED January 29, 2025

**HARDIN LAW OFFICE**

 */s/ Matthew D. Hardin*
**Matthew D. Hardin**
Attorney for Defendants