**From:** Matthew Hardin matthewdhardin@gmail.com
**Subject:** Re: Second Request for Production of Documents
**Date:** February 20, 2025 at 8:23 AM
**To:** Russell Greer russmark@gmail.com
**Bcc:** Joshua Moon jcmoon@pm.me



Good morning,

As we discussed yesterday, I was expecting to receive a response from you to our Request for Production of Documents sent Jan. 16, 2025. I did not receive anything from you.

Best,

**Matthew D. Hardin**
**Hardin Law Office**
Direct Dial: 202-802-1948
NYC Office: 212-680-4938
Email: MatthewDHardin@protonmail.com

***The information contained in this message may be privileged. It is intended by the sender to be confidential. If you suspect you may not be the intended recipient, please notify the sender and delete all copies.***

> On Feb 19, 2025, at 3:28 PM, Matthew Hardin <matthewdhardin@gmail.com> wrote:
>
> This will confirm our conversation a moment ago on the phone. In that call, you indicated that you intend to respond to our January 16, 2025 Request for Production of Documents by later today. I indicated, without waiving any of our rights to object, that we will review your response when it is received. If appropriate, I will withdraw or amend the Short Form Discovery Motion I filed today at ECF No. 232.
>
> I will also take this opportunity to remind you of your obligations under the Standard Protective Order to file a motion if you would like to maintain what we assert is a grossly improper designation of your own emails as "Attorneys Eyes Only." I specifically refer you to page 14 (para (c)) for the procedures you must follow. Our demand is that the information designated as Attorneys Eyes Only be deemed non-confidential and public. If you do not file an appropriate and timely motion, we intend to publicly file the documents on the docket because they will be automatically redesignated as nonconfidential and public pursuant to the order.
>
> **Matthew D. Hardin**
> **Hardin Law Office**
> Direct Dial: 202-802-1948
> NYC Office: 212-680-4938
> Email: MatthewDHardin@protonmail.com
>
> ***The information contained in this message may be privileged. It is intended by the sender to be confidential. If you suspect you may not be the intended recipient, please notify the sender and delete all copies.***
>
>> On Feb 19, 2025, at 11:10 AM, Matthew Hardin <matthewdhardin@gmail.com> wrote:
>>
>> I remain available at noon for a meet and confer. My client will be there with me.
>>
>> I recommend you re-read the SPO if you'd like to avoid more motions practice. You have not answered my question regarding what portion of the email is "confidential" or indeed established any basis at all to believe that *any* portion of the email is confidential.
>>
>> **Matthew D. Hardin**
>> **Hardin Law Office**
>> Direct Dial: 202-802-1948
>> NYC Office: 212-680-4938
>> Email: MatthewDHardin@protonmail.com
>>
>> ***The information contained in this message may be privileged. It is intended by the sender to be confidential. If you suspect you may not be the intended recipient, please notify the sender and delete all copies.***
>>
>>> On Feb 19, 2025, at 11:06 AM, Russell Greer <russmark@gmail.com> wrote:
>>>
>>> The SPO I'm going off of " applies to all designated information, documents, and other materials produced in this matter consistent with the disclosure or discovery duties created by the Federal Rules of Civil Procedure and the Local Rules of Practice." Emails fall under designated information.
>>>
>>> The only person filing frivolous stuff is YOU. I told you I would attend the phone call, but you went ahead and filed a motion regardless. So are we even doing a meet and confer stop or not?
>>>
>>>> On Feb 19, 2025, at 5:34 AM, Matthew Hardin <matthewdhardin@gmail.com> wrote:
>>>>
>>>> Good morning,
>>>>
>>>> First, I ask what good faith basis you have to designate your email below as governed by the Standard Protective Order at all. The order covers

First, I ask what good faith basis you have to designate your email below as governed by the Standard Protective Order at all. The order covers "all designated deposition testimony, all designated testimony taken at a hearing or other proceeding, all designated deposition exhibits, interrogatory answers, admissions, documents and other discovery materials, whether produced informally or in response to interrogatories, requests for admissions, requests for production of documents or other formal methods of discovery." An email sent to counsel is not covered by the SPO unless it transmits discovery material. You are not transmitting discovery material, you are posing general questions and complaining about the litigation.

Second, page 8, paragraph (f) of the SPO (available here: https://www.utd.uscourts.gov/sites/utd/files/Standard%20Protective%20Order%20Cases%20Filed%20Before%2012-1-2023.pdf, for your reference) instructs that you should designate the smallest portion possible of any document as "Attorneys Eyes Only," rather than the entire document. What portion of your email below do you believe merits "Attorneys Eyes Only" protection?

Third, please consider this a demand, pursuant to pages 13-14 of the SPO, that you de-designate the email below as "Attorneys Eyes Only." There is no reason to believe that any portion of your email transmits protected or protectable information, such as business or trade secrets. Pursuant to the SPO, if you fail to respond and/or fail to offer any valid explanation for how this email is "Attorneys Eyes Only": within seven days, it will be automatically de-designated. If you persist in your assertion that this email is "Attorneys Eyes Only," we will file a formal motion to de-designate it, and will likely also seek sanctions against you for the frivolous and improper designation you made in the first instance.

Fourth, the purpose of this meet and confer is to resolve your failure to respond, in any way, to the Request for Production of Documents which we sent on January 16, 2025. Even if you believe for whatever reason that the discovery request was improper, it remains your obligation to respond to the request so that the issue can be litigated. It is never your option to simply ignore a request, and our position is that you have now waived objections you may have had due to your failure to timely raise them.

Fifth, my client will attend the meet and confer via telephone or zoom technology with me (but he will not record the meeting). It is important not only that Mr. Moon be present because he has a right to be informed about the progress of his own case, but also because Rule 3.7 of the Rules of Professional Conduct general prohibits attorneys from testifying and I therefore require a witness to be present who can testify to whatever takes place at our meet and confers. If you prefer an even better record to be made, I would be happy to retain a court reporter to transcribe our meeting.

Best,

**Matthew D. Hardin**
**Hardin Law Office**
Direct Dial: 202-802-1948
NYC Office: 212-680-4938
Email: MatthewDHardin@protonmail.com

***The information contained in this message may be privileged. It is intended by the sender to be confidential. If you suspect you may not be the intended recipient, please notify the sender and delete all copies.***

> On Feb 19, 2025, at 7:27 AM, Russell Greer <russmark@gmail.com> wrote:
>
> FOR ATTORNEYS EYES ONLY: DO NOT PUBLISH