FILED
2025 FEB 20 AM 3:16
CLERK
U.S. DISTRICT COURT

Russell Greer
1100 Dumont Blvd
Apt 139
Las Vegas, NV 89169
801-895-3501
russmark@gmail.com
Pro Se Litigant

## IN THE UNITED STATES DISTRICT COURT

## DISTRICT OF UTAH

| | |
|---|---|
| **RUSSELL GREER** | **PLAINTIFF'S OPPOSITION RESPONSE TO ECF 232** |
| Plaintiff | |
| v. | Case No.:   2:24-cv-00421-DBB-JCB |
| **JOSHUA MOON ET AL**, | |
| Defendants | |

Plaintiff Russell Greer comes now and says.

## **INTRODUCTION**

Defendants continue to abuse and misuse judicial resources. This is the latest example, as shown in their ECF 232. As will be shown, short form discovery should be denied for three reasons: (1) defendants didn't honor a meet and confer that was set up to talk about their request and (2) relevancy.

### **1. Defendants didn't honor their meet and confer**

Plaintiff did not respond to defendants' second production for documents because Plaintiff was busy trying to answer defendants OTHER documents. On 2-18-25, Mr. Hardin and Greer set a phone call for 12 PM on 2-19-25. Mr. Greer said he would still make the call, but wanted to know if Mr. Moon was privately recording the conversations and posting them onto his website. Mr. Greer also voiced his opposition to the production for documents. **EXHIBIT A.** Greer put "attorneys eyes only" on the email because Greer does not appreciate the conversations between Hardin and Greer being posted onto kiwi farms. Moon or another individual is posting the email conversations onto kiwi farms and it actually has resulted in a kiwi farms person stalking Greer with abusive emails. Mr. Hardin threatened to file sanctions against Greer for simply wanting their conversations to remain private.

After the meet and confer time was agreed upon, this short form discovery motion was STILL filed. For defendants to want a meet and confer, but to still file this motion, only proves that they are wasting judicial resources. Plaintiff told defendants that their conduct is frivolous. **EXHIBIT B.**

A meet and confer was held on 2-19-25. Greer said he would reply to their document request and Hardin said he would withdraw his motion, depending on how he likes Greer's response. Based on that, Greer has just decided to respond directly to this motion, so that the Court does not rule against Plaintiff without Plaintiff having a chance to respond.

2

Plaintiff asks for short form discovery to be DENIED because defendants did not honor their meet and confer time to sort out their second request.

## 2. Fishing Expedition/Relevancy

In Plaintiff's first answer to defendants' first request for production of documents, filed in December of 2024, Plaintiff answered that their request has zero relevancy to this case. Plaintiff re-affirms that answer here.

The 10th Circuit has long held that, "It is plain that the scope of discovery through interrogatories and requests for production of documents is limited only by relevance and burdensomeness." *Rich v. Martin Marietta Corp,* 522 F. 2d 333 (1975). Here, Defendants want to partake in a "fishing expedition" by requesting "any and all written documents." The 10th Circuit has a rich history of DENYING fishing expedition requests such as the one Defendants are trying to push this Court to force upon Plaintiff. *US v. Morris,* 287 F. 3d (10th Circuit 2002). For instance, defendants want information regarding cases filed that have nothing to do with copyrights or intellectual property. This Court has already dismissed non-copyright claims, so it's unfair for plaintiff to have to provide irrelevant information since plaintiff isn't able to pursue any other claims against defendants.

Further, plaintiff has previously told defendants that any past cases that plaintiff has been involved in can be found through public databases like PACER and thus it would be burdensome for plaintiff to have to upload PUBLIC documents that they themselves can easily find.

Regarding any "deleted or lost records," again, that's a fishing expedition. Defendants did not list any specific type of email or an email regarding when or specific dates. Even if they had listed specific dates, again, the issue of relevancy arises. As an example, a lawsuit that plaintiff filed in 2015 has no bearing on this instant case. Further, this is the only copyright case plaintiff has ever filed. Why is that? ***BECAUSE DEFENDANTS HAVE BEEN THE ONLY WEBSITE TO NOT COMPLY WITH A DMCA TAKEDOWN REQUEST.*** See **Exhibit C** (a 9-

1-2020 DMCA removal request sent to the website Band Camp. They are a much larger website than Joshua Moon's stalking site and never once did Band Camp taunt or mock plaintiff. They immediately complied, which is how the law is supposed to work and is a point defendants are overlooking: this case would have never been filed had Moon simply just removed Plaintiff's copyrights and just simply removed Greer from the kiwi farms website).

Lastly, plaintiff has honestly told defendants that there is nothing else to produce that is relevant to this case that could possibly help them. In fact, plaintiff did kindly go out of his way and did provide a "litigation history" document on 1-14-25 and that doesn't seem to suffice.

**EXHIBIT D.** In that same email, Greer attached copies of legal documents he had in his possession. Plaintiff has indeed tried handing over as much evidence as he has in his possession and defendants are now overburdening this Court with frivolous notices.

## CONCLUSION

Plaintiff asks this court to not grant short form discovery because defendants did not honor a scheduled meet and confer to talk about their request. Further, their discovery motion is irrelevant and constitutes a fishing expedition. Granting the motion would be going against 10th Circuit precedent, which has a strong history of being against fishing expeditions.

Respectfully

DATED: 2-20-25

Russell Greer

/rgreer/

Pro Se

**<u>CERTIFICATE OF SERVICE:</u>**

Pursuant to FRCP 5(b), I certify that on 2-20-25, I served a true and correct copy of the attached document by ECF to all attorneys on record.

**EXHIBIT A**



12:36

Sent

**Russell Greer**                    Yesterday
To: Russell   Cc: Matt >

**Re: Second Request for Production of Documents**

FOR ATTORNEYS EYES ONLY: DO NOT PUBLISH

Actually, re-thought about this and you want a meet and confer over production of documents? You wanted a memorization of documents that i deleted?

That's honestly ridiculous and has no relevancy to this case. I told you the truth that I do not hold onto old documents. Nothing that I deleted is something that you can't access on PACER, etc.

Sir, you do a lot of finger pointing and I'm getting sick of it.

Also, I need you to tell me: is Joshua moon recording or live streaming the meet and confers?

**EXHIBIT B**



**EXHIBIT C**



**12:14** 🌙                                ▪|| 5G 80⚡

‹ **Sent**                              ⌃  ⌄

RG   From: **Russell Greer** ›
      To: copyright@bandcamp.com ›
      September 1, 2020 at 12:03 PM        📎

---

## DMCA Removal Request

Dear BandCamp Legal Team,

Please find attached my DMCA, requesting immediate removal of the infringing material.

Thank you
Russell



**DMCA Takedown Notice**

08/31/2020

Dear BandCamp Legal,

My name is Russell Greer. A user on your site is infringing on a copyright owned by me. He has made an UNAUTHORIZED audio recording of my book and has put his name on it as the author. My book is:

"Why I Sued Taylor Swift and How I Became Falsely Known as Frivolous, Litigious and Crazy." It has a copyright number of TX0008469519. A book. (https://cocatalog.loc.gov/cgi-bin/Pwebrecon.cgi?Search_Arg=Greer+Russell+&Search_Code=NALL&PID=516B3eU1psHogiJyEHxUpUmMXooz&SEQ=20190418103504&CNT=25&HIST=1).

The unauthorized and infringing copies can be found on your website at: https://interfacialmusic.bandcamp.com/album/reads-why-i-sued-taylor-swift#https://f4.bcbits.com/img/a0375551123_10.jpg

This letter is official notification under Section 512(c) of the Digital Millennium Copyright Act ("DMCA"), and I seek the removal of the aforementioned infringing material from your site. I request that you immediately notify the infringer of this notice and inform them of their duty to remove the infringing material immediately, and notify them to cease any further posting of infringing material to your server in the future.

Please also be advised that law requires you, as a service provider, to remove or disable access to the infringing materials upon receiving this notice. Under US law a service provider, such as yourself, enjoys immunity from a copyright lawsuit provided that you act with deliberate speed to investigate and rectify ongoing copyright infringement. If service providers do not investigate and remove or disable the infringing material, this immunity is lost. Therefore, in order for you to remain immune from a copyright infringement action, you will need to investigate and ultimately remove or otherwise disable the infringing material from your servers with all due speed should the direct infringer, your user, not comply immediately.

🗄        📁        ↩        ✏️

**<u>EXHIBIT D</u>**



2:03 🌙

‹ Sent

Found in Gmail All Mail Mailbox

**RG** **Russell Greer** 1/14/25
To: Matthew & 1 more... ›

## Amended Production of Document Request Response

Good morning,

Searching through my phone, on my iCloud and my Microsoft Word app, here are documents related to past lawsuits I filed. It is not every document because I don't have each and every document. Nor do I have the original complaints of lawsuits. I'm sorry, I don't keep files that old because I don't have lots of space.

Because I was evicted last summer, I lost both of my laptops and so I cannot search in those.

Also attached is a litigation history document.

Thank you