FILED
2025 FEB 21 AM 3:17
CLERK
U.S. DISTRICT COURT

Russell Greer
1100 Dumont Blvd
Apt 139
Las Vegas, NV 89169
801-895-3501
russmark@gmail.com
Pro Se Litigant

# IN THE UNITED STATES DISTRICT COURT

## DISTRICT OF UTAH

| | |
|---|---|
| **RUSSELL GREER** | **PLAINTIFF'S RULE 60(b)(1) & FRCP 60(b)(6) MOTION FOR RECONSIDERATION ON ECF 227 & AND FOR THE ORDER TO BE SET ASIDE** |
| Plaintiff | |
| v. | |
| **JOSHUA MOON ET AL,** | Case No.:   2:24-cv-00421-DBB-JCB |
| Defendants | |

Pursuant to FRCP 60, Plaintiff Russell Greer comes now and asks for the Court to reconsider its 2-10-25 Order (ECF 227).

## INTRODUCTION

Plaintiff respectfully comes now and asks for Reconsideration of the Magistrate Judge's Order to Compel production of documents and its finding that plaintiff violated Rule 37. Plaintiff affirms  that the case number and related documentation of the 2018 ex parte restraining order was given to Defendants on 1-7-25. It was excusable neglect to not have followed up to ensure defendants received what they were seeking, but there was no bad faith. This motion is filed under FRCP 60(b)(1) & FRCP 60 (b)(6).

## FRCP 60

Federal Rules of Procedure 60(b)(1) reads: "On motion and just terms, the court may relieve a party…from a final judgement, order or proceeding for the following reasons: (a)… excusable neglect." Subsection (b)(6) reads, "Any other reason that justifies relief."

### Pro Se FRCP 60(b)(1) & (b)(6) Standards

The Tenth Circuit has held that the "most favorable consideration that can be given to plaintiffs' motion, in light of their pro se status, is to treat it as one made under either Rule 60(b)(1) ("mistake, inadvertence, surprise, or excusable neglect") or Rule 60(b)(6) ("any other reason justifying relief").

"[F]or purposes of Rule 60(b), `excusable neglect' is understood to encompass situations in which failure to comply with a ... deadline is attributable to negligence." *Pioneer Inv. Servs. Co. v. Brunswick Assoc. Ltd. P'ship*,507 U.S. 380, 394, 113 S.Ct. 1489, 123 L.Ed.2d 74 (1993). More generally, "[t]he ordinary meaning of `neglect' is `to give little attention or respect' to a matter, or, closer to the point for our purposes, `to leave undone or unattended to esp[ecially] through carelessness.' The word therefore encompasses both simple, faultless omissions to act and, more commonly, omissions caused by carelessness." *Id.* at 388, 113 S.Ct. 1489. The determination of

2

whether neglect is excusable "is at bottom an equitable one, taking account of all relevant circumstances surrounding the party's omission." *Pioneer Inv. Servs. Co., 507 U.S. at 395, 113 S.Ct. 1489(discussing application of the excusable neglect standard of F*ed. R. Bankr.P.R. 9006(b)(1)).

Rule 60(b)(6) has been described by this court as a "grand reservoir of equitable power to do justice in a particular case.'" *Pierce v. Cook & Co*., 518 F.2d 720, 722 (10th Cir.1975) (en banc)

Plaintiff asks for reconsideration under both FRCP 60 standards: (B)(1) and B(6).

## Facts

### Plaintiff Did Cooperate with Defendants and told defendants he didn't have the document on him

On 1-6-25, the parties had a telephonic meet and confer. Plaintiff agreed to give defendants a copy of an ex parte restraining order he had filed against Joshua Moon in 2018. Plaintiff also told the defendants he had to get the document from the Utah courthouse because he did not personally have the document on him.

### A kiwi farms user used a fake name to try obtaining the document

On 1-7-25, plaintiff was informed by the 3rd Judicial District of Utah that a person going by the name "James Jorton" had tried obtaining the document, but was denied because he wasn't a party to the case. **EXHIBIT A.**

### Plaintiff asked who James Was

Plaintiff was honestly spooked because not even a day after the meet and confer, this complete stranger was trying to obtain the SAME document that Defendants sought. Plaintiff asked who James was and Defendants claimed to not know who he was. This proves why plaintiff doesn't always reply to the messages of defendants because there is so much strange things going on when Greer communicates with Mr. Hardin. The assumed private conversations between attorney and litigant are always leaked and so it's very unsettling. **EXHIBIT B.** The Court needs

to also take note that a person Greer has tried getting a restraint order on, Shannon Howe, a kiwi farms person, had messaged Greer on 1-7-25, the same day James Jorton tried getting the document, and Shannon wrote, "I'm back!" **.** These kiwi farms adherents are very creepy individuals.

### Plaintiff informed Mr. Hardin this was the case Hardin was seeking

Mr. Greer informed Hardin that the forwarded case was the case Hardin was seeking.

**EXHIBIT C.** Plaintiff meant to also write in the email to Hardin that he could retrieve the restraining order himself, but forgot and assumed the case information was enough.

### Mr. Hardin Never Replied to the Email Thread and Greer Assumed Hardin Contacted the Court Himself

Mr. Hardin never ever replied to the email thread and so Greer assumed since Hardin was Moon's representative that he would retrieve the document himself because again, Plaintiff didn't have the document either.

### The Magistrate Judge's Order for Sanctions Caused Plaintiff to Lose Track of Everything Else

A week later, on January 14th, the Court issued ECF 218. This sudden, absolute shock caused plaintiff to lose track of the other documents filed because plaintiff was struck with grief and was focused on filing objections. Apparently, Defendants had filed their discovery motion the SAME DAY the order was filed. It was honestly just bad timing for both to be filed the same day

### Defendants are Led by a Capable Lawyer and Have Not Demonstrated Why they Couldn't Retrieve the Filing

The document denial in EXHIBIT A was due to the fake account not being real or a party to the 2018 case. Since Joshua Moon is clearly listed as the answering party in that filing, Mr. Hardin should have had no problem getting the document he sought.

For defendants to claim harm or prejudice, after plaintiff passed on case information, shows their dishonesty.

With the facts established, plaintiff asks for reconsideration of the Court's ECF 227 Order, based on excusable neglect and other justifiable relief.

### The Order Should Be Reconsidered Based on Excusable Neglect

Plaintiff asks for the Order to be set aside based plaintiff's excusable neglect. "excusable neglect' is understood to encompass situations in which failure to comply with a ... deadline is attributable to negligence." *Pioneer Inv. Servs. Co. v. Brunswick Assoc. Ltd. P'ship*,507 U.S. 380, 394, 113 S.Ct. 1489, 123 L.Ed.2d 74 (1993).

Clearly, as seen in documented evidence, plaintiff gave the case number and a case filing to defendants. This shows that plaintiff was indeed cooperating with discovery.

Plaintiff quite literally said to defendants on 1-7-25, "This was the case from 2018 I was telling you about."

Mr. Hardin never replied and so Greer negligently assumed Hardin was going to retrieve the information that he wanted because Greer did not have the restraining order either!

In fact, on 1-7-25, 1-12-25, 1-13-25 and 1-14-25, plaintiff provided defendants with MORE information. This shows that plaintiff has been **COMPLYING WITH DISCOVERY!** **EXHIBIT D.**

Then on 1-14-25, the Court's Order sanctioning Plaintiff, BLEW THE WIND out of plaintiff and plaintiff NEVER FOLLOWED UP on this restraining order request because (1) plaintiff thought it was a DONE AND OVER request and (2) plaintiff was focused on filing objections and missed the Short Form Discovery motion because both the Order and the Short Form Discovery Motion were filed the same day.

Plaintiff apologizes for not replying to the short form discovery the first time around, for the reasons he mentioned, but plaintiff did think he did comply with the defendants' request by

giving them the case information. Defendants have not shown why their counsel can't retrieve the document. Plaintiff has not received any other Third District Court notices of any other persons trying to retrieve the restraining order. And defendants never followed up on the restraining order. They did let plaintiff know their attorney fees amount. **EXHIBIT E.**

Based on plaintiff's excusable neglect thinking that he did meet the requirements for what defendants wanted and that they never followed up or even attempted to retrieve the document themselves, plaintiff asks for the Order in ECF 227 to be reconsidered, reversed and set aside.

**The Order Should Be Reconsidered Based on Other Justification**

Under an additional or alternative theory, under B(6), plaintiff argues that the Order should be reconsidered because plaintiff got overwhelmed with trying to provide everything to defendants and then receiving the 1-14-25 order made plaintiff forget about the restraining order. It was just honestly bad timing that both the Order and the short firm discovery were filed on the same day. When defendants asked if plaintiff got their attorney fees email, he said he was filing objections. Plaintiff re-looked and defendants never again followed up on a restraining order.

The exhibits show that plaintiff has indeed complied and cooperated with discovery. There is no reason for plaintiff to be sanctioned under FRCP 37. Defendants have never shown why they can't get the document because plaintiff does not have the document either. That was why Greer forwarded the Third District Court notice, so that the defendants could retrieve the document themselves.

**CONCLUSION**

Plaintiff would ask for the 1-14-25 Order to be reconsidered and set aside, based on the reasons listed herein.

Respectfully

DATED: 2-20-25

Russell Greer

6

/rgreer/

Pro Se

## <u>CERTIFICATE OF SERVICE:</u>

Pursuant to FRCP 5(b), I certify that on 2-20-25, I served a true and correct copy of the attached document by ECF to all attorneys on record.

**EXHIBIT A**





End Of Order - Signature at the Top of the First Page

**EXHIBIT B**



**EXHIBIT C**



6:58

11    4 Messages

**Russell Greer**    1/7/25
To: Matthew & 1 more... >

## Re: Notice for Case 180909529

Sir,

This was the case from 2018 I was telling you about. You're right. He was never served because it was an ex parte motion

As for you wanting to know about the rules regarding the examination motion, I'm happy to file an amended motion with the rules

Sent from my iPhone

**EXHIBIT D**



2:06

Sent

**Russell Greer**                    1/14/25
To: Matthew & 1 more... ›

## FRCP 26 disclosure of evidence

Sir,

As shown on my evidence list, it had listed audio of the 2022 probation release hearing.

The relevance comes at 6:45 when the "victim" says we have moved forward, thus showing she's not my victim and that she has forgiven me.

Again, I'm only sending to you because it was on my evidence list.

Thanks

**Tap to Download**
201900105...2022.mp3
13.1 MB



2:05 ☾

‹ Sent                        ⌃  ⌄

RG   **Russell Greer**              1/13/25
     To: Matthew & 1 more… ›

**Litigation history document**

Hi,

In light of you protesting my evidence list
and evidence, I'm not going to keep drafting
documents that you're just going to stomp
your feet about and file notices with, unless
required by deadline or court order or
statute. Again, the evidence list satisfied the
stipulation we agreed to and satisfied FRCP
26.

So with that in mind, I'm reaching out in
good faith to ask regarding the amended
production of documents if you will accept a
litigation history document from me instead?
Mostly because I don't have any of the filed
complaints that you're seeking and because
I'm not going to put in time and effort that
you might protest with the court.

Please advise so I can provide that or not.



**2:05** ☾

< Sent

RG **Russell Greer**          1/12/25
To: Matthew & 1 more... >

## Re: Invitation to Meet & Confer

Sir,

The amended production will be provided Monday by 11:59 PM PST.

I do have the initial disclosure list here attached. Just trying to put all of the documents in the same document. Attached at least the description list. Will send the final document with all documents by tomorrow at 11:59 PM.

As for debtor's motion: it is governed by FRCP 69. I believe I sent you an email last week saying I could amend that motion with updated rules.

📄 pdf

Initial disclosure .pdf
114 KB

**EXHIBIT E**

1:23 ☾

11    **2 Messages**    ∧ ∨

MH    **Matthew Hardin**    1/15/25
To: Russell Greer ›

## Re: Activity in Case 2:24-cv-00421-DBB-JCB Greer v. Moon et al Order

Good morning, Mr. Greer,

I know our response to your "Motion for Entry of an Order Compelling Joshua Moon and Lolcow LLC to Appear for a Judgment Debtor Examination and Produce Documents," ECF No. 190, now does not require a response from us until February 28, 2025 pursuant to the Order at ECF No. 214. However, in light of yesterday's order relating to attorney's fees (below), I write to follow up on my earlier emails regarding the offset of any amounts owed.

Would you be willing to agree that if we seek $225.25 less than the true amount owed to us for attorneys' fees and costs arising out of the latest motions, your motion for the debtor's exam is moot? Or, do you still believe that we are under an obligation to respond to your motion for the debtor's examination notwithstanding yesterday's order relating to our attorney's fees? I ask because I am preparing the affidavit the court ordered yesterday and I am willing to simply deduct $225.25 from my bills if it will save us the trouble of responding to your motion at ECF No. 190.