**Matthew D. Hardin (*pro hac vice*)**
**HARDIN LAW OFFICE**
101 Rainbow Drive # 11506
Livingston, TX 77399
Telephone: (202) 802-1948
Email: MatthewDHardin@gmail.com
*Attorney for Defendants*

THE UNITED STATES DISTRICT COURT
DISTRICT OF UTAH

| | |
|---|---|
| RUSSELL GREER,<br><br>          Plaintiff,<br><br>v.<br><br><br>JOSHUA MOON, *et al*.<br><br>          Defendants. | **MOTION TO STAY DISCOVERY PENDING SERVICE ON ALL DEFENDANTS**<br><br>Case No. 2:24-cv-00421-DBB<br><br>District Judge David Barlow<br>Magistrate Judge Jared C. Bennett |

NOW COME the Defendants, by and through undersigned counsel, and file this Motion to Stay any further discovery in this case pending service of the summons and First Amended Complaint upon the two Defendants Mr. Greer recently added to this matter. ECF No. 242. In support of this Motion, Defendants state as follows:

1.      The Plaintiff's First Amended Complaint adds two defendants to this case that is over four years old. ECF No. 209-1 at 4. Those Defendants have not been served, and it is unknown who they are or even if they are subject to service of process in the United States. These individuals were never previously disclosed in this matter, and Mr. Greer apparently does not believe that they have any relevant testimony to offer. ECF No. 201 (stipulation that no witnesses other than Scott Greer and Nathan Greer were disclosed, and that Mr. Greer does not intend to call any witnesses in his case in chief). But now they are necessary parties to this action, joined by Mr. Greer himself. With only

two out of four defendants presently appearing in this case, it is inefficient for proceedings to continue in the absence of all necessary parties.

2.     Discovery in this case has been slow and extraordinarily costly, because Mr. Greer has consistently forced Defendants to engage in motion practice with respect to each and every discovery request, and even with respect to initial disclosures. Thus far, Defendants have subpoenaed three witnesses for depositions (Russell Greer, Scott Greer, and Nathan Greer), only to later withdraw all of those subpoenas when the Plaintiff indicated these individuals had no relevant information to offer and would not be called at witnesses. ECF No. 201. A fourth witness, whom the Plaintiff initially represented was "eager" to testify, has now been revealed to have died five months before the Plaintiff made that representation (and to have had a "falling out" with the Plaintiff at some unspecified point prior to his death, such that the Plaintiff felt his testimony would no longer be helpful and therefore need not be disclosed). ECF Nos. 224 (asserting that Steve Taylor had a falling out with Plaintiff, it is Greer's "right" not to disclose an unhelpful witness), *contra*. ECF No. 225 (revealing that Steve Taylor died five months before Plaintiff told the Court he was "eager" to testify). The Defendants have been forced to file short form discovery requests with respect to every discovery request they have sent, and this had already led to sanctions against the Plaintiff, even though there have thus far been only two discovery requests served (both for the production of documents). ECF Nos. 238 (relating to Defendants' Second Request for Production of Documents) and 219 (relating to Defendants' First Request for Production of Documents). The costs continue to escalate.

3.      Because "An amended complaint supersedes the original complaint and renders the original complaint of no legal effect," *Franklin v. Kan. Dep't of Corr.*, 160 F. App'x 730, 734 (10th Cir. 2005), and because Mr. Greer's First Amended Complaint raises new claims, including claims against two entirely new and previously undisclosed individuals, it appears that the discovery process may need to begin anew. It is in the interest of judicial economy for discovery to reopen, if necessary, only once Mr. Greer has successfully brought all parties before this Court, and/or after this Court has ruled on any dispositive motions pursuant to Fed. R. Civ. P. 12 or otherwise.

4.      This Court has previously recognized the utility of staying discovery pending a ruling on dispositive motions. *Milton v. Bateman*, No. 2:20-cv-700 HCN DBP, 2021 U.S. Dist. LEXIS 46437, at *3 (D. Utah Mar. 10, 2021) ("it is not uncommon in this Circuit for courts to stay discovery pending resolution of a dispositive motion."). Similarly, it is common to stay discovery when not all parties have been served.  *Columbia Ins. Co. v. seescandy.com*, 185 F.R.D. 573, 577 (N.D. Cal. 1999) ("As a general rule, discovery proceedings take place only after the defendant has been served."), *Ferlic v. Mesilla Valley Reg'l Dispatch Auth.*, No. 2:22-633 DHU/KRS, 2022 U.S. Dist. LEXIS 220352, at *5 (D.N.M. Dec. 7, 2022) (staying a case where "Plaintiffs have not yet served all Defendants…").

WHEREFORE, Defendants assert that further discovery in this case should be stayed or held in abeyance until Mr. Greer serves the remaining Defendants he has added to this litigation, or alternatively until after all dispositive motions are resolved.

DATED February 21, 2025

**HARDIN LAW OFFICE**

 /s/ Matthew D. Hardin
Matthew D. Hardin
Attorney for Defendants