FILED
2025 FEB 23 PM 8:47
CLERK
U.S. DISTRICT COURT

Russell Greer
1100 Dumont Blvd
Apt 139
Las Vegas, NV 89169
801-895-3501
russmark@gmail.com
Pro Se Litigant

# IN THE UNITED STATES DISTRICT COURT

# DISTRICT OF UTAH

| | |
|---|---|
| **RUSSELL GREER**<br><br>Plaintiff<br><br>v.<br><br>**JOSHUA MOON ET AL**,<br><br>Defendants | **PLAINTIFF'S OPPOSITION RESPONSE TO ECF 238 (DEFENDANTS' RENEWED MOTION FOR PRODUCTION OF DOCUMENTS)**<br><br>Case No.:  2:24-cv-00421-DBB-JCB |

1

Plaintiff Russell Greer comes now and says.

## INTRODUCTION

Defendants are lying in their newest motion for production of documents. In their renewed motion, they write that Greer has never brought up relevancy until February 2025. This is simply a lie, as will be shown. On 2-21-25, Plaintiff told Defendants their motion was "dishonest" . **EXHIBIT A.** Defendants have not withdrawn their motion. Further, nothing Greer deleted was related to this case, nor can Defendants pinpoint anything relevant that was deleted . Defendants are not privy to a fishing expedition.

## REQUEST FOR DOCUMENTS IS IRRELEVANT & A FISHING EXPEDITION

In Plaintiff's first answer to defendants' first request for production of documents, given to Defendants in December of 2024, Plaintiff answered that their request has zero relevancy to this case. Plaintiff re-affirms that answer here. **EXHIBIT B.**

The 10th Circuit has long held that, "It is plain that the scope of discovery through interrogatories and requests for production of documents is limited only by relevance and burdensomeness." *Rich v. Martin Marietta Corp*, 522 F. 2d 333 (1975). Here, Defendants want to partake in a "fishing expedition" by requesting "any and all written documents." The 10th Circuit has a rich history of DENYING fishing expedition requests such as the one Defendants are trying to push this Court to force upon Plaintiff. *US v. Morris*, 287 F. 3d (10th Circuit 2002). For instance, defendants want information regarding cases filed that have nothing to do with copyrights or intellectual property. This Court has already dismissed non-copyright claims, so it's unfair for plaintiff to have to provide irrelevant information since plaintiff isn't able to pursue any other claims against defendants.

Further, plaintiff has previously told defendants that any past cases that plaintiff has been involved in can be found through public databases like PACER and thus it would be burdensome for plaintiff to have to upload PUBLIC documents that they themselves can easily find.

Regarding any "deleted or lost records," again, that's a fishing expedition. Defendants did not list any specific type of email or an email regarding when or specific dates. Even if they had listed specific dates, again, the issue of relevancy arises. As an example, a lawsuit that plaintiff filed in 2015 has no bearing on this instant case. Further, this is the only copyright case plaintiff has ever filed. Why is that? BECAUSE DEFENDANTS HAVE BEEN THE ONLY WEBSITE TO NOT COMPLY WITH A DMCA TAKEDOWN REQUEST. See **Exhibit C** (2020 DMCA removal request sent to the website Band Camp. They are a much larger website than Joshua Moon's stalking site and never once did Band Camp taunt or mock plaintiff. They immediately complied, which is how the law is supposed to work and is a point defendants are overlooking: this case would have never been filed had Moon simply just removed Plaintiff's copyrights and just simply removed Greer from the kiwi farms website).

    Plaintiff has honestly told defendants that there is nothing else to produce that is relevant to this case that could possibly help them. In fact, plaintiff did kindly go out of his way and did provide a "litigation history" document on 1-14-25 and that doesn't seem to suffice. **EXHIBIT D.** In that same email, Greer attached copies of legal documents he had in his possession. Plaintiff has indeed tried handing over as much evidence as he has in his possession and defendants are now overburdening this Court with frivolous notices.

    Defendants cant pinpoint anything exactly that was deleted that is relevant to this case. "And while discovery may, at times, be necessary to allow a claimant to ascertain and argue the seriousness of an administrator's conflict, ***Rule 26(b), although broad, has never been a license to engage in an unwieldy, burdensome, and speculative fishing expedition***." *Murphy v. Deloitte & Touché Group Ins. Plan,* 619 F.3d 1151 (10th Cir. 2010). Defendants "bear the burden" to show what documents specifically were deleted and how they relate to the case. *Id.*

## DEFENDANTS LIED IN THEIR MOTION

In violation of FRCP 11(a), Defendants declared that Plaintiff had never brought up the issue of relevancy until his ECF 233 Reply. This simply isn't true. As can be gleaned from EXHIBIT B, written on 12-29-24, Plaintiff wrote: "1. Other Civil and Criminal Cases are Irrelevant

This is a case about Defendants infringing upon Plaintiffs' copyrights. The 10th Circuit in the appeal of this case stated that Plaintiff stated a "plausible claim" and reversed the dismissal. Plaintiff is aware that Defendants are trying to paint Joshua Moon as a poor victim, who they are portraying as having done nothing wrong and are trying to tie into past things in Plaintiff's life to show that Moon is somehow a victim of alleged frivolous behavior. Since the 10th Circuit ruled Greer stated a case, it proves that Defendants' argument is flawed because the panel of 3 judges agreed Greer stated a case for contributory copyright infringement by ruling 3-0 against Moon, thus proving the current case is not frivolous. Any past case is irrelevant because Joshua Moon is clearly not a victim. In fact, the opposite is true. Defendants have mercilessly stalked Plaintiff and if plaintiff were to go and hand over PUBLIC filings that Plaintiff has made in other cases, some of those filings directly references. kiwi farms (one filing is the case of Greer v. Stallone in the 8th Judicial District Court of Nevada, who was apparently using Kiwi Farms to spread defamation about Plaintiff). So not only is the request irrelevant, but providing filings won't help Defendants the way they hope for."

## DEFENDANTS GET UPSET AT PRO SE LITIGANT FOR NOT WRITING A PERFECT REPLY

The other reason Greer did not answer their second request for production of documents is that after Greer drafted out a 4 page response to their first request, Defendants' counsel protested and claimed that Greer was in violation of the rules for not drafting exactly as Defendants wanted. **EXHIBIT E.** It's almost like a game defendants are playing and Greer is tired of trying to appease defendants, but them protesting everything. We saw this last month when defendants

4

said Greer could file an amended exhibit list, but then they got mad when they didn't like the content of the exhibit list and sought to exclude it. Plaintiff is honestly trying to do his best.

## CONCLUSION

Plaintiff requests Defendants' short form discovery be denied because their request is irrelevant and amounts to a fishing expedition. Further, their claims that plaintiff has never brought up relevancy is demonstratively false and plaintiff requests the Court show cause for why Defendants should not be sanctioned for an obvious Rule 11 violation.

Respectfully

DATED: 2-23-25

Russell Greer

/rgreer/

Pro Se

## **CERTIFICATE OF SERVICE:**

Pursuant to FRCP 5(b), I certify that on 2-23-25, I served a true and correct copy of the attached document by ECF to all attorneys on record.

## **EXHIBIT A**



## **EXHIBIT B**

## **EXHIBIT C**



## **EXHIBIT D**





**EXHIBIT E**

Case 2:24-cv-00421-DBB-JCB Document 246 Filed 02/23/25 PageID.1119 Page 14 of 19



Russell Greer
1100 Dumont Blvd
Apt 139
Las Vegas, NV 89169
801-895-3501
russmark@gmail.com
Pro Se Litigant

# IN THE UNITED STATES DISTRICT COURT

# DISTRICT OF UTAH

| | |
|---|---|
| **RUSSELL GREER**<br><br>       Plaintiff<br><br>v.<br><br>**JOSHUA MOON ET AL**,<br><br>       Defendants | **PLAINTIFF'S RESPONSE TO JOSHUA MOON'S FIRST REQUEST FOR PRODUCTION OF DOCUMENTS**<br><br>Case No.:   2:24-cv-00421-DBB-JCB |

1

Plaintiff Russell Greer responds to Defendants' First Request for Production of Documents and says:

## INTRODUCTION

On 11-20-24, Defendants requested, "*Please produce any and all pleadings, filings, or other documents which have been made a part of the record or otherwise appear on the docket in any state, local, or federal court, or in any other forum of dispute resolution or relating to or in any way concerning a case or proceeding in which you are a party, regardless of whether such case is criminal or civil in nature and regardless of the current status or outcome of such case.*"

Plaintiff replies and says that he **objects in whole** because he cannot produce these documents because (1) the request is irrelevant, (2) the time to compile every document would be an undue burden and (3) any civil or criminal case is public information that Defendants have access to and thus they have not demonstrated why they can't get the documents themselves.

### 1. Other Civil and Criminal Cases are Irrelevant

This is a case about Defendants infringing upon Plaintiffs' copyrights. The 10th Circuit in the appeal of this case stated that Plaintiff stated a "plausible claim" and reversed the dismissal.

Plaintiff is aware that Defendants are trying to paint Joshua Moon as a poor victim, who they are portraying as having done nothing wrong and are trying to tie into past things in Plaintiff's life to show that Moon is somehow a victim of alleged frivolous behavior.

Since the 10th Circuit ruled Greer stated a case, it proves that Defendants' argument is flawed because the panel of 3 judges agreed Greer stated a case for contributory copyright infringement by ruling 3-0 against Moon, thus proving the current case is not frivolous.

Any past case is irrelevant because Joshua Moon is clearly not a victim. In fact, the opposite is true. Defendants have mercilessly stalked Plaintiff and if plaintiff were to go and hand over PUBLIC filings that Plaintiff has made in other cases, some of those filings directly references

2

kiwi farms (one filing is the case of *Greer v. Stallone* in the 8th Judicial District Court of Nevada, who was apparently using Kiwi Farms to spread defamation about Plaintiff). So not only is the request irrelevant, but providing filings won't help Defendants the way they hope for.

## 2.  Undue Burden

To retrieve all documents, Plaintiff would have to login to PACER (for federal cases) and statewide databases. The amount of time this would take would be an undue burden. Since the cases are irrelevant, it is an undue amount of time to conduct a fishing expedition.

Further, downloading PDFs costs money.

## 3 .  Public Information

Lastly, Defendants have an attorney, who has access to these same databases that are very public. It makes no sense to hand over public documents that Defendants can access.

## Conclusion

Plaintiff objects in whole to production request #1 because it's irrelevant, it would cost time and money and the documents are very public.

Respectfully

DATED: December 29th, 2024

Russell Greer

/rgreer/

Pro Se

## **CERTIFICATE OF SERVICE:**

Pursuant to FRCP 5(b), I certify that on December 29th, 2024, I served a true and correct copy of the attached document by email to all attorneys on record

4