**Matthew D. Hardin (*pro hac vice*)**
**HARDIN LAW OFFICE**
101 Rainbow Drive # 11506
Livingston, TX 77399
Telephone: (202) 802-1948
Email: MatthewDHardin@gmail.com
*Attorney for Defendants*

THE UNITED STATES DISTRICT COURT
DISTRICT OF UTAH

| | |
|---|---|
| RUSSELL GREER, | **DEFENDANTS' RESPONSE TO MOTION AT ECF No. 243** |
| Plaintiff, | |
| v. | Case No. 2:24-cv-00421-DBB |
| JOSHUA MOON, *et al*. | District Judge David Barlow |
| | Magistrate Judge Jared C. Bennett |
| Defendants. | |

NOW COME the Defendants, by and through undersigned counsel, and file this response to the Plaintiff's at ECF No. 243.

**I.   Introduction**

Over a year ago, after Mr. Greer failed to respond to a series of motions in this case and it was transferred to Florida, Mr. Greer promised he wouldn't "let it happen again" and that he would be attentive to his obligations to respond to defense motions and Court deadlines. *Greer v. Moon et al.*, Case No. 2:20-cv-647, ECF No. 103 at 11.[1] Yet Mr. Greer has routinely violated the deadlines to comply with orders of this Court, ECF No. 194-1, and "excusable neglect" has become his watchword. ECF No. 243. Mr. Greer has thus far refused to comply with each and every discovery request sent by Defendants, and now attempts to justify his compounding failures to respond to a motion to compel. This Court should not allow Mr. Greer to profit from his own malfeasance by

---

[1] All remaining citations to the docket in this case will refer to the docket in Case No. 2:24-cv-421.

reconsidering its earlier orders, which are amply supported on the record.

Mr. Greer's Motion to Reconsider should be denied for two reasons: First, it should be denied because Mr. Greer has not shown that there was any "excusable neglect" which prevented him from responding to Defendants' most recent Motion to Compel, and has offered no basis for believing that this Court's order granting the Motion to Compel was manifestly erroneous or otherwise unjustified. Second, it should be denied because Mr. Greer's new narrative that he does not possess the document he previously told the Defendants he would be happy to provide is a complete fabrication unmoored from reality and from the documentary evidence of Mr. Greer's continually-evolving narrative.

## II.     Procedural History

Mr. Greer seeks reconsideration of this Court's February 10, 2025 order at ECF No. 227. Insofar as Mr. Greer has not explained how that order came to be, or has even outright misrepresented the relevant history, Defendants will clarify the record.

On November 20, 2024, Defendants sent Plaintiff their *First Request for Production*. ECF No. 219-1. In summary form, that request sought all legal filings Mr. Greer had made in any court, except for filings which are a part of this case file. *Id*. The purpose of that request is manifest insofar as Mr. Greer is suing in this case over a book he wrote which is literally entitled "*Why I Sued Taylor Swift: and How I Became Falsely Known as Frivolous, Litigious and Crazy*" and Defendants suspect, based on information and belief and their preliminary investigation of this case, that Mr. Greer's damages in this case are overlapping with damages he has claimed in other litigation in other state and federal courts. ECF No. 180 at 7:22 *et seq*.

Mr. Greer refused at first to provide even a single document in response to

Defendants' *First Request for Production*.[2] Instead, Mr. Greer first requested an extension of time. ECF No. 219 at 2. Then Mr. Greer professed that he had lost the Defendants' request for production entirely. *Id*. Then, after the request was re-sent, Mr. Greer objected to the request. ECF No. 219-7. But this objection was not based on any belief that the Plaintiff did not have, and therefore could not produce, relevant documents. Instead, the Plaintiff merely asserted that the request for production was irrelevant and that producing all of the Plaintiff's voluminous *pro se* filings in courts nationwide would be an undue burden. *Id*. But Mr. Greer later confessed that he had one document which he was "happy to provide:" a restraining order Mr. Greer ostensibly filed against Defendant Joshua Moon (erroneously labelled as Joshua Connor) in Utah in 2018.

Yet Mr. Greer never provided the document he was purportedly "happy to provide," and he never responded to the Defendants' Motion to Compel, either. This Court ultimately granted the Motion to Compel at ECF No. 227. Mr. Greer now seeks reconsideration, alleging:

- That "Plaintiff did cooperate… and told Defendants he didn't have the document on him" ECF No. 243 at 3.
- That some third party using a fake name tried to obtain the documents Plaintiff failed to produce. *Id*.
- That the Court's order relating to sanctions caused Plaintiff to lose track of everything else. *Id*. at 4.
- That the Defendants should obtain the document Mr. Greer was "happy to provide" from some other source at their own expense. *Id*.

---

[2] Mr. Greer later provided three documents. ECF No. 219-8.

### III. Standard of Review

Motions for reconsideration are disfavored. As this Court recently explained:

> "A motion for reconsideration [seeks] an extreme remedy to be granted in rare circumstances. The decision whether to grant such a motion, is committed to the "sound discretion of the court. When considering whether reconsideration is appropriate, a court will review whether (1) there has been "an intervening change in the law," (2) new evidence, or (3) a "need to correct clear error or to prevent manifest injustice."

*HCG Platinum, LLC v. Preferred Prod. Placement Corp.*, No. 2:11-cv-00496 HCN DBP, 2024 U.S. Dist. LEXIS 116668, at *3-4 (D. Utah July 1, 2024) (internal quotations and citations omitted). "A motion for reconsideration is not a vehicle to identify facts or legal arguments that could have been, but were not, raised at the time the relevant motion was pending." *SPV-LS, LLC v. Transamerica Life Ins. Co.*, 912 F.3d 1106, 1111 (8th Cir. 2019) (internal citation omitted). "Nor may a motion for reconsideration serve to introduce evidence that the movant could have produced before the district court decided the prior motion." *Id*.

Insofar as Mr. Greer seeks reconsideration of a discovery order, a quote from former 10th Circuit Judge Gorsuch is apt:

> "there is such [a] thing as discovery karma. Discovery misconduct often may be seen as tactically advantageous at first. But just as our good and bad deeds eventually tend to catch up with us, so do discovery machinations."

*Lee v. Max Int'l, Ltd. Liab. Co.*, 638 F.3d 1318, 1321 (10th Cir. 2011). Mr. Greer's Motion for Reconsideration is not a vehicle for this Court to excuse Mr. Greer's underlying discovery misconduct or to rewrite the evidentiary record upon which this Court issued an order compelling Mr. Greer to correct discovery deficiencies.

### IV. Argument

Mr. Greer's Motion for Reconsideration does not seek to raise an intervening change in the law. At best, and reading Mr. Greer's motion as generously as possible in

light of Plaintiff's *pro se* status, Mr. Greer argues that there is new evidence (purportedly, Mr. Greer discovered that he does not possess the document he was previously "happy to provide") or that there has been some unexplained error or injustice in this Court's order. But even construed in such a generous fashion, Mr. Greer's "new evidence" is entirely fabricated and Plaintiff's repeated inattentiveness to this Court's deadlines does not render judgments made in his absence unjust. Mr. Greer had the opportunity to raise all the arguments he now seeks to raise in a timely fashion, and he did not take that opportunity.

### a) Mr. Greer cannot rewrite history to claim that he does not have the document he was "happy to provide."

First, the Defendants will address the Plaintiff's new argument that he does not have a document he previously was "happy to provide." As an initial matter, Mr. Greer never raised this argument in his response to the First Request for Production, which focused entirely on purported irrelevance and the burden to Mr. Greer that would accrue if he was forced to comb through the hundreds or thousands of legal documents he has filed in various courts. ECF No. 219-7.  Mr. Greer should not now be permitted to effectively amend his response to Defendants' First Request for Production to state that a document does not exist, only after first objecting that too many documents existed and it would be a burden to produce them all, and only after a motion to compel has been granted. Mr. Greer's newfound objection that he does not have a document is waived. *Andra v. MobileOne, Ltd. Liab. Co.*, No. 2:23-cv-00188, 2024 U.S. Dist. LEXIS 149750, at *6 n.25 (D. Utah Aug. 20, 2024) (holding that objections not raised in response to discovery requests are waived).

But even if Mr. Greer's new objection were not waived by his own conduct, including Mr. Greer's express declaration that he both possessed the relevant document

and would be happy to provide it, ECF No 219-9, Mr. Greer's new narrative suffers from another grave deficiency: it is based upon Defendants' self-serving assertions of fact which contradict the record and appear to have been invented out of whole cloth in an attempt to evade yet another sanctions judgment. Contrary to Mr. Greer's new (and unsworn) protestation that he told Defendants that he did not have the relevant document, ECF No. 243 at 3, Mr. Greer never made such an assertion in any meet and conferral. Undersigned counsel and his client both attended the meet and confer held on January 6, 2025, and proffer here their testimony that Mr. Greer never indicated he did not have a copy of the relevant document. And the record evidence confirming the meet and confer, attached hereto as Exhibit A, similarly does not refer to any statement by Mr. Greer that he does not have a document he was previously "happy to provide." And in a January 14, 2025 email, attached hereto as Exhibit B, undersigned counsel made clear that he was still expecting Mr. Greer to produce the email that Mr. Greer now claims he does not have. Mr. Greer never responded to that email to indicate that he did not possess the relevant document. The first indication that Defendants have ever had that Mr. Greer does not possess the relevant "restraining order" came in Mr. Greer's Motion for Reconsideration itself. ECF No. 227.

Because Mr. Greer has attached to his Motion an incomplete record of his own correspondence, which he also mis-states and mis-characterizes in an effort to bolster his newfound narrative, the Defendants attach to this Opposition all of the relevant correspondence. Attached as Exhibit C is an email and attachment which Mr. Greer sent on January 7, 2025 to undersigned counsel. That email merely asked counsel to explain "who Jim is," and expresses general complaints about counsel's client. Attached as Exhibit D is undersigned counsel's response, in which counsel expresses complete

bewilderment as to what Mr. Greer is talking about. Specifically, undersigned counsel indicated not only that he has no idea who Jim is, but also that he had no knowledge of an underlying case against Mr. Moon, which appears to have been filed but never served on Mr. Moon. Only after undersigned counsel sent this email did Mr. Greer indicate that he was talking about a particular case, which he apparently filed "ex parte" against Mr. Moon and of which he never previously notified Mr. Moon. Exhibit E.

To recapitulate: Mr. Greer apparently filed a suit against Mr. Moon in the state courts of Utah in 2018. He never served Mr. Moon. Undersigned counsel --- and Mr. Moon himself --- were entirely unaware of Mr. Greer's 2018 litigation. An unknown third party named "Jim" apparently attempted to inquire as to Mr. Greer's litigation history, but the Salt Lake County District Court denied that third party's request for access to the records. Yet somehow, as Mr. Greer tells it today, Mr. Greer has always been consistent with the Defendants that he did not possess the relevant records of that case (or any other), and the Defendants should instead somehow obtain the relevant records for themselves from some other source. Mr. Greer's new narrative exposes a consistent theme of his litigation: Plaintiff seeks to use the courts to seek vengeance against his perceived foes, but does so in the form of sealed filings which he fails to serve on his legal opponents. And when faced with discovery requests for his past litigation history, Mr. Greer simultaneously or seriatim claims that he has so many records that producing them would be a burden and also so few that he cannot produce anything at all. This cannot stand.

### b) Mr. Greer has not established any valid reason for failing to raise his arguments in a timely fashion.

Second, Mr. Greer's motion should be denied because he has not established any manifest injustice or error arising from this Court's previous order. Mr. Greer could have raised any number of arguments in response to Defendants Motion to Compel, but he

failed to do so and must now live with the record that he has built. Mr. Greer argues, at best, that he "lost track" of the Defendants' motion and therefore did not understand that he needed to respond to that motion. ECF No. 243 at 4. But this is not the first time Mr. Greer has "lost track" of Court deadlines, and it is not good cause for a failure to raise any arguments he had in a timely opposition. Indeed, Mr. Greer's serial failures to timely respond to this litigation has a history of causing enormous consequences for both Defendants and this Court (but never for Mr. Greer himself). As but the most prominent example of Mr. Greer's serial failures to follow the ordinary rules of procedure, this entire case was previously transferred to Florida and then back to Utah because Mr. Greer successfully argued that he had mistakenly failed to respond to defense motions for several months. ECF No. 97. During that time, as Mr. Greer now tells it, he had a falling out with an "eager" witness – or perhaps that eager witness died; the exact timeline and narrative remains subject to revision by the Plaintiff with each passing day – and the Plaintiff also lost track of how badly his representations to this Court failed to reflect objective reality. ECF No 224-1, *contra*. ECF No. 225, cf. ECF No. 234.[3] And because Mr. Greer claims to have lost or deleted so many documents, this Court now has yet another motion to compel pending before it, with reference to a discovery request for documents reflecting Mr. Greer's spoliation of evidence. ECF No. 238.

    In short: Mr. Greer seeks to profit from his own failures to comply with the rules of this litigation. Plaintiff failed to respond to Defendants' repeated requests that he produce a document he was "happy to provide" in discovery, then he also failed to respond to a motion to compel that document's production. And the Plaintiff has given no explanation

---

[3] Mr. Greer has refused to withdraw false pleadings when he was notified that they were false and given an opportunity to do so. ECF No. 234-1.

for his own sudden and curiously-timed reversal from being "happy to provide" a document to asserting that he does not possess that same document. There is nothing unjust about imposing consequences upon Mr. Greer which are the natural outgrowth of his own actions, including pursuant to DUCivR 7-1 (f), which this Court has repeatedly reminded Mr. Greer of.

V.     Conclusion

Mr. Greer has established no basis for this Court to reconsider its order at ECF No. 227, and this Court should not do so.

DATED March 7, 2025

                                  **HARDIN LAW OFFICE**

                                   /s/ Matthew D. Hardin
                                **Matthew D. Hardin**
                                Attorney for Defendants