Russell Greer
1100 Dumont Blvd
Apt 139
Las Vegas, NV 89169
801-895-3501
russmark@gmail.com
Pro Se Litigant

FILED
2025 MAR 11 PM 3:36
CLERK
U.S. DISTRICT COURT

IN THE UNITED STATES DISTRICT COURT

DISTRICT OF UTAH

| | |
|---|---|
| **RUSSELL GREER**<br><br>Plaintiff<br><br>v.<br><br>**JOSHUA MOON ET AL**,<br><br>Defendants | **PLAINTIFF'S FRCP 62(d) MOTION & MEMORANDUM FOR A BONDED STAY PENDING APPEAL RE ECF 230**<br><br>Case No.:  2:24-cv-00421-DBB-JCB |

1

Plaintiff Russell Greer comes now and requests a bonded stay of the monetary judgement ordered in ECF 230.

## INTRODUCTION

On February 12th, 2025, this Court issued a memorandum & decision and ordered Plaintiff to pay $1,000 to Defendants. Plaintiff respectfully disagrees with the Order and he kindly asks to post a bond to stay the paying of the judgement, pending appeal to the 10th Circuit Court of Appeals, which said appeal would commence at the conclusion of the district court case.

## FRCP 62(d)

Federal Rules of Civil Procedure 62(d) entitles a party to a stay of a money judgement as a matter of right upon posting a bond. District courts have inherent discretionary authority in setting supersedeas bonds and a deposit equal to the full judgement amount *is not required*. *Miami International v. Paynter,* 807 F.2d 871 (10th 1986).

## PLAINTIFF SEEKS A BONDED STAY

As stated, plaintiff disagrees with the 2-12-25 Order and believes any action of his that caused the sanction was small enough to fall under a $500 amount. Plaintiff also believes this Court is refusing to understand that Defendants' website is ran by a self-described "insane person with no assets," whose users share the same characteristics and that Plaintiff was substantially justified and thus no sanction should have been imposed.

Because the case has not concluded, plaintiff can't simply appeal the sanction, nor can he file an interlocutory appeal for a sanction. He therefore seeks a bonded stay.

## PLAINTIFF SEEKS A STAY OF 10 PERCENT OF THE JUDGEMENT AMOUNT

As previously mentioned, the 10th Circuit does not require a full bond amount for a *62(d)* stay. *Id.* Plaintiff would ask that he pay a bond that equals 10 percent of the judgement. The reason for this is because (A) plaintiff sincerely believes any bad actions of his are not $1,000

worth and should be valued at below $500, (B) plaintiff believes he will have the $1,000 reversed on appeal and (C ) shortly after the memorandum & decision, plaintiff and defendants stipulated that they would deduct $250 from the $1,000, leaving the amount owed at $774.75. This deduction shows that Defendants won't be hurt if the full amount is not posted in a bond. Lastly, it took defendants a year to agree to pay any kind of amount that they were ordered to pay by this Court, so only posting 10 percent is fitting to how they view honoring monetary judgements.

Since the amount has been deducted to be $774.75, plaintiff requests to post a bond of $74.75.

Plaintiff has the capability to pay the full judgement, should the 10th Circuit rule against him.

## CONCLUSION

Plaintiff requests to post a bond of $74.75.


Respectfully

DATED: 3-11-25

Russell Greer

/rgreer/

Pro Se

**CERTIFICATE OF SERVICE:**

Pursuant to FRCP 5(b), I certify that on 3-11-25, I served a true and correct copy of the attached document by ECF to all attorneys on record.