Matthew D. Hardin (pro hac vice)
**HARDIN LAW OFFICE**
101 Rainbow Drive # 11506
Livingston, TX 77399
Telephone: (202) 802-1948
Email: MatthewDHardin@gmail.com
*Attorney for Defendants*

THE UNITED STATES DISTRICT COURT
DISTRICT OF UTAH

| | |
|---|---|
| RUSSELL GREER,<br><br>Plaintiff,<br><br>v.<br><br>JOSHUA MOON, *et al*.<br><br>Defendant. | **DEFENDANTS' REPLY MEMORANDUM OF LAW IN FURTHER SUPPORT OF MOTION FOR SANCTIONS**<br><br>Case No. 2:24-cv-00421-DBB<br><br>District Judge David Barlow<br>Magistrate Judge Jared C. Bennett |

NOW COME the Defendants, by and through undersigned counsel, and submit this Reply Memorandum of Law in Further Support of their Motion for Sanctions. ECF No. 234.

**I.    Introduction**

On January 29, 2025, Defendants served Mr. Greer with a Motion for Sanctions, pointing out two materially false statements Mr. Greer made to this Court (and the predecessor court, when this case was pending in the Northern District of Florida). Defendants gave Mr. Greer the opportunity to withdraw his materially false pleadings, and he did not do so. Thus, on February 20, 2025, Defendants filed their Motion for Sanctions. Illustrative of Mr. Greer's pattern of vexatious litigation which is the subject of his book, *Why I Sued Taylor Swift: and How I Became Falsely Known as Frivolous, Litigious and Crazy*, Mr. Greer's immediate response was to threaten bar disciplinary action against

undersigned counsel. ECF No. 239.

Mr. Greer eventually calmed down enough to file an Opposition to the motion for sanctions at ECF No. 249. But that Opposition addresses only one of the materially false statements raised in the Motion for Sanctions: Mr. Greer's accusation that undersigned counsel had violated this Court's Standard Protective Order even though Mr. Greer confesses he had not read that order and even though undersigned counsel repeatedly asked Mr. Greer what provision had allegedly been violated. ECF Nos. 208-1 ("What paragraph of the protective order did I violate?"), 208-1 (noting that Mr. Greer had complained three separate times that undersigned counsel had violated the SPO, but still had not identified the nature of the alleged violation). Even as to the lone point Mr. Greer does raise in his Opposition, Mr. Greer effectively argues why sanctions *are* necessary in this case rather than demonstrating why they *are not*. Indeed, Mr. Greer confesses what Defendants have argued all along: Mr. Greer *assumed* what the Standard Protective Order must have said without bothering to read it. ECF No. 249 at 2. And no matter that two separate judges of this Court have now informed the Plaintiff that undersigned counsel did not violate that order (the Magistrate Judge at ECF No. 218 at 5, fn. 21, and the District Judge at ECF No. 230 at 12), Mr. Greer repeats the allegation again in his Opposition, stating that because undersigned counsel violated an order *as Mr. Greer imagined that order should be* rather than as it was actually written, defense counsel must be sanctioned. ECF No. 249 at 2-3.

Mr. Greer entirely ignored the second materially false statement raised in the Motion for Sanctions, which is Mr. Greer's statement that he had an eager witness named Steve Taylor who would testify in this case, approximately four months after Steve Taylor had

died (and after previously claiming that Mr. Taylor was not dead, but had only had a "falling out" with the Plaintiff). Mr. Greer does not explain at all why he has never withdrawn the pleading in which he alleged that Mr. Taylor was "eager" to testify in this case if only it was transferred back to Utah, even as Mr. Greer himself has now submitted an obituary that reveals Mr. Taylor died months earlier. Needless to say, the dead are ordinarily not eager witnesses.[1]

This Court should make plain that Mr. Greer's misbehavior will not be countenanced.

## II.  Standard of Review

"Rule 11 sanctions are meant to serve several purposes, including (1) deterring future litigation abuse, (2) punishing present litigation abuse, (3) compensating victims of litigation abuse, and (4) streamlining court dockets and facilitating case management." *White v. GM Corp.*, 908 F.2d 675, 683 (10th Cir. 1990). To impose Rule 11 sanctions, the Court must first find that a pleading, written motion, or other paper violates Rule 11. *Collins v. Daniels*, 916 F.3d 1302, 1319 (10th Cir. 2019). To avoid sanctions, a litigant's conduct must be objectively reasonable. *Id*. at 1320 (citing *Adamson v. Bowen*, 855 F.2d 668, 673 (10th Cir. 1988)). The objective reasonableness standard "applies whether the person against whom sanctions are sought is an attorney, a pro se litigant, or both." *McCormick v. City of Lawrence, Kan.*, 218 F.R.D. 687, 690 (D. Kan. 2003) (citing *Wesley v. Don Stein Buick, Inc.*, 184 F.R.D. 376, 378 (D. Kan. 1998).

"Legal contentions are 'frivolous,' and thus sanctionable under Rule 11, when the party advancing them has not made reasonable inquiry into the governing law or the

---

[1] See, e.g., *Baiul v. William Morris Agency, LLC*, 2014 U.S. Dist. LEXIS 14977, at *6 (S.D.N.Y. Feb. 3, 2014) ("Evidence of a deceased's wishes via Ouija board is not admissible in federal court."), cf. Kentucky Evidence Courtroom Manual, § 804.01 ("no testimony via Ouija board, please.").

relevant facts." *Lawrence v. Cherry Creek Sch. Dist. No. 5*, Civil Action No. 24-cv-00678-DDD-KAS, 2025 U.S. Dist. LEXIS 29785, at *4 (D. Colo. Feb. 19, 2025), citing *Greeley Publ'g. Co. v. Hergert*, 233 F.R.D. 607, 611 (D. Colo. 2006) (citations omitted). The standard is an objective, not subjective or based on the individualized beliefs of a particular litigant. *Dodd Ins. Servs., Inc. v. Royal Ins. Co. of Am.*, 935 F.2d 1152, 1155 (10th Cir. 1991). Even "[a] good faith belief in the merit of an argument is not sufficient… a plaintiff proceeding on a pro se basis is equally subject to the requirements of Rule 11." *Quarrie v. Wells*, No. 17-350 MV/GBW, 2020 U.S. Dist. LEXIS 236358, at *38-39 (D.N.M. Dec. 16, 2020) (collecting cases).

**III.    Argument**

Mr. Greer's materially false accusation that undersigned counsel violated a protective order that Mr. Greer had not bothered to read is frivolous *per se* because Mr. Greer freely admits in his response that he had not made a reasonable inquiry into the governing law or the relevant facts, and this Court's records further affirm that Mr. Greer asked for a copy of the order he accused undersigned counsel of violating only after repeatedly accusing undersigned counsel of violating that order. ECF Nos. 222 and 223. Mr. Greer does not even attempt to deny that he accused undersigned counsel of violating an order the Plaintiff had not read. ECF No. 249 at 2. Instead, Plaintiff confesses that he "assumed" there was a "blanket SPO." *Id*. Mr. Greer candidly states that "[h]e was just going off a blanket assumption." *Id*. Unfortunately for Mr. Greer, that "assumption" was deeply wrong. And unfortunately for the Defendants, their counsel was forced to repeatedly point Mr. Greer to the relevant order and seek clarification as to what he was being accused of, even as Mr. Greer simultaneously gave "notice" that he would seek revocation of

undersigned counsel's *pro hac vice* status. Yet to this day, Mr. Greer has failed to withdraw his scurrilous accusations against counsel.

Mr. Greer claims he was ignorant of the requirements of the SPO, but that is legally irrelevant because Mr. Greer's "assumptions" were objectively unreasonable in addition to being unresearched. "There is no room for a pure heart, empty head defense under Rule 11." *In re Chi. Midwest Donut, Inc.*, 82 B.R. 943, 950 (Bankr. N.D. Ill. 1988), quoting Schwarzer, *Sanctions Under the New Federal Rule 11 -- A Closer Look*, 104 F.R.D. 181, 187 (1985). If anything, Mr. Greer's continued assertions that undersigned counsel has violated an order that seems to exist not on paper but only in Mr. Greer's mind, ECF No. 249 at 2, amplify the need for this Court to impose sanctions rather than explaining or excusing Mr. Greer's conduct. So too does Mr. Greer's threat of retaliatory sanctions motions at ECF No. 249 at 2 and ECF No. 239-1 illustrate that sanctions are a game to Mr. Greer rather than an issue properly addressed by bringing his own conduct in line with Rule 11's expectations.

But the issue Mr. Greer has failed to address in his Opposition – the Plaintiff's "eager" but deceased witness Steve Taylor – is also emblematic of Mr. Greer's broader attitude toward this litigation, in which he feels free to simply file documents with the court as a result of pique and without conducting even the most basic or cursory research or investigation before burdening his legal opponents with responding to such filings. Indeed, Mr. Greer's behavior is why this litigation has spanned almost five years and has now been assigned not less than three separate District Court case numbers. The Defendants are prejudiced to an extreme degree when Mr. Greer endlessly changes his narrative about who will testify in this case, or when Mr. Greer endlessly accuses

undersigned counsel of unethical behavior.[2]

Because Mr. Greer has not addressed the issue of Steve Taylor in his Opposition at ECF No. 249 at all, the Court ought to consider that issue waived. "Failure to raise an argument constitutes waiver." *Martinez v. Corrhealth*, 734 F. Supp. 3d 1190, 1195 n.3 (D.N.M. 2024). In the event this Court wishes to generously construe Mr. Greer's earlier filing related to Steve Taylor (ECF No. 225) as if it were a response to Defendants' Motion for Sanctions, Defendants will address Mr. Greer's arguments here. In that filing, Mr. Greer stated that he had a "falling out" with Steve Taylor at some unspecified time in 2021. ECF No. 225 at 3 (explaining that the "falling out" with Mr. Taylor occurred "later that year."). Mr. Taylor apparently died on January 17, 2024. *Id.* at 12. The problem is a simple one: on May 20, 2024, Mr. Greer told the U.S. District Court for the Northern District of Florida that Mr. Taylor was "eager" to testify, but could only do so if this case were retransferred to Utah. By that point, Mssrs. Greer and Taylor had not spoken for approximately three years, and Mr. Taylor had been dead for over four months.

As Mr. Greer tells it, he had no contact with Mr. Taylor from some unspecified point late in 2021 through May 20, 2024, and had no idea that Mr. Taylor had died until after Defendants repeatedly raised the issue of Mr. Taylor's whereabouts. Yet even though Mr. Greer had not spoken to Mr. Taylor in approximately three years – and even though Mr. Taylor had been dead for approximately four months – Mr. Greer filed a pleading with the Court indicating not only that Mr. Taylor was "eager" to testify, but also that he could only do so if this case were retransferred to Utah. ECF No. 123 at 15. Mr. Greer again has

---

[2] Although not a subject of the instant motion for sanctions, Mr. Greer's accusations towards counsel have had the effect of tampering with witnesses. See, e.g., ECF No. 197-5 (Plaintiff tells a witness "Hardin is a very unethical person…").

confessed that he did not do even the most basic of investigation before filing a signed pleading with the Court. Mr. Greer apparently did not telephone Mr. Taylor to ascertain the extent of his eagerness to testify about any particular event. Nor did Mr. Greer inquire with Mr. Taylor as to whether travel to Florida would be convenient or inconvenient. If Mr. Greer had made even such a basic inquiry prior to signing his pleadings filed with the Court, Mr. Greer might have found out that Mr. Taylor was deceased, which would have undermined one of the core grounds on which Mr. Greer sought judicial relief in the form of a retransfer.[3] But Mr. Greer did not conduct even a basic investigation before signing his pleadings.[4] Instead, Mr. Greer simply projected his own desires for retransfer onto the deceased Mr. Taylor and used Mr. Taylor as little more than a stage prop in support of a Mr. Greer's litigation goals. Having obtained the result that the Plaintiff wanted – retransfer to Utah – Steve Taylor himself suddenly became unimportant to this case and to Mr. Greer, and the Plaintiff thereafter failed to disclose him as a witness. ECF No. 201 (stipulating that only Scott and Nathan Greer were disclosed as witnesses).

To this day, Mr. Greer has never withdrawn his representations relating to Mr. Steve Taylor in this case. Yet not only has Mr. Greer made a mockery of the justice system by using the deceased Mr. Taylor for his own ends approximately three years after the two

---

[3] Mr. Greer apparently sought to contact Steve Taylor only *after* asking that this case be retransferred to Utah for the convenience of Steve Taylor. ECF No. 225 at 3 ("After this case was retransferred to Utah, Greer still could never reach Steve…"). Mr. Greer thus admits that he did not bother to determine what Steve's position on transfer was *prior* to filing a motion in which he confidently asserted that Steve Taylor preferred to testify in Utah. ECF No. 123 at 15.

[4] Even if this Court were to take Mr. Greer at his word that "At the time he wrote the motion, he thought they were all still alive and real people," ECF No. 225 at 4, Mr. Greer's actions were nonetheless objectively unreasonable, and *per se* frivolous. As indicated supra., "[t]here is no room for a pure heart, empty head defense under Rule 11." *In re Chi. Midwest Donut, Inc.*, 82 B.R. at 950.

of them last spoke and four months after Mr. Taylor died, Mr. Greer has even attempted to blame *the Defendants* for bringing up Mr. Taylor in this case as part of their own efforts to investigate the claims Mr. Greer filed and for which he previously stated that Mr. Taylor was a vital and eager witness. ECF No. 225 at 5 ("It is insulting that defendants are now dragging up the memory of a dead friend to Greer.").

### IV.  Conclusion

This Court should impose appropriate sanctions against Mr. Greer.

DATED March 11, 2025

                                          **HARDIN LAW OFFICE**

                                           */s/ Matthew D. Hardin*
                                          **Matthew D. Hardin**
                                          Attorney for Defendants