**Matthew D. Hardin (pro hac vice)**
**HARDIN LAW OFFICE**
101 Rainbow Drive # 11506
Livingston, TX 77399
Telephone: (202) 802-1948
Email: MatthewDHardin@gmail.com
*Attorney for Defendants*

---

THE UNITED STATES DISTRICT COURT
DISTRICT OF UTAH

| | |
|---|---|
| RUSSELL GREER,<br><br>    Plaintiff,<br><br>v.<br><br><br>JOSHUA MOON, *et al.*<br><br>    Defendant. | **DEFENDANTS' MOTION TO REVIEW IN FORMA PAUPERIS STATUS**<br><br>Case No. 2:24-cv-00421-DBB<br><br>District Judge David Barlow<br>Magistrate Judge Jared C. Bennett |

NOW COME the Defendants, by and through undersigned counsel, and move that this Court review the Plaintiff's in forma pauperis status based upon the representations made in Mr. Greer's latest Motion at ECF No. 251. In support of this Motion, Defendants state as follows:

1. Mr. Greer asserted in a recent motion, ECF No. 251 at 3, that "Plaintiff has the capability to pay the full judgement [that this Court awarded Defendants in sanctions], should the 10th Circuit rule against him." Presumably, Mr. Greer means either that he has the present ability to pay $1,000, or the present ability to pay $774.75. The filing fee in this Court is $405, but it was $402 when this case began in 2020. Regardless of what figure Mr. Greer had in mind in his recent motion, it appears that Mr. Greer is no longer indigent to the extent that he cannot pay this Court's filing fee.

2. The Tenth Circuit has explained that a change in financial condition during the pendency of litigation warrants a review of in forma pauperis status.

> "Leave to proceed without prepayment of fees and costs is a privilege, not a right. Courts have the discretion to revoke that privilege when it no longer serves its goals… When a litigant's financial condition improves during the course of the litigation, the district court may require him or her to pay fees and costs."

*Lewis v. Ctr. Mkt.*, 378 F. App'x 780, 785 (10th Cir. 2010) (cleaned up). *Cf. Scherer v. Kansas*, 263 F. App'x 667, 669 (10th Cir. Feb. 4, 2008) ("[A] person's financial fortunes can change dramatically in a short period of time, and an application to proceed in forma pauperis should be evaluated in light of the applicant's present financial status.").

3. In *Lewis*, the Tenth Circuit upheld the revocation of in forma pauperis status for a litigant who had $1,352 in monthly income (apparently mostly or exclusively social security income), and $1,247 in monthly obligations (resulting in a net of $105 in monthly "surplus" funds). The Tenth Circuit explained that the Plaintiff "had some discretionary money with which to pay filing fees" and that "she could pay a filing fee." *Lewis*, 378 F. App'x at 784. Notably, the Tenth Circuit also explained in *Lewis* that "Like the District Court, we are concerned that Ms. Lewis has become an abusive litigant." *Id*. at 788 (10th Cir. 2010). This bears a striking similarity to Mr. Greer's case, in which the Plaintiff's litigation tactics have become abusive and have already led to an award of discovery sanctions, ECF No. 230, with more motions pending related to additional discovery violations and materially false statements to the Court. ECF Nos. 234 and 238. At the risk of beating dead horses, Defendants also point out that this case involves the copyright to a book that literally details Mr. Greer's pattern of vexatious litigation nationwide: *Why I Sued Taylor Swift: and How I Became Falsely Known as Frivolous, Litigious and Crazy*.

4. Similar to the Tenth Circuit, numerous other courts have held that an individual who at some point during the pendency of litigation expresses – as Mr. Greer has – the

ability to pay filing fees should be required to pay those fees rather than continuing to proceed in forma pauperis. See, e.g., *Young v. Ultra-Chem, Inc.*, No. 09-2543-JAR-DJW, 2011 U.S. Dist. LEXIS 43434, at *3 (D. Kan. Apr. 7, 2011) (dismissal is mandatory if a court determines that an allegation of poverty is untrue), *Holmes v. Hardy*, 852 F.2d 151, 153 (5th Cir. 1988) ("past decisions regarding one's pauper status are not determinative of one's present financial condition), *Green v. Wyrick*, 428 F. Supp. 728, 731 (W.D. Mo. 1976) (in forma pauperis status denied after evidence showed "petitioner possessed and expended funds substantially in excess of the $5.00 filing fee"), *Ogunsalu v. Nair*, 117 F. App'x 522, 523 (9th Cir. 2004) (social security benefits of $723 plus "refunds" of student loans rendered an applicant not a pauper), *Roberts v. I-T-E Circuit Breaker Co.*, 316 F. Supp. 133, 134 (D. Minn. 1970) ("the court should consider an applicant's earning capacity and ability, even though at the moment applicant may not be employed and thus may have no current earnings"), *Carter v. Telectron, Inc.*, 452 F. Supp. 939, 942 (S.D. Tex. 1976) (individual with a right to collect a money judgment is not a pauper, even if that judgment has not been collected).

    5.  Mr. Greer was originally granted in forma pauperis status by this Court almost five years ago. It is natural that any individual's financial status might change over the course of five years, and Mr. Greer's recent motion makes clear that his current financial resources are such that he has the full capability to pay at least $774.75 (a figure in excess of this Court's filing fee), although the Plaintiff might prefer not to do so. This Court should therefore investigate Mr. Greer's current financial status, and revoke his in forma pauperis status if appropriate.

WHEREFORE, Defendants respectfully request that the Court require Mr. Greer to submit an updated affidavit detailing his current financial status, which may or may not be the same as it was when this case was first filed almost five years ago, and to make that affidavit available (under seal) to defense counsel, so that counsel may conduct appropriate discovery into Mr. Greer's financial status and use the information contained in Mr. Greer's affidavit either to seek revocation of his in forma pauperis status or for purposes of assessing any claims, counterclaims, or sanctions motions that the Defendants may file.

DATED March 11, 2025

                                              **HARDIN LAW OFFICE**

                                              */s/ Matthew D. Hardin*
                                              **Matthew D. Hardin**
                                              Attorney for Defendants