**Matthew D. Hardin (*pro hac vice*)**
**HARDIN LAW OFFICE**
101 Rainbow Drive # 11506
Livingston, TX 77399
Telephone: (202) 802-1948
Email: MatthewDHardin@gmail.com
*Attorney for Defendants*
*Joshua Moon and Lolcow, LLC*

THE UNITED STATES DISTRICT COURT
DISTRICT OF UTAH

| | |
|---|---|
| RUSSELL GREER,<br><br>         Plaintiff,<br>v.<br><br><br>JOSHUA MOON, *et al*.<br><br>         Defendant. | **Motion for an Extension of Time**<br><br>Case No. 2:24-cv-00421-DBB<br><br>District Judge David Barlow<br>Magistrate Judge Jared C. Bennett |

   NOW COME the Defendants, by and through undersigned counsel, pursuant to Fed. R. Civ. P. 6 (b)(1)(A) and DUCivR 6-2 and state as follows:

   1)  On February 28, 2025, Plaintiff filed his First Amended Complaint in this matter. ECF No. 247. Defendants' response, which is anticipated to be a combination of motions under Fed. R. Civ. P. 12, is currently due March 14, 2025 pursuant to Fed. R. Civ. P. 15 (a)(3) and this Court's order at ECF No. 242.

   2)  Mr. Greer's First Amended Complaint adds two new defendants in this matter. But Mr. Greer has not requested a summons for either of those defendants pursuant to DUCivR 3-2 (c)(1), and to undersigned counsel's knowledge Mr. Greer has made no efforts to serve them. Mr. Greer is aware of the procedures for affecting service because this case involved two separate motions from Mr. Greer for alternative service of Mr. Moon. ECF Nos. 4 and 15.

3) It is not in the interest of judicial economy for this case to be litigated piecemeal,[1] and Mr. Greer himself elected to add new defendants to this case almost five years after it began. Mr. Greer's earlier complaint involving only Mr. Moon (and, by voluntary appearance, Lolcow LLC) is of no legal effect at all at this juncture in the case. *Franklin v. Kan. Dep't of Corr.*, 160 F. App'x 730, 734 (10th Cir. 2005) ("An amended complaint supersedes the original complaint and renders the original complaint of no legal effect."). The extant Defendants represented by undersigned counsel may now need to file a motion related to the joinder of the two defendants Mr. Greer has added to this case, or possibly other parties, pursuant to Fed. R. Civ. P. 19 or 20, or may need to engage in third party practice related to the two new defendants pursuant to Fed. R. Civ. P. 14, or may need to file counter or cross claims (including compulsory counterclaims) involving the two new defendants pursuant to Fed. R. Civ. P. 13. Moreover, as Defendants previously explained at ECF No. 245, the discovery process will basically begin anew now that Mr. Greer has amended his complaint to add new defendants and new causes of action to this case. None of this can be accomplished until Mr. Greer takes the first, basic step of requesting a summons and serving the two individuals he has added to this litigation.

4) Extensions of time to allow all defendants a single responsive pleading deadline are commonplace. For example, in *Duncan v. Cal. Healthcare Receivership Corp.*, No. 1:20-cv-01288-ADA-SKO (PC), 2023 U.S. Dist. LEXIS 165131, at *3 (E.D. Cal. Sep. 18, 2023), the Court noted that it is more efficient when all defendants have a single

---

[1] *Barnett v. Hall, Estill, Hardwick, Gable, Golden & Nelson, P.C.*, 956 F.3d 1228, 1236 (10th Cir. 2020) ("cases are not to be litigated piecemeal").

responsive pleading deadline. Citing *FTC v. Gill*, 265 F.3d 944, 954-55 (9th Cir. 2001), the *Duncan* court held that a district court has broad discretion to control its docket and set deadlines, and acted to extend certain defendants' deadlines to bring them in line with the remaining defendants' deadlines. And in *Gorenc v. Klaasen*, No. 18-2403-DDC-JPO, 2019 U.S. Dist. LEXIS 102103, at *4 (D. Kan. June 19, 2019), the district court noted that no defendant could seek judgment on the pleadings until every defendant had filed an Answer, even though some defendants had no obligation to file such an answer. It is therefore vital that the appropriate responsive pleading deadlines for all defendants be brought into line with one another to ensure the orderly and effective adjudication of this case.

WHEREFORE, Defendants respectfully request that this Court extend the time for them to file responsive pleadings to Mr. Greer's First Amended Complaint, so that the deadline runs 21 days after Mr. Greer accomplishes service of process on the final remaining defendant in this matter. Alternatively, the extant Defendants request that the time be extended for 30 days, through and including April 14, 2025.

DATED March 12, 2025

**HARDIN LAW OFFICE**

 */s/ Matthew D. Hardin*
**Matthew D. Hardin**
Attorney for Defendants Joshua Moon
and Lolcow, LLC