**Matthew D. Hardin (*pro hac vice*)**
**HARDIN LAW OFFICE**
101 Rainbow Drive # 11506
Livingston, TX 77399
Telephone: (202) 802-1948
Email: MatthewDHardin@gmail.com
*Attorney for Defendants*
*Joshua Moon and Lolcow, LLC*

THE UNITED STATES DISTRICT COURT
DISTRICT OF UTAH

| | |
|---|---|
| RUSSELL GREER,<br><br>Plaintiff,<br><br>v.<br><br>JOSHUA MOON, *et al*.<br><br>Defendants. | **JOSHUA MOON AND LOLCOW, LLC'S MEMORANDUM OF LAW IN OPPOSITION TO THE PLAINTIFF'S MOTION FOR A BONDED STAY**<br><br>Case No. 2:24-cv-00421-DBB<br><br>District Judge David Barlow<br>Magistrate Judge Jared C. Bennett |

NOW COME the Defendants, by and through undersigned counsel, and file this Memorandum of Law in Opposition to the Plaintiff's Motion for a Bonded Stay.[1]

### I.     Introduction

After this Court awarded discovery sanctions[2] arising from Mr. Greer's recalcitrant refusal to comply with his obligations to furnish initial disclosures in this case,[3] Mr. Greer promised in correspondence to undersigned counsel that he would "appeal the hell out of this"[4] and vowed that he would not pay a dime to the Defendants who were wronged by his misconduct.[5] Mr. Greer now seeks to make good on that vow, by seeking a stay of

---

[1] ECF No. 251.
[2] ECF No. 230.
[3] ECF No. 189 at 3.
[4] ECF No. 229-1.
[5] *Id*.

this Court's order that Mr. Greer pay $1,000 (in greatly reduced sanctions) conditioned upon furnishing only 10% of that sum in security.

Unfortunately, Mr. Greer has not demonstrated he is entitled to a stay. And even if he had made such a showing, he has not shown that he is entitled to a reduction in the amount of any bond. Indeed, Mr. Greer openly brags that he is fully capable of satisfying the judgment in this matter, he simply prefers not to do so. Against that backdrop, this Court should deny Mr. Greer's request. Alternatively, it should grant the request only conditioned upon payment of the full amount of required security.

## II.     Procedural History

This Court has recounted the sordid history or recalcitrant behavior that led to the Defendants being awarded $1,000 in partial compensation for Mr. Greer's discovery misconduct in several orders. First, the Magistrate Judge ruled that Mr. Greer was willful and recalcitrant in failing to provide initial disclosures, ordering Mr. Greer to show cause why he should not be required to pay Defendants' attorneys' fees.[6] Then, after Mr. Greer failed to show any valid cause why sanctions should not be imposed, the Magistrate Judge recounted again the sordid history of Mr. Greer's serial discovery misconduct.[7] After Defendants complied with the magistrate's order and filed a declaration establishing

---

[6] ECF No. 189.
[7] ECF No. 218.

their entitlement to $5,369.93 in attorney's fees and costs arising from Mr. Greer's willful misconduct,[8] the District Judge reduced the amount of sanctions to $1,000.[9]

## III. Standard of Review

The Court considers four factors when evaluating a request to stay pending appeal:

> "(1) whether the stay applicant has made a strong showing that he is likely to succeed on the merits; (2) whether the applicant will be irreparably injured absent a stay; (3) whether issuance of the stay will substantially injure the other parties interested in the proceeding; and (4) where the public interest lies."

*Bureau of Consumer Fin. Prot. v. Progrexion Mktg., Inc.*, No. 2:19-CV-00298-BSJ, 2023 U.S. Dist. LEXIS 101018, at *3 (D. Utah Apr. 6, 2023), citing *Nken v. Holder*, 556 U.S. 418, 434, 129 S. Ct. 1749, 173 L. Ed. 2d 550, (2009).

Even if a movant proves that a stay should be granted under *Nken*, "a full supersedeas bond should be the requirement in normal circumstances. *Miami Int'l Realty Co. v. Paynter*, 807 F.2d 871, 873 (10th Cir. 1986). A litigant's financial ability is immaterial to question of whether judgment should be stayed. *Channel 20 v. World Wide Towers Servs.*, 607 F. Supp. 551, 1985 U.S. Dist. LEXIS 20536 (S.D. Tex. 1985). But courts will occasionally entertain a request for a reduced supersedeas bond if the movant can demonstrate the following factors militate in favor of such a reduction:

> "(1) the complexity of the collection process; (2) the amount of time required to obtain a judgment after it is affirmed on appeal; (3) the degree of confidence that the district court has in the availability of funds to pay the judgment; (4) whether the appellant's ability to pay the judgment is 'so plain that the cost of a bond would be a waste of money'; and (5) whether the appellant is in such a precarious financial

---

[8] ECF No. 228. Undersigned counsel later discovered that a billing error at ECF No. 228-2 at 6 resulted in this figure being $300 too low (an entry for drafting & filing the Defendants' Motion to Exclude, reflecting 2.3 hours of counsel's time was spent, was erroneously billed in a monetary amount reflecting only 1.3 hours of billable time).
[9] ECF No. 230. Defendants have preserved their objections to this order at ECF No. 231. Defendants were not permitted to respond to Mr. Greer's objection before it was sustained in part. *Id*.

situation that the requirement to post a bond would place appellant's other creditors at risk."

*Sierra Club v. El Paso Gold Mines, Inc.*, Civil Action No. 01-PC-2163 (OES), 2003 U.S. Dist. LEXIS 28217, at *20 (D. Colo. Apr. 21, 2003), citing *Dillon v. City of Chicago*, 866 F.2d 902, 904-05 (7th Cir. 1988).

## IV.   Argument

Mr. Greer is not entitled to a stay. If this Court chooses to grant such a stay, it should be in the full amount of the damages Mr. Greer has cause as set forth at ECF No. 228, rather than in the reduced amount this Court awarded at ECF No. 230 or the even further reduced amount Mr. Greer requests at ECF No. 251. Indeed, the lone case cited by Mr. Greer in his motion makes clear that a full supersedeas bond is a requirement in "normal circumstances,"[10] and Mr. Greer makes no showing that this case is in any way unusual or that he has an inability to pay. Quite the contrary: Mr. Greer even confesses that he has the full ability to pay the amount this Court has awarded the Defendants; he simply prefers not to.[11]

### A) The *Nken* factors do not favor a stay.

The first *Nken* factor is that the movant must show a strong likelihood of success on the merits. But Mr. Greer does not explain why his likelihood of success is strong. Instead, he merely states that he "disagrees" with the order.[12] Mr. Greer does not cite any controlling or persuasive authority which indicates that the Tenth Circuit will similarly

---

[10] *Miami Int'l Realty Co. v. Paynter*, 807 F.2d 871, 873 (10th Cir. 1986) (reducing supersedeas amount only because uncontradicted evidence showed that appellant was not able to pay a full supersedeas bond).
[11] ECF No. 251 at 3 ("Plaintiff has the capability to pay the full judgement…").
[12] ECF No. 251 at 2.

disagree with the order. Plaintiff has not even explained why he believes he will prevail in any appeal, much less explained why a panel of appellate judges are likely to agree with his personal beliefs. This factor therefore weighs against entry of a stay.

The second *Nken* factor is whether the movant will be irreparably injured absent a stay. Here, Mr. Greer does not argue he will be irreparably injured if a stay is not granted. And monetary injuries are ordinarily not irreparable as a matter of law. *Heideman v. S. Salt Lake City*, 348 F.3d 1182, 1189 (10th Cir. 2003) ("it is well settled that simple economic loss usually does not…constitute irreparable harm…" ). This factor therefore weighs against entry of a stay.

The third *Nken* factor is whether issuance of a stay will substantially injure the opposing party. Here, this Court has explained in its order awarding greatly reduced fees to the Defendants was intended to "cure the time and expense expended by Defendants" as a result of Mr. Greer's willful misconduct.[13] Indeed, Defendants have submitted a motion detailing that their actual expenses due to Mr. Greer's behavior were orders of magnitude greater than this Court actually imposed.[14] This Court has recognized that its reduced sanction is already insufficient to make the Defendants whole.[15] A stay on the ability of the Defendants to collect the meager sanctions they were already awarded until this litigation concludes – which may be years away, as this case is already approaching its fifth birthday with no trial in sight – would effectively leave defendants to shoulder the full burden of Mr. Greer's litigation misconduct, unreimbursed, while Mr. Greer remains

---

[13] ECF No. 230 at 9.
[14] ECF No. 228.
[15] ECF No. 230 at 11, fn. 54 (noting that the amount awarded to the Defendants "is presumably far lower than the costs and fees incurred as a result of Mr. Greer's Rule 26 violations.").

free to repeat that conduct and impose needless costs on the defense going forward. This factor weighs against entry of a stay.

The fourth *Nken* factor is whether the public interest supports a stay. Mr. Greer has not established that there is a public interest at play in this case. Accordingly, this factor is at best neutral. To the extent that the Court's award of sanctions against Mr. Greer was intended to bring his behavior in line with the requirements of this Court, however, Defendants respectfully submit that the public interest favors a swift imposition of such sanctions rather than an indefinite stay, during which Mr. Greer's recalcitrant behavior will surely continue.

**B) The *Dillon* factors do not weigh in favor of a reduced supersedeas bond.**

The *Dillon* factors similarly do not support imposition of a reduced monetary bond for any stay. Mr. Greer has not argued that the collection process is complex, or that any complexity will be alleviated by entry of a bond. Nor has Mr. Greer offered evidence relating to the time required to collect a judgment after it is affirmed on appeal. Mr. Greer has offered his bare assurances that he has the funds to pay a judgment against him,[16] but that militates in favor of this Court requiring the full amount to be paid in security rather than in favor of reducing that amount. Similarly, if this Court takes Mr. Greer at his word, his ability to pay the judgment is just as "plain" as his ability to post a bond, and Mr. Greer is not in a position of financial hardship because he is – by his own admission – fully capable of paying a judgment, and simply prefers not to.

If the Court grants a stay over Defendants' objection, the *Dillon* factors weigh against reduction of any supersedeas bond. The bond should be equivalent to the amount of the

---

[16] ECF No. 251 at 3.

underlying judgment, or perhaps even higher in light of Defendants' arguments at ECF No. 228 and the relative merits of any cross-appeal Defendants might raise that they are entitled to higher sanctions than those this Court has awarded.

V. **Conclusion**

Mr. Greer's motion for a bonded stay should be denied. Alternatively, in light of Mr. Greer's representation that he is fully capable of paying the full amount he owes, this Court should grant Mr. Greer relief only if he furnishes the full security to support his request, rather than 10%.

DATED March 12, 2025

**HARDIN LAW OFFICE**

 /s/ Matthew D. Hardin
**Matthew D. Hardin**
Attorney for Defendants Joshua Moon
and Lolcow, LLC