# THE UNITED STATES DISTRICT COURT

# DISTRICT OF UTAH

| | |
|---|---|
| **RUSSELL G. GREER,**<br><br>Plaintiff,<br><br>v.<br><br>**JOSHUA MOON, publisher of the website Kiwi Farms; and LOLCOW LLC,**<br><br>Defendants. | **MEMORANDUM DECISION AND ORDER**<br><br>Case No. 2:24-cv-00421-DBB-JCB<br><br>District Judge David Barlow<br><br>Magistrate Judge Jared C. Bennett |

This case was referred to Magistrate Judge Jared C. Bennett under 28 U.S.C. § 636(b)(1)(B).[1] Before the court is Defendants Joshua Moon and Lolcow LLC's ("Defendants") short form discovery motion to compel pro se Plaintiff Russell G. Greer to comply with Defendants' second request for production.[2] The court has carefully reviewed the parties' written memoranda. Under DUCivR 7-1(g), the court concludes that oral argument is not necessary and, therefore, decides the motion on the written memoranda. For the reasons explained below, the court denies Defendants' motion.

---

[1] ECF No. 130. This case originated in this court as Case No. 2:20-cv-00647-DBB-JCB and was transferred to the Northern District of Florida. That district returned it to this court and it was reopened with this case number.

[2] ECF No. 238.

## BACKGROUND

Defendants' second request for production requests a broad array of documents related to the loss or deletion of any records that may be relevant to this case. Specifically, Defendants request that Mr. Greer:

> [P]roduce any and all written or electronic documents which reflect or memorialize the loss or deletion of any record at issue in this case, or which is relevant to this case, or which in any way relates to the factual or legal claims at issue in this case, including but not limited to emails, pleadings, items requested in Joshua Moon's First Request for Production of Documents, correspondence, and all other material, along with any documents which reflect your efforts to recover such deleted or lost records or your efforts to ensure that such documents were not lost or deleted and were preserved from July 1, 2020 to the present.[3]

In their motion to compel, Defendants assert that Mr. Greer must produce this information because he has not timely raised any objections to production and because he has made previous assertions that "he has lost or destroyed numerous electronic records."[4] In response, Mr. Greer argues that he objected to the relevancy of Defendants' first request for production, to which the current request is related, specifically asserting that information about any other civil or criminal cases Mr. Greer may have been involved in was irrelevant to the remaining claims of contributory copyright infringement in this matter.[5] Additionally, Mr. Greer argues that Defendants are now engaging in a "fishing expedition" by requesting "any and all" "deleted or lost records" without specifying which emails, pleadings, and items have supposedly

---

[3] ECF No. 238-1 at 7.

[4] ECF No. 238 at 2.

[5] ECF No. 246 at 2, 17.

been deleted.[6] Mr. Greer further contends that producing information about other litigation he may have been involved in would be overly burdensome, as Defendants can access this information through public court databases.[7] Even so, after searching his records, Mr. Greer responded to Defendants' first request for production by providing a summary of his litigation history and producing documents related to past lawsuits he was able to recover.[8] In his production email, Mr. Greer explained that he did not have every document, nor the original complaints from previous lawsuits.[9] He further clarified, "I don't keep files that old because I don't have lots of space . . . I lost both of my laptops and so I cannot search in those."[10]

## ANALYSIS

The court denies Defendants' motion to compel Mr. Greer to respond to Defendants' second request for production because Defendants' request constitutes impermissible "discovery on discovery,"—requesting information regarding the process by which Mr. Greer has preserved documents. Under Fed. R. Civ. P. 26(b)(1), discovery is limited to information that is relevant to a party's claims or defenses and proportional to the needs of the case. Discovery regarding a party's discovery and retention process—often referred to as "discovery on discovery"—generally does not meet these standards. Courts have consistently held that discovery into the process by which a party searches for, reviews, and collects documents is not appropriate unless

---

[6] *Id.* at 2-3.

[7] *Id.* at 2, 17.

[8] *Id.* at 13.

[9] *Id.*

[10] *Id.*

it is directly relevant to the underlying claims and defenses.[11] Not only are responding parties best situated to evaluate the procedures, methodologies, and technologies they use to search for and collect electronically stored information,[12] but such requests for 'meta-discovery' also threaten to extend the already costly and time-consuming discovery process by swerving away from the actual substantive issues of this litigation. Consequently, such "discovery on discovery" "requires an adequate factual basis to draw into question a party's compliance, not mere speculation."[13]

      The court denies Defendants' request seeking "discovery on discovery" for three reasons. First, Defendants have failed to demonstrate an adequate factual basis to question the sufficiency of Mr. Greer's compliance with Defendants' first request for production. Defendants allege that Mr. Greer has lost or destroyed numerous electronic records from July 1, 2020 to the present based on pure speculation, despite Mr. Greer's statement that he has conducted a diligent search and provided Defendants with those documents within his possession, and has explained the circumstances under which certain documents were lost or deleted. Discovery compliance does

---

[11] *See, e.g.*, *Fish v. Air & Liquid Sys. Corp.*, No. GLR-16-496, 2017 WL 697663, at *17 (D. Md. Feb. 21, 2017) (citing other cases); *Bombardier Recreational Prods., Inc. v. Arctic Cat, Inc.*, No. 12-cv-2706-MJD-LIB, 2014 WL 10714011, at *14 (D. Minn. Dec. 5, 2014).

[12] *Brewer v. BNSF Rwy. Co.*, CV-14-65-GF-BMM-JTJ, 2018 WL 882812, at *2 (D. Mont. Feb. 14, 2018) (citing The Sedona Conference Commentary on Defense of Process: Principles and Guidelines for Developing and Implementing a Sound E-Discovery Process, 118 (Sept. 2016)).

[13] *Eagle View Tech. Inc. v. GAF Materials LLC*, No. 2:22-cv-00215, 2024 WL 384984, at *2 (D. Utah Feb. 1, 2024).

not require a party to certify to production perfection; it requires a reasonable search.[14] Mr. Greer has met that obligation.

Second, Defendants' sweeping demand for Mr. Greer's discovery and preservation practices from July 1, 2020 to the present related to *any and all* documents that may bear relevance on this case is irrelevant to the underlying claims and defenses in this case.[15] The court will not permit wasted time wading into this collateral discovery, especially where the issues in this case have been significantly narrowed since its initial filing five years ago.

Third, the sheer overbreadth of this request goes to lack of proportionality and fails to account for the fact that the documents in Mr. Greer's prior lawsuits are as accessible to Defendants as they are to Mr. Greer. Defendants' request for extensive documentation related to the loss or deletion of *any and all* records, with no specific identification of the documents in question, makes the request nearly impossible for Mr. Greer to respond to. Even if the request were more specific, as discussed above, this meta-discovery would serve no meaningful purpose in advancing this litigation. Mr. Greer has already provided a summary of his litigation history and the documents he was able to recover. Additionally, Defendants have access to public court databases where information about Mr. Greer's past lawsuits is available, further diminishing the

---

[14] *Treppel v. Biovail Corp.*, 233 F.R.D. 363, 374 (S.D.N.Y. Feb. 6, 2006) ("[T]here is no obligation on the part of a responding party to examine every scrap of paper in its potentially voluminous files in order to comply with its discovery obligations."); *Radiologix, Inc. v. Radiology & Nuclear Med., LLC*, No. 15-4927, 2019 WL 354972, at *11 (D. Kan. Jan. 29, 2019) (explaining that courts do not require perfection, rather a party must conduct a reasonable search for responsive information pursuant to a reasonably comprehensive search strategy).

[15] *LKQ Corp. v. Kia Motors Am., Inc.*, 345 F.R.D. 152, 159 (N.D. Ill. July 6, 2023) ("In contrast, a request for discovery on discovery does not fall within Rule 26(b)(1) as it is not relevant to the claims or defenses, but rather a party's discovery obligation to conduct a reasonable inquiry for responsive material.").

necessity of delving into Mr. Greer's discovery processes. Indeed, regardless of whether Mr. Greer objected or not, Fed. R. Civ. P. 26(b)(2)(C) allows this court, "on its own," to "limit the frequency or extent of discovery . . . if it determines that . . . the discovery sought. . . can be obtained from some other source that is more convenient, less burdensome, or less expensive." Defendants can access court dockets as easily as Mr. Greer, and if they really want these documents, they can obtain them without first obtaining discovery about discovery. Accordingly, Defendants' short form discovery motion to compel Mr. Greer to comply with Defendants' second request for production[16] is DENIED.

    IT IS SO ORDERED.

    DATED this 12th day of March 2025.

                                          BY THE COURT:

                                          JARED C. BENNETT
                                          United States Magistrate Judge

---

[16] ECF No. 238.