**Matthew D. Hardin (*pro hac vice*)**
**HARDIN LAW OFFICE**
101 Rainbow Drive # 11506
Livingston, TX 77399
Telephone: (202) 802-1948
Email: MatthewDHardin@gmail.com
*Attorney for Defendants*
*Joshua Moon and Lolcow, LLC*

THE UNITED STATES DISTRICT COURT
DISTRICT OF UTAH

| RUSSELL GREER, | **JOSHUA MOON'S MOTION TO SCREEN *IN FORMA PAUPERIS* COMPLAINT** |
|---|---|
| Plaintiff, | |
| v. | Case No. 2:24-cv-00421-DBB |
| JOSHUA MOON, *et al*. | District Judge David Barlow |
| Defendants. | Magistrate Judge Jared C. Bennett |

NOW COME the Defendants, by and through their undersigned counsel, and file this Motion to Screen the Plaintiff's First Amended Complaint pursuant to 28 U.S.C.§ 1915 (e). In support of this Motion, the Defendants state as follows:

1) 28 U.S.C. § 1915 (e)(2)(B) empowers this Court to screen all in forma pauperis complaints, and to dismiss them if they are found to be, *inter alia*, frivolous or malicious.[1] The requirement of screening a *pro se* Complaint is "designed largely to

---

[1] The Tenth Circuit suggests, in two unpublished opinions, that screening is the "better practice" but is not mandatory. *Adkins v. Kan. Comm'n on Judicial Qualifications*, 510 F. App'x 700, 706 (10th Cir. 2013), citing *Buchheit v. Green*, Nos. 12-3154, 12-3158, 705 F.3d 1157, 2012 U.S. App. LEXIS 24365, 2012 WL 5909036, at *3-*4 (10th Cir. Nov. 27, 2012). The Tenth Circuit is in the minority on this point, with most courts finding that screening is not simply desirable but is required. See, e.g., *Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000) (collecting cases) and *Eriline Co. S.A. v. Johnson*, 440 F.3d 648, 656 n.12 (4th Cir. 2006) ("the statute currently speaks in mandatory language and appears to require a more wide-ranging inquiry than its predecessor"). Regardless of whether screening is mandatory (as published, out-of-circuit authority holds) or only

discourage the filing of, and waste of judicial and private resources upon, baseless lawsuits that paying litigants generally do not initiate because of the costs of bringing suit and because of the threat of sanctions for bringing vexatious suits." *Neitzke v. Williams*, 490 U.S. 319, 324, 109 S. Ct. 1827, 104 L. Ed. 2d 338 (1989). When conducting a screening, courts are permitted "the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless." *Id*. at 327.

    2)    Because an in forma pauperis screening may result in mandatory dismissal for several reasons, only one of which is the failure to state a claim, and because this Court need not accept as a given that the Plaintiff's factual allegations are true, the standard of this Court's review is not coextensive with that under Fed. R. Civ. P. 12 (b)(6).[2] For example, the Tenth Circuit has recognized that a case can be dismissed when an in forma pauperis plaintiff "cannot corroborate any of the facts he alleges." *Allen v. Facebook*, No. 24-3080, 2024 U.S. App. LEXIS 27847, at *2-3 (10th

---

salutary (as unpublished Tenth Circuit precedent holds), it is surely approved by both Congress and the Supreme Court. *Lomax v. Ortiz-Marquez*, 590 U.S. 595, 603, 140 S. Ct. 1721, 1726 (2020) (noting that the screening statute has been consistently expanded to capture more and more cases).

[2] For this reason, and because the Plaintiff has thereafter amended his complaint, the appellate opinion in *Greer v. Moon*, 83 F.4th 1283, 1292 (10th Cir. 2023), in which the Circuit Court assumed that all of Mr. Greer's factual allegations were true for purposes of appellate review of a Rule 12 (b)(6) motion relating to Mr. Greer's former complaint, is not dispositive of this motion. For purposes of screening, this Court need not assume all of Mr. Greer's factual allegations are true – particularly when Mr. Greer has stipulated that he cannot corroborate those allegations. ECF No. 201 (no witnesses will be called as part of the Plaintiff's case in chief). And this Court may consider whether the Plaintiff is improperly using copyright law to prevent Defendants from criticizing him online, rather than for any legitimate purpose. *Ellis v. U.S.*, 356 U.S. 674, 674, 78 S. Ct. 974, 975 (1958) (noting even under a prior version of the statute that greatly restricted the power of the court to dismiss cases that "evident improper motive" was a proper consideration for a court to consider in screening an in forma pauperis complaint).

Cir. Nov. 4, 2024). And the Southern District of West Virginia recently recognized that it is proper to deny in forma pauperis status when it "appears that Plaintiff is bringing the instant action for an improper purpose." *Stebbins v. Moon et al*., Case No. 2:24-cv-140 (S.D. W.Va., ECF No. 24 at 22).[3] This is especially so when a "Plaintiff appears to bring copyright claims against Defendants based upon their criticism of him online" which is "not a proper use of copyright law." *Id*., citing *Stebbins v. Google LLC*, Case No. 3:23-cv-322 (N.D. Cal. ECF No. 71 at 17). It is well established that courts have a "clear obligation" to exercise their screening authority to protect litigants from harassing, abusive, and meritless litigation. *In re Tyler*, 839 F.2d 1290, 1290-91, 1290-95 (8th Cir. 1988).

    3)    Mr. Greer's motion for leave to file his initial Complaint in this matter in forma pauperis was granted almost five years ago. ECF No. 2. But it is unclear from the record whether that Complaint was ever screened before the magistrate judge approved that application. Regardless, Mr. Greer has now filed a First Amended Complaint. "An amended complaint supersedes the original complaint and renders the original complaint of no legal effect." *Franklin v. Kan. Dep't of Corr*., 160 F. App'x 730, 734 (10th Cir. 2005). The Tenth Circuit has held, albeit in an unpublished case, that it is proper to screen amended complaints in the same fashion as an initial complaint. *Sladek v. Bank of Am., NA*, No. 24-1181, 2024 U.S. App. LEXIS 23673, at *3 (10th Cir. Sep. 18, 2024). Therefore, Mr. Greer's operative complaint should be screened by this Court to determine whether it is frivolous or otherwise improper.

---

[3] This opinion does not yet appear to be published on Lexis or Westlaw, and it is therefore attached to this filing as an Exhibit pursuant to DUCivR 7-2 (c).

4)      When this Court performs its duty to screen the Plaintiff's First Amended Complaint under *Neitzke*, it should consider all of the evidence before it and should "pierce the veil" of Plaintiff's factual allegations rather than assuming that they are true. This will necessarily require the Court to hold that Mr. Greer "cannot corroborate any of the facts he alleges." *Allen, supra., cf.* ECF No. 201 (stipulating that Mr. Greer will not call any witnesses in his case in chief). And it will also be appropriate for this Court to consider the accumulation of evidence that Mr. Greer is attempting to use copyright law for an improper purpose in this case, as evidenced by his numerous demands for a "settlement" that does not remove any copyright-protected work or recompense him for any copyright-related damages, but instead would stifle Defendants and all others who seek to discuss Mr. Greer, a public figure and author of a book relating to vexatious litigation. See, e.g., Exhibit B (indicating that Mr. Greer was denied a protective order against Mr. Moon because a Utah judge found that Mr. Moon's criticism of Mr. Greer raised First Amendment concerns), ECF No. 154-8 (Mr. Greer demands that Defendants remove all mention of his name from the Internet), ECF No. 157 (Mr. Greer explains that "why this case was even filed" is because he feels mocked for his facial paralysis), ECF No. 186 (Mr. Greer states that Defendants "sole goal is to torment others through the guise of 'free speech'"), ECF No. 213 (noting that Mr. Greer believes Defendants are engaged in criminal behavior not at issue in this lawsuit), ECF No. 239-1 (Mr. Greer seeks to retaliate against defense counsel because Defendants have refused to settle), ECF No. 244 (Mr. Greer reiterates that he has "offered twice" to settle if his name – not only his copyrights – is is entirely removed from Kiwi Farms).

WHEREFORE, Defendants Joshua Moon and Lolcow, LLC respectfully submit that this Court should screen the First Amended Complaint, ECF No. 247, pursuant to *Neitzke* and to 28 U.S.C.§ 1915 (e).

DATED March 12, 2025

                                          **HARDIN LAW OFFICE**

                                          */s/ Matthew D. Hardin*
                                          **Matthew D. Hardin**
                                          Attorney for Defendants Joshua Moon
                                          and Lolcow, LLC