**Matthew D. Hardin (*pro hac vice*)**
**HARDIN LAW OFFICE**
101 Rainbow Drive # 11506
Livingston, TX 77399
Telephone: (202) 802-1948
Email: MatthewDHardin@gmail.com
*Attorney for Defendants*
*Joshua Moon and Lolcow, LLC*

THE UNITED STATES DISTRICT COURT
DISTRICT OF UTAH

| RUSSELL GREER,<br><br>    Plaintiff,<br>v.<br><br><br>JOSHUA MOON, *et al*.<br><br>    Defendants. | **MOTION FOR AN EXTENSION OF TIME**<br><br>Case No. 2:24-cv-00421-DBB<br><br>District Judge David Barlow<br>Magistrate Judge Jared C. Bennett |
|---|---|

NOW COME the Defendants, by and through their undersigned counsel, and move for an extension of time through and including May 2, 2025, to respond to the Plaintiff's "Motion for Sanctions against Defendants' attorney Matthew D. Hardin." ECF No. 263. In support of this Motion, Defendants state as follows:

1)    Mr. Greer is aware that Fed. R. Civ. P. 11 requires him to serve a motion for sanctions upon undersigned counsel 21 days prior to filing it with the Court,[1] but he did not serve his motion at ECF No. 263 upon undersigned counsel via any method other than the ECF system, contemporaneously with that document being filed.

---

[1] This Court has recognized that it would be an abuse of its discretion for it to grant a Motion for Sanctions if such motion was not properly served 21 days before being filed. *Biers v. Dentons US LLP*, No. 2:22-cv-00298-HCN-JCB, 2024 U.S. Dist. LEXIS 57512, at *17 (D. Utah Mar. 28, 2024), citing *Mellott v. MSN Communications, Inc.*, 492 Fed. Appx. 887, 888 (10th Cir. 2012) and *Roth v. Green*, 466 F.3d 1179, 1191-93 (10th Cir. 2006).

2) Not only is the 21-day service requirement in the rules which Mr. Greer is required to familiarize himself with and follow, it has also been made plain to him on multiple occasions over the course of this litigation. For example, on January 19, 2025, undersigned counsel served a Motion for Sanctions upon Mr. Greer, but that Motion was not filed until 21 days had elapsed. ECF No. 234. And undersigned counsel also personally notified Mr. Greer of the 21-day requirement on *at least* three occasions, because Mr. Greer is prone to repeatedly threaten sanctions against undersigned counsel via email. ECF No. 262-1 at 1 (email dated March 17, 2025), 234-1 (notifying Mr. Greer of Rule 11's requirement and serving an at that time unfiled motion for sanctions on January 29, 2025), Exhibit A (undersigned counsel notifies Mr. Greer on February 20, 2025 that "I very much look forward to reading your motion [for sanctions]. Be sure to serve it on me 21 days before you file it as required by Rule 11.")  *Cf*. ECF No. 239-1 (Mr. Greer responds to a Motion for Sanctions by threatening undersigned counsel with a bar complaint). *See also* ECF No. 239-2 (Mr. Greer seeks disbarment of a Nevada attorney in unrelated litigation).

3) Mr. Greer's Motion for Sanctions appears to be premised on the idea that undersigned counsel violated this Court's Standard Protective Order. *See generally* ECF No. 263. This is a familiar refrain from Mr. Greer, but it is also a contention that two judges of this Court have already rejected. ECF No. 230 at 9 (Judge Barlow, citing ECF No. 194-1) and ECF No. 218 at 5 fn. 21 (Magistrate Judge Bennett). What's more, Mr. Greer himself admits that he did not bother to read the relevant Standard Protective Order before he started accusing undersigned counsel of violating it. ECF No. 249 at 2 (Mr. Greer says he was "just going off a blanket assumption").

4) For the reasons set forth above, Defendants' position is that Mr. Greer's Motion for Sanctions at ECF No. 263 is motivated by bad faith, and is filed frivolously and for an improper purpose. A sanctions motion which is filed for an improper purpose is itself sanctionable,[2] and Defendants intend to file a cross-motion seeking sanctions against Mr. Greer arising from the costs they have incurred as Mr. Greer continues to accuse undersigned counsel of misconduct in bad faith and for improper purposes.

5) This Court's local rules require that Defendants' anticipated cross-motion for sanctions must be filed separately from any document filed in opposition to a Motion. DUCivR 7-1 (a)(3). But Defendants cannot file their cross-motion seeking

---

[2] See, e.g., *Traina v. United States* (5th Cir. 1990), 911 F.2d 1155 (affirming imposition of sanctions for frivolous sanctions motion), *Foy v. First National Bank* (7th Cir. 1989), 868 F.2d 251 (a frivolous request for sanctions is itself sanctionable), *Roberts v. Peat, Marwick, Mitchell & Co.* (9th Cir. 1988), 857 F.2d 646, 654 (Rule 11 should not itself become a retaliatory device); *Meeks v. Jewel Cos.* (7th Cir. 1988), 845 F.2d 1421 (under Rule 38, Rule 11's counterpart for appeals, any frivolous motion, pleading or request is subject to sanctions, including a motion or request for sanctions), *Local 106, Service Employees International Union v. Homewood Memorial Gardens, Inc.* (7th Cir. 1988), 838 F.2d 958, 961 (unwarranted motion for Rule 11 sanctions is itself sanctionable); *In re Central Ice Cream Co.* (7th Cir. 1987), 836 F.2d 1068, 1073 (noting that district court held that request for sanctions under Rule 11 was itself "sanctionably frivolous"); *Gaiardo v. Ethyl Corp.* (3d Cir. 1987), 835 F.2d 479, 484-85 (court may impose sanctions when Rule 11 is invoked for improper purpose such as additional tactic of intimidation and harassment); *Ophir v. Goldstein* (S.D. N.Y. Oct. 10, 1990), No. 86 Civ. 2963 (magistrate recommends sanctions for a frivolous sanctions motion), *Eldon Industries, Inc. v. Rubbermaid, Inc.* (N.D. Ill. 1990), 735 F. Supp. 786, 795 (defendants' motion for sanctions itself violated Rule 11), *Colby v. J.C. Penney Co.* (N.D. Ill. 1989), 127 F.R.D. 509 (court imposes sanctions due to repeated, groundless requests for sanctions), *Lewandoski v. Two Rivers Public School District* (E.D. Wis. 1989), 711 F. Supp. 1486 (Rule 11 sanctions can be imposed on parties and attorneys who make frivolous motions for Rule 11 sanctions), *Schmitz v. Campbell-Mithun, Inc.* (N.D. Ill. June 29, 1989), No. 88 -- C -- 2314 (sanctions request was sanctionable), *Williams v. Whitmill* (N.D. Ill. Aug. 12, 1986), No. 84 -- C -- 4910 (sanctions motion may be subject to provisions of rule permitting sanctions) and *Harris v. WGN Continental Broadcasting Co.* (N.D. Ill. 1986), 650 F. Supp. 568 (Rule 11 motion which is not well-grounded in fact or law may result in imposition of sanctions against moving party).

sanctions against Mr. Greer without first serving that Motion upon Mr. Greer 21 days in advance of filing it pursuant to Fed. R. Civ. P. 11 (c)(2).

6) It is in the interest of judicial economy for this Court to consider Mr. Greer's Motion for Sanction at ECF No. 263 and Defendants' forthcoming cross-Motion simultaneously. Alternatively, there is a possibility (however slight) that Mr. Greer will take advantage of the 21-day safe harbor provided by Fed. R. Civ. P. 11 (c)(2) and withdraw his improper motion at ECF No. 263, such that this Court need not consider it at all. In either event, an extension as proposed herein will allow the Court to conserve its resources.

WHEREFORE, Defendants request that this Court permit them through and including May 2, 2025 to respond to Mr. Greer's Motion for Sanctions at ECF No. 263, so that it may be accompanied by an appropriate cross-motion under DUCivR 7-1 (a)(3) and Fed. R. Civ. P. 11 (c)(2).

DATED March 28, 2025

**HARDIN LAW OFFICE**

*/s/ Matthew D. Hardin*
**Matthew D. Hardin**
*Attorney for Defendants Joshua Moon and Lolcow, LLC*