**Matthew D. Hardin (*pro hac vice*)**
**HARDIN LAW OFFICE**
101 Rainbow Drive # 11506
Livingston, TX 77399
Telephone: (202) 802-1948
Email: MatthewDHardin@gmail.com
*Attorney for Defendants*
*Joshua Moon and Lolcow, LLC*

THE UNITED STATES DISTRICT COURT
DISTRICT OF UTAH

| | |
|---|---|
| RUSSELL GREER,<br><br>  Plaintiff,<br><br>v.<br><br>JOSHUA MOON, *et al*.<br><br>  Defendants. | **Partial Opposition by Lolcow LLC and Joshua Moon to Plaintiff's Motion at ECF No. 264**<br><br>Case No. 2:24-cv-00421-DBB<br><br>District Judge David Barlow<br>Magistrate Judge Jared C. Bennett |

NOW COME the Defendants, by and through their undersigned counsel, and partially oppose the Plaintiff's Motion for an Extension of Time at ECF No. 264. In response, Defendants state as follows:

### Introduction

1.  Plaintiff has not identified which specific motions he seeks an extension of time to respond to. Instead, Mr. Greer states that he seeks an extension "to reply to defendants' excessive motions" without identifying any particular motion. ECF No. 264 at 2.

### Partial Statement of No Position

2.  With respect to any motion for which the time for a response has not yet elapsed under DUCivR 7-1 (a)(4), Defendants Joshua Moon and Lolcow, LLC take no

position on Plaintiff's request. "The good cause standard is highly flexible," and it is within this Court's discretion to find that good cause does or does not support Mr. Greer's motion. *Erickson v. City of Lakewood*, Civil Action No. 1:19-cv-02613-PAB-NYW, 2021 U.S. Dist. LEXIS 206458, at *10 (D. Colo. Sep. 23, 2021). *But see Broitman v. Kirkland* (*In re Kirkland*), 86 F.3d 172, 175 (10th Cir. 1996) ("good cause" requires a greater showing than "excusable neglect.").

### Partial Opposition

3.      Mr. Greer admits that "The deadline has passed to answer some of the [defense] motions." ECF No. 264 at 2. With respect to deadline which have already elapsed, Defendants Joshua Moon and Lolcow LLC respectfully submit that Mr. Greer has demonstrated only his *ongoing and ordinary* neglect of this case, but has not shown any *excusable* neglect within the meaning of the applicable standard. This Court held in *Gallacher v. Falenla.com*, No. 2:18-cv-00945-DB-JCB, 2020 U.S. Dist. LEXIS 151703, at *4 (D. Utah Aug. 20, 2020) that "excusable neglect" considers four factors: (1) the danger of prejudice to the opposing party, (2) the length of delay caused by the neglect and its impact on judicial proceedings, (3) the reason for delay and whether it was in the reasonable control of the moving party, and (4) the existence of good faith on the part of the moving party… The reason for delay is an important, if not the most important, factor in this analysis." (internal citations and quotations omitted).

4.      Here, Mr. Greer's ostensible reasons for waiting until after relevant deadlines had passed before responding to certain unspecified motions is that "this isn't his full time job" and "the stresses of life." ECF No 264 at 2. Mr. Greer further explains that rather than responding to motions for which there was a deadline, Mr. Greer instead

chose to spend his time seeking sanctions against opposing counsel for imagined violations of the Standard Protective Order. *Id*.

5.      While Mr. Greer undoubtedly prefers to spend his time seeking sanctions against undersigned counsel instead of responding to pending defense motions, Defendants Joshua Moon and Lolcow LLC respectfully submit that Mr. Greer's decision to do so is not "excusable neglect" for reasons including but not limited to those enumerated at ECF No. 265.

6.      Further, Mr. Greer's status as a *pro se* litigant who prefers not to spend his working hours advancing the litigation which he initiated and which Defendants are forced to contend with is not excusable neglect. "[P]ro se status does not constitute excusable neglect for failing to file a timely response." *Babakr v. Fowles*, No. 23-3026, 2024 U.S. App. LEXIS 8184, at *12 (10th Cir. Apr. 5, 2024). "The burden of establishing excusable neglect is upon an appellant, even one proceeding pro se… The party requesting the extension must make a clear showing that the circumstances causing the delay were unique and that the neglect was excusable." *Birl v. Estelle*, 660 F.2d 592, 593 (5th Cir. 1981) (internal quotations and citations omitted).

## Conclusion

Defendants Joshua Moon and Lolcow, LLC take no position on whether the Court should extend the deadline with respect to any motion for which the deadline has not already elapsed. Fed. R. Civ. P. 6 (b)(1)(A). Defendants submit that motions for which the deadline has elapsed should not be subject to such an extension and should be granted as unopposed. DUCivR 7-1 (f) ("failure to respond timely to a motion may result

in the court granting the motion without further notice."), Fed. R. Civ. P. 6 (b)(1)(B) (requiring a showing of excusable neglect for failing to meet a deadline).

Defendants further note that Mr. Greer's Motion is inaccurate insofar as it purports to state that Defendants threatened sanctions against Mr. Greer for failure to respond to a defense motion. ECF No. 264 at 2, citing ECF No. 264 at 7. Instead, as indicated in Mr. Greer's own exhibit, Defendants requested Mr. Greer provide any reason a motion for sanctions should not be filed *as a result of Mr. Greer's materially false statements* at ECF No. 213 (accusing Mr. Moon of a felony and stating that Mr. Greer would provide a police case number to back up that false accusation).

DATED March 28, 2025

                                              **HARDIN LAW OFFICE**

                                              */s/ Matthew D. Hardin*
                                              **Matthew D. Hardin**
                                              *Attorney for Defendants Joshua Moon and Lolcow, LLC*