FILED
2025 APR 1 AM 1:23
CLERK
U.S. DISTRICT COURT

Russell Greer
1100 Dumont Blvd
Apt 139
Las Vegas, NV 89169
801-895-3501
russmark@gmail.com
Pro Se Litigant

IN THE UNITED STATES DISTRICT COURT

DISTRICT OF UTAH

| | |
|---|---|
| **RUSSELL GREER**<br><br>Plaintiff<br><br>v.<br><br>**JOSHUA MOON ET AL**,<br><br>Defendants | **PLAINTIFF'S MOTION FOR SANCTIONS UNDER FRCP 11(b)(1) AGAINST MATTHEW D. HARDIN FOR ECF 267**<br><br>Case No.:   2:24-cv-00421-DBB-JCB |

1

Plaintiff Russell Greer comes now and says:

## INTRODUCTION

For the past year, Defendants, by and through their attorney Matthew Hardin, have filed countless, unnecessary notices and motions. On March 31st, 2025, Defendants filed a Notice of a Nye County, Nevada police report that plaintiff made in November 2024. Not only did Defendants contort the report and what plaintiff said in the report, but by filing that notice, they are "causing unnecessary delay," in violation of Federal Rules of Civil Procedure 11(b)(1).

This isn't new. Defendants have plagued this case with abusive and annoying notices ever since Matthew Hardin, who isn't even licensed to practice law in Utah and is a guest in this District under a pro hac vice admission, joined the case.

The only way these extremely abusive notices will stop is if Defendants' counsel starts getting sanctioned by this Court for plaguing the Court with unnecessary delay.

## ECF 267

On March 31st, 2025, Defendants, by and through their attorney Matthew Hardin, filed a notice purporting to support their motion to withdraw Plaintiff's IFP status. The notice alerted this Court to a police report Greer filed in November of 2024. The police report was against a woman who bought land Greer had been trying to secure, through investors. This woman bought the land through false pretenses and had the land purposely demolished and put on a show for the demolition because she disagreed with the historic property's subject matter. That's wrong. That's theft under false pretenses.

But most of all — that has nothing to do with this case.

## REPORT HAS ZERO TO DO WITH THIS CASE

Defendants are trying to imply that because Greer wrote in the report, "I run an LLC in Nevada that wanted to purchase the Cherry Patch: the rustic building with the female statue in Crystal," that Greer therefore somehow has access to millions of dollars.

2

There's a few things wrong with this notice:

1. Defendants are confusing properties. There was the Love Ranch South, formerly located at 3850 South Appaloosa Lane, Crystal, NV 89048. And then there was the Cherry Patch Ranch, which sat at 3374 South Appaloosa Lane, Crystal, NV 89048, up the street from the Love Ranch South. It was described in the police report as "*the rustic building with the female statue in Crystal*."

**2.** The Love Ranch was 1.2 million. The Cherry was considerably less because it had not been maintained. The Cherry was valued at around $50,000 to $100,000. If defendants had properly read the report, it clearly said that plaintiff, through investors and LLC, "wanted to purchase the Cherry Patch: the rustic building with the female statue in Crystal." **EXHIBIT A.**

3. So at the most, plaintiff, through investors, wanted to purchase "the rustic building with the female statue in Crystal" for $50,000 to $100,000.

4. The Love Ranch South was the nicer, $1.2 million property that plaintiff would have loved to also manage had he had access to said amount of money, which it is undetermined if people he knows could have paid that much in cash.

5. Defendants are also confusing the $1.2 million amount. That amount was publicized through the news when the LRS, the Cherry patch and 100 acres of other land were all sold together in a combined sale. So it's doubtful the LRS by itself was $1.2 million.

6. At no time in the report did plaintiff purport to be personally wealthy. He simply said his LLC wanted to purchase it, but gave no details how he sought to.

Not only are defendants twisting what a police report said, that **has zero to do with this case,** but they are causing unnecessary delay with this litigation by overburdening this Court with matters that have zero to do with this case.[1]

Plaintiff has established that (1) he never claimed to be personally wealthy, (2) the purchase was going to be through investors and (3) said purchase was not worth millions of dollars. With that established, ECF 267 was a frivolous filing and has caused unnecessary delay to this case.

### FRCP 11(b)(1)

FRCP 11(b)(1) says that parties to a case agree that any filing is not being used for "any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation." "Deterrence is, however, the primary goal of the sanctions." *Cooter & Gell v. Hartmarx Corp.,* ___ U.S. ___, 110 S.Ct. 2447, 2454, 110 L.Ed.2d 359 (1990) ("It is now clear that the central purpose of Rule 11 is to deter baseless filings in District Court and thus, ... streamline the administration and procedure of the federal courts.")

### ECF 267 Is In a Long Line of Frivolous Notices from Defendants

If the Court kindly looks through this docket, it will see that Defendants have plagued this case with numerous frivolous notices and motions: ECF 261 (a notice regarding returned payment, which has nothing to do with the merits of this case); ECF 253 (motion seeking to review plaintiff's IFP status, which is a motion meant to cause delay); ECF 238 (a motion that defendants sought to have Greer disclose irrelevant information regarding irrelevant information in Greer's personal life. Defendants' lawyer sent Greer a threat through email that he was going to seek attorneys fees if he was granted short form discovery. Motion denied). In 2024, defendants had filed notices complaining about dates on documents. Another notice, ECF 155, in October 2024 complained about "profane language" in a private email to defendants' lawyer.

---

[1] Defendants have also filed ECF 268, claiming to reaffirm that plaintiff has access to millions of dollars. This assertion is false and therefore ECF 268 is a frivolous filing as well.

These are notices that have no purpose being filed in court as they do not help defendants with their defense. Instead, they cause delay. In total, there has been over 30 notices and motions filed in this court that are frivolous or cause delay.

To prevent these frivolous notices that continue to plague this docket, plaintiff seeks fees and a written admonition against Matthew D. Hardin.

## Appropriate Sanctions

Although the rule specifically allows the award of attorney's fees to the opposing party as an appropriate sanction, the award of fees "is but one of several methods of achieving the various goals of Rule 11." *Doering v. Union County Bd. of Chosen Freeholders*, 857 F.2d 191, 194 (3d Cir.1988). A sanction can be made upon considering multiple events together as a whole. *See Lupo v. R. Rowland & Co.,* 857 F.2d 482, 485-86 (8th Cir.1988) (affirming district court award of sanctions based on "bulk of filings" and "conduct of litigation").

No reasonable attorney would keep filing as many unnecessary notices as Mr. Hardin has. See *Gaiardo v. Ethyl Corp.*, 835 F.2d 479, 482 (3d Cir.1987) (Rule 11 intended to prevent abuses arising from bad faith, negligence, and to some extent, professional incompetence).

Plaintiff seeks a reasonable fee of $5,000 against Matthew D. Hardin because it is a small, but reasonable deterrent to try getting Mr. Hardin to cease these frivolous notices that cause so much delay.

Plaintiff also seeks a written admonition against Mr. Hardin, warning him to stop filing these unnecessary notices.

## CONCLUSION

Plaintiff would ask Rule 11(b)(1) sanctions against opposing counsel in the form of a monetary fee of $5,000 and a non-monetary penalty of an admonishment.

Respectfully

DATED: 04-01-25

Russell Greer

/rgreer/

Pro Se

## **CERTIFICATE OF SERVICE:**

Pursuant to FRCP 5(b), I certify that on 4-1-25, I served a true and correct copy of the attached document by ECF to all attorneys on record.

# **EXHIBIT A**



```
2024-11-22T22:58:48.082Z Race - White Gender - Male License Number and State -
```

Case 2:24-cv-00421-DBB-JCB   Document 267-1   Filed 03/31/25   PageID.1366   Page 2 of 3

```
03/31/25                         Nye County Sheriffs Office                      4229
13:56                              CALL DETAIL REPORT                   Page:       2

N/A Phone Number -             Email Address -                            Date &
Time of Offense - 2024-11-22T22:58:48.082Z Location of Offense - 100 Appaloosa
Way, Crystal, NV 89060 Property Information & Value - Former brothel Please
select one in regard to Suspect Information. - I can provide personal info or
some info.
Are there witnesses? - Yes
If yes, provide witness name and contact information. - News Media was there.
Please pick one in regard to the narrative of the criminal offense/incident. - I
can provide personal info or some info.
Summary - I am seeking to file a police report against Jan Jensen and would ask
for charges to be brought against her under NRS 205.380 (obtaining money,
property or labor under false pretenses).

Jan Jensen is the owner of the two brothels she just had demolished in the
Crystal, NV area.

Jan deceived the previous owners and hid the fact that she is strictly against
prostitution. Dennis Hof previously owned the properties and there is no way he
would have let them be bull dozed, even for a one million dollar purchase. When
Dennis died in 2018, he let the properties shift to his successor Suzette.
Suzette sold the brothels in 2022 and I dont believe she knew of Jans hatred
towards sex work.

Therefore, Jan purchased the property under false pretenses.  Under the statute,
false pretenses are a representation of some fact or circumstance which is not
true and is calculated to mislead; it may consist of any words or actions
intended to deceive. Buckner v. State, 95 Nev. 117, 590 P.2d 628 (1979).

I am directly harmed by Jans fraudulent purchase of the property and subsequent
bulldozing them because I run an LLC in Nevada that wanted to purchase the
Cherry Patch: the rustic building with the female statue in Crystal.

I actually had written Jan directly and her representatives for a year, trying
to convince her to sell.

Those were historic buildings that nobody can ever operate because some crazy
woman LIED to obtain them for the sole purpose of demolishing them.

Here is the news article covering the event:
https://pvtimes.com/news/crystals-historic-love-ranch-brothel-demolished-137582/
?utm_campaign=widget&utm_medium=most_read

I firmly believe under penalty of perjury that Jan lied to obtain the property.
A trial would have to be held to get all the facts, but prima facie, a crime was
indeed committed.

The facts are clear that Jan lied to obtain property. I have legal standing to
file this police report, I am harmed as a person who wanted to run the brothel
and I am requesting a report be filed so the county attorney can press charges
against Jan.
Your full legal name - Russell Godfrey Greer Digital Signature: I affirm and
agree. - True
16:31:06 11/22/2024 - Johnson T.
Address change from CRYSTAL; NYE ; PHONECALL to CHERRY PATCH; PHONECALL
16:57:22 11/22/2024 - McFarland E L
Q: What exactly has happened
A: Uncertain
```

Case 2:24-cv-00421-DBB-JCB   Document 267-1   Filed 03/31/25   PageID.1367   Page 3 of 3

```
03/31/25                         Nye County Sheriffs Office                      4229
13:56                              CALL DETAIL REPORT                   Page:       3

Q: How did you become aware of the theft?
A: Uncertain
17:28:40 11/22/2024 - Finlayson N
CALLING RP, GOOGLE VOICE NUMBER.
17:29:19 11/22/2024 - Finlayson N
LEFT VM
17:30:37 11/22/2024 - Finlayson N
```

🔒 ecf.utd.uscourts.gov