**Matthew D. Hardin (*pro hac vice*)**
**HARDIN LAW OFFICE**
101 Rainbow Drive # 11506
Livingston, TX 77399
Telephone: (202) 802-1948
Email: MatthewDHardin@gmail.com
*Attorney for Defendants*
*Joshua Moon and Lolcow, LLC*

THE UNITED STATES DISTRICT COURT
DISTRICT OF UTAH

| | |
|---|---|
| RUSSELL GREER,<br><br>  Plaintiff,<br><br>v.<br><br><br>JOSHUA MOON, *et al*.<br><br>  Defendants. | **Motion to Strike ECF No. 269 and Alternative Motion for Extension of Time to Oppose ECF No. 269**<br><br>Case No. 2:24-cv-00421-DBB<br><br>District Judge David Barlow<br>Magistrate Judge Jared C. Bennett |

NOW COME the Defendants, by and through their undersigned counsel, and move that this Court strike the Plaintiff's improper and premature Second Motion for Sanctions at ECF No. 269. Alternatively, Defendants move for an extension of time to respond to the improper Motion for Sanctions, for the same reasons already set forth by Defendants at ECF No. 265 in response to another of Plaintiff's Motions. ECF No. 263. In support of this Motion, Defendants state as follows:

1. Mr. Greer purports at ECF No. 269 to seek sanctions against undersigned counsel pursuant to Fed. R. Civ. P. 11. But Mr. Greer has ignored the requirement that he serve undersigned counsel with a motion for sanctions 21 days prior to filing it with the Court. Fed. R. Civ. P. 11 (c)(2).

2. Mr. Greer is well aware of Rule 11's requirement. *See generally* ECF No. 265 (attaching multiple exhibits in which Mr. Greer was personally informed of the

21-day service requirement) and ECF No. 234 (previous motion for sanctions against Mr. Greer, which was properly served 21 days prior to being filed with the Court). Nevertheless, and for the second time, Mr. Greer has improperly filed a motion for sanctions against undersigned counsel without following the requirements of Rule 11.

3. The Tenth Circuit has held that compliance with the procedural requirements of Rule 11, including the 21-day "safe-harbor" requirement, is mandatory. *Mellott v. MSN Commc'ns, Inc.*, 492 F. App'x 887, 888 (10th Cir. 2012). It would be an abuse of discretion for the Court to award sanctions if the procedural requirements of Rule 11 are not fully complied with. *Id*. Therefore, there is no reason for this Court to even consider addressing the merits of Mr. Greer's Motion, because Plaintiff's failure to comply with the proper procedure for filing it is itself fatal.

WHEREFORE, for the reasons set forth herein, and in ECF No. 265, the Court should either strike Mr. Greer's improper Motion for Sanctions outright, or alternatively grant Defendants an extension of time to respond to Mr. Greer's latest improper motion through and including May 16, 2025, so that Defendants can serve Mr. Greer with an appropriate cross-motion under Rule 11.

DATED April 2, 2025

        **HARDIN LAW OFFICE**

        /s/ Matthew D. Hardin
        **Matthew D. Hardin**
        *Attorney for Defendants Joshua Moon and Lolcow, LLC*