# THE UNITED STATES DISTRICT COURT

# DISTRICT OF UTAH

| | |
|---|---|
| **RUSSELL G. GREER,**<br><br>      **Plaintiff,**<br><br>v.<br><br>**JOSHUA MOON, publisher of the website Kiwi Farms; and LOLCOW LLC,**<br><br>      **Defendants.** | **MEMORANDUM DECISION AND ORDER**<br><br>**Case No. 2:24-cv-00421-DBB-JCB**<br><br>**District Judge David Barlow**<br><br>**Magistrate Judge Jared C. Bennett** |

This case was referred to Magistrate Judge Jared C. Bennett under 28 U.S.C. § 636(b)(1)(B).[1] Before the court are two motions: pro se Plaintiff Russell G. Greer's ("Mr. Greer") motion for Fed. R. Civ. P. 37(b) sanctions against Defendants Joshua Moon and Lolcow LLC's ("Defendants") attorney, Matthew D. Hardin ("Mr. Hardin"),[2] and Defendants' motion for extension of time to respond to this motion.[3] The court has carefully reviewed the parties' written memoranda. Under DUCivR 7-1(g), the court concludes that oral argument is not necessary and, therefore, decides the motion on the written memoranda. For the reasons explained below, the court denies Mr. Greer's motion for sanctions. Consequently, Defendants' motion for extension of time is rendered moot.

---

[1] ECF No. 130. This case originated in this court as Case No. 2:20-cv-00647-DBB-JCB and was transferred to the Northern District of Florida. That district returned it to this court and it was reopened with this case number.

[2] ECF No. 263.

[3] ECF No. 265.

### BACKGROUND

At a November 18, 2024 scheduling conference with the parties, the parties indicated this case would involve the disclosure of information, documents, or other materials that will be designated as confidential or attorneys' eyes only.[4] Therefore, the court found good cause existed to enter the court's Standard Protective Order ("SPO"),[5] which is effective by operation of DUCivR 26-2 and the Scheduling Order entered following the scheduling conference.[6]

In December, Mr. Greer provided Defendants with the names and phone numbers of yet-to-be-disclosed potential witnesses, following a court order to do so.[7] Mr. Greer states he inadvertently turned over this information to Mr. Hardin without indicating it should be ATTORNEYS' EYES ONLY under the SPO because he was never given a copy of the SPO and, consequently, was unaware he needed to formally designate information as CONFIDENTIAL or ATTORNEYS' EYES ONLY in his correspondence with Mr. Hardin.[8] Instead, Mr. Greer says he believed any disclosure of information about Mr. Greer's potential witnesses to Mr. Hardin would automatically be private and confidential and, if not, that Defendants should have known

---

[4] ECF No. 174.

[5] Available on the court's website at:
https://www.utd.uscourts.gov/sites/utd/files/Standard%20Protective%20Order%20.pdf.

[6] ECF No. 177.

[7] ECF No. 189.

[8] ECF No. 263 at 4. As previously mentioned, the SPO does not need to be entered in the case docket to be effective as it is in force by operation of DUCivR 26-2 and the Scheduling Order entered November 19, 2024. It is accessible to the parties on the court's website. Although this case was originally filed in 2020, because neither a schedule nor a protective order were entered in this case until 2024, the SPO that applies to cases filed in this court on or after December 1, 2023 is the applicable SPO in this matter.

Mr. Greer wanted the information to be kept private and confidential.[9] After Mr. Greer sent Defendants the names and phone numbers of Mr. Greer's potential witnesses, Defendants filed a notice arguing that Mr. Greer's production remained deficient because Mr. Greer had not provided any information about the subject of those individuals' knowledge or their addresses as required by Fed. R. Civ. P. 26(a)(1)(A)(i).[10] Defendants attached to their notice a copy of Mr. Greer's email to Defendants, with the witness names and their phone numbers unredacted and publicly available.[11] Mr. Greer contends that this filing by Defendants constitutes a violation of the SPO by Mr. Hardin.[12] Mr. Greer also argues that Mr. Hardin violated the SPO in later filings by publishing the email addresses of Mr. Greer's potential witnesses[13] and identifying a Wyoming address Mr. Greer provided to Defendants for the payment of witness fees accompanying his subpoena.[14] Accordingly, Mr. Greer requests that the court sanction Mr. Hardin under Fed. R. Civ. P. 37(b) for violation of the SPO in these instances.

## ANALYSIS

The court denies Mr. Greer's motion for sanctions because, regardless of whether Mr. Greer had designated this information as CONFIDENTIAL or ATTORNEYS' EYES ONLY, the information discussed above does not qualify for this kind of protection under the SPO. Under the SPO, a person who produces information, documents, or other materials may designate them

---

[9] *Id.*
[10] ECF No. 194.
[11] ECF No. 194-1.
[12] ECF No. 263.
[13] ECF No. 197-4; ECF No. 197-5.
[14] ECF No. 211-3.

as CONFIDENTIAL when they in good faith believe the information, documents, or materials contains:

> trade secrets or nonpublic proprietary confidential technical, scientific, financial, business, health, or medical information, including confidential health information under the Health Insurance Portability and Accountability Act of 1996 and its enabling regulations.[15]

Additionally, a person may designate material as ATTORNEYS' EYES ONLY when they in good faith believe the information, documents, or other material contain:

(a) sensitive technical information including current research and development, manufacturing information, and patent prosecution information;
(b) sensitive business information including highly sensitive financial or marketing information and the identity of suppliers, distributors, and customers (potential and actual);
(c) competitive technical information including technical analyses or comparisons of competitor's products;
(d) competitive business information including nonpublic financial or marketing analyses or comparisons of competitor's products and strategic product planning; or
(e) any other CONFIDENTIAL information the producing party reasonably and in good faith believes would likely cause harm if disclosed to anyone other than those listed in section (B)(1)(a)-(h).[16]

The names, phone numbers, and email addresses of Mr. Greer's potential witnesses are not CONFIDENTIAL under the SPO's definition because they are not a trade secret, nonpublic proprietary confidential technical, scientific, financial, business, health, or medical information. Nor is this information subject to ATTORNEYS' EYES ONLY designation, as it is not sensitive or competitive technical or business information. This same analysis applies to Mr. Greer's

---

[15] SPO at 2.
[16] *Id.*

Wyoming address disclosed to Defendants. Therefore, setting aside Mr. Greer's failure to label any information disclosed to Defendants as CONFIDENTIAL or ATTORNEYS' EYES ONLY, even if he had done so, the court finds it would not qualify as protectable information under the SPO. Accordingly, the court DENIES Mr. Greer's motion for sanctions[17] and FINDS AS MOOT Defendants' motion for extension of time.[18]

    IT IS SO ORDERED.

    DATED this 2nd day of April 2025.

                                    BY THE COURT:

                                    JARED C. BENNETT
                                    United States Magistrate Judge

---

[17] ECF No. 263.

[18] ECF No. 265. The court also notes that, contrary to Defendants' assertion, Mr. Greer's motion for sanctions was brought under Fed. R. Civ. P. 37(b), not Fed. R. Civ. P. 11(c)(2), therefore Defendants' argument that Mr. Greer was required to serve the motion for sanctions on Defendants 21 days before filing is inapplicable.