## THE UNITED STATES DISTRICT COURT

## DISTRICT OF UTAH

| | |
|---|---|
| **RUSSELL G. GREER,** | **ORDER** |
| **Plaintiff,** | **Case No. 2:24-cv-00421-DBB-JCB** |
| **v.** | **District Judge David Barlow** |
| **JOSHUA MOON, publisher of the website Kiwi Farms; and LOLCOW LLC,** | **Magistrate Judge Jared C. Bennett** |
| **Defendants.** | |

This case was referred to Magistrate Judge Jared C. Bennett under 28 U.S.C. § 636(b)(1)(B).[1] Before the court is pro se Plaintiff Russell G. Greer's ("Mr. Greer") motion for a two-week extension of time[2] to respond to pending motions filed by Defendants Joshua Moon and Lolcow LLC ("Defendants").[3] Because Mr. Greer seeks to extend response deadlines that have already expired, the court must consider Fed. R. Civ. P. 6(b)(1)(B). That rule provides that "the court may, for good cause," extend a deadline after it has expired "if the party failed to act

---

[1] ECF No. 130. This case originated in this court as Case No. 2:20-cv-00647-DBB-JCB and was transferred to the Northern District of Florida. That district returned it to this court and it was reopened with this case number.

[2] ECF No. 264.

[3] Although Mr. Greer has not identified which specific motions he seeks an extension of time to respond to, the court presumes Mr. Greer seeks an extension of time to respond to Defendants' Motion to Stay (ECF No. 245), Defendants' Motion to Review Mr. Greer's IFP Status (ECF No. 253), and Defendants' Motion to Screen Mr. Greer's Amended Complaint (ECF No. 258). The deadline to respond to each of these motions has passed. Defendants oppose any extension of time related to motions for which the response time has elapsed. ECF No. 266.

because of excusable neglect."[4] Thus, in seeking to extend time to respond to Defendants'
motions after the deadline to do so has passed, Mr. Greer must show both "good cause" and
"excusable neglect." Mr. Greer cannot meet either standard.

The United States Court of Appeals for the Tenth Circuit has recognized that good cause
and excusable neglect are not identical but are interrelated.[5] With respect to what is required to
show good cause, the Tenth Circuit has stated:

> Without attempting a rigid or all-encompassing definition of good
> cause, it would appear to require *at least as much* as would be
> required to show excusable neglect, as to which simple inadvertence
> or mistake of counsel or ignorance of the rules usually does not
> suffice, and some showing of good faith on the part of the party
> seeking the enlargement and some reasonable basis for
> noncompliance within the time specified is normally required.[6]

"'[G]ood cause' requires a greater showing than 'excusable neglect.'"[7] "Good cause comes into
play in situations in which there is no fault—excusable or otherwise. In such situations, the need
for an extension is usually occasioned by something that is not within the control of the movant."[8]
"It requires the moving party to show the deadline cannot be met despite the movant's diligent
efforts."[9]

To determine whether the lesser standard of excusable neglect is shown,

---

[4] Fed. R. Civ. P. 6(b)(1)(B).

[5] *In re Kirkland*, 86 F.3d 172, 175 (10th Cir. 1996); *Putnam v. Morris*, 833 F.2d 903, 905 (10th Cir. 1987).

[6] *In re Kirkland*, 86 F.3d at 175 (emphasis in original) (quotations and citations omitted); *see also Putnam*, 833 F.2d at 905.
[7] *In re Kirkland*, 86 F.3d at 175.

[8] *Utah Republican Party v. Herbert*, 678 F. App'x 697, 700-01 (10th Cir. 2017) (quotations and citation omitted).

[9] *Id.* at 701 (quotations and citation omitted).

a court must take into account "all relevant circumstances surrounding the party's omission." These include four relevant factors: (1) "the danger of prejudice" to the nonmoving party; (2) "the length of the delay and its potential impact on judicial proceedings"; (3) "the reason for the delay, including whether it was within reasonable control of the movant"; and (4) "whether the movant acted in good faith."[10]

The third factor (i.e., fault in the delay) is the single most important factor in determining whether a party's neglect is excusable.[11] Given that establishing good cause under Rule 6(b)(1) requires at least a showing of excisable neglect, the court first considers whether Mr. Greer establishes excusable neglect for his failure to file responses on time. The court finds that he does not.

As to the first factor, Defendants fail to identify any prejudice that would result from granting an extension,[12] and the court cannot see how any prejudice would occur if it were to allow Mr. Greer two weeks to file his responses. Specifically, even if the court extended Mr. Greer's response deadline, the pending motions would still be fully briefed for the motion hearing set for May 6, 2025.[13] For the same reason, the length of delay will not adversely impact judicial proceedings (i.e., second factor).

---

[10] *Shifers v. Arapahoe Motors, Inc.*, No. 17-CV-01753-CMA-KLM, 2018 WL 6620866, at *3 (D. Colo. Dec. 18, 2018) (citations omitted) (quoting *Pioneer Inv. Servs. Co.*, 507 U.S. at 395); *see also Shifers*, 2018 WL 6620866, at *3 (providing that although the *Pioneer* Court's "discussion of excusable neglect . . . concerned Bankruptcy Rule 9006(b)(1), . . . its analysis rested on the plain meaning of the terms . . . . Accordingly, the Court of Appeals for the Tenth Circuit has extended the *Pioneer* standard of excusable neglect to motions arising under . . . Federal Rule of Civil Procedure 6(b)."(citing multiple Tenth Circuit cases) (quotations and citations omitted)).

[11] *Shifers*, 2018 WL 6620866, at *3.

[12] ECF No. 266.

[13] ECF No. 260.

However, as to the third and most important factor, Mr. Greer has not provided an adequate reason for failing to timely respond to Defendants' motions. Mr. Greer states only that "this isn't [Mr. Greer's] full time job," and he was not able to respond by the deadlines "[d]ue to the stresses of life."[14] Additionally, Mr. Greer states that he was unable to respond to the motions because, for the past two months, he was drafting a motion for sanctions.[15] Moreover, Mr. Greer has proven time and again that he knows how to file motions with this court. He easily could have filed a motion for extension of time *before* the deadlines for responding to each motion despite his efforts to draft and file other motions. This factor alone makes Mr. Greer's failure inexcusable as failing to work on responses to Defendants' motions was entirely within Mr. Greer's control. Rather than responding to a series of motions already before the court, Mr. Greer chose to spend time drafting another motion, which the court denied within four days of its filing.[16]

Additionally, contrary to Mr. Greer's assertion, his pro se status does not constitute excusable neglect for failing to file timely responses.[17] Although the court sympathizes with the stressors and responsibilities Mr. Greer appears to be juggling, as the plaintiff in this lawsuit, Mr. Greer is responsible for prosecuting this case, which includes responding to Defendants'

---

[14] ECF No. 264 at 2.

[15] *Id.*; ECF No. 263.

[16] ECF No. 272.

[17] *Babakr v. Fowles*, No. 23-3026, 2024 WL 1479693, at *5 (10th Cir. 2024) (citing *Garrett v. Selby Connor Maddux & Janer*, 425 F.3d 836, 840 ("pro se parties [must] follow the same rules of procedure that govern other litigants." (internal quotation marks omitted)) and *Quigley v. Rosenthal*, 427 F.3d 1232, 1238 (10th Cir. 2005) (pro se party's "inadvertence, ignorance of the rules, and mistakes construing the rules do not constitute excusable neglect for purposes of Rule 6(b)")).

motions. Thus, as to the fourth and final factor, Mr. Greer has not given any adequate reason beyond Mr. Greer's control for missing these deadlines. Because demonstrating good cause under Rule 6(b)(1)(B) requires *at least as much* as what is required to show excusable neglect, Mr. Greer's proffered explanations discussed above are insufficient to show that failing to meet deadlines was not within Mr. Greer's control. For these reasons, the court DENIES Mr. Greer's motion for extension of time.[18]

IT IS SO ORDERED.

DATED this 3rd day of April 2025.

BY THE COURT:

JARED C. BENNETT
United States Magistrate Judge

---

[18] ECF No. 264.