**Matthew D. Hardin (pro hac vice)**
**HARDIN LAW OFFICE**
101 Rainbow Drive # 11506
Livingston, TX 77399
Telephone: (202) 802-1948
Email: MatthewDHardin@gmail.com
*Attorney for Joshua Moon and Lolcow, LLC*

## THE UNITED STATES DISTRICT COURT
## DISTRICT OF UTAH

| | |
|---|---|
| RUSSELL GREER,<br><br>    Plaintiff,<br><br>v.<br><br><br>JOSHUA MOON, et al.<br><br>    Defendant. | **JOSHUA MOON & LOLCOW LLC'S MOTION TO DISMISS**<br><br>Case No. 2:24-cv-421-DBB-JDB<br><br><br>District Judge David Barlow<br>Magistrate Judge Jared Bennett |

NOW COME the Defendants, and move that Plaintiff's Amended Complaint, ECF. No. 247, be dismissed pursuant to Fed. R. Civ. P. 12 (b)(2), 12 (b)(3), 12 (b)(4), 12 (b)(5), 12 (b)(6), and 12 (b)(7).

Defendants respectfully incorporate by reference the below Memorandum of Law and the Declaration of Joshua Moon, and also the earlier motions and arguments made

at ECF Nos. 20,[1] 62-65,[2] and 258.[3]

## I.    Introduction

The Plaintiff (ostensibly a Nevadan) improperly began this litigation four years ago in a Court that had no personal jurisdiction over Joshua Moon (a Floridian) or Lolcow, LLC (a West Virginia LLC). Unsurprisingly, Mr. Greer never effectuated service upon the Floridian he sued or upon a West Virginia LLC via any means other than email. ECF Nos. 10 (denying Plaintiff's first motion for alternative service) and 16 (granting --- inexplicably – Plaintiff's second motion for alternative service, which was substantially similar to his first motion, after Plaintiff made no showing that he had even attempted proper service upon Defendants). Although former defense counsel declined to raise jurisdictional bars in his motion to dismiss on behalf of Mr. Moon and "Kiwi Farms" at ECF No. 20, Mr. Greer has voluntarily chosen to amend his complaint and rendered his

---

[1] For purposes of preserving their objections, Defendants Joshua Moon and Lolcow, LLC respectfully submit that the earlier Motion to Dismiss filed by former counsel Greg Skordas was properly granted at ECF No. 37, and that the Tenth Circuit's opinion in *Greer v. Moon*, 83 F.4th 1283 (10th Cir. 2023) was erroneous. Alternatively and additionally, Defendants submit that the Amended Complaint, ECF No. 247, is substantially similar to the original complaint, ECF No. 3, and that the Court should dismiss the Amended Complaint for the same reasons it dismissed the original complaint.

[2] Defendants respectfully submit that although the Motion for Joinder, Motion for a More Definite Statement, and Motion to Strike were all filed in response to Plaintiff's original Complaint, the arguments contained therein are equally applicable to Plaintiff's Amended Complaint. As such, Defendants incorporate those filings by reference here rather than filing renewed separate motions.

[3] Ordinarily, a Motion to Dismiss assumes the truth of the Plaintiff's factual allegations. *Greer v. Moon*, 83 F.4th 1283, 1288 n.5 (10th Cir. 2023). However, when a Plaintiff is proceeding *in forma pauperis*, there is an exception to the general rule: the Court should dismiss a Complaint when plaintiff "cannot corroborate any of the facts he alleges." *Allen v. Facebook*, No. 24-3080, 2024 U.S. App. LEXIS 27847, at *2-3 (10th Cir. Nov. 4, 2024). Mr. Greer admits that he cannot possibly corroborate any of his factual allegations in this matter, because he has disclosed only two witnesses and later withdrew those same witnesses, stipulating that he would present absolutely no testimony in his case in chief. ECF No. 201.

former pleadings "of no legal effect." *Franklin v. Kan. Dep't of Corr.*, 160 F. App'x 730, 734 (10th Cir. 2005). Thus, Defendants now have the opportunity to relitigate this case from the beginning and raise the fatal jurisdictional and service problems that preclude this Court from entering any judgment other than one of dismissal.

But the lack of jurisdiction is not the only thing that should prevent this Court from proceeding any further with this case. Mr. Greer has also failed to state a claim, and failed to join (or even make the most basic attempts to serve or request a summons for) necessary parties that Mr. Greer has added to this litigation of his own accord.[4] And Mr. Greer is proceeding as a pauper in this case, such that Mr. Greer's factual contentions need not be accepted at face value, and this Court is empowered to "pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless." *Neitzke v. Williams*, 490 U.S. 319, 324, 109 S. Ct. 1827, 104 L. Ed. 2d 338 (1989). Mr. Greer has confessed he intends to present no testimony at all in his case in chief. ECF No. 201. But "plaintiff bears the burden of proof" in contributory

---

[4] As of this filing, despite the passage of over a month's time since the Amended Complaint was filed at ECF No. 247 and approximately four months' time since the amended complaint was proposed at ECF No. 209, Mr. Greer has not made any efforts to obtain the identity of "Moseph.Jartelli" or "Russtard." Nor did Mr. Greer oppose the Defendants' Motion for a Stay of discovery until those Defendants could be served. ECF No. 273 (denying extension of time to respond to ECF No. 245, *inter alia*). A "complete failure to serve a necessary party" is not harmless and may result in dismissal. *Hutchinson v. People in Key Roles of Offices of Dir. & Chief Couns. of Def. Fin. & Accounting Serv.*, No. 24-11491, 2024 U.S. App. LEXIS 31077, at *19 (11th Cir. Dec. 9, 2024). Notably, neither "Moseph.Jartelli" nor "Russtard" have ever been disclosed by Plaintiff as individuals who possess discoverable information in this case. ECF No. 201. Nor has Mr. Greer offered any disclosure which would indicate that Defendants have any knowledge of who the two "Doe" defendants are. *Id*. This case cannot proceed, because Mr. Greer has named parties he apparently has no intention of serving, and because Mr. Greer cannot conduct discovery into the identity of the Does insofar as the Plaintiff has failed to identify or disclose any individual who would know who the Does are, and Mr. Greer has also effectively consented to Defendants' motion to stay at ECF No. 45 by failing to respond to that motion.

copyright cases. *La Resolana Architects, PA v. Reno, Inc.*, 555 F.3d 1171, 1177 (10th Cir. 2009) (holding, *inter alia*, that a contributory copyright case requires proof of a direct infringement). Because Plaintiff has stipulated that he intends to present no testimony in his case in chief, Mr. Greer cannot possibly carry his burden of proof.[5] This Court should therefore dismiss the case outright or convert the instant motion to dismiss into a motion for summary judgment under Fed. R. Civ. P. 12 (d) in light of the Plaintiff's manifest inability to proceed to trial. ECF No. 201.

## II.    Standard of Review

The Plaintiff has the burden to establish the Court's jurisdiction over Defendants and to prove that all Defendants were properly served. *Fed. Deposit Ins. Corp. v. Oaklawn Apartments*, 959 F.2d 170, 173 (10th Cir. 1992). Although the Court can allow the plaintiff to carry that burden by various means, to include declarations, affidavits, or an evidentiary hearing, *id*. at 174, any judgment entered without the plaintiff first establishing the Court's jurisdiction is void. *Id*. It is therefore imperative that this Court establish whether it has jurisdiction at the outset, before further judicial resources are wasted in pursuit of a judgment that can never be entered.

"To survive a Rule 12(b)(6) motion, the complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face… This pleading standard does not impose a probability requirement but demands "more than

---

[5] Mr. Greer cannot present any evidence in support of either this Court's jurisdiction or the merits of his claim without running afoul of the stipulation at ECF No. 201. This Court can convert the instant Motion to Dismiss into a Motion for Summary Judgment under Fed. R. Civ. P. 12 (d), but it need not do so in order to take judicial notice of Mr. Greer's stipulations. "All stipulated facts are presumed true for the purposes of the motion to dismiss." *In re Veretto*, 131 B.R. 732, 735 (Bankr. D.N.M. 1991), *cf. St. Louis Baptist Temple, Inc. v. Fed. Deposit Ins. Corp.*, 605 F.2d 1169, 1172 (10th Cir. 1979) (holding that a court may *sua sponte* take judicial notice of its docket).

a sheer possibility that a defendant has acted unlawfully." *Brown v. City of Tulsa*, 124 F.4th 1251, 1263 (10th Cir. 2025) (cleaned up).

## III.    Argument

Defendants Moon and Lolcow, LLC move to dismiss this case under Fed. R. Civ. P. 12 (b)(2), 12 (b)(3), 12 (b)(4), 12 (b)(5), 12 (b)(6), and 12 (b)(7). Jurisdictional, venue, and merits arguments are addressed in turn below.

### a)  This Court has no personal jurisdiction over Defendants Joshua Moon and Lolcow LLC.

This Court has no personal jurisdiction over Joshua Moon or Lolcow, LLC, and Mr. Greer has failed to even plausibly allege facts which could lead this Court to believe it has jurisdiction. Jurisdiction is lacking for two fundamental and related reasons: First, Joshua Moon and the LLC of which he is a sole member are not Utah residents and have never done business or established any relevant nexus to the State of Utah. Second, the Court cannot exercise jurisdiction over Defendants without establishing such jurisdiction by way of a proper summons served within valid territorial limits. *Cory v. Aztec Steel Bldg., Inc.*, 468 F.3d 1226, 1229 (10th Cir. 2006) (service of a summons is a means of establishing a court's jurisdiction over a defendant.), *accord*. Fed. R. Civ. P. 4 (k). Thus, this Court should dismiss the Amended Complaint under Fed. R. Civ. P. 12 (b)(2) (lack of personal jurisdiction), 12 (b)(4) (lack of sufficient process) and 12 (b)(5) (improper service of process).

Plaintiff alleges that this Court has personal jurisdiction because Defendants have "intentionally availed themselves into this Court's jurisdiction." ECF No. 247 at 3, ¶ 12. But the Plaintiff's Amended Complaint is circular at best and incomprehensible at worst when it comes to that allegation: Mr. Greer alleges that Defendants have "intentionally

availed themselves" of Utah's jurisdiction only because they have allegedly committed various actions of copyright infringement. *Id*. Mr. Greer does not allege that the infringement happened in Utah, or even that the infringement has any connection to Utah. Mr. Greer admits that "Defendant Joshua Moon resides in Florida." *Id*. at ¶ 14. Mr. Greer makes no allegations at all about the residence of Lolcow, LLC, *id*. at 4, ¶ 16 (stating only that Lolcow, LLC owns a website), but public records reveal that Lolcow, LLC is a West Virginia LLC.[6] And Defendants freely proffer here that Joshua Moon is the sole member of Lolcow, LLC.[7] Additionally, because Mr. Greer has stipulated that he will not call any witnesses in this case, ECF No. 201, it will be impossible for Mr. Greer to prove jurisdiction "either at a pretrial evidentiary hearing or at trial." *Marine Midland Bank, N.A. v. Miller*, 664 F.2d 899, 904 (2d Cir. 1981).[8]

"The plaintiff bears the burden of establishing personal jurisdiction over the defendant." *Behagen v. Amateur Basketball Asso*., 744 F.2d 731, 733 (10th Cir. 1984). The Tenth Circuit has held in the specific case of LLCs that the relevant "purposeful availment" test requires an analysis of whether an LLC "availed [itself] of the privilege of conducting business" in the forum. *Hood v. Am. Auto Care, Ltd. Liab. Co*., 21 F.4th 1216, 1222 n.2 (10th Cir. 2021). Because LLCs are treated as sharing a domicile with their members, personal jurisdiction over an LLC usually requires personal jurisdiction over those members. *Id*., 21 F.4th at 1219 n.1, *accord. Pepe Tools, Inc. v. Sunstone Eng'g, LLC*, No. CIV-23-907-D, 2024 U.S. Dist. LEXIS 115447, at *3 n.2 (W.D. Okla. July 1,

---

[6] West Virginia Secretary of State, Organization No. 564008, https://apps.wv.gov/SOS/BusinessEntitySearch/Details.aspx?Id=RXSHUys+NDVEHasTdXKhEw==&Search=MgAdSV0kdwzwB2Ez3XTrhw%3d%3d&Page=0 (last visited April 13, 2025).

[7] The attached Declaration of Joshua Moon similarly establishes this point.

[8] Presumably, Mr. Greer cannot attempt to enter any physical or documentary evidence unless such evidence is self-authenticating. Fed. R. Evid. 901.

2024) ("In asserting that it is not a resident of Oklahoma for purposes of personal jurisdiction, Defendant properly focuses on facts that establish the LLC's domicile in Utah..."). And even if the Plaintiff can demonstrate purposeful availment, that is not enough standing alone: "the defendant can still escape jurisdiction by establishing that it would be incompatible with traditional notions of fair play and substantial justice." *Hood*, 21 F.4th at 1222.

Here, Mr. Greer admits that Mr. Moon is a Floridian, and public records show that Mr. Moon is the sole member of the West Virginia LLC that Mr. Greer is suing. Mr. Greer alleges both Mr. Moon and his LLC somehow "purposefully availed themselves" of Utah's jurisdiction, but he does not explain how they did so other than by allegedly infringing copyrights, which is a legal conclusion rather than a factual allegation. The Amended Complaint does not allege that Lolcow, LLC does business in Utah, or even that Mr. Moon has ever set foot in Utah or conducted any activity of any sort in Utah. It is difficult to imagine how Mr. Moon or Lolcow LLC could have availed themselves of the jurisdiction of Utah, and even more difficult to imagine how the exercise of jurisdiction in Utah could comport with "traditional notions of fair play and substantial justice." *Id*.

Perhaps because Mr. Greer knows that Mr. Moon is a Floridian and Lolcow LLC is not conducting business in Utah, Mr. Greer moved that this Court grant leave for alternative service. ECF No. 15. In that motion, Mr. Greer admitted that Mr. Moon's "last known address" was in Pensacola, Florida. ECF No. 15 at 2, ¶ 1. Mr. Greer stated in that motion that he had "made efforts" to locate Mr. Moon, but Mr. Greer did not explain what those efforts were. The Court granted Mr. Greer's second motion for alternative service (after denying his first motion), but that was both erroneous as a matter of law and entirely ineffective in allowing this Court to exercise jurisdiction over the out of state

Defendants in the absence of even minimum contacts with Utah.

The federal rules do not permit service of process via email, and the only way that email service can be permitted in a case involving service of process against a defendant that is not located abroad is by reference to state law as incorporated under Fed. R. Civ. P. 4 (e)(1). *Tycon Sys., Inc. v. Tycon Sec. Advantage Sys. LLC*, No. 2:24-cv-350 HCN DBP, 2024 U.S. Dist. LEXIS 99186, at *2 (D. Utah June 3, 2024) (applying the law of California). But Utah has strict procedures that must be met before service of process via email can be authorized. Utah R. Civ. P. 4 (d)(5). Notably, Utah requires that a motion for alternative service must be accompanied by "an affidavit or declaration" explaining why traditional service cannot be accomplished. *Id*. And Florida, where Mr. Moon was ostensibly "served" via email, flatly prohibits service of process via email. Fla. Stat. 48.031.

None of the requirements of Utah law were satisfied by Mr. Greer, who stated in an unsworn pleading only the legal conclusion that he had made some unspecified efforts to serve Defendants. Even where this Court has allowed service of process (usually under provisions which allow for service of process internationally rather than under Utah state law), it has directed that email service should not be the lone means of service, and that an additional "safeguard" is required. *DP Creations, Ltd. Liab. Co. v. Ke Yi Ke Er Shenzhen Toys Co*., No. 2:23-cv-00311-CMR, 2023 U.S. Dist. LEXIS

165943, at *6 (D. Utah Sep. 18, 2023) (requiring service also be sent via certified mail).[9] And this Court has required a Plaintiff seeking to utilize email service to demonstrate that traditional service is impractical or impossible due to the "alleged avoidance of service." *Inception Mining, Inc. v. Mother Lode Mining, Inc.*, No. 2:24-cv-00171-CMR, 2024 U.S. Dist. LEXIS 202524, at *5 (D. Utah Nov. 6, 2024).

Here, Mr. Greer made no allegation that Mr. Moon was avoiding service of process, and admitted that he knew Mr. Moon's address was in Pensacola. ECF No. 15 at 2, ¶ 1. Yet Mr. Greer made zero efforts to serve Mr. Moon at that Pensacola address, and the Court denied Mr. Greer's first attempt to seek alternative service.[10] ECF No. 10. It is inexplicable why this Court later reversed its position at ECF No. 16 without Mr. Greer having provided any additional facts to demonstrate that traditional service could not be accomplished, and without any indicia that alternative service was permitted either under Utah law or Florida law. Regardless, alternative service via email in this case is not authorized by any provision of the Rules of Civil Procedure in either the federal court system, the Utah court system, or the Florida court system. And the lack of traditional service of process, especially when Defendants have no meaningful contacts

---

[9] The "Declaration of Service" at ECF No. 19 appears to indicate that both Joshua Moon and "Kiwi Farms" were served at the same email address, which address appears to belong only to "Kiwi Farms." Although Lolcow, LLC has since been substituted for "Kiwi Farms," ECF No. 152, this further illustrates that there were no safeguards at all in the type of email service which was actually conducted in this case, and that Mr. Greer served only one copy of the summons and complaint upon one defendant – which was itself a non-entity incapable of being sued. Further, had Mr. Greer attempted to serve a copy of the complaint via certified mail, he could have used the published address set forth in the Declaration of Joshua Moon at ¶ 6. But Mr. Greer appears to have made no efforts at all to serve Defendants in any fashion other than electronically.

[10] An inability to comply with the rules governing service of process has plagued Mr. Greer in his other lawsuits as well. See, e.g., *Greer v. Swift*, No. 3:20-cv-00436, 2020 U.S. Dist. LEXIS 261611, at *1 (M.D. Tenn. Dec. 14, 2020) and *Greer v. Swift*, No. 3:18-cv-00394, 2019 U.S. Dist. LEXIS 56785, at *2 (M.D. Tenn. Feb. 12, 2019).

at all with Utah, is yet another indication that this Court's exercise of jurisdiction over Mr. Moon and Lolcow, LLC would not comport with "traditional notions of fair play and substantial justice." *Hood*, 21 F.4th at 1222.

Defective service of process upon Defendants Moon and Lolcow, LLC in this matter also deprives this Court of jurisdiction over them. Fed. R. Civ. P. 4 (k) provides that "Serving a summons or filing a waiver of service establishes personal jurisdiction over a defendant" in only three circumstances. One of those circumstances is when a defendant is subject to the courts of general jurisdiction in the state in which the district court sits. Fed. R. Civ. P. 4 (k)(1). The other circumstances are when a defendant is served not more than 100 miles from where the summons was issued or where a federal statute expressly authorizes service of a summons. None of these circumstances apply to Mr. Moon or Lolcow LLC: As set forth above, Utah does not allow for alternative service except upon the filing of an affidavit or declaration setting forth particular facts which Mr. Greer failed entirely to establish, and Mr. Greer has not established any facts which would lead the courts of general jurisdiction in Utah to claim jurisdiction over Mr. Moon or his LLC. Indeed, at least one Utah judge has already expressly queried whether Utah could exercise jurisdiction over Mr. Moon specifically in another case Mr. Greer brought (but also failed to serve). ECF No. 258-2. Nor was Mr. Moon served within 100 miles of Utah. Nor has Mr. Greer pointed to any federal statute which allows an email to Florida to suffice for purposes of establishing personal jurisdiction for a court sitting in Utah.

But this Court does not lack jurisdiction only because the Defendants have no connections to Utah and because they were improperly served. Even more fundamentally, the process itself was deficient under Fed. R. Civ. P. 12 (b)(4). "The

plaintiff has the burden of establishing the validity of service." *Gebhart v. Gibson*, No. 4:24-cv-00050-DN-PK, 2024 U.S. Dist. LEXIS 176084, at *2 (D. Utah Aug. 21, 2024). But here, the Plaintiff's own declarations, ECF No. 19, show that he made no effort at all to direct his summons to two separate defendants, and indeed used a single email address associated with a former Defendant (Kiwi Farms, a non-entity which has since been terminated from this case) to attempt to serve an entirely different Defendant (Joshua Moon). Not only is this improper under Fed. R. Civ. P. 12 (b)(4), it also shows the extent to which the Plaintiff's disregard for established rules of procedure have infected this case with an odor which offends "traditional notions of fair play and substantial justice." *Hood*, 21 F.4th at 1222.

This Court should hold that Mr. Greer has failed carry his burden to establish personal jurisdiction over either Mr. Moon or his LLC. Further, this Court should hold that it would offend "traditional notions of fair play and substantial justice" to require a Floridian and a West Virginia LLC to litigate this case in Utah, especially under the totality of the circumstances involving this four-year litigation and its procedural history.

### b) Venue is Improperly Laid in Utah.

Even assuming this Court had personal jurisdiction, venue is plainly inappropriate in Utah and this Court should dismiss under Fed. R. Civ. P. 12 (b)(3).[11]

28 U.S.C. §1391 governs venue in tandem with 28 U.S.C. § 1400. Venue is properly laid only where *the defendant* resides, 28 U.S.C. §1391 (b)(1), or where a

---

[11] Transfer to Florida would ordinarily be the appropriate remedy. But when this case was last transferred to Florida, Mr. Greer filed materially false information with that Court and successfully obtained retransfer to Utah. ECF No. 234 (seeking sanctions arising from Mr. Greer's materially false statement that Steve Taylor was "eager" to testify in Utah four months after Mr. Taylor died and two years after Mssrs. Greer and Taylor last spoke).

substantial part of the events or omissions giving rise to the claim occurred, *id*. at (b)(2), or, if no judicial district would otherwise be available, in "any judicial district in which any defendant is subject to the court's personal jurisdiction." *Id*. at (b)(3). In copyright cases, venue must be laid "in the district in which the defendant or his agent resides or may be found." 28 U.S.C. §1400.

As relevant to venue, the facts are essentially undisputed: Mr. Greer acknowledges that Mr. Moon is a Florida resident. ECF No. 247 at 3, ¶ 14. Plaintiff alleges that the "infringement" happened while Mr. Greer was a resident of Utah, *id* at ¶ 13 but he does not allege that the infringement happened in Utah or was connected to Utah in any other way. Utah is thus clearly not the residence of any defendant or the location where a "substantial part of the events or omissions giving rise to the claim occurred." Lastly, as set forth above, personal jurisdiction over Defendants Moon and Lolcow, LLC is entirely lacking in Utah, and the Copyright Act requires venue to be laid where a defendant may be found, not merely where a plaintiff resides at the time a plaintiff claims to have suffered an infringement. It goes without saying that Mr. Greer could not "find" Mr. Moon or Lolcow, LLC in Utah, because that was the ostensible basis for alternative service via email.

The Tenth Circuit has held that it is within this Court's discretion whether to dismiss a case or to transfer it when venue has been laid in the improper district. *Trujillo v. Williams*, 465 F.3d 1210, 1223 (10th Cir. 2006). Because this Court previously transferred this case to the proper venue, and Mr. Greer improperly sought retransfer to Utah based upon materially false statements of fact, this Court should not retransfer this case to Florida. Instead, this Court should simply dismiss Mr. Greer's claim.

c) **The Plaintiff has failed to State a Claim upon which Relief can be Granted.**

The Plaintiff has a heavy burden in this case not only because he must properly plead all elements of a contributory copyright cause of action – no small feat in itself — but also because Mr. Greer must plead sufficient facts to show how his claim is not entirely barred by at least four inter-related bars which stand in the way of any relief. First, Mr. Greer must plead that Defendants did something other than "embedding" an allegedly copyrighted document from another website, and that Defendants somehow hosted allegedly copyrighted material. *Great Bowery v. Best Little Sites*, 671 F. Supp. 3d 1297, 1308 (D. Utah 2023). Second, Mr. Greer must show that his claim is not entirely barred by what is commonly known as "Section 230 immunity." 47 U.S.C.S. § 230. Third, Mr. Greer must explain how the fair use doctrine does not bar his suit, even in the face of an Amended Complaint which freely admits that Mr. Greer's true concern is not ostensible copyright violations, but is instead geared towards eliminating all Internet-based discussion of Mr. Greer and his extensive history of criminal activity, stalking, and vexatious litigation.

i) **Mr. Greer has not adequately pleaded Contributory Copyright Infringement.**

Notwithstanding that the Tenth Circuit previously held that Mr. Greer's earlier complaint adequately pleaded, under a liberal, pro se standard,[12] contributory copyright infringement, Mr. Greer has nullified his earlier pleadings by amending his complaint. *Franklin*, 160 F. App'x at 734. Therefore, the Tenth Circuit's opinion does not control

---

[12] Additionally, the previous Motion to Dismiss in this matter did not raise the "fair use" defense in the same fashion as this Motion. *Greer v. Moon*, 83 F.4th 1283, 1293 n.10 (10th Cir. 2023). Therefore, the Tenth Circuit's earlier decision does not control insofar as Mr. Greer has voluntarily amended his pleadings and is now faced with a different motion to dismiss raising different issues than were raised previously.

except insofar as it has precedential value in the same way as any other published appellate case does, and Mr. Greer's complaint should again be dismissed for failure to adequately plead that a contributory infringement took place.

To properly plead contributory copyright infringement, a plaintiff must first prove the existence of a direct infringement. "There can be no contributory infringement without a direct infringement." *La Resolana Architects, PA v. Reno, Inc.*, 555 F.3d 1171, 1181 (10th Cir. 2009), quoting *Ellison v. Robertson*, 357 F.3d 1072, 1076 (9th Cir. 2004). Although contributory copyright infringement is not a cause of action found anywhere in the text of the Copyright Act,[13] courts have recognized "several flavors of secondary liability for copyright infringement." *Greer v. Moon*, 83 F.4th 1283, 1287 (10th Cir. 2023). As relevant to Mr. Greer's claims, the Tenth Circuit held that there are "three elements to a claim of contributory infringement: (1) direct infringement ('another's infringing activities'); (2) knowledge of direct infringement (the defendant 'knows of the infringement'); and (3) contribution to direct infringement ('the defendant causes or materially contributes')." *Id.*, 83 F.4th at 1287 (cleaned up).

Here, the Tenth Circuit previously held, with respect to Mr. Greer's earlier complaint, that "a reasonable inference from the facts alleged is that the reposting of the takedown notice, combined with the refusal to take down the infringing material, amounted to encouragement of Kiwi Farms users' direct copyright infringement." *Id.* at 1295. But now that Mr. Greer has amended his complaint and nullified his own earlier

---

[13] For purposes of preserving their objection, Defendants Moon and Lolcow, LLC assert here that the judicial creation of a contributory copyright infringement cause of action in contravention of the text of the Copyright Act was and is error, and that decisions recognizing contributory copyright infringement as a separate cause of action should be overruled.

pleadings, the Tenth Circuit's earlier decision is no longer controlling except insofar as it is published precedent in this Circuit. And the allegations in the Amended Complaint are nonsensical for purposes of proving that Mr. Moon or Lolcow, LLC contributed to any infringement.

First, Mr. Greer's allegations relating to the purported direct infringements of "Moseph.Jartelli" and "Russtard" appear to have been intentionally filed long after the statute of limitations for those individuals had run, such that the Plaintiff will never be able to obtain any judgment that those individuals committed a direct infringement. 17 U.S.C. § 101 et seq. (three year statute of limitations), *accord. Starz Ent., LLC v. MGM Domestic TV Distribution, LLC*, 39 F.4th 1236, 1237 (9th Cir. 2022) ("incident of the injury" governs claim accrual). By waiting until four years into this litigation (and at least five years after an alleged infringement) to name the direct infringers, Mr. Greer seeks to allege a direct infringement by those individuals, but to divest this Court of any ability to adjudicate such a claim by reference to the normal rules of the adversarial process and without the participation of those individuals. Because a necessary element of contributory infringement is proof of a direct infringement, *La Resolana Architects*, 555 F.3d at 1181, Mr. Greer is effectively asking this Court to adjudicate a direct infringement claim which has been brought several years too late.

It is true that Mr. Moon posts all takedown notices that he receives, as do numerous other websites. See, e.g., Electronic Freedom Foundation, *Takedown Hall of Shame*, https://www.eff.org/takedowns (last visited February 16, 2024). But republication of a takedown notice serves purposes other than contributing to an alleged infringement, including but not limited to expressing the reasons any material was or was not taken down, or expressing a view that material is protected by Fair Use, or

expressing any number of other views under the First Amendment. And the posting of a takedown notice necessarily happens *after* the alleged infringement took place and *after* a plaintiff has demanded that ostensibly copyrighted material be removed from the Internet. After all, if a defendant complies with a takedown notice, that defendant is absolved from liability under the Digital Millenium Copyright Act. *Schneider v. YouTube, LLC*, 674 F. Supp. 3d 704, 719 (N.D. Cal. 2023) (recognizing that "the takedown of content in response to a DMCA notice is miles away from substantive proof of copyright ownership or infringement," because companies will often comply with a takedown notice solely for purposes of availing themselves of legal safe harbors rather than because they agree the notice was valid).

Mr. Greer's theory of this case appears to be that by posting a takedown notice on the Internet, Defendants Moon and Lolcow, LLC "contributed" to an infringement. But that argument is not only a non-sequitur, it also requires a belief in time travel. Mr. Greer necessarily believes that the relevant direct infringement took place *before* the Plaintiff sent any takedown notice. It is thus difficult to understand how a takedown notice posted *after* the infringement took place can possibly have contributed to the earlier infringement which purportedly took place *before* the takedown notice was sent. Allegations which require a belief in time travel are expressly barred by Fed. R. Civ. P. 12 (b)(6) because they are implausible. *Ashcroft v. Iqbal*, 556 U.S. 662, 696, 129 S. Ct. 1937, 1959 (2009) (Souter, J., dissenting). And Mr. Greer's allegations are a step more convoluted even than that: Mr. Greer alleges that republication of takedown notices *that do not relate to the copyrights at issue in this case* somehow contributed to the infringement of entirely different copyrights which are at issue in this case. ECF No. 247 at 12, ¶ 71 *et seq*. (alleging facts related to two songs which are not at issue in this case).

### ii)    Embedding does not Give Rise to Liability

Mr. Greer alleges that his copyright materials were "on" a Google Drive account, which was somehow linked to Kiwi Farms. ECF No. 247 at 7, ¶ 38. Mr. Greer links the exact same Google Drive account in his complaint, such that Mr. Greer has effectively republished his own material to the world on pacer and courtlistener.com.[14] But beyond the absurdity of Mr. Greer's attempt to hold Joshua Moon or Lolcow, LLC responsible for what some third party posted to Google, and Mr. Greer's attempt to claim that republication of a link infringes his copyrights even though Mr. Greer has repeatedly shared that same link in public documents filed with this Court, there is yet another problem: so-called "embedding" of one website in another does not give rise to copyright liability.

This Court explained how "embedding" works in *Great Bowery v. Best Little Sites*, 671 F. Supp. 3d 1297, 1303 (D. Utah 2023). In short: one website might appear to display content, without actually hosting such content. "Simply put, if a party displayed a copyrighted image that it had stored on its own systems, then it had infringed; if it displayed an image by merely linking or framing content from other websites, then it had not infringed." *Id*. Mr. Greer's allegations run headlong into *Great Bowery*: he alleges that Defendants Joshua Moon and Lolcow, LLC hosted a "link" to a Google drive account. But that is *per se* not an infringement under *Great Bowery*. At worst, Defendants Moon and Lolcow, LLC "linked" content hosted by Google.

---

14

https://storage.courtlistener.com/recap/gov.uscourts.utd.148809/gov.uscourts.utd.14880 9.247.0.pdf (last visited April 14, 2025).

### iii)    Section 230 Bars Mr. Greer's Claims.

Mr. Greer's claims are also barred by Section 230 Immunity. Dismissal is therefore required.

"The immunity provision of Section 230 states: 'No provider or user of an interactive computer service shall be treated as the publisher or speaker of any information provided by another information content provider.'" *Gen. Steel Domestic Sales, L.L.C. v. Chumley*, 840 F.3d 1178, 1181 (10th Cir. 2016), quoting 47 U.S.C. § 230(c)(1). In other words, Section 230 "protects websites from liability for material posted on the website by someone else." *Doe v. Internet Brands, Inc*., 824 F.3d 846, 850 (9th Cir. 2016). This protection is "robust." *Carafano v. Metrosplash.com, Inc*., 339 F.3d 1119, 1123 (9th Cir. 2003). "Merely providing the forum where harmful conduct took place cannot otherwise serve to impose liability onto [an interactive computer service provider]." *M.H. v. Omegle.com, LLC*, Case No. 8:21-cv-814-VMC-TGW, 2022 U.S. Dist. LEXIS 4543, 2022 WL 93575, at *5 (M.D. Fla. Jan. 10, 2022).

"To show that it is entitled to [Section 230's]'s protections, a defendant must establish that: (1) it is a provider or user of an interactive computer service; (2) the plaintiff's claims hold it responsible 'as the publisher or speaker of any information; and (3) the relevant information was provided by another information content provider." *Henderson v. Source for Pub. Data, L.P*., 53 F.4th 110, 119 (4th Cir. 2022) (citing 47 U.S.C. § 230(c)(1)) (cleaned up).

Mr. Greer freely admits that "Kiwi Farms" is an Internet forum. ECF 247 at 3, ¶ 14 *et seq*. Indeed, this Court previously held that "Kiwi Farms qualifies as an interactive computer service." *Greer v. Moon*, No. 2:20-cv-00647-TC-JCB, 2021 U.S. Dist. LEXIS

181340, at *7 (D. Utah Sep. 21, 2021). And this Court also held that "Mr. Greer seeks to treat Kiwi Farms and Mr. Moon as the 'publisher or speaker' of third-party information—'a result § 230 specifically proscribes.' *Greer v. Moon*, No. 2:20-cv-00647-TC-JCB, 2021 U.S. Dist. LEXIS 181340, at *8 (D. Utah Sep. 21, 2021). The only element of Section 230 Immunity that this Court previously held was not established is whether the relevant content was created by third parties. *Greer v. Moon*, No. 2:20-cv-00647-TC-JCB, 2021 U.S. Dist. LEXIS 181340, at *8 (D. Utah Sep. 21, 2021) ("the third prong is unmet for Mr. Moon's own statements on Kiwi Farms' website, where he is both the 'information content provider' and the provider-user.).

As Mr. Greer clarifies in his Amended Complaint, he does not seek to hold Mr. Moon responsible for statements Mr. Moon made. Instead, Mr. Greer seeks to hold Mr. Moon liable because he "knew" about the activities of various third parties who made various posts. ECF No. 247 at 14, ¶ 88. Similarly, Mr. Greer seeks to hold Lolcow, LLC liable for infringement based only upon Mr. Moon's personal knowledge. *Id.* at 18, ¶ 115. This is impermissible, because mere knowledge of an infringement does not establish "contribution" to such infringement. Similarly, Mr. Greer has not explained under what theories he is seeking to impose liability on both Mr. Moon and Lolcow LLC arising from the same conduct. As this Court explained in *Podium Corp. v. Chekkit Geolocation Servs.*, No. 2:20-cv-352-JNP-DAO, 2021 U.S. Dist. LEXIS 234173, at *17 (D. Utah Dec. 6, 2021), it is generally a truism that a corporate entity cannot conspire with its own officers and employees. But Mr. Greer not only seeks to hold Mr. Moon and Lolcow LLC liable for the actions of "Moseph.Jartelli" and "Russtard," he also apparently seeks to treat Mr. Moon as personally responsible for the actions of Lolcow, LLC and *vice versa*. And even more frightening, the complaint consistently seeks to allege that Mr. Moon is

personally responsible for the actions of unspecified "users." See, e.g., ECF No. 247 at 10, ¶ 57 ("Mr. Moon's users"), 13, ¶ 80 (same), ¶ 83 (same).

Section 230 prevents Mr. Greer from imposing liability for one person's web posting on any other individual than he who made the posting. This Court should therefore dismiss Mr. Greer's claims against Joshua Moon and Lolcow, LLC.

### iv)    The Fair Use Doctrine Bars Mr. Greer's Complaint.

Mr. Greer's complaint freely admits that Mr. Greer is not truly upset about a violation of his copyrights, especially when viewed in the light of the totality of Mr. Greer's pleadings in this case. Instead of being worried about infringement, Mr. Greer is wounded by criticism of his work and of himself. See, e.g., ECF No. 247 at 8, ¶ 43 (stating that Mr. Greer is deprived of the ability to clear his name, and that bad reviews are the reason publishers will not publish his book, rather than any ostensible copyright infringement), ECF No. 247 at 12, ¶ 69 *et seq.* (alleging that negative reviews are Mr. Greer's true concern, and that his works are "not intended for the basing" that he receives from his critics).

Section 107 of the Copyright Act provides that "the fair use of a copyrighted work, . . .for purposes such as criticism, comment, news reporting, teaching . . . , scholarship, or research, is not an infringement of copyright." 17 U.S.C. § 107. The Copyright Act identifies four nonexclusive factors for courts to consider in determining whether the defense applies: (1) the purpose and character of the use, including whether such use is of a commercial nature or is for nonprofit educational purposes; (2) the nature of the copyrighted work; (3) the amount and substantiality of the portion used in relation to the copyrighted work as a whole; and (4) the effect of the use upon the potential market for

or value of the copyrighted work." *Id*.

Although fair use is an affirmative defense often resolved on summary judgment or at trial, the fair use defense may form the basis for dismissal where "the facts necessary to establish the defense are evident on the face of the complaint." *Kelly-Brown v. Winfrey*, 717 F.3d 295, 308 (2d Cir. 2013). Here, the complaint squarely establishes that any sharing of Mr. Greer's book or song would have been "fair use" under the framework of 17 U.S.C. § 1707. Specifically, Mr. Greer does not allege that anyone else profited from his copyright materials. Nor does Mr. Greer allege that there was a "commercial nature" to any infringement. Instead, Mr. Greer alleges consistently that individuals shared his materials in order to mock or degrade him. Similarly, Mr. Greer alleges only two posts on an entire Internet forum, which contains over 100,000 posts relating to Mr. Greer, constitute contributory infringement. Declaration of Joshua Moon at ¶ 9. The "amount and substantiality" of the commentary on Kiwi Farms outweighs the "amount and substantiality" of Mr. Greer's books by several orders of magnitude.[15] Lastly, Mr. Greer does not allege that the market value of his copyrights has been impacted by infringement, but instead by criticism. For example, at ECF No. 247 at 16, ¶ 100 et seq., Mr. Greer admits that the only reason individuals want to obtain his materials is to criticize them. And at ¶ 69 and ¶ 43 of the Amended Complaint, Mr. Greer complains that the true harm to the market value of his work comes from criticism and negative reviews, not because individuals are in any way competing with Mr. Greer

---

[15] Even as to those two posts, Mr. Greer concedes that there was negative commentary accompanying his work, and that the work did not stand alone but was cited for purposes of mockery and criticism. ECF No. 247 at 18, ¶ 126 ("enjoy the repetitive turd") and 14, ¶ 83 (stating that "negative commentary" about the song has dissuaded people from listening to it, rather than ostensible copyright infringement), 6, ¶ 34 (bad reviews for the book, too).

commercially.

### IV.    Conclusion

For the reasons set forth herein, and based on the totality of the circumstances in this case, this Court should dismiss Mr. Greer's Complaint for lack of jurisdiction, improper venue, and failure to state a claim. Alternatively, this Court should screen Mr. Greer's Amended Complaint and pierce the veil of its factual allegations, then dismiss the complaint on the grounds that Mr. Greer cannot corroborate any of his allegations within the meaning of *Allen v. Facebook*, No. 24-3080, 2024 U.S. App. LEXIS 27847, at *2-3 (10th Cir. Nov. 4, 2024) and/or because such allegations are manifestly frivolous. Alternatively, this Court should convert the instant Motion to Dismiss into a Motion for Summary Judgment under Fed. R. Civ. P. 12 (d), and dismiss the complaint on the basis that Mr. Greer cannot possibly prove his claim at trial for the reasons set forth above and in ECF No. 201, or on the basis that the Fair Use defense applies and bars Mr. Greer's claims.

DATED April 14, 2025

**HARDIN LAW OFFICE**

 */s/ Matthew D. Hardin*                              
**Matthew D. Hardin**
Attorney for Defendants