**Matthew D. Hardin (*pro hac vice*)**
**HARDIN LAW OFFICE**
101 Rainbow Drive # 11506
Livingston, TX 77399
Telephone: (202) 802-1948
Email: MatthewDHardin@gmail.com
*Attorney for Defendants*
*Joshua Moon and Lolcow, LLC*

THE UNITED STATES DISTRICT COURT
DISTRICT OF UTAH

| | |
|---|---|
| RUSSELL GREER, <br><br> Plaintiff, <br><br> v. <br><br><br> JOSHUA MOON, *et al*. <br><br> Defendants. | **DEFENDANTS' NOTICE OF SUPPLEMENTAL AUTHORITY** <br><br> Case No. 2:24-cv-00421-DBB <br><br> District Judge David Barlow <br> Magistrate Judge Jared C. Bennett |

NOW COME Defendants Joshua Moon and Lolcow, LLC, by and through their undersigned counsel, and file this Notice of Supplemental Authority regarding Defendants' pending Motion to Stay Discovery. ECF No. 245.[1]

On April 30, 2025, Mr. Greer served the discovery request which is attached hereto as Exhibit A. This was the first and only discovery request Mr. Greer has sent in this case. A cursory review of Mr. Greer's discovery request, sent on the eve of a hearing notwithstanding that discovery in this matter has been open since late 2024, ECF No. 180, further illustrates why a stay or other relief is necessary as set forth at ECF No. 245 and in Defendants' other pending motions. Specifically:

---

[1] The underlying Motion is currently set for a hearing on May 6, 2025. ECF No. 260. Mr. Greer has not opposed that motion, and the time for filing any opposition has passed. ECF No. 273.

1. Mr. Greer has never indicated in any of his disclosures that either Joshua Moon, or the two John Does identified as "Russtard" or "Moseph.Jartelli" have any discoverable information in this case. ECF No. 185-1. As indicated in Mr. Greer's stipulation at ECF No. 201, Mr. Greer (belatedly and following motions practice) identified only two individuals who likely possessed discoverable information (Nathan and Scott Greer), and the Plaintiff later admitted that even those two individuals did not have such information. It therefore appears Mr. Greer has violated his obligations relating to disclosures under Fed. R. Civ. P. 26 (a)(1)(A)(i) and prejudiced the Defendants by concealing his belief that at least three individuals (two John Does and Mr. Moon himself) have some additional quantity of discoverable information. Alternatively, Mr. Greer has sent extraordinarily tardy discovery requests in bad faith to individuals he admits have no discoverable information.

2. After waiting almost five years from the time he filed this litigation to initiate discovery (and over five months since a scheduling conference was held), Mr. Greer now also claims that he is entitled to responses on an expedited timeline. Specifically, although Fed. R. Civ. P. 33 (b)(2)(A) provides that responses to requests for production of documents are due within 30 days, Mr. Greer claims that Defendant Joshua Moon should be entitled to only half that time (15 days) to respond to Mr. Greer's requests. Plaintiff has cited no authority for this proposition.

WHEREFORE, Defendants Joshua Moon and Lolcow, LLC assert that the Motion at ECF No. 245 should be granted, or the Court should order other appropriate relief.

DATED April 30, 2025

                                       **HARDIN LAW OFFICE**

                                       */s/ Matthew D. Hardin*
                                       **Matthew D. Hardin**
                                       Attorney for Defendants Joshua Moon
                                       and Lolcow, LLC