**Matthew D. Hardin (*pro hac vice*)**
**HARDIN LAW OFFICE**
101 Rainbow Drive # 11506
Livingston, TX 77399
Telephone: (202) 802-1948
Email: MatthewDHardin@gmail.com
*Attorney for Defendants*
*Joshua Moon and Lolcow, LLC*

THE UNITED STATES DISTRICT COURT
DISTRICT OF UTAH

| | |
|---|---|
| RUSSELL GREER, <br><br> Plaintiff, | **DEFENDANTS' OPPOSITION TO "EMERGENCY REQUEST FOR A CONTINUANCE"** |
| v. | Case No. 2:24-cv-00421-DBB |
| JOSHUA MOON, *et al*. <br><br> Defendants. | District Judge David Barlow <br> Magistrate Judge Jared C. Bennett |

NOW COME Defendants Joshua Moon and Lolcow, LLC, by and through their undersigned counsel, and file this response in opposition to Plaintiff's "Emergency Request for a Continuance." ECF No. 276. In opposition, Defendants Moon and Lolcow, LLC state as follows:

1. Despite that the Plaintiff has captioned his request as an "emergency," he has identified no emergency at all. Instead, Plaintiff admits that this matter has been on his calendar – and the Court's – for two months, but simply indicates that he would rather attend a "business meeting" than attend a hearing in litigation he began. Plaintiff also made no attempt to confer with the defense as to their schedule or availability, and unilaterally proposes a 30-day continuance for reasons that appear unrelated even to Mr. Greer's "emergency" business meeting.

    2. The Plaintiff's request is manifestly prejudicial to the defense, for at least three reasons:

    a) First, the defense has been awarded (but has not received) sanctions against Mr. Greer related to discovery misconduct, and Mr. Greer has filed a motion for a "bonded stay" of those sanctions. ECF No. 251. The sanctions were intended to compensate the defense for its ongoing costs which have arisen from Mr. Greer's misconduct. But absent payment of the sanctions, the defense is being forced to continue to bear the costs of this litigation – and Mr. Greer's misconduct in it – indefinitely without recompense.

    b) Second, as indicated at ECF No. 275, Mr. Greer has suddenly decided (five years into this litigation), that discovery should be taken from Joshua Moon in this case. This despite that Mr. Greer did not oppose Defendants' prior motion to stay discovery, ECF No. 245, which is currently set to be heard on May 6, 2025, and despite that Mr. Greer has failed to disclose the existence of any discoverable information held by Mr. Moon. ECF Nos. 185-1 (disclosures omitting Joshua Moon as an individual with discoverable information) and 201 (stipulating that no individual has been disclosed by the Plaintiff other than Nathan or Scott Greer). Conveniently, Mr. Greer now seeks to delay the hearing on the Defendants' Motion to Stay Discovery for a period of time that will effectively render that motion moot, as the Plaintiff has recently served additional discovery which will become due prior to his proposed hearing date.

    c) Third, as Defendants' motions at ECF Nos. 253 and 258 explain, there is ample reason to question whether Mr. Greer is entitled to proceed in this matter *in forma pauperis*. Mr. Greer previously explained that had more than enough money to

pay filing fees in this case. ECF No. 251 (explaining that Mr. Greer was financially able to pay Defendants $1,000 but would simply prefer not to).  Mr. Greer now claims to have "emergency" business activities in rural Nevada, where he previously attempted to purchase one or more brothels. ECF Nos. 268-1 (Mr. Greer tells the police that he was seeking to purchase a brothel worth $1.2 million) and 269 (Mr. Greer says he did not try to purchase a $1.2 million brothel – although he would have "loved to also manage" it – but instead attempted to purchase a brothel worth up to $100,000). Mr. Greer cannot simultaneously claim that he has so much wealth that he needs to skip court to attend "emergency" business meetings, and also so little that he should be entitled to cost the Defendants' endless thousands of dollars while proceeding *in forma pauperis* himself.

    3. Mr. Greer's request is also prejudicial to the administration of justice generally. Mr. Greer appears to believe that his "business" ventures should take precedence over this Court's docket, even where this Court scheduled a hearing in early March and Mr. Greer's unknown and unidentified "business" associates did not request Mr. Greer's presence until May 1, 2025.  This Court's schedule cannot be subject to last minute cancellations by Mr. Greer or any other litigant. When a Plaintiff chooses to invoke the resources and power of this Court, he cannot later complain of inconvenience while imposing burdens on all other participants in the process.

    WHEREFORE, Defendants Joshua Moon and Lolcow, LLC assert that the Plaintiff's "Emergency" Request should be denied.

DATED May 2, 2025

                                                **HARDIN LAW OFFICE**

                                                _/s/ Matthew D. Hardin_
                                                **Matthew D. Hardin**
                                                Attorney for Defendants Joshua Moon and Lolcow, LLC