**Matthew D. Hardin (*pro hac vice*)**
**HARDIN LAW OFFICE**
101 Rainbow Drive # 11506
Livingston, TX 77399
Telephone: (202) 802-1948
Email: MatthewDHardin@gmail.com
*Attorney for Defendants*
*Joshua Moon and Lolcow, LLC*

THE UNITED STATES DISTRICT COURT
DISTRICT OF UTAH

| | |
|---|---|
| RUSSELL GREER, <br><br> Plaintiff, <br><br> v. <br><br><br> JOSHUA MOON, *et al*. <br><br> Defendants. | **DEFENDANTS' NOTICE OF SUPPLEMENTAL AUTHORITY** <br><br><br> Case No. 2:24-cv-00421-DBB <br><br> District Judge David Barlow <br> Magistrate Judge Jared C. Bennett |

NOW COME Defendants Joshua Moon and Lolcow, LLC, by and through their undersigned counsel, and file this Notice of Supplemental Authority regarding Defendants' Motion to Review Mr. Greer's *In Forma Pauperis* Status, ECF No. 253,[1] Defendants' Opposition to Mr. Greer's "Emergency" Request for a Continuance, ECF No. 277, and Defendants Motion for Sanctions. ECF No. 234.

On May 12, 2025, undersigned counsel submitted a public records request to the Humboldt County, Nevada official Mr. Greer identified as relevant to his business dealings in state court litigation, *Greer v. Gilman Development LLC et al.*, Case No.

---

[1] Defendants recognize that this underlying motion was granted by this Court at ECF No. 283. The purpose of this filing is to ensure that the record is complete should Mr. Greer seek review or reconsideration of that order or otherwise prove unable or unwilling to comply with it.

CV0023235 (Humboldt Co. Nev. Dist. Ct.).[2] The relevant Humboldt County official responded immediately as set forth in Exhibit A, and provided undersigned counsel with the documents identified in Exhibit B related to Mr. Greer's recent business dealings in Humboldt County. These documents reveal that Mr. Greer has had substantial financial resources since at least 2022. Specifically:

1. On August 25, 2022, Mr. Greer told Humboldt County officials that he was "with a real estate development company" named "Intimate Dealings, LLC." Exhibit B, p. 11-14. Intimate Dealings LLC appears to have had only one member according to Nevada public records: Russell Greer. Nevada Secretary of State, Entity No. E22627342022-2, https://esos.nv.gov/EntitySearch/BusinessInformation (last visited May 12, 2025). That LLC also had a commercial registered agent, although Mr. Greer listed "3651 South Arville Street, Apt 711, Las Vegas, NV, 89103" as the location from which he "managed" the business. *Id*.

2. On August 30, 2022, Mr. Greer explained to Humboldt County officials that he wanted to acquire real estate upon which he could "build[] better facilities" than the existing brothels located in Winnemucca. Exhibit B, p. 8. Mr. Greer also announced that he had attempted to acquire those existing brothels, but had been rebuffed. *Id*. at

---

[2] Defendants filed this records request because they have reason to believe that Mr. Greer's factual representations that there was an "emergency" in rural northern Nevada on May 6, 2025, ECF No. 276, are incorrect or fraudulent in nature. On information and belief, and while awaiting further records which will demonstrate whether Defendants' allegations on information and belief are documented and supported in other public records, Defendants assert that Mr. Greer was attending a regularly-scheduled meeting of the Winnemucca, NV City Council on May 6, 2025, for the purpose of requesting rezoning of a hotel he intends or intended to purchase. See Exhibit C at p. 2. *Cf*. Exhibit D. A separate open records request undersigned counsel has filed with the Winnemucca City Manager is expected to shed further light on whether Mr. Greer's representations at ECF No. 276 were false or fraudulent in nature. Exhibit E.

pp.9-10. Not only was Mr. Greer sufficiently well-heeled to build a brothel, but the brothel he was prepared to build would be superior to those already in existence in northern Nevada. Undoubtedly, this would cost Mr. Greer no small sum of money. *See, e.g.*, Michelle Rindells, *The Nevada Independent*, "Indy Explains: How legal prostitution works in Nevada," May 27, 2018, https://thenevadaindependent.com/article/the-indy-explains-how-legal-prostitution-works-in-nevada (explaining that brothels may tens of thousands of dollars in county licensing costs alone, plus numerous other business expenses).

3.   On September 2, 2022, Mr. Greer indicated to Humboldt County officials that he had retained an attorney to represent him in a lawsuit against Gilman Development LLC to force them to sell Mr. Greer property upon which to build his "better" brothel. Exhibit B, p. 6. Although this unnamed attorney never thereafter materialized in any verifiable way and Mr. Greer represented himself *pro se* (but not *in forma pauperis*) in subsequent Nevada state court litigation against Gilman Development LLC, *Greer v. Gilman Development LLC et al.*, Case No. CV0023235 (Humboldt Co. Nev. Dist. Ct.), Mr. Greer never indicated that the unidentified attorney was representing him *pro bono* or at reduced cost. Insofar as Mr. Greer appears to have paid state court filing fees in Nevada in 2022, it is not readily apparent why Mr. Greer did not pay his filing fees in this Court or in the Tenth Circuit during that relevant time period. And insofar as Mr. Greer planned not only to buy property and open a brothel in Winnemucca in 2022, but also to engage in litigation to force unwilling property owners to sell him the property upon which to operate a more expensive, "better" brothel than the competition, Mr. Greer's 2022 emails further indicate that he

had substantial financial ability and could have paid his filing fees in this Court and in the Tenth Circuit.

4. In the 11th Circuit – where this case would be pending but for Mr. Greer's factually inaccurate Motion to Retransfer at ECF No. 123 (which is already the subject to a Motion for Sanctions at ECF No. 234) – it is well-established that a district court is empowered to dismiss a complaint with prejudice upon determining that an *in forma pauperis* plaintiff's allegations of poverty are untrue. *Daker v. Owens*, No. 21-13169, 2023 U.S. App. LEXIS 31534, at *9 (11th Cir. Nov. 29, 2023), citing *Dawson v. Lennon*, 797 F.2d 934, 935-36 (11th Cir. 1986). Similarly, other courts have held that although a complaint may be permitted to proceed upon a Court's grant of *in forma pauperis* status, the filing fee remains due and payable regardless of a plaintiff's ostensible poverty. *Ankh El v. Indiana*, No. 1:23-cv-01094-JMS-KMB, 2023 U.S. Dist. LEXIS 119506, at *2 (S.D. Ind. July 12, 2023), citing *Robbins v. Switzer,* 104 F.3d 895, 898 (7th Cir. 1997).

WHEREFORE, Defendants Joshua Moon and Lolcow, LLC respectfully submit that it is apparent that Mr. Greer has been ineligible to proceed in this case *in forma pauperis* since at least August of 2022. This is so because Mr. Greer professed since that time, on behalf of his LLC, to have sufficient funds not only to purchase real estate, but also to build a "better" brothel than those already existing in Winnemucca, Nevada. Mr. Greer has apparently concealed that financial ability to spend thousands of dollars from both this Court and from the Tenth Circuit while his case was pending there and prior to that Court's entry of judgment in 2023. Additionally, based upon the information contained in the attached Exhibit C regarding Mr. Greer's whereabouts on the day of his ostensible "emergency," there is reason to believe that Mr. Greer has

continued to play fast and loose with his Rule 11 obligations to make accurate representations to this Court.

DATED May 12, 2025

**HARDIN LAW OFFICE**

 /s/ Matthew D. Hardin
**Matthew D. Hardin**
Attorney for Defendants Joshua Moon and Lolcow, LLC