**Matthew D. Hardin (*pro hac vice*)**
**HARDIN LAW OFFICE**
101 Rainbow Drive # 11506
Livingston, TX 77399
Telephone: (202) 802-1948
Email: MatthewDHardin@gmail.com
*Attorney for Defendants*
*Joshua Moon and Lolcow, LLC*

THE UNITED STATES DISTRICT COURT
DISTRICT OF UTAH

| | |
|---|---|
| RUSSELL GREER, | **DEFENDANTS' MOTION FOR AN EXTENSION OF TIME** |
| Plaintiff, | |
| v. | Case No. 2:24-cv-00421-DBB |
| JOSHUA MOON, *et al*. | District Judge David Barlow |
| | Magistrate Judge Jared C. Bennett |
| Defendants. | |

NOW COME Defendants Joshua Moon and Lolcow, LLC, by and through their undersigned counsel, and move for an extension of time to file their Reply Memorandum of Law in further support of their Motion to Dismiss. ECF No. 274. In support of this Motion, Defendants state as follows:

1. Mr. Greer's opposition was uploaded to the Court's CM/ECF system on May 13, 2025. Pursuant to DUCivR 7-1 (4), a Reply Brief would ordinarily be due on or before May 27, 2025.

2. At least two motions remain pending which will likely influence the arguments which are available in Defendants' Reply Brief. A ruling on those two motions would dramatically change the contents of the forthcoming brief or perhaps even render it moot. For example:

    a. Defendants' Motion for Sanctions, ECF No. 234, may result in dismissal of this action for the reasons set forth at the May 6, 2025 hearing.

    b. Defendants Motion to Compel, ECF No. 243, may result in dismissal of this action under Fed. R. Civ. P. 37 for the reasons set forth at the May 6, 2025 hearing, if Mr. Greer does not timely produce documents which he has thus far failed or refused to produce.

3. Additionally, Defendants are investigating whether there are additional grounds to dismiss this suit as a result of new facts that have arisen since the Motion to Dismiss was filed. Specifically:

    a. Mr. Greer has not yet paid his filing fee in this case, notwithstanding this Court's order at ECF No. 283. Should Mr. Greer fail to pay his filing fee, this Court has indicated the Complaint will be dismissed.

    b. Additionally, Mr. Greer has not paid the sanctions judgment awarded by this Court at ECF No. 230, despite that his motion for a stay of that judgment was denied at ECF No. 283 and despite that an express purpose of this Court's order requiring Mr. Greer to pay sanctions was to reimburse Defendants for costs incurred as a result of Mr. Greer's improper litigation tactics. Defendants respectfully submit that Mr. Greer should not be permitted to force Defendants to continue to incur ever greater litigation costs, even as Mr. Greer fails to obey court orders requiring him to compensate the defense for past misconduct.

    c. Further, Defendants now have reason to believe that this Court will be required to dismiss Mr. Greer's case because his allegations of poverty at ECF No. 1 were untrue or fraudulent. See, e.g., ECF Nos. 285-286. Mr. Greer's remedial payment of the filing fee pursuant to ECF No. 283, if it occurs, would not necessarily moot this issue, because dismissal is statutorily mandated by 28 U.S.C. § 1915 (e)(2)(A) when an in forma pauperis application was fraudulent in nature.  Defendants continue to investigate Mr. Greer's allegations of poverty, but note that Mr. Greer's current financial status is not necessarily dispositive if Mr. Greer previously abused the Court's in forma pauperis process in a manner that is expressly penalized by dismissal in that statute.

    d. Lastly, Defendants have reason to believe that Mr. Greer has continued in his pattern of making materially false statements to the Court, such that an additional sanctions motion may arise relating to Mr. Greer's assertion that there was an "emergency" on May 6, 2025. ECF Nos. 285. To the extent that Mr. Greer's false representations to the Court are ongoing rather than isolated or in the past, Defendants would assert that dismissal is the only appropriate remedy. Defendants' investigation in that vein is ongoing, but even when that investigation concludes an appropriate motion will probably require 21 days' advance service prior to being filed with the Court pursuant to Fed. R. Civ. P. 11 (c).

WHEREFORE, Defendants move that the deadline to file a Reply Brief in further Support of their Motion to Dismiss, ECF No. 274, be extended through and including June 30, 2025. It is Defendants' hope that this extension will allow the Court time to rule upon the pending motions listed above, will allow Mr. Greer time to comply with this Court's orders at ECF No. 283 (or alternatively, allow Defendants to establish a record of Mr. Greer's noncompliance), and will allow Defendants time to investigate the issues set forth herein and file a fulsome and helpful Reply Brief.

DATED May 13, 2025

        **HARDIN LAW OFFICE**

        */s/ Matthew D. Hardin*
        **Matthew D. Hardin**
        Attorney for Defendants Joshua Moon and
        Lolcow, LLC