**Matthew D. Hardin (*pro hac vice*)**
**HARDIN LAW OFFICE**
101 Rainbow Drive # 11506
Livingston, TX 77399
Telephone: (202) 802-1948
Email: MatthewDHardin@gmail.com
*Attorney for Defendants*
*Joshua Moon and Lolcow, LLC*

THE UNITED STATES DISTRICT COURT
DISTRICT OF UTAH

| | |
|---|---|
| RUSSELL GREER,<br><br>    Plaintiff,<br><br>v.<br><br>JOSHUA MOON, *et al.*<br><br>    Defendants. | **DEFENDANTS' REPLY IN FURTHER SUPPORT OF THEIR MOTION FOR AN EXTENSION OF TIME**<br><br>Case No. 2:24-cv-00421-DBB<br><br>District Judge David Barlow<br>Magistrate Judge Jared C. Bennett |

NOW COME Defendants Joshua Moon and Lolcow, LLC, by and through their undersigned counsel, and file this Reply in Further Support of their Motion for an Extension of Time. ECF No. 289. In further support of their Motion, Defendants state as follows:

1.  Mr. Greer's bare assertion that no good cause supports Defendants' request, ECF No. 290 at 2, is unsupported by any record evidence or legal authority. Mr. Greer does not explain his assertion, or why the reasons proffered by Defendants are inadequate. *Id*. "Arguments not raised or inadequately developed in a brief are waived." *Estate of Strong v. Schlenker*, Civil Action No. 17-cv-1276-WJM-SKC, 2019 U.S. Dist. LEXIS 120742, at *7 (D. Colo. July 19, 2019). Mr. Greer cannot say no good cause exists if he does not explain why.

2.	Similarly, Mr. Greer asserts that Defendants are requesting extra time to file their Reply Brief, but "this Court has denied plaintiff that same response." ECF No. 290 at 2, ¶ 3. That statement is untrue. Mr. Greer did not even request an extension of time to oppose Defendants' Motion to Dismiss, and chose to file a timely opposition. ECF No. 288. If Plaintiff had timely sought an extension, Defendants would have taken no position as is their usual practice. See, e.g., ECF No. 266 (noting that Defendants oppose only untimely requests). Mr. Greer's motions for an extension of other, unrelated deadlines have always been filed after the relevant deadlines have elapsed, rather than before. See, e.g., ECF No. 273. But even with respect to Mr. Greer's untimely motions, on other occasions this Court has granted Mr. Greer extensions of as long as six months, *nunc pro tunc*, despite that Mr. Greer had entirely abandoned the prosecution of this case. ECF No. 138. In short: Mr. Greer cannot complain that he was not granted an extension of time to respond to the Defendants' Motion to Dismiss when he did not bother to ask for one, and all other extensions of time have been factually dissimilar (even then, some have been granted). Mr. Greer cannot rewrite the history of this litigation.

3.	Furthermore, Mr. Greer says that he intends to walk back his own recent failure to oppose Defendants' motions relating to Plaintiff's in forma pauperis status, ECF Nos. 245 and 251, and his related statements in open court on May 6, 2025 to the effect that he was fully capable of paying filing fees in this case and could do so without undermining his ability to support himself and pay living expenses. As Mr. Greer now tells it, he is impoverished and will file evidence under seal relating to his wages (but not, apparently, to his savings or his ownership interest in various real estate development companies or brothel startups). ECF No. 290 at 2. This statement by Mr. Greer only

further illustrates why Defendants' should receive an extension, as it shows that Mr. Greer's narrative continues to evolve as he imposes great costs on the Defendants with no intention of ever paying costs himself.

4. Lastly, Mr. Greer indicates he intends to seek a personal protective order against undersigned counsel for various imagined wrongs. ECF No. 290 at 2. Mr. Greer's history on this point does not bode well. See, e.g., ECF No. 262 (Mr. Greer accused Joshua Moon of a felony because it "has been annoying," but never actually reported any wrongdoing to the police despite telling the Court he was doing so), ECF No. 258-2 (Mr. Greer seeks, but is denied, a restraining order against Joshua Moon), ECF Nos. 287 and 239 (relating to Mr. Greer's repeated threats to file bar complaints), and ECF Nos. 263 and 269 (unsuccessful motions for sanctions against undersigned counsel). Nevertheless, if Mr. Greer is to be taken at his most recent word that he is seeking a personal protection order against undersigned counsel, that makes an extension of time even more necessary rather than less necessary. After all, if counsel is or becomes subject to an ex parte personal protection order issued by one of Mr. Greer's favorite courts in Las Vegas, it goes without saying that undersigned counsel cannot file and serve a timely Reply Brief, which would necessarily involve contact with Mr. Greer via email.

WHEREFORE, Defendants respectfully submit that their motion for an extension of time, ECF No. 289, should be granted.

DATED May 14, 2025

                                                **HARDIN LAW OFFICE**

                                                _/s/ Matthew D. Hardin_
                                                **Matthew D. Hardin**
                                                Attorney for Defendants
                                                Joshua Moon and Lolcow, LLC