**Matthew D. Hardin (*pro hac vice*)**
**HARDIN LAW OFFICE**
101 Rainbow Drive # 11506
Livingston, TX 77399
Telephone: (202) 802-1948
Email: MatthewDHardin@gmail.com
*Attorney for Defendants*
*Joshua Moon and Lolcow, LLC*

THE UNITED STATES DISTRICT COURT
DISTRICT OF UTAH

| | |
|---|---|
| RUSSELL GREER,<br><br>Plaintiff, | **DEFENDANTS' NOTICE OF SUPPLEMENTAL AUTHORITY REGARDING MAY 6, 2025 HEARING** |
| v. | Case No. 2:24-cv-00421-DBB |
| JOSHUA MOON, *et al.*<br><br>Defendants. | District Judge David Barlow<br>Magistrate Judge Jared C. Bennett |

NOW COME Defendants Joshua Moon and Lolcow, LLC, by and through their undersigned counsel, and file this Notice of Supplemental Authority regarding the May 6, 2025 hearing in this matter. Having received (on the morning of May 16, 2025) new information contained in public records from the City of Winnemucca, Nevada, it now appears that Mr. Greer's representations at ECF No. 276 that he had an "emergency" in rural Nevada were a complete fabrication. Specifically, Defendants state as follows:

1. The May 6, 2025 hearing date in this case was set on March 13, 2025. Among the topics at that hearing was Defendants' Motion for Sanctions, ECF No. 234, in which Defendants asserted that Mr. Greer had made multiple materially false statements to this Court. The hearing was set to begin at 1:00 p.m. (Mountain Time).

2. The Winnemucca City Council meets every two weeks. Exhibit A. That meeting is also held at 1:00 p.m. (Pacific Time).

3. On April 14, 2025, Mr. Greer wrote to the City of Winnemucca and specifically attached a request that he be permitted to speak at the May 6, 2025 City Council meeting. Exhibit B at 3. Mr. Greer submitted a form, signed on behalf of "Intimate Dealings, LLC," in which he stated the purpose of speaking on May 6, 2025 at 1:00 p.m. would be to amend the City Code to allow new brothels, or alternatively to force the existing owners of brothel-zoned property to sell their parcels to him.[1] Exhibit B at 4.

4. On April 24, 2025, Mr. Greer told the City Council that "May 20th would work better for me." Exhibit B at 13. But he attached the exact same City Council Agenda request form, indicating that he still wanted to speak on May 6, 2025. Exhibit B at 14.

5. On May 1, 2025 at 9:30 a.m., Mr. Greer told this Court that he had an "emergency" which had only arisen that very same morning. ECF No. 276 at 2 ("On Thursday, 5-1-25, Plaintiff was informed that he had to be at a business meeting in rural Nevada on 5-6-25, very oddly taking place at the same time as the court hearing."). That statement was patently false: Mr. Greer himself had requested, over two weeks earlier, to appear at the Winnemucca City Council meeting on May 6 *at the exact same time as this Court's hearing relating to sanctions*. And Mr. Greer never told the City of Winnemucca that there was a similar "emergency" that barred his attendance at their meeting. Instead, Mr. Greer simply stated that he preferred May 20. Exhibit B at 25. The only "emergency" appears to be that Mr. Greer wished to avoid having sanctions imposed by this Court.

---

[1] Needless to say, Mr. Greer cannot be a pauper if he is capable of buying real estate in Winnemucca for the purposes of prostitution.

6.   Defendants dropped everything and immediately replied to Mr. Greer's "emergency" request. ECF No. 277. In that opposition, Defendants pointed out that Mr. Greer has a history of claiming to travel to Northern Nevada for brothel-related purposes, which are naturally not emergencies. *Id*. at 3. The Court ultimately denied Mr. Greer's request for an "emergency" continuance on May 2. ECF No. 278.

7.   On May 2, 2025 as this Court was weighing Mr. Greer's weighty representations as to an "emergency," Mr. Greer was focused on getting the Winnemucca City Council a PowerPoint presentation relating to prostitution. Exhibit B at 22 (discussing the deadline to get his PowerPoint to the City Council) and Exhibit C (the underlying PowerPoint presentation). The "emergency" apparently did not impact Mr. Greer's access to his electronics or his ability to pursue brothel-related advocacy.

8.   On May 6, 2025, at 12:07 p.m. (Pacific Time), the Winnemucca City Council was accommodating Mr. Greer. They offered to hear his prostitution-related requests without him, so that he could attend to other matters (presumably, his hearing in this Court, which had begun at 1:00 p.m. Mountain Time). Exhibit B at 27. Indeed, it appears Mr. Greer may have even emailed the City Council *during his May 6, 2025 appearance in this Court*. Specifically, Mr. Greer told the City Council that he was "on a business call" at 12:07 p.m. (Pacific Time), while this Court's hearing had begun at 1:00 p.m. (Mountain Time). Those who have reviewed this Court's audio recording of the hearing will note various "pings" from Mr. Greer's phone during that relevant time period, as well as Mr. Greer conversing in the background with unidentified third parties. And the Court will similarly note that towards the conclusion of the hearing, the Court had to specifically ask Mr. Greer twice to respond to the same question relating to his in forma

pauperis status, apparently because Mr. Greer was not paying attention to the proceedings.

9. On May 14, 2025, Mr. Greer knew undersigned council was investigating his whereabouts on May 6, so Mr. Greer wrote to the City of Winnemucca to tell them that "Matthew Hardin… is an attorney, but a very unethical one at that." Exhibit B at 31. Mr. Greer went on to demand that the City of Winnemucca refuse to release their records relating to Mr. Greer's City Council appearance absent a court order. *Id*. Naturally, Winnemucca declined. *Id*. at 32. But Mr. Greer's purpose was clear: he wanted to hide the evidence described above relating to his fabricated "emergency" that he had hoped to use to avoid sanctions in this Court.

WHEREFORE, Defendants respectfully submit that Mr. Greer has once again demonstrated to this Court that his representations as to key material facts cannot be trusted or relied upon. Defendants give notice that they will immediately serve a new Motion for Sanctions under Rule 11 (and will file that motion at the appropriate time). In the meantime, Defendants also submit that the above conduct is relevant for this Court to consider with respect to pending motions insofar as it demonstrates Mr. Greer's lack of candor and proclivities for prevarication.

DATED May 16, 2025

**HARDIN LAW OFFICE**

 */s/ Matthew D. Hardin*
**Matthew D. Hardin**
Attorney for Defendants
Joshua Moon and Lolcow, LLC