**Matthew D. Hardin (*pro hac vice*)**
**HARDIN LAW OFFICE**
101 Rainbow Drive # 11506
Livingston, TX 77399
Telephone: (202) 802-1948
Email: MatthewDHardin@gmail.com
*Attorney for Defendants*
*Joshua Moon and Lolcow, LLC*

THE UNITED STATES DISTRICT COURT
DISTRICT OF UTAH

| | |
|---|---|
| RUSSELL GREER, | **DEFENDANTS' PARTIAL OPPOSITION TO MOTION AT ECF No. 294** |
| Plaintiff, | |
| v. | Case No. 2:24-cv-00421-DBB |
| JOSHUA MOON, *et al*. | District Judge David Barlow |
| Defendants. | Magistrate Judge Jared C. Bennett |

NOW COME Defendants Joshua Moon and Lolcow, LLC, by and through their undersigned counsel, and respond to the Motion docketed by the Plaintiff at ECF No. 294. In that Motion, Mr. Greer asks that he either be excused from complying with this Court's order at ECF No. 283, or alternatively given more time to bring himself into compliance with that order. Defendants' position is as follows:

1. The Court has twice ordered Mr. Greer to provide documents related to his state court litigation against Joshua Moon. ECF Nos. 283 and 227. Mr. Greer initially indicated he possessed and would be "happy to provide" the document he later claimed not to possess and not to be able to provide. ECF No. 227 at 2, citing and quoting ECF 219-9. In that same email, he admitted that the "the only relevant case would be trying to seek restraining orders against Joshua Moon…" ECF No. 219-9.

2. Now, Mr. Greer tells it differently. After ignoring both the initial discovery request and the related short form discovery motion (and order), Mr. Greer now states the documents are irrelevant, and can only be obtained at some cost from a third party (the state court system of Utah). ECF No. 294.

3. Mr. Greer should not be able to profit from his evolving narrative. He should be held to the response he provided at ECF No. 219-9, and should not now be able to claim there is significant burden to producing documents he earlier claimed to possess and also admitted were relevant.

4. Additionally, the documents at issue cannot be obtained from any source other than Mr. Greer, because he is the one who initiated the relevant Utah state court case, under seal and without serving Mr. Moon. The Utah state court has already denied public records requests from third parties seeking such records. Mr. Greer is therefore the only source to obtain the documents at issue.

5. However, Defendants do not object to Mr. Greer's proposal that he be given additional time to comply with this Court's May 6, 2025 order. Defendants consent to giving Mr. Greer 14 additional days to comply.

WHEREFORE, Defendants respectfully submit that Mr. Greer's obligation to comply with the Court's May 6, 2025 order relating to discovery should remain in effect, but that Mr. Greer should be given a reasonable extension of time to bring himself into compliance with that order.

DATED May 16, 2025

          **HARDIN LAW OFFICE**

          */s/ Matthew D. Hardin*
          **Matthew D. Hardin**
          Attorney for Defendants
          Joshua Moon and Lolcow, LLC