FILED
2025 MAY 18 PM 3:29
CLERK
U.S. DISTRICT COURT

Russell Greer
1100 Dumont Blvd
Apt 139
Las Vegas, NV 89169
801-895-3501
russmark@gmail.com
Pro Se Litigant

## IN THE UNITED STATES DISTRICT COURT

## DISTRICT OF UTAH

| | |
|---|---|
| **RUSSELL GREER** | **PLAINTIFF'S MOTION FOR THE COURT TO ORDER SHOW CAUSE** |
| Plaintiff | |
| v. | Case No.:   2:24-cv-00421-DBB-JCB |
| **JOSHUA MOON ET AL,** | |
| Defendants | |

Plaintiff Russell Greer comes forward now and requests the Court order Defendants to Show Cause for why they shouldn't be sanctioned for abusing the litigation process in light of the recent Notice of Supplemental Authorities filed by Defendants.

## I.    INTRODUCTION

This is a copyright case, however, in the last few months, this case has suddenly turned into juvenile and unethical attempts to find any fault with a pro se litigant and try to get attorneys fees. This has now morphed from critiquing every imperfect procedural move by plaintiff to defendants and their lawyer invading plaintiff's personal life and business to stalk anything he does. Currently, defendants have gathered documents from Humboldt County, Nevada to try to show plaintiff's alleged dishonesty. Plaintiff had accidentally scheduled a city council meeting on the same day as the court hearing. When he realized his goof up, he tried scheduling for a different day with Humboldt. They wouldn't allow that and so plaintiff humbly asked this court to delay the hearing. The Court declined and so plaintiff appeared via telephone from Winnemucca, Nevada.

That should have been the end of that, but Mr. Matthew Hardin has decided that he will harass and embarrass Plaintiff in every way possible and scrutinize every single word plaintiff writes. Mr. Mathew Hardin on May 12th, 2025 filed a public information request on Humboldt County, seeking communications from plaintiff. Mr. Hardin made a point of not bringing up this copyright case, but rather restraining orders from 5-10 years ago; misunderstood things that Defendants have decided are worthy of tormenting plaintiff with.

Plaintiff will say it right now: he is a brother, a son and an uncle. His life matters. His life has value. Plaintiff has a facial disability and anxiety. Living with a hard disability, compounded with anxiety, has resulted in plaintiff doing things that he regrets. The restraining orders from 5-10 years ago are an example of a person needing to hear the other side before rushing to conclusions. The first two restraining orders were a result of a woman stealing $4,000 from

2

plaintiff in 2014. Plaintiff unloaded on her verbally and through emails. He had contacted her place of employment to warn them about her. That resulted in her and her manager putting restraining orders on plaintiff that have since expired. Plaintiff was young in the law and didn't fight them, not realizing how bad they look and how they can be used against a person — like Defendants are now.

The only other restraining order was from 2020 and was a dismissed cause of action in this case for defamation. In essence, plaintiff didn't handle a falling out of a relationship well and unloaded on a girl through email. Plaintiff disagrees that that was a crime, but he has accepted that his actions could have been better. Again, it takes a person to truly walk in the shoes of a disabled person to understand why he would have acted that way. Plaintiff has gone to therapy and improved. Those around plaintiff agrees he has changed and should have the right to move on, but kiwi farms has decided that such trivial actions make plaintiff somehow worse than Joseph Stalin and other infamous people. It's actually caused plaintiff a lot of depression that he can't move on from his mistakes and is why this case was even filed, so that Mr. Moon could be held accountable for hosting such a vile site.

And for the record, plaintiff is not embarrassed with his being involved with legal vice in Nevada. It just has no relevancy to this case and these "Notices" from defendants needs to stop. It's Mr. Hardin who is attempting to embarrass plaintiff and it's now turning into harassment.[1]

## MOTION FOR A SHOW CAUSE ORDER

Because Mr. Hardin demands to scrutinize each and every action of plaintiff, plaintiff in turn demands this court scrutinize the actions of a licensed attorney. The supposed[2] licensed

---

[1] Plaintiff goofed up with accidentally scheduling the meeting the same time as the hearing, but that has since been resolved and plaintiff showed up to both.

[2] Plaintiff uses the word "supposed" because Defendants will gleefully point out that Plaintiff has been involved with many lawsuits. Maybe around 6-8. Plaintiff can't remember, but through all of those lawsuits, Mr. Hardin is the only attorney to engage in this type of behavior.

attorney's actions are clearly in violation of FRCP 11, as he is using legal filings to harass plaintiff. Again, this is a copyright case. What plaintiff does in his personal life and what he believes in or what business he chooses to engage in, has no bearing on this case. The more filings defendants file, the more proof plaintiff is taking to the Virginia State Bar and for a forthcoming motion for Mr. Hardin to lose his pro hac vice status. Mr. Hardin refers to those as "threats", but what else is plaintiff supposed to do if opposing counsel's lawyer is clearly abusing the legal process? Mr. Hardin is well aware of who Defendants are and that they actively monitor this case. Mr. Hardin in December had made plaintiff retract statements that he was involved with kiwi farms, but what other conclusion is there to infer if the lawyer isn't even arguing copyright, but rather, digging up irrelevant information to embarrass plaintiff?

Plaintiff makes a motion for Defendants to show cause for why they shouldn't be sanctioned for an FRCP 11(b)(1) violation, as they are clearly using litigation to harass and embarrass plaintiff.

Respectfully submitted,

Russell Greer

/rgreer/

5-18-25

**<u>CERTIFICATE OF SERVICE:</u>**

Pursuant to FRCP 5(b), I certify that on 5-19-25, I served a true and correct copy of the attached document by ECF to all attorneys on record.