**Matthew D. Hardin (*pro hac vice*)**
**HARDIN LAW OFFICE**
101 Rainbow Drive # 11506
Livingston, TX 77399
Telephone: (202) 802-1948
Email: MatthewDHardin@gmail.com
*Attorney for Defendants*
*Joshua Moon and Lolcow, LLC*

THE UNITED STATES DISTRICT COURT
DISTRICT OF UTAH

| | |
|---|---|
| RUSSELL GREER, | **DEFENDANTS' RESPONSE MOTION FOR AN ORDER TO SHOW CAUSE (ECF NO. 299) & NOTICE OF SUPPLEMENTAL AUTHORITY (ECF NO. 298)** |
| Plaintiff, | |
| v. | Case No. 2:24-cv-00421-DBB |
| JOSHUA MOON, *et al*. | District Judge David Barlow<br>Magistrate Judge Jared C. Bennett |
| Defendants. | |

NOW COME Defendants Joshua Moon and Lolcow, LLC, by and through their undersigned counsel, and file this response to the Plaintiff's Motion for an Order to Show Cause (ECF No. 299) and his "Notice of Supplemental Authority in Support of Motion for a Show Cause Order." ECF No. 298.[1] Defendants state as follows:

1) Mr. Greer has not established what pleading he believes violates Fed. R. Civ. P. 11, or in what way. Nor has Mr. Greer complied with Fed. R Civ. P. 11 (c) and given undersigned counsel 21 days to withdraw any offensive pleading. Instead, Mr. Greer requests vague relief from the Court, apparently instantly, listing a series of

---

[1] It appears Mr. Greer may have filed his Notice of Supplemental Authority several hours *before* he filed his Motion. Defendants assume for purposes of this filing that the Motion and Notice of Supplemental Authority were intended to be one document.

grievances that appear to have originated with Mr. Greer's own false statements to the Court about an "emergency" on May 6.[2] That is not how Fed. R. Civ. P. 11 ordinarily operates.

2) Moreover, Mr. Greer has selectively-edited exhibits to his filings such that much of undersigned counsel's email to Mr. Greer at ECF No. 298 at 6 is missing.[3]

3) Mr. Greer is such a prolific litigant, that he admits he has no idea how many lawsuits he has been involved in. ECF No. 299 at 3, fn. 2. Nevertheless, however many lawsuits Mr. Greer has filed, he is somehow certain that he has never encountered any attorney who "engage[s] in this type of behavior." But the underlying "type of behavior" is undefined by Mr. Greer. If any "behavior" is inappropriate, Mr. Greer has not explained what that behavior is or why it is inappropriate, and instead expects that the proposition supports itself or is otherwise self-evident. But undersigned counsel cannot defend himself from unsupported allegations. If Mr. Greer is angry that undersigned counsel has zealously defended his client, counsel notes that the Utah Supreme Court would hold that is an ethical obligation, not sanctionable activity. "Attorneys may take whatever lawful and ethical measures are required to vindicate a client's cause or endeavor." *State v. Clark*, 2005 UT 75, ¶ 1, 124 P.3d 235, 236 (2005).

---

[2] Undersigned counsel served a Motion for Sanctions upon Mr. Greer on May 19, 2025, arising from the events described at ECF No. 293 and 285-3. Consistent with Fed. R. Civ. P. 11, that Motion will be filed with the Court on or about June 10, 2025.

[3] On May 15, 2025, undersigned counsel thanked Mr. Greer for confirming that he had filed "the wrong exhibit" at ECF No. 263. Based upon Mr. Greer's own correspondence and acknowledgement that "the exhibit does not support what you said in the text of your pleading," counsel asked Mr. Greer if he would withdraw that exhibit or pleading. Mr. Greer did not reply to that email, nor did Mr. Greer include it in his selectively-edited exhibit in which he accuses counsel of making "threats."

4) If the Court has any concerns regarding undersigned counsel's conduct of this litigation, based on Mr. Greer's pleadings or otherwise, undersigned counsel requests that a show cause order be issued identifying what conduct might be of concern and setting a schedule for briefing or other proceedings at which undersigned counsel can clear his name. Alternatively, if the Court's concern is only that Mr. Greer himself is abusing Rule 11, the Court might consider issuing such an order to the Plaintiff instead.

5) If Mr. Greer believes there is cause for sanctions against undersigned counsel, he is free to properly serve a motion under Fed. R. Civ. P. 11 (c). Counsel will appropriately address any concerns raised through the ordinary motions process.

WHEREFORE, undersigned counsel asserts that Mr. Greer has established no basis for issuance of a show cause order, but welcomes the opportunity to show cause with respect to any topic the Court might wish to explore. Additionally, counsel asserts that Mr. Greer is welcome to properly serve a motion under Fed. R. Civ. P. 11 (c) which identifies the basis for any allegation of misconduct.

DATED May 16, 2025

**HARDIN LAW OFFICE**

 /s/ Matthew D. Hardin
**Matthew D. Hardin**
Attorney for Defendants
Joshua Moon and Lolcow, LLC