Russell Greer
1100 Dumont Blvd
Apt 139
Las Vegas, NV 89169
801-895-3501
russmark@gmail.com
Pro Se Litigant

FILED
2025 MAY 20 PM 1:44
CLERK
U.S. DISTRICT COURT

# IN THE UNITED STATES DISTRICT COURT

# DISTRICT OF UTAH

| | |
|---|---|
| **RUSSELL GREER**<br><br>Plaintiff<br><br>v.<br><br>**JOSHUA MOON ET AL**,<br><br>Defendants | **PLAINTIFF'S REQUEST TO REFER MOTION TO JUDGE DAVID BARLOW & FOR A MOTION TO STAY ECF 230 UNDER FRCP 62(b).**<br><br>Case No.:   2:24-cv-00421-DBB-JCB |

1

Plaintiff Russell Greer comes forward now and requests a stay of the Court's Order re ECF 230 under FRCP 62(b).

## I.    INTRODUCTION

On February 12th, 2025, this Court issued a memorandum & decision and ordered Plaintiff to pay $1,000 to Defendants.

On May 6th, 2025, Magistrate Judge Bennett denied a bonded stay. From what plaintiff understood, Judge Bennett didn't have the authority to stay an Order from Judge Barlow. Therefore, Plaintiff requests a stay directly from Judge Barlow and for this motion to be referred to Judge Barlow.

Plaintiff respectfully disagrees with the 2-12-25 Order and he kindly asks for a stay, pending appeal to the 10th Circuit Court of Appeals, which said appeal would commence at the conclusion of the district court case.

## ARGUMENT

### A. Sanction Was Not Worth $1,000

Plaintiff disagrees with the 2-12-25 Order and believes any action of his that caused the sanction was small enough to fall under a $500 amount. Defendants claim "great prejudice," but can't pinpoint exactly what prejudice they suffered. Defendants claim the harm they suffered was by getting subpoenas ready and other maneuvers that THEY chose to do. Defendants never informed plaintiff of their intentions to subpoena and so they chose to accept that cost.

### B. Matter of Law that the Tenth Circuit Hasn't Ruled On

Plaintiff also believes this Court is refusing to understand that Defendants' website is ran by a self-described "insane person with no assets," whose users share the same characteristics and that Plaintiff was substantially justified and thus no sanction should have been imposed. For instance, it has not be adjudicated at the 10th Circuit whether it is indeed bad faith to be hesitant to reveal information because Defendants' run a stalking website, whose lawyer seems to be

intimately involved with. Plaintiff has looked and this is the case "of first impression" to deal with a stalking site whose users purposely abuse private information.

The 10th Circuit needs to also expand on whether pro se confusion with initial disclosures constitutes bad faith.

Since both questions of law have not been expounded on by the 10th Circuit, it seems unjust for plaintiff to pay the judgement.

Because the case has not concluded, plaintiff can't simply appeal the sanction, nor can he file an interlocutory appeal for a sanction. He therefore seeks a stay.

## 10 PEECENT BONDED STAY

District courts have inherent discretionary authority in setting supersedeas bonds and a deposit equal to the full judgement amount is not required. *Miami International v. Paynter*, 807 F.2d 871 (10th 1986). Since the 10th Circuit does not require a full bond amount for a 62(b) stay, Plaintiff would ask that he pay a bond that equals 10 percent of the judgement. The reason for this is because (A) plaintiff sincerely believes any bad actions of his are not $1,000 worth and should be valued at below $500, (B) plaintiff believes he will have the $1,000 reversed on appeal and (C ) shortly after the memorandum & decision, plaintiff and defendants stipulated that they would deduct $250 from the $1,000, leaving the amount owed at $774.75. This deduction shows that Defendants won't be hurt if the full amount is not posted in a bond. Lastly, it took defendants a year to agree to pay any kind of amount that they were ordered to pay by this Court, so only posting 10 percent is fitting to how defendants view honoring monetary judgements.

Since the amount has been deducted to be $774.75, plaintiff requests to post a bond of $74.75. Plaintiff has the capability to pay the full judgement, should the 10th Circuit rule against him.

## CONCLUSION

Plaintiff requests to post a bond of $74.75.

Respectfully submitted,

Russell Greer

/rgreer/

5-20-25

**CERTIFICATE OF SERVICE:**

Pursuant to FRCP 5(b), I certify that on 5-20-25, I served a true and correct copy of the attached document by ECF to all attorneys on record.