**Matthew D. Hardin (*pro hac vice*)**
**HARDIN LAW OFFICE**
101 Rainbow Drive # 11506
Livingston, TX 77399
Telephone: (202) 802-1948
Email: MatthewDHardin@gmail.com
*Attorney for Defendants*
*Joshua Moon and Lolcow, LLC*

THE UNITED STATES DISTRICT COURT
DISTRICT OF UTAH

| RUSSELL GREER,<br><br>    Plaintiff,<br>v.<br><br><br>JOSHUA MOON, *et al*.<br><br>    Defendant. | **Motion for an Extension of Time**<br><br>Case No. 2:24-cv-00421-DBB<br><br>District Judge David Barlow<br>Magistrate Judge Jared C. Bennett |
|---|---|

    NOW COME the Defendants, by and through undersigned counsel, pursuant to Fed. R. Civ. P. 6 (b)(1)(A) and DUCivR 6-2 and state as follows:

    1)  On May 21, 2025, Mr. Greer served via CM/ECF a document captioned "REQUEST TO REFER MOTION TO JUDGE DAVID BARLOW & FOR A MOTION TO STAY ECF 230 UNDER FRCP 62(b)."[1] ECF No. 304. In that filing, Mr. Greer requests that this Court stay an order that Mr. Greer has entirely failed to comply with for over two months, in which Mr. Greer was ordered to pay $1,000 in monetary sanctions to the Plaintiff.

    2)  The parties previously briefed this exact same issue before the magistrate judge. ECF Nos. 251 (Mr. Greer's briefing), 256 (Defendants' Opposition), 283 (Court denies

---

[1] Mr. Greer appears to have filed the document on May 20. As Mr. Greer invariably does, he did not email the document to counsel, so counsel did not receive it contemporaneously with the Court.

Mr. Greer's motion). But Mr. Greer's instant briefing does not exactly mirror his earlier briefing, and appears to introduce at least some new facts or argument. Additionally, it is unclear whether Mr. Greer is seeking a stay based on this Court's inherent authority, or whether Mr. Greer is attempting to appeal a decision of the Magistrate Judge to the District Judge.

    3) New facts may bear on this Court's consideration of the Plaintiff's Motion to Stay the Order at ECF No. 230, and Defendants may also seek to reconsider or modify that order to account for those new facts.[2] Specifically, at ECF No. 230 at 11, this Court noted that part of the reason it reduced the award of sanctions to Defendants was because of Plaintiff's "IFP status." But Mr. Greer has repeatedly confessed in his own filings that he has an ability to pay filing fees, and the Magistrate Judge revoked Mr. Greer's IFP status at ECF No. 283. Defendants have filed a growing body of evidence which indicates that Mr. Greer's in forma pauperis status was obtained by fraud. As indicated at ECF Nos. 253, 267, 286, and 293, Mr. Greer has been paying state court filing fees (rather than proceeding in forma pauperis) during the pendency of this litigation. Additionally, Mr. Greer has repeatedly professed that he has the financial ability to open brothels in Nevada, and to obtain land or purchase hotels in Nevada for the purposes of prostitution, in numerous public *fora*, including in the Nevada state courts and in Nevada public meetings and correspondence, while this case has been pending. Defendants respectfully submit that this Court may wish to revisit its prior

---

[2] As indicated at ECF No. 231, this Court entered its order at ECF No. 230 without the benefit of adversarial briefing, and without following the procedures required by DUCivR 72-2 (b). For reasons unknown to the defense, the Court never established a briefing schedule before granting in part Mr. Greer's objection to the magistrate's order.

order, in which the Court gave Mr. Greer the benefit of "IFP status," insofar as a growing body of evidence indicates that Plaintiff's IFP status was obtained by fraud.[3] Mr. Greer himself has gone to war to prevent Defendants from obtaining any information about his financial resources, greatly complicating Defendants ability to ascertain the true extent of Plaintiff's financial resources. See, e.g., ECF No. 303 (indicating Mr. Greer is pursuing criminal charges against undersigned counsel arising from filing public records requests in Nevada seeking records related to Mr. Greer's real estate dealings), ECF No. 290 (indicating Mr. Greer is pursuing a personal protective order against undersigned counsel also arising from public records requests filed to ascertain the degree of Mr. Greer's misrepresentations to this Court), Exhibit D (Mr. Greer tells the City of Winnemucca, for the second time, not to respond to undersigned counsel's open records requests).

   4) Additionally, Mr. Greer has repeatedly indicated to undersigned counsel that he is refusing to pay court fees and the sanctions judgment as a form of retribution for a vigorous defense mounted by Mr. Moon and Lolcow, LLC rather than because he believes there is a legitimate reason he is not obligated to pay such fees. Exhibits B ("I was at one time going to pay it, but then you…"), C (in response to request for payment, Mr. Greer says "I am getting the police involved… You are ducking done."). To the extent that Mr. Greer's narrative in emails to counsel indicates Mr. Greer is motivated in bad faith to evade a judgment rather than in good faith to raise meritorious legal issues,

---

[3] Additionally, it appears Mr. Greer may have paid a $425 filing fee to the Nevada Secretary of State to register a new LLC for the purposes of establishing a brothel in Nevada on the same day Mr. Greer filed a statement with this Court indicating that paying filing fees was a "financial hardship." ECF No. 290, contra. Exhibit A.

the Defendants should be entitled to develop and produce evidence regarding Mr. Greer's bad faith. Developing evidence of Mr. Greer's ongoing bad faith may take more time than usual in large part because Mr. Greer is currently going to great lengths to frustrate the defense's ability to develop its own evidence through open records requests. Additionally, Mr. Greer himself says he is contacting individuals to "warn" them against discussing anything with undersigned counsel. ECF No. 303.

5) Defendants have served a Motion for Sanctions upon Mr. Greer relating, *inter alia*, to his various statements to this Court about his financial ability to build brothels (but not to pay court filing fees). That Motion cannot be filed until June 10, 2025 pursuant to Fed. R. Civ. P. 11 (c). Defendants respectfully submit that the Motion for Sanctions will shed considerable light on Mr. Greer's in forma pauperis status and on the issues he raises in his request for a stay.

WHEREFORE, Defendants respectfully request that this Court extend the time for them to respond to Mr. Greer's motion at ECF No. 304 through and including June 30, 2025.

DATED May 21, 2025

**HARDIN LAW OFFICE**

 /s/ Matthew D. Hardin
**Matthew D. Hardin**
*Attorney for Defendants Joshua Moon and Lolcow, LLC*