THE UNITED STATES DISTRICT COURT
DISTRICT OF UTAH

| | |
|---|---|
| RUSSELL G. GREER,<br><br>Plaintiff,<br><br>v.<br><br>JOSHUA MOON, publisher of the website Kiwi Farms; and LOLCOW LLC,<br><br>Defendants. | **MEMORANDUM DECISION AND ORDER DENYING [304] MOTION FOR A STAY TO ECF NO. 230 UNDER FRCP 62(b)**<br><br>Case No. 2:24-cv-00421-DBB-JCB<br><br>District Judge David Barlow<br><br>Magistrate Judge Jared C. Bennett |

Before the court is Plaintiff Russell G. Greer's ("Mr. Greer") motion to stay[1] the court's February 12, 2025 Order, which (i) granted in part and overruled in part Mr. Greer's objection to Magistrate Judge Jared C. Bennett's order requiring Mr. Greer to pay Defendants' reasonable expenses caused by Mr. Greer's nondisclosure of witnesses and evidence, (ii) adopted Judge Bennett's order in part, and (iii) ordered Mr. Greer to pay Defendants an award of $1,000[2] as a result of his nondisclosure.[3]

Mr. Greer disagrees with the court's Order, but because the case has not concluded, he cannot appeal the sanction at this time.[4] Mr. Greer seeks a ten percent bonded stay under Federal Rule of Civil Procedure 62(b).[5] On May 6, 2025, Judge Bennett denied a previous request by Mr.

---

[1] Mot., ECF No. 304, filed May 20, 2025.
[2] The court noted that this award, although higher than Mr. Greer's request of an award up to $500, was presumably far lower than the costs and fees incurred as a result of Mr. Greer's Rule 26 violations.
[3] Mem. Dec. & Order, ECF No. 230, filed February 12, 2025.
[4] Mot. 2–3.
[5] *Id.* at 3.

Greer for a bonded stay under Rule 62(b).[6] Mr. Greer interprets Judge Bennett's denial as being based on a lack of authority to stay an order from this court.[7]

However, Rule 62(b) does not apply to the court's Order awarding fees. This is not a "judgment" for purposes of Rule 62(b).[8] Therefore, Mr. Greer's motion must be denied.

But even if Rule 62(b) applied, the court would deny Mr. Greer's motion for lack of merit. For the reasons stated in the Order, the sanction was needed.[9] Mr. Greer reurges his argument that he did not need to comply with Rule 26 because of who Defendants are, and that there is a question about whether "pro se confusion with initial disclosures constitutes bad faith."[10] But Mr. Greer was not confused about what Rule 26 required; he simply willfully chose not to comply with the Rule despite his awareness of it.[11]

## ORDER

The court DENIES Mr. Greer's motion.[12] In the court's February 12, 2025 Order, the court ordered Mr. Greer to pay Defendants the $1,000 award on or before March 13, 2025. It has been more than two months since that deadline passed. Mr. Greer is ORDERED to pay the award no later than **Monday, June 9, 2025**. Failure to do so may result in additional sanctions.

---

[6] ECF No. 280.
[7] Mot. 2.
[8] *See Est. of Lillis by & through Lillis v. Bd. of Cty. Commissioners of Arapahoe Cty.*, No. 16-cv-03038-KLM, 2019 WL 3416592, at *2 (D. Colo. July 29, 2019).
[9] ECF No. 230, 4–11.
[10] ECF No. 304, 2–3.
[11] ECF No. 230, 1–7.
[12] ECF No. 304.

Signed May 21, 2025.

BY THE COURT

David Barlow
United States District Judge