**Matthew D. Hardin (*pro hac vice*)**
**HARDIN LAW OFFICE**
101 Rainbow Drive # 11506
Livingston, TX 77399
Telephone: (202) 802-1948
Email: MatthewDHardin@gmail.com
*Attorney for Defendants*
*Joshua Moon and Lolcow, LLC*

THE UNITED STATES DISTRICT COURT
DISTRICT OF UTAH

| | |
|---|---|
| RUSSELL GREER,<br><br>       Plaintiff,<br><br>v.<br><br><br>JOSHUA MOON, *et al*.<br><br>       Defendants. | **MOTION FOR LEAVE TO VIEW ECF NO. 1**<br><br><br>Case No. 2:24-cv-00421-DBB<br><br><br>District Judge David Barlow<br>Magistrate Judge Jared C. Bennett |

NOW COME Defendants Joshua Moon and Lolcow, LLC, by and through their undersigned counsel, and file this Motion for Leave to View ECF No. 1, which is currently under seal. Defendants state as follows:

1)      ECF No. 1 is Mr. Greer's application to proceed *in forma pauperis*, signed on or about September 16, 2020. Defendants seek access to ECF No. 1 for attorney's eyes only. The document need not be unsealed entirely or released for public viewing at this time. At present, defense counsel is entirely unable to view ECF No. 1, which appears to be restricted in the ECF system to court employees only.

2)      This Court revoked Mr. Greer's *in forma pauperis* status by order dated May 6, 2025. ECF No. 283. Mr. Greer ultimately paid his filing fee on May 21, 2025. ECF No. 311.

3)      Defense counsel's Motion to Review Plaintiff's *In Forma Pauperis* Status, ECF No. 253, which was ultimately granted at ECF No. 283, was premised on the idea that Mr. Greer's financial status may have changed since this litigation was filed almost five years ago. While Defendants agree that Mr. Greer has the current financial ability to pay his filing fees and costs, as indicated in Mr. Greer's recent filings and as evidenced by the fact that Mr. Greer has in fact paid his filing fees this week, Defendants respectfully assert that that is not fully dispositive of Mr. Greer's *in forma pauperis* status. Instead, as Defendants explained in a recent motion, ECF No. 289 at 3, there is an argument that 28 U.S.C. § 1915 (e)(2)(A) **requires** dismissal of an action when an allegation of poverty is untrue or otherwise fraudulent.

4)      While it is undisputed that Mr. Greer is not a pauper today, there remains the question of whether Mr. Greer was a pauper on or about September 16, 2020, when Plaintiff signed his original application to proceed without prepayment of costs. If Mr. Greer's original application were untrue or fraudulent, rather than merely overtaken by subsequent events as Mr. Greer's financial condition improved, Defendants respectfully submit that dismissal will be statutorily mandated.

5)      The defense wishes to investigate whether Mr. Greer's statements in September 2020 to this Court regarding his financial status were correct or incorrect. A growing body of evidence indicates that Mr. Greer may not have been impoverished during the relevant time period. For example, in 2022, Mr. Greer paid Nevada state court filing fees in a lawsuit alleging he was wrongfully deprived of the opportunity to buy land

and build a brothel. ECF No. 286.[1] And this Court's own records indicate that in 2018, Mr. Greer was wealthy enough to spend "$14,000 at brothels in Nevada," *Greer v. Herbert*, No. 2:16-cv-01067, 2018 U.S. Dist. LEXIS 78323, at *3 n.11 (D. Utah May 8, 2018).[2] In May 2020, immediately before Mr. Greer commenced this litigation in Utah, the Plaintiff was not a pauper. This is a matter of public record because Mr. Greer sued Taylor Swift in the Middle District of Tennessee by paying the full $400 filing fee. See Exhibit A. It thus appears that leading up to the filing of this lawsuit (from approximately 2016 to May 2020), Mr. Greer was comparatively well off, with considerable discretionary funds. And immediately after this lawsuit was filed, Mr. Greer was similarly wealthy, founding a real estate development company and paying his filing fees in state court litigation. But during the crucial period around September of 2020, very little information is publicly available about Mr. Greer's financial state of affairs.

WHEREFORE, Defendants respectfully submit that ECF No. 1 should be made available to undersigned counsel, under seal or as attorney's eyes only material, so that undersigned counsel can assess whether Mr. Greer's application to proceed in forma pauperis in this matter was fraudulent, and whether dismissal is mandatory under 28 U.S.C. § 1915 (e)(2)(A), notwithstanding that Mr. Greer has now paid the filing fee in this five year old case.

---

[1] Similarly, Mr. Greer registered "Intimate Dealings, LLC" in Nevada in April 2022. This is the entity Mr. Greer called a "real estate development company" in his conversations with government officials. ECF No. 285-2 at 14.

[2] That same Court order notes that Mr. Greer claimed to have $4,000 – apparently in cash – stolen from him. *Id*. at n. 12.

DATED May 22, 2025

                                **HARDIN LAW OFFICE**

                                 */s/ Matthew D. Hardin*
                                **Matthew D. Hardin**
                                *Attorney for Defendants*
                                *Joshua Moon and Lolcow, LLC*