Russell Greer
1100 Dumont Blvd
Apt 139
Las Vegas, NV 89169
801-895-3501
russmark@gmail.com
Pro Se Litigant

FILED
2025 MAY 22 PM 1:33
CLERK
U.S. DISTRICT COURT

IN THE UNITED STATES DISTRICT COURT

DISTRICT OF UTAH

| | |
|---|---|
| **RUSSELL GREER**<br><br>  Plaintiff<br><br>v.<br><br>**JOSHUA MOON ET AL**,<br><br>  Defendants | **PLAINTIFF'S NOTICE OF SUPPLEMENTAL AUTHORITY OF MATTHEW HARDIN'S MISREPRESENTATIONS TO THIS COURT & TO OTHERS**<br><br>Case No.:   2:24-cv-00421-DBB-JCB |

1

Plaintiff Russell Greer comes forward now and files this Notice of Supplemental Authority.

## I.    INTRODUCTION

Defendants' lawyer Matthew Hardin is determined to falsely accuse plaintiff of committing IPF fraud. In so doing, Mr. Hardin has not only lied to a connection of Plaintiff's, but since honesty is being brought up, Mr. Hardin lied in the motion to dismiss he drafted and filed. Mr. Hardin has also misunderstood a single paragraph plaintiff wrote to start these frivolous discovery requests.

1. **Matthew Hardin Claimed Plaintiff told this Court He Couldn't Pay the $1,000, When Plaintiff Never Said That**

In his campaign of harassing people connected to plaintiff, Mr. Hardin declared on 5-21-25 to plaintiff and a winnemucca realtor that plaintiff told this court he was "too poor to pay the $400 and the $1,000." **EXHIBIT A.** Plaintiff never once said that. That is a bald faced lie. In his motion to stay, plaintiff said that he disagreed with the sanction — not that he was too poor. Plaintiff did say in his Rule 60 objection motion that too high amount of a sanction would be a burden, which is true because defendants were asking for $5,000, which would have wiped out most of plaintiff's savings.

However, in regards to the $1,000, plaintiff only disagreed with the legal basis for paying it, not on the basis of being unable to. So Mr. Hardin, an allegedly licensed attorney, has now been caught lying by twisting plaintiff's words.

As will be established in the next section, Mr. Hardin has purposely twisted the paragraph plaintiff wrote in his opposition for extension of time (ECF 290) to give him an excuse to uncover what plaintiff was doing to postpone the hearing.

2. **Mr. Hardin Has Purposely Lied About the Paragraph in ECF 290 to purposely sabotage plaintiff's business dealings**

In ECF 290 (Plaintiff's Objection to Motion to Extend), Plaintiff wrote: "Plaintiff will probably just object to the order requiring that since it is a financial burden. Plaintiff has said he would pay it because he has some money saved up, but because defendants continue to push so hard at irrelevant things and accuse plaintiff of being a fraud, plaintiff is just going to file a sealed document showing this court his actual pay stub so that the court know that plaintiff isn't lying. Plaintiff has been meeting with investors, but he doesn't have a wealth of money on him."

The paragraph was pretty clear, but because Mr. Hardin has twisted Greer's words to give him an excuse to engage in this bizarre discovery campaign, Greer will once again go over what he wrote: plaintiff is a human being and has a life outside of this case. Plaintiff has money saved up. Roughly around $5,000. He is only making $14.00. Most of that $5,000 is going towards the business he is trying to start up. Plaintiff is also moving and needs money for moving, so it would have been a burden to dip into his business savings or to use his meager pay check to go towards the filing fee. He is relying on investors. Investors have not given him that money. But because Mr. Hardin is making extremely false and incredibly hurtful allegations, plaintiff decided to just pay the filing fee on May 21st.

Plaintiff wrote he "has some money saved up," because it's true. Compared to what it's going to cost to start his business, the amount of money he has on him is indeed "some." But that money is reserved for business. It was a vague sentence that could have been clarified. Plaintiff was going to explain all of this in his screening application, however, plaintiff has paid the filing fee, so this is a moot point.

Defendants can't squawk IPF fraud when plaintiff never submitted a second application for IPF status. Further, Defendants can't further squawk about fraud when they have never even seen the application from 2020 because in that first application, it clearly said plaintiff was moving from Utah to Vegas and he was tight on money and was trying to file before the statute of

3

limitations expired for the book in November 2020, which is why plaintiff filed before the deadline. Lastly, it's 5 years too late for defendants to be crying about the first IPF status.

What plaintiff wrote shouldn't have been that hard to understand. This is a copyright case. Clearly, defendants have no defense to copyright infringement and are now lying about anything plaintiff writes. It shows the unprofessionalism of Mr. Hardin.

Lastly, if defendants are going to be talking about honesty, THEY lied in their motion to dismiss on so many occasions. Plaintiff even called out their lies in his opposition response, namely when defendants wrote that plaintiff wasn't bothered by the infringement. That is patently false. Why do they get to get away with writing false statements, but jump on any word plaintiff writes? The irony is glaring,

Respectfully submitted,

Russell Greer

/rgreer/

5-22-25

5

**<u>CERTIFICATE OF SERVICE:</u>**

Pursuant to FRCP 5(b), I certify that on 5-21-25, I served a true and correct copy of the attached document by ECF to all attorneys on record.

**EXHIBIT A: Matthew Hardin's Lie that he Wrote on 5-21-25 in an email stalking plaintiff**

8:08      .ıl LTE 70

< Sent     **Fraud on the Court?**     ∧ ∨

On May 21, 2025, at 9:16 AM, Matthew Hardin <matthewdhardin@gmail.com> wrote:

Good morning, Mr. Greer,

I have obtained (and am attaching for your reference) the Meeting Minutes from the May 6, 2025 City Council meeting in Winnemucca. I note two interesting items in these minutes:

*First*, it appears you told the Winnemucca City Council that you had attempted to purchase the Scott Shady motel. But you made this offer to purchase a substantial piece of commercial real estate while simultaneously professing to the U.S. District Court in Utah that you were too poor to pay $402 in filing fees and $1,000 in sanctions awarded for your "recalcitrant" behavior. The owners, apparently, were not willing to sell. But you decided it was an "emergency" to rezone their property anyway, and told the U.S. District Court you could not possibly attend a hearing there on May 6 because of this "emergency" in Winnemucca.

