**Matthew D. Hardin (*pro hac vice*)**
**HARDIN LAW OFFICE**
101 Rainbow Drive # 11506
Livingston, TX 77399
Telephone: (202) 802-1948
Email: MatthewDHardin@gmail.com
*Attorney for Defendants*
*Joshua Moon and Lolcow, LLC*

THE UNITED STATES DISTRICT COURT
DISTRICT OF UTAH

| RUSSELL GREER, | **Memorandum of Law In Opposition to "Emergency" Motion for a Protective Order (ECF No. 314)** |
|---|---|
| Plaintiff, | |
| v. | Case No. 2:24-cv-00421-DBB |
| JOSHUA MOON, *et al.* | District Judge David Barlow<br>Magistrate Judge Jared C. Bennett |
| Defendants. | |

NOW COME Defendants Joshua Moon and Lolcow, LLC, by and through their undersigned counsel, and file this Memorandum of Law in Opposition to the Plaintiff's "Emergency" Motion for a Protective Order. ECF No. 314. In opposition, Defendants state as follows:

1) Mr. Greer purports to have filed his motion under Fed. R. Civ. P. 26 (c). But Fed. R. Civ. P. 26 (c) provides that "A party or any person *from whom discovery is sought* may move for a protective order." (*emphasis added*). That provision is inapplicable because no discovery is being sought from Mr. Greer except to the limited extent excepted from this Court's stay of discovery at ECF No. 283. And no discovery at all is being sought from any third party.

2) Similarly, Fed. R. Civ. P. 26 (c)(1) contemplates remedies that all entail restricting or limiting discovery. But discovery in this case has already been stayed with one narrow exception not relevant to Mr. Greer's motion. ECF No. 283. Thus Mr. Greer's Motion is not only inappropriate, but the remedies contemplated by the rule would provide Mr. Greer no relief at all. Discovery is already very sharply limited, with the only pending discovery being the production of an item which is the subject of a motion to compel filed several months ago. *Id*.

3) Mr. Greer is factually incorrect in numerous of his representations in his "Emergency" Motion at ECF No. 314. Among various factual misstatements, Mr. Greer states that Defendants have either subpoenaed communications involving Waylon Huber, ECF No. 314 at 2, or perhaps merely threatened to subpoena Mr. Huber himself. *Id*. But that is untrue. Defendants have entirely complied with this Court's stay on discovery at ECF No. 283 (which, after all, was issued on Defendants' motion). Defendants have not even issued any subpoenas in the current calendar year. The only subpoenas issued by the defense were withdrawn as part of a stipulation with Mr. Greer on December 20, 2024. ECF No. 201.

4) Additionally, the gravamen of Mr. Greer's Motion is the Plaintiff's attempt to recharacterize his most recent willful and wanton misrepresentation to this Court – ECF No. 276's assertion that there was an "emergency" on May 6, 2025 that required his presence – as nothing more than a "goof" unworthy of investigation by the defense. ECF No. 304 at 2. To put it charitably, Mr. Greer's narrative on this point has evolved considerably this month. See, e.g., ECF Nos. 276 (seeking to continue the May 6 hearing because of an "emergency" business meeting), 290 at 4 (insisting there was a business meeting which was separate from the Winnemucca City Council meeting), ECF No. 293-

2 at 32 (Mr. Greer acknowledges to the City of Winnemucca that the City Council meeting was the basis for his request in this Court for an "emergency" continuance in Utah), ECF No. 299 (Mr. Greer first comes clean and admits it was a "goof" that he scheduled a City Council meeting on the same day as his hearing in this Court). Defendants have already served – but cannot yet file – a Motion for Sanctions upon Mr. Greer arising from his materially false statements at ECF No. 276. And indeed, even since that Motion was served, additional evidence has been uncovered regarding the extent to which Mr. Greer's so-called "emergency" on May 6, 2025 was nonexistent. But if Mr. Greer has his way, Defendants will be forever unable to prove the full extent of Mr. Greer's continuing misrepresentations to this Court.

WHEREFORE, Defendants respectfully submit that Mr. Greer's "Emergency" Motion for a Protective Order, ECF No. 314, should be denied.

DATED May 22, 2025

                                                 **HARDIN LAW OFFICE**

                                                 */s/ Matthew D. Hardin*
                                                 **Matthew D. Hardin**
                                                 *Attorney for Defendants*
                                                 *Joshua Moon and Lolcow, LLC*