**Matthew D. Hardin (*pro hac vice*)**
**HARDIN LAW OFFICE**
101 Rainbow Drive # 11506
Livingston, TX 77399
Telephone: (202) 802-1948
Email: MatthewDHardin@gmail.com
*Attorney for Defendants*
*Joshua Moon and Lolcow, LLC*

THE UNITED STATES DISTRICT COURT
DISTRICT OF UTAH

| | |
|---|---|
| RUSSELL GREER, <br><br> Plaintiff, <br><br> v. <br><br><br> JOSHUA MOON, *et al*. <br><br> Defendants. | **NOTICE OF SUPPLEMENTAL AUTHORITY** <br><br><br> Case No. 2:24-cv-00421-DBB <br><br><br> District Judge David Barlow <br> Magistrate Judge Jared C. Bennett |

NOW COME Defendants Joshua Moon and Lolcow, LLC, by and through their undersigned counsel, and file this Notice of Supplemental authority with respect to their Motion for Leave to View ECF No. 1. ECF No. 313. Defendants state as follows:

1) New information, filed by Mr. Greer himself, adds to Defendants' concern that Mr. Greer may have committed a fraud on this Court when he sought leave to proceed *in forma pauperis* in 2020. ECF No. 1. Specifically, Mr. Greer now states that "when plaintiff requested IFP status in 2020, he was actually making more money than he is now." ECF No. 314 at 3. But it is well-established by Mr. Greer's own admission that the Plaintiff is not currently a pauper. See, e.g., ECF No. 253 (Defendants' Motion to Review *In Forma Pauperis* Status, based on statements Mr. Greer made in which he indicated he was fully capable of paying a sanctions judgment in full), 283 (granting Defendants' Motion to Review *In Forma Pauperis* Status), 300 at 32-34 (Mr. Greer

admits in open court that he is capable of paying filing fees without undermining his ability to support himself).

2) If Mr. Greer was even wealthier in 2020 than he is today, and it is undisputed that Mr. Greer is not a pauper today, it is puzzling why this Court would have granted Mr. Greer *in forma pauperis* status in 2020 unless there was some form of misrepresentation.

3) Specifically, DUCivR 3-2 (a)(1)(A) provides that this Court may only grant *in forma pauperis* status to an individual whose "monthly income is equal to or below 200% of the United States poverty guideline." In 2020, the poverty threshold for a single individual without dependents was $12,760.[1] Thus, 200% of the poverty threshold would be $25,520.

4) Mr. Greer claims that he currently earns $14 per hour. ECF Nos. 315 at 3 and 290 at 2. Assuming Mr. Greer works 40 hours per week, and even giving Plaintiff the benefit of the assumption that he is paid for only 48 weeks per year (with an entire month during which Mr. Greer earns nothing at all), it would appear that Mr. Greer's annual income is $26,880 (more than twice the federal poverty level in 2020).[2] But the math appears to be even worse than that, because Mr. Greer assures this Court he was actually earning *more* in 2020 than he does not, such that Plaintiff's 2020 income would have been *even higher* than the current figures. Presumably, if Mr. Greer was honest in his 2020 application for *in forma pauperis* status (and in his 2025 explanations about his

---

[1] https://aspe.hhs.gov/topics/poverty-economic-mobility/poverty-guidelines/prior-hhs-poverty-guidelines-federal-register-references (last visited May 23, 2025).
[2] Similar assumptions based on a less than 40-hour workweek also tend to show Mr Greer's income was more than 200% of the federal poverty level. For example, if Mr. Greer worked 36 hours per week (at $14/hr), but did not take unpaid vacation time, his annual income would have been $26,208.

2020 financial status), this Court would have denied Plaintiff's *in forma pauperis* application under DICivR 3-2(a)(1)(A). Instead, that application was granted. ECF No. 2. Either the Court made a mistake, or Mr. Greer provided the Court materially false information at the inception of this case. Defendants respectfully request the ability to investigate which of those two scenarios is the case.

5) Additionally, since the Motion at ECF No. 313 was filed, social media posts of Mr. Greer in the months surrounding Plaintiff's 2020 application for *in forma pauperis* status have surfaced. While not yest authenticated or presented in an admissible form, initial indications are that Mr. Greer had sufficient funds to hire a "PR company" in November 2020 to promote a song about "body positivity," and sufficient funds in December 2020 to pay a "male pop vocalist $500-800 to help me with an audition."[3]



---

[3] On information and belief, the "audition" in question was for the TV show *America's Got Talent*. Mr. Greer later sued the producers of that show, also *in forma pauperis*, in 2021. *Greer v. Freemantle Prods.*, No. 2:21-cv-01905-RFB-NJK, 2021 U.S. Dist. LEXIS 224179, at *1 (D. Nev. Nov. 18, 2021).

6) It is difficult for undersigned counsel to believe that this Court would have granted Mr. Greer's *in forma pauperis* application at ECF No. 1 if it was fully aware of the facts of Mr. Greer's financial situation, as they have subsequently been revealed in large part due to Mr. Greer's own filings. While counsel cannot at present prove that Mr. Greer committed a fraud on this Court at the very inception of this case, counsel asks for the opportunity to investigate whether that is the case, and to seek appropriate relief in the form of mandatory dismissal pursuant to 28 U.S.C. § 1915 (e)(2)(A).

WHEREFORE, Defendants respectfully submit that Mr. Greer's most recent filings, and newly surfaced social media posts, further bolster their assertion that they should be permitted to view ECF No. 1.

DATED May 23, 2025

**HARDIN LAW OFFICE**

/s/ Matthew D. Hardin
**Matthew D. Hardin**
*Attorney for Defendants*
*Joshua Moon and Lolcow, LLC*