**Matthew D. Hardin (*pro hac vice*)**
**HARDIN LAW OFFICE**
101 Rainbow Drive # 11506
Livingston, TX 77399
Telephone: (202) 802-1948
Email: MatthewDHardin@gmail.com
*Attorney for Defendants*
*Joshua Moon and Lolcow, LLC*

THE UNITED STATES DISTRICT COURT
DISTRICT OF UTAH

| | |
|---|---|
| RUSSELL GREER,<br><br>    Plaintiff,<br><br>v.<br><br><br>JOSHUA MOON, *et al*.<br><br>    Defendants. | **NOTICE OF SUPPLEMENTAL AUTHORITY**<br><br><br>Case No. 2:24-cv-00421-DBB<br><br><br>District Judge David Barlow<br>Magistrate Judge Jared C. Bennett |

NOW COME Defendants Joshua Moon and Lolcow, LLC, by and through their undersigned counsel, and file this Notice of Supplemental authority with respect to the Plaintiff's recent attempt to improperly label a "settlement" demand as "attorney's eyes only," notwithstanding this Court's earlier order at ECF No. 272 and notwithstanding the general principle that it is unethical and improper for a party to threaten criminal complaints in order to obtain advantage in a civil matter. Defendants state as follows:

1)      On May 28, 2025, Defendants received an email from Mr. Greer, marked "ATTORNEY'S EYES ONLY." A copy of that email is attached hereto in redacted form as Exhibit A, along with Defendants' response.

2)      As Defendants note in their response, it appears the Plaintiff is attempting to use the threat of criminal complaints against Defendant Joshua Moon in order to obtain an advantage or extort a "settlement" in this civil case. But Defendants "would

never want to hide any evidence from the police or discourage a full inquiry by any relevant prosecutorial authority," Exhibit A, even if Mr. Greer would prefer to do so.

3) The Plaintiff additionally seeks to make "settlement" demands which undersigned counsel ostensibly cannot share with his own client because they are "attorney's eyes only." Because of Mr. Greer's abuse of the privilege of marking materials as "Attorney's Eyes Only," undersigned counsel cannot simultaneously comply with both this Court's Standard Protective Order and the Rules of Professional Conduct, which require undersigned counsel to "promptly" notify his client of any settlement offers. Utah R. Pro. Cond. 1.4, Comment 2.

WHEREFORE, Defendants respectfully submit that Mr. Greer's continued disregard for the terms of the Standard Protective Order is disconcerting. Defendants additionally wish to go on record immediately to state that they will not be part of any ostensible plan by the Plaintiff to withhold information from the police under the guise of a "settlement."

DATED May 28, 2025

                                            **HARDIN LAW OFFICE**

                                            /s/ Matthew D. Hardin
                                            **Matthew D. Hardin**
                                            *Attorney for Defendants*
                                            *Joshua Moon and Lolcow, LLC*