FILED
2025 JUN 1 AM 8:23
CLERK
U.S. DISTRICT COURT

Russell Greer
1100 Dumont Blvd
Apt 139
Las Vegas, NV 89169
801-895-3501
russmark@gmail.com
Pro Se Litigant

# IN THE UNITED STATES DISTRICT COURT

# DISTRICT OF UTAH

| | |
|---|---|
| **RUSSELL GREER**<br><br>Plaintiff<br><br>v.<br><br>**JOSHUA MOON ET AL**,<br><br>Defendants | **PLAINTIFF'S MOTION FOR RECONSIDERATION RE MAY 6th VERBAL ORDER, PER FRCP 60(B)(2)**<br><br>Case No.:   2:24-cv-00421-DBB-JCB |

1

Plaintiff Russell Greer comes forward now and files this Motion for Reconsideration.

## I. INTRODUCTION

On May 6th, this Court ordered Plaintiff to give completely irrelevant documents to Defendants. When this Court made that Order, it was respectfully unaware of the tremendous hurdles plaintiff would have to get through to even get said private documents. Plaintiff asked for a modification to the Order, on 5-15-25, because both he and this Court were unaware that Plaintiff simply can't login to a portal online and get the docs. On May 28th, Greer spent $20 getting a letter notarized and sending to the Third District Court. **EXHIBIT A.** On May 29th, a filing clerk informed plaintiff that it would be $67.00 to get the documents. The cost was broken down by postage to Mr. Hardin and certifying the documents. **EXHIBIT B.** It was also informed that the clerk will not stamp the documents as "Attorney's Eyes Only."

This May 29th development sharply contrasts with the May 6th order, as this Court was unaware that retrieving the documents would be an $87.000 endeavor. Plaintiff would *sincerely* ask this Court to Order Defendants to pay for the cost of retrieving the documents **before he pays to get the documents** or that since this has turned into more cost than the Court realized it would, that the Court just retract its May 6th order and that the documents simply not be retrieved based on no relevancy.

Even if the Court orders repayment by Defendants, a problem arises because the filing clerk will not stamp the documents as "attorney's eyes only." Since the documents would be mailed directly to Mr. Hardin, plaintiff will be unable to write on the documents "attorney's eyes only." Mr. Hardin has already demonstrated that he will publish documents if plaintiff fails to mark them confidential, even if common sense dictates they are confidential. Because Mr. Hardin has demonstrated that he won't abide by common sense and only direct written order, plaintiff would ask that an order be entered that once Mr. Hardin receives the documents, that he not publish them anywhere or give them to Mr. Moon.

Further, the May 6th Order contradicts with the Court's July 15th, 2024 Order.

## II.   ARGUMENT

FRCP 60(B)(2) allows an order to be reconsidered based upon new evidence. FRCP(B)(6) allows reconsideration based upon "any other reason that justifies relief." The following reasons will show that the May 6th Order should be reconsidered.

### A.  May 6th Order Conflicts with July 15th, 2024 Order

Plaintiff would ask that the Court reconsider its May 6th order and not have documents be produced. The Court said on May 6th that it was too late for plaintiff to argue relevancy and that plaintiff didn't even respond to the Defendants' short form discovery request. The court said it was ordering production because plaintiff never responded and never argued against relevancy.

First off, plaintiff never responded because the day Defendants filed their short form request, this Court issued its order sanctioning plaintiff and he lost track of their motion and never replied because he was busy filing objections. Plaintiff apologizes for that.

Second of all, plaintiff needs to let this Court know that he suffers from anxiety and depression. Plaintiff didn't respond to the document request because as he said in his first motion for reconsideration, the sanctions order "knocked the wind" out of plaintiff. It truly did. And so plaintiff was in a depressed state and never responded to short form discovery.

Most importantly, the May 6th order conflicts with an earlier court order. On July 15th, 2024, this Court wrote that plaintiff's response was not required when it makes decisions. This Court should have respectfully seen that a 2018 application for a restraining order against Joshua Moon has no relevancy to this case. By its own previous order and precedent, plaintiff's written opposition wasn't required. Plaintiff has just shared why he never responded. Defendants don't get to do fishing expeditions and this Court should have seen their request as a fishing expedition, as the restraining order has nothing to do with copyright.

Seeing that the documents have no relevancy to this case and that producing the documents are turning into more costs than this court realized, as outlined below, that the court rescind its order ordering production.

### B. Receiving and sending documents to Defendants will be $67.00. Plaintiff already spent $20.00. Reimbursement requested before documents are paid for

Should the Court deny Point A, plaintiff would then ask for Point B to be considered.

The Third District Filing Clerk informed plaintiff on May 29th, 2025, that the document retrieval and postage would be $67. This is completely new information to this Court. When this Court made its ruling on May 6th, as the Court was under the belief that plaintiff could simply pick up his documents or just download them since "they're your documents."

Because of the cost, and because this Court was unaware of the cost, plaintiff would request an order that defendants reimburse plaintiff *before he pay*s for the documents. Plaintiff would also request to be reimbursed for the notarized document and scanning cost of $20.00 before he pays for the documents. This cost shifting request is backed by case law, with courts analyzing the most fundamental question: "How important is the sought-after evidence in comparison to the cost of production?" *Zubulake v. UBS Warburg LLC*, ,217 F.R.D. 309 (S.D.N.Y. 2003). A 2018 restraining order application and its denial order have no importance to the case at hand. Because there is zero relevancy, plaintiff would ask, based on persuasive case law, that the cost burden shifts to Defendants.

Further, the cost would be undue because plaintiff doesn't have a lot of money on him. He has a savings account, but that *is reserved for business.* Plaintiff can't keep dipping into it and that's partly why he's fighting back on this extremely silly request that defendants want because Defendants have now a pattern they are trying to do: they are trying to drain plaintiff of every dime he has on him. They were emboldened by the fees awarded in the initial disclosure fiasco

4

and they have since filed motion for sanctions after motion after motion. That is so extremely unfair.

The Court itself can even look back at what it said on May 6th at the hearing. The Court assumed plaintiff could just simply download the documents. That has proven to be not the case. Since that's not the case, plaintiff would ask for the court to reconsider its order and shift costs to Defendants before any payment is made to the filing clerk.

The filing clerk gave plaintiff a link to pay and so if the court grants this point of cost shifting, plaintiff can give the link to Defendants' attorney, so that they can pay it.

### C. Filing Clerk won't stamp "attorney's eyes only".

Another undue burden with the request is that these are confidential documents, but the Third District filing clerks won't stamp them as "attorney's eyes only," to comply with the discovery protective order. Plaintiff was going to have the documents mailed directly to Mr. Hardin. If Point A is denied and Point B granted, plaintiff asks that the Court order Mr. Hardin not publish the documents nor give them to Mr. Moon to be published, even if they lack the proper wording of "attorney's eyes only."

## CONCLUSION

Plaintiff would strongly ask the order to produce the documents by June 3rd be rescinded because they have no relevance and this Court has conflicted its prior order with its May 6th order by seeing such a request wasn't relevant, even if plaintiff never responded.

If the court feels irrelevant documents must be produced, then plaintiff asks for the cost of production to shift to Defendants and plaintiff will gladly provide the filing clerk's link for payment of the documents.

Respectfully submitted,

Russell Greer

/rgreer/

6-1-25

Case 2:24-cv-00421-DBB-JCB   Document 326   Filed 06/01/25   PageID.1772   Page 6 of 13

## **CERTIFICATE OF SERVICE:**

Pursuant to FRCP 5(b), I certify that on 6-2-25 I served a true and correct copy of the attached document by ECF to all attorneys on record.

**EXHIBIT A: NOTARIZED REQUEST TO THIRD DISTRICT COURT**



Dear Third District of Utah, Civil Division Clerk,

My name is Russell and I'm the petitioner in case number Case number 180909529 (Greer v. Moon).

I am requesting a certified copy of the case file.

**PLEASE STAMP ALL PAGES AS "ATTORNEY'S EYES ONLY".**

The copies can be mailed to:

Matthew D. Hardin
Hardin Law Office
101 Rainbow Drive # 11506
Livingston, TX 77399

Thank you,
Russell Greer

State of Nevada
County of Clark
This instrument was acknowledged before me on
Date 05/28/2025
By Russell Greer
            Notary Public

MICHELLE McPHAIL
Notary Public - State of Nevada
County of Clark
APPT. NO. 23-6381-01
My App. Expires October 3, 2027

**EXHIBIT B: QUOTED $67.00 COST**



