**Matthew D. Hardin (*pro hac vice*)**
**HARDIN LAW OFFICE**
101 Rainbow Drive # 11506
Livingston, TX 77399
Telephone: (202) 802-1948
Email: MatthewDHardin@gmail.com
*Attorney for Defendants*
*Joshua Moon and Lolcow, LLC*

THE UNITED STATES DISTRICT COURT
DISTRICT OF UTAH

| | |
|---|---|
| RUSSELL GREER,<br><br>Plaintiff, | **DEFENDANTS' RESPONSE TO "PLAINTIFF'S MOTION FOR RECONSIDERATION RE MAY 6th VERBAL ORDER, PER FRCP 60(B)(2)"** |
| v. | Case No. 2:24-cv-00421-DBB |
| JOSHUA MOON, *et al*.<br><br>Defendants. | District Judge David Barlow<br>Magistrate Judge Jared C. Bennett |

NOW COME the Defendants, and filed this Response in Opposition to "Plaintiff's Motion for Reconsideration Re May 6th Verbal Order, Per FCRP 60 (B)(2)." ECF No. 326.

I.  **Introduction**

For at least the second time, Mr. Greer seeks to rewrite the record in this case with respect to the particular discovery that was the subject of Defendants' successful Motion to Compel, which Mr. Greer has not complied with despite the passage of almost five months since that order was issued. ECF Nos. 219, 227. In an email dated *almost six months ago*, Mr. Greer stated that he both possessed the documents Defendants seek, and would be "happy to provide" them. ECF No. 219-9. Indeed, Mr. Greer even

specifically admitted that the documents he filed in a Utah state court were relevant, noting that he "clearly state[d] kiwi farms" was the subject of his grievances filed against Joshua Moon in the state courts of Utah. *Id*.

In the intervening months, Mr. Greer's story has changed considerably. As Mr. Greer now tells it, he doesn't have these vital documents at all. ECF No. 326 at 2 *et seq*. And to obtain them would be expensive and difficult. *Id*. And besides which, they aren't relevant. *Id*. at 2 and 5. To put it mildly, Mr. Greer's current story and his previous story conflict in numerous very material ways.

Mr. Greer has now twice sought to vacate the Court's order granting a Motion to Compel, ECF No. 227, which was originally issued *almost five months ago*. First, at ECF No. 243, Mr. Greer sought "reconsideration." Then, at ECF No. 294, Mr. Greer sought "modification." Both of Mr. Greer's motions were denied, although the Court did allow Mr. Greer extra time to comply with its order. ECF No. 297. Nevertheless, Mr. Greer has not complied with this Court's repeated orders, and has instead filed a *third* motion seeking relief from providing Defendants a document he himself previously called "relevant" and indicated he was "happy to provide." ECF No. 219-9. The underlying discovery request was served in November 2024. ECF No. 219-2. Halfway through 2025, Mr. Greer is still fighting tooth and nail to avoid compliance.

> This Court warned Mr. Greer at the May 6, 2025 hearing as follows:
>
> If we don't at least see some -- if they are not produced, then we will have to reconvene and figure out why not. If they are just not produced because [Mr. Greer] just doesn't want to get to it, then we will be talking about Rule 37(b) sanctions in terms of case termination for failure to cooperate in discovery, which would include fees among other things. So we are getting to that point here, but I want to give him at least 14 days to get that over to you…

ECF No. 300 at 14:18-25.

Mr. Greer has now made it abundantly clear that he has no intention of cooperating with the discovery process. This Court should deny Mr. Greer's third motion to reconsider its prior order that he provide documents he admitted were "relevant" and previously indicated he would be "happy to provide." And this Court should "reconvene" as it previously stated it would, to address whether this case should be dismissed under Rule 37(b) or otherwise.

## II.     Standard of Review

Mr. Greer seeks relief under Fed. R. Civ. P. 60. ECF No. 326. This Court has recognized that relief under Fed. R. Civ. P. 60 is disfavored and may only be granted under extraordinary circumstances. *King v. IC Grp., Inc.*, No. 2:21-cv-00768-RJS-CMR, 2024 U.S. Dist. LEXIS 199277, at *4 (D. Utah Nov. 1, 2024), citing *Cashner v. Freedom Stores, Inc.*, 98 F.3d 572, 576 (10th Cir. 1996) and *Bud Brooks Trucking, Inc. v. Bill Hodges Trucking Co.*, 909 F.2d 1437, 1440 (10th Cir. 1990).

Fed. R. civ. P. 60 only allows relief under six enumerated circumstances:

> (1) mistake, inadvertence, surprise, or excusable neglect;
> (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);
> (3) fraud, . . . misrepresentation, or misconduct by an opposing party;
> (4) the judgment is void;
> (5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or
> (6) any other reason that justifies relief.

*King*, 2024 U.S. Dist. LEXIS 199277, at *3-4.

## III.    Argument

Mr. Greer has not proven that any "extraordinary" relief is warranted or appropriate. Instead, Mr. Greer has demonstrated only his own willful refusal to follow

this Court's orders and ensure the orderly progress of this litigation. Worse, Mr. Greer's refusal to engage in any manner whatsoever with the factual discrepancies between his correspondence filed at ECF No. 219-9, in which he admits he possesses relevant documents and would be "happy to provide" them, and his recent filings indicating that he does not have the documents and will do everything in his power to prevent Defendants from obtaining them, illustrate why Mr. Greer's requested relief should be denied and why this case should be dismissed under either Rule 37(b) – as this court previously indicated may be appropriate – or Rule 11 (c)(3).

Mr. Greer's argument boils down to two main points: First, Mr. Greer indicates that when this Court ordered Mr. Greer to obtain the documents he filed against Mr. Moon in the state courts of Utah, this Court was "unaware of the tremendous hurdles plaintiff would have to get through to even get said private documents." ECF No. 326 at 2. Second, Mr. Greer claims that he cannot comply with this Court's Standard Protective Order because the clerk of a Utah state court will not do Mr. Greer's work for him and stamp documents "Attorney's Eyes Only." *Id*. But Mr. Greer also throws in a litany of other reasons the court should not follow the ordinary rules in this case: Mr. Greer relitigates his failure to oppose the underlying motion to compel, argues that the documents are irrelevant, argues that he suffers from "anxiety and depression," and states that he is not required to respond to Defense filings at all. *Id*. at 3. None of Mr. Greer's arguments merit extraordinary relief.

First, the "tremendous hurdles" Mr. Greer claims prevent him from complying with this Court's orders are either fabricated or self-imposed. As previously indicated, at ECF No. 219-9, Mr. Greer stated he had a copy of the documents and would be "happy to provide" it. It is entirely unclear why Mr. Greer now claims not to have the documents or

why he must obtain them from a third party, but regardless Mr. Greer has made his bed and now must lie in it. And the financial "costs" Mr. Greer claims he will face to obtain the documents he himself filed with the state courts of Utah under seal, without serving Defendants, are also inflated. ECF No. 326 at 12 reveals that Mr. Greer requested certified copies from the Utah courts and also requested certified mail from those courts, neither of which are costs he must incur. Those costs are entirely voluntary for Mr. Greer. Equally unavailing is Mr. Greer's renewed claim that he is impoverished and cannot pay copying costs, notwithstanding that he has admitted he has thousands of dollars in an account he claims is somehow "reserved for business." *Id*. at 4.[1] Copying costs are a routine part of discovery, and routine copying costs do not merit fee-shifting. "[C]ost-shifting is generally only appropriate when requests run afoul of Rule 26(b)(2) and only for good cause shown." *Brassco, Inc. v. Klipo*, 2004 U.S. Dist. LEXIS 11164, at *14 (S.D.N.Y. June 21, 2004).

Second, Mr. Greer cannot seek relief in this Court by claiming that he cannot force third parties to do his own work for him. Mr. Greer claims that the Utah state courts will not stamp his documents "Attorney's Eyes Only." ECF No. 326 at 5. That's true, as far as it goes, but it also not the job of state court clerks with no connection to this case to do Mr. Greer's job for him. Mr. Greer apparently wants the Utah court clerks to mail documents directly to the defense, rather than mailing the documents to him to be

---

[1] This may be Mr. Greer's most curious claim, and adds impetus for Defendants to investigate Mr. Greer's true financial status. Mr. Greer apparently has access to these funds despite that they are "reserved" for business. ECF No. 326 at 4 (noting that Mr. Greer can dip into these funds, but can't "keep dipping into" them). Mr. Greer thus claims he does not have money to prosecute this lawsuit, but apparently has plenty of money to promote prostitution in Nevada. The notion that these funding streams are totally separate and unrelated strains credulity.

appropriately labelled under this Court's standard protective order. And Mr. Greer claims that because the state court clerks will not do Mr. Greer's job for him, he cannot comply with the terms of this Court's Standard Protective Order. That argument is nonsensical. And Mr. Greer has not even bothered to explain what truly sensitive information is contained in the documents he filed with another court, such that an "Attorney's Eyes Only" designation would be justifiable under this Court's Standard Protective Order.[2]

Lastly, Mr. Greer's ancillary arguments also lack merit. Plaintiff cannot now relitigate the underlying motion to compel, including arguments he could have raised but did not in opposition to that motion. District courts should deny reconsideration when the motion is an attempt "to revisit issues already addressed or advance arguments that could have been raised earlier" or "to relitigate old matters." *Christina M. v. United Healthcare*, No. 1:22-cv-00136, 2025 U.S. Dist. LEXIS 15993, at *2 (D. Utah Jan. 27, 2025) (internal citations and quotations omitted). Mr. Greer's anxiety and depression are not good cause for reconsidering a court order. *Lavigne v. Am. Tranz*, No. 4:21-CV-60-DMB-JMV, 2023 U.S. Dist. LEXIS 168190 (N.D. Miss. Sep. 21, 2023) (Rule 37 sanctions imposed and case dismissed as a result of discovery compliance, despite that plaintiff was medically diagnosed with "anxiety, concussion, head trauma, and depression."). And Mr. Greer's argument that he is not required to respond to a Court order – while technically correct – does not explain Mr. Greer's belief that a motion which is properly supported and argued should not be granted in the absence of his response, or Mr.

---

[2] Defendants respectfully submit that Mr. Greer's pattern is to try to litigate against all his perceived foes in "sealed" court filings, which he perpetually refuses to serve on the targets of his litigation. The records of the Las Vegas Justice Court alone indicate that Mr. Greer filed four civil suits – three of which sought "emergency" injunctions – against ostensible "stalkers" or "harassers" from 2022-2023. Exhibit A. Mr. Greer never served any of these suits, and all of his requests were denied. Exhibit A.

Greer's assertion that he is immune from DUCivR 7-1 (f), or Mr. Greer's belief that he is entitled to file serial motions for reconsideration bringing up belated arguments which he failed to raise in the first instance.

### IV.    Conclusion

This Court should deny Mr. Greer's Motion. The Court should "reconvene" with Mr. Greer as it said it would at the May 6 hearing, to discuss whether Rule 37(b) sanctions should be imposed due to Plaintiff's failure to comply with this Court's order. Additionally and/or alternatively, this Court should order Mr. Greer to show cause, within the meaning of Fed. R. Civ. P. 11 (c), why this Court should not impose sanctions as a result of the serious factual discrepancies between his email at ECF No. 219-9 (admitting documents Defendants requested are relevant and that he would be "happy to provide them) and his subsequent pleadings (claiming he does not possess the documents, they are not relevant, and providing them would make Mr. Greer the opposite of "happy").

DATED June 4, 2025

                                              **HARDIN LAW OFFICE**
                                               _/s/ Matthew D. Hardin_
                                              **Matthew D. Hardin**

                                              _Attorney for Defendants_
                                              _Joshua Moon and Lolcow, LLC_