**Matthew D. Hardin (*pro hac vice*)**
**HARDIN LAW OFFICE**
101 Rainbow Drive # 11506
Livingston, TX 77399
Telephone: (202) 802-1948
Email: MatthewDHardin@gmail.com
*Attorney for Defendants*
*Joshua Moon and Lolcow, LLC*

THE UNITED STATES DISTRICT COURT
DISTRICT OF UTAH

| | |
|---|---|
| RUSSELL GREER,<br><br>Plaintiff,<br><br>v.<br><br>JOSHUA MOON, *et al.*<br><br>Defendants. | **MOTION FOR RULE 26 (g)(3) SANCTIONS and ALTERNATIVE MOTION FOR AN ORDER TO SHOW CAUSE PURSUANT TO RULE 11 (c)(3)**<br><br>Case No. 2:24-cv-00421-DBB<br><br>District Judge David Barlow<br>Magistrate Judge Jared C. Bennett |

NOW COME the Defendants, Joshua Moon and Lolcow, LLC, by and through their undersigned counsel, and move for Rule 26 (g)(3) sanctions against the Plaintiff arising from Mr. Greer's improper certification in requesting a discovery subpoena from this Court in violation of this Court's order staying discovery, and Plaintiff's later false statements to the clerk in attempting to protect his improperly-obtained subpoena from being quashed or vacated.

Alternatively, if the Court holds that sanctions cannot properly be awarded under Rule 26 (g)(3), Defendants request that the Court issue an order for Mr. Greer to show cause why he should not be sanctioned pursuant to Fed. R. Civ. P. 11 (c)(3).[1]

In support of this Motion, Defendants state as follows:

1) On June 5, 2025, Mr. Greer obtained a discovery subpoena from the clerk of the Court. ECF No. 328, *cf.* Exhibit A. That subpoena was obtained in violation of this Court's orders staying discovery. ECF Nos. 283 (written stay) and 300 (oral stay). Mr. Greer's improperly-obtained subpoena was subsequently deemed "invalid and void" by the Clerk of the Court, ECF No. 329, but that happened only after Defendants were forced to spend hours of attorney time bringing the issue to the attention of the Court and the clerk's office. See, e.g., ECF No. 328 and Exhibit B.

2) Mr. Greer made repeated misrepresentations to the clerk in order to obtain his "invalid and void" subpoena, forcing both undersigned counsel and the Court to expend needless time and effort correcting Mr. Greer. In Mr. Greer's initial request for the subpoena, Mr. Greer failed entirely to disclose that discovery was stayed in this case. Exhibit C. And when undersigned counsel wrote to the clerk's office to question why a discovery subpoena was issued to Mr. Greer despite the stay on discovery, Mr. Greer lied to the Clerk of Court, stating "The judge clearly said discovery to find the John Does was NOT barred." Exhibit D (emphasis in original). But the transcript of the May 6, 2025 hearing in this matter is freely available at ECF No. 300, and reveals that Mr. Greer

---

[1] 21-day advance service of a sanctions motion under Fed. R. Civ. P. 11 (c)(2) would be impracticable for at least two reasons. First, the subpoena Mr. Greer improperly obtained has already been deemed "invalid and void," and cannot now be withdrawn by Mr. Greer. ECF No. 329. Second, because Defendants have already borne expenses as a result of Mr. Greer's improper subpoena, the mere fact that the subpoena might be stricken by the clerk or withdrawn by Mr. Greer cannot make Defendants whole.

flagrantly falsified the nature of this Court's oral order in an attempt to enforce a subpoena he obtained in violation of this Court's command. Similarly, the Court's written order at ECF No. 283 does not reflect anything even vaguely resembling what Mr. Greer falsely told the clerk this Court had permitted.

3) Under Fed. R. Civ. P. 26 (g)(1)(B), any party who submits a discovery request – including a request for a discovery subpoena – is required to certify that the request is "consistent with the[ federal] rules" and is "not interposed for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation."

4) Mr. Greer's request for a discovery subpoena was flagrantly out of compliance with the rules because this Court had stayed discovery. Moreover, Mr. Greer's request was interposed for the improper purpose of circumventing this Court's order staying discovery, and the subpoena appears to have been Mr. Greer's misguided attempt to resurrect a remarkably similar request for production of documents served by Mr. Greer prior to imposition of the stay. ECF 275-1.

5) Under Fed. R. Civ. P. 11 (b), an unrepresented party who submits a "paper" to the Court or advocates for that paper certifies, inter alia, that the paper is not presented for an improper purpose and is warranted under existing law or a nonfrivolous argument for a change in the law.

6) Mr. Greer's request for a discovery subpoena was improper under Rule 11 (b) for the same reasons it is improper under Rule 26 (g)(1)(B). Moreover, the fact that Mr. Greer expressly lied to the Clerk of the Court in an email on June 5, 2025, falsely representing that this Court had not stayed discovery, requires an appropriate sanction

under Rule 11 because Mr. Greer's false email to the clerk is a "paper" and Mr. Greer "advocated" for a position that was factually unsupported by the undisputed transcript of the May 6, 2025 hearing. Either Mr. Greer did not bother to review the transcript before he made representations to the Clerk of Court about its contents, or he maliciously misrepresented what transpired at the hearing.[2] In either event, sanctions are appropriate and even required.

7) Regardless of what rule the Court might seek to employ, the proper remedy in this instance is a payment of attorney's fees incurred by the defense. Fed. R. Civ. P. 26 (g)(3) (appropriate sanction may include attorney's fees), Fed. R. 11 (c)(2) (same). Undersigned counsel proffers here that he spent 1.3 hours of his time correcting the error caused by Mr. Greer in improperly requesting subpoenas, and another 1.1 hours drafting and filing the instant motion. This includes time spent emailing the Clerk of Court and Mr. Greer, as well as drafting and filing the Notice at ECF No. 328. Undersigned counsel's billing rate is $300 per hour, such that 2.4 hours of time will be billed to Defendants for a total of $720. Defendants seek an order allowing them to recoup these entirely unnecessary costs from Mr. Greer.

WHEREFORE, Defendants request that this Court award sanctions under Fed. R. Civ. P. 26 (g)(3), or alternatively issue an order for Mr. Greer to show cause why sanctions should not be awarded under Fed. R. Civ. P. 11 (c)(3).

---

[2] Perhaps Mr. Greer's memory of the May 6, 2025 hearing is imperfect because the Plaintiff is documented to have been sending prostitution-related emails on his phone *during that hearing*. ECF No. 293. Mr. Greer's actions on May 6, 2025 --- and related misrepresentations to the Court regarding an "emergency" he professed to have that day – are the subject of a motion for sanctions which was served on him May 19, 2025, and which will be filed with the Court on or about June 10, 2025.

DATED June 5, 2025

                              **HARDIN LAW OFFICE**
                              */s/ Matthew D. Hardin*
                              **Matthew D. Hardin**

                              *Attorney for Defendants*
                              *Joshua Moon and Lolcow, LLC*