**Matthew D. Hardin (*pro hac vice*)**
**HARDIN LAW OFFICE**
101 Rainbow Drive # 11506
Livingston, TX 77399
Telephone: (202) 802-1948
Email: MatthewDHardin@gmail.com
*Attorney for Defendants*
*Joshua Moon and Lolcow, LLC*

THE UNITED STATES DISTRICT COURT
DISTRICT OF UTAH

| | |
|---|---|
| RUSSELL GREER,<br><br>Plaintiff,<br><br>v.<br><br>JOSHUA MOON, *et al*.<br><br>Defendants. | **OPPOSITION TO "MOTION FOR CLARIFICATION…" (ECF No. 331)**<br><br>Case No. 2:24-cv-00421-DBB<br><br>District Judge David Barlow<br>Magistrate Judge Jared C. Bennett |

NOW COME the Defendants, Joshua Moon and Lolcow, LLC, by and through their undersigned counsel, and Oppose Mr. Greer's "Motion for Clarification Re Stay of Discovery Order & Modification of May 6th Order Staying Discovery." ECF No. 331.

**I.      Introduction**

Here we go again. As undersigned counsel stated at the May 6th hearing, Mr. Greer "just files things. He doesn't think about it. He doesn't research it. He just pops off at the mouth, or the pen, and files it." ECF No. 300 at 20:4-8. Mr. Greer's purported motion for "clarification" is the latest of many that follow a malevolent pattern. Mr. Greer filed his motion in a fit of pique when Defendants wrote the clerk to inquire why discovery subpoenas were issued against the direct order of this Court. ECF No. 330-4.

As Defendants have previously explained, and as will be detailed in a forthcoming Motion for Sanctions which has already been served on Mr. Greer, it appears that Mr. Greer's memory of the May 6, 2025 hearing is flawed in large part because the Plaintiff is documented to have been sending prostitution-related emails on his phone *during that hearing*. ECF No. 293. But Mr. Greer did not bother to read the transcript of the May 6, 2025 hearing before purporting to seek clarification, ECF No. 300, and he did not bother to read this Court's written order relating to the stay. ECF No. 283. [1]

Instead, Mr. Greer rushed to this Court with a motion that is factually inaccurate and directly contradicts what this Court told him orally and in writing. What's more, Mr. Greer does not stop at simply seeking "clarification" of his ostensible confusion. Instead, Mr. Greer also seeks modification of a court order that he failed to oppose and did not timely appeal to the District Judge.

Enough is enough. Mr. Greer's Motion for Clarification should be denied, and this Court should issue an order for Mr. Greer to show cause why he should not be sanctioned for offering materially false statements of fact in his Motion at ECF No. 331, without conducting even the most cursory research into what this Court's orders actually say. Mr. Greer cannot be permitted to tax the resources of Defendants and this Court by continuing his pattern of filing first and asking questions later.

II. **Standard of Review**

"An order is a clarification if it does not change the parties' original legal relationship, but merely restates that relationship in new terms." *Roberts v. Colo. State Bd. of Agric.*, 998 F.2d 824, 827 (10th Cir. 1993). Motions to modify an order are routinely construed as motions for reconsideration, because modifying an order is not the same

thing as clarifying that order. *Hatten-Gonzales v. Hyde*, 579 F.3d 1159, 1170 (10th Cir. 2009). See, e.g., *United States v. Randall*, 666 F.3d 1238, 1242 (10th Cir. 2011) ("the district court construed this request as a motion for reconsideration…), *United States v. Norwood*, No. CR-06-180-F, 2018 U.S. Dist. LEXIS 240326, at *2 (W.D. Okla. June 5, 2018) (construing an "objection" as a motion for reconsideration).

Motions for reconsideration "may be construed in one of two ways: if filed within 10 days of the district court's entry of judgment, it is treated as a motion to alter or amend the judgment under Rule 59(e); if filed more than 10 days after entry of judgment, it is treated as a motion for relief from judgment under Rule 60(b)." *Price v. Philpot*, 420 F.3d 1158, 1167 n.9 (10th Cir. 2005) (cleaned up).

### III.  Argument

Mr. Greer's motion should be denied insofar as what he seeks is not "clarification." The Court's orders are quite clear, Mr. Greer just has not bothered to read those orders and prefers to relitigate them. Similarly, Mr. Greer's motion to "modify" this Court's orders should be denied because Mr. Greer has shown no good cause for such a modification, nor any reason Plaintiff did not raise any concerns he has with this Court's orders before they were entered rather than after they were enforced against him.

**A) The Court's Orders are Clear.**

Mr. Greer's motion states facts regarding this Court's orders which appear to exist only in Mr. Greer's mind. Mr. Greer states that "On May 6th, this Court stayed discovery until the two John Doe defendants could be served." ECF No. 331 at 2. But that's flatly untrue. This Court's actual order states that discovery is "HEREBY STAYED pending a ruling on Defendants' motion to dismiss." ECF No. 283 at 2. And the transcript reveals

that at the May 6, 2025 hearing, this Court stated "ECF-245 is granted… until the Motion to Dismiss is decided." ECF No. 300 at 35:3-4. The Court could not have been any clearer; Mr. Greer simply prefers to have it his own way.

But that's not the only misstatement of fact in Mr. Greer's motion. Mr. Greer also says that "this Court said that the motion to stay did not apply to finding who the John Does are." ECF No. 331 at 2. Again, Mr. Greer cites to no transcript or order for this proposition, because no such citation exists. Mr. Greer has manufactured this supposed statement from the Court out of whole cloth. The May 6, 2025 transcript indicates no support for such a statement, and it is not memorialized in writing at ECF No. 283. But the defense has now wasted its own time and the Court's to correct a blatantly untrue statement of fact made by a Plaintiff who refuses to do even the most cursory research of his own.

Mr. Greer also accuses the defense of "doing discovery." ECF No. 331. But Defendants have faithfully complied with this Court's order staying discovery, ECF No. 283, which was, after all, entered on Defendants' own motion. ECF No. 245. Defendants are at a loss to explain why Mr. Greer believes they are "doing discovery" in this case. Defendants have served no requests for production of documents, requests for admission, or interrogatories, since the stay was entered. Nor have Defendants taken any depositions. Mr. Greer is flatly wrong to say Defendants have conducted discovery.

Mr. Greer had no good faith basis for seeking "clarification" of what is already perfectly clear. Mr. Greer could have read this Court's orders and the May 6th hearing transcript and obtained any clarification for free without imposing burdens on the defense

or on this Court's own precious resources. Instead, Mr. Greer "popped off at the mouth, or the pen," as is his pattern. This Court must put an end to that practice.

### B) Modification of this Court's Orders is Unwarranted.

Mr. Greer now wishes to modify the stay of discovery, ECF No. 283, because it does not suit him. It is, to put it mildly, far too late.

Defendants moved to stay discovery on February 21, 2025. ECF No. 245. Mr. Greer did not bother filing an opposition, as Defendants noted at ECF No. 254, although he did belatedly claim that he needed extra time due to his own "excusable neglect." ECF No. 264. The Court denied Mr. Greer's motion for extra time on April 3, 2025. ECF No. 273. But the Court nevertheless agreed to allow Mr. Greer to present his arguments orally at the hearing on May 6, 2025. At that hearing, Mr. Greer stated "Your Honor, the reason I didn't respond to that is I don't oppose that." ECF No. 300 at 26:10-11.

If Mr. Greer believed that a stay of discovery would impede his ability to serve the two John Does in this case, he should have said so in February. Or March. Or April. Or at the hearing on May 6. Instead, Mr. Greer waited until the stay first had an impact on his plans to raise any concerns. This is far too late. A motion for reconsideration is "not appropriate to revisit issues already addressed or advance arguments that could have been raised in prior briefing." *Pueblo of Jemez v. United States*, 63 F.4th 881, 897 (10th Cir. 2023).

This Court has also recognized that reconsideration is "extraordinary" and should be used sparingly in large part because of the judicial and other resources it causes to be taxed. *Christine S. v. Blue Cross Blue Shield of N.M.*, No. 2:18-cv-00874-JNP-DBP, 2022 U.S. Dist. LEXIS 107386, at *4 (D. Utah June 14, 2022). Motions for reconsideration

should ordinarily be granted only when there is "(1) an intervening change in the controlling law, (2) new evidence previously unavailable, and (3) the need to correct clear error or prevent manifest injustice." *Servants of the Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir. 2000).

Here, Mr. Greer fails to show any of the extraordinary factors weigh in his favor. The law has not changed. No new evidence is available to Mr. Greer that was not available before. And there is no need to correct an error because this Court did not make an error; at best, Mr. Greer now has buyer's remorse that he did not oppose a motion which was granted, and now wishes he did not have to abide by the order this Court entered with his consent. That is insufficient as a matter of law.

### IV.     Concluson

The Court should deny Mr. Greer's Motion for Clarification and other relief, and should instead order Mr. Greer to show cause why he should not be sanctioned for offering materially false statements of fact in that motion, including but not limited to assertions which would have easily been disproven if Mr. Greer had bothered to review in even a cursory fashion this Court's order at ECF No. 283 and the transcript of the May 6, 2025 hearing.

DATED June 5, 2025

                              **HARDIN LAW OFFICE**
                               */s/ Matthew D. Hardin*
                              **Matthew D. Hardin**

                              *Attorney for Defendants*
                              *Joshua Moon and Lolcow, LLC*