FILED
2025 JUN 8 PM 12:29
CLERK
U.S. DISTRICT COURT

Russell Greer
1100 Dumont Blvd
Apt 139
Las Vegas, NV 89169
801-895-3501
russmark@gmail.com
Pro Se Litigant

# IN THE UNITED STATES DISTRICT COURT

## DISTRICT OF UTAH

| | |
|---|---|
| **RUSSELL GREER**<br><br>    Plaintiff<br><br>v.<br><br>**JOSHUA MOON ET AL,**<br><br>    Defendants | **PLAINTIFF'S MOTION FOR RECONSIDERATION OF A STAY OF PAYING SANCTIONS PENDING RESOLUTION OF THIS CASE & APPEAL TO THE 10TH CIRCUIT**<br><br>    Case No.:   2:24-cv-00421-DBB-JCB |

Plaintiff Russell Greer comes forward now and files this motion for reconsideration.

## I.      INTRODUCTION

On May 15th, District Judge Barlow denied a motion to stay the February $1,000 Rule 37 sanctions awarded to Defendants. New evidence and actions of Defendants, and their Counsel, have occurred that proves what he has been saying: that plaintiff may have appeared as being "willful," when in actuality, he was being *careful.* To demand money sanctions, over being careful, absolutely makes zero sense. In addition, he was truthfully confused on what to even write in his initial disclosure and the proper format.

Plaintiff is also troubled by the fact that this Court is refusing to sanction Defendants for their misconduct, making it appear that this Court is acting arbitrarily.

When Plaintiff has talked to Defendants about paying the money, Defendants will only accept a money order or a check. Plaintiff recently lost mail that was significantly valued less and so he doesn't feel comfortable sending that amount of money through the mail.

Due to the recent actions of Defendants' counsel, he has caused business and reputation damage to Greer. To pay $1,000 over confusion and being careful, especially in light of recent conduct by Defendants, is not just at all. Respectfully, reconsideration is sought.

## II.     ARGUMENT

FRCP 60(B)(2) allows an order to be reconsidered based upon new evidence. FRCP(B)(6) allows reconsideration based upon "any other reason that justifies relief." The following reasons will show that the May 15th Order should be reconsidered.

### A.  DEFENDANTS HAVE BEEN TARGETING GREER'S PERSONAL CONNECTIONS, THUS PROVING WHY GREER WAS BEING CAREFUL

On May 12th, counsel for Defendants, Mr. Matthew Hardin, began contacting people in Winnemucca, Nevada because he was upset that Mr. Greer tried postponing a May 6th hearing. Greer had tried postponing because of inadvertently scheduling business/city council meeting on

2

the same day. Mr. Matthew Hardin bizarrely contacted nearly every single governmental department in Humboldt County and the City of Winnemucca and began requesting any and all communications from Russell Greer. Mr. Hardin began telling these entities about a decade old restraining order. **EXHIBIT A.** The communications had a realtor on them, CC'd. Mr. Hardin CC'd that realtor on a few emails and began telling Greer that the realtor was now "roped in with your frauds." This communication scared off the realtor and now the government entities in Winnemucca have a lesser view of Greer. Mr. Hardin had no basis to do that. It was deliberate sabotage and Mr. Hardin was clearly in violation of ABA Rule 8.4 with his misconduct. The realtor has reported that Kiwi Farmers apparently want a "piece of my flesh" for even being connected to Greer.

It's been the same story Greer has been telling this Court for five years. It's not an imagined or perceived thing: the kiwi farmers deliberately go out of their way to harm Greer. They did the same thing to Greer's appellate counsel. They doxxed Andrew Grimm.

This incident proves why Greer was so extremely careful with disclosing witness contact info because the kiwi farmers make it their mission to harm Greer ***and anybody close to him***. This incident also proves what Greer was saying: his once proposed witnesses backed out because they didn't want the kiwi farmers to have a piece of their flesh, too. Kiwi Farms breeds school shooters, as explained in his complaint. They are very scary people.

Plaintiff explained all of this in his Rule 72 objections and the conduct of Defendants only proves his objections he wrote back in January.

For plaintiff to be forced to pay money to Defendants, while they continue to sabotage his personal affairs, doesn't sit right with him and is a clear injustice.

Based on this new evidence of bad conduct of Defendants and their lawyer, Greer sincerely asks this Court to reconsider its February ruling and to erase the $1,000 award or to reconsider its denial of a stay so that the 10th Circuit can determine whether this new evidence is proof of

plaintiff being justified in being careful with disclosing witness information. Again, the 10th Circuit has never ruled whether Defendants' past conduct is a justified reason in not disclosing information.

### B. ARBITRARY SANCTIONS

Greer is troubled by the fact that this Court is only sanctioning one side. Judge Barlow has not addressed this and is a question of law that the Court is ignoring.

Clearly, Defendants' attorney has plagued this case with ABA 8.4 misconduct and FRCP Rule 11 violations with filings that have filled with this docket with delay and engaging in frivolous "investigations". It's gotten to the point where Defendants' lawyer will send Greer a threat of sanctions on a weekly basis for simply not liking a word in a document. **EXHIBIT B.** None of those filings of Defendants have anything to do with copyright.

The biggest kicker is that Greer has been sanctioned for this initial disclosure fiasco, yet the magistrate judge denied a sanctions motion for Defendants publishing the initial disclosure information that Greer failed to mark "attorney's eyes only." Common sense should have dictated that it was confidential. Defendants' counsel took advantage of a pro se litigant's confusion.

A district court abuses its discretion when it renders "an arbitrary, capricious, whimsical, or manifestly unreasonable judgement." *FDIC v. Oldenburg,* 34 F.3d 1529, 1555 (10th Cir.1994). Based on 10th Circuit law, the initial disclosure sanctions is arbitrary because only one party is being sanctioned for Rule 37 misconduct, when clearly, Defendants violated the protective order, which is also a Rule 37 violation. Their violation caused users on Kiwi Farms to taunt Greer with the information. That is more damaging than any harm Defendants claimed. One of the once proposed witnesses has Parkinson's disease and it absolutely frightens plaintiff that the deranged users will hurt his family. *That is harm suffered* — yet this Court is doing nothing to stop the conduct of Defendants' lawyer. Not even a written reprimand.

Based on these arbitrary sanctions, plaintiff requests either the Court reverse the sanctions award or issue a stay until the case can be appealed for the 10th Circuit to hear this matter or for the Court to allow an interlocutory appeal.

### C.  Method of Sending Money to Defendants is a Hardship

When plaintiff reached out to Defendants in February to see how they wanted the money, Mr. Hardin said he would accept a check. Plaintiff doesn't have personal checks. He would have to do a cashier's check, e.g. money being taken out of his account. Sending this amount could easily be lost in the mail or Defendants could claim they never received it and then he would be out $774. Plaintiff was open to sending an electronic transfer, but Defendants do not consent to that. Further, since Defendants continue to seek monies through the most frivolous reasons, plaintiff never sent a check and will respectfully fight and appeal every award granted to Defendants. Defendants don't get to continue to act bad, but demand handouts over mistakes from plaintiff.

<u>**CONCLUSION**</u>

Plaintiff would sincerely ask for reconsideration of the motion to stay, as the 10th Circuit should decide whether these new actions of Defendants backs up plaintiff's sincere apprehension of disclosing information, which may have came across as plaintiff being willful.

Respectfully submitted,

Russell Greer

/rgreer/

6-8-25

**CERTIFICATE OF SERVICE:**

Pursuant to FRCP 5(b), I certify that on 6-9-25, I served a true and correct copy of the attached document by ECF to all attorneys on record.

**EXHIBIT A**



**Siri Found a Contact**
Matthew Hardin
matthewdhardin@gmail.com
[Add] [×]

From: **Matthew Hardin** >
To: records@winemuccacity.org >
Cc: **Russell Greer** >
May 20, 2025 at 6:16 AM

# Public Records Request

Good morning,

Please see the attached request for records.

Thank you,



**City of Winnemucca - Public Records Request**
Deliver, Mail, Fax or Email to:
City Hall, 90 W Fourth Street, Winnemucca, NV 89445
775-623-6090 | records@winemuccacity.org
**Attention: City Clerk**

| Date of Request | May 20, 2025 |
|---|---|
| **Requestor  Contact Information** | |
| Name: | Matthew Hardin |
| Organization: | |
| Address: | 101 Rainbow Drive #11506 |
| City, State, Zip: | Livingston, TX 77399 |
| Phone: | 202-802-1948 |
| E-mail: | MatthewDHardin@gmail.com |

**Records Requested:**

Check any that apply:  ☐ Paper copies  ☑ Electronic copies  ☐ Certified copies  ☐ Inspection (in person)

*Please be specific and include as much detail as possible regarding the records you are requesting.*

Any emails to or from Russell Greer dated on or after May 16, 2025, which emails are in the custody of any member of the City Manager's Office, or member of the City council, or member of the City's staff.

Any emails to or from Waylon Huber (waylon@robinhoodrealtynv.com) dated on or after April 1, 2025, which emails are in the custody of any member of the City Manager's Office, or member of the City council, or member of the City's staff.

*To complete an estimate, the following information is needed:*
☐ I will pick up (date-time)  ☐ Send FedEx    ☐ Send US Postal Service  ☑ Send Email (if format allows)



11:16 🌙                              ..ll 5G 22

‹ Sent                               ⌃      ⌄

RG  **Russell Greer**              5/21/25
    To: Matthew & 2 more... ›           📎

## Re: Fraud on the Court?

Matthew,

You are insane. This is why I'm pursuing criminal charges against you for stalking . I actually took off work to go to the police to get you to stop. Heading there right now.

First off, stop contacting people connected to me.

Secondly, I never fucking lied. I have said it was investor money I was relying on.

Third, I have two month long emails from Roger saying he was open to it. He withdrew because he claimed the city wouldn't vote for it. That's why I didn't propose the zone at the meeting. I had told the city clerk that we were considering a different property.

I have stated multiple times that I was relying on investors. I never said I personally had the

**EXHIBIT B**

11:20 ☾

‹ Sent    REQUEST FOR WITH...    ⌃ ⌄

On May 15, 2025, at 5:40 AM, Matthew Hardin <matthewdhardin@gmail.com> wrote:

Good morning, Mr. Greer.

While I'm waiting to be served with your personal protective order, it has been brought to my attention that you made another materially false statement in your filing at ECF No. 263. I write to request that you withdraw that pleading, and provide notice that we may seek Rule 11 sanctions if you do not withdraw the inaccurate representations you made to the court as described below.

Specifically: In paragraph 34 of that filing (page 7), you stated "This is a real fear, as... Moon's users have a documented history of [sending death threats] to other "Lolcows", e.g. Patrick Tomlinson and others . EXHIBIT F." But the attached Exhibit F (page 22) doesn't mention death threats. Instead, it mentions a "swatting" incident. And the object of that "swatting" incident has publicly posted on social media that my