FILED
2025 JUN 8 PM 1:48
CLERK
U.S. DISTRICT COURT

Russell Greer
1100 Dumont Blvd
Apt 139
Las Vegas, NV 89169
801-895-3501
russmark@gmail.com
Pro Se Litigant

# IN THE UNITED STATES DISTRICT COURT

# DISTRICT OF UTAH

| | |
|---|---|
| **RUSSELL GREER**  Plaintiff  v.  **JOSHUA MOON ET AL**,  Defendants | **PLAINTIFF'S OPPOSITION MOTION TO ECF 330**  Case No.:   2:24-cv-00421-DBB-JCB |

1

Plaintiff Russell Greer comes forward now and files this opposition response to ECF 330.

## I. INTRODUCTION

Another week and another motion for sanctions from Defendants. Plaintiff opposes a motion for sanctions because it was his sincere belief that the staying of discovery *did not apply to serving* the two *John Does.*

Further, the motion is ironic because Mr. Hardin has been contacting people in Nevada, for reasons not even connected to this copyright case, in an effort to embarrass and shame plaintiff.
.

## II. ARGUMENT

### A. PLAINTIFF BELIEVED THE ORDER DIDN'T APPLY TO SERVING JOHN DOES

On May 6th, Plaintiff wrote down what Judge Bennett said: discovery was stayed, but it didn't apply to serving the John Does. Defendants' motion back on 2-21-25 (ECF 245) even reflected this. **EXHIBIT A.** ECF 245 sought a "stay of discovery pending service of First Amended Complaint on two new defendants."

Either all parties misunderstood the ramifications of a stay or Defendants deceived this Court with their stay motion, but clearly, the two John Does are exactly that — JOHN DOES. They are Kiwi Farms users going by the names of "Russtard" and " Moseph Jartelli". Finding their information on Kiwi Farms is the only way to serve them. That is why plaintiff tried serving a subpoena on Defendants, *so that he could serve the John Does, which he can only do by finding their information on Kiwi Farms. Relevant information to find and serve them with are registration emails and stored IP addresses that will pinpoint their geographic locations*

Defendants are deploying some seriously mind-numbing mental tactics to try saying that Plaintiff was violating any discovery by trying to serve the John Does, which was the purpose of the stay in the first place, so that the John Does could be served.

2

Motion for sanctions should be denied based off of the fact that Plaintiff was only trying to find the John Does and that the order didn't encompass that.

As a side comment, and as shown in the past several motions, defendants have been sending harassing emails to people and places that plaintiff was trying to form connections with, which has damaged his business and personal relationships. Defendants said in one opposition response that they weren't conducting discovery. If true, and if those emails were not for discovery, then clearly Defendants are engaging in criminal stalking, which plaintiff is still waiting on the Rule 26 protective order.

## CONCLUSION

Defendants are the ones lying, as they wanted this stay of discovery so that plaintiff could serve the John Does. Clearly, that can't happen unless the John Does' information is gathered from Kiwi Farms. It's a catch-22 that Defendants have created.

Respectfully submitted,

Russell Greer

/rgreer/

6-8-25

**CERTIFICATE OF SERVICE:**

Pursuant to FRCP 5(b), I certify that on 6-9-25, I served a true and correct copy of the attached document by ECF to all attorneys on record.

**EXHIBIT A**

Case 2:24-cv-00421-DBB-JCB   Document 334   Filed 06/08/25   PageID.1835   Page 5 of 6

