**Matthew D. Hardin (*pro hac vice*)**
**HARDIN LAW OFFICE**
101 Rainbow Drive # 11506
Livingston, TX 77399
Telephone: (202) 802-1948
Email: MatthewDHardin@gmail.com
*Attorney for Defendants*
*Joshua Moon and Lolcow, LLC*

THE UNITED STATES DISTRICT COURT
DISTRICT OF UTAH

| | |
|---|---|
| RUSSELL GREER,<br><br>Plaintiff, | **DEFENDANTS' SECOND MOTION FOR AN EXTENSION OF TIME TO FILE REPLY IN FURTHER SUPPORT OF MOTION TO DISMISS** |
| v. | Case No. 2:24-cv-00421-DBB |
| JOSHUA MOON, *et al*.<br><br>Defendants. | District Judge David Barlow<br>Magistrate Judge Jared C. Bennett |

NOW COME Defendants Joshua Moon and Lolcow, LLC, by and through their undersigned counsel, and file this Second Motion for an Extension of Time to File a Reply Memorandum of Law in Further Support of their Motion to Dismiss. ECF No. 274. In support of this Motion, Defendants state as follows:

1. Defendants filed their first Motion for an Extension of Time to file their Reply in further Support of their Motion to Dismiss on May 13, 2025. ECF No. 289. In that Motion, Defendants pointed out that there were a handful of matters that should be addressed in the interest of judicial economy prior to the filing of their Reply. Specifically, Defendants pointed out that their position is that the Motion for Sanctions, ECF No. 234, may result in dismissal, and make any Reply briefing on ECF No. 274 moot. Additionally, Defendants raised the issue that if Mr. Greer failed or refused to provide the documents

he was ordered to provide in discovery, ECF No. 243, this case could be dismissed as a sanction. Further, Defendants alleged that a failure on the part of Mr. Greer to pay the sanctions awarded to Defendants at ECF No. 230 (reaffirmed at ECF No. 310), could also result in sanctions.

2. If the Court dismisses this case on any of the above grounds, Defendants' Reply in Further Support of their Motion to Dismiss will become moot. But regardless of whether the Court dismisses on any of these grounds or imposes some alternative sanction(s) on Mr. Greer, the path the Court takes will undoubtedly impact the content of Defendants' Reply and what arguments are available to them.

3. Defendants' predictions have already come true on at least two points:

   a. Mr. Greer stated at ECF No. 333 at 5 that "plaintiff never sent a check [in payment of the awarded sanctions] and will respectfully fight and appeal every award granted to Defendants." The District Judge has already warned that additional sanctions may result if Mr. Greer continues to willfully refuse to pay the awarded sanctions, and denied Mr. Greer a stay of that order. ECF No. 310 at 2. Defendants' position is that this case should be dismissed because Plaintiff refuses to comply with any order that is not in his favor.

   b. Mr. Greer continues not to provide the documents he was ordered to provide in discovery. At ECF No. 326, Mr. Greer for the second time requested that this Court reconsider or modify its prior order, and indicated that he had not yet complied with it. Defendants' position is that this case should be dismissed due to Mr. Greer's continued

noncompliance with the most basic discovery request for a document which Mr. Greer previously indicated was in his possession, relevant, and which he would be "happy to provide." ECF No. 327.

4. All of the reasons Defendants initially sought an extension of time to file their Reply Memorandum of Law in Further Support of Their Motion to Dismiss still apply with equal or greater force today as when that initial request was filed on May 13, 2025. Defendants respectfully submit that it is in the interest of judicial economy for this Court to adjudicate whether this case should be dismissed as a sanction for one or more of several grounds listed above and in the earlier motion at ECF No. 289, before a Reply Memorandum of Law in Support of the Motion to Dismiss at ECF No. 274 is filed.

WHEREFORE, Defendants respectfully submit that this Court should extend the time to file the Reply Memorandum of Law in Further Support of their Motion to Dismiss, ECF No. 274, through and including July 31, 2025.

DATED June 9, 2025

**HARDIN LAW OFFICE**

 */s/ Matthew D. Hardin*
**Matthew D. Hardin**
Attorney for Defendants
Joshua Moon and Lolcow, LLC