**Matthew D. Hardin (*pro hac vice*)**
**HARDIN LAW OFFICE**
101 Rainbow Drive # 11506
Livingston, TX 77399
Telephone: (202) 802-1948
Email: MatthewDHardin@gmail.com
*Attorney for Defendants*
*Joshua Moon and Lolcow, LLC*

THE UNITED STATES DISTRICT COURT
DISTRICT OF UTAH

| | |
|---|---|
| RUSSELL GREER,<br><br>Plaintiff,<br><br>v.<br><br><br>JOSHUA MOON, *et al*.<br><br>Defendants. | **SUPPLEMENT TO MOTION FOR SANCTIONS (ECF No. 337)**<br><br>Case No. 2:24-cv-00421-DBB<br><br>District Judge David Barlow<br>Magistrate Judge Jared C. Bennett |

NOW COME Defendants Joshua Moon and Lolcow, LLC, by and through their undersigned counsel, and file this supplement to their Motion for Sanctions at ECF No. 337. Certain events have taken place since the Motion for Sanctions was served on Russell Greer (on May 19, 2025) which impact the Motion for Sanctions: This filing is intended to ensure that that Motion reflects the full and current state of affairs despite that the Motion is being filed three weeks after it was served.

1. On May 29, 2025, Defendants obtained (at great expense) a transcript of the interaction between Mr. Greer and the Winnemucca City Council on May 6, 2025. Exhibit 1. Defendants provided that transcript to Mr. Greer by Email. Exhibit 2. In their email to Mr. Greer, Defendants explained the numerosity of Mr. Greer's misstatements to the Court, and the degree to which Mr. Greer's earlier statements that there was an "emergency" on May 6 were factually incorrect. *Id*. Among other things, the transcript

reveals that Mr. Greer's presence in Winnemucca was not necessary or even desirable; the Mayor had tried to "head it off" before Mr. Greer made the trip. Exhibit 1 at 8:7. And the ostensible purpose of Mr. Greer's appearance in Winnemucca was to rezone property, but the owner of that property spoke in public comments about how he was taken aback to see the City Council discussing that property without the owner's knowledge or consent. *Id*. at 6:9-12.

2. After being served with the Motion for Sanctions, and becoming fully aware that he was caught in a series of lies to this Court related to a supposed "emergency" on May 6 2025, Mr. Greer filed numerous documents with the Court in which he attempted to "retcon" his narrative from the days leading up to the May 6, 2025 hearing, and to make it out as if he had been telling the truth to this Court all along. Specifically:

   a. At ECF No. 314, Mr. Greer admitted for the first time that he had "accidentally scheduled a city meeting in Winnemucca, Nevada on May 6th, forgetting about that there was a case hearing the same day." *Id*. at 2. Remarkably, Mr. Greer confessed to this "accident" in yet another "emergency" motion to the Court, seeking a protective order against Defendants.

   b. At ECF No. 324, Mr. Greer admitted he "goofed up" by scheduling a meeting with the Winnemucca City Council on May 6. *Id*. at 2. But Mr. Greer somehow calls his "goof up" an emergency, and also indicates that he asked the City of Winnemucca to reschedule the meeting he himself had requested. *Id*. Yet even here, Mr. Greer prevaricates. Mr. Greer never indicated to the Winnemucca City Council that he had an "emergency" court appearance in Utah, and the City of Winnemucca

did not formally deny Mr. Greer the opportunity to reschedule. Instead, the City merely said that May 6th "works best." *Id*.

3. Mr. Greer's belated confessions that his Motion at ECF No. 276 was based on a false premise of an "emergency," and that what actually happened is Mr. Greer "goofed up" his own schedule, are intermingled on the docket with Mr. Greer's outrage that Defendants would dare to investigate Mr. Greer's false statements at all, which Mr. Greer calls "frivolous." ECF No. 333 at 4. It thus cannot be said that Mr. Greer is contrite for his misrepresentations to this Court, or that he has withdrawn the false statements in ECF No. 276. To the contrary: Mr. Greer has doubled down, and cast Defendants as the problem simply because they have caught him out in a series of knowing misrepresentations to this Court.

WHEREFORE, Defendants respectfully submit that sanctions remain fully appropriate, and request that this Court take notice of actions which occurred subsequent to service of the underlying sanctions Motion on May 19, 2025.

DATED June 10, 2025

                                                  **HARDIN LAW OFFICE**

                                                  */s/ Matthew D. Hardin*
                                                  **Matthew D. Hardin**
                                                  Attorney for Defendants
                                                  Joshua Moon and Lolcow, LLC