FILED
2025 JUN 10 AM 6:18
CLERK
U.S. DISTRICT COURT

Russell Greer
1100 Dumont Blvd
Apt 139
Las Vegas, NV 89169
801-895-3501
russmark@gmail.com
Pro Se Litigant

# IN THE UNITED STATES DISTRICT COURT

# DISTRICT OF UTAH

| | |
|---|---|
| **RUSSELL GREER**<br><br>Plaintiff<br><br>v.<br><br>**JOSHUA MOON ET AL**,<br><br>Defendants | **PLAINTIFF'S RESPONSE TO STATUS REPORT**<br><br>Case No.:   2:24-cv-00421-DBB-JCB |

1

Plaintiff Russell Greer comes forward now and responds to the status report.

## I.   INTRODUCTION

Plaintiff has addressed each point in prior motions, but he will reiterate:

1. For the very irrelevant restraining order application: it was quoted to be $67 to retrieve. $20 already spent sending a document to even start that conversation. Judge Bennet was unaware of the cost at the May 6th hearing. Reasonably, cost shift should go to Defendants.

2. As stated in ECF 333, Defendants never once gave Greer an electronic payment option. Greer has looked and it was only a check that they wanted. **EXHIBIT A.** Greer asked this on 2-15-25 and Matthew Hardin replied with an address and said he preferred a check. Defendants never once offered up electronic payments and Greer understood that during a meet and confer that Hardin reiterated only a check.

3. Aside from them never giving him a way to pay electronically, Greer would only feel comfortable with electronic payments if he knew for sure that the Kiwi Farmers would not have access to his banking details, as Defendants feel the need to share everything connected to him.

4. Importantly, shortly after this Court made its ruling denying a motion to stay, Mr. Matthew Hardin committed, at the least, ABA Rule 8.4 misconduct, criminal acts of stalking, at the most, by contacting people connected to Greer and told them misinformation about him, such as falsely proclaiming that Greer has somehow committed fraud and falsely proclaiming that Greer has restraining orders. That resulted in reputation damage and business damage. As a result, Greer decided not to mail a check by the June 9th deadline, as he doesn't feel it's ethical or within the bounds of justice for Defendants to continue to engage in misconduct on one hand, but demand money on the other hand.

Respectfully submitted,

Russell Greer

/rgreer/

6-9-25

**CERTIFICATE OF SERVICE:**

Pursuant to FRCP 5(b), I certify that on 6-10-25, I served a true and correct copy of the attached document by ECF to all attorneys on record.

5

**EXHIBIT A**

