**Matthew D. Hardin (*pro hac vice*)**
**HARDIN LAW OFFICE**
101 Rainbow Drive # 11506
Livingston, TX 77399
Telephone: (202) 802-1948
Email: MatthewDHardin@gmail.com
*Attorney for Defendants*
*Joshua Moon and Lolcow, LLC*

THE UNITED STATES DISTRICT COURT
DISTRICT OF UTAH

| | |
|---|---|
| RUSSELL GREER,<br><br>Plaintiff,<br><br>v.<br><br>JOSHUA MOON, *et al*.<br><br>Defendants. | **REPLY IN FURTHER SUPPORT OF "MOTION FOR RULE 26 (g)(3) SANCTIONS and ALTERNATIVE MOTION FOR AN ORDER TO SHOW CAUSE PURSUANT TO RULE 11 (c)(3)." ECF No. 330.**<br><br>Case No. 2:24-cv-00421-DBB<br><br>District Judge David Barlow<br>Magistrate Judge Jared C. Bennett |

      NOW COME Defendants Joshua Moon and Lolcow, LLC, by and through their undersigned counsel, and file this Reply in Further Support of their Motion for Rule 26 (g)(3) Sanctions and Alternative Motion for an Order to Show Cause Pursuant to Rule 11 (c)(3). ECF No. 330. In Reply, Defendants state as follows:

      1.     In Mr. Greer's opposition, Plaintiff continues to misstate the history of this case, and to demonstrate why sanctions are necessary to remedy Mr. Greer's chronic inability to accurately state factual matters or to conduct even the most cursory research before filing pleadings with this Court.

      2.     Specifically, Mr. Greer states "On May 6th, Plaintiff wrote down what Judge Bennett said: discovery was stayed, but it didn't apply to serving the John Does." ECF

No. 334 at 2. But Judge Bennett never said anything even vaguely resembling that, and Mr. Greer appears to confess he did not review the transcript or the written order. *Id.*, contra. ECF Nos. 280, 283, and 300. Plaintiff no doubt prefers to litigate this case on the basis of what he might wish Judge Bennett had said, or what Judge Bennett said in Mr. Greer's imagination, rather than on the basis of what Judge Bennett actually said or actually wrote. But that will not do.

3.  Mr. Greer also repeats what has become a standard line: "it was his sincere belief" that discovery was not stayed, at least vis-à-vis the John Does. ECF No. 334 at 2. But that "sincere belief" was objectively unreasonable, and there is no sincerity exception to Rule 11 or Rule 26. *In re Byrd, Inc.*, 927 F.2d 1135, 1137 (10th Cir. 1991) (holding that the standard is objective rather than subjective under both Rule 11 and Rule 26), citing *Burkhart ex rel. Meeks v. Kinsley Bank*, 804 F.2d 588, 590 n. 3 (10th Cir. 1986) (same). Whether Mr. Greer "sincerely believed" that discovery was stayed or not is irrelevant, because Mr. Greer would have had no objectively reasonable good faith basis for such a belief. The Tenth Circuit has expressly endorsed the imposition of sanctions where a party has a "pure heart" but an "empty head" and acted in an objectively unreasonable manner. *Hamilton v. Boise Cascade Express*, 519 F.3d 1197, 1203 (10th Cir. 2008).

WHEREFORE, Defendants respectfully submit that Mr. Greer's "sincere belief" that he was permitted to engage in discovery was objectively unreasonable, and that Mr. Greer cannot substitute the record of this litigation in his own mind for the record of this litigation as it is memorialized in this Court's written orders and transcripts. As such, sanctions are appropriate and should be awarded to compensate Defendants for the

time they have wasted correcting Mr. Greer on the most basic point of whether discovery has been stayed in this matter.

DATED June 10, 2025

**HARDIN LAW OFFICE**

 /s/ Matthew D. Hardin
**Matthew D. Hardin**
Attorney for Defendants
Joshua Moon and Lolcow, LLC