THE UNITED STATES DISTRICT COURT
DISTRICT OF UTAH

| | |
|---|---|
| RUSSELL G. GREER,<br><br>Plaintiff,<br><br>v.<br><br>JOSHUA MOON, publisher of the website Kiwi Farms; and LOLCOW LLC,<br><br>Defendants. | **MEMORANDUM DECISION AND ORDER DENYING [333] MOTION FOR A STAY TO ECF NO. 230 UNDER FRCP 62(b)**<br><br>Case No. 2:24-cv-00421-DBB-JCB<br><br>District Judge David Barlow<br><br>Magistrate Judge Jared C. Bennett |

Before the court is Plaintiff Russell G. Greer's ("Mr. Greer") motion for reconsideration of a stay of paying sanctions pending resolution of this case and an appeal to the Tenth Circuit.[1] For the reasons that follow, the motion is denied.

On February 12, 2025, the court (i) granted in part and overruled in part Mr. Greer's objection to Magistrate Judge Jared C. Bennett's order requiring Mr. Greer to pay Defendants' reasonable expenses caused by Mr. Greer's nondisclosure of witnesses and evidence, (ii) adopted Judge Bennett's order in part, and (iii) ordered Mr. Greer to pay Defendants an award of $1,000[2] on or before March 13, 2025 as a result of his nondisclosure.[3] On May 20, 2025, Mr. Greer filed a motion to stay the court's sanctions award under Federal Rule of Civil Procedure 62(b) pending the conclusion of the case and an appeal to the Tenth Circuit.[4] On May 21, 2025, the court denied the motion to stay.[5] The court explained that Rule 62(b) does not apply to the

---

[1] Pl.'s Mot. for Reconsideration, ECF No. 333, filed June 8, 2025.
[2] The court noted that this award, although higher than Mr. Greer's request of an award up to $500, was presumably far lower than the costs and fees incurred as a result of Mr. Greer's Rule 26 violations.
[3] Mem. Dec. & Order Awarding Sanctions, ECF No. 230, filed February 12, 2025.
[4] Mot. to Stay, ECF No. 304.
[5] Order Denying Mot. to Stay, ECF No. 310.

1

court's order awarding sanctions because it is not a "judgment" for purposes of the rule.[6] The court continued: "even if Rule 62(b) applied the court would deny Mr. Greer's motion for lack of merit," given that the sanction was needed.[7]

Mr. Greer filed the instant motion for reconsideration challenging the court's denial of Mr. Greer's motion to stay the $1,000 sanctions award under Federal Rule of Civil Procedure 60(b)(2) and (b)(6).[8] Rules 60(b)(2) and (b)(6) allow a court to reconsider a prior order based on newly discovered evidence or any other reason that justifies relief. Yet, new evidence, even if relevant, has no bearing on the court's reasoning in its May 21, 2025 order, which denied the motion to stay the court's order awarding sanctions because it is not a "judgment" for purposes of Rule 62(b). Nowhere in Mr. Greer's motion for reconsideration does he attempt to dispute the basis of the court's order. And the court does not find any other reason that justifies relief.

Although not indicated in the caption or introduction, Mr. Greer also appears to request the court reconsider its initial order awarding sanctions, dated February 12, 2025.[9] Mr. Greer argues that "[n]ew evidence and actions of Defendants, and their Counsel, have occurred that proves what he has been saying: that plaintiff may have appeared as being 'willful,' when in actuality, he was being *careful*."[10] He states that on May 12, 2025, Defendants' counsel began contacting people in Winnemucca, Nevada regarding Mr. Greer's attempt to postpone a hearing before Judge Bennett.[11] Defendants' counsel also allegedly contacted "nearly every single governmental department in Humboldt County and the City of Winnemucca and began requesting any and all communications from Russell Greer."[12] Additionally, Mr. Greer alleges

---

[6] *Id.* at 2.
[7] *Id.*
[8] Pl.'s Mot. for Reconsideration 2.
[9] Pl.'s Mot. for Reconsideration 1–3.
[10] *Id.* at 2.
[11] *Id.*
[12] *Id.* at 3.

that Defendants' counsel told these entities about a decade-old restraining order and also CC'd a realtor who was now "roped in with [Mr. Greer's] frauds."[13]

Even if these claims were true, they have no bearing on the court's sanction award. Mr. Greer's initial disclosures were severely deficient, despite repeated attempts by Defendants to have him amend or supplement them or meet and confer.[14] The court's order stated:

> On December 3, 2024, Mr. Greer provided "new" initial disclosures, which still did not contain the requested information. As to witnesses, Mr. Greer stated that "[t]here are witnesses who have witnessed the intentional copyright infringement by Kiwi Farms and the detrimental toll it has taken on Plaintiff" but refused to publicly disclose their names, addresses, or phone numbers absent a stipulation that the witnesses' names would not be published onto the Kiwi Farms website. As to evidence, Mr. Greer stated that "[t]here are not any documents in Plaintiff's possession that would need to be provided to Defendants' counsel, aside from just the many harassing messages and examples of copyright infringement done by the nefarious individuals on Kiwi Farms."[15]

In apparent contrast to these initial disclosures, Mr. Greer emailed Defendants' counsel on December 29, 2024 stating that if Defendants want him to disclose a list of relevant documents in his possession, "I can provide a list. But there's a lot."[16] Mr. Greer also argued that he had potential witnesses who could testify regarding Mr. Greer's alleged harm and damages, despite refusing to disclose them.[17]

Mr. Greer's allegations of "new evidence" regarding the conduct of Defendants' counsel months later has no relevance to Mr. Greer failing to disclose a single witness name or document in his December 3, 2024 initial disclosures, despite indicating their existence, which the court held violated Rule 26 and formed the basis for the sanctions award.[18] Like in the instant motion, Mr. Greer also argued that the identity of Defendants and their conduct in publishing unredacted

---

[13] *Id.*
[14] Mem. Dec. & Order Awarding Sanctions 2.
[15] *Id.*
[16] *Id.*
[17] *Id.* at 5.
[18] *See id.* at 6.

3

information disclosed by Mr. Greer was relevant. But, as the court explained, "the identity of a party does not affect Mr. Greer's Rule 26(a) obligations," and "Mr. Greer did not indicate that the [published] information should be designated Confidential or Attorneys' Eyes Only under the [Standard Protective Order].[19]

Mr. Greer raises two additional arguments. First, he states that the court is acting arbitrarily in sanctioning Plaintiff but refusing to sanction Defendants for their alleged misconduct.[20] Mr. Greer identifies Magistrate Judge Bennett's order denying Mr. Greer's motion for sanctions based on Defendants publishing initial disclosure information that Mr. Greer failed to mark confidential or "attorney's eyes only."[21] The time for objecting to this order is long past. Nor is there any indication that Judge Bennett's order was arbitrary.[22] Finally, disagreement with one court order provides no grounds for failing to comply with another court order.

Second, Mr. Greer argues that Defendants' preferred method of receiving money from Mr. Greer by check is a hardship because "[s]ending this amount could easily be lost in the mail or Defendants could claim they never received it."[23] Mr. Greer further states that he "was open to sending an electronic transfer, but Defendants do not consent to that."[24] In a status report submitted by Defendants, Defendants stated that they "never indicated they will not accept [electronic] payment."[25] Mr. Greer responded to this status report, stating that Defendants "never once offered up electronic payments," and attached an email that does not show Defendants'

---

[19] *Id.* at 9.
[20] Pl.'s Mot. for Reconsideration 2, 4–5.
[21] *Id.* at 4 (referencing ECF No. 272).
[22] Judge Bennett held that in addition to failing to mark disclosures of potential witnesses as confidential or attorney's eyes only, the information does not qualify for this protection under the Standard Protective Order. *See* ECF No. 272 at 3–5, filed April 3, 2025.
[23] Pl.'s Mot. for Reconsideration 5.
[24] *Id.*
[25] Defs.' Status Report 2, ECF No. 336, filed June 9, 2025.

position on the issue.[26] Mr. Greer further states that he "would only feel comfortable with electronic payments if he knew for sure that Kiwi Farmers [sic] would not have access to his banking details."[27] Mr. Greer may pay the sanctions award via check, electronic transfer, money order, or any other method to which the parties may agree.

Accordingly, Mr. Greer's motion for reconsideration is denied.

## ORDER

The court **DENIES** Mr. Greer's motion for reconsideration.[28]

In the court's February 12, 2025 order awarding sanctions, the court ordered Mr. Greer to pay Defendants the $1,000 sanctions award on or before March 13, 2025.[29] After Mr. Greer failed to do so, the court's May 21, 2025 order denying Mr. Greer's request to stay the award ordered Mr. Greer to pay the award no later than Monday, June 9, 2025.[30] The order further indicated that "[f]ailure to do so may result in additional sanctions."[31]

The deadline has again passed, and Mr. Greer has still not paid the sanctions award. Mr. Greer is **ORDERED** to pay the $1,000 sanctions award to Defendants on or before **June 30, 2025**. If Mr. Greer fails to do so, the court will order Mr. Greer to pay an **additional $500** in sanctions.

Defendants are **INSTRUCTED** to file a status report after this June 30, 2025 deadline indicating whether Mr. Greer has complied with the court's order.

---

[26] Greer's Status Report 2 (citing Ex. A), ECF No. 338.
[27] *Id.*
[28] ECF No. 333.
[29] Mem. Dec. & Order Awarding Sanctions 12.
[30] Order Denying Mot. to Stay 2.
[31] *Id.*

5

The court further notes that the filing of any additional motions will not result in a delay of the date Mr. Greer is required to pay the sanctions—which was originally awarded approximately four months ago.

Signed June 10, 2025.

BY THE COURT

_____

David Barlow
United States District Judge
