Russell Greer
1100 Dumont Blvd
Apt 139
Las Vegas, NV 89169
801-895-3501
russmark@gmail.com
Pro Se Litigant

FILED
2025 JUN 24 PM 10:12
CLERK
U.S. DISTRICT COURT

# IN THE UNITED STATES DISTRICT COURT

# DISTRICT OF UTAH

| | |
|---|---|
| **RUSSELL GREER** <br><br> Plaintiff <br><br> v. <br><br> **JOSHUA MOON ET AL**, <br><br> Defendants | **PLAINTIFF'S RESPONSE TO ECF 337** <br><br> Case No.:   2:24-cv-00421-DBB-JCB |

Plaintiff Russell Greer comes forward now and files this opposition response, objecting to motion for sanctions.

## I. INTRODUCTION

On June 10th, 2025, Defendants filed a motion for sanctions. Plaintiff opposes sanctions because Mr. Hardin (and his clients) has demonstrated a complete disregard for the ethics of the law and has latched onto a May 3rd motion for continuance and made it much more than it was ever intended to be. In the process of his bizarre mission to prove some kind of point, Mr. Hardin criminally stalked Plaintiff by spreading misinformation about him and damaging business relationships.

## II. PLAINTIFF HAS ALREADY EXPLAINED HIS REASONS

Plaintiff has explained his position in multiple motions and notices regarding a goof up. That's all it sincerely was. The City of Winnemucca told him that May 6th worked the best for them, when he tried getting the meeting pushed to May 20th because he remembered the hearing was on May 6th. **EXHIBIT A.** Plaintiff even wrote in his motion for continuance that he rather not say what the meeting was about because the awful, awful, awful people who hide like the cowards they are on Kiwi Farms, stalk every facet of Plaintiff. And once Mr. Hardin bizarrely did public records requests and published them onto kiwi farms, the kiwi farms users began stalking a realtor who was connected to plaintiff, that in turn damaged a friendship. Mr. Hardin himself CC'd the realtor and pestered and harassed him, further destroying Greer's friendship and relationship. Even when plaintiff asked Mr. Hardin to stop, Mr. Hardin refused. Plaintiff considers the conduct of Matthew Hardin to be criminal and in violation of ABA 8.4.

Every single person whom plaintiff has told what Mr. Hardin did, by criminally stalking him, has been left in horror that an attorney would actually do that. Others have remarked that Mr. Hardin must not have any other clients because it's confusing that an attorney would spend so much time on such a trivial matter.

### III. FOCUS SHOULD SHIFT TO DEFENDANTS' CONDUCT

If any kind of sanctions are to be issued, it should be against Defendants for dragging this case further and further by their continued motion for sanctions over the most trivial things. Plaintiff showed up at the May 6th hearing. That should have been the end of that, but it wasn't. Defendants insisted on dragging up plaintiff's personal affairs and damaged personal relationships of his. No where in any of their motions do Defendants choose to defend the claim against them for copyright infringement, which *is what this case is about.*

That's in fact not only a Rule 11 violation, but it's a violation of 28 U.S.C. § 1927. The conduct of Matthew Hardin is extremely concerning and it raises the question as to whether he should be allowed to continue to practice pro hac vice in the District of Utah.

Sanctions should be denied because plaintiff showed up at the hearing. Focus, however, should be on Defendants' conduct.

Respectfully submitted,

Russell Greer

/rgreer/

6-24-25

**CERTIFICATE OF SERVICE:**

Pursuant to FRCP 5(b), I certify that on 6-24-25, I served a true and correct copy of the attached document by ECF to all attorneys on record.

5

**EXHIBIT A**



