**Matthew D. Hardin (*pro hac vice*)**
**HARDIN LAW OFFICE**
101 Rainbow Drive # 11506
Livingston, TX 77399
Telephone: (202) 802-1948
Email: MatthewDHardin@gmail.com
*Attorney for Defendants*
*Joshua Moon and Lolcow, LLC*

THE UNITED STATES DISTRICT COURT
DISTRICT OF UTAH

| | |
|---|---|
| RUSSELL GREER, | **DEFENDANTS' REPLY IN FURTHER SUPPORT OF MOTION FOR SANCTIONS (ECF NO. 337)** |
| Plaintiff, | |
| v. | Case No. 2:24-cv-00421-DBB |
| JOSHUA MOON, *et al*. | District Judge David Barlow<br>Magistrate Judge Jared C. Bennett |
| Defendants. | |

NOW COME Defendants Joshua Moon and Lolcow, LLC, by and through their undersigned counsel, and file this Reply in Further Support of their Motion for Sanctions. ECF No. 337.

**I.    Introduction**

Although Mr. Greer was served with the Defendants' most recent Motion for Sanctions five weeks ago, ECF No. 337-2, and has consistently revised his narrative since he was caught prevaricating about an "emergency" on May 6, 2025, Mr. Greer's "opposition" is most notable for what it concedes. Perhaps most notably, Mr. Greer does not claim he truly had an "emergency" that would have prevented his attendance at the May 6, 2025 hearing, despite his statements to that effect at ECF No. 276, and Mr. Greer does not dispute Defendants' assertions that he was not paying attention at the

telephonic hearing that day because he was busy emailing City officials about prostitution. ECF No. 337 at 3. Mr. Greer similarly does not dispute that the proper remedy for any Rule 11 violation is dismissal. *Id.* at 7.

Instead of contesting Defendants' factual assertions or legal conclusions, Mr. Greer makes the bare assertion that the real problem is the Defendants themselves, because they investigated Mr. Greer's false representations and called him out on his reckless disregard for the truth. This might be characterized as the "I'm rubber and you're glue" defense. See, e.g., *Venture Grp. Enters. v. Vonage Bus. Inc.*, No. 20-CV-4095 (RA) (OTW), 2022 U.S. Dist. LEXIS 180304, at *2 (S.D.N.Y. Sep. 30, 2022) (calling it an "'I am rubber, you are glue' litigation strategy."), *cf. United States v. Curescu*, No. 08 CR 398, 2011 U.S. Dist. LEXIS 70033, at *26 (N.D. Ill. June 29, 2011) (noting that "[w]hatever you say to me, bounces off me and sticks to you."). But Mr. Greer offers no authority under Rule 11 or otherwise which would support the idea that Defendants are the problem for catching the Plaintiff a series of lies. And because Mr. Greer has failed to contest the relevant facts or law, this Court should simply grant the relief Defendants seek.

## II. Mr. Greer's Evolving Factual Narrative

Because Defendants' Motion for Sanctions is premised on Mr. Greer's false representations of fact, it is helpful to review the starkly contrasting narratives Mr. Greer has deployed relating to the underlying "emergency" motion at ECF No. 276.

In the beginning, Mr. Greer told this Court that there was an "emergency" of which he had only become aware on May 1, 2025, which would prevent him from attending the May 6, 2025 hearing in this case. ECF No. 276 at 2. At that time, Mr. Greer said he had

"had this [Court's hearing] calendared for two months." *Id*. Unfortunately, Mr. Greer's "business" associates "very oddly" scheduled a meeting on the same date and at the same time as this Court's May 6, 2025 hearing. *Id*. And when Mr. Greer asked to reschedule that meeting "he was told no." *Id*. "[B]izarrely," Defendants wondered whether Mr. Greer was telling the truth, and started investigating these assertions of fact. ECF No. 342 at 2.

It turns out that none of what Mr. Greer said was true, as Mr. Greer himself now admits. As Mr. Greer now concedes, he only filed his "emergency" motion because he "remembered the hearing was on May 6th," after first forgetting this Court's previously-scheduled hearing and apparently not having "calendared" that hearing for "two months." ECF No. 341 at 2, *contra*. ECF No. 276 at 2. In fact, Mr. Greer did specifically request to speak about prostitution on the exact same day and at the exact same time as this Court's May 6 hearing.[1] ECF No. 337. It was all a great big "goof up," you see, "that's all it sincerely was." ECF No. 342 at 2. It turns out that the May 6 meeting was not a "business" meeting with "business" associates, but was actually a regularly-scheduled meeting of the Winnemucca City Council, recurring biweekly all year long.[2] ECF No. 293-1. And Mr. Greer was not "told no" when he asked to appear before the Winemucca City Council on a different date from the one he himself had chosen in two separate emails to the City Clerk. ECF No. 293-2. Instead, the City of Winnemucca merely stated

---

[1] ECF No. 299. Mr. Greer previously called it "very odd[]" that the City Council meeting in Winnemucca and the hearing in this Court were scheduled at the same time. ECF No. 276 at 2.

[2] The Winnemucca City Council takes public comment at each and every one of its regularly-scheduled meetings. If Mr. Greer truly wanted to address the City Council in Winnemucca, he could have done so at any time. May 6 was magical for Mr. Greer only insofar as he requested that particular date for an "action" item to be placed on the agenda.

that May 6, 2025 worked best for them, even going so far as to offer to hear and consider Mr. Greer's request in his absence. *Id*. The Mayor of Winnemucca went so far as to call Mr. Greer to tell him not to bother coming to Winnemucca, as did the owner of a hotel Mr. Greer was ostensibly trying to purchase. ECF No. 337-4 at 7-8.

### III.  Standard of Review

When a party fails to contest factual assertions of an opponent, that "amounts to a concession as to the proof." *Dig. Ally, Inc. v. Util. Assocs.*, 882 F.3d 974, 977 (10th Cir. 2018), citing *GFF Corp. v. Assoc'd Wholesale Grocers, Inc.*, 130 F.3d 1381, 1387-88 (10th Cir. 1997). Plaintiff "has essentially conceded the issue by failing to contest Defendants' characterization of it." *United States ex rel. Jacobs v. Advanced Dermatology & Skin Cancer Specialists, P.C.*, No. EDCV 20-1373 JGB (SHKx), 2023 U.S. Dist. LEXIS 179224, at *9 (C.D. Cal. Aug. 24, 2023). And, where a party fails to address the proper remedy for a conceded breach of duty, the Court cannot consider arguments not made. *Haw. Reg'l Council of Carpenters v. Yoshimura*, 237 F. Supp. 3d 1029, 1040 (D. Haw. 2017).

### IV.  Argument

Mr. Greer lied to this Court repeatedly about an "emergency" on May 6. Plaintiff concedes he made material misrepresentations of fact either expressly or by implication in his response, but he has failed to withdraw his improper motion. Harm continues to be felt by Defendants, as they remain forced to respond to Mr. Greer's erroneous statements of fact relating to a hearing at which the Plaintiff chose to focus on prostitution rather than this Court's statements. But rather than showing any contrition for his material misstatements as to an "emergency," which was apparently calculated to play

upon the generally trusting nature of counsel and the Court and their sympathy for true emergency, Mr. Greer now wants this Court to punish the *Defendants* for uncovering the *Plaintiff's* lies. This further militates in favor not only of imposing sanctions, but in favor of making those sanctions case-ending.

Defendants regret that this is their third motion for sanctions in this case. ECF Nos. 234, 330, 337. After all, "[t]rial judges' eyes tend to glaze over when the third, fourth, or fifth application for sanctions arrives." *Fannie Mae v. Hirschhaut*, 2019-Ohio-3636, ¶ 51 (Ohio Ct. App.). But the reason that multiple motions for sanctions have been filed is because Mr. Greer persists in the same prohibited course of conduct, routinely filing pleadings without any regard for the truth or for a reasonable investigation of the truth. Other courts have recognized that when a party makes repeated false statements, that militates in favor of sanctions. *Cornelius v. Cornelius*, 268 N.C. App. 323, 834 S.E.2d 187 (2019) (party "cried wolf at least three times regarding his ability to come to court, to pay, to comply with the terms of the order…"). And the need for sanctions is especially acute where a party represents to the Court that there is an "emergency," but fails to reveal that the moving party himself caused the emergency. *Ndreko v. Ridge*, 351 F. Supp. 2d 904, 910 (D. Minn. 2004) ("Mattos created an emergency situation, which disadvantaged both the Court and the Government, and induced the Court to rely on Mattos's representations regarding the 'emergency' before it.").

### 1. Mr. Greer Lied to this Court and to Defendants.

At this point, it is beyond dispute that Mr. Greer lied to this Court that there was an "emergency" on May 6. ECF No. 276. Mr. Greer himself concedes that Defendants are correct about what was really happening on May 6, 2025, and even admits that he wanted to hide the true nature of his activities that day behind obfuscating language in

his "emergency" motion. ECF No. 342 at 2 (Plaintiff would "rather not say what the meeting was about because the awful… people who hide like the cowards they are on Kiwi Farms, stalk every facet of Plaintiff."). Mr. Greer has offered no evidence that he was really "told no" when he asked to reschedule the May 6 meeting he had previously scheduled after he was informed of this Court's May 6 hearing date, and Mr. Greer himself apparently concedes his motion at ECF No. 276 was inaccurate when it stated that the Plaintiff had the May 6 hearing "calendared for two months." *Id*. at 2. Mr. Greer has failed to rebut the Defense evidence that he was told not to come to Winnemucca that day by both the Mayor and a "business" associate from whom he was attempting to buy a hotel. ECF No. 337-4. Mr. Greer has not denied that he was emailing the City of Winnemucca during Court on May 6, 2025, or that he was not paying attention to the words used by this Court in framing its orders. ECF No. 339.

All Mr. Greer says in his own defense is that his misrepresentations were a "goof up." ECF No. 342 at 2. That's both inaccurate – because Mr. Greer admits he drafted his motion in a way that obfuscated its true purpose – and legally insufficient. *Hamilton v. Boise Cascade Express*, 519 F.3d 1197, 1199 (10th Cir. 2008) (holding that the standard for imposing sanctions is objective rather than subjective, and that there is no "pure heart" or "empty head" defense under Rule 11).

Based on Mr. Greer's own admissions to certain facts and failures to oppose others, this Court has no choice but to find that Mr. Greer has once again willfully misled this Court. Just like in the *Ndreko* case, Mr. Greer created a situation which he later called an "emergency" and induced the Court to rely upon false statements of urgency.

### 2. Mr. Greer's Lies are Indefensible *Per Se*, but have also caused great prejudice.

There is never such a thing as good cause to tell a knowing lie to the Court. This is so despite that "[t]hose that tell a lie long enough, loud enough, and often enough, will have people believing." *Boyd v. Patton*, No. 11-CV-006-GKF-TLW, 2014 U.S. Dist. LEXIS 39079, at *25 (N.D. Okla. Mar. 25, 2014) (quoting trial counsel). Or perhaps it is so precisely because persistent repetition of the same lie often leads authority figures to believe that lie. *Id*. In either event, there can be no finding that Mr. Greer's statements that there was an "emergency" on May 6 are either true or otherwise justifiable. They were untrue when they were first uttered, and Mr. Greer's repeated failures to retract false pleadings has only amplified the harm caused by Mr. Greer's lies.

First, Defendants were forced to oppose Mr. Greer's materially false motion on an "emergency" basis. ECF No. 277. Ordinarily, undersigned counsel would defer to an attorney or litigant who claimed an "emergency" had come up, but experience has taught Defendants that they cannot take anything this particular Plaintiff says at face value. Sure enough, when Defendants were forced to incur the costs of opposing Mr. Greer's motion and investigating Mr. Greer's false statements, Mr. Greer's narrative quickly crumbled. See, e.g. ECF Nos. 285, 286, 287 (Mr. Greer threatens bar complaints for, inter alia, Defendants' temerity to investigate Mr. Greer's false claims), 293, 305, 337.

But even after Defendants opposed Mr. Greer's "emergency" motion, and even after they conducted an investigation which disproved the factual assertions in that motion, Mr. Greer continued to cause Defendants extra expense by filing un-researched motions based upon materially false statements as to what occurred at this Court's May 6, 2025 hearing, apparently because Mr. Greer still feels that his prostitution-related side

quest was an "emergency" that was more important than paying attention to this Court and its orders. ECF No. 331, 332, 334.

### 3. Mr. Greer Offers no Argument in Mitigation.

Because it is indisputable (and indeed, undisputed in any practical sense) that Mr. Greer lied to this Court in his "emergency" motion at ECF No. 276, the question then turns to what the appropriate sanction might be under *Ehrenhaus v. Reynolds*, 965 F.2d 916, 921 (10th Cir. 1992) and its progeny. But Mr. Greer does not argue in support of any alternative sanction to what was proposed by Defendants, and Plaintiff offers no evidence or argument in mitigation other than his "sincere" belief that prostitution-related advocacy was an "emergency" (or perhaps that it was all a scheduling "goof up"). And Mr. Greer has repeatedly demonstrated that he will ignore any remedial order this Court might impose other than dismissal. See, e.g., ECF Nos. 310 and 341 (each noting that Mr. Greer has not paid monetary sanctions despite the passage of several months time).

Because Mr. Greer refuses to pay monetary sanctions, and because Mr. Greer's patten of behavior cannot be meaningfully addressed or remediated via any mechanism other than dismissal, this Court should hold that Mr. Greer has offered no mitigating evidence and should impose dismissal as a sanction.

### V. Conclusion

For the reasons set forth above, this Court should find that Mr. Greer made knowing and willful misrepresentations of fact and is worthy of sanctions. Because Mr. Greer has not contested that the proper remedy is dismissal, and because Mr. Greer's pattern of willful recalcitrance continues to escalate, this Court should hold that dismissal is the only sanction that is appropriate.

DATED June 25, 2025

                                       **HARDIN LAW OFFICE**

                                       */s/ Matthew D. Hardin*
                                       **Matthew D. Hardin**
                                       Attorney for Defendants
                                       Joshua Moon and Lolcow, LLC