**Matthew D. Hardin (*pro hac vice*)**
**HARDIN LAW OFFICE**
101 Rainbow Drive # 11506
Livingston, TX 77399
Telephone: (202) 802-1948
Email: MatthewDHardin@gmail.com
*Attorney for Defendants*
*Joshua Moon and Lolcow, LLC*

## THE UNITED STATES DISTRICT COURT
### DISTRICT OF UTAH

| | |
|---|---|
| RUSSELL GREER,<br><br>    Plaintiff,<br><br>v.<br><br>JOSHUA MOON, *et al*.<br><br>    Defendants. | **DEFENDANTS' REPLY MEMORANDUM OF LAW IN FURTHER SUPPORT OF MOTION TO DISMISS**<br><br>Case No. 2:24-cv-00421-DBB<br><br>District Judge David Barlow<br>Magistrate Judge Jared C. Bennett |

NOW COME Defendants Joshua Moon and Lolcow, LLC, by and through their undersigned counsel, and file this Reply Memorandum of Law in Further Support of their Motion to Dismiss. ECF No. 274.

### I.    Introduction

The primary thrust of Mr. Greer's opposition to the Defendants' Motion to Dismiss is procedural: Mr. Greer says that Defendants cannot file a Motion to Dismiss because Fed. R. Civ. P. 12 (h) operates as a waiver of certain grounds for dismissal. But Mr. Greer is wrong to raise Rule 12 (h) here because his amended complaint is vastly

different from his original complaint,[1] and even Mr. Greer admits that any new allegations in the amended complaint are properly subject to a new motion to dismiss. ECF No. 288 at 2.

But even if this Court were to assume for the sake of argument that Mr. Greer is entirely correct in his procedural objections, and that the Defendants' renewed motion to dismiss is barred by Fed. R. Civ. P. 12 (h), Mr. Greer's opposition still does not carry the day for two separate but related reasons. First, because this Court[2] and the Tenth Circuit[3] have expressly approved the practice of treating a motion to dismiss as if it were a motion for judgment on the pleadings, and because there can be no waiver under that standard, this Court can simply dismiss Mr. Greer's complaint under Fed. R. Civ. P. 12 (c). Second, because Mr. Greer offers no substantive opposition or argument against Defendants proposal to treat their Motion to Dismiss as if it were a Motion for Summary Judgment under Fed. R. Civ. P. 12 (d), and because Mr. Greer has confessed he will present no testimony whatsoever in his case in chief,[4] ECF No. 201, this Court can simply enter a judgment of dismissal at this stage without the need for any further proceedings.

---

[1] Mr. Greer did not include a redline of his original and First Amended Complaint, so comparing the two is not as straightforward as it might otherwise be. Using Microsoft Word and Adobe Pro software, Defendants have attempted to create a redline of the First Amended Complaint, and attach this redline as a demonstrative at Exhibit A.

[2] *Williams v. Cache Cnty.*, No. 1:22-cv-00151-RJS-CMR, 2024 U.S. Dist. LEXIS 4112, at *3 n.10 (D. Utah Jan. 8, 2024) ("By accepting the alleged facts as true, it is as if the defendant filed an answer admitting all factual allegations and then filed a Rule 12(c) motion.").

[3] *Albers v. Bd. of Cnty. Comm'rs*, 771 F.3d 697, 704 (10th Cir. 2014), *Brokers' Choice of Am., Inc. v. NBC Universal, Inc.*, 861 F.3d 1081, 1102 (10th Cir. 2017).

[4] Mr. Greer has been cagey about whether he intends to submit unspecified "evidence" that is not testimony. But without testimony, such "evidence" will be unauthenticated and inadmissible unless it falls inside the narrow confines of Fed. R. Evid. 902.

Mr. Greer's remaining arguments are simply incorrect: Jurisdiction and venue for Mr. Greer's claims – if any claims he has – is proper in Florida, not Utah. Mr. Greer only obtained retransfer of this case to Utah through his own fraudulent assertions of fact, as previously established at ECF No. 234, and email service upon a Floridian with no real ties to Utah does not comport with traditional notions of fair play or substantial justice. Mr. Greer's "fair use" argument does not grapple with this Court's opinion in *Great Bowery v. Best Little Sites*, 671 F. Supp. 3d 1297, 1303 (D. Utah 2023), which forecloses a finding of liability when a Defendant has merely "embedded" copyrighted material rather than republishing that material. And Mr. Greer does not engage at all with the Communications Decency Act and the immunity it provides.

For all these reasons, and for all the reasons set forth in Defendants' pending motions for sanctions, this case should be dismissed.

## II.    Standard of Review

As this Court has previously recognized, "the Tenth Circuit has held that a… violation of Rule 12(g)(2) is harmless where the argument could be presented in a Rule 12(c) motion and all alleged facts are accepted as true." *Williams v. Cache Cnty.*, No. 1:22-cv-00151-RJS-CMR, 2024 U.S. Dist. LEXIS 4112, at *3 n.10 (D. Utah Jan. 8, 2024), citing *Albers v. Bd. of Cnty. Comm'rs*, 771 F.3d 697, 704 (10th Cir. 2014). In fact, this Court undersold the Tenth Circuit's endorsement of this approach in *Williams* by citing to only one Tenth Circuit opinion; the Tenth Circuit reiterated its support for that approach in *Brokers' Choice of Am., Inc. v. NBC Universal, Inc.*, 861 F.3d 1081, 1102 (10th Cir. 2017).

This Court has held that conversion of a motion to dismiss into a motion for summary judgment is particularly appropriate where a jurisdictional issue is intertwined with the merits and cannot effectively be litigated in a vacuum. *Burningham v. Costco Wholesale Corp.*, No. 2:17-cv-00578-JNP, 2017 U.S. Dist. LEXIS 209011, at *3 (D. Utah Dec. 19, 2017), citing *Holt v. United States*, 46 F.3d 1000, 1002-03 (10th Cir. 1995). But this Court need not convert the pending Motion to Dismiss into a Motion for Summary Judgment in order to take judicial notice of facts contained in its own or public records. *Sweesy v. Sun Life Assurance Co.*, 643 F. App'x 785, 789 (10th Cir. 2016), citing *Thomas v. Kaven*, 765 F.3d 1183, 1197 (10th Cir. 2014) and *Alvarado v. KOB-TV, LLC*, 493 F.3d 1210, 1215 (10th Cir. 2007).

When a party fails to contest factual assertions of an opponent, that "amounts to a concession as to the proof." *Dig. Ally, Inc. v. Util. Assocs.*, 882 F.3d 974, 977 (10th Cir. 2018), citing *GFF Corp. v. Assoc'd Wholesale Grocers, Inc.*, 130 F.3d 1381, 1387-88 (10th Cir. 1997). Plaintiff "has essentially conceded the issue by failing to contest Defendants' characterization of it." *United States ex rel. Jacobs v. Advanced Dermatology & Skin Cancer Specialists, P.C.*, No. EDCV 20-1373 JGB (SHKx), 2023 U.S. Dist. LEXIS 179224, at *9 (C.D. Cal. Aug. 24, 2023).

### III.    Argument

Mr. Greer's First Amended Complaint differs markedly from his original complaint, as evidenced by the attached Exhibit A. Because even Mr. Greer acknowledges that new claims may be the subject of a new motion to dismiss, Mr. Greer's allegation that Defendants have violated Fed. R. Civ. P. 12 (h) are meritless. But even if Mr. Greer were correct, this Court can simply construe Defendants Motion to Dismiss as a Motion for

Summary Judgment or as a Motion for Judgment on the Pleadings and dismiss the Plaintiff's claim on that basis.

In the alternative, Mr. Greer offers no explanation at all as to why his complaint is not governed by this Court's decision in *Great Bowery*, or why his pleaded facts establish jurisdiction and venue are proper in Utah. This Court should therefore dismiss on those bases.

### 1. Rule 12 (h) Does not Bar Defendants' Motion to Dismiss

Mr. Greer admits that Fed. R. 12 (h) does not apply to the extent his First Amended Complaint raises new factual or legal arguments. ECF No. 288 at 2. But Mr. Greer argues there are no such new facts, and that his First Amended Complaint is "'almost an exact replica' of the original complaint." *Id*. (quotations in original). Unfortunately, that statement is not true.

As evidenced in the attached "redline," Exhibit A, Mr. Greer's First Amended Complaint is not "almost an exact replica" of his prior complaint. Red ink demonstrates entire pages of material have been both stricken from the original complaint and added to the First Amended Complaint. Of particular note, Mr. Greer added arguments as to the market for his material (¶6 and ¶ 100 *et seq*.), dropped arguments that he is entitled to injunctive relief (¶ 9), modified arguments about how and why Defendants have ostensibly availed themselves of Utah's jurisdiction (¶ 12), and introduced a new claim that Mr. Moon may have "fled the country" (¶ 14). Mr. Greer helpfully admits in his First Amended Complaint that he files lawsuits "as a publicity stunt" (¶19). An entire section headlined "Moon's Involvement" appears to have been deleted from the original complaint and is not re-alleged in the amendment. Mr. Greer's First Amended Complaint

also adds an entire count against Lolcow, LLC (Count II, ¶ 114 et seq.), which was nowhere to be found in the original complaint. Indeed, the original complaint did not mention Lolcow, LLC at all.

Because Mr. Greer's First Amended Complaint adds a Defendant (Lolcow, LLC) and a count (Count II) which are entirely absent from his original complaint, and makes strikingly different arguments related to Mr. Moon (including striking allegations as to Mr. Moon's personal "involvement, and adding allegations that Mr. Moon fled the country), it stands to reason that Lolcow LLC and Joshua Moon might file a new Motion to Dismiss raising arguments based on Mr. Greer's latest iteration of the facts. Lolcow, LLC had no previous opportunity to raise any arguments at all under Fed. R. Civ. P. 12, and Mr. Moon was forced to raise arguments in a far different posture with far different allegations when he responded to the initial complaint. Contrary to Mr. Greer's assertions that his First Amended Complaint is "almost an exact replica" of his original complaint, the new complaint is radically changed. New parties and new claims have been added. New jurisdictional arguments have been made. New allegations as to the "involvement" and domicile of Joshua Moon have been raised. By Mr. Greer's own admission, Defendants are entitled to address Mr. Greer's new arguments by way of a new motion to dismiss. Fed. R. Civ. P. 12 (h) is not an impediment.

### 2. The Court can Treat Defendants Motion to Dismiss as a Motion for Judgment on the Pleadings or as a Motion for Summary Judgment.

Even if this Court were to credit (improperly) Mr. Greer's assertions that his original complaint and his First Amended Complaint are so similar that Fed. R. Civ. P. 12 (h) operates to bar a successive motion to dismiss, this Court need not allow Mr. Greer's technical procedural arguments to trump the substance of Defendants'

meritorious arguments. Defendants requested this Court construe their Motion to Dismiss as a Motion for Summary Judgment in the alternative. ECF No. 274 at 4 and 22. And the Tenth Circuit posits that another option would be to treat the Defendants Motion to Dismiss as a Motion for Judgment on the pleadings. *Albers v. Bd. of Cnty. Comm'rs*, 771 F.3d 697, 704 (10th Cir. 2014), *Brokers' Choice of Am., Inc. v. NBC Universal, Inc.*, 861 F.3d 1081, 1102 (10th Cir. 2017). Mr. Greer offers no practical reason for this Court to hesitate in taking either of those available avenues.

First, Mr. Greer himself has failed to offer any argument why summary judgment is inappropriate. ECF No. 288. Mr. Greer's opposition fails entirely to grapple with Defendants' alternative request for this Court to construe the Motion to Dismiss as a Motion for Summary Judgment, ECF No. 274 at 4, 22, and similarly fails to explain how the stipulation at ECF No. 201 will not of necessity prevent the Plaintiff from prevailing at any eventual trial or from controverting any material facts that Defendants have raised in their pleadings or otherwise. If this Court has any doubts at all as to whether it can grant dismissal on the basis of the pleadings alone, the pragmatic and efficient solution is summary judgment under Fed. R. Civ. P. 12 (d). Indeed, this Court has previously held, where Defendants raise arguments requiring jurisdictional factfinding, it is particularly appropriate to convert a motion to dismiss into a motion for summary judgment. *Burningham*, 2017 U.S. Dist. LEXIS 209011, at *3, citing *Holt*, 46 F.3d at 1002-03.

Second, the Court can simply rule on the basis of the pleadings. Because this Court has the power to take judicial notice of its own docket, ECF No. 274 at 4, n. 5, and because there is no practical difference between a motion to dismiss under Fed. R. Civ. P. 12 (b) (which presumes facts as alleged in the complaint are true) and a motion for

judgment on the pleadings under Fed. Civ. P. 12 (c) (which admits the truth of factual allegations), this Court and the Tenth Circuit have repeatedly held that hyper technical arguments under Fed. R. Civ. P. 12 (h) will not prevent dismissal of a nonmeritorious claim. *Williams v. Cache Cnty.*, No. 1:22-cv-00151-RJS-CMR, 2024 U.S. Dist. LEXIS 4112, at *3 n.10 (D. Utah Jan. 8, 2024) ("By accepting the alleged facts as true, it is as if the defendant filed an answer admitting all factual allegations and then filed a Rule 12(c) motion."), citing *Albers v. Bd. of Cnty. Comm'rs*, 771 F.3d 697, 704 (10th Cir. 2014), accord. *Brokers' Choice of Am., Inc. v. NBC Universal, Inc.*, 861 F.3d 1081, 1102 (10th Cir. 2017).

A ruling under Fed. R. Civ. P. 12 (c) is virtually indistinguishable from a ruling under Fed. R. Civ. P. 12 (b), as this Court has acknowledged. *Williams v. Cache Cnty.*, No. 1:22-cv-00151-RJS-CMR, 2024 U.S. Dist. LEXIS 4112, at *3 n.10 (D. Utah Jan. 8, 2024) (regardless of whether the court evaluates the Motion under Rule 12(b)(6) or Rule 12(c), the same standard applies."), citing *Atl. Richfield Co. v. Farm Credit Bank of Wichita*, 226 F.3d 1138, 1160 (10th Cir. 2000). There is thus no reason for this Court to indulge Mr. Greer's procedural quibbles when the result will be dismissal regardless of what rule is employed.

### 3.  Mr. Greer has not Rebutted Defendants' Remaining Arguments.

After Mr. Greer's procedural objections are dispensed with, he spends the remainder of his brief attempting to argue that jurisdiction and venue are proper in Utah. But that is incorrect. And even assuming, *arguendo*, that Mr. Greer were correct on that score, Mr. Greer has failed to address Defendants' remaining argument as to "embedding," ECF No. 274 at 17, or arguments that the complaint is barred by Section 230 of the Communications Decency Act. Mr. Greer's claims cannot proceed.

### A) Defendants have not "Purposefully Availed" Themselves of Utah's Jurisdiction.

First, Mr. Greer says that Defendants have purposefully availed themselves of Utah. ECF No. 288 at 6. For this proposition, Mr. Greer cites almost exclusively to *Nature's Sunshine Prods. v. SAAM Enter.*, No. 2:25-cv-00012-TC, 2025 U.S. Dist. LEXIS 76754, at *8 (D. Utah Apr. 22, 2025). But Mr. Greer doesn't quote the Court's initial holding in that case: "In order to conclude that the Defendants purposefully directed their activities at Utah, the court must find a substantial connection between the Defendants' business activities and the state." *Id*. at *8 (D. Utah Apr. 22, 2025), citing *Emplrs Mut. Cas. Co. v. Bartile Roofs, Inc*., 618 F.3d 1153, 1160 (10th Cir. 2010). The substantiality requirement "ensures that a defendant will not be subject to the laws of a jurisdiction solely as a result of random, fortuitous, or attenuated contacts… the unilateral activity of another party or a third person… or the mere foreseeability that its actions may cause injury in that jurisdiction." *XMission, L.C. v. Fluent Ltd. Liab. Co*., 955 F.3d 833, 840-41 (10th Cir. 2020) (internal citations and quotations omitted).

Here, Mr. Greer alleges that the only contact Defendants had with Utah is the fact that Mr. Greer lived in Utah at some point prior to this suit being filed. This is not "substantial" contact on the part of anybody other than Mr. Greer. And because Mr. Greer seeks to impose liability on Mr. Moon and Lolcow LLC largely because of activities Mr. Greer alleges were actually undertaken by various website "users," rather than activities undertaken by Mr. Moon or Lolcow, LLC themselves, the connection with Utah is even more attenuated. Even if it was "foreseeable" that Mr. Greer might be caused an injury in Utah, that is not sufficient under *Xmission*. But that is exactly what Mr. Greer argues in his brief. ECF No. 288 at 7.

What's more, Mr. Greer's argument as to venue is essentially a mirror image of his argument as to jurisdiction. Defendants argued that they are not "found" in Utah within the meaning of 28 U.S.C. § 1400, the specific statute that provides for proper venue in copyright cases. But Mr. Greer says Defendants are "found" anywhere they are subject to personal jurisdiction. ECF No. 288 at 10. Unfortunately for Mr. Greer, there is no personal jurisdiction over a Floridian or a Weswt Virginia LLC in Utah, and Plaintiff confesses he did not "find" Defendants in any way other than via email. *Id*. at 8-9. Mr. Greer argues that substantial "activities" occurred in Utah, but those activities appear to consist entirely of things Mr. Greer did, rather than anything the Defendants did. *Id*. at 10 (citing to Mr. Greer sending "cease and desist" letters).[5] Under Mr. Greer's theory, this Court will always have jurisdiction over anyone, if a Utah resident sends them a letter of complaint. But that cannot be the law.

**B) Mr. Greer Failed to Address the "Embedding" Issue or the Communications Decency Act.**

In the time between when Mr. Greer filed his initial Complaint and the time that Complaint was amended, this Court handed down its decision in *Great Bowery v. Best Little Sites*, 671 F. Supp. 3d 1297, 1308 (D. Utah 2023). As Defendants articulated in their Motion to Dismiss, that decision is fatal to Mr. Greer's claims regarding his book, *Why I Sued Taylor Swift: and How I Became Falsely Known as Frivolous, Litigious and*

---

[5] These "letters" were sent via email, much like the Summons and Complaint were. Mr. Greer thus claims that he can establish jurisdiction over a Floridian and a West Virginia LLC via email, and that the mere receipt of emails by those strangers to Utah is somehow "substantial" enough that Mr. Moon and Lolcow, LLC have "purposefully availed" themselves of Utah's jurisdiction. Unsurprisingly, Mr. Greer does not cite any authority which establishes that receiving an email in Florida creates personal jurisdiction for a court sitting in Utah.

*Crazy*.[6] Specifically, Mr. Greer alleges in his Complaint that "Below the title, 'Rusty's Tale', is a Google Drive link to Greer's book… [link expurgated]… Somebody created a copy of Greer's book and put it in a Google Drive file that is accessible on Kiwi Farms." ECF No. 247 at 7, ¶ 38. But this Court held in *Great Bowery* that "if [a party] displayed an image by merely linking or framing content from other websites, then it had not infringed." *Great Bowery*, 671 F. Supp. 3d at 1304. Because Mr. Greer's First Amended Complaint expressly alleges that the infringement was hosted on a Google Drive account and that a mere link to that account was on another website, *Great Bowery* precludes a finding of infringement. And if there was no infringement, there was also no contributory infringement by virtue of a refusal to remove the link. *La Resolana Architects, PA v. Reno, Inc.*, 555 F.3d 1171, 1177 (10th Cir. 2009) (holding, *inter alia*, that a contributory copyright case requires proof of a direct infringement).

One might have expected Mr. Greer to address *Great Bowery* in his briefing. After all, it is an indisputably "new" case, that was not available to the parties when the first Motion to Dismiss the original complaint was filed over four years ago. But Mr. Greer's briefing is conspicuously silent. Similarly, Mr. Greer declined to address in his briefing Defendants' arguments related to Section 230 of the Communications Decency Act. ECF No. 274 at 18-20. Presumably, if Mr. Greer had any valid arguments for why his claims are not barred entirely by Section 230 or by the "embedding" doctrine this Court recognized in *Great Bowery*, he would have raised such arguments. Mr. Greer's failure to address these issues operates as a waiver. *GFF Corp. v. Associated Wholesale*

---

[6] It is helpful to recall from Mr. Greer's own First Amended Complaint that Mr. Greer admittedly sued Taylor Swift "as a publicity stunt." ECF No. 247 at 4, ¶ 19. Regardless of Mr. Greer's literary merits or the merits of his copyright claims, Mr. Greer has expressly confessed to filing frivolous litigation in violation of Fed. R. Civ. P. 11.

*Grocers*, 130 F.3d 1381, 1384 (10th Cir. 1997) ("failure to present an issue to the district court results in waiver"). This Court should therefore grant Defendants motion to dismiss on all the grounds Mr. Greer failed to address in his opposition.

## IV.    Conclusion

For the reasons set forth above, this Court should dismiss Mr. Greer's Complaint in its entirety and with prejudice. Alternatively, this Court should require Mr. Greer to proffer how he expects to prevail at any trial in light of the stipulation at ECF No. 201, and enter summary judgment is Mr. Greer cannot demonstrate an ability to present any evidence at trial which is admissible and which a reasonable factfinder might find supports Plaintiff's claims.

DATED June 30, 2025

HARDIN LAW OFFICE

*/s/ Matthew D. Hardin*
**Matthew D. Hardin**
Attorney for Defendants
Joshua Moon and Lolcow, LLC