Russell Greer
1100 Dumont Blvd
Apt 139
Las Vegas, NV 89169
801-895-3501
russmark@gmail.com
Pro Se Litigant

## IN THE UNITED STATES DISTRICT COURT

## DISTRICT OF UTAH

| | |
|---|---|
| **RUSSELL GREER** | **MOTION FOR SANCTIONS UNDER 28 U.S. 1927 & FRCP 11(b)(1)** |
| Plaintiff | |
| v. | Case No.:   2:24-cv-00421-DBB-JCB |
| **JOSHUA MOON ET AL,** | |
| Defendants | |

Plaintiff Russell Greer comes forward now and files this motion for sanctions under 28 U.S. 1927 & FRCP 11(b)(2).

## I.    INTRODUCTION

On May 3rd, plaintiff simply tried continuing a hearing that was scheduled for May 6th because he had inadvertently scheduled personal affairs on the same day that he could not reschedule. Plaintiff even said in that motion, in a footnote, that he would rather not disclose what the meeting was, due to fear of being stalked by the users of Kiwi Farms. Plaintiff even offered evidence since, that he tried moving the other meeting, instead of the Court hearing, and the City (the other meeting) would not reschedule. He reincludes that evidence. **EXHIBIT A.**

Opposing counsel for some bizarre reason made it their mission to find out what this meeting was about. Not only has opposing counsel now stalked plaintiff by engaging in this bizarre request on Winnemucca pand opposing counsel is now seeking sanctions over this tiny May continuance motion, but Mr. Hardin's actions have inspired the trolls on kiwi farms to ramp up their stalking efforts, with people like "Luella Dwayne" emailing plaintiff, calling him a "retard". It appears this unstable Luella person has also created emails of the two John Does in this case. Many of Joshua Moon's users are mentally ill and it's incredibly hard to track them down because they hide like cowards.

Most of all, Mr. Hardin's actions have been vexatious and have delayed this case.

Plaintiff seeks sanctions against opposing counsel.

## 2. Motion for Sanctions Under 28 U.S. 1927

28 U.S. 1927 reads: "Any attorney or other person admitted to conduct cases in any court of the United States or any Territory thereof who so multiplies the proceedings in any case unreasonably and vexatiously may be required by the court to satisfy personally the excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct."

"If a trial court imposes sanctions, specific findings are required for several reasons. First, because there must be an express basis for imposition — "multiplicity" under § 1927, for example — the court must identify the extent of the multiplicity resulting from the attorney's behavior and the costs arising therefrom. Second, because the person sanctioned is entitled to notice and opportunity to be heard, the objectionable conduct must be identified sufficiently to make the opportunity to respond meaningful. Finally, the reasons for the decision must be in a form reviewable by the appellate courts." *Hamilton v. Boise Cascade Express,* 519 F.3d 1197 (10th Circuit 2008). A finding of bad faith is not required. *Id.*

Firstly, Mr. Matthew Hardin has multiplied the proceedings in this case. As of July 1st, 2025 (the date of the last filing), the ECF file count is now at 345. Except for his renewed motion to dismiss, none of those ECF files have to do with defending copyright infringement. Defendants have chosen, instead, to nitpick every action of a pro se litigant. The last 69 motions have been defendants complaining about IPF status and about a motion to continue the May 6th hearing.

Turning to the second part: Mr. Matthew Hardin's actions have been unreasonable because the motion for continuance was denied and plaintiff showed up to the hearing. Hardin's complaining about supposed IPF fraud was unreasonable because he never even saw the original application because it was a SEALED DOCUMENT. Mr. Hardin has ASSUMED and by assuming, he has caused delay.

Mr. Hardin's actions were also vexatious because they have delayed this case and consumed it in 69 more filings. On May 2nd, when plaintiff filed the motion, the case was at 276 filings. As of the date of this filing, the case is now at 345 filings. **EXHIBIT B.** It appears the Court has been catching on to Defendants' constant delays by denying their motion for extension and so there shouldn't be a reason for this court to sanction Defendants for their causing delay after delay.

Although the 10th Circuit doesn't require bad faith intent, plaintiff believes the actions of Mr. Hardin were deliberate, so that he could publish the information (through his client Moon) onto

Kiwi Farms because his client and his client's users are free speech absolutists, who believe they are entitled to know every detail of plaintiff's life. Even if the actions weren't of ill-intent, to excuse objectively unreasonable conduct by an attorney would be to state that one who acts with `an empty head and a pure heart' is not responsible for the consequences." *Braley v. Campbell*, 832 F.2d 1504, 1512 (10th Cir.1987) (en banc).

Plaintiff has incurred costs of putting aside limited time to answer Mr. Hardin's excessive motions. Plaintiff has been robbed of sleep by having to answer the motions of Mr. Hardin. Mr. Hardin has caused stress by contacting people connected to plaintiff for his frivolous investigations.

Plaintiff acknowledges he isn't an attorney, but there is persuasive precedent in allowing pro se litigants to seek attorney fees for the vexatious actions of opposing counsel, see: *Chemiakin v. Yefimov*, 932 F.2d 124 (2d Cir. 1991), in which the court found the appellant's appeal frivolous and awarded the pro se appellees attorney's fees under Federal Rule of Appellate Procedure ("FRAP") 38. See 932 F.2d at 125. In granting the fees, the Second Circuit found that the appellees "suffered considerable vexation" and that they were therefore entitled to the award notwithstanding the fact that they had incurred no attorney's fees. *Awarding Attorney's Fees to Pro Se Litigants Under Rule 11.* Michigan Law Review (1997).

The same should carry over to seeking damages under 28 U.S. 1927. There is no precedent in the 10th Circuit that says pro se litigants can't seek fees under *that* statute.

Plaintiff seeks $2,000 in fees for the considerable vexation he has endured.

### 3. Motion for Sanctions Under FRCP 11(b)(1)

As an alternative theory, if plaintiff can't get damages under 1927, plaintiff requests damages for the same reasons listed above, but under FRCP 11(b)(1). See *Chemiakin*, 932 F.2d at 130. Because FRCP 11(b) proscribes the very type of offensive (i.e., vexatious and frivolous) conduct found in *Chemiakin*, the Second Circuit's FRAP 38 analysis firmly supports an attorney's fees

award to a pro se party under FRCP 11. Although the Second Circuit isn't controlling, the same principle should apply here.

Sanctions will be the only way to get defendants and their attorney to stop multiplying the case load.

Respectfully submitted,

Russell Greer

/rgreer/

7-15-25

## CERTIFICATE OF SERVICE:

Pursuant to FRCP 5(b), I certify that on 7-15-25, I served a true and correct copy of the attached document by ECF to all attorneys on record.

**EXHIBIT A**





**EXHIBIT B**

orders, and notices of hearings) to parties who are not registered to receive electronic notice, as indicated under "Notice has been delivered by other means to. . .". The court will not mail NEFs and documents of party-generated filings to any party (including the filing party) even if the "Notice has been delivered by other means to. . ." states otherwise. The filing party is responsible for serving a copy of the NEF or document on parties who do not receive electronic notice.

**US District Court Electronic Case Filing System**

**District of Utah**

**Notice of Electronic Filing**

The following transaction was entered on 5/2/2025 at 10:20 AM MDT and filed on 5/2/2025

**Case Name:**       Greer v. Moon et al
**Case Number:**    2:24-cv-00421-DBB-JCB
**Filer:**                Russell G. Greer
**Document Number:** 276