**Matthew D. Hardin (*pro hac vice*)**
**HARDIN LAW OFFICE**
101 Rainbow Drive # 11506
Livingston, TX 77399
Telephone: (202) 802-1948
Email: MatthewDHardin@gmail.com
*Attorney for Defendants*
*Joshua Moon and Lolcow, LLC*

THE UNITED STATES DISTRICT COURT
DISTRICT OF UTAH

| | |
|---|---|
| RUSSELL GREER,<br><br>Plaintiff,<br><br>v.<br><br>JOSHUA MOON, *et al*.<br><br>Defendants. | **DEFENDANTS' MEMORANDUM OF LAW IN OPPOSITION TO MOTION FOR SANCTIONS**<br><br>Case No. 2:24-cv-00421-DBB<br><br>District Judge David Barlow<br>Magistrate Judge Jared C. Bennett |

NOW COME Defendants Joshua Moon and Lolcow, LLC, by and through their undersigned counsel, and file this Memorandum of Law in Opposition to Plaintiff's Motion for Sanctions. ECF No. 346. Defendants state as follows:

1. Mr. Greer has transparently sought sanctions against Defendants in the amount of $2,000 because Defendants have been awarded $1500 in sanctions against Mr. Greer, which Mr. Greer seeks to "cancel out." This is an improper purpose for a sanctions motion. Naturally, Mr. Greer's motion is very light on any evidence that Mr. Greer has actually suffered $2,000 in damages, or indeed damages in any other amount. By contrast, the costs to the Defendants arising from Mr. Greer's litigation (and litigation misconduct) continue to mount.

2. Mr. Greer seeks sanctions against Defendants precisely because undersigned counsel proved *Mr. Greer's motion* at ECF No. 276 was factually inaccurate. Undersigned counsel can only point out that it would be a miscarriage of justice if the Court were to order sanctions against *the Defendants* arising from *the Plaintiff's* decision to file materially false statements with this Court.

3. This Court cannot grant Mr. Greer any relief under Fed. R. Civ. P. 11 because Mr. Greer failed to give Defendants any advance notice whatsoever of his motion for sanctions. *Biers v. Dentons US LLP*, No. 2:22-cv-00298-HCN-JCB, 2024 U.S. Dist. LEXIS 57512, at *17 (D. Utah Mar. 28, 2024), citing *Mellott v. MSN Communications, Inc.*, 492 Fed. Appx. 887, 888 (10th Cir. 2012) and *Roth v. Green*, 466 F.3d 1179, 1191-93 (10th Cir. 2006). This is a persistent procedural error on Mr. Greer's part, as pointed out by both Defendants and the Court itself on previous occasions. See, e.g., ECF Nos 271, 265-1.  Defendants struggle to understand what good faith basis Mr. Greer could possibly have for ignoring the very clear requirements of Fed. R. Civ. P. 11 (c)(2), especially after his attention has been drawn to the precise language of the rule on numerous prior occasions.

4. Mr. Greer cites no Utah or 10th Circuit authority for the proposition that attorney's fees can ever be awarded to a *pro se* litigant who did not incur attorney's fees, even assuming *arguendo* that Mr. Greer could establish that Defendants had engaged in any sort of sanctionable misconduct. The out-of-circuit authority cited by Mr. Greer at ECF No. 346 at 4 appears to ignore the plain language of 28 U.S.C § 1927, but also involves facts far different from those in this case. Even if this Court were inclined to take Mr. Greer's request at face value, a hearing would be required as a matter of due process, to establish whether any wrongdoing was intentional, and to assess the scope

of any damages Mr. Greer claims to have suffered. See, e.g., *Charczuk v. Commissioner*, 771 F.2d 471, 476 n.4 (10th Cir. 1985) (attorney given opportunity for oral argument, which satisfied requirement for due process), *Healey v. Labgold*, No. 00-0465 (TFH/JMF), 2002 U.S. Dist. LEXIS 27894, at *11 (D.D.C. Apr. 4, 2002) (hearing required where intent for filings was at issue and not in the record), *N. Am. Foreign Trading Corp. v. Zale Corp.*, 83 F.R.D. 293, 298 (S.D.N.Y. 1979) ("the usual method [for determining what fees were incurred by an aggrieved party] is for the matter to be handled by way of affidavit" but an evidentiary hearing may be held in the alternative).

WHEREFORE, Defendants respectfully submit that sanctions are inappropriate and unwarranted, but that the Court should hold an evidentiary hearing if the Court wishes to consider Mr. Greer's motion rather than rejecting it outright.

DATED July 28, 2025

**HARDIN LAW OFFICE**

 */s/ Matthew D. Hardin*
**Matthew D. Hardin**
*Attorney for Defendants*
*Joshua Moon and Lolcow, LLC*