**Matthew D. Hardin (*pro hac vice*)**
**HARDIN LAW OFFICE**
101 Rainbow Drive # 11506
Livingston, TX 77399
Telephone: (202) 802-1948
Email: MatthewDHardin@gmail.com
*Attorney for Defendants*
*Joshua Moon and Lolcow, LLC*

THE UNITED STATES DISTRICT COURT
DISTRICT OF UTAH

| | |
|---|---|
| RUSSELL GREER,<br><br>        Plaintiff, | **MOTION TO REVOKE PLAINTIFF'S ACCESS TO ELECTRONIC FILING AND SERVICE** |
| v. | Case No. 2:24-cv-00421-DBB |
| JOSHUA MOON, *et al*.<br><br>        Defendants. | District Judge David Barlow<br>Magistrate Judge Jared C. Bennett |

NOW COME Defendants Joshua Moon and Lolcow, LLC, by and through their undersigned counsel, and file this Motion to Revoke the Plaintiff's access to electronic filing and service of documents.[1] Defendants state as follows:

1.     As Defendants stated on the record at the November 18, 2024 hearing in this matter, Mr. Greer is prone to claim that he does not receive emails. ECF No. 180 at 5:1 *et seq.*  Similarly, Defendants have recently explained to the Court that Mr. Greer

---

[1] Defendants respectfully note that the Northern District of Florida denied Mr. Greer access to electronic filing before this case was retransferred to Utah, consistent with that Court's ordinary procedures in which electronic filing is unavailable to any non-attorney. N.D. Fla. Docket at ECF No. 118 (Mr. Greer calls Florida clerks "reaaly rude and snarky" for insisting documents be sent via U.S. Mail). That Court's orders sent via U.S. Mail were returned as undeliverable, however, as Mr. Greer has continually filed inaccurate physical or mailing addresses with every court in which this matter has been pending. N.D. Fla. Docket at ECF No. 132.

"pops off at the mouth, or the pen" and files untrue and un-researched motions because it is easier for him to do so using electronic filing than it is for him to verify the statements he has (falsely) made about this Court's own records and orders. ECF No. 332, citing ECF No. 300 at 20:4-8.

2.    Mr. Greer has now confirmed and amplified Defendants' well-documented fears that the Plaintiff does not keep up with his emails, including both emails from the Court and from undersigned counsel which are necessary for purposes of managing this litigation. At ECF No. 349, Mr. Greer openly states that he "did not see" the Court's order granting Defendants' sanctions arising from Mr. Greer's litigation misconduct. *Id*. at 2. Mr. Greer's vision impairment is conveniently intermittent, because Mr. Greer states that he *did* see another order which denied a defense motion. *Id*. However, Mr. Greer confesses that he "didn't open" another email containing a status report in this matter because he assumed the contents of that email made opening and reading it unnecessary. *Id*. It thus appears Mr. Greer sees emails which he believes are helpful to his case and doesn't see or ignores emails which are unhelpful to his case.

3.    Mr. Greer posits two contradictory explanations for his email woes. First, Mr. Greer states that "[h]e gets all emails on his phone and messages have gone to spam in the past." *Id*. But Mr. Greer also indicates that he did in fact receive ten emails, including the relevant email he claims "did not see." ECF No. 349-1 at 2. The pertinent emails apparently did not go to spam; Mr. Greer simply ignored them.

4.    Defendants cannot litigate this case if Mr. Greer is permitted to continually claim that he does not receive pertinent filings. Additionally, it appears Mr. Greer is abusing the ability to use the electronic filing system to file false and un-researched motions to which the Defendants must respond. Accordingly, the Defense respectfully

submits that Mr. Greer's access to electronic filing and electronic service should be revoked.

WHEREFORE, Defendants respectfully submit that this Court should revoke Mr. Greer's access to electronic filing and service, and require the Plaintiff to file all documents in paper format as is usual for pro se litigants. Similarly, Defendants stand ready to serve Mr. Greer all documents in paper form, as soon as Mr. Greer files a valid service address with this Court. Defendants reiterate that every address Mr. Greer has filed to date has resulted in returned mail, possibly because Mr. Greer has continually filed all pleadings in this case using false or incorrect addresses at which he does not reside.

DATED July 31, 2025

**HARDIN LAW OFFICE**

*/s/ Matthew D. Hardin*
**Matthew D. Hardin**
*Attorney for Defendants*
*Joshua Moon and Lolcow, LLC*