**Matthew D. Hardin (*pro hac vice*)**
**HARDIN LAW OFFICE**
101 Rainbow Drive # 11506
Livingston, TX 77399
Telephone: (202) 802-1948
Email: MatthewDHardin@gmail.com
*Attorney for Defendants*
*Joshua Moon and Lolcow, LLC*

THE UNITED STATES DISTRICT COURT
DISTRICT OF UTAH

| | |
|---|---|
| RUSSELL GREER, | **DEFENDANTS' OPPOSITION TO MOTION AT ECF NO. 349** |
| Plaintiff, | |
| v. | Case No. 2:24-cv-00421-DBB |
| JOSHUA MOON, *et al*. | District Judge David Barlow<br>Magistrate Judge Jared C. Bennett |
| Defendants. | |

NOW COME Defendants Joshua Moon and Lolcow, LLC, by and through their undersigned counsel, and file this Opposition to Mr. Greer's Motion at ECF No. 349 Defendants state as follows:

1.   Mr. Greer states no good cause for relief from this Court's multiple orders awarding Defendants' sanctions arising from Mr. Greer's litigation misconduct.[1] Instead, Mr. Greer states only that he "did not see" one order, and ignored another filing without bothering to open it. ECF No. 349 at 2. Unsurprisingly, when Mr. Greer ignores emails from counsel and the Court, decisions are made without his participation. That is not an error in need of correction; it is a case of Mr. Greer making his bed and now lying in it.

---

[1] Notwithstanding that additional motions for sanctions are currently pending, Defendants note that this Court has only awarded sanctions once. The reason there are multiple orders, as far back as ECF No. 230, is that Mr. Greer has repeatedly defied this Court's orders rather than complying.

*Estrada v. Martin Marietta Materials*, No. 1:20-cv-00375-REB-SKC, 2020 U.S. Dist. LEXIS 253670, at *5 (D. Colo. Oct. 5, 2020) ("Having strategically made his own bed, Plaintiff must now lie in it because it is too late to remake it now….").

2. What's more, Mr. Greer has a pattern of ignoring Court orders and filings and later claiming that there is good cause to set aside those orders. In the Humboldt County District Court in Nevada, Mr. Greer recently made a remarkably similar argument to that which he is making now in this Court. Exhibit A. Specifically, Mr. Greer claimed in Nevada that he did not respond to a defensive filing in a timely manner because he only checks his mail twice a month, and even when he receives the mail he does not necessarily read it immediately because of his hectic work schedule. *Id*. Unsurprisingly, the Nevada court found no grounds to grant Mr. Greer any relief on those alleged facts. The facts here are not substantially different, and certainly are not any more favorable for Mr. Greer.

3. But it gets worse. Mr. Greer's latest motion is the latest in a series of motions that appear to be materially false. Specifically, Mr. Greer claims at ECF No. 349 at 3 that he needs an extension of time to pay awarded sanctions, and that he is financially unable to pay $1,500 by August 5, 2025.[2] As recently as May 22, 2025 (months after this Court originally awarded Defendants $1,000 in sanctions at ECF No.

---

[2] Even if true, it is at best arguable whether Mr. Greer's professed inability to pay is a defense.  Mr. Greer never raised the ability to pay as a defense before the sanctions were awarded, such that Mr. Greer's decision to raise that issue only when attempts are made to collect is curious. Moreover, the awarded sanctions did not fully compensate the defense for the costs they had incurred, in part because the Court expressly noted Mr. Greer's <u>former</u> status as an *in forma pauperis* litigant. ECF No. 230. And in any event, the ability to pay a sanction is not necessarily dispositive even if it is properly raised.  *Horen v. Bd. of Educ.*, No. 14-3849, 2016 U.S. App. LEXIS 24485, at *10 (6th Cir. Mar. 25, 2016) (the ability to pay sanctions is only one factor of many which a court must consider).

230), Mr. Greer claimed that he had over $5,000 in savings, such that even a much larger sanction would only wipe out "most" of Mr. Greer's cash on hand. ECF No. 315 at 2. It is difficult to understand why Mr. Greer had over $5,000 in May (ECF No. 315) with which he could have paid the $1,000 of sanctions this Court awarded in February (ECF No. 230), but Mr. Greer is suddenly financially unable to pay for his own misconduct[3] in July (ECF No. 349), even though several months have elapsed and he is only being asked to pay less than a third of the amount he very recently stated was on hand and available.

WHEREFORE, Defendants respectfully submit that Mr. Greer has failed to establish any good cause for relief from this Court's most recent order at ECF No. 347. The Court should therefore deny Mr. Greer's motion.

DATED July 31, 2025

**HARDIN LAW OFFICE**

 /s/ Matthew D. Hardin
**Matthew D. Hardin**
*Attorney for Defendants*
*Joshua Moon and Lolcow, LLC*

---

[3] The underlying litigation misconduct for which the Defendants were awarded sanctions took place in the fall of 2024. The show cause order which led to an award of sanctions against Mr. Greer, ECF No. 189, was issued 162 docket entries ago. The case continues to age, but Mr. Greer's recalcitrance continues.