EXHIBIT A

CASE NO. CV0023235

DEPT. NO. II

FILED 2023 MAR -8 PM 1:19
TAMI MAE SPERO
DIST. COURT CLERK

IN THE SIXTH JUDICIAL DISTRICT COURT OF THE STATE OF NEVADA
IN AND FOR THE COUNTY OF HUMBOLDT
-o0o-

RUSSELL GREER, an individual,

    Plaintiff,

vs.

LANCE GILMAN, an individual; and
GILMAN DEVELOPMENT, LLC, a Nevada
limited liability company,

    Defendants.

**ORDER DENYING PLAINTIFF'S EMERGENCY MOTION FOR EXTENSION OF TIME TO FILE OPPOSITION REPLY**

BEFORE THIS COURT is Defendant, Lance Gilman, an individual, and Gilman Development, LLC, a Nevada limited liability company, by and through their counsel of record, Courtney G. Sweet, Esq. of the GUNDERSON LAW FIRM, and their *Motion to Dismiss Complaint* filed on November 30, 2022. Said motion was served on Plaintiff, Russell Greer, in his *proper* person, via US Mail on November 28, 2022. Plaintiff failed to file a timely response pursuant to DCR 13(3).[1] This matter was submitted to the Court for decision on December 20, 2022.

---

[1] Rule 13.  Motions: Procedure for making motions; affidavits; renewal, rehearing of motions. …
3. Within 14 days after the service of the motion, the opposing party shall serve and file a written opposition thereto, together with a memorandum of points and authorities and supporting affidavits, if any, stating facts showing why the motion should be denied. Failure of the opposing party to serve and file a written opposition may be construed as an admission that the motion is meritorious and a consent to granting the same.

On December 21, 2022, Plaintiff filed an *Emergency Motion for Extension of Time to File Opposition Reply*. The Court is uncertain when this *Emergency Motion* was served on Defendants, as there is no date of service indicated on the Certificate of Service. Plaintiff's Emergency Motion for Extension of Time at 5, *Greer v. Gilman*, Case No. CV0023235 (December 21, 2022). Nevertheless, Defendants filed an *Opposition to Plaintiff's Emergency Motion for Extension of Time to File Opposition Reply* on January 9, 2023, which is timely assuming Plaintiff mailed his *Emergency Motion* on December 21, 2022, as it is so dated. *Id.* at 4; DCR 13(3); NRCP 6(d) (allowing three (3) additional days when a party may or must act within a specific time when serving by mail). Defendants served this *Opposition* on Plaintiff via US Mail on January 6, 2023. Oppositon to Plaintiff's Emergency Motion at 5, *Greer v. Gilman*, Case No. CV0023235 (January 9, 2023). Plaintiff did not file a reply as permitted by DCR 13(4). On January 5, 2023, Plaintiff filed an *Emergency Amended Motion to Extend Time* and a request to submit.

In Plaintiff's *Amended Emergency Motion*, Plaintiff admits (1) that he only checks his mail twice per month; (2) that Plaintiff checked his mail at the beginning of December and had no mail, and checked his mail again on or about December 12, 2022 to find Defendants' *Motion to Dismiss* filed on November 30, 2022; (3) that Plaintiff did not immediately read Defendants' *Motion to Dismiss* due to working sixty (60) hours per week; and (4) that Plaintiff was "confused on when he should reply since the mail was postmarked November 30" but he did not receive the *Motion to Dismiss* until December 12, 2022. Plaintiff's Amended Emergency Motion at 2-3, *Greer v. Gilman*, Case No. CV0023235 (January 5, 2023).

NRCP 6(b) allows the Court to extend time to file for good cause on motion made after the time has expired if the party failed to act because of excusable neglect. To establish excusable neglect, Plaintiff must show that (1) he acted in good faith, (2) he exercised due diligence, (3) there is a reasonable basis for not complying within the specified time, and (4) the nonmoving party will not suffer prejudice. *Mosely v. Eighth Judicial Dist. Court*, 124 Nev. 654, 667-68, 188 P.3d 1136, 1146 (2008).

Here, Plaintiff fails to show excusable neglect. Plaintiff fails to meet prongs (1) and (2) because he did not act in good faith and did not exercise due diligence. Plaintiff openly admits that he does not diligently check his mail despite ongoing litigation with specified time requirements, simply because doing so would be inconvenient. Plaintiff further admits that he did not even read Defendants' *Motion to Dismiss* after receiving it on or about December 12, 2022 because he works sixty (60) hours per week. Plaintiff also did not file his original *Emergency Motion* until December 21, 2022—approximately nine (9) days after receiving Defendants' *Motion to Dismiss*. None of these actions by Plaintiff are consistent with that of a litigant who acts in good faith and with due diligence.

Next, Plaintiff fails to meet prong (3) because he does not present a reasonable basis for not complying with the specified time to respond under DCR 13(3) and NRCP 6(d). The Nevada Supreme Court has held that "[I]n general, the rules of civil procedure 'cannot be applied differently merely because a party not learned in the law is acting pro se.' *Bonnell v. Lawrence*, 128 Nev. 394, 404, 282 P.3d 712, 718 (2012). While district courts should assist pro se litigants as much as reasonably possible, **a pro se litigant cannot use his alleged ignorance as a shield to protect him from the consequences of failing to comply with**

**basic procedural requirements.**" *Rodriguez v. Fiesta Palms, LLC*, 134 Nev. 654, 659, 428 P.3d 255, 258-59 (2018) (citing *Kahn v. Orme*, 108 Nev. 510, 515, 835 P.2d 790, 793 (1992)) (emphasis added).

The Court finds Plaintiff's argument regarding any confusion about the period of time to respond unpersuasive. Like the pro se litigant in *Rodriguez*, Plaintiff here has filed previous motions without the assistance of counsel, and is capable of filing motions on his own. *Rodriguez, supra*, at 658-59, 258-59. Plaintiff is also not a typical pro se party, as he is a paralegal,[2] often cites to pertinent statutory and case law in motion practice, and appears capable of interpreting and applying the law to this case. Ultimately, Plaintiff cannot use his alleged ignorance of DCR 13(3) and NRCP 6 to protect himself from the consequences of failing to comply with basic procedural requirements, i.e., the timely filing of motions.

Moreover, although Plaintiff was unsure of the time for filing requirements, Plaintiff provides no evidence or argument that he acted expeditiously after receiving Defendants' *Motion to Dismiss*, or that he took any action to comply with the procedural requirements in a timely manner. *See* Plaintiff's Emergency Amended Motion at 2-3, *supra* (January 5, 2023).

Instead, Plaintiff openly admits that he did not diligently check his mail despite ongoing litigation ("because traveling to the post office on the busy street isn't exactly easy, plus he has to take time out of his day to go"), and that he did not read Defendants' *Motion to Dismiss* because he had to work. *Id.* at 3-4. This behavior does not constitute *excusable*

---

[2] Plaintiff's Complaint for Damages and Injunctive Relief Per NRS 598A.210 at 2, *Greer v. Gilman*, Case No. CV0023235 (October 4, 2022).

neglect. Plaintiff only checking his mail twice per month, not having time to go to the post office, the fact that going to the post office is inconvenient, or having a demanding job are not reasonable bases for noncompliance with the seventeen (17) day filing period under DCR 13(3) and NRCP 6(d).

Plaintiff further attempts to blame his failure to comply with timing requirements on the lack of an e-filing service in this Court, and Defendants not sending the *Motion to Dismiss* to Plaintiff via email. Plaintiff's Emergency Amended Motion, *supra* at 4 (January 5, 2023). The Court finds Plaintiff's e-filing service argument baseless. The legal system has historically and adequately functioned off of physical mail, and e-filing is a luxury, not a necessity, to comply with time for filing requirements. The law even contemplates for an additional three (3) days beyond the specified time to file when serving by mail. NRCP 6(d). Considerably, Plaintiff could have consented in writing to accept service of all pleadings and other papers via other means (e.g., email) should paper mail service be an inconvenience, but Plaintiff failed to do so. NRCP 5(b)(2)(F).[3]

Based on the foregoing, Plaintiff fails to show a reasonable basis for not complying within the specified time under prong (3).

Lastly, the Court need not address prong (4)—that the nonmoving party will not suffer prejudice—of the excusable neglect analysis as Plaintiff clearly fails to meet prongs (1)-(3).

---

[3] **Rule 5.  Serving and Filing Pleadings and Other Papers**
 (b) **Service: How Made.**
  (1) **Serving an Attorney.**   If a party is represented by an attorney, service under this rule must be made on the attorney unless the court orders service on the party.
  (2) **Service in General.**   A paper is served under this rule by:
   …
   (F) delivering it by any other means that the person consented to in writing—in which event service is complete when the person making service delivers it to the agency designated to make delivery.

In conclusion, Plaintiff fails to show excusable neglect under NRCP 6(b), and Plaintiff's *Emergency Amended Motion to Extend Time* must be **DENIED**.

**IT IS SO ORDERED**.

DATED this 8th day of March, 2023.

HONORABLE MICHAEL R. MONTERO
DISTRICT JUDGE

## CERTIFICATE OF SERVICE

I hereby certify that I am an employee of the Honorable Michael R. Montero, District Court Judge, Sixth Judicial District Court and am not a party to, nor interested in, this action; and that on this __8th__ day of __March__, 2023 I caused to be served a true and correct copy of the enclosed **ORDER DENYING PLAINTIFF'S MOTION FOR EXTENSION OF TIME TO FILE OPPOSITION REPLY** upon the following parties:

Russell Greer
P.O. Box 46602
Las Vegas, NV 89114
*Via US Mail*

GUNDERSON LAW FIRM
ATTN: Courtney G. Sweet, Esq.
3895 Warren Way
Reno, NV 89509
*Via US Mail*

_____
TAYLOR M. STOKES, ESQ.
STAFF ATTORNEY
SIXTH JUDICIAL DISTRICT COURT