FILED
2025 AUG 1
CLERK
U.S. DISTRICT COURT

Russell Greer
1100 Dumont Blvd
Apt 139
Las Vegas, NV 89169
801-895-3501
russmark@gmail.com
Pro Se Litigant

# IN THE UNITED STATES DISTRICT COURT

## DISTRICT OF UTAH

| | |
|---|---|
| **RUSSELL GREER** | **PLAINTIFF'S OPPOSITIONAL RESPONSE TO ECF 350** |
| Plaintiff | |
| v. | Case No.:    2:24-cv-00421-DBB-JCB |
| **JOSHUA MOON ET AL**, | |
| Defendants | |

Plaintiff responds to ECF 350 and says the following

## I.    INTRODUCTION

In a long line of frivolous motions meant to delay resolution of this case, Defendants file a motion on 7-31-25 requesting that plaintiff lose electronic filing access.

## 2. ARGUMENT

The standard for filing restrictions for pro se litigants in the 10th Circuit is looking at whether the pro se litigant has engaged in abusive conduct. *Werner v. Utah,* 32 F.3d 1446 (10th 1994). Defendants can in no way meet the *Werner* standard,

Defendants claim that plaintiff contradicted himself and claim that he lied in his motion to amend, thus warranting a denial of e-filing, however, Defendants made a bare and broad accusation. Plaintiff clearly showed through exhibits that he had received many emails that day. Defendants didn't articulate how exactly plaintiff allegedly lied, Are defendants claiming plaintiff lied because all of the emails were "read"? If so, they are clearly misunderstanding plaintiff's motion then. Plaintiff had missed the 6-10-25 order. He had to go through his email and do the "all mail" search to find every message received in the past 90 days, whether those messages were read, archived, etc. Plaintiff looked for the 6-10-25 Order after the July 21st Order because he was very confused about there being reference to a 6-10-25 Order.

As demonstrated in that same motion, plaintiff had been inquiring about a method of ACH payment. Plaintiff was waiting on the Order before paying. Defendants never contacted plaintiff to follow up on the discussed ACH payment, thus proving plaintiff had no knowledge of the 6-10-25 order. Defendants have nothing to discredit that assertion.

Further, no filings from plaintiff have been "abusive", as defined under the *Werner* standard. Nor has plaintiff been warned about filings. He was only warned about a payment, to which again, he never saw the order. The warning never said he would lose email filing rights.

Revoking privileges because of a few missed emails would be quite extreme and there would be no 10th Circuit basis for that, as this Court seems to rely heavily on precedent.

Additionally, such revocation would be arbitrary. Defendants have been the ones engaging in overburdening this docket with abusive filings, yet this Court refuses to sanction or even admonish the attorney, who should know better. If pro se litigants are to be held to the same standards as attorneys, then what standard is this Court adhering to, because plaintiff respectfully sees an arbitrary standard, where he is the only one being punished, yet Mr. Matthew has doxxed, stalked, threatened and published sensitive information about plaintiff and those close to him, yet nothing is being done about that. The Winnemucca fishing expedition should have brought the full force of this Court on Defendants, but nothing has happened. If plaintiff loses email filing privileges, then that would indeed be arbitrary.

Lastly, losing privileges for email would be an undue burden because having to mail 10-20 pages through FedEx and the mail every time a motion or a response is required is costly and time-consuming.

Respectfully submitted,

Russell Greer

/rgreer/

8-1-25

**<u>CERTIFICATE OF SERVICE:</u>**

Pursuant to FRCP 5(b), I certify that on 8-1-25, I served a true and correct copy of the attached document by ECF to all attorneys on record.