**Matthew D. Hardin (*pro hac vice*)**
**HARDIN LAW OFFICE**
101 Rainbow Drive # 11506
Livingston, TX 77399
Telephone: (202) 802-1948
Email: MatthewDHardin@gmail.com
*Attorney for Defendants*
*Joshua Moon and Lolcow, LLC*

THE UNITED STATES DISTRICT COURT
DISTRICT OF UTAH

| | |
|---|---|
| RUSSELL GREER,<br><br>Plaintiff,<br><br>v.<br><br>JOSHUA MOON, *et al*.<br><br>Defendants. | **DEFENDANTS' REPLY IN FURTHER SUPPORT OF MOTION TO REVOKE PLAINTIFF'S ACCESS TO ELECTRONIC FILING AND SERVICE**<br><br>Case No. 2:24-cv-00421-DBB<br><br>District Judge David Barlow<br>Magistrate Judge Jared C. Bennett |

NOW COME Defendants Joshua Moon and Lolcow, LLC, by and through their undersigned counsel, and file this Reply Memorandum of Law in Further Support of their Motion to Revoke the Plaintiff's Access to Electronic Filing and Service. ECF No. 350. Defendants state as follows:

1. Mr. Greer incorrectly relies upon *Werner v. Utah*, 32 F.3d 1446 (10th Cir. 1994) for the proposition that revoking his access to the electronic filing system is a "filing restriction." ECF No. 353 at 2. The *Werner* case involved a vexatious litigant who was denied leave to file *in forma pauperis* and sought a writ of mandamus compelling the District Court to accept abusive filings. While Defendants fully expect that they will eventually seek designation of Mr. Greer as a vexatious litigant, all Defendants have presently sought is the revocation of Mr. Greer's access to the filing system via email.

This Court has expressly approved the denial of access to email filing of documents. *Webb v. Scott*, No. 1:11-cv-00128-DB-DBP, 2013 U.S. Dist. LEXIS 163104, at *1 (D. Utah Nov. 14, 2013) (ordering that "Plaintiff must submit his filings only in paper by mailing such filings to the Office of the Clerk of Court."). Because there is no Constitutional or statutory right to electronic or email filing, there is no necessary quantum of proof to restrict access to the electronic filing system.

2.  As the Humboldt County, Nevada District Court previously explained to Mr. Greer, it is not a punishment to file documents via U.S. Mail. ECF No. 351-1 at 5 ("The legal system has historically and adequately functioned off of physical mail, and e-filing is a luxury, not a necessity…"). Similarly, this Court's rules require paper filing of certain documents, proving that paper filing is routine and is not a hardship or penalty. DUCivR 5-1 (b)(1)(A)(iv) ("highly sensitive material" must be filed in paper form).

3.  Undersigned counsel routinely files documents in paper format rather than electronically in state courts where e-filing has not been adopted, and can attest that the lack of e-filing has never been viewed by counsel or his clients as a "filing restriction" on par with those imposed upon vexatious litigants. Likely the Court also recalls days of yore when electronic filing was the exception rather than the norm. Indeed, the U.S. Administrative Office of the Courts has explained that the first e-filed case was filed in the Northern District of Ohio in 1997. U.S. Courts, *25 Years Later, PACER, Electronic Filing Continue to Change Courts,* https://www.uscourts.gov/data-news/judiciary-news/2013/12/09/25-years-later-pacer-electronic-filing-continue-change-courts (December 9, 2013). This would appear to indicate that even the *Werner* case, upon which Mr. Greer so heavily relies, was a paper case, since it was decided in 1994.

4. Mr. Greer does not contradict Defendants assertion that every physical address he has filed in this matter has been inaccurate or has resulted in returned mail. ECF No. 350 at 3, cf. ECF No. 353. He also admits in his opposition that he missed a "few" emails and never saw at least one order. ECF No. 353 at 2-3. Mr. Greer offers no basis upon which this Court could conclude that he will not continue to "miss" emails and court orders going forward. It is also worth remembering that Mr. Greer was previously entirely incommunicado in this matter for an extended period of time. ECF No. 97 (noting Mr. Greer failed to respond to defense motions for a period of several months). Mr. Greer's failures to communicate are not new, but have been a persistent theme of this litigation.

5. To the extent Mr. Greer complains that undersigned counsel has "published sensitive information about plaintiff," ECF No. 353 at 3, that would militate in favor of paper filing rather than electronic filing. DUCivR 5-1 (b)(1)(A)(iv). There is no basis upon which Mr. Greer can simultaneously claim that there is highly sensitive information at issue in this case, but also that all filings should be sent and received through the least secure means available (email and the pacer system).

6. Undersigned counsel is bewildered as to why Mr. Greer believes he would necessarily need to send documents to the Court via FedEx rather than via regular U.S. Mail if electronic filing access is revoked. ECF No. 353 at 3. However, if sending documents in paper form requires Mr. Greer to reflect rather than clog this Court's docket with inadequately researched pleadings such as the recent filings at ECF Nos. 331 and 334, both of which Mr. Greer filed rather than simply reading this Court's previous orders or a transcript of a hearing, Defendants respectfully submit that such reflection will be

beneficial and may prevent Mr. Greer from facing additional sanctions motions in the future.

WHEREFORE, Defendants respectfully submit that Mr. Greer's access to email filing of documents and email service should be immediately revoked.

DATED August 3, 2025

                                  **HARDIN LAW OFFICE**

                                  */s/ Matthew D. Hardin*
                                  **Matthew D. Hardin**
                                  *Attorney for Defendants*
                                  *Joshua Moon and Lolcow, LLC*