

**From:** Matthew D. Hardin MatthewDHardin@protonmail.com
**Subject:** Re: Activity in Case 2:24-cv-00421-DBB-JCB Greer v. Moon et al Memorandum Decision
**Date:** August 15, 2025 at 9:30 AM
**To:** Matthew D. Hardin MatthewDHardin@protonmail.com
**Cc:** Russell Greer russmark@gmail.com, Joshua Moon jcmoon@pm.me

Good morning, Mr. Greer.

Exactly six months ago today, we had the below exchange in which you claimed you were owed $225.25 and we graciously agreed you could offset that amount against payment of $1,000 in sanctions. In the intervening six months, you have not paid the $1,000 in sanctions (now increased to $1,500). On August 1, 2025, you suddenly claimed without any explanation at all that we owe you $350 rather than $225.25. There appears to have been no basis at all for that increased demand other than your own greed or failure to check the pleadings and emails in this case.

I write to remind you that the Court's deadline for us to receive your payment of $1,500 is August 18. You have previously complained that if I do not remind you of your obligation to obey court orders that is somehow the Defendants' fault, so this is a friendly reminder email. We will expect timely payment.

Best,

**Matthew D. Hardin**
**Hardin Law Office**
Direct Dial: 202-802-1948
NYC Office: 212-680-4938
Email: MatthewDHardin@protonmail.com

> On Feb 15, 2025, at 8:59 PM, Matthew D. Hardin <MatthewDHardin@protonmail.com> wrote:
>
> I agree with your math. $774.75 is the net judgment, allowing you a $225.25 credit arising from the costs award.
>
> **Matthew D. Hardin**
> **Hardin Law Office**
> Direct Dial: 202-802-1948
> NYC Office: 212-680-4938
> Email: MatthewDHardin@protonmail.com
>
> ***The information contained in this message may be privileged. It is intended by the sender to be confidential. If you suspect you may not be the intended recipient, please notify the sender and delete all copies.***
>
>> On Feb 15, 2025, at 8:34 PM, Russell Greer <RussMark@gmail.com> wrote:
>>
>> Hello,
>>
>> So if the $225.25 is deducted, you want $774.75?
>>
>> And ok I will withdraw the motion
>>
>> Sent from my iPhone
>>
>>> On Feb 12, 2025, at 11:24 AM, Matthew Hardin <matthewdhardin@gmail.com> wrote:
>>>
>>> Good afternoon,
>>>
>>> In light of the below order, we request that you withdraw your motion at ECF No. 190 as moot. You may deduct $225.25 from your payment to us, as an offset. Should you fail to withdraw your motion at ECF No. 190, we will of course argue that it is moot in our response on February 28. But additionally, you will be liable for sanctions if we are forced to respond to a moot motion that you have failed to appropriately withdraw. "Plaintiff may be susceptible to sanctions for failing to withdraw the motion once it became moot." *Dorado v. Murillo*, 2024 Cal. Super. LEXIS 12966, *3 (Fe. 9, 2024).
>>>
>>> Notwithstanding your vow to "appeal the hell out of this" on February 11, 2025, we also wish to advise you that an interlocutory appeal of a civil sanction is impermissible. "Sanctions, even if issued as civil contempt orders, generally are not deemed final appealable orders under 28 U.S.C. § 1291." *Law v. NCAA*, 134 F.3d 1438, 1440 (10th Cir. 1998). *See also G.J.B. & Assocs., Inc. v. Singleton*, 913 F.2d 824, 827-29 (10th Cir. 1990) (counsel of record may not file interlocutory appeal for imposition of sanctions); *D&H Marketers, Inc. v. Freedom Oil & Gas, Inc.*, 744 F.2d 1443, 1445-46 (10th Cir. 1984) (parties may not file interlocutory appeal from imposition of sanctions); *see also Consumers Gas & Oil, Inc., v. Farmland Indus., Inc.*, 84 F.3d 367, 370 (10th Cir. 1996) (party to a pending proceeding may appeal civil contempt order only as part of appeal from final judgment). Should you attempt an

proceeding may appeal civil contempt order only as part of appeal from final judgment). Should you attempt an interlocutory appeal which the appellate court has no jurisdiction to hear, you can expect that we will seek compensation under Fed. R. App. P. 38.

Best,

**Matthew D. Hardin**
**Hardin Law Office**
Direct Dial: 202-802-1948
NYC Office: 212-680-4938
Email: MatthewDHardin@protonmail.com

> On Feb 12, 2025, at 1:04 PM, utd_enotice@utd.uscourts.gov wrote:
>
> **This is an automatic e-mail message generated by the CM/ECF system. If you need assistance, call the Help Desk at (801)524-6100. \*\*\*NOTE TO PUBLIC ACCESS USERS\*\*\* There is no charge for viewing opinions.**
>
> **US District Court Electronic Case Filing System**
>
> **District of Utah**
>
> **Notice of Electronic Filing**
>
> The following transaction was entered on 2/12/2025 at 11:04 AM MST and filed on 2/12/2025
> **Case Name:**     Greer v. Moon et al
> **Case Number:**   2:24-cv-00421-DBB-JCB
> **Filer:**
> **Document Number:** 230
>
> **Docket Text:**
> **MEMORANDUM DECISION and Order: The court ADOPTS IN PART Magistrate Judge Bennett's Order [218]. The court GRANTS IN PART and DENIES IN PART Mr. Greers Objection [221]. Mr. Greer is ORDERED to pay Defendants an award of $1,000 on or before March 13, 2025. Signed by Judge David Barlow on 02/12/2025. (kpf)**
>
> **2:24-cv-00421-DBB-JCB Notice has been electronically mailed to:**
>
> Stewart B. Harman    stewart.harman@bachhomes.com, aanderson@pckutah.com
>
> Matthew D. Hardin    matthewdhardin@gmail.com, matthewdhardin@ecf.courtdrive.com, matthewdhardin@protonmail.com
>
> Russell G. Greer    russmark@gmail.com
>
> **2:24-cv-00421-DBB-JCB Notice has been delivered by other means to:**
>
> The following document(s) are associated with this transaction:
>
> **Document description:** Main Document
> **Original filename:** n/a
> **Electronic document Stamp:**
> [STAMP dcecfStamp_ID=1060034973 [Date=2/12/2025] [FileNumber=6050790-0
> ] [2a7d4bc59f906bce91ec690b8557cbf821a9f643bc5c12884075b23562b8956e024
> 048941b873d010d500b8e4194a83ebb07f4f8ff98617f97a8e161fc3e3c0f]]