**Matthew D. Hardin (*pro hac vice*)**
**HARDIN LAW OFFICE**
101 Rainbow Drive # 11506
Livingston, TX 77399
Telephone: (202) 802-1948
Email: MatthewDHardin@gmail.com
*Attorney for Defendants*
*Joshua Moon and Lolcow, LLC*

THE UNITED STATES DISTRICT COURT
DISTRICT OF UTAH

| | |
|---|---|
| RUSSELL GREER,<br><br>Plaintiff,<br><br>v.<br><br>JOSHUA MOON, *et al*.<br><br>Defendants. | **NOTICE OF SUPPLEMENTAL AUTHORITY**<br><br>Case No. 2:24-cv-00421-DBB<br><br>District Judge David Barlow<br>Magistrate Judge Jared C. Bennett |

NOW COME Defendants, Joshua Moon and Lolcow, LLC, by and through their undersigned counsel, and file this Notice of Supplemental Authority regarding their pending Motion to Dismiss. ECF No. 274. Defendants state as follows:

1. On April 14, 2025, Defendants filed a Motion to Dismiss in this case. ECF No. 274. Approximately four months later, on August 15, 2025, a Petition for a Writ of Certiorari was filed with the United States Supreme Court in *Cox Communications, Inc. v. Sony Music Entertainment, et al.*, Case No. 24-171. That Petition was granted on June 30, 2025. The second of two questions presented in that Petition is whether liability can be imposed for contributory copyright infringement where there is a mere finding that a defendant knew *its subscribers* conduct was illegal, as opposed to a finding that a defendant knew *its own* conduct was illegal.

2. On September 22, 2025, the United States filed a motion for leave to participate in oral argument before the Supreme Court of the United States in *Cox*. Exhibit A. As the United States explained, *Cox* "concerns the circumstances under which an internet service provider may be held contributorily liable for acts of copyright infringement committed through use of its subscribers' accounts." *Id*.

3. Other briefing in the *Cox* case raises similar issues directly relevant for this claim. For example, the Electronic Freedom Foundation filed a brief in which it argued "There Is No Statutory Framework for Imposing Statutory Damages in Secondary Liability Cases Under Either the Patent or Copyright Statutes." Exhibit B at 14 *et seq* (capitalization in original).

4. Mr. Greer's amended complaint, just as his original complaint, alleges expressly that Defendants Joshua Moon and Lolcow, LLC are being sued for the acts of Kiwi Farms' subscribers or "users," rather than for their own actions. See, e.g., ECF No. 247 at ¶ 126 (alleging that a "user" named "Moseph Jartelli" committed one act of direct infringement to which Defendants allegedly contributed) and ¶ 139 (similar allegations as to a "user" named "Russtard."). Further, Mr. Greer seeks exclusively statutory damages against Mr. Moon and Lolcow, LLC in his operative complaint. ECF No. 274 at ¶¶ 166-167.

5. If the U.S. Supreme Court determines, as argued by the *Cox* petitioner and by the U.S. Solicitor General, that contributory liability does not exist as against internet service providers for conduct of "subscribers," such a ruling would likely be fatal to Mr. Greer's case. Similarly, if the U.S. Supreme Court determines that statutory damages are unavailable for contributory (versus direct) infringements, that would necessarily

mean Mr. Greer is not entitled to the only form of relief he seeks as against Mr. Moon and Lolcow, LLC in this Court.

WHEREFORE, Defendants respectfully submit that this Court should await the decision of the United States Supreme Court in *Cox* before adjudicating the pending Motion to Dismiss, ECF No. 274, as it is highly likely that the Supreme Court will offer relevant guidance for this Court's consideration.

DATED September 22, 2025

                                            **HARDIN LAW OFFICE**

                                            */s/ Matthew D. Hardin*
                                            **Matthew D. Hardin**
                                            *Attorney for Defendants*
                                            *Joshua Moon and Lolcow, LLC*