IN THE SUPREME COURT OF THE UNITED STATES

_____

No. 24-171

COX COMMUNICATIONS, INC., ET AL., PETITIONERS

v.

SONY MUSIC ENTERTAINMENT, ET AL.

_____

ON WRIT OF CERTIORARI
TO THE UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

_____

MOTION OF THE UNITED STATES FOR LEAVE TO
PARTICIPATE IN ORAL ARGUMENT AS AMICUS CURIAE
AND FOR DIVIDED ARGUMENT

_____

Pursuant to Rules 28.4 and 28.7 of the Rules of this Court, the Solicitor General, on behalf of the United States, respectfully moves for leave to participate in the oral argument in this case as amicus curiae supporting petitioners and requests that the United States be allowed ten minutes of argument time. Petitioners consent to this motion and have agreed to cede ten minutes of argument time to the United States. Accordingly, if this motion were granted, the argument time would be divided as follows: 20 minutes for petitioners, 10 minutes for the United States, and 30 minutes for respondents.

2

This case concerns the circumstances under which an internet service provider may be held contributorily liable for acts of copyright infringement committed through use of its subscribers' accounts.  The United States has a substantial interest in the effective protection of intellectual property, which represents a significant portion of the Nation's economy.  At the same time, the United States has a substantial interest in fostering technological developments and beneficial uses of digital technologies and in ensuring the broad availability of critical communications services like the internet.  At the invitation of the Court, the United States filed a brief as amicus curiae at the petition stage of this case.  At the merits stage, the United States filed a brief as amicus curiae supporting petitioners.

The United States has previously presented oral argument as amicus curiae in cases concerning the proper interpretation of the Copyright Act of 1976, 17 U.S.C. 101 et seq.  See, e.g., Warner Chappell Music, Inc. v. Nealy, 601 U.S. 366 (2024); Andy Warhol Found. for the Visual Arts, Inc. v. Goldsmith, 598 U.S. 508 (2023); Unicolors, Inc. v. H&M Hennes & Mauritz, L.P., 595 U.S. 178 (2022); Google LLC v. Oracle Am., Inc., 593 U.S. 1 (2021); Rimini Street, Inc. v. Oracle USA, Inc., 586 U.S. 334 (2019); Fourth Estate Pub. Benefit Corp. v. Wall-Street.com, LLC, 586 U.S. 296 (2019); Metro-Goldwyn-Mayer Studios Inc. v. Grokster, Ltd., 545 U.S. 913 (2005).  The United States has also presented oral argument in cases

3

concerning the scope of secondary liability under other statutes. See, e.g., Twitter, Inc. v. Taamneh, 598 U.S. 471 (2023). The United States' participation in oral argument in this case accordingly may be of material assistance to the Court.

                      Respectfully submitted.

                      D. JOHN SAUER
                        Solicitor General
                          Counsel of Record

SEPTEMBER 2025