Russell Greer
1100 Dumont Blvd
Apt 139
Las Vegas, NV 89169
801-895-3501
russmark@gmail.com
Pro Se Litigant

# IN THE UNITED STATES DISTRICT COURT

# DISTRICT OF UTAH

| | |
|---|---|
| **RUSSELL GREER**  Plaintiff  v.  **JOSHUA MOON ET AL**,  Defendants | **PLAINTIFF'S RESPONSE TO ECF 359**  Case No.:   2:24-cv-00421-DBB-JCB |

Plaintiff Russell Greer respectfully submits this response to Defendants' Notice of Supplemental Authority (ECF No. 359).

## I. Defendants Misstate the Basis of the Case

Defendants contend that Plaintiff sues only for the infringing acts of Kiwi Farms users. That is inaccurate. Plaintiff's claim is for contributory copyright infringement, which attaches where a defendant (1) knows of direct infringement and (2) causes or materially contributes to that infringement. *Greer v. Moon*, 83 F.4th 1283, 1292–96 (10th Cir. 2023) (reversing dismissal and holding Plaintiff sufficiently pleaded material contribution).

The Tenth Circuit expressly held that Plaintiff plausibly alleged Mr. Moon's conduct went beyond passively "permitting" infringement and instead constituted **material contribution and encouragement** of users' infringing acts. Id. at 1295–96. That controlling decision already rejected Defendants' framing that Mr. Moon's role was akin to a neutral intermediary. Importantly, the Supreme Court denied certiorari in *Greer v. Moon*, leaving the Tenth Circuit's decision binding and final.

## II. Cox Concerns Neutral ISPs, Not Active Operators Who Encourage Infringement

The Supreme Court's grant of certiorari in *Cox Communications v. Sony Music Entertainment* involves whether ISPs can be held liable for subscriber infringement based solely on knowledge of user activity, and whether statutory damages are available for such claims.

Unlike Cox, Mr. Moon is not a neutral ISP. He is the owner and operator of Kiwi Farms, who affirmatively refused DMCA takedown requests, mocked them, and republished Plaintiff's notices on a dedicated site section called **"*Take That Off the Goddamn Internet,*"** where he sometimes held polls on whether to comply with other take down requests. He also published

2

FAQs claiming that "non-famous" works are fair use, effectively instructing infringement. Moon also emailed Greer and taunted him with the words, "Try me." These actions were specifically identified by the Tenth Circuit as "material contribution." *Greer v. Moon*, 83 F.4th at 1295–96. Thus, regardless of how the Supreme Court resolves ISP liability in *Cox*, that decision cannot erase established Tenth Circuit precedent holding that Mr. Moon's conduct states a viable contributory infringement claim.

## III. Defendants Rely Only on a Pending Appeal, Not Binding Authority

Defendants' Notice does not cite any controlling precedent. They merely point to the Supreme Court's grant of certiorari in *Cox Communications* and attach amici filings from that case. A cert grant is not authority, and amici briefs are not law.

The only binding appellate decision here is *Greer v. Moon*, where the Tenth Circuit held that Plaintiff sufficiently alleged contributory infringement. The Supreme Court declined to review that case, leaving it intact.

Even if *Cox* ultimately narrows liability for neutral ISPs, it cannot disturb liability for active site operators who induce and cultivate infringement. Mr. Moon is not a neutral service provider; he is an operator who mocks copyright enforcement, republishes infringing material, and sustains his site through donations tied to traffic generated by infringing content. His conduct places this case within *Greer v. Moon* and *MGM v. Grokster*, not within the ISP context of *Cox*.

## IV. EFF's Policy Concerns Are Misplaced

Defendants attach amici filings warning that contributory liability could chill innovation or cut off lawful internet access. Those concerns are inapposite.

1. **Congress Already Carved Out IP.** Section 230 of the Communications Decency Act expressly excludes intellectual property from immunity. See 47 U.S.C. § 230(e)(2). Congress designed the DMCA safe harbors, 17 U.S.C. § 512, to protect neutral intermediaries who adopt and enforce repeat-infringer policies. That framework presupposes the availability of contributory liability when intermediaries cross the line.

2. **Kiwi Farms Is Not a Neutral Conduit.** The EFF brief warns about libraries, schools, and utilities. Kiwi Farms is none of these. It is a curated forum with a reputation for fostering infringement and harassment. Holding Mr. Moon accountable, does not risk cutting off innocent households from internet access; it targets an operator whose own conduct materially contributes to infringement.

## V. Policy Consequences of Eliminating Contributory Liability

Eliminating contributory liability would create a piracy free-for-all. The Supreme Court unanimously recognized this in *Grokster*, warning that inducement-based business models must remain actionable or infringement would become unstoppable. 545 U.S. at 939.

Moon's conduct mirrors *Grokster*: he republishes DMCA notices in a forum section celebrating infringement, tells users that "non-famous" works are fair use, and profits through donations tied to the availability of infringing content. Plaintiff has documented at least 300 downloads of one copyrighted work on Moon's site — direct diversion of value from Plaintiff's market.

Striking down contributory liability would immunize this kind of deliberate inducement, contrary to both *Grokster* and Congress's statutory design.

## VI. Plaintiff's Remedies Are Not Barred

Defendants argue that Plaintiff seeks "only statutory damages." Not so. Plaintiff's First Amended Complaint explicitly requests:

- Statutory damages of $300,000 each against Moon and Lolcow LLC;
- Actual and punitive damages against Doe defendants; and
- Attorneys' fees and costs under 17 U.S.C. §§ 502–505.

Even if statutory damages were limited, injunctive relief and actual damages remain available. Liability stands regardless.

## VII. Conclusion

Defendants' Notice merely points to a pending appeal and non-binding amici filings. The controlling law is *Greer v. Moon*, where the Tenth Circuit held that Plaintiff adequately alleged contributory infringement, and the Supreme Court declined to intervene. *Cox* concerns neutral ISPs, not site operators who induce infringement. This Court should reject Defendants' mischaracterization of Plaintiff's claims and proceed under the binding Tenth Circuit precedent.

Respectfully submitted,

Russell Greer

/rgreer/

9-24-25

## **CERTIFICATE OF SERVICE:**

Pursuant to FRCP 5(b), I certify that on 9-24-25, I served a true and correct copy of the attached document by ECF to all attorneys on record.