# THE UNITED STATES DISTRICT COURT

# DISTRICT OF UTAH

| | |
|---|---|
| **RUSSELL G. GREER,**<br><br>Plaintiff,<br><br>v.<br><br>**JOSHUA MOON, website owner; LOLCOW LLC, website owner; and JOHN DOES #1-2, anonymous users on Kiwi Farms,**<br><br>Defendants. | **MEMORANDUM DECISION AND ORDER**<br><br>Case No. 2:24-cv-00421-DBB-JCB<br><br>District Judge David Barlow<br><br>Magistrate Judge Jared C. Bennett |

## BACKGROUND[1]

Before the court are Defendants Joshua Moon and Lolcow LLC's (collectively, "Defendants"): (I) first motion for sanctions against pro se Plaintiff Russell G. Greer ("Mr. Greer") under Fed. R. Civ. P. 11 ("First Motion");[2] and (II) second motion for sanctions against Mr. Greer under Rule 11 ("Second Motion").[3] The relevant background for each motion is recited separately below.

---

[1] District Judge David Barlow referred this case to Magistrate Judge Jared C. Bennett under 28 U.S.C. § 636(b)(1)(B). ECF No. 67.

[2] ECF No. 234.

[3] ECF No. 337.

## I. First Motion

In compliance with Rule 11(c)(2),[4] Defendants served Mr. Greer with the First Motion on January 29, 2025, and notified Mr. Greer of Defendants' belief that he had made two materially false statements in court submissions.[5] First, Defendants took issue with a notice of supplemental authority Mr. Greer filed, in which he stated that Defendants' counsel, Matthew D. Hardin ("Mr. Hardin"), had violated the court's Standard Protective Order ("SPO") by disclosing the names and phone numbers of two witnesses Mr. Greer disclosed to Mr. Hardin.[6] Second, Defendants took issue with Mr. Greer's statement in his motion to retransfer venue that a witness, Steve Taylor ("Mr. Taylor"), was "eager" to testify on his behalf,[7] despite his later disclosure that Mr. Taylor had died several months before he made that representation.[8] Defendants provided Mr. Greer with the opportunity correct those statements within 21 days, but Mr. Greer did not do so.

Consequently, Defendants filed the First Motion on February 20, 2025, arguing that Mr. Greer's statements violate Rule 11(b), and, therefore, Mr. Greer should be sanctioned under Rule 11(c).[9] Defendants did not request specific sanctions in their motion, instead asking the court to determine "appropriate sanctions."[10] However, at a hearing on the First Motion, Defendants

---

[4] Fed. R. Civ. P. 11(c)(2) (providing that a Rule 11 motion for sanctions "must be served under [Fed. R. Civ. P.] 5, but it must not be filed or be presented to the court if the challenged paper, claim, defense, contention, or denial is withdrawn or appropriately corrected within 21 days after service or within another time the court sets").

[5] ECF No. 234-1.

[6] ECF No. 198.

[7] ECF No. 123 at 15.

[8] ECF No. 225 at 3.

[9] ECF No. 234.

[10] *Id*. at 4.

requested either "attorney's fees relating to [Mr.] Taylor and the [SPO] issue" or "terminating" sanctions.[11]

## II. Second Motion

On March 13, 2025, the court scheduled a videoconference hearing on numerous motions for May 6, 2025, at 1:00 p.m. MDT.[12] On May 2, 2025, Mr. Greer filed an "emergency" motion to continue the hearing.[13] Mr. Greer asserted that he had been informed on May 1, 2025, that he had to attend a business meeting in rural Nevada on the same date and time as the hearing scheduled before the court.[14] Mr. Greer further indicated that he had attempted to reschedule the meeting but was told that it was not possible.[15] The same day, Defendants responded to Mr. Greer's motion,[16] and the court denied the motion.[17]

Subsequently, Mr. Hardin discovered evidence indicating that Mr. Greer knew about the meeting several weeks prior to filing his motion.[18] Based upon that evidence—and evidence uncovered during Mr. Hardin's investigation into Mr. Greer's meeting—Defendants contend that Mr. Greer "manufactured the 'emergency' on May 6, 2025."[19]

---

[11] ECF No. 300 at 22:5-8, 22:17-18.

[12] ECF No. 260.

[13] ECF No. 276.

[14] *Id*. at 2.

[15] *Id*.

[16] ECF No. 277.

[17] ECF No. 278.

[18] ECF No. 337 at 4.

[19] *Id*.

Accordingly, in compliance with Rule 11(c)(2), Defendants served Mr. Greer with the Second Motion on May 19, 2025, to provide him with the opportunity to correct any of his statements.[20] After Mr. Greer failed to do so, Defendants filed the Second Motion on June 10, 2025.[21] In response, Mr. Greer asserts that the scheduling issue was merely a "goof up" on his part.[22] Given that change in stance, Defendants contend that Mr. Greer "has consistently revised his narrative since he was caught prevaricating about an 'emergency' on May 6, 2025."[23] Thus, Defendants seek "dismissal as the minimum adequate form of relief" under Rule 11(c).[24]

## LEGAL STANDARDS

In relevant part, Rule 11(b) provides:

> By presenting to the court a pleading, written motion, or other paper—whether by signing, filing, submitting, or later advocating it—an attorney or unrepresented party certifies that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances:
>
> . . .
>
> (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery . . . ."[25]

---

[20] ECF No. 337-2.

[21] ECF No. 337.

[22] ECF No. 342 at 2.

[23] ECF No. 343 at 1.

[24] ECF No. 337 at 10.

[25] Fed. R. Civ. P. 11(b)(3).

"If, after notice and a reasonable opportunity to respond, the court determines that Rule 11(b) has been violated, the court may impose an appropriate sanction on any attorney, law firm, or party that violated the rule or is responsible for the violation."[26] "[T]he central purpose of Rule 11 is to deter baseless filings in district court and . . . streamline the administration and procedure of the federal courts."[27]

The United States Court of Appeals for the Tenth Circuit has instructed district courts that "[t]he award of Rule 11 sanctions involves two steps. The district court first must find that a pleading violates Rule 11. The second step is for the district court to impose an appropriate sanction."[28] Under the first step, the court employs a standard of objective reasonableness, which is "'intended to eliminate any "empty-head pure-heart" justification for patently frivolous arguments.'"[29] Rule 11 "require[s] litigants to 'stop-and-think' before initially making legal or factual contentions."[30] For the second step, a Rule 11 sanction "must be limited to what suffices to deter repetition of the conduct or comparable conduct by others similarly situated."[31]

As for specific sanctions for a Rule 11 violation, the court may impose the extreme sanction of dismissal with prejudice, although the imposition of that sanction is "uncommon."[32] To determine whether to impose that severe sanction, the court considers the non-exhaustive list

---

[26] Fed. R. Civ. P. 11(c)(1).

[27] *Cooter & Gell v. Hartmarx Corp.*, 496 U.S. 384, 393 (1990).

[28] *Collins v. Daniels*, 916 F.3d 1302, 1319 (10th Cir. 2019) (citation modified).

[29] *Id.* at 1320 (quoting Fed. R. Civ. P. 11 advisory committee's note to 1993 amendment).

[30] Fed. R. Civ. P. 11 advisory committee's note to 1993 amendment.

[31] Fed. R. Civ. P. 11(c)(4).

[32] *King v. Fleming*, 899 F.3d 1140, 1149 & n.11 (10th Cir. 2018).

of the following five factors: (1) "the degree of actual prejudice to the defendant caused by the misconduct"; (2) "the amount of interference with the judicial process"; (3) "the culpability of the litigant"; (4) "whether the court warned the litigant in advance that dismissal of the action would be a likely sanction for noncompliance"; and (5) "the efficacy of lesser sanctions."[33]

Rule 11 also permits the court to enter the lesser sanction of "an order directing payment to the movant of part or all of the reasonable attorney's fees and other expenses directly resulting from the violation," but only if the sanction is "imposed on motion and warranted for effective deterrence."[34] "When imposing attorney's fees as a sanction under Rule 11, [the Tenth Circuit has] highlighted four factors for a district court to consider."[35] Those factors are: (1) "the reasonableness of the proposed fees"; (2) "the minimum amount required to deter misconduct"; (3) "the offender's ability to pay"; and (4) "other factors as the court sees fit, such as the offending party's history, experience, and ability; the severity of the violation; and the risk of chilling zealous advocacy."[36]

As a final matter, the court notes that pro se parties, like Mr. Greer, must comply with Rule 11's requirements and can be subject to sanctions for violating the rule.[37] However, when

---

[33] *Id*. at 1150 (citation modified).

[34] Fed. R. Civ. P. 11(c)(4).

[35] *King*, 899 F.3d at 1155.

[36] *Id*. (citation modified).

[37] *Bus. Guides, Inc. v. Chromatic Commc'ns Enters., Inc.*, 498 U.S. 533, 548 (1991) (providing that Rule 11 "speaks of attorneys and parties in a single breath and applies to them a single standard"); *Salmon v. Nutra Pharma Corp.*, 687 F. App'x 713, 719 (10th Cir. 2017) (affirming district court's imposition of Rule 11 sanctions on a pro se plaintiff); *see also* Fed. R. Civ. P. 11 advisory committee's note to 1983 amendment (providing that Rule 11 applies "to anyone who signs a pleading, motion, or other paper").

considering Rule 11 sanctions, "the court has sufficient discretion to take account of the special circumstances that often arise in pro se situations."[38]

## ANALYSIS

Based upon the following analysis, the court (I) grants the First Motion, and (II) denies the Second Motion. Each motion is addressed in turn.

### I. The Court Grants the First Motion.

Below, the court: (A) shows that Mr. Greer violated Rule 11(b) in his filings concerning Mr. Hardin's violation of the SPO and Mr. Taylor's status as a witness; and (B) imposes an appropriate sanction against Mr. Greer under Rule 11(c). Accordingly, the court grants the First Motion.

    A. <u>Rule 11(b) Violations</u>

First, Mr. Greer violated Rule 11(b) by making statements in his filings indicating that Mr. Hardin violated the SPO. In Mr. Greer's response to the First Motion, he admits that, prior to stating that Mr. Hardin violated the SPO: (1) he "never saw" the SPO; (2) he "had no idea" that the SPO required him to place a designation on the production of the names and phone numbers of the two witnesses to provide them with protection under the SPO; and (3) he "was just going off of a blanket assumption" that everything he produced was protected.[39] Despite those admissions, Mr. Greer contends that Mr. Hardin "did indeed violate the SPO" by disclosing the witnesses' names and phone numbers because Mr. Hardin knew the information was confidential

---

[38] Fed. R. Civ. P. 11 advisory committee's note to 1983 amendment (citation modified).
[39] ECF No. 249 at 2.

based upon conversations with Mr. Greer.[40] Mr. Greer further asserts that "it was [his] opinion" that Mr. Hardin violated the SPO and that Rule 11 sanctions should not be imposed for expressing an opinion.[41] Thus, through his own response, Mr. Greer demonstrates that he failed to make an objectively reasonable inquiry about his statements before including them in his filings. Further, contrary to Mr. Greer's argument, expressing an opinion or belief about a factual matter can amount to a Rule 11 violation when that opinion does not have any evidentiary support.

Second, Mr. Greer committed a Rule 11(b) violation when he represented in a filing that Mr. Taylor was "eager" to testify on his behalf.[42] By Mr. Greer's own admission, that last time he spoke with Mr. Taylor was in 2021, which is when Mr. Taylor agreed to be a witness in this case.[43] Mr. Greer further admits that he never spoke with Mr. Taylor again and "could never reach [Mr. Taylor] to reconfirm" his status as a witness.[44] Mr. Greer contends that when he made the representation that Mr. Taylor was "eager" to testify, Mr. Greer "was unaware [Mr. Taylor] had died" and "was never given any notice of [Mr. Taylor]'s death."[45] Despite those assertions, Mr. Greer fails to show that he made any inquiry—let alone an objectively reasonable one—about Mr. Taylor's status as a witness in the three years before representing to the court that Mr. Taylor was "eager" to testify.

---

[40] *Id*.

[41] *Id*. at 3.

[42] ECF No. 123 at 15.

[43] ECF No. 225 at 3.

[44] *Id*.

[45] *Id*.

B. Rule 11(c) Sanction

Having concluded that Mr. Greer violated Rule 11(b), the court must determine an appropriate sanction against Mr. Greer under Rule 11(c). As demonstrated below, the court: (1) declines to impose the severe sanction of dismissal with prejudice; and (2) instead, orders Mr. Greer to pay Defendants an award of attorney fees in an amount to be determined. Each issue is addressed in turn.

1. The Court Declines to Impose the Sanction of Dismissal with Prejudice.

As stated above, when determining whether to impose the sanction of dismissal with prejudice, the court considers the following five factors: (1) "the degree of actual prejudice to the defendant caused by the misconduct"; (2) "the amount of interference with the judicial process"; (3) "the culpability of the litigant"; (4) "whether the court warned the litigant in advance that dismissal of the action would be a likely sanction for noncompliance"; and (5) "the efficacy of lesser sanctions."[46] Based upon the following consideration of those factors, the court declines to impose that extreme sanction.

First, Defendants fail to demonstrate how Mr. Greer's relatively minor Rule 11(b) violations have significantly hindered their ability to defend this case. As for any expenses Defendants have incurred in bringing those violations to the court's attention, those expenses will be addressed through the court's award of attorney fees as a Rule 11(c) sanction.

Second, Mr. Greer's Rule 11(b) violations have not meaningfully interfered with the judicial process. Although the court has expended some time and resources to address the First Motion, Mr. Greer's violations have not significantly affected the trajectory of this case.

---

[46] *King*, 899 F.3d at 1150 (citation modified).

Third, the court acknowledges that Mr. Greer has some culpability for his Rule 11(b) violations. However, the court sees no evidence of bad faith underlying the violations.

Fourth, the court has not previously warned Mr. Greer that dismissal was a likely sanction for any Rule 11(b) violations. The lack of such a warning militates against the harsh sanction of dismissal with prejudice.

Finally, the lesser sanction of an award of attorney fees is sufficient to address Mr. Greer's Rule 11(b) violations. Dismissal is simply too harsh a remedy given the nature of those violations. Therefore, the court declines to impose the sanction of dismissal with prejudice.

    2. <u>The Court Orders Mr. Greer to Pay Defendants an Award of Attorney Fees in an Amount to Be Determined</u>.

Although dismissal with prejudice is not justified, requiring Mr. Greer to pay Defendants an award of attorney fees as a sanction under Rule 11(c) is appropriate. As indicated above, when imposing attorney fees as a sanction under Rule 11(c), the court considers the following factors: (1) "the reasonableness of the proposed fees"; (2) "the minimum amount required to deter misconduct"; (3) "the offender's ability to pay"; and (4) "other factors as the court sees fit, such as the offending party's history, experience, and ability; the severity of the violation; and the risk of chilling zealous advocacy."[47]

In the First Motion, Defendants did not ask for an amount of attorney fees, nor did they address any of those factors. Thus, the court is unable to determine the amount of the award Mr. Greer must pay without further briefing. Accordingly, the court will require Defendants to submit a brief of no more than 10 pages within 14 days after the date of this Memorandum Decision and

---

[47] *Id.* at 1155 (citation modified).

Order addressing both the appropriate amount of attorney fees and the factors identified above. Mr. Greer will then have 14 days to file a response brief of no more than 10 pages. Upon receipt of those briefs, the court will determine the amount of the attorney fee award.[48]

## II.   The Court Denies the Second Motion.

The court denies the Second Motion because Defendants fail to demonstrate that Mr. Greer violated Rule 11(b) in his "emergency" motion to continue the hearing scheduled for May 6, 2025. Importantly, neither the Second Motion nor the supporting reply memorandum identify the specific provision of Rule 11(b) that Defendants claim Mr. Greer violated. Instead, Defendants simply claim that Mr. Greer "lied" to the court when he "manufactured the 'emergency' on May 6, 2025."[49] Thus, the court is left to assume that Defendants are relying upon Rule 11(b)(3), which requires factual contentions to have evidentiary support. Contrary to Defendants' argument, Mr. Greer's motion did not violate that provision of Rule 11.

Although Defendants have seized upon Mr. Greer's use of the word "emergency," his motion uses that word only twice and does so specifically in connection with his request for court action.[50] Notably, the only factual contentions that Defendants take issue with are Mr. Greer's statements that he was informed about the meeting on May 1, 2025, the meeting was "very oddly taking place at the same time as the court hearing," and he was unsuccessful in

---

[48] Defendants' request for attorney fees must comport with Rule 11(c)(4), which permits the court to award only "*reasonable* attorney's fees . . . *directly resulting from the violation*." Fed. R. Civ. P. 11(c)(4) (emphasis added).

[49] ECF No. 337 at 4-5.

[50] ECF No. 276 at 1-2.

trying to reschedule the meeting.[51] None of those statements violate Rule 11(b)(3). First, Mr. Greer has provided some evidentiary support for the statements that he was notified about the meeting on May 1, 2025, and that his request to reschedule the meeting was unsuccessful.[52] Second, it is undisputed that Mr. Greer's meeting was taking place at the same date and time as the court hearing, despite Mr. Greer's characterization of that being "odd."

In sum, although Defendants have their own interpretation of the statements in Mr. Greer's motion based on their investigation into the details of Mr. Greer's meeting, the court cannot say that those statements violate Rule 11(b)(3). Therefore, the court denies the Second Motion.

## ORDER

For the reasons stated above, the court HEREBY ORDERS:

1. The First Motion[53] is GRANTED.

2. Mr. Greer will be required to pay Defendants' reasonable attorney fees directly resulting from his Rule 11(b) violations outlined in the First Motion. Within 14 days after the date of this Memorandum Decision and Order, Defendants must file a brief of no more than 10 pages addressing both the appropriate amount of attorney fees to be awarded and the factors for imposing attorney fees as a sanction under Rule 11(c). Within 14 days after the filing of Defendants' brief,

---

[51] *Id*. at 2.

[52] ECF No. 342 at 6-7 of 8.

[53] ECF No. 234.

    Mr. Greer must file a response brief of no more than 10 pages. Upon receipt of those briefs, the court will determine the amount of the attorney fee award.

3. The Second Motion[54] is DENIED.

IT IS SO ORDERED.

DATED this 30th day of September 2025.

           BY THE COURT:

           JARED C. BENNETT
           United States Magistrate Judge

---

[54] ECF No. 337.