# THE UNITED STATES DISTRICT COURT

# DISTRICT OF UTAH

| | |
|---|---|
| **RUSSELL G. GREER,** | **MEMORANDUM DECISION AND ORDER** |
| Plaintiff, | |
| v. | |
| | Case No. 2:24-cv-00421-DBB-JCB |
| **JOSHUA MOON,** website owner; **LOLCOW LLC,** website owner; and **JOHN DOES #1-2,** anonymous users on Kiwi Farms, | |
| | District Judge David Barlow |
| Defendants. | Magistrate Judge Jared C. Bennett |

## BACKGROUND[1]

On November 20, 2024, Defendants Joshua Moon and Lolcow LLC (collectively, "Defendants") sent to pro se Plaintiff Russell G. Greer ("Mr. Greer") their first request for production of documents, which requested documents in the records of any state, local, or federal court proceeding in which Mr. Greer had been a party.[2] In a subsequent meet-and-confer email communication about the request for production, Mr. Greer stated that he had a copy of a restraining order he filed "against Joshua Connor [Moon] in 2018 in Utah" state court ("2018 Restraining Order") and that he was "happy to provide" a copy to Defendants.[3] After Mr. Greer

---

[1] District Judge David Barlow referred this case to Magistrate Judge Jared C. Bennett under 28 U.S.C. § 636(b)(1)(B). ECF No. 67.

[2] ECF No. 219-1 at 6 of 7.

[3] ECF No. 219-9 at 1 of 3.

failed to produce the 2018 Restraining Order, Defendants filed a short form discovery motion to compel Mr. Greer to produce that document.[4] Mr. Greer did not respond to Defendants' motion.

On February 10, 2025, the court issued a Memorandum Decision and Order granting Defendants' motion because Mr. Greer failed to respond to the motion, the 2018 Restraining Order was relevant and proportional to the needs of the case under Fed. R. Civ. P. 26(b)(1), and—based upon Mr. Greer's statement that he would be "happy to provide" the 2018 Restraining Order to Defendants—it was not inconvenient, expensive, or overly burdensome for Mr. Greer to produce the document ("February 10 MDO").[5] Accordingly, the court ordered Mr. Greer to produce the 2018 Restraining Order to Defendants on or before February 24, 2025.[6]

Mr. Greer subsequently moved the court to reconsider the February 10 MDO.[7] Among other things, Mr. Greer argued that the court should reconsider its order for him to produce the 2018 Restraining Order because: (1) despite his prior representation, he did not have a copy of the document; (2) he "gave the case number and a case filing" to Defendants and then "negligently assumed" that Defendants were "going to retrieve" the document themselves; (3) he thought he complied with Defendants' request for production by "giving them the case information"; and (4) "Defendants have not shown why their counsel can't retrieve the document."[8] Defendants opposed Mr. Greer's motion.[9]

---

[4] ECF No. 219.

[5] ECF No. 227.

[6] *Id*. at 2-3.

[7] ECF No. 243.

[8] *Id*. at 5-6.

[9] ECF No. 250.

On May 6, 2025, the court held a videoconference hearing on numerous motions, including Mr. Greer's motion to reconsider.[10] Mr. Greer admitted that he had not produced the 2018 Restraining Order to Defendants,[11] but argued for the first time that the document was not relevant to this case.[12] After the court informed Mr. Greer that he had waived any argument concerning relevance by failing to respond to Defendants' motion to compel,[13] the court took Mr. Greer's motion under advisement and again ordered Mr. Greer to produce the 2018 Restraining Order to Defendants.[14] The court also indicated that if Mr. Greer did not produce the document on or before May 20, 2025, the court would consider Fed. R. Civ. P. 37(b) sanctions consisting of "case termination for failure to cooperate in discovery" and an award of attorney fees to Defendants.[15]

Mr. Greer subsequently moved for modification of the court's order, again raising the issue of relevance, in addition to requesting an order requiring Defendants to pay Mr. Greer for the cost of retrieving the 2018 Restraining Order and an extension of time to produce the document to Defendants.[16] The court granted and denied Mr. Greer's motion and ordered Mr. Greer to produce the document to Defendants on or before June 3, 2025.[17]

---

[10] ECF No. 280; ECF No. 300.

[11] ECF No. 300 at 12:6-7.

[12] *Id.* at 12:5-6.

[13] *Id.* at 12:9-13.

[14] *Id.* at 14:14-15; ECF No. 283 at 2.

[15] ECF No. 300 at 14:18-25, 15:1-2.

[16] ECF No. 294.

[17] ECF No. 296.

Undaunted, Mr. Greer again moved the court to reconsider its order to produce the 2018 Restraining Order to Defendants.[18] Mr. Greer argued that he should not be required to produce the document because, among other reasons: (1) it is "completely irrelevant" to this case; (2) it is too expensive for him to retrieve the document; and (3) the state-court clerk will not mark the document as Attorneys' Eyes Only under the court's Standard Protective Order for Mr. Greer prior to mailing it directly to Defendants.[19] Defendants opposed Mr. Greer's motion.[20]

On June 9, 2025, Defendants filed a status report indicating that they had still not received the 2018 Restraining Order from Mr. Greer.[21] Mr. Greer responded to the status report the next day, again arguing that the document was "irrelevant" and that because it was too expensive for him to retrieve the document, Defendants should be required to pay the costs associated with obtaining the document.[22]

## ANALYSIS

Before the court are Mr. Greer's motions for reconsideration of the court's order to produce the 2018 Restraining Order to Defendants[23] and the issue of potential Rule 37(b) sanctions against Mr. Greer. Based upon the following analysis, the court: (I) denies Mr. Greer's motions for reconsideration; and (II) orders Mr. Greer to show cause why he should not be subject to Rule 37(b) sanctions. Each issue is addressed in turn below.

---

[18] ECF No. 326.

[19] *Id*. at 2, 4-5.

[20] ECF No. 327.

[21] ECF No. 336.

[22] ECF No. 338.

[23] ECF No. 243; ECF No. 326.

### I. The Court Denies Mr. Greer's Motions for Reconsideration.

The court denies Mr. Greer's motions because he has not provided any basis for reconsideration and his arguments in support of his motion could have been raised in a response to Defendants' motion to compel but were not. "A motion for reconsideration is not specifically provided for in the rules of civil procedure."[24] However, it is within the court's discretion to reconsider a previous order prior to entry of final judgment.[25] Appropriate grounds for a motion to reconsider "include (1) an intervening change in the controlling law, (2) new evidence previously unavailable, and (3) the need to correct clear error or prevent manifest injustice. Thus, a motion for reconsideration is appropriate where the court has misapprehended the facts, a party's position, or the controlling law."[26] Importantly, a motion to reconsider is an

> inappropriate vehicle[] to reargue an issue previously addressed by the court when the motion merely advances new arguments[] or supporting facts which were available at the time of the original motion. Absent extraordinary circumstances, . . . the basis for the second motion must not have been available at the time the first motion was filed. . . . It is not appropriate to revisit issues already addressed or advance arguments that could have been raised in prior briefing.[27]

---

[24] *Lacefield v. Big Planet*, No. 2:06-CV-844 DB, 2008 WL 2661127, at *1 (D. Utah July 3, 2008).

[25] *Anderson v. Deere & Co.*, 852 F.2d 1244, 1246 (10th Cir. 1988).

[26] *Servants of the Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir. 2000) (citation omitted).

[27] *Id.*

"A motion to reconsider must be made upon grounds other than a mere disagreement with the court's decision and must do more than rehash a party's former arguments that were rejected by the court."[28]

Mr. Greer has not provided any basis the court to reconsider its order to produce the 2018 Restraining Order to Defendants. Mr. Greer does not argue that there has been an intervening change in controlling law, there is new evidence previously unavailable, or the need to correct clear error or prevent manifest injustice. Additionally, Mr. Greer's arguments in his motions could have been raised in a response to Defendants' motion to compel but were not. Although Mr. Greer clearly disagrees with the court's order, that is not a basis for reconsideration. Therefore, the court denies Mr. Greer's motions to reconsider.

## II. The Court Orders Mr. Greer to Show Cause Why He Should Be Subject to Rule 37(b) Sanctions.

Based upon Mr. Greer's failure to comply with court orders to produce the 2018 Restraining Order to Defendants, the court orders Mr. Greer to show cause why Rule 37(b) sanctions should not be imposed on him. Rule 37(b) governs failure to comply with a discovery order. Under Rule 37(b)(2)(A), if a party "fails to obey an order to provide or permit discovery, including an order under . . . [Rule] 37(a), the court where the action is pending may issue further just orders," including "dismissing the action or proceeding in whole or in part" and "treating as

---

[28] *SCO Grp., Inc. v. Novell, Inc.*, No. 2:04CV139DAK, 2007 WL 2746953, at *1 (D. Utah Sept. 14, 2007); *see also Lacefield*, 2008 WL 2661127, at *1 ("[A] party seeking reconsideration must show more than a disagreement with the [c]ourt's decision, and recapitulation of the cases and arguments considered by the court before rendering its original decision fails to carry the moving party's burden." (quotations and citations omitted)).

contempt of court the failure to obey" a discovery order.[29] Rule 37(b)(2)(C) provides that "[i]nstead of or in addition to" the orders delineated in Rule 37(b)(2)(A), "the court must order the disobedient party . . . to pay the reasonable expenses, including attorney's fees, caused by the failure, unless the failure was substantially justified or other circumstances make an award of expenses unjust."

As demonstrated above, Mr. Greer has failed to comply with several court orders to produce the 2018 Restraining Order to Defendants. Thus, the court orders Mr. Greer to show cause why he should not be subject to Rule 37(b) sanctions. Mr. Greer must file a response to this Memorandum Decision and Order on or before October 14, 2025. Upon receipt of that response, the court will determine whether Mr. Greer should be sanctioned under Rule 37(b) and, if so, the appropriate sanctions to impose.

## ORDER

For the reasons stated above, the court HEREBY ORDERS:

1. Mr. Greer's motions to reconsider[30] are DENIED.

2. On or before October 14, 2025, Mr. Greer must file a response to this Memorandum Decision and Order showing cause why the court should not impose Rule 37(b) sanctions upon him for his failure comply with several court orders to produce the 2018 Restraining Order to Defendants. Upon receipt of Mr. Greer's response, the court will determine whether he should be subject to Rule 37(b) sanctions and, if so, the appropriate sanctions to impose.

---

[29] Fed. R. Civ. P. 37(b)(2)(A)(v), (vii).
[30] ECF No. 243; ECF No. 326.

IT IS SO ORDERED.

DATED this 30th day of September 2025.

BY THE COURT:

JARED C. BENNETT
United States Magistrate Judge