**Matthew D. Hardin (*pro hac vice*)**
**HARDIN LAW OFFICE**
101 Rainbow Drive # 11506
Livingston, TX 77399
Telephone: (202) 802-1948
Email: MatthewDHardin@gmail.com
*Attorney for Defendants*
*Joshua Moon and Lolcow, LLC*

THE UNITED STATES DISTRICT COURT
DISTRICT OF UTAH

| | |
|---|---|
| RUSSELL GREER,<br><br>    Plaintiff,<br><br>v.<br><br><br>JOSHUA MOON, *et al*.<br><br>    Defendants. | **DECLARATION OF MATTHEW HARDIN**<br><br><br>Case No. 2:24-cv-00421-DBB<br><br><br>District Judge David Barlow<br>Magistrate Judge Jared C. Bennett |

NOW COMES Matthew Hardin, and states as follows:

1)   I am an adult and competent to testify to the matters set forth herein based on my personal knowledge. I represent Joshua Moon and Lolcow, LLC in this matter.

2)   The purpose of this Declaration is to support Defendants' contemporaneous Memorandum of Law Pursuant to ECF No. 361.

3)   I incorporate by reference here my declaration of January 17, 2025. ECF No. 228-2. As set forth in that Declaration, I bill my clients $300 per hour in this matter. Id. at ¶ 5. Also, "I have consistently endeavored in this case to economize by billing as few hours as possible while providing zealous and competent representation. I believe that all time I have invested in this case… was necessary to effectively represent my client." *Id*. at ¶ 4.

4) Arguably, some of the time I previously sought reimbursement for at ECF No. 228-2, arising from Mr. Greer's deficient initial disclosures, was also necessary as a result of Mr. Greer's refusal to disclose that Steve Taylor was deceased and would not be appearing in this matter as a witness. Nevertheless, in this Declaration I exclude all time for which I have previously sought compensation, and I do not request to be compensated for time except as specifically set forth below.

5) I spent the following time as a result of Mr. Greer's false representation that Steve Taylor was "eager" to testify:

    a. Draft & File Motion for Adverse Inference (ECF No. 224): 2.9 hours

    b. Withdraw Motion for an Adverse Inference (ECF No. 226): 0.7 hours

I did not bill my client for the above-referenced items, because in my judgment it would not be equitable to force my client to pay for a motion which I later elected to withdraw.

6) For the reasons set forth in paragraph 5 and in the accompanying Memorandum, as a result of time spent addressing Mr. Greer's false representations as to Steve Taylor and his eagerness to testify, I seek $1,080 (3.6 hours of time at $300/hr.).

7) I spent the following time as a result of Mr. Greer's false accusation that I had violated the Court's Standard Protective Order in this case:

    a. December 17, 2024 email (ECF No. 208-1): 0.1 hour

    b. December 26, 2024 email (ECF No. 208-2): 0.2 hours

    c. January 2, 2025 filing (ECF No. 208): 0.7 hours

I did not bill my client for the above-referenced items, because in my judgment it would not be equitable to force my client to pay because his attorney was accused of unethical behavior, even if those accusations were unfounded. In an effort to be conservative, I have excluded from this accounting time spent on Mr. Greer's motion for sanctions against me arising from the ostensible protective order violation, and time spent on Mr. Greer's numerous threats to have my pro hac vice status revoked or to file a bar complaint, because such actions by Mr. Greer are not specifically covered by this Court's order at ECF No. 361.

8) For the reasons set forth in paragraph 7 and in the accompanying Memorandum, as a result of time spent responding to the allegation that I violated the Court's Standard Protective Order, I seek $300 (1.0 hours of time at $300/hr.).

9) Because Mr. Greer would not withdraw his materially false statements voluntarily, I billed my clients for 0.8 hours drafting and filing the Motion for Sanctions at ECF No. 234, 2.3 hours drafting and filing the Reply Memorandum at ECF No. 252, and 1.1 hours preparing for and attending the hearing on May 6, 2025. I spent 0.3 hours on the Notice of Supplemental Authority at ECF No. 235, but I did not bill my clients for that time. My clients have paid all relevant invoices. Time spent on this briefing cannot be segregated as to time that arose from Mr. Greer's false accusations relating to the protective order versus time that arose from Mr. Greer's false statements as to Steve Taylor's eagerness to testify. The briefs addressed both issues, and I did not record time separately. However, all briefing was necessary because Mr. Greer refused to withdraw or correct his materially false statements filed with the Court and therefore unnecessarily forced the sanctions issue to be raised by Defendants and decided by the Court. The May 6, 2025 hearing addressed numerous topics, and not simply the Motion for

Sanctions. I am therefore only seeking compensation for 0.3 hours of time spent at the hearing despite that I billed 1.1 hours. For the reasons set forth in this paragraph and in the accompanying Memorandum, as a result of time spent moving for sanctions and attending the hearing on the motion for sanctions, I seek $1,110 (3.7 hours of time at $300/hr.).

10) I spent 7.1 hours drafting the accompanying Memorandum of Law and this Declaration. This is more than I would ordinarily spend on a ten-page memorandum, but it was necessary because I had to make extensive reference to the very voluminous file in this case, to cite to Mr. Greer's behavior over a length period of time and how his representations play into the factors from *King v. Fleming*, 899 F.3d 1140, 1155 (10th Cir. 2018). For the reasons set forth in this paragraph and in the accompanying Memorandum, as a result of time spent seeking my attorney's fees in this matter, I seek $2,130 (7.1 hours of time at $300/hr.). I have not yet sent my clients an invoice for work performed in October 2025, but I anticipate including this time in that my invoice when it is sent.

11) The sum of all fees I seek above is $4,620.

12) Further I say nothing.

Pursuant to 28 U.S.C. 1746, I declare under penalty of perjury that the foregoing is true and correct.

Executed on October 13, 2025.
Beaver Dam, KY

_____
**Matthew D. Hardin**