**From:** Russell Greer russmark@gmail.com
**Subject:** Re: Request for Production (Case 2:24-cv-00421-DBB-JCB)
**Date:** October 14, 2025 at 3:54 PM
**To:** Matthew Hardin matthewdhardin@gmail.com

Sir,

Please stop cc'ing people unrelated to this case in this email.

Secondly, that is false. The judge has NOT ruled on my motion to reconsider regarding your irrelevant restraining order request.

Sent from my iPhone

> On Oct 14, 2025, at 12:48 PM, Matthew Hardin <matthewdhardin@gmail.com> wrote:
>
> Good afternoon, Mr. Greer.
>
> I'm writing to follow up on the below email from December 29, 2024. It's been almost ten months since you told me you would be "happy to provide the copy of the restraining order I filed against Joshua Connor in 2018 in Utah."
>
> Despite your initial statement that you would be happy to provide this document, and multiple court orders that you should provide it, and despite the fact that the court has repeatedly told you it will not reconsider or modify its orders, I will have not received what you told me you would send last year. When can I expect you to get it to me?
>
> Thanks,
>
> **Matthew D. Hardin**
> **Hardin Law Office**
> Direct Dial: 202-802-1948
> NYC Office: 212-680-4938
> Email: MatthewDHardin@protonmail.com
>
> ***The information contained in this message may be privileged. It is intended by the sender to be confidential. If you suspect you may not be the intended recipient, please notify the sender and delete all copies.***
>
>> On Dec 29, 2024, at 1:45 PM, Russell Greer <RussMark@gmail.com> wrote:
>>
>> Matthew.
>>
>> I'm not going to keep playing these games with you regarding deficiencies or what not, when I have in good faith done everything you have wanted. You are wasting judicial resources.
>>
>> 1. You are apparently under the impression that I have every single document I have ever written in my possession. I do not. I frequently delete documents to clear up space. For instance, i do not have any of the Taylor Swift lawsuit documents. I deleted them.
>>
>> 2. The only relevant case would be trying to seek restraining orders against Joshua moon and his users, which those orders clearly state kiwi farms. I can try to provide those to you.
>>
>> 3. Regarding duplicate damages, that's a lie. I have never once sued anybody for copyright infringement. So I have never once argued copyright infringement or damages to the market in any other case.
>>
>> 4. You mean the school incident that was DISMISSED? That was a senior prank where I had anxiety issues and was being dumb? Where I moved on with my life? And then moon and his users undug everything.
>>
>> You seem like you have Me figured out. So I'm confused why you are needing all of that.
>>
>> Again, I'm happy to provide the copy of the restraining order I filed against Joshua Connor in 2018 in Utah (funny how you didn't mention that).
>>
>> I'm also getting ready to meet with the police to bring charges against Joshua Connor moon for him coordinating stalking against me. I can provide you the police report too if you want.
>>
>> So those are like the only two documents relevant to this case.
>>
>> I will tell you the same thing over a meet and confer.
>>
>> Sent from my iPhone
>>
>>> On Dec 29, 2024, at 10:18 AM, Matthew Hardin <matthewdhardin@gmail.com> wrote:
>>>
>>> Thank you for your response, but I follow up to provide a prompt written communication pursuant to Rule 37-1 and to give you an opportunity to cure your noncompliance with our discovery request. **I invite you to meet and confer with me at noon on December 30, or alternatively at 3 pm on December 30, in order to accommodate your work schedule (that way, you can participate in the video conference either during your lunch hour or immediately when you get off work). The third option would be to meet and confer at 9 am on December 31**

EXHIBIT A

your lunch hour or immediately when you get off work). The third option would be to meet and confer at 9 am on December 31.

Your discovery response is deficient for reasons including but not limited to the following:

1) Your complete history of civil and criminal litigation is relevant for many reasons. First, your complaint refers to both your history of criminal conviction(s) in Utah and to your lawsuit against Taylor Swift, thus putting the facts pertaining to such litigation in dispute. Second, on information and belief, you have repeatedly claimed the same sort of damages no matter who you are suing or under what cause of action, such that we are entitled to examine your past cases to ensure that any claim for damages in this case does not duplicate or overlap with damages claimed in another case. Third, your history of litigation is the subject of the book you claim was infringed, and is central to any claim of fair use or to your status as a public figure. Fourth, your history of litigation, including the many unsuccessful causes of action you have filed in numerous courts and the sanctions that were awarded to other attorneys (Greg Skordas) are relevant to show your lack of good faith and are the basis for our claims for fees under Fed. R. Civ. P. 54, to sanctions under Fed. R. Civ. P. 11, and to an injunction designating you a vexatious litigant.

2) There is no undue burden because you are the only person who has access to the documents in their entirety. We aren't even aware of which courts you filed all of your litigation in, and can only obtain certain information from public sources. You have repeatedly asked for litigation or filings to be sealed, such that we have no idea what we cannot see on public dockets. And because you yourself filed all of the material with courts and burdened judges with reading your filings, there cannot possibly be any impermissible burden from reproducing those same documents to us. Our search of public sources is both incomplete and very costly compared to the requirement that you produce the records which your behavior in courts generated on your own and at no cost or minimal cost.

3) The assumption that all documents are public may or may not be true. For example, your juvenile history relating to the "kill list" you prepared at your school in Wyoming is part of what makes you a public figure. It's part of why folks like to comment on your later litigation history with Taylor Swift and your behavior stalking various women, including celebrities and even a woman named Erica in Utah. But those records are not necessarily available to the public. Similarly, your many (denied) applications for protective orders in the State courts of Nevada against individuals who warn about your sexually predatory behavior have recently been revealed at least in part, but many applications for protective or restraining orders in certain states are sealed and not publicly available. Moreover, to the extent any of your victims, like Erica in Utah, may have been forced to file restraining orders against you, your behavior is also part of what makes you a public figure and what makes your book worthy of comment. Lastly, every court system has a records retention schedule, which may mean that older records are no longer available in various court files, and are only available through a Request for Production directed to you.

**I look forward to you curing your noncompliance with the discovery request, or alternatively to meeting and conferring with you on one of the three dates/times above. Please let me know which date/time you prefer.**

Best,
**Matthew D. Hardin**
**Hardin Law Office**
Direct Dial: 202-802-1948
NYC Office: 212-680-4938
Email: MatthewDHardin@protonmail.com

> On Dec 29, 2024, at 12:25 PM, Russell Greer <russmark@gmail.com> wrote:
>
> Good morning,
>
> As stated, this isn't my full time job and so if I missed your document in November and r any time since it was because of not seeing it or seeing it and forgetting to respond because it got buried with your other messages.
>
> However, i have responded.
>
> Thank you.
>
> Sent from my iPhone
>
>> On Dec 29, 2024, at 8:09 AM, Russell Greer <russmark@gmail.com> wrote:
>>
>> Hello,
>>
>> I have received this. I will file a response by 11:59 PST.
>>
>> Sent from my iPhone
>>
>>> On Dec 28, 2024, at 5:49 PM, Matthew D. Hardin <matthewdhardin@gmail.com> wrote:
>>>
>>> This is the request for production you asked me to resend.
>>>
>>> Matthew D. Hardin
>>> Hardin Law Office
>>> Direct Dial: 202-802-1948
>>> Email: MatthewDHardin@protonmail.com

---------- Forwarded message ---------
From: **Matthew Hardin** <matthewdhardin@gmail.com>
Date: Wed, Nov 20, 2024 at 12:13 PM
Subject: Request for Production (Case 2:24-cv-00421-DBB-JCB)
To: Russell Greer <russmark@gmail.com>


Good morning, Mr. Greer.

Please see attached Joshua Moon's *First Request for Production*. As indicated in the attachment, we will look forward to your response within 30 days (on or before December 20, 2024).

Best,

**Matthew D. Hardin**
**Hardin Law Office**
NYC Office: 212-680-4938
DC Office: 202-802-1948
Cell Phone: 434-202-4224
Email: MatthewDHardin@protonmail.com


<greerPRD1.pdf>
<Response to production of documents .pdf>


**Matthew D. Hardin**
**Hardin Law Office**
Direct Dial: 202-802-1948
NYC Office: 212-680-4938
Email: MatthewDHardin@protonmail.com

***The information contained in this message may be privileged. It is intended by the sender to be confidential. If you suspect you may not be the intended recipient, please notify the sender and delete all copies.***