**Matthew D. Hardin (*pro hac vice*)**
**HARDIN LAW OFFICE**
101 Rainbow Drive # 11506
Livingston, TX 77399
Telephone: (202) 802-1948
Email: MatthewDHardin@gmail.com
*Attorney for Defendants*
*Joshua Moon and Lolcow, LLC*

THE UNITED STATES DISTRICT COURT
DISTRICT OF UTAH

| | |
|---|---|
| RUSSELL GREER,<br><br>Plaintiff,<br><br>v.<br><br>JOSHUA MOON, *et al*.<br><br>Defendants. | **OPPOSITION TO "PLAINTIFF'S MOTION FOR LEAVE TO FILE LATE RESPONSE"**<br><br>Case No. 2:24-cv-00421-DBB<br><br>District Judge David Barlow<br>Magistrate Judge Jared C. Bennett |

NOW COME the Defendants, and file this Opposition to the "Plaintiff's Motion For Leave To File Late Response." ECF No. 367. Defendants state as follows:

1. Mr. Greer does not pay attention to his emails or this Court's docket. This is a pattern that has recurred repeatedly since the inception of this litigation. In the interest of brevity and the conservation of resources, Defendants highlight here only two of the most significant incidents, although Defendants note that Mr. Greer has littered the docket with motions using the phrase "excusable neglect" and these examples are by no means the only available illustrations of Mr. Greer's refusal to comply with deadlines:

    A) At ECF No. 141 (July 31, 2024), the District Judge upheld an order allowing

        Mr. Greer approximately seven additional months to respond to four defense

        motions. *Id*. at 4. Defendants argued Mr. Greer's failure to respond to court orders or defense motions indicated that Mr. Greer had abandoned his case, but the Court was unpersuaded. And Mr. Greer had not bothered to even move for an extension until after the relevant timeframe had passed, implicating Fed. R. Civ. P. 6 (b)(1)(B)'s heightened standard.

    B) After Mr. Greer failed to comply with (many) more deadlines, at ECF No. 352, the Court reminded Mr. Greer that "Plaintiff has a responsibility to read court filings. Not seeing an order and ignoring another filing does not constitute good cause." This after Mr. Greer claimed he did not pay an awarded sanction because he did not bother to read the ECF notices he received. ECF No. 341.

    2.    Mr. Greer's latest motion repeats allegations and arguments this Court recently rejected at ECF No. 352, proving that Mr. Greer has not paid any heed to this Court's admonitions. Mr. Greer again argues simply that he did not see court orders. ECF No. 367. But that appears to be part of his pattern, and not based on any technological error or service mistake. Indeed, Mr. Greer confesses he did receive all of the emailed ECF notices, and does not allege any were sent to a spam folder or otherwise blocked. *Id*. Rather than repeat themselves, Defendants will incorporate by reference the arguments and evidence cited at ECF No. 351.

    3.    It is both prejudicial and ironic that Mr. Greer insists he be served in this matter exclusively by email, even as he repeatedly tells this Court that he does not receive emails containing court orders or other court filings. ECF No. 350 (Defendants cite evidence dating back to November 2024 that Mr. Greer claims he does not receive emails), *contra*. ECF No. 353 (Mr. Greer insists email filing and service must be provided, regardless, and refuses to accept physical mail as an alternative). And Mr. Greer's "I

don't pay attention to court orders" defense is not unique to this litigation: He has also deployed it to seek untimely extensions in the state courts of Nevada. ECF No. 351-1.

4.  Mr. Greer also has the puzzling notion that it is *the Defendants'* obligation to notify *the Plaintiff* of his own obligations and deadlines. ECF No. 367 at 2. But not only is that argument legally meritless: Mr. Greer refuses to acknowledge that Defendants actually followed up with him *prior to the expiration of the Court's deadline*, rather than after it had expired. ECF No. 365. Mr. Greer was apparently simply too stubborn to check the Court's docket, and insisted the defense was wrong rather than accepting the fact that the defense might be accurately citing to a court order that numerous court participants invested precious time on and which Mr. Greer had not bothered to read or comply with. ECF No. 365-1. This too, is part of Mr. Greer's pattern.

WHEREFORE, Defendants respectfully submit that Mr. Greer's Motion should be denied, and the Court should determine that Mr. Greer has failed to timely or adequately show cause within the meaning of this Court's order at ECF No. 362.

DATED October 15, 2025

**HARDIN LAW OFFICE**
*/s/ Matthew D. Hardin*
**Matthew D. Hardin**

*Attorney for Defendants*
*Joshua Moon and Lolcow, LLC*