Russell Greer
1100 Dumont Blvd
Apt 139
Las Vegas, NV 89169
801-895-3501
russmark@gmail.com
Pro Se Litigant

IN THE UNITED STATES DISTRICT COURT

DISTRICT OF UTAH

| | |
|---|---|
| **RUSSELL GREER**<br><br>   Plaintiff<br><br>v.<br><br>**JOSHUA MOON ET AL**,<br><br>   Defendants | **PLAINTIFF'S [PROPOSED] RESPONSE TO ORDER TO SHOW CAUSE (RULE 37(B))**<br><br>Case No.:   2:24-cv-00421-DBB-JCB |

1

# INTRODUCTION

Plaintiff respectfully submits this response to the Court's September 30, 2025 Memorandum Decision and Order.

Plaintiff did not intentionally fail to comply with discovery orders regarding the 2018 restraining order. Plaintiff (1) acted in good faith and with substantial justification, (2) , (3) involved privacy concerns and (4) a sanction would be arbitrary.

## 1. Plaintiff Acted in Good Faith and With Substantial Justification

Plaintiff did not ignore the Court's order. He began the retrieval process in May 2025 and even paid for notarization to start the process of getting the document because the Third Judicial District Court Clerk required a notarized letter; however, upon learning from the Third Judicial District Court Clerk that the cost would be roughly $80 and the record would be released without protective seal, Plaintiff paused in good faith to raise cost-shifting and privacy concerns (via ECF 326], because not even this Court knew it would be $80.

Now that this Court has issued an Order on 9-30-25, Plaintiff is asking this Court to give him time to get the document.

## 2. Plaintiff Reasonably Believed the Discovery Dispute Remained Open For Clarification, Not in Defiance.

Plaintiff's motion about document costs and confidentiality were not attempts to evade compliance, but efforts to clarify how to proceed fairly. He believed, in good faith, that raising those questions paused the document delivery deadline, pending clarification. That misunderstanding was pro se procedural, not intentional defiance.

## 3. Sanctions Would be Arbitrary, Given the Unchecked Misconduct by Defendants

While Plaintiff has been sanctioned twice and faces repeated sanction threats for small or technical errors, Mr. Hardin's own conduct has drawn no sanction. Mr. Hardin has publicly disclosed what was once assured as private witnesses, conducted outside, irrelevant "investigations," CC'd people in May 2025 connected to Plaintiff and openly disparaged him and in October 2025, copied Plaintiff's relative—a non-party and previously identified witness—on discovery correspondence. That action served no legitimate legal purpose and could reasonably be viewed as intimidation.

Plaintiff remains genuinely perplexed that such conduct has not drawn any sanctions, while he has been sanctioned and faces more potential sanctions over misunderstandings.

Selective enforcement of sanctions undermines confidence in judicial neutrality. Rule 37(b)(2)(C) requires that sanctions be proportional, not punitive, and applied consistently to preserve the appearance of fairness.

**4. Plaintiff's Actions Were Substantially Justified Under Rule 37(B)(2)(C).**

A sanction is improper when the non-compliance was "substantially justified or other circumstances make an award of expenses unjust." Rule 37(B)(2)(C ). Here, Plaintiff had a rational basis for hesitation (relevance, cost, privacy). Plaintiff attempted compliance and was confused on how to proceed when the facts seemed to indicate things this Court was unaware of, hence why he filed a motion for reconsideration because this Court acted as if plaintiff could just download the document, when that has not been the case, as demonstrated. Those are precisely the circumstances Rule 37(b)(2)(C) contemplates when withholding sanctions.

**5. In The Alternative, Plaintiff Requests Additional Time To Comply.**

Plaintiff respectfully requests thirty (30) days to obtain the record. The Third Judicial District Court clerk has indicated that retrieval may take longer than thirty days due to archival

3

processing. Plaintiff will act diligently and submit the document promptly once available. Granting this brief extension would ensure compliance while avoiding unnecessary hardship.

## Conclusion

Plaintiff sincerely apologizes for any inconvenience and reaffirms his respect for the Court's authority. His conduct was substantially justified, taken in good faith, and far from the kind of willful disobedience Rule 37(b) seeks to deter.

Accordingly, Plaintiff respectfully requests that the Court:

1. Accept this response for filing outside of time
2. Find that Plaintiff's conduct was substantially justified and that no additional Rule 37(b) sanctions are warranted;
3. In the alternative, grant thirty (30) days for Plaintiff to obtain and produce the document.

Respectfully submitted,

Russell Greer

/rgreer/

10-15-25

## CERTIFICATE OF SERVICE:

Pursuant to FRCP 5(b), I certify that on 10-15-25, I served a true and correct copy of the attached document by ECF to all attorneys on record.