FILED
2025 OCT 27
CLERK
U.S. DISTRICT COURT

Russell Greer
1100 Dumont Blvd
Apt 139
Las Vegas, NV 89169
801-895-3501
russmark@gmail.com
Pro Se Litigant

# IN THE UNITED STATES DISTRICT COURT

# DISTRICT OF UTAH

| | |
|---|---|
| **RUSSELL GREER**<br><br>Plaintiff<br><br>v.<br><br>**JOSHUA MOON ET AL**,<br><br>Defendants | **PLAINTIFF'S RESPONSE TO DEFENDANTS' MEMORANDUM FOR ATTORNEY FEES (ECF 364)**<br><br>Case No.:   2:24-cv-00421-DBB-JCB |

1

# INTRODUCTION

Plaintiff comes forward now and responds to Defendants request for $4,620 in attorney's fees. The request should be denied and a minimal sanction given instead; however, as will be shown, the Court has already acknowledged that Plaintiff acted in good faith. Rule 11 authorizes fees only for expenses "directly resulting from the violation." *King v. Fleming*, 899 F.3d 1140, 1155 (10th Cir. 2018). Therefore, Defendants' request is excessive, inconsistent with the Rule's purpose, arbitrary and would impose an unconstitutional chilling effect on a pro se litigant's rights.

## II. The $4,620 Claim Far Exceeds Costs "Directly Resulting" From the Alleged Violation.

Rule 11(c)(4) permits recovery only for "reasonable attorney's fees and other expenses directly resulting from the violation." The plain text of the rule limits recovery to necessary corrective efforts—not all activity counsel may choose to perform after the fact. This has been established case law since the United States Supreme Court ruled in *Cooter & Gell v. Hartmarx Corp*, 496 U.S. 384 (1990), in which the Supreme Court held that expenses incurred while defending a sanctions award on appeal are not "directly resulting from" the original Rule 11 violation. The 10th Circuit has followed this precedent, in which it frequently reverses portions of sanction awards and has held there is no "entitlement to full compensation", e.g, White v. General Motors, 908 F. 2d 675 (10th Cir.1990). It appears that's what Defendants are seeking to do by wanting "full compensation".

Defendants' billing memorandum overreaches. As reflected in their memorandum, much of the claimed time involves activities that were *self-generated or collateral to the alleged violation*, including internal correspondence, repeated "status reports," and renewed sanctions filings that merely restated arguments already briefed. None of those tasks were *necessary* to "correct" a misstatement or address the limited issues the Court actually sanctioned.

2

Further, Defendants conflate work performed to litigate the broader case with time "directly resulting" from the two filings at issue. The Tenth Circuit has made clear that Rule 11 sanctions are not "necessarily for actual expenses." *Id.* Opposing counsel has a duty to mitigate costs by not overstaffing, overresearching or overdiscovering. Defendants have not shown that their $4,620 claim meets that test.

In reality, Defendants' counsel's *own procedural multiplication* drove these costs. The record shows repeated, overlapping sanctions motions, unsolicited declarations, and expansive briefing that far exceeded what Rule 11 contemplates. Such voluntary escalation cannot be converted into a compensable loss. See *White v. Gen. Motors Corp.*, 908 F.2d 675, 684 (10th Cir. 1990) (sanctions must be "the least severe" necessary to "deter").

Plaintiff has already paid $1,245 in prior sanctions arising from a misunderstanding over the initial disclosures. Reopening the financial penalty box for another $4,620 on top of that would not deter future conduct; it would instead function as cumulative punishment. Nothing in Rule 11 permits double recovery for matters already addressed by previous sanctions orders.

Defendants' memorandum fails under both the *text* and *purpose* of Rule 11(c)(4):

- The claimed hours include unrelated tasks not directly caused by the filings in question;
- The work was self-multiplying and excessive; and
- Plaintiff's prior compliance with monetary sanctions already achieved the rule's deterrent aim.

For these reasons, the requested $4,620 bears no reasonable or proportional relationship to the alleged violation and should be denied in full.

### III. Plaintiff's Filings Reflected Opinion and Good-Faith Belief, Not Bad Faith or Misconduct

Both filings that formed the basis of the sanctions were expressions of good-faith belief and opinion, not deliberate falsehoods.

Regarding Steve Taylor: Plaintiff truthfully believed Steve Taylor was alive at the time and simply wasn't replying due to a falling-out. Plaintiff had no knowledge of Steve's death and no reason to suspect otherwise, as he was in his 50s and was losing weight and improving his health.

As to the protective-order issue: Plaintiff's statement reflected an *opinion* — based on Mr. Hardin's own conduct — that appeared inconsistent with the Court's Standard Protective Order. Even if mistaken, that statement was made in a pleading concerning case discovery and confidentiality, and thus falls within the judicial-proceeding privilege recognized by Utah law. *Krouse v. Bower*, 20 P.3d 895, 899 (Utah 2001).

Punishing protected opinion and reasonable factual assumptions would transform Rule 11 into a draconian "gotcha" weapon, contrary to Tenth Circuit precedent emphasizing restraint. *White v. GM Corp.*, 908 F.2d 675, 684 (10th Cir. 1990).

## IV. A $4,620 Penalty Would Chill Pro Se Participation

Imposing an additional $4,620 sanction on a pro se litigant—after the Court already found no bad faith—would create a severe chilling effect on pro se litigants. *Obeslo v. Empower,* 85 F. 4th (10th Cir. 2023).("To maintain sanctions under such circumstances would chill legitimate, meritorious advocacy.") Rule 11 exists to deter abuse, not silence participation. If good-faith opinions about opposing counsel's conduct can trigger thousands in penalties, no pro se party in Utah could safely litigate without fear of financial ruin. Such selective enforcement undermines public confidence in judicial neutrality and risks discouraging self-representation entirely.

Further, a $4,620 sanction would fly in the face of 10th Circuit and Supreme Court case law that urges courts to construe pro se filings to a lesser standard than an attorney's. *Haines v. Kerner*, 404 U.S. 519 (1972). Attorneys in this Circuit have had sanctions reversed for improper

4

pleadings. *Barnard v. Utah State Bar*, 857 P.2d 917 (Utah 1993). Punishing a pro se litigant for improper arguments would be contrary to those cases.

### V. A $4,620 Sanction Would Be Arbitrary, Given Defendants' Unchecked Conduct

Plaintiff respectfully notes that throughout this litigation, Defendants and their counsel have engaged in repeated conduct that would warrant scrutiny under Rule 11 or other procedural safeguards—yet no corrective action has been taken. At the same time, Plaintiff faces a steep financial sanction for a single filing that, according to the Court, was not made in bad faith.

Mr. Hardin has filed a deluge of excessive motions, status updates recycling the same arguments, notices and sanction threats over technicalities. He has directly copied Plaintiff's father—a former, recanted witness—on legal communications for no discernible legal reason, raising serious concerns about witness intimidation. He has also made inflammatory allegations about Plaintiff's finances and character, often grounded in speculation or misrepresentations of sealed records.

Despite this pattern, not one sanction or caution has been issued against Defendants. The contrast is glaring: while Plaintiff is penalized for what amounts to an arguable misstep, defense counsel's aggressive and arguably improper tactics go unchecked. Imposing a $4,620 sanction under these circumstances would not serve justice or deterrence—it would instead reinforce a troubling appearance of one-sided accountability.

### VI. Conclusion

Plaintiff respectfully requests that the Court:

1. **Deny** Defendants' request for $4,620 in attorney's fees;
2. **Impose** a non-monetary sanction such a reprimand since Plaintiff's actions were made in good faith; and
3. **In the alternative,** reduce any sanction to a nominal, symbolic amount consistent with the Court's prior finding and Rule 11's limited deterrent purpose.

Respectfully submitted,

Russell Greer

/rgreer/

10-27-25

## **CERTIFICATE OF SERVICE:**

Pursuant to FRCP 5(b), I certify that on 10-27-25, I served a true and correct copy of the attached document by ECF to all attorneys on record.