**Matthew D. Hardin (*pro hac vice*)**
**HARDIN LAW OFFICE**
101 Rainbow Drive # 11506
Livingston, TX 77399
Telephone: (202) 802-1948
Email: MatthewDHardin@gmail.com
*Attorney for Defendants*
*Joshua Moon and Lolcow, LLC*

THE UNITED STATES DISTRICT COURT
DISTRICT OF UTAH

| | |
|---|---|
| RUSSELL GREER,<br><br>Plaintiff,<br><br>v.<br><br>JOSHUA MOON, *et al.*<br><br>Defendants. | **DEFENDANTS' OPPOSITION TO "PLAINTIFF'S MOTION FOR LEAVE TO FILE LATE RESPONSE"**<br><br>Case No. 2:24-cv-00421-DBB<br><br>District Judge David Barlow<br>Magistrate Judge Jared C. Bennett |

NOW COME Defendants, Joshua Moon and Lolcow, LLC, and file this Opposition to Mr. Greer's filing at ECF No. 369. Defendants state as follows:

1.      Mr. Greer's first sought leave to file a late response to this Court's show cause order, ECF No. 362, on October 15, 2025, after the deadline had elapsed. ECF No. 367. Defendants timely opposed. ECF No. 368. Without withdrawing that first motion, Mr. Greer then filed a second (substantively identical) motion, but with a proposed response to the show cause order attached. ECF No. 369.

2.      Insofar as Mr. Greer's second motion reiterates the arguments from his first, Defendants incorporate by reference their initial response at ECF No. 368.

3.      Insofar as Mr. Greer's second motion attached a proposed response to the court's show cause order, Defendants respectfully submit that the proposed response is

legally futile and does not demonstrate adequate cause for Mr. Greer's continued noncompliance with this Court's order from February 10, 2025. ECF No. 227. This despite that the Court expressly warned Mr. Greer what the consequences of continued noncompliance would be at the hearing in this matter on May 6, 2025. ECF No. 300 at 14:18-25, 15:1-2. Indeed, as of the date of this filing, Defendants have still yet to receive the document Mr. Greer said he would be "happy to provide" in December 2024. ECF No. 219-9. Mr. Greer admits he has made no attempts to provide that document since May, and has continually failed to respond to the defense's inquiry as to when it will be forthcoming. Exhibit A. Indeed, Mr. Greer now claims simultaneously that he does not possess the restraining order he previously admitted was relevant and that he would be "happy to provide," but also that he has somehow "reviewed" that order and come to the conclusion that it is not relevant to this case.[1] *Id*.

WHEREFORE, Defendants respectfully submit that Mr. Greer's belated motion for an extension of time should be denied because Mr. Greer has failed to show excusable neglect which would justify a retroactive extension of the deadline to respond to the show cause order. Additionally and/or alternatively, this Court should find that Mr.

---

[1] This is not the only recent instance of Mr. Greer taking two contradictory factual positions. For example, at ECF No. 371, Mr. Greer indicates that the deceased-but-still-eager-to-testify witness, Steve Taylor, was not on speaking terms with the Plaintiff because the two of them had a "falling out." But despite Mr. Taylor's decision not to communicate with Mr. Greer even in life, which apparently began at some point in 2021, ECF No. ECF No. 225 at 3, Mr. Greer still professes to have been intimately familiar with Mr. Taylor's overall state of health, weight, and ability to travel in 2024. ECF No. 371 at 4, *cf*. ECF No. 123 at 15. And Mr. Greer simultaneously concedes he did not read this Court's Standard Protective Order, but was nevertheless absolutely certain (or perhaps, just of the very firm opinion) that defense counsel somehow violated it. ECF No. 361 at 7-8.

Greer's proposed response is futile because it does not show cause why he should not be sanctioned.

DATED October 29, 2025

                                              **HARDIN LAW OFFICE**
                                              _/s/ Matthew D. Hardin_
                                              **Matthew D. Hardin**

                                              _Attorney for Defendants_
                                              _Joshua Moon and Lolcow, LLC_