THE UNITED STATES DISTRICT COURT
DISTRICT OF UTAH

| | |
|---|---|
| RUSSELL GREER,<br><br>               Plaintiff,<br><br>v.<br><br>JOSHUA MOON, website owner;<br>LOLCOW LLC, website owner; and<br>JOHN DOES #1-2, anonymous users on<br>Kiwi Farms,<br><br>               Defendants. | **MEMORANDUM DECISION AND ORDER OVERRULING [366] PLAINTIFF'S OBJECTION TO MAGISTRATE JUDGE'S MEMORANDUM DECISION AND ORDER AND FINDING [373] MOTION TO ESTABLISH BRIEFING SCHEDULE MOOT**<br><br>Case No. 2:24-cv-00421-DBB-JCB<br><br>District Judge David Barlow |

Before the court is Plaintiff Russell Greer's Objection[1] to Magistrate Judge Bennett's Memorandum Decision and Order[2] ("Order") imposing sanctions against Mr. Greer. Mr. Greer timely objected to the Order.[3]

## BACKGROUND

This case is based on claims of copyright infringement.[4] The litigation has been extraordinarily contentious and has led to several requests for sanctions. One such sanction is now at issue before the court. In February 2025, Defendants filed a motion for sanctions against Mr. Greer.[5] In it, they argued that Rule 11 sanctions against Mr. Greer were warranted for two

---

[1] Objection to Magistrate Judge's Memorandum Decision and Order ("Objection"), ECF No. 366, filed Oct. 14, 2025.
[2] Memorandum Decision and Order ("Order"), ECF No. 361, entered Sep. 30, 2025.
[3] *See* Objection.
[4] First Amended Compl. ("Compl."), ECF No. 247, filed Feb. 28, 2025.
[5] Defendants' Mot. for Sanctions ("Sanctions Mot."), ECF No. 234, filed Feb. 20, 2025.

1

"materially false statements" he made during the litigation.[6] First, Defendants pointed to a filing by Mr. Greer accusing defense counsel of violating the court's protective order,[7] though Mr. Greer later admitted he had not read and did not know the contents of the order he claimed was violated.[8] Second, Defendants referenced Mr. Greer's claim that one of his witnesses was "real" and "eager to testify" despite the witness having died prior to that filing.[9] The magistrate judge considered this and another motion for sanctions together and granted this motion while denying the other.[10] He also ordered the parties to provide briefing as to an appropriate attorney's fee award but has not yet imposed any specific amount of sanctions.[11] Mr. Greer objects to that Order, arguing that his incorrect statements were innocent errors, mere opinions, and protected by judicial privilege.[12]

## STANDARD

When reviewing an objection to a magistrate judge's non-dispositive ruling, the court will "modify or set aside any part of the order that is clearly erroneous or is contrary to law."[13] To overturn a decision as clearly erroneous, the court must be left with a "definite and firm conviction that a mistake has been committed."[14]

---

[6] *Id.* at 2.
[7] Plaintiff's Notice of Lawyer Matthew Hardin Violating the Court's Protective Order ("SPO Violation Notice"), ECF No. 198, filed Dec. 19, 2024.
[8] Mot. for Clarification of Discovery Protective Order and Copy of the Standard Protective Order ("SPO Clarification Request"), ECF No. 222, filed Jan. 27, 2025.
[9] Mot. to Retransfer Venue ("Venue Mot.") 15, ECF No. 123, filed May 20, 2024; Opp'n to Adverse Interference Mot. ("Witness Interference Opp'n") 3, ECF No. 225, filed Feb. 3, 2025.
[10] Order 12–13.
[11] *Id.*
[12] Objection 3–5.
[13] Fed. R. Civ. P. 72(a); 28 U.S.C.A. § 636(b)(1)(A).
[14] *United States v. Gypsum Co.*, 333 U.S. 364, 395 (1948); *see also Ocelot Oil Corp. v. Sparrow Indus.*, 847 F.2d 1458, 1464 (10th Cir. 1988).

## DISCUSSION

Here the court reviews the magistrate judge's ruling on Rule 11 sanctions, a non-dispositive issue.[15] Therefore, the court will only reconsider Judge Bennett's Order if it is "clearly erroneous or contrary to law."[16] It is not.

Rule 11 of the Federal Rules of Civil Procedure states that any attorney or unrepresented party who submits a motion or pleading to the court "certifies that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances" that the "factual contentions" presented have or likely will have evidentiary support.[17] Sanctions are appropriate for violations of this duty if a party is made aware of the violation and given a reasonable time to correct it yet fails to do so.[18] A sanction "must be limited to what suffices to deter repetition of the conduct or comparable conduct by others similarly situated."[19]

### I.  Alleged Protective Order Violation

The magistrate judge first found that Mr. Greer violated Rule 11(b) by making statements in his filings indicating that Mr. Hardin had violated the court's "standard protective order."[20] Mr. Greer made this accusation after Mr. Hardin filed an exhibit without redacting contact information for two of Mr. Greer's witnesses.[21] However, Mr. Greer had not marked the information as confidential or "Attorneys' Eyes Only" as required by the standard protective order.[22] He later admitted that he "never saw" the order and "had no idea" of the necessary steps

---

[15] *See* 28 U.S.C.A. § 636(b)(1)(A).
[16] *Id.*
[17] Fed. R. Civ. P. 11(b)(3).
[18] Fed. R. Civ. P. 11(c)(1–2).
[19] Fed. R. Civ. P. 11(c)(4).
[20] Order 7.
[21] SPO Violation Notice 2–3.
[22] Opp'n to Def. Mot. for Sanctions ("Sanctions Mot. Opp'n") 2, ECF 249, filed Mar. 5, 2025.

to make information confidential under the order.[23] Instead, he filed his accusation based on a "blanket assumption" that Mr. Hardin's filing violated the protective order.[24]

Under these circumstances, Judge Bennett's finding that Mr. Greer "failed to make an objectively reasonable inquiry" about his allegations before filing them as required by Rule 11 is not clearly erroneous.[25] "[T]he central purpose of Rule 11 is to deter baseless filings in district court and . . . streamline the administration and procedure of the federal courts."[26] Rule 11 "require[s] litigants to 'stop-and-think' before initially making legal or factual contentions."[27] Therefore, courts in the Tenth Circuit apply an objective standard "intended to eliminate any 'empty-head pure-heart' justification for patently frivolous arguments."[28] Here, Mr. Greer's accusation was baseless; he did not so much as read the protective order that he accused Mr. Hardin of violating. This certainly qualifies as failing to undertake a reasonable inquiry to ensure that factual contentions have support.[29]

Mr. Greer argues that his filing was an "innocent error[]" and was merely an "opinion based on observable facts."[30] This is the exact type of "empty-head, pure-heart" justification the objective test is meant to rebut. Regardless of what Mr. Greer assumed the protective order entailed, he presented a factual statement to the court without performing even the most cursory inquiry to see if it was supported. His "opinion" was also not "reasonably grounded in available

---

[23] *Id.*
[24] *Id.*
[25] Order 8.
[26] *Cooter & Gell v. Hartmarx Corp.*, 496 U.S. 384, 393 (1990).
[27] Fed. R. Civ. P. 11 advisory committee's note to 1993 amendment.
[28] *Collins v. Daniels*, 916 F.3d 1302, 1320 (10th Cir. 2019) (quoting Fed. R. Civ. P. 11 advisory committee's note to 1993 amendment).
[29] Fed. R. Civ. P. 11(b).
[30] Objection 3.

facts" as he argues.[31] The available facts, especially the substance of the protective order, clearly contradict his accusation. His statements to the court were not factually accurate and were not objectively reasonable, so they violated Rule 11(b).

Mr. Greer also argues that his statements are privileged because they were made as part of a judicial proceeding.[32] He relies on *Krouse v. Bower*, a Utah state court decision, which discusses the judicial proceedings privilege.[33] However, the privilege that Mr. Greer invokes only protects litigants from defamation suits based on their participation in judicial proceedings.[34] It has no relevance to Rule 11 motions or the requirement that litigants make objectively reasonable filings. In fact, the underlying purpose of Rule 11(c) is to make sanctions available against parties who file incorrect statements without a reasonable inquiry *in judicial proceedings*.[35]

Similarly, Mr. Greer contends that sanctions in this case are unconstitutional because they violate his First Amendment right "to petition the Government for a redress of grievances."[36] However, the Supreme Court has held that "just as false statements are not immunized by the First Amendment right to freedom of speech, baseless litigation is not immunized by the First Amendment right to petition."[37] Thus, sanctionable behavior under Rule 11 falls outside the scope of the First Amendment when it involves false statements or baseless litigation.[38] As

---

[31] *Id.*
[32] *Id.* 5.
[33] *Krouse v. Bower*, 2001 UT 28, ¶ 8, 20 P.3d 895, 898.
[34] *Id.*
[35] Fed. R. Civ. P. 11(c).
[36] U.S. Const. amend. I.
[37] *BE & K Const. Co. v. N.L.R.B.*, 536 U.S. 516, 530–31 (2002) (quoting *Bill Johnson's Restaurants, Inc. v. N.L.R.B.*, 461 U.S. 731, 743 (1983)) (cleaned up).
[38] *Id.*; Fed. R. Civ. P. 11(b).

already discussed, Mr. Greer's statement involves both, so sanctions against him are not unconstitutional.

## II. "Eager" Witness

The magistrate judge also found that Mr. Greer violated Rule 11(b) by a statement he made in a May 2024 Motion to Transfer Venue.[39] In that motion, Mr. Greer argued that he had witnesses, including a Mr. Steve Taylor, who were "eager to testify" on his behalf but that Utah would be a more convenient venue for them.[40] It was later revealed that Mr. Taylor had died several months prior to Mr. Greer's statement and that Mr. Greer had not spoken to Mr. Taylor since 2021.[41] Mr. Greer was unable to confirm that Mr. Taylor could be a witness for him,[42] but he nevertheless represented to the court that Mr. Taylor was eager to testify on his behalf.[43] Judge Bennett held that sanctions are warranted because "Mr. Greer fail[ed] to show that he made any inquiry—let alone an objectively reasonable one—about Mr. Taylor's status as a witness in the three years before representing to the court that Mr. Taylor was 'eager' to testify."

Again, this conclusion is not clearly erroneous. Mr. Greer's assertion that Mr. Taylor would testify was factually incorrect; Mr. Taylor was not even alive when it was made.[44] Furthermore, Mr. Greer did not show that he made an objectively reasonable inquiry into Mr. Taylor's availability and willingness to testify prior to submitting his statement to the court. He argues that he "had no notice of Mr. Taylor's passing" and was merely listing people who had

---

[39] Order 8.
[40] Venue Mot. 15.
[41] Witness Interference Opp'n 3.
[42] *Id.*
[43] Venue Mot. 15.
[44] Witness Interference Opp'n 3.

expressed past willingness to testify.[45] However, Rule 11 is clear that litigants and attorneys have a duty to perform "an inquiry reasonable under the circumstances" to ensure that their factual allegations have evidentiary support.[46] Because Mr. Greer had not spoken to Mr. Taylor in three years, it was unreasonable to assume that he would testify without any further confirmation or inquiry. Mr. Greer's lack of knowledge does not excuse his failure to perform a reasonable inquiry before filing untrue factual contentions with the court.

Mr. Greer also argues that the magistrate judge's failure to sanction Defendants for other behavior makes this sanction arbitrary.[47] Such other rulings are not before the court. As for this Objection, the court agrees with the magistrate judge's analysis. It was not clear error to find that Mr. Greer's statements violated Rule 11(b) and to impose sanctions as permitted by Rule 11(c).

### III. Fees

Finally, Mr. Greer contends that any sanctions should be nominal, without an award of fees.[48] Sanctions under Rule 11(c) "must be limited to what suffices to deter repetition of the conduct."[49] In the Order, Judge Bennett considered the five-factor test set forth in *King v. Fleming*[50] and determined that dismissal was not warranted based on the circumstances discussed above.[51] Instead, he decided that "the lesser sanction of an award of attorney fees is sufficient to address Mr. Greer's Rule 11(b) violations."[52] Such an award is expressly permitted by Rule

---

[45] Objection 3.
[46] Fed. R. Civ. P. 11(b).
[47] Objection 6–7.
[48] *Id.* at 9.
[49] Fed. R. Civ. P. 11(c)(4).
[50] 899 F.3d 1140, 1150 (10th Cir. 2018).
[51] Order 9–10.
[52] *Id.* at 10.

11(c).[53] Because Defendants did not request a specific amount, the magistrate judge ordered the parties to provide further briefing on an appropriate amount for sanctions.[54] In the absence of a specific award, the court cannot review the amount of fees. However, the decision to impose fees (the lesser sanction) rather than dismissal (the greater sanction) was not clearly erroneous.

In sum, Mr. Greer made false statements in court filings. He portrays those statements as innocent opinions, yet even an opinion when presented as fact must have some reasonable evidentiary basis under Rule 11.[55] And Mr. Greer's arguments that his intentions were innocent cannot shield him when, as is the case here, he failed to perform a reasonable inquiry under the circumstances.[56]

## ORDER

The court OVERRULES Plaintiff's [366] Objection to the magistrate judge's Memorandum Decision and Order. Defendant's [373] Motion to Establish a Briefing Schedule related to this objection is denied as MOOT.

Signed October 31, 2025.

BY THE COURT

_____
David Barlow
United States District Judge

---

[53] Fed. R. Civ. P. 11(c)(4).
[54] Order 12–13.
[55] Fed. R. Civ. P. 11(b).
[56] *Id.*; *Collins v. Daniels*, 916 F.3d 1302, 1320 (10th Cir. 2019) (rejecting an "empty-head, pure-heart" defense).