**Matthew D. Hardin (*pro hac vice*)**
**HARDIN LAW OFFICE**
101 Rainbow Drive # 11506
Livingston, TX 77399
Telephone: (202) 802-1948
Email: MatthewDHardin@gmail.com
*Attorney for Defendants*
*Joshua Moon and Lolcow, LLC*

THE UNITED STATES DISTRICT COURT
DISTRICT OF UTAH

| | |
|---|---|
| RUSSELL GREER, <br><br> Plaintiff, <br> v. <br><br> JOSHUA MOON, *et al*. <br><br> Defendants. | **REPLY MEMORANDUM OF LAW** <br><br> Case No. 2:24-cv-00421-DBB <br><br> District Judge David Barlow <br> Magistrate Judge Jared C. Bennett |

NOW COME Defendants, Joshua Moon and Lolcow, LLC, by and through their undersigned counsel, and file this Reply Memorandum in response to Mr. Greer's brief at ECF No. 371.

**I.     Introduction**

Mr. Greer first argues that the $4,620 documented in Defendants' Memorandum at ECF No. 364 is excessive. ECF No. 371 at 2. He then attempts to relitigate the underlying merits of any fee award at all, notwithstanding that the Court has already ruled attorney's fees are the appropriate form of relief. *Id*. at 3-4, *contra.* ECF No. 361. Mr. Greer also argues that an award of $4,620 would chill his "participation" in the case, *id*. at 4, rather than his propensity for misconduct, and that Defendants' conduct somehow militates in favor of some lesser award (despite Defendants' conduct not being the subject of any properly-filed motion before the Court). *Id*. at 5.

In all respects, Mr. Greer is wrong. But to the extent Mr. Greer confesses that even the award Defendants' requested will not deter his litigation misconduct, Mr. Greer's brief militates in favor of greater, rather than lesser, sanctions.

## II.     Standard of Review

Fed. R. Civ. P. 11 (c)(4) expressly authorizes "an order directing payment to the movant of part or all of the reasonable attorney's fees and other expenses directly resulting from the violation." Time spent preparing a Rule 11 motion is compensable. See *Case v. Unified Sch. Dist. No. 233*, 157 F.3d 1243, 1254 (10th Cir. 1998).

## III.    Argument

Mr. Greer fails to show any reason to question the defendants' accounting or to reduce their requested fees.

### a)  Mr. Greer offers no serious objection to Defendants' billing.

Mr. Greer does not take issue with undersigned counsel's hourly rate, nor does he take issue with any specific line item in the defense memorandum explaining what tasks were performed or why they were necessary. Instead, Mr. Greer attempts to argue generally, without reference to any specific expenditure, that the defense "overreaches." ECF No. 371 at 2. This objection is too general to be reviewable, but even if one attempts to take Mr. Greer's filing at face value it falls flat.

Mr. Greer states that "the record shows repeated, overlapping sanctions motions, unsolicited declarations, and expansive briefing that far exceeded what Rule 11 contemplates." *Id*. at 3. But Mr. Greer's bare statement does not grapple with the Declaration of Matthew Hardin filed at ECF No. 364-1. That declaration explains how the defendants spent each portion of time to correct one of Mr. Greer's materially false

statements. Specifically, Defendants spent 3.6 hours on an adverse inference motion related to Steve Taylor, the deceased witness, which had to be withdrawn when Mr. Greer belatedly confessed Mr. Taylor was dead. *Id*. at 2. Defendants spent 1 hour attempting to engage with Mr. Greer in correspondence (which Mr. Greer falsely claims was "internal" correspondence) relating to the ostensible violation of this Court's Special Protective Order, and then filing proof with the court in an attempt to clear undersigned counsel's name. *Id*. at 3.

For reasons known only to the Plaintiff, he refused to correct the materially false statements he filed with the court, even after being served with a formal request to withdraw them and a motion for sanctions. When Mr. Greer refused to correct his materially false statements filed with the Court, he effectively forced Defendants to file and brief the motion for sanctions which he now complains about. *Id*. at 3-4. The only declaration that was filed was necessary because the Court requested Defendants itemize their costs, and Defendants complied with a Court order and did so.[1] ECF No. 364-1. Unfortunately, Mr. Greer has not itemized his objections or even explained them with reference to that declaration.

The record does indeed reflect that Defendants have filed more than one motion for sanctions, but those motions are not "overlapping," and Mr. Greer is not being asked to compensate Defendants for any motion except the one that was granted at ECF No. 361. If anything, the record shows that Defendants have been very cautious to err on

---

[1] Presumably, if Defendants had not offered a declaration in support of their costs, Mr. Greer would be objecting that there was no proof of the amounts owed and why. Since there is such proof, Mr. Greer instead complains that the declaration was "unsolicited." ECF No. 371 at 3.

the side of excluding billing even arguably unrelated or tangential to the sanctions issue in their Declaration at ECF No. 364-1.

### b) Mr. Greer cannot relitigate the underlying decision to award attorney's fees.

In his opposition brief, Mr. Greer attempts to relitigate the decision the court made at ECF No. 361 to award attorneys fees in the first instance. ECF No. 371 at 4. But Mr. Greer has already objected to this Court's earlier order, and the District Judge has already overruled that objection. ECF No. 376. That order is final and not ripe for any sort of reconsideration or relitigation. Mr. Greer's objections in that vein must be rejected because they are untimely.

### c) If anything, Mr. Greer shows the $4,620 sanction is inadequate.

Mr. Greer says that an award of $4,620 would "chill" his "participation" in this litigation, rather than chilling his adjudicated misconduct. ECF No. 371 at 4-5. To the extent Mr. Greer again attempts to relitigate the award of Rule 11 sanctions in this section of his brief, his objections are untimely and have already been rejected by the Magistrate Judge and the District Judge. ECF No. 376 But Mr. Greer goes further. Despite that he has twice been sanctioned in this case, Mr. Greer argues that "another $4,620 on top of that would not deter future conduct." ECF No. 371 at 3. Defendants agree: Mr. Greer has demonstrated that absolutely nothing will deter him from repeated litigation misconduct, and that he is incapable of complying with the basic rules of court or unwilling to do so. That is why Defendants have sought dismissal as a sanction. Nevertheless, an award of actual compensation for the costs Defendants have incurred is a start, and is the least appropriate sanction under Rule 11, as two judges of this Court have already recognized. ECF No. 376.

**d) Defendants "unchecked conduct" is not before the court.**

Mr. Greer argues he should not pay attorney's fees arising from his Rule 11 misconduct because of Defendants "unchecked conduct." ECF No. 371 at 5. In that section of his brief, Mr. Greer appears to argue that the defense should be sanctioned. To the extent that is Mr. Greer's argument, he is welcome to file an appropriate motion. However, as the District Judge recently explained to Mr. Greer, possible sanctions against the Defendants are not presently before the court. ECF No. 476 at 7. Allegations against the Defendants have no bearing on whether Mr. Greer should be sanctioned for his own adjudicated misconduct.

## IV.     Conclusion

Defendants respectfully submit that this Court should order Mr. Greer to pay attorney's fees in the amount of $4,620. Defendants proffer that undersigned counsel spent an additional 0.8 hours on this Reply.

DATED November 4, 2025

                                        **HARDIN LAW OFFICE**

                                        */s/ Matthew D. Hardin*
                                        **Matthew D. Hardin**
                                        *Attorney for Defendants*
                                        *Joshua Moon and Lolcow, LLC*