Russell Greer
1100 Dumont Blvd
Apt 139
Las Vegas, NV 89169
801-895-3501
russmark@gmail.com
Pro Se Litigant

# IN THE UNITED STATES DISTRICT COURT

# DISTRICT OF UTAH

| | |
|---|---|
| **RUSSELL GREER**<br><br>Plaintiff<br><br>v.<br><br>**JOSHUA MOON ET AL**,<br><br>Defendants | **PLAINTIFF'S RESPONSE TO DEFENDANTS' STATUS REPORT (ECF 381)**<br><br>Case No.:   2:24-cv-00421-DBB-JCB |

1

## 1. Procedural Clarification

On October 16, 2025, Plaintiff requested thirty (30) days to obtain the 2018 restraining order referenced by Defendants. The Court has not ruled on that request. Because no order has issued granting or denying the extension, Plaintiff remains uncertain whether the compliance period has been extended. Plaintiff is therefore hesitant to expend resources to obtain the record when doing so could still result in sanctions if the Court later determines that no extension was authorized. Plaintiff respectfully seeks clarification before taking further steps, to ensure compliance and avoid unnecessary cost or duplicative effort.

## 2. Relevance and Procedural Posture

Plaintiff reminds the Court that in February 2025, he filed a motion seeking reconsideration of the discovery order compelling production of the 2018 restraining order. That motion explained that the document is unrelated to the underlying copyright claims and that any delay in response resulted from stress, confusion, and misunderstanding rather than willful defiance. Plaintiff was surprised that the Court did not reverse or modify the prior ruling given the minimal relevance of the document to the merits.

This dispute has since expanded into a sanctions issue rather than a substantive one. Meanwhile, defense counsel's conduct—including copying a relative of Plaintiff on case correspondence—has gone unrebuked.

Plaintiff further notes that he has refrained from corresponding directly with Mr. Hardin because prior communications have been met with hostility and, in several instances, later appeared on Kiwi Farms. On one occasion, Plaintiff inadvertently replied to counsel from a private email address, which was subsequently circulated to that forum after being shared by

Defendant Moon. Since then, individuals connected to that site have repeatedly contacted Plaintiff with harassing messages. In May 2025, Mr. Hardin also contacted individuals located in Nevada, who have no connection to this copyright matter, causing Plaintiff embarrassment and unnecessary reputational harm. Such conduct appears inconsistent with the standards of professional responsibility reflected in the ABA Model Rules, which discourage counsel from engaging third parties in ways that serve no substantial purpose other than to burden or embarrass.

Plaintiff has likewise grown hesitant to correspond with Mr. Hardin after counsel assailed him, merely because Plaintiff used the term "draconian" from an actual, valid case citation. That unwarranted disparagement exemplifies the hostility Plaintiff has experienced in routine communications. Especially now that discovery has closed, there is no legitimate reason for further informal email correspondence, and Plaintiff believes that all future communications should occur solely through formal court filings. Plaintiff respectfully seeks to only accept direct email correspondence in connection with potential settlement discussions or if specifically ordered by the Court.

Moreover, Defendants' counsel has not demonstrated why he, as a licensed attorney, is unable to request the record directly from the Utah state court through appropriate channels. Plaintiff previously submitted a notarized request to the clerk of court to obtain the document, as required by state procedure. Counsel has made no showing that he has attempted a similar process or that such a request would be denied if made. It is therefore unclear why Defendants continue to assert that the record is categorically unavailable to them. Plaintiff should not be sanctioned for Defendants' strategic choice to refrain from pursuing ordinary means of access that counsel himself could employ.

Plaintiff emphasizes that he made legitimate efforts to obtain the record in May 2025, including submitting a notarized request to the Utah state court clerk. When he later learned the retrieval fee would be approximately $80, he sought clarification from this Court on whether cost-shifting might apply. Given the unexpected expense, the marginal relevance of the document to the copyright claims, and the continued conduct of Defendants' counsel, Plaintiff is now evaluating whether short form appellate review may be appropriate to clarify this discovery issue and prevent further procedural entanglement. This consideration is not intended as defiance but as a good-faith effort to resolve a narrow, recurring dispute through proper legal channels.

## 3. Procedural Clarity Before Expenditure

The state court requires a payment before releasing copies of sealed records. Until the Court clarifies whether Plaintiff's request for additional time has been granted, it would be premature to expend resources obtaining a record that may still be subject to sanction regardless of production. Plaintiff is not refusing to comply but seeks procedural clarity before taking further steps

## 4. Mischaracterization of Plaintiff's Filing

Defendants' Status Report misstates Plaintiff's position by asserting that "Mr. Greer stated that he needed thirty additional days to provide the document." ECF 381 at 2. Plaintiff did not represent to the Court that he *would* obtain or produce the document within thirty days; rather, he *requested*, in the alternative, that the Court grant such time **if** extended production were granted. See ECF 369-1 at 4. Characterizing a conditional request as an affirmative representation is inaccurate and misleading.

Plaintiff was recently sanctioned for what the Court perceived as mischaracterization of opposing counsel's conduct. It would be inconsistent to allow Defendants to engage in a comparable misstatement of Plaintiff's filing without correction. Plaintiff respectfully asks the

4

Court to note this distinction and ensure the record accurately reflects the wording of his prior submission.

## CONCLUSION

Plaintiff has acted in good faith and merely seeks clarification from the Court before taking further action. For these reasons, Plaintiff respectfully requests that the Court:

1. Clarify whether Plaintiff's requested thirty-day extension remains under consideration;
2. Note that Defendants have mischaracterized Plaintiff's prior filing regarding the thirty-day timeframe; and
3. Recognize that Plaintiff has consistently acted in good faith, with substantial justification, and seeks only to resolve this procedural matter fairly and efficiently.

Respectfully submitted,

Russell Greer

/rgreer/

11-10-25

6

**CERTIFICATE OF SERVICE:**

Pursuant to FRCP 5(b), I certify that on 11-10-25, I served a true and correct copy of the attached document by ECF to all attorneys on record.