**Matthew D. Hardin (*pro hac vice*)**
**HARDIN LAW OFFICE**
101 Rainbow Drive # 11506
Livingston, TX 77399
Telephone: (202) 802-1948
Email: MatthewDHardin@gmail.com
*Attorney for Defendants*
*Joshua Moon and Lolcow, LLC*

THE UNITED STATES DISTRICT COURT
DISTRICT OF UTAH

| | |
|---|---|
| RUSSELL GREER,<br><br>Plaintiff,<br><br>v.<br><br>JOSHUA MOON, *et al*.<br><br>Defendants. | **DEFENDANTS' OPPOSITION TO MOTION TO RECONSIDER**<br><br>Case No. 2:24-cv-00421-DBB<br><br>District Judge David Barlow<br>Magistrate Judge Jared C. Bennett |

NOW COME Defendants, Joshua Moon and Lolcow, LLC, by and through their undersigned counsel, and file this Opposition to Mr. Greer's latest in a long series of motions to reconsider. ECF No. 378. Defendants state as follows:

1. Mr. Greer states that his Motion to Reconsider seeks relief under Fed. R. 60 (b)(1). ECF No. 378 at 1. But Mr. Greer has already been told, in open court, that Rule 60 is not the appropriate avenue for the relief he seeks. ECF No. 300 at 4:24-5:4. Consistent with Mr. Greer's pattern in this litigation, he has ignored this Court's express admonition. That alone is reason to deny Mr. Greer's Motion, and Defendants' response as set forth more fully below is included only for purposes of completing the record in the event this Court elects to construe Mr. Greer's Motion as if it were made under some other rule.

2. "Motions for reconsideration may only be granted based on 'an intervening change in the controlling law, the availability of new evidence, or the need to correct clear error or prevent manifest injustice.'" *Disability Law Ctr. v. Cox*, No. 2:25-cv-00307-RJS, 2025 U.S. Dist. LEXIS 224812, at *4 (D. Utah Nov. 14, 2025), citing *Brumark Corp. v. Samson Res. Corp.*, 57 F.3d 941, 948 (10th Cir. 1995). Mr. Greer's latest Motion for Reconsideration, like all the other motions for reconsideration that he has filed, fails to clear any of these hurdles.

    A) Mr. Greer does not argue that there has been any "intervening change in the controlling law." Nor are Defendants aware of any relevant change.

    B) Mr. Greer does not cite newly-available evidence. Instead, he relies entirely on evidence that was available to the court prior to entering the order for which Mr. Greer seeks reconsideration (entered on the docket November 3, 2025). ECF No. 378 at 2-3.

    C) Mr. Greer does not explain how this Court has committed a "clear error" or how the court's ruling is a "manifest injustice." Instead, Mr. Greer simply regurgitates arguments he previously made before the Magistrate Judge, ECF No. 288, and to the District Judge. ECF No. 366.

3. Leaving aside that all arguments Mr. Greer makes in his latest in a long series of motions for reconsideration could have been said earlier (and indeed, were raised in previous filings), Mr. Greer's factual statements in the motion for reconsideration are simply wrong.

    A) At ECF No. 378 at 2-3, Mr. Greer argues that he did read the standard protective order that he accused undersigned counsel of violating, despite that Mr. Greer previously admitted he had not read it and the court previously found that he had not

read it. ECF No. 376 at 3-6, citing ECF No. 249. Mr. Greer is mis-stating the record on that point. Mr. Greer now claims that he had actually read two separate versions of the standard protective order he wrongfully accused undersigned counsel of violating. ECF No. 378 at 2-3, citing ECF No. 263. But the pleading Mr. Greer cites in support of that erroneous proposition was filed on March 28, 2025. *Id*. The underlying Motion for Sanctions was served three months earlier, ECF No. 234-1, and relates to Mr. Greer's open admission that he had not read the order he accused undersigned counsel of violating *at the time Mr. Greer made his relevant accusation*. ECF No. 249 (Plaintiff says he "never saw" the order" he accused the defense of violating), see also ECF No. 252 at 2. Plaintiff apparently read the relevant standard protective order only *after a motion for sanctions was filed* in which it was pointed out that Mr. Greer had accused counsel of violating an order that Mr. Greer had not bothered to read. And even then, Mr. Greer declined to withdraw his materially false statement of fact, and forced the court to adjudicate the motion for sanctions.

B) Mr. Greer inaccurately states that his "Steve Comment" was not sanctionable. ECF No. 378 at 3. On this point, Mr. Greer relies upon a Delaware case, in which a deponent and three separate corporate offices had confirmed to an attorney that a witness was dead, but it was later revealed that the witness was alive. *L-3 Communications Corp. v. Sony Corp.*, Civil Action No. 10-734-RGA, 2013 U.S. Dist. LEXIS 152106, at *2 (D. Del. Oct. 23, 2013). Mr. Greer somehow analogizes that fact pattern to this case, in which Mr. Greer made no efforts at all to inquire into the whereabouts and availability of Steve Taylor before telling the Court that Mr. Taylor was "eager" to testify – but only in Utah. ECF No. 123 at 15.  But Mr. Greer's citation only underscores how truly egregious Mr. Greer's conduct was in this case. While the

attorneys in *L-3 Communications* had made efforts to verify whether a witness was available by asking about him in a deposition and separately confirming the information with three separate corporate offices, Mr. Greer admits he made no efforts at all to verify the statements he made about Steve Taylor were true. ECF No. 376 at 6. Indeed, the sanctions order is not based upon Mr. Greer's statements about Mr. Taylor being untrue, it is based entirely upon Mr. Greer's failure to make a reasonable investigation before making such statements in the first place. *Id*.

WHEREFORE, Defendants respectfully request that Mr. Greer's Motion for Reconsideration be denied. Alternatively, Defendants request that a hearing be held, at which they can address more fully Mr. Greer's purported "evidence" that this Court made a manifest or clear error in its ruling, including by way of a thorough and searching cross-examination of Mr. Greer.

DATED November 17, 2025

**HARDIN LAW OFFICE**

 /s/ Matthew D. Hardin
**Matthew D. Hardin**
*Attorney for Defendants*
*Joshua Moon and Lolcow, LLC*