UNITED STATES DISTRICT COURT
DISTRICT OF UTAH

| | |
|---|---|
| RUSSELL GREER,<br><br>                 Plaintiff,<br><br>v.<br><br>JOSHUA MOON, website owner; LOLCOW LLC, website owner; and JOHN DOES #1-2, anonymous users on Kiwi Farms,<br><br>                 Defendants. | **MEMORANDUM DECISION AND ORDER DENYING [378] PLAINTIFF'S MOTION TO RECONSIDER**<br><br>Case No. 2:24-cv-00421-DBB-JCB<br><br>District Judge David Barlow |

Before the court is Plaintiff Russell Greer's Motion to Reconsider the court's order overruling Mr. Greer's objection to a magistrate judge decision and upholding sanctions against Mr. Greer.[1]

## BACKGROUND

On September 30, 2025, the magistrate judge entered an order that, in part, granted Rule 11(b) sanctions against Mr. Greer.[2] The magistrate judge found that such sanctions were appropriate because (1) Mr. Greer falsely stated to the court that defense counsel had violated the court's standard protective order[3] and (2) Mr. Greer falsely informed the court that a certain witness was "eager" to testify on his behalf even though the witness had been dead for several

---

[1] Motion to Reconsider, ECF No. 378, filed Nov. 3, 2025.
[2] Memorandum Decision and Order ("Sanctions Order"), ECF No. 361, entered Sep. 30, 2025.
[3] *See* Plaintiff's Notice of Lawyer Matthew Hardin Violating the Court's Protective Order ("SPO Violation Notice"), ECF No. 198, filed Dec 19, 2024.

1

months.[4] The magistrate judge explained that Mr. Greer took no reasonable actions to verify or investigate his statements before submitting them to the court; Mr. Greer even admitted that he had not read the protective order prior to making his accusation.[5] Mr. Greer then filed an objection to the magistrate judge's sanctions order.[6] This court agreed with the magistrate judge's ruling and, finding no error, overruled Mr. Greer's objection.[7] Mr. Greer now asks the court to reconsider its order overruling his objection to the initial magistrate judge order.[8]

## STANDARD

"The Federal Rules of Civil Procedure recognize no 'motion for reconsideration.'"[9] However, "the court retains the power to alter rulings until final judgment is entered on a cause."[10] "Grounds warranting a motion to reconsider include (1) an intervening change in the controlling law, (2) new evidence previously unavailable, and (3) the need to correct clear error or prevent manifest injustice."[11] A motion for reconsideration may not "'merely advance new arguments' or provide 'supporting facts which were available at the time of the original motion.'"[12]

---

[4] *Id.* at 7–8.
[5] *Id.*
[6] Objection to Magistrate Judge Order ("Objection"), ECF No. 366, filed Oct. 14, 2025.
[7] Order Overruling Objection to Magistrate Judge Order ("Objection Overruled"), ECF No. 376, entered Oct. 31, 2025.
[8] Motion to Reconsider 2.
[9] *Hawkins v. Evans*, 64 F.3d 543, 546 (10th Cir. 1995) (quoting *Hatfield v. Board of County Comm'rs for Converse County*, 52 F.3d 858, 861 (10th Cir. 1995)).
[10] *Paramount Pictures Corp. v. Thompson Theatres, Inc.*, 621 F.2d 1088, 1090 (10th Cir. 1980).
[11] *7th Floor LLC v. Evanston Ins. Co.*, No. 18-CV-02222-RM-STV, 2021 WL 2588832, at *1 (D. Colo. June 24, 2021) (quoting *Devon Energy Prod. Co., L.P. v. Mosaic Potash Carlsbad, Inc.*, 693 F.3d 1195, 1212 (10th Cir. 2012)).
[12] *Id.* (quoting *Servants of Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir. 2000)).

## DISCUSSION

Mr. Greer relies on Rule 60(b)(1) as the basis for his motion.[13] Defendants correctly point out that the court has already informed Mr. Greer that Rule 60 is intended for relief from final a judgment, not interlocutory orders.[14] However, as already mentioned, there is no Federal Rule of Civil Procedure that expressly governs motions to reconsider, so the court will construe and analyze Mr. Greer's motion using the factors set forth by Tenth Circuit caselaw and listed above.[15]

Here, Mr. Greer argues that reconsideration is appropriate for two reasons.[16] First, he contends that the court's statement that he had not read the protective order prior to filing the notice accusing defense counsel of a SPO violation is incorrect.[17] As evidence, he cites his March 28, 2025, Motion for Sanctions,[18] in which he discussed the language of two different SPOs that he thought could apply to the case.[19] Mr. Greer argues that this demonstrates that he read the SPO and that his violation notice was filed in good faith after a reasonable inquiry.[20]

This reasoning is flawed. For one, the evidence that Mr. Greer now cites was available at the time he filed his initial objection and was not raised.[21] A motion for reconsideration may not simply advance new arguments and use facts that were available at the time of the original

---

[13] Motion for Reconsideration 2.
[14] Opp'n to Motion to Reconsider ("Opp'n") 1, ECF No. 383, filed November 17, 2025; Transcript of Motion Hearing 4:23–5:4, ECF No. 300, entered May 19, 2025.
[15] *See 7th Floor LLC v. Evanston Ins. Co.*, No. 18-CV-02222-RM-STV, 2021 WL 2588832, at *1 (D. Colo. June 24, 2021).
[16] Motion for Reconsideration 2–3.
[17] *Id.* at 2.
[18] Motion for Sanctions Against Attorney Hardin, ECF No. 263, filed Mar. 28, 2025.
[19] Motion for Reconsideration 2–3.
[20] *Id.*
[21] *See generally* Objection.

motion.[22] Further, Mr. Greer's evidence does not support his claim that the court's reasoning "rests on an inaccurate factual finding."[23] Mr. Greer's false statement about defense counsel violating the SPO was filed with the court on December 19, 2024.[24] On January 27, 2025, Mr. Greer filed a Motion for Clarification of Discovery Protective Order in which he acknowledged that he did not know the contents of the SPO and requested that the court provide him with a copy.[25] On March 5, 2025, Mr. Greer further admitted in an opposition brief that he "never saw the actual order" before filing his notice of SPO violation.[26] Thus, the record clearly indicates that Mr. Greer did not take even the most basic step of reading the SPO prior to filing the notice of violation. His "new" evidence that he later read the SPO as of March 28, 2025, is totally irrelevant to the question of whether he read it as part of a reasonable inquiry prior to December 19, 2024.

Second, Mr. Greer argues that the court erred in holding that his "eager" witness statement was sanctionable.[27] He bases his argument entirely on *L-3 Commc'ns Corp. v. Sony Corp*, a 2013 case from the District of Delaware in which a witness was excluded after the plaintiff erroneously stated that he was deceased.[28] Not only was this case also available when Mr. Greer filed his initial motion, it is also factually dissimilar. The attorneys in *L-3* incorrectly reported that their witness was deceased after they diligently investigated the matter and were

---

[22] *7th Floor LLC v. Evanston Ins. Co.*, No. 18-CV-02222-RM-STV, 2021 WL 2588832, at *1.
[23] Motion for Reconsideration 3.
[24] *See* SPO Violation Notice.
[25] Motion for Clarification of Discovery Protective Order and Request for Copy of the SPO, ECF No. 222, filed Jan. 27, 2025.
[26] Opp'n to ECF. 234 Motion for Sanctions 2, ECF No. 249, filed Mar. 5, 2025.
[27] Motion for Reconsideration 3.
[28] *L-3 Commc'ns Corp. v. Sony Corp.*, No. CV 10-734-RGA, 2013 WL 5818617, at *1 (D. Del. Oct. 23, 2013).

told of his passing by three separate sources.[29] In contrast, the court here found that Mr. Greer failed to make any inquiry, much less a reasonable one, prior to informing the court that a witness was eager to testify in spite of not having spoken with him in years.[30]

Mr. Greer has failed to demonstrate any new evidence, intervening change in law, or clear error that would justify reconsideration of the court's previous ruling.

## ORDER

Plaintiff's [378] Motion to Reconsider is DENIED.

Signed December 2, 2025.

BY THE COURT

_____

David Barlow
United States District Judge

---

[29] *Id.*
[30] Objection Overruled 6.