**Matthew D. Hardin (*pro hac vice*)**
**HARDIN LAW OFFICE**
101 Rainbow Drive # 11506
Livingston, TX 77399
Telephone: (202) 802-1948
Email: MatthewDHardin@gmail.com
*Attorney for Defendants*
*Joshua Moon and Lolcow, LLC*

THE UNITED STATES DISTRICT COURT
DISTRICT OF UTAH

| | |
|---|---|
| RUSSELL GREER,<br><br>Plaintiff,<br><br>v.<br><br>JOSHUA MOON, *et al*.<br><br>Defendants. | **DEFENDANTS' OPPOSITION TO MOTION FOR LEAVE TO FILE DOCUMENT UNDER SEAL**<br><br>Case No. 2:24-cv-00421-DBB<br><br>District Judge David Barlow<br>Magistrate Judge Jared C. Bennett |

NOW COME Defendants, Joshua Moon and Lolcow, LLC, by and through their undersigned counsel, and file this Opposition to Mr. Greer's "Motion for Leave to File Document Under Seal." ECF No. 385. Defendants state as follows:

1. Mr. Greer states that he seeks to file under seal "private non-party information." *Id*. at 2. But that is not true. If Mr. Greer is to be taken at his word in ECF No. 389 that he has now served upon undersigned counsel the same document he filed with the Court at ECF No. 384, that document relates to Mr. Greer himself, and is not at all "non-party" information. Mr. Greer's motion should be denied on the very straightforward ground that he has entirely misrepresented the contents of the document he seeks to seal.

2.	Mr. Greer additionally makes conclusory and unsubstantiated allegations of harassment from the Defendants in his Motion for Leave to File Document Under Seal. Those allegations are also untrue, and Defendants expressly deny them. To the extent the Court wishes to consider Mr. Greer's allegations at all, and because those allegations are not particularized in any way which allows them to be rebutted on the papers alone, Defendants request an evidentiary hearing.

3.	As this Court has explained:

> "Courts have long recognized a common-law right of access to judicial records. However, this right is not absolute. The presumption in favor of access to judicial records may be overcome where countervailing interests heavily outweigh the public interests in access. The burden is on the party seeking to restrict access to show some significant interest that outweighs the presumption. Where documents are used to determine litigants' substantive legal rights, a strong presumption of access attaches."

*Wolverine Fuels Sales, Ltd. Liab. Co. v. Phx. Coal Sales, Inc.*, No. 2:25-cv-00104, 2025 U.S. Dist. LEXIS 36270, at *1-2 (D. Utah Feb. 27, 2025) (internal citations omitted). The Tenth Circuit has similarly held that a party seeking to seal a document must "identify with particularity the specific document containing the sensitive information" and "articulate a substantial interest that justifies depriving the public of access to the document…" *Geometwatch Corp. v. Behunin*, 38 F.4th 1183, 1233 (10th Cir. 2022).

4.	Mr. Greer fails to satisfy any of the criteria for sealing from *Wolverine Fuels Sales or Geometwatch Corp*. Mr. Greer has not grappled with the common-law and Constitutional rights of public access to judicial records. Nor has Mr. Greer shown by way of any concrete or particularized (rather than conclusory) factual allegations that there is a countervailing interest which would heavily outweigh that public interest. And while Mr. Greer has been entirely inaccurate in describing the document he seeks to

seal in his Motion for Leave, the underlying document Mr. Greer seeks to seal is indisputably a document in which Mr. Greer seeks for this Court to "determine litigants' substantive legal rights." Specifically, Mr. Greer apparently seeks, yet again in the "sealed" document at ECF No. 384, for this Court to excuse his continuing failure to comply with this Court's numerous orders that he produce a document responsive to Defendants' discovery request. Mr. Greer's argument in the "sealed" filing is incorrect, and Defendants have a right to rebut those arguments in public rather than behind closed doors. The public has a right to know that the Plaintiff who literally wrote the book on vexatious litigation, ECF No. 247 at ¶ 5, is up to his old tricks again.

WHEREFORE, Defendants respectfully request that Mr. Greer's Motion for Leave to File Document Under Seal denied. Alternatively, Defendants request that an evidentiary hearing be held, at which they can address more fully Mr. Greer's conclusory allegations that Defendants will "misuse" the information in Mr. Greer's filing or "target" Mr. Greer, ECF No. 385 at 2, including by way of a thorough and searching cross-examination of Mr. Greer.

DATED December 3, 2025

                                              **HARDIN LAW OFFICE**

                                              _/s/ Matthew D. Hardin_
                                              **Matthew D. Hardin**
                                              *Attorney for Defendants*
                                              *Joshua Moon and Lolcow, LLC*