**Matthew D. Hardin (*pro hac vice*)**
**HARDIN LAW OFFICE**
101 Rainbow Drive # 11506
Livingston, TX 77399
Telephone: (202) 802-1948
Email: MatthewDHardin@gmail.com
*Attorney for Defendants*
*Joshua Moon and Lolcow, LLC*

THE UNITED STATES DISTRICT COURT
DISTRICT OF UTAH

| | |
|---|---|
| RUSSELL GREER,<br><br>　　Plaintiff,<br><br>v.<br><br>JOSHUA MOON, *et al*.<br><br>　　Defendants. | **DEFENDANTS' RESPONSE TO FILING AT ECF NO. 384**<br><br>Case No. 2:24-cv-00421-DBB<br><br>District Judge David Barlow<br>Magistrate Judge Jared C. Bennett |

　　NOW COME Defendants, Joshua Moon and Lolcow, LLC, by and through their undersigned counsel, and file this Response to Mr. Greer's "Sealed Supplemental Notice Regarding Discovery Order." ECF No. 384. Defendants state as follows:

　　1.　　Mr. Greer states that he is unemployed and cannot pay to retrieve a document from the Utah state courts, despite this Court's numerous prior orders to do so. ECF No. 384. Unfortunately, Mr. Greer has repeatedly made his bed and now must lie in it.

　　2.　　The saga of Mr. Greer's prior state court actions against Mr. Moon is a lengthy one, in which Mr. Greer has told numerous different stories and fashioned successive excuses for his inability or unwillingness to comply with court orders. The Court needs no reminder of its own many orders over the past year arising from the discovery dispute relating to Mr. Greer's filings against Mr. Moon in Salt Lake County.

After all, the District Judge himself recounted the lengthy history and denied Mr. Greer's latest motion to reconsider all prior orders just over a month ago. ECF No. 362.

3. Making a story that began with a discovery request to Mr. Greer over a year ago, in November 2024, considerably shorter: Mr. Greer filed suit against Mr. Moon in Utah state court prior to initiating this federal case, and on information and belief Defendants assert that Plaintiff claimed many of the same damages in both actions. Defendants sought the state court case file in discovery in this case. Mr. Greer first claimed that he had the document Defendants requested and would be "happy to provide it." ECF No. 219-9 at 1. Mr. Greer then changed his story, claiming the document could only be retrieved from a third party at great expense. ECF Nos. 243, 294, 326. All the while, Mr. Greer repeatedly claimed he had plenty of money, but he would really prefer to spend it on other things. ECF No. 315 at 3.[1] For example, brothels. ECF Nos. 267, 285, 305-1, 236 at 4.[2] "Undaunted," Mr. Greer repeatedly sought for this Court to reconsider its prior orders. ECF No. 362 at 4. All such motions were denied. Mr. Greer's latest "sealed" filing is just more of the same.

4. In his latest filing, Mr. Greer claims to be unemployed and unable to pay to retrieve a document he initially claimed he had in his possession and would be "happy to provide." But Mr. Greer's predicament could very easily have been avoided if Mr.

---

[1] As of May 22, 2025, Mr. Greer said he has in excess of $5,000. This was approximately three months after Mr. Greer was initially ordered to produce the document at issue in February. ECF No. 227. Even taking all of Mr. Greer's statements at face value, Mr. Greer could have avoided his present financial hardship by complying with the February 2025 court order in May 2025, rather than waiting until after he supposedly lost his job in October 2025.
[2] *See also Greer v. Herbert*, No. 2:16-cv-01067, 2018 U.S. Dist. LEXIS 78323, at *3 n.11 (D. Utah May 8, 2018) ("Greer estimates he spent up to $14,000 at brothels in Nevada.").

Greer had simply told the truth in the first place, rather than forcing Defendants to chase a document for over a year with the initial false statement that the Plaintiff had the document readily at hand. And Mr. Greer has had several chances to escape the consequences of his own materially false statements since the original discovery request was sent last year. If Mr. Greer had complied with this Court's first order to produce the document, ECF No. 227, or perhaps its second, ECF No. 283, or even its third, ECF No. 296, Mr. Greer would not have been unemployed and would have faced no financial hardship. But what Mr. Greer now seeks to excuse is his refusal to comply with this Court's *fourth* order on the same topic over the course of a year. ECF No. 362. Mr. Greer is the source of his own misfortune, and now he cannot weaponize his own repeated failures to be candid in this litigation or to comply with prior court orders in an attempt to evade his continuing obligations.

    WHEREFORE, Defendants respectfully request that this Court dismiss this case as a sanction because Mr. Greer continues to be out of compliance with the order at ECF No. 227, and there is no excuse for the Plaintiff's continued noncompliance.

    DATED December 3, 2025

                                               **HARDIN LAW OFFICE**

                                               /s/ Matthew D. Hardin
                                             **Matthew D. Hardin**
                                             *Attorney for Defendants*
                                             *Joshua Moon and Lolcow, LLC*