**Matthew D. Hardin (*pro hac vice*)**
**HARDIN LAW OFFICE**
101 Rainbow Drive # 11506
Livingston, TX 77399
Telephone: (202) 802-1948
Email: MatthewDHardin@gmail.com
*Attorney for Defendants*
*Joshua Moon and Lolcow, LLC*

THE UNITED STATES DISTRICT COURT
DISTRICT OF UTAH

| | |
|---|---|
| RUSSELL GREER, <br><br> Plaintiff, | **DEFENDANTS' OPPOSITION TO "MOTION FOR PROTECTIVE ORDER UNDER FED. R. CIV. P. 26(c)"** |
| v. | Case No. 2:24-cv-00421-DBB |
| JOSHUA MOON, *et al.* <br><br> Defendants. | District Judge David Barlow <br> Magistrate Judge Jared C. Bennett |

NOW COME Defendants, Joshua Moon and Lolcow, LLC, by and through their undersigned counsel, and file this Response to Mr. Greer's "Motion for Protective Order Under Fed. R. Civ. P. 26(c)" ECF No. 394. Defendants state as follows:

1.      Mr. Greer seeks a protective order under Fed. R. Civ. P. 26(c). This is Mr. Greer's second motion, with the first filed at ECF No. 314. As Defendants explained in opposition to that first Motion, ECF No. 316, no relief is available to Mr. Greer because discovery in this case has already been stayed. ECF No. 283. There is no pending discovery that Mr. Greer can be protected from, and therefore this court cannot enter a protective order. Mr. Greer confirms in his second motion that what he seeks is not relief in the form of a protective order which would limit or quash certain types of discovery. Instead, Mr. Greer seeks broad prohibitions gagging Defendants from speaking about

the Plaintiff or from conducting any independent investigation into the Plaintiff's claims. That is not authorized by Rule 26, and Mr. Greer's second Motion for a Protective Order at ECF No. 394 is thus just as improper as his first Motion for a Protective Order at ECF No. 314. It should be denied for the same reasons.

     2.    Leaving aside the legal deficiencies in Mr. Greer's Motion for a Protective order, Mr. Greer's second motion is difficult to understand in terms of the factual allegations it makes. For example, Mr. Greer complains that Defendants disclosed very limited information about a witness they only recently became aware of: Natalie Banks.[1] ECF No. 394 at 9. Mr. Greer makes much of the fact that Defendants do not presently know Ms. Banks full name (it is believed she may use a pseudonym due to her work in the adult industry), and have no address for her other than a website address. But Mr. Greer himself has filed evidence with the Court that he knows who Ms. Banks is, and the Plaintiff apparently has better contact information for her than the Defendants do (including a gmail address Defendants learned of for the first time in Mr. Greer's filing). ECF No. 394 at 14. It is not at all clear what sort of surprise or prejudice Mr. Greer feels he has suffered from Defendants incomplete disclosure of personal information regarding Ms. Banks, but Mr. Greer will have the chance to litigate any ostensible prejudice from incomplete or late disclosure if Ms. Banks later appears as a live witness or is asked to give deposition testimony. For now, discovery is stayed. ECF No. 283.

---

[1] The day before Thanksgiving, Defendants first became aware of Ms. Banks because she released several videos on social media describing a particular brothel patron and entrepreneur. While Ms. Banks did not reveal that individual's identity by name, Defendants believe that person to be Mr. Greer. Additionally, in Ms. Banks' social media videos, she reveals that Mr. Greer had convinced another individual, whom Defendants believe to be Waylon Huber, to go into the brothel business with him. Ms. Banks has thus far not spoken to undersigned counsel, and that is the reason the disclosures relating to her are necessarily incomplete.

Defendants have no idea what possible prejudice Mr. Greer could experience, because Defendants have no present ability to compel testimony from Ms. Banks and Mr. Greer appears to know more about her than the Defendants do in any event due to their prior association.

3. To the extent that Mr. Greer himself has filed incomplete copies of email exchanges between the parties, none of those email exchanges support issuance of a protective order for the reasons set forth above and in ECF No. 316. Solely for the purposes of completing the record, however, Defendants have attached hereto the remainder of the correspondence, which Mr. Greer edited out of the exhibits in support of his motion. Exhibit A.

WHEREFORE, Defendants respectfully request that this Court deny Mr. Greer's Motion for a Protective Order. If the Court is not inclined to deny it on the basis of the papers alone, Defendants request to be heard orally on Mr. Greer's Motion.

DATED December 5, 2025

**HARDIN LAW OFFICE**

 /s/ Matthew D. Hardin
**Matthew D. Hardin**
*Attorney for Defendants*
*Joshua Moon and Lolcow, LLC*