Russell Greer
1100 Dumont Blvd
Apt 139
Las Vegas, NV 89169
801-895-3501
russmark@gmail.com
Pro Se Litigant

# IN THE UNITED STATES DISTRICT COURT

# DISTRICT OF UTAH

| | |
|---|---|
| **RUSSELL GREER**  Plaintiff  v.  **JOSHUA MOON ET AL**,  Defendants | **PLAINTIFF'S REPLY IN SUPPORT OF PLAINTIFF'S MOTION FOR PROTECTIVE ORDER**  Case No.:   2:24-cv-00421-DBB-JCB |

1

## I. INTRODUCTION

Defendants' Opposition fails to rebut the legal basis, factual foundation, or urgency of Plaintiff's Motion. Instead, it hinges on a single premise: that a stay of discovery forecloses this Court from entering a protective order. That is legally incorrect, factually irrelevant, and directly contradicted by Defendants' own actions. If discovery is stayed, then Defendants have no valid reason to disseminate third-party communications, fabricate witness claims, or broadcast reputational smears unrelated to the litigation.

A protective order remains appropriate under both **Fed. R. Civ. P. 26(c)** and this Court's **inherent authority** to prevent harassment and abuse of process.

## II. LEGAL CLARIFICATION: PROTECTIVE ORDERS REMAIN AVAILABLE DURING A DISCOVERY STAY

Defendants argue that "no relief is available" because "discovery is stayed." That is legally flawed. Courts in the Tenth Circuit and elsewhere have repeatedly held that Rule 26(c) protective orders remain available—even when discovery is formally stayed—particularly when parties seek relief from harassment, intimidation, or extrajudicial misconduct.

**Rule 26(c) is not limited to active discovery**

Rule 26(c)(1) empowers courts to issue protective orders to prevent "annoyance, embarrassment, oppression, or undue burden." It does not condition relief on the pendency of formal discovery.

As explained in *King v. Benford*, 2010 WL 11619001 (D.N.M. July 8, 2010), the court simultaneously stayed discovery and granted a protective order barring the plaintiff from deposing the defendant. The court recognized that even during a stay, protective constraints could—and should—be imposed where abuse or harassment was likely.

2

(https://www.govinfo.gov/content/pkg/USCOURTS-nmd-1_10-cv-00828/pdf/USCOURTS-nmd-1_10-cv-00828-0.pdf).

**Inherent authority applies to out-of-court misconduct**

The Tenth Circuit has confirmed that courts retain broad inherent power to curb harassment and abuse of the judicial process. In the case *Kaufman v. Am. Family Mut. Ins. Co.*, No. 08-1491 (10th Cir. Apr. 20, 2010) (unpublished), the court affirmed sanctions against counsel who communicated improperly with third parties despite discovery limitations. The court upheld sanctions not merely under Rule 37, but under the court's inherent power to protect parties and control the conduct of litigation. (https://www.ca10.uscourts.gov/sites/ca10/files/opinions/01018407347.pdf). The same rationale applies here. Whether styled under Rule 26(c) or the court's inherent authority, this Court may—and should—enter a protective order where counsel has:

- injected scandalous and defamatory claims,
- contacted unrelated third parties, and
- made false and inflammatory witness disclosures.

**III. DEFENDANTS' CONDUCT CONFIRMS THE NEED FOR PROTECTION**

Hardin's argument is internally contradictory. If discovery is stayed, then:

- There is no basis for issuing witness disclosures;
- There is no justification for third-party emails; and
- There is no permission to conduct extrajudicial smears under the guise of "litigation."

Instead, defense counsel emailed a third party (Waylon H.) a "witness disclosure" containing unsupported accusations of:

3

- "past threats of violence,"
- "danger to public safety," and
- "fraud."

All of this was sent to an uninvolved third party with no role in the case. The disclosure:

- used a pseudonym ("Natalie Banks"),
- lacked an address, phone number, or contact details,
- lacked any Rule 26(a)(1) compliance,
- and, most importantly, was **completely contradicted** by the actual email exhibits from Ms. Banks (Exhibit B to the Motion)

Further, when Plaintiff requested preservation and clarification, Defendants' counsel replied with unprofessional personal insults accusing Plaintiff of "spoliation," "AI-written emails," and "incapable" of reasoning.

## IV. DEFENDANTS OFFER NO REBUTTAL ON THE MERITS

Notably, Defendants do not:

- Dispute that they contacted a third party unrelated to the litigation;
- Dispute the inflammatory language of their disclosure;
- Dispute that their "witness" lacks identifying details;
- Rebut Exhibit B, which shows no threats or violence; or
- Justify why such communications were necessary under any litigation rule.

## V. CONCLUSION

If Defendants truly believe discovery is stayed, then they should not be issuing disclosures, emailing accusations to outsiders, or introducing scandalous material unrelated to copyright

4

infringement. The fact that they are doing so, while claiming protection from scrutiny, reveals a double standard that Rule 26(c) and the Court's supervisory power are designed to remedy.

Plaintiff respectfully requests that the Court grant his Motion for a Protective Order, and bar further communications of this nature by Defendants or their counsel.

Respectfully submitted,

Russell Greer
/rgreer/
12-5-25

**CERTIFICATE OF SERVICE:**

Pursuant to FRCP 5(b), I certify that on 12-5-25, I served a true and correct copy of the attached document by ECF to all attorneys on record.