**Matthew D. Hardin (*pro hac vice*)**
**HARDIN LAW OFFICE**
101 Rainbow Drive # 11506
Livingston, TX 77399
Telephone: (202) 802-1948
Email: MatthewDHardin@gmail.com
*Attorney for Defendants*
*Joshua Moon and Lolcow, LLC*

THE UNITED STATES DISTRICT COURT
DISTRICT OF UTAH

| | |
|---|---|
| RUSSELL GREER,<br><br>Plaintiff,<br><br>v.<br><br>JOSHUA MOON, *et al.*<br><br>Defendants. | **DEFENDANTS' MOTION FOR NATALIE BANKS TO PROCEED UNDER A PSEUDONYM**<br><br>Case No. 2:24-cv-00421-DBB<br><br>District Judge David Barlow<br>Magistrate Judge Jared C. Bennett |

NOW COME Defendants, Joshua Moon and Lolcow, LLC, by and through their undersigned counsel, and file this Motion for Natalie Banks to Proceed Under a Pseudonym.

### I. Introduction

As Russell Greer has now disclosed in his own filings, ECF No. 394, Defendants have recently disclosed the existence of a witness who uses a pseudonym. That pseudonym is Natalie Banks. Defendants do not know Ms. Banks' legal name or physical address, and they do not want to know, because it would very likely expose Ms. Banks to danger if her real name and address were published.[1] Thus, Defendants file this

---

[1] This Motion therefore does not seek to place Defendants in any position of informational advantage over Mr. Greer. Defendants do not have any information they seek to withhold regarding the true identity or contact information for Ms. Banks.

Motion seeking leave to proceed in this case by using Ms. Banks' pseudonym in all instances, including disclosures to Mr. Greer and in any future instance where Ms. Banks' testimony may be needed (to include declarations, depositions, and at trial).

Ms. Banks is presently in Ohio, but is or recently was a sex worker at legal brothels in Nevada. She uses her pseudonym on her Nevada business license due to the inherent risks of that profession, and has been careful to ensure her legal name and address does not become public. She is publicly known as Natalie Banks, including on at least some legal documents filed with the State of Nevada and its subdivisions. Ms. Banks is personally familiar with Mr. Greer, due to extensive contacts with him beginning in approximately late 2022 through 2024. On counsel's request, she has now provided undersigned counsel with her communications with Mr. Greer. This followed an extensive discussion with undersigned counsel via phone and email. Ms. Banks' story and supporting documentary evidence is both highly relevant to this case[2] and truly frightening: Ms. Banks personally knows one Nevada sex worker who is the beneficiary of a protective order against Mr. Greer, and is aware of Mr. Greer's financial resources in a manner that indicates Defendants and this court have consistently been defrauded over the course of many years by false claims of poverty.

Mr. Greer emailed Ms. Banks and contacted her via social media over a period of years, demanding a relationship with her. When Ms. Banks blocked Mr. Greer from her

---

[2] Beyond merely establishing the character and reputation of the Plaintiff, Ms. Banks is expected to shed light on numerous misrepresentations Ms. Greer made in filings with this Court from approximately 2022 through 2024. Additionally, Ms. Banks is expected to testify on topics bearing upon whether Defendants' alleged republication of copyright material constituted fair use, including but not limited to establishing that republication was a necessary component of criticism of Mr. Greer and part of a vital effort to protect women (including but not limited to Ms. Banks) from Mr. Greer's violent tendencies.

social media accounts, he messaged her anyway. He sent her lewd messages on numerous occasions and even sent her a voice memo to indicate – in his own, inimitable voice – that he was coming to see her and she should "get ready."

Ms. Banks is not alone in having serious concerns about Mr. Greer and his propensities. On information and belief and based on public records, there are several other protective orders that have been issued to protect women in Utah and Nevada against Mr. Greer's violent tendencies. Allowing a witness to proceed in a civil case under a pseudonym is not ordinary, but this is not an ordinary case or an ordinary Plaintiff. Defendants have spoken with Ms. Banks and confirmed she is happy to assist in providing information in this matter, but Ms. Banks is understandably very reluctant to divulge her full legal name and address to an individual with a documented history of violent and/or threatening behavior towards women, including herself. This Court should therefore permit Ms. Banks to proceed under a pseudonym.

## II. Standard of Review

Pseudonymity is appropriate if disclosure of a true identity or address would result in "exposure of the witness to danger." *United States v. Smaldone*, 484 F.2d 311, 318 (10th Cir. 1973). In seeking to keep a witness's identity secret, a party must show that the danger is real rather than speculative. *United States v. Gutierrez de Lopez*, 761 F.3d 1123, 1140 (10th Cir. 2014). But the threat need not come from a party opponent or any particular individual, it simply must be genuine. *Id*. at 1141. Evidence that a threat is genuine may include the witness's decision to relocate for safety reasons, the witness's request for anonymity, and any behavior by a litigant that the Court finds might cause a witness apprehension. *Id*., citing *Smaldone*. "Significant privacy interests, such as… interest in keeping… sexual habits from public scrutiny, sometimes suffice" to show that

proceeding under a pseudonym is appropriate." *W.N.J. v. Yocom*, 257 F.3d 1171, 1172 (10th Cir. 2001) (internal quotations omitted).

### III. Argument

Ms. Banks easily satisfies the relevant tests to proceed under a pseudonym. Mr. Greer has a documented history of harassment towards women that has resulted in at least three restraining orders. Ms. Banks is personally acquainted with one woman (another sex worker) who has received such a restraining order against Mr. Greer, and Ms. Banks herself has been the recipient of persistent communications from Mr. Greer that are lewd and have threatening undertones. Mr. Greer himself has repeatedly cited harassment as a reason to keep witness names secret,[3] and his behavior in this matter has made Ms. Banks' testimony more important than ever while simultaneously establishing a basis for Ms. Banks to be apprehensive about offering that testimony in a way that exposes her legal name. Alternatively, this Court should hold that Natalie Banks is Ms. Banks name under the common law due to her extensive use of that name, and hold that she need not disclose any alternative or prior names to Mr. Greer.

**a) Mr. Greer has a documented history of threats towards women, that has resulted in at least three personal restraining orders in two states.**

Mr. Greer targets women with harassment or threatening behavior, as at least three courts in two states have already found. *Greer v. Freemantle Productions*, Case No. 2:22-cv-01905 (D. Nev.) at ECF Nos. 32-14 (Extended Order of Personal Protection for the benefit of Murphy Walters), 32-15 (Extended Order of Personal Protection for the benefit of Tara Adkins), and 32-16 (Sentencing Protective Order for the benefit of a

---

[3] See, e.g., ECF No. 185-1, 193, 194, 196, 218.

redacted party). For the Court's convenience, each of these protective orders are attached hereto as collective Exhibit A.

Based on Mr. Greer's documented history of threatening behavior towards women, including three separate protective orders and one criminal charge, there is ample reason to believe that Mr. Greer will threaten, stalk, or harass Ms. Banks if her true identity is disclosed to him.

**b) Mr. Greer has a documented history of intimidation towards Ms. Banks and one of the sex workers with whom she is acquainted.**

Based on a conversation with Ms. Banks, Defendants state that Ms. Banks is personally acquainted with one of Mr. Greer's victims who obtained a protective order against him, and that victim is a fellow sex worker who was initially targeted by Mr. Greer in that context. Ms. Banks naturally is apprehensive that disclosure of her true name and address will put her in a similar situation to what her colleague has already faced.

But that is not all. Mr. Greer has also personally sexually harassed Ms. Banks through electronic means.[4] Attached hereto as collective Exhibit B are communications Natalie Banks provided to the Defendants upon their request. In his written communications, Mr. Greer repeatedly contacted Ms. Banks after being blocked. Mr. Greer demanded a relationship with her. Exhibit B at 2, 8. Receiving no response, Mr. Greer continued in insisting that he was "Going to have sex with" Ms. Banks as recently as September 2024, Exhibit B at 28, and sent her a voice memo stating that he was

---

[4] Mr. Greer's Utah criminal conviction resulting in a sentencing order of protection also involved computer harassment.

going to do it "next week, so be ready."[5] Ms. Banks has personally communicated in writing to undersigned counsel her interpretation of Mr. Greer's repeated contacts after being blocked, and his repeated demands for sexual congress: According to Ms. Banks, Greer's communication "implies that I have no choice in the matter."

Ms. Banks has ample reason to fear that her personal safety will be compromised if her real name and address is revealed to Mr. Greer or the public. Ms. Banks is currently working as an adult dancer and content creator. Her sexual proclivities alone are sufficient to proceed under a pseudonym under *Yocom*, 257 F.3d at 1172. Additionally, Ms. Banks is uniquely vulnerable to attacks and exploitation simply by virtue of her career. Defendants need not prove that Ms. Banks will be put in danger by Mr. Greer himself under *Gutierrez de Lopez*, and danger from any source is sufficient for her to proceed anonymously. *Id*. at 1141. But the evidence is abundant that Mr. Greer's own behavior would give any witness in Ms. Banks' situation ample reason to be apprehensive about being identified publicly.

**c) Based on Mr. Greer's well-documented behavior, the appropriate remedy is for Ms. Banks to proceed under a pseudonym.**

Mr. Greer knows who Ms. Banks is, although he knows her by her public-facing pseudonym rather than by her true legal name. ECF No. 194. Mr. Greer has communicated with Ms. Banks repeatedly by his own admission, *id*., and Defendants have provided additional color in the communications attached hereto as collective Exhibit B. Under these circumstances, and under controlling precedent, the proper

---

[5] The voice memo cannot be uploaded into the Court's ECF system, but Defendants proffer here that it is identifiable because Mr. Greer's voice is unique and easily recognized on the recording. In that voice memo, Mr. Greer laughs after he tells Ms. Banks to "be ready."

remedy is to allow Ms. Banks to proceed under a pseudonym. Under *Smaldone* and *Gutierrez de Lopez*, Mr. Greer will still be permitted to cross-examine or challenge any evidence that eventually comes in on any pertinent grounds. As Defendants themselves do not know, and do not wish to know, Ms. Banks' true identity, Mr. Greer will not be disadvantaged by her pseudonymity, and all parties will remain on an equal footing.

### d) Alternatively, Ms. Banks pseudonym is her legal name under the common law.

In Utah, an individual retains the "common law right to adopt another name at will." *In re Cruchelow*, 926 P.2d 833, 834 (Utah 1996). An individual may use the statutory process to change their legal name, but is under no legal obligation to do so. *Id*.

Ms. Banks may not have a birth certificate or driver's license that says "Natalie Banks," but she is commonly known by that name in all her dealings. She has worked as a prostitute in Nevada with all appropriate public-facing legal documentation under that name. She operates a YouTube channel under that name.[6] She emailed both Mr. Greer and undersigned counsel under that name. Exhibit B. If this Court holds that Ms. Banks may not proceed under a pseudonym, it should alternatively hold that a pseudonym is unnecessary because Ms. Banks is known as Natalie Banks under the common law of this state based on her long and public history of using that monicker.

### IV. Conclusion

For the reasons set forth above, this Court should permit Natalie Banks to proceed in this matter using her established pseudonym, which is alternatively her legal

---

[6] https://www.youtube.com/channel/UCnjiqMmEPnjPiMN9RvDl7qA

name under the common law, and should not require her to disclose her legal identity or address to Russell Greer.

DATED December 6, 2025

                                         **HARDIN LAW OFFICE**

                                         */s/ Matthew D. Hardin*
                                         **Matthew D. Hardin**
                                         *Attorney for Defendants*
                                         *Joshua Moon and Lolcow, LLC*