Russell Greer
1100 Dumont Blvd
Apt 139
Las Vegas, NV 89169
801-895-3501
russmark@gmail.com
Pro Se Litigant

# IN THE UNITED STATES DISTRICT COURT

## DISTRICT OF UTAH

| | |
|---|---|
| **RUSSELL GREER** | **PLAINTIFF'S OPPOSITION TO DEFENDANTS' MOTION FOR "NATALIE BANKS" TO PROCEED UNDER A PSEUDONYM** |
| Plaintiff | |
| v. | Case No.:   2:24-cv-00421-DBB-JCB |
| **JOSHUA MOON ET AL,** | |
| Defendants | |

Plaintiff respectfully submits this Opposition to Defendants' Motion to allow a purported witness, "Natalie Banks," to proceed under a pseudonym.[1] The motion is legally unsupported, factually misleading, and impermissibly injects character attacks into a straightforward copyright infringement case. It relies on expired protective orders, flirtatious messages taken out of context, speculation, and a facially invalid Rule 26 disclosure. Defendants offer no evidence of real, non-speculative danger, as required by Tenth Circuit law. Their motion should be denied.

## I. INTRODUCTION

This is a copyright lawsuit. Defendants attempt to transform it into a character trial by resurrecting decade-old expired protective orders and by presenting a non-party—who Plaintiff blocked nearly 7 months ago on Instagram —as a supposedly endangered witness. The record shows no threats, no coercion, no violence, and no case-related risk. **Exhibit A.**

Defendants' attempt to manufacture danger is further undermined by the well-documented pattern of Kiwi Farms (the site Moon operates) recruiting individuals with even the slightest past contact with Plaintiff to insert themselves into his legal matters.[2] Defendants present no legitimate basis for pseudonym protection. The motion should be denied.

## II. LEGAL STANDARD

The Tenth Circuit recognizes pseudonym protection only when a party shows: a real threat of harm, supported by actual evidence, and tied to the litigation itself. *Femedeer v. Haun*, 227 F.3d 1244, 1246 (10th Cir. 2000) (pseudonym only for "highly sensitive" issues or "real danger of physical harm," embarrassment "not enough"). As will be established, Defendants do not satisfy any of these requirements. Further, Banks cannot meet the legal standard because she has

---

[1] Natalie Banks is a sex work alias this person uses.

[2] Plaintiff has been stalked, impersonated, and harassed by Kiwi Farms users since 2015–2016, including practices documented in national media: recruiting acquaintances, contacting employers, spoofing emails, and encouraging individuals to insert themselves into Plaintiff's legal disputes.

publicly revealed her own appearance and workplace without any attempt at privacy. Most critically, though, Banks lacks any information regarding the copyrights in this case.

## III. THIS MOTION HAS NO CONNECTION TO ANY COPYRIGHT CLAIM OR DEFENSE

The issues in this case pertain to copyright infringement. None of Defendants' allegations involving "Banks" relate to any element of copyright law. Their motion introduces inflammatory, irrelevant matters that should be disregarded under binding and persuasive precedent. *Pearson v. Miller*, 211 F.3d 57, 65 (3d Cir. 2000) (discovery only allowed for relevant information).

## IV. ALL ORDERS DEFENDANTS RELY ON ARE EXPIRED AND MISCHARACTERIZED

Turning to Defendants' danger theory. Their theory depends almost entirely on civil protective orders that expired nearly a decade ago, none of which involve "Banks". Just to get this annoying subject out of the way, Plaintiff touches on each one.

### A. 2016 Walters Order – Expired in 2017

This civil order stemmed from a brothel-related financial dispute, not violence or threats. It expired on March 2, 2017, and has no connection to "Banks" or this lawsuit.[3]

### B. 2016 Adkins Order – Expired in 2017

Plaintiff never met or communicated with Ms. Adkins. The order expired nearly eight years ago. It has no bearing on this witness or this case.[4]

---

[3] In 2014, Plaintiff paid approximately $4,000 at a licensed Nevada brothel for services that were not provided. He sued in Reno Justice Court, supported by a letter from the late Dennis Hof, but the letter was not notarized and Hof did not appear, resulting in dismissal. Plaintiff sent Walters a small number of annoying, but non-threatening messages—fully described in Chapter 5 of Plaintiff's copyrighted book, which Defendants infringed.

[4] Ms. Adkins was a brothel madame, whom Plaintiff never contacted. The order was sought after Plaintiff sent a single warning to the Mustang Ranch (the brothel Walters went to after the Bunny) about Walters' conduct, at Hof's

### C. 2020 Utah Order – Reduced to Traffic Infraction

This matter arose under Utah's prior "annoying communications" statute. The charge was later reduced to a traffic violation, and the complainant and Plaintiff parted ways amicably.

### D. Defendants Falsely Imply There Is an "Active" Order

Defendants suggest (Defs.' Mot. at 4) that "Banks" knows someone protected by an existing restraining order against Plaintiff. This is false: all orders cited are expired, are not active, and have no current legal effect. A protective order cannot be "active" unless validly served and still in force—none are. This shows that "Banks" has an honesty problem, aside from a credibility problem.

## V. DEFENDANTS' MOTION IS NOT ABOUT SAFETY — IT IS KINK-SHAMING, RETALIATION, AND A MISUSE OF HER OWN SEX-WORK CONTEXT

Additionally, Defendants' motion is not about physical danger at all. Instead, they are attempting to portray consensual, adult flirtation as evidence of "danger," but their framing collapses under even minimal scrutiny. At the time of the communications, Ms. Banks was working as a ***legal Nevada sex worker***, openly advertising her identity, photographs, and adult services on public platforms. In that context, flirtation and suggestive banter are not only normal—they are part of the professional environment she voluntarily participated in.

Defendants' selective presentation of these exchanges—stripped of their sex-work context—amounts to kink-shaming and an inappropriate moralization of lawful adult expression. The attempt to recast normal sex-work banter as "luring," "danger," or "violence" is stigmatizing, discriminatory, and completely dishonest. Courts do not grant pseudonym protection simply because a litigant retroactively regrets consensual communications or because counsel chooses to sensationalize them. *Doe v. Shakur,* 164 F.R.D. 359, 361 (S.D.N.Y. 1996) (rejecting

---

advice. Family members told Plaintiff not to contest the orders because they were "civil" and "no big deal"; he had no reason to anticipate Defendants weaponizing expired orders years later.

pseudonymity, despite the case involving sensitive sexual allegations, noting there was no credible threat of harm).

Further dismantling the danger theory: nothing in the messages shows fear, discomfort, or danger. There was:

- no threat

- no attempt to locate her

- and no conduct that could remotely justify anonymity.

In fact, Ms. Banks mocked Plaintiff's disability. She then oddly followed him on Instagram, she engaged willingly, never blocked him, never told him to stop and at one point even asked "when" Plaintiff might visit the legal brothel where she worked—demonstrating business, not fear. Plaintiff later blocked her in spring 2025, ending all communication, because it was clear she wasn't interested in him. After blocking her on Instagram, Plaintiff forgot all about her until she interjected herself into this case a few days ago. That's right: Banks wasn't even a blip on Greer's radar. Greer forgot she even existed.

Her sudden reemergence almost a year later—after total silence—is not evidence of fear. It is evidence of retaliation. Plaintiff surmises two theories as to why she's trying to be a witness: (1) she was likely instigated by Kiwi Farms users, who have a documented history of recruiting individuals with even the briefest past contact with Plaintiff to generate drama, gossip, and false narratives. The other theory is (2) she was offended by Greer blocking her and she wanted to stir up drama and gossip

Sadly for Defendants, drama and gossip do not support pseudonym protection nor does it support witnesses. And nothing about it relates to copyright law. What Defendants present as "danger" is simply: a consensual adult conversation being weaponized against a disabled pro se litigant by someone he blocked, now repackaged with stigma and innuendo because she was upset he blocked her.

The Court should reject her "evidence" as improper, prejudicial, and legally irrelevant.

## VI. "BANKS" HAS ZERO PERSONAL KNOWLEDGE AND HER CLAIMED TOPICS ARE SPECULATION

Defendants suggest she can testify regarding Plaintiff's finances or employment. She cannot.

She:

- never met Plaintiff,
- never saw any financial documents,
- never discussed his employment,
- never knew how Kiwi Farms harmed Plaintiff's former settlement negotiations,
- was not present for any communication, and
- has no basis to opine on Plaintiff's real-life circumstances.[5]

Her involvement is speculative, retaliatory, and insulting.

## VII. PUBLIC RECORDS SHOW PLAINTIFF SOUGHT PROTECTIVE ORDERS AGAINST HARASSERS — NOT THE OTHER WAY AROUND

To further nip the danger theory in the bud: Las Vegas Justice Court records show multiple

instances where **Plaintiff himself** sought restraining orders **against** individuals harassing him,

including anonymous Kiwi Farms users:

- 22PO0378 – Greer v. Costa

- 22PO0450 – Greer v. Howe

- 23PO0647 – Greer v. John Doe

All were denied because the stalkers were anonymous — not because Plaintiff lacked

justification. This destroys Defendants' narrative that "Plaintiff targets women." The truth is:

Plaintiff was the one being stalked. **Exhibit B.**

## VIII. DEFENDANTS' MOTION IS A CLASSIC CASE OF THE POT CALLING THE KETTLE BLACK: EVERY MAJOR NEWS OUTLET HAS DOCUMENTED THAT KIWI FARMS — NOT PLAINTIFF — IS THE REAL SOURCE OF DANGER

---

[5] Ms. Banks has no knowledge that Kiwi Farms' defamation caused Plaintiff's recent, former employer to withhold a substantial payout or other private details. She had no access to any financial information.

Defendants portray Plaintiff as dangerous, based on expired civil orders and flirtation with a sex worker, yet national media have documented Kiwi Farms as a stalking and harassment forum, whose users target transgender individuals, sex workers, disabled individuals, and litigants, often contacting employers, interfering with lawsuits, impersonating targets, and coordinating campaigns linked to self-harm. Plaintiff has himself been impersonated, harassed, spoofed, and stalked by Kiwi Farms users for nearly a decade. "Banks'" sudden involvement is consistent with that pattern—not any real fear of Plaintiff.

The following mainstream publications have reported exactly this[6]:

**A. New York Magazine / Intelligencer (2016)**

**"Kiwi Farms: The Web's Biggest Community of Stalkers"**

Describes Kiwi Farms as *a coordinated stalking machine* devoted to harassing disabled and marginalized individuals. https://nymag.com/intelligencer/2016/07/kiwi-farms-the-webs-biggest-community-of-stalkers.html

**B. Compared to the mainstream-reported danger of Kiwi Farms, there is no comparison whatsoever of the "danger" that Plaintiff poses as compared to the danger that Kiwi Farms is.[7]**

Kiwi Farms has been shut down by:

- Cloudflare
- DDoS-Guard
- multiple hosts

---

[6] Other outlets have covered Kiwi Farms. See, e.g., Washington Post (2022) ("unprecedented threats"). Additional sources include Axios (2022), USA Today (2021), Gizmodo (2021), and Business Insider (2021).

[7] Kiwi Farms users spoofed Plaintiff's domain ("you_dumb_twat@russellgreer.com"), impersonated Defendants' counsel ("Greg Hardin"), and interfered with service attempts in prior litigation (e.g., warning a defendant who then fled before service in the case of *Greer v. Stallone*, where, like here with Banks, Stallone lied about Plaintiffs' integrity.

- multiple registrars

Not a single one of Plaintiff's expired orders — from nearly a decade ago — remotely approach this level of danger.

**C. Defendants cannot run one of the most notorious harassment sites on the internet and then accuse a disabled pro se litigant of being the "dangerous" one**

The hypocrisy is staggering.

## IX. "BANKS" DOES NOT QUALIFY FOR PSEUDONYM PROTECTION

Finally, we turn to the heart of the motion. Natalie Banks is a sex worker alias this individual uses in sex work. "Banks'" request to proceed through her alias, aka pseudonymously, should be denied. Tenth Circuit law is clear: pseudonymity is a narrow, disfavored exception, permitted only where disclosure of identity would expose a witness to real danger of physical harm or involve matters of the highest sensitivity. Mere reputational embarrassment—especially when voluntarily cultivated—does not satisfy that standard. See *M.M. v. Zavaras*, 139 F.3d 798, 803 (10th Cir. 1998); *Raiser v. Brigham Young Univ.*, 127 F. App'x 409, 411 (10th Cir. 2005).

Here, the proposed witness is not simply publicly known—she is a self-promoting online persona, who actively markets her face and sexual content across social media. Nothing about disclosure in a civil lawsuit increases her exposure to harm. Her own website lists Ohio as her residence, contradicting any claim of heightened sensitivity or danger. **Exhibit C.**[8]

Courts also reject pseudonymity where the proposed testimony is irrelevant. Discovery must be "relevant to any party's claim or defense." *Fed. R. Civ. P. 26(b)(1)*. Personal attacks, interpersonal grievances, and online disputes are not "defenses" under Rule 26 and cannot justify discovery or anonymity. Courts routinely exclude witnesses who have nothing relevant to offer.

---

[8] Website provided by Defendants. As stated before, Plaintiff totally forgot about Natalie and had no idea she lived in Ohio. Plaintiff has never been to Ohio and has no plans of going.

See *Wilson v. DHS,* No. 06-3276 (Fed. Cir. 2006). "Banks'" allegations consist entirely of off-topic personal grievances, far outside the scope of any copyright issue.

In a recent case involving a former legal sex worker, the District of Nevada recently rejected pseudonymity in a far more serious context—an alleged sex-trafficking victim claiming rape and retaliation—holding that speculative fears, public advocacy, and online visibility defeated any need for anonymity. *Doe v. Lombardo*, Case No. 3:24-cv-00065 (D. Nev. Apr. 4, 2025). If pseudonymity was denied there, it cannot be justified here.[9]

Under Tenth Circuit standards, "Banks" meets neither the harm requirement nor the relevance requirement. She should not be permitted to testify under her Natalie Banks pseudonym—or at all.

## CONCLUSION

Defendants have not demonstrated any real danger warranting pseudonym protection. Their motion is grounded in expired orders, mischaracterized messages, omissions of critical facts, and improper use of character attacks in a copyright case.

The Court should deny the motion.

Respectfully submitted,

Russell Greer
/rgreer/
12-8-25

---

[9] Plaintiff was a proposed intervenor in *Doe v. Lombardo*. In that case, the Doe plaintiff asserted that disclosure was necessary because Greer had "asked around" to verify whether the plaintiff's identity had been fabricated by a prominent anti-sex work lawyer. The District of Nevada rejected the notion that Greer's inquiry—or the prospect of him learning her identity—constituted harm, holding that such speculation does not justify pseudonymity. See *Doe v. Lombardo*, Case No. 3:24-cv-00065, slip op. at 10–12 (D. Nev. Apr. 4, 2025).

**CERTIFICATE OF SERVICE:**

Pursuant to FRCP 5(b), I certify that on 12-8-25, I served a true and correct copy of the attached

document by ECF to all attorneys on record.

**EXHIBIT A**

Evidence that Plaintiff BLOCKED "Natalie Banks" 7 months ago, yet here she is coming after him, bizarrely.



**EXHIBIT B**

Proof of restraining orders plaintiff filed against Kiwi Farms users

9:10 🌙

●●●ll 5G 73



**Civil Case Records Search Results**

Skip to Main Content Logout My Account Search Menu New Civil Search Refine Search    Location : Justice Court    Help

Record Count: **6**

Search By: Party   Party Search Mode: Name   Last Name: Greer   First Name: Russell   **All** All   Sort By: Filed Date

| Case Number | Style | Filed/Location | Type/Status |
|---|---|---|---|
| 22PO0378 | Russell Greer, Applicant vs. Lauren Costa, Adverse Party(s) | 02/17/2022 JC Department 7 | Protective Order-Stalking and Harassment Order Denied |
| 22PO0450 | Russell Greer, Applicant vs. Shannon Howe, Adverse Party(s) | 03/01/2022 JC Department 12 | Protective Order-Stalking and Harassment Order Denied |
| 23PO0647 | Russell Greer, Applicant vs. John Doe, Adverse Party(s) | 03/19/2023 JC Department 11 | Protective Order-Stalking and Harassment Order Denied |
| 23C008337 | Check City Partnership dba Check City, Plaintiff(s) vs. Russell Greer, Defendant(s) | 04/07/2023 JC Department 6 | Civil - Payday Loan Collection Closed |
| 23A000757 | Russell Godfrey Greer, Plaintiff(s) vs. Sybil Stallone, Defendant(s) | 04/28/2023 JC Department 5 | Small Claims - General Individual Plaintiff Closed |
| 24E018422 | Westland LLC, DBA Townhome Villas LLC, Landlord(s) vs. Russell Greer, AKA Russell Godfrey Greer, Tenant(s) | 06/13/2024 JC Evictions | Summary Eviction Closed |

lvjcpa.clarkcountynv.gov

**EXHIBIT C**

**Natalie Bank's website stating openly that she lives in Ohio**

