Russell Greer
1100 Dumont Blvd
Apt 139
Las Vegas, NV 89169
801-895-3501
russmark@gmail.com
Pro Se Litigant

---

# IN THE UNITED STATES DISTRICT COURT

## DISTRICT OF UTAH

| | |
|---|---|
| **RUSSELL GREER**<br><br>        Plaintiff<br><br>v.<br><br>**JOSHUA MOON ET AL,**<br><br>        Defendants | **MOTION TO DISQUALIFY DEFENSE COUNSEL MATTHEW D. HARDIN AND REVOKE HIS PRO HAC VICE STATUS**<br><br>Case No.:   2:24-cv-00421-DBB-JCB |

Plaintiff respectfully moves this Court to disqualify Defendants' pro hac vice attorney, Matthew D. Hardin, for a sustained and escalating pattern of misconduct that violates multiple Utah Rules of Professional Conduct, prejudices these proceedings, and has caused documented extrajudicial harm. The conduct at issue includes improper third-party contact, extrajudicial defamatory statements, mischaracterization of sealed materials, repeated misuse of expired protective orders, reliance on unvetted and hostile witnesses, and the injection of inflammatory allegations wholly unrelated to this copyright case.

Because pro hac vice status is a revocable privilege, and because Hardin's conduct threatens the fairness and integrity of this litigation, disqualification is required.

## I. INTRODUCTION

This is not a dispute over zealous advocacy. This motion arises from a year-long pattern of Defense Counsel:

- sending defamatory communications to uninvolved third parties,
- misrepresenting expired protective orders as evidence of "violence,"
- injecting false allegations into discovery and filings,
- contacting Plaintiff's friends in violation of ethical rules,
- submitting a witness, whose public videos contradict counsel's representations,
- misusing public records procedures,
- engaging in personal ridicule of a pro se litigant.

This is a pattern with Mr. Hardin..

## II. LEGAL STANDARD

A district court has broad discretion to disqualify counsel. *EEOC v. Orson H. Gygi Co.*, 749 F.2d 620, 621 (10th Cir. 1984). Courts likewise have wide latitude to impose sanctions—including disqualification—when necessary to address misconduct affecting fairness. *Faison v. Thornton*, 863 F. Supp. 1204  (D. NV. 1993). Because pro hac vice admission is a revocable privilege, the Court may revoke it for "good cause," including ethical violations, under *DUCivR 83-1.1(B)(4).*

## III. FACTUAL BACKGROUND

2

**A. Hardin Improperly Contacted Plaintiff's Friend and Caused Real-World Harm**

On December 4, 2025, Hardin CC'd Plaintiff's acquaintance, W.H., in an email alleging "fraud," "violence," and "attempts to lure women into the desert." **Exhibit A.** The allegations were fabricated and apparently pulled from unvetted online content. Plaintiff had previously instructed Hardin to cease contacting people personally connected to him, in October and in May 2025, when Hardin contacted the same unrelated third party to this case. Mr. Hardin has refused. Plaintiff has sought twice for a protective order against Mr. Hardin and this Court has been mum on whether it will grant it. **Exhibit B.**

Hardin's improper contact caused W.H. to sever a friendship in May 2025 that resulted in emotional and professional harm to Plaintiff. Even after W.H. cut contact, Hardin is still contacting this person, as of 12-4-25.

Plaintiff will say plainly: W.H. is not a witness and ***has nothing to do with the copyright claims of this case. There is zero reason for Hardin to be contacting him.***

**B. Hardin Submitted a Defamatory Public Records Request**

In May 2025, Mr. Hardin submitted a Nevada Public Records Act request to the City of Winnemucca, Nevada, after he found out Greer had been in Winnemucca, practically stalking Plaintiff. In that request, Mr. Hardin portrayed Plaintiff in a malicious and misleading manner. Instead of identifying himself as opposing counsel in a federal copyright case, Mr. Hardin presented himself as an interested member of the public, seeking documents for "public interest" reasons. **Exhibit D**

Mr. Hardin's public-records request contains a series of defamatory statements. Among them, Mr. Hardin asserted that Plaintiff is:

- "documented to have a misdemeanor conviction arising from inappropriate behavior towards one woman in Utah," and
- "the subject of at least three separate protective orders,"
- allegedly demonstrating "unlawful behavior towards women."

3

These claims were misleading.

First, Mr. Hardin entirely omitted that Plaintiff's cited Utah misdemeanor was reduced to a mere traffic violation in 2022. Mr. Hardin further failed to acknowledge the role of Kiwi Farms in instigating that incident: the "victim" of that case, retained attorney Greg Skordas—who represented Taylor Swift, the subject of Greer's infringed book. The victim was referred to Skordas by Kiwi Farms users. The prosecution that resulted was not organic; it was a targeted online harassment campaign, with Kiwi Farmers feeding "the victim" (who has mental health issues) lies about plaintiff, promoting her to pursue charges. Even the Orem City Attorney became aware of Kiwi Farms and it really caused a circus.

Second, the protective orders Mr. Hardin referenced are more than a decade old and were entered only because Plaintiff—acting on misguided advice from family at the time—did not contest them. Each order expired long ago. None involved violence, threats, or any conduct relevant to copyright law, and none involve the witness Hardin is attempting to elevate in this case.

Third, by not disclosing that he was acting as defense counsel in this case, the request came across as a journalist-style inquiry rather than an adversarial litigation tactic. Once he obtained the documents, he assumedly gave them to Mr. Moon, who in turn published them onto Kiwi Farms.

Fourth, this same request is how Mr. Hardin identified and contacted "W.H."—a non-party who was then harassed with false accusations of fraud. Plaintiff and W.H. were stalked by Mr. Hardin through repeated unsolicited emails in which Mr. Hardin implied illegal conduct, again without any evidentiary basis.

**C. Hardin Misrepresented Expired Protective Orders**

Hardin repeatedly references expired or dismissed protective orders as evidence of a "history of violence." These orders are irrelevant, have nothing to do with violence and their inclusion in this case are designed to inflame rather than inform.

### D. Hardin Fabricated Misconduct, Based on False Assumptions About a Sealed Document

Hardin escalated his misconduct by publicly accusing Plaintiff of "IFP fraud," through court filings and emails to plaintiff and his friend. Hardin was making this allegation, based on a sealed filing to which he has never had access.[1] Plaintiff's 2020 in forma pauperis affidavit was submitted under seal pursuant to court rules, and its contents have never been disclosed to Defendants or their counsel. Hardin therefore could not possibly know what was represented in the sealed application. His accusations of "fraud" were unsupported and reckless.

By asserting definitive knowledge of sealed financial information he has never seen, Hardin violated Rules 3.3, 4.1, and 8.4(c) of the ABA and Utah Professional Standards. His accusations were reckless, intended to prejudice Plaintiff, and constitute independent grounds for disqualification.

### E. The Disparity in How Plaintiff and Hardin Are Treated Underscores the Need for Disqualification

The irony of this situation is impossible to ignore. Plaintiff was recently sanctioned—*for a second time*—for allegedly making an unsupported inference about Hardin's compliance with a protective order. Yet Hardin, without access to sealed documents and without any factual basis, repeatedly accused Plaintiff of criminal-level dishonesty ("IFP fraud") and used these accusations to contact and intimidate people close to Plaintiff.

The contrast is stark:

- **Plaintiff** was sanctioned for speculation.

---

[1] Mr. Hardin CC'd Plaintiff's friend in an email and accused Plaintiff of "fraud upon the court" on May 21, 2025. Mr. Hardin repeated this accusation 12-4-25.

- **Hardin** speculated, misrepresented facts, invoked sealed filings he has never seen, and disseminated defamatory allegations through public-records channels.

Yet Hardin faces no consequences.

This disparate treatment demonstrates why disqualification is required. When opposing counsel operates under a false presumption that Plaintiff is inherently dishonest—and when the court appears to credit Hardin's statements, while dismissing Plaintiff's explanations—the integrity of the proceedings is compromised. Disqualification is necessary to restore neutral administration of justice. Me. Hardin has deliberately chosen to stop litigating copyright issues.

Hardin's repeated misuse of public-records tools to "investigate," contact, and even stalk individuals in Plaintiff's life, magnifies the ethical breach. These actions go far beyond zealous advocacy and reflect personal animus, improper purpose, and harassment. No litigant should be forced to continue a case under the shadow of an attorney, who fabricates wrongdoing and weaponizes public processes to intimidate non-parties.

**G. Hardin Relied on an Unvetted Witness Publicly Posting Videos, Mocking Plaintiff, and Revealing Her Location**

After Plaintiff spent roughly eight hours responding to Hardin's pseudonym motion in good faith, Plaintiff discovered that the proposed witness was openly posting YouTube videos and YouTube Shorts in which she:

- shows her face publicly,
- advertises her location ("I'm in Vegas."),
- mocks Plaintiff's disability and appearance,
- calls Plaintiff "the craziest client stalking the brothel scene," and
- repeats sensational, false allegations.[2]

These posts prove she is not fearful, contradicting the entire basis of Hardin's pseudonym motion, and demonstrate Hardin did no vetting whatsoever and wasted both Plaintiff's time

---

[2] Banks also has videos on her channel in which she admits she has committed tortious interference and possibly crimes against Plaintiff, such as boasting, "I ruined his scam!" and "I got him banned from places he has never been!"

opposing the motion and the Court's time entertaining it. **Exhibit C.** In fact, Natalie Banks has a reputation for gossiping about others, as can be clearly seen on her YouTube page, where she trashes clients and other workers.

## IV. ARGUMENT

### A. Hardin's actions demonstrate a sustained pattern of misconduct requiring Court intervention

The factual record shows not an isolated lapse, but a consistent pattern: improper contact, misrepresentations, extrajudicial attacks, public record misuse, personal ridicule, and reliance on unvetted defamatory witnesses. The YouTube revelations are merely the **latest** example. This conduct threatens the fair administration of justice.

### B. Hardin's misconduct raises "ethical questions of a serious nature" under *Weeks*

A motion must be addressed where it "raises ethical questions that are conceivably of a serious nature." *Weeks v. Independent Sch. Dist. No. I-89*, 230 F.3d 1201 (10th Cir. 2000). Hardin's:

- fabricated characterizations,
- improper third-party contacts,
- misuse of sealed allegations,
- unprofessional ridicule, and
- baseless anonymity request

all meet that standard.

### C. Hardin's conduct "tends to taint the underlying trial" under *Hempstead*

Disqualification is appropriate when counsel's actions "tend to taint the underlying trial." *Hempstead Video, Inc. v. Village of Valley Stream*, 409 F.3d 127, 133 (2d Cir. 2005). Here:

- inflammatory allegations from an unvetted witness with disability-mocking content,
- irrelevant personal smears,
- "desert" accusations pulled from online videos,
- and public-records defamation

create precisely the atmospheric prejudice *Hempstead* condemns.

### D. Hardin's actions caused real extrajudicial harm

7

Hardin's improper CC'ing of Plaintiff's acquaintance resulted in the loss of an active friendship. This harm alone exceeds conduct in many cases where attorneys were disqualified.

**E. Courts disqualify attorneys for far less serious misconduct**

Cases such as *Mruz*, *Siupa*, *Pease*, and *Trueblood* demonstrate that courts revoke PHV admission for behavior far less egregious than Hardin's pattern here. His conduct crosses multiple ethical boundaries and has spilled outside the courtroom.[3]

## V. RELIEF REQUESTED

Plaintiff respectfully requests an order:

1. Disqualifying Matthew D. Hardin;
2. Revoking his pro hac vice admission;
3. Requiring Defendants to obtain new counsel;
4. Prohibiting further extrajudicial communications involving Plaintiff's acquaintances.

No monetary sanctions are sought.

## VI. CONCLUSION

Hardin's conduct is incompatible with the duties of candor, fairness, civility, and professionalism required of attorneys—particularly those appearing pro hac vice. The Court should act to prevent further prejudice and protect the integrity of these proceedings.

Respectfully submitted,

Russell Greer
/rgreer/
12-8-25

---

[3] *Mruz v. Caring*, Inc., 107 F. Supp. 2d 596 (D.N.J. 2000); *Siupa v. Astra Tech, Inc.*, No. 10-10525, 2012 WL 6638574 (D. Mass. Dec. 18, 2012); *Pease v. Burns*, 679 F. Supp. 2d 161, 164–69 (D. Mass. 2010); *Johnson v. Trueblood*, 629 F.2d 302 (3d Cir. 1980)

**CERTIFICATE OF SERVICE:**

Pursuant to FRCP 5(b), I certify that on 12-8-25, I served a true and correct copy of the attached document by ECF to all attorneys on record.

**EXHIBIT A**



9:34    .ııl 5G 79

8 Messages
 Greer v Moon et al. (C...   

Good morning, Mr. Greer.

I write because I became aware just before Thanksgiving that Defendants may have an additional witness. While we are still working to confirm the witnesses' contact information and the scope of her knowledge, we are disclosing to you as much information as we presently have and we will supplement this information as we are able:

Name: Natalie Banks (possibly a pseudonym)
Address: Unknown, but possibly in the vicinity of Cleveland, Ohio. Formerly a sex worker in Northern Nevada.
Contact information: https://www.realnataliebanks.com/
Topics of Ms. Banks' knowledge: Notoriety, character & reputation of Russell Greer, past threats of violence by Russell Greer, attempts by Russell Greer to lure women into the Nevada desert, need for archivists and others to retain material about Russell Greer to promote public and personal safety, past vexatious litigation by Russell Greer, Russell Greer's musical and written material and possible fair uses of that material, Russell

         

 **9:34**  5G 79

< **4**    8 Messages
Greer v Moon et al. (C... ^ v

pseudonym)
Address: Unknown, but possibly in the vicinity of Cleveland, Ohio. Formerly a sex worker in Northern Nevada.
Contact information: https://www.realnataliebanks.com/
Topics of Ms. Banks' knowledge: Notoriety, character & reputation of Russell Greer, past threats of violence by Russell Greer, attempts by Russell Greer to lure women into the Nevada desert, need for archivists and others to retain material about Russell Greer to promote public and personal safety, past vexatious litigation by Russell Greer, Russell Greer's musical and written material and possible fair uses of that material, Russell Greer's financial ability to pay for prostitution and other expenses, Russell Greer's LLCs and their management, Russell Greer's fraud on or with Waylon Huber.

Best,

Matthew D. Hardin
**Hardin Law Office**
Direct Dial: 202-802-1948
NYC Office: 212-680-4938
Email: MatthewDHardin@protonmail.com

            

**EXHIBIT B**

9:11    📶 5G 🔋14

Re- Fraud on the Court?  ⌄     Done

From: Russell Greer russmark@gmail.com
Subject: Re: Fraud on the Court?
Date: May 21, 2025 at 10:05:33 AM
To: Matthew Hardin matthewdhardin@gmail.com
Cc: Waylon Huber waylon@robinhoodrealtynv.com
Bcc: russmark@gmail.com

Matthew,

You are insane. This is why I'm pursuing criminal charges against you for stalking . I actually took off work to go to the police to get you to stop. Heading there right now.

First off, stop contacting people connected to me.

Secondly, I never fucking lied. I have said it was investor money I was relying on.

Third, I have two month long emails from Roger saying he was open to it. He withdrew because he claimed the city wouldn't vote for it. That's why I didn't propose the zone at the meeting. I had told the city clerk that we were considering a different property.

I have stated multiple times that I was relying on investors. I never said I personally had the money. I even told Waylon I had little money and was relying on investors.

None of this has to do with copyright. Funny enough, you yourself have roped yourself with criminal charges.

Do not contact me or Waylon again. I also have to file a restraining order against you today

What a good way to lose your law license.

Fuck off. Kindly.

Sent from my iPhone

On May 21, 2025, at 9:16 AM, Matthew Hardin <matthewdhardin@gmail.com> wrote:

Good morning, Mr. Greer,

I have obtained (and am attaching for your reference) the Meeting Minutes from

**EXHIBIT C**



**EXHIBIT D**

From: Russell Greer russmark@gmail.com
Subject: Re: Public Records Request
Date: May 12, 2025 at 10:03:29 AM
To: Betty Lawrence Betty.Lawrence@humboldtcountynv.gov
Cc: Matthew Hardin hardinlawpllc@icloud.com, Anthony Gordon Anthony.Gordon@humboldtcountynv.gov
Bcc: russmark@gmail.com

Hi, Betty

Just so you aware, Mr. Hardin is an attorney for a stalking site called kiwi farms that has been trying to sabotage my life.

Kiwi farms have been linked to three suicides and I'm currently trying to pursue criminal charges against the owner, Joshua moon, for stalking me


Sent from my iPhone

On May 12, 2025, at 9:00 AM, Betty Lawrence <Betty.Lawrence@humboldtcountynv.gov> wrote:


Good morning – Per your request,  I have attached the e-mails between myself and Mr. Greer beginning August 25, 2022 to August 10, 2023.  I have included one from Jessica Smith with the GIS department only because I reference this e-mail in my e-mail of 8/10/2023 to Mr. Greer.

Betty Lawrence
Senior Planning Technician

From: Matthew Hardin <hardinlawpllc@icloud.com>
Sent: Monday, May 12, 2025 8:10 AM
To: Betty Lawrence <Betty.Lawrence@humboldtcountynv.gov>
Cc: Russell Greer <russmark@gmail.com>
Subject: Public Records Request

Good morning, Ms. Lawrence.

Pursuant to the Nevada Public Records Act, I hereby request copies of any email

correspondence in your custody, which email correspondence:

1) Is to or from an individual named Russell Greer; and
2) Relates to  the topic of adult entertainment or prostitution; and
3) Is dated at any time within the past four calendar years.

Pursuant to *Las Vegas Review Journal v. Clark County School District*, 134 Nev. Adv. Op. 84 (2018), I wish to inform you that there is extensive public interest in the release of these documents. Specifically, Mr. Greer appears to be a prolific advocate for prostitution in rural communities across Nevada and elsewhere, and also a prolific litigant in the federal and state courts on topics both related and unrelated to prostitution. Mr. Greer is also documented to have a misdemeanor  conviction arising from inappropriate behavior towards one woman in Utah, and has been the subject of at least three separate personal protection or restraining orders, all of which arise from further allegations of unlawful behavior towards women. Additionally, Mr. Greer appears to have made representations to the U.S. District Court for the District of Utah on May 2, 2025 that he could not attend a virtual hearing scheduled in that Court on May 6, 2025 because he would be attending an "emergency" meeting of the Winnemucca City Council of which he did not have advance notice, apparently with reference to a topic on which he has communicated with you and perhaps other Humboldt County officials regarding various lots in Winnemucca.

Public records you might release in response to this request will shed light not only on Mr. Greer's broader advocacy for the expansion of prostitution in Humboldt County and his behavior towards women, but will also shed light on the extent to which Mr. Greer has been honest or dishonest to the federal court in Utah.

Thank you for your prompt attention to this request. Please let me know if you need any further information from me to facilitate your search for records or to evaluate the extent of the public interest in their release. On information and belief, Mr. Greer may have used russmark@gmail.com or russellgreer27@icloud.com to communicate with you.

Thank you,

**Matthew D. Hardin**
**Hardin Law Office**

Direct Dial: 202-802-1948
NYC Office: 212-680-4938
Email: MatthewDHardin@protonmail.com

<Records Request-Greer.pdf>

From: Russell Greer russmark@gmail.com
Subject: Re: Fraud on the Court?
Date: May 21, 2025 at 10:05:33 AM
To: Matthew Hardin matthewdhardin@gmail.com
Cc: Waylon Huber waylon@robinhoodrealtynv.com
Bcc: russmark@gmail.com

Matthew,

You are insane. This is why I'm pursuing criminal charges against you for stalking .
I actually took off work to go to the police to get you to stop. Heading there right
now.

First off, stop contacting people connected to me.

Secondly, I never fucking lied. I have said it was investor money I was relying on.

Third, I have two month long emails from Roger saying he was open to it. He
withdrew because he claimed the city wouldn't vote for it. That's why I didn't
propose the zone at the meeting. I had told the city clerk that we were considering
a different property.

I have stated multiple times that I was relying on investors. I never said I personally
had the money. I even told Waylon I had little money and was relying on investors.

None of this has to do with copyright. Funny enough, you yourself have roped
yourself with criminal charges.

Do not contact me or Waylon again. I also have to file a restraining order against
you today

What a good way to lose your law license.

Fuck off. Kindly.

Sent from my iPhone

On May 21, 2025, at 9:16 AM, Matthew Hardin <matthewdhardin@gmail.com> wrote:

Good morning, Mr. Greer,

I have obtained (and am attaching for your reference) the Meeting Minutes from the May 6, 2025 City Council meeting in Winnemucca. I note two interesting items in these minutes:

*First*, it appears you told the Winnemucca City Council that you had attempted to purchase the Scott Shady motel.  But you made this offer to purchase a substantial piece of commercial real estate while simultaneously professing to the U.S. District Court in Utah that you were too poor to pay $402 in filing fees and $1,000 in sanctions awarded for your "recalcitrant" behavior. The owners, apparently, were not willing to sell. But you decided it was an "emergency" to rezone their property anyway, and told the U.S. District Court you could not possibly attend a hearing there on May 6 because of this "emergency" in Winnemucca.

*Second*, it appears you attempted to acquire and rezone property without the consent of the property owner. As reflected in public comments from Roger Baylocq, the Scott Shady Court Motel — which promotes itself as being "family friendly" in all its advertisements — was unaware of your rezoning request until they saw it appear on a City Council Agenda. This family-friendly motel was particularly troubled to see its name appear in connection with your brothel advocacy on a public City Council Agenda, for the first time at your request and without even notifying them or obtaining their consent.

This appears to prove not only that you committed a fraud on the Utah U.S. District Court when you represented to that Court that you had an "emergency" in Winnemucca on May 6, but also that you committed a fraud when you told that Court that you were financially unable to pay court costs and the judgments which have been entered against you. Sadly, this is yet another instance in which we will have to seek sanctions. And even more unfortunately, you appear to have also roped a Winnemucca realtor into your frauds, and made him a witness. Do you have any explanation at all for why you should not be sanctioned in Utah for this blatant misrepresentation?

Best,

**Matthew D. Hardin**
**Hardin Law Office**
Direct Dial: 202-802-1948
NYC Office: 212-680-4938
Email: MatthewDHardin@protonmail.com

 **M050625 SIGNED.pdf**
264 KB

On May 21, 2025, at 11:26 AM, Russell Greer <RussMark@gmail.com> wrote:

Thanks for the email, Mr. Stalker

Russell Greer
CEO of ID LLC/Paralyzed Face Productions/CART U
NV Bus. License #NV20222557279
www.russellgreer.com
IMDB Profile: https://www.imdb.com/name/nm10428966/?ref_=ext_shr_lnk

Sent from my iPhone

On May 21, 2025, at 7:54 AM, Matthew Hardin <matthewdhardin@gmail.com> wrote:

Good morning,

Please see the attached proposed order. I am unclear whether this order should be reviewed by Magistrate Judge Bennett or District Judge Barlow, so I am copying both chambers.

Thank you,

Matthew D. Hardin
**Hardin Law Office**
Direct Dial: 202-802-1948
NYC Office: 212-680-4938
Email: MatthewDHardin@protonmail.com
<ProposedOrderExtTimeGreer.docx>