**Matthew D. Hardin (*pro hac vice*)**
**HARDIN LAW OFFICE**
101 Rainbow Drive # 11506
Livingston, TX 77399
Telephone: (202) 802-1948
Email: MatthewDHardin@gmail.com
*Attorney for Defendants*
*Joshua Moon and Lolcow, LLC*

THE UNITED STATES DISTRICT COURT
DISTRICT OF UTAH

| | |
|---|---|
| RUSSELL GREER,<br><br>Plaintiff, | **DEFENDANTS' REPLY MEMORANDUM OF LAW IN FURTHER SUPPORT OF MOTION FOR NATALIE BANKS TO PROCEED UNDER A PSEUDONYM** |
| v. | Case No. 2:24-cv-00421-DBB |
| JOSHUA MOON, *et al*.<br><br>Defendants. | District Judge David Barlow<br>Magistrate Judge Jared C. Bennett |

NOW COME Defendants, Joshua Moon and Lolcow, LLC, by and through their undersigned counsel, and file this Reply Memorandum of Law in Further Support of their Motion for Natalie Banks to Proceed Under a Pseudonym. ECF No. 397.

   **I.   Introduction**

Mr. Greer makes two arguments in opposition to Defendants Motion for Natalie Banks to Proceed under a Pseudonym. ECF No. 397. First, Mr. Greer argues Ms. Banks does not have any relevant testimony, or perhaps that she is lying or has some ill-motive for offering testimony in this case. That argument is not properly before the court at this stage: All that has happened is that Defendants have disclosed Ms. Banks under Fed. R. Civ. P. 26 (a)(1)(A), as they are legally obligated to do. Discovery in this matter is

stayed and Ms. Banks has not been set for any deposition. Needless to say, Ms. Banks' testimony cannot be taken at a trial that has not yet been scheduled in this matter. The Court will presumably have the opportunity to litigate whether Ms. Banks' testimony is relevant and admissible at some later juncture, and any appropriate cross-examination or challenge to the veracity of her testimony can be taken up at that time.

This brief therefore focuses on Mr. Greer's second argument: that Ms. Banks has no reason to be apprehensive of disclosing her true name and address in this litigation, and that she should freely disclose her full contact information to an individual with a documented history of stalking both Ms. Banks and several other women. Mr. Greer is entirely incorrect on that point, and Defendants have now obtained a Declaration from Natalie Banks specifying her apprehensions in granular detail. Exhibit A.

## II. Standard of Review

As Mr. Greer acknowledges, proceeding under a pseudonym is appropriate when there is a real risk of danger. ECF No. 399 at 2. Defendants entirely agree.

## III. Argument

The original motion in this matter alleged that Mr. Greer has a documented history of threats towards women, that has resulted in at least three personal restraining orders in two states, and that he has a documented history of intimidation to Ms. Banks and one of her colleagues specifically. ECF No. 397 at 4 *et seq*. Defendants sought for Ms. Banks to proceed under a pseudonym, but alternatively alleged that Ms. Banks name under Utah common law was Natalie Banks and that was sufficient. *Id*. at 7.

Mr. Greer says the restraining orders against him are all too old to matter, and are "misrepresented" anyway. ECF No. 399 at 3. Mr. Greer says Defendants are not

worried about Ms. Banks' safety at all, and that the true problem is not documented judicial findings that the Plaintiff has endangered women, but is instead kink-shaming of Mr. Greer. *Id*. at 4. And Mr. Greer argues that the fact that Ms. Banks is well-known under a pseudonym somehow makes her unable to proceed as a pseudonym in this case. *Id*. at 8-9. None of these arguments have any merit. Mr. Greer failed entirely to address the argument that Ms. Banks is truly known by her pseudonym by operation of the common law.

**a) Mr. Greer's restraining orders support the inference that he is dangerous to women, including Ms. Banks.**

Mr. Greer acknowledges three restraining orders have been issued to protect women from him, although he says (without citation or any support) that one of them was somehow reduced to a traffic infraction. Id. at 3-4. Mr. Greer even acknowledges that two of those restraining orders were issued to sex workers similarly-situated to Ms. Banks: Ms. Walters and Ms. Adams. *Id*. at 3. In another of his recent filings, Mr. Greer states he was entirely innocent of any wrongdoing towards the third woman, who he accuses of having mental health issues, and that he accepted a criminal guilty plea arising from his threats against a Utah woman only because of pressure from his family. ECF No. 400 at 4.

To say the least, Ms. Banks is not encouraged by Mr. Greer's failures to take any responsibility for his wrongdoing, or to show that he is a changed man since those restraining orders were entered. But Ms. Banks' Declaration, attached hereto as Exhibit A, throws further cold water on Mr. Greer's assertions: Ms. Banks states that she listened to Mr. Greer's criminal sentencing hearing from 2020, and identified that Mr. Greer's current behaviors mirror the behaviors at issue in that case. *Id*. at ¶ 10. She also states

that she is aware of a fourth protective order, issued to a colleague of hers. *Id*. at ¶ 12. Ms. Banks further has access to a database used by sex workers to verify or screen clients, and notes that Mr. Greer is listed as the recipient of multiple negative reports in that database. *Id*. at ¶ 13-14.

Certainly, none of this information indicates Mr. Greer has somehow changed since his first protective orders were issued in Reno. To the contrary, his behavior has continued more or less uninterrupted to the present day. And because he fails to take any responsibility for his past actions, Ms. Banks and others are apprehensive that history will repeat itself.

**b) Mr. Greer's contacts with Ms. Banks are particularly alarming.**

Mr. Greer says that he engaged in consensual flirtation with Ms. Banks, and that Defendants are "sensationalizing" his particular past conduct directed at Ms. Banks. ECF No. 399 at 4-5. As explained in Ms. Banks' attached declaration, that could not be further from the truth, and Mr. Greer's apparent assumption that he can do whatever he wants when the target of his behavior is a sex worker is particularly alarming in the modern world. Note that Mr. Greer does not allege he was Ms. Banks' client or, because he was not. He simply saw her as a target that was unable to say no due to her profession.

Ms. Banks explains in her attached declaration that Mr. Greer's conduct is unwelcome and unusual, even in the context of communications taking place at brothels. Banks Declaration at ¶ 6 (a). And she explains that Mr. Greer personally tracked her to two very small towns in Nevada, then sent her emails to announce that he knew where she was. *Id*. at ¶¶ 6 (b) and 9. Mr. Greer has specifically sought the private contact information of other sex workers, *id*. at ¶ 7, and tried to recruit Ms. Banks herself to work

at a non-existent brothel (with, one presumes, equally non-existent security measures). *Id*. at 6 (c). Mr. Greer refuses to take no for an answer. Id. at ¶ 7.

Defendants are not kink-shaming Mr. Greer. They are trying to protect Ms. Banks from threats she is unfortunately all-to-familiar with.

**c) Ms. Banks' notoriety is itself under a pseudonym and will not protect her from Mr. Greer's wrath or the potential of danger from other sources.**

Mr. Greer says that Ms. Banks has a public persona on social media. ECF No. 399 at 8. From this, Mr. Greer concludes that she must be exposed under her true name and address. *Id*.

True, Ms. Banks is a well-known sex worker. Banks Declaration at ¶ 3. And apparently that makes many men, including Russell Greer himself, feel they can treat her however they want to. ECF No. 399 at 4-5. But Ms. Banks keeps her personal life separate from her sex work. Banks Declaration at ¶¶ 2, 5, 16. And Mr. Greer himself offers no evidence that he knows her legal name (or that Defendants do), or that her public persona is under any identity other than Natalie Banks. That's because the entirety of Ms. Banks' public presence is under a pseudonym (the same pseudonym she seeks to use in this Court).

**d) Mr. Greer has not addressed the alternative theory that Ms. Banks' common law name is sufficient.**

Citing *In re Cruchelow*, 926 P.2d 833, 834 (Utah 1996), Defendants argued that Ms. Banks is commonly known by Natalie Banks and that she may proceed in this matter under that name regardless of whether it is the name that reflects on her birth certificate or driver's license. Mr. Greer made no response at all to that argument. Therefore, he

has conceded it. Therefore, regardless of how the Court rules on the rest of Defendants' motion, Ms. Banks should proceed in this matter under her common law name.

### IV. Conclusion

For the reasons set forth above and in Ms. Banks' declaration, this Court should permit Natalie Banks to proceed in this matter using her established pseudonym, which is alternatively her legal name under the common law, and should not require her to disclose her legal identity or address to Russell Greer.

DATED December 8, 2025

                                        **HARDIN LAW OFFICE**

                                        _/s/ Matthew D. Hardin_
                                        **Matthew D. Hardin**
                                        *Attorney for Defendants*
                                        *Joshua Moon and Lolcow, LLC*