**Matthew D. Hardin (*pro hac vice*)**
**HARDIN LAW OFFICE**
101 Rainbow Drive # 11506
Livingston, TX 77399
Telephone: (202) 802-1948
Email: MatthewDHardin@gmail.com
*Attorney for Defendants*
*Joshua Moon and Lolcow, LLC*

THE UNITED STATES DISTRICT COURT
DISTRICT OF UTAH

| | |
|---|---|
| RUSSELL GREER,<br><br>Plaintiff,<br><br>v.<br><br>JOSHUA MOON, *et al*.<br><br>Defendants. | **DEFENDANTS' MOTION TO STRIKE PLAINTIFF'S MOTION TO DISQUALIFY AND ALTERNATIVE MOTION FOR EXTENSION OF TIME AND FOR AN EVIDENTIARY HEARING**<br><br>Case No. 2:24-cv-00421-DBB<br><br>District Judge David Barlow<br>Magistrate Judge Jared C. Bennett |

NOW COME Defendants, Joshua Moon and Lolcow, LLC, by and through their undersigned counsel, and file this Motion to Strike Mr. Greer's Motion to Disqualify undersigned counsel, ECF No. 400, and alternative Motion for an Extension of Time to Respond and for an Evidentiary Hearing. Defendants state as follows:

1.      This is not the Plaintiff's first attempt to pick who defends his legal opponents. The Court will recall that Mr. Greer was initially dissatisfied with defense counsel Greg Skordas, too. ECF No. 31-1 at 3 *et seq*. And Mr. Greer intervened in a lawsuit in Nevada specifically for the purpose of seeking to disbar another attorney and

presumably render him unable to represent his clients.[1] ECF No. 239-2. Certainly, Mr. Greer tends towards the belief that he, rather than his legal adversaries, should get to pick who represents who. But the law recognizes the exact opposite presumption: parties choose their own counsel. *P&G v. Haugen*, 183 F.R.D. 571, 574 (D. Utah 1998).

2.      Joshua Moon and Lolcow, LLC have made their choice. "Disqualification of counsel is a drastic measure that courts should be hesitant to impose except when absolutely necessary" because it "separates a party from the counsel of its choice with immediate and measurable effect." *Harkins v. House*, 638 S.W.3d 346, 352 (Ky. 2021) (internal quotations omitted). Indeed, the usual motivation behind a motion to disqualify is "to gain a tactical advantage and wrest control of attorney selection from the opposition." *Id*. at 354.

3.      Even where a party can show some sort of *faux pas* on the part of opposing counsel (and Mr. Greer cannot), it does not necessarily follow that disqualification is the appropriate remedy. *Haugen*, 183 F.R.D. at 574, citing *Weider Sports Equipment Co. v. Fitness First, Inc.*, 912 F. Supp. 502 (D. Utah 1996). The Court must consider the "egregiousness of the violation, prejudice, and diminution of counsel's effectiveness…" *Haugen*, 183 F.R.D. at 574. But Mr. Greer's motion assumes the conclusion and does not address these factors at all.

4.      Although Mr. Greer expressly seeks to disqualify counsel *as a sanction*, ECF No. 400 at 2, Mr. Greer cannot point to any established violation of applicable rules

---

[1] According to Mr. Greer's own filings, he also sought bar discipline against Mr. Skordas. ECF No. 31. Mr. Greer has repeatedly threatened to report undersigned counsel to both the Virginia State Bar and the police, but to undersigned counsel's knowledge he has not done so. ECF Nos. 239, 305. Indeed, Mr. Greer expressly tied his threats to report counsel to law enforcement to settlement demands. ECF No. 321-1.

of legal ethics or of any court order. Indeed, Mr. Greer's prior Motions for Sanctions have been denied. ECF No. 271 and 272. And much of the conduct Mr. Greer complains of is currently before the court in two separate motions for a protective order, neither of which have been granted. ECF Nos. 314 and 394. Mr. Greer appears to seek disqualification in an effort to pile on to his previous (and thus far unsuccessful) motions, rather than on any independent basis. And Mr. Greer does not come to the court with clean hands; Plaintiff has a documented history of false accusations that undersigned counsel has behaved inappropriately. ECF No. 391. Mr. Greer has already been sanctioned for his false accusations against undersigned counsel, and repeats his bad faith tactics with the instant Motion to Disqualify.

5.     Not only has Mr. Greer sought disqualification *expressly as a sanction* without following the ordinary procedures of Fed. R. Civ. P. 11 requiring notice to undersigned counsel before a motion is filed with the court. Mr. Greer has also offered virtually no analysis to support his conclusions: Five cases are cited only for the general proposition that courts have the power to disqualify counsel when there is an ethical or legal violation. ECF No. 400 at 2, 7.[2] Four cases supposedly show that other courts have revoked *pro hac vice* status "for behavior far less egregious than Hardin's pattern here." *Id*. at 8. But what "Hardin's pattern" is, and how it relates to conduct in those four cases, is known only to Mr. Greer. There isn't any pinpoint cite to any specific proposition in those cases, nor any discussion of any of the specific conduct in those case. Having taken the trouble to read the cases Mr. Greer cites, none of them appear to have any similarity to the facts of this case, and undersigned counsel is bewildered as to what

---

[2] This unremarkable proposition is beyond dispute. Defendants readily acknowledge that the Court has the power to disqualify counsel, the only question is whether that power should be exercised.

conduct of his own is being compared or contrasted to what conduct of other attorneys. Mr. Greer's allegations are so general and bereft of analysis that an intelligent response is effectively impossible.

6. Because Mr. Greer's Motion to Disqualify was likely filed in bad faith or in an attempt to evade Fed. R. Civ. P. 11, which is the ordinary and proper route to seek sanctions against counsel, Defendants respectfully submit that it is in the interest of judicial economy for this Court to strike Mr. Greer's Motion to Disqualify and require Mr. Greer to proceed under Rule 11 if he believes that undersigned counsel is guilty of some sort of sanctionable conduct. Mr. Greer could easily seek disqualification as a remedy under Rule 11, after following the proper procedures.

7. Alternatively, Defendants respectfully request an extension of time of thirty days to respond to Mr. Greer's Motion to Disqualify, which will require the defense to dispute many of Mr. Greer's factual assertions. Defendants expressly note here that they expect testimony from Waylon Huber will be required to address Mr. Greer's allegations that contact with that witness was improper. Mr. Huber initially offered to provide testimony in the form of a declaration in June 2025 so that no live testimony would be required, but he later backtracked and Defendants now believe there is no feasible alternative to live testimony from Mr. Huber. This testimony will be required in order to effectively challenge Mr. Greer's assertions relating to counsel's contacts with that individual, which Mr. Greer characterizes as inappropriate and which undersigned counsel asserts were entirely legitimate and proper.

WHEREFORE, Defendants respectfully request that this Court strike Mr. Greer's Motion to Disqualify and require Mr. Greer to proceed under Fed. R. Civ. P. 11 if he seeks sanctions. Alternatively, Defendants request thirty additional days to file a

response to Mr. Greer's motion, and further request that the Court schedule an evidentiary hearing at which the factual issues raised in Mr. Greer's Motion can be fully explored.

DATED December 9, 2025

**HARDIN LAW OFFICE**

 /s/ Matthew D. Hardin
**Matthew D. Hardin**
*Attorney for Defendants*
*Joshua Moon and Lolcow, LLC*