**EXHIBIT A**

**From:** Matthew Hardin matthewdhardin@gmail.com
**Subject:** Re: Activity in Case 2:24-cv-00421-DBB-JCB Greer v. Moon et al Reply Memorandum/Reply to Response to Motion
**Date:** December 8, 2025 at 10:37 PM
**To:** Russell Greer russmark@gmail.com

Good evening, Mr. Greer.

Unfortunately, whether you or a witness *wants* that witness to be involved is irrelevant. The simple fact is that anybody with relevant information must be disclosed under Rule 26. If discovery reopens before this case is dismissed, any individual with knowledge will also be subject to a subpoena. There's even an entire body of law addressing hostile witnesses and compelled witnesses. As a trained paralegal, I'm sure you're familiar with that.

I agree that it is very unfortunate that you listed Waylon Huber as your business partner in an email and a filing with the Nevada Secretary of State, during a time you falsely claimed to be impoverished (but also to have sufficient financial resources to build and/or buy a brothel). Sadly, that means Mr. Huber has information we need in this case. I wish it were otherwise, but you have made it unavoidable. You then went even further, accusing counsel of wrongfully contacting Mr. Huber. He is thus now a witness not only for his underlying knowledge of your business dealings, but also to rebut your false allegations that contact with him was improper. And before you say this is moot, you should take a look at 28 USC 1915 (e)(2), which expressly provides that a Court must dismiss a lawsuit *even if the filing fee or a portion of it is later paid*.

This is perhaps why you should think before you file things, rather than afterwards. It's always easier to avoid creating a mess beforehand than it is to clean it up later.

Thanks again for reaching out,

**Matthew D. Hardin**
**Hardin Law Office**
Direct Dial: 202-802-1948
NYC Office: 212-680-4938
Email: MatthewDHardin@protonmail.com

***The information contained in this message may be privileged. It is intended by the sender to be confidential. If you suspect you may not be the intended recipient, please notify the sender and delete all copies.***

> On Dec 8, 2025, at 3:10 PM, Russell Greer <russmark@gmail.com> wrote:
>
> Sir
>
> Why are you acting like this? This is not normal. This only reinforces that you need to be disqualified.
>
> He does not want to be in this case. I only mentioned him because YOU were snooping around in winnemucca and contacting people not related to this case.
>
> I am asking you kindly. Stop.
>
>
> Sent from my iPhone
>
>> On Dec 8, 2025, at 10:11 AM, Matthew Hardin <matthewdhardin@gmail.com> wrote:
>>
>> Mr. Greer,
>>
>> As I predicted might happen, you have now made Waylon Huber an indispensable witness in this case because I need his testimony to respond to your latest motion. I therefore disclose as follows;
>>
>> Name: Waylon Huber
>> Phone: 775-527-0272
>> Email: Waylon@robinhoodrealtynv.com
>> Address: 750 S Grass Valley Rd., Suite B, Winnemucca, Nevada, 89445
>>
>> Scope of knowledge: All information regarding Intimate Dealings LLC and any affiliated LLC owned by Russell Greer in whole or in part, including but not limited to ID NV LLC, and their dealings, records, or management. Russell Greer's search for real estate in or near Winnemucca and financial resources required to purchase land in that vicinity. Russell Greer's representations regarding his financial abilities to governmental officials. Russell Greer's business and legal knowledge and training, Russell Greer's attempts and ability to recruit prostitutes to work in Northern Nevada.
>>
>> Best,
>>
>> **Matthew D. Hardin**
>> **Hardin Law Office**
>> Direct Dial: 202-802-1948
>> NYC Office: 212-680-4938
>> Email: MatthewDHardin@protonmail.com
>>
>> ***The information contained in this message may be privileged. It is intended by the sender to be confidential. If you suspect you may not be the intended recipient, please notify the sender and delete all copies.***

you may not be the intended recipient, please notify the sender and delete all copies.

On Dec 6, 2025, at 12:27 PM, Matthew Hardin <matthewdhardin@gmail.com> wrote:

Mr. Greer:

I have not yet named Waylon Huber as a witness in this case. As you continue to bring him up in filings, however, you are creating a situation where I may need to name him to defend against the accusations you keep making. I am not telling you what to do, you can obviously make your own decisions as to whether you want to keep mentioning Mr. Huber in your filings. But the more you do that, the more likely it becomes that I will have to name him as a witness.

Best,

**Matthew D. Hardin**
**Hardin Law Office**
Direct Dial: 202-802-1948
NYC Office: 212-680-4938
Email: MatthewDHardin@protonmail.com

***The information contained in this message may be privileged. It is intended by the sender to be confidential. If you suspect you may not be the intended recipient, please notify the sender and delete all copies.***

On Dec 5, 2025, at 6:21 PM, utd_enotice@utd.uscourts.gov wrote:

**This is an automatic e-mail message generated by the CM/ECF system. If you need assistance, call the Help Desk at (801)524-6100. ***NOTE TO PUBLIC ACCESS USERS*** Judicial Conference of the United States policy permits attorneys of record and parties in a case (including unrepresented parties) who receive notice by email to receive one free electronic copy of all documents filed electronically, if receipt is required by law or directed by the filer. PACER access fees apply to all other users. Access to the one free electronic copy expires as designated by PACER. To avoid incurring charges later, download and save a copy of the document during the first access. However, if the referenced document is a transcript, the free download restrictions and 30-page limit do not apply.**

***NOTICE REGARDING MAILING COPIES OF NEFS AND DOCUMENTS*** The court will mail a copy of the NEF and associated document of court-generated documents (e.g., reports and recommendations, orders, and notices of hearings) to parties who are not registered to receive electronic notice, as indicated under "Notice has been delivered by other means to. . . ". The court will not mail NEFs and documents of party-generated filings to any party (including the filing party) even if the "Notice has been delivered by other means to. . . " states otherwise. The filing party is responsible for serving a copy of the NEF or document on parties who do not receive electronic notice.

US District Court Electronic Case Filing System

District of Utah

**Notice of Electronic Filing**

The following transaction was entered on 12/5/2025 at 4:21 PM MST and filed on 12/5/2025

**Case Name:**      Greer v. Moon et al
**Case Number:**    2:24-cv-00421-DBB-JCB
**Filer:**          Russell G. Greer
**Document Number:** 396

**Docket Text:**
**REPLY to Response to Motion re [394] MOTION for Protective Order and Memorandum in Support filed by Plaintiff Russell G. Greer. (alf)**

**2:24-cv-00421-DBB-JCB Notice has been electronically mailed to:**

Stewart B. Harman     stewart.harman@bachhomes.com, aanderson@pckutah.com

Matthew D. Hardin     matthewdhardin@gmail.com, matthewdhardin@ecf.courtdrive.com, matthewdhardin@protonmail.com

Russell G. Greer     russmark@gmail.com

**2:24-cv-00421-DBB-JCB Notice has been delivered by other means to:**

The following document(s) are associated with this transaction:

**Document description:** Main Document
**Original filename:** n/a
**Electronic document Stamp:**
[STAMP dcecfStamp_ID=1060034973 [Date=12/5/2025] [FileNumber=6355268-0
] [3fec54195c889fb22a2755bcc313873e443a601378c4d5fd69a1c8d180523134102