Russell Greer
1100 Dumont Blvd
Apt 139
Las Vegas, NV 89169
801-895-3501
russmark@gmail.com
Pro Se Litigant

## IN THE UNITED STATES DISTRICT COURT

## DISTRICT OF UTAH

| | |
|---|---|
| **RUSSELL GREER**  Plaintiff  v.  **JOSHUA MOON ET AL**,  Defendants | **RESPONSE IN OPPOSITION TO DEFENDANTS' MOTION TO STRIKE PLAINTIFF'S MOTION TO DISQUALIFY AND FOR EXTENSION AND EVIDENTIARY HEARING**  Case No.:   2:24-cv-00421-DBB-JCB |

1

INTRODUCTION

Plaintiff Russell Greer submits this **Response in Opposition** to Defendants' Motion to Strike Plaintiff's Motion to Disqualify Defense Counsel, and for Extension and Evidentiary Hearing (ECF No. 402). The motion to strike is meritless and should be denied. It misrepresents the nature of Plaintiff's motion, distorts the facts, and ignores controlling legal authority.

**I. PLAINTIFF'S MOTION TO DISQUALIFY IS NOT A RULE 11 MOTION**

Plaintiff's Motion to Disqualify (ECF No. 400) is a pretrial motion seeking to remove Defendants' counsel from the case, due to serious and repeated ethical violations. It does **not** seek sanctions under Federal Rule of Civil Procedure 11, nor does it request any monetary penalties.

On the contrary, the motion clearly states: "No monetary sanctions are sought." (ECF No. 400 at 8)

As courts within the Tenth Circuit have repeatedly held, Rule 11's 21-day "safe harbor" requirement applies **only** to motions that explicitly seek sanctions under Rule 11. See *Waggoner v. Marsh*, No. 25-CV-254 (N.D. Okla. Aug. 4, 2025)[1] *Jackson v. BOK Financial*, No. 24-CV-297 (D.N.M. Sept. 29, 2025) . Further, a simple Google search confirms this. Disqualification motions are based on ethical obligations and the court's supervisory authority—not Rule 11—and therefore are not subject to Rule 11(c)(2)'s procedural requirements. Plaintiff filed his motion under *DUCivR 83-1.1(B)(4)* (see ECF 400, page 2).

---

[1] In *Waggoner v. Marsh*, No. 25-cv-00254-JFH-SH (N.D. Okla. Aug. 4, 2025), the court held that Rule 11's 21-day "safe harbor" provision applies only when a party moves for sanctions specifically under Rule 11. There, the court declined to consider a Rule 11 motion because the safe harbor was not followed—but notably did **not** apply that requirement to accompanying motions for disqualification brought under local rules and ethical standards. This reinforces that safe harbor procedures are not required for motions to disqualify, such as Plaintiff's motion under DUCivR 83-1.4 and applicable professional conduct rules. (https://law.justia.com/cases/federal/district-courts/oklahoma/okndce/4:2025cv00254/72866/89/)

## II. DEFENSE COUNSEL MISREPRESENTS THE RECORD

### A. Plaintiff Never Tied Police Action to Settlement

Defendants falsely claim Plaintiff "expressly tied his threats to report counsel to law enforcement to settlement demands." (ECF 402 at 2). This is a gross misrepresentation. In the May 2025 emails attached as Exhibit B to the disqualification motion, Plaintiff stated:

"You are insane. This is why I'm pursuing criminal charges against you for stalking."

There is no mention of settlement or negotiations. Plaintiff was referring to stalking conduct, including repeated contact with third parties such as Waylon Huber. Plaintiff ultimately pursued a protective order in this Court, instead of filing a criminal complaint, but both were legitimate responses to ongoing harassment—not litigation tactics.[2]

### B. Hardin Admits Retaliatory Subpoena of Waylon Huber

On page 4 of the motion to strike, Defendants' counsel states: "Defendants expressly note here that they expect testimony from Waylon Huber will be required…"

This is not a legitimate litigation act. It is a blatant admission of retaliatory intent. Mr. Huber is a private individual with no connection to the subject matter of this case—he is not a party, not a witness to any copyright infringement, and has already cut off contact with Mr. Hardin after prior unsolicited outreach.

Hardin's insistence on dragging Mr. Huber into this matter is not about discovering facts. It is about punishing Plaintiff for seeking to disqualify him. Courts do not tolerate lawyers using subpoenas as tools of intimidation.

---

[2] Since Hardin filed his pseudonym motion, Kiwi Farms users have ramped up their stalking of me. Plaintiff is figuring out how to press charges against the John Does who have been stalking him.

**Plaintiff can assure this Court that if Mr. Hardin issues a retaliatory, unprofessional subpoena against Mr. Huber—a person who has no connection to the copyright claims at issue—Plaintiff will escalate this matter to the Virginia State Bar..[3]**

Plaintiff has deliberately refrained from doing so up to this point in the good faith hope that Mr. Hardin would cease this behavior; however, if Hardin continues to misuse litigation powers to target personal contacts, Plaintiff will be left with no other recourse.

### III. MOTION TO STRIKE IS IMPROPER AND UNNECESSARY

Defendants argue that the disqualification motion should be stricken solely due to procedural formalities; however,, striking a motion is an extreme remedy, appropriate only for "redundant, immaterial, impertinent, or scandalous" material under Rule 12(f). The Motion to Disqualify contains none of those defects. If the Court has any concern about the procedural posture of the motion, Plaintiff respectfully requests that the Court permit correction, or set a hearing to address the substance of the misconduct.

### CONCLUSION

Defense counsel's motion is an attempt to shield himself from serious allegations by relying on a procedural rule that does not apply. Plaintiff's motion seeks disqualification, based on unethical conduct—not Rule 11 sanctions. The Court should deny the motion to strike, and if necessary, set this matter for a hearing

Respectfully submitted,

Russell Greer
/rgreer/
12-10-25

---

[3] Mr. Huber is not a witness in this case. Plaintiff had prior online contact with him, and met him once in person earlier this year during a visit to Winnemucca. Mr. Huber has no knowledge of Plaintiff's creative works, copyrights, or any issue before the Court. Mr. Hardin's repeated efforts to involve Mr. Huber have created an embarrassing and unjustified situation that serves no legitimate litigation purpose

**CERTIFICATE OF SERVICE:**

Pursuant to FRCP 5(b), I certify that on 12-10-25, I served a true and correct copy of the attached document by ECF to all attorneys on record.