**Matthew D. Hardin (*pro hac vice*)**
**HARDIN LAW OFFICE**
101 Rainbow Drive # 11506
Livingston, TX 77399
Telephone: (202) 802-1948
Email: MatthewDHardin@gmail.com
*Attorney for Defendants*
*Joshua Moon and Lolcow, LLC*

THE UNITED STATES DISTRICT COURT
DISTRICT OF UTAH

| | |
|---|---|
| RUSSELL GREER,<br><br>    Plaintiff,<br><br>v.<br><br>JOSHUA MOON, *et al*.<br><br>    Defendants. | **DEFENDANTS' REPLY MEMORANDUM OF LAW IN FURTHER SUPPORT OF MOTION TO STRIKE PLAINTIFF'S MOTION TO DISQUALIFY AND ALTERNATIVE MOTION FOR EXTENSION OF TIME AND FOR AN EVIDENTIARY HEARING**<br><br>Case No. 2:24-cv-00421-DBB<br><br>District Judge David Barlow<br>Magistrate Judge Jared C. Bennett |

NOW COME Defendants, Joshua Moon and Lolcow, LLC, by and through their undersigned counsel, and file this Reply Memorandum of Law in further support of their Motion to Strike Plaintiff's Motion to Disqualify and Alternative Motion for an Extension of Time and for an Evidentiary Hearing. ECF No. 402. Defendants state as follows:

1.      Mr. Greer appears to concede that the Defendants are entitled to two of the three forms of relief they seek: an extension of time and an evidentiary hearing. Mr. Greer doesn't mention the request for an extension of time at all in his brief. ECF No. 405. As for the hearing, Mr. Greer apparently agrees with the Defendants, requesting

that the court "set a hearing to address the substance of the misconduct" of which he accuses undersigned counsel. ECF No. 405 at 4.

  2. The Court need not presently address the issue of what witnesses need to appear at an evidentiary hearing in this matter, and can adjudicate any motion to quash a future subpoena at the appropriate time. Defendants are unclear, however, how Mr. Greer expects the Court to address the "substance of the misconduct" he alleges undersigned counsel engaged in without any testimony from Waylon Huber. Mr. Greer bases enormous portions of his Motion to Disqualify on alleged wrongdoing related to Mr. Huber. ECF No. 400 at 3-5 (with sporadic references elsewhere). Mr. Greer says these contacts were wrong because "[t]here is zero reason for Hardin to be contacting him." *Id*. at 3. Defendants proffer here, as they previously explained to Mr. Greer in an email which has now been filed with the Court at ECF No. 404-1, that their reason for contacting Mr. Huber is that his testimony will establish the basis for a mandatory dismissal of this case under 28 U.S.C. § 1915 (e)(2). Mr. Huber is publicly-identified as Mr. Greer's business partner in documents authored and signed by Mr. Greer himself, and Defendants now additionally believe based on YouTube videos from another witness that Mr. Huber was specifically sent by Mr. Greer to recruit prostitutes to work for Mr. Greer. This will show that Mr. Greer's "allegations of poverty" were untrue in this matter and that dismissal is mandatory under the statute notwithstanding that Mr. Greer eventually paid the filing fee in this case. And whether or not the Court ultimately credits Mr. Huber's testimony (or anyone else's), the nature of the communications with Mr. Huber will show that undersigned counsel did not act inappropriately, but simply explored all valid avenues to defend his client.

3. Mr. Greer does, in fact, oppose the Motion to Strike. Mr. Greer says he does not seek Rule 11 sanctions, and should not be required to follow Rule 11's procedures in order to disqualify undersigned counsel from further participating in this case. Unfortunately, Mr. Greer's opposition to the Motion to Strike is inconsistent with the relief he actually seeks and the language he used in his motion. Mr. Greer's Motion to Disqualify contains the word "sanction" on four separate occasions, both with reference to why Mr. Greer believes he is entitled to the relief he seeks and as to what comparable behavior Mr. Greer believes justifies relief as against undersigned counsel:

    a. ECF No. 400 at 2 (in the section entitled "Legal Standard")

    b. *Id*. at 5 (two references analogizing Mr. Greer's recent Rule 11 sanctions to what he seeks against undersigned counsel)

    c. *Id*. at 8 (explaining that although Mr. Greer seeks to remove undersigned counsel from this case, he does not seek monetary sanctions)

4. Mr. Greer's sudden about-face in indicating that he does not seek sanctions against undersigned counsel, despite that he does expressly seek disqualification of counsel and revocation of pro hac vice status, and despite that his own "Legal Standard" argument referred to disqualification as a sanction, is unsupported by any 10th Circuit Case that Defendants can locate. See, e.g., 1 *Sanctions: The Federal Law of Litigation Abuse* § 28 (collecting cases for the proposition that the inherent power to sanction misconduct of counsel is the source of the power to revoke pro hac vice status), *United States v. Collins*, 920 F.2d 619, 626 (10th Cir. 1990) (holding that attorneys admitted pro hac vice are entitled to same protections as regular members of

the District Court's bar, and upholding revocation only following a Rule 11 show cause order and the opportunity for full due process), *Wadsworth v. Walmart Inc.*, 348 F.R.D. 489, 497 (D. Wyo. 2025) (Rule 11 show cause order issued to attorney for fabricated citations, attorney's pro hac vice status revoked), *United States v. Dickstein*, 971 F.2d 446 (10th Cir. 1992) (attorney's pro hac vice status revoked as a sanction), *LaFleur v. Teen Help*, 342 F.3d 1145 (10th Cir. 2003) (case dismissed as a sanction for failure to comply with pro hac vice rules), *Butler v. Biocore Med. Techs., Inc.*, 348 F.3d 1163 (10th Cir. 2003) (non-monetary reprimand is appealable as a sanction).

WHEREFORE, Defendants' position is that Mr. Greer's Motion to Disqualify is a thinly-veiled Motion for Sanctions, and that it ought to be stricken unless Mr. Greer complies with Rule 11. Because Mr. Greer agrees that a hearing is necessary and does not dispute the need for an extension of time, that relief should be granted if the Court does not strike Mr. Greer's motion in its entirety.

DATED December 11, 2025

                                   **HARDIN LAW OFFICE**

                                   */s/ Matthew D. Hardin*
                                   **Matthew D. Hardin**
                                   *Attorney for Defendants*
                                   *Joshua Moon and Lolcow, LLC*