**Matthew D. Hardin (*pro hac vice*)**
**HARDIN LAW OFFICE**
101 Rainbow Drive # 11506
Livingston, TX 77399
Telephone: (202) 802-1948
Email: MatthewDHardin@gmail.com
*Attorney for Defendants*
*Joshua Moon and Lolcow, LLC*

THE UNITED STATES DISTRICT COURT
DISTRICT OF UTAH

| | |
|---|---|
| RUSSELL GREER,<br><br>Plaintiff, | **DEFENDANTS' MEMORANDUM OF LAW IN OPPOSITION TO "MOTION TO STRIKE AND EXCLUDE IMPROPER WITNESS DISCLOSURE…"** |
| v. | Case No. 2:24-cv-00421-DBB |
| JOSHUA MOON, *et al*.<br><br>Defendants. | District Judge David Barlow<br>Magistrate Judge Jared C. Bennett |

NOW COME Defendants, Joshua Moon and Lolcow, LLC, by and through their undersigned counsel, and file this Memorandum of Law in Opposition to "Plaintiff's Motion to Strike and Exclude Improper Witness Disclosure..." ECF No. 406. Defendants state as follows:

1. Mr. Greer has a very curious idea of relevance in this case. According to Mr. Greer, he should feel free to accuse Defendants of all sorts of wrongdoing related to their contacts with Waylon Huber, ECF No. 402, and Defendants should be entirely forbidden from talking to Mr. Huber both generally and specifically to rebut those accusations. That is not the law.

2. Mr. Greer's Motion is premised on the erroneous notion that Waylon Huber knows nothing about any claim or defense in this matter. But as Defendants have explained to Mr. Greer on numerous occasions, Mr. Greer himself identified Waylon Huber as his business partner both in an email to a Story County, Nevada official and in a filing with the Nevada Secretary of State. ECF No. 404-1. Based on those documents, on Mr. Greer's other statements (including statements made to a state court in Nevada), and on other information provided by Natalie Banks, Defendants believe that they can show that Mr. Greer has never been entitled to in forma pauperis status in this matter. Mr. Greer has consistently portrayed himself as a real-estate developer and brothel entrepreneur, with occasional forays into the film and musical industry. Mr. Greer was wealthy enough to pay the filing fee in this case. Under 29 U.S.C. 1915 (e)(2), dismissal is mandatory even though Mr. Greer belatedly paid the filing fee at a later date.

3. Additionally, Mr. Greer's contacts with Waylon Huber and others are relevant for the affirmative defense of fair use in this matter, and for purposes of calculating any damages in the event Mr. Greer somehow manages to prevail at trial. Specifically, Defendants state that Mr. Greer has a reputation for unusual adult business schemes, which victimize innocent people. And that Mr. Greer's history of violent, threatening, abusive, and litigious behavior towards women is similarly victimizing and is perhaps the main driver of interest in Mr. Greer's allegedly copyright material. In an effort to protect women and future business victims, and because Mr. Greer has also developed a reputation for removing or editing his written and recorded statements, it is necessary to preserve and archive those statements in order to protect against future victimization. Such preservation is accompanied by commentary, and is transformative. This gives rise to a fair use defense against Mr. Greer's copyright claims, and testimony

will be required to shed light on how and why. And even if that defense is not a complete defense, it is relevant for purposes of reducing the damages to which Mr. Greer might otherwise be entitled.

WHEREFORE, Mr. Greer's Motion to Strike or exclude should be denied. Alternatively, the Court can take up Mr. Greer's motion at some future date when the record is more fully developed, such as when Mr. Huber actually receives a subpoena to testify in this matter.

DATED December 11, 2025

**HARDIN LAW OFFICE**

 /s/ Matthew D. Hardin
**Matthew D. Hardin**
*Attorney for Defendants*
*Joshua Moon and Lolcow, LLC*