Russell Greer
1100 Dumont Blvd
Apt 139
Las Vegas, NV 89169
801-895-3501
russmark@gmail.com
Pro Se Litigant

## IN THE UNITED STATES DISTRICT COURT

## DISTRICT OF UTAH

| | |
|---|---|
| **RUSSELL GREER**<br><br>        Plaintiff<br><br>v.<br><br>**JOSHUA MOON ET AL,**<br><br>    Defendants | **PLAINTIFF'S REPLY IN SUPPORT OF MOTION TO STRIKE IMPROPER WITNESS DISCLOSURE**<br><br>        Case No.:   2:24-cv-00421-DBB-JCB |

Defendants' opposition confirms that the challenged "witness disclosure" was not made to comply with Rule 26, but was instead used as a coercive litigation tactic. Defendants' counsel expressly threatened to designate an uninvolved private citizen as a witness **based on Plaintiff's filing activity**, not because the individual possessed relevant knowledge. That admission alone warrants striking the disclosure.

## I. Defendants' Own Words Establish an Improper and Coercive Purpose

This dispute is no longer about competing views of relevance. Defendants' counsel has **admitted in writing** that the potential designation of Waylon Huber as a witness would be driven by Plaintiff's continued filings, not by any legitimate evidentiary need.

On December 6, 2025, while CC'ing Mr. Huber—an uninvolved private citizen—Defendants' counsel wrote to Plaintiff:

*"As you continue to bring him up in filings… the more likely it becomes that I will have to name him as a witness."*

This statement is dispositive. It ties witness designation directly to Plaintiff's exercise of his right to petition the Court, and not to the existence of discoverable information relevant to any claim or defense. Rule 26 does not permit witness disclosures to be used as leverage or retaliation.

## II. Waylon Huber Is an Uninvolved Third Party Who Expressly Objected to Being Dragged Into This Case

The record further establishes that Mr. Huber has **no involvement** in this litigation and does not wish to be contacted. Immediately after being CC'd by Defendants' counsel, Mr. Huber responded:

*"I have nothing to do with any of this. Please leave me out of it."*

2

Plaintiff never identified Mr. Huber as a witness and never suggested he possessed relevant knowledge. Plaintiff referenced Mr. Huber solely to provide narrative context showing that Defendants' counsel had previously contacted him after Mr. Hardin did a public records request. Defendants' counsel's threat to name Mr. Huber as a witness—despite this express objection—confirms that the disclosure serves no legitimate discovery purpose.

### III. Defendants' Opposition Mischaracterizes Plaintiff's Position to Justify Coercion

Defendants attempt to reframe Plaintiff's objection as an effort to "forbid" rebuttal. That is false. Plaintiff expressly contends that Defendants have no legitimate basis to contact or involve individuals in Plaintiff's personal or professional life, who are not parties or witnesses with relevant admissible information, except through formal discovery authorized by the Federal Rules. What Plaintiff challenges is not rebuttal, but **informal third-party pressure followed by threats of witness designation**. Defendants may not manufacture "relevance" by first contacting private citizens and then threatening to name them as witnesses when Plaintiff objects.

Further, discovery is stayed. It is interesting that Defendants move to sanction plaintiff over any misunderstanding of the rules, yet they like to act like the rules don't apply to them.

### IV. Post-Hoc Theories of Relevance Cannot Cure a Coercive Disclosure

Defendants' attempt to justify the disclosure through after-the-fact theories—such as speculative IFP challenges or generalized fair-use narratives—fails as a matter of law. A witness disclosure must stand or fall on whether, at the time it is made, the individual is believed to possess discoverable information relevant to a claim or defense. Defendants' counsel has admitted the opposite: that witness designation would be triggered by Plaintiff's continued filings.

Rule 26 does not allow witness disclosures to be used as punishment for motion practice.

Further, Plaintiffs IFP is irrelevant. He paid the filing fee. It is not a defense to copyright

infringement

## V. This Conduct Demonstrates Harassment and Abuse of the Discovery Process

Threatening to designate an uninvolved private citizen as a witness—after that individual

expressly asked to be left out—constitutes harassment and misuse of discovery tools. Courts

routinely strike disclosures interposed for such improper purposes.

The conduct reflected in the record shows:

- unwanted contact with uninvolved third parties;

- express coercion tied to Plaintiff's filing activity; and

- an attempt to chill Plaintiff's access to the Court.

That is precisely what Rule 26 is designed to prevent.

## VII. Conclusion

Defendants' "witness disclosure" is not a good-faith attempt to comply with Rule 26.

Defendants' counsel has admitted that witness designation would be used as leverage tied to

Plaintiff's filing activity. That admission, combined with the objection of the uninvolved third

party himself, leaves no room for dispute.

Accordingly, the disclosure should be **struck in its entirety**,

Respectfully submitted,

Russell Greer

/rgreer/
12-11-25

**CERTIFICATE OF SERVICE:**

Pursuant to FRCP 5(b), I certify that on 12-11-25, I served a true and correct copy of the attached document by ECF to all attorneys on record.

**EXHIBIT A**

Russle you know that I have nothing to do with any of this. Please leave me out of it.

Get Outlook for iOS

**From:** Matthew Hardin <matthewdhardin@gmail.com>
**Sent:** Saturday, December 6, 2025 9:27:18 AM
**To:** Russell Greer <russmark@gmail.com>
**Cc:** Waylon Huber <waylon@robinhoodrealtynv.com>
**Subject:** Re: Activity in Case 2:24-cv-00421-DBB-JCB Greer v. Moon et al Reply Memorandum/ Reply to Response to Motion

Mr. Greer:

I have not yet named Waylon Huber as a witness in this case. As you continue to bring him up in filings, however, you are creating a situation where I may need to name him to defend against the accusations you keep making. I am not telling you what to do, you can obviously make your own decisions as to whether you want to keep mentioning Mr. Huber in your filings. But the more you do that, the more likely it becomes that I will have to name him as a witness.

Best,

Matthew D. Hardin
**Hardin Law Office**
Direct Dial: 202-802-1948
NYC Office: 212-680-4938
Email: MatthewDHardin@protonmail.com

***The information contained in this message may be privileged. It is intended by the sender to be confidential. If you suspect you may not be the intended recipient, please notify the sender and delete all copies.***

On Dec 5, 2025, at 6:21PM, utd_enotice@utd.uscourts.gov wrote:

**This is an automatic e-mail message generated by the CM/ECF system. If you need assistance, call the Help Desk at (801)524-6100.**
**\*\*\*NOTE TO PUBLIC ACCESS USERS\*\*\* Judicial Conference of the United States policy permits attorneys of record and parties in a case (including unrepresented parties) who receive notice by email to receive one free**

electronic copy of all documents filed electronically, if receipt is required by law or directed by the filer. PACER access fees apply to all other users. Access to the one free electronic copy expires as designated by PACER. To avoid incurring charges later, download and save a copy of the document during the first access. However, if the referenced document is a transcript, the free download restrictions and 30-page limit do not apply.

***NOTICE REGARDING MAILING COPIES OF NEFS AND DOCUMENTS*** The court will mail a copy of the NEF and associated document of court-generated documents (e.g., reports and recommendations, orders, and notices of hearings) to parties who are not registered to receive electronic notice, as indicated under "Notice has been delivered by other means to. . .". The court will not mail NEFs and documents of party-generated filings to any party (including the filing party) even if the "Notice has been delivered by other means to. . . " states otherwise. The filing party is responsible for serving a copy of the NEF or document on parties who do not receive electronic notice.

### US District Court Electronic Case Filing System

### District of Utah

**Notice of Electronic Filing**

The following transaction was entered on 12/5/2025 at 4:21 PM MST and filed on 12/5/2025

**Case Name:**       Greer v. Moon et al
**Case Number:**     2:24-cv-00421-DBB-JCB
**Filer:**           Russell G. Greer
**Document Number:** 396

**Docket Text:**
**REPLY to Response to Motion re [394] MOTION for Protective Order and Memorandum in Support filed by Plaintiff Russell G. Greer. (alf)**

**2:24-cv-00421-DBB-JCB Notice has been electronically mailed to:**

Stewart B. Harman    stewart.harman@bachhomes.com, aanderson@pckutah.com

Matthew D. Hardin    matthewdhardin@gmail.com, matthewdhardin@ecf.courtdrive.com, matthewdhardin@protonmail.com

Russell G. Greer    russmark@gmail.com

**2:24-cv-00421-DBB-JCB Notice has been delivered by other means to:**

The following document(s) are associated with this transaction:

**Document description:**Main Document
**Original filename:**n/a
**Electronic document Stamp:**
[STAMP dcecfStamp_ID=1060034973 [Date=12/5/2025] [FileNumber=6355268-0
]
[3fec54195c889fb22a2755bcc313873e443a601378c4d5fd69a1c8d180523134102
48074c011d175d662973ee391b01aad141a54642c00b9d11b8f9a1a00eb4d]]