Russell Greer
1100 Dumont Blvd
Apt 139
Las Vegas, NV 89169
801-895-3501
russmark@gmail.com
Pro Se Litigant

---

## IN THE UNITED STATES DISTRICT COURT

## DISTRICT OF UTAH

| | |
|---|---|
| **RUSSELL GREER** | **PLAINTIFF'S MOTION TO STRIKE RULE 26 WITNESS DISCLOSURE AS TO "NATALIE BANKS"** |
| Plaintiff | |
| v. | Case No.:   2:24-cv-00421-DBB-JCB |
| **JOSHUA MOON ET AL,** | |
| Defendants | |

## I. INTRODUCTION

This is a copyright infringement action. Defendants' disclosure of "Natalie Banks" as a Rule 26 witness is improper, irrelevant, and abusive. **Exhibit A.**

The proposed witness has no knowledge of any copyrighted work, no knowledge of alleged infringement, no knowledge of damages, and no knowledge of any defense recognized under the Copyright Act. Instead, Defendants seek to introduce a third party solely to advance character attacks, stigma, and extrajudicial narratives unrelated to any claim or defense.

Rule 26 does not permit witness disclosures for harassment, retaliation, or reputational smearing. Accordingly, the disclosure should be struck.

## II. LEGAL STANDARD

Rule 26(a)(1)(A)(i) requires disclosure only of individuals "likely to have discoverable information—along with the subjects of that information—that the disclosing party may use to support its claims or defenses."

Rule 26(b)(1) limits discovery to matters relevant to a claim or defense and proportional to the needs of the case.

Witness disclosures interposed for improper purposes—such as harassment, intimidation, or character assassination—may be stricken. See Pearson v. Miller, 211 F.3d 57, 65 (3d Cir. 2000). See also. *Rule 26(g).*

## III. "BANKS" HAS NO RELEVANT KNOWLEDGE

Defendants' own disclosure confirms that "Banks" lacks admissible, case-relevant knowledge. The disclosed "topics" consist entirely of:

- alleged reputation and notoriety of Plaintiff,

2

- alleged past conduct unrelated to copyright,
- speculative accusations of "luring,"
- personal grievances,
- and generalized commentary on Plaintiff's finances and lifestyle.

None of these topics relate to:

- ownership of copyrighted works,
- copying or infringement,
- substantial similarity,
- fair use analysis,
- or calculation of statutory or actual damages.

A witness cannot be disclosed simply to testify about a litigant's character. Rule 404 forbids this, and Rule 26 does not override the Rules of Evidence. Even if Defendants characterize this testimony as 'context' or 'background,' Rule 26 does not permit the disclosure of witnesses whose sole function is to supply character narratives or extrajudicial stigma untethered to any claim or defense

## IV. THE DISCLOSURE IS HARASSING AND VIOLATES RULE 26(g)

Plaintiff submits **Exhibit B** to demonstrate the improper purpose underlying Defendants' Rule 26 disclosure. The exhibit shows the proposed witness publicly boasting about having "exposed" or "ruined" Plaintiff, evidencing animus, harassment, and a desire for online notoriety rather than possession of relevant, admissible information. While Plaintiff has no idea what "scam" she has allegedly "exposed," Plaintiff blocked this individual on Instagram 7 months ago. **Exhibit C.** Despite her assertions, Plaintiff did in fact block her. The screenshot confirms this. He took this photo last Saturday, December 6th, to reconfirm the block. If she had blocked him, her profile would say, "User Not Found."[1] This fact alone proves Banks is an incredibly dishonest individual, trying to insert herself into this litigation for harassment.[2]

---

[1] *"What Does User Not Found Mean On Instagram?"* Buzzvoice. (2024). (https://buzzvoice.com/blog/what-does-user-not-found-mean-on-instagram/?utm_source=chatgpt.com).
[2] Plaintiff truthfully didn't remember who she was when Defendants disclosed her.

Rule 26(g) requires that discovery disclosures be certified as made for a proper purpose and not interposed to harass, cause unnecessary burden, or needlessly increase the cost of litigation. Fed. R. Civ. P. 26(g)(1)(B)(ii). Disclosing a third party whose public conduct demonstrates hostility toward Plaintiff, and whose asserted "knowledge" consists of false and stigmatizing accusations unrelated to any copyright claim or defense, violates that certification requirement. Rule 26 does not permit parties to manufacture witnesses by amplifying harassment or importing online vendettas into federal litigation. Because the disclosure serves no legitimate discovery purpose and instead facilitates continued harassment, it should be struck.

## V. DISCOVERY WAS STAYED

At the time Defendants initiated contact with "Banks" and disclosed her as a witness, discovery in this matter was stayed. Plaintiff's own attempted subpoenas to John Doe defendants were quashed on that basis, and Defendants sought sanctions against Plaintiff for attempting discovery during the stay. Defendants therefore knew that informal third-party investigations were prohibited. The disclosure of "Banks" cannot be justified as discovery.

## VI. PSEUDONYMITY CONFIRMS IMPROPRIETY

Defendants simultaneously seek to shield this witness behind a pseudonym while advancing inflammatory allegations. That posture underscores the abuse: Defendants want to inject stigma without accountability or evidentiary scrutiny. Courts do not permit anonymous witnesses to testify solely to reputational smears in unrelated litigation.

## VII. RELIEF REQUESTED

Plaintiff respectfully requests that the Court:

1. Strike Defendants' Rule 26 disclosure as to "Natalie Banks" in its entirety;
2. Preclude Defendants from using testimony, declarations, or exhibits from "Banks";
3. Order that Defendants cease informal third-party investigations inconsistent with Rule 26 and the discovery stay; and
4. Grant any further relief the Court deems just and proper.

## VIII. CONCLUSION

This case concerns copyright—not character. The attempted disclosure of "Natalie Banks" is irrelevant, coercive, and prejudicial. Rule 26 does not permit discovery to be weaponized in this manner.

The disclosure should be struck.

Respectfully submitted,

Russell Greer
/rgreer/
12-12-25

**CERTIFICATE OF SERVICE:**

Pursuant to FRCP 5(b), I certify that on 12-12-25, I served a true and correct copy of the attached document by ECF to all attorneys on record.

**EXHIBIT A**



2:40    .ıll 5G 98

‹ 177    9 Messages    ⌃ ⌄

Good morning, Mr. Greer.

I write because I became aware just before Thanksgiving that Defendants may have an additional witness. While we are still working to confirm the witnesses' contact information and the scope of her knowledge, we are disclosing to you as much information as we presently have and we will supplement this information as we are able:

Name: Natalie Banks (possibly a pseudonym)
Address: Unknown, but possibly in the vicinity of Cleveland, Ohio. Formerly a sex worker in Northern Nevada.
Contact information: https:// www.realnataliebanks.com/
Topics of Ms. Banks' knowledge: Notoriety, character & reputation of Russell Greer, past threats of violence by Russell Greer, attempts by Russell Greer to lure women into the Nevada desert, need for archivists and others to retain material about Russell Greer to promote public and personal safety, past vexatious litigation by Russell Greer, Russell Greer's musical and written material and

   

Name: Natalie Banks (possibly a pseudonym)

Address: Unknown, but possibly in the vicinity of Cleveland, Ohio. Formerly a sex worker in Northern Nevada.

Contact information: https://www.realnataliebanks.com/

Topics of Ms. Banks' knowledge: Notoriety, character & reputation of Russell Greer, past threats of violence by Russell Greer, attempts by Russell Greer to lure women into the Nevada desert, need for archivists and others to retain material about Russell Greer to promote public and personal safety, past vexatious litigation by Russell Greer, Russell Greer's musical and written material and possible fair uses of that material, Russell Greer's financial ability to pay for prostitution and other expenses, Russell Greer's LLCs and their management, Russell Greer's fraud on or with Waylon Huber.

Best,

**Matthew D. Hardin**
**Hardin Law Office**
Direct Dial: 202-802-1948
NYC Office: 212-680-4938
Email: MatthewDHardin@protonmail.com

**EXHIBIT B**



**EXHIBIT C**

1 1

