**Matthew D. Hardin (pro hac vice)**
**HARDIN LAW OFFICE**
101 Rainbow Drive # 11506
Livingston, TX 77399
Telephone: (202) 802-1948
Email: MatthewDHardin@gmail.com
*Attorney for Defendants*
*Joshua Moon and Lolcow, LLC*

THE UNITED STATES DISTRICT COURT
DISTRICT OF UTAH

| RUSSELL GREER, | MOTION FOR A PRESERVATION ORDER |
|---|---|
| Plaintiff, | |
| v. | Case No. 2:24-cv-00421-DBB |
| JOSHUA MOON, *et al*. | District Judge David Barlow |
| | Magistrate Judge Jared C. Bennett |
| Defendant. | |

NOW COME the Defendants, by and through undersigned counsel, and move for an order directing Mr. Greer to preserve evidence relating to his payments via Zelle and Venmo. In support of this Motion, Defendants state as follows:

1) As set forth in the attached Declaration of Counsel, Defendants have recently obtained screenshots of text messages indicating that Mr. Greer was sending funds via Zelle and Venmo to a sex worker in Nevada, during the same time period that Mr. Greer was proceeding *in forma pauperis* in this case. Declaration of Counsel at ¶¶ 2-4.

2) If Mr. Greer was sending large sums of money to sex workers, or, in his own words, had "lots of money pouring in" with which he could recruit sex workers to move to Las Vegas and join him at a new escort business, *id*. at ¶ 4, it is unlikely that Mr. Greer was eligible to proceed in this matter *in forma pauperis*. Pursuant to 28 U.S.C. § 1915 (e)(2)(A), dismissal is mandatory even though Mr. Greer later paid the filing fee. Mr.

Greer's payment records are therefore highly relevant and material because they may ultimately lead to a mandatory dismissal of this case in its entirety.

3) Defendants immediately reached out to Mr. Greer to demand that he preserve evidence of his Zelle and Venmo payments, specifically identifying why they are relevant in this case. Declaration of Counsel, Exhibit A. But Mr. Greer declined to preserve this evidence. *Id*. As explained in the attached Declaration of Counsel at ¶7, Mr. Greer's Zelle and Venmo records will likely be destroyed or lost under ordinary records preservation schedules if immediate action is not taken to preserve them now. Defendants cannot subpoena these records in light of the current stay on discovery, ECF No. 283, so there is no alternative to preserving them in the event they are needed when discovery reopens. Declaration of Counsel at ¶8.

4) This Court has made clear that "the duty to preserve means action must be taken to preserve evidence, meaning that it is not lost, destroyed, inadvertently or negligently overwritten, or intentionally wiped out, and that it is available to be produced to the other side." *Philips Elecs. N. Am. Corp. v. BC Tech.*, 773 F. Supp. 2d 1149, 1195 (D. Utah 2010) (collecting cases). The fact that records may be in the custody of Zelle or Venmo rather than Mr. Greer personally does not serve as an end-run around Mr. Greer's preservation obligations. Instead, courts have repeatedly held that records in the possession of third parties over whom litigants have control (i.e., contractors, vendors, and consultants) must be preserved. *Luellen v. Hodge*, No. 11-CV-6144P, 2014 U.S. Dist. LEXIS 42527, at *14 (W.D.N.Y. Mar. 28, 2014) (collecting cases).

5) Mr. Greer indisputably has control of his own Venmo and Zelle accounts, because he used them to effectuate payments. Because Mr. Greer has control of his own Zelle

and Venmo records, he is under an obligation to preserve his records which reflect payments disproving his allegations of poverty in this matter. Mr. Greer's insistence to the contrary is unavailing. Declaration of Counsel at Exhibit A.

WHEREFORE, this Court should issue an order requiring Mr. Greer to preserve the Zelle and Venmo records Defendants have identified to Mr. Greer as worthy of preservation. In the event that order is disobeyed, the Court should ultimately infer that the records were lost because Mr. Greer's allegations of poverty were and are untrue, and dismiss this case pursuant to 28 U.S.C. § 1915 (e)(2)(A).

DATED December 12, 2025

**HARDIN LAW OFFICE**

 /s/ Matthew D. Hardin
**Matthew D. Hardin**
Attorney for Defendants
Joshua Moon and Lolcow, LLC