**Matthew D. Hardin (*pro hac vice*)**
**HARDIN LAW OFFICE**
101 Rainbow Drive # 11506
Livingston, TX 77399
Telephone: (202) 802-1948
Email: MatthewDHardin@gmail.com
*Attorney for Defendants*
*Joshua Moon and Lolcow, LLC*

THE UNITED STATES DISTRICT COURT
DISTRICT OF UTAH

| RUSSELL GREER, | **DECLARATION OF COUNSEL** |
|---|---|
| Plaintiff, | |
| v. | Case No. 2:24-cv-00421-DBB |
| JOSHUA MOON, *et al*. | District Judge David Barlow |
| | Magistrate Judge Jared C. Bennett |
| Defendants. | |

NOW COMES MATTHEW D. HARDIN, and declares as follows:

1. My name is Matthew Hardin. I am an adult and competent to testify to the matters set forth herein based upon my personal knowledge and my representation of Joshua Moon and Lolcow, LLC in this matter.

2. On December 11, 2025, I was provided screenshots of text messages between Russell Greer and a Nevada sex worker. Those screenshots showed texts from a number that I know to be Russell Greer's: 385-214-4590. My recollection is that Mr. Greer appeared at the May 6, 2025 hearing in this case using that same telephone number.

3. The text messages in question appear to show that Mr. Greer used the payments apps Zelle and Venmo to send the sex worker money. Mr. Greer also indicates he used at least one of these apps to send money to another individual. These text

messages were dated during the time period that Mr. Greer was proceeding in forma pauperis in this matter.

4. In one message, Mr. Greer attempts to recruit a sex worker to join him at an escort agency he was founding in Las Vegas, where he says she will be paid more than she makes at a brothel. Mr. Greer expressly declares that he will have "lots of money pouring in" with which to pay the sex worker if she joins him at his new escort agency.

5. Based on the text messages from Mr. Greer which I have now reviewed, along with the expected testimony of Natalie Banks and Waylon Huber, and other information in my possession as part of this representation, I believe that Defendants can now make a very strong case that Mr. Greer's allegations of poverty in this matter at ECF No. 1 were untrue within the meaning of 28 USC 1915 (e)(2). If Mr. Greer's allegations of poverty were untrue, dismissal is mandatory under that statute even though Mr. Greer later paid the filing fees in this case.

6. Proving that Mr. Greer's allegations of poverty were untrue will likely require an examination of Mr. Greer's payment activities on Zelle and Venmo during the relevant time period. Although I can now show payments to one particular sex worker, and possess Mr. Greer's admission in writing that he used the same app to send a payment to somebody else, I believe based on Mr. Greer's statements in text messages and on social media that he also paid numerous other sex workers using these same apps during the relevant time period. Evidence of all payments will collectively show far greater expenditures than evidence of payments to one particular individual.

7. I believe, based on my research and knowledge of federal banking and tax regulations, that Zelle and Venmo preserve records of payments made for a period of 7 years (lesser retention periods may be employed on particular cellular devices, but older records are available directly from the custodian). This litigation began in September 2020. ECF No. 1. Thus, at the present time, it is very likely that Zelle and Venmo possess the relevant records from 2020 to the present which would prove the amounts of Mr. Greer's payments to sex workers during the time period when Mr. Greer alleged he was impoverished (beginning in late 2020). But those records will be destroyed soon under the normal records retention schedule.

8. At the present time, discovery in this case is stayed, such that Defendants cannot simply send Zelle or Venmo a subpoena seeking these records. It is presently unknown if or when discovery will reopen, and there is a possibility that absent immediate court action these vital records will be lost forever when they are destroyed under the ordinary records retention schedule employed by the payment apps.

9. On December 12, 2025, less than 24 hours after I became aware that these Zelle and Venmo records might be needed to prove Mr. Greer's allegations of poverty were untrue, I wrote to Mr. Greer to demand that he preserve these records. Mr. Greer declined to provide any confirmation that he will retain them, and informed me that he is seeking a personal protection order against me. Exhibit A.

10. I declare under penalty of perjury that the foregoing is true and correct. Executed on December 12, 2025

/s/ Matthew D. Hardin
Matthew D. Hardin



**From:** Russell Greer RussMark@gmail.com
**Subject:** Re: PRESERVATION DEMAND
**Date:** December 12, 2025 at 10:02 AM
**To:** Matthew Hardin matthewdhardin@gmail.com

Mr. Hardin,

Your repeated extrajudicial emails contain false, stigmatizing, and defamatory accusations, demands made outside authorized discovery, and invasive commentary about my personal life wholly unrelated to any claim or defense. Discovery in this matter is stayed.

Your conduct has now escalated to the point that I am preparing to seek a **personal protective order** based on harassment, intimidation, and interference with my personal affairs outside legitimate litigation activity.

I deny your allegations, reject your legal characterizations regarding in forma pauperis status, and will not engage in further informal discovery or accusatory correspondence.

Sent from my iPhone

> On Dec 12, 2025, at 6:46 AM, Matthew Hardin <matthewdhardin@gmail.com> wrote:
>
> Good morning, Mr. Greer.
>
> Further to my email of December 8, 2025: I received proof yesterday evening from a Nevada sex worker who indicates that you were using Zelle and Venmo to send her "tips" during the time period that you were proceeding in forma paupers in this case. Your social media from the relevant time period hinted that you were sending funds to women, but this is the first confirmation that we have received. These transfers would have taken place during a time you claimed to be too poor to pay your filings fees, and too poor to pay to obtain court records in Utah. Some of the transfers may have even taken place contemporaneously with your unsuccessful efforts to stay the Utah case to obtain counsel. But it appears you did not spend money on counsel, because you were instead paying these funds over to sex workers.
>
> Please confirm not later than Monday, December 15, 2025 that you are preserving your financial records from Zelle and Venmo from the time period six months before your present lawsuit was instituted through the present. As we indicated in the December 8, 2025 email, our position is that these Zelle/Venmo records, especially when read together with your own previous filings in the U.S. District Court from 2018, will indicate that your allegations of poverty in this case are untrue and that dismissal is mandatory pursuant to 28 USC 1915 (e)(2), which expressly provides that the court must dismiss a lawsuit *even if the filing fee or a portion of it is later paid*.
>
> I cannot presently subpoena these records because discovery is stayed, but I believe they will imminently be destroyed due to a 7 year retention period at Zelle and Venmo. If you refuse to provide immediate confirmation that these records are being preserved such that I can subpoena them when discovery reopens, I will have no choice but to seek a preservation order and other appropriate relief on Monday. Your failure to make such a confirmation may also lead to a request that the judge make an adverse inference with respect to any missing records.
>
> Best,
>
> **Matthew D. Hardin**
> **Hardin Law Office**
> Direct Dial: 202-802-1948
> NYC Office: 212-680-4938
> Email: MatthewDHardin@protonmail.com
>
> ***The information contained in this message may be privileged. It is intended by the sender to be confidential. If you suspect you may not be the intended recipient, please notify the sender and delete all copies.***