**Matthew D. Hardin (*pro hac vice*)**
**HARDIN LAW OFFICE**
101 Rainbow Drive # 11506
Livingston, TX 77399
Telephone: (202) 802-1948
Email: MatthewDHardin@gmail.com
*Attorney for Defendants*
*Joshua Moon and Lolcow, LLC*

THE UNITED STATES DISTRICT COURT
DISTRICT OF UTAH

| | |
|---|---|
| RUSSELL GREER, <br><br> Plaintiff, | **DEFENDANTS' MEMORANDUM OF LAW IN OPPOSITION TO "PLAINTIFF'S MOTION TO STRIKE RULE 26 WITNESS DISCLOSURE AS TO NATALIE BANKS."** |
| v. | Case No. 2:24-cv-00421-DBB |
| JOSHUA MOON, *et al*. <br><br> Defendants. | District Judge David Barlow <br> Magistrate Judge Jared C. Bennett |

NOW COME Defendants, Joshua Moon and Lolcow, LLC, by and through their undersigned counsel, and file this Memorandum of Law in Opposition to "Plaintiff's Motion to Strike Rule 26 Witness Disclosure as to 'Natalie Banks.'" ECF No. 411. Defendants state as follows:

1. A week ago, Mr. Greer told this Court that he needed a protective order against undersigned counsel, in part, because counsel accused Plaintiff of using Chat GPT and indicated that he "preferred" Mr. Greer wrote for himself. ECF No. 394 at 4. Mr. Greer's latest filing confesses that defense counsel was correct, with Mr. Greer expressly citing to Chat GPT in its first footnote. ECF No. 411 at 3. Defendants respond to Mr. Greer's latest motion without expressly challenging the accuracy of Plaintiff's citations, but note that Mr. Greer indeed appears to have outsourced his recent filings to artificial

intelligence, and that any citation errors will be sanctionable. Eugene Volokh, *If You Can Afford ChatGPT, You Can Afford Sanctions for Filing Motions with ChatGPT Hallucinations*, https://reason.com/volokh/2025/12/03/if-you-can-afford-chatgpt-you-can-afford-sanctions-for-filing-motions-with-chatgpt-hallucinations/ (December 3, 2025).

2. Mr. Greer badly misunderstands why Natalie Banks has been disclosed as a witness in this case. According to Mr. Greer, she's been introduced "solely to advance character attacks, stigma, and extrajudicial narratives unrelated to any claim or defense." ECF No. 411 at 2. Mr. Greer's apparent belief is that simply because Ms. Banks is a sex worker, she necessarily has no relevant testimony and has been introduced to embarrass him. But that's not true, and Defendants have already explained to Mr. Greer what knowledge Ms. Banks brings to the table. ECF No. 397 at 2. Defendants have no intention of embarrassing Mr. Greer for soliciting sex workers, but his conduct with sex workers including Ms. Banks has become relevant for purposes of assessing Mr. Greer's core claims in this case.

3. Specifically, Ms. Banks can show, based on her own personal interactions with Mr. Greer, and based on Mr. Greer's own written communications with her, that the Plaintiff's allegations of poverty in this case were and are untrue. ECF No. 401-1 at ¶ 6 (c). Pursuant to 28 U.S.C. § 1915 (e)(2)(A), that results in mandatory dismissal of this case regardless of whether Mr. Greer later paid the filing fee.

4. Additionally, Ms. Banks can show that any ostensible reproduction of Mr. Greer's copyrights is protected by fair use. Ms. Banks has read Mr. Greer's book. ECF No. 401-1 at ¶ 11. She has an opinion that the book, taken together with Mr. Greer's other behavior, indicates that Mr. Greer is a dangerous individual. *See generally* ECF No. 401-1. Mr. Greer himself admits that the book references his restraining orders

issued by judges who found that he presented a credible risk towards female sex workers. ECF Nol. 399 at 3, n. 3. Defendants argue that insofar as they reproduced the book at all (which is disputed), they did so as part of transformative criticism of Mr. Greer and attempt to protect women from Mr. Greer's continued violent and abusive behavior. ECF No. 408 at 2. Fair use is a complete defense to copyright infringement. *Grant v. Trump*, 563 F. Supp. 3d 278, 283 (S.D.N.Y. 2021). And even if Defendants somehow missed the mark of true fair use, Defendants submit that their good faith attempt to criticize Mr. Greer would militate in favor of a damages award at the low end, rather than the high end, of 17 U.S.C. § 504 (c)(1). Certainly, a finding of good faith attempted fair use would entirely preclude an award under 17 U.S.C. § 504 (c)(2), which requires a finding that any infringement was willful. A good faith belief of fair use, even if mistaken, cannot coexist with willfulness.

WHEREFORE, Mr. Greer's Motion to Strike the disclosure of Natalie Banks as a witness in this matter should be denied either because it is premature or because it is legally meritless.

DATED December 12, 2025

                                       **HARDIN LAW OFFICE**

                                       /s/ Matthew D. Hardin
                                       **Matthew D. Hardin**
                                       *Attorney for Defendants*
                                       *Joshua Moon and Lolcow, LLC*