Russell Greer
1100 Dumont Blvd
Apt 139
Las Vegas, NV 89169
801-895-3501
russmark@gmail.com
Pro Se Litigant

## IN THE UNITED STATES DISTRICT COURT

## DISTRICT OF UTAH

| | |
|---|---|
| **RUSSELL GREER**<br><br>    Plaintiff<br><br>v.<br><br>**JOSHUA MOON ET AL**,<br><br>    Defendants | **PLAINTIFF'S OPPOSITION TO DEFENDANTS' MOTION FOR A PRESERVATION ORDER**<br><br>Case No.:   2:24-cv-00421-DBB-JCB |

Plaintiff respectfully opposes Defendants' Motion for a Preservation Order. The motion is based on speculation, misstates the governing law, and seeks extraordinary relief unrelated to any live claim or defense. At bottom, Defendants attempt to resurrect a long-resolved filing-fee issue as a pretext for intrusive discovery into Plaintiff's personal finances, years after the fact, because Defendants lack a viable defense on the merits.

**I. Plaintiff's In Forma Pauperis Status Was Proper at the Time of Filing**

28 USC 1915 evaluates a litigant's financial condition **at the time the complaint is filed**, not based on hindsight, later events, or discretionary personal expenditures. When Plaintiff initiated this action in late 2020, he faced an imminent statute of limitations deadline on his copyright claim. The three-year limitations period was set to expire in October or November 2020, leaving Plaintiff with no practical option but to file when he did or permanently lose his claim. At that same time, Plaintiff was preparing to relocate from Utah to Nevada. Plaintiff remained responsible for Utah rent, advance Nevada housing costs, U-Haul and moving expenses, and ordinary living expenses associated with a cross-state relocation. In light of these obligations, Plaintiff reasonably believed that paying the filing fee would impose an undue hardship. Plaintiff relied on settled law holding that a litigant need not be destitute to qualify for IFP status, only unable to pay the fee without sacrificing basic necessities.

Nothing in the Court's IFP order suggested that Plaintiff was required to maintain permanent poverty, nor that later changes in financial circumstances would retroactively invalidate the Court's determination.

**II. The Filing Fee Issue Was Resolved by Court Order and Plaintiff's Compliance**

The Court later ordered Plaintiff to pay the filing fee, and Plaintiff **promptly complied** by paying the fee in May 2025. Defendants do not dispute that the fee was paid as ordered.

2

Nevertheless, Defendants now argue that dismissal is "mandatory" notwithstanding the Court's order and Plaintiff's full compliance. Defendants cite no authority supporting the proposition that a court may retroactively dismiss a case after ordering payment of the fee and receiving it. Their position would convert § 1915 into a perpetual audit of a litigant's life, contrary to the statute's purpose and controlling precedent.

Notably, Defendants' prior counsel raised no issue regarding Plaintiff's IFP status for more than three years. The issue surfaced only after current counsel entered the case in late 2023 or early 2024, long after the filing-fee question had been rendered moot.

**III. Defendants' Motion Is a Fishing Expedition Untethered from the Merits**

Unable to identify any substantive defect in Plaintiff's copyright claims, Defendants now seek to expand this case sideways by demanding preservation of years of Plaintiff's personal financial records based on conjecture and insinuation. Defendants' theory rests on selective screenshots, speculative assumptions about lawful consumer spending, and unsupported claims that additional payments "must" exist. From this, Defendants ask the Court to authorize a broad financial inquiry wholly unrelated to copyright ownership, infringement, damages, or defenses.

This is the definition of a fishing expedition. Preservation orders are not vehicles for speculative discovery, character attacks, or attempts to shame a litigant into abandoning a case. Courts require a concrete showing of relevance and risk of loss. Defendants have shown neither.

**IV. Defendants' Motion Reflects Harassment, Not Legitimate Evidence Preservation**

Discovery in this case is stayed. Defendants identify no actual spoliation, no intent to destroy evidence, and no imminent loss tied to any claim or defense. Instead, they rely on generalized assertions about third-party retention policies and hypothetical future discovery. Taken as a whole, Defendants' motion is not aimed at preserving evidence—it is aimed at harassing

Plaintiff, relitigating resolved procedural issues, and distracting from Defendants' continued inability to address the merits of the case. Plaintiff does consider their motion to be a possible Rule 11 violation. He reserves the right to seek sanctions.

### V. If Any Preservation Order Is Warranted, It Should Run to Defendants' Ability to Satisfy Willful Copyright Damages

Defendants' motion is particularly misplaced given the nature of Plaintiff's claims. This is a copyright action alleging willful infringement, for which statutory damages, enhanced damages, and attorneys' fees may be available under 17 U.S.C. §§ 504–505. If the Court were inclined to consider a preservation order at all, the relevant concern would not be Plaintiff's personal consumer spending from years ago, but rather **Defendants' ability to satisfy a potential judgment**, including willful copyright damages. Defendants have made no showing regarding the preservation of records relevant to their revenues, profits, corporate structure, insurance coverage, or other financial information bearing on damages and collectability.

Defendants' selective focus on Plaintiff's finances—while ignoring their own—underscores that the motion is not aimed at preserving evidence relevant to the merits, but at harassment and collateral attack. Preservation orders should be evenhanded and tethered to issues actually in dispute. Defendants' request is neither.

### VI. Conclusion

Defendants have failed to demonstrate any legal or factual basis for a preservation order directed at Plaintiff. Their motion rests on speculation, resurrects a resolved procedural issue, and seeks intrusive relief unrelated to the merits of this case.

For these reasons, Defendants' Motion for a Preservation Order should be **DENIED**. In the alternative, should the Court determine that any preservation relief is appropriate, such relief should be narrowly tailored and directed to matters relevant to liability and damages—including

Defendants' ability to satisfy potential willful copyright damages—rather than Plaintiff's personal finances.

   Plaintiff further respectfully requests that the Court cabin further motion practice concerning Plaintiff's former IFP status absent a showing of concrete relevance to the merits of this case.


Respectfully submitted,

Russell Greer
/rgreer/
12-12-25

**CERTIFICATE OF SERVICE:**

Pursuant to FRCP 5(b), I certify that on 12-12-25, I served a true and correct copy of the attached document by ECF to all attorneys on record.