Russell Greer
1100 Dumont Blvd
Apt 139
Las Vegas, NV 89169
801-895-3501
russmark@gmail.com
Pro Se Litigant

---

## IN THE UNITED STATES DISTRICT COURT

## DISTRICT OF UTAH

| | |
|---|---|
| **RUSSELL GREER** <br><br> Plaintiff <br><br> v. <br><br> **JOSHUA MOON ET AL**, <br><br> Defendants | **DECLARATION OF RUSSELL GREER IN DIRECT OPPOSITION TO THE DECLARATION OF DEFENSE COUNSEL HARDIN** <br><br> Case No.:   2:24-cv-00421-DBB-JCB |

1

I, **Russell Greer**, declare as follows:

1. I submit this declaration in opposition to Defendants' motion and the declaration submitted by Defendants' counsel, Matthew Hardin.

2. Mr. Hardin references alleged financial transactions, including supposed Zelle or Venmo payments, as if they establish wrongdoing or misrepresentation. These allegations are misleading and irrelevant to any issue properly before the Court.

3. I have not been provided copies of the records Mr. Hardin claims to rely on. I have not been given dates, recipients, amounts, or other details necessary to meaningfully respond.

4. These materials were not produced through formal discovery. The only notice I have received of these allegations has been through Mr. Hardin's emails and declarations.

5. It is fundamentally unfair to accuse a party of misconduct based on undisclosed and unauthenticated materials presented outside the discovery process.

6. I have never voluntarily produced my personal financial records to Defendants, and no court has authorized Defendants to conduct an open-ended inquiry into my finances.

7. Mr. Hardin's declaration relies on speculation and implication rather than admissible evidence tied to the relevant time period.

8. When I applied to proceed in forma pauperis in **October 2020**, I was preparing to relocate from **Utah to Nevada**, had recently financed a vehicle, earned well under **$40,000 per year**, and faced overlapping rent, deposits, moving expenses, and normal living costs.

9. Before filing, I reviewed controlling case law and understood—truthfully and in good faith—that in forma pauperis status does not require destitution, but instead asks whether paying the filing fee would impose undue hardship.

10. The Court granted my application. The order did not require me to remain impoverished, avoid normal spending, or seek court approval for future purchases.

11. No court has ever entered an order restricting my ability to make lawful personal expenditures, including so-called "large purchases."

12. Years later, Mr. Hardin attempts to relitigate the Court's 2020 determination by pointing to alleged transactions that occurred well outside the relevant period.

13. Mr. Hardin claims to possess text messages relating to payments to a sex worker. I did not provide any such messages to Defendants' counsel.

14. Based on my knowledge, the alleged materials Defendants rely on were likely supplied by **Natalie Banks**.

15. Natalie Banks has publicly stated in a recorded video, **"I ruined his scam."**

16. That statement shows clear animus and prejudgment and establishes that Banks is not a neutral or reliable source.

17. I obtained the regenerated exhibit of my messages with Banks and **re-read the communications**.

18. Nothing in those messages shows violence, threats, coercion, intimidation, "luring" someone into the desert, or anything similar.

19. The messages reflect ordinary communication and, at most, immature joking—not threats or dangerous conduct.

20. The messages also appear to be from one Instagram account, proving Banks is dishonest.

21. Banks' claims, as presented or implied through Defendants' filings, are therefore not supported by the actual messages. This is another reason she is unreliable.

22. Defendants' motion depends on vague allegations funneled through Banks rather than objective, admissible evidence.

23. Mr. Hardin's declaration still does not state **when** any alleged payments occurred, **who** they were made to, or how they relate to my 2020 in forma pauperis application.

24. These repeated collateral attacks on my finances—years after the relevant filing and untethered from the merits—underscore that Defendants lack a substantive defense to the underlying copyright claims.

25. This case concerns **copyright infringement**, not speculative financial policing.

26. For these reasons, Defendants' motion should be denied in its entirety.

27. I expressly **reserve all rights**, including the right to seek appropriate relief and sanctions, should Defendants continue to pursue baseless fishing expeditions or misrepresent the record.

I make this declaration pursuant to 28 U.S.C. § 1746 and under penalty of perjury that the foregoing is true and correct.

Executed this 15th day of December 2025.

**Russell Greer**

**CERTIFICATE OF SERVICE:**

Pursuant to FRCP 5(b), I certify that on 12-15-25, I served a true and correct copy of the attached document by ECF to all attorneys on record.   .