**Matthew D. Hardin (*pro hac vice*)**
**HARDIN LAW OFFICE**
101 Rainbow Drive # 11506
Livingston, TX 77399
Telephone: (202) 802-1948
Email: MatthewDHardin@gmail.com
*Attorney for Defendants*
*Joshua Moon and Lolcow, LLC*

THE UNITED STATES DISTRICT COURT
DISTRICT OF UTAH

| | |
|---|---|
| RUSSELL GREER,<br><br>Plaintiff,<br><br>v.<br><br>JOSHUA MOON, *et al*.<br><br>Defendants. | **DEFENDANTS' MOTION TO COMPLETE THE RECORD PURSUANT TO FED. R. EVID. 106**<br><br>Case No. 2:24-cv-00421-DBB<br><br>District Judge David Barlow<br>Magistrate Judge Jared C. Bennett |

NOW COME Defendants, Joshua Moon and Lolcow, LLC, by and through their undersigned counsel, and file this Motion to Complete the Record pursuant to Fed. R. Evid. 106. Specifically, it appears that Mr. Greer has submitted only an excerpt of a writing in his "Reply in Support of Motion to Strike." ECF No. 415 at 12-38. Defendants request that *the entire writing* be produced, and in support of that motion state as follows:

1.  Mr. Greer's Reply Brief in support of his Motion to Strike a witness disclosure relating to Natalie Banks, ECF No. 415, attached only a portion of a writing with which Mr. Greer and the defense witness are familiar. According to Mr. Greer, the book he attached *only in part* as an exhibit "is expressive, explanatory, and defensive. It does not advocate violence or harassment." ECF No. 415 at 5.

2.      Defendants and their proffered witness, Natalie Banks, have a very different view of the writing considered as a whole. Even the Plaintiff previously acknowledged there was some support for a different interpretation. Specifically, Mr. Greer himself previously acknowledged that the book detailed his history of restraining orders issued by judges who found, based on evidence presented to state courts, that Mr. Greer was likely to present a risk to sex workers in Nevada. ECF No. 399 at 3, n.3, cited by Defendants at ECF No. 413 at 3. Defendants' position is that Mr. Greer's book is alarming, for reasons related to its author's behavior which will be more fully addressed by Ms. Banks' testimony, and that any alleged reproduction of the book would have been motivated by a desire to protect women from Mr. Greer. *Id*.

3.      Pursuant to Fed. R. Evid. 106, "If a party introduces all or part of a statement, an adverse party may require the introduction, at that time, of any other part— or any other statement—that in fairness ought to be considered at the same time." Although courts ordinarily have "enormous discretion" in applying the rule of completeness, *United States v. Harry*, 816 F.3d 1268, 1280 (10th Cir. 2016), that discretion ordinarily only comes into play with respect to otherwise-inadmissible "hearsay statements." *United States v. Lemon*, 714 F. App'x 851, 860 (10th Cir. 2017). Here, Mr. Greer is attempted to introduce *his own* writing. Defendants are not objecting, and Defendants' indeed expressly desire that Mr. Greer's full writing be considered as an admission of a party opponent. Fed. R. Evid. 801 (d)(2).

4.      Defendants respectfully submit that Mr. Greer has altered the title of his book in his filing, which is not "Why I Sued Taylor Swift" as he indicated at ECF No. 415 at 4, but is actually "Why I Sued Taylor Swift and How I Falsely Became Known as Frivolous, Litigious, and Crazy." *Id*. at 12. Moreover, insofar as Mr. Greer has submitted

for this Court's consideration only a portion of his book, which he expressly claims does not advocate violence or harassment, but has not submitted the portions which bears upon his restraining orders[1] against sex workers or which would demonstrate he is "frivolous, litigious, and crazy," Defendants have an unqualified right under Fed. R. Evid. 106 to insist that the remainder of the writing be produced.

5.    In particular, Mr. Greer's own proffered "Table of Contents" illustrates why other parts of his book might be relevant to a finding that Mr. Greer is worthy of criticism under the doctrine of fair use or why individuals including Natalie Banks and Joshua Moon might find Mr. Greer dangerous. Chapter headings include "She Chose Him Over Me" followed immediately by "The 50 Million Dollar Taylor Swift Lawsuit." ECF No. 415 at 17. This fits neatly with Defendants' theory: Mr. Greer is angered when women choose anyone other than himself, and lashes out in ways that include (but are not limited to) frivolous litigation. It is natural to believe that individuals might seek to reproduce Mr. Greer's book or comment upon and criticize it as a means of protecting others from Mr. Greer.

WHEREFORE, pursuant to Fed. R. Evid. 106, this Court should order that the remainder of the writing Mr. Greer filed with the Court in Mr. Greer's Reply, ECF No. 415 at 12 *et seq.*, be filed and considered alongside Mr. Greer's proffered excerpt.

---

[1] Despite Mr. Greer's earlier admissions in this case, the excerpt of a writing Mr. Greer submitted appears not to refer to restraining orders at all. ECF No. 415 at 12 *et seq.*, *contra*. ECF No. 399 at 3, n. 3.

DATED December 15, 2025

                                        **HARDIN LAW OFFICE**

                                        _/s/ Matthew D. Hardin_
                                        **Matthew D. Hardin**
                                        _Attorney for Defendants_
                                        _Joshua Moon and Lolcow, LLC_