**Matthew D. Hardin (*pro hac vice*)**
**HARDIN LAW OFFICE**
101 Rainbow Drive # 11506
Livingston, TX 77399
Telephone: (202) 802-1948
Email: MatthewDHardin@gmail.com
*Attorney for Defendants*
*Joshua Moon and Lolcow, LLC*

THE UNITED STATES DISTRICT COURT
DISTRICT OF UTAH

| | |
|---|---|
| RUSSELL GREER, | **DEFENDANTS' REPLY IN FURTHER SUPPORT OF MOTION FOR A PRESERVATION ORDER** |
| Plaintiff, | |
| v. | Case No. 2:24-cv-00421-DBB |
| JOSHUA MOON, *et al*. | District Judge David Barlow |
| Defendants. | Magistrate Judge Jared C. Bennett |

NOW COME Defendants, Joshua Moon and Lolcow, LLC, by and through their undersigned counsel, and file this Reply in Further Support of their Motion for a Preservation Order. ECF No. 412. Defendants state as follows:

1.  Eleven days ago, Mr. Greer sent a preservation demand to undersigned counsel. ECF No. 395-1. Despite that the demand was legally and factually dubious and had all the hallmarks of being generated by artificial intelligence, undersigned counsel immediately confirmed that Defendants are preserving all evidence in this matter. *Id*. But it is apparently asking too much for Mr. Greer to do the same. Mr. Greer, whose entire claim must be dismissed if it turns out his allegations of poverty are untrue within the meaning of 28 U.S.C. 1915 (e)(2), has outright refused to preserve evidence of his payments using Zelle and Venmo during this case. This even after Defendants identified text messages expressly stating that those apps were used by Mr. Greer to pay sex

workers during the relevant time period in which Mr. Greer was claiming poverty to this Court. Mr. Greer argues he should be permitted to destroy evidence, or at least to take no measures to protect evidence, because:

> a. His *in forma pauperis* application was proper (and Defendants should have no ability at all to investigate that assertion);
>
> b. The *in forma pauperis* issue is moot because Mr. Greer has belatedly paid the filing fee (despite the express language of the statute to the contrary);
>
> c. Defendants are engaged in a "Fishing Expedition" (despite that discovery is closed and no subpoenas have issued); and
>
> d. Defendants' efforts to preserve evidence reflect "harassment."

ECF No. 414. None of these arguments have any merit. Mr. Greer misses the point of Defendants' preservation request, and indeed virtually confesses either that he intends to commit spoliation or that he committed fraud in obtaining *in forma pauperis* status before this Court.

2.   First, Mr. Greer's bald assertion that he was entitled to proceed *in forma pauperis* in 2020, ECF No. 414 at 2, is beside the point. It may or may not be true, and inquiring into the truth of that statement is the very reason Defendants seek to preserve evidence. Mr. Greer has now sworn under penalty of perjury on two separate occasions that he was qualified to proceed in this case as a pauper. ECF Nos. 1 and 416. There is no expectation in the law that Defendants simply take Mr. Greer's word for it, especially after Mr. Greer has already been sanctioned for making two separate materially false statements to the very same court that approved his *in forma pauperis* application. ECF

No. 362 (noting false statements including that a deceased witness was both alive and eager to testify, and that undersigned counsel had violated a court order that Mr. Greer had not bothered to read).

3. Even if this were the proper time or posture for this Court to adjudicate whether Mr. Greer was entitled to proceed as a pauper or whether he committed fraud in falsely certifying his entitlement at ECF No. 1 (and it is not), Mr. Greer has not denied under oath the core defense assertion that he was sending money to sex workers using payment apps even while he told this Court he could not afford the filing fee. ECF No. 412, *contra*. ECF No. 416. Defendants previously questioned whether Mr. Greer's *in forma pauperis* application was fraudulent based on public records, what Mr. Greer told other courts, and simple mathematical calculations. *See, e.g.*, ECF Nos. 267, 286, 305, 313, 317. Defendants now have additional evidence in the form of text messages from Mr. Greer himself[1] to a sex worker that add to Defendants' concern, and a very real fear that evidence will be destroyed before discovery reopens in this case. ECF No. 412-1. Regardless, Defendants are not presently seeking to subpoena evidence which will prove whether or not Mr. Greer committed fraud in obtaining *in forma pauperis* status. The very purpose of Defendants' request is to enable such a challenge later, at which point Mr. Greer will have the opportunity to rebut any evidence that is eventually presented. If Mr. Greer did not commit fraud or perjure himself when he applied for *in forma pauperis* status, future discovery will bear that out. The Court need not

---

[1] Plaintiff complains that he has not yet seen the text messages. But they are text messages from Mr. Greer, so Mr. Greer is effectively alleging he has not seen his own messages. Regardless, Defendants are in the process of voluntarily making a production of records to Mr. Greer for his perusal.

hypothesize about what will eventually be proven every time a preservation request is presented.

4. Mr. Greer also states that regardless of whether he committed *in forma pauperis* fraud on this Court, the issue is moot because he later paid the filing fee. ECF No. 414 at 2-3. That proposition is directly at odds with the controlling statutory language. 28 U.S.C. § 1915(e)(2) mandates dismissal of an action brought *in forma pauperis* if an allegation of poverty is determined to be untrue *at any time*. The statute even expressly states that such a dismissal may be required despite that the filing fee is later paid. Congress expressly recognized that litigants may seek simply to pay a filing fee to avoid scrutiny of whether they obtained leave to file *in forma pauperis* by fraud, and left the Court with no discretion at all about what to do when that happens: Dismissal is mandatory. Although Defendants are not presently seeking such a dismissal, they are seeking to preserve evidence that will show, at the appropriate juncture, that they are entitled to it. Mr. Greer offers no reason why he should not be required to preserve such vital, case-dispositive evidence.

5. Mr. Greer further states that Defendants are on a "fishing expedition." But that would not be true even if discovery were presently available in this matter, and it is currently stayed such that the Defendants couldn't engage in a fishing expedition even if they wanted to. ECF No. 283. Defendants cannot presently take anyone's deposition, or issue any subpoenas, or even send interrogatories to Mr. Greer himself. All Defendants have is the ability to voluntarily engage with witnesses and investigate Mr. Greer's claims through mechanisms that do not require the use of this Court's compulsory processes. And through such voluntary interactions, Defendants have obtained credible evidence to suggest, in Mr. Greer's own words, that he has or had "lots

of money pouring in." ECF No. 412-1 at ¶ 4. For his part, Mr. Greer has only added fuel to the fire: As Defendants previously pointed out at ECF No. 317 at 2, Mr. Greer was only eligible to proceed in forma pauperis under this Court's rules if he made less than $25,520 in 2020. But Mr. Greer in his latest filing suggests he may have been making *fourteen thousand dollars* above that threshold. ECF No. 416 at ¶ 8. Mr. Greer has not explained – and cannot explain – how Defendants are engaged in a "fishing expedition" by following up on such obvious leads, especially in light of a statute that mandates dismissal if Defendants ultimately prove Mr. Greer's claims of poverty were untrue.

6.  Lastly, Defendants are not engaged in "harassment" by seeking assurances that Mr. Greer will preserve evidence in this case. Mr. Greer does not even identify in his brief what supposed "harassment" he complains of. ECF No. 414 at 5-6. The Court would not even have been notified of the present dispute if Mr. Greer had agreed, as Defendants readily did, to preserve all evidence in their possession. ECF No. 395-1. When discovery reopens, if Mr. Greer feels Defendants have submitted any improper or abusive subpoenas directed to his financial affairs, he can move to quash them. At the present time, however, Mr. Greer is not opposing any discovery at all: he is fighting to ensure the imminent destruction of evidence which might cast any doubt on his claims. That gives the Plaintiff's game away.

WHEREFORE, this Court should enter an order requiring the preservation of records identified at ECF No. 412.

DATED December 15, 2025

        **HARDIN LAW OFFICE**

        _/s/ Matthew D. Hardin_
        **Matthew D. Hardin**
        _Attorney for Defendants_
        _Joshua Moon and Lolcow, LLC_