Russell Greer
1100 Dumont Blvd
Apt 139
Las Vegas, NV 89169
801-895-3501
russmark@gmail.com
Pro Se Litigant

# IN THE UNITED STATES DISTRICT COURT

# DISTRICT OF UTAH

| | |
|---|---|
| **RUSSELL GREER**<br><br>   Plaintiff<br><br>v.<br><br>**JOSHUA MOON ET AL**,<br><br>   Defendants | **PLAINTIFF'S OPPOSITION TO DEFENDANTS' MOTION TO COMPLETE THE RECORD PURSUANT TO FED. R. EVID. 106**<br><br>Case No.:   2:24-cv-00421-DBB-JCB |

Defendants' Motion to Complete the Record should be denied for four straightforward reasons:

1. Rule 106 does not apply because Plaintiff's excerpt is not misleading.
2. Defendants' theory would gut copyright law by allowing infringement based on subjective hostility toward an author.
3. Defendants are attempting to rehabilitate a witness by labeling Plaintiff "dangerous," even though she never met Plaintiff and the actual messages contradict that claim.
4. Defendants' theory is internally inconsistent because Plaintiff was **never able to market the book at all** due to coordinated online interference.

This motion is not about "completing the record." It is about shifting theories, inflaming prejudice, and avoiding the real record: that Kiwi Farms is the world's biggest community of stalkers and they infringed Plaintiff's copyrights in an effort to sabotage him.

### 1. Rule 106 does not apply because nothing was taken out of context

Rule 106 exists to prevent misleading impressions created by taking statements out of context. That did not happen here. Plaintiff cited Chapter 1 of his book for a narrow purpose: to explain why the book was written. Chapter 1 explicitly sets out the thesis, intent, and purpose of the work. Defendants do not identify any sentence that becomes misleading without later chapters. Rule 106 does not permit forcing publication of an entire book simply because Defendants want to weaponize it for character attacks.

### 2. Defendants' theory would destroy copyright law if accepted

Defendants' position boils down to this: infringement is justified because someone believes the author is a bad or dangerous person. That is not the law. If accepted, anyone could infringe

any copyrighted work and excuse it by saying, "I think the author is dangerous," or "people online warned me." Copyright law does not turn on moral judgments or subjective fear. It evaluates the **use of the work**, not hostility toward the author. Defendants' theory would eliminate copyright protection the moment an online crowd forms a negative opinion.

### 3. Defendants never relied on internet trolls before — because they are irrelevant

Defendants did not rely on anonymous internet opinions, online forums, or subjective fear narratives in their motion to dismiss. They argued law, not reputation. That matters. Defendants only pivoted to online hostility after their original theories failed. Courts do not permit parties to reinvent relevance mid-case by importing internet narratives that were never legally relevant before.

### 4. Natalie Banks never met Plaintiff and cannot label him "dangerous"

It is undisputed that Plaintiff and Natalie Banks **never met in person**. Banks has no firsthand knowledge of Plaintiff's real-world behavior. Her claim that Plaintiff is "dangerous" is speculative and improper. Her own messages — the only direct interactions between the parties — show flirtation, awkwardness, and emotional expression, but **no threats, no violence, and no intimidation**. Calling Plaintiff "dangerous" under these circumstances is not evidence; it is a conclusion untethered from facts. Courts do not allow lay witnesses to make quasi-expert judgments about dangerousness, especially when the written record contradicts the claim.

## 5. Defendants' position reverses reality

Defendants' framing is especially troubling given the contrast in conduct. Banks has publicly posted videos about Plaintiff, called him "creepy looking" and admitted to actions intended to interfere with or sabotage him. Plaintiff believes that publicly targeting individuals and gloating about ruining them is far more concerning than anything shown in Plaintiff's private messages or

expressive writing. Plaintiff has never posted videos attacking Banks. Plaintiff has never encouraged others to target her. Plaintiff has never attempted to interfere with her livelihood.

Yet Defendants ask the Court to accept the opposite conclusion.

## 6. Plaintiff was never able to market the book — Defendants' narrative is false

Defendants' theory also collapses on basic facts. Plaintiff was **never able to meaningfully market the book at all**. At the time Plaintiff wrote the book, media coverage surrounding Taylor Swift was dominated by an unrelated, high-profile lawsuit brought by a DJ, who accused her of misconduct (briefly hinted at in the book's introduction). That case consumed public attention. Plaintiff's book received no mainstream exposure.

More importantly, coordinated online interference ensured that retailers and readers would not touch the book. Anonymous users posted one-star reviews, left comments directing potential readers to Kiwi Farms and explicitly told people to "save your quid" by avoiding the book and visiting those sites instead. Kiwi Farms "usurped the market" for Greer's copyrights.

It is unfair to allow a false narrative to try to control the case, when Plaintiff was robbed of his opportunity to market the book by bad faith actors, who have a documented history of doing this to others.

## 7. Forcing publication of the entire book would cause real harm

Plaintiff owns the copyright to the book. Forcing public filing of the entire work would place it on PACER, where it could be downloaded and redistributed immediately. Given the documented history of Kiwi Farms, that harm is foreseeable and unnecessary. Rule 106 does not override copyright law and does not require public dissemination where a limited excerpt already served its purpose.

## 8. This motion invites unfair prejudice, not clarity

Defendants' repeated use of words like "dangerous" and "alarming" is designed to inflame rather than inform. Allowing this framing would turn a copyright case into a character trial driven by internet sentiment. That is precisely what the Federal Rules are meant to prevent.

## CONCLUSION

Plaintiff's excerpt was not misleading. Rule 106 does not justify forcing publication of a copyrighted book. Defendants' attempt to justify infringement and witness testimony based on subjective hostility, online narratives, and a rewritten history is legally unsound.

Defendants' Motion to Complete the Record should be denied.

Respectfully submitted,
Russell Greer
/rgreer/
12-15-25

**CERTIFICATE OF SERVICE:**

Pursuant to FRCP 5(b), I certify that on 12-15-25, I served a true and correct copy of the attached document by ECF to all attorneys on record.