Russell Greer
1100 Dumont Blvd
Apt 139
Las Vegas, NV 89169
801-895-3501
russmark@gmail.com
Pro Se Litigant

---

## IN THE UNITED STATES DISTRICT COURT

## DISTRICT OF UTAH

| | |
|---|---|
| **RUSSELL GREER** | **PLAINTIFF'S RESPONSE TO DEFENDANTS' STATUS REPORT** |
| Plaintiff | |
| v. | Case No.:    2:24-cv-00421-DBB-JCB |
| **JOSHUA MOON ET AL**, | |
| Defendants | |

Plaintiff responds to Defendants' Status Report to correct the record and address defense counsel's conduct.

Defendants invoke the All Writs Act to suggest Plaintiff engaged in improper parallel litigation. That assertion ignores the actual issue before the Court: **defense counsel's repeated extrajudicial conduct after being told to stop.**

Defense counsel did not limit his actions to filings or motions before this Court. Instead, he contacted third parties and agencies in Nevada that have **no role, authority, or relevance** to this case. Plaintiff expressly instructed defense counsel to stop this conduct on **four separate occasions**. Defense counsel refused. Plaintiff's business and personal affairs are not Defendants' affairs.

Further, it appears this conduct was being purposefully done to sabotage Plaintiff's affairs. The public records request Mr. Hardin filed, ended up on Kiwi Farms, whose users in turn began stalking people in the released records. Mr. Hardin continuously blasted false accusations against Plaintiff — while CCing third parties in Plaintiff's life. Any reasonable person would be alarmed and terrified by that. That falls under state stalking statutes. Under Nevada law, a course of conduct involving repeated unwanted contact after notice to stop may constitute stalking, when it serves no legitimate purpose and causes distress. See NRS 200.575. Defense counsel's continued outreach to third parties and accusing plaintiff of false things, after Plaintiff's explicit stop requests, had no legitimate litigation purpose and was not required to protect this Court's jurisdiction.

Turning to their assertion: the All Writs Act does not authorize counsel to engage in a course of conduct outside the litigation, nor does it immunize behavior that constitutes stalking under state law. Plaintiff is not required to tolerate repeated, unwanted contact simply because defense counsel holds a law license.

Finally, Plaintiff asked **_this_** **_Court_** **_twice_** for a Rule 26(C ) protective order (in May 2025 and December 2025). This Court never answered those requests, but instead sanctioned Plaintiff for having an opinion. Plaintiff did not seek to interfere with this Court's docket. Plaintiff sought to protect basic boundaries after defense counsel expanded the dispute beyond the case and into Plaintiff's personal and business affairs. Defendants' Status Report omits that defense counsel was warned repeatedly and chose to continue anyway. Invoking extraordinary federal remedies does not excuse conduct that would be improper if directed at any litigant—particularly a pro se Plaintiff. The All Writs Act is not a shield against accountability for stalking, nor a license to pressure a party through unrelated third parties.

Plaintiff submits this response to correct mischaracterizations, place defense counsel's conduct in proper context, and document notice, persistence, and resulting prejudice. Plaintiff reserves all rights should this conduct continue.

Respectfully submitted,

Russell Greer
/rgreer/
12-17-25

**CERTIFICATE OF SERVICE:**

Pursuant to FRCP 5(b), I certify that on 12-17-25, I served a true and correct copy of the attached document by ECF to all attorneys on record.