Russell Greer
1100 Dumont Blvd
Apt 139
Las Vegas, NV 89169
801-895-3501
russmark@gmail.com
Pro Se Litigant

IN THE UNITED STATES DISTRICT COURT

DISTRICT OF UTAH

| | |
|---|---|
| **RUSSELL GREER**  Plaintiff  v.  **JOSHUA MOON ET AL**,  Defendants | **PLAINTIFF'S MOTION TO STRIKE & EXCLUDE IMPROPER WITNESS DISCLOSURE as to ROGER BAYLOCQ UNDER FRCP 37(c)(1)**  Case No.:   2:24-cv-00421-DBB-JCB |

1

Plaintiff Russell Greer respectfully moves the Court to strike Defendants' December 20, 2025 purported "witness disclosure" concerning Roger Baylocq, a private non-party with no knowledge relevant to any claim or defense in this copyright action. The disclosure is irrelevant, immaterial, and prejudicial, was made outside authorized discovery, and appears calculated to harass and intimidate rather than to advance any legitimate litigation purpose. *Exhibit A.*

The disclosure fails to comply with Fed. R. Civ. P. 26(a)(1)(A)(i), violates Rules 12(f), 26(g), and 37(c)(1), and should be excluded in full.

# I. INTRODUCTION

Defendants' disclosure identifies no testimony by Mr. Baylocq relevant to copyright ownership, infringement, access, substantial similarity, defenses, or damages. Instead, it attempts to inject:

• Plaintiff's unrelated real-estate discussions,

• speculative commentary about finances or business plans, and

• personal narrative wholly divorced from copyright law.

Rule 26 disclosures must be narrowly tethered to actual claims and defenses. They cannot be used as a vehicle to smear a litigant, intimidate private citizens, or insert collateral material into the docket. See *Sender v. Mann*, 225 F.R.D. 645, 655 (D. Colo. 2004).

# II. LEGAL STANDARD

## A. Rule 26(a)(1)(A)(i)

Initial disclosures may include **only** individuals "likely to have discoverable information that the disclosing party may use to support its claims or defenses." Information untethered to the pleadings is improper.

## B. Rule 12(f)

Courts may strike "any redundant, immaterial, impertinent, or scandalous matter." Material designed to embarrass, intimidate, or prejudice — particularly involving third parties — is properly stricken.

### C. Rule 37(c)(1)

A party that fails to comply with Rule 26 may not use the witness unless the failure was substantially justified or harmless. No showing of bad faith is required.

### D. Rule 26(g)

Disclosures interposed for an improper purpose, including harassment or intimidation, violate Rule 26(g) and warrant corrective action.

## III. ARGUMENT

### A. Roger Baylocq Has No Knowledge Relevant to Copyright

Defendants claim Mr. Baylocq possesses knowledge concerning Plaintiff's efforts to acquire or lease property, financial resources, or business representations. None of these subjects relate to copyright infringement.

Mr. Baylocq has no knowledge of:

- any copyrighted work at issue,
- access to those works,
- copying or distribution,
- substantial similarity,
- fair use, or
- damages.

Courts routinely strike witnesses whose knowledge does not map onto the elements of the claims asserted. Labeling unrelated personal knowledge as "witness testimony" does not create relevance.

### B. The Disclosure Was Made Outside Authorized Discovery

Discovery in this matter is stayed. No subpoena has issued. No court order authorizes informal third-party investigation or disclosure. A unilateral email declaration does not satisfy Rule 26 and does not convert irrelevant information into admissible evidence.

## C. Publication of Mr. Baylocq's Personal Information Serves No Litigation Purpose

The disclosure republishes Mr. Baylocq's identifying and contact information despite his status as a private citizen with no role in this case. This information is unnecessary at this stage and serves no evidentiary function. Courts routinely strike disclosures that expose non-parties without justification.

## D. The Filing Is Scandalous and Impertinent Under Rule 12(f)

Narrative insinuations regarding Plaintiff's finances, business aspirations, or unrelated conduct invite unfair prejudice and have no nexus to copyright. Material that lacks probative value and risks collateral harm should be removed from the docket.

## E. Improper Disclosures Have Resulted in Foreseeable Third-Party Harassment

Beyond being irrelevant to any copyright claim or defense, Defendants' repeated practice of publicly designating uninvolved private individuals as "witnesses" has resulted in tangible, foreseeable harm.

Shortly after Defendants' December 20, 2025 disclosure concerning Mr. Baylocq, a third party connected to Plaintiff was subjected to anonymous, harassing communications echoing the same stigmatizing themes previously injected into Defendants' extrajudicial disclosures.

Plaintiff does not allege coordination between Defendants' counsel and anonymous actors; however, the resulting harassment was a foreseeable consequence of publishing identifying information and accusatory narratives about private citizens with no relevance to the case.

The Federal Rules of Civil Procedure exist to prevent precisely this type of collateral harm. See Fed. R. Civ. P. 26(c), 26(g). Where litigation tactics expose third parties to intimidation or

4

harassment without evidentiary justification, courts routinely intervene. Here, Defendants' conduct has crossed from improper disclosure into conduct that risks transforming civil litigation into a vehicle for third-party harassment.

### F. Latest Disclosure Seems to be Retaliatory

Defendants' most recent purported "witness disclosure" further underscores its improper and retaliatory nature. In his December 20, 2025 email, defense counsel justified the disclosure of Mr. Baylocq by asserting that his "scope of knowledge" includes Plaintiff's alleged financial representations and the "content of documents referred to by Russell Greer in pleadings before the Las Vegas Justice Court."

This assertion is telling. Proceedings in Las Vegas Justice Court—including Plaintiff's efforts to seek protective relief—have no bearing on any claim or defense in this federal copyright action. By expressly invoking filings from an unrelated court and jurisdiction, defense counsel confirms that the disclosure is not driven by evidentiary necessity in this case, but by collateral disputes arising from Plaintiff's pursuit of protection from extrajudicial conduct.

The timing reinforces this conclusion. The disclosure followed closely on the heels of Plaintiff's protective filings and was accompanied by the publication of a private individual's identifying information, despite that individual's lack of relevance to copyright ownership, infringement, access, substantial similarity, defenses, or damages. Courts routinely reject attempts to leverage discovery mechanisms as retaliation for protected litigation activity or to pressure parties through unrelated proceedings.

Viewed in context, the reference to Justice Court filings confirms that the disclosure was not made to advance Defendants' defense of this action, but to import collateral matters and escalate pressure following Plaintiff's invocation of judicial protections. Such use of Rule 26 disclosures is improper and further supports striking the disclosure in full.

### IV. NOTE REGARDING DISQUALIFICATION

5

This disclosure is not an isolated error. It continues a documented pattern of counsel pursuing collateral, non-copyright narratives and inserting himself into disputed factual matters involving uninvolved third parties. The conduct further supports Plaintiff's pending motion seeking disqualification and revocation of pro hac vice admission.

**V. RELIEF REQUESTED**

Plaintiff respectfully requests that the Court:

1. Strike Defendants' December 20, 2025 witness disclosure concerning Roger Baylocq in full;
2. Prohibit Defendants from naming Mr. Baylocq as a witness absent a showing of relevance to copyright;
3. Direct Defendants to refrain from publishing personal, irrelevant, or retaliatory material concerning non-parties;
4. Order Defendants to refrain from disclosing identifying information of non-parties absent a showing of relevance and court authorization; and
5. Grant such further relief as the Court deems just and proper.

Russell Greer

/rgreer/
12-20-25

**CERTIFICATE OF SERVICE:**

Pursuant to FRCP 5(b), I certify that on 12-20-25, I served a true and correct copy of the attached document by ECF to all attorneys on record.

# EXHIBIT A

