Russell Greer
1100 Dumont Blvd
Apt 139
Las Vegas, NV 89169
801-895-3501
russmark@gmail.com
Pro Se Litigant

IN THE UNITED STATES DISTRICT COURT

DISTRICT OF UTAH

| | |
|---|---|
| **RUSSELL GREER**　　Plaintiff　v.　**JOSHUA MOON ET AL**,　　Defendants | **PLAINTIFF'S MOTION FOR SANCTIONS UNDER FED. R. CIV. P. 37(c)(1)**　　Case No.:　2:24-cv-00421-DBB-JCB |

Plaintiff Russell Greer respectfully moves for sanctions pursuant to Federal Rule of Civil Procedure 37(c)(1) based on Defendants' repeated failure to comply with Rule 26(a) and continued misuse of "witness disclosures" to identify uninvolved private individuals with no relevance to any copyright claim or defense.

This is Plaintiff's first motion seeking Rule 37 sanctions, brought only after Defendants have now made three separate improper disclosures, each untethered to copyright, each requiring Plaintiff to take time out of his day to strike the disclosures, and each disclosure resulting in foreseeable collateral harm.

## I. INTRODUCTION

Defendants have now, on three occasions, designated private non-parties as "witnesses" despite those individuals having no knowledge relevant to copyright ownership, infringement, access, substantial similarity, defenses, or damages. In response, Plaintiff filed motions to strike the improper disclosures to prevent prejudice and collateral harm.

Despite those corrective filings, Defendants persisted in the same conduct. Only after the third irrelevant disclosure—concerning Roger Baylocq—did Plaintiff seek sanctions under Rule 37(c)(1). Rule 37 exists precisely to deter repeated non-compliance when lesser measures have failed.

## II. LEGAL STANDARD

Rule 37(c)(1) provides that where a party fails to comply with Rule 26(a), "the party is not allowed to use that information or witness to supply evidence… unless the failure was substantially justified or is harmless." *Woodworker's Supply, Inc. v. Principal Mut. Life Ins. Co.*, 170 F.3d 985, 993 (10th Cir. 1999). A finding of bad faith is not required. Rule 26(g) further prohibits disclosures interposed for any improper purpose, including harassment or unnecessary burden.

### III. DEFENDANTS' CONDUCT REFLECTS A PATTERN OF NON-COMPLIANCE

Defendants' three improper disclosures share the same defects:

1. Each identified a private individual with no nexus to copyright law;
2. Each relied on speculative or collateral "scope of knowledge" untethered to the pleadings;
3. Each published identifying information without necessity or court authorization (aside from the Natalie Banks disclosure, where identifying information was lacking and it was filled with libel and smears); and
4. Each required Plaintiff to file a motion to strike.

This repetition establishes a pattern, not an isolated mistake.

### IV. THE VIOLATIONS ARE NEITHER SUBSTANTIALLY JUSTIFIED NOR HARMLESS

**A. No Substantial Justification**

After two prior strike motions addressing the same relevance defects, Defendants cannot plausibly claim confusion regarding Rule 26's limits on their third disclosure. The most recent disclosure expressly relied on filings from a Las Vegas Justice Court matter—confirming that the designation was driven by retaliation (because Plaintiff sought a PPO against Mr. Hardin) rather than evidence in this copyright action.

**B. Not Harmless: Foreseeable and Actual Harm**

The disclosures have resulted in actual and foreseeable harm. When Mr. Hardin made the disclosures, it appears he scrawled the web for the two Winnemucca individuals and then sent the disclosure to Greer through email. That email was then published to Kiwi Farms. The insane persons on that website, in turn, began targeting the disclosed persons because that's what those incredibly sick users do for fun.

On December 20, 2025, a presumed Kiwi Farms user[1], going by the name Ajax, CC'd defendants' previously disclosed "witness" and began telling this person and others false criminal allegations about plaintiff. The email was incredibly bizarre. It seems like Ajax is

---

[1] It is presumed because it fits the sensational pattern of these individuals contacting people close to plaintiff and exaggerating plaintiff's background.

3

mentally ill. "Ajax" sent more emails. This resulted in contact with law enforcement by Plaintiff and at least one affected third party. Plaintiff strongly believes Ajax was emboldened by Defendants' disclosures. Rule 26 exists to prevent precisely this type of collateral damage to non-parties.

## V. PRIOR COURT ENFORCEMENT UNDERSCORES THE NEED FOR SANCTIONS

This Court has already demonstrated that it takes disclosure obligations seriously. In **January 2025**, Plaintiff was sanctioned for an initial disclosure error and ordered to pay monetary sanctions in the amount of $1275.

Defendants' present conduct stands in stark contrast. Despite the Court's prior enforcement of Rule 26 in this case, Defendants act as though they taunt the Rule. Defendants have persisted in engaging in more harmful disclosure practices—naming irrelevant private individuals, publishing their identifying information, and listing their "relevant information" as matters unrelating and irrelevant to this case. The disclosed information is simply meant to harass plaintiff, in violation of Rule 26(g).

This conduct warrants sanctions to deter further abuse. To not sanction Defendants over this conduct would leave the impression of bias.

## VI. MONETARY SANCTIONS ARE NECESSARY; ALTERNATIVELY, NON-MONETARY SANCTIONS SHOULD ISSUE

### A. Fees Are Warranted

Defendants' conduct has imposed substantial and unnecessary burdens on Plaintiff. Each improper disclosure required time-consuming motions to strike and required dealing with third-party harassment (such as from Ajax). Rule 37(c)(1) authorizes monetary sanctions to compensate a party for expenses caused by Rule 26 violations. Excluding these irrelevant persons alone is insufficient, where the non-compliance is repeated and harmful. Plaintiff is

prepared to submit a concise declaration itemizing the time expended solely on corrective motion practice necessitated by Defendants' violations.

## B. In the Alternative, Non-Monetary Sanctions Are Appropriate

Should the Court decline to award fees, Plaintiff respectfully requests non-monetary sanctions, including a formal reprimand or admonition of counsel and prospective limitations on non-party disclosures, absent court authorization. Such relief is appropriate to deter continued misuse of Rule 26 and to protect non-parties from further collateral harm.

## VII. REQUESTED RELIEF

Plaintiff respectfully requests that the Court impose sanctions under Fed. R. Civ. P. 37(c)(1), including:

1. An order prohibiting Defendants from designating non-party individuals, absent a showing of relevance and court authorization;
2. An order barring publication of non-party identifying information (such as onto Kiwi Farms), outside formal discovery;
3. An award of reasonable fees and costs, *or in the alternative*, the imposition of appropriate non-monetary sanctions, including a formal reprimand or admonition of counsel; and
4. Such further relief as the Court deems just and necessary to prevent continued abuse of Rule 26.

Respectfully submitted,

Russell Greer

/rgreer/
12-20-25

5

**CERTIFICATE OF SERVICE:**

Pursuant to FRCP 5(b), I certify that on 12-20-25, I served a true and correct copy of the attached document by ECF to all attorneys on record.