FILED ___ ENTERED ___ RECEIVED ___ SERVED ON
COUNSEL/PARTIES OF RECORD

DEC 22 2025

CLERK US DISTRICT COURT
DISTRICT OF NEVADA
BY: ___ Ammi ___ DEPUTY



Russell Greer
c/o A Safer Nevada PAC
10409 Pacific Palisades Ave
Las Vegas, NV 89144
contact@asafernevada.org
801-895-3501
Pro Se Litigant
L

---

## IN THE U.S. DISTRICT COURT

## OF NEVADA

---

| | |
|---|---|
| **RUSSELL GREER,** an individual,<br><br>    Plaintiff<br><br>v.<br><br>**CISCO AGUILAR,** in his official capacity as the Secretary of State of Nevada,<br><br>    Defendant | **PLAINTIFF'S COMPLAINT FOR DECLARATORY & INJUNCTIVE RELIEF**<br><br><br>Case No.:<br><br><br>Judge<br><br><br>**2:25-cv-02581-RFB-BNW** |

---

1

## INTRODUCTION

1. This action challenges Nevada's arbitrary and burdensome requirement that five qualified electors of a city or county sponsor a local ballot initiative petition before circulation may begin, whereas only one person may initiate a statewide petition. This disparate treatment violates the First and Fourteenth Amendments to the U.S. Constitution and Article 19 of the Nevada Constitution.

2. This action presents an as-applied constitutional challenge to the sponsor-threshold provisions of NRS 295.095(1) and NRS 295.205(1).

3. Plaintiff does not challenge the remaining procedural requirements governing initiative petitions, but seeks declaratory and injunctive relief limited to the five-person requirement as applied to the initiation of county and city initiative petitions.

4. Plaintiff respectfully requests *expedited resolution of this matter by early March 2026*, so that signature gathering may begin in spring 2026, to qualify for the November 2026 general election ballot.

## JURISDICTION AND VENUE

5 . This action arises under the First and Fourteenth Amendments to the United States Constitution and 42 U.S.C. § 1983.

6. Jurisdiction is proper under 28 U.S.C. §§ 1331 and 1343.5.

7. Venue is proper in this District pursuant to 28 U.S.C. § 1391 because the events at issue occurred in Nevada.

## PARTIES

8. Plaintiff Russell Greer is a Nevada resident and the founder of A Safer Nevada PAC. The PAC's goals are to expand prostitution legality throughout Nevada through ballot initiative.

9. Defendant Cisco Aguilar is the Secretary of State of Nevada and, in his official capacity, is charged with administering, supervising, and enforcing Nevada's initiative petition statutes.

10. Defendant is sued in his official capacity for prospective declaratory and injunctive relief only.

## FACTUAL BACKGROUND

11. Article 19 of the Nevada Constitution reserves the initiative power to the People and is self-executing.

12. NRS 295.015(1) permits, at a minimum, a single sponsor to initiate a statewide ballot measure.

13. On the other hand, NRS 295.095(1) and NRS 295.205(1) require five qualified local electors to circulate and sponsor a city or county petition before circulation can commence.

14. In 2022 and 2024, Plaintiff attempted to initiate a local petition in a small incorporated city in Nevada to legalize brothels, but was barred from doing so, due to the five-sponsor requirement imposed by NRS 295.205(1). Plaintiff is attempting again in 2026 to do the initiative, but again faces the 5 person requirement hurdle.

15. The 5 person requirement is particularly burdensome for controversial or sensitive measures, like Plaintiff's brothel initiative, as local residents are often unwilling to serve as public sponsors. In fact, in 2024, Plaintiff found one local voter, who was supposed to find four other voters to circulate the petition, but then she withdrew, collapsing the entire initiative.

16. The befuddlement is stark: Plaintiff could file the same initiative at the statewide level with only his own signature, but a county or city initiative requires 5 registered voters, who live in that jurisdiction.

17. Potential supporters in the aforementioned small city feared public shunning and gossip if they openly signed as part of the petitioners' sponsor committee.

18. This chilling effect has repeatedly prevented Plaintiff from initiating petitions, in both 2022 and 2024, and now with that same effect looming in 2026, despite genuine local interest in allowing the voters themselves to decide the question of brothels.

3

19. Plaintiff approached said municipality's City Council and asked if the question could be placed before the voters in the form of an advisory question with no binding effect, but the Mayor refused to allow even an advisory action to proceed. This refusal underscores the extent to which the-five-local-elector requirement effectively forecloses any opportunity for voters to even express their views on the matter.

20. Plaintiff also intends in 2026 to initiate a countywide "trigger law" petition in Clark County, Nevada. Plaintiff is chilled from doing so because of the statutory requirement that five county electors serve as official sponsors.

21. As seen in the small city, residents likewise in Clark County are equally reluctant to attach their names to controversial proposals for fear of reputational consequences or social retaliation.

22. As a registered Nevada voter, Plaintiff should be able to initiate, sponsor and circulate local petitions in any county or city within the state, regardless of whether he lives in that jurisdiction, as long as registered voter residents sign the petition, which the clerks can verify.

23. NRS 295.095(1) and 295.205(1), however, arbitrarily require five electors from the specific jurisdiction, effectively preventing Plaintiff from initiating measures in communities where local residents may be unwilling to attach their names due to social or political pressure.

24. Further, Plaintiff has found that the five-sponsor requirement is confusing to many residents, which discourages participation and further burdens the exercise of the initiative right, as residents often misunderstand why separate signatures are required for circulation authorization and for the petition itself.

25. Plaintiff does not contend that non-Nevada residents must be permitted to sponsor petitions; rather, he asserts that Nevada residents may not be divided into "local" and "non-local" classes, based solely on residency within a particular city or county for purposes of exercising the initiative right to circulate a petition.

4

## CLAIMS FOR RELIEF

### Count I – Equal Protection (U.S. Const. amend. XIV)

26. Plaintiff incorporates by reference paragraphs 1–25.

27. The Equal Protection Clause of the Fourteenth Amendment requires that similarly situated individuals be treated alike, unless the government can demonstrate that disparate treatment is narrowly tailored to serve a compelling governmental interest. *City of Cleburne v. Cleburne Living Center*, 473 U.S. 432, 439 (1985).

28. Nevada law arbitrarily distinguishes between statewide and local initiative petitions with respect to sponsor requirements. A single sponsor may initiate a statewide initiative petition under NRS 295.015(1), while at least five qualified local electors are required to serve as sponsors to initiate a city or county petition under NRS 295.095(1) and NRS 295.205(1).

29. Both statewide and local initiative petitions are exercises of the same fundamental constitutional right reserved to the people of Nevada under Article 19 of the Nevada Constitution. There is no meaningful distinction between the two processes that justifies imposing a greater sponsor threshold on local initiatives.

30. The challenged statutes further discriminate among Nevada electors by conditioning eligibility to serve as a sponsor on residency within a particular city or county. A Nevada elector may serve as the sole sponsor of a statewide initiative anywhere in the state, but may not serve as a sponsor of a local initiative, unless he resides within the affected jurisdiction or recruits additional local residents to serve as sponsors.

31. This residency-based sponsor requirement is especially burdensome, when the subject matter of the initiative involves controversial issues such as sex work or abortion—topics that many individuals privately support, but are unwilling to publicly associate with, by placing their names on a sponsor or circulator sheet—thereby substantially limiting the pool of willing sponsors.

5

32. By allowing a single Nevada elector to initiate a statewide petition, while prohibiting that same elector from initiating a local petition, solely based on municipal or county residency, the State creates an invidious classification among Nevada electors that burdens the exercise of a fundamental political right.

33. States may not adopt voter qualifications or classifications that invidiously discriminate in the exercise of political rights. *Harper v. Virginia State Board of Elections*, 383 U.S. 663, 666 (1966), as quoted and applied in *Chula Vista Citizens for Jobs & Fair Competition v. Norris*, 782 F.3d 520 (9th Cir. 2015).

34. Courts have repeatedly held that residency-based and threshold requirements that burden participation in the initiative process are subject to strict scrutiny and must be narrowly tailored to serve a compelling governmental interest. See, e.g., *Buckley v. American Constitutional Law Foundation, Inc.*, 525 U.S. 182, 197–99 (1999); *Yes on Term Limits, Inc. v. Savage*, 550 F.3d 1023, 1029–31 (10th Cir. 2008) (applying strict scrutiny and invalidating residency-based restrictions on initiative participation where the state failed to demonstrate narrow tailoring)

35. The State cannot demonstrate a compelling interest for requiring five local sponsors to initiate a city or county petition, while permitting a single sponsor to initiate a statewide petition. Any asserted interests in fraud prevention, administrative efficiency, or accountability are already addressed through existing signature-verification procedures, sworn affidavits, and criminal penalties.

36. The disparity imposed by Nevada law is particularly unjustified because the administrative and logistical burdens associated with verifying signatures and administering elections are greater for statewide initiatives than for local initiatives, yet the State imposes a lighter sponsor requirement on statewide petitions.

37. Because NRS 295.095(1) and NRS 295.205(1) burden a fundamental political right and draw discriminatory classifications among Nevada electors without being narrowly tailored to

6

serve a compelling governmental interest, they violate the Equal Protection Clause of the Fourteenth Amendment.

38. Plaintiff seeks declaratory and injunctive relief, holding that the five-person sponsor threshold and local residency requirement set forth in NRS 295.095(1) and NRS 295.205(1), as applied to the initiation of local initiative petitions, violate the Equal Protection Clause of the Fourteenth Amendment to the United States Constitution.

### Count II – First Amendment (U.S. Const. amend. I)

39. Plaintiff incorporates by reference paragraphs 1–38.

40. Circulating and sponsoring initiative petitions constitutes "core political speech" protected by the First Amendment and is entitled to the highest level of constitutional protection. *Meyer v. Grant*, 486 U.S. 414, 421–22 (1988).

41. Laws that impose pre-circulation restrictions on who may initiate or sponsor an initiative petition directly burden political expression and are subject to strict scrutiny, requiring the State to demonstrate that the restriction is narrowly tailored to serve a compelling governmental interest. *Buckley v. American Constitutional Law Foundation, Inc.*, 525 U.S. 182, 192 n.12 (1999).

42. By requiring five local electors to serve as official sponsors before circulation may begin, Nevada law erects a pre-speech gatekeeping barrier that prevents individuals from engaging in protected political expression at the outset of the initiative process.

43. This pre-circulation sponsor requirement disproportionately suppresses speech concerning controversial subjects—particularly sex work—where individuals may privately support reform but are unwilling to publicly associate their names with the initiative due to fear of reputational harm, professional retaliation, or social ostracism.

44. Plaintiff has personally experienced this chilling effect. In one instance, an otherwise supportive individual declined to serve as a sponsor after expressing concern that public association with a sex-work-related initiative could jeopardize his employment as a school administrator. Such reluctance is rational and foreseeable in small communities and regulated professions, and it effectively silences speech before circulation can begin.

7

45. The five-sponsor requirement therefore operates not as a neutral administrative rule, but as a content-sensitive barrier that suppresses unpopular or stigmatized viewpoints by conditioning speech on the willingness of others to publicly expose themselves to risk.

46. The State cannot demonstrate that the five-sponsor local requirement is narrowly tailored to serve any compelling governmental interest. Concerns regarding fraud, accountability, or administrative efficiency are already addressed through existing signature-verification procedures, sworn circulator affidavits, and criminal penalties for false filings. See *Libertarian Party of Virginia v. Judd*, 718 F.3d 308, 318 (4th Cir. 2013).

47. Because less restrictive means are readily available, and because the requirement suppresses protected political expression before it can reach the electorate, the five-sponsor rule fails strict scrutiny and violates the First Amendment.

48. Plaintiff seeks declaratory and injunctive relief holding that the five-person sponsor threshold and local residency requirement set forth in NRS 295.095(1) and NRS 295.205(1), as applied to the initiation of local initiative petitions, impose an unconstitutional pre-circulation burden on core political speech in violation of the First Amendment to the United States Constitution.

## Count III – Nevada Constitution, Article 19

49. Plaintiff incorporates by reference paragraphs 1–48.

50. Article 19, Section 1 of the Nevada Constitution reserves the initiative power directly to the people and expressly provides that the initiative right is self-executing, requiring no legislative action to become operative.

51. Because the initiative power is self-executing, the Legislature's authority is limited to enacting reasonable procedural regulations that facilitate—rather than impair—the people's ability to exercise that right.

52. The Nevada Supreme Court has recognized that the Legislature may not impose procedural requirements that unnecessarily burden or frustrate the people's reserved initiative power. See *Herbst Gaming, Inc. v. Heller*, 122 Nev. 877, 887 (2006).

53. The requirement that at least five local electors agree to serve as sponsors before a city or county initiative may even be circulated functions as a substantive gatekeeping device rather than a neutral procedural regulation.

54. This sponsor threshold does not merely regulate the mechanics of signature collection, but instead conditions access to the initiative process on the willingness of multiple third parties to publicly associate themselves with the proposed measure, thereby preventing initiatives from reaching the circulation stage at all.

55. Such a pre-circulation barrier is inconsistent with the self-executing nature of Article 19, which vests the initiative power directly in the people and does not permit the Legislature to delegate veto power over that right to unwilling private individuals.

56. The inconsistency is underscored by Nevada's treatment of statewide initiatives, which may be initiated by a single sponsor. The Legislature's decision to impose a materially greater threshold for local initiatives lacks textual support in Article 19 and contradicts the Constitution's broad reservation of initiative authority.

57. By conditioning the exercise of the initiative power on the agreement of five local electors—rather than on the will of the electorate itself—NRS 295.095 and NRS 295.205 impermissibly narrow and burden the initiative right guaranteed by Article 19 of the Nevada Constitution.

58. Accordingly, the five-sponsor requirement and local residency rule violates the plain language, structure and purpose of Article 19 and is invalid under the Nevada Constitution.

### Count IV – First Amendment (Unnecessary Complexity and Confusion)

59. Plaintiff incorporates by reference paragraphs 1–58.

60. The First Amendment protects not only the right to advocate political change, but also the right to meaningfully participate in the initiative process without unnecessary procedural complexity that deters or discourages participation.

61. Laws regulating the initiative process that impose confusing, duplicative, or opaque requirements, burden core political speech when they deter individuals from engaging in protected political activity at the outset of the process.

9

62. Nevada's five-sponsor requirement contributes to unnecessary confusion by requiring residents to execute multiple distinct documents at the initiation stage, including a circulation authorization and a separate petition signature, without a clear or compelling justification for the duplication.

63. Plaintiff has found that many residents misunderstand why multiple signatures are required before circulation may begin, leading them to disengage from the process altogether and discouraging participation in the initiative process.

64. This confusion operates as an independent chilling mechanism by increasing cognitive and procedural barriers to political participation, particularly for first-time participants and residents of small communities.

65. The State cannot demonstrate that this confusion-inducing structure is narrowly tailored to serve a compelling governmental interest. Any legitimate interests in accountability or fraud prevention are already addressed through existing verification procedures, sworn affidavits, and criminal penalties.

66. Plaintiff seeks declaratory and injunctive relief holding that the five-person sponsor threshold and local residency requirement set forth in NRS 295.095(1) and NRS 295.205(1), as applied to the initiation of local initiative petitions, impose unnecessary and confusing procedural barriers that deter participation and burden protected political expression in violation of the First Amendment to the United States Constitution.

**Count V – 42 U.S.C. § 1983**

67. Plaintiff incorporates by reference paragraphs 1–66.

68. Defendants, acting under color of state law, enforce Nevada statutes that deprive Plaintiff of his rights under the First and Fourteenth Amendments of the U.S. Constitution.

69. Plaintiff is entitled to relief under 42 U.S.C. § 1983, including declaratory and injunctive relief, as well as attorney's fees pursuant to 42 U.S.C. § 1988(b).

10

## PRAYER FOR RELIEF

Plaintiff respectfully requests that this Court:

A. Declare that the five-person sponsor threshold and local residency requirement set forth in NRS 295.095(1) and NRS 295.205(1), as applied to the initiation of local initiative petitions, violate the First and Fourteenth Amendments to the United States Constitution and Article 19 of the Nevada Constitution;

B. Enjoin Defendant from enforcing the five-person sponsor threshold and local residency requirement, set forth in NRS 295.095(1) and NRS 295.205(1), as applied to the initiation of city and county initiative petitions

C. Order that one sponsor, regardless of where he resides within Nevada, may initiate a local petition;

D. Award Plaintiff costs and attorney's fees under 42 U.S.C. § 1988;

E. Grant all other relief as this Court deems just and proper;

F. Resolve this matter on an *expedited basis,* ideally by **March 2026**, so that Plaintiff and other voters may begin gathering signatures to qualify for the November 2026 general election. Respectfully submitted

DATED:  December 22nd, 2025


Russell Greer
/rgreer/
Pro Se

*Note: Plaintiff has training and experience as a paralegal and is therefore familiar with legal research, drafting, and procedure. Plaintiff is fully capable of representing himself and brings this action in good faith.*

11