Russell Greer
1100 Dumont Blvd
Apt 139
Las Vegas, NV 89169
801-895-3501
russmark@gmail.com
Pro Se Litigant

FILED
2025 DEC 23
CLERK
U.S. DISTRICT COURT

# IN THE UNITED STATES DISTRICT COURT

# DISTRICT OF UTAH

| | |
|---|---|
| **RUSSELL GREER**<br><br>    Plaintiff<br><br>v.<br><br>**JOSHUA MOON ET AL**,<br><br>    Defendants | **PLAINTIFF'S RESPONSE TO DEFENDANTS' NOTICE OF SUPPLEMENTAL AUTHORITY**<br><br>Case No.:   2:24-cv-00421-DBB-JCB |

1

Plaintiff Plaintiff respectfully responds to Defendants' Notice of Supplemental Authority and states as follows:

Defendants' submission does not establish willful misconduct or bad faith. It instead relies on an out-of-context statement from unrelated litigation and recasts a reasonable, good-faith interpretation of the Court's orders as intentional defiance.

At the time relevant to Defendants' motion, this Court had stayed discovery, so that Plaintiff could serve the John Doe defendants. Plaintiff understood—reasonably and in good faith—that limited subpoenas directed solely toward identifying anonymous defendants for purposes of service were permitted and distinct from discovery.

Plaintiff did not believe that such limited subpoenas violated the discovery stay. Rather, Plaintiff understood them to be necessary to find and serve the John Does. Plaintiff did not act in knowing disregard of any Court order because Plaintiff thought the Court allowed service. Because they are John Does, of course, the only way to serve them is through subpoena.

Defendants' reliance on a statement made in separate Nevada litigation does not alter this analysis. Plaintiff's later description of attempted service-related subpoenas does not constitute an admission of willful violation of this Court's discovery stay, nor does it negate Plaintiff's good-faith understanding at the time. Again, plaintiff thought the stay was so that John Does could be served. The only way to serve them was through subpoena.

Plaintiff's disclosure of paralegal training also does not raise a claim of willful misconduct. Plaintiff is not an attorney, did not claim to be one, and reasonably relied on the distinction—commonly recognized in John Doe internet cases—between regular discovery and limited efforts to identify anonymous defendants for service.

Because Defendants cannot show a clear and unambiguous violation of a Court order, knowing or reckless intent, or prejudice warranting sanctions, Defendants' motion and supplemental arguments should be denied.

Respectfully submitted,

Russell Greer

/rgreer/
12-23-25

**CERTIFICATE OF SERVICE:**

Pursuant to FRCP 5(b), I certify that on 12-23-25, I served a true and correct copy of the attached document by ECF to all attorneys on record.