Russell Greer
1100 Dumont Blvd
Apt 139
Las Vegas, NV 89169
801-895-3501
russmark@gmail.com
Pro Se Litigant

FILED
2025 DEC 23
CLERK
U.S. DISTRICT COURT

IN THE UNITED STATES DISTRICT COURT

DISTRICT OF UTAH

| | |
|---|---|
| **RUSSELL GREER**<br><br>    Plaintiff<br><br>v.<br><br>**JOSHUA MOON ET AL**,<br><br>    Defendants | **PLAINTIFF'S REPLY IN SUPPORT OF MOTION TO DISQUALIFY**<br><br>Case No.:   2:24-cv-00421-DBB-JCB |

1

Plaintiff respectfully replies to Defendants' Memorandum in Opposition (ECF No. 425) to directly address Defendants' repeated and unfounded accusations of "fraud on the Court" arising from Plaintiff's former in forma pauperis status.

### 1. The IFP "fraud" narrative is legally baseless

Defendants' insinuation that Plaintiff committed fraud by proceeding in forma pauperis rests on a fundamental misstatement of law. The Supreme Court has long held that **a litigant "need not be destitute" to qualify for in forma pauperis status**. *Adkins v. E.I. DuPont de Nemours & Co.*, 335 U.S. 331 (1948) The standard for IFP is whether payment of the filing fee would impose an undue hardship under the litigant's circumstances — not whether the litigant has zero income or assets. Thousands of litigants are granted IFP status every year under this standard.

At the time Plaintiff sought IFP status, Plaintiff was facing a relocation between states, and the basic costs of self-support while saving up for the move. Plaintiff reasonably concluded that paying a $400 filing fee would impose a hardship. That conclusion was accepted by the Court.

Critically:

- **No order by Magistrate Judge Bennett or Judge Tina Campbell required repayment** of the filing fee after IFP was accepted.
- **This IFP issue was untouched for 4 years before Hardin came on.**
- **Most importantly: Plaintiff paid the filing fee.**

Defendants' attempt to retroactively convert a granted IFP determination into "fraud" is unsupported by law and contradicted by the record.

### 2. Defendants' fixation on IFP is extraneous and improper

Rather than litigating the merits of this case — including fair use, copyright scope, or statutory defenses — defense counsel has chosen to pursue what can only be described as **serial collateral attacks** on Plaintiff, unrelated to the claims of the complaint.

Hardin's efforts include:

- repeated filings focused on Plaintiff's finances rather than copyright law,
- efforts to weaponize unrelated litigation in other jurisdictions,
- and rhetorical escalation suggesting criminal or ethical misconduct where none could ever be found.

This pattern has extended and **prolonged this case**, which soon enters its sixth year, while diverting judicial attention away from the substantive issues actually before the Court.

That conduct is not zealous advocacy. It is a litigation strategy untethered from the merits.

### 3. This conduct is precisely why disqualification is warranted

Plaintiff's Motion to Disqualify is not an attempt to avoid scrutiny or "investigation," as Defendants suggest. It is a response to Hardin's repeated decision to pursue inflammatory side campaigns, instead of litigating the case in good faith.

Hardin's insistence on framing a waived filing fee as some sort of giant, elaborate fraud, demonstrates a departure from appropriate advocacy and raises serious concerns about Mr. Hardin's objectivity, proportionality, and compliance with professional norms. When counsel abandons merits-based litigation, in favor of personal and financial attacks on an opposing party, disqualification is an appropriate remedy to protect the integrity of the proceedings. His conduct has tainted this case.

### 4. Defendants' opposition confirms, rather than defeats, Plaintiff's motion

Defendants' Opposition does not rebut the specific conduct identified in Plaintiff's Motion to Disqualify. Instead, it relies on false and conclusory accusations. That approach underscores the necessity of judicial intervention.

**Conclusion**

The Court should reject Defendants' unfounded fraud narrative, deny Defendants' Opposition, and grant Plaintiff's Motion to Disqualify.

Respectfully submitted,

Russell Greer

/rgreer/
12-23-25

**CERTIFICATE OF SERVICE:**

Pursuant to FRCP 5(b), I certify that on 12-23-25, I served a true and correct copy of the attached document by ECF to all attorneys on record.