**Matthew D. Hardin (*pro hac vice*)**
**HARDIN LAW OFFICE**
101 Rainbow Drive # 11506
Livingston, TX 77399
Telephone: (202) 802-1948
Email: MatthewDHardin@gmail.com
*Attorney for Defendants*
*Joshua Moon and Lolcow, LLC*

THE UNITED STATES DISTRICT COURT
DISTRICT OF UTAH

| | |
|---|---|
| RUSSELL GREER,<br><br>Plaintiff,<br><br>v.<br><br>JOSHUA MOON, *et al*.<br><br>Defendants. | **DEFENDANTS' REPLY MEMORANDUM OF LAW IN FURTHER SUPPORT OF MOTION TO COMPLETE THE RECORD PURSUANT TO FED. R. EVID. 106**<br><br>Case No. 2:24-cv-00421-DBB<br><br>District Judge David Barlow<br>Magistrate Judge Jared C. Bennett |

NOW COME Defendants, Joshua Moon and Lolcow, LLC, by and through their undersigned counsel, and file this Reply Memorandum of Law in Further Support of their Motion to Complete the Record pursuant to Fed. R. Evid. 106. ECF No. 417. Defendants state as follows:

1. Mr. Greer's Opposition at ECF No. 419 offers three reasons why Mr. Greer should not be required to submit the entire "writing" he filed as an exhibit, rather than a

mere portion which Mr. Greer believes favors him.[1] First, Mr. Greer states his portion of the writing isn't misleading, which Mr. Greer believes is a necessary prerequisite under Fed. R. Evid. 106.[2] *Id*. at 2. Second, Mr. Greer argues that Defendants evidentiary entitlement somehow "guts" copyright law. *Id*. Third, Mr. Greer argues forcing him to publish the entirety of his "writing" would cause real harm. *Id*. at 4.  None of these arguments are availing.

2. As to Mr. Greer's first argument, Mr. Greer is incorrect to say that "Defendants do not identify any sentence [of his writing] that becomes misleading without later chapters." *Id*. at 2. Specifically, Defendants Motion explains that Mr. Greer at first argued, citing expressly to his own exhibit, that he did not "not advocate violence or harassment." ECF No. 417 at 1, *citing* ECF No. 415 at 5. But Mr. Greer himself previously admitted that the very same writing contains evidence that various judges saw it differently and issued protective orders for the benefit of women Mr. Greer harassed or threatened. ECF No. 399 at 3, n.3, cited by Defendants at ECF No. 413 at 3. Mr. Greer himself opened the door to admitting the full contents of his book when he filed only an excerpt of that book, and made contradictory assertions in this Court as to what the full text says.

---

[1] Mr. Greer also offers asides which appear entirely irrelevant to a Fed. R. Evid. 106 motion. Because such arguments dp not appear to have any bearing on the motion the Court is required to adjudicate, Defendants do not address in this Reply Mr. Greer's arguments about "internet trolls," Natalie Banks and any potential bias Mr. Greer believes she has, or Mr. Greer's professed inability to market the book that is at issue in this lawsuit. *Id*. at 3-4.

[2] Defendants do not accept that they must show Mr. Greer's excerpt is "misleading" to be entitled to relief under Fed. R. Civ. P. 106. The standard is simply that the remainder of the writing "in fairness ought to be considered at the same time." *Id*.

3. As to Mr. Greer's second argument, Mr. Greer has not shown any tension at all between the rules of evidence and the substantive provisions of copyright law, much less why the latter should prevail in any perceived conflict. Mr. Greer fundamentally misunderstands Defendants' position: Defendants have argued that *if* they reproduced or encouraged the reproduction of any copyright material,[3] they would have done so as part of fair use commentary. ECF No. 413 at 3. Without limitation, Defendants and others would have commented on the fact that Mr. Greer is a "legend" in his own mind, ECF No. 415 at 17, but that Mr. Greer is violent and abusive to women as documented in his own autobiographical work. ECF No. 413 at 2-3. Mr. Greer sees this as Defendants arguing that "infringement is justified because someone believes the author is a bad or dangerous person." ECF No. 419 at 2. But that is not at all Defendants argument. No infringement can possibly have occurred if there is legitimate commentary upon the book, even if that commentary is motivated by and amplifies a dislike for Mr. Greer or a belief that he is a violent, vexatious, and spiteful individual.

4. As to Mr. Greer's third argument, that publishing his entire book (rather than his favorite self-serving excerpt) would cause "real harm," Mr. Greer is again mistaken both factually and legally. ECF No. 419 at 4. Factually, Mr. Greer's entire writing has been available online for the entire duration of this litigation, because Mr. Greer himself has made an intentional choice not to request that Google remove that book from the Internet. ECF No. 152 at 5 (this Court notes that Mr. Greer has never requested Google take down his book, and that is "to his own detriment"). There is this no harm at all if Mr. Greer's book is *also* available on Pacer, due to Mr. Greer's own

---

[3] This remains factually disputed. Defendants do not admit that they reproduced or encouraged the reproduction of Mr. Greer's book, but argue in the alternative that any such act would have constituted fair use.

decision to file an excerpt of that book as an exhibit, forcing a Fed. R. 106 motion, because Mr. Greer's book always has been and apparently will always be available online due to Mr. Greer's intentional choices. Legally, Mr. Greer is also wrong: On an appropriate showing,[4] the Court can seal evidence rather than file it publicly on Pacer. *Sibley v. Sprint Nextel Corp.*, 254 F.R.D. 662, 667 (D. Kan. 2008) (noting that confidential business information subject to a protective order may be sealed on an appropriate showing), *Religious Tech. Ctr. v. F.A.C.T.NET, Inc.*, 901 F. Supp. 1528, 1529 (D. Colo. 1995) (addressing dual claims of copyright and trade secrets protection). But Mr. Greer doesn't seek to file evidence under seal. Instead, he seeks to keep this Court focused entirely on his own carefully curated excerpt, rather than allowing Defendants to make arguments based upon the entirety of the writing Mr. Greer himself both authored and submitted as an exhibit.

WHEREFORE, pursuant to Fed. R. Evid. 106, this Court should order that the remainder of the writing Mr. Greer filed with the Court in Mr. Greer's Reply, ECF No. 415 at 12 *et seq.*, be filed and considered alongside Mr. Greer's proffered excerpt.

DATED December 29, 2025

                                        **HARDIN LAW OFFICE**

                                         /s/ Matthew D. Hardin
                                        **Matthew D. Hardin**
                                        *Attorney for Defendants*
                                        *Joshua Moon and Lolcow, LLC*

---

[4] Defendants do not suggest Mr. Greer can meet the standard for sealing, but note only that he has not made the attempt. If Mr. Greer believes his book should be filed under seal, he should file an appropriate motion, to which Defendants will respond in the ordinary course.