**Matthew D. Hardin (*pro hac vice*)**
**HARDIN LAW OFFICE**
101 Rainbow Drive # 11506
Livingston, TX 77399
Telephone: (202) 802-1948
Email: MatthewDHardin@gmail.com
*Attorney for Defendants*
*Joshua Moon and Lolcow, LLC*

THE UNITED STATES DISTRICT COURT
DISTRICT OF UTAH

| | |
|---|---|
| RUSSELL GREER,<br><br>        Plaintiff, | **DEFENDANTS' MEMORANDUM OF LAW IN OPPOSITION TO PLAINTIFF'S "MOTION TO STRIKE & EXCLUDE IMPROPER WITNESS DISCLOSURE as to ROGER BAYLOCQ UNDER FRCP 37(c)(1)"** |
| v. | Case No. 2:24-cv-00421-DBB |
| JOSHUA MOON, *et al*.<br><br>        Defendants. | District Judge David Barlow<br>Magistrate Judge Jared C. Bennett |

NOW COME Defendants, Joshua Moon and Lolcow, LLC, by and through their

undersigned counsel, and oppose Mr. Greer's "MOTION TO STRIKE & EXCLUDE

IMPROPER WITNESS DISCLOSURE as to ROGER BAYLOCQ UNDER FRCP

37(c)(1)." ECF No. 423. Defendants state as follows:

1.      It appears that every time Defendants offer a witness disclosure that Mr.

Greer does not like, Mr. Greer will file a Motion to Strike. ECF Nos. 406 (Waylon Huber),

411 (Natalie Banks). Defendants note this pattern and incorporate by reference their

prior oppositions as if fully set forth herein. ECF Nos. 408, 413.

2.      Mr. Greer's repeated motions to strike documents that are not even

properly before the court (essentially, emails between the parties) are premature, at a

minimum. If Defendants eventually seek testimony from Roger Baylocq or any other witness, Mr. Greer can seek to quash any eventual subpoena. It is unclear why Mr. Greer believes he is entitled to declare, in advance and while discovery has been stayed, that Defendants' proposed witnesses have no knowledge[1] and ought to be excluded.

3.      Leaving aside that Mr. Greer's Motion to Strike is procedurally improper and premature, it is also mistaken on its merits. As Defendants have explained to Mr. Greer on numerous occasions, 28 U.S.C. § 1915 (e)(2)(A) *requires* dismissal of this case, in its entirety, if it turns out that Mr. Greer's allegations of poverty are "untrue." Mr. Greer himself states that he sought to purchase a hotel from Roger Baylocq during the pendency of this action and at a time during which Mr. Greer was proceeding in this Court as a pauper. ECF No. 337. Defendants respectfully submit that paupers unable to pay court fees do not ordinarily purchase hotels. Defendants further submit Mr. Baylocq likely knows the value of his hotel, and what sort of financial resources Mr. Greer would have proffered in his attempt to buy it.

4.      Leaving even that aside, Mr. Greer himself injected Mr. Baylocq into this case. Specifically, Mr. Greer told a Nevada court in parallel state litigation (which Mr. Greer instituted for the express purpose of end-running this Court's management of its own docket) that undersigned counsel made false allegations relating to Mr. Greer's communications with Mr. Baylocq. ECF No. 421-1 at 14. Mr. Greer further told the Nevada court that he could prove undersigned counsel made false allegations as to Mr. Baylocq and that he would provide documentary evidence in the form of copies of

---

[1] Defendants note that the law only requires at this stage that the witness might have knowledge which would lead to the discovery of admissible evidence, not that the witnesses knowledge must be admissible in itself. *Donlin v. Aramark Corp.*, 162 F.R.D. 149, 150 (D. Utah 1995), citing Fed. R. Civ. P. 26 (b)(1).

communications with Mr. Baylocq related to the hotel purchase "upon request." *Id*. But when Defendants actually made the request, Mr. Greer suddenly decided these communications didn't matter at all. Exhibits A and B. Documents Mr. Greer stated would prove Defendants were incorrect and that defense counsel ought to be prohibited even from defending this case, suddenly mattered to Mr. Greer not at all. *Id*.  That indicates Mr. Greer is engaged in bad faith gamesmanship, not bona fide confusion as to the disclosure of a witness.

WHEREFORE, Defendants respectfully submit that Mr. Greer's serial motions to strike disclosures should all be denied.

DATED January 5, 2026.

**HARDIN LAW OFFICE**

*/s/ Matthew D. Hardin*
**Matthew D. Hardin**
*Attorney for Defendants*
*Joshua Moon and Lolcow, LLC*