**From:** **Russell Greer** RussMark@gmail.com
**Subject:** Re: PRESERVATION DEMAND
**Date:** December 20, 2025 at 9:40 AM
**To:** Matthew Hardin matthewdhardin@gmail.com

EXHIBIT

# A



Sir,

Respectfully, I've already responded regarding this.

As for the Roger thing: read it again. It was only if the LV judge wanted to see it, but since the PPO was denied, it's no longer relevant.

Have a great holiday. Get some rest, drink some eggnog and maybe stop fixating on this case for a while.

Cheers.

Sent from my iPhone

> On Dec 12, 2025, at 7:02 AM, Russell Greer <russmark@gmail.com> wrote:
>
> Mr. Hardin,
>
> Your repeated extrajudicial emails contain false, stigmatizing, and defamatory accusations, demands made outside authorized discovery, and invasive commentary about my personal life wholly unrelated to any claim or defense. Discovery in this matter is stayed.
>
> Your conduct has now escalated to the point that I am preparing to seek a **personal protective order** based on harassment, intimidation, and interference with my personal affairs outside legitimate litigation activity.
>
> I deny your allegations, reject your legal characterizations regarding in forma pauperis status, and will not engage in further informal discovery or accusatory correspondence.
>
>
> Sent from my iPhone
>
> On Dec 12, 2025, at 6:46 AM, Matthew Hardin <matthewdhardin@gmail.com> wrote:
>
> Good morning, Mr. Greer.
>
> Further to my email of December 8, 2025: I received proof yesterday evening from a Nevada sex worker who indicates that you were using Zelle and Venmo to send her "tips" during the time period that you were proceeding in forma paupers in this case. Your social media from the relevant time period hinted that you were sending funds to women, but this is the first confirmation that we have received. These transfers would have taken place during a time you claimed to be too poor to pay your filings fees, and too poor to pay to obtain court records in Utah. Some of the transfers may have even taken place contemporaneously with your unsuccessful efforts to stay the Utah case to obtain counsel. But it appears you did not spend money on counsel, because you were instead paying these funds over to sex workers.
>
> Please confirm not later than Monday, December 15, 2025 that you are preserving your financial records from Zelle and Venmo from the time period six months before your present lawsuit was instituted through the present. As we indicated in the December 8, 2025 email, our position is that these Zelle/Venmo records, especially when read together with your own previous filings in the U.S. District Court from 2018, will indicate that your allegations of poverty in this case are untrue and that dismissal is mandatory pursuant to 28 USC 1915 (e)(2), which expressly provides that the court must dismiss a lawsuit *even if the filing fee or a portion of it is later paid.*
>
> I cannot presently subpoena these records because discovery is stayed, but I believe they will imminently be destroyed due to a 7 year retention period at Zelle and Venmo. If you refuse to provide immediate confirmation that these records are being preserved such that I can subpoena them when discovery reopens, I will have no choice but to seek a preservation order and other appropriate relief on Monday. Your failure to make such a confirmation may also lead to a request that the judge make an adverse inference with respect to any missing records.
>
> Best,
>
> **Matthew D. Hardin**
> **Hardin Law Office**
> Direct Dial: 202-802-1948
> NYC Office: 212-680-4938
> Email: MatthewDHardin@protonmail.com
>
> ***The information contained in this message may be privileged. It is intended by the sender to be confidential. If you suspect you may not be the intended recipient, please notify the sender and delete all copies.***