**Matthew D. Hardin (*pro hac vice*)**
**HARDIN LAW OFFICE**
101 Rainbow Drive # 11506
Livingston, TX 77399
Telephone: (202) 802-1948
Email: MatthewDHardin@gmail.com
*Attorney for Defendants*
*Joshua Moon and Lolcow, LLC*

THE UNITED STATES DISTRICT COURT
DISTRICT OF UTAH

| | |
|---|---|
| RUSSELL GREER,<br><br>Plaintiff, | **DEFENDANTS' MEMORANDUM OF LAW IN OPPOSITION TO PLAINTIFF'S "MOTION FOR SANCTIONS UNDER FED. R. CIV. P. 37(c)(1)"** |
| v. | Case No. 2:24-cv-00421-DBB |
| JOSHUA MOON, *et al.*<br><br>Defendants. | District Judge David Barlow<br>Magistrate Judge Jared C. Bennett |

NOW COME Defendants, Joshua Moon and Lolcow, LLC, by and through their undersigned counsel, and oppose Mr. Greer's "MOTION FOR SANCTIONS UNDER FED. R. CIV. P. 37(c)(1)" ECF No. 424. Defendants state as follows:

1. The Plaintiff has filed so many motions for sanctions against undersigned counsel that Mr. Greer has apparently forgotten his earlier motions. In the most recent attempt, Mr. Greer states he has never before sought sanctions under Fed. R. Civ. P. 37. But that's transparently false and shows only how cavalier Mr. Greer has become in making untrue and unresearched allegations of wrongdoing against undersigned counsel. This Court's docket reflects (as Mr. Greer's own memory should also) that Mr. Greer sought sanctions under Rule 37 at ECF No. 263. That motion was denied, with the Court expressly holding that Mr. Greer's motion was filed under Rule 37. ECF No.

272 at 5, n. 18 ("The court also notes that, contrary to Defendants' assertion, Mr. Greer's motion for sanctions was brought under Fed. R. Civ. P. 37(b)..."). Defendants have no idea why Mr. Greer falsely states his latest motion (almost two hundred docket entries later) is the first one he has filed seeking sanctions under Rule 37.

2.  This Court's rules prevent what Mr. Greer has done (twice) in rushing to seek Rule 37 sanctions without first seeking to resolve any disagreement in the normal meet and confer process. Specifically, DUCivR 37-1 requires that "The parties must make reasonable efforts to resolve a discovery dispute arising under Fed. R. Civ. P. 26 through 37 before seeking court assistance." And the rule provides that parties must confer before such a motion can be filed. *Id*. But Mr. Greer ignored his obligations to confer, as is also his pattern. See, e.g., ECF Nos. 156-1 (relating to Mr. Greer's failure to confer under Rule 26), 196-1, 196-1, 196-3, 196-5 (all relating to Mr. Greer's failures to confer under Rule 37), 382 (Mr. Greer states he only wants to hear from defense counsel "in connection with potential settlement discussions...").[1] And Mr. Greer has not provided any prompt written communication to undersigned counsel either, setting forth the basis for his supposed grievances. Mr. Greer prefers simply to burden the Court and the Defendants in the first instance, with no attempt whatsoever to follow the rules or even to research his own prior filings.

3.  Leaving aside that Mr. Greer's motion is based on a false premise and is filed in violation of this Court's rules, Mr. Greer is also simply wrong. As Defendants have

---

[1] Just yesterday, Mr. Greer decided he wanted to engage in a formal meet and conferral regarding potential retransfer of this case to Florida or transfer to Ohio. Exhibit C. But as undersigned counsel was drafting this Opposition, Mr. Greer canceled that meet and confer. Exhibit A. This follows almost a month of correspondence with Mr. Greer, in which he has repeatedly claimed he does not understand or needs repeated what questions undersigned counsel has posed. Exhibit B.

now explained in their responses to Mr. Greer's serial motions to strike witness disclosures (ECF Nos. 408, 413, 430), each potential witness Defendants have disclosed has relevant knowledge. Each and every witness has knowledge of Mr. Greer's financial situation, including but not limited to facts which would require the mandatory dismissal of this case pursuant to 28 U.S.C. § 1915 (e)(2). Natalie Banks has additional knowledge relevant to a fair use inquiry. There is nothing improper about Defendants' disclosure of these individuals, but there is a great deal that is improper about Mr. Greer's pre-emptive attempts to sidestep what he thinks will be unflattering evidence and to seek sanctions against defense counsel at every turn.

WHEREFORE, Defendants respectfully submit that Mr. Greer's latest motion for sanctions should be denied. Alternatively, because Defendants have been denied the opportunity under DUCivR 37-1 to confer regarding Mr. Greer's concerns, Defendants request this Court identify any concerns it has in an order to show cause, so that Defendants can appropriately respond.

DATED January 5, 2026.

**HARDIN LAW OFFICE**

 /s/ Matthew D. Hardin
**Matthew D. Hardin**
*Attorney for Defendants*
*Joshua Moon and Lolcow, LLC*