Russell Greer
1100 Dumont Blvd
Apt 139
Las Vegas, NV 89169
801-895-3501
russmark@gmail.com
Pro Se Litigant

IN THE UNITED STATES DISTRICT COURT

DISTRICT OF UTAH

| | |
|---|---|
| **RUSSELL GREER**<br><br>　　Plaintiff<br><br>v.<br><br>**JOSHUA MOON ET AL**,<br><br>　　Defendants | **PLAINTIFF'S REPLY IN SUPPORT OF MOTION TO STRIKE ROGER BQYLOCQ**<br><br>Case No.:   2:24-cv-00421-DBB-JCB |

1

Defendants' Opposition confirms, rather than defeats, the basis for Plaintiff's Motion to Strike. Defendants concede that discovery in this action is stayed, yet seek to justify informal third-party fishing expeditions during a stay. The Federal Rules do not permit this and Defendants' arguments amount to an attempt to circumvent both the discovery stay and this Court's prior rulings.

### I.    Discovery Is Stayed, and Informal Third-Party Discovery Is Prohibited

Defendants expressly acknowledge that discovery in this case is stayed. A discovery stay bars not only formal discovery mechanisms, but also informal discovery efforts, including identifying witnesses, soliciting documents, or attempting to preserve testimony through third-party contact.

Defendants' assertion that Plaintiff may later "seek to quash any eventual subpoena" misunderstands the nature of a discovery stay. There is no authority to pursue subpoenas, witness development, or evidentiary fishing while discovery is stayed. The impropriety arises at the moment Defendants attempt to build an evidentiary record outside permitted discovery. Accordingly, Defendants' disclosure of Roger Baylocq is premature and improper and must be stricken.

### II.    Defendants' Reliance on 28 U.S.C. § 1915 Is Legally Incorrect

Defendants rely on 28 U.S.C. § 1915(e)(2)(A) to justify third-party inquiry into Plaintiff's finances. That reliance fails as a matter of law.

First, **§ 1915 does not impose any requirement that a litigant "remain poor."** There is no statute, rule, or court order prohibiting an IFP litigant from engaging in lawful business activity, exploring transactions, or pursuing income-generating opportunities during litigation. Defendants cite no authority to the contrary.

2

Second, § 1915 places evaluation of IFP status **exclusively with the Court**, not with opposing counsel. The statute authorizes dismissal, only if allegations of poverty are shown to be untrue; it does **not** authorize adverse counsel to conduct extra-judicial investigations, contact third parties, or speculate about finances based on conjecture. Plaintiff has already told the Court repeatedly: in 2020, he was moving from Utah to Nevada and had to cover two states' rents. He had a deadline to file for the statute of limitations and relied on case law that he didn't need to be "destitute." See *Adkins v. E.I. DuPont de Nemours & Co*., 335 U.S. 331, 339–40 (1948).

Third, even assuming that § 1915 were relevant at the time Defendants reference, Defendants' conduct remains improper because **discovery is stayed**. A discovery stay prohibits both formal and informal discovery, including third-party evidentiary development. Defendants may not bootstrap a stayed case into an investigative free-for-all by invoking § 1915 as a pretext.

### III. Lawful Business Activity Does Not Create Relevance or Bad Faith

Defendants suggest that Plaintiff's alleged discussions regarding a potential transaction are incompatible with IFP status and therefore justify third-party testimony. This argument is legally incorrect.

There is no rule prohibiting an IFP litigant from:

- exploring business opportunities,
- negotiating potential transactions, or
- seeking future income.

Attempted or speculative business activity does not establish present wealth and does not render prior IFP representations false. Defendants' argument rests on speculation, not evidence, and does not create relevance for third-party testimony—particularly in a copyright case where Plaintiff's finances are not at issue and the proposed witness has nothing to do with copyright.

### IV. Defendants' Tactic Is an End-Run Around This Court's Prior Discovery Ruling

This Court has already addressed Defendants' efforts to conduct irrelevant fishing expeditions. In February 2025, Defendants sought short-form discovery compelling Plaintiff to produce materials and the Court denied that request. Defendants' current attempt to identify and develop a third-party witness during a discovery stay is not meaningfully different. It is simply a new tactic aimed at obtaining the similar, irrelevant information the Court previously declined to order, now pursued indirectly through a non-party.

Courts do not permit parties to relitigate or evade prior discovery rulings by repackaging denied discovery requests as witness disclosures or informal third-party inquiries. Defendants' approach undermines both the discovery stay and the Court's earlier order.

### V. Plaintiff Did Not "Inject" Mr. Baylocq as a Witness

Defendants argue that Plaintiff "injected" Mr. Baylocq into this case through litigation statements and therefore invited discovery. That argument misunderstands both the Federal Rules and basic evidentiary principles.

Merely referencing a person in pleadings or litigation statements does **not** convert that individual into a witness, nor does it create an entitlement to discovery. Witness status arises from **relevance and admissibility**, not from casual or contextual mention. The Federal Rules require more than the identification of a name; they require a showing that the individual possesses discoverable information *relevant* **to a live claim or defense**. See Fed. R. Civ. P. 26(b)(1). Here, Defendants have made no such showing. They rely instead on the premise that any person mentioned by Plaintiff is automatically subject to discovery. That premise finds no support in the Rules or case law. If accepted, it would mean that any third party referenced at any time could be transformed into a witness by unilateral assertion—an outcome courts have repeatedly rejected.

Moreover, even if relevance could eventually be established (it has not), discovery in this action is presently stayed. A party's litigation statements do not waive a discovery stay or authorize informal

discovery. The proper procedure would be to seek leave of court after the stay is lifted and to demonstrate relevance at that time—not to engage in premature witness designation or third-party inquiry.

Accordingly, Plaintiff did not "inject" Mr. Baylocq into this case in any manner that creates witness status, waives procedural protections, or permits discovery. Defendants' argument is unsupported by the Federal Rules and should be rejected.

## VI. Conclusion

Defendants admit discovery is stayed, rely on a statute that does not authorize their conduct, and attempt to pursue indirectly what this Court has already declined to allow directly. The Federal Rules do not permit this. Plaintiff respectfully requests that the Court:

1. Strike Defendants' disclosure of Roger Baylocq;
2. Prohibit Defendants from engaging in third-party evidentiary contact during the discovery stay; and
3. Exclude any evidence obtained through such improper conduct.

Respectfully submitted,

Russell Greer

/rgreer/
1-5-26

**CERTIFICATE OF SERVICE:**

Pursuant to FRCP 5(b), I certify that on 1-5-26, I served a true and correct copy of the attached document by ECF to all attorneys on record.