Russell Greer
1100 Dumont Blvd
Apt 139
Las Vegas, NV 89169
801-895-3501
russmark@gmail.com
Pro Se Litigant

IN THE UNITED STATES DISTRICT COURT

DISTRICT OF UTAH

| | |
|---|---|
| **RUSSELL GREER**<br><br>Plaintiff<br><br>v.<br><br>**JOSHUA MOON ET AL**,<br><br>Defendants | **PLAINTIFF'S MOTION TO STRIKE DEFENDANTS' IMPROPER WITNESS DISCLOSURE RE SUZETTE COLE**<br><br>Case No.:  2:24-cv-00421-DBB-JCB |

1

## INTRODUCTION

This Motion arises from yet another improper witness disclosure by Defendants. This is now the **fourth time** Plaintiff has been forced to seek relief from Defendants' attempts to inject irrelevant, prejudicial, and personal material into this case under the guise of witness disclosure.

The scope and nature of Defendants' purported disclosure of **Suzette Colette Cole** reveal a troubling pattern of overreach. Rather than identifying evidence tied to any *relevant* claim or defense, Defendants seek to introduce allegations about Plaintiff's personal life, finances, past disputes, and online commentary—none of which bear on the elements of copyright infringement or fair use. Such conduct exceeds the bounds of appropriate advocacy and raises serious concerns regarding harassment of both Plaintiff and private third parties. The Federal Rules do not authorize intrusive, character-based fishing expeditions, particularly while discovery is stayed.

## I. Discovery Is Stayed, and the Disclosure Is Improper

Discovery in this action is currently stayed. A discovery stay prohibits not only formal discovery, but also informal discovery efforts, including identifying witnesses and outlining alleged "scope of knowledge" intended to preserve or develop testimony. Defendants' disclosure of Ms. Cole during a discovery stay is therefore improper on its face. Labeling the disclosure as informational does not cure the violation; it is a discovery mechanism in substance and effect.

## II. The Asserted "Scope of Knowledge" Is Irrelevant and Inadmissible

Defendants assert that Ms. Cole allegedly possesses knowledge regarding, among other things:

- Plaintiff's prior restraining orders or litigation conduct;
- Allegations of forged documents or "vexatious" behavior;
- Plaintiff's personal finances or alleged moral conduct; and
- Whether online materials constitute "fair use."

2

   None of these topics are relevant to any claim or defense in this copyright action. Fair use is a legal determination for the Court, based on the statutory factors and the works at issue. It is not established through third-party testimony about a litigant's character, personal history, or internet commentary. Because the proffered testimony would be inadmissible even if discovery were open, the disclosure serves no legitimate evidentiary purpose.

### III. Background Narrative Does Not Create Witness Status

   Defendants appear to rely on the fact that Plaintiff's book contains a narrative reference in **Chapter 5** to prior litigation involving a sex worker, who stole $4,000 from him in 2014. That reference does not convert unrelated individuals into witnesses, does not place Plaintiff's character at issue, and does not open the door to discovery into collateral matters. Mere mention of a person or dispute in background narrative does not create witness status or entitle Defendants to discovery.

   Defendants' disclosure highlights the problem before the Court: rather than addressing the claims in this case, Defendants attempt to shift the focus to Plaintiff's personal history and long-resolved matters that have no bearing on copyright infringement or fair use. The Federal Rules do not permit parties to litigate character or past disputes in place of relevant evidence, particularly while discovery is stayed

   Wanting to know whether a letter showcased in Chapter 5 in the book is authentic doesn't show or help defendants' fair use claim. The letter truthfully is authentic, but defendants wanting proof of authenticity has zero to do with any affirmative defense to copyright infringement. Further, the letter they seek is 12 years old and the author (Dennis Hof) is deceased.

### IV. The Disclosure Is Prejudicial and Reflects Improper Overreach

   The breadth and nature of the asserted "scope of knowledge"—including allegations unrelated to the claims and legal conclusions reserved to the Court—demonstrate that the disclosure is not

being used for any legitimate litigation purpose. Courts routinely strike disclosures that function to inject inflammatory or stigmatizing allegations into the record.

This disclosure is a classic case of the pot calling the kettle black. Defendants Moon and Lolcow LLC —who own a forum widely reported by major news outlets as being tied to targeted harassment campaigns and linked to multiple suicides and other serious real-world harm—does not get to use this case to keep branding Plaintiff as different things by recycling selective, de-contextualized allegations from expired or dismissed matters. For instance, Suzette wouldn't know anything about the Walters PO. This is exactly how harm gets amplified. Defendants' disclosure omits critical context (like how the worker stole $4,000 from Greer), while pushing character attacks that have nothing to do with copyright infringement or fair use, and the Court should not allow its process to be used to legitimize or republish those distortions.

Plaintiff is entitled to litigate this case as a flawed, albeit normal person, deserving of dignity, not as a caricature manufactured for harassment. Plaintiff has done his best to not personally disparage Mr. Moon, although there's a lot of material out there about Moon. Plaintiff deserves that same respect.

### V. Relief Requested

Plaintiff respectfully requests that the Court:

1. Strike Defendants' witness disclosure of **Suzette Colette Cole** in its entirety;
2. Prohibit Defendants from further witness disclosures or third-party evidentiary contact relating to Ms. Cole while discovery remains stayed; and
3. Exclude any evidence obtained through such improper disclosure.

Respectfully submitted,

Russell Greer
/rgreer/
1-5-26

**CERTIFICATE OF SERVICE:**

Pursuant to FRCP 5(b), I certify that on 1-5-26, I served a true and correct copy of the attached document by ECF to all attorneys on record.

6

**EXHIBIT A**

From: Matthew Hardin matthewdhardin@gmail.com
Subject: Roger Baylocq Witness Disclosure
Date: Dec 22, 2025 at 10:04:01 AM
To: Russell Greer RussMark@gmail.com

Good morning,

I have another witness disclosure to make:

Name: Suzette Colette Cole
Phone: 775-246-9901
Email: contact@bunnyranch.com
Address: 69 Monoliet Rd, Carson City, NV 89706

Scope of knowledge: Russell Greer's public and/or written statements as to Kiera Keeper and restraining order(s) for conduct against Ms. Keeper. Russell Greer's past vexatious litigation and whether documents purporting to be signed by Dennis Hof and/or Ms. Cole were forged. Russell Greer's representations regarding his financial abilities to pay for prostitution. Whether or not particular writings by Mr. Greer and commentaries hosted on KiwiFarms.st, Google Drive, or other websites are a Fair Use commentary on Mr. Greer's work and/or behavior.

Best,

**Matthew D. Hardin**
**Hardin Law Office**
Direct Dial: 202-802-1948
NYC Office: 212-680-4938
Email: MatthewDHardin@protonmail.com

***The information contained in this message may be privileged. It is intended by the sender to be confidential. If you suspect you may not be the intended recipient, please notify the sender and delete all copies.***

> On Dec 20, 2025, at 4:57 PM, Matthew Hardin <matthewdhardin@gmail.com> wrote:
>
> Good afternoon,
>
> In light of your continued refusal to provide the documents relating to Roger Baylocq which you previously indicated were highly relevant and which you would

be happy to provide upon request, in an abundance of caution I disclose as follows:

Name: Roger Baylocq
Phone: 775-623-3635
Email: ScottShadyCourt@gmail.com
Address: 400 W 1st St, Winnemucca, NV 89445

Scope of knowledge:  Russell Greer's search for real estate in or near Winnemucca and financial resources required to purchase land in that vicinity. Russell Greer's stated financial abilities & business plans. Russell Greer's representations regarding his financial abilities to governmental officials. Content of documents referred to by Russell Greer in pleadings before the Las Vegas Justice Court.

Best,

Matthew D. Hardin
**Hardin Law Office**
Direct Dial: 202-802-1948
NYC Office: 212-680-4938
Email: MatthewDHardin@protonmail.com

***The information contained in this message may be privileged. It is intended by the sender to be confidential. If you suspect you may not be the intended recipient, please notify the sender and delete all copies.***

> On Dec 18, 2025, at 5:36 PM, Matthew Hardin <matthewdhardin@gmail.com> wrote:
>
> Good evening, Mr. Greer.
>
> I'm writing to again request your emails with Roger Baylocw. You told the Nevada Court of Appeals(under penalty of perjury) that you would be happy to provide them "upon request." I've requested them. But much like the restraining order from Utah you said you would be happy to provide before being sanctioned and

changing your tune, we're still waiting on it.

Please comply with my request.

**Matthew D. Hardin**
**Hardin Law Office**
Direct Dial: 202-802-1948
NYC Office: 212-680-4938
Email: MatthewDHardin@protonmail.com

***The information contained in this message may be privileged. It is intended by the sender to be confidential. If you suspect you may not be the intended recipient, please notify the sender and delete all copies.***

> On Dec 17, 2025, at 9:17 AM, Matthew Hardin <matthewdhardin@gmail.com> wrote:
>
> Good morning, Mr. Greer.
>
> On page 14 of your (denied, attached) application for a restraining order against me, you said copies of your correspondence with Roger Baylocq are available upon request. I hereby request that you provide me those copies, as you volunteered you would in a document filed under penalty of perjury with the Nevada court.
>
> Best,
> <Court Docs.pdf>
>
> **Matthew D. Hardin**
> **Hardin Law Office**
> Direct Dial: 202-802-1948
> NYC Office: 212-680-4938
> Email: MatthewDHardin@protonmail.com
>
> ***The information contained in this message may be privileged. It is intended by the sender to be confidential. If you suspect you may not be the intended recipient, please notify the sender and delete all copies.***