Russell Greer
1100 Dumont Blvd
Apt 139
Las Vegas, NV 89169
801-895-3501
russmark@gmail.com
Pro Se Litigant

# IN THE UNITED STATES DISTRICT COURT

# DISTRICT OF UTAH

| | |
|---|---|
| **RUSSELL GREER**<br><br>    Plaintiff<br><br>v.<br><br>**JOSHUA MOON ET AL**,<br><br>    Defendants | **PLAINTIFF'S OPPOSITION TO DEFENDANTS' MOTION FOR EXTENSION OF TIME AND MOTION TO STAY FUTURE MOTIONS**<br><br>   Case No.:    2:24-cv-00421-DBB-JCB |

Plaintiff respectfully opposes Defendants' Motion for Extension of Time and Motion to Stay Future Motions. The request should be denied for the following reasons.

**I. Defendants' Motion Misrepresents Why Plaintiff Filed Motions to Strike**

Defendants argue that Plaintiff "continues to file repetitive motions," but omit the actual reason they were filed: **Defendants repeatedly disclosed witnesses, who have zero relevance to copyright infringement and who possess no knowledge of any material facts to this case.**

Plaintiff is *required* to object to improper disclosures. Failing to do so would waive the objection. Each motion to strike was triggered by Defendants' own conduct — specifically, their attempts to introduce witnesses whose listed "scope of knowledge" consists entirely of:

- Plaintiff's personal life,
- past unrelated disputes,
- character attacks,
- financial matters,
- and online gossip.

None of these topics relate to contributory copyright infringement, the DMCA notice, or fair use. Thus, Plaintiff acted **within the Rules** in filing motions to strike.

**II. The Court Already Denied a Stay in 2024 — the Same Logic Applies Here, But Even More Strongly**

In March 2024, this Court rejected Plaintiff's request for a stay, holding:

- litigation must move forward;
- collateral issues cannot delay the case;
- the Court will not halt the case due to volume of motions or procedural disputes. *Greer v. Moon*, Order Denying Motion to Stay (Mar. 13, 2024).

2

If a 90-day stay for a pro se litigant seeking counsel was inappropriate in 2024, then a blanket, indefinite stay requested by represented Defendants is even less warranted. Defendants ask for **more relief** than Plaintiff sought — and for far less legitimate reasons.

### III. Defendants Filed Their Motion *After* Plaintiff Filed His Motions — They Cannot Retroactively Block Objections

It is critical to point out:

1. Defendants filed improper witness disclosures during a discovery stay.
2. Plaintiff filed motions to strike — as required to preserve the issue.
3. **Only afterward**, did Defendants file this Motion for Extension + Stay of Future Motions.

Defendants cannot:

- violate the stay,
- introduce improper materials,
- and then file a stay motion to prevent the opposing party from objecting.

This is backwards. The Rules require timely objection, and Plaintiff objected immediately and properly.

### IV. Defendants Are Not Asking for More Time — They Are Asking to Freeze Plaintiff's Ability to Respond

Their motion is not a normal extension request. It seeks:

- an **open-ended deadline** ("14 days after the Court rules on several unrelated motions"),
- a **blanket prohibition** on Plaintiff filing anything new,
- and a **procedural freeze** designed to prevent Plaintiff from challenging Defendants' ongoing attempts to inject irrelevant individuals into the case.

This is not an "extension." This is an attempt to:

- shield improper conduct from scrutiny,
- prevent Plaintiff from objecting,

3

- and silence all future filings by one party only.

No authority supports such asymmetric relief.

## V. Plaintiff's Motions to Strike *Simplify* the Case — They Do Not Burden the Court

Unlike Defendants' repeated attempts to add irrelevant individuals to this lawsuit, Plaintiff's motions to strike are *narrow*, *targeted*, and *directly tied* to managing the case efficiently. If Defendants stopped disclosing irrelevant third parties, Plaintiff would no longer need to file motions. Defendants are creating the problem they complain about.

The 2024 order emphasized the Court's inherent power to control its docket for efficiency. Granting Defendants' motion would do the opposite:

- reward improper disclosures,
- freeze objections,
- and expand, rather than streamline, the case.

## VI. A Stay Would Severely Prejudice Plaintiff

If granted, Defendants' motion would prevent Plaintiff from:

- objecting to improper disclosures,
- responding to new filings,
- protecting his rights,
- and developing issues relevant to the Tenth Circuit's remand.

Meanwhile, Defendants would remain free to:

- continue making improper disclosures,
- file their own motions,
- and shape the record without opposition.

This asymmetry is prejudicial and unsupported by the Rules.

**CONCLUSION**

For the foregoing reasons, Plaintiff respectfully requests that the Court:

1. **Deny Defendants' Motion for Extension of Time**,

2. **Deny Defendants' Motion to Stay All Future Motions**, and

3. Reaffirm that parties may not use motions for delay to shield improper disclosures or prevent timely objections.

Respectfully submitted,

Russell Greer
/rgreer/
1-12-26

**CERTIFICATE OF SERVICE:**

Pursuant to FRCP 5(b), I certify that on 1-12-26, I served a true and correct copy of the attached document by ECF to all attorneys on record.