Russell Greer
1100 Dumont Blvd
Apt 139
Las Vegas, NV 89169
801-895-3501
russmark@gmail.com
Pro Se Litigant

IN THE UNITED STATES DISTRICT COURT

DISTRICT OF UTAH

| | |
|---|---|
| **RUSSELL GREER**  Plaintiff  v.  **JOSHUA MOON ET AL**,  Defendants | **PLAINTIFF'S REPLY IN SUPPORT OF MOTION FOR SANCTIONS**  Case No.:   2:24-cv-00421-DBB-JCB |

1

Defendants' Opposition Motion mischaracterizes both Plaintiff's motion and the governing law. Rather than addressing the repeated Rule 26 violations at issue, Defendants attempt to reframe this case as a routine discovery dispute subject to a mandatory meet-and-confer requirement. That framing is incorrect. Plaintiff's motion seeks sanctions for **completed, repeated, and non-curable disclosure misconduct**, not an order compelling discovery or resolving a negotiable dispute.

**I. Plaintiff Was Not Required to Meet and Confer Before Filing This Motion**

**A. Rule 37(c)(1) Sanctions Address Completed Violations, Not Ongoing Disputes**

Plaintiff's motion is brought under Rule 37(c)(1), which is self-executing and applies when a party has already failed to comply with Rule 26(a). The Rule does not require a preliminary meet and confer where the violation has occurred, the disclosure has been made, and the resulting harm cannot be undone through discussion.

Here, Defendants made **three separate improper witness disclosures**, each identifying private non-parties with no relevance to any copyright claim or defense. Plaintiff responded to the first two disclosures with motions to strike, clearly identifying the same relevance defects later repeated in the third disclosure. By the time of the third violation, Defendants' conduct was complete, their position was fixed, and the collateral harm had already occurred. There was nothing left to "resolve" through conferral.

Meet-and-confer requirements exist to narrow disputes and avoid unnecessary motions. They do not require parties to negotiate over sanctions for completed misconduct or to engage in futile formalities after lesser corrective measures have already failed.

**B. *Schulte v. Potter* Does Not Apply to Plaintiff's Motion**

Defendants' reliance on *Schulte v. Potter*, 179 F. App'x 575 (10th Cir. 2007) is misplaced. *Schulte* involved a **Rule 37(a) motion to compel discovery**, not a Rule 37(c)(1) sanctions motion. The Tenth Circuit rejected a futility argument in *Schulte* because the movant

2

possessed **new information** that had not been presented to opposing counsel and could have avoided court intervention if discussed.

As the court explained, futility failed in *Schulte* because "had [the movant] presented this information to opposing counsel prior to filing her motion, the [opposing party] may have reconsidered its position … either of which may have avoided the need for court intervention." *Id.*

Those facts are the opposite of this case. Plaintiff did not possess new, negotiable information capable of curing Defendants' conduct. Defendants had already persisted in the same improper disclosures, despite prior motions to strike identifying the same defects. No amount of discussion could have undone the disclosures, prevented their publication, or cured the resulting harm to non-parties.

Importantly, *Schulte* does not hold that futility is never a valid consideration. To the contrary, the court expressly assumed—without deciding—that futility could apply, and rejected it only on the specific facts before it.

Because this matter involves completed misconduct rather than a curable discovery dispute, *Schulte* does not bar Plaintiff's motion.

## C. Persuasive Authority Confirms That Conferral Is Not Required Where It Would Be Futile

Courts within the Tenth Circuit have recognized that conferral requirements do not apply where further discussion would be objectively futile. In *O'Bannon v. PHS-CCM Health*, the District of Kansas excused conferral, where the parties' positions were irreconcilable and further discussion would have been "futile." No. 22-2060, 2024 WL 7772193, at *4 (D. Kan. Oct. 13, 2024). Although *O'Bannon* arose under Rules 16 and 30, its reasoning is procedural, not rule-specific. The meet-and-confer requirement exists to facilitate resolution, not to shield completed

3

misconduct from judicial review. Where, as here, conferral could not have changed the outcome, it is not required.

## II. Defendants Do Not Dispute the Core Rule 26 Violations

Notably, Defendants devote substantial space to attacking Plaintiff's litigation conduct, while largely ignoring the substance of the Rule 26 violations themselves. They do not meaningfully dispute that the disclosed individuals lack relevance to any copyright issue, nor do they show that the disclosures were substantially justified or harmless. Rule 37(c)(1) places that burden squarely on Defendants.

Rule 37(c)(1) does not require a finding of bad faith. It requires only a failure to comply with Rule 26(a) that is neither substantially justified nor harmless. Plaintiff has demonstrated a repeated pattern of non-compliance and concrete, foreseeable harm. Defendants' procedural objections do not cure that failure.

## III. Conclusion

Plaintiff's motion seeks sanctions for repeated, completed Rule 26 violations after lesser corrective measures proved ineffective. The meet-and-confer requirement does not apply where conferral would have been futile and incapable of curing the misconduct. Defendants' reliance on *Schulte v. Potter* is misplaced, and persuasive authority confirms that Plaintiff's motion was procedurally proper.

For these reasons, Plaintiff respectfully requests that the Court grant the Motion for Sanctions under Rule 37(c)(1).

Respectfully submitted,

Russell Greer
/rgreer/
1-9-26

## CERTIFICATE OF SERVICE:

Pursuant to FRCP 5(b), I certify that on 1-9-26, I served a true and correct copy of the attached document by ECF to all attorneys on record.