**Matthew D. Hardin (pro hac vice)**
**HARDIN LAW OFFICE**
101 Rainbow Drive # 11506
Livingston, TX 77399
Telephone: (202) 802-1948
Email: MatthewDHardin@gmail.com
*Attorney for Defendants*

THE UNITED STATES DISTRICT COURT
DISTRICT OF UTAH

| | |
|---|---|
| RUSSELL GREER,<br><br>     Plaintiff,<br>v.<br><br><br>JOSHUA MOON, *et al*.<br><br>     Defendant. | **DEFENDANTS' NOTICE OF HALLUCINATED CITATIONS**<br><br>Case No. 2:24-cv-00421-DBB<br><br>District Judge David Barlow<br>Magistrate Judge Jared C. Bennett |

NOW COME the Defendants, by and through undersigned counsel, and submit this Notice of Hallucinated Citations in Mr. Greer's filing at ECF No. 437.

Two federal judges have recently held that it is the duty of opposing counsel to assist the court by advising it when a party has filed a fraudulent citation. Specifically, the Southern District of Texas held that "the Court expects all parties to assist in maintaining the integrity of the judicial process by alerting the Court to such errors." *Elizondo v. City of Laredo*, No. 5:25-cv-50, 2025 U.S. Dist. LEXIS 140572, at *8 (S.D. Tex. July 23, 2025). And the Northern District of Mississippi echoed that concern just last month: *Billups v. Louisville Mun. Sch. Dist.*, No. 1:24-CV-74-SA-RP, 2025 U.S. Dist. LEXIS 262670, at *22 (N.D. Miss. Dec. 19, 2025) ("the Court expects all parties to assist in maintaining the integrity of the judicial process and to be diligent in flagging AI misuse.").

**1. *Schulte v. Potter*, 179 F. App'x 575 (10th Cir. 2007), does not exist.**

In his most recent filing, ECF No. 437 at 2, Mr. Greer states that "Defendants' reliance

on *Schulte v. Potter*, 179 F. App'x 575 (10th Cir. 2007) is misplaced." There are two problems with that assertion: First, Defendants never cited (much less relied on) *Schulte*. It appears nowhere in Defendants' underlying brief at ECF No. 431. Second, the *Schulte* case does not exist. No wonder, then, that Defendants did not rely on it.

If the Court turns to 179 F. App'x 572, it will see *United States v. Ochoa-Vasquez*. Exhibit A. That case involves a criminal case about the ineffective assistance of counsel, not any issue Mr. Greer or Defendants have raised in this case. Certainly, there's no mention of anybody named Schulte or of Rule 37 in *Ochoa-Vasquez*. And *Ochoa-Vasquez* is a 2006 case from the 11th Circuit, not a 2007 case from the 10th Circuit.

**2. *O'Bannon v. PHS-CCM Health*, No. 22-2060, 2024 WL 7772193, at \*4 (D. Kan. Oct. 13, 2024), does not exist.**

The Plaintiff also cites "*O'Bannon v. PHS-CCM Health*, No. 22-2060, 2024 WL 7772193, at \*4 (D. Kan. Oct. 13, 2024)." Undersigned counsel uses Lexis rather than Westlaw, but was not able to find the *O'Bannon* case at all, even searching by party identifiers. So defense counsel then searched for the *O'Bannon* case using Pacer. No dice. As it turns out, the only case number "22-2060" in the District of Kansas is for *Saili v. Waste Management of Kansas, Inc*. Exhibit B. And that docket shows no activity at all in calendar year 2024, much less a decision ostensibly made on October 13, 2024. *Id*.

**3. Defendants have notified the Plaintiff of these errors.**

Defendants notified Mr. Greer of his hallucinated citations above. Exhibit C. Mr. Greer states that he somehow "thought" defendants cited *Schulte*, but did not explain how he thought that *Schulte* is a real case that exists. *Id*. Mr. Greer provided an entirely different *O'Bannon* opinion from the one cited in his brief, issued on a different date, bearing a

different case number, and claimed that was proof that his *O'Bannon* citation was not fraudulent. *Id*.

DATED January 12, 2026

**HARDIN LAW OFFICE**

 /s/ Matthew D. Hardin
**Matthew D. Hardin**
Attorney for Defendants