


**From:** Matthew Hardin matthewdhardin@gmail.com
**Subject:** Re: Rule 11 ?
**Date:** January 12, 2026 at 8:33 PM
**To:** Russell Greer  RussMark@gmail.com
**Bcc:** Joshua Moon  jcmoon@pm.me

Good evening, Mr. Greer.

You are missing my point: the *Schulte* case does not exist. I also did not cite it, because it does not exist. But you did cite it. And you have provided no evidence that it exists. At all. Does it exist, or did you make it up?

Your Kansas citation is not to the Kansas case, either. Specifically, I have now clicked on your link below. Your brief cites to a different case number and a different date. The case you sent me is case 2:24-cv-2060. But your brief said case 22-2060. It might seem we're arguing about a typo, but it's actually much more significant than that: your brief also says the *O'Bannon* decision was handed down in October, and the case you sent me below was handed down on an entirely different date. Other than having the name "O'Bannon" in common, the case you cited in your brief and the case you sent me below from Kansas appear to have nothing at all in common.

I have warned you repeatedly that artificial intelligence will hallucinate cases. You have not explained where *Schulte* came from at all. You have now provided me a totally separate O'Bannon case from what you actually cited in the brief. That is not sufficient. I demand that you:

1. Provide the *Schulte* case, or admit that it does not exist.
2. Provide the *O'Bannon* opinion you actually cited in your brief, not an unrelated opinion in a different case that happens to share the same name but was issued on an entirely different day.
3. Withdraw your fraudulent pleadings.

Best,

**Matthew D. Hardin**
**Hardin Law Office**
Direct Dial: 202-802-1948
NYC Office: 212-680-4938
Email: MatthewDHardin@protonmail.com

***The information contained in this message may be privileged. It is intended by the sender to be confidential. If you suspect you may not be the intended recipient, please notify the sender and delete all copies.***

> On Jan 12, 2026, at 8:22 PM, Russell Greer <RussMark@gmail.com> wrote:
>
> Good evening, sir.
>
> Ok, a few things:
>
> I misread parts of your motion and thought you cited that case and so I was arguing it based on that curation. Human goof!
>
> That said: my argument still fits into the broader scope of what you were arguing.
>
> Third: my Kansas citation was not a fabrication. You can find it here: https://ecf.ksd.uscourts.gov/cgi-bin/show_public_doc?2024cv2060-49
>
> Fourth: your opposition has a fabrication itself. You said I wanted to meet to transfer the case. I never once said that. In fact, I asked you twice what you wanted to meet about because that email chain was very long and I couldn't find exactly what you wanted to meet about. Your last email to me, saying look at the email you sent me on XX/XX, finally gave me clarity to know where and what I was looking for. So unless you're admitting you made a Rule 11 violator yourself, it seems hypocritical to call me out for a harmless error.
>
> In short, I'm a human and misread a portion of your response, but the overall reply answers the substance of what you wrote.
>
> Sent from my iPhone
>
>> On Jan 12, 2026, at 5:01 PM, Russell Greer <RussMark@gmail.com> wrote:
>>
>> Matthew,
>>
>> That was a typo on my part. I didn't mean you had cited that case. I was talking about how you said you
>>
>> Sent from my iPhone
>>
>>> On Jan 12, 2026, at 4:53 PM, Matthew Hardin <matthewdhardin@gmail.com> wrote:
>>>
>>> Good evening, Mr. Greer.

Good evening, Mr. Greer.

I was perusing your latest filing at ECF No. 437, and I am not able to find the cases you cite. Specifically, you say "Defendants' reliance on *Schulte v. Potter*, 179 F. App'x 575 (10th Cir. 2007) is misplaced." But I have never cited *Schulte*, and it does not appear that the *Schulte* case exists (no wonder, then, that I have never cited it). When I search the Federal Appendix at volume 179, your citation takes me to a criminal case called *US v. Ochoa-Vasquez,* not to any case involving anybody named Schulte. And you also cite a case supposedly from Kansas called *"O'Bannon v. PHS-CCM Health*, No. 22-2060, 2024 WL 7772193, at *4 (D. Kan. Oct. 13, 2024)." But that case also does not appear to exist. Your Westlaw cite returns no results, and when I searched Pacer for the actual case number you provided, the case number appears to relate to an entirely different suit between entirely different parties (see attached). What's more, that Kansas case was closed in 2023 and there has been no docket activity in 2024 at all. So there definitely wasn't an October 13, 2024 decision, and there definitely wasn't an *O'Bannon* case.

I'm sure I must be mistaken, because you're a trained paralegal and know that filing a fraudulent case like this would be sanctionable. I look forward to any explanation you can provide. If I do not hear from you with some compelling explanation for these apparently fraudulent filings, I will be serving a Motion under Rule 11.

Best,
<District of Kansas.pdf>

**Matthew D. Hardin**
**Hardin Law Office**
Direct Dial: 202-802-1948
NYC Office: 212-680-4938
Email: MatthewDHardin@protonmail.com

***The information contained in this message may be privileged. It is intended by the sender to be confidential. If you suspect you may not be the intended recipient, please notify the sender and delete all copies.***

> On Oct 14, 2025, at 10:13 PM, Russell Greer <RussMark@gmail.com> wrote:
>
> Good evening, Mr. Hardin,
>
> To clarify, I drafted the brief and I did use online databases to find supporting authorities and did Google cases and use Google scholar, but I read through and verified every citation myself before filing.
>
> For example, *White v. General Motors Corp.*, 908 F.2d 669 (10th Cir. 1990), does use the term *"draconian"* when discussing overbroad sanctions.  https://law.justia.com/cases/federal/appellate-courts/F2/908/669/168954/).
>
> *Same with every case I cited. To be fair, you have cited cases in the past that didn't fit what you were arguing or it was clear you used creative twisting, e.g. in your motion to dismiss, when you used a case that supposedly wipes away all litigation history, but that's not what it said. Nor could it be accessed.*
>
> I definitely do my due diligence.
>
> Sent from my iPhone
>
>> On Oct 14, 2025, at 6:40 PM, Matthew Hardin <matthewdhardin@gmail.com> wrote:
>>
>> Good evening, Mr. Greer.
>>
>> I'm glad to see you're burning the midnight oil, but I note a series of issues that lead me to believe you have generated this brief with the use of artificial intelligence, and have not checked your legal citations.
>>
>> For example, your first citation is to *Collins v. Daniels*, 916 F.3d 1302 (10th Cir. 2019), but I am unable to find any provision of that case — any at all — that supports the idea that "Rule 11 sanctions must be supported by an objectively unreasonable filing and must be limited to what suffices to deter repetition, taking into account good faith, financial condition, and—where applicable—the litigant's pro se status." There appears to be no reference to "good faith" at all, and no reference to "repetition." The only references to financial condition or pro se status have nothing to do with Rule 11, but discuss the financial condition of inmates seeking to assert a right to counsel or to be released on bond before a criminal trial. But your brief cites *Collins* for numerous propositions that are nowhere to be found in the actual decision you cite to. Was that a mistake?
>>
>> Continuing, you also cite to *White v. GM Corp.*, 908 F.2d 675, 684 (10th Cir. 1990), which you say held that *"sanctions should not be applied in a 'draconian' manner that "chills legitimate advocacy."* But when I pulled that case on Lexis, I don't see the word "draconian" used at all. Nor do I see the phrase "chills legitimate advocacy." But you have put those phrases in quotations, indicating that they come directly from the case. Was that a mistake?

Numerous courts have imposed sanctions for using artificial intelligence. AI is known to "hallucinate" cases or provide improper citations, often purporting that cases stand for propositions they do not. *Wadsworth v. Walmart Inc*., 348 F.R.D. 489, 493 (D. Wyo. 2025). I **eagerly** await any explanation you might have for the citations listed above, which appear to be improper and AI-generated.

Best,

**Matthew D. Hardin**
**Hardin Law Office**
Direct Dial: 202-802-1948
NYC Office: 212-680-4938
Email: MatthewDHardin@protonmail.com

***The information contained in this message may be privileged. It is intended by the sender to be confidential. If you suspect you may not be the intended recipient, please notify the sender and delete all copies.***