


**From:** Matthew Hardin matthewdhardin@gmail.com
**Subject:** Rule 11 ?
**Date:** January 12, 2026 at 7:53 PM
**To:** Russell Greer  RussMark@gmail.com
**Bcc:** Joshua Moon  jcmoon@pm.me

Good evening, Mr. Greer.

I was perusing your latest filing at ECF No. 437, and I am not able to find the cases you cite. Specifically, you say "Defendants' reliance on *Schulte v. Potter*, 179 F. App'x 575 (10th Cir. 2007) is misplaced." But I have never cited *Schulte*, and it does not appear that the *Schulte* case exists (no wonder, then, that I have never cited it). When I search the Federal Appendix at volume 179, your citation takes me to a criminal case called *US v. Ochoa-Vasquez*, not to any case involving anybody named Schulte. And you also cite a case supposedly from Kansas called "*O'Bannon v. PHS-CCM Health*, No. 22-2060, 2024 WL 7772193, at *4 (D. Kan. Oct. 13, 2024)." But that case also does not appear to exist. Your Westlaw cite returns no results, and when I searched Pacer for the actual case number you provided, the case number appears to relate to an entirely different suit between entirely different parties (see attached). What's more, that Kansas case was closed in 2023 and there has been no docket activity in 2024 at all. So there definitely wasn't an October 13, 2024 decision, and there definitely wasn't an *O'Bannon* case.

 I'm sure I must be mistaken, because you're a trained paralegal and know that filing a fraudulent case like this would be sanctionable. I look forward to any explanation you can provide. If I do not hear from you with some compelling explanation for these apparently fraudulent filings, I will be serving a Motion under Rule 11.

Best,



**Matthew D. Hardin**
**Hardin Law Office**
Direct Dial: 202-802-1948
NYC Office: 212-680-4938
Email: MatthewDHardin@protonmail.com

***The information contained in this message may be privileged. It is intended by the sender to be confidential. If you suspect you may not be the intended recipient, please notify the sender and delete all copies.***

> On Oct 14, 2025, at 10:13 PM, Russell Greer <RussMark@gmail.com> wrote:
>
> Good evening, Mr. Hardin,
>
> To clarify, I drafted the brief and I did use online databases to find supporting authorities and did Google cases and use Google scholar, but I read through and verified every citation myself before filing.
>
> For example, *White v. General Motors Corp.*, 908 F.2d 669 (10th Cir. 1990), does use the term *"draconian"* when discussing overbroad sanctions.  https://law.justia.com/cases/federal/appellate-courts/F2/908/669/168954/).
>
> *Same with every case I cited. To be fair, you have cited cases in the past that didn't fit what you were arguing or it was clear you used creative twisting, e.g. in your motion to dismiss, when you used a case that supposedly wipes away all litigation history, but that's not what it said. Nor could it be accessed.*
>
> I definitely do my due diligence.
>
> Sent from my iPhone
>
>> On Oct 14, 2025, at 6:40 PM, Matthew Hardin <matthewdhardin@gmail.com> wrote:
>>
>> Good evening, Mr. Greer.
>>
>> I'm glad to see you're burning the midnight oil, but I note a series of issues that lead me to believe you have generated this brief with the use of artificial intelligence, and have not checked your legal citations.
>>
>> For example, your first citation is to *Collins v. Daniels*, 916 F.3d 1302 (10th Cir. 2019), but I am unable to find any provision of that case — any at all — that supports the idea that "Rule 11 sanctions must be supported by an objectively unreasonable filing and must be limited to what suffices to deter repetition, taking into account good faith, financial condition, and—where applicable—the litigant's pro se status." There appears to be no reference to "good faith" at all, and no reference to "repetition." The only references

to financial condition or pro se status have nothing to do with Rule 11, but discuss the financial condition of inmates seeking to assert a right to counsel or to be released on bond before a criminal trial. But your brief cites *Collins* for numerous propositions that are nowhere to be found in the actual decision you cite to. Was that a mistake?

Continuing, you also cite to *White v. GM Corp.*, 908 F.2d 675, 684 (10th Cir. 1990), which you say held that "*sanctions should not be applied in a 'draconian' manner that "chills legitimate advocacy."*" But when I pulled that case on Lexis, I don't see the word "draconian" used at all. Nor do I see the phrase "chills legitimate advocacy." But you have put those phrases in quotations, indicating that they come directly from the case. Was that a mistake?

Numerous courts have imposed sanctions for using artificial intelligence. AI is known to "hallucinate" cases or provide improper citations, often purporting that cases stand for propositions they do not. *Wadsworth v. Walmart Inc.*, 348 F.R.D. 489, 493 (D. Wyo. 2025). I **eagerly** await any explanation you might have for the citations listed above, which appear to be improper and AI-generated.

Best,

**Matthew D. Hardin**
**Hardin Law Office**
Direct Dial: 202-802-1948
NYC Office: 212-680-4938
Email: MatthewDHardin@protonmail.com

***The information contained in this message may be privileged. It is intended by the sender to be confidential. If you suspect you may not be the intended recipient, please notify the sender and delete all copies.***