**Matthew D. Hardin (pro hac vice)**
**HARDIN LAW OFFICE**
101 Rainbow Drive # 11506
Livingston, TX 77399
Telephone: (202) 802-1948
Email: MatthewDHardin@gmail.com
*Attorney for Defendants*

THE UNITED STATES DISTRICT COURT
DISTRICT OF UTAH

| | |
|---|---|
| RUSSELL GREER,<br><br>    Plaintiff,<br>v.<br><br><br>JOSHUA MOON, *et al.*<br><br>    Defendant. | **DEFENDANTS' REPLY TO ECF No. 438**<br><br>Case No. 2:24-cv-00421-DBB<br><br>District Judge David Barlow<br>Magistrate Judge Jared C. Bennett |

NOW COME the Defendants, by and through undersigned counsel, and submit this Reply to Mr. Greer's "Response to ECF No. 438." Defendants state as follows:

1. Mr. Greer's response appears to implicitly admit that the Plaintiff's initial citations were hallucinated or fabricated.

2. In Mr. Greer's initial briefing, the Plaintiff cited to *Schulte v. Potter*, 179 F. App'x 575 (10th Cir. 2007). ECF No. 437 at 2. Mr. Greer now clarifies that a totally separate case, *Schulte v. Potter*, 218 F. App'x 703, 709 (10th Cir. 2007), does exist. ECF No. 440 at 2. But Mr. Greer's own exhibit undercuts this supposed "correction," as Mr. Greer cites to *Brent v. TG Baker Trucking* (no reporter or page number provided), and offers no explanation at all for the initial reference to 179 F. App'x 575. ECF No. 440 at 7. Nor does Mr. Greer explain the basis on which he previously asserted Defendants relied on *Schulte* (whether the real *Schulte* case, or the imagined *Schulte* case).

3. The same goes for Mr. Greer's supposed "correction" of a citation to the District

of Kansas: Mr. Greer now claims he meant to cite "ECF No. 49 in Case No. 24-2060-JWB-ADM, dated November 26, 2024." ECF No. 440 at 3. But what Mr. Greer actually cited in his original brief is an entirely different case, with an entirely different case number, issued on an entirely different date, in a case with a different defendant: *O'Bannon v. PHS-CCM Health*, No. 22-2060, 2024 WL 7772193, at *4 (D. Kan. Oct. 13, 2024). ECF No. 437 at 3. Mr. Greer has no explanation at all for this discrepancy, and the only commonality between the original citation and Mr. Greer's revised citation appears to be the name "O'Bannon." Certainly, Mr. Greer is incorrect to state that "The citation error was limited to the WL identifier, not the existence of the case." ECF No. 440 at 3. The date is also wrong, and only one of the two parties was accurately identified.

    4. Mr. Greer falsely claims that Defendants are at fault for his own fraudulent citations.

    5. As to *O'Bannon*, Mr. Greer claims "The citation error was limited to the WL identifier, not the existence of the case." ECF No. 440 at 3. But that's not even remotely true. Mr. Greer also mis-stated the case number and the date of the opinion, and the name of one of two parties. Mr. Greer offers no explanation at all for these errors, and he "doubles down" by claiming, falsely, that Defendants "also ignored the PACER link Plaintiff sent them on January 12, 2026." *Id*. To the contrary, as Defendants informed Mr. Greer and the Court, defense counsel gave Mr. Greer the benefit of the doubt and clicked on his link. This resulted in reading an entirely different case than the one Mr. Greer cited. ECF No. 438-3. Mr. Greer has now provided that same case (which differs in almost every respect from the case cited in Mr. Greer's briefing) to the Court, but that does not mean that Mr. Greer's briefing was accurate or filed in good faith.

6. As to *Schulte*, Mr. Greer says "Defendants failed to consult more than one reporting database before shooting off their baseless notice." ECF No. 440 at 3. But that is also untrue. Defendants pulled both the physical Federal Appendix and the Lexis report for 179 F. App'x 575, which is the case Mr. Greer cited, and provided the result to Mr. Greer and the Court. ECF No. 438-1. Mr. Greer apparently believes Defendants should have read his mind that the Plaintiff somehow truly meant to cite a different case found in a different volume of the Federal Appendix and a different page number: 218 F. App'x 703, 709. For obvious reasons, Defendants have no ability to read the Plaintiff's mind and intuit what he meant, and are forced to rely on what Mr. Greer actually filed with the Court. But even leaving that aside, Mr. Greer offers no explanation for his apparent assertion that defendants relied on *Schulte*, a case which does not exist and which Defendants never cited.

7. The errors Mr. Greer has made are hallmarks of artificial intelligence, which frequently conflates one case with another or makes similar errors. *Wadsworth v. Walmart Inc.*, 348 F.R.D. 489, 493 (D. Wyo. 2025) ("the excerpt [of a case provided by AI] could very well be a losing party's arguments, the court explaining an overruled case, dicta, etc."). Courts have sanctioned pro se litigants for citation errors such as those described above, even where they admit fault. Exhibit A. Mr. Greer, of course, refuses to take any responsibility for his fabricated citations and blames defense counsel. And at least one other federal court has expressly found that citation errors such as those by Mr. Greer are sanctionable. *Doc App, Inc. v. Leafwell, Inc.*, No. 2:25-cv-838-SPC-NPM, 2025 U.S. Dist. LEXIS 232188, at *7 (M.D. Fla. Nov. 26, 2025) ("it does not matter what [a party] intended to cite. It is neither the Court's nor opposing counsel's job to identify his fake

citations and intuit what he meant.").

DATED January 13, 2026

                                               **HARDIN LAW OFFICE**

                                               _/s/ Matthew D. Hardin_
                                               **Matthew D. Hardin**
                                               Attorney for Defendants