Russell Greer
1100 Dumont Blvd
Apt 139
Las Vegas, NV 89169
801-895-3501
russmark@gmail.com
Pro Se Litigant

# IN THE UNITED STATES DISTRICT COURT

# DISTRICT OF UTAH

| | |
|---|---|
| **RUSSELL GREER**<br><br>Plaintiff<br><br>v.<br><br>**JOSHUA MOON ET AL**,<br><br>Defendants | NOTICE OF DEFENDANTS' FALSE STATEMENT OF FACT<br><br>Case No.:   2:24-cv-00421-DBB-JCB |

1

Plaintiff Russell Greer files this Notice to place on the record a false statement of fact made by Defendants.

In Defendants' Opposition (ECF No. 431), Defendants stated in footnote 1 that, "Mr. Greer decided he wanted to engage in a formal meet and conferral regarding potential retransfer of this case to Florida or transfer to Ohio."

That statement is false.

Plaintiff never agreed to, decided to pursue, or consented to transfer or retransfer of this action. To the contrary, Plaintiff expressly stated in writing: "No, I do not consent to a transfer or retransfer of this."

Attached as **Exhibit A** is the complete email chain referenced by Defendants. Nowhere in that correspondence did Plaintiff agree to meet, confer, or otherwise engage in any transfer discussion. Plaintiff's written responses on December 30, 2025 ("What was your response?") and January 6th, 2026 (as quoted above) reflect rejection of transfer, not agreement.

Plaintiff files this Notice solely to identify Defendants' false factual statement for the Court's awareness and because Defendants have once again plagued this docket with frivolous filings (such as ECF 438) and so Plaintiff needed to bring to the Court's attention the irony of Defendants saying Plaintiff misled the court, when the facts show the opposite.

Respectfully submitted,

Russell Greer
/rgreer/
1-13-26

3

**CERTIFICATE OF SERVICE:**

Pursuant to FRCP 5(b), I certify that on 1-13-26, I served a true and correct copy of the attached document by ECF to all attorneys on record.

**EXHIBIT A**

4

**From:** Russell Greer RussMark@gmail.com
**Subject:** Re: PRESERVATION DEMAND
**Date:** Jan 6, 2026 at 9:59:15 AM
**To:** Matthew Hardin matthewdhardin@gmail.com
**Bcc:** russmark@gmail.com

Good morning.

No, I ***do not*** consent to a transfer or retransfer of this.

Thanks.

Sent from my iPhone

> On Jan 6, 2026, at 5:22 AM, Matthew Hardin <matthewdhardin@gmail.com> wrote:
>
> Hi Mr. Greer,
>
> I'm writing because I still haven't heard your response to my request from December 13. Do you consent?
>
> Thanks,
>
> Matthew D. Hardin
> **Hardin Law Office**
> Direct Dial: 202-802-1948
> NYC Office: 212-680-4938
> Email: MatthewDHardin@protonmail.com
>
> ***The information contained in this message may be privileged. It is intended by the sender to be confidential. If you suspect you may not be the intended recipient, please notify the sender and delete all copies.***
>
>> On Jan 2, 2026, at 10:45 PM, Matthew D. Hardin <matthewdhardin@gmail.com> wrote:
>>
>> Good evening, Mr. Greer,

> I still haven't heard from you. This inquiry dates back to December 13 of last year.
>
> Best,
>
> Matthew D. Hardin
> Hardin Law Office
> Direct Dial: 202-802-1948
> Email: MatthewDHardin@protonmail.com
>
>> On Wed, Dec 31, 2025 at 8:17 AM Matthew Hardin <matthewdhardin@gmail.com> wrote:
>> Good morning,
>>
>> I'm still waiting on a response to the below inquiry from December 13. What say you?
>>
>> Thanks,
>>
>> **Matthew D. Hardin**
>> **Hardin Law Office**
>> Direct Dial: 202-802-1948
>> NYC Office: 212-680-4938
>> Email: MatthewDHardin@protonmail.com
>>
>> ***The information contained in this message may be privileged. It is intended by the sender to be confidential. If you suspect you may not be the intended recipient, please notify the sender and delete all copies.***
>>
>>> On Dec 30, 2025, at 9:56 AM, Matthew Hardin <matthewdhardin@gmail.com> wrote:
>>>
>>> Good morning, Mr. Greer.

> The inquiry is in the email chain below, where you have been ignoring it since December 13. As a courtesy I will also copy and paste it here:
>
> **From December 13:**
>
>> Good morning,
>>
>> While I wait to be served with the latest personal protective order, I have another question for you. I'm considering filing a motion to transfer this case back to Florida (where it was properly venued prior to the statement that Steve Taylor was eager to testify in Utah) or Ohio (where Natalie Banks, our new witness, could testify without extensive travel). Do you consent to or oppose a retransfer of this case?
>>
>> Thanks,
>>
>> **Matthew D. Hardin**
>> **Hardin Law Office**
>> Direct Dial: 202-802-1948
>> NYC Office: 212-680-4938
>> Email: MatthewDHardin@protonmail.com
>
> **From December 19, when you claimed for the first time you had not seen my inquiry:**
>
>> Good morning, Mr. Greer.
>>
>> I haven't heard from you on the below meet and confer request. Do you consent to or oppose transfer of this case to Ohio?
>>
>> Thanks,
>>
>> **Matthew D. Hardin**
>> **Hardin Law Office**

Direct Dial: 202-802-1948

NYC Office: 212-680-4938

Email: MatthewDHardin@protonmail.com

**From December 23, when you claimed for the second time that you had not seen my inquiry:**

The conferral request in our Utah case was sent December 13, 2025. In my email on that date (re-attached here, and also copied in the below chain), I asked what your position would be on retransfer of the Utah case to Florida, or transfer to Ohio, in light of the new witness in Ohio and the fact that your only Utah-based witness, Steve Taylor, has now been revealed to have died. Our position is that keeping this case in Utah now that there are indisputably no Utah-based witnesses, and in fact there is a witness in Ohio, would be inefficient. Because this is not a discovery conferral, I do believe your position via email is sufficient. Please respond to my December 13,2 025 email, which I am also re-attaching here.

**I know you struggle with reading emails, but I have now sent and re-sent you the same inquiry for over two weeks, and you still have not responded.**

Best,

Matthew D. Hardin

**Hardin Law Office**

Direct Dial: 202-802-1948

NYC Office: 212-680-4938

Email: MatthewDHardin@protonmail.com

***The information contained in this message may be privileged. It is intended by the sender to be confidential. If you suspect you may not be the intended recipient, please notify the sender and delete all copies.***

Matthew D. Hardin

**Hardin Law Office**

Direct Dial: 202-802-1948

NYC Office: 212-680-4938

Email: MatthewDHardin@protonmail.com

***The information contained in this message may be privileged. It is intended by the sender to be confidential. If you suspect you may not be the intended recipient, please notify the sender and delete all copies.***

> On Dec 30, 2025, at 9:46 AM, Russell Greer <russmark@gmail.com> wrote:
>
> What was your inquiry?
>
> Sent from my iPhone
>
> On Dec 30, 2025, at 5:58 AM, Matthew Hardin <matthewdhardin@gmail.com> wrote:
>
> Good morning, Mr. Greer. I'm still waiting to hear from you on my inquiry from 17 days ago.
>
> Best,
>
> **Matthew D. Hardin**
> **Hardin Law Office**
> Direct Dial: 202-802-1948
> NYC Office: 212-680-4938
> Email: MatthewDHardin@protonmail.com
>
> ***The information contained in this message may be privileged. It is intended by the sender to be confidential. If you suspect you may not be the intended recipient, please notify the sender and delete all copies.***
>
>> On Dec 29, 2025, at 11:11 AM, Matthew Hardin <matthewdhardin@gmail.com> wrote:
>>
>> Good morning, Mr. Greer.
>>
>> I'm still waiting on a response to my December 13, inquiry. What say you?

> Best,
>
> **Matthew D. Hardin**
> **Hardin Law Office**
> Direct Dial: 202-802-1948
> NYC Office: 212-680-4938
> Email: MatthewDHardin@protonmail.com
>
> ***The information contained in this message may be privileged. It is intended by the sender to be confidential. If you suspect you may not be the intended recipient, please notify the sender and delete all copies.***
>
>> On Dec 26, 2025, at 1:29 PM, Matthew Hardin <matthewdhardin@gmail.com> wrote:
>>
>> Hi Mr. Greer.
>>
>> I hope you had a wonderful Christmas. I'm writing because you still have not responded to my December inquiry, below.
>>
>> Best,
>>
>> **Matthew D. Hardin**
>> **Hardin Law Office**
>> Direct Dial: 202-802-1948
>> NYC Office: 212-680-4938
>> Email: MatthewDHardin@protonmail.com
>>
>> ***The information contained in this message may be privileged. It is intended by the sender to be confidential. If you suspect you may not be the intended recipient, please notify the sender and delete all copies.***
>>
>>> On Dec 23, 2025, at 2:41 PM, Matthew Hardin <matthewdhardin@gmail.com> wrote:
>>>
>>> Good afternoon, Mr. Greer.

I still haven't heard from you on the below meet & confer request. I know you were busy filing a new lawsuit in Nevada today, but I do hope you won't let that distract from your existing caseload.

Best,

Matthew D. Hardin
**Hardin Law Office**
Direct Dial: 202-802-1948
NYC Office: 212-680-4938
Email: MatthewDHardin@protonmail.com

***The information contained in this message may be privileged. It is intended by the sender to be confidential. If you suspect you may not be the intended recipient, please notify the sender and delete all copies.***

> On Dec 22, 2025, at 4:50 PM, Matthew Hardin <matthewdhardin@gmail.com> wrote:
>
> Good afternoon, Mr. Greer,
>
> Despite your email of December 20 (attached as an image, because you responded to a different chain rather than this one) in which you indicated that you had responded to the below email from December 13, I see no indication that you have actually done so. Please forward any response you claim was previously sent regarding this meet and confer request, or alternatively please respond for the first time.
>
> Best,
>
> Matthew D. Hardin
> **Hardin Law Office**
> Direct Dial: 202-802-1948

> NYC Office: 212-680-4938
>
> Email: MatthewDHardin@protonmail.com
>
> ***The information contained in this message may be privileged. It is intended by the sender to be confidential. If you suspect you may not be the intended recipient, please notify the sender and delete all copies.***
> <Screenshot 2025-12-22 at 4.50.08 PM.png>
>
>> On Dec 20, 2025, at 9:36 AM, Matthew Hardin <matthewdhardin@gmail.com> wrote:
>>
>> Good morning, Mr. Greer.
>>
>> I'm still waiting for an answer on my conferral request from Dec. 13, below. What is your response?
>>
>> Best,
>>
>> **Matthew D. Hardin**
>> **Hardin Law Office**
>> Direct Dial: 202-802-1948
>> NYC Office: 212-680-4938
>>
>> Email: MatthewDHardin@protonmail.com
>>
>> ***The information contained in this message may be privileged. It is intended by the sender to be confidential. If you suspect you may not be the intended recipient, please notify the sender and delete all copies.***
>>
>>> On Dec 19, 2025, at 7:43 AM, Matthew Hardin <matthewdhardin@gmail.com> wrote:
>>>
>>> Good morning, Mr. Greer.
>>>
>>> I haven't heard from you on the below meet and confer request. Do you consent to or oppose transfer of this case to Ohio?
>>>
>>> Thanks,

Matthew D. Hardin

**Hardin Law Office**

Direct Dial: 202-802-1948

NYC Office: 212-680-4938

Email: MatthewDHardin@protonmail.com

***The information contained in this message may be privileged. It is intended by the sender to be confidential. If you suspect you may not be the intended recipient, please notify the sender and delete all copies.***

On Dec 13, 2025, at 8:00 AM, Matthew Hardin <matthewdhardin@gmail.com> wrote:

Good morning,

While I wait to be served with the latest personal protective order, I have another question for you. I'm considering filing a motion to transfer this case back to Florida (where it was properly vented prior to the statement that Steve Taylor was eager to testify in Utah) or Ohio (where Natalie Banks, our new witness, could testify without extensive travel). Do you consent to or oppose a retransfer of this case?

Thanks,

Matthew D. Hardin

**Hardin Law Office**

Direct Dial: 202-802-1948

NYC Office: 212-680-4938

Email: MatthewDHardin@protonmail.com

***The information contained in this message may be privileged. It is intended by the sender to be confidential. If you suspect you may not be the intended recipient, please notify the sender and delete all copies.***

On Dec 12, 2025, at 10:02 AM, Russell Greer <RussMark@gmail.com> wrote:

> Mr. Hardin,
>
> Your repeated extrajudicial emails contain false, stigmatizing, and defamatory accusations, demands made outside authorized discovery, and invasive commentary about my personal life wholly unrelated to any claim or defense. Discovery in this matter is stayed.
>
> Your conduct has now escalated to the point that I am preparing to seek a **personal protective order** based on harassment, intimidation, and interference with my personal affairs outside legitimate litigation activity.
>
> I deny your allegations, reject your legal characterizations regarding in forma pauperis status, and will not engage in further informal discovery or accusatory correspondence.
>
> Sent from my iPhone
>
>> On Dec 12, 2025, at 6:46 AM, Matthew Hardin <matthewdhardin@gmail.com> wrote:
>>
>> Good morning, Mr. Greer.
>>
>> Further to my email of December 8, 2025: I received proof yesterday evening from a Nevada sex worker who indicates that you were using Zelle and Venmo to send her "tips" during the time period that you were proceeding in forma paupers in this case. Your social media from the relevant time period hinted that you were sending funds to women,

but this is the first confirmation that we have received. These transfers would have taken place during a time you claimed to be too poor to pay your filings fees, and too poor to pay to obtain court records in Utah. Some of the transfers may have even taken place contemporaneously with your unsuccessful efforts to stay the Utah case to obtain counsel. But it appears you did not spend money on counsel, because you were instead paying these funds over to sex workers.

Please confirm not later than Monday, December 15, 2025 that you are preserving your financial records from Zelle and Venmo from the time period six months before your present lawsuit was instituted through the present. As we indicated in the December 8, 2025 email, our position is that these Zelle/Venmo records, especially when read together with your own previous filings in the U.S. District Court from 2018, will indicate that your allegations of poverty in this case are untrue and that dismissal is mandatory pursuant to 28 USC 1915 (e)(2), which expressly provides that the court must dismiss a lawsuit *even if the filing fee or a portion of it is later paid*.

I cannot presently subpoena these records because discovery is stayed, but I believe they will imminently be destroyed due to a 7 year retention period at Zelle and Venmo. If you refuse to provide immediate confirmation that these records are being preserved such that I can subpoena them when discovery reopens, I will have no choice but to seek a preservation order and other appropriate relief on Monday. Your failure to make such a confirmation may also lead to a request that the judge make an adverse inference with respect to any missing records.

Best,

**Matthew D. Hardin**
**Hardin Law Office**
Direct Dial: 202-802-1948



NYC Office: 212-680-4938
Email: MatthewDHardin@protonmail.com

***The information contained in this message may be privileged. It is intended by the sender to be confidential. If you suspect you may not be the intended recipient, please notify the sender and delete all copies.***