Russell Greer
1100 Dumont Blvd
Apt 139
Las Vegas, NV 89169
801-895-3501
russmark@gmail.com
Pro Se Litigant

IN THE UNITED STATES DISTRICT COURT

DISTRICT OF UTAH

| | |
|---|---|
| **RUSSELL GREER**<br><br>Plaintiff<br><br>v.<br><br>**JOSHUA MOON ET AL**,<br><br>Defendants | NOTICE OF SUPPLEMENTAL AUTHORITY IN SUPPORT OF PLAINTIFF'S MOTION TO DISQUALIFY (ECF NO. 400)<br><br>Case No.:   2:24-cv-00421-DBB-JCB |

1

Plaintiff Plaintiff respectfully submits this Notice of Supplemental Authority in support of the pending Motion to Disqualify Attorney Matthew D. Hardin and Revoke His Pro Hac Vice Status (ECF No. 400). Defendants' recent filing at ECF No. 444 provides additional evidence of the same misconduct identified throughout ECF 400 and further establishes that disqualification is necessary.

## I.  ECF 444 Demonstrates Material Misrepresentation and Omission

ECF 444 cites allegations from Plaintiff's separate Nevada employment litigation and presents them as established facts and admissions. Defense counsel Hardin omitted the following material facts, all of which directly contradict the narrative he presented:

1. A Nevada-licensed attorney reviewed and approved Plaintiff's Nevada pleadings prior to filing.
2. The EEOC—an agency with a low acceptance rate—accepted and docketed Plaintiff's ADA/retaliation charge.
3. OSHA—an agency with an even lower acceptance rate—accepted and docketed Plaintiff's ACA whistleblower retaliation claim.

Defense counsel further omitted that:

4. The statements quoted from Plaintiff's former employer, Mr. Geoff Erwin, are not admissions by Plaintiff.
5. These statements are the subject of a currently pending defamation action filed by Plaintiff against Viatron and Mr. Erwin in Nevada.
6. Plaintiff explicitly disputes these statements as false, retaliatory, and misleading.

Defense counsel selectively relied on paragraph 115 of the Nevada complaint while omitting paragraphs 101–120, where Plaintiff provides the full factual context of the July 2025 discussion and expressly denies any solicitation ("This was absolutely absurd… Plaintiff did not do anything like that." ¶116). The omitted paragraphs make clear that the allegation arose from misunderstanding and workplace gossip, not from any misconduct by Plaintiff.

Defense counsel's omissions materially alter the meaning of the pleading he cites and reinforce the concerns identified in ECF 400 regarding misleading advocacy and lack of candor.

## II.  Defense Counsel Misrepresents Disputed Defamation as Fact

ECF 444 relies on statements made by Mr. Erwin to claim Plaintiff engaged in wrongdoing. These statements:

- are not judicial findings,
- are not uncontested,
- are disputed in active litigation, and
- do not reflect any acknowledgment or admission by Plaintiff.

ECF 444 further relies on Exhibit K of the Nevada complaint, an email in which Mr. Erwin summarizes coworker gossip and employee misunderstandings. Defense counsel presents a single sentence from this exhibit as if it were a factual determination or admission, while omitting the surrounding context demonstrating that the allegation arose from rumor, miscommunication, and internal workplace chatter. Exhibit K does not contain any admission or any disciplinary finding against Plaintiff. Presenting disputed allegations and internal gossip as if they were established fact is improper, misleading, and mirrors the conduct identified in ECF 400.

### III.   Defense Counsel Misrepresents Plaintiff's Financial Status

ECF 444 asserts that Plaintiff was "claiming poverty," while paying a $100 mailing cost. This is misleading for several reasons:

1. Plaintiff's IFP status in this case was resolved months before the Nevada mailing referenced in ECF 444. Plaintiff was not making any contemporaneous poverty claim in this action.
2. In ECF Nos. 384–385, Plaintiff did not refuse to pay the $80 discovery fee. Plaintiff explained he was temporarily unemployed, requested clarification of the Court's order before paying, and stated he would pay the fee upon clarification.
3. After filing those documents, Plaintiff performed **odd jobs** to earn income. The $100 Nevada mailing cost referenced in ECF 444 was paid **with newly earned income**, not with funds available at the time of ECF 384–385.
4. Routine expenditures made after returning to work do not contradict the temporary hardship Plaintiff described in ECF 384–385.

Defense counsel's framing mischaracterizes Plaintiff's filings and relies on insinuations to prejudice the Court, consistent with the pattern described in ECF 400.

### IV. ECF 444 Confirms Kiwi Farms Is Actively Monitoring Plaintiff's Filings

ECF 444 incorporates filings from Plaintiff's Nevada case within a day of their submission.

This immediacy confirms:

1. Kiwi Farms is monitoring Plaintiff's state and federal litigation in real time;
2. Information is being circulated almost immediately; and
3. Defense counsel is adopting narratives originating from that site.

This directly supports the concerns raised in ECF 400 regarding the injection of online hostility and defamatory narratives into this litigation.

## CONCLUSION

For the reasons above, Plaintiff respectfully requests that the Court consider this supplemental authority in deciding the pending Motion to Disqualify Defense Counsel (ECF No. 400) and grant the relief requested therein.

Russell Greer
/rgreer/
1-23-26

**CERTIFICATE OF SERVICE:**

Pursuant to FRCP 5(b), I certify that on 1-23-26, I served a true and correct copy of the attached document by ECF to all attorneys on record.