# THE UNITED STATES DISTRICT COURT

# DISTRICT OF UTAH

| | |
|---|---|
| **RUSSELL G. GREER,**  Plaintiff,  v.  **JOSHUA MOON, website owner; LOLCOW LLC, website owner; and JOHN DOES #1-2, anonymous users on Kiwi Farms,**  Defendants. | REPORT AND RECOMMENDATION  Case No. 2:24-cv-00421-DBB-JCB  District Judge David Barlow  Magistrate Judge Jared C. Bennett |

## BACKGROUND[1]

Pro se Plaintiff Russell G. Greer ("Mr. Greer") filed his original complaint in this case in September 2020,[2] alleging that Defendants Joshua Moon ("Mr. Moon") and Kiwi Farms infringed the copyright on his book entitled, "Why I Sued Taylor Swift and How I Became Falsely Known as Frivolous, Litigious and Crazy," and the copyright on his song entitled, "I Don't Get You, Taylor Swift."[3] Mr. Moon operates Kiwi Farms, which is a website "built to exploit and showcase those [Mr.] Moon and his users have deemed to be eccentric and weird."[4]

---

[1] District Judge David Barlow referred this case to Magistrate Judge Jared C. Bennett under 28 U.S.C. § 636(b)(1)(B). ECF No. 67.

[2] ECF No. 3.

[3] *Id*. at ¶¶ 1, 109-14. Although Mr. Greer alleged that Mr. Moon and Kiwi Farms were liable for contributory copyright infringement of other songs, *id*. at ¶ 1, he sought damages for only this book and song, as "those works have suffered the most damage." *Id*. at ¶ 114.

[4] *Id*. at ¶ 13.

Mr. Greer's copyrighted material was posted on Kiwi Farms without his permission.[5] After discovering that his book had been posted without his permission, Mr. Greer sent Mr. Moon several emails requesting that the book be removed from Kiwi Farms.[6] In response, Mr. Moon posted Mr. Greer's email requests on Kiwi Farms and stated that he would not consider those requests.[7] Mr. Greer later emailed Mr. Moon a takedown notice under the Digital Millenium Copyright Act ("DMCA") requesting that Mr. Moon take down any posts on Kiwi Farms that infringed on Mr. Greer's copyrights.[8] Mr. Moon responded by posting Mr. Greer's DMCA notice on Kiwi Farms.[9] Additionally, in a response to Mr. Greer's email, Mr. Moon claimed fair-use protection and stated that he would not take down any posts on Kiwi Farms.[10]

As a result of Mr. Moon's actions, Mr. Greer initiated this case against Mr. Moon and Kiwi Farms, alleging a claim for contributory copyright infringement under federal law, a state-law claim for electronic communications harassment, and various tort claims.[11] Mr. Moon and Kiwi Farms moved to dismiss Mr. Greer's original complaint, raising only the defense of failure to state claims upon which relief can be granted under Fed. R. Civ. P. 12(b)(6).[12]

---

[5] *Id*. at ¶¶ 37-42, 48-53.

[6] *Id*. at ¶ 43.

[7] *Id*. at ¶ 44.

[8] *Id*. at ¶¶ 65-66.

[9] *Id*. at ¶ 67.

[10] *Id*. at ¶ 70.

[11] *Id*. at ¶¶ 109-88.

[12] ECF No. 20.

When considering that motion, District Judge Tena Campbell explained that "[t]o establish contributory infringement, a plaintiff must allege: (1) direct copyright infringement by a third party; (2) the defendant knew of the direct infringement; and (3) the defendant intentionally caused, induced, or materially contributed to the direct infringement."[13] Judge Campbell went on to conclude that

> Mr. Greer has sufficiently alleged prongs (1) and (2) of contributory copyright infringement. What is missing is [Mr. Moon and Kiwi Farms] intentionally causing, inducing, or materially contributing to the infringement. It is not enough for contributory liability for a defendant to have merely "permitted" the infringing material to remain on the website, without having "induc[ed] or encourag[ed]" the initial infringement. The Tenth Circuit has not held otherwise.[14]

Accordingly, Judge Campbell determined that Mr. Greer failed to state a claim for contributory copyright infringement.[15] Judge Campbell also concluded that Mr. Greer failed to state any other claims for relief,[16] granted the motion to dismiss,[17] entered judgment,[18] and closed this case. Mr. Greer then moved to alter the judgment and reopen this case under Fed. R. Civ. P. 59(e).[19] Judge

---

[13] *Greer v. Moon*, No. 2:20-CV-00647-TC-JCB, 2021 WL 4291197, at *2 (D. Utah Sept. 21, 2021) (citing *Diversey v. Schmidly*, 738 F.3d 1196, 1204 (10th Cir. 2013); *Boatman v. U.S. Racquetball Ass'n*, 33 F. Supp. 3d 1264, 1273 (D. Colo. 2014)).

[14] *Id.* at *3 (quoting *Metro-Goldwyn-Mayer Studios Inc. v. Grokster, Ltd.*, 545 U.S. 913, 930 (2005)) (second and third alterations in original).

[15] *Id.*

[16] *Id.* at *3-6.

[17] *Id.* at *6.

[18] ECF No. 38.

[19] ECF No. 40.

Campbell denied that motion,[20] and Mr. Greer appealed to the United States Court of Appeals for the Tenth Circuit.[21]

On appeal, Mr. Greer argued only that his original complaint stated a claim for contributory copyright infringement sufficient to survive a motion to dismiss.[22] After summarizing Mr. Greer's factual allegations, the Tenth Circuit quoted the following allegations from Mr. Greer's contributory copyright infringement claim:

> [Mr. Moon and Kiwi Farms] have knowingly and willfully permitted, and continue to permit, the infringement of [Mr.] Greer's works by materially contributing to the infringement by running and managing a website that allows users to steal and dump everything about [Mr.] Greer. [Mr.] Moon has even defended such action on his website's FAQs page and has even explained to [Mr.] Greer through email why he believes he is allowed to infringe on [Mr. Greer's] works, claiming Fair Use, and has posted the email conversation for many people to see and comment on, and in turn, harass [Mr.] Greer.[23]

Like Judge Campbell, the Tenth Circuit concluded that Mr. Greer sufficiently alleged the first two elements of a claim for contributory copyright infringement.[24] As for the third element, the Tenth Circuit stated:

> We discern no error in the district court's explanation that contributory liability requires more than merely permitting the infringing material to remain on the website. And we conclude Kiwi Farms and Mr. Moon accurately state the law when they argue a

---

[20] ECF No. 44.

[21] ECF No. 45.

[22] *Greer v. Moon*, 83 F.4th 1283, 1291-92 (10th Cir. 2023).

[23] *Id*. at 1291 (quotations and citation omitted); *see also* ECF No. 3 at ¶ 111.

[24] *Greer*, 83 F.4th at 1292-94.

website owner or operator must do something other than allow an infringing use to exist on their website.[25]

At the same time, the Tenth Circuit determined that "the record shows—and Mr. Greer's complaint plausibly alleged—far more than 'a failure to take affirmative steps to *prevent* infringement.'"[26] The Tenth Circuit noted: "Mr. Greer sent repeated requests to Mr. Moon, identifying the materials on which he held the copyright, as well as where and how his rights were being infringed. Mr. Moon not only expressly refused to remove the materials, he mockingly posted the correspondence to Kiwi Farms."[27] Based on those observations, the Tenth Circuit concluded that, "[u]nder the circumstances, this is not the passive behavior of one 'merely permitting' infringing material to remain on his site."[28] Instead, the Tenth Circuit concluded that "a reasonable inference from the facts alleged is that the reposting of the takedown notice, combined with the refusal to take down the infringing material, amounted to encouragement of Kiwi Farms users' direct copyright infringement."[29] Accordingly, the Tenth Circuit held that Mr. Greer "stated plausible claims of contributory copyright infringement against Mr. Moon and Kiwi Farms."[30] Thus, the Tenth Circuit reversed the judgment and remanded the case to this court.[31]

---

[25] *Id*. at 1294-95 (citation modified).

[26] *Id*. at 1295 (quoting *Grokster*, 545 U.S. at 939 n.12) (emphasis in original).

[27] *Id*.

[28] *Id*.

[29] *Id*.

[30] *Id*. at 1296.

[31] *Id*.

On remand, Judge Campbell recused, and this case was reassigned to District Judge David Barlow,[32] who entered an order vacating the judgment and reopening this case.[33] Mr. Moon and Kiwi Farms then answered Mr. Greer's original complaint.[34] Mr. Moon and Kiwi Farms also moved to substitute Lolcow, LLC ("Lolcow") in place of Kiwi Farms, asserting that Mr. Greer erroneously named Kiwi Farms because Lolcow is the legal entity that does business as Kiwi Farms.[35] Counsel for Mr. Moon and Kiwi Farms further stated that, upon the court granting their motion, "Lolcow . . . intends to rely upon and adopt entirely all pleadings filed by undersigned counsel on behalf of 'the Defendants,' such that no new pleadings are required."[36] The court subsequently granted that motion.[37]

Several months later, Mr. Greer moved for leave to amend his complaint.[38] After Mr. Moon and Lolcow (collectively, "Defendants") consented to the filing of Mr. Greer's amended complaint,[39] the court granted Mr. Greer's motion.[40] Mr. Greer subsequently filed his amended complaint against Defendants and two John Does.[41] Mr. Greer's only claims against Defendants

---

[32] ECF No. 54.
[33] ECF No. 57.
[34] ECF No. 66.
[35] ECF No. 68.
[36] *Id*. at 3 of 6.
[37] ECF No. 152.
[38] ECF No. 209.
[39] ECF No. 241.
[40] ECF No. 242.
[41] ECF No. 247.

are for contributory copyright infringement under federal law against Mr. Moon[42] and Lolcow.[43] As he did in his original complaint, Mr. Greer supports those claims by alleging that: (1) his copyrighted material was posted on Kiwi Farms without his permission;[44] (2) after discovering that his book had been posted without his permission, Mr. Greer sent Mr. Moon several emails requesting that the book be removed from Kiwi Farms;[45] (3) in response, Mr. Moon posted Mr. Greer's email requests on Kiwi Farms and stated that he would not consider those requests;[46] (4) Mr. Greer later emailed Mr. Moon a takedown notice under the DMCA requesting that Mr. Moon take down any posts on Kiwi Farms that infringed on Mr. Greer's copyrights;[47] (5) Mr. Moon responded by posting Mr. Greer's DMCA notice in a thread on Kiwi Farms,[48] as well as by stating in an email that he was claiming fair-use protection and would not take down any posts on Kiwi Farms;[49] and (6) Mr. Moon "has knowingly and willfully materially contributed and substantially induced, and continues to materially contribute and substantially induce, the infringement of [Mr.] Greer's [copyrighted] works."[50] Mr. Greer also alleges that his claim against Lolcow "essentially mirrors" his claim against Mr. Moon.[51]

---

[42] *Id*. at ¶¶ 85-113.
[43] *Id*. at ¶¶ 114-22.
[44] *Id*. at ¶¶ 33-57.
[45] *Id*. at ¶ 39.
[46] *Id*. at ¶ 40.
[47] *Id*. at ¶¶ 62-63.
[48] *Id*. at ¶ 64.
[49] *Id*. at ¶ 67.
[50] *Id*. at ¶ 94.
[51] *Id*. at ¶ 115.

Despite having previously filed both a motion to dismiss Mr. Greer's original complaint[52] and an answer to that complaint,[53] Defendants now move to dismiss Mr. Greer's amended complaint.[54] Defendants raise the defenses of lack of personal jurisdiction under Rule 12(b)(2), improper venue under Rule 12(b)(3), insufficient process and service of process under Rule 12(b)(4)-(5), failure to state claims upon which relief can be granted under Rule 12(b)(6), and failure to join a party under Rule 12(b)(7).[55]

## ANALYSIS

The court denies Defendants' motion to dismiss for two reasons. First, Defendants waived any Rule 12(b)(2)-(5) defenses by failing to include them in their first motion to dismiss. Second, when the court treats Defendants' motion to dismiss under Rule 12(b)(6) and Rule 12(b)(7) as a Rule 12(c) motion for judgment on the pleadings, the motion fails. Each issue is addressed in turn below.

I. **Defendants Waived Any Rule 12(b)(2)-(5) Defenses by Failing To Include Them in Their First Motion To Dismiss.**

Because Defendants failed to include any defenses under Rule 12(b)(2)-(5) in their first motion to dismiss, they have waived those defenses. Rule 12(g)(2) provides that "a party that makes a motion under this rule must not make another motion under this rule raising a defense or

---

[52] ECF No. 20.

[53] ECF No. 66.

[54] ECF No. 274.

[55] *Id*. at 5-22 of 22.

objection that was available to the party but omitted from its earlier motion."[56] Additionally, Rule 12(b)(h)(1)(A) provides that "[a] party waives any defense listed in Rule 12(b)(2)-(5) by . . . omitting it from a motion in the circumstances described in Rule 12(g)(2)." Defendants' first motion to dismiss raised only the defense of failure to state claims upon which relief can be granted under Rule 12(b)(6). Therefore, Defendants have waived any defenses under Rule 12(b)(2)-(5).

In an attempt to avoid that result, Defendants contend in their motion that the filing of Mr. Greer's amended complaint means that "Defendants now have the opportunity to relitigate this case from the beginning."[57] In their reply, Defendants argue that Mr. Greer's amended complaint "is vastly different"[58] and "differs markedly"[59] from his original complaint, and, therefore, they are permitted to bring a second Rule 12 motion to address any new allegations in the amended complaint. Although true that if an amended complaint contains new allegations, then a defendant may bring a second Rule 12 motion, but also true is that the motion can be

---

[56] Rule 12(g)(2) provides two exceptions to its prohibition on successive Rule 12 motions. First, it excepts raising the defenses described in Rule 12(h)(2)—Rule 12(b)(6)'s defense of failure to state a claim upon which relief can be granted and Rule 12(b)(7)'s defense of failure to join a party—which can be raised only "in any pleading allowed or ordered under [Fed. R. Civ. P. 7(a)];" "by a motion under Rule 12(c);" or "at trial." Fed. R. Civ. P. 12(h)(2)(A)-(C). As shown below, the court treats Defendants' motion to dismiss under Rule 12(b)(6) and Rule 12(b)(7) as a Rule 12(c) motion for judgment on the pleadings. Accordingly, the court addresses those two defenses in Section II of this Report and Recommendation. Second, Rule 12(g)(2) excepts raising the defense of lack of subject-matter jurisdiction under Rule 12(h)(3). Because that defense is not raised in Defendants' motion to dismiss, and because the court sees no basis to raise the issue of subject-matter jurisdiction sua sponte, the court does not address that issue.

[57] ECF No. 274 at 3 of 22.

[58] ECF No. 344 at 1-2 of 12.

[59] Id. at 4 of 12.

directed only at the new allegations.[60] However, "under Rule 12(g), 'the filing of an amended complaint will not revive the right to present by motion defenses that were available but were not asserted in a timely fashion prior to amendment.'"[61] Under those principles, Defendants' argument fails.

    The allegations in Mr. Greer's amended complaint that are relevant to two of the defenses at issue—lack of personal jurisdiction under Rule 12(b)(2) and improper venue under Rule 12(b)(3)—are not substantively different from the allegations in his original complaint.[62] As for the defenses of insufficient process and service of process under Rule 12(b)(4)-(5), there is nothing new in the amended complaint related to them. Moreover, Defendants' inconsistent positions about the allegations in Mr. Greer's amended complaint undercut their own argument. Indeed, Defendants' argument in their reply that Mr. Greer's amended complaint "is vastly different"[63] and "differs markedly"[64] from his original complaint runs entirely counter to their assertion in their motion that Mr. Greer's amended complaint "is substantially similar to the

---

[60] *See, e.g.*, *Sears Petroleum & Transp. Corp. v. Ice Ban Am., Inc.*, 217 F.R.D. 305, 307 (N.D.N.Y. 2003) ("[I]f the amended complaint . . . contains new matter, the defendant may bring a second motion under Rule 12 to object to the new allegations only."); 5C Charles Alan Wright & Arthur R. Miller, Federal Practice & Procedure § 1388 (3d ed.) ("[I]f the plaintiff voluntarily serves an amended complaint . . . , the revised pleading may contain new information or different allegations making it subject to a defense or objection that was not previously apparent to the movant. In that event, a party may move to dismiss on the basis of the newly discovered ground even if [it] has filed a Rule 12 motion previously.").

[61] *SCO Grp., Inc. v. Novell, Inc.*, 377 F. Supp. 2d 1145, 1151 (D. Utah 2005) (quoting 5C Charles Alan Wright & Arthur R. Miller, Federal Practice & Procedure § 1388 (3d ed.)).

[62] *Compare* ECF No. 3 at ¶¶ 7-11, *with* ECF No. 247 at ¶¶ 9-12.

[63] ECF No. 344 at 1-2 of 12.

[64] *Id.* at 4 of 12.

original complaint."[65] Accordingly, Defendants fail to show that they are permitted to bring a second Rule 12 motion raising defenses under Rule 12(b)(2)-(5). Therefore, their motion under those rules should be denied.

<ol start="2" type="I" style="list-style-type: upper-roman;">
<li>

**When the Court Treats Defendants' Motion to Dismiss Under Rule 12(b)(6) and Rule 12(b)(7) as a Rule 12(c) Motion for Judgment on the Pleadings, the Motion Fails.**

</li>
</ol>

Despite Rule 12(g)(2)'s general prohibition on successive motion to dismiss, the court considers Defendants' motion to dismiss under Rule 12(b)(6) and Rule 12(b)(7) but treats it as a Rule 12(c) motion for judgment on the pleadings, and the court denies that motion. The Tenth Circuit previously recognized that "district courts have struggled with the question of whether a party may raise a previously available argument in a successive motion to dismiss for failure to state a claim under Rule 12(b)(6) before first filing a responsive pleading."[66] The Tenth Circuit has resolved that question by concluding that a district court can consider a successive Rule 12(b)(6) motion to dismiss as a Rule 12(c) motion for judgment on the pleadings.[67] As for Defendants' motion to dismiss under Rule 12(b)(7)—which raises the defense of failure to join an indispensable party under Fed. R. Civ. P. 19—"[t]he issue of indispensability, generally, is not

---

[65] ECF No. 274 at 2 of 22 n.1.

[66] *Albers v. Bd. of Cnty. Comm'rs of Jefferson Cnty., Colo.*, 771 F.3d 697, 702 (10th Cir. 2014).

[67] *Id.* at 703-04; *see also Brokers' Choice of Am., Inc. v. NBC Universal, Inc.*, 861 F.3d 1081, 1102 (10th Cir. 2017); *Williams v. Cache Cnty.*, No. 1:22-CV-00151-RJS-CMR, 2024 WL 81295, at *1 n.10 (D. Utah Jan. 8, 2024) ("[T]he Tenth Circuit has held that a potentially technical violation of Rule 12(g)(2) is harmless where the argument could be presented in a Rule 12(c) motion and all alleged facts are accepted as true." (citing *Albers*, 771 F.3d at 704)); *Gilbert v. USA Taekwondo, Inc.*, No. 18-CV-00981-CMA-MEH, 2020 WL 2800748, at *3 (D. Colo. May 29, 2020) ("The Tenth Circuit has held that the district courts have discretion in considering whether to permit successive motions under Rule 12(g)(2)." (citing *Albers*, 771 F.3d at 703-04)).

waivable, and is one which courts have an independent duty to raise sua sponte."[68] Thus, the court likewise considers that defense as part of the Rule 12(c) motion for judgment on the pleadings.[69]

Turning to Defendants' converted Rule 12(c) motion for judgment on the pleadings, the court denies the motion because: (A) Defendants' arguments under Rule 12(b)(6) fail; and (B) Defendants fail to carry their burden under Rule 12(b)(7). Each issue is addressed in turn.

A.  Defendants' Arguments Under Rule 12(b)(6) Fail.

Defendants contend that Mr. Greer's amended complaint fails to state claims upon which relief can be granted because: (1) he has not adequately pleaded contributory copyright infringement; (2) embedding of a link on a website does not give rise to copyright infringement liability; (3) section 230 of the Communications Decency Act ("section 230")[70] bars Mr. Greer's claims; and (4) the fair-use defense bars Mr. Greer's claims. Below, the court first provides the legal standards applicable to Defendants' Rule 12(b)(6) arguments, then demonstrates why each of those arguments fails.

When considering a Rule 12(c) motion for judgment on the pleadings that raises the defense of failure to state claims upon which relief can be granted, the court applies the same

---

[68] *Symes v. Harris*, 472 F.3d 754, 760 (10th Cir. 2006) (citation modified); *see also Mescalero Apache Tribe v. State of N.M.*, 131 F.3d 1379, 1383 (10th Cir. 1997) ("[T]he issue of indispensability can be raised at any time.").

[69] *CNSP, Inc. v. City of Santa Fe*, No. CV 17-355 KG/SCY, 2018 WL 813409, at *2 (D.N.M. Feb. 9, 2018) (concluding that "the [c]ourt must analyze [the defendant]'s Rule 12(b)(7) assertion raised in" a successive motion to dismiss).

[70] 47 U.S.C. § 230.

standard used to analyze a Rule 12(b)(6) motion to dismiss.[71] Under that standard, the court "accept[s] as true the well[-]pleaded factual allegations [in the complaint] and then determine[s] if the plaintiff has provided 'enough facts to state a claim to relief that is plausible on its face.'"[72] In addition to accepting a plaintiff's well-pleaded facts as true, the court "view[s] them in the light most favorable to [the plaintiff], and draw[s] all reasonable inferences from the facts in favor of [the plaintiff]."[73] "Rather than adjudging whether a claim is 'improbable,' '[f]actual allegations [in a complaint] must be enough to raise a right to relief above the speculative level.'"[74] "[I]n examining a complaint under Rule 12(b)(6), [the court] disregard[s] conclusory statements and look[s] only to whether the remaining, factual allegations plausibly suggest the defendant is liable."[75]

1. Mr. Greer Adequately Pleads Contributory Copyright Infringement.

Under the Tenth Circuit's decision in this case, Mr. Greer has adequately pleaded contributory copyright infringement against Defendants. Defendants attempt to avoid the Tenth Circuit's holding by asserting that Mr. Greer's decision to amend his complaint has "nullified his own earlier pleadings," and, therefore, "the Tenth Circuit's earlier decision is no longer

---

[71] *Atl. Richfield Co. v. Farm Credit Bank of Wichita*, 226 F.3d 1138, 1160 (10th Cir. 2000) ("A motion for judgment on the pleadings under Rule 12(c) is treated as a motion to dismiss under Rule 12(b)(6).").

[72] *Hogan v. Winder*, 762 F.3d 1096, 1104 (10th Cir. 2014) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

[73] *Brooks v. Mentor Worldwide LLC*, 985 F.3d 1272, 1281 (10th Cir. 2021).

[74] *Kay v. Bemis*, 500 F.3d 1214, 1218 (10th Cir. 2007) (quoting *Twombly*, 550 U.S. at 555-56) (alterations in original).

[75] *Khalik v. United Air Lines*, 671 F.3d 1188, 1191 (10th Cir. 2012).

controlling except insofar as it is published precedent in" the Tenth Circuit.[76] That argument fails. The Tenth Circuit concluded that the substance of Mr. Greer's allegations in his original complaint were sufficient to state a claim for contributory copyright infringement, and as demonstrated above, Mr. Greer's allegations about contributory copyright infringement in his amended complaint are substantively similar to those in his original complaint. Given that substantive similarity, the court is bound to conclude that Mr. Greer's allegations in his amended complaint likewise suffice to state claims for contributory copyright infringement.[77]

      2. <u>Embedding Can Give Rise to Copyright Infringement Liability</u>.

Contrary to Defendants position, embedding a link to another website can give rise to copyright infringement liability. Defendants correctly note that Mr. Greer has alleged that Defendants posted links to his book on Kiwi Farms.[78] Based on those allegations, and relying on *Great Bowery v. Best Little Sites*,[79] Defendants argue that embedding a link to another website cannot give rise to copyright infringement liability. In that case, which dealt with alleged infringement of copyrighted images, Judge Barlow adopted what is known as the server test, which was "set forth in *Perfect 10, Inc. v. Google, Inc.* and later affirmed by the Ninth Circuit."[80]

---

[76] ECF No. 274 at 14-15 of 22.

[77] Although Mr. Greer named Lolcow in place of Kiwi Farms in his amended complaint, that does not change the controlling nature of the Tenth Circuit's decision because, as stated above, Lolcow has stated its express intention "to rely upon and adopt entirely all pleadings" previously filed "on behalf of 'the Defendants'" and asserted that "no new pleadings are required." ECF No. 68 at 3 of 6.

[78] ECF No. 247 at ¶¶ 37-38.

[79] 671 F. Supp. 3d 1297 (D. Utah 2023).

[80] *Id.* at 1303 (citing *Perfect 10 v. Google, Inc.*, 416 F. Supp. 2d 828, 842-43 (C.D. Cal. 2006), aff'd in part, rev'd in part, and remanded sub nom. *Perfect 10, Inc. v. Amazon.com, Inc.*, 487 F.3d 701 (9th Cir. 2007)).

Judge Barlow summarized that test as follows: "Simply put, if a party displayed a copyrighted image that it had stored on its own systems, then it had infringed; if it displayed an image by merely linking or framing content from other websites, then it had not infringed."[81] Although Judge Barlow recognized that some district courts had questioned the server test, he noted that the parties had not cited—and he was unable to find—any appellate cases rejecting the server test.[82] Thus, Judge Barlow applied the server test to the defendants' defense of embedding and concluded that the defendants were not precluded from asserting that defense.[83] Accordingly, Judge Barlow denied the plaintiff's motion for partial judgment on the pleadings on the defendants' embedding defense.[84]

Defendants contend that "Mr. Greer's allegations run headlong into" that case and that his allegations are "*per se* not an infringement" under Judge Barlow's analysis.[85] Importantly, however, Defendants fail to acknowledge Judge Barlow's later opinion in the same case.[86] In his subsequent opinion, Judge Barlow reconsidered his application of the server test and the issue of embedding.[87] In doing so, Judge Barlow concluded that "a defendant who embeds a copyrighted image on a webpage, without hosting the image on its servers, may infringe the copyright

---

[81] *Id.* at 1304.

[82] *Id.* at 1306.

[83] *Id.* at 1308.

[84] *Id.*

[85] ECF No. 274 at 17 of 22.

[86] *Great Bowery v. Best Little Sites*, No. 2:21-CV-00567-DBB-JCB, 2024 WL 3416038 (D. Utah July 15, 2024).

[87] *Id.* at *7-10.

holder's display rights."[88] Judge Barlow further determined: "That conclusion is compelled by the text of the Copyright Act, and the court is no longer persuaded by the server test."[89]

Ironically, Defendants assertion of the embedding defense runs "headlong" into Judge Barlow's second opinion. Indeed, Judge Barlow's subsequent analysis shows that embedding can give rise to copyright infringement liability.[90] Therefore, Defendants' embedding argument fails.

### 3. Section 230 Does Not Bar Mr. Greer's Claims Against Defendants.

Section 230 does not bar Mr. Greer's contributory copyright infringement claims against Defendants. Section 230(c)(1) provides that "[n]o provider or user of an interactive computer service shall be treated as the publisher or speaker of any information provided by another information content provider."[91] Although section 230 "creates a federal immunity to any *state law* cause of action that would hold computer service providers liable for information originating with a third party,"[92] it "does not clothe service providers in immunity from laws pertaining to intellectual property."[93]

---

[88] *Id.* at *10.

[89] *Id.*

[90] In his second opinion Judge Barlow noted that the Tenth Circuit has not addressed the server test and that "[o]ther circuits have largely been silent as well." *Id.* at *8. He also noted that the few district courts not bound by the Ninth Circuit's server test to have considered the issue are split. *Id.* Without any contrary binding authority, this court adheres to Judge Barlow's conclusion that embedding can give rise to copyright infringement liability.

[91] 47 U.S.C. § 230(c)(1).

[92] *Ben Ezra, Weinstein, & Co., Inc. v. Am. Online Inc.*, 206 F.3d 980, 984-85 (10th Cir. 2000) (emphasis added); *see also* 47 U.S.C. § 230(e)(3) ("No cause of action may be brought and no liability may be imposed under any State or local law that is inconsistent with this section.").

[93] *Perfect 10, Inc. v. CCBill LLC*, 488 F.3d 1102, 1118 (9th Cir. 2007) (citation modified); *see also* 47 U.S.C. § 230(e)(2) ("Nothing in this section shall be construed to limit or expand any law pertaining to intellectual property."); *PC Drivers Headquarters, LP v. Malwarebytes Inc.*, 371 F.

Mr. Greer's only claims against Defendants are for contributory copyright infringement under federal law. Because those claims clearly "pertain[] to intellectual property,"[94] they cannot be barred by section 230. Defendants' argument concerning section 230 immunity fails.

    4. <u>Defendants Fail To Carry Their Burden of Showing That the Fair-Use Defense Bars Mr. Greer's Claims</u>.

Defendants have not carried their burden of demonstrating that the fair-use defense bars Mr. Greer's claims against them for contributory copyright infringement. Fair use is an affirmative defense to copyright infringement, and its proponent carries the burden of demonstrating that it applies.[95] 17 U.S.C. § 107 governs fair use and provides that "the fair use of a copyrighted work . . . for purposes such as criticism, comment, news reporting, teaching . . . , scholarship, or research, is not an infringement of copyright."[96] The factors to be considered when determining whether fair use is established are:

> (1) the purpose and character of the use, including whether such use is of a commercial nature or is for nonprofit educational purposes;
>
> (2) the nature of the copyrighted work;

---

Supp. 3d 652, 658 n.3 (N.D. Cal. 2019) ("The statutory immunity in the CDA does not apply to intellectual property claims." (citing 47 U.S.C. § 230(e)(2)); *Gucci Am., Inc. v. Hall & Assocs.*, 135 F. Supp. 2d 409, 413 (S.D.N.Y. 2001) ("Section 230(e)(2) unambiguously constrains the Court to construe Section 230(c)(1) in a manner that would neither 'limit [nor] expand any law pertaining to intellectual property.'" (quoting 47 U.S.C. § 230(e)(2)).

[94] 47 U.S.C. § 230(e)(2).

[95] *Andy Warhol Found. for the Visual Arts, Inc. v. Goldsmith*, 598 U.S. 508, 547 n.21 (2023) (stating that "fair use is an affirmative defense" and that the party asserting the defense "bears the burden to justify" its application); *Campbell v. Acuff-Rose Music, Inc.*, 510 U.S. 569, 590 (1994) (stating that "fair use is an affirmative defense" and that its proponent must "carry[] the burden of demonstrating fair use").

[96] 17 U.S.C. § 107.

> (3) the amount and substantiality of the portion used in relation to the copyrighted work as a whole; and
>
> (4) the effect of the use upon the potential market for or value of the copyrighted work.[97]

"Fair use is a mixed question of law and fact."[98] Although application the fair-use defense can be resolved on a motion to dismiss when the facts required to establish that defense are obvious on the face of the complaint, the fact-intensive nature of the defense is typically better resolved at summary judgment or at trial.[99]

Defendants present arguments on only the first, third, and fourth factors. As for the first and fourth factors, Defendants have not carried their burden of showing that they weigh in favor of fair use because they point only to Mr. Greer's alleged failure to include allegations in his amended complaint concerning those factors. On the first factor, Defendants argue only that "Mr. Greer does not allege that anyone else profited from his copyright materials" or "that there was a

---

[97] 17 U.S.C. § 107(1)-(4).

[98] *Harper & Row Publishers, Inc. v. Nation Enters.*, 471 U.S. 539, 560 (1985).

[99] *See, e.g.*, *Kelly-Brown v. Winfrey*, 717 F.3d 295, 308 (2d Cir. 2013) ("Because fair use is an affirmative defense, it often requires consideration of facts outside of the complaint and thus is inappropriate to resolve on a motion to dismiss. Affirmative defenses may be adjudicated at this stage in the litigation, however, where the facts necessary to establish the defense are evident on the face of the complaint."); *Vil v. Poteau*, No. 11-CV-11622-DJC, 2013 WL 3878741, at *4 (D. Mass. July 26, 2013) (stating that "[t]he fact-sensitive nature of the fair use defense has caused courts to be reluctant to allow it as grounds for dismissal" on a motion to dismiss); *Katz v. Chevaldina*, 900 F. Supp. 2d 1314, 1316 (S.D. Fla. 2012) (noting the "the general rule that fair use defenses are not ripe for determination before the summary judgment stage"); *Browne v. McCain*, 612 F. Supp. 2d 1125, 1130 (C.D. Cal. 2009) ("[I]n light of a court's narrow inquiry [on a motion to dismiss] and limited access to all potentially relevant and material facts needed to undertake the analysis, courts rarely analyze fair use on a [Rule] 12(b)(6) motion."); *Ocean Atl. Woodland Corp. v. DRH Cambridge Homes, Inc.*, No. 02 C 2523, 2003 WL 1720073, at *9 (N.D. Ill. Mar. 31, 2003) ("Although affirmative defenses may be raised in a motion to dismiss, defenses such as the fair use doctrine involve a more detailed analysis of the facts at issue and are best resolved by summary judgment motions or adjudication at trial." (citation modified)).

'commercial nature' to any infringement."[100] For the fourth factor, Defendants contend only that "Mr. Greer does not allege that the market value of his copyrights has been impacted by infringement."[101] Importantly, it is Defendants' burden—not Mr. Greer's—to show that those factors weigh in favor of fair use. Defendants also fail to carry their burden on the third factor because they rely on facts in a declaration from Mr. Moon,[102] which the court is prohibited from considering on a motion to dismiss. For those reasons, Defendants fail to carry their burden of establishing that the affirmative defense of fair use applies here. Because all of Defendants' arguments under Rule 12(b)(6) fail, their motion to dismiss under that rule should be denied.

B. Defendants Fail To Carry Their Burden Under Rule 12(b)(7).

Defendants have not carried their burden under Rule 12(b)(7). "Under [R]ule 12(b)(7), the court may dismiss a case for failure to join a necessary and indispensable party under [R]ule 19."[103]

> The proponent of a motion to dismiss under [Rule] 12(b)(7) has the burden of producing evidence showing the nature of the interest possessed by an absent party and that the protection of that interest will be impaired by the absence. The proponent's burden can be satisfied by providing affidavits of persons having knowledge of these interests as well as other relevant extra-pleading evidence.[104]

Defendants fail to carry their burden. Defendants have not produced any evidence with their motion demonstrating the nature of the interests possessed by the absent parties named in

---

[100] ECF No. 274 at 21 of 22.

[101] *Id.*

[102] ECF No. 274-1.

[103] *Begay v. Pub. Serv. Co. of N.M.*, 710 F. Supp. 2d 1161, 1181 (D.N.M. 2010).

[104] *Citizen Band Potawatomi Indian Tribe of Oklahoma v. Collier*, 17 F.3d 1292, 1293 (10th Cir. 1994) (citation modified).

Mr. Greer's amended complaint and that the protection of those parties' interests will be impaired by their absence. Further, although Defendants making two passing references to Rule 12(b)(7) in their motion,[105] they fail to present any meaningful argument on that rule. Therefore, Defendants' Rule 12(b)(7) arguments fail, and, consequently, their motion to dismiss under that rule should be denied.

## RECOMMENDATION

For the reasons stated above, the court HEREBY RECOMMENDS that Defendants' motion to dismiss[106] be DENIED.

## NOTICE TO PARTIES

Copies of this Report and Recommendation are being sent to all parties, who are hereby notified of their right to object.[107] The parties must file any objections to this Report and Recommendation within 14 days after being served with a copy of it.[108] Failure to object may constitute waiver of objections upon subsequent review.

DATED this 11th day of February 2026.

BY THE COURT:

JARED C. BENNETT
United States Magistrate Judge

---

[105] ECF No. 274 at 1, 5 of 22.
[106] ECF No. 274.
[107] 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(2).
[108] 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(2).