**Matthew D. Hardin (pro hac vice)**
**HARDIN LAW OFFICE**
101 Rainbow Drive # 11506
Livingston, TX 77399
Telephone: (202) 802-1948
Email: MatthewDHardin@gmail.com
*Attorney for Defendants*

THE UNITED STATES DISTRICT COURT
DISTRICT OF UTAH

| RUSSELL GREER, | **Defendants' Objection Pursuant to DUCivR 72-2 and Fed. R. Civ. P.72 (b)** |
|---|---|
| Plaintiff, | |
| v. | Case No. 2:24-cv-00421-DBB |
| JOSHUA MOON, *et al.* | District Judge David Barlow<br>Magistrate Judge Jared C. Bennett |
| Defendant. | |

NOW COME Joshua Moon and Lolcow, LLC (collectively "the Defendants") and file this Objection to the Magistrate's Report and Recommendation at ECF No. 448.

**I. Introduction**

The Magistrate's order is based primarily on a misconception that Defendants' successive Rule 12 (b) motion at ECF No. 274 is barred by Fed. R. Civ. P. 12 (g)(2) or 12 (b)(h)(1)(A). ECF No 448 at 9 ("Defendants have waived any defenses under Rule 12 (b)(2)-(5)."). That is incorrect because Lolcow, LLC, at a minimum, never filed a dispositive motion in this matter, and also never adopted any prior dispositive motion. But even if the Report and Recommendation were correct, *arguendo*, as a matter of first principles and the straightforward interpretation of the rules, it would not be correct as to this particular case and its procedural history, because Mr. Moon's previous Motion to Dismiss was based on a complaint with radically different factual allegations as to his "personal involvement" in the alleged wrongs. Mr. Greer's decision to abandon his previous allegations as to

jurisdictional facts rationally permits Defendants to argue that Mr. Greer's Amended Complaint should be dismissed for jurisdictional reasons even if his prior complaint was not. The Magistrate also erred in two other respects: his Report and Recommendation fails to address Defendants' request that their Motion to Dismiss be construed as a Motion for Summary Judgment, ECF No. 274 at 22, and the Report and recommendation failed to evaluate alternative grounds for dismissal as this Court previously stated it would in its order at ECF No. 340 at 2 ("The court will evaluate any grounds for dismissal of this action under Fed. R. Civ. P. 11(c)(2), Fed. R. Civ. P. 37(b)(2)(A)(v), or Fed. R. Civ. P. 41(b), at the time the court evaluates any grounds for dismissal under Fed. R. Civ. P. 12(b).").

Because the Report and Recommendation erred both as to the applicable law and as to the Court's own promise in a prior written order that it would evaluate enumerated alternative grounds for dismissal of this action, the District Court should not adopt the Magistrate's Report and Recommendation.

## II. Standard of Review

The Magistrate's Report and Recommendation must be evaluated *de novo*. Fed. R. Civ. P. 72 (b)(3).

## III. Argument

The Magistrate erred as follows:

**1. The Magistrate erroneously held that the Motion to Dismiss at ECF No. 274 was a barred successive Motion to Dismiss.**

The Magistrate concluded that the Motion to Dismiss at ECF No. 274 was barred by Fed. R. Civ. P. 12 (g)(2) and/or Fed. R. Civ. P. 12(b)(h)(1)(A). ECF No. 448 at 9. That was error.

The text of Fed. R. Civ. P. 12 (g)(2) provides that "a party that makes a motion under

this rule must not make another motion under this rule raising a defense or objection that was available to the party but omitted from its earlier motion." Fed. R. Civ. P. 12 (h) incorporates the previous section and declares that an objection not properly raised is waived. The Magistrate held that both Defendants were therefore barred from raising a successive Motion to Dismiss. ECF No. 448 at 8.

The Magistrate was wrong for two reasons: First, Lolcow, LLC never filed a previous Motion to Dismiss, and never adopted any earlier Motion to Dismiss, so its motion cannot have been a successive motion. Second, although Joshua Moon's Motion was a successive motion, the Magistrate erroneously held that only new facts alleged for the first time in the amended complaint – and not facts newly omitted from the amended complaint – could be raised in a successive Motion to Dismiss. ECF No. 448 at 9-10.

**a) Lolcow, LLC never filed a previous Motion to Dismiss, and therefore cannot have filed a prohibited successive Motion to Dismiss.**

When Mr. Greer filed this case, he named "Kiwi Farms, a website" as the Defendant. ECF No. 3. For reasons unknown to undersigned counsel or his client, this case was litigated with previous counsel signing filings on behalf of "the Defendants" at every stage, even as this Court repeatedly acknowledged that a website was not capable of being sued. On remand, Lolcow, LLC moved to intervene and to substitute for "Kiwi Farms, a website" in this case. ECF No. 68. Mr. Greer did not object, and the Court granted that Motion. ECF No. 152. Relevant for purposes of the Magistrate's analysis, Lolcow, LLC represented in its Motion to Intervene that it "intends to rely upon and adopt entirely all pleadings filed by undersigned counsel on behalf of 'the Defendants,' such that no new pleadings are required." ECF No. 448 at 6.

The Magistrate appears to hold in his Report and Recommendation that Lolcow,

LLC is barred from filing a successive Motion to Dismiss because it adopted a previous Motion to Dismiss filed by "the Defendants" which apparently included, at that time, "Kiwi Farms, a website." ECF No. 448 at 14, n. 77. There are three problems with the Magistrate's holding:

*First*, Fed. R. Civ. P. 12 (g)(2) does not bar successive motion by a party who merely *adopts* an earlier motion. Instead, the rule expressly applies, in its plain text, only to "a party that makes a motion…" Lolcow, LLC indisputably did not "make a motion." Even as the Magistrate tells it, Lolcow, LLC at best "adopted" a Motion. Rule 12 (g)(2) therefore does not apply to Lolcow, LLC, and it cannot have filed a "successive" motion if it did not first "make" an original motion. The Court must look to the plain text of the rule, and when it does it inevitably follows that the rule does not apply to Lolcow, LLC and its actions here.

*Second*, contrary to the Magistrate's implicit finding, Lolcow, LLC also never adopted the previous Motion to Dismiss filed by "Kiwi Farms, a website." The Magistrate points only to an announced intention by the LLC to adopt earlier filings. ECF No. 448 at 6. But an announced intention to take an act is not the same thing as actually performing that act. *People v. Murray*, 14 Cal. 159, 159 (Cal. 1859) ("[S]omething more than mere intention is necessary…"). And it would make no sense for Lolcow, LLC to file a motion to Dismiss the original complaint in this matter or to adopt an earlier motion to dismiss a previous version of the complaint because the original complaint contained no allegations at all as to Lolcow LLC or its liability.

*Third*, even assuming *arguendo* that Lolcow, LLC can be held to its announced intention regardless of whether that intention ever became a final action, Lolcow, LLC only ever announced the intention to adopt "all pleadings filed by undersigned counsel on behalf

of 'the Defendants'…" ECF No. 68 at 3. The previous Motion to Dismiss *was not filed by undersigned counsel*: it was filed by Greg Skordas, whose association with this case came to an end shortly after remand. ECF No. 20. Undersigned counsel has never adopted, on behalf of Lolcow, LLC or anyone else, pleadings filed by Mr. Skordas, but only announced an intention to adopt earlier pleadings undersigned counsel himself had filed on behalf of "the Defendants." ECF No. 68 at 3.

For the reasons set forth above, the Magistrate erred in holding that Lolcow, LLC was prohibited from filing a successive Motion for Summary Judgment, because Lolcow, LLC had never filed a previous Motion for Summary Judgment.

**b) Joshua Moon is not barred from filing a successive Motion to Dismiss, because Mr. Greer omitted jurisdictional facts from his Amended Complaint which were contained in his original complaint.**

The Magistrate acknowledged that when factual allegations in a complaint change, a successive Motion to Dismiss arising from changing factual allegations is permitted. ECF No. 448 at 9-10. But the Magistrate erred when he held that Mr. Greer's factual allegations as to Mr. Moon himself had not changed in a manner that permitted Mr. Moon to file a successive Motion to Dismiss.

Mr. Greer's original complaint in this matter contained an entire section of allegations under the headline "Moon's Involvement." ECF No. 3 at 19. In that section, Mr. Greer alleged that Mr. Moon himself had taken actions aimed at Mr. Greer. These facts had jurisdictional implications. Specifically, Mr. Greer alleged that Mr. Moon had "provid[ed] his own commentary… allow[ed] hateful comments to be made… allow[ed] Greer's intellectual property to be illegally used [and] provid[ed] a hub for harassment." *Id*. Additionally, Mr. Greer alleged that "Moon…should be liable for the acts of his users…" *Id*. Indeed, Mr. Greer

said that Mr. Moon should be liable for the actions of third parties in part because those third parties could not be tracked down. *Id.*

Mr. Greer's amended complaint dropped the entire section of allegations as to Mr. Moon's personal "involvement" in various acts. ECF No. 344-1 at 19. Mr. Greer no longer seeks to hold Mr. Moon liable for his own actions previously enumerated in that section, and Mr. Greer has also dropped his agency arguments that Mr. Moon is liable for the actions of third parties ostensibly acting on his behalf. *Id.* Third parties are added as Defendants in their own right in the amended complaint, with no allegations made that those third parties acted on behalf of Mr. Moon or that they were agents of Mr. Moon. ECF No. 344-1 at 4. Defendants properly raised this radical shift in allegations as against Mr. Moon himself at ECF No. 344 at 5-6.

According to the Magistrate, Defendants are trying to have their cake and eat it too by claiming Mr. Greer's Amended Complaint both "mirrors" his original complaint and is "markedly" different from it. ECF No. 448 at 7, 11. But the allegation that the amended complaint mirrors the earlier one comes from Mr. Greer, not Defendants. ECF No. 448 at 7, citing ECF No. 247 at ¶115. And the Magistrate conflates different defense arguments that relate to different parts of the amended complaint, or even defense arguments that are expressly made in the alternative. For example, the Magistrate makes much of a footnote in the Motion to Dismiss at ECF No. 274 at 2, n. 1, in which Defendants expressly made an *alternative* argument "for the purpose of presenting their objections." The Magistrate casts that alternative argument as if it were a concession from the Defendants. ECF No. 448 at 11. But the Magistrate does not explain how Mr. Greer's shifting narratives as to jurisdiction – including a completely dropped allegation that Mr. Moon's agents had taken action

against Mr. Greer for which Mr. Moon was liable – do not give rise to a permissible successive Motion to Dismiss by Mr. Moon. If Mr. Moon is not alleged to have agents taking actions against a Utah resident, and Mr. Moon himself is not susceptible to the jurisdiction of a Utah Court, a Motion to Dismiss on jurisdictional grounds becomes appropriate even if it would not have been under the earlier iteration of Mr. Greer's complaint with far different facts.

Because Mr. Greer dramatically changed his narrative as to facts which would establish jurisdiction over Mr. Moon, including facts relating to Mr. Moon's personal "involvement" in the actions Mr. Greer complains of and Mr. Greer's alleged vicarious liability for actions taken by other actors, Mr. Moon was entitled to file a successive Motion to Dismiss.

## 2. The Magistrate erred in failing to construe the Motion to Dismiss at ECF No. 274 as a Motion for Summary Judgment.

Defendants submitted a declaration along with their Motion to Dismiss, and specifically requested that the Court construe the Motion to Dismiss as a Motion for Summary Judgment "in light of the Plaintiff's manifest inability to proceed to trial." ECF No. 274 at 4. Specifically, Defendants noted that Mr. Greer has no witnesses in this case, and that the lack of any witnesses or admissible evidence necessarily dooms this case at trial. *Id*. at 6. It makes little sense in terms of judicial economy for this case to continue on the basis of pleadings for which the Plaintiff has stipulated he cannot produce any evidence. ECF No. 201. The Magistrate expressly declined to consider Mr. Moon's declaration, however, holding that it was impermissible to consider evidence outside the pleadings at the Motion to Dismiss stage. ECF No. 448 at 19. But the Magistrate did not explain his refusal to convert the Motion to Dismiss into a Motion for Summary Judgment as requested,

especially since Mr. Greer himself did not object to that request. ECF No. 344 at 6-7.

If this Court is not inclined to grant the Motion to Dismiss on other grounds, it should at a minimum consider converting the Motion to Dismiss into a Motion for Summary Judgment pursuant to Fed. R. Civ. P. 12 (d). This is in the interest of judicial economy because the Plaintiff did not object to that course of action and because it has become facially apparent that there cannot be any proof of any allegation in the pleadings without any witness testimony. ECF No. 201.

**3. The Magistrate erred in failing to consider alternative grounds for relief alongside Rule 12 grounds for relief, despite the Magistrate's earlier order indicating that he would do so, upon which Defendants relied. ECF No. 340.**

There are plenty of non-merits reasons that this case should be dismissed, because the Plaintiff has engaged in repeated and flagrant litigation misconduct. Because that misconduct has been so pervasive, Defendants sought an extension of time to file their Reply Brief in support of the Motion to Dismiss. ECF No. 335. In that Motion, Defendants stated, *inter alia*, that the Court should first resolve whether this case should be dismissed as a result of Mr. Greer's "failure to provide documents he was ordered to provide in discovery…" ECF No. 340, citing ECF No. 227. The Court denied Defendants' Motion for an Extension of Time, but held that it would "evaluate any grounds for dismissal of this action under Fed. R. Civ. P. 11(c)(2), Fed. R. Civ. P. 37(b)(2)(A)(v), or Fed. R. Civ. P. 41(b), at the time the court evaluates any grounds for dismissal under Fed. R. Civ. P. 12(b)." ECF No. 340 at 2.

The Magistrate's Report and Recommendation at ECF No. 448 breaks the promise this Court made in its earlier order at ECF No. 340. Specifically, Mr. Greer remains defiant in the face of this Court's order that he produce a document he originally claimed he

possessed and would be "happy to provide." ECF No. 227. Over a year ago, on February 10, 2025, Mr. Greer was ordered to produce that document in discovery. In May of 2025, this Court expressly warned Mr. Greer that the consequences of his continued noncompliance with discovery obligations would be dismissal under Rule 41. ECF No. 300 at 14:18 et seq. ("If they are just not produced because [Mr. Greer] just doesn't want to get to it, then we will be talking about Rule 37(b) sanctions in terms of case termination for failure to cooperate in discovery, which would include fees among other things."). Over three months ago, Defendants alerted this Court that Mr. Greer was *still* out of compliance with that order and the multiple subsequent orders of this Court denying Mr. Greer's serial motions to reconsider. ECF No. 381. As of this filing, Mr. Greer remains out of compliance with the most basic obligation to obey an order granting a Motion to Compel which is over a year old (the underlying discovery request dates back to 2024).

In short, the Magistrate erred by expressly pledging, both in open court on the record and in a written order at ECF No. 340, that he would consider dismissal under rules 37 and 41 "at the time the court evaluates any grounds for dismissal under Fed. R. Civ. P. 12(b)," and then failing to actually evaluate those grounds for dismissal in his Report and Recommendation. Any fair analysis, now that a year has passed without Mr. Greer making even basic efforts to bring himself into compliance with this Court's order at ECF No. 227, requires dismissal.

## IV. Conclusion

This Court should not adopt the Magistrate's Report and Recommendation at ECF No. 448. It should grant the Motion to Dismiss for the reasons set forth at ECF No. 274, for the reasons set forth above, and because Mr. Greer remains out of compliance with its

earlier order at ECF No. 227.

      DATED February 25, 2026

                                      **HARDIN LAW OFFICE**

                                      */s/ Matthew D. Hardin*
                                      **Matthew D. Hardin**
                                      Attorney for Defendants