Russell Greer
1100 Dumont Blvd
Apt 139
Las Vegas, NV 89169
801-895-3501
russmark@gmail.com
Pro Se Litigant

IN THE UNITED STATES DISTRICT COURT

DISTRICT OF UTAH

| | |
|---|---|
| **RUSSELL GREER** <br><br> Plaintiff <br><br> v. <br><br> **JOSHUA MOON ET AL**, <br><br> Defendants | **PLAINTIFF'S RESPONSE TO DEFENDANTS' OBJECTION TO THE REPORT AND RECOMMENDATION** <br><br> Case No.:   2:24-cv-00421-DBB-JCB |

1

Plaintiff Russell Greer respectfully submits this Response to Defendants' Objection (ECF 450) to the Magistrate Judge's Report and Recommendation (ECF 448).The Objection should be overruled. Nearly every argument raised in Defendants' Objection was fully briefed and decided during Plaintiff's May 2025 Opposition to Defendants' Motion to Dismiss. The Magistrate correctly applied Rule 12(g), Rule 12(h), and controlling Tenth Circuit precedent. Defendants' Objection is an attempt to repackage arguments already rejected.

## I.     DEFENDANTS DO NOT RECEIVE A "RESET" UNDER RULE 12

In May 2025, Plaintiff addressed the issue of new Rule 12 motions, explaining that amendment does not revive waived defenses unless new matter is introduced.

Magistrate Judge Bennett adopted that same reasoning. Defendants now attempt to argue:

1. Lolcow never filed a prior motion, and
2. The amended complaint is "radically different."

Both arguments were already addressed.

## A. Lolcow Stands in the Procedural Shoes of Kiwi Farms

As Plaintiff explained previously, the addition of Lolcow was not a new defendant in substance, but a substitution requested by Defendants themselves. The Tenth Circuit's ruling applied to "Mr. Moon and Kiwi Farms." Substituting the legal entity operating Kiwi Farms does not erase waiver.

Defendants cannot move to substitute, adopt prior pleadings, continue litigating, then claim they never "made" a Rule 12 motion. Rule 12(g)(2) focuses on procedural posture, not semantic phrasing. The Magistrate correctly recognized this.

## B. The Amended Complaint Did Not Materially Change Jurisdictional Allegations

2

Defendants argue the amended complaint omitted certain "Moon's involvement" language and therefore revived personal jurisdiction defenses. This is incorrect. As explained in Plaintiff's May 2025 opposition response: "The filing of the amended complaint was to flesh out the claims. Nothing new was added to the complaint." The conduct remains identical DMCA notices were sent. Moon reposted them publicly onto a section meant to mock public notices (Take that Off the God Damn Website). Moon refused to remove the material and encouraged continued infringement.

Those are the same allegations the Tenth Circuit held sufficient. Dropping redundant narrative language does not create "new matter." It narrows the pleading. Magistrate Bennett correctly applied Rule 12(g): successive motions may address new allegations, not repackage previously available defenses.

Further, Defendants' argument that omission of facts revives waived Rule 12 defenses has no support in Rule 12(g). Waiver turns on whether a defense was available, not whether a plaintiff later streamlines allegations.

## II.     THE TENTH CIRCUIT'S RULING REMAINS CONTROLLING

Defendants attempt to argue that amendment nullified the Tenth Circuit's decision. That argument was already addressed in Plaintiff's May 2025 response: Amending a complaint does not wipe away appellate rulings unless new claims are introduced. The amended complaint mirrors the original allegations of contributory infringement.

Under the mandate rule, this Court must follow the Tenth Circuit's determination that Plaintiff plausibly alleged:

1. Direct infringement by third parties
2. Knowledge by Moon
3. Material contribution and encouragement

Magistrate Bennett correctly recognized this.

## III. PERSONAL JURISDICTION AND VENUE WERE WAIVED AND, IN ANY EVENT, ARE PROPER

3

Plaintiff already explained in detail in his May 2025 opposition response as to why jurisdiction and venue are proper. Defendants waived these defenses by failing to raise them in their original motion in 2021. Even setting waiver aside, Plaintiff previously demonstrated:

- Defendants purposefully directed activities at Utah
- DMCA correspondence contained a Utah address
- Harm was felt in Utah
- The site was not passive under *Zippo*.

Magistrate Bennett correctly held Rule 12(b)(2)-(5) defenses were waived. Defendants' Objection does not identify any new legal authority undermining that conclusion.

## IV. THE FAIR USE ARGUMENT REMAINS FACT-INTENSIVE AND IMPROPER AT THIS STAGE

Plaintiff previously explained in depth why fair use fails as a defense. Plaintiff cited how Kiwi Farms usurps the market and that full copies were infringed. Greer shared screen shots of Mr. Moon asking his users for donations and how the commercial benefit standard is met through donations and monetization. And then plaintiff argued the market harm explicitly in ¶¶100–106

Magistrate Bennett correctly held that fair use is an affirmative defense and that Defendants bear the burden to establish fair use. Defendants' Objection simply reasserts arguments already rejected.

## V. CONVERSION TO SUMMARY JUDGMENT WAS NOT REQUIRED

Defendants argue the Magistrate erred in not converting the motion under Rule 12(d). Conversion is discretionary. Plaintiff did not concede evidentiary failure; Plaintiff opposed dismissal on the pleadings and preserved arguments on proof. Premature conversion would have deprived Plaintiff of procedural safeguards. The Magistrate acted within discretion in declining to consider materials outside the pleadings.

## VI. DEFENDANTS' REQUEST FOR CASE-TERMINATING SANCTIONS IS PREMATURE AND MISCHARACTERIZES THE RECORD

Defendants argue that dismissal is warranted under Rules 11, 37, and 41. That request is procedurally improper and factually unsupported.

**A. Plaintiff Has Complied With Discovery Orders**

Plaintiff has complied with discovery obligations throughout this litigation. Plaintiff did not ignore the Court for the 2018 document. Plaintiff sought clarification before getting the document. A good-faith request for clarification is not willful defiance.

**B. Case-Terminating Sanctions Require Willfulness and Proportionality**

Dismissal under Rule 37(b)(2)(A)(v) or Rule 41(b) is an extreme sanction reserved for willful, bad-faith noncompliance and after consideration of lesser alternatives. Courts in the Tenth Circuit must consider:

- Prejudice to the opposing party,
- Degree of interference with the judicial process,
- Litigant culpability,
- Whether prior warnings were given,
- Whether lesser sanctions would suffice.

Here, Defendants identify, at most, a discrete discovery dispute regarding one document. Even if the Court were to determine further production is required, proportional remedies exist short of dismissal.

**C. Sanction Issues Remain Pending on Both Sides**

Defendants' request is particularly premature because sanction-related issues are pending in both directions. Plaintiff has filed motions seeking relief relating to Defendants' litigation conduct. Those motions remain unresolved. It would be inequitable to impose case-terminating sanctions against Plaintiff while other sanction-related issues remain under consideration. Sanctions are discretionary tools to ensure fairness and compliance — not weapons to be invoked asymmetrically during ongoing disputes.

Lastly, the Court's prior statement that it would evaluate potential sanctions alongside Rule 12 grounds preserved judicial discretion. It did not predetermine that dismissal was required, nor did it convert a discovery dispute into a mandatory termination order.

## CONCLUSION

The Magistrate's Report and Recommendation:

- Correctly applied Rule 12(g) and Rule 12(h);
- Correctly followed Tenth Circuit precedent;
- Properly declined premature summary judgment conversion;
- And properly rejected fair use and jurisdictional arguments at this stage.

Defendants' Objection reargues positions fully briefed in May 2025.

For these reasons, Plaintiff respectfully requests that the Court:

1. Overrule Defendants' Objection (ECF 450);
2. Adopt the Report and Recommendation (ECF 448); and
3. Deny Defendants' Motion to Dismiss.

Respectfully submitted,

/rgreer/

3-11-26

**CERTIFICATE OF SERVICE:**

Pursuant to FRCP 5(b), I certify that on 3-11-26, I served a true and correct copy of the attached document by ECF to all attorneys on record.