UNITED STATES DISTRICT COURT
DISTRICT OF UTAH

| | |
|---|---|
| RUSSELL GREER,<br><br>    Plaintiff,<br><br>v.<br><br>JOSHUA MOON, website owner; LOLCOW LLC, website owner; and JOHN DOES #1-2, anonymous users on Kiwi Farms,<br><br>    Defendants. | **MEMORANDUM DECISION AND ORDER OVERRULING [450] DEFENDANTS' OBJECTION AND ADOPTING [448] REPORT AND RECOMMENDATION**<br><br>Case No. 2:24-cv-00421-DBB-JCB<br><br>District Judge David Barlow |

Before the court is Defendants Joshua Moon and Lolcow, LLC's ("Lolcow") Objection[1] to the Magistrate Judge's Report and Recommendation ("R&R")[2] recommending that Defendants' Motion to Dismiss[3] be denied.[4]

## BACKGROUND

This case is based on claims of copyright infringement.[5] Pro se Plaintiff Russell G. Greer generally alleges that Defendants have infringed several of his copyrights.[6] Mr. Moon operates Kiwi Farms, which is a website "built to exploit and showcase those Moon and his users have

---

[1] Defendants' Objection Pursuant to DUCivR 72-2 and Fed. R. Civ. P.72 (b) ("Objection"), ECF No. 450, filed Feb. 25, 2026.
[2] Report and Recommendation ("R&R"), ECF No. 448, entered Feb. 11, 2026.
[3] Motion to Dismiss ("MTD"), ECF No. 274, filed Apr. 14, 2025.
[4] Plaintiff also filed a Response to Defendants' Objection. *See* Response to Objection to Report and Recommendation, ECF No. 451, filed Mar. 11, 2026. Under DUCivR 72-2(b)(1), a response to an objection to a Magistrate Judge order need not be filed unless ordered by the court. The court will not consider Plaintiff's response.
[5] First Amended Compl. ("FAC"), ECF No. 247, filed Feb. 28, 2025.
[6] *Id.* ¶¶ 85–122.

1

deemed to be eccentric and weird."[7] Kiwi Farms is the d/b/a name of Lolcow, and Mr. Moon is the sole member of Lolcow.[8]

Mr. Greer filed his initial complaint in this matter against Mr. Moon and "Kiwi Farms, a website," on September 24, 2020.[9] Both Mr. Moon and Kiwi Farms retained counsel and made a motion to dismiss the initial complaint.[10] That motion was granted, but the Tenth Circuit overturned the dismissal on appeal.[11] Mr. Moon and Kiwi Farms retained new counsel and filed an answer to the initial complaint.[12] Subsequently, Lolcow moved to appear in the place of Kiwi Farms, explaining that it does business under the name "Kiwi Farms."[13] That motion was granted.[14]

On February 28, 2025, Mr. Greer filed his First Amended Complaint.[15] Defendants filed a motion to dismiss that complaint on April 14, 2025.[16] Defendants request that the First Amended Complaint be dismissed under Rules 12(b)(2), 12(b)(3), 12(b)(4), 12(b)(5), 12(b)(6), and 12(b)(7) of the Federal Rules of Civil Procedure.[17] In his report and recommendation recommending denial of that motion, the Magistrate Judge noted that many of Defendants' arguments had been waived under Rule 12(g)(2) because they were available and were not raised in the first motion to dismiss.[18] Defendants now object to the R&R on four grounds: (1) Lolcow

---

[7] *Id.* ¶ 14.
[8] Lolcow, LLC's Motion to Intervene / Motion to Substitute / Motion to Correct Name ("Motion to Correct Name") 2–3, ECF No. 68, filed Jan. 18, 2024.
[9] Compl. ("Initial Compl."), ECF No. 3, filed Sep. 24, 2020.
[10] Motion to Dismiss ("First MTD"), ECF No. 20, filed Apr. 9, 2021.
[11] Mandate of USCA, ECF No. 53, entered Dec. 12, 2023.
[12] Answer, ECF No. 66, filed Jan. 17, 2024.
[13] Motion to Correct Name 2.
[14] Order Correcting Name, ECF No. 152, entered Sep. 19, 2024.
[15] *See* FAC.
[16] *See* MTD.
[17] *Id.* at 1.
[18] R&R 8.

never filed a previous motion to dismiss because the named defendant at the time was "Kiwi Farms," (2) Mr. Moon's jurisdictional arguments are not barred under Rule 12(g)(2) because the First Amended Complaint omits jurisdictional facts included in the initial complaint, (3) the Magistrate Judge should have construed the Motion as a motion for summary judgment, and (4) the R&R should have considered alternative grounds for relief.[19]

## STANDARD

When resolving objections to a Report and Recommendation, the district court judge "shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made."[20] The judge "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge."[21]

## DISCUSSION

As an initial matter, the court notes that, generally, "a motion to dismiss should be converted to a summary judgment motion if . . . the district court considers, materials outside the pleadings."[22] However, courts may consider "matters of which a court may take judicial notice,"[23] including "its own files and records."[24] Much of the Defendants' Objection relates to the Magistrate Judge's application of Rule 12(g)(2).[25] Therefore, the court takes judicial notice

---

[19] Objection 3, 5, 7, 8.
[20] 28 U.S.C. § 636(b)(1)(C) (2018).
[21] *Id.*
[22] *Alvarado v. KOB-TV, L.L.C.*, 493 F.3d 1210, 1215 (10th Cir. 2007) (quoting *Prager v. LaFaver*, 180 F.3d 1185, 1188 (10th Cir. 1999)).
[23] *Tellabs, Inc. v. Makor Issues & Rts., Ltd.*, 551 U.S. 308, 322 (2007).
[24] *Hampton v. Utah Transit Auth.*, No. 2:16-CV-1282-JNP-EJF, 2018 WL 1115499, at *3 (D. Utah Feb. 26, 2018) (quoting *Grynberg v. Koch Gateway Pipeline Co.*, 390 F.3d 1276, 1278 n.1 (10th Cir. 2004)).
[25] *See* Objection 3–7.

of previous filings in this case that are necessary to determine what Rule 12 motions have already been made and the identity of the parties that made them.

## I.     Fed. R. Civ. P 12(g)(2)

Rule 12(g)(2) of the Federal Rules of Civil Procedure states:

> Except as provided in Rule 12(h)(2) or (3), a party that makes a motion under this rule must not make another motion under this rule raising a defense or objection that was available to the party but omitted from its earlier motion.[26]

Rule 12(h)(1)(A) similarly declares that "[a] party waives any defense listed in Rule 12(b)(2)-(5) by . . . omitting it from a motion in the circumstances described in Rule 12(g)(2)."[27] Under these provisions, Rule 12(b) defenses that were not raised by a party in an earlier Rule 12 motion are waived if they were available at the time the earlier motion was made. Mr. Moon and Kiwi Farms previously filed a Rule 12(b)(6) motion to dismiss in this action.[28] In the R&R, Judge Bennett determined that Defendants waived their Rule 12(b)(2)–(5) defenses here because those defenses were not raised in the first motion to dismiss and because the relevant allegations in the First Amended Complaint are not substantially different from those in the initial compliant.[29]

### A.     Lolcow Rule 12(g)(2) Objections

Defendants first argue that Lolcow is not barred under Rule 12(g)(2) because it never filed a previous motion to dismiss.[30] They seem to take the position that, prior to the motion to correct Kiwi Farms' name, Lolcow was not a party to the case, and that Defendants' previous

---

[26] Fed. R. Civ. P. 12(g)(2).
[27] Fed. R. Civ. P. 12(h)(1)(A).
[28] *See* First MTD.
[29] R&R 10.
[30] Objection 3.

counsel merely signed filings on behalf of "the Defendants" for "reasons unknown" to Defendants' current counsel.[31] This argument mischaracterizes the record and misstates the law.

Lolcow previously represented to the court that it "does business as Kiwi Farms" such that "Lolcow, LLC, d/b/a Kiwi Farms" is its correct identity.[32] It is widely recognized that "[a] 'd/b/a' is not a separate legal entity distinct from the underlying individual or entity; it is merely descriptive of that individual or entity."[33] So Kiwi Farms is not an entity with an independent legal identity; it is merely a second name under which Lolcow operates. The court recognized as much when it granted Defendants' motion to correct the name. Defendants asked the court to correct Lolcow's name under Rules 21, 24, or 25 of the Federal Rules of Civil Procedure, or under the court's inherent authority.[34]

In its order, the court recognized that none of Defendants' cited rules were correct for the situation because they relate to adding new parties or a successor in interest.[35] Instead, the court characterized the change as correcting a misnomer.[36] A misnomer occurs when a plaintiff sues "the correct party, the party he intended to sue, but mistakenly use[s] the wrong name of defendant."[37] Such is essentially the case here. Kiwi Farms is not a separate legal entity; it is

---

[31] *Id.*
[32] Motion to Correct Name 3.
[33] *DP Creations, LLC v. Li*, No. 2:22-CV-00337, 2022 WL 3139213, at *1 (D. Utah Aug. 5, 2022); *see also Duval v. Midwest Auto City, Inc.*, 425 F. Supp. 1381, 1387 (D. Neb. 1977), aff'd, 578 F.2d 721 (8th Cir. 1978) ("The designation 'd/b/a' means 'doing business as' but is merely descriptive of the person or corporation who does business under some other name. Doing business under another name does not create an entity distinct from the person operating the business."); *Providence Washington Ins. Co. v. Valley Forge Ins. Co.*, 42 Cal. App. 4th 1194, 1200 (1996); *Sewell v. Xpress Lube*, 2013 UT 61, ¶ 22, 321 P.3d 1080, 1085.
[34] Motion to Correct Name 4.
[35] Order Correcting Name 12 n.60.
[36] *Id.*
[37] *Hornady Mfg. Co. v. Doubletap Ammunition, Inc.*, No. 2:11-CV-18 TS, 2013 WL 1620023, at *3 (D. Utah Apr. 15, 2013) (quoting *Graves v. Gen. Ins. Corp.,* 412 F.2d 583, 585 (10th Cir. 1969)).

another name that Lolcow uses to do business. Mr. Greer clearly intended to sue Lolcow, and he did so, but he used its incorrect "d/b/a" name instead of its official name.

Lolcow has known about and participated in this lawsuit since its inception. It was sued under its "d/b/a" name along with Mr. Moon, its sole member.[38] Under its Kiwi Farms name it retained counsel and filed multiple motions and pleadings.[39] Defendants' argument that their previous counsel merely, inexplicably, signed pleadings on behalf of Kiwi Farms for "reasons unknown" is undercut by the record here.[40] Defendants' current counsel also appeared on behalf of Kiwi Farms, filing multiple motions and an answer on behalf of "Defendants" prior to the motion to correct the name.[41]

Thus, it is clear that Kiwi Farms is merely another name for Lolcow and that Lolcow has participated in this proceeding under its other name since the case's inception. Defendants' assertion that "Lolcow never filed a previous motion to dismiss"[42] is incorrect, and Lolcow cannot circumvent Rule 12(g)(2) by simply disavowing all the actions it took under its d/b/a name during the first three-and-a-half years of this litigation.

### B.     Mr. Moon Rule 12(g)(2) Objections

Defendants next argue that Mr. Moon is not barred from asserting a Rule 12(b)(2) defense of lack of personal jurisdiction because the First Amended Complaint omits jurisdictional facts that were present in the initial complaint.[43] Specifically, Defendants point to a section of the initial complaint titled "Moon's Involvement," that was omitted from the First

---

[38] *See* Initial Compl.
[39] *See* First MTD 1–2.
[40] *See* Objection 3.
[41] *See,* ECF Nos. 55, 61–66.
[42] Objection 3.
[43] *Id.* at 5–7.

Amended Complaint.[44] Defendants argue that this section alleged that Mr. Moon provided commentary on the website, allowed hateful comments to be made, allowed Mr. Greer's intellectual property to be used, provided a hub for harassment, and should be liable for the acts of his users.[45] They conclude that "[i]f Mr. Moon is not alleged to have agents taking actions against a Utah resident, and Mr. Moon himself is not susceptible to the jurisdiction of a Utah Court," then a Rule 12(b)(2) defense is available, "even if it would not have been under the earlier iteration of Mr. Greer's complaint."[46]

But the First Amended Complaint includes substantially similar factual allegations to the ones that Defendants rely on in their Objection. It alleges that Mr. Moon refuses to remove the copyrighted material,[47] harasses Mr. Greer by publishing their interactions online,[48] knows his users infringe Mr. Greer's copyrighted works,[49] runs the website that facilitates ongoing harassment,[50] and encourages the infringement of Mr. Greer's copyrights.[51] Even though the First Amended Complaint omits a specific section titled "Moon's Involvement," it asserts substantially similar factual allegations relating to Mr. Moon's alleged harassment, infringement, and encouragement of his users. Regardless of whether the facts are sufficient to establish personal jurisdiction over Mr. Moon in Utah, any arguments under Rule 12(b)(2) available for the First Amended Complaint would have also been available under the allegations of the initial

---

[44] *Id.* at 5; *see also* Initial Compl. ¶¶ 106–08; FAC.
[45] Objection 5–6.
[46] *Id.* at 7.
[47] FAC ¶ 39.
[48] *Id.* ¶ 40.
[49] *Id.* ¶ 57.
[50] *Id.* ¶¶ 69, 71.
[51] *Id.* ¶¶ 95, 98.

complaint. Thus, by failing to assert a Rule 12(b)(2) argument in his first Rule 12 motion to dismiss,[52] Mr. Moon waived his right to that defense here.[53]

## II.   Motion to Dismiss as Motion for Summary Judgment

In their Motion to Dismiss, Defendants stated:

> Because Plaintiff has stipulated that he intends to present no testimony in his case in chief, Mr. Greer cannot possibly carry his burden of proof. This Court should therefore dismiss the case outright or convert the instant motion to dismiss into a motion for summary judgment under Fed. R. Civ. P. 12 (d) in light of the Plaintiff's manifest inability to proceed to trial.[54]

The request to treat the Motion as one for summary judgment was presented as an alternative.[55] Defendants now contend that the Magistrate Judge erred in not treating the Motion to Dismiss as a motion for summary judgment. This argument is entirely meritless.

Rule 12(d) requires a court to treat a motion to dismiss as one for summary judgment only if the court considers matters outside the pleadings.[56] The Magistrate Judge explicitly refused to consider outside matters in the R&R,[57] which Defendants acknowledge in their Objection.[58] Notably, it is Defendants who elected to file a Rule 12 motion to dismiss rather than a Rule 56 motion for summary judgment. Their request in the alternative to convert the motion to one for summary judgment creates no obligation for the court to do so. Defendants present no authority to support their assertion that it is legal error for a court to treat a motion made under Rule 12(b) as a Rule 12(b) motion.

---

[52] *See* First MTD.
[53] Fed. R. Civ. P. 12(g)(2), (h)(1)(A).
[54] MTD 4.
[55] *Id.* at 22.
[56] Fed. R. Civ. P. 12(d).
[57] R&R 19.
[58] Objection 7.

### III.  Alternative Grounds for Relief

Finally, Defendants argue that the Magistrate Judge erred in failing to consider alternative grounds for relief alongside those requested in the Motion to Dismiss.[59] While briefing the Motion, Defendants sought an extension of time to file their reply because they believed the court should first address other pending motions that could be dispositive.[60] Magistrate Judge Bennett denied the requested extension and stated that the court would "evaluate any grounds for dismissal of this action under" Rules 11(c)(2), 37(b)(2)(A)(v), or 41(b) of the Federal Rules of Civil Procedure along with any Rule 12(b) motions.[61] Ultimately, the R&R did not consider any other grounds for dismissal contained in other pending motions.[62]

Defendants argue that the court broke its promise.[63] But this argument fails to raise any objections to the reasoning of the R&R. The Magistrate Judge's recommendations are not legally incorrect simply because Defendants wish some of their other pending motions had been considered as well. "District courts generally have broad discretion to manage their dockets."[64] Thus, it is not erroneous for a court to resolve pending motions in the order it chooses,[65] even if it had previously considered a different schedule.

---

[59] Objection 8.
[60] *See* Second Motion for Extension, ECF No. 335, filed June 9, 2025.
[61] Order Denying Second Motion for Extension, ECF No. 340, filed June 10, 2025.
[62] *See* R&R.
[63] Objection 8.
[64] *Blackburn v. Webb*, No. 24-6206, 2025 WL 1341186, at *2 (10th Cir. May 8, 2025) (quoting *Clark v. State Farm Mut. Auto. Ins. Co.*, 590 F.3d 1134, 1140 (10th Cir. 2009)).
[65] *Id.* ("[Appellants] argue that the district court should have ruled on their motion before granting Appellees' motion and dismissing the case. District courts generally have broad discretion to manage their dockets. We discern no abuse of discretion in the district court's management of its docket.").

Defendants' objections are unfounded. And having reviewed the conclusions in the R&R that were not objected to, the court finds no error. Therefore, the court adopts the R&R in its entirety.

**ORDER**

Defendants' [450] Objection to the Magistrate Judge Report and Recommendation is OVERRULED. The [448] Report and Recommendation is ADOPTED, and Defendants' [274] Motion to Dismiss is DENIED.

Signed March 13, 2026.

BY THE COURT

_____
David Barlow
United States District Judge