**Matthew D. Hardin (*pro hac vice*)**
**HARDIN LAW OFFICE**
101 Rainbow Drive # 11506
Livingston, TX 77399
Telephone: (202) 802-1948
Email: MatthewDHardin@gmail.com
*Attorney for Defendants*

THE UNITED STATES DISTRICT COURT
DISTRICT OF UTAH

| | |
|---|---|
| RUSSELL GREER, <br><br> Plaintiff, <br><br> v. <br><br><br> JOSHUA MOON, *et al*. <br><br> Defendant. | **DEFENDANTS' PROTECTIVE MOTION FOR A SCHEDULING ORDER OR ALTERNATIVE RELIEF** <br><br> Case No. 2:24-cv-00421-DBB <br><br> District Judge David Barlow <br> Magistrate Judge Jared C. Bennett |

NOW COME Joshua Moon and Lolcow, LLC (collectively "the Defendants") and protectively request this Court impose a scheduling order to govern further proceedings in this matter, or grant alternative relief. In support of this Motion, Defendants state as follows:

1. This Court previously imposed a schedule by order dated November 18, 2024. ECF No. 175. That schedule was later amended in part on December 29, 2024. ECF No. 209. On May 7, 2025, following an initial round of noncompliance by Mr. Greer with the discovery process and the filing of a Motion to Dismiss by Lolcow, LLC and Joshua Moon, this Court entered an order stating that with certain exceptions "all other discovery is HEREBY STAYED pending a ruling on Defendants' motion to dismiss." ECF No. 283.

2. Lolcow, LLC and Joshua Moon's Motion to Dismiss was denied on March 13, 2026. ECF No. 453. Defendants therefore believe that the discovery stay has expired, and wrote to Mr. Greer to inquire as to his position. Mr. Greer replied, indicating that discovery remains stayed in his view. Exhibit A.

3. As is his pattern, Mr. Greer violated the Court's orders on discovery in multiple ways. Specifically, he has continued not to comply with this Court's order granting a Motion to Compel at ECF No. 227, despite the passage of over a year since this Court's initial deadline and the denial of multiple motions for reconsideration.[1] ECF Nos. 296, 300, 365, 381. And Mr. Greer obtained from the clerk two subpoenas during the pendency of the discovery stay, which were later voided. ECF No. 329. There are multiple pending motions for sanctions against Mr. Greer as a result of his noncompliance with this Court's orders. ECF Nos. 330, 364.

4. Defendants' position remains, as they set forth at ECF Nos. 327, 365, and 381, that this case should be dismissed as a sanction for Mr. Greer's continuing and blatant noncompliance with a discovery order at ECF No. 227. After all, that's what this Court warned Mr. Greer would happen at the last hearing on May 6, 2025, stating:

> "If we don't at least see some -- if they [the documents subject to the order at ECF No. 227] are not produced, then we will have to reconvene and figure out why not. If they are just not produced because he [Mr. Greer] just doesn't want to get to it, then we will be talking about Rule 37(b) sanctions in terms of case termination for failure to cooperate in discovery, which would include fees among other things. So we are getting to that point here…"

ECF No. 300 at 14:18-24. If the Court follows through in enforcing its own oral and written orders warning Mr. Greer of the consequences for failing to comply with the order at ECF No. 227, no further schedule is required in this case.

5. However, if the Court is not inclined to dismiss this case as it said it would for noncompliance with its own orders last summer, Defendants respectfully submit that it

---

[1] Ironically, Mr. Greer has apparently obtained unrelated Utah state courts records, even as he somehow insists he is entitled to refuse to provide the Court records at issue in this Court's order granting a Motion to Compel at ECF No. 227. ECF No. 452.

should hold a new scheduling hearing and impose a new case schedule. Defendants note that their position is that Mr. Greer has failed to comply with even the most basic of discovery requests, including a request dating to November of 2024, ECF No. 219-2, despite that it is now spring of 2026. So any newly-imposed schedule may need to account for the extensive delays the Plaintiff has caused to date. Alternatively, this Court could simply close discovery relating to Mr. Greer's claims based on Mr. Greer's stipulation at ECF No. 201, recognized in Judge Barlow's order at ECF No. 230 at 11, that "Mr. Greer will not present any witnesses" in this case. If there is no sworn testimony that will be presented by Mr. Greer under either Fed. R. Civ. P. 56 or at trial, Defendants would be content to close discovery and impose a schedule allowing this matter to be set for dispositive motions and trial forthwith.

    WHEREFORE, Defendants respectfully request that this Court impose a new scheduling order, or alternatively dismiss this case for the reasons set forth above.

    DATED March 15, 2026

**HARDIN LAW OFFICE**

*/s/ Matthew D. Hardin*
**Matthew D. Hardin**
Attorney for Defendants