Russell Greer
1100 Dumont Blvd
Apt 139
Las Vegas, NV 89169
801-895-3501
russmark@gmail.com
Pro Se Litigant

# IN THE UNITED STATES DISTRICT COURT

## DISTRICT OF UTAH

| | |
|---|---|
| **RUSSELL GREER**<br><br>        Plaintiff<br><br>v.<br><br>**JOSHUA MOON ET AL**,<br><br>        Defendants | **PLAINTIFF'S OPPOSITION TO DEFENDANTS' MOTION FOR SCHEDULING ORDER**<br><br>Case No.:    2:24-cv-00421-DBB-JCB |

**INTRODUCTION**

Plaintiff Russell Greer is a human being, not a character in a game. This case is currently being litigated against a backdrop of unprecedented harassment and professional misconduct that makes a standard scheduling order impossible at this stage. Plaintiff opposes Defendants' request to lift the stay or enter a scheduling order because the integrity of the discovery process has been fundamentally compromised.

There are currently two pending motions to disqualify Mr. Hardin and three motions to strike improper witness disclosures. These are not technicalities; they are a response to Mr. Hardin's repeated use of civil procedure to facilitate extrajudicial harassment against Plaintiff and third parties. To move into a scheduling phase, while these issues remain unresolved, would be to grant a license for continued abuse. The Court must address the ethics and conduct of Matthew D. Hardin before it can dictate a timeline for discovery.

## I.    THE DISQUALIFICATION MOTIONS: COUNSEL'S CONDUCT HAS TAINTED THESE PROCEEDINGS

Plaintiff  has filed two motions to disqualify Mr. Hardin for a sustained and escalating pattern of misconduct. This is not "zealous advocacy"; it is the weaponization of the legal system to cause real-world harm.

As detailed in the pending motions, Mr. Hardin has used the witness disclosure process to assign criminal and stigmatizing "knowledge"—such as tax evasion, forgery, and "fraud"—to individuals who have zero connection to a copyright case. For example, claiming a corporate CEO has knowledge of Plaintiff's IRS filings is not a legal strategy; it is a defamatory smear. Plaintiff files his taxes annually and has no history of the "crimes" Mr. Hardin is inventing for the record. This conduct "taints" the lawsuit and renders a fair proceeding impossible under the Utah Rules of Professional Conduct. To further prove the absurdity of Hardin's disclosures, he

questioned Plaintiff's citizenship status. Not only is questioning Plaintiff's citizenship status absurd, it has nothing to do with copyright.

**II.    THE MOTIONS TO STRIKE: DEFENSE COUNSEL IS FEEDING ONLINE HARASSMENT**

The three pending motions to strike regarding W.H. (Waylon Huber), N.B., and S.C. hammer home the "human cost" of Mr. Hardin's tactics. These motions represent a desperate need to protect private citizens from a lawyer who is essentially acting as a conduit for internet trolls. Specifically, regarding Waylon Huber **(W.H.)**:

- **Targeting by Association**: W.H. is an individual Plaintiff hardly knows. He has no knowledge of copyright ownership, infringement, or damages. His only "involvement" was being CC'd on an email that Hardin obtained by lying to the Humboldt County Clerk that Hardin was "an interested member of the public," and not disclosing he was actually an attorney in this case for a website that stalks people.

- **Real-World Consequences**: Simply because Mr. Hardin signaled his intent to subpoena W.H., and because of Mr. Hardin's actions in Winnemucca, W.H. has been subjected to relentless harassment by trolls from the "Kiwi Farms" platform for over a year. In December 2025, two Kiwi Farms users going by the name of Ajax and Elijah Edwards, criminally stalked Plaintiff and W.H. through email. After harassing Plaintiff and W.H., Ajax had the audacity to tell Plaintiff that "Jesus loves you!"

- **Weaponized Disclosures**: Mr. Hardin is using the Rule 26 process to put "targets" on the backs of private individuals. This is a gross misuse of the Court's power that has resulted in actual, documented harassment of a real human being who has no place in this litigation. Mr. Hardin has signaled that he will subpoena W.H., once the stay is lifted, which, again, is complete non-sense. The motion to strike should be addressed before a non-party, with zero copyright information, gets roped into Defendants' circus.

3

### III.     THE ISSUE IS ONGOING: THE HARASSMENT HAS NOT STOPPED

The conduct described in the disqualification and strike motions is not in the past; it is the current state of the case. In recent communications, when Plaintiff accidentally put "10th Cir" and not "9th Cir" in a citation he used in a motion, Mr. Hardin responded with a barrage of emails demanding "admissions" and accusing Plaintiff of lying about the existence of court cases. Instead of harassing Plaintiff through email, Hardin could have simply Googled the case. This pattern—taking a minor procedural point and twisting it into a character attack—confirms that Mr. Hardin cannot or will not participate in normal, professional litigation.

Defendants like to bring up the many court cases Plaintiff has filed. In all of those court cases, Mr. Hardin is the only attorney to act completely unprofessionally — like he has in this case. He is the only attorney to CC non-parties and accuse them of things that didn't happen. He is the only attorney to have contacted real world people, who have nothing to do with this case, simply to act at the behest of Joshua Moon and put things onto Kiwi Farms that wouldn't have been otherwise put onto that site — all for the entertainment of anonymous individuals, who hide like cowards behind bizarre usernames. But for Matthew D. Hardin's fishing expedition in Winnemucca, W.H. would not have been stalked by Kiwi Farms.

### IV.     A SCHEDULING ORDER WOULD EXPAND AND LEGITIMIZE THE ABUSE

Defendants seek to rush into a scheduling order to expand their reach. If the Court allows discovery to proceed now, it is effectively telling Mr. Hardin that he can continue to name irrelevant witnesses, disclose private information, and trigger further harassment against third parties under the umbrella of "discovery." If the Court eventually grants the disqualification or strikes the disclosures (as it should), any discovery conducted in the interim would be fruit of a poisonous tree. It is a waste of judicial resources and an unnecessary risk to the safety of the parties and non-parties to move forward before these issues are settled.

**V.      THE STAY MUST REMAIN IN PLACE TO PROTECT THE MERITS**

This case was stayed to serve two John Does and that stay must remain because Plaintiff still cannot serve the John Does. The Court must prioritize the safety of the participants and the integrity of the process by resolving the pending motions first.

**CONCLUSION**

Plaintiff is a real person, and he is asking this Court to treat this case with the gravity it deserves. The legal system should not be a tool for internet trolls or lawyers who facilitate them. Plaintiff respectfully requests that the Court deny the motion for a scheduling order, maintain the stay, and immediately address the pending motions to disqualify Mr. Hardin and strike the improper witness disclosures.

Respectfully submitted,

/rgreer/

3-25-26

5

6

**CERTIFICATE OF SERVICE:**

Pursuant to FRCP 5(b), I certify that on 3-25-26, I served a true and correct copy of the attached document by ECF to all attorneys on record.