**Matthew D. Hardin (*pro hac vice*)**
**HARDIN LAW OFFICE**
101 Rainbow Drive # 11506
Livingston, TX 77399
Telephone: (202) 802-1948
Email: MatthewDHardin@gmail.com
*Attorney for Defendants*
*Joshua Moon and Lolcow LLC*

THE UNITED STATES DISTRICT COURT
DISTRICT OF UTAH

| | |
|---|---|
| RUSSELL GREER,<br><br>      Plaintiff,<br>v.<br><br><br>JOSHUA MOON, et al.<br><br>      Defendant. | **LOLCOW LLC'S AND JOSHUA MOON'S ANSWER TO FIRST AMENDED COMPLAINT**<br>Case No. 2:24-cv-00421-DBB-JCB<br><br><br>District Judge David Barlow<br>Magistrate Judge Jared C. Bennett |

NOW COME Defendants,[1] pursuant to Fed. R. Civ. P. 12 (a)(4)(A) and file this ANSWER to the Plaintiff's First Amended Complaint. Except as specifically admitted herein below, Defendants generally DENY all allegations in the Complaint pursuant to Fed. R. Civ. P. 8 (b)(3).

---

[1] This Answer will refer to Joshua Moon and Lolcow LLC collectively as "the Defendants." Of note, two other defendants have been named by the Plaintiff, but they have not been served. The position taken by Lolcow LLC and Joshua Moon is that all claims as against the two other defendants are time-barred either by the statute of limitations, 17 U.S.C. § 507(b), or by Fed. R. Civ. P. 4 (m).

## INTRODUCTION[2]

1) To the extent that this paragraph is a legal argument, legal conclusion, or summary of the Plaintiff's view of a particular statute, no response is required. Defendants respectfully refer the Court to the cited statute for its full contents, and DENY that the statute entitles Plaintiff to any relief.

2) To the extent that this paragraph is a legal argument, legal conclusion, or summary of the Plaintiff's view of a particular statute, no response is required. Defendants respectfully refer the Court to the cited statute for its full contents, and DENY that the statute entitles Plaintiff to any relief.

3) To the extent that this paragraph is a legal argument, legal conclusion, or summary of the Plaintiff's view of a particular statute, no response is required. Defendants respectfully refer the Court to the cited statute for its full contents, and DENY that the statute entitles Plaintiff to any relief.

4) To the extent that this paragraph is a legal argument, legal conclusion, or summary of the Plaintiff's view of a particular statute, no response is required. Defendants respectfully refer the Court to the cited statute for its full contents, and DENY that the statute entitles Plaintiff to any relief.  To the extent that the Plaintiff purports to allege what "they" – presumably meaning Congress – knew when the statute was passed, Defendants are without information sufficient to admit or deny the

---

[2] Defendants include the headings from Mr. Greer's First Amended Complaint only for ease of reference, and do not intend to admit any factual or legal argument that may be contained in Mr. Greer's headings. To the extent that the headings could be construed to contain any factual allegation, such allegation would be DENIED. To the extent that the headings contain legal argument, Defendants do not admit that Mr. Greer is entitled to any legal relief he seeks.

knowledge of Congress and on that basis DENY the allegation. To the extent that the Plaintiff alleges he is entitled to any relief under the Communications Decency Act or Copyright Act, Defendants DENY such allegation.

5) To the extent that this paragraph contains Plaintiff's characterization of his own claims, no response is required. To the extent that Plaintiff alleges in this paragraph that "songs" are at issue, but only lists one song, Defendants cannot respond further without a more definite statement of Plaintiff's claims and DENY that Plaintiff seeks, or is entitled to, relief relating to more than one song. To the extent that Plaintiff alleges that he is seeking "to put an immediate stop to" alleged infringement of copyrights, Defendants note that the First Amended Complaint does not contain any allegation that Plaintiff is eligible for or entitled to, or otherwise seeks, injunctive relief, and that the Plaintiff's prayer for relief seeks only monetary damages. Without waiving objections, it is further DENIED that Plaintiff brings this action "to put an immediate stop to, and to obtain redress for, Defendants' blatant and purposeful contributory infringement." Further, it is DENIED that Defendants have engaged in "blatant and purposeful copyright infringement," or any copyright infringement at all. Further, it is DENIED that "All works are copyrighted with the United States Copyright Office." Defendants affirmatively allege that Plaintiff is not seeking redress for copyright infringement, but is misusing copyright law in an effort to engage in online censorship and reputation management.

6) DENIED.

7) To the extent that this paragraph is a legal argument, legal conclusion, or summary of the relief Plaintiff seeks, as opposed to an allegation of fact, no response is required. Without waiving this objection, Defendants DENY that Plaintiff is entitled

to this or any other relief.

8) To the extent that this paragraph is a legal argument, legal conclusion, or summary of the relief Plaintiff seeks, as opposed to an allegation of fact, no response is required. Without waiving this objection, Defendants DENY that Plaintiff is entitled to this or any other relief.

## JURISDICTION AND VENUE

9) ADMITTED that Plaintiff purports to seek relief under the cited section of the U.S. Code.

10) To the extent that this paragraph is a legal argument, legal conclusion, or summary of the relief Plaintiff seeks, as opposed to an allegation of fact, no response is required. Defendants respectfully refer the Court to the cited statutory sections for a full and complete statement of the law.

11) DENIED.

## PERSONAL JURISDICTION

12) DENIED.

## PARTIES

13) Defendants are without information sufficient to admit or deny the residence and citizenship of Russell Greer, and therefore DENY such allegations. Defendants specifically DENY that Greer's copyrights were infringed, whether while Greer resided in Utah or anywhere else. It is further DENIED that a website is capable of stalking, and that "Moon's site stalks Greer." Defendants are without information sufficient to admit or deny the character of any facial disability Greer purports to

have, and on that basis DENY such allegations.

14) ADMITTED that Defendant Joshua Moon resides in Florida. DENIED that he "fled the country." ADMITTED that Joshua Moon interacts online with the username "Null." Except as admitted, all other allegations are expressly DENIED.

15) DENIED.

16) ADMITTED solely that Lolcow LLC (d/b/a Kiwi Farms) owns a website known as Kiwi Farms. Defendants have no relationship with the Ar15.com site referenced in Mr. Greer's First Amended Complaint and are without sufficient information to admit or deny the remainder of this paragraph. As such, any remaining allegations are DENIED.

17) Defendants Joshua Moon and Lolcow LLC are without information sufficient to admit or deny this allegation, and on that basis it is DENIED.

18) Defendants Joshua Moon and Lolcow LLC are without information sufficient to admit or deny this allegation, and on that basis it is DENIED.

## GENERAL ALLEGATIONS

19) ADMITTED.

20) Defendants are without information sufficient to admit or deny the allegations in this paragraph.

21) As to allegations involving actions taken by parties other than Lolcow LLC and Joshua Moon, Defendants are without information sufficient to admit or deny these allegations and on that basis DENY such allegations. As to allegations alleged to have been taken by Joshua Moon and Lolcow LLC, Defendants DENY such

allegations. Answering further, Defendants DENY that Lolcow LLC or Joshua Moon have any ownership, control, or affiliation with Reddit or Encyclopedia Dramatica, which are independent websites operated by unrelated third parties, and aver that Defendants have no control or influence over the behaviors of subscribers on these websites.

22) As to allegations involving actions taken by parties other than Lolcow LLC and Joshua Moon, Defendants are without information sufficient to admit or deny these allegations and on that basis DENY such allegations. As to allegations alleged to have been taken by Joshua Moon and/Lolcow LLC, Defendants DENY such allegations.

23) ADMITTED that videos regarding Plaintiff appeared on YouTube. DENIED to the extent that this paragraph implies that such videos were created by, directed by, or otherwise attributable to Defendants or anyone acting in concert with them.

24) As to allegations in the first sentence of this paragraph, Defendants are without information sufficient to admit or deny these allegations and on that basis DENY such allegations. ADMITTED that there is a user named "Russtard" on the website owned by Lolcow LLC, but DENIED that such username is associated with a profile picture depicting Russell Greer. Answering further, Defendants have expressly confirmed that there is no user registered on Lolcow LLC's website with the username "Ugly Troll 4 U" or "Zombie Face," and on that basis DENY the remaining allegations.

25) ADMITTED only that Plaintiff received public attention as a result of his own decision to sue a celebrity and repeated media appearances related to that

litigation. DENIED to the extent this paragraph might be read to imply that such public attention is attributable to Defendants.

26) Defendants lack information as to the allegations of this paragraph.

27) Defendants lack information as to the allegations of this paragraph, and on that basis DENY them.

28) Defendants lack information as to the allegations of this paragraph, and therefore DENY any and all factual allegations contained in this paragraph pursuant to Fed. R. Civ. P. 8 (b)(5). Defendants further note that Exhibit D appears to be a social media post. Defendants lack information as to the authenticity of that social media post, and on that basis DENY its authenticity and/or any factual allegations contained in it.

29) Defendants lack information as to the allegations of this paragraph, and therefore DENY any and all factual allegations contained in this paragraph pursuant to Fed. R. Civ. P. 8 (b)(5). Defendants further note that Exhibit E appears to be the cover page or layout of a book. Defendants lack information as to the authenticity of that exhibit, and on that basis DENY its authenticity and/or any factual allegations contained in it.

30) Defendants lack information as to the allegations of this paragraph, and therefore DENY any and all factual allegations contained in this paragraph pursuant to Fed. R. Civ. P. 8 (b)(5). Defendants note that this paragraph contains a footnote, but there is no corresponding text. To the extent that the annotation that a footnote exists can be construed as a factual allegation, it is DENIED. Any factual allegations contained in the footnote would similarly be DENIED.

31) DENIED except to the extent Plaintiff alleges that Internet subscribers discussed him and his works 'copyrighted or not,' Defendants note that Plaintiff's own characterization confirms the website's purpose is critical discussion, not the exploitation of copyrighted material.

32) All factual allegations in this paragraph are DENIED. The cited exhibit is unauthenticated and Defendants lack information sufficient to authenticate it or to address any allegation depicted in such exhibit. As such, any factual allegations relating to the exhibit are also DENIED.

## COPYRIGHT INFRINGEMENT OF GREER'S BOOK

33) Defendants lack information sufficient to admit or deny the allegations in this paragraph, including the authenticity of the cited exhibit, and on that basis DENY such allegations pursuant to Fed. R. Civ. P. 8 (b)(5).

34) Defendants lack information sufficient to admit or deny the allegations in this paragraph, including the authenticity of the cited exhibit, and on that basis DENY such allegations pursuant to Fed. R. Civ. P. 8 (b)(5).

35) Defendants lack information sufficient to admit or deny the allegations in this paragraph, including the authenticity of the cited exhibit, and on that basis DENY such allegations pursuant to Fed. R. Civ. P. 8 (b)(5).

36) Defendants are without information sufficient to admit or deny what Mr. Greer "was informed," and on that basis deny such allegations. It is further DENIED that any material was "illegally put onto Kiwi Farms."

37) DENIED.

38) DENIED. Answering further, Defendants did not create, upload, or maintain the referenced Google Drive link, and have no ability to control or remove content hosted on Google's platform.

39) The first two sentences of this paragraph are ADMITTED. The third sentence is DENIED, and Moon affirmatively avers that Plaintiff has repeatedly threatened litigation. Defendants are without information sufficient to admit or deny the remainder of this paragraph and the authenticity of the cited exhibit, and on that basis DENY any remaining factual allegations.

40) The first sentence of this paragraph is ADMITTED. The second sentence of this paragraph is DENIED.

41) Defendants lack information as to the allegations of this paragraph, and therefore DENY any and all factual allegations contained in this paragraph pursuant to Fed. R. Civ. P. 8 (b)(5).

42) Defendants lack information as to the allegations of this paragraph, and therefore DENY any and all factual allegations contained in this paragraph pursuant to Fed. R. Civ. P. 8 (b)(5). Defendants are without information sufficient to admit or deny the authenticity of the cited exhibit, and on that basis DENY its authenticity and any factual allegations contained therein. Answering further, Defendants DENY that "Spaz Face" is a subscriber or in any way affiliated with Joshua Moon and/or Lolcow LLC. Defendants further note that Exhibit O does not establish or purport to establish any connection between the referenced audio recordings and Defendants' website, and that the individuals and links referenced in this paragraph do not correspond to any users or content on Lolcow LLC's website.

43) DENIED. Additionally, Defendants are without information sufficient to admit or deny the authenticity of the cited exhibit, and on that basis DENY its authenticity and any factual allegations contained therein.

### **COPYRIGHT INFRINGEMENT OF GREER'S SONG**

44) Defendants lack information as to the allegations of this paragraph, and therefore DENY any and all factual allegations contained in this paragraph pursuant to Fed. R. Civ. P. 8 (b)(5).

45) Defendants lack information as to the allegations of this paragraph, and therefore DENY any and all factual allegations contained in this paragraph pursuant to Fed. R. Civ. P. 8 (b)(5). Defendants are without information sufficient to admit or deny the authenticity of the cited exhibit, and on that basis deny its authenticity and any factual allegations contained therein.

46) Defendants lack information as to the allegations of this paragraph, and therefore DENY any and all factual allegations contained in this paragraph pursuant to Fed. R. Civ. P. 8 (b)(5).

47) Defendants lack information as to the allegations of this paragraph, and therefore DENY any and all factual allegations contained in this paragraph pursuant to Fed. R. Civ. P. 8 (b)(5).

48) Defendants lack information as to the allegations of this paragraph, and therefore DENY any and all factual allegations contained in this paragraph pursuant to Fed. R. Civ. P. 8 (b)(5).

49) Defendants lack information as to the allegations of this paragraph, and therefore DENY any and all factual allegations contained in this paragraph pursuant to Fed.

R. Civ. P. 8 (b)(5).

50) Defendants lack information as to the allegations of this paragraph, and therefore DENY any and all factual allegations contained in this paragraph pursuant to Fed. R. Civ. P. 8 (b)(5).

51) Defendants lack information as to the allegations of this paragraph, and therefore DENY any and all factual allegations contained in this paragraph pursuant to Fed. R. Civ. P. 8 (b)(5).

52) DENIED.

53) ADMITTED only that Greer purports to have sent a DMCA takedown notice. DENIED in all other respects.

54) DENIED that infringement occurred or was harmful. Defendants are without information sufficient to admit or deny the remainder of the allegations, and on that basis DENY them.

55) Defendants lack information as to the allegations of this paragraph, and therefore DENY any and all factual allegations contained in this paragraph pursuant to Fed. R. Civ. P. 8 (b)(5).

56) Defendants lack information as to the allegations of this paragraph, and therefore DENY any and all factual allegations contained in this paragraph pursuant to Fed. R. Civ. P. 8 (b)(5). However, Defendants note that Plaintiff's own allegations confirm that his distributor declined to distribute the song, demonstrating the absence of a viable commercial market for Plaintiff's works.

57) Except with respect to the allegation as to "Moon's knowledge," which is DENIED,

Defendants lack information as to the allegations of this paragraph, and therefore DENY any and all factual allegations contained in this paragraph pursuant to Fed. R. Civ. P. 8 (b)(5). Answering further, Defendants DENY that actions taken by third parties on unaffiliated websites are attributable to Defendants, and note that Defendants have no ability to control, monitor, or remove content from websites they do not own or operate.

## DIGITAL MILLENNIUM COPYRIGHT ACT

58) To the extent this paragraph is a citation to statutory law or an argument based upon statutory law, no response is required and Defendants respectfully refer the Court to the statute for its contents. To the extent that this paragraph contains a factual allegation that "Defendant" manages a website, the paragraph does not specify which of four Defendants is alleged to have taken the relevant action. Defendant Lolcow LLC admits that it owns a website. Joshua Moon admits that he is the custodian of records for Lolcow LLC. Neither Joshua Moon nor Lolcow LLC have information sufficient to admit or deny whether either of the two Doe defendants manages a website. For these reasons, all allegations not expressly admitted herein are DENIED.

## GREER'S DMCA NOTICE

59) To the extent this paragraph is a citation to statutory law or an argument based upon statutory law, no response is required and Defendants respectfully refer the Court to the statute for its contents.

60) Defendants lack information as to the allegations of this paragraph, and therefore DENY any and all factual allegations contained in this paragraph pursuant to Fed.

R. Civ. P. 8 (b)(5).

61) This paragraph conflates actions allegedly taken by Lolcow LLC and actions taken by Joshua Moon in such a way that a response is difficult. It is ADMITTED that Lolcow LLC's website maintains a public copyright policy and directs copyright holders to a designated email address for complaints. It is DENIED that said policy encourages or facilitates infringement. To the extent Plaintiff alleges Defendants' legal interpretation of fair use is incorrect, that is a legal conclusion requiring no response but to the extent any response is required Defendants DENY that Mr. Greer's legal interpretations are correct. All factual allegations not expressly admitted are DENIED pursuant to Fed. R. Civ. P. 8 (b)(5) because Defendants lack sufficient information. Plaintiff's legal conclusions and arguments do not require a response.

62) Mr. Greer has sent multiple items of correspondence that may be characterized by him, whether correctly or incorrectly, as a "DMCA letter." Defendants lack information as to which item of correspondence Mr. Greer refers to in this paragraph, and further lack information as to the temporal proximity of any letter Mr. Greer sent and anything Mr. Greer may have read. However, it is ADMITTED that Plaintiff sent correspondence to the email address legal@kiwifarms.net. It is DENIED that such correspondence constituted a legally compliant DMCA takedown notice under 17 U.S.C. § 512(c)(3). Except as admitted, Defendants lack sufficient information and DENY any and all remaining factual allegations contained in this paragraph pursuant to Fed. R. Civ. P. 8 (b)(5).

63) DENIED that Defendants have "over 1,000 threads" on Plaintiff. To the extent

Plaintiff alleges his DMCA notice satisfied all elements of 17 U.S.C. § 512(c)(3), that is a legal conclusion to which no response is required, but Defendants DENY that any notice received from Plaintiff constituted a compliant DMCA takedown notice. Defendants further note that Exhibit S appears to have been edited and removed from its surrounding context, and its authenticity in the format attached to the First Amended Complaint is DENIED. As to any remaining factual allegations, Defendants lack sufficient information, and therefore DENY such allegations, pursuant to Fed. R. Civ. P. 8 (b)(5).

64) It is ADMITTED that Mr. Moon published what Greer purports to have been a "DMCA request." It is DENIED that Defendant Moon separately published Plaintiff's "private contact information." To the extent Plaintiff's contact information appeared, it was contained within Plaintiff's own correspondence, which Plaintiff voluntarily included pursuant to the requirements of 17 U.S.C. § 512(c)(3). Exhibit T appears to have been altered or cropped in such a way that its authenticity is expressly DENIED. Defendants lack information as to the remaining allegations, and as to all allegations pertaining to third parties other than Lolcow LLC and Joshua Moon, and therefore DENY such allegations pursuant to Fed. R. Civ. P. 8 (b)(5).

65) Plaintiff corresponded on multiple occasions with Defendant Moon, and it is unclear what occasion this paragraph's allegations relate to. It is further unclear whether Plaintiff alleges temporally that the allegations in paragraph 65 took place after the allegations in paragraph 64. Due to the lack of clarity in this paragraph, Defendants lack information sufficient to admit or deny the allegations and on that basis they are DENIED pursuant to Fed. R. Civ. P. 8 (b)(5).

66) To the extent that this paragraph cites to the law and makes arguments as to what a DMCA notice must contain according to the law, no response is required. Defendants respectfully refer the Court to the law for a full recitation of the statute's contents and context. To the extent that this paragraph contains allegations of fact, Defendants DENY such allegations pursuant to Fed. R. Civ. P. 8 (b)(5) because it is ambiguous what particular correspondence Plaintiff refers to.

67) ADMITTED that Defendant Moon responded to Plaintiff's correspondence, acknowledged Plaintiff's identity, stated a good-faith belief that the use of Plaintiff's work constituted fair use, and declined to remove the material on that basis. DENIED to the extent this paragraph omits or mischaracterizes the substance of Defendant Moon's response, which included a detailed fair use analysis distinguishing between the critical and consumer audiences for Plaintiff's works. Defendants respectfully refer the Court to the full correspondence for its complete contents. Except as admitted, all allegations are DENIED.

68) ADMITTED only that the quoted exchange occurred. Answering further, it is DENIED that Defendant Moon's response constituted a dare to litigate. In context, Defendant Moon's statement was a response to Plaintiff's challenge to Defendant Moon's understanding of fair use, following Defendant Moon's detailed fair use analysis provided in the same correspondence.

69) This paragraph appears to conflate allegations relating to Mr. Moon, allegations relating to Lolcow LLC, and allegations against unidentified third parties. It is ADMITTED that Lolcow LLC owns a website known as Kiwi Farms. It is DENIED that the site is "Mr. Moon's website." It is denied that the website has "continued

harassing Plaintiff." It is DENIED that either Mr. Moon or the website "have continued to exploit Greer's copyrighted material." The second sentence of this paragraph is DENIED to the extent that Mr. Greer's use of the word "they" alleges action on the part of Lolcow LLC or Joshua Moon, and DENIED pursuant to Fed. R. Civ. P. 8 (b)(5) to the extent that "they" refers to third parties. All remaining factual allegations are DENIED pursuant to Fed. R. Civ. P. 8 (b)(5). Answering further, to the extent Plaintiff alleges that individuals associated with Defendants' website located and negatively reviewed Plaintiff's works before Plaintiff had advertised their availability, Plaintiff's own allegations confirm that such individuals were critics, not prospective purchasers. Even according to Mr. Greer, these individuals did not discover Plaintiff's works as consumers in the marketplace; they encountered them as subjects of critical commentary. No sale was lost because no sale was ever possible from this audience. The alleged use therefore did not substitute for or usurp Plaintiff's commercial market.

70) ADMITTED only that Mr. Greer sent emails in 2019 (not letters) and that "no action was taken" by Greer "against Moon." Because Defendants have no information as to Mr. Greer's internal thought processes or what any lawyer might have told Mr. Greer, all remaining factual allegations are DENIED pursuant to Fed. R. Civ. P. 8 (b)(5). Answering further, Plaintiff's own allegations confirm that Plaintiff was aware of the alleged infringement no later than 2019 and made a deliberate decision not to pursue legal action, thereby prejudicing Defendants through unreasonable

delay.[3]

71) This paragraph conflates actions taken by multiple parties and nonparties such that an intelligent response is rendered difficult. It is ADMITTED that Lolcow LLC owns a website called Kiwi Farms. It is DENIED that Joshua Moon owns a website known as Kiwi Farms. It is DENIED that the website has continually harassed Greer and misused his copyrights. All remaining factual allegations are DENIED pursuant to Fed. R. Civ. P. 8 (b)(5). Answering further, Defendants note that Mr. Greer has not sought relief relating to "Yo, Yovanna!" and "Julianne's Smile," and that Mr. Greer also failed to take any action to request a DMCA takedown of those works.

72) DENIED that Joshua Moon and Lolcow LLC have engaged in harassment or violated Plaintiff's copyrights. DENIED that this action is within the three-year statute of limitations as to the two John Doe defendants.  Any remaining allegations are also DENIED.

## **FAIR USE**

73) Defendants have no information as to Mr. Greer's internal thought processes or studies, and such factual allegations are DENIED pursuant to Fed. R. Civ. P. 8 (b)(5). It is DENIED that Defendants have no claim to fair use.

74) To the extent this is a statutory citation or summary by Mr. Greer, Defendants respectfully refer the Court to the statute for its full context and contents.

---

[3] Plaintiff's deliberate decision not to pursue legal action for approximately one year after the 2019 DMCA exchange, despite Plaintiff's allegation that he was advised by counsel that he could prevail, caused Defendants to reasonably rely on Plaintiff's apparent acquiescence. During this period of inaction, Defendants did not seek legal counsel regarding the disputed material, did not alter their practices, and continued to operate under a reasonable belief that the matter was resolved.

75) To the extent this is a statutory citation or summary by Mr. Greer, Defendants respectfully refer the Court to the statute for its full context and contents.

76) To the extent this is a statutory citation or summary by Mr. Greer, Defendants respectfully refer the Court to the statute for its full context and contents.

77) To the extent this is a statutory citation or summary by Mr. Greer, Defendants respectfully refer the Court to the statute for its full context and contents.

78) To the extent this is a statutory citation or summary by Mr. Greer, Defendants respectfully refer the Court to the statute for its full context and contents.

79) To the extent this is a citation to or summary by Mr. Greer of a decision by the U.S. Supreme Court, Defendants respectfully refer the Court to the statute for its full context and contents.

80) DENIED. Answering further, Plaintiff's own allegations confirm the use was for criticism and commentary, which are enumerated purposes under § 107. It is further DENIED that Joshua Moon has "users." Lolcow LLC operates a website on which individuals may register accounts.

81) DENIED. Answering further, Plaintiff's own allegations describe his works as autobiographical (¶27) and advocacy-driven (¶44), contradicting his characterization here.

82) DENIED. Answering further, Plaintiff's own allegations (¶38) establish that the book was hosted on Google Drive by a third party, not on Defendants' website. Defendants further aver that to the extent any portion of Plaintiff's book was referenced on Defendants' website, such reference was incidental to critical commentary on Plaintiff and his public conduct, not for the purpose of distributing

or reproducing the book itself.

83) DENIED. Answering further, Plaintiff's own allegations confirm his works were rejected by publishers (¶27), rejected by his distributor (¶56), had no advertising or streaming presence (¶54), and that individuals encountering his works through Defendants' website were critics, not prospective purchasers (¶69).

84) To the extent this is a legal conclusion, no response is required. To the extent it is a factual allegation, it is DENIED.

**COUNT I**

**<u>CONTRIBUTORY COPYRIGHT INFRINGEMENT AGAINST JOSHUA MOON AS OWNER/PUBLISHER OF KIWI FARMS</u>**

85) Defendants incorporate by reference here their responses to the referenced paragraphs.

86) To the extent this is a citation or summary of a case by Mr. Greer, Defendants respectfully refer the Court to the case for its full context and contents.

87) To the extent this is a citation or summary of a case by Mr. Greer, Defendants respectfully refer the Court to the case for its full context and contents.

88) DENIED.

89) DENIED. It is further specifically denied that Joshua Moon is the "owner and operator of the site."

90) DENIED.

91) DENIED. Answering further, the voluntary waiver of safe harbor protections, to the extent it occurred, would be evidence that Moon believed his activity was lawful and

would not be evidence consistent with knowledge of unlawfulness.

92) ADMITTED with the exception of the word "smugly." To that extent, DENIED.

93) DENIED.

94) DENIED.

95) DENIED. Defendants further deny that the Tenth Circuit held that defendant Moon took any of the alleged actions; the Tenth Circuit was liberally construing the Complaint only and did not have an evidentiary record before it.

96) DENIED.

97) DENIED. Answering further, Defendants state that there is no John Doe #5 in this litigation.

98) All factual allegations are DENIED. All legal arguments require no response, but Defendants refer the court to the cited Supreme Court decision for a true and correct understanding of its contents and DENY that Mr. Greer's legal arguments are meritorious.

99) DENIED.

100) DENIED.

101) DENIED pursuant to Fed. R. Civ. P. 8 (b)(5).

102) DENIED.

103) DENIED. Further, Defendants expressly note that Mr. Greer has expressly declined to provide an estimate or calculation of actual damages, rather than statutory damages, throughout the pendency of this action.

104) Defendants are without sufficient information to admit or deny this allegation, and therefore DENY it pursuant to Fed. R. Civ. P. 8 (b)(5).

105) DENIED pursuant to Fed. R. Civ. P. 8 (b)(5).

106) This appears to be a general sentiment or argument rather than an allegation of fact, and therefore no response is required. To the extent this statement can be construed as an allegation of fact, it is DENIED pursuant to Fed. R. Civ. P. 8 (b)(5).

107) DENIED.

108) To the extent this purports to be a quotation of a Supreme Court case, Defendants respectfully refer the Court to that case for its full content and context. To the extent this is an allegation of fact, it is DENIED pursuant to Fed. R. Civ. P. 8 (b)(5).

109) DENIED.

110) Defendants are unaware of who "Moon's users" are or where "the sites of Moon's users" might be. Therefore, any allegations in that vein are DENIED pursuant to Fed. R. Civ. P. 8 (b)(5). It is, however, ADMITTED, that people have critical and negative opinions of both Greer and his public conduct.

111) DENIED.

112) DENIED.

113) DENIED.

## COUNT II

### CONTRIBUTORY COPYRIGHT INFRINGEMENT AGAINST LOLCOW LLC AS OWNER/PUBLISHER OF KIWI FARMS

114) Defendants Joshua Moon and Lolcow LLC incorporate by reference their responses in each numbered paragraph.

115) To the extent this is a characterization of Mr. Greer's claims, it is a legal conclusion rather than a statement of fact and does not require a response. To the extent it is construed as an allegation of fact, it is DENIED. To the extent that Plaintiff alleges he is entitled to separate recovery for "mirror" causes of action, Defendants

deny that Plaintiff is entitled to double recovery for a single injury.

116)  ADMITTED that Lolcow LLC is the owner of a website called Kiwi Farms. DENIED in all other respects.

117)  DENIED.

118)  DENIED.

119)  ADMITTED only that Moon chose not to remove disputed material, and to publish Mr. Greer's requests pertaining to that material. DENIED in all other respects.

120)  DENIED. It is further alleged that Kiwi Farms has policies to prevent infringement from occurring.

121)  DENIED.

122)  ADMITTED that Greer seeks such relief. DENIED that he is entitled to receive it. Answering further, Defendants note that Mr. Greer claims "identical" relief in Count I and Count II, and respectfully submit that Mr. Greer is not entitled to double recovery for a single injury.

### COUNT III

### DIRECT COPYRIGHT INFRINGEMENT AGAINST JOHN DOE #1 (MOSEPH JARTELLI)

123)  Defendants Joshua Moon and Lolcow LLC incorporate by reference here each and every response in the numbered paragraphs. Defendants Joshua Moon and Lolcow LLC assert that they have no duty to respond to claims made in this Count because it does not seek relief as against them and seeks relief only as against third parties for relief arising from actions alleged to have been undertaken by such third parties.

124)  To the extent that this purports to be a citation to a Supreme Court case, Defendants respectfully refer the Court to the full opinion for its contents and

context.

125) DENIED pursuant to Fed. R. Civ. P. 8 (b)(5).

126) DENIED pursuant to Fed. R. Civ. P. 8 (b)(5).

127) DENIED pursuant to Fed. R. Civ. P. 8 (b)(5).

128) DENIED pursuant to Fed. R. Civ. P. 8 (b)(5).

129) DENIED pursuant to Fed. R. Civ. P. 8 (b)(5).

130) ADMITTED that Greer seeks such relief. DENIED that he is entitled to it.

131) ADMITTED that Greer seeks such relief. DENIED that he is entitled to it. Answering further, Defendants aver that the statute of limitations elapsed as to John Doe # 1 without Mr. Greer seeking relief.

## COUNT IV

## STATE LAW CIVIL-CONSPIRACY CLAIM AGAINST JOHN DOE #2 (RUSSTARD)

132) Defendants Joshua Moon and Lolcow LLC incorporate by reference here each and every response in the numbered paragraphs. Defendants Joshua Moon and Lolcow LLC assert that they have no duty to respond to claims made in this Count because it does not seek relief as against them and seeks relief only as against third parties for relief arising from actions alleged to have been undertaken by such third parties.

133) Defendants respectfully refer the Court to the cited case for its full contents and context.

134) DENIED pursuant to Fed. R. Civ. P. 8 (b)(5).

135) DENIED pursuant to Fed. R. Civ. P. 8 (b)(5).

136) DENIED pursuant to Fed. R. Civ. P. 8 (b)(5).

137) DENIED pursuant to Fed. R. Civ. P. 8 (b)(5).

138) DENIED pursuant to Fed. R. Civ. P. 8 (b)(5). It is further DENIED that John Doe # 5 exists or is a party to this litigation.

139) DENIED pursuant to Fed. R. Civ. P. 8 (b)(5).

140) DENIED pursuant to Fed. R. Civ. P. 8 (b)(5). Defendants refer the Court to the cited exhibit for what it does or does not purport to show, but note that the screenshot is unauthenticated and its evidentiary value is unestablished and generally DENIED.

141) DENIED that Greer lost income and in all other respects pursuant to Fed. R. Civ. P. 8 (b)(5).

142) DENIED pursuant to Fed. R. Civ. P. 8 (b)(5).

143) DENIED pursuant to Fed. R. Civ. P. 8 (b)(5).

144) DENIED pursuant to Fed. R. Civ. P. 8 (b)(5).

145) DENIED pursuant to Fed. R. Civ. P. 8 (b)(5).

146) ADMITTED that Greer seeks such relief; DENIED that he is entitled to it.

147) ADMITTED that Greer seeks such relief; DENIED that he is entitled to it.

148) ADMITTED that Greer seeks such relief; DENIED that he is entitled to it.

## COUNT V

## STATE LAW CIVIL-CONSPIRACY CLAIM AGAINST JOHN DOE #1
## (MOSEPH JARTELLI)

149) Defendants incorporate by reference their responses in each numbered paragraph.

150) Defendants respectfully refer the Court to the cited case for its full contents and context.

151) DENIED pursuant to Fed. R. Civ. P. 8 (b)(5).

152) DENIED pursuant to Fed. R. Civ. P. 8 (b)(5).

153) DENIED pursuant to Fed. R. Civ. P. 8 (b)(5).

154) DENIED.

155) DENIED.

156) DENIED.

157) DENIED pursuant to Fed. R. Civ. P. 8 (b)(5). This denial encompasses the authenticity of the exhibit and the veracity of any allegations contained in the exhibit.

158) DENIED that Greer lost income and in all other respects pursuant to Fed. R. Civ. P. 8 (b)(5).

159) DENIED pursuant to Fed. R. Civ. P. 8 (b)(5).

160) DENIED pursuant to Fed. R. Civ. P. 8 (b)(5).

161) DENIED pursuant to Fed. R. Civ. P. 8 (b)(5).

162) DENIED pursuant to Fed. R. Civ. P. 8 (b)(5).

163) ADMITTED that Greer seeks such damages; DENIED that he is entitled to them.

164) ADMITTED that Greer seeks such damages; DENIED that he is entitled to them.

165) ADMITTED that Greer seeks such damages; DENIED that he is entitled to them.

## PRAYER FOR RELIEF

166) ADMITTED that Greer seeks such relief; DENIED that he is entitled to it. Defendants further aver that Plaintiff cannot recover from two defendants for the same alleged infringement of the same work.

167) ADMITTED that Greer seeks such relief; DENIED that he is entitled to it. Defendants further aver that Plaintiff cannot recover from two defendants for the same alleged infringement of the same work.

168) ADMITTED that Greer seeks such relief; DENIED that he is entitled to it.

169) ADMITTED that Greer seeks such relief; DENIED that he is entitled to it.

170) ADMITTED that Greer seeks such relief; DENIED that he is entitled to it.

## **AFFIRMATIVE DEFENSES**

Defendants raise the following affirmative defenses:

1. The Complaint must be dismissed pursuant to the Supreme Court's recent decision in *Cox Commc'ns, Inc. v. Sony Music Ent.*, No. 24-171, 2026 U.S. LEXIS 183443 (Mar. 25, 2026) (holding that a service provider cannot be held liable for alleged copyright violations on the part of its subscribers).

2. Plaintiff has engaged in copyright misuse. *Ctr. for Phlebotomy Educ. Inc. v. Rasmussen*, No. 2:25-cv-00052, 2026 U.S. Dist. LEXIS 11326, at *8 (D. Utah Jan. 21, 2026) (collecting cases). Plaintiff's claims are barred by the doctrine of copyright misuse. Plaintiff is not seeking to protect the economic value of his copyrighted works but is wielding copyright law to suppress criticism and manage his online reputation, purposes antithetical to the objectives of copyright law. *Practice Management Information Corp. v. American Medical Association*, 121 F.3d 516 (9th Cir. 1997) and *Lasercomb America v. Reynolds*, 911 F.2d 970 (4th Cir. 1990). Plaintiff has, among other things, engaged in abusive enforcement tactics and improperly sought to stop lawful use of the copyrighted works under the Fair Use Doctrine, using copyright law as a reputation management tool to prevent criticism rather than protect any lawful interest.

3. Plaintiff was contributorily negligent in any actions or events complained of.

4. Plaintiff was comparatively at fault for any actions or events complained of.

5. Plaintiff assumed the risk of public criticism.

6. Plaintiff has suffered no economic loss, or alternatively all damages predated the

loss complained of or are the result of acts beyond the control of the Defendants.

7. Plaintiff cannot recover more than once for each alleged infringement. Plaintiff seeks impermissible double recovery by asserting identical claims for identical conduct against both Joshua Moon and Lolcow LLC, seeking separate statutory damages awards for the same alleged infringement of the same works. Under 17 U.S.C. § 504(c)(1), statutory damages are awarded per work infringed, not per defendant.

8. There are intervening or superseding causes of all harms alleged in the Complaint, for which Defendants bear no responsibility.

9. Defendants Lolcow, LLC and/or Joshua Moon are not the proximate cause of any damages complained of.

10. Plaintiffs' own conduct and that of his agents caused all losses complained of.

11. The doctrine of laches prevents Plaintiff from prevailing on claims which he did not diligently pursue.

12. The doctrine of unclean hands prevents Plaintiff from prevailing on claims which were brought for improper purposes.

13. Defendants are not subject to this Court's personal jurisdiction.

14. Venue is not proper in this District.

15. The doctrine of *Forum non Conveniens* renders a suit in this jurisdiction impracticable and/or unlawful.

16. The speech Plaintiff complains of is constitutionally protected under the First Amendment and under the state constitution of any relevant state.

17. Plaintiff has not stated a cause of action upon which relief can be granted with respect to any of his claims.

18. Plaintiff seeks relief in excess of this Court's jurisdiction.

19. The Fair Use doctrine protects any and all Defendants from being held liable on any claim alleged in this suit.

20. Section 230 of the Communications Decency Act protects the Defendants and each of them from liability in this action.

21. Defendants, or at least some among them, are entitled to protection under the safe harbor provisions of 17 U.S.C. 512.

22. Plaintiff has not named all necessary parties in this action and/or has failed to join indispensable parties.

23. Plaintiff did not satisfy the requirements of the Digital Millennium Copyright Act which are prerequisite to alleging infringement or to a finding of liability for alleged infringement.

24. The claims against John Doe #1 and John Doe #2 are barred by the applicable statute of limitations, 17 U.S.C. § 507(b), and/or by failure to timely serve process under Fed. R. Civ. P. 4(m). The failure to timely join John Does prejudices Joshua Moon and Lolcow, LLC to the extent that Plaintiff seeks to hold the named Defendants responsible for actions taken by the John Does but has effectively prohibited a judgment against the John Does or a crossclaim seeking to ensure their contribution to any eventual award.

25. Plaintiff, as a pro se litigant, is not entitled to an award of attorney's fees. *Kay v. Ehrler*, 499 U.S. 432 (1991).

26. The Court should decline to exercise supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367(c).

DATED March 27, 2026

**HARDIN LAW OFFICE**


 */s/ Matthew D. Hardin*

**Matthew D. Hardin**
Attorney for Defendants