**Matthew D. Hardin (*pro hac vice*)**
**HARDIN LAW OFFICE**
101 Rainbow Drive # 11506
Livingston, TX 77399
Telephone: (202) 802-1948
Email: MatthewDHardin@gmail.com
*Attorney for Defendants*
*Joshua Moon and Lolcow LLC*

THE UNITED STATES DISTRICT COURT
DISTRICT OF UTAH

| | |
|---|---|
| JOSHUA MOON and LOLCOW LLC, <br><br> Plaintiffs, <br> v. <br><br><br> RUSSELL G. GREER <br><br> Defendant. | **COUNTERCLAIM** <br><br><br> Case No. 2:24-cv-00421-DBB-JCB <br><br><br> District Judge David Barlow <br> Magistrate Judge Jared C. Bennett |

NOW COMES Joshua Moon, individually, and Lolcow LLC, and allege as follows:

1.      This is an action arising from Russell Greer's abuse of process, wrongful use of civil proceedings, and tortious interference. Mr. Hardin was retained as counsel in the underlying proceeding, *Greer v. Moon et al.*, and entered his appearance on November 1, 2023. Immediately, Mr. Greer began to retaliate against undersigned counsel with threats of police action (some of which were tied to settlement demands), threats of bar complaints (much like the bar complaints Mr. Greer alleges he previously filed against former counsel Greg Skordas), and eventually ancillary litigation before another court. Mr. Greer's pattern is to use and abuse judicial processes to retaliate against Mr. Moon, Lolcow LLC, and any legal counsel in privity with either of them because Mr. Greer seeks to retaliate for the zealous defense of a federal action Mr. Greer previously filed against Joshua Moon and Lolcow LLC. Mr. Greer has taken these

actions in a transparent attempt to evade this Court's jurisdiction and frustrate the ability of Joshua Moon and Lolcow LLC to defend their rights in this Court.

2.      This suit arises specifically to seek compensation arising from Mr. Greer's wrongful acts in filing and prosecuting *Russell G. Greer v. Matthew D. Hardin*, Case No. 25PO2597 (Las Vegas Justice Court) for an improper purpose and in an attempt to evade this Court's orderly adjudication of *Greer v. Moon et al.*, Case No. 2:24-cv-421 (D. Utah).

## PARTIES

3.      Joshua Moon is an adult resident and domiciliary of Florida. He retained Matthew Hardin as his attorney in this matter. He is a Plaintiff in this matter.

4.      Lolcow LLC is a West Virginia limited liability company. It retained Matthew Hardin as its attorney in this matter. It is a Plaintiff in this matter.

5.      Matthew D. Hardin is an adult resident and domiciliary of the State of Florida. He is admitted to practice in this case *pro hac vice*. Mr. Hardin is the sole member of The Law Office of Matthew D. Hardin, PLLC. He was named by Mr. Greer as the "adverse party" in the Nevada case captioned *Russell G. Greer v. Matthew D. Hardin*, Case No. 25PO2597 (Las Vegas Justice Court). Mr. Hardin is in privity with Joshua Moon and Lolcow LLC, and all actions taken against Mr. Hardin by Mr. Greer have been undertaken in an effort to deprive Joshua Moon and Lolcow LLC of their legal counsel. Mr. Hardin is not a party to this matter but is identified for purposes of explaining the allegations below.

6.      The Law Office of Matthew D. Hardin, PLLC (d/b/a Hardin Law Office) is a professional limited liability entity organized under the laws of the District of Columbia

with its principal place of business in Texas. It is the sole entity through which Mr. Hardin engages in the practice of law, and is the entity which represents Joshua Moon and Lolcow, LLC in the matter *Greer v Moon et al.*, Case No. 2:24-cv-421 (D. Utah). The Hardin Law Office is not a party in this matter but is identified for purposes of explaining the allegations below.

7.    Russell G. Greer is the Plaintiff in *Greer v. Moon et al.*, Case No. 2:24-cv-421 (D. Utah). He is also the Applicant in *Russell G. Greer v. Matthew D. Hardin*, Case No. 25PO2597 (Las Vegas Justice Court). Mr. Greer claims to be a resident of Las Vegas, Nevada, but his true domicile is unknown and all addresses he has provided in the Utah litigation have resulted in returned mail. According to recent filings with the Nevada Supreme Court, Mr. Greer is currently residing in an automobile. Mr. Greer is the Defendant in this counterclaim.

## JURISDICTION AND VENUE

8.    This Court has jurisdiction under 28 U.S.C. § 1367 because this case and the allegations in it are so intertwined and related to the original jurisdiction claims in *Greer v. Moon et al.*, Case No. 2:24-cv-421 (D. Utah) that it is not practical or feasible to file before another tribunal.

9.    This Court also has jurisdiction pursuant to 28 U.S.C. § 1332 because the amount in controversy (including but not limited to the value of any declaratory and/or injunctive relief) is in excess of $75,000.00, and there is complete diversity of citizenship in this case. Specifically, Mr. Greer claims to be a citizen of Nevada, but alternatively might be a citizen of Wyoming or Utah. Mr. Moon is a citizen of Florida, and is the sole member of the West Virginia entity Lolcow, LLC.

10.     Venue is proper in this Court pursuant to 28 U.S.C. §1391 (b) because all relevant actions pertain to the litigation of *Greer v. Moon et al.*, Case No. 2:24-cv-421 (D. Utah), which was and is pending in this judicial district. Any actions which did not take place in Utah were intended to affect the litigation of that case in Utah.

11.     Alternatively, on information and belief, Mr. Greer may be a resident of Utah, such that venue is proper in Utah on that basis.

## **FACTUAL ALLEGATIONS**

12.     In 2020, Russell Greer filed *Greer v. Moon et al.*, Case No. 2:20-cv-00647, which was later renumbered as Case No. 2:24-cv-421 (D. Utah). In that litigation, Mr. Greer has already been sanctioned for making two materially false statements of fact. That litigation pertains, in part, to a book Mr. Greer wrote in which he attempted to explain why it was false that he had been labelled vexatious for his high-profile litigation against various pop stars including but not limited to Taylor Swift. In his original and Amended Complaint in that matter, Mr. Greer admitted to filing litigation as a publicity stunt.

13.     Throughout the pendency of the above litigation, Mr. Greer has complained about the conduct of defense counsel. The first complaints were raised against Greg Skordas, but Mr. Greer eventually developed a particular dislike for Matthew Hardin.

14.     On December 4, 2025, on behalf of his clients, Matthew Hardin transmitted to Mr. Greer a disclosure that Natalie Banks would be a witness in the *Greer* litigation. This began what can only be described as a meltdown by Mr. Greer and a subsequent campaign of retaliation against Mr. Hardin's clients.

15.     First, Mr. Greer filed his second so-called Motion for a Protective Order with this Court, seeking relief far in excess of this Court's powers to grant protection against discovery requests. ECF No. 394.

16.     Then, Mr. Greer sought to disqualify Mr. Hardin, not alleging any particular finding of legal wrongdoing, but instead listing a generalized series of grievances unmoored from any actual finding of misconduct or violation of any legal rule. ECF No. 400.

17.     Then, Mr. Greer sought to exclude witnesses, and remarkably even suggested that Mr. Hardin should be entirely prohibited from speaking to such witnesses without his permission. ECF Nos. 406 and 411. Mr. Greer sought to control all contacts between Mr. Hardin and/or his clients, and any adult with knowledge of this case or Mr. Greer's activities.

18.     By December 9, 2025, Mr. Greer was "assuring" the Court he would seek bar discipline against Mr. Hardin. ECF No. 405 at 4. This followed an earlier pattern by Mr. Greer of threatening to go to the police if Mr. Hardin's clients did not reach a civil settlement with him. ECF No. 321-1. Although Mr. Greer did seek sanctions against Mr. Hardin in this Court, Mr. Greer did not limit himself to using the ordinary means or seeking redress and began aggressively seeking relief outside of this Court for activities that are squarely before this Court.

19.     Mr. Greer's abuses came to a head on December 13, 2025, when he filed an *ex parte* civil application with the Justice Court in Las Vegas Township, Nevada. In that civil application, Mr. Greer repeatedly referred to this litigation, and sought for a local

Justice of the Peace to curtail Mr. Hardin's ability to investigate the claims against his clients, which Mr. Greer characterized as stalking or harassment.

20.    Mr. Greer sought the application *ex parte* only so that neither Mr. Hardin nor his clients would be able to respond, and to more effectively disrupt the orderly progress of this litigation in Utah. Mr. Greer did not seek relief *ex parte* as a result of any legitimate or credible fear that could be legitimately addressed via a civil restraining order in Nevada.

21.    The bad-faith nature of Mr. Greer's filing in Nevada, which was inarguably intended to derail this Court's orderly adjudication of its docket, was confessed by Mr. Greer himself in a filing with this Court on December 17, 2025. ECF No. 422. In that filing, Mr. Greer expressly admits that he went to the Justice Court in Nevada because he had twice sought relief in this Court, but had not been awarded such relief. *Id*. at 3. Effectively, Mr. Greer elected to file parallel state-court litigation to derail this Court's adjudication of this matter rather than seeking any further relief in this Court or from the Tenth Circuit.

22.    What's more, Mr. Greer's latest filing exemplifies his history of bad faith material misrepresentation of key facts. Specifically, in one of Mr. Greer's latest filings, he says that Mr. Hardin's behavior "falls under state stalking statutes." *Id*. at 2. But Mr. Greer had already been told exactly the opposite by a local judge in his favorite court in Nevada, who wrote "The conduct alleged to have been committed by… Matthew D. Hardin, does not fall within the definition of 'stalking'… or 'harassment.'" ECF No. 421-1 at 1. Mr. Greer did not even acknowledge the Nevada judge's decision out of candor, much less argue that the Nevada judge had gotten it wrong or that he was somehow not bound by her judicial finding. Instead, Mr. Greer once again falsely misled this Court on

an issue of fact, and accused Mr. Hardin of criminal behavior of which a Nevada judge had already exonerated him.

23. All of the above acts, while nominally directed at counsel for Joshua Moon and Lolcow, LLC rather than directly at them, are inarguably targeted at Joshua Moon and Lolcow, LLC and designed to disrupt their defense in litigation before this Court. Mr. Greer does not complain of any conduct on the part of Mr. Hardin that is not directly tied to this litigation or allege any relevant act was taken in Mr. Hardin's personal (rather than representative) capacity.

## COUNT I: WRONGFUL USE OF CIVIL PROCEEDINGS

24. Plaintiffs incorporate by reference all previous paragraphs. This count seeks relief on behalf of Joshua Moon and Lolcow LLC arising from Mr. Greer's actions towards their counsel with the avowed and apparent intention of using ancillary proceedings to disrupt the orderly adjudication of this case.

25. The Utah Supreme Court has recognized an action for wrongful use of civil proceedings. *Gilbert v. Paul R. Ince & Callister*, 1999 UT 65, ¶ 19, 981 P.2d 841, 845. Specifically, a cause of action arises against "[o]ne who takes an active part in the initiation, continuation, or procurement of civil proceedings against another … if (a) he [or she] acts without probable cause, and primarily for a purpose other than that of securing the proper adjudication of the claim in which the proceedings are based, and (b) except when they are ex parte, the proceedings have terminated in favor of the person against whom they are brought." *Id*. (bracketed text in original).

26. Mr. Greer had no probable cause, or even reasonable basis for a belief of probable cause, to initiate a civil suit against Mr. Hardin in Nevada.

27.     Mr. Greer knew or should have known that Mr. Hardin is not subject to the jurisdiction of the courts of Nevada.

28.     Mr. Greer knew or should have known that neither Lolcow, LLC nor Joshua Moon are subject to the jurisdiction of the courts of Nevada.

29.     Mr. Greer's motivation in filing a civil suit against Mr. Hardin in Nevada was to derail Mr. Hardin's defense of his clients Joshua Moon and Lolcow LLC in this Court in Utah. That motivation is evident in Mr. Greer's own pleadings before the Nevada court, in which Mr. Greer repeatedly referred to rulings by this Court and this Court's failure to rule on other matters. Additionally, Mr. Greer sought substantially overlapping relief both from the Nevada court and from this Court, seeking "two bites at the apple" rather than allowing this Court to rule on the proper conduct of the litigation it was charged with adjudicating.

30.     The Nevada proceedings have terminated in Mr. Hardin's favor, and therefore also in favor of Lolcow, LLC and Joshua Moon. Additionally and/or alternatively, the Nevada proceedings were initiated by Mr. Greer *ex parte*, such that the legal requirement that the proceedings terminate in Mr. Hardin's favor does not apply.

31.     Joshua Moon and Lolcow LLC are the true parties in interest to the underlying Nevada civil proceeding, because Mr. Greer admits in his Nevada filings that he sought to restrain Mr. Hardin's actions as their attorney. No actions personal to Mr. Hardin rather than his clients were alleged in the Nevada litigation.

## COUNT II: ABUSE OF PROCESS

32.     Plaintiffs incorporate by reference all previous paragraphs. This count seeks relief on behalf of Joshua Moon and Lolcow LLC arising from Mr. Greer's actions

towards their counsel with the avowed and apparent intention of using ancillary proceedings to disrupt the orderly adjudication of this case.

33.     In *Ashley Creek Phosphate Co. v. Chevron USA, Inc.*, 315 F.3d 1245, 1265 (10th Cir. 2003), the Tenth Circuit recognized that abuse of process is related to wrongful use of civil proceedings, but is a distinct tort.

34.     In Utah, "[a] cause of action for abuse of process requires pleading and proof of two elements: (1) the use of legal process primarily to accomplish a purpose not within the scope of the proceeding for which it was designed; and (2) malice." *Bennett v. Jones, Waldo, Holbrook & McDonough*, 2003 UT 9, ¶ 47, 70 P.3d 17, 28, *quoting* 1 Ronald E. Mallen & Jeffrey M. Smith, *Legal Malpractice* § 6.22 cmt. d, at 465 (4th ed. 1996).

35.     Mr. Greer used a civil protective order petition in Nevada for a purpose other than actually restraining harassment or stalking in Nevada. Specifically, Mr. Greer used the Nevada legal process to retaliate against Mr. Hardin and/or his clients, and restrict the ability of Mr. Hardin to defend his clients before this Court. Although Mr. Greer was attempting to litigate against counsel, the indisputable impact of his ancillary Nevada litigation was to target Lolcow, LLC and Joshua Moon and deprive them of the ability to defend themselves in this Court.

36.     Mr. Greer filed the Nevada civil action against Mr. Hardin out of malice and in an effort to short-circuit Utah legal proceedings rather than in any legitimate effort to obtain justice in Nevada.

37.     Joshua Moon and Lolcow LLC are the true parties in interest to the underlying Nevada civil proceeding, because Mr. Greer admits in his Nevada filings that

he sought to restrain Mr. Hardin's actions as their attorney. No actions personal to Mr. Hardin rather than his clients were alleged in the Nevada litigation.

38.     Mr. Greer knew or should have known that Mr. Hardin is not subject to the jurisdiction of the courts of Nevada.

39.     Mr. Greer knew or should have known that neither Joshua Moon nor Lolcow, LLC is subject to the jurisdiction of the courts of Nevada.

40.     Without limitation, Mr. Greer's malice is evidenced by Mr. Greer's failure to allege any violence or threatened violence in his Nevada court filings, and his acknowledgement in his Nevada filings that Mr. Hardin was acting as his "opposing counsel." Mr. Greer's malice is further evidenced by his general complaints to a Nevada Justice of the Peace that he was dissatisfied with the rulings of this federal court in Utah, such that he was seeking substantively similar relief from that Court, out of frustration with perceived deficiencies in this Court's rulings. Malice is further evident in context; mere days before running to the Nevada court, Mr. Greer had filed a pleading in this Court indicating he would file a bar complaint against Mr. Hardin if the Court did not strike a witness disclosure as Mr. Greer wished. ECF No. 405 at 4.

41.     On information and belief, Mr. Greer has not filed any bar complaint against undersigned counsel, despite repeated threats to do so. This further indicates that Mr. Greer's decision to seek relief in *ex parte* state court litigation, rather than through any bar grievance process, is malicious on the part of Mr. Greer.

## COUNT III: TORTIOUS INTERFERENCE

42.     Plaintiffs incorporate by reference all previous paragraphs. This count seeks relief on behalf of Joshua Moon and Lolcow LLC arising from Mr. Greer's actions

towards their counsel with the avowed and apparent intention of using ancillary proceedings to disrupt the orderly adjudication of this case.

43. Both Lolcow LLC and Joshua Moon have a contractual relationship with Matthew Hardin and The Law Office of Matthew D. Hardin. Russell Greer seeks to interfere in that contractual relationship by targeting Mr. Hardin with ancillary litigation in order to short-circuit Mr. Hardin's defense of his clients.

44. To succeed on a claim for tortious interference, the plaintiff must prove: "(1) that the defendant intentionally interfered with the plaintiff's existing or potential economic relations, (2) by improper means, (3) causing injury to the plaintiff." *Eldridge v. Johndrow*, 2015 UT 21, ¶ 70, 345 P.3d 553 (cleaned up).

45. The Utah Supreme Court has expressly recognized that "unfounded litigation" is an "improper means" which satisfied the second element. *C.R. Eng. v. Swift Transp. Co*., 2019 UT 8, ¶ 42, 437 P.3d 343, 353. As the Utah Supreme Court explained, because "such acts are illegal or tortious in themselves they are clearly improper means of interferences." *Id*. (cleaned up).

46. Mr. Greer intentionally filed a civil action against Mr. Hardin in Nevada in order to interfere with Mr. Hardin's representation of Joshua Moon and Lolcow LLC in Utah. Because Mr. Hardin is the sole member of The Law Office of Matthew D. Hardin, PLLC, Mr. Greer's actions inevitably and foreseeably interfered in the law firm's representation of its client as well. And the actions were targeted at severing the contractual relationship between Joshua Moon, Lolcow LLC, and their chosen legal counsel.

47. Mr. Greer's initiation of "unfounded litigation" is an improper means *per se*.

48.     Mr. Greer's unfounded Nevada litigation caused harm to Joshua Moon and Lolcow, LLC because it interfered with their relationship with their counsel, to wit: Matthew D. Hardin and The Law Office of Matthew D. Hardin, PLLC. Because Mr. Greer did not serve the Nevada filings, they were obtained only at Mr. Hardin's own expense and that of his firm. ECF No. 421-2. This diminished the effectiveness of counsel, but it was only the beginning of the financial damages Mr. Greer caused. Mr. Hardin and his law firm had to spend hours chasing these documents down, and hiring a runner in Las Vegas to obtain them. They were then forced to spend uncompensated time that would have ordinarily been spent on billable, client matters to address false and malicious allegations raised by Mr. Greer in the Nevada state court.  Moreover, Mr. Hardin and his law firm will forever be tarred by public court records in which Mr. Greer wrongfully accused Mr. Hardin of behaving inappropriately or criminally in Nevada. And as evidenced by Mr. Greer's filing at ECF No. 422 in this matter, Mr. Greer will continue to assert falsely that Mr. Hardin committed some criminal act in Nevada, regardless of what a Nevada judge found.

49.     Lolcow LLC and Joshua Moon have not yet been deprived of their chosen counsel in this matter, but they have faced considerable expense as a result of Mr. Greer's attempt to interfere in the representation of Mr. Hardin. Specifically, but without limitation, Lolcow LLC and Joshua Moon have been forced to monitor the status of ancillary litigation rather than merely the original copyright litigation, and to take measures to protect their rights. Given Mr. Greer's exceptionally litigious nature, this involves constant monitoring of various court dockets and records requests to determine what forms of *ex parte* relief Mr. Greer is seeking, as well as exposure to increased legal bills because counsel is forced to defend not only against copyright litigation, but also

parallel litigation institute for bad-faith purposes against counsel for Joshua Moon and Lolcow, LLC.

## COUNT IV: DECLARATORY RELIEF

50.     Plaintiffs incorporate by reference all previous paragraphs.

51.     This Count seeks relief on behalf of Joshua Moon and Lolcow LLC arising from Mr. Greer's actions towards their counsel with the avowed and apparent intention of using ancillary proceedings to disrupt the orderly adjudication of this case.

52.     Pursuant to 28 U.S.C. § 2201, this Court "may declare the rights and other legal relations of any interested party seeking such declaration…"

53.     An actual controversy has arisen because Mr. Greer perniciously insists that undersigned counsel for Joshua Moon and Lolcow LLC has committed some variety of misconduct in this case, for which criminal or civil relief is appropriate. But no such misconduct has occurred. A declaration will clear Plaintiffs' respective names and reputations and allow their counsel to continue to zealously represent them.

54.     This Court also has the power to declare that Mr. Greer is a vexatious litigant, which would empower the Court to protect Mr. Hardin and his law firm, as well as its clients, from his abusive litigation tactics. *Greene v. Asurion Ins. Servs.*, No. 2:17-cv-623-DAK-BCW, 2017 U.S. Dist. LEXIS 120955, at *3 (D. Utah June 28, 2017).

55.     Plaintiffs specifically request a declaration that:

a. All allegations Mr. Greer has made against Mr. Hardin in parallel state court litigation were truly directed at Lolcow, LLC and Joshua Moon, because Mr. Hardin was acting in a representative capacity as counsel and no acts complained of relate to the personal conduct of Mr. Hardin.

b.  Mr. Hardin committed no stalking or harassment of Mr. Greer in Nevada, and Mr. Greer's allegations were filed without probable cause and for an improper motive.

c.  Mr. Greer is a vexatious litigant, and has made materially false statements of fact relating to Mr. Hardin in this Court.

d.  As a result of his abusive litigation practices as described herein, Mr. Greer is barred from initiating future proceedings against Mr. Hardin or his clients absent a pre-filing showing of good cause.

## **PRAYER FOR RELIEF**

56.    Plaintiffs respectfully pray that this Court enter an order and judgment as follows:

a.  Compensating Plaintiffs in an amount not less than $75,000 for the acts complained of herein.

b.  Declaring that Mr. Greer has acted vexatiously and brought ancillary litigation against Mr. Hardin in the state courts of Nevada in a bad-faith attempt to evade this Court's jurisdiction over an underlying copyright claim and in an attempt to deprive Joshua Moon and Lolcow LLC of their chosen counsel in that claim pending before this Court.

c.  Enjoining Mr. Greer from filing any future parallel or ancillary actions against Mr. Hardin, his firm, or his clients, in any court other than this one without a pre-filing showing of good cause and approval from this Court.

    d.  Requiring Mr. Greer to post a bond to ensure his good behavior in future litigation before this Court.

## JURY DEMAND

Pursuant to Fed. R. Civ. P. 38, plaintiffs demand a jury trial on all issues which are so triable.

DATED March 27, 2026

                    **HARDIN LAW OFFICE**

                    */s/ Matthew D. Hardin*
                    **Matthew D. Hardin**
                    *Counsel for Lolcow LLC and Joshua Moon*