## THE UNITED STATES DISTRICT COURT

## DISTRICT OF UTAH

| | |
|---|---|
| **RUSSELL G. GREER,** | **MEMORANDUM DECISION AND ORDER** |
| **Plaintiff,** | |
| **v.** | |
| | **Case No. 2:24-cv-00421-DBB-JCB** |
| **JOSHUA MOON, website owner; LOLCOW LLC, website owner; and JOHN DOES #1-2, anonymous users on Kiwi Farms,** | |
| | **District Judge David Barlow** |
| **Defendants.** | **Magistrate Judge Jared C. Bennett** |

### INTRODUCTION[1]

Pro se Plaintiff Russell G. Greer ("Mr. Greer") moves for sanctions against Defendants Joshua Moon and Lolcow, LLC's counsel, Matthew D. Hardin ("Mr. Hardin"), under Fed. R. Civ. P. 11 and 28 U.S.C. § 1927.[2] The court denies both motions.

### ANALYSIS

The court denies Mr. Greer's motions for sanctions because: (I) the court cannot impose Rule 11 sanctions against Mr. Hardin because Mr. Greer failed to serve his motions on Mr.

---

[1] District Judge David Barlow referred this case to Magistrate Judge Jared C. Bennett under 28 U.S.C. § 636(b)(1)(B). ECF No. 67.

[2] ECF No. 299; ECF No. 346. In his first motion, Mr. Greer asks for an order requiring Mr. Hardin to show cause why he should not be sanctioned under Rule 11, but Mr. Greer argues throughout the motion that sanctions under Rule 11 are appropriate. ECF No. 299. Accordingly, the court construes that motion as one for Rule 11 sanctions.

Hardin prior to filing them, as required by Rule 11(c); and (II) as a pro se litigant, Mr. Greer

cannot recover the attorney fees he seeks under § 1927.[3] Each issue is addressed in order below.

I. **The Court Cannot Impose Rule 11 Sanctions Against Mr. Hardin Because Mr. Greer Failed to Serve His Motions for Sanctions Prior to Filing Them.**

Mr. Greer failed to serve his motions for sanctions on Mr. Hardin prior to filing them, as

required by Rule 11(c). Consequently, the court cannot impose Rule 11 sanctions against Mr.

Hardin. A Rule 11 motion for sanctions "must be served . . . , but it must not be filed or be

presented to the court if the challenged paper, claim, defense, contention, or denial is withdrawn

or appropriately corrected within 21 days after service or within another time the court sets."[4]

The Advisory Committee Notes to the 1993 amendment to Rule 11 further provide:

> The motion for sanctions is not . . . to be filed until at least 21 days (or such other period as the court may set) after being served. If, during this period, the alleged violation is corrected, as by withdrawing (whether formally or informally) some allegation or contention, the motion should not be filed with the court. These provisions are intended to provide a type of "safe harbor" against motions under Rule 11 in that a party will not be subject to sanctions on the basis of another party's motion unless, after receiving the motion, it refuses to withdraw that position or to acknowledge candidly that it does not currently have evidence to support a specified allegation.[5]

The United States Court of Appeals for the Tenth Circuit requires strict adherence to the

safe-harbor provision of Rule 11(c).[6]

---

[3] ECF No. 346 at 4 (stating that Mr. Greer "seeks $2,000 in fees" under § 1927).

[4] Fed. R. Civ. P. 11(c)(2).

[5] Fed. R. Civ. P. 11 advisory committee's note to 1993 amendment.

[6] *Mellott v. MSN Commc'ns, Inc.*, 492 F. App'x 887, 888 (10th Cir. 2012) ("This court has held that it is an abuse of discretion to grant Rule 11 sanctions if the [movant] did not comply with the safe-harbor provision."); *Roth v. Green*, 466 F.3d 1179, 1191-93 (10th Cir. 2006) (concluding

Mr. Greer does not contend that he served his motions on Mr. Hardin prior to filing them. Further, when Mr. Hardin opposed Mr. Greer's motions on that basis,[7] Plaintiff did not reply to refute that fact. Thus, the court is left to conclude that Mr. Greer did not serve his motions on Mr. Hardin in compliance with Rule 11(c) prior to filing them. For that reason, the court must deny Mr. Greer's motions for sanctions under Rule 11.

## II.   As a Pro Se Litigant, Mr. Greer Cannot Recover Attorney Fees Under § 1927.

The court need not consider whether any of Mr. Hardin's alleged conduct violated § 1927 because the court cannot award Mr. Greer attorney fees under § 1927. That statute provides that an attorney who "multiplies the proceedings in any case unreasonably and vexatiously may be required by the court to satisfy personally the excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct."[8] Courts have generally held that pro se litigants may not recover attorney fees as a sanction.[9] This includes attorney fees as a sanction under

---

that the district court abused its discretion in granting a Rule 11 motion for sanctions when the motion was filed without complying with the safe-harbor provision of Rule 11(c)).

[7] ECF No. 302; ECF No. 348

[8] 28 U.S.C. § 1927.

[9] *See, e.g., Pickholtz v. Rainbow Techs., Inc.*, 284 F.3d 1365, 1376 (Fed. Cir. 2002) (concluding that pro se litigants cannot receive an award of attorney fees under Fed. R. Civ. P. 37); *Massengale v. Ray*, 267 F.3d 1298, 1302-03 (11th Cir. 2001) (holding that a pro se litigant could not recover attorney fees under Rule 11 and stating that "[b]ecause a party proceeding pro se cannot have incurred attorney's fees as an expense, a district court cannot order a violating party to pay a pro se litigant a reasonable attorney's fee as part of a sanction" (citation modified)); *Pitts v. Vaughn*, 679 F.2d 311, 313 (3d Cir. 1982) (holding that 42 U.S.C. § 1988 "does not entitle a non-lawyer, pro se litigant to attorney's fees"); *Cunningham v. Fed. Bureau of Investigation*, 664 F.2d 383, 388 (3d Cir. 1981) ("[N]on-lawyer pro se litigants may not be awarded attorney fees under the Freedom of Information Act for the services they provide to themselves."); *Granger v. Assocs. Abstract, LLC.*, No. CV 09-510 (RBK/AMD), 2010 WL 11692440, at *3 (D.N.J. Apr. 6, 2010) (concluding that the pro se plaintiff could not recover attorney fees as a sanction under Fed. R. Civ. P. 16(f)(2)).

§ 1927.[10] Accordingly, the court will not award Mr. Greer the attorney fees he requests and, therefore, denies his motion for § 1927 sanctions.

**ORDER**

For the reasons stated above, Mr. Greer's motions for sanctions under Rule 11 and § 1927[11] are DENIED.

IT IS SO ORDERED.

DATED this 31st day of March 2026.

BY THE COURT:

_____
JARED C. BENNETT
United States Magistrate Judge

---

[10] *See, e.g.*, *DiPaolo v. Moran*, 277 F. Supp. 2d 528, 534-36 (E.D. Pa. 2003) (concluding that a pro se plaintiff cannot recover attorney fees under § 1927 or Rule 11).

[11] ECF No. 299; ECF No. 346.