# THE UNITED STATES DISTRICT COURT

## DISTRICT OF UTAH

| | |
|---|---|
| **RUSSELL G. GREER,** | **MEMORANDUM DECISION AND ORDER** |
| **Plaintiff,** | |
| **v.** | |
| | **Case No. 2:24-cv-00421-DBB-JCB** |
| **JOSHUA MOON, website owner; LOLCOW LLC, website owner; and JOHN DOES #1-2, anonymous users on Kiwi Farms,** | |
| | **District Judge David Barlow** |
| **Defendants.** | **Magistrate Judge Jared C. Bennett** |

### INTRODUCTION[1]

When pro se Plaintiff Russell G. Greer ("Mr. Greer") initiated this case in September 2020, he filed a sealed motion to proceed in forma pauperis ("IFP Motion"),[2] which the court granted.[3] Mr. Greer later conceded at a hearing in May 2025 that he could pay the full filing fee at that time and still support himself.[4] Therefore, the court ordered Mr. Greer to pay the full filing fee,[5] which he did.[6] Defendants Joshua Moon and Lolcow, LLC (collectively,

---

[1] District Judge David Barlow referred this case to Magistrate Judge Jared C. Bennett under 28 U.S.C. § 636(b)(1)(B). ECF No. 67.

[2] ECF No. 1. Like all motions to proceed in forma pauperis filed in this court, the IFP Motion was filed under seal.

[3] ECF No. 2.

[4] ECF No. 300 at 32-33.

[5] ECF No. 283 at 3; ECF No. 300 at 33-34.

[6] ECF No. 311.

"Defendants") now question whether Mr. Greer qualified for in forma pauperis ("IFP") status in September 2020 and, consequently, move for: (1) leave to view the IFP Motion;[7] and (2) an order directing Mr. Greer to preserve certain records of his financial transactions.[8] For the reasons explained below, the court denies both motions.

ANALYSIS

### I. The Court Denies Defendants' Motion to View the IFP Motion.

The court denies Defendants' motion to view the IFP motion. Defendants claim that they need to view the IFP Motion to aid in investigating their belief that Mr. Greer did not qualify for IFP status when he filed the IFP Motion in September 2020. Defendants contend that, if their belief proves to be true, the court is required to dismiss this case under 28 U.S.C. § 1915(e)(2)(A), which provides that whenever a plaintiff is permitted to proceed IFP, and "[n]otwithstanding any filing fee, or any portion thereof, that may have been paid," the court is required to dismiss the plaintiff's case if, "*at any time* . . . the court determines that . . . the [plaintiff's] allegation of poverty is untrue."[9]

Although that proposition is true,[10] Defendants have not provided any legal authority demonstrating that the court should permit them to view the IFP Motion. Further, the court is not persuaded that Defendants' knowledge of Mr. Greer's description of his financial status in

---

[7] ECF No. 313.

[8] ECF No. 412.

[9] 28 U.S.C. § 1915(e)(2)(A) (emphasis added).

[10] *Trujillo v. Williams*, 465 F.3d 1210, 1216 n.5 (10th Cir. 2006) (stating that dismissal under 28 U.S.C. § 1915(e) is mandatory).

2

September 2020 would aid in their investigation. If Defendants' investigation proves fruitful and uncovers evidence that Mr. Greer did not qualify for IFP status, they can proffer that evidence to the court in an appropriate motion.[11] Therefore, the court denies Defendants' motion to view the IFP Motion.

## II.    The Court Denies Defendants' Motion for a Preservation Order.

The court denies Defendants' motion for a preservation order. A party seeking a preservation order "must show that there is a significant concern that potentially relevant evidence will be destroyed causing harm to [that] party."[12] Courts consider the following factors in determining whether a preservation order is necessary:

> (1) the level of concern the court has for the continuing existence and maintenance of the integrity of the evidence in question in the absence of an order directing preservation of the evidence; (2) any irreparable harm likely to result to the party seeking the preservation of the evidence absent an order directing preservation; and (3) the capability of an individual, entity, or party to maintain the evidence sought to be preserved.[13]

A court "must exercise restraint in using its inherent authority to issue preservation orders."[14]

---

[11] If Defendants file such a motion, it will be within the court's discretion to determine whether Mr. Greer qualified for IFP status in September 2020. *Cabrera v. Horgas*, 173 F.3d 863 (Table), 1999 WL 241783, at *1 (10th Cir. Apr. 23, 1999) ("The decision to grant or deny [IFP] status . . . lies within the sound discretion of the trial court.").

[12] *Centurylink, Inc. v. Alpine Audio Now, LLC*, No. 15-CV-01973-MSK-KLM, 2016 WL 192291, at *1 (D. Colo. Jan. 15, 2016); *see also Fry v. Sch. Dist. No. 1 d/b/a Denver Pub. Schs.*, No. 24-CV-02284-DDD-TPO, 2024 WL 7006417, at *3 (D. Colo. Dec. 31, 2024) (same).

[13] *Centurylink, Inc.*, 2016 WL 192291, at *1 (citation modified); *see also Fry*, 2024 WL 7006417, at *3 (same).

[14] *Centurylink, Inc.*, 2016 WL 192291, at *1 (citation modified); *see also Fry*, 2024 WL 7006417, at *3 (same).

Although Defendants did not cite the relevant factors, the court turns to considering them. Addressing the first and third factors together, Defendants have not persuaded the court that it should have concerns about Mr. Greer's capability to maintain the existence and integrity of the records of the financial transactions in question in the absence of a preservation order. Defendants assert that in response to their request to Mr. Greer to preserve the records, Mr. Greer "declined to preserve" the records"[15] and "outright refused to preserve" the records.[16] However, the email correspondence to which Defendants cite shows only that Mr. Greer did not directly respond to their request.[17] Without more, Defendants have not shown that the court should have concerns about Mr. Greer's willingness or capability to maintain the existence and integrity of the records.

As for the second factor, Defendants have not shown that they will suffer irreparable harm in the absence of a preservation order. In fact, Defendants admit that once the discovery stay in this case[18] is lifted, they will have the ability to subpoena the relevant financial institutions for the records. Defendants further indicate that those institutions preserve records of transactions for seven years. Thus, Defendants will have the capability to obtain the records they seek from the relevant institutions when the discovery stay is lifted. Consequently, Defendants have failed to show irreparable harm in the absence of a preservation order.

---

[15] ECF No. 412 at 2.

[16] ECF No. 418 at 1.

[17] ECF No. 412-1 at 4 of 4.

[18] ECF No. 283; ECF No. 458.

In sum, Defendants have not shown "a significant concern that potentially relevant evidence will be destroyed causing harm" to Defendants.[19] Therefore, the court denies Defendants' motion for a preservation order.

## ORDER

For the reasons stated above, Defendants' motion to view the IFP Motion[20] and motion for a preservation order[21] are DENIED.

IT IS SO ORDERED.

DATED this 31st day of March 2026.

BY THE COURT:

JARED C. BENNETT
United States Magistrate Judge

---

[19] *Centurylink, Inc.*, 2016 WL 192291, at *1.

[20] ECF No. 313.

[21] ECF No. 412.