# THE UNITED STATES DISTRICT COURT

## DISTRICT OF UTAH

| | |
|---|---|
| **RUSSELL G. GREER,** | **ORDER** |
| **Plaintiff,** | |
| **v.** | **Case No. 2:24-cv-00421-DBB-JCB** |
| **JOSHUA MOON, website owner;** **LOLCOW LLC, website owner; and** **JOHN DOES #1-2, anonymous users on** **Kiwi Farms,** | |
| | **District Judge David Barlow** |
| **Defendants.** | **Magistrate Judge Jared C. Bennett** |

## INTRODUCTION[1]

Soon after initiating this case, pro se Plaintiff Russell G. Greer ("Mr. Greer") moved for permission to email documents to the Clerk of Court for filing and to receive email notifications of case activity.[2] The court subsequently granted that motion.[3] Defendants Joshua Moon and Lolcow, LLC (collectively, "Defendants") now move the court to revoke that permission.[4] For the reasons explained below, the court denies Defendants' motion.

---

[1] District Judge David Barlow referred this case to Magistrate Judge Jared C. Bennett under 28 U.S.C. § 636(b)(1)(B). ECF No. 67.

[2] ECF No. 5.

[3] ECF No. 10.

[4] ECF No. 350.

**ANALYSIS**

The court denies Defendants' motion to revoke Mr. Greer's permission to file documents and receive notices by email. DUCivR 5-1(b)(2)(A)(vii) provides that "[t]he court may, on its own or on a party's motion, revoke an unrepresented party's ability to file by email and/or receive electronic notice after a determination that the privilege has been abused." That rule further provides:

> Examples of circumstances when a party abuses the privilege include repeatedly submitting:
>
> (a) nonconforming documents or exhibits to the clerk for filing;
>
> (b) incomplete documents to avoid missing a deadline;
>
> (c) documents that needlessly complicate the proceedings or harass the court, the clerk, or the opposing party; or
>
> (d) documents containing viruses, worms, ransomware, spyware, malware, or other files compromising the security of the court's computer systems.[5]

Defendants contend that revoking Mr. Greer's permission is necessary because he "does not keep up with his emails" and has previously claimed that he did not see or did not open certain emails from the court.[6] Defendants claim that they "cannot litigate this case if Mr. Greer is permitted to continually claim that he does not receive pertinent filings."[7]

The court denies Defendants' motion because they have not shown that Mr. Greer has abused his permission to file documents and receive notices by email. Defendants do not argue

---

[5] DUCivR 5-1(b)(2)(A)(vii)(a)-(d).

[6] ECF No. 350 at 2.

[7] *Id.*

that Mr. Greer has violated any of the examples of grounds for revocation listed in DUCivR 5-1(b)(2)(A)(vii). Further, the court is not persuaded that Defendants are unable to litigate this case if Mr. Greer fails to open or read email notices from the court because Mr. Greer will do so at his own peril. Indeed, the court has previously warned Mr. Greer of that fact.[8] Accordingly, the court denies Defendants' motion.

**ORDER**

For the reasons stated above, Defendants' motion to revoke Mr. Greer's permission to file documents and receive notices by email[9] is DENIED.

IT IS SO ORDERED.

DATED this 31st day of March 2026.

BY THE COURT:

JARED C. BENNETT
United States Magistrate Judge

---

[8] ECF No. 352 (stating that "[Mr. Greer] has a responsibility to read court filings" and refusing to reduce an award of sanctions against Mr. Greer because "[n]ot seeing an order and ignoring another filing does not constitute good cause for the court to reduce the sanction amount").

[9] ECF No. 350.