# THE UNITED STATES DISTRICT COURT

## DISTRICT OF UTAH

| | |
|---|---|
| **RUSSELL G. GREER,**<br><br>     **Plaintiff,**<br><br>v.<br><br>**JOSHUA MOON, website owner;**<br>**LOLCOW LLC, website owner; and**<br>**JOHN DOES #1-2, anonymous users on**<br>**Kiwi Farms,**<br><br>     **Defendants.** | **MEMORANDUM DECISION**<br>**AND ORDER**<br><br><br>**Case No. 2:24-cv-00421-DBB-JCB**<br><br><br>**District Judge David Barlow**<br><br>**Magistrate Judge Jared C. Bennett** |

## INTRODUCTION[1]

In May 2025, the court made both an oral and a written ruling staying discovery in this case pending resolution of Defendants Joshua Moon and Lolcow, LLC's (collectively, "Defendants") motion to dismiss ("Stay Order").[2] While that stay was in place, pro se Plaintiff Russell G. Greer ("Mr. Greer") requested a subpoena from the court, which was issued by the Clerk of Court.[3] Upon discovering that Mr. Greer obtained the subpoena, Defendants' counsel contacted the Clerk of Court to provide notice that discovery was stayed and, consequently, that Mr. Greer obtained the subpoena in violation of the Stay Order.[4] Defendants' counsel also filed a

---

[1] District Judge David Barlow referred this case to Magistrate Judge Jared C. Bennett under 28 U.S.C. § 636(b)(1)(B). ECF No. 67.

[2] ECF No. 280; ECF No. 283; ECF No. 300.

[3] ECF No. 330-1.

[4] ECF No. 330-2.

notice with the court regarding Mr. Greer's violation of the Stay Order.[5] Consequently, the Clerk of Court entered an order declaring the subpoena "invalid and void."[6] Defendants now move for sanctions against Mr. Greer under Fed. R. Civ. P. 26(g) in the form of an award of reasonable expenses, including attorney fees.[7]

Mr. Greer opposes Defendants' motion, arguing that he obtained the subpoena to attempt to get information about the identity of the John Doe Defendants named in his complaint and that "it was his sincere belief" that the discovery stay did not apply to a subpoena to obtain that information.[8] Mr. Greer contends that the Stay Order "didn't encompass" his ability to get such a subpoena.[9] Additionally, Mr. Greer moves to clarify or modify the Stay Order.[10] He contends that the court "said that the [Stay Order] did not apply to finding out who the John Does are."[11] Accordingly, Mr. Greer requests that the court clarify whether the Stay Order applies to his ability to obtain a subpoena for that information. Alternatively, Mr. Greer asks the court to modify the Stay Order to allow him to do so.

---

[5] ECF No. 328.

[6] ECF No. 329.

[7] ECF No. 330.

[8] ECF No. 334 at 2.

[9] *Id*. at 3.

[10] ECF No. 331.

[11] *Id*. at 2.

**ANALYSIS**

Based upon the following analysis, the court: (I) grants Defendants' motion for Rule 26(g) sanctions; and (II) denies Mr. Greer's motion to clarify or modify the Stay Order. Each issue is addressed in order below.

**I.    The Court Grants Defendants' Motion for Rule 26(g) Sanctions.**

The court grants Defendants' motion for Rule 26(g) sanctions because Mr. Greer committed a Rule 26(g) violation, and that violation was not substantially justified. In relevant part, Rule 26(g)(1) provides:

> [E]very discovery request . . . must be signed by at least one attorney of record in the attorney's own name—or by the party personally, if unrepresented . . . . By signing, an attorney or party certifies that to the best of the person's knowledge, information, and belief formed after a reasonable inquiry . . . with respect to a discovery request, . . . it is . . . consistent with these rules and . . . not interposed for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation . . . .[12]

Rule 26(g)(3) further provides that if a certification violates Rule 26(g)(1) "without substantial justification, the court, on motion or on its own, must impose an appropriate sanction on the signer, the party on whose behalf the signer was acting, or both. The sanction may include an order to pay the reasonable expenses, including attorney's fees, caused by the violation."[13]

---

[12] Fed. R. Civ. P. 26(g)(1)(B)(i)-(ii). Although Rule 26(g)(1) references discovery requests, the United States Court of Appeals for the Tenth Circuit has approved the imposition of Rule 26(g) sanctions related to subpoenas. *Resol. Tr. Corp. v. Dabney*, 73 F.3d 262, 268-69 (10th Cir. 1995) (affirming district court's award of Rule 26(g) sanctions related to a subpoena); *In re Byrd, Inc.*, 927 F.2d 1135, 1136-38 (10th Cir. 1991) (same).

[13] Fed. R. Civ. P. 26(g)(3).

To determine whether a Rule 26(g) violation was substantially justified, the court applies "an objective standard of reasonableness."[14] The ultimate issue for the court to decide is whether the signer "conducted a reasonable inquiry into the facts and law."[15]

Mr. Greer committed a Rule 26(g) violation by obtaining the subpoena, which violated the Stay Order and, thus, was inconsistent with the rules and obtained for an improper purpose. In opposing Defendants' motion, Mr. Greer appears to argue that he did not commit a Rule 26(g) violation when he obtained the subpoena because "it was his sincere belief" that the Stay Order did not prohibit him from doing so.[16] Mr. Greer further asserts that the Stay Order "didn't encompass" his ability to get the subpoena[17] and that he "wrote down what [the court] said: discovery was stayed, but it didn't apply to serving the John Does."[18] Despite Mr. Greer's beliefs, the transcript containing the court's oral ruling staying discovery makes it clear that the court stayed all discovery pending resolution of Defendants' motion to dismiss, with the sole exception of Mr. Greer's production of documents under a prior court order.[19] The court's written

---

[14] *In re Byrd, Inc.*, 927 F.2d at 1137.

[15] *Id.* (citation modified).

[16] ECF No. 334 at 2.

[17] *Id.* at 3.

[18] *Id.* at 2.

[19] ECF No. 300 at 24-25 ("[M]y intention today is to grant the Motion to Stay. But instead of granting the Motion to Stay Discovery until everybody is served, my intention is to grant it until the Court has a chance to review and decide the Motion to Dismiss . . . ."); *id.* at 30 ("[T]he Court is going to go ahead and grant that Motion to Stay until the Motion[] to Dismiss [is] decided . . . ."); *id.* at 34 ("I have stayed discovery until the Motion to Dismiss is [decided] with one exception, and that is Mr. Greer has 14 days to produce the documents that were previously ordered under ECF No. 227. [Defendant's counsel] is going to file a status report letting me know what is going on within 21 days of today's hearing, so that discovery will go forward, but everything else is going to be stayed.").

order is likewise clear on that point.[20] Thus, Mr. Greer violated Rule 26(g) when he obtained the subpoena in violation of the Stay Order.

Mr. Greer's Rule 26(g) violation was not substantially justified because he failed to conduct a reasonable inquiry into the scope of the Stay Order before obtaining the subpoena. Instead, it appears that Mr. Greer relied solely upon his subjective recollection of the court's oral ruling, which, as demonstrated above, is incorrect. Applying the required objective standard of reasonableness, the court must conclude that Mr. Greer's Rule 26(g) violation was not substantially justified. Therefore, the court grants Defendants' motion for Rule 26(g) sanctions.

To determine the amount of the sanctions award, the court orders Defendants to, within fourteen days after the date of this Memorandum Decision and Order, file an affidavit and a cost memorandum outlining their requested award of reasonable expenses, including attorney fees, incurred as a result of Mr. Greer's Rule 26(g) violation. Mr. Greer may file a response brief of no more than ten pages within fourteen days after Defendants' filing. Upon receipt of those filings, the court will determine the amount of the Rule 26(g) sanctions award.

## II.   The Court Denies Mr. Greer's Motion to Clarify or Modify the Stay Order.

The court denies Mr. Greer's motion to clarify or modify the Stay Order. With respect to Mr. Greer's motion to clarify, the court denies that motion because no clarification is necessary. As established above, the court's oral ruling and written ruling make the scope of the Stay Order abundantly clear.

---

[20] ECF No. 283 at 2 (providing that, with the exception of Mr. Greer producing the documents required under ECF No. 227, "all other discovery is HEREBY STAYED pending a ruling on Defendants' motion to dismiss").

As for Mr. Greer's motion to modify the Stay Order, the court construes that motion as one to reconsider the Stay Order. Appropriate grounds for a motion to reconsider "include (1) an intervening change in the controlling law, (2) new evidence previously unavailable, and (3) the need to correct clear error or prevent manifest injustice. Thus, a motion for reconsideration is appropriate where the court has misapprehended the facts, a party's position, or the controlling law."[21] Importantly, a motion to reconsider is an

> inappropriate vehicle[] to reargue an issue previously addressed by the court when the motion merely advances new arguments, or supporting facts which were available at the time of the original motion. Absent extraordinary circumstances, . . . the basis for the second motion must not have been available at the time the first motion was filed. . . . It is not appropriate to revisit issues already addressed or advance arguments that could have been raised in prior briefing.[22]

"A motion to reconsider must be made upon grounds other than a mere disagreement with the court's decision and must do more than rehash a party's former arguments that were rejected by the court."[23]

Mr. Greer fails to articulate any valid reason for the court to reconsider the Stay Order. He does not argue any of the three potential bases for reconsideration. Instead, Mr. Greer again relies upon his mistaken recollection of the Stay Order. Although Mr. Greer obviously disagrees

---

[21] *Servants of the Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir. 2000) (citation omitted).

[22] *Id.*

[23] *SCO Grp., Inc. v. Novell, Inc.*, No. 2:04CV139DAK, 2007 WL 2746953, at *1 (D. Utah Sept. 14, 2007); *see also Lacefield v. Big Planet*, No. 2:06-CV-844 DB, 2008 WL 2661127, at *1 (D. Utah July 3, 2008) ("[A] party seeking reconsideration must show more than a disagreement with the [c]ourt's decision, and recapitulation of the cases and arguments considered by the court before rendering its original decision fails to carry the moving party's burden." (citation modified)).

with the Stay Order, that is an insufficient basis for reconsideration. Therefore, the court denies Mr. Greer's motion to modify the Stay Order.

### ORDER

For the reasons stated above, the court HEREBY ORDERS:

1.    Defendants' motion for Rule 26(g) sanctions[24] is GRANTED.

2.    Within fourteen days after the date of this Memorandum Decision and Order, Defendants must file an affidavit and a cost memorandum outlining their requested award of reasonable expenses, including attorney fees, incurred as a result of Mr. Greer's Rule 26(g) violation. Within fourteen days after Defendants' filing, Mr. Greer may file a response brief of no more than ten pages. Upon receipt of those filings, the court will determine the amount of the Rule 26(g) sanctions award.

3.    Mr. Greer's motion to clarify or modify the Stay Order[25] is DENIED.

IT IS SO ORDERED.

DATED this 31st day of March 2026.

BY THE COURT:

_____
JARED C. BENNETT
United States Magistrate Judge

---

[24] ECF No. 330.

[25] ECF No. 331.

7