# THE UNITED STATES DISTRICT COURT

# DISTRICT OF UTAH

| | |
|---|---|
| **RUSSELL G. GREER,** | **MEMORANDUM DECISION AND ORDER** |
| **Plaintiff,** | |
| **v.** | |
| **JOSHUA MOON, website owner; LOLCOW LLC, website owner; and JOHN DOES #1-2, anonymous users on Kiwi Farms,** | **Case No. 2:24-cv-00421-DBB-JCB** |
| | **District Judge David Barlow** |
| **Defendants.** | **Magistrate Judge Jared C. Bennett** |

## INTRODUCTION[1]

Pro se Plaintiff Russell G. Greer ("Mr. Greer") filed two motions for a protective order

under Fed. R. Civ. P. 26(c) against Defendants Joshua Moon and Lolcow, LLC's (collectively,

"Defendants") counsel, Matthew D. Hardin ("Mr. Hardin").[2] Mr. Greer contends that a protective

order against Mr. Hardin is necessary "to protect [Mr. Greer] and those who are associated or

connected with [Mr. Greer] from being annoyed and embarrassed [by Mr.] Hardin's . . . annoying

discovery"[3] and "to prevent further harassment, reputational attacks, defamatory insinuations,

---

[1] District Judge David Barlow referred this case to Magistrate Judge Jared C. Bennett under 28 U.S.C. § 636(b)(1)(B). ECF No. 67.

[2] ECF No. 314; ECF No. 394.

[3] ECF No. 314 at 3.

and improper communications" from Mr. Hardin.[4] For the reasons explained below, the court

denies Mr. Greer's motions.

**ANALYSIS**

The court denies Mr. Greer's motions because he cannot invoke Rule 26(c) without Mr.

Hardin seeking any discovery on behalf of Defendants under the Federal Rules of Civil

Procedure. Rule 26(c) provides that "[a] party or any person *from whom discovery is sought* may

move for a protective order in the court where the action is pending."[5] The rule further provides

that "[t]he court may, for good cause, issue an order to protect a party or person from annoyance,

embarrassment, oppression, or undue burden or expense."[6]

Mr. Greer's main complaints are that Mr. Hardin has contacted parties not involved in

this case and that Mr. Hardin has disclosed witnesses to Mr. Greer. Mr. Greer contends that such

conduct constitutes "doing discovery."[7] Mr. Greer is incorrect because he does not contend that

Mr. Hardin has employed any of the discovery methods under the Federal Rules of Civil

Procedure.[8] Indeed, Mr. Hardin could not do so under the stay of discovery currently in place.[9]

Simply put, Mr. Hardin's investigation does not constitute discovery.[10] Because Mr. Hardin has

---

[4] ECF No. 394 at 2.

[5] Fed. R. Civ. P. 26(c)(1) (emphasis added).

[6] *Id.*

[7] ECF No. 324 at 2.

[8] Although Mr. Greer contends that Mr. Hardin issued a subpoena to a witness, ECF No. 314 at 2, there is no record in the docket of any such subpoena.

[9] ECF No. 283; ECF No. 458.

[10] *See, e.g.*, *Am. Bank v. City of Menasha*, 627 F.3d 261, 265 (7th Cir. 2010) ("The word 'discovery' is not a synonym for investigation. Much of the information gathering that litigants

not conducted any discovery on behalf of Defendants under the Federal Rules of Civil Procedure, Rule 26(c) cannot provide the relief Mr. Greer seeks. Therefore, the court denies Mr. Greer's motions for a protective order.

### ORDER

For the reasons stated above, Mr. Greer's motions for a protective order against Mr. Hardin[11] are DENIED.

IT IS SO ORDERED.

DATED this 31st day of March 2026.

BY THE COURT:

JARED C. BENNETT
United States Magistrate Judge

---

do is not 'discovery' as the term is understood in the law. They talk to their clients and to witnesses, read newspaper accounts, study the records of previous judicial or administrative proceedings, troll the Web—they do all these things and more without being thought to be conducting 'discovery.'" (citation modified)); *United States ex rel. Univ. Loft Co. v. AGS Enters., Inc.*, No. SA-14-CA-528-OLG, 2016 WL 9461755, at *8 (W.D. Tex. June 10, 2016) (stating that "[a]n attorney is allowed to investigate claims on behalf of a client, including locating witnesses and conducting deposition-like interviews—nothing in the Federal Rules supports a restriction on counsel's private inquiry into the facts underlying his client's claim" and concluding that "interviews of non-party witnesses were permitted investigative witness interviews, not in violation of the federal discovery rules" (citation modified)); *Barmore v. City of Rockford*, No. 09 CV 50236, 2014 WL 12791639, at *5 (N.D. Ill. Aug. 20, 2014) (rejecting the argument that "interviewing witnesses is equivalent to discovery" and concluding that such conduct was "investigation, not discovery").

[11] ECF No. 314; ECF No. 394.