Russell Greer
1100 Dumont Blvd
Apt 139
Las Vegas, NV 89169
801-895-3501
russmark@gmail.com
Pro Se Litigant

## IN THE UNITED STATES DISTRICT COURT

## DISTRICT OF UTAH

| | |
|---|---|
| **RUSSELL GREER** | **PLAINTIFF'S ANSWER AND DEFENSES TO DEFENDANTS' COUNTERCLAIM** |
| Plaintiff | |
| v. | Case No.:    2:24-cv-00421-DBB-JCB |
| **JOSHUA MOON ET AL**, | |
| Defendants | |

## INTRODUCTION

Counter-Plaintiffs' (Moon et al) claims are an attempt to weaponize the legal system to punish a *pro se* litigant for seeking protection from extrajudicial harassment. The "fatal flaw" of Defendants' (and their attorney Matthew Hardin's) entire counterclaim is the doctrine of "unclean hands": he cannot claim damages for "uncompensated time" spent defending himself in Nevada when those proceedings were necessitated by his own decision to stalk, harass, and interfere with Plaintiff's relationships in Winnemucca and elsewhere. *Worthington v. Anderson,* 386 F.3d 1314 (10th Cir. 2004). Furthermore, the very foundation of his "fraud" allegation has been rejected by this Court's Order of March 31, 2026.

## RESPONSE TO COUNTERCLAIMS

### Count I & II: Response to Wrongful Use of Civil Proceedings and Abuse of Process

1. **Denial of Improper Purpose:** Plaintiff denies that the Nevada protective order was filed to "evade jurisdiction." The Nevada filing was a **defensive shield** necessitated by Matthew Hardin's refusal to cease personal and extrajudicial contact with Plaintiff. Plaintiff asked Mr. Hardin in May 2025 and December 2025 to cease his conduct. Mr. Hardin refused. He dug his heels in and CC'd third parties in emails and labeled plaintiff a "fraud" and claimed he was "luring women into the desert." Mr. Hardin was also CCing plaintiff in records requests to municipal officials, telling them outdated information and calling plaintiff "dangerous". It was quite honestly startling behavior from a supposed licensed attorney.

2. Greer actually warned Hardin on 5-25-26 that he was seeking a protective order. This was a bluff to get Hardin to stop. Hardin didn't and so Plaintiff acted on his promise. EXHIBIT A.

3. **Justification:** The Nevada court was the appropriate venue to seek relief for conduct occurring in Plaintiff's home state, including Hardin's documented attempts to contact local officials and acquaintances with scandalous and immaterial assertions (See *Plaintiff's Motion for Disqualification*).

4. **No Lack of Probable Cause:** Plaintiff had a reasonable belief that a protective order was necessary to stop Hardin's insane antics. Plaintiff did come very close to pushing for criminal charges against Mr. Hardin for his relentless stalking, but Greer decided against it — for the time being.

## Count III: Response to Tortious Interference

**Self-Inflicted Damages:** Defendants, particularly by and through their attorney Hardin, claims to have suffered $75,000 in damages. Plaintiff asserts these damages are entirely self-inflicted. If Hardin had restricted his conduct to "zealous advocacy" within the Utah copyright case, rather than embarking on a "fishing expedition" into Plaintiff's unrelated business in Winnemucca, Plaintiff would not have sought a restraining order. Mr. Hardin had been told to stop on several occasions. Hardin has became so delusional in his conspiracy theories that Plaintiff has committed some kind of elaborate scheme or is running some kind of criminal empire, that plaintiff had no choice but to try seeking help outside of this case.

**No Damages Incurred:** Mr. Hardin has suffered no where near $75,000 in damages. He did not have to personally appear or even file any written briefs or motions. Plaintiff simply filed an application for àn ex parte protection order. Hardin was only alerted to it because his clients are the "world's biggest community of stalkers" (a title dubbed by countless outlets). The application was denied and Hardin alerted this court to its filing. That's all that happened. Nowhere in that was there $75,000 in damages:

**Documented Interference by Hardin:** It is Hardin, not Plaintiff, who committed tortious interference. As documented in the *Motion to Disqualify* (Page 23-24), Hardin proactively emailed a Winnemucca realtor, stating the realtor was "roped into [Plaintiff's] frauds." Hardin didn't stop there. He contacted literally every department in Humbdolt County, Nevada asking for every communication with Plaintiff. Hardin then contacted the realtor again, accusing the realtor of helping plaintiff "lure women into the desert." Matthew Hardin clearly has a few screws loose, to put it very politely.

**Lack of Foundation:** Hardin's "interference" was based on a "fraud" theory involving Plaintiff's 2020 IFP records. However, this Court's **Order dated March 31, 2026**, specifically denied Hardin access to those records and found no "significant concern" regarding Plaintiff's financial disclosures. Hardin cannot claim he was "investigating fraud" to justify sabotaging Plaintiff's business, when the Court has ruled he had no legal authority to view the records in the first place.

### Count IV: Response to Vexatious Litigant Designation

**Meritorious Filings:** Plaintiff is not a vexatious litigant. Plaintiff defeated Defendants' motion to dismiss. The fact that the Court **denied** Hardin's Motion to View the IFP records and denied his Preservation Order (ECF Doc. 460) proves that Plaintiff's opposition to Hardin's tactics is legally sound and meritorious. If anything, it is Matthew Hardin, Defendants' lawyer, who is vexatious.

### AFFIRMATIVE DEFENSES

1. **Unclean Hands:** Hardin is barred from recovery because he engaged in the very conduct he complains of—specifically, stalking Plaintiff and sabotaging Plaintiff's business efforts through defamatory emails to third parties. *Worthington v. Anderson,* 386 F.3d 1314 (10th Cir. 2004).

4

2. **Justification/Privilege:** Plaintiff's actions in Nevada were a legally privileged attempt to seek judicial protection from harassment.

3. **Failure to Mitigate:** Hardin could have avoided all claimed "damages" by ceasing his extrajudicial contact with Plaintiff's acquaintances.

## THE ABSENCE OF DISPUTABLE MATERIAL FACTS

1. **No Reasonable Jury Standard:** Plaintiff asserts that there are no genuine disputes as to material facts of the Counterclaim. Even when viewing the evidence in the light most favorable to the Counter-Plaintiffs, no reasonable jury could find that Hardin's injuries were caused by anything other than his own extrajudicial decision to target Plaintiff.

2. **Conclusive Evidence of Misconduct:** The record contains undisputed evidence— including Hardin's own emails—showing that he proactively contacted third parties to make inflammatory allegations of "fraud" and "luring women into the desert."

3. **Failure of the Foundation:** Because the Court has already determined in its March 31, 2026, Order that Hardin had no legal right to the 2020 IFP records, no jury could find that his "investigation" into those records was a justified part of this copyright litigation. Consequently, no reasonable trier of fact could conclude that Plaintiff's defensive filings in Nevada were "unfounded" or "retaliatory" rather than a necessary response to documented harassment.

4. **Direct Causation:** The evidence is clear that Hardin's claimed damages (the $75,000 in uncompensated time) were a direct and foreseeable result of his own choices to engage in conduct that falls outside the scope of the Utah Rules of Professional Conduct. No jury would find the facts differently: the "interference" and "abuse" began with the Counter-Plaintiffs' counsel, not the Plaintiff.

## CONCLUSION

The Counterclaim is a bad-faith attempt to intimidate Plaintiff and label him "vexatious" for simply standing up to an attorney who crossed the line from legal representation to personal stalking. Because Hardin's "fraud" investigation has been rebuked by this Court, and because Defendants' damages are the result of their own misconduct and their own unclean hands, the Counterclaim should be dismissed in its entirety.

Respectfully submitted,

Russell Greer
/rgreer/
4-14-26

**CERTIFICATE OF SERVICE:**

Pursuant to FRCP 5(b), I certify that on 4-14-26, I served a true and correct copy of the attached document by ECF to all attorneys on record.

**EXHIBIT A**

**Plaintiff "bluffing" a restraining order threat to get Hardin to back off**

9:11                                    .ıl 5G 14

≡          **Re- Fraud on the Court?** ⌄          Done

From: **Russell Greer** russmark@gmail.com
Subject: Re: Fraud on the Court?
Date: May 21, 2025 at 10:05:33 AM
To: **Matthew Hardin** matthewdhardin@gmail.com
Cc: **Waylon Huber** waylon@robinhoodrealtynv.com
Bcc: russmark@gmail.com

Matthew,

You are insane. This is why I'm pursuing criminal charges against you for stalking .
I actually took off work to go to the police to get you to stop. Heading there right
now.

First off, stop contacting people connected to me.

Secondly, I never fucking lied. I have said it was investor money I was relying on.

Third, I have two month long emails from Roger saying he was open to it. He
withdrew because he claimed the city wouldn't vote for it. That's why I didn't
propose the zone at the meeting. I had told the city clerk that we were considering
a different property.

I have stated multiple times that I was relying on investors. I never said I personally
had the money. I even told Waylon I had little money and was relying on investors.

None of this has to do with copyright. Funny enough, you yourself have roped
yourself with criminal charges.

Do not contact me or Waylon again. I also have to file a restraining order against
you today

What a good way to lose your law license.

Fuck off. Kindly.

Sent from my iPhone

On May 21, 2025, at 9:16 AM, Matthew Hardin <matthewdhardin@gmail.com>
wrote:

Good morning, Mr. Greer,

I have obtained (and am attaching for your reference) the Meeting Minutes from





11