**Matthew D. Hardin (*pro hac vice*)**
**HARDIN LAW OFFICE**
101 Rainbow Drive # 11506
Livingston, TX 77399
Telephone: (202) 802-1948
Email: MatthewDHardin@gmail.com
*Attorney for Defendants*
*Joshua Moon and Lolcow, LLC*

THE UNITED STATES DISTRICT COURT
DISTRICT OF UTAH

| | |
|---|---|
| RUSSELL GREER, | **DEFENDANTS' OBJECTION TO ORDER AT ECF NO. 460** |
| Plaintiff, | |
| v. | Case No. 2:24-cv-00421-DBB |
| JOSHUA MOON, *et al*. | District Judge David Barlow |
| | Magistrate Judge Jared C. Bennett |
| Defendants. | |

NOW COME Defendants, Joshua Moon and Lolcow, LLC, by and through their undersigned counsel, and file this Objection to the order entered at ECF No. 460.

**I. Introduction**

By denying Defendants motion at ECF No. 313, this Court's order at ECF No. 460 allows Mr. Greer's application for *in forma pauperis* status to remain sealed not only from the public but from defense counsel, even in the absence of any factual findings that a recognized privacy interest outweighs the presumption of access to judicial documents.

This contradicts at least three Tenth Circuit holdings, the most recent of which expressly held that even a local rule in this Court purporting to require that certain pleadings be filed under seal did not justify a refusal to allow access to judicial documents. *United States v. Bacon*, 950 F.3d 1286, 1293 (10th Cir. 2020), citing *United*

*States v. Pickard*, 733 F.3d 1297, 1302 (10th Cir. 2013) and *Helm v. Kansas*, 656 F.3d 1277, 1292 (10th Cir. 2011).

In *Bacon*, the Tenth Circuit held that keeping a document under seal without balancing interests in public access against interests in privacy constitutes plain error and is reviewable even when a party has entirely forfeited that argument below. *Bacon* is both factually and legally on-point. It effectively requires this Court to reverse the order at ECF No. 460.

## II. Background

When this case began in 2020, Mr. Greer applied to proceed *in forma pauperis*. ECF No. 1. That application was sealed, not pursuant to any motion or even pursuant to a local rule, but apparently pursuant to a universal practice in this District. ECF No. 460 at n.2. It was later revealed that Mr. Greer is not a pauper, and his *in forma pauperis* status was revoked. ECF No. 283 at 3.

Revoking Mr. Greer's *in forma pauperis* status is not, however, the end of the story: Congress provided that cases *shall* be dismissed *at any time* if it is established that an *in forma pauperis* application contained allegations which were "untrue." 28 U.S.C. § 1915(e)(2)(A). The Tenth Circuit has held that such dismissals are mandatory rather than discretionary. *Trujillo v. Williams*, 465 F.3d 1210, 1216 n.5 (10th Cir. 2006). Defendants sought to unseal Mr. Greer's application, so that they can make arguments for dismissal. ECF No. 313.

Mr. Greer's application for *in forma pauperis* status is not only sealed, it is effectively an *ex parte* pleading. Not even undersigned counsel can take a look at Mr. Greer's allegations, much less the public at large. Without looking at the application and

seeing what facts Mr. Greer alleged, the Defendants will never be able to establish the allegations in that application are "untrue" as required by 28 U.S.C. § 1915(e)(2)(A).

### III. Standard of Review

Pursuant to Fed. R. Civ. P. 72 (a), the District Judge must set aside any order issued by a Magistrate which is "clearly erroneous or is contrary to law." Pursuant to Fed. R. Civ. P 72 (b)(3), the District Judge "must determine de novo" any objection related to a dispositive motion.

The underlying Motion to Unseal pertains to a request for *in forma pauperis* status filed by the Plaintiff when this litigation began in 2020. ECF No. 313. As the Magistrate correctly recognized, if that *in forma pauperis* application is determined to be "untrue," dismissal of this case is mandatory. ECF No. 460 at 2. Because Defendants have no ability to determine whether the underlying *in forma pauperis* application is true or untrue without viewing the application and comparing the information in it to other facts, Defendants respectfully submit that their underlying Motion at ECF No. 313 is effectively dispositive in nature. Without access to the Plaintiff's application, Defendants are effectively forbidden from introducing evidence that any assertion in that application was or is untrue. Defendants cannot argue in the dark.

### IV. Argument

Regardless of whether this Court reviews the underlying order de novo or for clear error, the order must be vacated. There was no basis to seal the underlying application in the first instance, without any briefing or opportunity for the Defendants to be heard and without balancing the relevant factors or making any pertinent factual findings. And as a practical matter, Defendants cannot avail themselves of the defense that Congress

expressly provided at 28 U.S.C. § 1915(e)(2)(A) if they cannot see an application that they are required to prove is "untrue."

**1. The application was sealed erroneously and without any factual findings, in violation of the rights of Defendants and the Public.**

The Tenth Circuit has expressly held that it is clear error for a Court to seal a document without considering the rights of the public. *Bacon*, 950 F.3d at 1295 (making that finding even where "as here, the district court already previously determined that [the] documents should be sealed."). There is both a Constitutional and a common law right to access judicial documents. *Miller v. Fluent Home, LLC*, No. 2:20-cv-00641, 2020 U.S. Dist. LEXIS 175699, at *2 (D. Utah Sep. 23, 2020). The underlying application for *in forma pauperis* status is indisputably a judicial document because it was filed with the Court and the Court relied on it to make a ruling. *Bernstein v. Bernstein Litowitz Berger & Grossmann LLP*, 814 F.3d 132, 136 (2d Cir. 2016) (holding that the presumption of access attached when "a filed item… is relevant to the performance of the judicial function and useful in the judicial process.").

To establish that sealing is appropriate, there must be a finding that "some significant interest that outweighs the presumption" in favor of open access to judicial records. *United States v. Pickard*, 733 F.3d 1297, 1300 (10th Cir. 2013), citing *Colony Ins. Co. v. Burke*, 698 F.3d 1222, 1241 (10th Cir. 2012). Here, this Court has never made any finding at all that such a significant interest exists, much less that it outweighs the right of public access and even the rights of access to judicial documents by a party to the litigation. This Court apparently seals all applications for *in forma pauperis* status as a blanket matter. ECF No. 460 at n.2. But that is not dispositive, as the Tenth Circuit has expressly held that local rules purporting to require or authorize sealed supplements –

including specifically a local rule in this Court – do not satisfy the proper standard. *Bacon*, 950 F.3d at 1293.

This Court never has explained why Mr. Greer's *in forma pauperis* application is sealed not only from the public but also from counsel. But even if this Court were to assume some hypothetical interest (which has never been asserted, proven, or briefed in an adversarial manner) favors Mr. Greer in protecting his own financial privacy as to details contained in the *in forma pauperis* application, that interest would be outweighed as to the *in forma pauperis* application at issue here. And under the relevant balancing test, as affirmed in *Bacon*, the interest in disclosure outweighs Mr. Greer's interest in sealing.

*First*, Mr. Greer necessarily loses financial privacy when he seeks to file a lawsuit and prove financial harm; financial details will inevitably be in dispute and will be discussed in pleadings. That's especially true when a party claims *in forma pauperis* status. *Doe v. Univ. of Kan. Hosp. Auth.*, No. 25-2735-KHV, 2026 U.S. Dist. LEXIS 19928, at *8 (D. Kan. Jan. 29, 2026) ("Plaintiff has not shown that her privacy interests in financial information outweigh the public interest in access to the materials that form part of the basis of the Court's ruling on her motions to proceed in forma pauperis and for appointment of counsel.").

*Second*, the public has an interest in seeing what facts and arguments lead the court to rule in a particular manner. "Justice must not only be done; it must be seen to be done." *United States v. Cessa*, 872 F.3d 267, 274 (5th Cir. 2017), *quoting United States v. McDaniels*, 379 F. Supp. 1243, 1249 (E.D. La. 1974).

*Third*, the Defendants and the public both share an interest which is protected by statute. 28 U.S.C. § 1915(e)(2)(A) provides that dismissal is mandatory if allegations in an *in forma pauperis* application are untrue. This statute protects the public fisc as well as Defendants. But without seeing Mr. Greer's allegations of poverty, there's no way for Defendants or anyone else to know if they are untrue. Certainly, the Defendants have cited Mr. Greer's own subsequent statements[1] as evidence that *either* Mr. Greer's allegations were untrue or the application for *in forma pauperis* status was granted in error. ECF No. 317. But there's no way to be sure without seeing the application itself. That's exactly why the presumption access attached in the first instance: to provide "a measure of accountability and for the public to have confidence in the administration of justice." *United States v. Amodeo*, 71 F.3d 1044, 1048 (2d Cir. 1995).

**2. The application must be unsealed or 28 U.S.C. § 1915(e)(2)(A) is a dead letter.**

"There can be no right without a remedy to secure it." *Hawkins v. Barney's Lessee*, 30 U.S. 457, 463 (1831) (syllabus), *see also McBride v. Estis Well Serv*., L.L.C., 768 F.3d 382, 395 (5th Cir. 2014). Congress created a remedy in the form of mandatory dismissal when it can be proven that allegations in an *in forma pauperis* application are untrue. 28 U.S.C. § 1915(e)(2)(A). But if a party cannot view the application, there is no practical means by which to prove the allegation is untrue. As it stands today, Mr. Greer filed an *ex parte* application with the Court, which neither Defendants nor anyone else

---

[1] Mr. Greer states, repeatedly, in pleadings before this Court that his financial status was better when *in forma pauperis* status granted than when it was subsequently revoked. ECF Nos. 317, 318. This is puzzling: one would expect that if Mr. Greer's financial status somehow got *worse* after already qualifying for *in forma pauperis* status, that status would not be revoked.

has the right to review. On the basis of that *ex parte* pleading, this Court made a ruling that has resulted in almost six years of ensuing litigation.

Unless this Court's order at ECF No. 460 is vacated or reversed, no one will ever have the ability to determine whether 28 U.S.C. § 1915(e)(2)(A) bars Mr. Greer's continued prosecution of this case. Defendants will effectively be denied their right to invoke the defense that Congress expressly afforded them. And all this will take place without any explanation of any ostensible interest in sealing.

## V. Conclusion

This Court should vacate or reverse the order at ECF No. 460. Defendants are entitled to view the document at issue, which may very well be dispositive of Mr. Greer's claims, and no adequate grounds to seal the underlying document from even the eyes of defense counsel has been established.

DATED April 14, 2026

**HARDIN LAW OFFICE**

*/s/ Matthew D. Hardin*
**Matthew D. Hardin**
*Attorney for Defendants*
*Joshua Moon and Lolcow, LLC*