**Matthew D. Hardin (*pro hac vice*)**
**HARDIN LAW OFFICE**
101 Rainbow Drive # 11506
Livingston, TX 77399
Telephone: (202) 802-1948
Email: MatthewDHardin@gmail.com
*Attorney for Defendants*
*Joshua Moon and Lolcow, LLC*

THE UNITED STATES DISTRICT COURT
DISTRICT OF UTAH

| | |
|---|---|
| RUSSELL GREER,<br><br>        Plaintiff,<br><br>v.<br><br>JOSHUA MOON, *et al*.<br><br>        Defendants. | **MOTION OF JOSHUA MOON AND LOLCOW, LLC TO STRIKE ANSWER AT ECF NO. 464 OR ALTERNATIVELY TO DEEM FACTUAL ALLEGATIONS ADMITTED**<br><br>Case No. 2:24-cv-00421-DBB<br><br>District Judge David Barlow<br>Magistrate Judge Jared C. Bennett |

NOW COME Defendants, Joshua Moon and Lolcow, LLC, by and through their undersigned counsel, and move to strike the "Answer" filed at ECF No. 464, or alternatively for an order recognizing that factual allegations not denied in that "Answer" are admitted. In support of this Motion, Defendants state as follows:

1. Mr. Greer's pleading at ECF No. 464 is labeled as an "Answer" to Defendants' counterclaims, but it is substantively some sort of hybrid between an Answer, a Motion to Dismiss, and a Motion for Summary Judgment. It does not comport with Fed. R. Civ. P. 8. Certainly, it does not resemble any Answer that undersigned counsel has ever seen in twelve years of practice. And it does not put either the counterclaimants or the Court on notice of what issues are in dispute.

2. Specifically, Mr. Greer has not responded to *any* of the counterclaim's factual allegations in numbered paragraphs. ECF No. 464, *contra*. ECF No. 456-1. Nor does Mr. Greer raise a general denial of all factual allegations, much less a general denial in good faith. *Id*. Instead, Mr. Greer raises fact-based arguments of his own, which he suggests mandate dismissal of all four counts (but without filing a motion to dismiss or motion for summary judgment). *Id*.

3. In his Answer, Mr. Greer generally states that he did not file parallel litigation in Nevada to "evade jurisdiction." ECF No. 464 at 2. That supposedly defeats Counts I and II of the counterclaim. *Id*. But Mr. Greer does not address the substantive factual allegations from the counterclaim, and if anything his "Answer" is a legal conclusion rather than a responsive pleading.[1] As examples only and without limitation, Mr. Greer failed to address everything from his intentional choice not to serve defense counsel with parallel litigation and to deprive defense counsel of the opportunity to respond, ECF No. 456-1 at ¶ 20, to his admission that he was filing parallel litigation in state court because he was dissatisfied with this Court's failure to rule in his favor on multiple motions, *id*. at ¶ 21, to the allegation that Lolcow LLC and Joshua Moon were the true targets of litigation Mr. Greer nominally filed against their counsel. *Id*. at ¶ 23.

4. In his Answer, Mr. Greer asserts that there are either no damages arising from Count III of the counterclaim, or that alternatively any damages were caused by Defendants themselves. ECF No. 464 at 3. But that is not a denial of any factual claim as to liability. Nor does it put counsel on notice as to what factual issues might be in

---

[1] To the extent that the Answer might raise legal arguments for dismissal, Mr. Greer has also deprived his opponents of the opportunity to argue in opposition to a properly-filed Motion to Dismiss.

dispute with respect to Count III. All allegations except allegations related to damages are deemed admitted if they are not denied. Fed. R. Civ. P. 8 (b)(6). But ironically, allegations relating to damages are the *only* allegations that Mr. Greer has bothered to expressly deny.

5. In his Answer, Mr. Greer states generally that he is not a vexatious litigant, which supposedly defeats the counterclaim's Count IV. *Id*. at 4. Here again, Mr. Greer does not address *any* of the factual allegations, much less all of them, and does not even deny that the prerequisites for invoking this Court's jurisdiction to award declaratory relief (an actual dispute within this court's jurisdiction) have been met. Instead, Mr. Greer simply states that unexplained and unidentified facts are in his favor and do not support the counterclaim's prayer for relief.

6. To the extent that Mr. Greer claims in his Answer that "Plaintiff asserts that there are no genuine disputes as to material facts of the Counterclaim," *id*. at 5, ¶ 1. Mr. Greer arguably admits the truth of any factual allegations contained in the counterclaim. But that cannot be certain, because Mr. Greer does challenge certain facts in at least a glancing way. For example, the counterclaim alleges Mr. Greer had no probable cause to institute parallel state court litigation, nor even a reasonable belief of probable cause. ECF No. 456-1 at ¶ 26. But Mr. Greer says he did have a reasonable belief or probable cause. ECF No. 464 at 3, ¶ 4. Counterclaimants would ordinarily be happy to invoke Fed. R. Civ. P. 8 (b)(6)'s language indicating that any allegations not expressly denied are admitted, but the Answer is so unclear that there is no certainty as to what exactly the scope of any admission or denial is.

7. In short, Mr. Greer's Answer is incomprehensible. It does not put Defendants on notice of what factual issues are in dispute, and it does not tee this case up for any

resolution whether by way of a Motion to Dismiss, a Motion for Judgment on the Pleadings, or Summary Judgment. As a sister court recently explained:

> Responsive pleadings, like answers, must "state in short and plain terms its defenses to each claim asserted against it" and "admit or deny the allegations asserted against it by an opposing party." Fed. R. Civ. P. 8(b). Affirmative defenses, including those listed in the federal rules, must be "affirmatively" stated in an answer. Fed. R. Civ. P. 8(c).

*Shelter Mut. Ins. Co. v. Fuentes-Venuti*, Civil Action No. 1:23-cv-01755-DDD-SKC, 2024 U.S. Dist. LEXIS 77039, at *2 (D. Colo. Jan. 10, 2024). The proper remedy is to strike a noncompliant Answer and require an Answer that comports with Fed. R. Civ. P. 8 to be filed. *Id*.

8. This Court should strike Mr. Greer's answer and give him the opportunity to file a pleading that comports with Fed. R. Civ. P. 8. Alternatively, this Court should take Mr. Greer at his word that there are no factual allegations in dispute, ECF No. 464 at 5, and deem all factual allegations admitted pursuant to Fed. R. Civ. P. 8 (b)(6). *Bodied by Bella Boutique LLC v. Bodyed By Bella LLC*, No. 2:21-cv-00693, 2023 U.S. Dist. LEXIS 12327, at *1 n.2 (D. Utah Jan. 23, 2023) ("A failure to deny a well-pleaded allegation, other than an allegation of damages, constitutes an admission of the fact.").

WHEREFORE, Defendants respectfully request that Mr. Greer's Answer be stricken, or alternatively that any factual allegations in their counterclaim be deemed admitted.

DATED April 14, 2026

**HARDIN LAW OFFICE**

*/s/ Matthew D. Hardin*
**Matthew D. Hardin**
*Attorney for Defendants*
*Joshua Moon and Lolcow, LLC*