Russell Greer
1100 Dumont Blvd
Apt 139
Las Vegas, NV 89169
801-895-3501
russmark@gmail.com
Pro Se Litigant

---

## IN THE UNITED STATES DISTRICT COURT

## DISTRICT OF UTAH

| | |
|---|---|
| **RUSSELL GREER**<br><br>Plaintiff<br><br>v.<br><br>**JOSHUA MOON ET AL**,<br><br>Defendants | **PLAINTIFF'S OPPOSITION TO DEFENDANTS' MEMORANDUM OF COSTS (ECF NO. 465)**<br><br>Case No.:   2:24-cv-00421-DBB-JCB |

1

Pursuant to this Court's Memorandum Decision and Order dated March 31, 2026 (ECF No. 462), Plaintiff Russell G. Greer ("Plaintiff") respectfully submits this opposition to the Defendants' Memorandum of Costs (ECF No. 465). While the Court has found a technical violation of the discovery stay, Plaintiff argues that the requested financial award of $840.00 is unreasonable and that a written warning is the appropriate sanction under the circumstances.

## ARGUMENT

### I.   The Court Acknowledged Plaintiff's "Sincere Belief" and Good Faith.

In the Court's Order at ECF No. 462, this Court explicitly acknowledged Plaintiff's "sincere belief" that the oral instructions provided in the May 2025 hearing permitted the identification of the John Doe defendants. Plaintiff is a *pro se* litigant managing a disability and does not have the administrative resources of a law firm to cross-reference every oral statement with the written docket. Plaintiff relied on his personal understanding of the proceedings in good faith. Because the violation was not willful or malicious, a financial penalty is disproportionate to the mistake.

### II.   The Requested Fees are Not "Reasonable" Under Rule 26(g).

Under Fed. R. Civ. P. 26(g), the Court is authorized only to award "reasonable" expenses. Defendants' counsel, Matthew Hardin, requests $840.00 for 2.8 hours of work. This is excessive for the following reasons:

1. **Administrative Nature of the Task:** Hardin claims 1.3 hours ($390.00) for "correcting the error," which primarily involved emailing the Clerk of Court. For an experienced attorney, notifying the Clerk of an existing stay should take minutes, not over an hour. This task was clerical in nature and does not justify such a high billable amount.

2. **Duplicative Filings:** Counsel claims another 1.1 hours for drafting a motion for sanctions. Once the Clerk was notified and the subpoena was voided, the "damage" was

fully mitigated. The choice to spend over an hour drafting a motion for sanctions was a tactical choice to multiply litigation, not a necessary expense caused by the subpoena itself.

3. **Lack of Prejudice:** The subpoena was voided immediately. No discovery was produced, and the Defendants suffered no substantive delay to their defense. An $840.00 bill for a voided email is a windfall, not a reimbursement.

### III.    A Written Warning is the "Least Severe Sanction" Necessary.

The law requires the Court to impose the "least severe sanction" necessary to ensure future compliance. Plaintiff now clearly understands the Court's interpretation of the Stay Order and the requirement to strictly follow written docket entries over personal recollections of oral rulings.

A written warning specifically instructing Plaintiff to monitor and read all filings and written orders more closely before taking action would achieve the Court's goal of deterrence. A financial sanction of $840.00 is punitive and serves no further purpose for a litigant who already admits the error and has committed to more rigorous review of the record.

### CONCLUSION

Plaintiff respectfully requests that the Court deny the Defendants' request for $840.00 in attorney fees. Instead, Plaintiff asks the Court to issue a written warning as the sole sanction, ensuring that the record reflects the violation while acknowledging Plaintiff's good faith and the minimal actual cost to the Defendants.

Respectfully submitted,

Russell Greer
/rgreer/
4-15-26

3

**CERTIFICATE OF SERVICE:**

Pursuant to FRCP 5(b), I certify that on 4-15-26, I served a true and correct copy of the attached document by ECF to all attorneys on record.