Russell Greer
1100 Dumont Blvd
Apt 139
Las Vegas, NV 89169
801-895-3501
russmark@gmail.com
Pro Se Litigant

---

## IN THE UNITED STATES DISTRICT COURT

## DISTRICT OF UTAH

| | |
|---|---|
| **RUSSELL GREER** | **PLAINTIFF'S RESPONSE TO DEFENDANTS' OBJECTION TO ORDER AT ECF NO. 460** |
| Plaintiff | |
| v. | Case No.:   2:24-cv-00421-DBB-JCB |
| **JOSHUA MOON ET AL**, | |
| Defendants | |

1

Plaintiff Russell Greer hereby responds to Defendants' Objection to the Magistrate Judge's Order at ECF No. 460. The Magistrate Judge's decision to maintain the seal on Plaintiff's 2020 *in forma pauperis* (IFP) application is neither "clearly erroneous" nor "contrary to law". Defendants seek to unseal sensitive financial records based on delusional theories and a desire to facilitate further public harassment via their online platform, Kiwi Farms. This Court should overrule the Objection.

## I. ARGUMENT

### 1. Defendants Fail to Meet the High Burden of Rule 72(a)

A District Judge may only set aside a Magistrate Judge's order on non-dispositive matters if it is "clearly erroneous or is contrary to law". Defendants argue the motion is "dispositive" in an attempt to trigger a *de novo* review; however, a motion to unseal a years-old financial application does not resolve any claim or defense on its merits. The Magistrate Judge correctly recognized that a universal practice of protecting IFP applicants' privacy exists in this District.

### 2. 28 U.S.C. § 1915(e)(2)(A) Does Not Authorize Fishing Expeditions

This statute is not a sword for defendants to conduct intrusive discovery into a plaintiff's private life.

- Plaintiff's 2020 application was filed during a specific window moving from Utah to Nevada and he was trying to file this current case by the statute of limitations.
- The fact that Plaintiff's IFP status was later revoked does not prove the original 2020 allegations were "untrue" at the time they were made.
- Defendants admit they cannot "be sure" if the application is untrue without seeing it. This is the definition of a "fishing expedition" based on speculation rather than evidence.

**3. Plaintiff's Privacy Interests Outweigh the Presumption of Access**

While there is a general presumption of access to judicial documents, this right is not absolute.

- IFP applications contain highly sensitive personal financial information.

- Defendants' "public interest" argument is a pretext. The "public" Defendants represent is an online forum known as Kiwi Farms, which has already caused significant damage to Plaintiff.

- Unsealing these documents would not serve "accountability"; it would only provide more material for a targeted harassment campaign.

**4. There is Nothing "Puzzling" About Plaintiff's Financial Disclosures**

Defendants claim Plaintiff's subsequent statements regarding his finances are "puzzling". There is no mystery: Plaintiff's financial status at the time of filing was impacted by the costs and logistics of moving while facing a statute of limitations deadline. A temporary lack of liquid assets during a move is consistent with an IFP application, even if a party's broader financial outlook improves later.

## II. CONCLUSION

Defendants have provided no evidence of fraud—only "puzzling" theories and a desire to bypass privacy protections. The Magistrate Judge acted within his discretion to protect sensitive data from a known harassment platform.

**WHEREFORE**, Plaintiff respectfully requests that this Court overrule Defendants' Objection and affirm the Order at ECF No. 460.

Respectfully submitted,

Russell Greer
/rgreer/
4-28-26

Case 2:24-cv-00421-DBB-JCB   Document 473   Filed 04/28/26   PageID.3205   Page 4 of 5

**CERTIFICATE OF SERVICE:**

Pursuant to FRCP 5(b), I certify that on 4-28-26, I served a true and correct copy of the attached document by ECF to all attorneys on record.