FILED
2026 JUN 2 AM 8:26
CLERK
U.S. DISTRICT COURT

Russell Greer
1100 Dumont Blvd
Apt 139
Las Vegas, NV 89169
801-895-3501
russmark@gmail.com
Pro Se Litigant

## IN THE UNITED STATES DISTRICT COURT

## DISTRICT OF UTAH

| | |
|---|---|
| **RUSSELL GREER** | **PLAINTIFF'S SUPPLEMENTAL NOTICE IN SUPPORT OF PENDING MOTION TO DISQUALIFY COUNSEL** |
| Plaintiff | |
| v. | |
| **JOSHUA MOON ET AL**, | Case No.:    2:24-cv-00421-DBB-JCB |
| Defendants | |

1

Plaintiff Russell Greer submits this supplemental notice in support of Plaintiff's pending motion to disqualify attorney Matthew D. Hardin.

The pattern involving Mr. Hardin has become impossible for Plaintiff to ignore and has moved far beyond what Plaintiff considers ordinary advocacy in a copyright dispute. In January 2026, Mr. Hardin filed a notice in this Court regarding Plaintiff's separate Nevada employment lawsuit against ViaTRON Systems, Inc. even though the Nevada matter had nothing to do with the copyright claims before this Court.

Then in February 2026, despite discovery being stayed, Mr. Hardin emailed Plaintiff initial disclosures containing bizarre fabricated accusations involving supposed "tax fraud" claims tied to ViaTRON, even though no such issue existed in this case and those accusations had nothing to do with the claims before this Court. Those disclosures also referenced Plaintiff's DETR counselor Jerry Leach in connection with the ViaTRON allegations. Around that same time, Jerry Leach informed Plaintiff that Jordan Fetenmier had been contacting him regarding Plaintiff while discovery was stayed.

Then in April 2026, Plaintiff defeated ViaTRON's motion to dismiss in Nevada. Shortly thereafter, ViaTRON's former counsel withdrew and new counsel appeared consisting of J.P. Gutierrez of Maier Gutierrez & Associates. On the appearance filing itself, the filing referenced "Matthew D. Hardin forthcoming." Plaintiff further discovered that the new defense-side service contacts associated with the Nevada proceedings included both MGA docketing contacts and a proton.me contact for Jordan Fetenmier.

This immediately alarmed Plaintiff because Jordan Fetenmier was the exact same name Jerry Leach had already told Plaintiff had been contacting him during the discovery stay. Plaintiff later directly asked Nevada counsel J.P. Gutierrez who Jordan Fetenmier was and received no response or clarification whatsoever.

Mr. Hardin then formally sought pro hac vice admission into the Nevada ViaTRON proceedings and became heavily involved in the arbitration process.

The pattern itself has become deeply disturbing to Plaintiff.

First, Mr. Hardin inserted Plaintiff's Nevada case into the Utah proceedings. Then, Mr. Hardin sent Plaintiff bizarre fabricated accusations involving ViaTRON and Jerry Leach despite discovery being stayed. Then, Jerry Leach informed Plaintiff that Jordan Fetenmier had been contacting him regarding Plaintiff. Then, after ViaTRON lost its motion to dismiss and former counsel withdrew, new counsel appeared with "Matthew D. Hardin forthcoming" on the filing and Jordan Fetenmier suddenly appearing as a service contact tied to the Nevada proceedings.

To Plaintiff, this no longer feels like ordinary legal advocacy. It feels as though Mr. Hardin is following Plaintiff from case to case and inserting himself into unrelated disputes involving Plaintiff's employment, finances, and personal life. Plaintiff cannot determine whether this stems from personal hostility toward Plaintiff, ideological disagreements with Plaintiff's advocacy positions, or some other motivation. What Plaintiff does know is that the dispute has become far larger than merely defending a copyright infringement case.

This has all now ranged from Hardin doing public records requests in winnemucca to now inserting himself into plaintiff's personal employment dispute. It's honestly very jarring.

Plaintiff did not initially oppose Mr. Hardin's pro hac vice admission in Nevada because Plaintiff was homeless during portions of these proceedings, financially overwhelmed, and simply wanted to recover the money Plaintiff believes ViaTRON owes him, hence why ViaTRON has stipulated to fast track arbitration. This all reinforces Plaintiff's fear that Mr. Hardin's involvement has become personal and is continuing to expand beyond the ordinary bounds of litigation.

Plaintiff therefore respectfully requests that the Court consider this supplemental notice in connection with Plaintiff's pending motion to disqualify counsel.

Should the court grant disqualification, plaintiff does plan to seek disqualification in Nevada as well.

Respectfully submitted,

/rgreer/

6-2-26

**CERTIFICATE OF SERVICE:**

Pursuant to FRCP 5(b), I certify that 6-2-26, I served a true and correct copy of the attached document by ECF to all attorneys on record.

**EXHIBIT A**

**7:00**

**Notification of Se...**
5/21/2026 5:19 PM PS...

| | |
|---|---|
| **Filing Type** | Notice of Entry of Order - NEOJ (CIV) |
| **Filing Description** | Notice of Entry of Order Admitting to Practice |
| **Filed By** | Charity Johnson |
| **Service Contacts** | Russell G Greer:<br><br>Russell Greer (russmark@gmail.com)<br><br><br><br>Viatron Corporation:<br><br>MGA Docketing (docket@mgalaw.com)<br><br><br><br>Other Service Contacts not associated with a party on the case:<br><br>Jordon Fentenmier (jordonfetenmier@proton.me) |

| Document Details | |
|---|---|
| **Served Document** | Download Document |
| This link is active for 30 days. | |



3:03

◀ Mail

.ıl 5G 4

ORDR
JOSEPH A. GUTIERREZ, ESQ.
Nevada Bar No. 9046
JEAN PAUL HENDRICKS, ESQ.
Nevada Bar No. 10079
**MAIER GUTIERREZ & ASSOCIATES**
8816 Spanish Ridge Avenue
Las Vegas, Nevada 89148
Telephone: (702) 629-7900
Facsimile: (702) 629-7925
Email: jag@mgalaw.com
jph@mgalaw.com

MATTHEW D. HARDIN, ESQ. (*admitted pro hac vice*)
New York Bar No. 5899596
**HARDIN LAW OFFICE**
101 Rainbow Drive, Suite 11506
Livingston, Texas 77399
Phone: (202) 802-1948
Email: matthewdhardin@protonmail.com

*Attorneys for Defendant Viatron, Inc.*

**DISTRICT COURT**

**CLARK COUNTY, NEVADA**

| | |
|---|---|
| RUSSELL GREER, an individual,<br><br>Plaintiff,<br><br>vs.<br><br>VIATRON, INC., a Nevada Corporation; DOES I through X; and ROE CORPORATIONS I through X, inclusive,<br><br>Defendants. | Case No.: A-26-937678-C<br>Dept. No.: XIII<br><br>**ORDER ADMITTING TO PRACTICE**<br>[Matthew D. Hardin, Esq.] |

Matthew D. Hardin, Esq. having filed his motion to associate counsel under Nevada Supreme Court Rule 42, together with a Verified Application for Association of Counsel, Certificates of Good Standing from the District of Columbia and states of Maryland, Minnesota, New York, North Dakota, Vermont, Virginia, and Washington, and State Bar of Nevada Statement; said application having been noticed, no objections having been made, and the Court being fully apprised in the premises, and good cause appearing, it is hereby,

/ / /

1

Case Number: A-26-937678-C

ORDERED, that said application is hereby GRANTED, and Matthew D. Hardin, Esq. is hereby admitted to practice in the above-entitled Court for the purposes of the above-entitled matter only.

By accepting this admission, Matthew D. Hardin, Esq. agrees to submit to jurisdiction and appear without subpoena for any proceedings required by the Court which relate to Matthew D. Hardin, Esq.'s conduct in this matter including motions, depositions, and evidentiary hearings. SCR 42(13)(a).

IT IS SO ORDERED.

Dated this 21st day of May, 2026

SJW

19F 1C8 98B5 004A
Mark R. Denton
District Court Judge

Respectfully submitted,

**MAIER GUTIERREZ & ASSOCIATES**

*/s/ Jean-Paul Hendricks, Esq.*
JOSEPH A. GUTIERREZ, ESQ.
Nevada Bar No. 9046
JEAN-PAUL HENDRICKS
Nevada Bar No. 10079
8816 Spanish Ridge Avenue
Las Vegas, Nevada 89148

Matthew D. Hardin, Esq.
(*admitted pro hac vice*)
New York Bar No. 5899596
**HARDIN LAW OFFICE**
101 Rainbow Drive, 11506
Livingston, Texas 77399
*Attorneys for Defendant Viatron, Inc.*

nevada.tylertech.cloud