**Matthew D. Hardin (*pro hac vice*)**
**HARDIN LAW OFFICE**
101 Rainbow Drive # 11506
Livingston, TX 77399
Telephone: (202) 802-1948
Email: MatthewDHardin@gmail.com
*Attorney for Defendants*
*Joshua Moon and Lolcow, LLC*

THE UNITED STATES DISTRICT COURT
DISTRICT OF UTAH

| | |
|---|---|
| RUSSELL GREER,<br><br>    Plaintiff,<br><br>v.<br><br><br>JOSHUA MOON, *et al*.<br><br>    Defendants. | **DEFENDANTS' RESPONSE TO "SUPPLEMENTAL NOTICE" AT ECF No. 474**<br><br><br>Case No. 2:24-cv-00421-DBB<br><br><br>District Judge David Barlow<br>Magistrate Judge Jared C. Bennett |

NOW COME Defendants, Joshua Moon and Lolcow, LLC, by and through their undersigned counsel, and file this response to Mr. Greer's "Supplemental Notice" at ECF No. 474. In response, Defendants state as follows:

1. Defendants remain unclear as to what legal basis for disqualification Mr. Greer is asserting as against undersigned counsel. No rule of conduct, statute, or other authority is cited in Mr. Greer's "supplement." To the extent that the "supplement" does not put undersigned counsel or the Court on notice of what claims Mr. Greer is raising, Mr. Greer's motion should be denied on that basis. Counsel cannot defend himself against generalized grievances in the absence of any specific allegations of wrongdoing or violation of any specific duty to participants in the legal process.

2. To the extent that Mr. Greer's core factual allegation appears to be that undersigned counsel is representing multiple Defendants who have been sued by Mr. Greer, counsel is aware of no conflict of interest. It appears that multiple targets of Mr. Greer's nationwide campaign of vexatious litigation prefer counsel who is fully familiar with Mr. Greer and his history of particular behaviors and litigation tactics. That is hardly surprising and is not grounds for disqualification. Undersigned counsel is grateful for the trust his numerous clients have put in him with respect to all of Mr. Greer's pending suits.

3. To the extent that Mr. Greer simultaneously claims that undersigned counsel's appearance in a Nevada proceeding merits disqualification in Utah, but also concedes that he did not object to the Nevada appearance, Mr. Greer's sudden filing at ECF No. 274 is both late and filed in the wrong Court. *Cf.* Exhibit A. The Nevada District Court is fully capable of supervising undersigned counsel's advocacy in Nevada, and it is not at all clear what role a Utah federal court can have in regulating an attorney's practice before a state court in a different state, especially where the court in Nevada has not even been apprised of Mr. Greer's grievances arising from Nevada practice (let alone ruled on such grievances).

4. To the extent that Mr. Greer raises all manner of factual allegations as to Jerry Leach or Jordan Fetenmier,[1] undersigned counsel is unfamiliar with the alleged actions of those individuals. To the extent the Court wishes to consider any such allegations of

---

[1] Mr. Greer is incorrect to state that Mr. Fetenmier is a "defense-side service Contact[]" in Nevada litigation. Neither Defendants in this case nor in the Nevada case added Mr. Fetenmier to any service list. It appears from Exhibit A at 3 that Mr. Fetenmier signed up for e-service voluntarily because the public is permitted to do so in Nevada courts. Mr. Greer's allegations that defense counsel in Utah is responsible for the actions of third parties in another state are difficult to comprehend.

fact, Defendants request an evidentiary hearing at which these allegations can be explored and tested by way of a thorough and searching cross examination.

DATED June 2, 2026

**HARDIN LAW OFFICE**

 */s/ Matthew D. Hardin*
**Matthew D. Hardin**
*Attorney for Defendants*
*Joshua Moon and Lolcow, LLC*