FILED
2026 JUN 3
CLERK
U.S. DISTRICT COURT

Russell Greer
1100 Dumont Blvd
Apt 139
Las Vegas, NV 89169
801-895-3501
russmark@gmail.com
Pro Se Litigant

# IN THE UNITED STATES DISTRICT COURT

## DISTRICT OF UTAH

| | |
|---|---|
| **RUSSELL GREER** | **PLAINTIFF'S REPLY IN SUPPORT OF SUPPLEMENTAL NOTICE** |
| Plaintiff | |
| v. | Case No.:    2:24-cv-00421-DBB-JCB |
| **JOSHUA MOON ET AL**, | |
| Defendants | |

1

Plaintiff Russell Greer respectfully submits this Reply to Defendants' Response (ECF No. 475) regarding Plaintiff's Supplemental Notice in Support of Pending Motion to Disqualify Matthew D. Hardin.

## I. LEGAL ARGUMENT

### A. Defendants' Response Intentionally Misses the Forest for the Trees

Defendants' response is a desperate attempt to reduce a severe, cross-jurisdictional pattern of personal harassment into a series of disconnected procedural technicalities. He argues that Plaintiff's filing should be denied because it fails to re-cite specific rules of conduct or statutory authority within the text of the supplement itself. This argument completely misses the forest for the trees.

ECF No. 474 is a **Supplemental Notice**, clearly captioned as being submitted **"in support of Plaintiff's pending motion to disqualify counsel"**. It is not a standalone motion. The governing legal standards, ethical rules, and relevant authorities—including the *Utah Rules of Professional Conduct* and Tenth Circuit precedent—were already fully briefed and established in the first Motion to Disqualify. A supplemental notice exists to feed newly emerging facts to a pending motion; it does not require a repetitive recitation of the underlying legal framework. Defendants are hiding behind procedural word games to avoid addressing their own lawyer's behavior.

### B. Plaintiff Has Conceded Nothing; Prioritizing Wage Recovery Is Not a Waiver of Objections

Defendants claims that because Plaintiff did not instantly block Mr. Hardin's *pro hac vice* admission in a separate Nevada state case, Plaintiff has somehow "conceded" to Hardin's appearance or waived his grievances. This completely twists Plaintiff's explicit statements and relies on a completely fabricated legal standard. There is zero rule in existence stating that a

litigant's initial decision not to oppose a *pro hac vice* application bars them from moving for disqualification later—especially as a deeply disturbing pattern of behavior continues to unfold.

As stated in the supplemental notice, Plaintiff's priority in the Nevada matter was entirely on getting a stipulated fast-track arbitration rolling, out of immediate economic necessity. Plaintiff was enduring periods of homelessness and severe financial distress. Survival and recovering owed money took immediate precedence over spending a month fighting a *pro hac vice* application. Choosing to prioritize arbitration under extreme personal duress is not a legal concession.

Furthermore, Plaintiff explicitly stated in the notice that **"should the court grant disqualification, plaintiff does plan to seek disqualification in Nevada as well"**. Plaintiff is waiting for *this* Court to rule because it was *this* Court where Hardin first improperly injected the Nevada proceedings.

**D. Hardin's Unprecedented Intrusion into an Unrelated Employment Case Begs Three Real Possibilities**

The fact that a copyright defense lawyer felt oddly compelled to suddenly jump into a completely separate state-level workplace dispute involving Plaintiff's employer begs exactly three possibilities:

1. **Hardin is completely starving for clients,** to the point of chasing a *pro se* litigant into entirely unrelated areas of state law, in another state,  just to bill hours.
2. **Hardin personally hates Plaintiff,** which perfectly emphasizes the ongoing "taunting" and personal animus argument Plaintiff has consistently shown this Court.
3. **Hardin is doing it directly for Kiwi Farms,** acting as a pipeline to feed information to an online mob.

Simple research reveals that documentation regarding Plaintiff's separate Nevada employment case is already being actively tracked, uploaded, and discussed directly on Kiwi Farms.

It is *this* Court where Hardin actively chose to sabotage Plaintiff's professional connections in Winnemucca regarding matters completely unrelated to copyright law. It is *this* Court where Hardin has repeatedly and baselessly labeled Plaintiff as "dangerous" in public filings. And it is *this* Court where Hardin attempted to introduce a well-known online trash-talker, Natalie Banks, as a witness to air highly sensationalized, personal attacks rather than focusing on legitimate copyright defenses like fair use. Hardin chose to hit below the belt in *this* courtroom, and *this* Court has the inherent authority to stop it. The supplemental authority was filed to show that this pattern is not stopping. Mr. Hardin wants a pound of plaintiff's flesh and it is quite jarring.

## II. CONCLUSION

Plaintiff has conceded nothing. Plaintiff is properly utilizing the supplemental process to inform this Court of ongoing, real-world developments that bear directly upon Hardin's fitness to practice before this Court. Plaintiff respectfully requests that this Court consider the facts in the Supplemental Notice (ECF No. 474) alongside the pending **Motion to Disqualify** and grant the relief requested therein.

Respectfully submitted,

/rgreer/

6-3-26

**CERTIFICATE OF SERVICE:**

Pursuant to FRCP 5(b), I certify that 6-3-26, I served a true and correct copy of the attached document by ECF to all attorneys on record.