**Matthew D. Hardin (*pro hac vice*)**
**HARDIN LAW OFFICE**
101 Rainbow Drive # 11506
Livingston, TX 77399
Telephone: (202) 802-1948
Email: MatthewDHardin@gmail.com
*Attorney for Defendants*
*Joshua Moon and Lolcow, LLC*

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH

| | |
|---|---|
| RUSSELL GREER, | **DEFENDANTS' MOTION FOR JUDGMENT ON THE PLEADINGS** |
| Plaintiff, | |
| v. | Case No. 2:24-cv-00421-DBB |
| JOSHUA MOON, *et al*. | District Judge David Barlow |
| | Magistrate Judge Jared C. Bennett |
| Defendants. | |

NOW COME Defendants Joshua Moon and Lolcow, LLC, by and through their undersigned counsel, and move for judgment on the pleadings pursuant to Fed. R. Civ. P. 12(c). This Motion revisits, in part, arguments made in the Alternative at ECF No. 274 (Defendants stated that their earlier Motion to Dismiss could be construed as a Motion for Judgment on the Pleadings).[1] It also seeks, for the first time, Judgment on the Pleadings as to the Counterclaim. ECF No. 456-1.

Defendants seek judgment on two grounds:

First, the pleadings establish that Plaintiff's contributory copyright infringement claims (Counts I and II of the First Amended Complaint, ECF No. 247) fail as a matter of law under the framework the Supreme Court announced this Term in *Cox*

---

[1] These arguments are raised again because of an intervening change in law. ECF No. 477.

1

*Communications, Inc. v. Sony Music Entertainment*, 607 U.S. ___ (2026), and *Hikma Pharmaceuticals USA Inc. v. Amarin Pharma, Inc.*, 608 U.S. ___ (2026).

Second, Plaintiff's Answer to Defendants' Counterclaim (ECF No. 464) fails to deny the core factual allegations in the Counterclaim (ECF No. 456-1), and those allegations are therefore admitted under Fed. R. Civ. P. 8(b)(6). Defendants are entitled to judgment on the Counterclaim because the admitted allegations suffice to establish every element of liability on these claims.

**PART ONE: PLAINTIFF'S COPYRIGHT CLAIMS**

**I. Standard of Review**

A motion for judgment on the pleadings under Rule 12(c) is evaluated under the same standard as a motion to dismiss under Rule 12(b)(6). The Court accept[s] as true the well-pleaded factual allegations in the complaint and determines whether the plaintiff has stated "a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The complaint must allege "more than a sheer possibility that a defendant has acted unlawfully." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Where the alleged facts are "merely consistent with a defendant's liability," the complaint "stops short of the line between possibility and plausibility." *Id.* On a Rule 12(c) motion, the Court considers the pleadings, including admissions in the answer, and matters subject to judicial notice. This Motion is timely because no trial date has been set. Fed. R. Civ. P. 12 (c).

**II. *Cox* and *Hikma* Foreclose Plaintiff's Contributory Copyright Infringement Claims.**

Recent Supreme Court jurisprudence sharply limits the framework for contributory copyright liability. Mr. Greer's complaint does not satisfy the demanding test the Supreme Court has imposed.

**A. *Cox* Limits Contributory Copyright Liability to Two Pathways.**

In *Cox Communications, Inc. v. Sony Music Entertainment*, 607 U.S. ___ (2026), the Supreme Court held, with no Justice dissenting, that "a company is not liable as a copyright infringer for merely providing a service to the general public with knowledge that it will be used by some to infringe copyrights." Slip op. at 1. The Court held that contributory copyright liability can be established in only two ways: (1) the defendant "induc[ed] the infringement," or (2) the defendant "sold a service tailored to infringement." *Id.* at 2. Mr. Greer's allegations are insufficient to satisfy either pathway.

As to tailoring: Kiwi Farms is a general-purpose Internet forum on which users post commentary, criticism, and discussion on a wide range of topics. *See* ECF No. 247, ¶¶ 14–15 (Plaintiff's own allegations describing the site's purpose as commentary on individuals Defendants "have deemed to be eccentric and weird"); ECF No. 456, ¶ 31 (Defendants noting that "Plaintiff's own characterization confirms the website's purpose is critical discussion, not the exploitation of copyrighted material"). This website is plainly "capable of 'substantial' or 'commercially significant' noninfringing uses." *Cox*, slip op. at 9 (quoting *Sony Corp. of Am. v. Universal City Studios, Inc.*, 464 U.S. 417, 442 (1984)). Mr. Greer does not allege otherwise.

As to inducement: the allegations in the First Amended Complaint (ECF No. 247), even taken as true, describe conduct that falls well short of the "clear expression or other

3

affirmative steps taken to foster infringement" that *Metro-Goldwyn-Mayer Studios Inc. v. Grokster, Ltd.*, 545 U.S. 913, 936 (2005), requires.

**B. Plaintiff's Own Allegations Defeat His Inducement Theory Under *Hikma*.**

In *Hikma Pharmaceuticals USA Inc. v. Amarin Pharma, Inc.*, 608 U.S. ___ (2026), the Supreme Court clarified the "active steps" standard that *Grokster* established for inducement. Because *Grokster* was itself a copyright case, and because *Cox* applied *Grokster* to the copyright contributory liability context, *Hikma*'s clarification is directly applicable here. Three features of *Hikma* are dispositive.

Nor is *Hikma* remote simply because it arose under patent law. *Cox* expressly anchored contributory copyright liability to the same patent-law analogues: active inducement and a product or service adapted to infringement. *Cox*, slip op. at 7-8. Thus, when *Hikma* explains what does, and does not, constitute 'active steps' to induce infringement, it clarifies the very standard that *Cox* imports into contributory copyright liability. The point is not that patent law governs this case. The point is narrower and stronger: the Supreme Court has now rejected contributory liability based on speculative readings of ambiguous statements, omissions, and ordinary conduct with obvious lawful explanations.

***1. The "could be read as encouragement" theory is foreclosed.***

In *Hikma*, the Supreme Court held that the central question is "whether [the defendant] actively encouraged infringement through its statements, not merely how others may understand those statements." Slip op. at 9 n.3. The Court expressly "reject[ed]" the practice of asking whether a defendant's statements "could be read" as encouragement. *Id.*

Mr. Greer's own complaint alleges that Moon "published Plaintiff's requests onto Kiwi Farms and explained that there was so 'much wrong' with Greer's request for it to even be considered." ECF No. 247, ¶ 40. Moon "derided him for using a template for his DMCA request." ECF No. 247, ¶ 65. Moon "posted the DMCA take down request onto his site, mocking it." ECF No. 247, ¶ 90. In the Answer, Defendants admitted publishing the correspondence. ECF No. 456, ¶ 64. Even on Mr. Greer's own telling, Moon's conduct was mockery directed at Mr. Greer, not a communication "designed to stimulate others to commit" copyright infringement. *Grokster*, 545 U.S. at 937.

### 2. The admitted conduct has an "obvious alternative explanation."

*Hikma* held that when a defendant's conduct has an "obvious alternative explanation," *Twombly*, 550 U.S. at 567, the complaint fails the plausibility standard. Slip op. at 10-11. The Court identified "complying with the law or with standard industry practice" as exactly such an explanation. *Id.* at 11.

Two obvious alternative explanations appear on the face of the pleadings. First, Moon's publication of the DMCA notice is standard industry practice. Major Internet platforms, including Google (via the Lumen Database), GitHub, and X (formerly Twitter), routinely republish DMCA takedown notices for transparency purposes.[2] The Court may consider these publicly available facts as context on a Rule 12(c) motion, or take judicial

---

[2] See Lumen, https://lumendatabase.org (collecting and publishing DMCA takedown notices for transparency; formerly Chilling Effects, a joint project of the Electronic Frontier Foundation and Harvard University's Berkman Klein Center for Internet & Society); GitHub DMCA Takedowns, https://github.com/github/dmca (publishing all DMCA notices received); X Transparency Center, https://transparency.x.com/en/reports/copyright-notices (same). Google, GitHub, and X publicly report or publish DMCA notices for transparency purposes. The Court may take judicial notice of these publicly available facts. Fed. R. Evid. 201(b)(2); *see also Hikma*, slip op. at 10-11 (identifying standard industry practice as an "obvious alternative explanation" that defeats plausibility).

notice of them under Fed. R. Evid. 201(b)(2). Second, Moon's refusal to remove the material was based on a good-faith fair use defense. The Answer admits that Moon "stated a good-faith belief that the use of Plaintiff's work constituted fair use, and declined to remove the material on that basis." ECF No. 456, ¶ 67. A good-faith legal position is not inducement of infringement. Defendants do not ask the Court to adjudicate fair use on this motion. The point is simpler. A stated fair-use position, even if disputed, cannot be transmogrified into an instruction, solicitation, advertisement, or design feature encouraging third parties to infringe.

### 3. Plaintiff's Failure-To-Act Theory Cannot Supply Inducement.

The *Hikma* Court held that "mere omissions, inactions, or nonfeasance" cannot support inducement liability. Slip op. at 11-12 (quoting *Twitter, Inc. v. Taamneh*, 598 U.S. 471, 489 (2023)). Mr. Greer's own pleadings confirm that his theory rests on exactly such nonfeasance. The First Amended Complaint states that Plaintiff "brings this action seeking to put an immediate stop to" Defendants' conduct. ECF No. 247, ¶ 5. It alleges that "Greer has tried everything to get the site to stop harassing him." ECF No. 247, ¶ 41. In essence, Mr. Greer's claim is that Moon should have stopped third-party users from posting copyrighted material. That is a failure-to-act theory. After *Hikma* and *Taamneh*, it cannot sustain a claim for contributory copyright infringement. Mr. Greer's claim therefore fails as a matter of law.

To be clear, Defendants do not contend that Mr. Greer alleges only nonfeasance. He also alleges affirmative acts: publishing the takedown notice and allegedly mocking it. But the question under *Hikma* and *Grokster* is not whether the defendant took *any* affirmative act. Instead, the relevant question is whether the defendant took affirmative

6

acts "to foster infringement." *Grokster*, 545 U.S. at 936. Moon's alleged acts were directed at Mr. Greer, not at third-party infringers. Mr. Greer's only relevant affirmative allegations of action on the part of Mr. Moon or Lolcow, LLC consist of episodes that he alleges were anti-Greer mockery and defiance, not marketing, solicitation, product design, or instruction directed at users to infringe. That distinction is dispositive.

**C. The Answer's Admissions Confirm the Absence of Inducement.**

On a Rule 12(c) motion, the Court may consider the Answer as well as the Complaint. The Answer's admissions are revealing:

Defendants admit that Moon published Greer's correspondence. ECF No. 456, ¶ 64; ¶ 119.

Defendants admit that Moon declined to remove the disputed material on the basis of a good-faith fair use position. ECF No. 456, ¶ 67.

Defendants admit the basics of an exchange Mr. Greer characterizes as a "try me" exchange. The sequence, as alleged in the First Amended Complaint, is as follows: Mr. Greer sent a DMCA takedown notice. ECF No. 247, ¶¶ 62–63. Moon published the notice and responded by email, asserting a good-faith belief in fair use and stating he would not remove the material. ECF No. 247, ¶ 67; ECF No. 456, ¶ 67 (admitting this). Mr. Greer then challenged Moon's understanding of fair use, to which Moon replied "Try me." ECF No. 247, ¶ 68; ECF No. 456, ¶ 68 (admitting the exchange but denying the word "smugly"). In context, "try me" was defiance directed at the copyright claimant in a dispute about fair use. It was not a communication to third-party users encouraging them to infringe.

None of these admissions establish that Moon took "active steps . . . to encourage direct infringement." *Grokster*, 545 U.S. at 936. Publishing a takedown notice is standard

industry practice.[3] Declining to remove material based on a fair use defense is a legal position, not encouragement. Even as Mr. Greer would have it, telling a copyright claimant "try me" is defiance of a legal demand directed at the claimant, not encouragement of third-party infringement.

Mr. Greer also alleges that Kiwi Farms' reputation "attracts users of a mind to infringe," ECF No. 247, ¶ 99 (quoting *Grokster*, 545 U.S. at 938), and that Moon's FAQ page characterizes "non-famous" works as fair use, which "would inspire direct infringers to infringe." ECF No. 247, ¶ 98. These allegations do not save Mr. Greer's claims. After *Cox*, merely operating a platform that some users exploit for infringement is not inducement. *Cox*, slip op. at 7–9. And a general fair use policy is a legal position, not an advertisement or solicitation "designed to stimulate others to commit violations." *Grokster*, 545 U.S. at 937. Mr. Greer has identified no statement or action by Defendants that was designed to promote copyright infringement, as opposed to commentary and criticism that incidentally involved copyrighted material.

**PART TWO: DEFENDANTS' COUNTERCLAIM**

**III. Plaintiff's Answer to the Counterclaim Fails to Deny the Factual Allegations, Which Are Therefore Admitted.**

Rule 8(b)(6) of the Federal Rules of Civil Procedure provides that "[a]n allegation—other than one relating to the amount of damages—is admitted if a responsive pleading is required and the allegation is not denied." The Counterclaim, ECF No. 456-1, contains 55 numbered paragraphs of factual allegations. Plaintiff's Answer to the Counterclaim,

---

[3] See supra n.2.

ECF No. 464, does not respond to a single one of them by number. And the only express denial appears to relate to damages. *Id.* at 3.

Instead, Plaintiff's Answer offers generalized narrative responses organized by Count. It does not admit or deny any specific factual allegation. As Defendants explained in their Motion to Strike, ECF No. 469, the Answer "does not put either the counterclaimants or the Court on notice of what issues are in dispute." *Id.* at 1. Defendants attempted to be magnanimous, and offered Plaintiff the opportunity to file a Rule 8(b)(6)-compliant Answer. ECF No. 469 at 4. Mr. Greer refused that generous offer. ECF No. 471. In his Opposition, Plaintiff not only declined but was contemptuous of the request and attacked the Defendants for expressing their bewilderment. Specifically, the Plaintiff stated: "If Matthew Hardin, with twelve years of experience, truly cannot understand these plain-English denials, that is a failure of his own training and education, not a deficiency in the Plaintiff's pleading." *Id*. at 2. Plaintiff further stated he was "done with these 'gotcha' games" and that "Defendants are attempting to win by technicality because they cannot win on the facts." ECF No. 471 at 3. Rather than request leave to amend (which Mr. Moon and Lolcow, LLC specifically offered), Plaintiff insisted his Answer was sufficient and that the rules of pleading were merely a "contest of who can follow the most rigid formatting." ECF No. 471 at 3.

Rule 8(b)(6) is not a technicality or a formatting contest. It is a rule of pleading that this Court must enforce. Because Plaintiff failed to deny the factual allegations in the Counterclaim, and because he was given the opportunity to cure the deficiency and refused, those allegations are admitted. Even disregarding labels and legal conclusions, the admitted historical facts and procedural record establish liability. *See Bodied by Bella*

*Boutique LLC v. Bodyed By Bella LLC*, No. 2:21-cv-00693, 2023 U.S. Dist. LEXIS 12327, at *1 n.2 (D. Utah Jan. 23, 2023) ("A failure to deny a well-pleaded allegation, other than an allegation of damages, constitutes an admission of the fact."). Although Plaintiff proceeds pro se and is entitled to liberal construction of his pleadings, he is not excused from following procedural rules. *See Shelter Mut. Ins. Co. v. Fuentes-Venuti*, No. 1:23-cv-01755, 2024 U.S. Dist. LEXIS 77039, at *2 (D. Colo. Jan. 10, 2024) (striking noncompliant answer and requiring compliance with Rule 8).

The following list identifies the key admitted facts, along with the specific counterclaim paragraphs and the corresponding deemed admission in Plaintiff's Answer:

• Mr. Greer filed an *ex parte* civil application in Nevada seeking to curtail Mr. Hardin's ability to investigate the claims against his clients. Counterclaim, ECF No. 456-1, ¶ 19. *Plaintiff's Answer does not deny this allegation.* ECF No. 464 at 2 (addressing Counts I & II generally but not responding to ¶ 19). It is deemed admitted under Rule 8(b)(6).

• Mr. Greer sought the application *ex parte* so that neither Mr. Hardin nor his clients would be able to respond. Counterclaim, ECF No. 456-1, ¶ 20. *Plaintiff's Answer does not address this allegation at all.* It is deemed admitted under Rule 8(b)(6).

• Mr. Greer expressly admitted in a filing with this Court (ECF No. 422) that he went to the Justice Court in Nevada because he had twice sought relief in this Court but had not been awarded such relief. Counterclaim, ECF No. 456-1, ¶ 21. *Plaintiff's Answer does not address this allegation.* It is deemed admitted under Rule 8(b)(6).

• A Nevada judge found that Mr. Hardin's conduct "does not fall within the definition of 'stalking' . . . or 'harassment.'" Counterclaim, ECF No. 456-1, ¶ 22. *Plaintiff's Answer does not address this finding.* It is deemed admitted under Rule 8(b)(6).

• The Nevada proceedings terminated in Mr. Hardin's favor. Counterclaim, ECF No. 456-1, ¶ 30. *Plaintiff's Answer does not deny this.* It is deemed admitted under Rule 8(b)(6).

• Mr. Greer had no probable cause to initiate a civil suit against Mr. Hardin in Nevada. Counterclaim, ECF No. 456-1, ¶ 26. *Plaintiff does not deny Counterclaim ¶ 26 by paragraph, and his generalized statement that he had a "reasonable belief" that a protective order was necessary (ECF No. 464 at 3) does not fairly respond to the objective probable-cause allegation.* To the extent this constitutes a denial, it is vague and insufficient under Rule 8(b); to the extent it does not, the allegation is deemed admitted under Rule 8(b)(6).

• Mr. Greer's motivation was to derail Mr. Hardin's defense of his clients in this Court. Counterclaim, ECF No. 456-1, ¶ 29. *Plaintiff's Answer states generally that the Nevada filing was not to "evade jurisdiction" (ECF No. 464 at 2), but does not specifically deny ¶ 29 or its allegation regarding Mr. Greer's motivation to derail the defense.* The allegation in the counterclaim is deemed admitted under Rule 8(b)(6).

• Mr. Greer intentionally filed the Nevada action to interfere with Mr. Hardin's representation of Joshua Moon and Lolcow LLC. Counterclaim, ECF No. 456-1, ¶ 46. *Plaintiff's Answer does not address this allegation.* It is deemed admitted under Rule 8(b)(6).

Even disregarding labels and legal conclusions, the deemed admissions, together with the undisputed procedural record, establish Defendants' entitlement to judgment on each Count of the Counterclaim. As to Count I (wrongful use of civil proceedings): the admitted facts establish that Plaintiff initiated proceedings without probable cause, primarily for a purpose other than securing proper adjudication, and that the proceedings terminated in Defendants' favor. Counterclaim, ECF No. 456-1, ¶¶ 24-31. As to Count II (abuse of process): the admitted facts establish that Plaintiff used legal process primarily to accomplish a purpose outside its proper or lawful scope, with malice. *Id.*, ¶¶ 32-41. As to Count III (tortious interference): the admitted facts establish that Plaintiff intentionally interfered with Defendants' contractual relationship with their counsel by improper means, causing injury. *Id.*, ¶¶ 42-49. As to Count IV (declaratory relief): the admitted facts establish an actual controversy warranting the declarations sought. *Id.*, ¶¶ 50-55.

Because Mr. Greer has conceded the relevant factual allegations, the proper remedy is judgment on the pleadings establishing Defendants' entitlement to relief on all four Counts. As to Counts I through III, the Court should enter judgment on the issue of liability. Because the amount of damages is excluded from Rule 8(b)(6)'s deemed-admission provision, Fed. R. Civ. P. 8(b)(6), the amount of compensatory damages remains to be determined, whether by the Court or by a jury. As to Count IV, because declaratory relief involves only legal determinations and not a damages calculation, the Court should enter the declarations requested in the Counterclaim in their entirety. ECF No. 456-1, ¶ 55.

Plaintiff was given the opportunity to amend his Answer. He declined. He did not merely fail to take advantage of that opportunity; he ridiculed the notion that he should

have to comply with the Federal Rules. He is bound by the consequences of that choice, and this Court should enter judgment for Defendants on their counterclaim.

## IV. Conclusion

For the foregoing reasons, Defendants respectfully request that this Court enter judgment on the pleadings dismissing Plaintiff's contributory copyright infringement claims (Counts I and II of the First Amended Complaint, ECF No. 247) with prejudice, and entering judgment in favor of Counterclaimants Joshua Moon and Lolcow LLC on all four Counts of the Counterclaim (ECF No. 456-1), with the amount of compensatory damages on Counts I through III to be determined at trial.

As to the remaining claims: Counts III, IV, and V of the First Amended Complaint assert direct copyright infringement and state-law civil conspiracy claims against John Doe #1 ("Moseph Jartelli") and John Doe #2 ("Russtard"). ECF No. 247, ¶¶ 123–165. Neither Doe defendant has been served. The Court therefore should dismiss Count III for failure to serve under Fed. R. Civ. P. 4(m). In the alternative, the statute of limitations as to both Doe defendants has likely expired. ECF No. 456, ¶ 131. Once the federal claims are dismissed, the Court should also dismiss the state-law conspiracy claims (Counts IV and V) for lack of supplemental jurisdiction under 28 U.S.C. § 1367(c)(3).

DATED June 4, 2026

**HARDIN LAW OFFICE**

*/s/ Matthew D. Hardin*
**Matthew D. Hardin**
*Attorney for Defendants*
*Joshua Moon and Lolcow, LLC*