UNITED STATES DISTRICT COURT
DISTRICT OF UTAH

| | |
|---|---|
| RUSSELL GREER,<br><br>　　　　　　Plaintiff,<br><br>v.<br><br>JOSHUA MOON, website owner;<br>LOLCOW LLC, website owner; and<br>JOHN DOES #1-2, anonymous users on<br>Kiwi Farms,<br><br>　　　　　　Defendants. | **MEMORANDUM DECISION AND ORDER OVERRULING [468] DEFENDANTS' OBJECTION**<br><br>Case No. 2:24-cv-00421-DBB-JCB<br><br>District Judge David Barlow |

Before the court is Defendants' Objection to a magistrate judge order denying their motion to view a sealed document.[1]

## BACKGROUND

This case arises from claims of copyright infringement.[2] Pro se Plaintiff Russell G. Greer generally alleges that Defendants have infringed several of his copyrights.[3] Mr. Greer initially filed for leave to proceed *in forma pauperis* ("IFP").[4] His IFP application was automatically filed under seal pursuant to a then-current court policy that has since changed. Mr. Greer's IFP motion was granted.[5] Mr. Greer later conceded that he was able to pay the filing fee as of May 2025, and the court ordered him to do so.[6] Mr. Greer paid the filing fee on May 21, 2025.[7]

---

[1] Objection, ECF No. 468, filed Apr. 14, 2026.
[2] First Amended Compl. ("FAC"), ECF No. 247, filed Feb. 28, 2025.
[3] *Id.* ¶¶ 85–122.
[4] Motion for Leave to Proceed In Forma Pauperis, ECF No. 1, filed Sep. 16, 2020.
[5] Order Granting Leave to Proceed In Forma Pauperis, ECF No. 2, entered Sep. 24, 2020.
[6] Order Granting Motion to Review In Forma Pauperis Status 3, ECF No. 283, entered May 7, 2025.
[7] *See* ECF No. 311.

On May 22, 2025, Defendants filed a motion requesting leave to view Mr. Greer's sealed IFP application as part of their investigation into whether Mr. Greer made untrue allegations regarding his financial status.[8] Although it is listed on the docket as a motion to unseal, Defendants' motion expressly stated that the IFP application did not need to be unsealed or released for public viewing; instead, Defendants' counsel sought access only for themselves.[9] Mr. Greer did not file an opposition to Defendants' motion, but he did file a related "Notice of Supplemental Authority" in which he noted some financial circumstances that he said prevented him from paying the filing fee in 2020.[10]

After reviewing their motion, the magistrate judge denied Defendants' request to view Mr. Greer's IFP application.[11] The magistrate judge noted that Defendants failed to provide any legal authority to support their request to view the sealed document.[12] Defendants object to this order.[13]

**STANDARD**

When reviewing an objection to a magistrate judge's non-dispositive ruling, the court will "modify or set aside any part of the order that is clearly erroneous or is contrary to law."[14] To overturn a decision as clearly erroneous, the court must be left with a "definite and firm conviction that a mistake has been committed."[15]

---

[8] Motion for Leave to View In Forma Pauperis Application ("Motion to View IFP Application"), ECF No. 313, filed May 22, 2025.

[9] *Id.* at 1, 3.

[10] Plaintiff's Notice of Supplemental Authority RE ECF 313, ECF No. 323, filed May 23, 2025.

[11] Order Denying Motion to View IFP Application ("MJ Order") 2–3, ECF No. 460, entered Mar. 31, 2026.

[12] *Id.*

[13] *See* Objection.

[14] Fed. R. Civ. P. 72(a); 28 U.S.C.A. § 636(b)(1)(A).

[15] *United States v. Gypsum Co.*, 333 U.S. 364, 395 (1948); *see also Ocelot Oil Corp. v. Sparrow Indus.*, 847 F.2d 1458, 1464 (10th Cir. 1988).

**DISCUSSION**

Defendants argue that courts are required to dismiss a plaintiff's case upon finding that the plaintiff's IFP application contained untrue allegations.[16] They contend that it will be impossible for them to prove their suspicions that Mr. Greer's application contained untrue allegations without access to the application itself.[17] Defendants further argue that the magistrate judge's ruling was clearly erroneous because it failed to consider or weigh the presumption in favor of open access to judicial records.[18] They assert that the relevant balancing test supports unsealing the IFP application in this case.[19]

In the Tenth Circuit, "there is a 'strong presumption in favor of public access'" to judicial records.[20] "This strong presumption of openness can 'be overcome where countervailing interests heavily outweigh the public interests in access' to the judicial record."[21] Accordingly, when considering a motion to seal or unseal judicial records, the court must "'weigh the interests of the public, which are presumptively paramount, against those advanced by the parties.'"[22] "[T]he party seeking to keep records sealed bears the burden of justifying that secrecy," even when the court had previously determined that the relevant documents should be sealed."[23] It is plain error if a court reviewing a motion to seal or unseal fails to "apply the presumption that judicial

---

[16] Objection 2 (citing 28 U.S.C.A. § 1915(e)(2)(A)).

[17] *Id.* at 2–3.

[18] *Id.* at 4.

[19] *Id.* at 5–6.

[20] *United States v. Pickard*, 733 F.3d 1297, 1302 (10th Cir. 2013) (quoting *Mann v. Boatright,* 477 F.3d 1140, 1149 (10th Cir. 2007)).

[21] *United States v. Bacon*, 950 F.3d 1286, 1293 (10th Cir. 2020) (quoting *Colony Ins. Co. v. Burke*, 698 F.3d 1222, 1241 (10th Cir. 2012)).

[22] *Id.* (quoting *Pickard*, 733 F.3d at 1302).

[23] *Id.*

records should be open to the public"[24] or fails to "consider the relevant facts and circumstances of the particular case and *weigh* the relative interests of the parties."[25]

In this case, the magistrate judge did not weigh the parties' interests and those of the public when considering Defendants' motion.[26] However, the underlying motion was not a motion to unseal the IFP application that would require such an analysis. On the contrary, while Defendants requested permission to view the sealed application, they specifically argued that it did not need to be unsealed or released for public viewing.[27] Instead, they asked for it to be made available to Defendants' counsel "under seal or as attorney's eyes only material."[28] Consideration of the presumption that judicial records should be open to the public would have no bearing on whether Defendants' request should be granted or denied. Even if the motion to view Mr. Greer's IFP application was granted, the seal would remain, and the public would not have access.

Defendants argue in their Objection that there was no basis to seal the IFP application in the first place and that the public's interest in open access to the document outweighs any countervailing interests.[29] Not only were these arguments not raised in Defendants' initial motion,[30] they do not support the actual relief requested. As already discussed, Defendants specifically stated that the application did not need to be unsealed or released to the public,

---

[24] *Id.*

[25] *Id.* at 1294 (quoting *United States v. Hickey*, 767 F.2d 705, 708 (10th Cir. 1985)) (emphasis in original).

[26] *See* MJ Order 2–3.

[27] Motion to View IFP Application 1.

[28] *Id.* at 3.

[29] Objection 3–6.

[30] *See generally* Motion to View IFP Application; *see also Hanks v. Anderson*, No. 2:19-CV-999-DBB-DAO, 2024 WL 3510370, at *3 (D. Utah July 23, 2024) (citing *United States v. Garfinkle*, 261 F.3d 1030, 1031 (10th Cir. 2001)) ("Arguments raised for the first time in objections to a magistrate judge's order are waived.").

instead requesting limited access for Defense counsel to view the document under seal.[31] Thus, because Defendants did not ask the court to unseal the IFP application, it was not clear error for the magistrate judge to deny their motion without conducting the balancing test required for motions to seal and unseal court documents. It was also not clear error to deny Defendants' request to view the application under seal on the grounds that they presented no legal authority demonstrating that such relief was permissible and necessary. In reaching this conclusion, the court makes no findings about whether the IFP application was properly sealed in the first place, whether IFP status was correctly granted, or whether the document should remain sealed.

**ORDER**

Defendants' [468] Objection is overruled.

Signed June 4, 2026.

BY THE COURT

_____
David Barlow
United States District Judge

---

[31] Motion to View IFP Application 1, 3.