**Matthew D. Hardin (*pro hac vice*)**
**HARDIN LAW OFFICE**
101 Rainbow Drive # 11506
Livingston, TX 77399
Telephone: (202) 802-1948
Email: MatthewDHardin@gmail.com
*Attorney for Defendants*
*Joshua Moon and Lolcow, LLC*

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH

| | |
|---|---|
| RUSSELL GREER,<br><br>        Plaintiff,<br><br>v.<br><br><br>JOSHUA MOON, *et al*.<br><br>        Defendants. | **DEFENDANTS' RENEWED MOTION TO UNSEAL ECF NO. 1**<br><br><br>Case No. 2:24-cv-00421-DBB<br><br><br>District Judge David Barlow<br>Magistrate Judge Jared C. Bennett |

NOW COME Defendants Joshua Moon and Lolcow, LLC, by and through their undersigned counsel, and move to unseal the document at ECF No. 1, Plaintiff's Application for Leave to Proceed *In Forma Pauperis*.[1] Defendants request that this foundational document be unsealed in its entirety and made available to the public. As to any proposed redactions, whether such proposals originate from the Court or Mr. Greer, Defendants request that the Court give counsel an opportunity to brief whether any specific proposed  redactions are appropriate.

---

[1] Defendants note that this Court's recent order at ECF No. 479 expressly did not hold that "the IFP application was properly sealed in the first place, whether IFP status was correctly granted, or whether the document should remain sealed."

1

**I. Introduction**

This is Defendants' most recent effort to obtain access to a document that should never have been sealed in the first place. In their first attempt, Defendants requested access for counsel only, as a courtesy to Mr. Greer's ostensible privacy interests despite that Defendants very much doubt that such privacy interests are cognizable and despite Defendants' belief that the documents may show a fraud has been committed upon this Court. ECF No. 313. The Magistrate Judge denied that request without applying the presumption of public access to judicial documents. ECF No. 460. Defendants then objected, raising among their arguments the presumption of public access and the Tenth Circuit's holdings in *United States v. Bacon*, 950 F.3d 1286 (10th Cir. 2020), and *United States v. Pickard*, 733 F.3d 1297 (10th Cir. 2013). ECF No. 468.

This Court overruled that objection today, but on narrow grounds that do not foreclose the present motion. ECF No. 479. The Court held that because Defendants had "specifically stated that the application did not need to be unsealed or released for public viewing," the Magistrate Judge was not required to apply the unsealing balancing test. *Id.* at 4. Critically, the Court made "no findings about whether the IFP application was properly sealed in the first place, whether IFP status was correctly granted, or whether the document should remain sealed." *Id.* at 5.

Defendants now file the motion today's Court's order contemplated: a motion to unseal ECF No. 1 in its entirety. This is not a motion to view the document under seal. It is not a request for attorney's-eyes-only access. It is a motion to unseal a judicial document, which triggers the presumption of public access and the balancing test that this Court has identified as controlling.

2

**II. Background**

When this case began in September 2020, Mr. Greer applied to proceed *in forma pauperis*. ECF No. 1. That application was sealed automatically, not pursuant to any motion by any party and not pursuant to any case-specific judicial finding, but "pursuant to a then-current court policy that has since changed." ECF No. 479 at 1. The Court granted the application. ECF No. 2.

Nearly five years later, Defendants moved to review Mr. Greer's IFP status. ECF No. 253. This Court granted that motion after Mr. Greer conceded at a hearing that he could pay the full filing fee. ECF No. 283; ECF No. 300 at 32-33. Mr. Greer paid the filing fee on May 21, 2025. ECF No. 311.

In the course of that review, Mr. Greer made a startling admission. He stated that "when plaintiff requested IFP status in 2020, he was actually making more money than he is now." ECF No. 314 at 3. But it is undisputed that Mr. Greer is not a pauper today. *See* ECF No. 300 at 32-33 (Mr. Greer admitting in open court that he is capable of paying filing fees without undermining his ability to support himself). If Mr. Greer was earning even more in 2020 than he earns today, serious questions arise about whether his IFP application contained allegations that were "untrue" within the meaning of 28 U.S.C. § 1915(e)(2)(A).

Congress has mandated that when an IFP application contains untrue allegations, the court "shall dismiss the case at any time." 28 U.S.C. § 1915(e)(2)(A). The statute's text is mandatory, not discretionary. But that statutory protection is a dead letter if no one can see the application. Defendants cannot demonstrate that the IFP application is "untrue" if they are forbidden from reading it.

### III. Legal Standard

In the Tenth Circuit, there is a "strong presumption in favor of public access" to judicial records. *Pickard*, 733 F.3d at 1302, *quoting Mann v. Boatright*, 477 F.3d 1140, 1149 (10th Cir. 2007). This presumption "can be overcome [only] where countervailing interests heavily outweigh the public interests in access." *United States v. Bacon*, 950 F.3d 1286, 1293 (10th Cir. 2020), *quoting Colony Ins. Co. v. Burke*, 698 F.3d 1222, 1241 (10th Cir. 2012). Accordingly, a court considering whether to unseal must "weigh the interests of the public, which are presumptively paramount, against those advanced by the parties." *Bacon* at 1293*, quoting Pickard*, 733 F.3d at 1302.

"[T]he party seeking to keep records sealed bears the burden of justifying that secrecy," even when the court has previously determined that the relevant documents should be sealed. *Bacon* at 1293. It is plain error if a court fails to "apply the presumption that judicial records should be open to the public" or fails to "consider the relevant facts and circumstances of the particular case and weigh the relative interests of the parties." *Id.* at 1294, *quoting United States v. Hickey*, 767 F.2d 705, 708 (10th Cir. 1985).

All of these citations are drawn from this Court's own order at ECF No. 479 at 3-4. Defendants are in full agreement with the Court as to the applicable standards.

### IV. Argument

### A. ECF No. 1 Is a Judicial Document Subject to the Presumption of Public Access.

The IFP application at ECF No. 1 is indisputably a judicial document. It was filed with the Court, and the Court relied on it to make a ruling granting Mr. Greer leave to proceed without prepayment of costs. ECF No. 2. See *Angilau v. United States*, No. 2:16-cv-00992-JED-PJC, 2017 WL 5905536, at *6 (D. Utah Nov. 29, 2017) (describing a

4

judicial document as one "relevant to the performance of the judicial function and useful in the judicial process"). This Court's ruling allowing Mr. Greer to proceed as a pauper has had consequences for nearly six years of ensuing litigation. The strong presumption of public access attaches.

**B. No Countervailing Interest Has Ever Been Identified.**

No party has ever identified a countervailing interest sufficient to overcome the presumption. The document was sealed under a blanket court policy, not pursuant to any adversarial briefing, any party's motion, or any judicial finding that sealing was necessary. ECF No. 479 at 1 (noting the IFP application "was automatically filed under seal pursuant to a then-current court policy that has since changed"). That policy has since been abandoned by this Court, which itself suggests that the Court no longer views blanket sealing of IFP applications as appropriate.

For good reason. The Tenth Circuit has expressly held that a local court policy in this District purporting to seal documents did not satisfy the requirement of case-specific findings. *Bacon*, 950 F.3d at 1293. If a local rule cannot justify sealing, neither can an informal policy that the Court itself has since discontinued.

This Court's own order today confirms the point. The Court noted that the IFP application was sealed "pursuant to a then-current court policy that has since changed." ECF No. 479 at 1. Because that policy no longer exists, continued sealing should rest on case-specific findings, not inertia. But this particular document filed under the old, abaondoned policy remains sealed, creating an arbitrary distinction. An IFP application filed today would be public, while the identical document filed in 2020 remains hidden. Whether a judicial document is accessible to the public should not depend on the

historical accident of when it was filed. If the policy was wrong then, documents sealed under that policy should not remain sealed simply because no one has yet filed a motion to unseal them. Regardless: this is such a motion.

Mr. Greer has never moved to keep the document sealed. He filed no opposition to Defendants' original motion to view the IFP application. ECF No. 479 at 2. Plaintiff has identified no privacy interest, no safety concern, and no other basis for continued sealing. The burden to justify secrecy falls on the party seeking to keep the record sealed. *Bacon*, 950 F.3d at 1293. No one has shouldered that burden here.

## C. Multiple Interests Favor Unsealing.

The interests favoring unsealing are substantial.

*First*, Mr. Greer has forfeited any financial privacy interest by his own public statements. He has stated on the record that he was "actually making more money" in 2020 than he is now. ECF No. 314 at 3. He has disclosed his current hourly wage in public filings. ECF Nos. 315 at 3, 290 at 2. He conceded in open court that he is capable of paying filing fees. ECF No. 300 at 32-33. A party who voluntarily discloses the substance of his financial circumstances in public filings cannot claim that the underlying document must remain sealed.

*Second*, the public has an interest in verifying whether the judicial system is being used in accordance with the law. The Court relied on ECF No. 1 to grant IFP status, which allowed this litigation to proceed for nearly five years without prepayment of costs. The public is entitled to see the basis for that ruling.

*Third*, Defendants and the public share an interest protected by statute. 28 U.S.C. § 1915(e)(2)(A) provides that dismissal is mandatory if IFP allegations are untrue. That

6

statutory protection is meaningless if the IFP application remains sealed from all eyes, including those of the opposing party. Mr. Greer's own admission that he was earning more money in 2020 than he earns today raises a concrete question about whether his IFP application contained untrue allegations. ECF No. 314 at 3. Defendants cannot investigate that question without seeing the application. The statute Congress enacted to police fraudulent IFP applications otherwise becomes unenforceable.

**D. Defendants Previously Sought Limited Access as a Courtesy; They Now Seek Full Unsealing.**

Defendants' original motion at ECF No. 313 requested access for counsel only, "under seal or as attorney's eyes only material." ECF No. 313 at 3. That request was made as a courtesy to Mr. Greer's often-asserted but never-proven privacy interests. The Magistrate denied that request, and the District Judge overruled Defendants' objection, explaining that because Defendants had not asked for unsealing, the balancing test did not apply. ECF No. 479 at 4.

Defendants now file the motion that the Court's order implicitly invited. Defendants no longer seek the courtesy of limited access. They move to unseal ECF No. 1 in its entirety, triggering the presumption of public access and the balancing test that this Court has identified as controlling. See ECF No. 479 at 3-4 (setting forth the unsealing standard from *Bacon* and *Pickard*).

**E. As to Any Proposed Redactions, Defendants Request a Briefing Opportunity.**

Defendants recognize that the IFP application could conceivably contain specific categories of information, such as Social Security numbers, dates of birth, financial-account numbers, or other personal identifiers, that may be redacted before public filing

under Fed. R. Civ. P. 5.2. Rule 5.2 expressly provides that a court may later unseal a sealed filing or order the filing party to file a redacted version for the public record. Fed. R. Civ. P. 5.2(d). The District of Utah's local rule likewise provides that a document filed under seal may be unsealed "with or without redactions" after notice and an opportunity to be heard. DUCivR 5-3(b)(6). Defendants do not necessarily oppose reasonable redactions consistent with Rule 5.2 and DUCivR 5-3. But before any redactions are ordered, Defendants respectfully request an opportunity to brief what, if any, specific redactions are appropriate. That procedure will ensure that any redactions are tailored to genuine privacy interests rather than serving as a mechanism to keep the substance of the application hidden from public view.

## V. Conclusion

ECF No. 1 was sealed under a blanket court policy that no longer exists. No party has ever identified a countervailing interest sufficient to overcome the strong presumption of public access. Mr. Greer has never moved to keep the document sealed and has voluntarily disclosed the substance of his financial circumstances on the public record. Defendants and the public have a statutory interest in determining whether the IFP application was truthful. This Court should unseal ECF No. 1 in its entirety, subject to any narrowly tailored redactions the parties may brief as appropriate under Fed. R. Civ. P. 5.2 and DUCivR 5-3(b)(6).

DATED June 4, 2026

**HARDIN LAW OFFICE**

 /s/ Matthew D. Hardin
**Matthew D. Hardin**
*Attorney for Defendants*
*Joshua Moon and Lolcow, LLC*