FILED
2026 JUN 19 AM 3:08
CLERK
U.S. DISTRICT COURT

Russell Greer
1100 Dumont Blvd
Apt 139
Las Vegas, NV 89169
801-895-3501
russmark@gmail.com
Pro Se Litigant

# IN THE UNITED STATES DISTRICT COURT

## DISTRICT OF UTAH

| | |
|---|---|
| **RUSSELL GREER** | **PLAINTIFF'S RESPONSE TO DEFENDANTS' MOTION TO RECONSIDER ORDERS AT ECF 448 AND ECF 453** |
| Plaintiff | |
| v. | Case No.:   2:24-cv-00421-DBB-JCB |
| **JOSHUA MOON ET AL**, | |
| Defendants | |

1

Plaintiff Russell Greer respectfully submits this Response opposing Defendants' Motion to Reconsider Orders at ECF 448 and ECF 453.

## I. INTRODUCTION

Defendants' Motion should be denied because it asks this Court to take a shortcut that is not procedurally proper. *Greer v. Moon*, 83 F.4th 1283 (10th Cir. 2023) remains binding, unless and until the Tenth Circuit or the United States Supreme Court says otherwise.

Defendants do not identify a Supreme Court case expressly overruling *Greer v. Moon*. Instead, they argue that two newer Supreme Court cases implicitly overruled the Tenth Circuit's decision in this case. That argument is for the Tenth Circuit. It is not a license for this Court to disregard the controlling appellate decision in this very case.

This Court already followed the Tenth Circuit's decision. Defendants now ask this Court to conclude that the Tenth Circuit's mandate no longer controls. That is not reconsideration. It is an attempted end-run around the appellate court.

Defendants' Motion also mischaracterizes the First Amended Complaint. This case is not about a neutral internet service provider. This case is not about a public utility. This case concerns Joshua Moon and Lolcow, LLC operating Kiwi Farms, a website designed to target real people, it labels "lolcows," reposting Plaintiff's takedown notice into a hostile section of that site, refusing to remove Plaintiff's copyrighted works, and fostering a site culture where users uploaded Plaintiff's copyrighted material so that "no one else accidentally gives Russell money."

Moon is a public nuisance, not a public utility.

## II. GREER v. MOON REMAINS BINDING

Defendants' central premise is that *Cox Communications* and *Hikma* implicitly overruled Greer v. Moon. But Defendants concede the critical point: neither case expressly overruled the Tenth

2

Circuit's decision in this case. That should end the matter at this stage. *Greer v. Moon* remains binding on this Court. The Tenth Circuit already held that Plaintiff stated a claim for contributory copyright infringement. This Court correctly relied on that binding authority when ruling on Defendants' later motion to dismiss.

If Defendants believe *Cox* and *Hikma* changed the law enough to disturb *Greer v. Moon*, the proper forum is the Tenth Circuit. Defendants may preserve that argument for appeal. But they cannot ask this Court to declare the Tenth Circuit wrong and treat its mandate as optional.

A district court is not free to disregard controlling circuit authority merely because a party argues that later Supreme Court decisions have undermined it. Unless the Supreme Court has clearly and directly overruled the controlling circuit decision, the district court remains bound. Defendants' "implicit overruling" theory is exactly the kind of argument that belongs before the appellate court that issued the ruling, not before the district court bound by it.

## III. COX COMMUNICATIONS IS DISTINGUISHABLE

Defendants rely heavily on Cox Communications, but Cox is not this case. Cox involved an internet service provider providing general broadband access to subscribers. The Supreme Court addressed whether an ISP could be held contributorily liable merely because some users used general internet access to infringe copyrights. That is not what Plaintiff pleaded here.

Plaintiff is not suing Joshua Moon because he merely provided neutral internet access. Plaintiff is suing Moon and Lolcow, LLC because Moon operated Kiwi Farms, a site built around targeting real people; because Kiwi Farms users uploaded Plaintiff's copyrighted works; because users openly stated that the purpose was so "no one else accidentally gives Russell money"; because Moon received Plaintiff's takedown notice; because Moon refused removal; because Moon posted the takedown notice into a section of Kiwi Farms designed to mock such notices; and because Moon continued to allow the exploitation of Plaintiff's copyrighted works. Cox was about a broadband provider. Kiwi Farms is not a broadband provider. Kiwi Farms is not a neutral

utility. Kiwi Farms is a targeted harassment forum whose entire culture, as pleaded in the First Amended Complaint, revolves around selecting real people for ridicule, exploitation, and long-term abuse.

Defendants' attempt to place Moon on the same footing as Cox Communications insults the facts of this case. Cox provided internet access. Moon ran the website where the infringement occurred, received notice of the infringement, mocked the notice, refused removal, and allowed users to continue exploiting Plaintiff's work.

Cox does not erase Greer v. Moon. It certainly does not authorize this Court to disregard a binding Tenth Circuit decision in the same case.

## IV. DEFENDANTS' "STANDARD INDUSTRY PRACTICE" ARGUMENT FAILS

Defendants argue that Moon's reposting of Plaintiff's takedown notice has an obvious innocent explanation because publishing DMCA notices is supposedly "standard industry practice." That argument badly oversimplifies what Moon did.

This case is not about a neutral transparency database. It is not about Lumen. It is not about GitHub publishing DMCA notices in a public repository. It is not about X publishing statistical transparency reports.

Moon posted Plaintiff's takedown notice on Kiwi Farms in a thread titled "Take that off the God Damn Internet." The First Amended Complaint pleads that Moon posted Plaintiff's private contact information, that users then harassed Plaintiff, and that users told Plaintiff they had distributed his song elsewhere. That is not the same thing as a neutral transparency archive.

Defendants point to Lumen, GitHub, and X. But they do not point to any mainstream website that posts a copyright holder's takedown notice into a hostile mockery thread dedicated to ridiculing removal requests. They do not point to any mainstream website that combines the publication of a takedown notice with a refusal to remove the copyrighted works, public mockery of the sender, and a userbase already engaged in targeting the copyright holder.

Defendants' "standard industry practice" argument also ignores the context pleaded in the First Amended Complaint. Moon did not simply publish a notice for transparency. Moon operated a site that targets people as "lolcows." Moon fostered a reputation that attracted users of a mind to infringe. Moon's own site treated "non-famous" copyrighted works differently. Moon's users uploaded Plaintiff's works and openly stated the purpose was to avoid giving Plaintiff money.

That context matters. Conduct that might look neutral in one setting can become encouragement in another. The Tenth Circuit already recognized that context, when it held that Moon's reposting of the takedown notice, combined with his refusal to remove the infringing material, was not passive behavior and supported a reasonable inference of encouragement.

Defendants now ask this Court to erase that context and treat Moon like an ordinary platform following a routine transparency practice. But the First Amended Complaint does not plead ordinary transparency. It pleads targeted publication, mockery, refusal, and continued infringement on a site designed around targeting people.

## V. HIKMA DOES NOT AUTHORIZE THIS COURT TO DISREGARD THE TENTH CIRCUIT

Defendants also rely on Hikma, a patent inducement case. Hikma did not involve Kiwi Farms. It did not involve a hostile online forum. It did not involve a DMCA notice posted into a mockery thread. It did not involve a website owner refusing removal while his users used the works to deprive a copyright holder of money.

Defendants use Hikma to argue that Plaintiff's theory is merely speculation about how users interpreted Moon's conduct. But that is not what the First Amended Complaint pleads. Plaintiff pleads a sequence of concrete conduct: users uploaded Plaintiff's copyrighted material; users stated the purpose was so no one would give Plaintiff money; Plaintiff sent Moon a takedown notice; Moon published the notice on Kiwi Farms; Moon refused removal; Moon stated he was

waiving safe-harbor protection; Moon responded "Try me"; and the site continued to exploit Plaintiff's copyrighted works.

Defendants repeatedly try to reduce the case to "Moon refused to act." But the pleaded facts go beyond refusal. Moon published the takedown notice, mocked Plaintiff's copyright enforcement effort, refused removal, and placed the dispute before the exact community engaged in targeting Plaintiff. The Tenth Circuit already held that this was not merely passive conduct.

## VI. DEFENDANTS ARE TRYING TO RELITIGATE THE SAME MOTION TO DISMISS

Defendants already lost their first motion to dismiss at the Tenth Circuit. They then lost again when this Court denied their later effort to dismiss the First Amended Complaint. ECF 477 is another attempt to obtain the same result through a different label.

Reconsideration is not a vehicle for repeating arguments, simplifying the pleadings, and asking the Court to disregard binding appellate authority. Defendants' Motion does not identify a clear Supreme Court ruling that overrules Greer v. Moon. It identifies cases Defendants believe help them argue that Greer v. Moon should no longer control. That is an appellate argument. This Court should reject the shortcut.

## VII. CONCLUSION

Defendants' Motion to Reconsider should be denied. Greer v. Moon remains binding unless and until the Tenth Circuit or Supreme Court says otherwise.

Respectfully submitted,

/rgreer/

6-19-26

6

**CERTIFICATE OF SERVICE:**

Pursuant to FRCP 5(b), I certify that 6-19-26, I served a true and correct copy of the attached document by email to all attorneys on record.