FILED
2026 JUN 18 PM 9:35
CLERK
U.S. DISTRICT COURT

Russell Greer
1100 Dumont Blvd
Apt 139
Las Vegas, NV 89169
801-895-3501
russmark@gmail.com
Pro Se Litigant

## IN THE UNITED STATES DISTRICT COURT

## DISTRICT OF UTAH

| | |
|---|---|
| **RUSSELL GREER**<br><br>Plaintiff<br><br>v.<br><br>**JOSHUA MOON ET AL**,<br><br>Defendants | **PLAINTIFF'S RESPONSE TO DEFENDANTS' MOTION FOR JUDGMENT ON THE PLEADINGS**<br><br>Case No.:    2:24-cv-00421-DBB-JCB |

1

Plaintiff Russell Greer respectfully submits this Response, opposing Defendants' Motion for Judgment on the Pleadings at ECF 478.

## I.     INTRODUCTION

Defendants' Motion should be denied. Defendants are attempting to use Rule 12(c) as a shortcut around the Tenth Circuit's decision in *Greer v. Moon*, 83 F.4th 1283 (10th Cir. 2023). This Court is not the proper forum to overrule, bypass, or disregard the Tenth Circuit's controlling decision in this case.

Defendants have already filed a separate motion asking this Court to reconsider its prior rulings, based on *Cox Communications* and *Hikma*. They have also filed related proceedings at the Tenth Circuit concerning the mandate. Defendants are therefore attempting to fight the same issue on multiple fronts at once. They cannot ask this Court to disregard *Greer v. Moon* (10th Cir. 2023), while simultaneously seeking relief from the Tenth Circuit concerning the same appellate mandate. If Defendants believe *Cox* and *Hikma* alter the analysis in *Greer v. Moon*, that is an argument for the Tenth Circuit, not a shortcut for judgment on the pleadings in this Court.

Defendants' Motion also mischaracterizes Plaintiff's Answer to the Counterclaim. Plaintiff did deny the substance of Defendants' allegations. Plaintiff denied improper purpose, denied lack of probable cause, asserted justification, asserted unclean hands, and disputed Defendants' damages. At most, Defendants complain that Plaintiff's Answer was not formatted paragraph-by-paragraph with admit or deny. That is not a basis to enter judgment against Plaintiff on serious counterclaims involving motive, malice, probable cause, causation, and damages.

## II. DEFENDANTS' *COX/HIKMA* ARGUMENT BELONGS IN THE TENTH CIRCUIT, NOT AS A RULE 12(c) SHORTCUT

Defendants argue that Plaintiff's contributory copyright claims fail as a matter of law under *Cox Communications* and *Hikma*. But Defendants' real argument is not merely that this Court should apply new authority. Their real argument is that this Court should disregard *Greer v. Moon.* That is procedurally improper.

The Tenth Circuit already held that Plaintiff stated a claim for contributory copyright infringement. This Court followed that decision. Defendants may disagree with the Tenth Circuit's reasoning, but a district court is not free to bypass binding appellate precedent in the same case unless controlling law clearly requires that result.

*Cox* and *Hikma* do not expressly overrule *Greer v. Moon*. Defendants instead ask this Court to find that those cases implicitly overruled *Greer v. Moon.* That is precisely why the issue belongs, if anywhere, in the Tenth Circuit. Defendants should not be permitted to relitigate the appellate mandate in this Court through a Rule 12(c) motion, while also pursuing relief related to the mandate in the Tenth Circuit.

## III. COX COMMUNICATIONS IS DISTINGUISHABLE

Defendants' comparison to Cox Communications is misplaced. Cox involved an internet service provider (ISP) accused of contributory infringement because subscribers used general broadband access to commit copyright infringement. The Supreme Court held that merely providing a service to the general public, with knowledge that some users may infringe, is not enough.

That is not this case.

Plaintiff is not suing a neutral broadband provider for merely supplying internet access. Plaintiff is suing Joshua Moon and Lolcow, LLC for operating Kiwi Farms, a website whose purpose is not neutral internet access, but the targeting, ridicule, and prolonged harassment of people it

labels "lolcows." Kiwi Farms is not merely a general-purpose forum in the way Defendants describe it. It is a website built around selecting real people, creating threads about them, mocking them, and encouraging users to continue targeting them over long periods of time.

This distinction matters. Cox Communications is a broadband provider. Joshua Moon and Lolcow LLC ARE NOT Cox Communications. Moon is a public nuisance, not a public utility.

The distinction stands because Plaintiff showed Defendants engaging in infringing conduct: Moon reposted Plaintiff's DMCA notice to the very audience targeting Plaintiff, mocked Plaintiff's attempt to protect his copyrighted works, refused to remove the infringing material, and responded to Plaintiff's copyright enforcement efforts by stating "try me." Plaintiff further showed that Moon expressly waived DMCA safe-harbor protections in a 2019 email (the same thread where he said, "try me."). Those allegations are not equivalent to *Cox* providing broadband internet access.

## IV. *HIKMA* IS ALSO DISTINGUISHABLE

*Hikma* is also distinguishable. Plaintiff showed in his Complaint that Moon took affirmative steps for contributory copyright infringement: he reposted Plaintiff's takedown notice, mocked it, refused removal, and did so on Kiwi Farms, a site whose users were already targeting Plaintiff.

Context matters. A statement or action that might be harmless in one setting, can be materially different, when directed to an audience already engaged in the conduct at issue. Here, Moon's conduct was not ordinary, neutral platform administration. It was mockery in front of the very users accused of continuing the infringement. It was pouring gasoline on the fire of an online harassment mob.

*Hikma* does not permit this Court to erase the Tenth Circuit's holding in this case.

## V. DEFENDANTS MISCHARACTERIZE PLAINTIFF'S ANSWER TO THE COUNTERCLAIM

Defendants also seek judgment on their counterclaims by claiming Plaintiff failed to deny their allegations. That argument is completely false and frivolous.

Plaintiff did deny Defendants' allegations. Plaintiff's 4/14/26 Answer to the Counterclaim denied Defendants' allegations. Plaintiff disputed the alleged damages. Plaintiff also asserted affirmative defenses, including unclean hands.

Defendants therefore cannot honestly claim that Plaintiff admitted liability. They know Plaintiff disputes their counterclaims. Their complaint is that Plaintiff did not respond in the preferred paragraph-by-paragraph admit-or-deny format.

Plaintiff had never drafted an answer to a counterclaim before and made a good-faith effort to respond to the substance of Defendants' allegations. After Defendants moved to strike, Plaintiff expressly explained that the Answer was intended to deny the substance of the counterclaims and requested leave to amend if the Court found the format technically noncompliant.

That is not an admission. That is not a refusal to respond. That is not a basis for judgment on the pleadings.

## VI. RULE 8 IS NOT A TRAPDOOR FOR AUTOMATIC LIABILITY

Defendants ask this Court to impose the harshest possible consequence for a formatting issue: deeming disputed allegations admitted and entering judgment on liability. That request is disproportionate and contrary to the preference for resolving cases on the merits.

Rule 8 is not a trapdoor for converting a disputed pro se answer into automatic liability on a counterclaim.

Even if the Court believes Plaintiff's Answer should have responded paragraph-by-paragraph, the proper remedy would be to allow or require Plaintiff to file an amended answer. The proper remedy is not judgment on the pleadings. Plaintiff already requested leave to amend if the Court found the original Answer technically noncompliant.

Defendants cannot obtain judgment, merely by placing conclusions into numbered paragraphs and claiming Plaintiff did not use the correct format to deny them.

## VII. CONCLUSION

Defendants' Motion for Judgment on the Pleadings should be denied because Defendants' *Cox* and *Hikma* arguments are an improper attempt to bypass *Greer v. Moon* and should be directed, if anywhere, to the Tenth Circuit. *Cox* and *Hikma* do not authorize this Court to disregard the binding appellate decision in this case.

Defendants' counterclaim argument should also be rejected. Plaintiff denied the substance of the counterclaims, asserted defenses, disputed damages, and requested leave to amend if the Court found his pro se Answer technically noncompliant. Punishing Plaintiff with automatic liability for using the wrong format would be bizarre, disproportionate, and unjust.

For these reasons, the Court should deny ECF 478 in full. In the alternative, if the Court finds Plaintiff's Answer to the Counterclaim technically deficient, Plaintiff respectfully requests leave to file an amended answer responding paragraph-by-paragraph.

Respectfully submitted,

/rgreer/

6-18-26

**CERTIFICATE OF SERVICE:**

Pursuant to FRCP 5(b), I certify that 6-18-26, I served a true and correct copy of the attached document by email to all attorneys on record.