**Matthew D. Hardin (*pro hac vice*)**
**HARDIN LAW OFFICE**
101 Rainbow Drive # 11506
Livingston, TX 77399
Telephone: (202) 802-1948
Email: MatthewDHardin@gmail.com
*Attorney for Defendants*
*Joshua Moon and Lolcow, LLC*

THE UNITED STATES DISTRICT COURT
DISTRICT OF UTAH

| | |
|---|---|
| RUSSELL GREER,<br><br>Plaintiff,<br><br>v.<br><br>JOSHUA MOON, *et al.*<br><br>Defendants. | **DEFENDANTS' REPLY MEMORANDUM OF LAW IN FURTHER SUPPORT OF MOTION AT ECF NO. 477**<br><br>Case No. 2:24-cv-00421-DBB-JCB<br><br>District Judge David Barlow<br>Magistrate Judge Jared C. Bennett |

NOW COME the Defendants, and file this Reply in further support of their Motion at ECF No. 477.

**INTRODUCTION**

Plaintiff's opposition to Defendants' Motion to Reconsider, ECF No. 481, should be disregarded for a simple reason: it was filed late, without an extension, and without good cause. Mr. Greer's only explanation (which was sent to counsel, and never filed with the Court) is that he "fell asleep." Exhibit A. That is not a basis to excuse an untimely filing, and the Court may decide the Motion as unopposed. In any event, Mr. Greer's opposition does not meet the Motion even considered on its merits. Instead, Mr. Greer attacks an argument Defendants did not make (that this Court should "overrule" the Tenth

1

Circuit), while ignoring the argument Defendants did make (that two intervening, unanimous decisions of the United States Supreme Court have changed the law that controls Plaintiff's claims). On that critical question, Mr. Greer offers no answer.

## I.   The opposition was untimely and should be disregarded.

Defendants filed their Motion to Reconsider on June 4, 2026. ECF No. 477. The Motion is brought under Federal Rule of Civil Procedure 54(b); it is not a motion under Rule 12(b), Rule 12(c), or Rule 56. The twenty-eight-day response period of DUCivR 7-1(a)(4)(D)(i), which applies only to oppositions to those dispositive motions, therefore does not apply. The governing period is the fourteen days allowed by DUCivR 7-1(a)(4)(D)(ii). Plaintiff's opposition was due on June 18, 2026. He did not file it until June 19, 2026. ECF No. 481. It was untimely on its face.

Mr. Greer never moved for an extension. Once a deadline has passed, the Court may extend it only "on motion made after the time has expired if the party failed to act because of excusable neglect." Fed. R. Civ. P. 6(b)(1)(B). Mr. Greer filed no such motion, and any hypothetical motion would fail even if it were filed. Mr. Greer's sole explanation, given in the email transmitting the filing, is that he did not send it earlier because he "fell asleep." Exhibit A. Falling asleep is the ordinary carelessness that the excusable-neglect standard does not excuse; it reflects nothing outside Mr. Greer's control and no reason he could not have filed on time. See *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380, 388, 395 (1993) (excusable neglect is an equitable determination that turns on, among other things, the reason for the delay and whether it was within the movant's reasonable control).

Mr. Greer is not a litigant unfamiliar with the Court's deadlines or unable to meet them, nor has Mr. Greer been shy about filing motions claiming "excusable neglect" in the past. Instead, Mr. Greer is a litigant who meets deadlines when he chooses to and disregards them when he does not. Having neither sought an extension nor offered any adequate reason for the delay, Mr. Greer cannot have his late opposition considered as of right. The Court is well within its discretion to disregard ECF No. 481 and to decide the Motion to Reconsider as unopposed. See DUCivR 7-1.

## II.   Even if considered, Mr. Greer's opposition confirms that the Motion for Reconsideration should be granted.

Mr. Greer spends most of his opposition attacking an argument Defendants never made: that this Court should "overrule" the Tenth Circuit. ECF No. 481, at 1–3. Defendants asked the Court to do something different and routine: to revisit an interlocutory order in light of "an intervening change in the controlling law." *Servants of the Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir. 2000); Fed. R. Civ. P. 54(b). That change is two unanimous, post-judgment decisions of the Supreme Court, *Cox Communications, Inc. v. Sony Music Entertainment*, 607 U.S. ___, 146 S. Ct. 959 (2026), and *Hikma Pharmaceuticals USA Inc. v. Amarin Pharma, Inc.*, 608 U.S. ___, 146 S. Ct. 1391 (2026). Applying a later decision of the Supreme Court is not declaring the Tenth Circuit wrong; it is following the higher court, which the Tenth Circuit is itself bound to do.[1]

---

[1] Unsurprisingly, Mr. Greer does not address the argument that an intervening change in controlling law is an exception to the usual confines of the Mandate Rule. *Huffman v. Saul Holdings, Ltd. P'ship*, 262 F.3d 1128, 1133 (10th Cir. 2001). This Court cannot be bound by the Tenth Circuit's opinion where the intervening decisions of the Supreme Court have eviscerated the Tenth Circuit's reasoning.

When an intervening Supreme Court decision is irreconcilable with prior circuit precedent, the precedent no longer controls. Mr. Greer's position would freeze this case under superseded law until the court of appeals revisits it, which is not how intervening Supreme Court authority works. What's more, Mr. Greer's own opposition confirms both that the controlling standard has changed and that his claim cannot survive it.

### A. Lolcow is a service provider, and *Cox* governs this case directly.

Mr. Greer's lead distinction, that *Cox* involved an "internet service provider" while Kiwi Farms did not, fails twice over. First, *Cox* announced no rule for broadband providers alone. Its holding speaks to "the provider of a service," and the Supreme Court grounded it in *Sony*, which involved the maker of a product, the Betamax recorder, and in *Grokster*, which involved software, neither of them an internet service provider. *Cox Commc'ns, Inc.*, 146 S. Ct. 959, 967 (2026). That contributory liability requires inducement or a service tailored to infringement is a statement of the elements of the claim, not a carve-out for broadband companies.

Second, it is both factually indisputable and part of the law of this case that Lolcow is a service provider. The Digital Millennium Copyright Act defines a "service provider" broadly as "a provider of online services or network access, or the operator of facilities therefor..." 17 U.S.C. § 512(k)(1)(B). Kiwi Farms, a website that stores and displays material its users upload, is such a provider. Indeed, the entirety of Mr. Greer's claim depends on Kiwi Farms being a service provider: the notice-and-takedown process the Plaintiff invoked exists only as to service providers, see 17 U.S.C. § 512(c), and the Tenth Circuit analyzed his claim through that very framework. *Greer*, 83 F.4th at 1286 (discussing the § 512(c) notice-and-takedown process). The original district court judge

was explicit on the point when she dismissed Mr. Greer's speech-tort claims, holding that "Kiwi Farms qualifies as an interactive computer service" and that "[t]he prototypical service qualifying for [Section 230] immunity is an online messaging board (or bulletin board) ... Kiwi Farms fits the bill." *Greer v. Moon*, No. 2:20-cv-00647, ECF No. 37, at 6–7 (D. Utah Sept. 21, 2021), citing *FTC v. Accusearch, Inc.*, 570 F.3d 1187, 1195 (10th Cir. 2009). Far from seeking to reverse that portion of the District Court's opinion, Mr. Greer relied upon the premise that Kiwi Farms is a service provider when this case was on appeal, and encouraged the Tenth Circuit to analyze liability under a theory in which DMCA notices applicable only to service providers gave rise to liability.

Mr. Greer cannot invoke the DMCA's service-provider machinery to build his claim and, in the same breath, insist that Lolcow is not a service provider in order to escape the Supreme Court decision that governs service providers.

**B.   Mr. Greer's "harassment" and "hostile forum" themes seek to relitigate claims that are long abandoned.**

Much of Mr. Greer's opposition is devoted to describing Kiwi Farms as a "targeted harassment forum" and a "hostile mockery thread," to casting it as a forum for abuse, and to branding Mr. Moon a "public nuisance." ECF No. 481, at 2–4. None of that states a claim in this case. The original court dismissed Mr. Greer's electronic-communications-harassment claim with prejudice because the statute affords no private right of action, and it dismissed his false-light and defamation claims with prejudice as barred by Section 230 of the Communications Decency Act. *Greer v. Moon*, No. 2:20-cv-00647, ECF No. 37, at 5–8 (D. Utah Sept. 21, 2021). At Mr. Greer's own urging, the Tenth Circuit revived only a single claim: contributory copyright infringement. The question *Cox* and *Hikma*

pose is whether Lolcow took affirmative steps to induce the copyright infringement, not whether its forum is unpleasant or its users abusive. Mr. Greer's harassment narrative is legally irrelevant to that question, and to the extent he offers it to manufacture "encouragement," he is attempting to relitigate claims the Tenth Circuit did not revive and that Section 230 independently bars.

### C.    Mr. Greer's opposition concedes the Plaintiff's theory is a failure to act, which Cox holds is insufficient.

Stripped of its rhetoric, Mr. Greer's opposition describes the very conduct the Supreme Court has now placed outside contributory liability. Mr. Greer says he is suing "because Moon received Plaintiff's takedown notice; because Moon refused removal; ... and because Moon continued to allow the exploitation of Plaintiff's copyrighted works." ECF No. 481 at 3; see also id. at 1–2 (faulting Moon for "refusing to remove Plaintiff's copyrighted works"). That is knowledge of infringement plus a refusal to remove, which is simply another way to say "a failure to act." The original district court characterized Mr. Greer's theory in precisely those terms when it dismissed the claim, holding that a defendant who has "merely 'permitted' the infringing material to remain on the website, without having 'induc[ed] or encourag[ed]' the initial infringement," is not contributorily liable. *Greer v. Moon*, No. 2:20-cv-00647, ECF No. 37, at 5 (D. Utah Sept. 21, 2021) (citing *Grokster*, 545 U.S. at 930). The original District Court Judge has now been entirely vindicated, as her view is virtually identical to the view that the Supreme Court has endorsed and the Tenth Circuit's contrary opinion is impossible to reconcile with recent binding and unanimous Supreme Court jurisprudence

*Cox* now holds exactly as Judge Tena Campbell did five years ago: Contributory liability requires that the provider "induced the infringement or the provided service is tailored to that infringement," and "mere knowledge that a service will be used to infringe is insufficient." *Cox Commc'ns, Inc.*, 146 S. Ct. at 968. The claim "cannot rest only on a provider's knowledge of infringement and insufficient action to prevent it." *Id.* at 969.  The one affirmative act Mr. Greer identifies, reposting the takedown notice, is not the kind of "active steps . . . to encourage" infringement that *Hikma* requires, which means conduct that is "affirmative," not "passive," and which forbids resting liability on "mere omissions, inactions," or on "speculation about how [others] may act." *Hikma Pharm. USA Inc. v. Amarin Pharma, Inc.*, 146 S. Ct. 1391 (2026), citing *Takeda Pharm. U.S.A., Inc. v. W.-Ward Pharm. Corp.*, 785 F.3d 625, 632 (Fed. Cir. 2015).

Reposting a DMCA notice is neither promotion of infringement nor instruction to infringe, and the inference that users infringed because of the repost is the very speculation *Hikma* rejects. The Tenth Circuit's contrary conclusion rested on the theory that "the reposting of the takedown notice, combined with the refusal to take down the infringing material, amounted to encouragement." *Greer*, 83 F.4th 1283, 1295 (10th Cir. 2023). That is the theory *Cox* and *Hikma* have displaced. Because Mr. Greer rests his claim on knowledge and a refusal to act, his opposition does not rebut the Motion; it confirms it.

**CONCLUSION**

Mr. Greer's opposition was untimely and should be disregarded, and the Motion to Reconsider should be granted as unopposed. In the alternative, and for the reasons

stated in the Motion and above, the Court should reconsider its orders at ECF Nos. 448 and 453 and dismiss Counts I and II of the First Amended Complaint.

DATED June 22, 2026

**HARDIN LAW OFFICE**

 */s/ Matthew D. Hardin*
**Matthew D. Hardin**
*Attorney for Defendants*
*Joshua Moon and Lolcow, LLC*