**Matthew D. Hardin (*pro hac vice*)**
**HARDIN LAW OFFICE**
101 Rainbow Drive # 11506
Livingston, TX 77399
Telephone: (202) 802-1948
Email: MatthewDHardin@gmail.com
*Attorney for Defendants*
*Joshua Moon and Lolcow, LLC*

THE UNITED STATES DISTRICT COURT
DISTRICT OF UTAH

| | |
|---|---|
| RUSSELL GREER,<br><br>Plaintiff,<br><br>v.<br><br>JOSHUA MOON, *et al.*<br><br>Defendants. | **DEFENDANTS' REPLY MEMORANDUM OF LAW IN FURTHER SUPPORT OF MOTION AT ECF NO. 478**<br><br>Case No. 2:24-cv-00421-DBB-JCB<br><br>District Judge David Barlow<br>Magistrate Judge Jared C. Bennett |

NOW COME the Defendants, and file this Reply in further support of their Motion

for Judgment on the Pleadings at ECF No. 478.

**INTRODUCTION**

Mr. Greer's opposition, ECF No. 482, recycles the arguments he raised against

Defendants' companion motion to reconsider and adds one new point about the

counterclaim that the governing rule defeats. On the copyright claims, Mr. Greer again

insists that Defendants are asking this Court to "overrule" the Tenth Circuit and that the

1

question "belongs in the Tenth Circuit."[1] ECF No. 482 at 2. Defendants ask for neither outcome. Instead, they ask *this* Court to apply two intervening, unanimous decisions of the Supreme Court that the Tenth Circuit is itself bound to follow and that, on the face of the pleadings, defeat Mr. Greer's contributory-infringement theory.

On the counterclaim, Mr. Greer protests that he "did deny" Defendants' allegations, *id*. at 2, but his Answer denied nothing in the manner Rule 8 requires and even expressly claimed there are no disputes of material facts. ECF No. 464 at 5. Against that background, Rule 8(b)(6) deems the allegations admitted. Judgment on the pleadings should therefore enter for Defendants on both the claims and counterclaims.

## I. Greer's contributory-copyright claims fail on the pleadings under *Cox* and *Hikma*.

Mr. Greer's lead argument is that Defendants seek to "overrule" or "bypass" the Tenth Circuit and that any "implicit overruling" theory "belongs in the Tenth Circuit." ECF No. 482, at 2–3. That misframes the Motion. A motion for judgment on the pleadings that applies intervening, controlling Supreme Court authority does not ask this Court to overrule the court of appeals; it asks this Court to follow the Supreme Court, which the

---

[1] Query whether Mr. Greer's appellate counsel agrees with this position. Defendants filed a Motion to Recall the Mandate in the Tenth Circuit, and Mr. Greer's appellate counsel has requested and received a lengthy extension of time to respond to that Motion. To the extent that Mr. Greer argues before this Court that the Tenth Circuit is the proper venue for Defendants' arguments rather than the trial court, Mr. Greer cannot simultaneously argue to the Circuit Court that a recall of the mandate is extraordinary and unwarranted, or that this Court will be free to address Defendant's arguments in the absence of a recall due to the exceptions to the mandate rule. *Huffman v. Saul Holdings, Ltd. P'ship*, 262 F.3d 1128, 1133 (10th Cir. 2001) (an intervening change in law gives rise to an exception to the ordinary rule that this Court must reflexively implement the appellate court's mandate). Defendants look forward to seeing whether Mr. Greer's positions before this Court and the Tenth Circuit can be reconciled.

Tenth Circuit is equally bound to do. An intervening change in controlling law is a recognized exception to the mandate rule. *Huffman v. Saul Holdings Ltd. P'ship*, 262 F.3d 1128, 1133 (10th Cir. 2001). When an intervening Supreme Court decision is irreconcilable with prior circuit precedent, the circuit's precedent no longer controls. That Defendants have also raised the issue with the appellate court directly is beside the point; a party may seek relief in each forum that can provide it, and Mr. Greer identifies no rule or other authority requiring Defendants to choose.

### A.  Lolcow is a service provider, and *Cox* governs.

Mr. Greer's lead distinction, that *Cox* involved an "internet service provider" while Kiwi Farms did not, fails twice over.

First, *Cox* did not create a rule for broadband providers alone. Its holding speaks to "the provider of a service," and the Supreme Court grounded its analysis in *Sony Corp. of America v. Universal City Studios*, 464 U.S. 417 (1984), which involved the maker of a product (the Betamax recorder), and in *Grokster*, 545 U.S. 913 (2005), which involved software. *Cox Commc'ns, Inc.*, 146 S. Ct. 959, 967 (2026). That rather cuts against Mr. Greer's idea that the decision in *Cox* applies to internet service providers alone, and is not generally applicable to all allegations of contributory infringement. That contributory liability requires inducement or a service tailored to infringement is a statement of the elements of the claim, not a carve-out for broadband companies.

Second, it is both factually indisputable and part of the law of this case that Lolcow is a service provider. The Digital Millennium Copyright Act defines a "service provider" broadly as "a provider of online services or network access, or the operator of facilities

therefor..." 17 U.S.C. § 512(k)(1)(B). Kiwi Farms, a website that stores and displays material its users upload (even according to the terms of Mr. Greer's own complaint), is quintessentially such a provider. Indeed, the entirety of Mr. Greer's claim depends on Kiwi Farms being a service provider: the notice-and-takedown process the Plaintiff invoked exists only as to service providers, see 17 U.S.C. § 512(c), and the Tenth Circuit analyzed Mr. Greer's claim through that exact framework. *Greer*, 83 F.4th at 1286 (discussing the § 512(c) notice-and-takedown process). The original district court judge was explicit on the point when she dismissed Mr. Greer's speech-tort claims, holding that "Kiwi Farms qualifies as an interactive computer service" and that "[t]he prototypical service qualifying for [Section 230] immunity is an online messaging board (or bulletin board) ... Kiwi Farms fits the bill." *Greer v. Moon*, No. 2:20-cv-00647, ECF No. 37, at 6–7 (D. Utah Sept. 21, 2021), citing and quoting in part *FTC v. Accusearch, Inc.*, 570 F.3d 1187, 1195 (10th Cir. 2009). Far from seeking to reverse that portion of the opinion on appeal, Mr. Greer relied on the premise that Kiwi Farms is a service provider, and urged the Tenth Circuit to find liability under a theory in which publication of DMCA notices applicable only to service providers gave rise to liability. Mr. Greer cannot invoke the DMCA's service-provider machinery to build his claim and, in the same breath, insist that Lolcow is not a service provider in order to escape the Supreme Court decision that governs such providers.

**B.    Mr. Greer's "harassment" and "hostile forum" themes seek to relitigate claims that are abandoned.**

Much of Mr. Greer's opposition is again devoted to describing Kiwi Farms as a "targeted harassment forum," to branding Mr. Moon a "public nuisance, not a public utility," and to the image of Moon "pouring gasoline on the fire of an online harassment

4

mob." ECF No. 482, at 4. None of that states a claim in this case. The original court dismissed Mr. Greer's electronic communications harassment claim with prejudice because the relevant statute affords no private right of action, and it dismissed his false-light and defamation claims with prejudice as barred by Section 230 of the Communications Decency Act. *Greer v. Moon*, No. 2:20-cv-00647, ECF No. 37, at 5–8 (D. Utah Sept. 21, 2021). At Mr. Greer's urging, the Tenth Circuit revived a single claim: contributory copyright infringement. Greer, 83 F.4th at 1283. The controlling and dispositive question *Cox* and *Hikma* now pose is whether Lolcow is alleged to have taken affirmative steps to induce the copyright infringement, not whether its forum is unpleasant or its users abusive. Mr. Greer's harassment narrative is legally irrelevant to that question, and to the extent he offers it to manufacture "encouragement," the Plaintiff is attempting to relitigate claims the Tenth Circuit did not revive and that Section 230 independently bars.

### C.  Mr. Greer's opposition concedes a failure-to-act theory, which *Cox* forbids.

Stripped of its rhetoric, Mr. Greer's opposition describes the very conduct the Supreme Court has placed outside contributory liability. He says he is suing because Moon "reposted Plaintiff's DMCA notice," "mocked Plaintiff's attempt to protect his copyrighted works," "refused to remove the infringing material," and "responded ... by stating 'try me.'" ECF No. 482, at 4. That is knowledge of infringement plus a refusal to remove, which is simply another way to say "failure to act." The original district court characterized Mr. Greer's theory in precisely those terms when it dismissed the claim, holding that a defendant who has "merely 'permitted' the infringing material to remain on the website, without having 'induc[ed] or encourag[ed]' the initial infringement," is not

5

contributorily liable. *Greer v. Moon*, No. 2:20-cv-00647, ECF No. 37, at 5 (D. Utah Sept. 21, 2021) (citing *Grokster*, 545 U.S. at 930).

Cox holds exactly that, vindicating this Court's own earlier decision at ECF No. 37 in its entirety. Contributory liability requires that the provider "induced the infringement or the provided service is tailored to that infringement," and "mere knowledge that a service will be used to infringe is insufficient." *Cox Commc'ns, Inc.*, 146 S. Ct. at 968. The claim "cannot rest only on a provider's knowledge of infringement and insufficient action to prevent it." *Id.* at 969. The one affirmative act Mr. Greer identifies, reposting the takedown notice, is not the kind of "active steps . . . to encourage" infringement that *Hikma* requires, which means conduct that is "affirmative," not "passive," and which forbids resting liability on "mere omissions, inactions," or on "speculation about how [others] may act." *Hikma Pharm. USA Inc. v. Amarin Pharma, Inc.*, 146 S. Ct. 1391 (2026), citing *Takeda Pharm. U.S.A., Inc. v. W.-Ward Pharm. Corp.*, 785 F.3d 625, 632 (Fed. Cir. 2015). Reposting a notice is neither promotion of infringement nor instruction to infringe, and the inference that users infringed because of the repost is the very speculation *Hikma* rejects. Mr. Greer's appeal to "context," that the same act directed "to an audience already engaged in the conduct at issue" becomes "encouragement," is precisely the encouragement-by-context theory *Cox* and *Hikma* have displaced. The Tenth Circuit's contrary conclusion rested on that theory. *Greer*, 83 F.4th 1283, 1295 (10th Cir. 2023). Because Mr. Greer rests his claim on knowledge and a refusal to act, his opposition does not defeat the Motion. Instead, Mr. Greer's opposition simply confirms the motion should be granted.

6

**II.   Judgment on the counterclaim is proper because Mr. Greer's Answer did not deny its allegations.**

Mr. Greer's response on the counterclaim is that he "did deny" Defendants' allegations and that, at most, his Answer was not "formatted paragraph-by-paragraph." ECF No. 482, at 1, 5. That is incorrect, both because Mr. Greer did not deny the relevant allegations at all, and because the Rules do not treat a failure to deny an allegation as an insignificant formatting preference. Rule 8(b)(1) requires a party to "admit or deny the allegations asserted against it," and Rule 8(b)(2) requires that "[a] denial must fairly respond to the substance of the allegation." When a party does neither, Rule 8(b)(6) supplies the consequence: an allegation "is admitted if a responsive pleading is required and the allegation is not denied." Fed. R. Civ. P. 8(b)(6).

Begin with what Mr. Greer's opposition does not contain. Although he insists that he "did deny" the allegations, his opposition does not cite a single paragraph of his Answer in which he denied any of them. That omission is telling. The Counterclaim sets out fifty-five numbered factual allegations, ECF No. 456-1, and Mr. Greer's Answer does not admit or deny even one of them. It never addresses the numbered paragraphs at all. In their place it offers a narrative "Introduction," a "Response" organized by Count rather than by allegation, a handful of affirmative defenses, and a summary judgment style argument that the facts are undisputed. ECF No. 464 at 2, 4, and 5. A pleading that gestures at the general subject of a counterclaim while leaving every numbered allegation unanswered does not "fairly respond to the substance" of any allegation, and Rule 8(b)(6) deems each of the fifty-five admitted. Indeed, to the extent Mr. Greer's own Answer claims there are no material facts in dispute, it is hard to understand how Mr. Greer can now claim he

7

denied the central factual allegations in the counterclaim. ECF No. 464 at 5 (claiming no material facts are in dispute), *contra*. ECF No. 482 at 5 (claiming all material facts are in dispute).

The specific items Mr. Greer points to in his Answer confirm the deficiency rather than cure it. He says that he "denied improper purpose, denied lack of probable cause, asserted justification, asserted unclean hands, and disputed Defendants' damages." ECF No. 482, at 1. Not one of those is a denial of a factual allegation. Improper purpose and want of probable cause are elements and legal conclusions, and denying a legal conclusion does not place the facts that underlie it in dispute. Justification and unclean hands are affirmative defenses, which are the opposite of denials: they accept the alleged facts and seek to avoid their legal effect. *See* Fed. R. Civ. P. 8(c). And the amount of damages is expressly carved out of Rule 8(b)(6), so "disputing" damages does nothing to answer the fifty-five allegations of liability. Distilled to its substance, Mr. Greer's own list of supposed denials does not contain a single denial of a single fact alleged in the Counterclaim.

Mr. Greer's pleading does worse than fail to deny the allegations; it affirmatively concedes them. In a portion of his Answer devoted to the supposed absence of any factual dispute, Mr. Greer represented to the Court that "there are no genuine disputes as to material facts of the Counterclaim." ECF No. 464, at 5. A litigant who assures the Court that the material facts are undisputed cannot be heard, months later, to claim that he "denied" those very facts. By Mr. Greer's own words, the allegations stand admitted. As to admitted allegations, judgment on the pleadings is not merely available; it is required.

8

Finally, Mr. Greer's plea that he "had never drafted an answer to a counterclaim before" does not excuse the deficiency in his Answer, and Defendants did not rest on a technicality. Instead, Defendants acted in good faith and a spirit of cooperation when they moved to strike the noncompliant Answer and offered Mr. Greer the opportunity to file a Rule 8(b)(6)-compliant answer. ECF No. 469. Mr. Greer not only refused; he couched his refusal in indignant and insulting terms, dismissing the request as so many "procedural games" and casting aspersions on defense counsel's education and training. ECF No. 471 at 1 and 2. Having been handed the cure and having spurned it, Mr. Greer cannot now ask the Court to disregard the Rule whose consequences he brought upon himself. The well-pleaded allegations of the Counterclaim are admitted, and those admissions establish Defendants' entitlement to judgment on the pleadings on the Counterclaim.

**CONCLUSION**

For the reasons stated above and in the Motion, the Court should grant Defendants' Motion for Judgment on the Pleadings: it should dismiss Counts I and II of the First Amended Complaint, and it should enter judgment for Defendants on the Counterclaim.

DATED June 22, 2026

**HARDIN LAW OFFICE**

 /s/ Matthew D. Hardin
**Matthew D. Hardin**
*Attorney for Defendants*
*Joshua Moon and Lolcow, LLC*