**Matthew D. Hardin (*pro hac vice*)**
**HARDIN LAW OFFICE**
101 Rainbow Drive # 11506
Livingston, TX 77399
Telephone: (202) 802-1948
Email: MatthewDHardin@gmail.com
*Attorney for Defendants*
*Joshua Moon and Lolcow, LLC*

THE UNITED STATES DISTRICT COURT
DISTRICT OF UTAH

| | |
|---|---|
| RUSSELL GREER,<br><br>Plaintiff,<br><br>v.<br><br>JOSHUA MOON, *et al.*<br><br>Defendants. | **DEFENDANTS' REPLY MEMORANDUM OF LAW IN SUPPORT OF RENEWED MOTION TO UNSEAL ECF NO. 1**<br><br>Case No. 2:24-cv-00421-DBB-JCB<br><br>District Judge David Barlow<br>Magistrate Judge Jared C. Bennett |

NOW COME the Defendants, and file this Reply in support of their Renewed Motion to Unseal ECF No. 1, ECF No. 480.

**INTRODUCTION**

Mr. Greer's response to Defendants' Renewed Motion to Unseal, ECF No. 483, never engages with the arguments Defendants made in the underlying Motion. It does not mention the strong presumption of public access to judicial records. It does not mention the balancing test this Court itself identified as controlling. It does not mention that the burden to justify continued secrecy falls on the party seeking it. It cites no authority of any kind. Mr. Greer instead offers two threadbare and conclusory assertions: that anonymous users might "abuse" the application, and that a five-year-old in forma pauperis

1

application is "irrelevant." *Id*. at 2. Neither of Mr. Greer's conclusions is supported with factual underpinning, and neither comes close to overcoming the presumption that this judicial document should be open to the public. The Motion should be granted.

## I. Mr. Greer has conceded the factors that govern unsealing.

Defendants' Motion set out the controlling standard, drawn from this Court's own order. ECF No. 479, at 3–4. In the Tenth Circuit there is a "strong presumption in favor of public access" to judicial records, *United States v. Pickard*, 733 F.3d 1297, 1302 (10th Cir. 2013), which can be overcome only "where countervailing interests heavily outweigh the public interests in access," *United States v. Bacon*, 950 F.3d 1286, 1293 (10th Cir. 2020). And "the party seeking to keep records sealed bears the burden of justifying that secrecy." *Id*. Mr. Greer's response addresses none of this. He does not cite *Pickard*, *Bacon*, or any other authority; he does not acknowledge the presumption; and he does not attempt to carry the burden that is his.

Mr. Greer's silence is dispositive for two reasons:

First, as a matter of procedure, a party who fails to respond to the grounds of a motion concedes them, and the Court may decide the Motion on the record Mr. Greer has chosen not to contest. See DUCivR 7-1.

Second, as a matter of substance, because the burden rests on the party urging secrecy, *Bacon*, 950 F.3d at 1293, a response that offers no cognizable interest and no authority leaves that burden unmet.

2

Mr. Greer has identified no specific privacy interest, no concrete harm, and no case-specific justification for keeping ECF No. 1 sealed. Plaintiff's conclusory assertions do not rise to document-specific showing the law requires. Not even close.

## II.   The substance of Mr. Greer's finances is already public, so sealing protects nothing.

Even if Mr. Greer had asserted a cognizable privacy interest, the information he seeks to protect is already a matter of public record, placed there by Mr. Greer himself and by public court orders. In this very case, Mr. Greer has stated on the record that he was "actually making more money" in 2020 than he is now, ECF No. 314 at 3; he conceded in open court that he can pay the filing fee, ECF No. 300 at 32–33; and he has disclosed his then-current wage in public filings, ECF Nos. 315 at 3, and 290 at 2. A litigant who places the substance of his finances on the public docket cannot insist that the underlying application to proceed as a pauper is sensitive and should remain sealed.

Mr. Greer's own litigation history makes the point sharper still. When he sued Taylor Swift in the Middle District of Tennessee, he paid the full $400 filing fee on May 21, 2020. *Greer v. Swift*, No. 3:20-cv-00436 (M.D. Tenn.); see ECF No. 313-1. Yet roughly four months later, on September 16, 2020, Mr. Greer applied to proceed in forma pauperis in this Court, representing that he could not afford its fee. ECF No. 1; ECF No. 479 at 1. Defendants' prior motion noted the juxtaposition. *See* ECF No. 313, at 3. A litigant who paid a $400 federal filing fee in the spring and pleaded poverty in the fall cannot plausibly maintain that the truth of his financial condition is a closely held secret.

Nor is the in forma pauperis application a category of document Mr. Greer treats as confidential. He files such applications publicly, and repeatedly. In the Middle District of Tennessee, his *Application to Proceed in District Court Without Prepaying Fees* was filed on the public docket, Exhibit A, and prompted a public order reciting his monthly income before in forma pauperis status was denied. Exhibit B. When Mr. Greer litigated in this District in the case of *Greer v. Herbert*, the court's public order discussed Mr. Greer's alleged finances in detail, including that he had spent "$14,000 at brothels in Nevada." *Greer v. Herbert*, No. 2:16-cv-01067, 2018 U.S. Dist. LEXIS 78323, at *3 n.11 (D. Utah May 8, 2018); *see also* ECF No. 313 at 3. And as recently as March 27, 2026, in the midst of this very dispute, Mr. Greer publicly filed an *Application to Proceed in Forma Pauperis* disclosing roughly $2,000 in monthly income, together with a supplemental affidavit detailing his financial circumstances, in his Nevada Supreme Court appeal. Exhibit C. Mr. Greer cannot place this very category of information on the public record in court after court and simultaneously insist that the 2020 version filed in this matter must remain sealed.

Nor do Mr. Greer's public disclosures stop at his income. Mr. Greer has placed the particulars of his employment and financial life on the public record again and again. He told this Court, in a public filing, that he "is only making 14 dollars an hour currently." ECF No. 290 at 2; *see also* ECF No. 315 at 3 (same). He has publicly litigated his employment and wages, suing a former employer in *Greer v. ViaTRON, Inc.*, Case No. A-26-937678-C (Clark Co., Nev. District Court), and he has told this Court, again in a public filing, that he "was homeless during portions of these proceedings, financially overwhelmed." ECF No. 474, at 3. The record of this case further reflects that Mr. Greer has attributed his

4

financial hardship, in his Nevada litigation, to a financed Nissan that was "later repossessed." ECF No. 180 at 13 (Tr. of Nov. 18, 2024 Hr'g). Mr. Greer's hourly wage, his employer and the wages he claims he is owed, his periods of housing instability, and even the repossession of his vehicle are thus already in the public domain, volunteered by Mr. Greer himself. It is inexplicable that Mr. Greer apparently asserts some harm would come from the disclosure of one particular document in this case. Certainly, Mr. Greer has never even attempted such an explanation.

**III.  Mr. Greer's ostensible fear of harassment is speculative, and the public interest outweighs it in any event.**

Mr. Greer's only argument for secrecy is that "these same bizarre individuals will run around with the information to abuse it." ECF No. 483 at 2. That is speculation about how unidentified third parties might behave, not a showing of any concrete harm, and speculation cannot overcome the presumption of access. The Tenth Circuit requires case-specific and document-specific findings, not generalized fear. *Bacon*, 950 F.3d at 1293–94. Mr. Greer does not explain what in a five-year-old financial affidavit could be weaponized, and to the extent the application contains sensitive identifiers such as a Social Security or account number, the federal and local rules already provide for their redaction. *See* Fed. R. Civ. P. 5.2; DUCivR 5-3(b)(6). A blanket seal of the entire document is not necessary to address a concern that narrow redaction can solve.

Even if Mr. Greer's conclusory and unsupported allegations that he fears abuse of the information were somehow credited, sealing would accomplish nothing, because the substance of Mr. Greer's finances is already public. *See supra*. at Part II. So much of Mr. Greer's financial and employment information is already in the public domain, most of it

volunteered by Mr. Greer himself, that unsealing one five-year-old application cannot conceivably add to the "abuse" Plaintiff professes to fear. Anyone inclined to misuse Mr. Greer's financial information already has, from his own public filings, his hourly wage, the identity of his employer(s), the wages he says he is owed, and his periods of housing instability. A single 2020 affidavit would reveal nothing of consequence that is not already freely available, and Mr. Greer's speculative fear of harassment cannot justify continued sealing of information that is, for all practical purposes, already public.

The interests favoring disclosure are paramount in any event. The public has a right to see the basis on which the Court granted in forma pauperis status and permitted nearly five years of fee-free litigation; those public interests are "presumptively paramount." *Bacon*, 950 F.3d at 1293. Congress, moreover, has made the truthfulness of an indigency application a matter of public concern, commanding that a court "shall dismiss the case at any time" if "the allegation of poverty is untrue." 28 U.S.C. § 1915(e)(2)(A). That command is unenforceable if the application stays hidden from the opposing party and the public. Mr. Greer's own admission that he earned more in 2020 than he does today, ECF No. 314, at 3, makes the question concrete rather than a mere "rabbit hole."

Mr. Greer's "irrelevance" objection is no objection at all: the truthfulness of the 2020 application is precisely what the statute makes relevant. But even irrelevant filings are nevertheless judicial documents and subject to the presumption of public access. Mr. Greer does not even attempt to argue otherwise, much less to explain the basis for any contrary belief with reference to the controlling cases this Court already cited at ECf No. 479.

**CONCLUSION**

Mr. Greer bears the burden to justify continued secrecy, and he has not tried to meet it. The presumption of public access governs and Mr. Greer has not even attempted to rebut that presumption. The substance of Plaintiff's finances is already public, and Mr. Greer's lone "harassment" argument is both speculative and beside the point. Defendants respectfully request that the Court unseal ECF No. 1 in its entirety, subject to any narrowly tailored redactions the parties may brief under Fed. R. Civ. P. 5.2 and DUCivR 5-3(b)(6).

DATED June 22, 2026

HARDIN LAW OFFICE

/s/ Matthew D. Hardin
**Matthew D. Hardin**
*Attorney for Defendants*
*Joshua Moon and Lolcow, LLC*

7