**Matthew D. Hardin (*pro hac vice*)**
**HARDIN LAW OFFICE**
101 Rainbow Drive # 11506
Livingston, TX 77399
Telephone: (202) 802-1948
Email: MatthewDHardin@gmail.com
*Attorney for Defendants*

THE UNITED STATES DISTRICT COURT
DISTRICT OF UTAH

| | |
|---|---|
| RUSSELL GREER,<br><br>    Plaintiff,<br><br>v.<br><br><br>JOSHUA MOON, *et al.*<br><br>    Defendant. | **NOTICE OF SUPPLEMENTAL AUTHORITY REGARDING ECF NOS. 477 & 478**<br><br>Case No. 2:24-cv-00421-DBB<br><br><br>District Judge David Barlow<br>Magistrate Judge Jared C. Bennett |

NOW COME the Defendants, by and through undersigned counsel, and submit this Notice of Supplemental Authority. Defendants update the Court as follows:

1.  On June 4, 2026, Defendants moved this Court to reconsider its prior rulings in light of *Cox Communications, Inc. v. Sony Music Entertainment*, 146 S. Ct. 959 (2026), and *Hikma Pharmaceuticals USA Inc. v. Amarin Pharma, Inc.*, 146 S. Ct. 1391 (2026) (ECF No. 477), and for judgment on the pleadings (ECF No. 478). Both motions are fully briefed. ECF Nos. 481, 482, 484, 485.

2.  In opposing those motions, Plaintiff told this Court that "[i]f Defendants believe Cox and Hikma alter the analysis in Greer v. Moon, that is an argument for the Tenth Circuit, not a shortcut for judgment on the pleadings in this Court," ECF No. 482 at 2, that this Court "is not the proper forum to overrule, bypass, or disregard the Tenth Circuit's controlling decision in this case," *id.*, and that "the proper forum is

the Tenth Circuit" because an "'implicit overruling' theory is exactly the kind of argument that belongs before the appellate court that issued the ruling, not before the district court bound by it." ECF No. 481 at 2–3.

3. On July 24, 2026, Plaintiff, through his appellate counsel, filed a response to Defendants' Motion to Recall the Mandate in the United States Court of Appeals for the Tenth Circuit, *Greer v. Moon*, No. 21-4128 (Doc. 135). A true and correct copy of that response is attached hereto as Exhibit A.

4. Plaintiff's Tenth Circuit briefing is diametrically opposed to Mr. Greer's position in this Court. Plaintiff cites cases in the Court of Appeals for the proposition that "the trial court is in a much better position to pass upon the issues presented." Exhibit A at 3, 7, citing *Standard Oil Co. of California v. United States*, 429 U.S. 17, 17-19 (1976).

5. Plaintiff cannot tell the Court of Appeals that recall is unnecessary because this Court can act while telling this Court that it cannot. Defendants respectfully submit that Plaintiff's appellate filing abandons the forum objection on which his oppositions at ECF Nos. 481 and 482 principally rest. Both sides now agree that this Court may consider *Cox* and *Hikma* in the first instance. See *United States v. Webb*, 98 F.3d 585, 587 (10th Cir. 1996) (a district court may depart from the mandate upon "a dramatic change in controlling legal authority"). Nothing stands between the Court and a merits ruling on the pending motions.

WHEREFORE, Defendants respectfully request that the Court consider Exhibit A in connection with ECF Nos. 477 and 478, treat Plaintiff's forum objection as abandoned, and proceed to decide those motions on their merits.

Respectfully submitted this the 31st day of July, 2026,

**HARDIN LAW OFFICE**

/s/ Matthew D. Hardin

**Matthew D. Hardin**
Attorney for Defendants