**Matthew D. Hardin (*pro hac vice*)**
**HARDIN LAW OFFICE**
101 Rainbow Drive # 11506
Livingston, TX 77399
Telephone: (202) 802-1948
Email: MatthewDHardin@gmail.com
*Attorney for Defendants*
*Joshua Moon and Lolcow, LLC*

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH

| | |
|---|---|
| RUSSELL GREER,<br><br>Plaintiff, | **DEFENDANTS' MOTION FOR LEAVE TO FILE RESPONSE TO PLAINTIFF'S NOTICE OF SATISFYING COURT ORDER (ECF NO. 488)** |
| v. | Case No. 2:24-cv-00421-DBB |
| JOSHUA MOON, *et al*.<br><br>Defendants. | District Judge David Barlow<br>Magistrate Judge Jared C. Bennett |

## RELIEF REQUESTED AND GROUNDS

Defendants Joshua Moon and Lolcow, LLC request leave to file the proposed four-page Response to Plaintiff's Notice of Satisfying Court Order (ECF No. 488), submitted with this motion. In his "Notice," Plaintiff asks the Court to declare unspecified sanctions moot. The response identifies the two sanctions matters that the Notice may concern and addresses the merits of Plaintiff's request. It was prepared promptly and will cause no delay or unfair prejudice.

## ARGUMENT

Local Rule 7-1(a)(9) provides: "Unless ordered otherwise, the court will not consider additional memoranda." DUCivR 7-1(a)(9). Because no rule expressly authorizes this additional memorandum, Defendants seek leave before filing it.

Plaintiff's Notice goes beyond reporting compliance and seeks substantive relief: "Thus, the sanctions for not disclosing the documents should be moot." ECF No. 488 at 2. A request for a court order must be made by motion and state the grounds and relief sought. Fed. R. Civ. P. 7(b)(1). If the Court treats the Notice as a request for relief, fairness warrants an answer before the Court rules.

The record is ambiguous. Greer's Notice was initially docketed as relating to ECF No. 462, a Rule 26(g) sanction for a subpoena issued during the discovery stay. ECF No. 462 at 3-5, 7. The reference in the "Notice" to undisclosed documents instead appears to target the pending Rule 37(b) proceeding arising from ECF No. 227. ECF No. 362 at 4, 6-7. The proposed response explains the distinction and addresses mootness on the existing record.

The proposed response is approximately 1,000 words and is submitted promptly after the Notice. It changes no schedule and relies entirely on the existing record. Plaintiff will suffer no prejudice from briefing the issue he raised.

Defendants ask the Court to grant leave to file the proposed Response to Plaintiff's Notice of Satisfying Court Order.

DATED August 24, 2026

**HARDIN LAW OFFICE**

*/s/ Matthew D. Hardin*
**Matthew D. Hardin**
*Attorney for Defendants*
*Joshua Moon and Lolcow, LLC*