**Matthew D. Hardin (*pro hac vice*)**
**HARDIN LAW OFFICE**
101 Rainbow Drive # 11506
Livingston, TX 77399
Telephone: (202) 802-1948
Email: MatthewDHardin@gmail.com
*Attorney for Defendants*
*Joshua Moon and Lolcow, LLC*

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH

| | |
|---|---|
| RUSSELL GREER,<br><br>Plaintiff,<br><br>v.<br><br>JOSHUA MOON, *et al*.<br><br>Defendants. | **DEFENDANTS' RESPONSE TO "PLAINTIFF'S NOTICE OF SATISFYING COURT ORDER" (ECF NO. 488)**<br><br>Case No. 2:24-cv-00421-DBB<br><br>District Judge David Barlow<br>Magistrate Judge Jared C. Bennett |

Defendants Joshua Moon and Lolcow, LLC respond to Plaintiff's Notice of Satisfying Court Order, ECF No. 488. Plaintiff reports that he sent 62 screenshots on August 17, 2026, then asserts: "Thus, the sanctions for not disclosing the documents should be moot." ECF No. 488 at 2. Greer identifies no particular sanctions proceeding. Defendants understand the Notice to address the pending Rule 37(b) issue created by Plaintiff's repeated failure to comply with ECF No. 227. On that reading, Mr. Greer's "Notice" is wrong. Plaintiff's extremely belated production may bear on the remedy. But Mr. Greer cannot erase his years-long defiance of this Court's orders

Mr. Greer's "Notice" was docketed as relating to ECF No. 462. That order adjudicated a different sanction: Plaintiff's Rule 26(g) violation in obtaining a subpoena

during the discovery stay. ECF No. 462 at 3-5, 7. If Plaintiff meant that sanction, the August 17 transfer has no bearing on the $840 award briefed at ECF Nos. 466 and 472.

Defendants received the documents Mr. Greer sent on August 17, 2026 and are reviewing them.[1] Solely for purposes of this response, they assume without conceding that the files Mr. Greer has sent are complete and responsive to this Court's previous order which required Mr. Greer to produce records from previous *ex parte* litigation against Mr. Moon.

## ARGUMENT

### I. Mr. Greer's Belated production does not moot a completed Rule 37(b) violation.

Rule 37(b)(2)(C) applies when a party fails to comply with the Court's order. It provides: "Instead of or in addition to the orders above, the court must order the disobedient party, the attorney advising that party, or both to pay the reasonable expenses, including attorney's fees, caused by the failure, unless the failure was substantially justified or other circumstances make an award of expenses unjust." Fed. R. Civ. P. 37(b)(2)(C). The rule measures expenses caused by the violation. It does not condition compensation on continued noncompliance at the time the Court rules.

Sanctions remain ripe for a judicial resolution even after the underlying action has ended. The Tenth Circuit applies that principle to Rule 37(b), whose punitive and deterrent purposes permit enforcement even without merits jurisdiction. *Olcott v. Del. Flood Co.*, 76 F.3d 1538, 1553-54 (10th Cir. 1996). Mr. Greer's extraordinarily belated August 17, 2026 effort to comply with a discovery request dated in 2024 does not eliminate the basis for

[1] Notably, Mr. Greer did not designate the documents he sent as "attorneys eyes only" or otherwise indicate that they are covered by this Court's protective order. Defendants therefore assume they are free to use these documents for any proper purpose.

this Court's serial remedial orders or moot the need for sanctions either to compensate Defendants or to protect the integrity of this Court's proceedings.

**II. The 539-day delay imposed costs on Defendants and the Court.**

. Defendants requested the 2018 record that Mr. Greer has now provided on November 20, 2024. Plaintiff then said he would be "happy to provide" it. ECF No. 362 at 1-2. On February 10, 2025, the Court ordered production by February 24. ECF No. 227 at 2-3. At the May 6 hearing, Plaintiff admitted that he had not produced the record. The Court ordered production again and warned that continued noncompliance could lead to case termination and attorney's fees. ECF No. 362 at 3; ECF No. 300 at 14:14-25, 15:1-2. The Court ultimately extended the deadline to June 13. ECF No. 297.

On September 30, the Court found that Plaintiff had failed to comply with several production orders and directed him to show cause why Rule 37(b) sanctions should not follow. ECF No. 362 at 4, 6-7. On October 16, Plaintiff requested 30 more days and promised to "act diligently and submit the document promptly once available." ECF No. 369-1 at 3-4. Weeks later, the Utah Administrative Office of the Courts reported no fulfilled request and no correspondence from Plaintiff after May 2025. ECF No. 381 at 1-2; ECF No. 381-2. Defendants again reported noncompliance on March 27, 2026. ECF No. 457 at 1. To the extent Mr. Greer has now belatedly complied with Defendants' discovery request and this Court's orders, he has done so 539 days after the first court-ordered deadline and 430 days after the final deadline.

The Tenth Circuit has described the predictable result of repeated discovery violations: "Hours, days, weeks of lawyers' time are consumed at great expense. Focus shifts from the merits to the collateral and needless." *Lee v. Max Int'l, LLC*, 638 F.3d 1318,

1321 (10th Cir. 2011). That happened here. Counsel investigated the state-court record, corresponded repeatedly, and prepared status reports and responses. The Court held a hearing, entered repeated orders, reviewed reconsideration motions, and issued a show-cause order. An August 2026 production cannot return those hours.

**III. The Court should select a sanction on the full record.**

Eventual production is one fact the Court may consider when selecting a sanction. It does not resolve the Rule 37(b) issue. *Lee*, 638 F.3d at 1322-23, affirmed dismissal even though the plaintiffs eventually produced the records after another sanctions motion. The governing considerations include prejudice to Defendants, interference with the judicial process, Plaintiff's culpability, the Court's advance warning, and the efficacy of lesser sanctions. *Ehrenhaus v. Reynolds*, 965 F.2d 916, 921 (10th Cir. 1992). Mr. Greer's extremely tardy August 17, 2026 effort to provide certain documents does not undo the prejudice, judicial interference, or warnings accumulated during the preceding 539 days.

Defendants maintain the dismissal request in ECF No. 457. At minimum, Rule 37(b)(2)(C) requires the reasonable expenses caused by Plaintiff's post-order noncompliance. Mr. Greer's "Notice" offers no substantial justification or circumstance that would make an award unjust.

Defendants request that the Court decline to find any sanctions issue moot, resolve the ECF No. 362 proceeding, impose an appropriate sanction for Plaintiff's violation of ECF No. 227, and dismiss this case in its entirety.

DATED August 24, 2026

**HARDIN LAW OFFICE**

*/s/ Matthew D. Hardin*
**Matthew D. Hardin**
*Attorney for Defendants*
*Joshua Moon and Lolcow, LLC*