**THE UNITED STATES DISTRICT COURT**

**DISTRICT OF UTAH**

| | |
|---|---|
| **RUSSELL G. GREER,**<br><br>**Plaintiff,**<br><br>**v.**<br><br>**JOSHUA MOON, website owner; LOLCOW LLC, website owner; and JOHN DOES #1-2, anonymous users on Kiwi Farms,**<br><br>**Defendants.** | **MEMORANDUM DECISION AND ORDER**<br><br>**Case No. 2:24-cv-00421-DBB-JCB**<br><br>**District Judge David Barlow**<br><br>**Magistrate Judge Jared C. Bennett** |

## INTRODUCTION[1]

Pro se Plaintiff Russell G. Greer ("Mr. Greer") moved to disqualify Matthew D. Hardin ("Mr. Hardin"), counsel for Defendants Joshua Moon and Lolcow, LLC (collectively, "Defendants").[2] In response, Defendants moved to strike Mr. Greer's motion or, alternatively, for an extension of time to respond to Mr. Greer's motion and for an evidentiary hearing.[3] Mr. Greer later filed a second motion to disqualify Mr. Hardin.[4] Based upon the analysis set forth below, the court: (I) denies Mr. Greer's motions, and (II) denies in part and denies as moot in part Defendants' motion.

---

[1] District Judge David Barlow referred this case to Magistrate Judge Jared C. Bennett under 28 U.S.C. § 636(b)(1)(B). ECF No. 67.

[2] ECF No. 400.

[3] ECF No. 402.

[4] ECF No. 446.

## ANALYSIS

### I. The Court Denies Mr. Greer's Motions to Disqualify Mr. Hardin.

Mr. Greer fails to carry his heavy burden of demonstrating that disqualification of Mr. Hardin is necessary. The court has discretion to determine whether disqualification of counsel is appropriate.[5] "Motions to disqualify are governed by two sources of authority. First, attorneys are bound by the local rules of the court in which they appear."[6] Attorneys practicing in this court are bound by this court's local rules, the Utah Rules of Professional Conduct, and the Utah Standards of Professionalism and Civility.[7] "Second, because motions to disqualify counsel in federal proceedings are substantive motions affecting the rights of the parties," the court also applies the "standards developed under federal law."[8]

"The sanction of disqualification of counsel in litigation situations should be measured by the facts of each particular case as they bear upon the impact of counsel's conduct upon the trial."[9] When deciding a motion to disqualify counsel, the court considers: "[t]he egregiousness of the violation, the presence or absence of prejudice to the other side, and whether and to what

---

[5] *Flying J Inc. v. TA Operating Corp.*, No. 1:06-CV-30 TC, 2008 WL 648545, at *6 (D. Utah Mar. 10, 2008); *see also Cole v. Ruidoso Mun. Schs.*, 43 F.3d 1373, 1383 (10th Cir. 1994) ("It is well-established that ordinarily the control of attorneys' conduct in trial litigation is within the supervisory powers of the trial judge, and is thus a matter of judicial discretion." (citation modified)).

[6] *Cole*, 43 F.3d at 1383.

[7] DUCivR 83-1.1(d)(1).

[8] *Cole*, 43 F.3d at 1383; *see also Parkinson v. Phonex Corp.*, 857 F. Supp. 1474, 1480 (D. Utah 1994) (providing that the legal standard applicable to a motion to disqualify counsel "is the law of the Tenth Circuit or this district").

[9] *Parkinson*, 857 F. Supp. at 1476.

extent there has been a diminution of effectiveness of counsel."[10] Additionally, "equitable considerations such as the hardship to the other side and the stage of trial proceedings are relevant."[11] "The essential issue to be determined in the context of litigation is whether the alleged misconduct taints the lawsuit."[12]

The moving party bears the burden of establishing that disqualification is necessary.[13] To satisfy that burden, the moving party cannot rely upon conclusory allegations or speculative conflicts.[14] Furthermore, "disqualification of counsel is a drastic measure and a court should hesitate to impose it except when necessary."[15] "[F]ederal courts have treated a motion for disqualification as one that should only rarely be granted. A motion to disqualify is to be viewed with extreme caution, but recognizing the possible unfair advantage that may result depending on the circumstances."[16]

In his motions, Mr. Greer makes a host of allegations against Mr. Hardin, but Mr. Greer provides very little—if any—analysis concerning the specific rules of conduct that Mr. Hardin allegedly violated. However, Mr. Greer appears to rely upon the following Utah rules of conduct:

---

[10] *Id*.

[11] *Id*.

[12] *Id*.

[13] *Id*. at 1480.

[14] *Procter & Gamble Co. v. Haugen*, 183 F.R.D. 571, 574 (D. Utah 1998) ("[A] speculative conflict is insufficient for disqualification.").

[15] *Id*. (citation modified).

[16] *Parkinson*, 857 F. Supp. at 1480 (citation modified).

Rule 3-3.3(a)(1) and (b) (Candor toward the Tribunal),[17] Rule 3-4.1(a) (Truthfulness in Statements to Others),[18] Rule 3-4.4(a) (Respect for Rights of Third Persons),[19] and Rule 3-8.4(c) and (d) (Misconduct).[20] For the reasons stated below, Mr. Greer fails to demonstrate that Mr. Hardin violated any of those rules.

Mr. Greer contends that Mr. Hardin committed violations of the aforementioned rules by:

- Making "improper contact" with a friend of Mr. Greer about this case, which caused that friend "to sever a friendship . . . that resulted in emotional and professional harm to [Mr. Greer]."[21]
- Misrepresenting "expired or dismissed protective orders" entered against Mr. Greer and making a public records request about Mr. Greer that "contain[ed] a series of defamatory statements" that "were misleading," including that Mr. Greer was "'documented to have a misdemeanor conviction arising from inappropriate

[17] Utah Sup. Ct. R. Pro. Practice 3-3.3(a)(1), (b) (providing, in relevant part, that "[a] lawyer must not knowingly or recklessly . . . make a false statement of fact or law to a tribunal or fail to correct a false statement of material fact or law previously made to the tribunal by the lawyer" and "must not offer evidence that the lawyer knows to be false").

[18] Utah Sup. Ct. R. Pro. Practice 3-4.1(a) (providing that "[i]n the course of representing a client a lawyer shall not knowingly . . . [m]ake a false statement of material fact or law to a third person").

[19] Utah Sup. Ct. R. Pro. Practice 3-4.4(a) ("In representing a client, a lawyer shall not use means that have no substantial purpose other than to embarrass, delay or burden a third person, or use methods of obtaining evidence that violate the legal rights of such a person.").

[20] Utah Sup. Ct. R. Pro. Practice 3-8.4(c), (d) (providing that "[i]t is professional misconduct for a lawyer to . . . engage in conduct involving dishonesty, fraud, deceit, or misrepresentation" or "engage in conduct that is prejudicial to the administration of justice").

[21] ECF No. 400 at 3.

behavior towards one woman in Utah,'" "'the subject of at least three separate protective orders,'" and "demonstrat[ed] 'unlawful behavior towards women.'"[22]

- Making "unsupported and reckless" arguments about Mr. Greer's eligibility to proceed in forma pauperis under 28 U.S.C. § 1915.[23]
- Identifying in two witness disclosures that the witnesses have potential knowledge about Mr. Greer's possible forgery in a separate lawsuit, possible tax evasion, and residence and citizenship.[24]

The court addresses each alleged basis for disqualification in turn. First, Mr. Greer fails to show that Mr. Hardin's contact with Mr. Greer's friend violated any of the relevant rules. Although Mr. Greer characterizes that contact as "improper,"[25] he has not provided—and the court is unable to locate—any authority to support the proposition that Defendants are prohibited from conducting any informal investigation related to this case while discovery is stayed. Further, Mr. Greer fails to specify which of the rules of conduct Mr. Hardin allegedly violated by contacting Mr. Greer's friend. While the results that contact may have been unfortunate for Mr. Greer, and Mr. Greer believes that Mr. Hardin should not have made such contact, Mr. Greer has not demonstrated that the contact violated any of the specified rules.

Second, Mr. Greer has not shown that Mr. Hardin's statements about protective orders and Mr. Greer's prior conviction or Mr. Hardin's public records request violated Rules 3-4.1(a)

---

[22] *Id*. at 3-5.

[23] *Id*. at 5.

[24] ECF No. 446 at 4-6.

[25] ECF No. 400 at 3.

or Rule 3-8.4(c), which are the only possible rules that are applicable to Mr. Greer's argument. Specifically, Mr. Greer fails to establish that Mr. Hardin's statements or public records request were "false statement[s] of material fact . . . to a third person"[26] or "conduct involving dishonesty."[27] Importantly, Mr. Greer does not dispute the existence of his prior conviction or the entry of protective orders against him. Instead, it appears that he simply disagrees with Mr. Hardin raising those issues, but that disagreement does not demonstrate that Mr. Hardin made any false statements of material fact or engaged in dishonest conduct. Thus, Mr. Greer has not shown that Mr. Hardin violated Rule 3-4.1(a) or Rule 3-8.4(c).

Third, Mr. Greer fails to demonstrate that Mr. Hardin violated any of the relevant rules by making arguments about Mr. Greer's eligibility to proceed in forma pauperis. Mr. Greer characterizes Mr. Hardin's arguments as "accusations" and contends that they were "unsupported and reckless" because Mr. Hardin has never seen Mr. Greer's motion to proceed in forma pauperis.[28] However, the fact that Mr. Hardin has not seen that motion does not preclude him from making arguments about Mr. Greer's financial status at the time the motion was filed because those arguments go directly to Defendants' reliance upon 28 U.S.C. § 1915 as a possible basis for dismissing this case.[29] Furthermore, Mr. Hardin's arguments are precisely that—

[26] Utah Sup. Ct. R. Pro. Practice 3-4.1(a).

[27] Utah Sup. Ct. R. Pro. Practice 3-8.4(c).

[28] ECF No. 400 at 5.

[29] 28 U.S.C. § 1915(e)(2)(A) (providing that whenever a plaintiff is permitted to proceed in forma pauperis, and "[n]otwithstanding any filing fee, or any portion thereof, that may have been paid," the court is required to dismiss the plaintiff's case if, "*at any time* . . . the court determines that . . . the [plaintiff's] allegation of poverty is untrue" (emphasis added)).

arguments. They are not "a false statement of fact . . . to a tribunal,"[30] "a false statement of material fact . . . to a third person,"[31] or "conduct involving dishonesty."[32] Therefore, Mr. Greer fails to establish that Mr. Hardin violated any of the aforementioned rules by making arguments about Mr. Greer's eligibility to proceed in forma pauperis.

Finally, Mr. Greer has not demonstrated that Mr. Hardin violated any of the specified rules by identifying in two witness disclosures that the witnesses have potential knowledge about Mr. Greer's possible forgery in a separate lawsuit, possible tax evasion, and residence and citizenship. Mr. Greer's arguments on this point focus on the truth and relevance of any testimony on those topics. Those arguments fail to show a violation of any of the aforementioned rules of conduct.[33] Mr. Hardin's mere disclosure of topics of knowledge for witnesses that may or may not have truthful or relevant testimony does not constitute "a false statement of fact . . . to a tribunal,"[34] "a false statement of material fact . . . to a third person,"[35] or "conduct involving

[30] Utah Sup. Ct. R. Pro. Practice 3-3.3(a)(1).

[31] Utah Sup. Ct. R. Pro. Practice 3-4.1(a).

[32] Utah Sup. Ct. R. Pro. Practice 3-8.4(c).

[33] In addition to failing to show a violation of the relevant rules, Mr. Greer's arguments are premature. At this point, Mr. Hardin has merely identified the topics of knowledge of the two witnesses, and the court assumes that, as an officer of the court, Mr. Hardin has complied with Fed. R. Civ. P. 26(g)(1)(A)'s requirement that the disclosures were "complete and correct as of the time [they were] made" and is fully aware that violations of that rule can result in possible sanctions under Rule 26(g)(3). Further, if Defendants eventually intend to have the witnesses offer testimony on the identified topics, Mr. Greer can move for any appropriate relief at that time.

[34] Utah Sup. Ct. R. Pro. Practice 3-3.3(a)(1).

[35] Utah Sup. Ct. R. Pro. Practice 3-4.1(a).

dishonesty."[36] Thus, Mr. Greer fails to show that Mr. Hardin violated any of the relevant rules through the two witness disclosures in question.

In sum, Mr. Greer fails to demonstrate that Mr. Hardin violated any of the aforementioned rules. Additionally, Mr. Greer has not persuaded the court that Mr. Hardin's continued representation of Defendants "taints the lawsuit."[37] Consequently, Mr. Greer fails to carry his heavy burden of showing that the drastic measure of disqualifying Mr. Hardin is required. Therefore, the court denies Mr. Greer's motions to disqualify.

## II. The Court Denies Defendants' Motion to Strike and Denies as Moot Defendants' Motion for an Extension of Time and for an Evidentiary Hearing.

The court denies Defendants' motion to strike Mr. Greer's first motion to disqualify and denies as moot their alternative motion for an extension of time to respond to Mr. Greer's motion and for an evidentiary hearing. First, the court denies Defendants motion to strike because it is procedurally improper. Under Fed. R. Civ. P. 12(f), "[t]he court may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 7(a) defines "pleadings" as: "(1) a complaint; (2) an answer to a complaint; (3) an answer to a counterclaim designated as a counterclaim; (4) an answer to a crossclaim; (5) a third-party complaint; (6) an answer to a third-party complaint; and (7) if the court orders one, a reply to an answer."[38] "Generally, motions, briefs, and memoranda may not be attacked by a motion to

---

[36] Utah Sup. Ct. R. Pro. Practice 3-8.4(c).

[37] *Parkinson*, 857 F. Supp. at 1476.

[38] Fed. R. Civ. P. 7(a)(1)-(7).

strike."[39] "The exception to this principle is that a court may choose to strike a filing that is not allowed by local rule."[40]

Defendants do not seek to strike Mr. Greer's first motion to disqualify based on violation of local rules. Instead, they present substantive arguments about Mr. Greer's motion being procedurally flawed. Making such arguments in a motion to strike another motion is improper. Instead, Defendants should have raised those arguments in an opposition to Mr. Greer's motion.[41] Therefore, the court denies Defendants' motion to strike Mr. Greer's first motion to disqualify.

---

[39] *Bunn v. Perdue*, 966 F.3d 1094, 1099 (10th Cir. 2020) (citation modified); *see also Searcy v. Soc. Sec. Admin.*, 956 F.2d 278 (Table), No. 91-4181, 1992 WL 43490, at *1-2 (10th Cir. Mar. 2, 1992) (affirming "for substantially the same reasons set forth in" the attached magistrate judge's Report and Recommendation the recommendation that a motion to strike the defendant's motion to dismiss be denied because "there is no provision in the Federal Rules of Civil Procedure for motions to strike motions and memoranda"); *Perez v. El Tequila, LLC*, No. 12-CV-588-JED-PJC, 2015 WL 11144032, at *6 (N.D. Okla. Feb. 13, 2015) ("[M]otions, affidavits, briefs, and other documents outside the pleadings are not properly the subject of motions to strike under Rule 12(f). . . . Nowhere do the [Federal Rules of Civil Procedure] contemplate motions to strike motions, memoranda, affidavits, or any other documents."); 2 Moore's Federal Practice - Civil § 12.37[2] (2026) ("Only material included in a 'pleading' may be the subject of a motion to strike, and courts have been unwilling to construe the term broadly. Motions, briefs or memoranda, objections, or affidavits may not be attacked by the motion to strike." (citation modified)).

[40] *Bunn*, 966 F.3d at 1099 (citation modified).

[41] *Carter v. Fed. Nat'l Mortg.*, No. 1:16CV57DAK, 2017 WL 1316957, at *1 (D. Utah Apr. 7, 2017) (concluding that a motion to strike another motion was "improper" and stating that if a party believes another party has "filed improper motions," the party "should explain what is improper with the motions in [the] memoranda opposing the motions" and "address any procedural or substantive issues in a memorandum in opposition to the allegedly objectionable motion").

Second, the court denies as moot Defendants' alternative motion for an extension of time to respond to Mr. Greer's first motion to disqualify and for an evidentiary hearing. Because the court has denied Mr. Greer's motion, considering Defendants' alternative motion is unnecessary.

**ORDER**

For the reasons stated above, the court HEREBY ORDERS:

1. Mr. Greer's motions to disqualify Mr. Hardin[42] are DENIED.
2. Defendants' motion to strike Mr. Greer's first motion to disqualify or, alternatively, for an extension of time to respond to Mr. Greer's motion and for an evidentiary hearing[43] is DENIED IN PART and DENIED AS MOOT IN PART.

IT IS SO ORDERED.

DATED this 16th day of September 2026.

BY THE COURT:



JARED C. BENNETT
United States Magistrate Judge

[42] ECF No. 400; ECF No. 446.

[43] ECF No. 402.