**THE UNITED STATES DISTRICT COURT**

**DISTRICT OF UTAH**

| | |
|---|---|
| **RUSSELL G. GREER,**<br><br>**Plaintiff,**<br><br>**v.**<br><br>**JOSHUA MOON, website owner; LOLCOW LLC, website owner; and JOHN DOES #1-2, anonymous users on Kiwi Farms,**<br><br>**Defendants.** | **ORDER**<br><br>**Case No. 2:24-cv-00421-DBB-JCB**<br><br>**District Judge David Barlow**<br><br>**Magistrate Judge Jared C. Bennett** |

District Judge David Barlow referred this case to Magistrate Judge Jared C. Bennett under 28 U.S.C. § 636(b)(1)(B).[1] Before the court are: (1) pro se Plaintiff Russell G. Greer's ("Mr. Greer") motion to seal a supplemental notice regarding a prior court order;[2] and (2) Defendants Joshua Moon and Lolcow, LLC's (collectively, "Defendants") motion to strike Mr. Greer's motion and sealed supplemental notice or, alternatively, to require Mr. Greer to re-serve the motion and sealed supplemental notice.[3] The court denies both motions as moot because Mr. Greer's sealed supplemental notice must be stricken. This court's local rules do not provide any mechanism for filing a "supplemental notice" regarding a court order. Therefore, the

---

[1] ECF No. 67.

[2] ECF No. 385.

[3] ECF No. 387.

court strikes Mr. Greer's sealed supplemental notice.[4] Consequently, the court denies as moot Mr. Greer's motion to seal the supplemental notice and Defendants' motion to strike or require re-service.

**ORDER**

For the reasons stated above, the court HEREBY ORDERS:

1. Mr. Greer's sealed supplemental notice[5] is STRICKEN.

2. Mr. Greer's motion to seal[6] and Defendants' motion to strike or require re-service[7] are DENIED AS MOOT.

IT IS SO ORDERED.

DATED this 16th day of September 2026.

BY THE COURT:

JARED C. BENNETT
United States Magistrate Judge

[4] *Bunn v. Perdue*, 966 F.3d 1094, 1099 (10th Cir. 2020) (providing that "a court may choose to strike a filing that is not allowed by local rule"); *Bustillo v. Hawk*, 44 F. App'x 396, 400-01 (10th Cir. 2002) (upholding district court's decision to strike filing that violated local rules); *In re Hopkins*, 162 F.3d 1173 (Table), No. 98-1186, 1998 WL 704710, at *3 n.6 (10th Cir. Oct. 5, 1998) (unpublished) (concluding that "it was well within the discretion of the district court to strike" briefs that did not comply with local rules).

[5] ECF No. 386.

[6] ECF No. 385.

[7] ECF No. 387.