**THE UNITED STATES DISTRICT COURT**

**DISTRICT OF UTAH**

| | |
|---|---|
| **RUSSELL G. GREER,**<br><br>**Plaintiff,**<br><br>**v.**<br><br>**JOSHUA MOON, website owner; LOLCOW LLC, website owner; and JOHN DOES #1-2, anonymous users on Kiwi Farms,**<br><br>**Defendants.** | **MEMORANDUM DECISION AND ORDER**<br><br>**Case No. 2:24-cv-00421-DBB-JCB**<br><br>**District Judge David Barlow**<br><br>**Magistrate Judge Jared C. Bennett** |

## INTRODUCTION[1]

Pro se Plaintiff Russell G. Greer ("Mr. Greer") moved to strike Defendants Joshua Moon and Lolcow, LLC's (collectively, "Defendants") disclosure of four witnesses.[2] Mr. Greer also moved for sanctions under Fed. R. Civ. P. 37(c)(1) based upon Defendants' witness disclosures.[3] Defendants moved to complete the record for one of Mr. Greer's motions to strike,[4] as well as for an extension of time to respond to one of Mr. Greer's motions to strike and for a stay on any future motions to strike from Mr. Greer related to Defendants' witness disclosures.[5] Defendants

[1] District Judge David Barlow referred this case to Magistrate Judge Jared C. Bennett under 28 U.S.C. § 636(b)(1)(B). ECF No. 67.

[2] ECF No. 406; ECF No. 411; ECF No. 423; ECF No. 433.

[3] ECF No. 424.

[4] ECF No. 417.

[5] ECF No. 434.

also moved for one of their disclosed witnesses to proceed under a pseudonym or, alternatively, to proceed under her common-law name.[6] As explained in the analysis set forth below, the court: (I) denies Mr. Greer's motions to strike and Rule 37(c)(1) motion for sanctions; (II) denies as moot Defendants' motions related to Mr. Greer's motions to strike; and (III) grants Defendants' motion for one of their disclosed witnesses to under her common law name and, therefore, denies as moot Defendants' motion for that witness to proceed under a pseudonym.

## ANALYSIS

### I. The Court Denies Mr. Greer's Motions to Strike and Rule 37(c)(1) Motion for Sanctions.

Mr. Greer's motions related to Defendants' witness disclosures rely upon three rules: (A) Fed. R. Civ. P. 12(f), (B) Fed. R. Civ. P. 26(g); and (C) Rule 37(c)(1).[7] As shown below, none of the three entitles Mr. Greer to the relief he seeks. Therefore, the court denies his motions to strike and Rule 37(c)(1) motion for sanctions.

#### A. Rule 12(f)

Mr. Greer's reliance on Rule 12(f) is misplaced. Under Rule 12(f), "[t]he court may strike from a *pleading* an insufficient defense or any redundant, immaterial, impertinent, or scandalous

[6] ECF No. 397.

[7] In addition to seeking relief under these rules, Mr. Greer argues that Defendants' witness disclosures should be stricken because discovery is currently stayed, and, therefore, Defendants are prohibited from conducting any informal investigation related to this case. ECF No. 411 at 4 (noting that discovery is stayed and arguing that "Defendants therefore knew that informal third-party investigations were prohibited"); ECF No. 423 at 4 ("Discovery in this matter is stayed. . . . No court order authorizes informal third-party investigation or disclosure."); ECF 433 at 2 ("A discovery stay prohibits not only formal discovery, but also informal discovery efforts, including identifying witnesses . . . ."). However, Mr. Greer fails to cite—and the court is unable to locate—any authority to support that proposition. Therefore, Mr. Greer's argument fails.

matter."[8] Fed. R. Civ. P. 7(a) defines "pleadings" as: "(1) a complaint; (2) an answer to a complaint; (3) an answer to a counterclaim designated as a counterclaim; (4) an answer to a crossclaim; (5) a third-party complaint; (6) an answer to a third-party complaint; and (7) if the court orders one, a reply to an answer."[9] Conspicuously absent from that list of defined pleadings is a witness disclosure. Because Rule 12(f) permits the court to strike only a pleading, that rule cannot provide the basis for striking a witness disclosure. Therefore, the court denies Mr. Greer's motions to strike under Rule 12(f).

B. Rule 26(g)

Rule 26(g) likewise fails to help Mr. Greer. In relevant part, Rule 26(g)(1) provides:

> Every disclosure under Rule 26(a)(1) or (a)(3) and every discovery request, response, or objection must be signed by at least one attorney of record in the attorney's own name—or by the party personally, if unrepresented . . . . By signing, an attorney or party certifies that to the best of the person's knowledge, information, and belief formed after a reasonable inquiry: (A) *with respect to a disclosure*, it is complete and correct as of the time it is made; and (B) *with respect to a discovery request, response, or objection*, it is: . . . (ii) not interposed for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation . . . .[10]

Rule 26(g)(3) further provides that if a certification violates Rule 26(g) "without substantial justification, the court, on motion or on its own, must impose an appropriate sanction on the

[8] Fed. R. Civ. P. 12(f) (emphasis added).

[9] Fed. R. Civ. P. 7(a)(1)-(7).

[10] Fed. R. Civ. P. 26(g)(1)(A), (g)(1)(B)(ii) (emphasis added).

signer, the party on whose behalf the signer was acting, or both. The sanction may include an order to pay the reasonable expenses, including attorney's fees, caused by the violation."[11]

In his motions to strike, Mr. Greer contends that Defendants' disclosures of the four witnesses at issue violated Rule 26(g)(1)(B)(ii), but the plain language of Rule 26(g)(1)(B) applies only "to a discovery request, response, or objection."[12] Disclosures under Rule 26(a)(1) or otherwise are not included. Because Mr. Greer is seeking to strike Defendants' Rule 26(a)(1) witness disclosures, his arguments under Rule 26(g)(1)(B)(ii) are inapposite. Consequently, the court denies his motions to strike under Rule 26(g).

C. Rule 37(c)(1)

The court denies Mr. Greer's motions to strike and Rule 37(c)(1) motion for sanctions because his reliance upon that rule is again misplaced. Rule 37(c)(1) provides:

> If a party *fails* to provide information or identify a witness as required by Rule 26(a)(1) or (e), the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless.[13]

Mr. Greer does not argue that Defendants failed to disclose a witness as required by Rule 26(a)(1). Instead, he contends that Defendants improperly disclosed certain witnesses. Thus, Rule 37(c)(1) cannot provide the relief Mr. Greer seeks. Accordingly, the court denies his motions to strike and motion for sanctions under all three rules in his argument.

---

[11] Fed. R. Civ. P. 26(g)(3).

[12] Fed. R. Civ. P. 26(g)(1)(B).

[13] Fed. R. Civ. P. 37(c)(1) (emphasis added).

### II. The Court Denies as Moot Defendants' Motions Related to Mr. Greer's Motions to Strike.

Because the court has denied Mr. Greer's motions to strike, it is unnecessary for the court to reach Defendants' motion to complete the record for one of Mr. Greer's motions to strike and motion for an extension of time to respond to one of Mr. Greer's motions to strike and for a stay on any future motions to strike from Mr. Greer. Therefore, Defendants' motions are moot.

### III. The Court Grants Defendants' Motion for One of Their Disclosed Witnesses to Under Her Common-Law Name and, Therefore, Denies as Moot Defendants' Motion for That Witness to Proceed Under a Pseudonym.

The court grants Defendants' motion for one of their disclosed witnesses to proceed under her common-law name, Natalie Banks. An individual has a "common[-]law right to adopt another name at will."[14] Defendants contend that Natalie Banks is commonly known by that name in all her dealings,[15] and Natalie Banks has submitted a declaration indicating that she is "publicly known as Natalie Banks."[16] Therefore, the court grants Defendants' motion for Natalie Banks to proceed under that name. Consequently, the court denies as moot Defendants' motion for Natalie Banks to proceed under a pseudonym.

---

[14] *In re Cruchelow*, 926 P.2d 833, 834 (Utah 1996); *see also Isom v. Cir. Ct. of Tenth Jud. Cir.*, 437 So. 2d 732, 733 (Fla. Dist. Ct. App. 1983); *In re Knight*, 537 P.2d 1085, 1086 (Colo. App. 1975).

[15] ECF No. 397 at 7.

[16] ECF No. 401-1.

## ORDER

For the reasons stated above, the court HEREBY ORDERS:

1. Mr. Greer's motions to strike Defendants' disclosure of four witnesses[17] are DENIED.

2. Mr. Greer's motion for sanctions under Rule 37(c)(1)[18] is DENIED.

3. Defendants' motion to complete the record for one of Mr. Greer's motions to strike[19] and motion for an extension of time to respond to one of Mr. Greer's motions to strike and for a stay on any future motions to strike from Mr. Greer[20] are DENIED AS MOOT.

4. Defendants' motion for Natalie Banks to proceed under her common-law name[21] is GRANTED, and Defendants' motion for Natalie Banks to proceed under a pseudonym[22] is DENIED AS MOOT.

SO ORDERED this 16th day of September 2026.

BY THE COURT:

JARED C. BENNETT
United States Magistrate Judge

[17] ECF No. 406; ECF No. 411; ECF No. 423; ECF No. 433.

[18] ECF No. 424.

[19] ECF No. 417.

[20] ECF No. 434.

[21] ECF No. 397.

[22] *Id.*