THE UNITED STATES DISTRICT COURT

DISTRICT OF UTAH

| | |
|---|---|
| **RUSSELL G. GREER,**<br><br>**Plaintiff,**<br><br>**v.**<br><br>**JOSHUA MOON, website owner; LOLCOW LLC, website owner; and JOHN DOES #1-2, anonymous users on Kiwi Farms,**<br><br>**Defendants.** | **MEMORANDUM DECISION AND ORDER**<br><br>**Case No. 2:24-cv-00421-DBB-JCB**<br><br>**District Judge David Barlow**<br><br>**Magistrate Judge Jared C. Bennett** |

## INTRODUCTION[1]

Before the court are: (1) pro se Plaintiff Russell G. Greer's ("Mr. Greer") motion for leave to file a late response to the court's Memorandum Decision and Order requiring Mr. Greer to show cause why he should not be subject to a Fed. R. Civ. P. 37(b) sanction;[2] (2) Mr. Greer's "Notice of Satisfying Court Order" ("Notice")[3] and Defendants Joshua Moon and Lolcow LLC's (collectively, "Defendants") motion for leave to file a response to the Notice;[4] and (3) the issue of whether to impose a Rule 37(b) sanction against Mr. Greer. Based upon the analysis set forth below, the court denies Mr. Greer's motion for leave to file a late response, strikes the Notice,

[1] District Judge David Barlow referred this case to Magistrate Judge Jared C. Bennett under 28 U.S.C. § 636(b)(1)(B). ECF No. 67.

[2] ECF No. 369.

[3] ECF No. 488.

[4] ECF No. 489.

denies as moot Defendants' motion for leave to file a response to the Notice, and imposes a Rule 37(b) sanction against Mr. Greer.

## BACKGROUND

On November 20, 2024, Defendants sent to Mr. Greer their first request for production of documents, which requested documents in the records of any state, local, or federal court proceeding in which Mr. Greer had been a party.[5] In a subsequent meet-and-confer email communication about the request for production, Mr. Greer stated that he had a copy of a restraining order he filed "against Joshua Connor [Moon] in 2018 in Utah" state court ("2018 Restraining Order") and that he was "happy to provide" a copy to Defendants.[6] After Mr. Greer failed to produce the 2018 Restraining Order, Defendants filed a short form discovery motion to compel Mr. Greer to produce that document.[7] Mr. Greer did not respond to Defendants' motion.

On February 10, 2025, the court granted Defendants' motion because Mr. Greer failed to respond to the motion, the 2018 Restraining Order was relevant and proportional to the needs of the case under Fed. R. Civ. P. 26(b)(1), and—based upon Mr. Greer's statement that he would be "happy to provide" the 2018 Restraining Order to Defendants[8]—it was not inconvenient, expensive, or overly burdensome for Mr. Greer to produce the document.[9] Accordingly, the court

[5] ECF No. 219-1 at 6 of 7.

[6] ECF No. 219-9 at 1 of 3.

[7] ECF No. 219.

[8] ECF No. 219-9 at 1 of 3.

[9] ECF No. 227.

ordered Mr. Greer to produce the 2018 Restraining Order to Defendants on or before February 24, 2025.[10]

Mr. Greer subsequently moved the court to reconsider its order.[11] Among other things, Mr. Greer argued that: (1) despite his prior representation, he did not have a copy of the 2018 Restraining Order; (2) he "gave the case number and a case filing" to Defendants and then "negligently assumed" that Defendants were "going to retrieve" the document themselves; (3) he thought he complied with Defendants' request for production by "giving them the case information"; and (4) "Defendants [had] not shown why their counsel can't retrieve the document."[12]

On May 6, 2025, the court held a videoconference hearing on numerous motions, including Mr. Greer's motion to reconsider.[13] Mr. Greer admitted that he had not produced the 2018 Restraining Order to Defendants[14] but argued for the first time that the document was not relevant to this case.[15] After the court informed Mr. Greer that he had waived any argument concerning relevance by failing to respond to Defendants' motion to compel,[16] the court took Mr. Greer's motion under advisement and again ordered Mr. Greer to produce the 2018 Restraining

---

[10] *Id.*

[11] ECF No. 243.

[12] *Id.* at 5-6.

[13] ECF No. 280; ECF No. 300.

[14] ECF No. 300 at 12:6-7.

[15] *Id.* at 12:5-6.

[16] *Id.* at 12:9-13.

Order to Defendants.[17] The court also indicated that if Mr. Greer did not produce the document on or before May 20, 2025, the court would consider Rule 37(b) sanctions consisting of "case termination for failure to cooperate in discovery" and an award of attorney fees to Defendants.[18]

Mr. Greer subsequently moved for modification of the court's order, again raising the issue of relevance, in addition to requesting an order requiring Defendants to pay Mr. Greer for the cost of retrieving the 2018 Restraining Order and an extension of time to produce the document.[19] The court granted and denied Mr. Greer's motion and ordered Mr. Greer to produce the document to Defendants on or before June 3, 2025.[20]

Undaunted, Mr. Greer again moved the court to reconsider its order to produce the 2018 Restraining Order to Defendants.[21] Mr. Greer argued that he should not be required to produce the document because, among other reasons: (1) the document is "completely irrelevant" to this case; (2) it was too expensive for him to retrieve the document; and (3) the state-court clerk would not mark the document as Attorneys' Eyes Only under the court's Standard Protective Order for Mr. Greer prior to mailing it directly to Defendants.[22]

The court subsequently entered a Memorandum Decision and Order denying Mr. Greer's two motions to reconsider.[23] Additionally, the court ordered Mr. Greer to show cause why he

---

[17] ECF No. 283.

[18] ECF No. 300 at 14:18-25, 15-1:2.

[19] ECF No. 294.

[20] ECF No. 296.

[21] ECF No. 326.

[22] *Id*. at 2, 4-5.

[23] ECF No. 362.

should not be subject to a Rule 37(b) sanction based on his failure to comply with the orders to produce the 2018 Restraining Order to Defendants.[24] The court ordered Mr. Greer to file a response to the Memorandum Decision and Order within fourteen days.[25] The court further indicated that upon receipt of Mr. Greer's response, the court would determine whether Mr. Greer should be sanctioned under Rule 37(b) and, if so, the appropriate sanction to impose.[26]

Mr. Greer did not file a response by the court-ordered deadline. Instead, two days after the deadline had expired, Mr. Greer moved for leave to file a late response[27] with his proposed response attached.[28] Mr. Greer asserts that he "received three [electronic] notices [from the court] in close succession" but "inadvertently missed" the electronic notice of the Memorandum Decision and Order.[29] Mr. Greer argues that upon learning of his mistake, "[he] acted promptly and in good faith to prepare and submit his response."[30] Mr. Greer contends that missing the deadline was "inadvertent and not willful" and that "[he] believed, in good faith, that [an] earlier filing addressed the relevant sanctions order and had not realized an additional response was required."[31] Mr. Greer further asserts that his late response should be accepted because he is "a pro se litigant managing this case while working full time and navigating a high volume of

[24] *Id.*

[25] *Id.*

[26] *Id.*

[27] ECF No. 369.

[28] ECF No. 369-1.

[29] ECF No. 369 at 2.

[30] *Id.*

[31] *Id.*

overlapping filings."[32] Mr. Greer also argues that "[n]o prejudice will result to Defendants from permitting a short delay."[33]

Several months later, Mr. Greer filed the Notice, in which he states that he discovered he could access the 2018 Restraining Order online and has sent it to Defendants.[34] Consequently, Mr. Greer argues that "the sanctions for not disclosing the documents should be moot."[35] In response, Defendants moved for leave to file a response to the Notice.[36]

## ANALYSIS

For the reasons explained below, the court: (I) denies Mr. Greer's motion for leave to file a late response to the court's Memorandum Decision and Order regarding a Rule 37(b) sanction; (II) strikes the Notice and, consequently, denies as moot Defendants' motion for leave to file a response to the Notice; and (III) imposes a Rule 37(b) sanction against Mr. Greer. Each issue is addressed in turn.

### I. The Court Denies Mr. Greer's Motion for Leave to File a Late Response to the Court's Memorandum Decision and Order Regarding a Rule 37(b) Sanction.

The court denies Mr. Greer's motion for leave to file a late response to the court's Memorandum Decision and Order concerning a Rule 37(b) sanction. Because Mr. Greer's motion was filed after the deadline for his response, the motion is governed by Fed. R. Civ. P. 6(b)(1)(B), which provides that "the court may, for good cause," extend a deadline after it has

[32] *Id.*

[33] *Id.*

[34] ECF No. 488.

[35] *Id.* at 2.

[36] ECF No. 489.

expired "if the party failed to act because of excusable neglect." Thus, Mr. Greer must show both good cause and excusable neglect for his motion to be granted.

The United States Court of Appeals for the Tenth Circuit has recognized that good cause and excusable neglect are not identical but are interrelated.[37] With respect to what is required to show good cause, the Tenth Circuit has stated:

> Without attempting a rigid or all-encompassing definition of good cause, it would appear to require *at least as much* as would be required to show excusable neglect, as to which simple inadvertence or mistake of counsel or ignorance of the rules usually does not suffice, and some showing of good faith on the part of the party seeking the enlargement and some reasonable basis for noncompliance within the time specified is normally required.[38]

"[G]ood cause requires a greater showing than excusable neglect."[39] "Good cause comes into play in situations in which there is no fault—excusable or otherwise. In such situations, the need for an extension is usually occasioned by something that is not within the control of the movant."[40] "It requires the moving party to show the deadline cannot be met despite the movant's diligent efforts."[41]

To determine whether the lesser standard of excusable neglect is shown,

> a court must take into account "all relevant circumstances surrounding the party's omission." These include four relevant factors: (1) "the danger of prejudice" to the nonmoving party;

[37] *In re Kirkland*, 86 F.3d 172, 175 (10th Cir. 1996); *Putnam v. Morris*, 833 F.2d 903, 905 (10th Cir. 1987).

[38] *In re Kirkland*, 86 F.3d at 175 (citation modified) (emphasis in original); *see also Putnam*, 833 F.2d at 905.

[39] *In re Kirkland*, 86 F.3d at 175 (citation modified).

[40] *Utah Republican Party v. Herbert*, 678 F. App'x 697, 700-01 (10th Cir. 2017) (citation modified).

[41] *Id*. at 701 (citation modified).

> (2) "the length of the delay and its potential impact on judicial proceedings"; (3) "the reason for the delay, including whether it was within reasonable control of the movant"; and (4) "whether the movant acted in good faith."[42]

"The Tenth Circuit has . . . held that the third factor . . . is 'perhaps the most important single factor in determining whether neglect is excusable.'"[43] "'An inadequate explanation for delay, may, by itself, be sufficient to reject a finding of excusable neglect.'"[44]

Given that establishing good cause requires at least a showing of excusable neglect, the court first considers whether Mr. Greer demonstrates excusable neglect. After determining that he does not meet that standard, the court necessarily concludes that he cannot satisfy the good-cause standard.

The court acknowledges that three of the four factors considered in the excusable-neglect analysis weigh in favor of excusable neglect. Under the first factor, the court cannot see any undue prejudice that would be imposed upon Defendants by granting Mr. Greer's motion. Considering the second factor, the length of Mr. Greer's requested extension is small and would

---

[42] *Shifers v. Arapahoe Motors, Inc.*, No. 17-CV-01753-CMA-KLM, 2018 WL 6620866, at *3 (D. Colo. Dec. 18, 2018) (quoting *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380, 395 (1993)) (citation modified); *see also Shifers*, 2018 WL 6620866, at *3 (providing that although the *Pioneer* Court's "discussion of excusable neglect . . . concerned Bankruptcy Rule 9006(b)(1), its analysis rested on the plain meaning of the terms" and that, accordingly, "the Court of Appeals for the Tenth Circuit has extended the *Pioneer* standard of excusable neglect to motions arising under . . . Federal Rule of Civil Procedure 6(b)" (citing multiple Tenth Circuit cases) (citation modified)).

[43] *Shifers*, 2018 WL 6620865, at *3 (quoting *City of Chanute, Kan. v. Williams Nat. Gas Co.*, 31 F.3d 1041, 1046 (10th Cir. 1994)) (citation modified).

[44] *Id.* (quoting *Perez v. El Tequila, LLC*, 847 F.3d 1247, 1253 (10th Cir. 2017)) (citation modified).

not have a significant impact on the proceedings in this case. As for the fourth factor, there is no evidence that Mr. Greer has acted in bad faith.

Nevertheless, consideration of the third factor, by itself, compels the conclusion that Mr. Greer fails to establish excusable neglect. As stated above, the third factor is the most important factor in determining whether Mr. Greer has shown excusable neglect, and it requires the court to consider "'the reason for the delay, including whether it was within reasonable control of the movant.'"[45] Additionally, "'[a]n inadequate explanation for delay, may, by itself, be sufficient to reject a finding of excusable neglect.'"[46]

Mr. Greer fails to show that the delay in filing his motion was not within his control and fails to provide an adequate explanation for that delay. Indeed, Mr. Greer admits that the delay in filing his motion was exclusively the result of his failure to pay attention to the electronic notice of the Memorandum Decision and Order, which demonstrates that the cause of the delay was exclusively within his control. Although Mr. Greer contends that he acted in good faith and provides various reasons why the delay was inadvertent and not willful, those are insufficient explanations for the delay in filing his motion. Therefore, Mr. Greer fails to establish excusable neglect.

That failure, by itself, justifies denying Mr. Greer's motion. Nevertheless, even if Mr. Greer had shown excusable neglect, he has not demonstrated good cause. As indicated above, the good-cause standard requires Mr. Greer to "to show the deadline [could not] be met despite [his]

---

[45] *Id*. (quoting *Pioneer Inv. Servs. Co.*, 507 U.S. at 395).

[46] *Id*. (quoting *Perez*, 847 F.3d at 1253).

diligent efforts."[47] Mr. Greer does not meet that standard because failing to read a court order of which he received notice is not diligence. Importantly, Mr. Greer has previously been warned of that fact.[48] Thus, Mr. Greer fails to establish good cause. Because Mr. Greer has not shown either excusable neglect or good cause, the court denies his motion for leave to file a late response to the court's Memorandum Decision and Order regarding a Rule 37(b) sanction.

## II. The Court Strikes the Notice and, Consequently, Denies as Moot Defendants' Motion for Leave to File a Response to the Notice.

The court strikes the Notice because, as explained in a prior order in this case, this court's local rules do not provide any mechanism for filing a notice regarding a court order.[49] Therefore, the court strikes the Notice.[50] As a result, the court denies as moot Defendants' motion for leave to file a response to the Notice.

## III. The Court Imposes a Rule 37(b) Sanction Against Mr. Greer.

The court imposes a Rule 37(b) sanction against Mr. Greer. Rule 37(b)(2)(A) permits a court to impose a sanction against a party who "fails to obey an order to provide or permit discovery, including an order under . . . [Rule] 37(a)." As established in the background recited

---

[47] *Herbert*, 678 F. App'x at 701 (citation modified).

[48] ECF No. 352 (stating that "[Mr. Greer] has a responsibility to read court filings" and concluding that "[n]ot seeing an order and ignoring another filing does not constitute good cause").

[49] ECF No. 493.

[50] *Bunn v. Perdue*, 966 F.3d 1094, 1099 (10th Cir. 2020) (providing that "a court may choose to strike a filing that is not allowed by local rule"); *Bustillo v. Hawk*, 44 F. App'x 396, 400-01 (10th Cir. 2002) (upholding district court's decision to strike filing that violated local rules); *In re Hopkins*, 162 F.3d 1173 (Table), No. 98-1186, 1998 WL 704710, at *3 n.6 (10th Cir. Oct. 5, 1998) (unpublished) (concluding that "it was well within the discretion of the district court to strike" briefs that did not comply with local rules).

above, Mr. Greer failed to obey several court orders requiring him to produce the 2018 Restraining Order to Defendants. That failure constitutes sanctionable conduct under Rule 37(b).

Having determined that Mr. Greer is subject to a Rule 37(b) sanction, the court turns to considering the appropriate sanction to impose. Rule 37(b)(2)(A)(v) provides that if a party fails to obey a discovery order, "the court where the action is pending may issue further just orders," including "dismissing the action or proceeding in whole or in part." At the same time, Rule 37(b)(2)(C) provides that "[i]nstead of or in addition to" that sanction or others listed in Rule 37(b)(2)(A), "the court must order the disobedient party . . . to pay the reasonable expenses, including attorney's fees, caused by the failure, unless the failure was substantially justified or other circumstances make an award of expenses unjust."

District courts have "very broad discretion to use sanctions where necessary."[51] "Determination of the correct sanction for a discovery violation is a fact-specific inquiry that the district court is best qualified to make."[52] "The district court's discretion to choose a sanction is limited in that the chosen sanction must be both just and related to the particular claim which was at issue in the order to provide discovery."[53]

The court first considers whether to impose dismissal with prejudice as a sanction against Mr. Greer, consistent with the court's prior warning of that possible sanction. After determining that the sanction of dismissal with prejudice is not warranted, the court imposes a less severe sanction against Mr. Greer in the form of an award to Defendants of their reasonable expenses,

---

[51] *Lee v. Max Int'l, LLC*, 638 F.3d 1318, 1320 (10th Cir. 2011) (citation modified).

[52] *Ehrenhaus v. Reynolds*, 965 F.2d 916, 920 (10th Cir. 1992).

[53] *Id*. (citation modified).

including attorney fees, caused by Mr. Greer's failure to comply with the court's orders to produce the 2018 Restraining Order to Defendants.

A. The Sanction of Dismissal With Prejudice Is Not Warranted.

Mr. Greer's violation of the court's discovery orders does not warrant the severe sanction of dismissal with prejudice. Dismissal with prejudice is "an extreme sanction appropriate only in cases of willful misconduct. In many cases, a lesser sanction will deter the errant party from further misconduct."[54] Further, "[b]ecause dismissal with prejudice defeats altogether a litigant's right to access to the courts, it should be used as a weapon of last, rather than first, resort."[55] "Particularly in cases in which a party appears pro se, the court should carefully assess whether it might appropriately impose some sanction other than dismissal, so that the party does not unknowingly lose [his] right of access to the courts because of a technical violation."[56]

> Before choosing dismissal as a just sanction, a court should ordinarily consider a number of factors, including: (1) the degree of actual prejudice to the defendant; (2) the amount of interference with the judicial process; (3) the culpability of the litigant; (4) whether the court warned the party in advance that dismissal of the action would be a likely sanction for noncompliance; and (5) the efficacy of lesser sanctions.[57]

"These factors do not constitute a rigid test; rather, they represent criteria for the district court to consider prior to imposing dismissal as a sanction."[58] "Only when the aggravating factors

---

[54] *Id.* (citation modified).

[55] *Id.* (citation modified).

[56] *Id.* at 920 n.3.

[57] *Id.* at 921 (citation modified).

[58] *Id.*

outweigh the judicial system's strong predisposition to resolve cases on their merits is dismissal an appropriate sanction."[59]

As shown below, the court's consideration of those factors weighs against imposing the sanction of dismissal with prejudice. First, Mr. Greer's failure to comply with the court's discovery orders has imposed some prejudice on Defendants. Defendants were forced to move to compel production of the 2018 Restraining Order, and despite several court orders requiring that production, Defendants were deprived of a response to their discovery request. Additionally, Defendants were required to respond to Mr. Greer's motions to reconsider the court's orders, which were all meritless. Nevertheless, the court is not persuaded that Defendants have been prejudiced to a degree sufficient to justify the sanction of dismissal with prejudice. Therefore, this factor weighs against dismissal with prejudice as a sanction.

Second, Mr. Greer's recalcitrance has resulted in some interference with the judicial process. The court has expended unnecessary time and effort in resolving Defendant's motion to compel and Mr. Greer's unsuccessful motions to reconsider. However, given that discovery has been stayed for some time, Mr. Greer's failure has not caused undue interference with the progress of this case. Thus, this factor weighs against the sanction of dismissal with prejudice.

Third, Mr. Greer is culpable for his failure to comply with the discovery orders. Despite Mr. Greer's many meritless arguments why he should not be required to comply with those orders, he alone is responsible for his failure to comply. Mr. Greer cannot refuse to comply with court orders based upon his disagreement with the rulings in those orders. Although Mr. Greer

---

[59] *Id.* (citation modified).

did move to reconsider the discovery orders, those motions were denied, and Mr. Greer still failed to comply with the orders. Accordingly, the third factor weighs in favor of the sanction of dismissal with prejudice.

Fourth, the court previously warned Mr. Greer that a case-terminating sanction was a possibility for his failure to comply with the court's orders, yet Mr. Greer persisted in refusing to comply with those orders. Consequently, this factor weighs in favor of dismissal with prejudice as a sanction.

Finally, given Mr. Greer's pro se status, the extreme nature of the sanction of dismissal with prejudice, and the court's strong preference for resolving cases on the merits, the court concludes that a lesser sanction would be effective in deterring Mr. Greer from further violations of discovery orders. Accordingly, this factor weighs against the sanction of dismissal with prejudice.

On balance, the court's consideration of the foregoing factors militates against imposing dismissal with prejudice as a sanction against Mr. Greer. Instead, as outlined below, the court imposes against Mr. Greer the lesser sanction of an award to Defendants of their reasonable expenses, including attorney fees, caused by Mr. Greer's failure to comply with the court's discovery orders.

B. The Court Imposes a Rule 37(b) Sanction Against Mr. Greer in the Form of an Award to Defendants of Their Reasonable Expenses, Including Attorney Fees, Caused by Mr. Greer's Failure to Comply With the Court's Orders.

As a Rule 37(b) sanction, the court requires Mr. Greer to pay Defendants their reasonable expenses, including attorney fees, caused by his noncompliance with the court's discovery orders. As noted above, Rule 37(b)(2)(C) provides that "[i]nstead of or in addition to" the

sanctions delineated in Rule 37(b)(2)(A), "the court must order the disobedient party . . . to pay the reasonable expenses, including attorney's fees, caused by the failure, unless the failure was substantially justified or other circumstances make an award of expenses unjust." As demonstrated below, neither exception to an award of reasonable expenses applies.

First, Mr. Greer's failure to comply with the court's orders was not substantially justified. Where, as here, Rule 37(b)(2)(C) employs the same term of art—substantially justified—as the Equal Access to Justice Act[60] for the same purpose of awarding costs and attorney fees, the court borrows from jurisprudence related to the Equal Access to Justice Act to determine substantial justification.[61] Thus, for Mr. Greer's failure to comply with the court's discovery orders to be substantially justified, that failure must have "a reasonable basis in both law and fact."[62] Mr. Greer's noncompliance with the court's orders does not meet that standard. Mr. Greer's failure had no basis in law because he disobeyed valid court orders. Additionally, Mr. Greer's failure did not have a reasonable basis in fact. Although Mr. Greer presented numerous factual bases in his motions to reconsider as to why he should not be required to comply with the orders, the court rejected all of those bases in denying Mr. Greer's motions. But Mr. Greer persisted in noncompliance.

---

[60] 28 U.S.C. § 2412(d)(1)(A).

[61] *Lawson v. FMR LLC*, 571 U.S. 429, 459 (2014) ("[P]arallel text and purposes counsel in favor of interpreting . . . provisions consistently."); *Northcross v. Bd. of Educ. of Memphis City Schs.*, 412 U.S. 427, 428 (1973) (per curiam) (stating that when two provisions of different statutes share similar language, that is a "strong indication" they are to be interpreted consistently); *Morissette v. United States*, 342 U.S. 246, 263 (1952) (explaining that "where Congress borrows terms of art," it also borrows their meaning).

[62] *Hanover Potato Prods., Inc. v. Shalala*, 989 F.2d 123, 128 (3d Cir. 1993).

Second, other circumstances do not make an award of reasonable expenses unjust. Mr. Greer failed to comply with court orders in clear violation of Rule 37(b), which subjects him to a sanction under that rule. Further, Mr. Greer's pro se status does not insulate him from such a sanction.[63]

Because Mr. Greer's noncompliance with the court's discovery orders was not substantially justified, and there are no other circumstances that would make an award of reasonable expenses unjust, the court imposes the Rule 37(b) sanction against Mr. Greer of an award to Defendants of their reasonable expenses, including attorney fees, caused by Mr. Greer's failure to comply with the court's orders. The court will determine the amount of that award as outlined below.[64]

---

[63] *Villanueva Echon v. Sackett*, 809 F. App'x 468, 471 (10th Cir. 2020) ("[P]ro se litigants are not immune from [Rule 37(b)] sanctions for failing to obey a discovery order.").

[64] As a final matter, the court notes that even if it had considered Mr. Greer's proposed response to the court's Memorandum Decision and Order regarding a Rule 37(b) sanction, ECF No. 369-1, and the Notice, ECF No. 488, the court's decision to impose a Rule 37(b) sanction against Mr. Greer would not change. As for Mr. Greer's proposed response, he argues that his failure to comply with the court's orders was substantially justified because he acted in good faith, he is proceeding pro se, he believed filing his motions to reconsider obviated the need to comply with the orders, and he was confused about compliance with the orders. ECF No. 369-1 at 2-3. Those arguments do not establish substantial justification. Regardless of whether Mr. Greer acted in good faith, his reasons for failing to comply with valid court orders have no "reasonable basis in both law and fact," *Hanover Potato Prods., Inc.*, 989 F.2d at 128, and his pro se status does not protect him from Rule 37(b) sanctions. *Villanueva Echon*, 809 F. App'x at 471. With respect to the Notice, the fact that Mr. Greer belatedly produced the 2018 Restraining Order does not remedy his noncompliance with the deadlines for production set in the court's orders. That noncompliance is sufficient to warrant a Rule 37(b) sanction. Therefore, neither Mr. Greer's proposed response nor the Notice would have any effect on the court's decision to impose a Rule 37(b) sanction against Mr. Greer.

## ORDER

For the reasons stated above, the court HEREBY ORDERS:

1. Mr. Greer's motion for leave to file a late response to the court's Memorandum Decision and Order regarding a Rule 37(b) sanction[65] is DENIED.
2. The Notice[66] is STRICKEN.
3. Defendants' motion for leave to file a response to the Notice[67] is DENIED AS MOOT.
4. A Rule 37(b) sanction is imposed against Mr. Greer in the form of an award to Defendants of their reasonable expenses, including attorney fees, caused by Mr. Greer's failure to comply with the court's orders to produce the 2018 Restraining Order to Defendants.
5. On or before October 14, 2026, Defendants must file an affidavit and a cost memorandum outlining their requested award of reasonable expenses, including attorney fees. Within fourteen days after Defendants' filing, Mr. Greer may file a response brief of no more than ten pages. Within seven days after Mr. Greer's response is filed, Defendants may file a reply brief of no more than ten pages. Upon receipt of those filings, the court will determine the amount of the Rule 37(b) sanctions award.

---

[65] ECF No. 369.

[66] ECF No. 488.

[67] ECF No. 489.

IT IS SO ORDERED.

DATED this 30th day of September 2026.

BY THE COURT:

JARED C. BENNETT
United States Magistrate Judge