**Matthew D. Hardin (*pro hac vice*)**
**HARDIN LAW OFFICE**
101 Rainbow Drive # 11506
Livingston, TX 77399
Telephone: (202) 802-1948
Email: MatthewDHardin@gmail.com
*Attorney for Defendants*
*Joshua Moon and Lolcow, LLC*

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH

| | |
|---|---|
| RUSSELL GREER,<br><br>Plaintiff,<br><br>v.<br><br>JOSHUA MOON, *et al.*<br><br>Defendants. | **DEFENDANTS' COST MEMORANDUM PURSUANT TO ECF NO. 495**<br><br>Case No. 2:24-cv-00421-DBB<br><br>District Judge David Barlow<br>Magistrate Judge Jared C. Bennett |

This Court has already determined that Defendants are entitled to recover their costs and attorney's fees arising from Mr. Greer's flagrant and repeated failure to comply with the discovery process. The only remaining issue is the quantum of payment. Defendants Joshua Moon and Lolcow LLC request $4,710 in attorney's fees under the September 30, 2026 order and, as necessary, the reserved Rule 37(a)(5)(A) fee issue from the original Motion to compel. ECF No. 300 at 13:23–14:5. That amount covers 15.7 attorney hours at $300 per hour.

**Mr. Greer's behavior caused these fees.**

The Court awarded Defendants their reasonable expenses and attorney's fees caused by Mr. Greer's failure to obey the orders requiring production of the 2018

restraining order he sought against Joshua Moon. ECF No. 495 at 16–17. The amount of that award remains to be determined. Fed. R. Civ. P. 37(b)(2)(C) ties recovery to expenses caused by the violation. *Martin v. SGT, Inc.*, No. 2:19-cv-00289-RJS, 2023 U.S. Dist. LEXIS 90346, at *25–28 (D. Utah May 22, 2023).

Mr. Greer repeatedly relitigated his obligation to produce the same document. Defendants had to oppose reconsideration and modification, pursue production through repeated correspondence, and report continued noncompliance to the Court. ECF Nos. 250, 295, 327, 336, 365, 368, 381, 457. The requested fees compensate Defendants for that unnecessary work caused by Mr. Greer's repeated failures to comply with the discovery process and this Court's orders. The accompanying declaration identifies each item of work for which Defendants seek compensation and its connection to the issues for which the Court has already awarded sanctions against Mr. Greer. Hardin Decl. ¶¶ 8–33.

**The award should include the original motion to compel.**

The Court previously reserved the issue of whether Defendants were entitled to fees arising from their original motion to compel. ECF No. 300 at 13:23–14:5. Likely, the Court believed it could avoid awarding fees for that Motion if it gave Mr. Greer the opportunity to bring himself into compliance with his legal obligations. Unfortunately, Mr. Greer did not take that opportunity. Now that the Court has awarded sanctions, it should compensate Defendants for that motion.

Defendants seek 2.3 hours ($690) for the January 15, 2025 motion to compel, ECF No. 219. Hardin Decl. ¶ 7. The Court's most recent order expressly identifies the

Defendants' need to move to compel the restraining order as prejudice caused by Mr. Greer's discovery misconduct. ECF No. 495 at 13.

**The transcript and filings support the requested fees.**

Courts may estimate time attributable to misconduct and award fees for an entire category of work when the misconduct caused that work. *Goodyear Tire & Rubber Co. v. Haeger*, 581 U.S. 101, 108–10 & n.5 (2017). The estimates here rest on the transcript, the filings, and Undersigned counsel's assessment of the work. Hardin Decl. ¶¶ 9, 12, 30–31.

At the May 6, 2025 hearing, Mr. Greer's continuing nonproduction and failure to cooperate with discovery occupied approximately nine of the transcript's 33 pages of proceedings. ECF No. 300 at 6:5–15:3; *see id.* at 3–35. That proportion supports allocating 0.3 of the 1.1 hours spent preparing for and attending the hearing. Hardin Decl. ¶ 9. The accompanying declaration explains the allocations for the June status report, February objections, and March scheduling motion. *Id.* ¶¶ 12, 30–31.

Alternatively, Defendants seek the full unclaimed time for the hearing, objections, and scheduling motion because the shared preparation, review, and drafting cannot reasonably be segregated. Hardin Decl. ¶ 35. Defendants ask the Court to find that this common work would not have been required absent the continuing nonproduction and to award it under *Goodyear*, 581 U.S. at 110. The alternative replaces the corresponding estimates and adds 2.8 hours ($840), bringing the total to $5,550. Hardin Decl. ¶ 35.

**This request excludes previously claimed time.**

Sadly, this is not the first time this Court has awarded fees against Mr. Greer for discovery misconduct (and separate sanctions have also been awarded under Rule 11). To ensure the instant fee request is reasonable and not excessive or duplicative of previous awards, even awards arguably arising from the same types of behavior or general subjects, undersigned counsel compared this request with the initial-disclosure, Rule 11, and subpoena-sanctions fee applications. All time claimed in those applications is excluded from this application. ECF Nos. 228, 228-2, 364, 364-1, 465–466; Hardin Decl. ¶ 36.

**Counsel's hours and hourly rate are reasonable.**

The lodestar multiplies reasonable hours by a reasonable hourly rate. *Martin*, 2023 U.S. Dist. LEXIS 90346, at *28–31. The declaration substantiates 14.4 hours of past services, and the clients have paid the invoiced balances. Hardin Decl. ¶¶ 7–33, 37. Undersigned counsel also spent 1.3 hours drafting, reviewing, and editing this submission, for $390. *Id.* ¶ 34. Reasonable fee-application work is compensable under Rule 37. *Martin*, 2023 U.S. Dist. LEXIS 90346, at *39–41.

The $300 hourly rate reflects Undersigned counsel's experience: admission in 2014, a practice principally devoted to federal litigation, and representation of Mr. Moon since 2020. $300 per hour is substantially below Mr. Hardin's rate for most federal litigation. Hardin Decl. ¶¶ 2, 4. As a local comparison, this Court approved $400 per hour for an experienced copyright attorney in *Garvey v. Buzznick, LLC*, No. 2:22-cv-00400-DBB, 2023 U.S. Dist. LEXIS 137408, at *5 (D. Utah Aug. 4, 2023).

The February 10, 2025 invoice includes a $460 discount against $2,460 in itemized services. Hardin Decl. ¶ 37. Defendants seek the reasonable value of the original motion's 2.3 hours at $300 per hour. Under *Centennial Archaeology, Inc. v. AECOM, Inc.*, 688 F.3d 673, 679–82 (10th Cir. 2012), Rule 37 fees compensate the reasonable value of legal services even when the client's payment arrangement produces a different charge. The discount undersigned counsel gave to this regular client therefore does not require reducing the $690 lodestar for this work.

Defendants request $4,710 in sanctions, payable by Mr. Greer to Defendants.

DATED October 14, 2026

**HARDIN LAW OFFICE**

/s/ Matthew D. Hardin

**Matthew D. Hardin**
*Attorney for Defendants*
*Joshua Moon and Lolcow, LLC*