**Matthew D. Hardin (*pro hac vice*)**
**HARDIN LAW OFFICE**
101 Rainbow Drive # 11506
Livingston, TX 77399
Telephone: (202) 802-1948
Email: MatthewDHardin@gmail.com
*Attorney for Defendants*
*Joshua Moon and Lolcow, LLC*

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH

| | |
|---|---|
| RUSSELL GREER,<br><br>Plaintiff,<br><br>v.<br><br>JOSHUA MOON, *et al.*<br><br>Defendants. | **DECLARATION OF MATTHEW D. HARDIN**<br><br>Case No. 2:24-cv-00421-DBB<br><br>District Judge David Barlow<br>Magistrate Judge Jared C. Bennett |

I, Matthew D. Hardin, declare as follows:

1. I represent Defendants Joshua Moon and Lolcow LLC in this action. I am competent to testify to the matters stated here. This declaration is based on my personal knowledge and my review of my firm's billing records and the identified filings.

2. I was admitted to practice law in 2014, originally in the Commonwealth of Virginia. My practice has consisted principally of federal litigation. I have represented Mr. Moon in various matters since 2020. My experience includes copyright cases on behalf of Mr. Moon and Lolcow LLC. See ECF

No. 228-2 ¶¶ 2–3; *Lolcow LLC v. Fong-Jones*, Case No. 1:26-cv-02059-KPF (S.D.N.Y.).

3. I submit this declaration under 28 U.S.C. § 1746 in support of the award directed by the September 30, 2026 order. That order awards Defendants reasonable expenses caused by Mr. Greer's failure to comply with the orders to produce the 2018 restraining order. ECF No. 495 at 17 ¶¶ 4–5. I also itemize the original motion to compel for resolution of the reserved Rule 37(a)(5)(A) fee issue. ECF No. 227 at 3; ECF No. 300 at 13:23–14:5.

4. My hourly rate for this matter is $300. I believe it reasonably values these services in light of my experience and the work required. It is substantially lower than the hourly rate to which I am entitled for most of my federal litigation.

5. I maintain billing records for The Law Office of Matthew D. Hardin, PLLC, (d/b/a Hardin Law Office). I reviewed these records to prepare this declaration.

6. In this declaration, I request a minimum of $4,710 for 15.7 hours at $300 per hour. That amount includes 14.4 hours of past services ($4,320) and 1.3 hours ($390) for today's submission, explained in paragraph 34. The past services include 2.3 hours ($690) for the original motion to compel, separately identified in paragraph 7.

7. I seek 2.3 hours ($690) for drafting and filing the January 15, 2025 motion to compel, ECF No. 219. My February 10, 2025 invoice separately records

that service at $300 per hour. The motion sought the same 2018 restraining order addressed in the present sanctions award. ECF No. 219 ¶¶ 6–8; ECF No. 495 at 13. This time was not included in the earlier fee requests identified in paragraph 36.

8. I seek 1.8 hours for drafting and filing the March 7, 2025 response opposing reconsideration, ECF No. 250. The response defended the order requiring production of the 2018 restraining order and rebutted Mr. Greer's explanations for withholding it after the production deadline.

9. I seek 0.3 hours for preparing for and attending the May 6, 2025 hearing on continuing nonproduction. The transcript devotes approximately nine pages to that subject, from 6:5 through 15:3, within about 33 pages of proceedings. ECF No. 300 at 3–35. I spent 1.1 hours preparing for and attending the hearing. The transcript's allocation of topics supports an estimate of 0.3 hours for this dispute. I previously requested a separate 0.3 hours for the Rule 11 issues and exclude that time here. ECF No. 364-1 ¶ 9. The allocated request leaves the remaining 0.5 hour unclaimed.

10. I seek 0.4 hours for drafting and filing the May 16, 2025 partial opposition to Mr. Greer's motion for modification, ECF No. 295. That filing opposed excusing Mr. Greer's compliance with the renewed production order while consenting to additional time to produce the missing document. ECF No. 295 ¶¶ 1–5.

11. I seek 2.6 hours for drafting and filing the June 4, 2025 opposition to renewed reconsideration, ECF No. 327. The opposition addressed Mr. Greer's repeated attempts to avoid producing the restraining order and sought sanctions for his continuing noncompliance.

12. I seek 0.1 hours for drafting and filing the June 9, 2025 status report, ECF No. 336. Paragraph 1 reported continued nonproduction; paragraph 2 addressed an earlier unpaid sanction. I estimate that 0.1 of the 0.2 hours spent on the report concerned the production violation. I exclude the remaining 0.1 hours.

13. I seek 0.2 hours for drafting and filing the October 14, 2025 status report, ECF No. 365. It identified the missed production deadlines, reported that the restraining order remained unproduced, and sought sanctions for Mr. Greer's continued noncompliance. ECF No. 365 ¶¶ 1–3.

14. I seek 0.3 hours for drafting and filing the October 16, 2025 opposition to Mr. Greer's Motion for Leave to file a late response, ECF No. 368. Mr. Greer sought additional time to respond to the order to show cause concerning nonproduction. The opposition challenged his excuse for missing that deadline and sought enforcement of the show-cause order. ECF No. 368 at 1–3.

15. I seek 0.3 hours for emailing Mr. Greer on November 4, 2025 about the court-ordered production of the restraining order and related compliance issues. The correspondence sought the document that remained

outstanding under the production orders. The ensuing status report described that inquiry. ECF No. 381 ¶ 3.

16. I seek 0.1 hours for emailing Mr. Greer on November 6, 2025 about the status of production and the steps he had taken to comply with his representations to the Court. The communication sought compliance with the orders requiring him to provide the restraining order.

17. I seek 0.5 hours for preparing and filing the November 7, 2025 status report and its supporting materials, ECF No. 381. I spent 0.3 hours preparing the update on noncompliance and 0.2 hours reviewing correspondence and records, preparing exhibits, and coordinating filing. The report documented Mr. Greer's continued nonproduction and his apparent lack of efforts to obtain the ordered record. ECF No. 381 ¶¶ 1–4.

18. I seek 0.1 hours for following up with Mr. Greer on November 17, 2025 about the outstanding restraining order. The work sought compliance with the same production orders addressed in the November 7 status report. ECF No. 381 ¶ 1.

19. I seek 0.1 hours for following up with Mr. Greer on November 18, 2025 about the still-outstanding restraining order. That work was necessary to pursue production of the document Mr. Greer had been ordered to provide.

20. I seek 0.1 hours for following up with Mr. Greer on November 19, 2025 about the outstanding restraining order. The document remained missing, requiring further efforts to obtain compliance with the production orders.

21. I seek 0.1 hours for correspondence with Mr. Greer on November 20, 2025 about the outstanding restraining order and Mr. Greer's position on compliance. The correspondence addressed his continuing failure to provide the court-ordered discovery.

22. I seek 0.1 hours for following up with Mr. Greer on November 22, 2025 about production of the restraining order. In that correspondence, I again sought the document that remained outstanding despite the Court's production orders.

23. I seek 0.1 hours for correspondence with Mr. Greer on November 23, 2025 about the status of production, clarification, and an extension request. Those communications addressed Mr. Greer's continuing failure to produce the restraining order and his requests concerning that obligation.

24. I seek 0.1 hours for correspondence with Mr. Greer on November 24, 2025 about compliance with the document-production orders and repeated requests for reconsideration. The work was necessary because of Mr. Greer's efforts to obtain relief from the obligation to produce the restraining order.

25. I seek 0.5 hours for work on November 24, 2025 addressing Mr. Greer's failure to serve the sealed filing concerning nonproduction and the relief needed to respond. The resulting notice, ECF No. 387, challenged the inaccurate certificate of service and sought proper service or striking of the filing. Access to Mr. Greer's explanation was necessary to contest his

attempt to excuse continued noncompliance with this Court's order. ECF No. 387 ¶¶ 1–2. This work was intertwined with the production dispute, and I cannot practically segregate it further.

26. I seek 0.1 hours for drafting and filing the December 3, 2025 opposition to sealing, ECF No. 392, including research concerning access to judicial records. The opposition sought public consideration of Mr. Greer's explanation for withholding the restraining order. ECF No. 392 ¶ 4.

27. I seek an additional 1.2 hours for work on December 3, 2025 drafting and revising the opposition to sealing and the response to Mr. Greer's supplemental notice, ECF Nos. 392–393. That work also included review of the amended complaint and docket, research, and preparation of arguments concerning reconsideration, discovery, and sanctions. The filings challenged Mr. Greer's renewed effort to excuse nonproduction and noncompliance with this Court's orders. ECF No. 392 ¶ 4; ECF No. 393 ¶¶ 1–4. The production dispute was intertwined with the surrounding litigation work. I cannot practically segregate that time further and request compensation for the full 1.2 hours.

28. I seek 0.4 hours for drafting and filing the January 22, 2026 notice of supplemental authority, ECF No. 443. The notice presented evidence that Mr. Greer had paid a $405 filing fee in Nevada while claiming that he could not pay $80 to obtain the ordered Utah record. It directly rebutted Mr. Greer's asserted excuse for nonproduction. ECF No. 443 at 1–2.

29. I seek 0.6 hours for drafting and filing the January 23, 2026 notice of supplemental authority, ECF No. 444. The notice presented evidence of a $100 mailing expense to rebut Mr. Greer's claim that he could not pay $80 to obtain the restraining-order record. The filing sought enforcement of this Court's production requirement. ECF No. 444 at 1–2.

30. I seek 0.4 hours for drafting and filing the February 25, 2026 objections to the report and recommendation, ECF No. 450. The objections devote a separate section at pages 8–9 to dismissal for continued nonproduction. ECF No. 450 § III.3. Based on the volume of this filing and the portion of its text devoted to each topic, I estimate that 0.4 of the 2.2 hours spent preparing the objections concerned that issue.

31. I seek 0.2 hours for drafting and filing the March 15, 2026 protective motion for a scheduling order or alternative relief, ECF No. 454. The motion sought dismissal as a result of Mr. Greer's continued nonproduction and noncompliance with this Court's orders as an alternative to a new schedule. ECF No. 454 ¶¶ 3–5. I estimate that 0.2 of the 0.7 hour spent on the motion concerned that request.

32. I seek 0.2 hours for drafting and filing the March 27, 2026 status report, ECF No. 457. The report advised the Court that Mr. Greer had not produced the restraining order and sought dismissal or an order to show cause based on Mr. Greer's continued noncompliance. ECF No. 457 ¶¶ 1–3.

33. I seek 1.2 hours for preparing and filing the August 24, 2026 motion for leave and proposed response, ECF Nos. 489 and 489-1. The response addressed Mr. Greer's claim that belated production made sanctions moot. ECF No. 489 at 2. This work opposed Mr. Greer's attempt to avoid consequences for the missed production deadlines. The Court struck his notice and denied leave as moot. ECF No. 495 at 17 ¶¶ 2–3.

34. As of the signing of this Declaration, I have spent 1.3 hours drafting, reviewing, and editing today's declaration, and the accompanying cost memorandum. At $300 per hour, that amounts to $390.

35. Exact segregation of the shared preparation, record review, and drafting for the May 6 hearing, February 25 objections, and March 15 motion is not reasonably practicable. Their discovery sanction arguments arising from Mr. Greer's failure to produce a document this Court repeatedly ordered him to provide were integrated with the other issues. The estimates in paragraphs 9, 30, and 31 provide a conservative allocation if one is required. Alternatively, if this Court finds that the work performed on these filings cannot reasonably be allocated as between different topics discussed in each motion, I request the full 2.2 hours for the objections and the full 0.7 hour for the scheduling motion. I also request the 0.8 hours remaining for the hearing after excluding the 0.3 hours previously requested. Those alternatives add 2.8 hours ($840), making the alternative total $5,550. They replace the corresponding allocations without duplicating any time.

36. This is the latest of several awards of sanctions against Mr. Greer. To ensure that Mr. Greer is not being overbilled, I compared the requested time set forth in this Declaration with earlier requests at ECF Nos. 228 and 228-2, 364 and 364-1, and 465–466. This request excludes and does not duplicate amounts previously sought in other motions. That remains true even if the work in those declarations arguably pertains to the same general subject of Mr. Greer's discovery noncompliance.

37. In my judgment, the hours set forth above were reasonable in light of the facts and posture of this case. They were necessary to secure my clients' rights in this litigation. My clients have paid the invoiced balances. The February 10, 2025 invoice lists $2,460 in services and a $460 discount, leaving a $2,000 balance. I occasionally discount Mr. Moon's bills because he is a regular client and a pleasure to work with. The invoice does not allocate the discount to a particular entry. The $690 requested for the original motion reflects the 2.3 hours worked at $300 per hour.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on October 14, 2026.

/s/ Matthew D. Hardin
Matthew D. Hardin
*Attorney for Defendants*
*Joshua Moon and Lolcow, LLC*