Russell Greer
1100 Dumont Blvd
Apt 139
Las Vegas, NV 89169
801-895-3501
russmark@gmail.com
Pro Se Litigant

FILED
2026 OCT 22
CLERK
U.S. DISTRICT COURT

**IN THE UNITED STATES DISTRICT COURT**

**DISTRICT OF UTAH**

| | |
|---|---|
| **RUSSELL GREER**<br><br>Plaintiff<br><br>v.<br><br>**JOSHUA MOON ET AL,**<br><br>Defendants | **PLAINTIFF'S RESPONSE TO DEFENDANTS' COST MEMORANDUM PURSUANT TO ECF NO. 495**<br><br>Case No.: 2:24-cv-00421-DBB-JCB |

Plaintiff Russell Greer respectfully objects to Defendants' request for $4,710 and to the imposition of any monetary sanction.

Enough is enough.

This case was filed because Plaintiff wanted Defendants to stop infringing his copyrights. Plaintiff prevailed before the Tenth Circuit. He survived Defendants' efforts to dismiss the case again. Yet instead of this case finally moving toward the merits, it has increasingly turned into sanction after sanction against Plaintiff while defense counsel is permitted extraordinary latitude.

The failure to produce the document was not intentional and it certainly isn't worth $4,000.

## I. THE DISPARATE TREATMENT IN THIS CASE HAS BECOME IMPOSSIBLE TO IGNORE

Plaintiff is going to say this directly because the pattern has become impossible to ignore. Plaintiff makes a procedural mistake and gets sanctioned. Plaintiff makes another procedural mistake and gets sanctioned again. Plaintiff was even sanctioned after expressing his opinion that Mr. Hardin had violated the applicable protective-order standard.

Meanwhile, Plaintiff has repeatedly brought defendants' lawyer's own conduct to this Court's attention. Plaintiff has repeatedly asked the Court to draw a line. Yet each time, somehow, there is a reason Mr. Hardin should not be sanctioned.

Plaintiff is pro se. Mr. Hardin is a licensed attorney appearing pro hac vice. Plaintiff is not asking for special treatment because he represents himself. He is asking not to be subjected to what increasingly appears to be **harsher treatment** than Mr. Hardin,

At what point does defense counsel cross a line? At what point does proportionality matter? At what point does this case stop becoming a vehicle for sanctioning Plaintiff and return to the copyright claims Plaintiff actually brought?

Rule 37(b)(2)(C) expressly allows the Court to decline expenses where circumstances make an award unjust. Plaintiff respectfully submits that this continuing disparity is one of those circumstances.

**II. PLAINTIFF DID NOT REFUSE TO PRODUCE THE DOCUMENT**

The actual sequence matters. The Court thought that Plaintiff could obtain the 2018 state-court document by downloading it. Plaintiff attempted to do that in May 2025, He could not access it. In May 2025, Plaintiff then learned that obtaining an official replacement copy would cost approximately $60 to $80. Plaintiff believed that was excessive for an irrelevant document, especially when Plaintiff had already supplied Defendants with the identifying case information.

Plaintiff filed a motion for reconsideration and tried to explain that he couldn't simply just download the document and even suggested Defendants pay or reimburse him.

Because Defendants have inundated this case with excessive motions, Plaintiff sincerely lost track of the motion for reconsideration. Plaintiff was also going through some difficulties with a former employer that led to a separate lawsuit and then arbitration, which caused Plaintiff to forget about the document altogether.

When Plaintiff happened to remember the document, he checked the website and this time, the document was accessible.**Plaintiff immediately downloaded it and sent it to Defendants.** That chronology does not show intentional obstruction. A person attempting to hide evidence does not voluntarily produce it the moment he discovers he can finally access it. Plaintiff did not destroy the document. He did not deny the underlying proceeding existed. He did not conceal the case information. Once electronic access became available, he immediately produced it.

Plaintiff acknowledges that production occurred after the Court's deadline. But **late production under these circumstances is not the same thing as deliberate defiance.** Rule 37 should recognize that distinction.

## III. DEFENDANTS HAVE NOT SHOWN THAT MR. HARDIN EVEN TRIED TO OBTAIN THE DOCUMENT HIMSELF

There is another serious problem with Defendants' request. Plaintiff gave defense counsel the identifying information for the state-court matter. That was what Plaintiff had. Yet Defendants have not shown that Mr. Hardin himself made any meaningful effort to obtain the document directly before filing motions for it.

Where is the email from Mr. Hardin to the clerk? Where is the records request? Where is evidence that he called? Where is evidence that he attempted to purchase a copy? Where is evidence that the clerk refused him?

Plaintiff is aware that one of Defendant Moon's users attempted to obtain the document and was denied. Plaintiff does not offer that person's effort as proof of what Mr. Hardin personally did. The point is simply that obtaining the old filing was apparently not as effortless as Defendants now suggest. But Plaintiff has seen no evidence that **Mr. Hardin himself** attempted the obvious route before creating thousands of dollars in claimed attorney fees. If he did, Defendants can show it. That matters when Defendants now ask Plaintiff to pay $4,710.

Rule 37 allows reasonable expenses caused by noncompliance. It should not permit a party to unnecessarily multiply attorney fees and then hand the resulting bill to the other side. Plaintiff was told that obtaining another copy of this old document would cost approximately $60 to $80. Defendants now seek $4,710.

Before shifting that amount to Plaintiff, the Court should require Defendants to establish what reasonable effort Mr. Hardin personally made to obtain the document directly after Plaintiff gave him the case information. The past 3 years have been incredibly difficult for Plaintiff and the Court is overlooking all of the circumstances and is only looking at limited conduct.

## IV. THIS DOCUMENT IS NOT WORTH $4,710

Plaintiff understands that once the Court ordered production, Plaintiff was required to comply regardless of whether he agreed with the Court's relevance determination. But relevance and importance still matter when deciding whether almost $5,000 is a reasonable monetary consequence.

This document has nothing to do with whether Defendants infringed Plaintiff's copyrights. It is not Plaintiff's copyrighted work. It is an old filing from an unrelated state-court proceeding. And it was ultimately produced. No evidence was destroyed. No evidence vanished. No trial was lost. Defendants received the document. Yet now they want $4,710.

Plaintiff is sorry, but this is grossly disproportionate. **One delayed state-court document that Plaintiff could not access is not reasonably worth $4,710 in monetary sanctions.**

The escalation itself proves the problem. Plaintiff disputed being required to spend approximately $60 to $80 obtaining a copy of an irrelevant historical document. That dispute has now somehow become a request for nearly $5,000 in attorney fees. Plaintiff sincerely did not see any order denying the reconsideration. Rule 37 should not produce that result.

## V. DEFENDANTS CANNOT CHARGE PLAINTIFF FOR EVERYTHING THAT EVER INVOLVED THIS DOCUMENT

There is also a straightforward causation problem. Rule 37(b)(2)(C) permits only reasonable expenses **caused by** the failure to obey the Court's order.

Defendants seek fees associated with the original motion to compel. But Plaintiff could not have violated an order that did not yet exist. Attorney fees incurred obtaining the original production order therefore cannot have been caused by Plaintiff's later failure to comply with that order. Defendants cannot simply gather every billing entry remotely involving this document and transfer the bill to Plaintiff.

The same is true of generalized hearing preparation, briefing involving multiple issues, correspondence, or attorney work that would have occurred regardless of the delayed production.

The Supreme Court has required a causal connection between sanctionable conduct and attorney fees. *Goodyear Tire & Rubber Co. v. Haeger*, 581 U.S. 101, 108–10 (2017). If Defendants cannot show that a particular expense would not have occurred but for the specific conduct actually sanctioned, Plaintiff should not be ordered to pay it. And if Defendants cannot separate compensable work from unrelated work, that uncertainty should not somehow become a basis for charging Plaintiff more.

Again, Defendants have shown no evidence that they took reasonable steps to mitigate. Greer offered them to give him $60 to get the document. They refused. Greer even gave Hardin the information, so he could get the document, if it was that important to him. Defendants have not shown why that document is worth $4,000 and have not shown how they avoided racking up that cost.

**VI. THIS CASE HAS GOTTEN FAR AWAY FROM WHY PLAINTIFF FILED IT**

Plaintiff did not file this case because he wanted to spend years litigating sanctions. He sued because he wanted Defendants to stop. That was the point. Plaintiff won at the Tenth Circuit. He survived Defendants' second attempt to dismiss the surviving case. Yet years later, Plaintiff is again responding to another demand that he pay opposing counsel thousands of dollars.

Plaintiff is not paid to do this. Plaintiff is not a law firm billing by the hour. Plaintiff is not doing this for fun. Every filing requires Plaintiff to stop what he is doing, research another procedural dispute, draft another response, and defend himself against another request for sanctions. Meanwhile, Plaintiff has repeatedly asked this Court to control conduct by Mr. Hardin that Plaintiff believes has expanded the case far beyond copyright and caused real harm. Those requests have repeatedly gone nowhere.

Plaintiff respectfully submits that this case has become badly distorted. Another monetary sanction does not fix that. It makes it worse.

**VII. ENOUGH IS ENOUGH**

Plaintiff respectfully requests that the Court deny Defendants' request in its entirety and impose **no monetary sanction** because the circumstances do not justify monetary sanction. The requested $4,710 is grossly disproportionate. And the request comes after Plaintiff has already been subjected to repeated monetary sanctions while complaints concerning Defendants' licensed attorney have resulted in no comparable consequences.

Plaintiff is not in a position to pay $4,000 currently. Again, the last 3 years have been incredibly hard. There has been so much going on behind the scenes that Plaintiff has tried telling this court about. In fact, Moon's users have made the last several years difficult by lying about him to the point finding work has been hard. On 10-21-26, one of Moon's users created a fake email of Greer and messaged him, making fun of his disability and his past homelessness. Moon's users have taken information from this case and gone to YouTube and made false videos that circle back to prospective employers. EXHIBIT A. Yet somehow this Court keeps coming down hard on Plaintiff.

This is absolutely unbelievable that Plaintiff keeps getting sanctioned.

Plaintiff respectfully requests that the Court deny Defendants' request for $4,710, impose no monetary sanction, and allow this litigation to finally return to the copyright claims it was brought to resolve.

Monetarily sanctioning Plaintiff would be like kicking him while he's already down.

Plaintiff is sorry he didn't timely produce the document and he knows now how serious this Court is about production. He also requests that such expectations be dealt with fairly.

Respectfully submitted,

Russell Greer
/rgreer/
10-21-26

**CERTIFICATE OF SERVICE:**

Pursuant to FRCP 5(b), I certify that on 10-21-26, I served a true and correct copy of the attached document by ECF to all attorneys on record.

**EXHIBIT A**


9:11
LTE 63
1 Message
Summarize
russell_the_moebius_morc
9:05 AM
To: Russell Greer
slackjaw loser
What's up, lil squirt? You keep losing. Don't you ever get tired of it? Are you still sleeping behind bushes?


9:14
LTE 63
UNKNOWN
russell_the_moebius_moro
n@tutamail.com
Add Name
other
russell_the_moebius_moron@tuta-
mail.com
Unblock this Contact
Search Mail for Contact

7:47 LTE 70

Back Tap
Double Tap Detected

1 Message Summarize

Russell Greer 9:31 AM
To: abuse@tutao.de

**Fwd: slackjaw loser**

Hello Tuta Abuse Team,

I am writing to report repeated, unwanted harassment originating from your email service.

I first received harassing communications from a Tuta email address in 2024. On October 21, 2026, I received further abusive communications from the following address:

russell_the_moebius_moron@tuta-mail.com

The sender has deliberately incorporated my name and medical disability, Moebius syndrome, into the email address itself.

The messages mock my disability, personal circumstances, and ongoing legal proceedings. I have repeatedly told the sender to stop contacting me, but the unwanted communications have continued.

I a[illegible]ur service is be[illegible]
used to facilitate a sustained campaign of