**Matthew D. Hardin (*pro hac vice*)**
**HARDIN LAW OFFICE**
101 Rainbow Drive # 11506
Livingston, TX 77399
Telephone: (202) 802-1948
Email: MatthewDHardin@gmail.com
*Attorney for Defendants*
*Joshua Moon and Lolcow, LLC*

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH

| | |
|---|---|
| RUSSELL GREER,<br><br>Plaintiff,<br><br>v.<br><br>JOSHUA MOON, *et al.*<br><br>Defendants. | **DEFENDANTS' REPLY IN SUPPORT OF COST MEMORANDUM**<br><br>Case No. 2:24-cv-00421-DBB<br><br>District Judge David Barlow<br>Magistrate Judge Jared C. Bennett |

This Court has already ruled that Mr. Greer must compensate Defendants for the reasonable attorney's fees caused by his repeated failure to produce the 2018 restraining order. Only the amount remains. ECF No. 495 at 16–17. Mr. Greer's response largely renews excuses the Court has already rejected.

Mr. Greer insists that the document is not worth $4,710. ECF No. 497 at 4–6. Defendants agree: if Mr. Greer had done anything other than dig in his heels and frustrate the discovery process and this Court's repeated orders, the cost would likely have been far lower. The instant dispute began when Mr. Greer represented that he had the document and would be "happy to provide" it. He then failed to provide it, failed to oppose the motion to compel, and repeatedly sought relief from orders requiring him to do what

he had offered to do voluntarily. ECF No. 227 at 1–3; ECF No. 495 at 2–4. When the Court reserved fees and gave him another opportunity to comply in May 2025, Mr. Greer dallied and obstructed the process for over a year before reporting production in August 2026. ECF No. 300 at 13:23–14:5; ECF No. 488 at 2. The resulting expense is the consequence of Mr. Greer's egregious, obstreperous, and dilatory conduct.

**I. Defendants' entitlement to Rule 37 fees is the law of the case.**

The September 30 order expressly imposed a Rule 37(b) sanction consisting of Defendants' reasonable expenses and attorney's fees and reserved only the amount of such fees. ECF No. 495 at 17 ¶¶ 4–5. The Court has already ruled that Mr. Greer lacked substantial justification and that no other circumstances made an award unjust. It further held that his eventual production did not remedy his failure to meet the Court's deadlines. ECF No. 495 at 15–16 & n.64.

Mr. Greer did not timely object to the determination that Defendants are entitled to fees. Fed. R. Civ. P. 72(a). His response to the cost memorandum asks the Court to impose no monetary sanction at all, but that ship has sailed. ECF No. 497 at 2, 7. Once a court decides an issue, that decision governs the same issue in later stages of the same case. *Christianson v. Colt Industries Operating Corp.*, 486 U.S. 800, 815–17 (1988) (explaining the law of the case doctrine). Mr. Greer identifies no intervening authority or error requiring the Court to revisit its entitlement ruling.

Mr. Greer's insistence that Defendants should have retrieved the record themselves likewise repeats an argument the Court rejected when it denied

reconsideration and continued to require production from him. ECF No. 497 at 4; ECF No. 362 at 2, 6–7.

The overlap between Mr. Greer's earlier rejected excuses and the current round of excuses is striking. Mr. Greer again invokes good faith, his *pro se* status, confusion about reconsideration, and his belated production. ECF No. 497 at 2–3, 5, 7. Footnote 64 of the sanctions order addresses those very subjects and explains why they do not excuse Mr. Greer's repeated violations. ECF No. 495 at 16 n.64.

Mr. Greer now says that other litigation and personal difficulties caused him to forget the document. ECF No. 497 at 3.[1] Yet his repeated motions seeking relief from production demonstrate that Mr. Greer knew his legal obligations. The Court found that Mr. Greer persisted in noncompliance after his reconsideration motions were denied and after a warning that dismissal was possible. ECF No. 495 at 13–14.

Mr. Greer's response also portrays the fee award as another obstacle to adjudicating the copyright claims. ECF No. 497 at 2, 6–7. The Court expressly considered its preference for resolving cases on the merits when it selected fees as the lesser sanction instead of dismissal. ECF No. 495 at 13–14. Mr. Greer's ability to continue

[1] The Court has addressed Mr. Greer's responsibility to read court filings on at least three occasions. Judge Barlow told him in July 2025 that "Plaintiff has a responsibility to read court filings" and refused to reduce a sanction because he had not seen one order and had ignored another filing. ECF No. 352. In March 2026, the Court explained that failing to open or read email notices would be "at his own peril." ECF No. 461 at 3 & n.8. The present sanctions order again explained that "failing to read a court order of which he received notice is not diligence." ECF No. 495 at 10 & n.48. Mr. Greer now says he did not see an order denying reconsideration. ECF No. 497 at 5. Apparently the prior reminders have yet to produce the intended result. Defendants should not have to finance another lesson for Mr. Greer in the importance of opening the Court's email.

litigating his meritless copyright claims illustrates the leniency already built into this Court's sanctions decision.

**II. Greer's broken promises caused Defendants to incur costs.**

Mr. Greer argues that the original motion to compel is noncompensable. ECF No. 497 at 5. *Contra* ECF No. 496 at 1–3; ECF No. 496-1 (Hardin Decl.) ¶¶ 3, 7. The Court raised that issue in the original production order and reserved it for a later decision at the May 6 hearing. ECF No. 227 at 3; ECF No. 300 at 13:23–14:5. Mr. Greer now seeks to evade a ruling on that issue.

The original motion to compel was necessary because Mr. Greer failed to fulfill his own promises. During the parties' efforts to resolve discovery without court intervention, Mr. Greer represented that he had a copy of the document and would be "happy to provide" it. ECF No. 495 at 2; ECF No. 362 at 1–2. He did not produce it. Defendants moved to compel on January 15, 2025. Mr. Greer did not respond. The Court granted the motion and ordered production by February 24. ECF No. 227 at 1–3; Hardin Decl. ¶ 7. Defendants should not have needed a court order to obtain a document Mr. Greer had already offered to provide. But even that Court order did not result in Mr. Greer's compliance, as illustrated by the year that followed during which Mr, Greer remained defiant.

Rule 37(a)(5)(A) exists to reimburse a prevailing party for the expense of obtaining an order compelling discovery. By deferring the fee decision while giving Mr. Greer another opportunity to produce, the Court afforded him a practical opportunity to demonstrate good faith and bring himself into compliance before the fee issue was

decided. Mr. Greer squandered that opportunity and caused over a year of further legal expenses to accrue.

**III. Defendants have connected the requested hours to the production dispute.**

Mr. Greer's own case, *Goodyear Tire & Rubber Co. v. Haeger*, requires a connection between misconduct and compensable expense. 581 U.S. 101, 108–09 & n.5 (2017). The Court may use estimates and its understanding of the litigation to allocate time. It may award all or a percentage of a category of expenses when the misconduct caused that work. *Id.* at 110. Defendants have explained in great detail what time was expended and how it relates to Mr. Greer's continued recalcitrance in the face of this Court's orders. Hardin Decl. ¶¶ 7–36.

**IV. Mr. Greer is the author of his own misfortune.**

Mr. Greer is right about one thing: obtaining one document should not have cost $4,710. But Mr. Greer's own decisions are the reason that it did. Mr. Greer began by saying he had the document and would be "happy to provide" it. He then withheld it, ignored the motion to compel, challenged the ensuing order, sought modification, renewed reconsideration, and continued withholding it after reconsideration was denied. ECF No. 495 at 2–5, 13–15. Each additional effort to avoid production required additional work from Defendants.

Mr. Greer's account leaves out more than a year of litigation over his continued nonproduction after the May 2025 hearing, culminating in his reported production in August 2026. ECF No. 300 at 13:23–14:5; ECF No. 362 at 3–7; ECF No. 488 at 2; Hardin

Decl. ¶¶ 10–33. Those repeated efforts to secure compliance generated the fees Mr. Greer now treats as inexplicable. Hardin Decl. ¶¶ 7–34; ECF No. 495 at 13–17.

Mr. Greer also asserts that he cannot presently pay the award. ECF No. 497 at 7. Even when financial circumstances are considered under Rule 37, an unsupported assertion of inability to pay does not require denial of fees. See *Taylor v. Sedgwick Claims Mgmt. Servs., Inc.*, No. 2:11-cv-02390-SHM-cgc, 2012 U.S. Dist. LEXIS 90243, at *4–5 (W.D. Tenn. June 29, 2012) (rejecting an unsubstantiated claim of inability to pay expenses incurred on a motion to compel). Mr. Greer supplies no financial documentation with his response to substantiate that assertion. ECF No. 497 at 7.

Defendants proffer that undersigned counsel conducted a deposition of Mr. Greer in another matter on October 13, 2026, as set forth in the attached declaration. During that deposition, Mr. Greer made sworn statements that would undermine his present, unsupported, unsworn assertions in this Court that he is unable to pay a sanctions award. To the extent this Court wishes to consider Mr. Greer's improper and unsupported allegations that he is financially unable to pay a fee award, Defendants seek an order from this Court that would allow undersigned counsel to release Mr. Greer's Nevada testimony. Supp. Hardin Decl. ¶ 2.

**V. The additional 2.1 hours spent preparing this reply are compensable.**

Reasonable time spent litigating a fee request is compensable, including briefing needed to defend the request against the opposing party's objections. *Martin v. SGT, Inc.*, No. 2:19-cv-00289-RJS, 2023 U.S. Dist. LEXIS 90346, at *39–41 (D. Utah May 22, 2023).

Mr. Greer's objections require Defendants to defend both their established entitlement to fees and the reasonableness of the amount requested. ECF No. 497 at 2–7.

Undersigned counsel spent 2.1 hours preparing this reply, which at $300 per hour adds $630. Supplemental Declaration of Matthew D. Hardin ¶¶ 3–4. This work postdates the October 14 fee submission and does not duplicate previously claimed time. *Id.* ¶ 5. The Court should therefore award $5,340, consisting of the $4,710 originally requested and $630 for this reply. *Id.* ¶ 6.

DATED October 22, 2026

**HARDIN LAW OFFICE**

/s/ Matthew D. Hardin
**Matthew D. Hardin**
*Attorney for Defendants*
*Joshua Moon and Lolcow, LLC*