EXHIBIT A

Electronically Filed
4/24/2026 3:05 PM
Steven D. Grierson
CLERK OF THE COURT

**NEO**
JOSEPH A. GUTIERREZ, ESQ.
Nevada Bar No. 9046
JEAN PAUL HENDRICKS, ESQ.
Nevada Bar No. 10079
**MAIER GUTIERREZ & ASSOCIATES**
8816 Spanish Ridge Avenue
Las Vegas, Nevada 89148
Telephone: (702) 629-7900
Facsimile: (702) 629-7925
Email: jag@mgalaw.com
jph@mgalaw.com

MATTHEW D. HARDIN, ESQ. (PRO HAC VICE FORTHCOMING)
NEW YORK BAR NO. 5899596
**HARDIN LAW OFFICE**
101 RAINBOW DRIVE, 11506
LIVINGSTON, TEXAS 77399
PHONE: 202.802.1948
EMAIL: matthewdhardin@protonmail.com

*Attorneys for Defendant*
*Viatron, Inc.*

**DISTRICT COURT**

**CLARK COUNTY, NEVADA**

| | |
|---|---|
| RUSSELL GREER, an individual,<br>Plaintiff,<br><br>vs.<br><br>VIATRON, INC., a Nevada Corporation; DOES I through X; and ROE CORPORATIONS I through X, inclusive,<br>Defendants. | Case No.: A-26-937678-C<br>Dept. No.: XIII<br><br>**NOTICE OF ENTRY OF ORDER STIPULATION AND ORDER FOR BINDING ARBITRATION** |

TO: ALL PARTIES AND THEIR COUNSEL OF RECORD.

YOU AND EACH OF YOU will please take notice that an **STIPULATION AND ORDER**

/ / /

/ / /

/ / /

/ / /

**FOR BINDING ARBITRATION** was hereby entered on the 24th day of April, 2026. A copy of which is attached hereto.

DATED this 24th day of April, 2026.

Respectfully submitted,

**MAIER GUTIERREZ & ASSOCIATES**

*/s/ Jean-Paul Hendricks, Esq.*

JOSEPH A. GUTIERREZ, ESQ.
Nevada Bar No. 9046
JEAN-PAUL HENDRICKS
Nevada Bar No. 10079
8816 Spanish Ridge Avenue
Las Vegas, Nevada 89148

Matthew D. Hardin, Esq. (Pro Hac Vice Forthcoming)
New York Bar No. 5899596
**HARDIN LAW OFFICE**
101 Rainbow Drive, 11506
Livingston, Texas 77399
*Attorneys for Defendant Viatron, Inc.*

**CERTIFICATE OF SERVICE**

Pursuant to Administrative Order 14-2, a copy of the foregoing **NOTICE OF ENTRY OF ORDER STIPULATION AND ORDER FOR BINDING ARBITATION** was electronically filed on April 24th, 2026 and electronically served through the Notice of Electronic Filing automatically generated by the Court's facilities to those parties listed on the Court's Master Service List.

*/s/ Ka'Tina Artis*
An employee of MAIER GUTIERREZ & ASSOCIATES

ELECTRONICALLY SERVED
4/24/2026 2:42 PM

Electronically Filed
04/24/2026 2:41 PM
CLERK OF THE COURT

**SAO**

JOSEPH A. GUTIERREZ, ESQ.
Nevada Bar No. 9046
JEAN PAUL HENDRICKS, ESQ.
Nevada Bar No. 10079
**MAIER GUTIERREZ & ASSOCIATES**
8816 Spanish Ridge Avenue
Las Vegas, Nevada 89148
Telephone: (702) 629-7900
Facsimile: (702) 629-7925
Email: jag@mgalaw.com
jph@mgalaw.com

MATTHEW D. HARDIN, ESQ. (PRO HAC VICE PENDING)
NEW YORK BAR NO. 5899596
**HARDIN LAW OFFICE**
101 RAINBOW DRIVE, 11506
LIVINGSTON, TEXAS 77399
PHONE: 202.802.1948
EMAIL: matthewdhardin@protonmail.com

*Attorneys for Defendant*
*Viatron, Inc.*

**DISTRICT COURT**

**CLARK COUNTY, NEVADA**

| | |
|---|---|
| RUSSELL GREER, an individual,<br>Plaintiff,<br><br>vs.<br><br>VIATRON, INC., a Nevada Corporation; DOES I through X; and ROE CORPORATIONS I through X, inclusive,<br>Defendants. | Case No.: A-26-937678-C<br>Dept. No.: XIII<br><br>**STIPULATION AND ORDER FOR BINDING ARBITRATION** |

Plaintiff RUSSELL GREER ("Plaintiff") and Defendant VIATRON, INC. ("Viatron" or "Defendant") (collectively, the "Parties"), by and through their respective undersigned counsel, hereby stipulate and agree as follows:

**RECITALS**

***WHEREAS***, Plaintiff commenced the above-captioned civil action, Case No. A-26-937678-C, in the District Court, Clark County, Nevada (the "Civil Action"); and

***WHEREAS***, the Parties desire to resolve all disputes between them through binding arbitration administered by JAMS pursuant to the JAMS Comprehensive Arbitration Rules and Procedures ("JAMS Rules"); and

***WHEREAS***, the Parties agree that binding arbitration is the most efficient and appropriate means of resolving the claims at issue and any related claims between them;

***NOW, THEREFORE***, in consideration of the mutual promises and covenants contained herein, and for other good and valuable consideration, the receipt and sufficiency of which are hereby acknowledged, the Parties stipulate and agree as follows:

## AGREEMENT

**1. Submission to Binding Arbitration.**

To the maximum extent permitted by law, the Parties hereby agree to submit to final and binding arbitration all claims, counterclaims, cross-claims, and defenses that were raised, or could have been raised, in the Civil Action. This submission encompasses any and all arbitrable claims arising in favor of Plaintiff Russell Greer or Defendant Viatron, Inc. from the beginning of time through and including the date of execution of this Stipulation, whether sounding in contract, tort, statute, or otherwise, and regardless of the legal theory upon which such claims are based.

To the extent that there is any threshold dispute as to whether a claim is arbitrable within the meaning of this agreement, and to the maximum extent permitted by law, the Parties agree that the question of arbitrability shall itself be subject to arbitration.

It is agreed that Russell Greer shall submit any arbitrable claims within 14 days after this stipulation is filed with the Court, in accordance with Section 2 below.

**2. Arbitration Administrator and Applicable Rules.**

The arbitration shall be administered by JAMS in accordance with the JAMS Comprehensive Arbitration Rules and Procedures in effect at the time of the commencement of the arbitration (the "JAMS Rules"), except as modified by this Stipulation. In the event of any conflict between this Stipulation and the JAMS Rules, this Stipulation shall govern. A copy of the JAMS Rules may be obtained at www.jamsadr.com.

The parties further agree that the arbitration shall be governed by JAMS' "Expedited Procedures" as defined in Rules 16.2 and 16.2 of JAMS' Comprehensive Arbitration Rules and Procedures.

**3. Selection of Arbitrator.**

The arbitration shall be conducted before a single neutral arbitrator selected in accordance with the JAMS Rules. If the Parties are unable to agree upon an arbitrator within fourteen (14) days of the commencement of the arbitration, JAMS shall provide the Parties with a list of not fewer than five (5) proposed arbitrators. Each Party shall have ten (10) calendar days from receipt of such list to strike up to two (2) names and to rank the remaining candidates in order of preference. JAMS shall then appoint the arbitrator with the highest composite ranking. The arbitrator shall be a retired judge or an attorney licensed to practice law in the State of Nevada with substantial experience in commercial litigation.

**4. Location of Arbitration.**

The arbitration shall take place in Clark County, Nevada, at a JAMS resolution center or such other location as the Parties may mutually agree upon, or as the arbitrator may direct.

**5. Stay of Civil Action and any Other Proceeding.**

The parties jointly request that the Civil Action be stayed in its entirety pending the final outcome of the binding arbitration. During the pendency of the arbitration, neither Party shall seek any judicial relief in connection with the subject matter of this Stipulation, except as necessary to (a) confirm, vacate, modify, or correct any arbitral award pursuant to applicable law; (b) seek emergency or provisional relief as contemplated by the JAMS Rules or applicable law where such relief is not available from the arbitrator; or (c) enforce the terms of this Stipulation.

To the maximum extent permitted by law, each Party shall also make efforts to stay any other pending proceeding, including but not limited to administrative proceedings, grievance proceedings, OSHA or EEOC proceedings, or similar actions or proceedings to the extent that such actions or proceedings involve arbitrable claims as defined in this agreement.

**6. Advancement of Arbitration Costs.**

Viatron, Inc. shall advance all costs and fees associated with the arbitration, including but not limited to JAMS filing fees, arbitrator fees and expenses, hearing room charges, and all other administrative costs assessed by JAMS (collectively, "Arbitration Costs"). Such advancement shall not prejudice Viatron's right to seek reallocation of Arbitration Costs in the final award as provided in Section 7 below.

**7. Prevailing Party: Attorney's Fees and Costs.**

Upon conclusion of the arbitration, the non-prevailing Party shall be responsible for all costs and expenses of the arbitration, including reasonable attorney's fees, expert witness fees, and any other costs and expenses incurred by the prevailing Party or advanced by the prevailing Party in connection with the arbitration or in connection with any related litigation prior to execution of this agreement. The arbitrator shall determine the prevailing Party, assess such costs and fees, and include an award of the same as part of any final arbitral award.

**8. Court Costs.**

Court costs incurred in the Civil Action, other than attorney's fees, and all costs not associated with arbitration, shall be taxed as part of any final judgment entered in accordance with applicable Nevada law.

**9. Discovery.**

Discovery shall be conducted in accordance with the JAMS Rules. The arbitrator shall have the authority to permit such discovery as the arbitrator deems necessary and appropriate, including but not limited to document requests, interrogatories, requests for admission, and depositions. The arbitrator may consider the needs of the Parties, the complexity of the issues, and the desirability of making discovery expeditious and cost-effective in determining the scope of permissible discovery.

**10. Governing Law.**

This Stipulation shall be governed by and construed in accordance with the laws of the State of Nevada, without regard to conflicts of law principles. The arbitrator shall apply Nevada substantive law to the merits of any dispute. The Federal Arbitration Act, 9 U.S.C. §§ 1–16, shall govern the enforceability of this Stipulation and any proceedings to confirm, vacate, modify, or correct the arbitral award.

**11. Confidentiality.**

The arbitration proceedings, including all submissions, testimony, evidence, and the arbitral award, shall be kept confidential by the Parties, their counsel, and the arbitrator, except as may be necessary to (a) enforce any arbitral award; (b) comply with applicable law or the rules of a regulatory body; or (c) comply with a subpoena or court order.

**12. Arbitral Award.**

The arbitrator shall render a final, written, reasoned award within thirty (30) days of the close of the arbitration hearing, or within such other time as the Parties may agree or the arbitrator may direct. The award shall be final and binding upon the Parties, and judgment upon the award may be entered in any court of competent jurisdiction, including the District Court, Clark County, Nevada. The Parties expressly waive any right to appeal the merits of the arbitral award, except as provided under the Federal Arbitration Act or applicable Nevada law.

**13. Authority of the Arbitrator.**

The arbitrator shall have the authority to grant any remedy or relief that would have been available to the Parties had the matter been heard in court, including but not limited to compensatory damages, equitable relief, declaratory relief, and such other relief as the arbitrator deems just and appropriate. The arbitrator shall not have the authority to award punitive or exemplary damages except to the extent such damages would be available under applicable law.

**14. Waiver of Jury Trial.**

BY ENTERING INTO THIS STIPULATION, EACH PARTY KNOWINGLY, VOLUNTARILY, AND IRREVOCABLY WAIVES ANY RIGHT TO A TRIAL BY JURY IN

CONNECTION WITH ANY CLAIM, COUNTERCLAIM, OR DEFENSE SUBJECT TO THIS STIPULATION.

**15. Entire Agreement; Modification.**

This Stipulation constitutes the entire agreement between the Parties with respect to the submission of their disputes to binding arbitration and supersedes all prior negotiations, representations, or agreements relating thereto. This Stipulation may not be modified, amended, or waived except by a writing signed by all Parties.

**16. Counterparts.**

This Stipulation may be executed in one or more counterparts, each of which shall be deemed an original, and all of which together shall constitute one and the same instrument. Facsimile and electronic signatures shall be deemed original signatures for all purposes.

**17. Severability.**

If any provision of this Stipulation is held to be invalid or unenforceable, the remaining provisions shall continue in full force and effect. The Parties intend that the arbitration agreement contained herein shall be enforced to the fullest extent permitted by law.

**18. Construction; No Presumption Against Drafter.**

This Stipulation has been jointly drafted and negotiated by the Parties and their respective counsel. In the event of any ambiguity or dispute regarding the interpretation of this Stipulation, it shall be construed as if jointly prepared by the Parties, and no presumption or burden of proof shall arise favoring or disfavoring any Party by virtue of the authorship of any provision hereof.

**19. Court Approval.**

The Parties shall jointly submit this Stipulation to the District Court, Clark County, Nevada, and shall request that the Court enter an order staying the Civil Action and referring the matter to binding arbitration in accordance with the terms herein.

DATED this 23rd day of April, 2026.

Respectfully submitted,

**PRO SE LITIGANT**

/s/
RUSSELL GREER
3930 University Center, Apt. 103
Las Vegas, Nevada 89119
*Plaintiff*

Respectfully submitted,

**MAIER GUTIERREZ & ASSOCIATES**

/s/
JOSEPH A. GUTIERREZ, ESQ.
Nevada Bar No. 9046
JEAN-PAUL HENDRICKS
Nevada Bar No. 10079
8816 Spanish Ridge Avenue
Las Vegas, Nevada 89148

Matthew D. Hardin, Esq. (Pro Hac Vice Forthcoming)
New York Bar No. 5899596
**HARDIN LAW OFFICE**
101 Rainbow Drive, 11506
Livingston, Texas 77399
*Attorneys for Defendant Viatron, Inc.*

# ~~[PROPOSED]~~ ORDER

Good cause appearing, and the Parties having stipulated thereto,

**IT IS HEREBY ORDERED** that the above-captioned Civil Action, Case No. A-26-937678-C, is **STAYED** in its entirety pending the final outcome of binding arbitration administered by JAMS in accordance with the terms of the foregoing Stipulation.

**IT IS FURTHER ORDERED** that all claims, counterclaims, cross-claims, and defenses raised or that could have been raised in this Civil Action shall be submitted to final and binding arbitration in accordance with the terms of the Stipulation.

**IT IS FURTHER ORDERED** that either Party may apply to this Court for confirmation of any arbitral award rendered in the arbitration, in accordance with applicable law.

IT IS FURTHER ORDERED that Plaintiff's Motion for Settlement Conference Pursuant to NRCP 16(A)(5) on May 7, 2026 is vacated.

~~DATED this ______ day of ______________, 2026.~~

**Dated this 24th day of April, 2026**

**7F5 8F3 C06D 3E4F**
**Mark R. Denton**
**District Court Judge**

**CSERV**

DISTRICT COURT
CLARK COUNTY, NEVADA

| | |
|---|---|
| Russell Greer, Plaintiff(s)<br>vs.<br>Viatron Corporation, Defendant(s) | CASE NO: A-26-937678-C<br>DEPT. NO. Department 13 |

**AUTOMATED CERTIFICATE OF SERVICE**

This automated certificate of service was generated by the Eighth Judicial District Court. The foregoing Stipulation and Order was served via the court's electronic eFile system to all recipients registered for e-Service on the above entitled case as listed below:

Service Date: 4/24/2026

| | |
|---|---|
| MGA Docketing | docket@mgalaw.com |
| Russell Greer | russmark@gmail.com |
| Jordon Fentenmier | jordonfetenmier@proton.me |