**Matthew D. Hardin (*pro hac vice*)**
**HARDIN LAW OFFICE**
101 Rainbow Drive # 11506
Livingston, TX 77399
Telephone: (202) 802-1948
Email: MatthewDHardin@gmail.com
*Attorney for Defendants*
*Joshua Moon and Lolcow, LLC*

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH

| | |
|---|---|
| RUSSELL GREER,<br><br>Plaintiff,<br><br>v.<br><br>JOSHUA MOON, *et al*.<br><br>Defendants. | **DEFENDANTS' MOTION FOR ORDER AUTHORIZING DISCLOSURE OF MR. GREER'S NEVADA DEPOSITION TESTIMONY**<br><br>Case No. 2:24-cv-00421-DBB<br><br>District Judge David Barlow<br>Magistrate Judge Jared C. Bennett |

Defendants Joshua Moon and Lolcow, LLC move for an order directing and authorizing disclosure of relevant portions of Mr. Greer's October 13, 2026 Nevada deposition.

Mr. Greer's Nevada testimony bears on his claimed inability to pay this Court's Rule 37 fee award. Unfortunately, a Nevada court has ordered that Mr. Greer's testimony in that action is confidential. However, that Court left open the possibility for it to be disclosed pursuant to a Court order or subpoena. Supplemental Declaration of Matthew D. Hardin, filed October 22, 2026 ("Hardin Supp. Decl."), ¶ 2 & Ex. A at 9, § 11(c). This Court has the power to consider Mr. Greer's testimony. Fed. R. Civ. P. 43(c).

**Mr. Greer has raised evidentiary issues that can be rebutted if Defendants are able to produce Mr. Greer's Nevada testimony.**

This Court has already awarded Defendants their reasonable expenses, including attorney's fees, caused by Mr. Greer's failure to obey the production orders. ECF No. 495 at 17 ¶ 4. In opposing the amount requested, Mr. Greer asserts: "Plaintiff is not in a position to pay $4,000 currently." ECF No. 497 at 7. He invokes his financial circumstances in asking the Court to impose no monetary sanction. *Id.*

Undersigned counsel deposed Mr. Greer on October 13, 2026, in *Greer v. Viatron, Inc.*, Case No. A-26-937678-C. That action is pending in the District Court of Clark County, Nevada and stayed in favor of arbitration. Hardin Supp. Decl. ¶ 2 & Ex. A at 12. Mr. Greer's testimony was recorded on video, which is in undersigned counsel's possession. Hardin Supp. Decl. ¶ 2. Undersigned counsel proffers that the testimony would show that Mr. Greer is capable of paying a sanctions award by shedding light on his present financial condition and employment status. *Id.*

But for a Court order requiring confidentiality for Mr. Greer's testimony, Defendants would have already filed that testimony alongside their Reply. ECF No. 498. Nevertheless, upon receipt of an order from this Court, they will be permitted to file the relevant testimony. The Nevada court entered its Stipulation and Order for Binding Arbitration on April 24, 2026. Hardin Supp. Decl. Ex. A at 12. Section 11 of the approved stipulation provides:

> The arbitration proceedings, including all submissions, testimony, evidence, and the arbitral award, shall be kept confidential by the Parties, their counsel, and the arbitrator, except as may be necessary to (a) enforce any

> arbitral award; (b) comply with applicable law or the rules of a regulatory body; or (c) **comply with a subpoena or court order**.
>
> *Id.* at 9, § 11 (**emphasis added**).

**The requested order is necessary because Mr. Greer has raised evidentiary issues that can easily be rebutted with reference to his Nevada testimony.**

Section 11(c) of the Nevada court's order establishes a direct means of placing the relevant testimony before this Court. The Nevada court expressly permitted disclosure of those proceedings when necessary to comply with a court order. Defendants therefore request an order from this Court directing undersigned counsel to submit Mr. Greer's relevant testimony and authorizing its disclosure and use in this fee proceeding. Compliance with that direction would fall within the exception the Nevada parties expressly adopted. Hardin Supp. Decl. Ex. A at 9, § 11(c).

The Nevada testimony will bear directly on the amount of this Court's Rule 37 award against Mr. Greer, ECF No. 495 at 17 ¶ 5, and Mr. Greer's newfound arguments in opposing a specific quantum of fees. ECF No. 497 at 7. Mr. Greer's near contemporaneous Nevada testimony, which predates his assertions in this Court by only nine days, will shed tremendous light on Mr. Greer's ability to pay the fee award at issue here. And this Court's order allowing disclosure of testimony will not interfere in the Nevada proceedings, where a judge has already expressly contemplated that disclosure may occur upon order of a court.

**The Court should have sworn evidence before assessing Greer's assertions of poverty.**

Fed. R. Civ. P. 43(c) permits the Court to receive affidavits, oral testimony, or deposition testimony when deciding a motion that relies on facts outside the record. Fed. R. Civ. P. 43(c). Defendants maintain that Mr. Greer's unsupported assertion of poverty is not a valid basis to withhold the fees already awarded. See *Taylor v. Sedgwick Claims Mgmt. Servs., Inc.*, No. 2:11-cv-02390-SHM-cgc, 2012 U.S. Dist. LEXIS 90243, at *4–5 (W.D. Tenn. June 29, 2012) (rejecting an unsubstantiated claim of inability to pay expenses incurred on a motion to compel). If the Court considers Mr. Greer's financial contention, however, it should also receive his sworn testimony on that subject. Mr. Greer has asked the Court to act on his account of his finances. The Court should have the evidence needed to test that account.

WHEREFORE, Defendants respectfully submit that this Court should enter an order permitting disclosure of Mr. Greer's October 13, 2026 video testimony from *Greer v. Viatron, Inc.* for use in this action.

DATED October 22, 2026

**HARDIN LAW OFFICE**

/s/ Matthew D. Hardin
**Matthew D. Hardin**
*Attorney for Defendants*
*Joshua Moon and Lolcow, LLC*