**Matthew D. Hardin (*pro hac vice*)**
**HARDIN LAW OFFICE**
101 Rainbow Drive # 11506
Livingston, TX 77399
Telephone: (202) 802-1948
Email: MatthewDHardin@gmail.com
*Attorney for Defendants*
*Joshua Moon and Lolcow, LLC*

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH

| | |
|---|---|
| RUSSELL GREER,<br><br>Plaintiff, | **DEFENDANTS' MOTION TO REMOVE IMPROPER CONFIDENTIALITY DESIGNATIONS** |
| v. | Case No. 2:24-cv-00421-DBB-JCB |
| JOSHUA MOON, *et al*.<br><br>Defendants. | District Judge David Barlow<br>Magistrate Judge Jared C. Bennett |

Defendants Joshua Moon and Lolcow, LLC move under DUCivR 26-2(c) and § E of the governing Standard Protective Order ("SPO") to remove Greer's confidentiality designations from his October 22, 2026 email correspondence. Defendants request an express ruling that this Court's SPO permits disclosure of those communications to Defendants, public filing, publication, and other public distribution. They also seek the reasonable expenses of obtaining that relief under Rules 26(c)(3) and 37(a)(5).

Mr. Greer treats a confidentiality or "Attorneys Eyes Only" label as a unilateral veto over who may read his litigation demands. This Court has already rejected that premise. Information must qualify for protection even when the required label appears. ECF No. 272 at 3–5 (holding that the witness information and address would not qualify for

protection even if Greer had designated them). Mr. Greer's October 22 email correspondence contains demands concerning a filed motion, threats of further motions, and objections to public scrutiny. His explanations identify no qualifying information that justifies concealing those communications. Ex. A.

Because Mr. Greer continues to abuse the ability to label his emails to undersigned counsel as "ATTORNEYS' EYES ONLY" despite multiple explanations that such behavior is inappropriate, Defendants are forced to seek relief.

**The governing order requires qualifying information and places the burden on Greer.**

This Court has made clear which SPO governs in this matter, because Greer himself asked for clarification. ECF No. 272 at 2 n.8. That order applies to materials produced in this matter under federal or local disclosure and discovery duties. SPO at 1. Section A(1) permits a CONFIDENTIAL designation for trade secrets and specified nonpublic proprietary confidential technical, scientific, financial, business, health, or medical information. Section A(2)(a)–(d) permits ATTORNEYS' EYES ONLY protection for specified sensitive or competitive technical and business information. Section A(2)(e) requires other qualifying CONFIDENTIAL information and a reasonable, good-faith belief that disclosure outside the permitted recipients would likely cause harm. SPO at 2.

The operative rule is straightforward: "The producing party bears the burden of proving that the designation is proper." SPO § E(4), at 8. A party may challenge a designation at any time. SPO § E(1), at 7. After reasonable efforts to resolve the dispute,

the receiving party may move for relief from an improper designation under DUCivR 7-1(a)(4)(D). SPO § E(2)–(3), at 7–8.

**Greer's October 22, 2026 emails continue a pattern of making unsupported demands for secrecy**

On October 22, 2026, Mr. Greer sent an email demanding that undersigned counsel identify a deposition timestamp, question, and answer supporting ECF No. 499. He accused undersigned counsel of misrepresenting his testimony, demanded withdrawal of that filing, announced contemplated sanctions and disqualification motions, and demanded that testimony and other documents not be disseminated. He labeled the entire communication ATTORNEYS' EYES ONLY and CONFIDENTIAL. Ex. A at 1–2.

Undersigned counsel immediately challenged the designation. Greer inexplicably defended it by saying he had used the SPO's language as Judge Bennett had instructed. He also stated that he did not consent to public circulation of his emails. Ex. A at 1. That evening, undersigned counsel sent a more detailed letter demanding removal of both the ATTORNEYS' EYES ONLY and CONFIDENTIAL designations. Ex. A at 1; Ex. B. The letter explained in much greater detail why both designations were improper, and offered telephone conferences on October 23 and 24. Ex. B at 2–6. Greer has not answered the designation challenge, withdrawn either designation, or accepted either proposed conference.[1]

---

[1]Greer's October 22 email announced his intention to seek relief in JAMS, but identified no qualifying information under this Court's SPO. Ex. A at 1. Threatening another motion does not justify these designations.

Mr. Greer abuses the SPO to "protect" material that is in no way confidential or proprietary in nature. The October 22 correspondence shows Mr. Greer disputing a litigation position and threatening further litigation. The SPO's scope does not expand to every communication concerning a lawsuit. SPO at 1. There is no conceivable basis for Mr. Greer's designation. Ex. A at 1.

Greer identifies no sensitive or competitive technical or business information under § A(2)(a)–(d). Section A(2)(e) first requires qualifying CONFIDENTIAL information and then a reasonable, good-faith basis to predict harm from disclosure outside the authorized recipients. Greer's explanation addresses neither requirement. Ex. A at 1. Yet the "ATTORNEYS' EYES ONLY" label restricts disclosure to the recipients in § B(1)(a)–(h), excluding the party representatives included for ordinary confidential material in § B(1)(j). SPO § B(2). Mr. Greer cannot identify any basis which justifies keeping Greer's own correspondence in this case secret even from Defendants.

In *Martinez v. City of Ogden*, this Court rejected proposed AEO restrictions based on allegations that the opposing party had mishandled confidential information before litigation. No. 1:08CV00087TC-DN, 2009 U.S. Dist. LEXIS 12270, at *7–10 (D. Utah Feb. 17, 2009). The court recognized that denying a party access could impair that party's participation in the case. *Id.* at *9. Greer likewise needs a concrete basis for excluding Defendants from correspondence about their own case. But he has failed to even attempt to provide such a basis.

**The Court has already rejected Greer's assumption that his preference controls.**

In ECF No. 272, this Court held that the witness information and address Greer sought to protect did not qualify under the SPO, even assuming he had designated them. ECF No. 272 at 3–5. The Court later sanctioned Mr. Greer's unsupported accusation that undersigned counsel had violated the SPO. ECF No. 361 at 7–8, 10–11. Judge Barlow upheld that ruling, observing that Greer "did not so much as read the protective order that he accused Mr. Hardin of violating." ECF No. 376 at 4. Reconsideration was denied. ECF No. 391 at 3–5.

The Court has already explained to Mr. Greer that a confidentiality demand requires information the order actually protects. Yet Mr. Greer continues to abuse this Court's SPO process. His October reply illustrates that this pattern will not change without judicial intervention. Ex. A at 1.

**Reasonable efforts to resolve the dispute and certification**

Undersigned counsel certifies the following efforts under SPO § E(3):

The participants in the written exchanges were Matthew D. Hardin, for Defendants, and Russell Greer, acting on his own behalf.

On October 22, 2026, the parties exchanged the challenge and response reproduced in Exhibit A. At 5:39 p.m. Eastern that day, undersigned counsel emailed the letter attached as Exhibit B. Ex. A at 1. The letter identified both October emails, explained the objections to both designations, and proposed telephone conferences on Friday, October 23, between 2:00 and 5:00 p.m. Eastern, or Saturday, October 24, during the same hours. It invited Greer to identify a conflict and propose the earliest practical

alternative. Ex. B at 1, 5–6. Greer has not answered the designation challenge or accepted either invitation. Both proposed dates for a conference have passed. The dispute remains unresolved.

Section E of the SPO requires reasonable efforts and a conference request with proposed dates and times. It prescribes no fixed waiting period after a challenge. SPO § E(2)–(3). Defendants have identified the challenged designations, explained their objections, and afforded multiple opportunities to confer. Mr. Greer's failure to address the October designation challenge cannot postpone judicial review indefinitely, especially insofar as Mr. Greer's conduct shows a continuing intention to abuse SPO designations going forward. Section E(4) expressly permits the Court to consider a producing party's failure to engage in reasonable efforts when deciding the requested designation. The Court should resolve this dispute now, and should hold that Mr. Greer's refusal to engage in any of the invited conferences militates in favor of de-designation of the materials.

**This Court should remove the unsupported restrictions and compensate Defendants.**

Defendants request removal of every CONFIDENTIAL and ATTORNEYS' EYES ONLY restriction Greer asserts under the Utah SPO over the October 22 emails, including their subject lines, bodies, and quoted correspondence reproduced in Exhibit A. The order should expressly permit sharing those communications with Defendants, public filing, publication, and other public distribution because there is no basis upon which restrictions on distribution can be upheld. Downgrading AEO material to ordinary confidentiality would

leave the challenged public-distribution restrictions in place. SPO § B(1)–(3). Full removal is warranted because Greer has not established the threshold protection.

Defendants also request reasonable expenses, including attorney's fees, incurred in obtaining this relief. Rule 26(c)(3) applies Rule 37(a)(5) to expense awards in protective-order proceedings. Mr. Greer has long been in possession of the Court's prior explanation about the scope and proper application of the SPO. Undersigned counsel attempted to further assist by providing direct written explanations, and a detailed opportunity to identify qualifying information. Mr. Greer's abusive designations and refusal to confer have continued. The Court should award the reasonable expenses of this motion after Greer has an opportunity to be heard and direct Defendants to document the amount. Fed. R. Civ. P. 26(c)(3), 37(a)(5)(A).

WHEREFORE, Defendants respectfully request an order removing the challenged Utah SPO designations, expressly authorizing the disclosure and public distribution described above, and awarding the reasonable expenses of obtaining that relief.

DATED October 28, 2026

**HARDIN LAW OFFICE**

/s/ Matthew D. Hardin
**Matthew D. Hardin**
*Attorney for Defendants*
*Joshua Moon and Lolcow, LLC*