EXHIBIT A

**From:** **Matthew D. Hardin** MatthewDHardin@protonmail.com
**Subject:** Re: ATTORNEYS' EYES ONLY – CONFIDENTIAL – Demand for Deposition Timestamp and Notice of Sanctions
**Date:** October 22, 2026 at 5:39 PM
**To:** Russell Greer russmark@gmail.com

Please see the attached letter per the SPO.

Best,

Greer_Utah_SPO_Designation_Challenge_Letter.pdf
180 KB

**Matthew D. Hardin**
DC: 202-802-1948
NYC: 212-680-4938
Email: MatthewDHardin@protonmail.com

***The information contained in this message may be privileged. It is intended by the sender to be confidential. If you suspect you may not be the intended recipient, please notify the sender and delete all copies.***

> On Oct 22, 2026, at 4:39 PM, Russell Greer <russmark@gmail.com> wrote:
>
> Mr. Hardin,
>
> Your motion is nonsense. Your continued assertion that you can make false statements about me is nonsense, too.
>
> But okay, thanks. I'll take your response as a refusal to answer my question. You still haven't identified the exact timestamp in my October 13 deposition where I supposedly testified that I have thousands of dollars available to pay sanctions. Because I never said that.
>
> As for the confidentiality wording designation, I used the language from the Utah Standard Protective Order, as Judge Bennett previously instructed me to do.
>
> You and Mr. Moon can be First Amendment absolutists all you want. That doesn't mean I consent to my private emails being posted on that website or circulated elsewhere.
>
> Sent from my iPhone
>
>> On Oct 22, 2026, at 12:39 PM, Matthew D. Hardin <MatthewDHardin@protonmail.com> wrote:
>>
>> I decline to reply to your ATTORNEY'S EYES ONLY nonsense below and demand that you withdraw the ATTORNEY'S EYES ONLY designation because you have no colorable argument that this email is in any way covered by the protective order.
>>
>> **Matthew D. Hardin**
>> DC: 202-802-1948
>> NYC: 212-680-4938
>> Email: MatthewDHardin@protonmail.com
>>
>> ***The information contained in this message may be privileged. It is intended by the sender to be confidential. If you suspect you may not be the intended recipient, please notify the sender and delete all copies.***
>>
>>> On Oct 22, 2026, at 3:33 PM, Russell Greer <russmark@gmail.com> wrote:
>>>
>>> ATTORNEYS' EYES ONLY – CONFIDENTIAL
>>>
>>> [redacted]

> This correspondence is designated **ATTORNEYS' EYES ONLY – CONFIDENTIAL**, consistent with the confidentiality instructions previously provided by the Court. It is not authorized for public filing, publication, or dissemination.
>
> [redacted]

# Hardin Law Office

Matthew D. Hardin · 101 Rainbow Drive · PMB 11506 · Livingston, TX 77399
Phone: (202) 802-1948 · Email: HardinLawPLLC@icloud.com

October 22, 2026

Russell Greer
Via email: russmark@gmail.com

Re: *Greer v. Moon*, No. 2:24-cv-00421-DBB-JCB
Challenge to October 22 Confidentiality Designations

Dear Mr. Greer:

I demand that you withdraw both the ATTORNEYS' EYES ONLY and CONFIDENTIAL designations you have asserted over today's emails. This demand covers your October 22, 2026 email whose subject ends with "[redacted]," together with your subsequent reply maintaining the designation. It covers each complete message, including the subject line, body, and quoted correspondence. Defendants seek removal of all restrictions you claim the Utah Standard Protective Order imposes on those communications, including restrictions on disclosure to Mr. Moon, public filing, publication, and other public distribution.

You have already been sanctioned in this case for accusing me of violating the Standard Protective Order without having read it. Judge Barlow upheld that ruling and denied reconsideration. You are at your old tricks again: invoking the Court's authority to support sweeping confidentiality demands while disregarding the limits of the order you invoke. This time, you have added the labels. The substantive requirements remain. The resulting designations are deficient, defective, and unsupported for the reasons set out below. See ECF No. 361 at 7–8, 10–12; ECF No. 376 at 3–5; ECF No. 391 at 3–4.

This letter constitutes Defendants' written challenge under § E(2) of the governing Standard Protective Order. It identifies the communications at issue, explains the defects in both designations, and requests a conference at specific times. Defendants reserve their right to seek sanctions, attorney's fees, and other appropriate relief if you force further proceedings over this misuse of the order.

**The Court has already sanctioned the same failure to examine the order before invoking it**

On September 30, 2025, Judge Bennett found that you violated Rule 11(b) by making statements in court filings accusing me of violating the Standard Protective Order. You had admitted that you had never seen the order, did not know the steps it required, and relied on an assumption that everything you produced was protected. Judge Bennett found that your own response demonstrated the absence of an objectively reasonable inquiry before you made those accusations. ECF No. 361 at 7–8.

The Court ordered you to pay Defendants' reasonable attorney's fees directly resulting from the Rule 11(b) violations addressed in that ruling. ECF No. 361 at 10–12. Your unsupported protective-order accusation was one of the grounds for those

sanctions. You had invoked judicial authority against Defense Counsel without first examining what the order actually required.

Judge Barlow rejected your objections on October 31, 2025. He explained that "he did not so much as read the protective order that he accused Mr. Hardin of violating." ECF No. 376 at 4. Your asserted belief that a violation had occurred did not excuse the failure to make a reasonable inquiry. ECF No. 376 at 4–5.

You then sought reconsideration. Judge Barlow denied that request on December 2, 2025. He examined the chronology and explained that your later discussion of the order did not establish that you had read it before making the earlier accusation. ECF No. 391 at 3–4. The Court has therefore addressed this problem repeatedly, through an initial sanctions ruling, review of that ruling, and reconsideration.

Your latest reply says that you used language from the Utah Standard Protective Order as Judge Bennett instructed. That's a very curious ad conclusory assertion, because the text of the order does not even come close to permitting the sort of designation you have made here. The order requires both qualifying information and a good-faith basis for the designation. Copying its labels does not establish either requirement. The earlier sanctions proceedings gave you ample reason to examine those requirements before invoking the Court's authority again. Your present reliance on the labels repeats the same basic error: treating your personal expectation of secrecy as though it were the Court's command.

**The applicable order and its limits have already been identified**

There is no uncertainty about which Utah form governs this case. Judge Bennett expressly resolved that issue in ECF No. 272 at 2 n.8. Although the action originated in 2020, the scheduling and protective orders were first entered in 2024. The Court therefore selected the Standard Protective Order for cases filed on or after December 1, 2023. References below to the SPO mean that version.

The scope provision on page 1 ties the SPO to information, documents, and materials produced in this matter under disclosure or discovery duties created by the Federal Rules of Civil Procedure and the local rules. The order facilitates the exchange of qualifying discovery material. It gives no general entitlement to designate every email exchanged with an opposing attorney as confidential.

Your first email [redacted] Your reply maintains your position, repeats the demand for a timestamp, and objects to public circulation of your emails. Both messages present demands and accusations about litigation conduct. You identify no Utah discovery request being answered or disclosure duty being fulfilled. You have not explained how that correspondence falls within the SPO's threshold scope.

If you contend otherwise, identify the particular Utah disclosure or discovery duty under which each email was produced. Identify the corresponding request or obligation and explain how the message fulfills it. A reference to testimony, a pending motion, or this case does not by itself establish production under a disclosure or discovery duty. The SPO's scope language requires an actual connection of that kind. SPO at 1.

The Court has also rejected your attempt to use Rule 26(c) to control conduct that did not constitute discovery under the Federal Rules. In ECF No. 463 at 2–3, Judge Bennett denied your protective-order motions because the investigation you challenged was not discovery. That ruling did not address today's emails, but it squarely rejects the premise that every litigation-related activity falls within Rule 26(c). You must address the governing limits before invoking that rule or the SPO against these messages.

**The ordinary confidentiality designation lacks the required substantive basis**

Even assuming you could establish the necessary connection to disclosure or discovery, you would still have to satisfy § A(1). That provision identifies trade secrets and specified categories of nonpublic proprietary confidential technical, scientific, financial, business, health, or medical information. It requires a good-faith belief that the material contains qualifying information. The designation therefore depends on the actual content. SPO § A(1), at 2.

Judge Bennett has already explained this distinction to you. In ECF No. 272 at 3–5, the Court held that the witness contact information and Wyoming address at issue did not qualify for protection under the SPO. The Court expressly considered the substance even assuming you had applied the required labels. That ruling defeats your present suggestion that compliance with the labeling instruction establishes entitlement to protection.

Your accusations that my motion is nonsense and my statements are false do not identify a trade secret or confidential technical, scientific, business, health, or medical information. They express your position in a dispute. You have identified no qualifying information within the accusations themselves. The same defect applies to your demand that I withdraw a filed motion and your demand for the precise testimony supporting it. A demand does not acquire protected status because its author prefers that the recipient keep it secret.

Your announcement that [redacted] likewise identifies no qualifying category. Those are procedural positions you chose to communicate to the opposing attorney. If you contend that a particular sentence discloses information protected by § A(1), identify that sentence and explain the connection. A blanket designation of the entire message leaves that essential analysis undone.

Your references to [redacted] require the same disciplined analysis. Section A(1) includes qualifying financial information. Your emails, however, identify no account number, balance, transaction, tax return, banking record, or financial statement. They make generalized assertions about your financial circumstances while disputing a litigation position. You have not explained why those statements satisfy the complete definition in § A(1), or why they would justify concealing the unrelated demands and accusations surrounding them.

Even if you claim (somehow, and without any evidence or explanation) that a limited passage in your email qualifies, you must still explain why the balance of the correspondence should remain designated. Defendants dispute the blanket designation and demand that you address the communications passage by passage if you refuse to withdraw it.

Your statements that [redacted] also fail to establish protection on the explanation given. You identify no medical record, diagnosis, treatment information, or other specific health information in those statements. Describing the burden you associate with litigation does not establish that the entire message contains confidential health or medical information under § A(1). If you advance that theory, identify the precise language and the facts supporting it.

Your later reply adds no meaningful justification. You say you used the SPO's terminology and that you do not consent to public circulation. Neither statement identifies the disclosure duty, protected category, or particular information needed to sustain the designation. Your explanation remains woefully deficient after a direct request that you withdraw it.

**The attorneys' eyes only designation is independently defective**

The AEO designation requires a separate justification under § A(2). Subparagraphs (a) through (d) address sensitive technical information, sensitive business information, competitive technical information, and competitive business information. Your emails identify no research or development information, manufacturing process, patent prosecution information, commercial analysis, competitive product comparison, or strategic product plan. You have provided no explanation connecting these litigation demands to any of those categories. SPO § A(2)(a)–(d), at 2.

Subparagraph (e) does not dispense with the threshold requirement. It concerns other information that is already CONFIDENTIAL within the SPO's definition and that the producing party reasonably and in good faith believes would likely cause harm if disclosed outside the permitted AEO recipients. You must therefore establish qualifying confidential information and a reasonable, good-faith basis for the predicted harm. An assertion that you dislike the contemplated audience leaves both requirements unaddressed. SPO § A(2)(e).

Your statement that you do not consent to the emails appearing on Mr. Moon's website does not identify what qualifying information would cause what harm through disclosure. The designation has substantial consequences: the AEO recipient list in § B(2) is limited to the persons identified in § B(1)(a)–(h). Unlike ordinary confidentiality, it does not include the party representatives listed in § B(1)(j). You are attempting to use that restriction against correspondence directed to Defense Counsel about a motion in the case in which Mr. Moon is a defendant. That demand requires a concrete justification. You have provided none. SPO §§ A(2)(e), B(1)–(2).

If you persist, explain why disclosure of each assertedly protected passage to Mr. Moon would likely cause the harm you claim. Explain why ordinary confidentiality would be insufficient. Identify the factual basis for that prediction. Simply repeating ATTORNEYS' EYES ONLY, or invoking Judge Bennett's name, does not answer those questions.

**Your refusal to consent does not enlarge the Court's order**

Your reply characterizes Mr. Moon and me as First Amendment absolutists and states that you do not consent to public dissemination of your private emails. Your characterization has no bearing on the SPO's text. The order identifies the information it covers and the conditions for designation. Your personal preference cannot expand those terms. ECF No. 272 at 3–5; SPO at 1–2.

The demand that I refrain from disseminating any other document in this case is broader still. You identify no particular document, designation, or qualifying information to support that sweeping demand. The SPO operates through its stated scope and defined protections. It does not impose universal secrecy over every document connected with the action. SPO at 1; §§ A, B.

Defendants challenge the restrictions you assert under the Utah SPO. This letter requests a determination about the identified communications and that order. Your labeling of those communications cannot establish the very protection now in dispute. Section E(4) expressly places the burden of proving a proper designation on the producing party. You must address that burden with the order's requirements and the actual content of the emails.

**Withdraw both designations in full or explain each remaining claim**

Please confirm in writing that you withdraw both designations from both October 22 emails and their quoted correspondence. Confirm that you assert no remaining restriction under the Utah SPO on disclosure to Defendants, public filing, publication, or other public distribution of those messages. Defendants request full de-designation; a change from AEO to ordinary confidentiality would leave the challenged prohibition on public distribution unresolved. SPO § B(1)–(3).

If you decline any part of that request, identify each passage you maintain is protected. For each passage, identify the disclosure or discovery duty bringing it within the SPO's scope and the particular subsection of § A on which you rely. Explain the facts supporting your good-faith belief that the passage qualifies. For AEO material, identify the particular likely harm and the factual basis supporting that additional restriction. Address each email separately. Identify any portions for which you withdraw the designation, and provide a clearly marked copy showing any limitation you propose.

If you maintain that the Court instructed you to designate these particular kinds of communications, identify the docket entry, page, or transcript passage. ECF No. 272 explains the requirements for protection and rejects protection for nonqualifying information even if labeled. A general instruction to use the prescribed markings cannot reasonably be read to authorize designating everything you prefer to keep from public view. ECF No. 272 at 3–5.

I request that written response by noon Eastern time on Friday, October 23, 2026. That is a requested response deadline to facilitate prompt resolution and the conference below. Defendants will assess your substantive response and participation under the reasonable-efforts procedure in § E. The opportunity to correct these defective designations should be used to resolve the dispute before it generates another motion and additional expense.

**Conference request and reservation of sanctions and fees**

Please confer with me by telephone concerning withdrawal of both designations. I propose Friday, October 23, 2026, between 2:00 and 5:00 p.m. Eastern, or Saturday, October 24, 2026, between 2:00 and 5:00 p.m. Eastern. Those windows are 11:00 a.m. to 2:00 p.m. Pacific. Please select a start time within either window and confirm it in your response. You may reach me at (202) 802-1948.

I would be glad to offer additional dates, but I am about to leave for Nevada for an upcoming arbitration. If neither proposed window works, promptly explain the

scheduling conflict and propose the earliest practical alternative. I will consider a reasonable alternative. The conference should address the specific scope and designation defects identified in this letter and the relief necessary to resolve them. This request is made under SPO § E(2).

If reasonable efforts do not resolve the dispute, Defendants reserve the right to move under § E(3) and DUCivR 26-2(c) for an order rejecting the designations and expressly permitting disclosure to Defendants and public distribution under the Utah SPO. Defendants also reserve the right to seek reasonable attorney's fees, expenses, and sanctions authorized by the applicable rules and the Court's authority. Rule 26(c)(3) incorporates Rule 37(a)(5) for expenses in protective-order proceedings. Any request will address the applicable prerequisites, exceptions, and conduct that caused the expense. Fed. R. Civ. P. 26(c)(3), 37(a)(5).

For any future papers within Rule 11's scope, Defendants separately reserve the right to seek relief for unsupported accusations or other sanctionable representations. Any such request will follow the applicable procedures, including the separate-motion and safe-harbor requirements, and account for Rule 11(d)'s exclusion of discovery matters. Fed. R. Civ. P. 11(b), (c)(2), (d). This letter gives you a detailed opportunity to correct the designation problem before further proceedings become necessary.

Your prior sanctions and the rulings rejecting your challenges to them are part of this case's record. Defendants will bring that history, this letter, and your response to the Court's attention if further relief is required. You have already required the Court to explain why an unsupported accusation based on an unread order is sanctionable. You now have the governing provisions, the relevant rulings, and a specific explanation of the defects in front of you. Withdraw both designations and confirm a conference time if any issue remains.

Regards,



Matthew D. Hardin