**Matthew D. Hardin (*pro hac vice*)**
**HARDIN LAW OFFICE**
101 Rainbow Drive # 11506
Livingston, TX 77399
Telephone: (202) 802-1948
Email: MatthewDHardin@gmail.com
*Attorney for Defendants*
*Joshua Moon and Lolcow, LLC*

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH

| | |
|---|---|
| RUSSELL GREER,<br><br>Plaintiff, | **DEFENDANTS' NOTICE OF SUPPLEMENTAL AUTHORITY REGARDING ECF NOS. 477 AND 478** |
| v. | Case No. 2:24-cv-00421-DBB-JCB |
| JOSHUA MOON, *et al*.<br><br>Defendants. | District Judge David Barlow<br>Magistrate Judge Jared C. Bennett |

Under DUCivR 7-1(c), Defendants submit *Weekend Warrior Clothing, LLC v. Google, LLC*, No. 1:25-cv-668, 2026 U.S. Dist. LEXIS 234579 (S.D. Ohio Oct. 14, 2026). This case supports the pending Motion for Reconsideration (ECF No. 477) and Motion for Judgment on the Pleadings (ECF No. 478).

The decision applies *Cox Communications, Inc. v. Sony Music Entertainment*, 146 S. Ct. 959 (2026), to Google's Shopping Ads platform. The scope of *Cox* is addressed in ECF No. 477 at 3–4; ECF No. 478 at 3–4; ECF No. 484 at 4–6; and ECF No. 485 at 3–6. The U.S. District Court in Ohio dismissed a contributory-infringement claim based on

Google's alleged knowledge of infringement and failure to remove infringing advertisements. *Weekend Warrior*, 2026 U.S. Dist. LEXIS 234579, at *21–23, *25–26.

The court also rejected the theory that inadequate removal "potentially even emboldens the infringers." *Id.* at *23. Quoting *Cox*, it explained that "contributory liability cannot rest only on a provider's knowledge of infringement and insufficient action to prevent it." *Id.* (quoting 146 S. Ct. at 969).

*Weekend Warrior* supports dismissal of Greer's claim because it rejects inducement based on the theory that inadequate removal emboldens infringers. 2026 U.S. Dist. LEXIS 234579, at *23. That reasoning reinforces Defendants' argument that Greer cannot turn notice and refusal to remove into inducement by describing the refusal as encouragement. ECF No. 477 at 4; ECF No. 485 at 5–6. The Ohio decision's application of *Cox* to Google's advertising platform also undercuts Greer's effort to confine *Cox* to broadband providers. *Weekend Warrior*, 2026 U.S. Dist. LEXIS 234579, at *21–23; ECF No. 484 at 4–5; ECF No. 485 at 3–4.

DATED November 2, 2026

**HARDIN LAW OFFICE**

/s/ Matthew D. Hardin
**Matthew D. Hardin**
*Attorney for Defendants*
*Joshua Moon and Lolcow, LLC*