Russell Greer
1100 Dumont Blvd
Apt 139
Las Vegas, NV 89169
801-895-3501
russmark@gmail.com
Pro Se Litigant

FILED
2026 NOV 4
CLERK
U.S. DISTRICT COURT

**IN THE UNITED STATES DISTRICT COURT**

**DISTRICT OF UTAH**

| | |
|---|---|
| **RUSSELL GREER**<br>Plaintiff<br>v.<br>**JOSHUA MOON ET AL,**<br>Defendants | **Plaintiff's Opposition to Defendants' Motion to Disclose Confidential Arbitration Testimony and Request for Sealing**<br>Case No.: 2:24-cv-00421-DBB-JCB |

## I. Introduction

Plaintiff Russell Greer respectfully opposes Defendants' request in ECF No. 499 to disclose his confidential October 13th, 2026 JAMS arbitration deposition without appropriate restrictions. Alternatively, Plaintiff requests that any authorized submission remain under seal and be limited to testimony actually relevant to the issue before this Court.

Plaintiff is not attempting to prevent the Court from considering legitimate evidence. His concern is that Mr. Hardin, who represents Joshua Moon in this proceeding and ViaTRON in a separate employment arbitration, is attempting to introduce confidential testimony from one case into another, potentially making it publicly accessible.

Plaintiff has endured years of online harassment associated with Kiwi Farms. Over the past month, individuals claiming association with Kiwi Farms have continued contacting Plaintiff, including shortly before the ViaTRON evidentiary hearing. Publicly releasing Plaintiff's recorded deposition would provide additional material for those individuals to exploit.

## II. The arbitration agreement does not require public disclosure

Section 11 of the parties' April 24th, 2026 Stipulation and Order for Binding Arbitration provides:

> "The arbitration proceedings, including all submissions, testimony, evidence, and the arbitral award, shall be kept confidential by the Parties, their counsel, and the arbitrator, except as may be necessary to (a) enforce any arbitral award; (b) comply with applicable law or the rules of a regulatory body; or (c) comply with a subpoena or court order."

At the November 2nd, 2026 JAMS conference, Arbitrator Nancy L. Allf indicated that she would not prevent disclosure, pursuant to an appropriate court request or order; however, Plaintiff does not believe that ruling to authorize unrestricted public release of his deposition.

Nothing in Section 11 requires confidential arbitration materials to be submitted to another court to become publicly accessible.

Plaintiff signed the agreement believing the arbitration and its testimony would remain confidential, subject to the stated exceptions. Plaintiff did not anticipate that Mr. Hardin, who drafted the stipulation while already representing Joshua Moon, would seek to use Plaintiff's deposition for the benefit of those separate clients.

In fact, Plaintiff tried getting Hardin booted from the arbitration due to a concern of possible cross-contaminating of the two cases. Permission to submit testimony for judicial consideration is not the same as permission to distribute a recording publicly.

## III. Plaintiff never testified that he possessed substantial available funds

Mr. Hardin claims that Plaintiff's October 13th deposition demonstrates an ability to pay the monetary sanctions sought in Defendants latest sanctions “seed round.” Plaintiff disputes that characterization. Plaintiff never testified that he possessed substantial available funds to satisfy a sanctions award. Instead, Plaintiff explained that he had been living on savings from previous gig work and money obtained through loans. Plaintiff also explained his financial difficulties and his hope that the ViaTRON arbitration would result in a monetary award. That award remains uncertain. The evidentiary hearing has recently concluded, and the arbitrator indicated that a decision is expected by end of 2026. A hoped-for future award is not money presently available to Plaintiff.

When Plaintiff directly asked Mr. Hardin to identify the precise timestamp in the October 13th video where Plaintiff supposedly stated that he possessed thousands of dollars available to pay sanctions, Mr. Hardin did not identify that testimony. Instead, Plaintiff continued receiving threats of sanctions.

Frankly, Hardin's sanctions schtick is getting old.

## IV. This litigation has become consumed by sanctions disputes while the underlying harassment continues

The purpose of filing this copyright infringement lawsuit was to obtain a finding of copyright infringement that would cause Kiwi Farms to cease its RICO-esque operations and to prevent the infringement and harassment of countless individuals, including Plaintiff. Instead, the litigation has become bogged down in repeated discovery disputes, sanctions demands, and procedural battles initiated by Defendants.

Meanwhile, the underlying harassment continues. Plaintiff finds this deeply troubling. The very conduct that motivated Plaintiff to seek judicial intervention has not stopped, yet substantial time and resources continue to be consumed by disputes over sanctions and petty issues. Plaintiff even forgets what this latest sanctions request is even for. And now Mr. Hardin wants to introduce a confidential deposition from an entirely separate employment arbitration into this litigation.

Plaintiff respectfully asks what this accomplishes toward resolving the underlying copyright case. Plaintiff did not pursue this litigation for years, merely to spend his time defending himself against sanctions motions, while the harassment he sought to stop continues.

## V. Recent harassment demonstrates the danger of public release

Within the past month, Plaintiff has received renewed unsolicited communications from individuals claiming association with Kiwi Farms. On October 30th, 2026, four days before the ViaTRON evidentiary hearing, Plaintiff received an email titled "Arbitration SMACKDOWN!!!" The sender predicted that Mr. Hardin would financially defeat Plaintiff and expressly stated:

> "ViaTron is a bad bad company but since you are disabled I am on their side and support them."

The sender also claimed that Kiwi Farms users were supporting Mr. Hardin. **See Exhibit A.** Plaintiff forwarded the email to the email provider's abuse department. This message illustrates that the harassment has continued, despite approximately ten years of unwanted attention.

Publicly releasing the deposition would create an obvious opportunity for further harassment. The recording could be downloaded, edited into misleading excerpts, circulated online, and used to ridicule Plaintiff because of his disability. Plaintiff should not have to expose his recorded testimony to unrestricted public distribution, merely because Mr. Hardin believes portions may be relevant to a separate sanctions dispute.

Mr. Hardin and his client may both be free speech absolutists, but Mr. Greer still has rights.

## VI. Sealing and limited disclosure are appropriate alternatives

Plaintiff recognizes that judicial records are generally subject to public access and that sealing requires a particularized justification under DUCivR 5-3. Plaintiff believes he has identified a concrete concern involving recent harassment, disability-directed hostility, and the potential misuse of video testimony. Defendants assert that the deposition bears upon Plaintiff's financial condition. If so, the Court can consider specifically identified testimony without requiring the entire recording to become publicly available.

Plaintiff respectfully requests consideration of sealed submission, relevant transcript excerpts, redactions, or other appropriate restrictions.

## VII. Requested relief

Plaintiff respectfully requests that the Court:

1. Deny any request for unrestricted public disclosure of Plaintiff's October 13, 2026 arbitration deposition.
2. Require any authorized submission to remain under seal
3. Require Defendants to identify the particular testimony allegedly establishing Plaintiff's ability to pay sanctions.
4. Consider the October 30th, 2026 harassment email as evidence supporting Plaintiff's request for protection.

Respectfully submitted,

Russell Greer
/rgreer/
11-4-26

**CERTIFICATE OF SERVICE:**

Pursuant to FRCP 5(b), I certify that on 11-4-26, I served a true and correct copy of the attached document by ECF to all attorneys on record.

# EXHIBIT A

From: Russell Greer russmark@gmail.com
Subject: Fwd: Arbitration SMACKDOWN!!!
Date: Oct 30, 2026 at 11:06:43 AM
To: abuse@tutao.de

---

Hello

Another harassing email. How about you just block my email from receiving ANY of your used emails.
Sent from my iPhone

Begin forwarded message:

> **From:** evanthewise@tutamail.com
> **Date:** October 30, 2026 at 11:00:41 AM PDT
> **To:** Russmark <russmark@gmail.com>
> **Subject: Arbitration SMACKDOWN!!!**
>
> You are are about to get your A DOUBLE ESS handed to you in arbitration by Hardin! You will never recover financially from the smackdown he is about to give you. You thought you could just waltz all around being all disabled without consequences but that is about to change. ViaTron is a bad bad company but since you are disabled I am on their side and support them. All of us at KiwiFarms are rooting for THE MAN UP ON TOP!!
>
> --
> Secured with Tuta Mail:
> https://tuta.com/free-email