**Matthew D. Hardin (*pro hac vice*)**
**HARDIN LAW OFFICE**
101 Rainbow Drive # 11506
Livingston, TX 77399
Telephone: (202) 802-1948
Email: MatthewDHardin@gmail.com
*Attorney for Defendants*
*Joshua Moon and Lolcow, LLC*

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH

| | |
|---|---|
| RUSSELL GREER,<br><br>Plaintiff,<br><br>v.<br><br>JOSHUA MOON, *et al*.<br><br>Defendants. | **DEFENDANTS' REPLY IN SUPPORT OF MOTION TO DISCLOSE NEVADA DEPOSITION TESTIMONY**<br><br>Case No. 2:24-cv-00421-DBB-JCB<br><br>District Judge David Barlow<br>Magistrate Judge Jared C. Bennett |

Mr. Greer put his finances at issue. ECF No. 497 at 7. He now acknowledges that this Court may consider his relevant sworn testimony, but asks that any submission remain sealed. ECF No. 505 at 2, 5. Defendants seek an order directing disclosure of relevant testimony. ECF No. 499 at 1, 3. The Court should grant that motion. Greer has not justified blanket sealing.

**I. Greer accepts judicial consideration of the relevant testimony.**

Mr. Greer states: "Plaintiff is not attempting to prevent the Court from considering legitimate evidence." ECF No. 505 at 2. He also acknowledges that the arbitrator who is presiding over the proceeding in which the pertinent deposition was taken would permit disclosure pursuant to an appropriate court request or order. *Id.* Indeed, a stipulation

signed by Mr. Greer and entered as an order by a Nevada state court expressly permits disclosure necessary to comply with a subpoena or court order. ECF No. 498-2 at 9, § 11(c). Defendants have done nothing surprising: they have requested exactly the order that is contemplated.

Mr. Greer invited scrutiny of his finances and testimony he previously gave as to his financial status by invoking inability to pay in opposition to Defendants' fee request. ECF No. 497 at 7. Indeed, Mr. Greer's characterization[1] of the testimony gives the Court reason to examine it. ECF No. 505 at 3.

**II. Greer has not overcome the presumption of public access.**

Evidence submitted to resolve the fee dispute is subject to the common-law presumption of public access. The party seeking secrecy bears the burden of establishing interests sufficient to overcome that presumption. *Colony Insurance Co. v. Burke*, 698 F.3d 1222, 1241–42 (10th Cir. 2012). *Colony* denied sealing where parties placed confidential agreements at the center of their dispute without establishing why confidentiality outweighed public access. *Id.* DUCivR 5-3(a)(1) likewise provides that a confidentiality stipulation or blanket protective order is insufficient to justify sealing court records.

Mr. Greer asks the Court to consider his financial condition in determining the amount of the fee award to which Defendants are entitled as a result of Mr. Greer's own

[1] In an abundance of caution, undersigned counsel does not here offer his own characterization of the testimony, which has not yet been approved for release. Suffice it to say, undersigned counsel has a very different view of Mr. Greer's testimony than Mr. Greer does.

misconduct. The public has an interest in understanding the evidence on which that determination rests. Mr. Greer has already publicly described his savings, loans, financial difficulties, and hoped-for arbitration recovery. ECF No. 505 at 3. Those public disclosures undercut his demand to seal every relevant passage of deposition testimony which may undercut Mr. Greer's narrative.

Mr. Greer's fears of harm if public access is granted to ordinary judicial documents are speculative or non-cognizable. For instance, Mr. Greer predicts that deposition video could be edited, circulated, or used to ridicule him. *Id.* at 5. Those predictions do not identify particular financial testimony requiring sealing or explain why narrower protection would be inadequate. After all, any judicial document can be edited or altered by third parties and shared on the internet (even this brief). DUCivR 5-3(b)(2) requires a narrowly tailored request identifying the information deserving protection, the basis for protection, and the proposed duration. Mr. Greer's demand that the entirety of every authorized submission remain sealed does not meet that standard.

**III. A particularized sealing request can be addressed separately.**

Greer's opposition expressly requests sealing, but a motion must be filed separately from a response. DUCivR 7-1(a)(3). If he seeks protection for identified portions of the proposed submission, he may file a timely motion complying with DUCivR 5-3. The Court can set a short deadline for that motion and resolve it before public filing. A potential sealing motion provides no reason to deny Defendants' Motion, which seeks only the opportunity to provide this Court relevant evidence. Whether that evidence is public or sealed can be adjudicated separately.

**Conclusion**

The Court should grant ECF No. 499 and deny Mr. Greer's blanket sealing request, without prejudice to a timely, properly supported motion concerning specifically identified material. This Court should additionally consider Mr. Greer's confession that "Plaintiff even forgets what this latest sanctions request is even for" as evidence that monetary sanctions apparently do not deter Mr. Greer's continued misconduct in this case. ECF No. 505 at 4. The Court may need to revisit harsher, case-terminating sanctions if Mr. Greer is unable to learn from the lesser sanctions the Court has imposed.

DATED November 9, 2026

**HARDIN LAW OFFICE**

/s/ Matthew D. Hardin
**Matthew D. Hardin**
*Attorney for Defendants*
*Joshua Moon and Lolcow, LLC*